# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | ) |
| Plaintiff, | ) ) ) Case No.: C03 02289 |
| v. | ) ) ) Date: August 19, 2003 |
| RICOH COMPANY, LTD., | ) Time: 9:30 a.m. |
| Defendant. | ) Courtroom: 11 ) ) ) |

**DECLARATION OF DEANNA D. ALLEN**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

1. My name is DeAnna D. Allen. I am an attorney with the firm of Dickstein, Shapiro, Morin & Oshinsky LLP, counsel to Ricoh Company, Limited ("RCL") in the above-captioned matter. I am over the age of 21 and am competent to make this declaration. Based on my personal knowledge and information, I hereby declare to all of the facts in this declaration.

2. On July 14, 2003, Kenneth W. Brothers executed a declaration in connection with this case (the "Brothers Declaration"). The Brothers Declaration describes RCL's action in the District of Delaware for patent litigation against several designers and manufacturers of computer chips. A copy of the Brothers Declaration was submitted to this Court in connection with RCL's Notice of Motion and Motion to Dismiss or in the Alternative to Stay or Transfer Venue; Memorandum of Points and Authorities in Support Thereof.

3. In the District of Delaware action, RCL sought from each defendant production of "all documents concerning Synopsys Inc." and production of "all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC Method, including . . . indemnification agreements, and communications with third parties," but the defendants refused to produce such documents. The defendants' responses to Plaintiff's First Set of Document Requests to All Defendants are attached hereto at Exhibits 1 - 6 (*see* Exs. 1-6 at Response Nos. 10 and 33).

4. In the District of Delaware action, RCL also subpoenaed Synopsys Inc. for production of "all documents concerning agreements or other arrangements granting rights in or otherwise concerning ASIC Design Systems and ASIC Methods from Synopsys to any defendant (or from any defendant to Synopsys), including but not limited to . . . indemnification agreements, and hold-harmless agreements/covenants not sue," but Synopsys refused to produce such documents. Synopsys' Responses to RCL's subpoena for documents are found at Third Party Synopsys, Inc.'s Objections to Plaintiff's Subpoena Duces Tecum, attached hereto at Exhibit 7 (*see* Ex. 7 at Response No. 6).

5. To date, neither Synopsys nor any defendant in the District of Delaware action has produced an indemnification agreement to RCL.

6. In the District of Delaware action, RCL also served upon each defendant an interrogatory requesting the defendant identify "all individuals having knowledge or

information concerning" the defendant's Answer and Declaratory Judgment counterclaims, but none of the defendants' responses identified anyone in the Northern District of California. Instead, the defendants identified three persons: one in South Carolina and two in Japan. The defendants' responses to Plaintiff's First Set of Interrogatories to All Defendants are attached hereto at Exhibits 8 - 13 (*see* Ex. 8-13 at Response No. 7).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 5, 2003.

DeAnna D. Allen

DECLARATION OF DEANNA D. ALLEN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) | **Civil Action No. 03-103-GMS** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) | |
| Defendants. | ) | |

## DEFENDANT AEROFLEX INCORPORATED'S ANSWERS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Aeroflex Incorporated ("Defendant") hereby responds to Plaintiff Ricoh Company, Ltd.'s ("Ricoh") First Set of Document Requests. These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available.

In responding to these Requests, Defendant will make the reasonable, diligent, and good faith search for responsive documents as required under the Federal Rules and Local Rules. However, Defendant and its attorneys have not yet completed discovery or preparation for trial, nor have they concluded their analyses of the information gathered to date by the parties. These responses, therefore, are based on information presently available to and reviewed by Defendant and its attorneys.

These responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in

any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

## GENERAL OBJECTIONS

1.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

3.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by any other privilege or protection (other than by the attorney-client privilege or work product doctrine) afforded by state or federal law.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

4.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to Ricoh's First Set of Document Requests as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant employees.

7.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendant, or refers to persons, entities, or events not known to Defendant, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is

- 3 -

not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects to Ricoh's First Set of Document Requests insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

11.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek a legal conclusion.

12.    Defendant objects to Ricoh's First Set of Document Requests, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

13.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

14.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

15.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information from Defendant concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Defendant cannot determine the positions they will take at trial without first having such discovery, nor without having a proper identification from Ricoh of its own claims and contentions as the plaintiff in this action.

Defendant will provide such responses to such Document Requests at such time according to the schedule set by the Court in this action.

16.    Defendant objects to Ricoh's First Set of Document Requests to the extent that it is premature to the extent that it seeks Ricoh's contentions before substantial discovery has been completed in this action. Defendant reserve the right to supplement, amend, modify, correct, or change these Responses at the appropriate time to the extent that additional information becomes known.

17.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information or documents about products not made, used, offered for sale, or sold within the United States, and will not produce information or documents concerning such products.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Definition/Instruction 2 on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Defendant far beyond those imposed by the Federal or Local Rules. To the extent that e-mail or other information stored in an electronic format is responsive to these Requests, Defendant will produce printouts of the e-mails or other information.

2.    Defendant object to Definition/Instruction 2 to the extent that it purports to require Defendant to produce the original of any document. Such a requirement would be unduly burdensome and improper to the extent that it purports to impose obligations on Defendant beyond those imposed by the Federal Rules or Local Rules. Defendant will produce copies of any responsive file folders or tabs except in specific circumstances agreed upon by the parties.

3.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "Defendant" extends to any person or entity other than Defendant's present employees and agents.

4.      Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.      Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Document Request No. 1:

Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationships between such entities.

Response to Document Request No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 2:

With respect to those defendants which have denied personal jurisdiction, produce all documents concerning any and all of those defendants' contacts with Delaware or any entity in Delaware, including but not limited to any ownership (including stock, leasehold or other) interest in any entity or property (real or personal), interest of any type in bank accounts of any nature, solicitation of any business, provision of or sales of any goods and/or services to any entity within Delaware, the presence for any length of time of an employee, officer, agent and/or representative in connection with defendant's business or interests, the nature of any degree of control or supervision or oversight in Matrox International Corp. or any other entity in Delaware, the nature of any degree of control or supervision or oversight in defendant by Matrox International Corp. or any other entity in Delaware, and involvement of any type in research and development, design, manufacturing, testing, sales or marketing of an ASIC product by or for Matrox International Corp. or any other entity in Delaware, as well as any documents concerning communication with any parent, subsidiary, division or affiliate relating to an ASIC Product or ASIC Method.

Response to Document Request No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as overbroad and unduly burdensome on the basis that it seeks detailed discovery on subject matter and allegations irrelevant to the Defendant. Defendant further objects to this document request on the grounds that Matrox International Corp. is not a Delaware corporation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this request.

Document Request No. 3:

Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Response to Document Request No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 4:

Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel

involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 5:

Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

Response to Document Request No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 6:

Produce all prior art of any kind of which defendant is aware and which defendant deems pertinent in any way to the alleged invention described and claimed in the patent-in-suit.

Response to Document Request No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will respond to this Document Request as the requested information becomes available and is analyzed.


Document Request No. 7:

Produce all patents and patent applications, whether U.S. or foreign, and whether issues, pending or abandoned, which at any time were owned or controlled by defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 8:

Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 9:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

Response to Document Request No. 9:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 10:

Produce all documents concerning Synopsys Inc.

Response to Document Request No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 11:

Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 11:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 12:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

Response to Document Request No. 12:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 13:

Produce all documents concerning Cadence Design Systems, Inc.

Response to Document Request No. 13:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 14:

Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Response to Document Request No. 14:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 15:

Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

<u>Response to Document Request No. 15:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

<u>Document Request No. 16:</u>

Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

<u>Response to Document Request No. 16:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 17:

Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 17:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No.18:

Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 18:

 Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

 Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

 In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No.19:

 Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Response to Document Request No. 19:

 Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 20:

Produce all documents concerning the validity of the patent-in-suit.

Response to Document Request No. 20:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the invalidity of the patent in suit.

Document Request No. 21:

Produce all documents concerning the enforceability of the patent-in-suit.

Response to Document Request No. 21:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the enforceability of the patent in suit.

Document Request No. 22:

Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

Response to Document Request No. 22:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any documents responsive to this document request.

Document Request No. 23:

Produce all documents that constitute or concern prior art, prior use, prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

Response to Document Request No. 23:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work

product doctrine, improperly and prematurely calls for the construction of the claims of the
patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant
responds as follows:

Defendant will produce responsive non-privileged document in response to this document
request.


Document Request No. 24:

Produce all documents concerning communications between defendant and any other
person or entity concerning the patent-in-suit.

Response to Document Request No. 24:

Defendant incorporates by reference its General and Specific Objections.  Defendant
further objects to this document request on the grounds that it calls for the production of
documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant
responds as follows:

Defendant will produce non-privileged documents that are responsive to this document
request, to the extent such records currently exist within Defendant's possession, custody or
control, and are discoverable after a reasonable search.


Document Request No. 25:

Produce all documents concerning all materials presented to the Board of Directors of
defendant and all agendas or notes of Board meetings which refer to, mention or discuss the
patent-in-suit or any possible infringement thereof.

Response to Document Request No. 25:

Defendant incorporates by reference its General and Specific Objections.  Defendant
further objects to this document request on the grounds that it is vague and ambiguous and calls

for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 26:

Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 26:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 27:

Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

Response to Document Request No. 27:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 28:

Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the United States or elsewhere.

Response to Document Request No. 28:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, duplicative of previous document requests, is not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged patent applications, if any exist, that describe "ASIC Methods" practiced by the Defendant to the extent that these are not described in other documents produced by the Defendant.

Document Request No. 29:

Produce all documents concerning any examinations, tests, studies, etc. conducted by or for defendant on or with respect to any ASIC Method identified in response to any interrogatory.

Response to Document Request No. 29:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 30:

Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

Response to Document Request No. 30:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. If Defendant determines to rely on an

- 23 -

opinion of counsel as a defense to an allegation of willful infringement, it will disclose the content of that opinion in accordance with the schedule set by the Court.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 31:

Produce all documents concerning any infringement of the patent-in-suit by anyone.

Response to Document Request No. 31:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this request.

Document Request No. 32:

Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Response to Document Request No. 32:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document requests on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 33:

Produce all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC Method, including technical reference manuals, user manuals, installation manuals, training manuals, tutorials, overviews, summaries, advertising material, contracts, proposals, licenses, purchase agreements, indemnification agreements, and communications with third parties.

Response to Document Request No. 33:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further object to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 34:

Produce all documents concerning the patent-in-suit.

Response to Document Request No. 34:

Defendant incorporates by reference its General and Specific Objections. Defendant

further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, is duplicative of other document requests, and calls for the production of documents

and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant

responds as follows:

Defendant will produce non-privileged documents that are responsive to this document

request, to the extent such records currently exist within Defendant's possession, custody or

control, and are discoverable after a reasonable search.

Document Request No. 35:

Produce all documents relating to any indemnification or other hold-harmless agreement

given to you (or by you) with respect to the patent-in-suit.

