Gary M. Hoffman, pro hac vice
Kenneth W. Brothers, pro hac vice
Eric Oliver, pro hac vice
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone: (202) 785-9700
Fax: (202) 887-0689

Edward A. Meilman, pro hac vice
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone: (212) 835-1400
Fax: (212) 992-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

Attorneys for Defendant Ricoh Company, Ltd.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | Case No. C 03-2289 MJJ <br><br> DECLARATORY JUDGMENT ACTION <br><br> ANSWER OF DEFENDANT RICOH COMPANY, LTD. |

Defendant Ricoh Company, Ltd. ("Ricoh") for its Answer to the Complaint hereby responds to the number paragraphs of the Complaint filed by Synopsys, Inc. ("Synopsys") and it doing so denies the allegations of the Complaint except as specifically stated:

ANSWER OF DEFENDANT RICOH COMPANY, LTD., No. 03-2289 MJJ          1

**PARTIES**

1. Ricoh admits that Synopsys is a Delaware corporation having its principal place of business at 700 E. Middlefield Road, Mountain View, California in response to paragraph 1 of the complaint.  Except as expressly admitted herein, denied.

2. Ricoh admits that it is a Japanese corporation having its principal place of business at 3-6 Nakamagome 1-chome, Ohta-ku Tokyo, Japan in response to paragraph 2 of the complaint.  Except as expressly admitted herein, denied.

**OVERVIEW**

3. Ricoh denies that this action is brought to resolve the apprehension under which Synopsys is forced to conduct its business in the United States as a result of the threatened assertion of infringement of certain patents assigned to Ricoh in response to paragraph 3 of the complaint.  Except as expressly admitted herein, denied.

4. In response to paragraph 4 of the complaint, upon information and belief, Ricoh admits that Synopsys is a supplier of a type of Electronic Design Automation ("EDA") software known as logic synthesis software, however Ricoh lacks information sufficient to form a belief as to as to whether Synopsys is the leading supplier of a type of Electronic Design Automation ("EDA") software, and on that basis, denies that allegation.  Upon information and belief, Ricoh admits that one of Synopsys' products is "Design Compiler" synthesis tool; however, Ricoh lacks information sufficient to form a belief that one of Synopsys' most popular products is its "Design Compiler" synthesis tool, and on that basis, denies that allegation.  Except as expressly admitted herein, denied.

5. In response to paragraph 5 of the complaint Ricoh admits that it is the assignee and beneficial owner of United States patens U.S. Patent No. 4,922,432 (the " '432 Patent") and U.S. Patent No. 5,197,016 (the " '016 Patent").  Ricoh admits that these patents disclose and claim a particular logic synthesis software tool and a portion of a process for manufacturing ASICs.  Ricoh admits that the '016 Patent issued as a continuation-in-part of the same patent application that issued as the '432 Patent.

Except as expressly admitted herein, denied.

6. In response to paragraph 6 of the complaint Ricoh admits that on January 21, 2003, it filed a patent infringement action against Aeroflex Inc. ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), and Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively "Matrox") in the United States District Court for the District of Delaware (collectively the "Delaware defendants").  Ricoh admits its suit alleges that each of the defendants infringe one or more of the claims of the '432 Patent.  Upon information and belief, Ricoh admits that Aeroflex, AMI and some of the Matrox entities are users of Synopsys' software.  Ricoh admits that it has indicated in communications to one of the defendants in the Delaware litigation that a portion of the basis of its infringement allegations is the Delaware defendants' use of Synopsys' Design Compiler product.  Except as expressly admitted herein, denied.

7. In response to paragraph 7 of the complaint Ricoh admits that after filing the Delaware suit, Ricoh, through its counsel, sent letters to one or more companies that design and manufacture ASICs and in the process use Synopsys' software.  Ricoh's letters assert that the recipients are using "a computer-aided design system obtained from Synopsys, including Design Compiler."  Ricoh admits one of it's letters states that "Ricoh owns two of the basic patent directed to computer-aided design processes.  These are U.S. Patent Nos. 4,922,432 and 5,197,016.  They cover significant advances in computer-aided design processes for designing custom designed ICs for specific applications direct from architecture independent functional specifications for the integrated circuit" and that Ricoh is currently enforcing the '432 patents in a lawsuit filed in the U.S. District Court in Delaware.  Ricoh admits that one of its letters concludes by requesting the receiver respond to the letter.  Except as expressly admitted herein, denied.

