Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Phone (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>RICOH COMPANY, LTD.,<br><br>  Defendants. | CASE NO. CV 03-02289-MJJ<br><br>**DECLARATION OF EDWARD A. MEILMAN IN SUPPORT OF RICOH'S MOTION TO ADVANCE THE CASE MANAGEMENT CONFERENCE**<br><br>Date: Not Set<br>Time: Not Set<br>Courtroom: 11 |

CASE NO. CV03-02289-MJJ
DECLARATION OF EDWARD A. MEILMAN IN SUPPORT
OF RICOH'S MOTION TO ADVANCE THE CASE
MANAGEMENT CONFERENCE

Page 1

Edward A. Meilman declares as follows:

1. I am an attorney at law licensed to practice in the State of New York and admitted in this case *pro hac vice*, and am a partner in the law firm of Dickstein Shapiro Morin & Oshinsky, LLP, attorneys for plaintiff Ricoh Company, Ltd. The matters set forth in this declaration are based on my personal knowledge, except where indicated, and if called as a witness, I could and would testify competently thereto.

2. This case is a related case to *Ricoh Company Ltd. v. Aeroflex, Inc. et al*, CV03-04669 MJJ which has a Case Management Conference scheduled for the same day and time as this action.

3. The *Ricoh v. Aeroflex* action was commenced on January 21, 2003 in Delaware. At a case management conference in that case held on May 16, 2003, counsel for Synopsys stated its view that its Design Compiler product was the genesis of that case and announced its intention to move for a transfer of this case to this Court. A true copy of the Scheduling Order resulting from that conference is attached hereto as Exhibit A and a true copy of pages 1-9 of the transcript of that hearing is attached hereto as Exhibit B. The motion to transfer was filed on June 12, 2003.

3. The parties have already submitted a Case Management Report in this action.

4. At a "meet and confer" held between counsel for the parties on November 13, 2003, the submission of a request for an earlier Case Management Conference was discussed and counsel for the defendants stated they had no objection in principal to the request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed at New York, NY on November 18, 2003.

*/s/ Edward A. Meilman*
Edward A. Meilman

CASE NO. CV03-02289-MJJ
DECLARATION OF EDWARD A. MEILMAN IN SUPPORT
OF RICOH'S MOTION TO ADVANCE THE CASE
MANAGEMENT CONFERENCE

Page 2

EXHIBIT A



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT Of DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.03-103-GMS |
| | ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

RECEIVED
MAY 3 0 2003
Robert W. Whetzel

FILED
MAY 3 0 2003
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SCHEDULING ORDER

This 30th day of May 2003, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on May 16, 2003, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before May 30, 2003.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before July 30, 2003.

3. **Reliance Upon Advice of Counsel.** Defendants shall inform plaintiff whether they intend to rely upon advice of counsel as a defense to willful infringement no later than

December 9, 2003. If defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than December 19, 2003.

    4.    ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on March 2, 2004 at 9:30 a.m. The *Markman* hearing is scheduled for a total of not more than 1 day. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues no later than January 5, 2004 and shall exchange initial claim charts no later than January 12, 2004. On or before January 20, 2004, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on January 23, 2004, and the answering claim construction briefs on February 6, 2004.

    5.    **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before January 9, 2004. Opening expert reports shall be exchanged on March 22, 2004 and rebuttal expert reports shall be exchanged on April 23, 2004. Expert Discovery in this case shall be initiated so that it will be completed on or before June 23, 2004. The total time allowed for depositions shall be 240 hours per side, excluding expert discovery, unless extended by agreement of the parties.

    a.    **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than

February 12, 2004. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than February 27, 2004. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before March 8, 2004. The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on March 23, 2004 at 11:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions.** Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before April 2, 2004. Parties must submit an original and two (2) copies. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

10. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written -motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Status/Daubert Conference.** On or before June 30, 2004, the parties shall meet and confer on any Daubert issues and motion in limine issues that any party wants to raise. On or before July 2, 2004, the parties shall submit a joint agenda identifying any Daubert issues that the

parties intend to raise. The Court will hold a telephone conference on July 7, 2004 at 11:00 a.m. to discuss Daubert issues identified in the joint agenda.

13. **Pretrial Conference.** On September 13, 2004, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendants propose to include in the proposed pretrial order. *Motions in limine*: No party shall file more than ten (10) motions in limine. Briefs (opening, answering and reply) on all motions *in limine* shall be filed by August 6, 2004. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 16, 2004.

