Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Plaintiff SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | ) Case No. CV 03-02289 MJJ |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S OPPOSITION TO RICOH'S** |
| | ) **MOTION TO ADVANCE THE CASE** |
| v. | ) **MANAGEMENT CONFERENCE** |
| | ) |
| RICOH COMPANY, LTD., | ) Date: N/A |
| | ) Time: N/A |
| Defendant. | ) Ctrm: N/A |
| | ) |
| | ) |

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-02289 MJJ
Opposition to Motion to Advance Case Management Conference
P: 8003727

1  **I.    INTRODUCTION**

2        Plaintiff Synopsys, Inc. ("Synopsys") hereby opposes defendant Ricoh Company, Ltd.'s

3  ("Ricoh") Motion to Advance the Case Management Conference allegedly made pursuant to Local

4  Rule 6-3(a).  This opposition is based on the fact that, while Synopsys does not in principle oppose an

5  earlier date for the Initial Case Management Conference in this matter, it should not take place on

6  December 9, 2003, and should take place only *after* the Court has ruled on the Motion to Stay filed by

7  defendants Aeroflex Incorporated ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), Matrox Electronic

8  Systems Ltd. ("Matrox"), Matrox Graphics Inc. ("Matrox Graphics"), Matrox International Corp.

9  ("Matrox Int'l"), and Matrox Tech, Inc. ("Matrox Tech") (collectively "Customer defendants") in the

10  related action *Ricoh Company. Ltd. v. Aeroflex Inc., et al.*, Case No. CV 03-04669 MJJ.  Furthermore,

11  Ricoh failed to properly meet and confer with Synopsys as required by Local Rules 6-3(a)(4)(i) and

12  37-1(a); December 9, 2003 is in fact an inconvenient date for the Initial Case Management in this

13  matter as Synopsys's lead trial counsel is currently not available that date.

14  **II.    ARGUMENT**

15        On November 18, 2003, Ricoh moved the Court allegedly pursuant to Local Rule 6-3(a) to

16  advance the date for the Initial Case Management Conference in this matter from February 10, 2004 to

17  December 9, 2003.  Ricoh's request should be denied.

18        As explained in the Customer defendants' response to the Motion Advance the Case

19  Management Conference in the related action, Ricoh's request to hold the Case Management

20  Conference on December 9, 2003, the same date the Court hears the Customer defendants' Motion to

21  Stay the related action is inefficient and simply makes no sense.  It is only sensible to set the Initial

22  Case Management Conference in this action for a date after the Court has heard and decided the

23  Customer defendants' Motion to Stay, and concurrent with the Initial Case Management Conference in

24  the related *Ricoh Company, Ltd. v. Aeroflex Inc. et al.* action, should one be necessary.  This will allow

25  all parties, Synopsys, Ricoh, and the Customer defendants, if necessary, to present a schedule

26  appropriate to the scale of the litigation:  for a two party action if the stay motion is granted, and for a

27  multi-party action if both of these related cases proceed apace of each other.

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. CV 03-02289 MJJ                    -1-
Motion to Shorten Time and to Continue Motions to Compel

1    Furthermore, again as explained more fully in the Customer defendants' opposition to Ricoh's

2    motion to advance the case management conference date, Ricoh's motion should be denied for failing

3    to comply with Local Rules 6-3(a)(4)(i) and 37-1(a).  Ricoh never met and conferred with Synopsys

4    regarding the date proposed for an earlier case management conference in this action.  As with the

5    Customer defendants, Synopsys does not in principle object to an earlier case management conference

6    in this matter.  However, Synopsys objects to the proposed date since Synopsys' lead trial counsel is

7    unavailable on December 9, 2003.[1]

8

9    **III.    CONCLUSION**

10    For the foregoing reasons, the Court should deny Ricoh's motion to advance the case

11    management conference in this action to December 9, 2003.  While Synopsys does not object in

12    principle to a date for the Conference that is earlier than February 10, 2004, the Conference should be

13    held, only after the Court has heard and ruled on the Customer defendants' Motion to Stay in the

14    related *Ricoh v. Aeroflex* action.

15                                                    Respectfully submitted,

16

17    Date:    November 20, 2002                /s/  Thomas C. Mavrakakis
                                                Thomas C. Mavrakakis
18                                              HOWREY SIMON ARNOLD & WHITE LLP
                                                Attorneys for Plaintiff SYNOPSYS, INC.
19

20

21

22

23

24

25    [1] Teresa Corbin, lead trial counsel for Synopsys, is unavailable December 9, 2003 and December 16,
      2003.  *See* Declaration of Teresa M. Corbin in Opposition to Ricoh's Motion to Advance the Case
26    Management Conference filed in *Ricoh Company. Ltd. v. Aeroflex Inc., et al.*, Case No. CV 03-04669
      MJJ, at ¶¶ 2-3 ("Corbin Decl.").  It is our understanding that the Court is unavailable December 23,
27    2003 and December 30, 2003.  Ms. Corbin is available January 6, 2004 and January 13, 2004 for the
      Initial Case Management Conference, should the Court decide to advance the date for the Conference.
28    *See id.* at ¶4.

HOWREY
SIMON
ARNOLD &
WHITE

- 2 -
Case No. CV 03-02289 MJJ
Opposition to Motion to Advance Case Management Conference