Response to Document Request No. 35:

Defendant incorporates by reference its General and Specific Objections. Defendant

further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, seeks discovery having no relationship to any infringement allegations made by

Ricoh against Defendant, is not reasonably calculated to lead to the discovery of admissible

evidence, calls for the production of documents and information protected by the attorney-client

privilege and work product doctrine, calls for a legal conclusion, and constitutes premature

contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant

responds as follows:

- 26 -

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 36:

Produce all documents identified or relied upon in response to Plaintiff's First Set of Interrogatories.

Response to Document Request No. 36:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.

Document Request No. 37:

Produce all documents relied upon or referred to in preparing the response to the Complaint.

Response to Document Request No. 37:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 38:

Produce all documents concerning defendant's affirmative defense of laches.

Response to Document Request No. 38:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 39:

Produce all documents referring to plaintiff.

Response to Document Request No. 39:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents, if any exist, relevant to the '432 patent or Ricoh design techniques to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 40:

Produce all documents relating to your first knowledge of the patent-in-suit.

Response to Document Request No. 40:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Dated: June 30 2003                    By: _UKh_____

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899-2207
(302) 658-9141

Christopher L. Kelley
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA  94025
(650) 463-8100 (Telephone)
(650) 463-8400 (Facsimile)

Attorneys for Defendants
AEROFLEX INCORPORATED,AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP. and MATROX
TECH, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT AEROFLEX INCORPORATED'S ANSWERS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899

Gayle L. Jacob

EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., <br><br> Defendants. | **Civil Action No. 03-103-GMS** |

## DEFENDANT AMI SEMICONDUCTOR, INC.'S ANSWERS TO
## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant AMI

Semiconductor, Inc. ("Defendant") hereby responds to Plaintiff Ricoh Company, Ltd.'s

("Ricoh") First Set of Document Requests. These responses are based on information reasonably

available to Defendant at the present time. Defendant reserves the right to supplement these

responses when, and if, additional information becomes available.

In responding to these Requests, Defendant will make the reasonable, diligent, and good

faith search for responsive documents as required under the Federal Rules and Local Rules.

However, Defendant and its attorneys have not yet completed discovery or preparation for trial,

nor have they concluded their analyses of the information gathered to date by the parties. These

responses, therefore, are based on information presently available to and reviewed by Defendant

and its attorneys.

These responses are made without waiving, in any way: (1) the right to object on any

basis permitted by law to the use of any such information, for any purpose, in whole or in part, in

any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

## GENERAL OBJECTIONS

1.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

3.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by any other privilege or protection (other than by the attorney-client privilege or work product doctrine) afforded by state or federal law. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

4.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Document Requests as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant employees.

7.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendant, or refers to persons, entities, or events not known to Defendant, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is

not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects to Ricoh's First Set of Document Requests insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

11.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek a legal conclusion.

12.    Defendant objects to Ricoh's First Set of Document Requests, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

13.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

14.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

15.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information from Defendant concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Defendant cannot determine the positions they will take at trial without first having such discovery, nor without having a proper identification from Ricoh of its own claims and contentions as the plaintiff in this action.

Defendant will provide such responses to such Document Requests at such time according to the schedule set by the Court in this action.

16.     Defendant objects to Ricoh's First Set of Document Requests to the extent that it is premature to the extent that it seeks Ricoh's contentions before substantial discovery has been completed in this action.  Defendant reserve the right to supplement, amend, modify, correct, or change these Responses at the appropriate time to the extent that additional information becomes known.

17.     Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information or documents about products not made, used, offered for sale, or sold within the United States, and will not produce information or documents concerning such products.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.     Defendant objects to Definition/Instruction 2 on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Defendant far beyond those imposed by the Federal or Local Rules.  To the extent that e-mail or other information stored in an electronic format is responsive to these Requests, Defendant will produce printouts of the e-mails or other information.

2.     Defendant object to Definition/Instruction 2 to the extent that it purports to require Defendant to produce the original of any document.  Such a requirement would be unduly burdensome and improper to the extent that it purports to impose obligations on Defendant beyond those imposed by the Federal Rules or Local Rules.  Defendant will produce copies of any responsive file folders or tabs except in specific circumstances agreed upon by the parties.

3.     Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "Defendant" extends to any person or entity other than Defendant's present employees and agents.

4.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Document Request No. 1:

Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationships between such entities.

Response to Document Request No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 2:

With respect to those defendants which have denied personal jurisdiction, produce all documents concerning any and all of those defendants' contacts with Delaware or any entity in Delaware, including but not limited to any ownership (including stock, leasehold or other) interest in any entity or property (real or personal), interest of any type in bank accounts of any nature, solicitation of any business, provision of or sales of any goods and/or services to any entity within Delaware, the presence for any length of time of an employee, officer, agent and/or representative in connection with defendant's business or interests, the nature of any degree of control or supervision or oversight in Matrox International Corp. or any other entity in Delaware, the nature of any degree of control or supervision or oversight in defendant by Matrox International Corp. or any other entity in Delaware, and involvement of any type in research and development, design, manufacturing, testing, sales or marketing of an ASIC product by or for Matrox International Corp. or any other entity in Delaware, as well as any documents concerning communication with any parent, subsidiary, division or affiliate relating to an ASIC Product or ASIC Method.

Response to Document Request No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as overbroad and unduly burdensome on the basis that it seeks detailed discovery on subject matter and allegations irrelevant to the Defendant. Defendant further objects to this document request on the grounds that Matrox International Corp. is not a Delaware corporation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this request.

Document Request No. 3:

Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Response to Document Request No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 4:

Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel

involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 5:

Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

Response to Document Request No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

- 9 -

Document Request No. 6:

Produce all prior art of any kind of which defendant is aware and which defendant deems pertinent in any way to the alleged invention described and claimed in the patent-in-suit.

Response to Document Request No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will respond to this Document Request as the requested information becomes available and is analyzed.

Document Request No. 7:

Produce all patents and patent applications, whether U.S. or foreign, and whether issues, pending or abandoned, which at any time were owned or controlled by defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 8:

Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 9:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys, Inc.

Response to Document Request No. 9:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 10:

Produce all documents concerning Synopsys Inc.

Response to Document Request No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 11:

Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 11:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 12:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

Response to Document Request No. 12:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 13:

Produce all documents concerning Cadence Design Systems, Inc.

Response to Document Request No. 13:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 14:

Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Response to Document Request No. 14:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 15:

Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

- 14 -

<u>Response to Document Request No. 15:</u>

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


<u>Document Request No. 16:</u>

Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

<u>Response to Document Request No. 16:</u>

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 17:

Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 17:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No.18:

Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

- 16 -

Response to Document Request No. 18:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No.19:

Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Response to Document Request No. 19:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 20:

Produce all documents concerning the validity of the patent-in-suit.

Response to Document Request No. 20:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the invalidity of the patent in suit.

Document Request No. 21:

Produce all documents concerning the enforceability of the patent-in-suit.

Response to Document Request No. 21:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the enforceability of the patent in suit.

Document Request No. 22:

Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

Response to Document Request No. 22:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any documents responsive to this document request.

Document Request No. 23:

Produce all documents that constitute or concern prior art, prior use, prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

Response to Document Request No. 23:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work

product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged document in response to this document request.

Document Request No. 24:

Produce all documents concerning communications between defendant and any other person or entity concerning the patent-in-suit.

Response to Document Request No. 24:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 25:

Produce all documents concerning all materials presented to the Board of Directors of defendant and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 25:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls

for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 26:

Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 26:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 27:

Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

- 21 -

Response to Document Request No. 27:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 28:

Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the United States or elsewhere.

Response to Document Request No. 28:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, duplicative of previous document requests, is not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged patent applications, if any exist, that describe "ASIC Methods" practiced by the Defendant to the extent that these are not described in other documents produced by the Defendant.

Document Request No. 29:

Produce all documents concerning any examinations, tests, studies, etc. conducted by or for defendant on or with respect to any ASIC Method identified in response to any interrogatory.

Response to Document Request No. 29:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 30:

Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

Response to Document Request No. 30:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. If Defendant determines to rely on an

opinion of counsel as a defense to an allegation of willful infringement, it will disclose the content of that opinion in accordance with the schedule set by the Court.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 31:

Produce all documents concerning any infringement of the patent-in-suit by anyone.

Response to Document Request No. 31:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this request.

Document Request No. 32:

Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Response to Document Request No. 32:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document requests on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

- 24 -

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 33:

Produce all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC Method, including technical reference manuals, user manuals, installation manuals, training manuals, tutorials, overviews, summaries, advertising material, contracts, proposals, licenses, purchase agreements, indemnification agreements, and communications with third parties.

Response to Document Request No. 33:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further object to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 34:

Produce all documents concerning the patent-in-suit.

Response to Document Request No. 34:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 35:

Produce all documents relating to any indemnification or other hold-harmless agreement given to you (or by you) with respect to the patent-in-suit.

Response to Document Request No. 35:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, is not reasonably calculated to lead to the discovery of admissible evidence, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 36:

Produce all documents identified or relied upon in response to Plaintiff's First Set of Interrogatories.

Response to Document Request No. 36:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.

Document Request No. 37:

Produce all documents relied upon or referred to in preparing the response to the Complaint.

Response to Document Request No. 37:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

- 27 -

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 38:

Produce all documents concerning defendant's affirmative defense of laches.

Response to Document Request No. 38:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 39:

Produce all documents referring to plaintiff.

Response to Document Request No. 39:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents, if any exist, relevant to the '432 patent or Ricoh design techniques to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 40:

Produce all documents relating to your first knowledge of the patent-in-suit.

Response to Document Request No. 40:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search..

Dated: June 10 2003

By: _____

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899-2207
(302) 658-9141

Christopher L. Kelley
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA  94025
(650) 463-8100 (Telephone)
(650) 463-8400 (Facsimile)

Attorneys for Defendants
AEROFLEX INCORPORATED, AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP. and MATROX
TECH, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the DEFENDANT AMI SEMICONDUCTOR, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899

Gayle L. Jacob

EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RICOH COMPANY, LTD., | ) | Civil Action No. 03-103-GMS |
| Plaintiff, | ) | |
| v. | ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) | |
| Defendants. | ) | |

## DEFENDANT MATROX ELECTRONIC SYSTEMS LTD.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Matrox Electronic Systems Ltd. ("Defendant") hereby responds to Plaintiff Ricoh Company, Ltd.'s ("Ricoh") First Set of Document Requests. These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available.

In responding to these Requests, Defendant will make the reasonable, diligent, and good faith search for responsive documents as required under the Federal Rules and Local Rules. However, Defendant and its attorneys have not yet completed discovery or preparation for trial, nor have they concluded their analyses of the information gathered to date by the parties. These responses, therefore, are based on information presently available to and reviewed by Defendant and its attorneys.

These responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any

basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

## GENERAL OBJECTIONS

1.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

3.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by any other privilege or protection (other than by the attorney-client privilege or work product doctrine) afforded by state or federal law. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

4.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is subject to any protective order, privacy interest, contractual

obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Document Requests as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant employees.