8. In response to paragraph 8 of the complaint, Ricoh states that it has not asserted any allegation of infringement of the '016 patent against Synopsys, the

1  Delaware defendants or the companies to whom Ricoh has offered licenses under the
2  '432 and '016 patents.  Ricoh's assertion of the '432 patent against the Delaware
3  defendants is based on the activities of the Delaware defendants.  Ricoh lacks
4  information sufficient knowledge and information to form a belief as to whether based
5  on these letters and the Delaware suit, Synopsys is informed and believes that Ricoh's
6  purpose is to assert the '432 Patent and the '016 Patent against Synopsys' customer in an
7  effort to extract licensing royalties from the use of Synopsys' products, including Design
8  Compiler, and therefore denies same.  Except as expressly admitted herein, denied.

9.  In response to paragraph 9 of the complaint Ricoh admits that the original assignees to the '432 Patent and '016 Patent were International Chip Corporation ("ICC") and Ricoh.  Ricoh admits that in 1991, ICC assigned its interests in both patents to Knowledge Based Silicon Corporation ("KBSC").  Ricoh admits that KBSC subsequently assigned its interests in both patents to Ricoh in 2001.  Except as expressly admitted herein, denied.

10.  In response to paragraph 10 of the complaint Ricoh admits that a person representing KBS met with representatives from Synopsys during the 1991 meeting of the Design Automation Conference, held in San Francisco, denies that during that meeting, Synopsys was told that its Design Compiler product practiced certain claims of the '432 Patent, and admits that KBS's efforts to persuade Synopsys to license technology were unsuccessful.  Except as admitted or denied, Ricoh lacks sufficient knowledge and information sufficient to form a belief as to the other allegations of the paragraph 10 of the Complaint and on that basis denies the same.

11.  In response to paragraph 11 of the complaint Ricoh lacks sufficient knowledge and information sufficient to form a belief as to whether KBS developed and marketed products, including products named flowHDL and blockHDL, which were designed to be interoperable with Synopsys' Design Compiler product and on that basis, denies that allegation.  Ricoh lacks sufficient knowledge and information sufficient to form a belief as to whether in 1993 and 1995, in order to assist KBS with

efforts to make its products interoperable with Synopsys' products, KBS and Synopsys entered into several agreements, including a license to Design Compiler, under which Synopsys disclosed confidential information about its products, and rendered other technical assistance, to KBS and on that basis, denies that allegation. Ricoh lacks sufficient knowledge and information sufficient to form a belief as to whether that at no point during these cooperative efforts did KBS make any allegations that Synopsys' products were infringing either the '432 Patent or the '016 Patent and on that basis, denies that allegation. Ricoh admits that it has been a licensed user of Synopsys' Design Compiler software since at least 1997. Except as expressly admitted herein, denied.

## JURISDICTION

12. In response to paragraph 12 of the complaint Ricoh admits that the plaintiff's claim purports to be an action for the resolution of an existing conflict under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Ricoh denies that the underlying causes of action arise under the patent laws of the United States, including 35 U.S.C. §§ 271 and 282. Ricoh admits that Synopsys purports to seek a declaration by this Court that the "432 Patent and the '016 Patent are invalid, unenforceable, and not infringed by Synopsys and its customers. Ricoh denies that the subject matter jurisdiction of this Court is established by 28 U.S.C. § 1338. Except as expressly admitted herein, denied.

13. In response to paragraph 13 of the complaint Ricoh denies that the subject matter jurisdiction of this Court for all counts stated herein is also established by the general jurisdiction of district courts under United States law, 28 U.S.C. §§ 1331 and 1332.

14. In response to paragraph 14 of the complaint Ricoh denies that this Court has personal jurisdiction over Ricoh and further denies that Ricoh transacts business, performs some character of work or service in California, or contracts to supply services or things in California and has sufficient minimum contacts with this state.

///

15. In response to paragraph 15 of the complaint Ricoh denies that this action present an actual case or controversy because the alleged acts of Ricoh have created in Synopsys a reasonable apprehension that, as a result of Synopsys' continuing manufacture, use, and sale of its Design Compiler product in the United States, Synopsys will be sued for infringement of the '432 Patent and the '016 Patent.  Ricoh lacks sufficient knowledge and information sufficient to form a belief as to whether Synopsys fears that Synopsys will suffer commercial injury if Ricoh continues to sue, and threaten to sue, Synopsys' customers, as those customers will then be dissuaded from purchasing and using Design Compiler and other Synopsys logic synthesis products and on that basis, denies that allegation.  Except as expressly admitted herein, denied.