14. **Trial.** This matter is scheduled for a seven day jury trial beginning at 9:00 a.m. on October 12, 2004.

15. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT B

1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC., | : | |
| Defendants | : | NO. 03-103 (GMS) |

- - -

Wilmington, Delaware
Friday, May 16, 2003
2:00 o'clock, p.m.

- - -

BEFORE: HONORABLE GREGORY M. SLEET, U.S.D.C.J.

- - -

APPEARANCES:

    RICHARDS, LAYTON & FINGER, P.A.
    BY:  ROBERT W. WHETZEL, ESQ. and
         STEVEN J. FINEMAN, ESQ.

         -and-

Valerie J. Gunning
Official Court Reporter

## Page 2

APPEARANCES (Continued):

DICKSTEIN, SHAPIRO, MORIN & OSHINSKY
BY: GARY M. HOFFMAN, ESQ. and
    EDWARD A. MEILMAN, ESQ.
(Washington, D.C.)

Counsel for Plaintiff

CONNOLLY, BOVE, LODGE & HUTZ LLP
BY: FRANCIS DiGIOVANNI, ESQ.

--and--

HOWREY, SIMON, ARNOLD & WHITE
BY: TERESA M. CORBIN, ESQ.
(Menlo Park, California)

Counsel for Defendants

MacPHERSON, KWOK, CHEN & HEID LLP
BY: ALAN H. MacPHERSON, ESQ. (VIA TELEPHONE)
(San Jose, California)

Counsel for Defendant AMI Semiconductor

---

## Page 3

PROCEEDINGS

(Proceedings commenced in chambers, beginning at 2:00 p.m.)

THE COURT: Good afternoon.

MR. WHETZEL: Your Honor, may I introduce Gary Hoffman from Dickstein Shapiro and his partner, Ed Meilman.

MR. DiGIOVANNI: This is Teresa Corbin of Howrey Simon in California.

And we also expected to have --

THE COURT: We have him on the phone.

MR. DiGIOVANNI: Alan MacPherson representing AMI.

THE COURT: Yes.

Your name, counsel?

MR. FINEMAN: Steve Fineman from Richards Layton.

MR. WHETZEL: I'm sorry, your Honor.

THE COURT: That's all right.

Mr. MacPherson?

MR. MacPHERSON: Yes.

THE COURT: Hi. Everyone is here. This is Judge

## Page 4

Sleet. We're going to get right into the business of scheduling.

I have received the joint status report and the competing proposals for schedule and I have taken the liberty of making some modifications.

My approach to scheduling is not altogether rigid, and I will discuss matters with counsel and make adjustments that I think are appropriate to make, depending upon what counsel advise me and whether I'm convinced that the adjustment should be made.

So with that sort of a proviso, why don't we begin.

You pretty much don't agree on anything with regard to actual scheduling other than the cutoff, and that's not totally agreed for discovery. I think plaintiff proposes that all discovery be completed by the March 15, '04 date. The defendants resist that proposition and want to stage discovery, which the Court is inclined to do.

But if the plaintiff really feels -- plaintiff on this side --

MR. HOFFMAN: Yes, your Honor.

THE COURT: -- feels adamant about this, I'm willing to hear you on it.

MR. HOFFMAN: Well, we had thought it was appropriate, looking at it again this morning, your Honor,

## Page 5

we're willing to stage discovery.

We would like to start the opening expert reports a little bit earlier. The defendants have proposed April 9th. We would suggest April 2 and rebuttal April 16th and the expert reports.

THE COURT: Well, the opening actually based on the schedule I have crafted here would be 3/22.

MR. HOFFMAN: Okay.

THE COURT: With the rebuttals being 4/23.

Let me jump to the back end of this schedule. This case is going to come to trial on October 11 of '04. Okay?

We will have a pretrial order due date of 8/16 and we will have a pretrial conference here in this building on September the 13th at 9:30, commencing at 9:30.

We can now go back to the beginning. That will at least help give you some context for what we're going to talk about here.

MS. CORBIN: Right.

THE COURT: Go ahead.

MS. CORBIN: Your Honor, I think there are some things that I should apprise the Court of.

THE COURT: Okay.