7.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendant, or refers to persons, entities, or events not known to Defendant, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.    Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information that related to an act in Canada which is not an infringing act within the scope of 35 U.S.C. §271.

12.    Defendant objects to Ricoh's First Set of Document Requests insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek a legal conclusion.

14.    Defendant objects to Ricoh's First Set of Document Requests, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information from Defendant concerning the positions they will take at trial, on the grounds

that discovery in this action is in its earliest stages and Defendant cannot determine the positions they will take at trial without first having such discovery, nor without having a proper identification from Ricoh of its own claims and contentions as the plaintiff in this action. Defendant will provide such responses to such Document Requests at such time according to the schedule set by the Court in this action.

18.    Defendant objects to Ricoh's First Set of Document Requests to the extent that it is premature to the extent that it seeks Ricoh's contentions before substantial discovery has been completed in this action. Defendant reserve the right to supplement, amend, modify, correct, or change these Responses at the appropriate time to the extent that additional information becomes known.

19.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information or documents about products not made, used, offered for sale, or sold within the United States, and will not produce information or documents concerning such products.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Definition/Instruction 2 on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Defendant far beyond those imposed by the Federal or Local Rules. To the extent that e-mail or other information stored in an electronic format is responsive to these Requests, Defendant will produce printouts of the e-mails or other information.

2.    Defendant object to Definition/Instruction 2 to the extent that it purports to require Defendant to produce the original of any document. Such a requirement would be unduly burdensome and improper to the extent that it purports to impose obligations on Defendant beyond those imposed by the Federal Rules or Local Rules. Defendant will produce copies of any responsive file folders or tabs except in specific circumstances agreed upon by the parties.

3.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "Defendant" extends to any person or entity other than Defendant's present employees and agents.

4.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Document Request No. 1:

Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationships between such entities.

Response to Document Request No. 1:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and on the basis that it seeks

- 6 -

detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 2:

With respect to those defendants which have denied personal jurisdiction, produce all documents concerning any and all of those defendants' contacts with Delaware or any entity in Delaware, including but not limited to any ownership (including stock, leasehold or other) interest in any entity or property (real or personal), interest of any type in bank accounts of any nature, solicitation of any business, provision of or sales of any goods and/or services to any entity within Delaware, the presence for any length of time of an employee, officer, agent and/or representative in connection with defendant's business or interests, the nature of any degree of control or supervision or oversight in Matrox International Corp. or any other entity in Delaware, the nature of any degree of control or supervision or oversight in defendant by Matrox International Corp. or any other entity in Delaware, and involvement of any type in research and development, design, manufacturing, testing, sales or marketing of an ASIC product by or for Matrox International Corp. or any other entity in Delaware, as well as any documents concerning communication with any parent, subsidiary, division or affiliate relating to an ASIC Product or ASIC Method.

Response to Document Request No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as overbroad and unduly burdensome on the basis that it seeks detailed discovery on subject matter and allegations irrelevant to the Defendant. Defendant

further objects to this document request on the grounds that Matrox International Corp. is not a Delaware corporation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any responsive documents.


Document Request No. 3:

Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Response to Document Request No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 4:

Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 5:

Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

Response to Document Request No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 6:

Produce all prior art of any kind of which defendant is aware and which defendant deems pertinent in any way to the alleged invention described and claimed in the patent-in-suit.

Response to Document Request No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will respond to this document request as the requested information becomes available and is analyzed.


Document Request No. 7:

Produce all patents and patent applications, whether U.S. or foreign, and whether issued, pending or abandoned, which at any time were owned or controlled by defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.


Document Request No. 8:

Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome,

seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 9:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

Response to Document Request No. 9:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 10:

Produce all documents concerning Synopsys, Inc.

Response to Document Request No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 11:

Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 11:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 12:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

Response to Document Request No. 12:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 13:

Produce all documents concerning Cadence Design Systems, Inc.

Response to Document Request No. 13:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 14:

Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Response to Document Request No. 14:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 15:

Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

Response to Document Request No. 15:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant

designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 16:

Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

Response to Document Request No. 16:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant

to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 17:

Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 17:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

- 17 -

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No.18:

Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 18:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No.19:

Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Response to Document Request No. 19:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 20:

Produce all documents concerning the validity of the patent-in-suit.

Response to Document Request No. 20:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the

production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the invalidity of the patent in suit.


Document Request No. 21:

Produce all documents concerning the enforceability of the patent-in-suit.

Response to Document Request No. 21:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the enforceability of the patent in suit.


Document Request No. 22:

Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

Response to Document Request No. 22:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any documents responsive to this document request.


Document Request No. 23:

Produce all documents that constitute or concern prior art, prior use, prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

Response to Document Request No. 23:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged document in response to this document request.


Document Request No. 24:

Produce all documents concerning communications between defendant and any other person or entity concerning the patent-in-suit.

Response to Document Request No. 24:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 25:

Produce all documents concerning all materials presented to the Board of Directors of defendant and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 25:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 26:

Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such

personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

<u>Response to Document Request No. 26:</u>

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.


<u>Document Request No. 27:</u>

Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

<u>Response to Document Request No. 27:</u>

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 28:

Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the United States or elsewhere.

Response to Document Request No. 28:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, duplicative of previous document requests, is not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged patent applications, if any exist, that describe "ASIC Methods" practiced by the Defendant to the extent that these are not described in other documents produced by the Defendant.

Document Request No. 29:

Produce all documents concerning any examinations, tests, studies, etc. conducted by or for defendant on or with respect to any ASIC Method identified in response to any interrogatory.

Response to Document Request No. 29:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior

to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.


Document Request No. 30:

Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

Response to Document Request No. 30:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. If Defendant determines to rely on an opinion of counsel as a defense to an allegation of willful infringement, it will disclose the content of that opinion in accordance with the schedule set by the Court.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 31:

      Produce all documents concerning any infringement of the patent-in-suit by anyone.

Response to Document Request No. 31:

      Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

      Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

      In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 32:

      Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Response to Document Request No. 32:

      Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

      Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

      Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 33:

Produce all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC Method, including technical reference manuals, user manuals, installation manuals, training manuals, tutorials, overviews, summaries, advertising material, contracts, proposals, licenses, purchase agreements, indemnification agreements, and communications with third parties.

Response to Document Request No. 33:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further object to this document request as duplicative of previous document requests.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 34:

Produce all documents concerning the patent-in-suit.

Response to Document Request No. 34:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 35:

Produce all documents relating to any indemnification or other hold-harmless agreement given to you (or by you) with respect to the patent-in-suit.

Response to Document Request No. 35:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, is not reasonably calculated to lead to the discovery of admissible evidence, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 36:

Produce all documents identified or relied upon in response to Plaintiff's First Set of Interrogatories.

Response to Document Request No. 36:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.


Document Request No. 37:

Produce all documents relied upon or referred to in preparing the response to the Complaint.

Response to Document Request No. 37:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 38:

    Produce all documents concerning defendant's affirmative defense of laches.

Response to Document Request No. 38:

    Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

    Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

    Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 39:

    Produce all documents referring to plaintiff.

Response to Document Request No. 39:

    Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

    Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

    Defendant will produce non-privileged documents, if any exist, relevant to the '432 patent or Ricoh design techniques to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 40:

Produce all documents relating to your first knowledge of the patent-in-suit.

Response to Document Request No. 40:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Dated: June 30 2003

By: _____

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899-2207
(302) 658-9141

Christopher L. Kelley
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA  94025
(650) 463-8100 (Telephone)
(650) 463-8400 (Facsimile)

Attorneys for Defendants
AEROFLEX INCORPORATED, AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP. and MATROX
TECH, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX ELECTRONIC SYSTEMS LTD.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899

Gayle L. Jacob

EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) ) ) | **Civil Action No. 03-103-GMS** |
| Plaintiff, | ) | |
| v. | ) ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT MATROX GRAPHICS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Matrox Graphics Inc. ("Defendant") hereby responds to Plaintiff Ricoh Company, Ltd.'s ("Ricoh") First Set of Document Requests. These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available.

In responding to these Requests, Defendant will make the reasonable, diligent, and good faith search for responsive documents as required under the Federal Rules and Local Rules. However, Defendant and its attorneys have not yet completed discovery or preparation for trial, nor have they concluded their analyses of the information gathered to date by the parties. These responses, therefore, are based on information presently available to and reviewed by Defendant and its attorneys.

These responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any

basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

## GENERAL OBJECTIONS

1.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

3.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by any other privilege or protection (other than by the attorney-client privilege or work product doctrine) afforded by state or federal law.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

4.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is subject to any protective order, privacy interest, contractual

obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Document Requests as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant employees.

7.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendant, or refers to persons, entities, or events not known to Defendant, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.    Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information that related to an act in Canada which is not an infringing act within the scope of 35 U.S.C. §271.

12.    Defendant objects to Ricoh's First Set of Document Requests insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek a legal conclusion.

14.    Defendant objects to Ricoh's First Set of Document Requests, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information from Defendant concerning the positions they will take at trial, on the grounds

that discovery in this action is in its earliest stages and Defendant cannot determine the positions they will take at trial without first having such discovery, nor without having a proper identification from Ricoh of its own claims and contentions as the plaintiff in this action. Defendant will provide such responses to such Document Requests at such time according to the schedule set by the Court in this action.

      18.     Defendant objects to Ricoh's First Set of Document Requests to the extent that it is premature to the extent that it seeks Ricoh's contentions before substantial discovery has been completed in this action. Defendant reserve the right to supplement, amend, modify, correct, or change these Responses at the appropriate time to the extent that additional information becomes known.

      19.     Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information or documents about products not made, used, offered for sale, or sold within the United States, and will not produce information or documents concerning such products.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

      1.     Defendant objects to Definition/Instruction 2 on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Defendant far beyond those imposed by the Federal or Local Rules. To the extent that e-mail or other information stored in an electronic format is responsive to these Requests, Defendant will produce printouts of the e-mails or other information.

      2.     Defendant object to Definition/Instruction 2 to the extent that it purports to require Defendant to produce the original of any document. Such a requirement would be unduly burdensome and improper to the extent that it purports to impose obligations on Defendant beyond those imposed by the Federal Rules or Local Rules. Defendant will produce copies of any responsive file folders or tabs except in specific circumstances agreed upon by the parties.

3.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "Defendant" extends to any person or entity other than Defendant's present employees and agents.

4.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## <u>DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS</u>

<u>Document Request No. 1:</u>

Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationships between such entities.

<u>Response to Document Request No. 1:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and on the basis that it seeks

- 6 -

detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 2:

With respect to those defendants which have denied personal jurisdiction, produce all documents concerning any and all of those defendants' contacts with Delaware or any entity in Delaware, including but not limited to any ownership (including stock, leasehold or other) interest in any entity or property (real or personal), interest of any type in bank accounts of any nature, solicitation of any business, provision of or sales of any goods and/or services to any entity within Delaware, the presence for any length of time of an employee, officer, agent and/or representative in connection with defendant's business or interests, the nature of any degree of control or supervision or oversight in Matrox International Corp. or any other entity in Delaware, the nature of any degree of control or supervision or oversight in defendant by Matrox International Corp. or any other entity in Delaware, and involvement of any type in research and development, design, manufacturing, testing, sales or marketing of an ASIC product by or for Matrox International Corp. or any other entity in Delaware, as well as any documents concerning communication with any parent, subsidiary, division or affiliate relating to an ASIC Product or ASIC Method.