**VENUE**

16. In response to paragraph 16 of the complaint Ricoh denies that the venue for this action is proper in this judicial district under 38 U.S.C. § 1391 (b) and (c).

**COUNT I**

**Declaratory Judgment That U.S. Patent No. 4,922,432 Is Not Infringed By Any Synopsys Logic Synthesis Product**

17. In response to paragraph 17 of the complaint Ricoh repeats its responses to the allegations in paragraphs 1 through 16 of this Complaint.

18. In response to paragraph 18 of the complaint Ricoh denies that Synopsys has not made, used, offered to sell or sold, within the United States, or imported into the United States, any products or processes that infringe any valid claim of the '432 Patent, either directly, indirectly, contributorily or otherwise, and has not induced others to infringe the '432 Patent and avers that Ricoh has agreed to assert the '432 Patent against Synopsys' current products.   Except as expressly admitted herein, denied.

///

///

## COUNT II

**Declaratory Judgment That The Claims of U.S. Patent 4,922,432 Are Invalid**

19. In response to paragraph 19 of the complaint Ricoh repeats its responses to the allegations in paragraphs 1 through 18 of this Complaint.

20. In response to paragraph 20 of the complaint Ricoh denies each and every allegation of the Paragraph 20 of the Complaint.

## COUNT III

**Declaratory Judgment That U.S. Patent No. 5,197,016 Is Not Infringed By Any Synopsys Logic Synthesis Product**

21. In response to paragraph 21 of the complaint Ricoh repeats its responses to the allegations in paragraphs 1 through 20 of this Complaint.

22. In response to paragraph 22 of the complaint Ricoh lacks information sufficient to form a belief as to whether Synopsys has made, used, offered to sell or sold, within the United States, or imported into the United States, any products or processes that infringe any valid claim of the '016 Patent, either directly, indirectly, contributorily or otherwise, and has induced others to infringe the '016 Patent and on that basis, denies that allegation. Except as expressly admitted herein, denied.

## COUNT IV

**Declaratory Judgment That The Claims of U.S. Patent 5,197,016 Are Invalid**

23. In response to paragraph 23 of the complaint Ricoh repeats its responses to the allegations in paragraphs 1 through 22 of this Complaint.

24. In response to paragraph 24 of the complaint Ricoh denies each and every allegation of the Paragraph 22 of the Complaint.

## COUNT V

**Declaratory Judgment Barring Ricoh From Recovery Under the Doctrine of Laches**

25. In response to paragraph 25 of the complaint Ricoh repeats its responses to the allegations in paragraphs 1 through 24 of this Complaint.

///

26. In response to paragraph 26 of the complaint Ricoh admits that it uses Synopsys' logic synthesis software and that it is familiar with the general operation of this software from its use of the software but otherwise denies the allegations of this paragraph.

27. In response to paragraph 27 of the complaint Ricoh denies each and every allegation of the Paragraph 27 of the Complaint.

## COUNT VI

**Declaratory Judgment Barring Ricoh From Recovery Under the Doctrine of Equitable Estoppel**

28. In response to paragraph 28 of the complaint Ricoh repeats its responses to the allegations in paragraphs 1 through 27 of this Complaint.

29. In response to paragraph 29 of the complaint Ricoh denies each and every allegation of the Paragraph 29 of the Complaint.

## RESERVATION OF CLAIMS

30. In response to paragraph 30 of the complaint Ricoh denies this paragraph sets forth a proper pleading but to the extent necessary or appropriate, denies each and every allegation of the Paragraph 30 of the Complaint.

## DEFENSES

In further response to the Complaint, Defendant Ricoh asserts the following:

### FIRST AFFIRMATIVE DEFENSE: LACK OF JURISDICTION

31. The Court lacks personal jurisdiction over Ricoh.

### SECOND AFFIRMATIVE DEFENSE: LACK OF CASE OR CONTROVERSY

32. There is no case or controversy that exists between Ricoh and Synopsys related to the '432 patent or the '016 patent.

### THIRD AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

33. The Complaint fails to state a claim upon which relief can be granted.

///

## RESERVATION OF DEFENSES

34. With discovery still ongoing, Ricoh has yet to complete its investigation. Ricoh reserves the right to assert any other defenses that may be revealed during discovery.

Dated: October 6, 2003

Respectfully submitted,

Ricoh Company, Ltd.

By:  /s/  Kenneth W. Brothers
Gary M. Hoffman
Kenneth W. Brothers
Eric Oliver
DICKSTEIN SHAPIRO MORIN *&* OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN *&* OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Attorneys for the Defendant