MS. CORBIN: In addition to representing the defendants in this suit, I am representing Synopsis, which

Page 6

1 is a company that is in the design synthesis business also
2 in California.
3    THE COURT: Not a party to this action?
4    MS. CORBIN: They're not a party to this
5 action. They filed a suit in the Northern District of
6 California yesterday against Ricoh, basically on one of
7 the same patents, the one patent that's in this suit.
8    THE COURT: The '432 patent?
9    MS. CORBIN: Yes. Essentially, it had
10 come to our attention that the statement had been made
11 to Mr. MacPherson, and this is the only indication
12 we have because we cannot glean anything about the
13 infringement allegations from the complaint that the
14 bases of the complaint is really these defendants use of a
15 product called Design Compiler that Synopsis manufactures
16 and sells.
17    It came to our attention and then again late
18 last week that, in fact, RICO was engaged in a worldwide
19 campaign of sending letters to our customers. We got copies
20 of some of those letters which RICO had sent to additional of
21 the customers and indicated in the letter that that should be
22 kept confidential, but it has come to Synopsis' attention,
23 and they felt that it was critical to take the bull by the
24 horns if that, in fact, is the case, that the genesis of this
25 case is a Synopsis part.

Page 7

1    And they are in California and a large number of
2 the players, witnesses and the documents are there as well.
3    And the letters that have been going out to the
4 other customers mention another patent that is a continuation
5 in part of the patent we have in suit here. Synopsis does
6 intend and had hoped to do that by today, but probably will
7 not happen until Monday to file the motion to stay and/or
8 transfer this customer case.
9    THE COURT: To stay the case out in California?
10    MS. CORBIN: No. To stay this case or to
11 transfer this case to California.
12    THE COURT: On what basis are they going
13 to file a motion in this case? I'm not certain that I
14 exactly --
15    MS. CORBIN: I'm sorry. The defendants, the
16 defendants in this case would file a motion to stay.
17    THE COURT: You said Synopsis.
18    MS. CORBIN: I apologize. I'm representing those
19 parties as well, and they feel that if the genesis of this
20 complaint is really the Design Compiler part of Synopsis,
21 that that issue could be handled in California and would
22 resolve the issues here.
23    THE COURT: Sure. Sure. I understand.
24    Well, we can talk about this a little bit. It
25 strikes me that there's no prejudice to either party since I

Page 8

1 have you all here in embarking on a schedule in any event
2 because discovery has to be done.
3    MS. CORBIN: I wanted to apprise you of the
4 facts. I would have mentioned it in the status report. At
5 that time it had been unresolved.
6    THE COURT: Certainly the Court recognizes should
7 the motion to transfer be filed and should I rule that the
8 case should be transferred, it will then come under the
9 rules -- this is in the Northern District?
10    MS. CORBIN: Yes.
11    THE COURT: Which rules are very different
12 from this Court's and you would embark upon an entirely
13 new schedule, but I don't think you'd be any the worse
14 for wear.
15    MS. CORBIN: Absolutely. I think we should
16 proceed.
17    THE COURT: Okay. Counsel, anything further to
18 that?
19    MR. HOFFMAN: I guess there's no point in getting
20 into a debate over the lawsuit that they just filed.
21 Obviously, I just became aware of it. However, we've made no
22 threats against Synopsis. We'll be moving to dismiss the
23 lawsuit.
24    THE COURT: Why am I not surprised?
25    MR. HOFFMAN: There's no reason for my trying to

Page 9

1 explain the issues at this point. That will be an issue that
2 will be out there in California.
3    THE COURT: Well, apparently.
4    Okay. So with that, we can now go ahead and see
5 what we can come up with here.
6    I see a difference in the Rule 26(a) time that
7 you've -- deadline you've set. I had picked 5:30.
8    Is there a particular reason the defendants feel
9 June 13 is more appropriate than 5:30? I thought we should
10 let's get on with it.
11    MS. CORBIN: If the Court is inclined that way,
12 we will do our best to do that.
13    THE COURT: I'm inclined to do that. I tried to
14 sort of pick a compromise date as to amendment and joinder
15 and I selected July 30. I don't know if anybody feels real
16 strongly about that one way or the other.
17    MR. HOFFMAN: That's fine, your Honor.
18    THE COURT: All right. As to the election and
19 the production, the election of reliance on advice of counsel
20 and production of those opinions, the defendant proposes ten
21 days after the Markman. That's the first time I've seen that
22 type of proposal on this.
23    I'm not quite certain why you would want --
24 the Markman, by the way -- well, we'll just move along
25 in some order here, but perhaps you could tell me why you