Response to Document Request No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as overbroad and unduly burdensome on the basis that it seeks detailed discovery on subject matter and allegations irrelevant to the Defendant. Defendant

further objects to this document request on the grounds that Matrox International Corp. is not a Delaware corporation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any responsive documents.


Document Request No. 3:

Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Response to Document Request No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 4:

Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 5:

Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

Response to Document Request No. 5:

- 9 -

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 6:

Produce all prior art of any kind of which defendant is aware and which defendant deems pertinent in any way to the alleged invention described and claimed in the patent-in-suit.

Response to Document Request No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will respond to this Document Request as the requested information becomes available and is analyzed.

Document Request No. 7:

Produce all patents and patent applications, whether U.S. or foreign, and whether issued, pending or abandoned, which at any time were owned or controlled by defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 8:

Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome,

seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 9:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

Response to Document Request No. 9:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 10:

Produce all documents concerning Synopsys Inc.

Response to Document Request No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 11:

Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 11:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 12:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

Response to Document Request No. 12:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 13:

Produce all documents concerning Cadence Design Systems, Inc.

Response to Document Request No. 13:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 14:

Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Response to Document Request No. 14:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 15:

Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

Response to Document Request No. 15:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of

information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 16:

Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

Response to Document Request No. 16:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  Defendant further objects to this document request on the grounds

that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 17:

Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 17:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No.18:

Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 18:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

- 18 -

Document Request No.19:

Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Response to Document Request No. 19:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 20:

Produce all documents concerning the validity of the patent-in-suit.

Response to Document Request No. 20:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the

production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the invalidity of the patent in suit.


Document Request No. 21:

Produce all documents concerning the enforceability of the patent-in-suit.

Response to Document Request No. 21:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the enforceability of the patent in suit.


Document Request No. 22:

Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

Response to Document Request No. 22:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any documents responsive to this document request.


Document Request No. 23:

Produce all documents that constitute or concern prior art, prior use, prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

Response to Document Request No. 23:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged document in response to this document request.


Document Request No. 24:

Produce all documents concerning communications between defendant and any other person or entity concerning the patent-in-suit.

Response to Document Request No. 24:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 25:

Produce all documents concerning all materials presented to the Board of Directors of defendant and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 25:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 26:

Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 26:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 27:

Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

Response to Document Request No. 27:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 28:

Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the United States or elsewhere.

Response to Document Request No. 28:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, duplicative of previous document requests, is not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged patent applications, if any exist, that describe "ASIC Methods" practiced by the Defendant to the extent that these are not described in other documents produced by the Defendant.

Document Request No. 29:

Produce all documents concerning any examinations, tests, studies, etc. conducted by or for defendant on or with respect to any ASIC Method identified in response to any interrogatory.

Response to Document Request No. 29:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant

designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 30:

Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

Response to Document Request No. 30:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. If Defendant determines to rely on an opinion of counsel as a defense to an allegation of willful infringement, it will disclose the content of that opinion in accordance with the schedule set by the Court.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

- 25 -

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 31:

Produce all documents concerning any infringement of the patent-in-suit by anyone.

Response to Document Request No. 31:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 32:

Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Response to Document Request No. 32:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 33:

Produce all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC Method, including technical reference manuals, user manuals, installation manuals, training manuals, tutorials, overviews, summaries, advertising material, contracts, proposals, licenses, purchase agreements, indemnification agreements, and communications with third parties.

Response to Document Request No. 33:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 34:

Produce all documents concerning the patent-in-suit.

Response to Document Request No. 34:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 35:

Produce all documents relating to any indemnification or other hold-harmless agreement given to you (or by you) with respect to the patent-in-suit.

Response to Document Request No. 35:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, is not reasonably calculated to lead to the discovery of admissible evidence, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, calls for a legal conclusion, and constitutes premature contention discovery.

- 28 -

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 36:

Produce all documents identified or relied upon in response to Plaintiff's First Set of Interrogatories.

Response to Document Request No. 36:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.

Document Request No. 37:

Produce all documents relied upon or referred to in preparing the response to the Complaint.

Response to Document Request No. 37:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 38:

Produce all documents concerning defendant's affirmative defense of laches.

Response to Document Request No. 38:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.


Document Request No. 39:

Produce all documents referring to plaintiff.

Response to Document Request No. 39:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents, if any exist, relevant to the '432 patent or Ricoh design techniques to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 40:

Produce all documents relating to your first knowledge of the patent-in-suit.

Response to Document Request No. 40:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.


Dated: June 30 2003                    By: _____

                                       Francis DiGiovanni
                                       CONNOLLY BOVE LODGE & HUTZ LLP
                                       1220 Market Street, 10th Floor
                                       Wilmington, DE 19899-2207
                                       (302) 658-9141

                                       Christopher L. Kelley
                                       HOWREY SIMON ARNOLD & WHITE, LLP
                                       301 Ravenswood Avenue
                                       Menlo Park, CA 94025
                                       (650) 463-8100 (Telephone)
                                       (650) 463-8400 (Facsimile)

                                       Attorneys for Defendants
                                       AEROFLEX INCORPORATED,AMI
                                       SEMICONDUCTOR, INC., MATROX
                                       ELECTRONIC SYSTEMS, LTD., MATROX
                                       GRAPHICS INC., MATROX
                                       INTERNATIONAL CORP. and MATROX
                                       TECH, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX GRAPHICS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899

Gayle L. Jacob

**EXHIBIT 5**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) ) ) | **Civil Action No. 03-103-GMS** |
| Plaintiff, | ) | |
| v. | ) ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT MATROX INTERNATIONAL CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Matrox International Corp. ("Defendant") hereby responds to Plaintiff Ricoh Company, Ltd.'s ("Ricoh") First Set of Document Requests. These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available.

In responding to these Requests, Defendant will make the reasonable, diligent, and good faith search for responsive documents as required under the Federal Rules and Local Rules. However, Defendant and its attorneys have not yet completed discovery or preparation for trial, nor have they concluded their analyses of the information gathered to date by the parties. These responses, therefore, are based on information presently available to and reviewed by Defendant and its attorneys.

These responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any

basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

## GENERAL OBJECTIONS

1.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

3.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by any other privilege or protection (other than by the attorney-client privilege or work product doctrine) afforded by state or federal law. Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log. Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

4.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is subject to any protective order, privacy interest, contractual

- 2 -

obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Defendant will not provide such information unless required by the Court.

5.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to Ricoh's First Set of Document Requests as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant employees.

7.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendant, or refers to persons, entities, or events not known to Defendant, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.     Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information that related to an act in Canada which is not an infringing act within the scope of 35 U.S.C. §271.

12.     Defendant objects to Ricoh's First Set of Document Requests insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek a legal conclusion.

14.     Defendant objects to Ricoh's First Set of Document Requests, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.     Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.     Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information from Defendant concerning the positions they will take at trial, on the grounds

that discovery in this action is in its earliest stages and Defendant cannot determine the positions they will take at trial without first having such discovery, nor without having a proper identification from Ricoh of its own claims and contentions as the plaintiff in this action. Defendant will provide such responses to such Document Requests at such time according to the schedule set by the Court in this action.

18.     Defendant objects to Ricoh's First Set of Document Requests to the extent that it is premature to the extent that it seeks Ricoh's contentions before substantial discovery has been completed in this action. Defendant reserve the right to supplement, amend, modify, correct, or change these Responses at the appropriate time to the extent that additional information becomes known.

19.     Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information or documents about products not made, used, offered for sale, or sold within the United States, and will not produce information or documents concerning such products.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.     Defendant objects to Definition/Instruction 2 on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Defendant far beyond those imposed by the Federal or Local Rules. To the extent that e-mail or other information stored in an electronic format is responsive to these Requests, Defendant will produce printouts of the e-mails or other information.

2.     Defendant object to Definition/Instruction 2 to the extent that it purports to require Defendant to produce the original of any document. Such a requirement would be unduly burdensome and improper to the extent that it purports to impose obligations on Defendant beyond those imposed by the Federal Rules or Local Rules. Defendant will produce copies of any responsive file folders or tabs except in specific circumstances agreed upon by the parties.

- 5 -

3.      Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

4.      Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.      Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Document Request No. 1:

Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationships between such entities.

Response to Document Request No. 1:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and on the basis that it seeks

- 6 -

detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 2:

With respect to those defendants which have denied personal jurisdiction, produce all documents concerning any and all of those defendants' contacts with Delaware or any entity in Delaware, including but not limited to any ownership (including stock, leasehold or other) interest in any entity or property (real or personal), interest of any type in bank accounts of any nature, solicitation of any business, provision of or sales of any goods and/or services to any entity within Delaware, the presence for any length of time of an employee, officer, agent and/or representative in connection with defendant's business or interests, the nature of any degree of control or supervision or oversight in Matrox International Corp. or any other entity in Delaware, the nature of any degree of control or supervision or oversight in defendant by Matrox International Corp. or any other entity in Delaware, and involvement of any type in research and development, design, manufacturing, testing, sales or marketing of an ASIC product by or for Matrox International Corp. or any other entity in Delaware, as well as any documents concerning communication with any parent, subsidiary, division or affiliate relating to an ASIC Product or ASIC Method.

Response to Document Request No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as overbroad and unduly burdensome on the basis that it seeks detailed discovery on subject matter and allegations irrelevant to the Defendant. Defendant

further objects to this document request on the grounds that Matrox International Corp. is not a Delaware corporation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any responsive documents.

Document Request No. 3:

Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Response to Document Request No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 4:

- 8 -

Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 5:

Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

Response to Document Request No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of

information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products n. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

## Document Request No. 6:

Produce all prior art of any kind of which defendant is aware and which defendant deems pertinent in any way to the alleged invention described and claimed in the patent-in-suit.

## Response to Document Request No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will respond to this Document Request as the requested information becomes available and is analyzed.

Document Request No. 7:

Produce all patents and patent applications, whether U.S. or foreign, and whether issued, pending or abandoned, which at any time were owned or controlled by defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.


Document Request No. 8:

Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 9:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

Response to Document Request No. 9:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 10:

Produce all documents concerning Synopsys Inc.

Response to Document Request No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 11:

Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"),
Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any
other product of Cadence Design Systems, Inc., including any license and/or use thereof by
defendant.

Response to Document Request No. 11:

Defendant incorporates by reference its General and Specific Objections. Defendant
further objects to this document request on the grounds that it is vague, unduly burdensome,
seeks discovery having no relationship to any infringement allegations made by Ricoh against
Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant
responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to
this document request.


Document Request No. 12:

Produce all documents concerning any cost savings (actual or potential) as a consequence
of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable
synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence
Design Systems, Inc.

Response to Document Request No. 12:

Defendant incorporates by reference its General and Specific Objections. Defendant
further objects to this document request on the grounds that it is vague, unduly burdensome,
seeks discovery having no relationship to any infringement allegations made by Ricoh against
Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 13:

Produce all documents concerning Cadence Design Systems, Inc.

Response to Document Request No. 13:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 14:

Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Response to Document Request No. 14:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what

- 14 -

activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 15:

Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

Response to Document Request No. 15:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices

done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.


Document Request No. 16:

Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

Response to Document Request No. 16:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant sells a large number of products.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.  Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 17:

Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 17:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No.18:

Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 18:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No.19:

Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Response to Document Request No. 19:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it

conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 20:

 Produce all documents concerning the validity of the patent-in-suit.

Response to Document Request No. 20:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the invalidity of the patent in suit.

Document Request No. 21:

Produce all documents concerning the enforceability of the patent-in-suit.

Response to Document Request No. 21:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce responsive non-privileged documents relevant to the enforceability of the patent in suit.

Document Request No. 22:

Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

Response to Document Request No. 22:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant is not aware of any documents responsive to this document request.

Document Request No. 23:

Produce all documents that constitute or concern prior art, prior use, prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

Response to Document Request No. 23:

     Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

     Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

     Defendant will produce responsive non-privileged document in response to this document request.

Document Request No. 24:

     Produce all documents concerning communications between defendant and any other person or entity concerning the patent-in-suit.

Response to Document Request No. 24:

     Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

     Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

     Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 25:

Produce all documents concerning all materials presented to the Board of Directors of defendant and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 25:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 26:

Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 26:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 27:

Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

Response to Document Request No. 27:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 28:

Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the United States or elsewhere.

Response to Document Request No. 28:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, duplicative of previous document requests, is not reasonably calculated to lead to the discovery

of admissible evidence, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged patent applications, if any exist, that describe "ASIC Methods" practiced by the Defendant to the extent that these are not described in other documents produced by the Defendant.

Document Request No. 29:

Produce all documents concerning any examinations, tests, studies, etc. conducted by or for defendant on or with respect to any ASIC Method identified in response to any interrogatory.

Response to Document Request No. 29:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 30:

Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

Response to Document Request No. 30:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. If Defendant determines to rely on an opinion of counsel as a defense to an allegation of willful infringement, it will disclose the content of that opinion in accordance with the schedule set by the Court.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 31:

Produce all documents concerning any infringement of the patent-in-suit by anyone.

Response to Document Request No. 31:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 32:

Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Response to Document Request No. 32:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 33:

Produce all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC Method, including technical reference manuals, user manuals, installation manuals, training manuals, tutorials, overviews, summaries, advertising material, contracts, proposals, licenses, purchase agreements, indemnification agreements, and communications with third parties.

Response to Document Request No. 33:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant sells a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that production is performed at facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 34:

Produce all documents concerning the patent-in-suit.

Response to Document Request No. 34:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 35:

Produce all documents relating to any indemnification or other hold-harmless agreement given to you (or by you) with respect to the patent-in-suit.

Response to Document Request No. 35:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, is not reasonably calculated to lead to the discovery of admissible evidence, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 36:

Produce all documents identified or relied upon in response to Plaintiff's First Set of Interrogatories.

Response to Document Request No. 36:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.

Document Request No. 37:

Produce all documents relied upon or referred to in preparing the response to the Complaint.

Response to Document Request No. 37:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not produce documents in response to this document request.

Document Request No. 38:

Produce all documents concerning defendant's affirmative defense of laches.

Response to Document Request No. 38:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, is duplicative of other document requests, and calls for the production of documents

and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant

responds as follows:

Defendant will produce non-privileged documents that are responsive to this document

request, to the extent such records currently exist within Defendant's possession, custody or

control, and are discoverable after a reasonable search.

Document Request No. 39:

Produce all documents referring to plaintiff.

Response to Document Request No. 39:

Defendant incorporates by reference its General and Specific Objections. Defendant

further objects to this document request on the grounds that it is vague and ambiguous,

overbroad, unduly burdensome, is duplicative of other document requests, and calls for the

production of documents and information protected by the attorney-client privilege and work

product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant

responds as follows:

Defendant will produce non-privileged documents, if any exist, relevant to the '432

patent or Ricoh design techniques to the extent such records currently exist within Defendant's

possession, custody or control, and are discoverable after a reasonable search.

Document Request No. 40:

Produce all documents relating to your first knowledge of the patent-in-suit.

Response to Document Request No. 40:

Defendant incorporates by reference its General and Specific Objections. Defendant

further objects to this document request on the grounds that it is duplicative of other document

requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control, and are discoverable after a reasonable search.

Dated: June 3ᵒ 2003                    By:_____

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899-2207
(302) 658-9141

Christopher L. Kelley
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA  94025
(650) 463-8100 (Telephone)
(650) 463-8400 (Facsimile)

Attorneys for Defendants
AEROFLEX INCORPORATED,AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP. and MATROX
TECH, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX INTERNATIONAL CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899


Gayle L. Jacob

**EXHIBIT 6**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 03-103-GMS

## DEFENDANT MATROX TECH, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Matrox Tech, Inc. ("Defendant") hereby responds to Plaintiff Ricoh Company, Ltd.'s ("Ricoh") First Set of Document Requests. These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available.

In responding to these Requests, Defendant will make the reasonable, diligent, and good faith search for responsive documents as required under the Federal Rules and Local Rules. However, Defendant and its attorneys have not yet completed discovery or preparation for trial, nor have they concluded their analyses of the information gathered to date by the parties. These responses, therefore, are based on information presently available to and reviewed by Defendant and its attorneys.

These responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any

basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

## GENERAL OBJECTIONS

1.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

3.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information protected by any other privilege or protection (other than by the attorney-client privilege or work product doctrine) afforded by state or federal law.  Defendant will provide identification of any such privileged or protected documents in a forthcoming privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

4.      Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is subject to any protective order, privacy interest, contractual

obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Document Requests as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant employees.

7.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendant, or refers to persons, entities, or events not known to Defendant, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.    Defendant objects generally to Ricoh's First Set of Document Requests to the extent that they seek information that related to an act in Canada which is not an infringing act within the scope of 35 U.S.C. §271.

12.    Defendant objects to Ricoh's First Set of Document Requests insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they seek a legal conclusion.

14.    Defendant objects to Ricoh's First Set of Document Requests, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Document Requests in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Document Requests to the extent that they are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information from Defendant concerning the positions they will take at trial, on the grounds

that discovery in this action is in its earliest stages and Defendant cannot determine the positions they will take at trial without first having such discovery, nor without having a proper identification from Ricoh of its own claims and contentions as the plaintiff in this action. Defendant will provide such responses to such Document Requests at such time according to the schedule set by the Court in this action.

18.    Defendant objects to Ricoh's First Set of Document Requests to the extent that it is premature to the extent that it seeks Ricoh's contentions before substantial discovery has been completed in this action. Defendant reserve the right to supplement, amend, modify, correct, or change these Responses at the appropriate time to the extent that additional information becomes known.

19.    Defendant objects to Ricoh's First Set of Document Requests to the extent they seek information or documents about products not made, used, offered for sale, or sold within the United States, and will not produce information or documents concerning such products.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Definition/Instruction 2 on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Defendant far beyond those imposed by the Federal or Local Rules. To the extent that e-mail or other information stored in an electronic format is responsive to these Requests, Defendant will produce printouts of the e-mails or other information.

2.    Defendant object to Definition/Instruction 2 to the extent that it purports to require Defendant to produce the original of any document. Such a requirement would be unduly burdensome and improper to the extent that it purports to impose obligations on Defendant beyond those imposed by the Federal Rules or Local Rules. Defendant will produce copies of any responsive file folders or tabs except in specific circumstances agreed upon by the parties.

3.     Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "Defendant" extends to any person or entity other than Defendant's present employees and agents.

4.     Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.     Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.     Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS

Document Request No. 1:

Produce all documents concerning defendant's corporate structure including, but not limited to, the existence of related companies, subsidiaries, divisions, affiliates, teams, organizations, etc. and the legal and business relationships between such entities.

Response to Document Request No. 1:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and on the basis that it seeks

detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 2:

With respect to those defendants which have denied personal jurisdiction, produce all documents concerning any and all of those defendants' contacts with Delaware or any entity in Delaware, including but not limited to any ownership (including stock, leasehold or other) interest in any entity or property (real or personal), interest of any type in bank accounts of any nature, solicitation of any business, provision of or sales of any goods and/or services to any entity within Delaware, the presence for any length of time of an employee, officer, agent and/or representative in connection with defendant's business or interests, the nature of any degree of control or supervision or oversight in Matrox International Corp. or any other entity in Delaware, the nature of any degree of control or supervision or oversight in defendant by Matrox International Corp. or any other entity in Delaware, and involvement of any type in research and development, design, manufacturing, testing, sales or marketing of an ASIC product by or for Matrox International Corp. or any other entity in Delaware, as well as any documents concerning communication with any parent, subsidiary, division or affiliate relating to an ASIC Product or ASIC Method.

Response to Document Request No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as overbroad and unduly burdensome on the basis that it seeks detailed discovery on subject matter and allegations irrelevant to the Defendant. Defendant

further objects to this document request on the grounds that Matrox International Corp. is not a Delaware corporation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.


Document Request No. 3:

Produce all documents concerning each of defendant's ASIC Products, including, but not limited to, advertising literature, instruction sheets and commercial packaging.

Response to Document Request No. 3:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs over 300 personnel involved in production.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 4:

 Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 4:

 Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

 Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

 Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.


Document Request No. 5:

 Produce all documents concerning the conception, design, development, manufacture or sale of each of defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

<u>Response to Document Request No. 5:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.


<u>Document Request No. 6:</u>

Produce all prior art of any kind of which defendant is aware and which defendant deems pertinent in any way to the alleged invention described and claimed in the patent-in-suit.

<u>Response to Document Request No. 6:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

- 10 -

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 7:

Produce all patents and patent applications, whether U.S. or foreign, and whether issued, pending or abandoned, which at any time were owned or controlled by defendant and concern an ASIC Method used by, on behalf of, or otherwise under the direction of defendant.

Response to Document Request No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 8:

Produce all documents concerning Design Compiler and/or any other product of Synopsys Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome,

seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 9:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

Response to Document Request No. 9:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 10:

Produce all documents concerning Synopsys Inc.

Response to Document Request No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 11:

Produce all documents concerning Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by defendant.

Response to Document Request No. 11:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 12:

Produce all documents concerning any cost savings (actual or potential) as a consequence of licensing or using Build Gates, Build Gates Extreme ("BGE"), Physically knowledgeable synthesis (PKS), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

Response to Document Request No. 12:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 13:

Produce all documents concerning Cadence Design Systems, Inc.

Response to Document Request No. 13:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 14:

Produce all documents concerning the annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by defendant of each of defendant's ASIC Products.

Response to Document Request No. 14:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 15:

Produce all documents concerning the annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by defendant of defendant's ASIC Products, including how defendant defines each item of cost deducted from gross revenue to calculate gross and net profits.

Response to Document Request No. 15:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant

designs and manufactures a large number of products and employs over 300 personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.


Document Request No. 16:

Produce all documents concerning the manufacture of each ASIC Product designed using an ASIC Method.

Response to Document Request No. 16:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs over 300 personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to

Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further object to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 17:

Produce all documents concerning the sale by defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 17:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs over 300 personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further object to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No.18:

Produce all documents concerning the marketing by or for defendant of each ASIC Product produced by an ASIC Method.

Response to Document Request No. 18:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs over 300 personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further object to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No.19:

Produce all documents concerning the marketing by or for defendant of defendant's ASIC Products.

Response to Document Request No. 19:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs over 300 personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further object to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 20:

Produce all documents concerning the validity of the patent-in-suit.

Response to Document Request No. 20:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the

production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

<u>Document Request No. 21:</u>

Produce all documents concerning the enforceability of the patent-in-suit.

<u>Response to Document Request No. 21:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

<u>Document Request No. 22:</u>

Produce all documents concerning the infringement or possibility of infringement by defendant of the patent-in-suit.

<u>Response to Document Request No. 22:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 23:

Produce all documents that constitute or concern prior art, prior use, prior publications, prior knowledge, prior offers to sell or prior sale relating to the patent-in-suit.

Response to Document Request No. 23:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is unduly burdensome, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 24:

Produce all documents concerning communications between defendant and any other person or entity concerning the patent-in-suit.

- 21 -

Response to Document Request No. 24:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 25:

Produce all documents concerning all materials presented to the Board of Directors of defendant and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 25:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 26:

Produce all documents concerning all materials presented to any of defendant's personnel having managerial responsibility and all agendas or notes of meetings involving such

personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

Response to Document Request No. 26:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.


Document Request No. 27:

Produce all documents concerning defendant's policies regarding the retention or destruction of documents.

Response to Document Request No. 27:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 28:

Produce all pending patent applications concerning any ASIC Method including any documents filed in connection with such applications, by defendant or as to which defendant has any rights, in the United States or elsewhere.

Response to Document Request No. 28:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, duplicative of previous document requests, is not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.


Document Request No. 29:

Produce all documents concerning any examinations, tests, studies, etc. conducted by or for defendant on or with respect to any ASIC Method identified in response to any interrogatory.

Response to Document Request No. 29:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs over 300 personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its

- 24 -

production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further objects to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 30:

Produce all documents concerning any analysis of the patent-in-suit or of the alleged infringement or invalidity thereof, by anyone.

Response to Document Request No. 30:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine. If Defendant determines to rely on an opinion of counsel as a defense to an allegation of willful infringement, it will disclose the content of that opinion in accordance with the schedule set by the Court.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 31:

Produce all documents concerning any infringement of the patent-in-suit by anyone.

- 25 -

Response to Document Request No. 31:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 32:

Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

Response to Document Request No. 32:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 33:

Produce all documents concerning all proprietary or third party hardware and/or software used by, on behalf of, or otherwise under the direction of defendant in the practice of an ASIC

Method, including technical reference manuals, user manuals, installation manuals, training manuals, tutorials, overviews, summaries, advertising material, contracts, proposals, licenses, purchase agreements, indemnification agreements, and communications with third parties.

Response to Document Request No. 33:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request as unduly burdensome and seeking discovery of information not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs over 300 personnel involved in production. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. Defendant further objects to this document request on the grounds that its production is performed at Defendant's facilities in Canada and is therefore not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent. Defendant further object to this document request as duplicative of previous document requests.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.


Document Request No. 34:

Produce all documents concerning the patent-in-suit.

Response to Document Request No. 34:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly

burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 35:

Produce all documents relating to any indemnification or other hold-harmless agreement given to you (or by you) with respect to the patent-in-suit.

Response to Document Request No. 35:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, seeks discovery having no relationship to any infringement allegations made by Ricoh against Defendant, is not reasonably calculated to lead to the discovery of admissible evidence, calls for the production of documents and information protected by the attorney-client privilege and work product doctrine, improperly and prematurely calls for the construction of the claims of the patent-in-suit, calls for a legal conclusion, and constitutes premature contention discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 36:

Produce all documents identified or relied upon in response to Plaintiff's First Set of Interrogatories.

Response to Document Request No. 36:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 37:

Produce all documents relied upon or referred to in preparing the response to the Complaint.

Response to Document Request No. 37:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 38:

Produce all documents concerning defendant's affirmative defense of laches.

Response to Document Request No. 38:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant will produce non-privileged documents that are responsive to this document request, to the extent such records currently exist within Defendant's possession, custody or control.

Document Request No. 39:

Produce all documents referring to plaintiff.

Response to Document Request No. 39:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this document request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Document Request No. 40:

Produce all documents relating to your first knowledge of the patent-in-suit.

Response to Document Request No. 40:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this document request on the grounds that it is duplicative of other document requests, and calls for the production of documents and information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations and no longer has any documents in its direct possession, custody, or control.

Dated:  June 30 2003                          By:_____

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899-2207
(302) 658-9141

Christopher L. Kelley
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA  94025
(650) 463-8100 (Telephone)
(650) 463-8400 (Facsimile)

Attorneys for Defendants
AEROFLEX INCORPORATED,AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP. and MATROX
TECH, INC.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX TECH, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899

Gayle L. Jacob

**EXHIBIT 7**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**Civil Action No. 03-103-GMS**

## THIRD PARTY SYNOPSYS, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, third party Synopsys, Inc. ("Synopsys") hereby responds to Plaintiff Ricoh Company, Ltd.'s ("Ricoh") subpoena duces tecum.

In responding to this subpoena, Synopsys will make the reasonable, diligent, and good faith search for responsive documents as required under the Federal Rules and Local Rules. This response, however, is based on information presently available to and reviewed by Synopsys and its attorneys at the present time. Synopsys reserves the right to supplement its response when, and if, additional information becomes available.

This response is made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of this response.

## GENERAL OBJECTIONS

1.      Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks information protected by the attorney-client privilege, work product doctrine or any other privilege or protection afforded by state or federal law.  Such protected material may include the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.  To the extent that documents are otherwise responsive and relevant, Synopsys will provide identification of those privileged or protected documents in a privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.      Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Synopsys typically cannot provide such information unless directed to do so by the Court.

3.      Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

4.      Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks information or the identification of documents that are not within the possession, custody, or control of Synopsys, or refers to persons, entities, or events not known to Synopsys, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

5.      Synopsys objects to Ricoh's subpoena duces tecum to the extent that it is unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is

overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks a legal conclusion.

7.    Synopsys objects to Ricoh's subpoena duces tecum, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Synopsys will respond to Ricoh's subpoena duces tecum in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

8.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that the attached document requests are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

9.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that the attached document requests are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.    Synopsys objects to Ricoh's subpoena duces tecum to the extent it seeks information from Synopsys concerning Synopsys' contentions regarding the construction, validity, enforceability and non-infringement of the '432 patent.  Synopsys has initiated a lawsuit in the Northern District of California in which it asks for a declaratory judgment of invalidity and non-infringement.  Synopsys will provide discovery in connection with that lawsuit at an appropriate time, in accordance with the schedule set for discovery in that matter.

11.    Synopsys objects to Ricoh's subpoena duces tecum to the extent it seeks information or documents about design synthesis tools not used within the United States, and will not produce information or documents concerning such products.

12.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks confidential technical information regarding Synopsys' products.  Production of confidential technical information is not appropriate where the requesting party cannot make a showing of sufficient need for access to the confidential information.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Synopsys objects to Definition/Instruction a on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Synopsys far beyond those imposed by the Federal or Local Rules.

2.    Synopsys objects to Ricoh's Definition/Instruction c to the extent that the term "Synopsys" extends to any person or entity other than Synopsys' present employees and agents.

3.    Synopsys objects to Ricoh's Definition/Instruction j to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.    Synopsys objects to Ricoh's Definition/Instruction p on the basis that the definition of "ASIC Design System" is vague and overly broad.  Synopsys further objects to the inclusion of products dating back to 1990.  Under any set of circumstances, Ricoh would be barred from claiming damages for activities dating back to 1990.

5.    Synopsys objects to Ricoh's Definition/Instruction q to the extent that the definition of "ASIC Method" is vague and overly broad.

## THIRD PARTY SYNOPSYS, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

## REQUEST FOR PRODUCTION No. 1

1.    Produce documents sufficient to show the manner of marketing and promotion by or for Synopsys of each ASIC Design System and ASIC Method including but not limited to brochures, print or other advertisements, and tradeshow materials.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The manner of marketing and promotion by Synopsys of design synthesis tools is not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 2

2.       Produce documents sufficient to show the capabilities, features, functions, operation, and use of the ASIC Design Systems and ASIC Methods including, but not limited to, any user guides, operation guides, technical bulletins, technical reference manuals, user manuals, training manuals, specifications, source code, tutorials, technical overviews, summaries, functional descriptions, design flow diagrams, operational flow diagrams, design specifications, articles, reports, and memos.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The capabilities, features, functions, etc. of Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 3

3.       Produce documents sufficient to show the capabilities, features, functions, operation, and use of the user interface to the ASIC Design Systems, including but not limited to, the DC Shell, and the Verilog, VHDL, HDL, and/or any other, input specification language used in connection with the ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The capabilities, features, functions, etc. of the user interface to Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 4

4.   Produce all documents concerning all hardware, software, libraries and/or databases provided, made available, distributed, or recommended by or on behalf of Synopsys to defendants concerning the practice of an ASIC Method using an ASIC Design System, including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  The hardware, software, libraries and/or databases used in Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 5

5.   Produce all documents concerning all hardware, software, libraries and/or databases for use in ASIC Design Systems for the selection of architecture-specific hardware cells in designing ASIC Products, including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The hardware, software, libraries and/or databases used in Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 6

6.    Produce all document concerning agreements or other arrangements granting rights in or otherwise concerning ASIC Design Systems and ASIC Methods from Synopsys to any defendant (or from any defendant to Synopsys), including but not limited to contracts, licenses, purchase agreements, indemnification agreements, and hold-harmless agreements/covenants not to sue.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The content of any contracts, licenses, purchase agreements, indemnification agreements and the like between Synopsys and any defendant is typically treated as highly confidential information and is not relevant to any issue in the present litigation. If information about contracts, licenses, purchase agreements, etc. could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 7

7.    Produce all documents concerning solicitations, offers, or presentations made by or to any defendant with respect to ASIC Design Systems and ASIC Methods, including but not limited to advertising material, proposals, and presentations.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The content of any solicitations, offers, or presentations to any defendant regarding Synopsys' design synthesis tools is typically treated as highly confidential information and is not relevant to any issue in the present litigation. If information about solicitations, offers or presentations could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 8

8.     Produce documents sufficient to show the actual or projected cost savings by any defendant as a consequence of licensing or using ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The cost savings resulting from use of Synopsys' design synthesis tools is not relevant to any issue in the present litigation. If information about cost savings could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 9

9.     Produce documents sufficient to show the annual dollar and unit volume of sales and sales projections by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to indicating how Synopsys defines "sales" and "unit."

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The volume of sales of Synopsys' design synthesis tools to defendants is not relevant to any issue in the present litigation. If sales volumes could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 10

10.    Produce documents sufficient to show the gross revenue, as well as the discounts, rebates or other reductions deducted from gross revenue from sales by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to how Synopsys defines each item of discount, rebate or other reduction deducted from gross revenue.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The revenues to Synopsys resulting from sales of any design synthesis tools to defendants is not relevant to any issue in the present litigation. If revenues could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 11

11.    Produce all documents concerning the validity of the patent-in-suit.

RESPONSE:

In addition to its general and specific objections, Synopsys objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege and/or

the work product doctrine. Synopsys is not presently aware of the existence of any non-privileged documents directly addressed to the question of the validity of the patent-in-suit. In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent. In due course during that litigation Synopsys intends to produce documentary evidence to Ricoh establishing the invalidity of the patent. Synopsys is not a party to the present suit and it is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

REQUEST FOR PRODUCTION No. 12

12.    Produce all documents concerning the enforceability of the patent-in-suit.

RESPONSE:

Synopsys is not aware of the existence of any such documents.

REQUEST FOR PRODUCTION No. 13

13.    Produce all documents concerning the infringement or possibility of infringement by defendants of the patent-in-suit.

RESPONSE:

Synopsys is not aware of any such documents.

REQUEST FOR PRODUCTION No. 14

14.    Produce all documents concerning communications between Synopsys and any other person or entity concerning the patent-in-suit.

RESPONSE:

In addition to its general and specific objections, Synopsys objects to this request on the basis that it seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine. Synopsys further objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged documents, if any, discovered after a reasonable search, relating to previous occasions on which Synopsys has been approached regarding offers to license the '432 patent.

REQUEST FOR PRODUCTION No. 15

15.    Produce all documents concerning all materials presented to the Board of Directors of Synopsys and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit.

RESPONSE:

In addition to its general and specific objections, Synopsys objects to this request on the basis that it seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine.  Synopsys further objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Synopsys is not a party to the present litigation.  Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.  Discussions by Synopsys' Board of Directors on the subject of the patent in suit are not intrinsically relevant to any issue in the present case.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged documents, if any, discovered after a reasonable search, relating to previous occasions on which Synopsys has been approached regarding offers to the '432 patent.

REQUEST FOR PRODUCTION No. 16

16.    Produce all patents and pending patent applications which describe all or part of the operation of any ASIC Design System and all or part of any ASIC Method including, but not limited to, any documents filed in connection with such applications, by Synopsys or as to which Synopsys has any rights, in the United States or elsewhere.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of materials that are protected by the attorney-client privilege and/or the work product doctrine.  Synopsys further objects that the request is overly

broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Patents issued to Synopsys are available to Ricoh in a less burdensome manner from public sources. Pending patent applications are highly confidential and Ricoh has made no showing of relevance, let alone compelling need, for such documents.

REQUEST FOR PRODUCTION No. 17

17.    Produce all documents concerning any examinations, tests, studies, surveys, or other inquiry conducted by or for Synopsys on behalf of, in conjunction with, or at the request of, defendants on or with respect to any ASIC Design System and ASIC Method.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The nature of any technical or operational support provided for any Synopsys design synthesis tool is, therefore, not relevant to any issue in the present litigation. If examinations, tests, studies, surveys or other inquiries concerning design synthesis systems could be shown to be relevant to any issue in the present litigation, information about these examinations, tests, studies, etc. should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 18

18.    Produce all documents concerning any examinations, tests, studies, surveys, or other inquiry conducted by or for defendants on or with respect to any ASIC Design System and ASIC Method.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in

this case. The nature of any technical or operational support provided for any Synopsys design synthesis tool is, therefore, not relevant to any issue in the present litigation. If examinations, tests, studies, surveys or other inquiries concerning design synthesis systems could be shown to have relevance to any issue in the present litigation, information about these examinations, test, studies, etc. should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 19

19.    Produce all documents concerning any returns of ASIC Design Systems made (or requested to be made) by defendants.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. Returns of Synopsys design synthesis systems by defendants are not relevant to any issue in the present litigation. If the return of Synopsys design synthesis systems could be shown to have relevance to any issue in the present litigation is should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 20

20.    Produce all documents concerning any replacement of ASIC Design Systems made (or requested to be made) by Synopsys to defendants.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The replacement of any Synopsys design synthesis tool is not relevant to any issue in the present litigation. If the replacement of Synopsys design synthesis systems could be shown to have

relevance to any issue in the present litigation, the requested documents should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 21

21.    Produce all documents concerning communications between Synopsys and any other person or entity concerning the performance, use, placement, operation, or installation of ASIC Design Systems operated by or on behalf of defendants, including, but not limited to, communications with defendants and communications with the Synopsys User Group or "SNUG".

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The nature of any performance, use, placement, etc. of Synopsys design synthesis tools is not relevant to any issue in the present litigation. To the extent that the performance, use, placement, etc. could be shown to have relevance to any issue in the present litigation, information about such use, placement, operation, etc. should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 22

22.    Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

RESPONSE:

In addition to it general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of documents subject to attorney-client privilege and the work product doctrine. Discussions internal to Synopsys regarding the '432 patent are not intrinsically relevant to any issue in the present litigation.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged responsive documents that can found after a reasonable search which are relevant to the substantive rights of defendants, including documents, if any, relating to prior occasions on which Synopsys was approached regarding licensing of the '432 patent.

REQUEST FOR PRODUCTION No. 23

23.    Produce all documents concerning the patent-in-suit.

RESPONSE:

In addition to it general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of documents subject to attorney-client privilege and the work product doctrine. Discussions internal to Synopsys regarding the '432 patent are not intrinsically relevant to any issue in the present litigation.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged responsive documents that can found after a reasonable search which are relevant to the substantive rights of defendants, including documents, if any, relating to prior occasions on which Synopsys was approached regarding licensing of the '432 patent.

REQUEST FOR PRODUCTION No. 24

24.    Produce all documents referring to plaintiff and concerning the patent in suit or this litigation.

RESPONSE:

In addition to it general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of documents subject to attorney-client privilege and the work product doctrine. Discussions internal to Synopsys regarding the '432 patent are not intrinsically relevant to any issue in the present litigation.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged responsive documents that can found after a reasonable search which are relevant to the

substantive rights of defendants, including documents, if any, relating to prior occasions on which Synopsys was approached regarding licensing of the '432 patent.

REQUEST FOR PRODUCTION No. 25

25.    Produce all documents concerning articles, papers, presentations, and publications authored in whole or part by Aart de Gues, David Gregory, William Cohen, or Karen Bartlett with respect to ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad and unreasonably burdensome. The documents requested are public materials that can be obtained less burdensomely by Ricoh from public sources.

Without waiving any of the foregoing objections, Synopsys will produce any responsive materials that can be found after a reasonable search and that are dated sufficiently early to constitute possible prior art against the '432 patent under 35 U.S.C. section 102(b).

REQUEST FOR PRODUCTION No. 26

26.    Produce all documents concerning any change, alteration or modification made or requested to be made to an ASIC Design System or ASIC Method provided or offered to defendants, regardless of the entity requesting the change, alteration or modification.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. Synopsys is not a party to the present action. The nature of any change, alteration or modification of any Synopsys design synthesis tool is not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 27

27.    Produce all documents concerning any technical or operational support provided by or on behalf of Synopsys to any defendant for ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The nature of any technical or operational support provided for any Synopsys design synthesis tool is not relevant to any issue in the present litigation. If the technical or operational support provided by Synopsys could be shown to be relevant to any issue in the present litigation, the requested discovery should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 28

28.    Produce all documents concerning communications with any defendant regarding ASIC Products, ASIC Design Systems, and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. Communications regarding design synthesis between Synopsis and defendants is not relevant to any issue in the present litigation. If these communications could be shown to be relevant to any issue in the present litigation, the requested discovery should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 29

29.    Produce documents sufficient to show the capabilities, features, functions, operation, and use of the system previously referred to by Synopsys as "Socrates," and of the systems know as the "Gdl" synthesis, the "LSS" logic synthesis system, and the "Dagon" synthesis system including, but not limited to, any user guides, operation guides, technical bulletins, technical reference manuals, user manuals, training manuals, specifications, source

code, tutorials, technical overviews, summaries, functional descriptions, design flow diagrams, operational flow diagrams, design specifications, articles, reports, and memos.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome. Synopsys is not a party to the present action. The materials requested by Ricoh are public materials, were not generated by Synopsys, and can be obtained by Ricoh from public sources. In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent. In due course during that litigation Synopsys intends to produce documentary evidence to Ricoh establishing the invalidity of the patent. Synopsys is not a party to the present suit and it is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

REQUEST FOR PRODUCTION No. 30

30.    Produce all document concerning all hardware, software, libraries and/or databases for use in the system previously referred to by Synopsys as "Socrates," and in the systems known as the "Gdl" synthesis system, the "LSS" logic synthesis system, and the "Dagon" synthesis system including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome. Synopsys is not a party to the present action. The materials requested by Ricoh are public materials, were not generated by Synopsys, and can be obtained by Ricoh from public sources. In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent. In due course during that litigation Synopsys intends to produce documentary evidence to Ricoh

- 18 -

establishing the invalidity of the patent.  Synopsys is not a party to the present suit and it

is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

Dated:  June 26 2003                     By:_____

                                         Francis DiGiovanni
                                         CONNOLLY BOVE LODGE & HUTZ LLP
                                         1220 Market Street, 10th Floor
                                         Wilmington, DE  19899-2207
                                         (302) 658-9141

                                         Christopher L. Kelley
                                         HOWREY SIMON ARNOLD & WHITE, LLP
                                         301 Ravenswood Avenue
                                         Menlo Park, CA  94025
                                         (650) 463-8100 (Telephone)
                                         (650) 463-8400 (Facsimile)

                                         Attorneys for Third Party
                                         SYNOPSYS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Initial Disclosure Statement of Intervenor Synopsys, Inc. was served this 26th day of June, 2003 on the following,

via Federal Express:

> Steven J. Fineman
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, Delaware  19899

via First Class U.S. Mail:

> Edward A. Meilman
> Dickstein Shapiro Morin & Oshinsky, LLP
> 1177 Avenue of the Americas
> New York, NY 10036-2714

Gayle L. Jacob

EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**Civil Action No. 03-103-GMS**

## DEFENDANT AEROFLEX INCORPORATED'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Aeroflex Incorporated ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

11.    Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

12.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

13.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information

that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

14.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions. Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General Objections.  Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

      Defendant incorporates by reference its General Objections.  Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, might require the identification of every product manufactured by Defendant that includes an integrated circuit.

Interrogatory No. 3:

      Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

      Defendant incorporates by reference its General Objections.  Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design.  Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the

- 6 -

interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.


Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General Objections.  Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design.  Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.


Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an

ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.


Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id.* *See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

- 9 -

James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant incorporates by reference its response to Interrogatory No. 2.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses included laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.

Dated: June 30 2003                    By: _____
                                           Francis DiGiovanni
                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                           1220 Market Street, 10th Floor
                                           Wilmington, DE  19899-2207
                                           (302) 658-9141

                                           Christopher L. Kelley
                                           HOWREY SIMON ARNOLD & WHITE,
                                           LLP
                                           301 Ravenswood Avenue
                                           Menlo Park, CA  94025
                                           (650) 463-8100 (Telephone)
                                           (650) 463-8400 (Facsimile)

                                           Attorneys for Defendant
                                           AEROFLEX INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT AEROFLEX INCORPORATED'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS was served this 30TH day of June, 2003 on the following via Federal Express:


Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899


Gayle L. Jacob

EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., ) | **Civil Action No. 03-103-GMS** |
| Plaintiff, ) | |
| v. ) | |
| AEROFLEX INCORPORATED, AMI ) SEMICONDUCTOR, INC., MATROX ) ELECTRONIC SYSTEMS, LTD., MATROX ) GRAPHICS INC., MATROX ) INTERNATIONAL CORP. and MATROX ) TECH, INC., ) | |
| Defendants. ) | |

## AMI SEMICONDUCTOR, INC.'S RESPONSES TO RICOH COMPANY, LTD.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant AMI Semiconductor, Inc. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Defendant will not provide such information unless required by the Court.

5.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

11.      Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

12.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

13.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information

that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

14.     Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions. Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.     Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.     Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.     Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh

against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require the identification of every product manufactured by Defendant that includes an integrated circuit.

Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.


Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design

processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or

information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id.* *See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General Objections. Defendant incorporates by reference its General and Specific Objections. Defendant incorporates by reference its response to Interrogatory No. 2.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses included laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.

Dated: June 30 2003    By: _Francis DiGiovanni_ _____

                                 Francis DiGiovanni
                                 CONNOLLY BOVE LODGE & HUTZ LLP
                                 1220 Market Street, 10th Floor
                                 Wilmington, DE  19899-2207
                                 (302) 658-9141

                                 Christopher L. Kelley
                                 HOWREY SIMON ARNOLD & WHITE, LLP
                                 301 Ravenswood Avenue
                                 Menlo Park, CA  94025
                                 (650) 463-8100 (Telephone)
                                 (650) 463-8400 (Facsimile)

                                 Attorneys for Defendants
                                 AMI SEMICONDUCTOR, INC.

# VERIFICATION

I, Jon Stoner, declare:

I am the Chief Technology Officer of defendant AMI Semiconductor, Inc. ("AMI") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed AMI's Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to AMI are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Pocatello, Idaho.

Jon Stoner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing AMI SEMICONDUCTOR, INC.'S RESPONSES TO RICOH COMPANY, LTD.'S FIRST SET OF INTERROGATORIES was served this 30thth day of June, 2003 on the following via Federal Express:


Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899


Gayle L. Jacob

EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 03-103-GMS

## DEFENDANT MATROX ELECTRONIC SYSTEMS LTD.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox Electronics Systems Ltd. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.     Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

- 3 -

14.    Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.      Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.


## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does not design, make, use, offer to sell, sell, or import any products within the United States.


Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs a large number of personnel in product design.  Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegations of infringement.  Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.


Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

- 7 -

Response to Interrogatory No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel in product design. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegations of infringement. Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel in product design. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegations of infringement. Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of privileged information.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Erik Boisvert has knowledge regarding the location of Defendant's design facilities. James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Francois Bertrand

Erik Boisvert

Mr. Bertrand and Mr. Boisvert are employees of Defendant and should not be contacted except through counsel for Defendant.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General and Specific Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available

additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false.   Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery.   Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned.   Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: Defendant does not engage in any engineering design activities in the United States; Defendant does not sell any products in the United States; the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses including laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.   Regarding requests relating to personal jurisdiction; Defendant has no personnel in Delaware, conducts no business operations in Delaware and makes no direct sales in Delaware.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.

Dated: June 2003

By: _____

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
1220 Market Street, 10th Floor
Wilmington, DE  19899-2207
(302) 658-9141

Christopher L. Kelley
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA  94025
(650) 463-8100 (Telephone)
(650) 463-8400 (Facsimile)

Attorneys for Defendants
MATROX ELECTRONIC SYSTEMS LTD.

- 14 -

# VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox Electronics Systems, Ltd. ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

_____
Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX
ELECTRONIC SYSTEMS LTD.'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO ALL DEFENDANTS was served this 30th day of June, 2003
on the following via Federal Express:


Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899


Gayle L. Jacob

EXHIBIT 11

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) | **Civil Action No. 03-103-GMS** |
| Plaintiff, | ) | |
| v. | ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) | |
| Defendants. | ) | |

## DEFENDANT MATROX GRAPHICS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox Graphics Inc. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.    Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.    Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

- 3 -

14.    Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.      Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.


## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.


Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs, and has employed, a large number of engineers involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

- 6 -

Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs, and has employed, a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

- 7 -

Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs, and has employed, a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to plaintiff's allegations of infringement. Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendant designs and manufactures a large number of products and employs, and has employed, a large number of personnel involved in product design.  Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to plaintiff's allegations of infringement.  Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.


Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Ed Dwyer has knowledge regarding the location of Defendant's design facilities. Mr. Wood is an employee of one of the defendants and should not be contacted except through counsel for Defendant. James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Dan Wood

Edward Dwyer

Mr. Wood and Mr. Dwyer are employees of one of the defendants and should not be contacted except through counsel for Defendant.


Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General and Specific Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: Defendant does not engage in any engineering design activities in the United States; Defendant does not sell any products in the United States; the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses including laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent. Regarding requests relating to personal

jurisdiction; Defendant has no personnel in Delaware, conducts no business operations in Delaware and makes no direct sales in Delaware.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.


Dated:  June 30 2003                              By:_____

                                                       Francis DiGiovanni
                                                       CONNOLLY BOVE LODGE & HUTZ LLP
                                                       1220 Market Street, 10th Floor
                                                       Wilmington, DE  19899-2207
                                                       (302) 658-9141

                                                       Christopher L. Kelley
                                                       HOWREY SIMON ARNOLD & WHITE,
                                                       LLP
                                                       301 Ravenswood Avenue
                                                       Menlo Park, CA  94025
                                                       (650) 463-8100 (Telephone)
                                                       (650) 463-8400 (Facsimile)

                                                       Attorneys for Defendants
                                                       MATROX GRAPHICS INC.

# VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox Graphics Inc. ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

_____
Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX
GRAPHICS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO ALL DEFENDANTS was served this 30th day of June, 2003
on the following via Federal Express:


Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899



Gayle L. Jacob

EXHIBIT 12

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    **Civil Action No. 03-103-GMS** |

## DEFENDANT MATROX INTERNATIONAL CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox International Corp. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.     Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

14.     Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.     Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.     Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.     Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.      Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.


## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this interrogatory.


Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used

to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work.


Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products.  Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit.  To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this interrogatory.


Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory as overly broad and unduly burdensome

on the grounds that Defendant sells a large number of products. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of a large number of products.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work.


Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of privileged information.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.


Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or

information concerning the contents of such paragraph and identify the documents on which such response is based.

<u>Response to Interrogatory No. 7:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Edward Dwyer has knowledge regarding the location of Defendant's design facilities. Mr. Dwyer is an employee of one of the defendants in this action and should not be contacted except through counsel for Defendant. James Davis has information regarding Defendant's

equitable defenses.  Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.


Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Francois Bertrand

Edward Dwyer

Mr. Wood and Mr. Dwyer are employees of one of the defendants and should not be contacted except through counsel for Defendant.


Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General and Specific Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding

- 12 -

requests relating to construction of specific elements of claim language and practice of those

claim elements: Defendant does not engage in any engineering design activities; the claims of the

'432 patent refer to a particular design process not employed by Defendant; Defendant, is the

beneficiary of equitable defenses including laches, equitable estoppel and an implied license and,

as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable

defenses that Synopsys has against assertion of the '432 patent.  Regarding requests relating to

personal jurisdiction; Defendant has no personnel in Delaware, conducts no business operations

in Delaware and makes no direct sales in Delaware.

Defendant reserves the right to identify additional grounds for its contentions and

additional evidence as discovery develops.


Dated:  June 3ᵒ 2003                    By:_____

                                           Francis DiGiovanni
                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                           1220 Market Street, 10th Floor
                                           Wilmington, DE  19899-2207
                                           (302) 658-9141

                                           Christopher L. Kelley
                                           HOWREY SIMON ARNOLD & WHITE,
                                           LLP
                                           301 Ravenswood Avenue
                                           Menlo Park, CA  94025
                                           (650) 463-8100 (Telephone)
                                           (650) 463-8400 (Facsimile)

                                           Attorneys for Defendants
                                           MATROX INTERNATIONAL CORP.

# VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox International Corporation ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

_____
Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX INTERNATIONAL CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899

Gayle L. Jacob

**EXHIBIT 13**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) ) ) | Civil Action No. 03-103-GMS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT MATROX TECH, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox Tech, Inc. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

# GENERAL OBJECTIONS

1.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.     Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

14.     Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law. Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.     Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions. Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.     Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.     Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.


Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information

regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.

Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore,

might require a narrative describing the functions performed by each former employee who had any involved in design work on any product that includes an integrated circuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.


Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any, now former, employee having any role in the computer-aided design of any product that includes an integrated circuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of privileged information.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.


Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations. Edward Dwyer has knowledge regarding the location of Defendant's closed design facilities. Mr. Dwyer is an employee of one of the defendants in the present action and should not be contacted except through counsel for Defendant. James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Edward Dwyer

Mr. Dwyer is an employee of one of the defendants in the present action and should not be contacted except through counsel for Defendant.


Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General and Specific Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: Defendant does not engage in any engineering design activities in the United States; Defendant does not sell any products in the United States; the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses including laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.

Dated: June 20 2003                    By: _____

                                       Francis DiGiovanni
                                       CONNOLLY BOVE LODGE & HUTZ LLP
                                       1220 Market Street, 10th Floor
                                       Wilmington, DE 19899-2207
                                       (302) 658-9141

                                       Christopher L. Kelley
                                       HOWREY SIMON ARNOLD & WHITE,
                                       LLP
                                       301 Ravenswood Avenue
                                       Menlo Park, CA 94025
                                       (650) 463-8100 (Telephone)
                                       (650) 463-8400 (Facsimile)

                                       Attorneys for Defendant
                                       MATROX TECH, INC.

# VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox Tech Inc. ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

_____
Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX
TECH, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO ALL DEFENDANTS was served this 30TH day of June, 2003 on the following via
Federal Express:


Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899



Gayle L. Jacob