Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-2289-MJJ** <br><br> **CASE NO. C-03-4669-MJJ** |
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants | **DECLARATION OF CHRISTOPHER MONSEY IN SUPPORT OF RICOH'S MOTION FOR SANCTIONS** <br><br> **Date:  Not Set** <br> **Time: Not Set.** <br> **Courtroom:  11** |

Christopher A. Monsey declares as follows:

1.    My name is Christopher A. Monsey, an attorney with the law firm of Dickstein, Shapiro, Morin & Oshinsky, LLP, counsel for Ricoh Company Limited ("Ricoh"). I am over the age of 21 and am competent to make this declaration. Based on my personal knowledge and information, I hereby declare to all the facts in this declaration

2.    On June 21, 2002, I sent three documents provided by Ricoh to Dr. Donald E. Thomas, a professor of electrical and computer engineering at Carnegie Mellon University, in Pittsburgh, Pennsylvania. One of the documents had markings on the document which communicated attorney-work product information to Dr. Thomas regarding potential infringement of the '432 patent. Another document was a document which was marked-up by Ricoh also communicating attorney-client and infringement theory information. I also sent Dr. Thomas another document with attorney-work product markings.

3.    My firm also provided on two non-published confidential documents to Dr Thomas for review. Both of these non-published documents contained information which was significant to Ricoh's analysis of the '432 patent.

4.    Attached hereto as Exhibit 1 is a true and correct copy the May 30, 2003, scheduling order from the Delaware Court in the *Ricoh v. Aeroflex* action.

5.    Attached hereto as Exhibit 2 is a true and correct copy of Synopsys' November 12, 2003 Rule 26(a) Initial Disclosure in Case No. C-03-2289-MJJ.

6.    Attached hereto as Exhibit 3 is a true and correct copy of *Crouse v. National Warehouse Investment Co.*, 2003 U.S. Dist. LEXIS 9066 (S.D. Indiana 2003).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed at Washington, D.C. on December 23, 2003.

/s/ Christopher A. Monsey
Christopher A. Monsey



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT Of DELAWARE

RICOH COMPANY, LTD.                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        C.A. No.03-103-GMS
                                       )
AEROFLEX INCORPORATED, AMI             )
SEMICONDUCTOR, INC., MATROX            )
ELECTRONIC SYSTEMS LTD.,               )
MATROX GRAPHICS INC., MATROX           )
INTERNATIONAL CORP. and                )
MATROX TECH, INC.                      )
                                       )
            Defendants.                )

**RECEIVED**

MAY 3 0 2003

Robert W. Whetzel

FILED

MAY 3 0 2003

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SCHEDULING ORDER

This 30th day of _____May_____ 2003, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on May 16, 2003,

and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

    1.    **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before

May 30, 2003.

    2.    **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before July 30, 2003.

    3.    **Reliance Upon Advice of Counsel.**  Defendants shall inform plaintiff whether

they intend to rely upon advice of counsel as a defense to willful infringement no later than

December 9, 2003. If defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than December 19, 2003.

      4.    **_Markman_ Claim Construction Hearing**. A _Markman_ claim construction hearing shall be held on March 2, 2004 at 9:30 a.m. The _Markman_ hearing is scheduled for a total of not more than 1 day. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues no later than January 5, 2004 and shall exchange initial claim charts no later than January 12, 2004. On or before January 20, 2004, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on January 23, 2004, and the answering claim construction briefs on February 6, 2004.

      5.    **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before January 9, 2004. Opening expert reports shall be exchanged on March 22, 2004 and rebuttal expert reports shall be exchanged on April 23, 2004. Expert Discovery in this case shall be initiated so that it will be completed on or before June 23, 2004. The total time allowed for depositions shall be 240 hours per side, excluding expert discovery, unless extended by agreement of the parties.

      a.    **Discovery Disputes**. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.    **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.    **Settlement Conference.** Pursuant to 28 U. S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8.    **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than

February 12, 2004. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than February 27, 2004. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before March 8, 2004. The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on March 23, 2004 at 11:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions.** Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before April 2, 2004. Parties must submit an original and two (2) copies. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

10. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written -motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Status/Daubert Conference.** On or before June 30, 2004, the parties shall meet and confer on any Daubert issues and motion in limine issues that any party wants to raise. On or before July 2, 2004, the parties shall submit a joint agenda identifying any Daubert issues that the

parties intend to raise.  The Court will hold a telephone conference on July 7, 2004 at 11:00 a.m. to discuss Daubert issues identified in the joint agenda.

13.  **Pretrial Conference.**  On September 13, 2004, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:30 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendants propose to include in the proposed pretrial order. *Motions in limine*: No party shall file more than ten (10) motions in limine.  Briefs (opening, answering and reply) on all motions *in limine* shall be filed by August 6, 2004.  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 16, 2004.

14.  **Trial.**  This matter is scheduled for a seven day jury trial beginning at 9:00 a.m. on October 12, 2004.

15.  **Scheduling.**  The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

UNITED STATES DISTRICT JUDGE

1 | Teresa M. Corbin (SBN 132360)
  | Christopher Kelley (SBN 166608)
2 | Thomas C. Mavrakakis (SBN 177927)
  | HOWREY SIMON ARNOLD & WHITE, LLP
3 | 301 Ravenswood Avenue
  | Menlo Park, California 94025
4 | Telephone: (650) 463-8100
  | Facsimile: (650) 463-8400
5 |
6 | Attorneys for Plaintiff Synopsys, Inc.
7 |
8 | UNITED STATES DISTRICT COURT
9 | NORTHERN DISTRICT OF CALIFORNIA
10 | SAN FRANCISCO DIVISION
11 |

12 | SYNOPSYS, INC.,                          ) Case No. CV 03-02289 MJJ
13 |                Plaintiff,                ) **PLAINTIFF SYNOPSYS, INC.'S INITIAL**
   |                                          ) **DISCLOSURE STATEMENT PURSUANT**
14 |        v.                                ) **TO FED. R. CIV. PROC. 26(a)(1)**
   |                                          )
15 | RICOH COMPANY, LTD.,                     )
   |                                          )
16 |                Defendant.                )
   |                                          )
17 | _____ )
18 |
19 |
20 |        Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff Synopsys, Inc.
21 | ("Synopsys") makes the following initial disclosures (the "Disclosure") to defendant Ricoh Company,
   | Ltd. ("Ricoh").
22 |
23 | I.      **RIGHT TO SUPPLEMENT**
24 |        Synopsys bases this Disclosure on its current knowledge, understanding, and belief as to the
25 | facts and information available as of the date of this Disclosure. Synopsys has not yet completed its
26 | entire investigation, collection of information, discovery, or analysis relating to this action. Synopsys
27 | therefore reserves the right to supplement this Disclosure as necessary.
28 |

PLAINTIFF'S INITIAL DISCLOSURE
STATEMENT

P: 8001802

1   II.    **DISCLOSURE OF KNOWLEDGEABLE PERSONS PURSUANT TO FED. R. CIV. P.**
2          **26(a)(1)(A)**

3          Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Synopsys identifies the following persons as

4   individuals who are likely to have discoverable information that may be used to support its claims or

5   defenses.  The general subject matter of information listed for each individual does not in any way

6   limit Synopsys's right to question and/or call any individual listed to testify regarding any other

7   subject(s).

8          Synopsys has not yet completed its investigation into this matter, and reserves the right to

9   supplement this list as necessary.

10     1.    **Donald Thomas**

11           Carnegie Mellon University
             ECE Department
12           Pittsburgh, PA  15213

13         On information and belief, Dr. Thomas has information relating to the validity of U.S. Patent

14  No. 4,922,432.

15     2.    **Ted Kowalski**

16           73 Stone Ridge Road
             Summit, NJ  07901
17

18         On information and belief, Dr. Kowalski has information relating to the validity of U.S. Patent

19  No. 4,922,432.

20     3.    **Michael McFarland**

21           President
             College of the Holy Cross
22           1 College Street
             Worcester, MA  01610
23

24         On information and belief, Dr. McFarland has information relating to the validity of U.S. Patent

25  No. 4,922,432.

26     4.    **Alice Parker**

27           Department of EE-Systems
             MC 2562, EEB 300
28

PLAINTIFF'S INITIAL DISCLOSURE                          2
STATEMENT

P: 8001802

1   University of Southern California
2   Los Angeles CA 90089-2562

3   On information and belief, Dr. Parker has information relating to the validity of U.S. Patent No.
4   4,922,432.

5     5.    **Wayne Wolf**

6       Princeton University
7       Department of Electrical Engineering
        B226 EQUAD
8       Princeton, NJ  08544

9   On information and belief, Dr. Wolf has information relating to the validity of U.S. Patent No.
10  4,922,432.

11    6.    **John Darringer**

12      IBM
        Thomas J. Watson Research Center
13      1101 Kitchawan Road, Route 134
        Yorktown Heights, NY  10598
14

15  On information and belief, Dr. Darringer has information relating to the validity of U.S. Patent
16  No. 4,922,432.

17    7.    **Frank Rubin**

18      59 DeGarmo Hills Road
        Wappingers Falls, NY 12590
19

20  On information and belief, Dr. Rubin has information relating to the validity of U.S. Patent No.
21  4,922,432.

22    8.    **William H. Joyner, Jr.**

23      IBM
        Research Triangle Park, NC
24

25  On information and belief, Dr. Joyner has information relating to the validity of U.S. Patent No.
26  4,922,432.

27

28

PLAINTIFF'S INITIAL DISCLOSURE                                    3
STATEMENT

HOWREY
SIMON
ARNOLD &
WHITE    P: 8001802

1    9.    **Louise H. Trevillyan**

2         IBM
          Thomas J. Watson Research Center
3         1101 Kitchawan Road, Route 134
          Yorktown Heights, NY  10598
4

5         On information and belief, Dr. Trevillyan has information relating to the validity of U.S. Patent

6    No. 4,922,432.

7    10.   **John B. Bendas**

8         IBM
          Somers, NY
9

10        On information and belief, Dr. Bendas has information relating to the validity of U.S. Patent

11   No. 4,922,432.

12   11.   **Paul Horstman**

13

14        On information and belief, Dr. Horstman has information relating to the validity of U.S. Patent

15   No. 4,922,432.

16   12.   **Lawrence T. Dunn**

17        IBM
          Raleigh, North Carolina
18

19        On information and belief, Dr. Dunn has information relating to the validity of U.S. Patent No.

20   4,922,432.

21   13.   **Utz G. Baitinger**

22        Universität Stuttgart
          70550 Stuttgart
23        Germany

24        On information and belief, Dr. Baitinger has information relating to the validity of U.S. Patent

25   No. 4,922,432.

26   14.   **Dieter A. Mlynski**

27        Universität Karlsruhe
          Kaiserstraße 12
28

PLAINTIFF'S INITIAL DISCLOSURE                              4
STATEMENT

HOWREY
SIMON
ARNOLD &
WHITE    P: 8001802

1       76131 Karlsruhe
2       Germany

3      On information and belief, Dr. Mlynski has information relating to the validity of U.S. Patent

4  No. 4,922,432.

5    **15.   Son Dao Trong**

6       IBM
        Germany
7

8      On information and belief, Dr. Trong has information relating to the validity of U.S. Patent No.

   4,922,432.
9

10    **16.   Wolfgang Rosenstiel**

11       Universität Tübingen
        Wilhelm-Schickard-Institut für Informatik
12      Sand 13
        72076 Tübingen
13      GERMANY

14      On information and belief, Dr. Rosenstiel has information relating to the validity of U.S. Patent

15  No. 4,922,432.

16    **17.   David Gregory**

17       ReShape, Inc.
        1255 Terra Bella Avenue
18      Mountain View, CA 94043

19      On information and belief, Dr. Gregory has information relating to the validity of U.S. Patent

20  No. 4,922,432.

21    **18.   Karen Bartlett**

22

23      On information and belief, Dr. Bartlett has information relating to the validity of U.S. Patent

24  No. 4,922,432.

25    **19.   William Cohen**

26       Associate Research Professor
        Center for Automated Learning & Discovery
27      Carnegie Mellon University

28

PLAINTIFF'S INITIAL DISCLOSURE
STATEMENT

HOWREY
SIMON
ARNOLD &
WHITE  P: 8001802

5

1    5000 Forbes Avenue
2    Pittsburgh, PA 15213

3        On information and belief, Dr. Cohen has information relating to the validity of U.S. Patent No.

4    4,922,432.

5    **20.    Gary Hachtel**

6        Professor Emeritus
7        Department of Electrical and Computer Engineering
        University of Colorado
8        Boulder, CO 80309-0425

9        On information and belief, Dr. Hachtel has information relating to the validity of U.S. Patent

10    No. 4,922,432.

11    **21.    Rick Rudell**

12

13        On information and belief, Dr. Rudell has information relating to the validity of U.S. Patent No.

14    4,922,432.

15    **22.    Russ Segal**

16        ReShape, Inc.
        1255 Terra Bella Avenue
17        Mountain View, CA 94043

18        On information and belief, Dr. Segal has information relating to the validity of U.S. Patent No.

19    4,922,432.

20

21    **23.    Hideaki Kobayashi**

22        Knowledge Edge, K.K.
        Hachi-honkan 7F
23        Minami Aoyama 5-10-1
        Minato-ku, Tokyo 107-0062
24        Japan

25        On information and belief, Dr. Kobayashi has information relating to the validity of U.S. Patent

26    Nos. 4,922,432 and 5,197,016, the conception, development and reduction to practice of the

27    invention(s) claimed therein, and Synopsys's affirmative defenses of equitable estoppel and laches.

28

PLAINTIFF'S INITIAL DISCLOSURE                                6
STATEMENT
HOWREY
SIMON
ARNOLD &
WHITE   P: 8001802

1    **24.    Masahiro Shindo**

2         MegaChips
         4-1-6, Miyahara
3         Yodogawa-ku
         Osaka, 532-0030
4         Japan

5         On information and belief, Dr. Shindo has information relating to the validity of U.S. Patent

6    Nos. 4,922,432 and 5,197,016, the conception, development and reduction to practice of the

7    invention(s) claimed therein, and Synopsys's affirmative defenses of equitable estoppel and laches.

8    **25.    Yau-Hwang Kuo**

9         Tae Chen Advance Technology Center
         Taiwan
10

11        On information and belief, Dr. Kuo has information relating to the validity of U.S. Patent No.

12   5,197,016.

13   **26.    Ling-Yang Kung**

14        Tae Chen Advance Technology Center
         Taiwan
15

16        On information and belief, Dr. Kung has information relating to the validity of U.S. Patent No.

17   5,197,016.

18   **27.    Alice Feng**

19        Tae Chen Advance Technology Center
         Taiwan
20

21        On information and belief, Dr. Feng has information relating to the validity of U.S. Patent No.

22   5,197,016.

23   **28.    Ching-Chung Tzeng**

24        Tae Chen Advance Technology Center
         Taiwan
25

26        On information and belief, Dr. Tzeng has information relating to the validity of U.S. Patent No.

27   5,197,016.

28

PLAINTIFF'S INITIAL DISCLOSURE                                7
STATEMENT

HOWREY
SIMON
ARNOLD &
WHITE    P: 8001802

1    **29.    Guang-Huei Jeng**

2        Tae Chen Advance Technology Center
         Taiwan
3

4        On information and belief, Dr. Jeng has information relating to the validity of U.S. Patent No.

5    5,197,016.

6    **30.    Giovanni de Micheli**

7
         Gates Computer Science , Room 333
8        Stanford University
         Stanford, CA 94305-9030 USA
9

10       On information and belief, Dr. de Micheli has information relating to the validity of U.S. Patent

11   Nos. 4,922,432 and 5,197,016.

12   **31.    Dr. Rajesh Gupta**

13       On information and belief, Dr. Gupta has information relating to the validity of U.S. Patent No.

14   5,197,016.

15   **32.    Connie Smith**

16       Duke University
         Durham, NC 27706
17

18       On information and belief, Dr. Smith has information relating to the validity of U.S. Patent No.

19   5,197,016.

20   **33.    Tai Sugimoto**

21

22       On information and belief, Dr. Sugimoto has information relating to the validity of U.S. Patent

23   No. 5,197,016, the conception, development and reduction to practice of the invention(s) claimed

24   therein, and Synopsys's affirmative defenses of equitable estoppel and laches.

25

26

27

28

PLAINTIFF'S INITIAL DISCLOSURE                    8
STATEMENT
**HOWREY**
**SIMON**
**ARNOLD &**
**WHITE**   P: 8001802

**34.   Haruo Nakayama**

On information and belief, Dr. Nakayama has information relating to the validity of U.S. Patent No. 5,197,016, the conception, development and reduction to practice of the invention(s) claimed therein, and Synopsys's affirmative defenses of equitable estoppel and laches.

**35.   James Davis**

Director, VLSI Systems Design Laboratory
University of South Carolina
Department of Computer Science and Engineering
Columbia, SC 29208 USA

On information and belief, Dr. Davis has information relating to Synopsys's affirmative defenses of equitable estoppel and laches.

**36.   Brian Bershader**

KBS Corporation
201 San Antonio Cr., Suite 225
Mountain View, CA 94040

On information and belief, Mr. Bershrader has information relating to Synopsys's affirmative defenses of equitable estoppel and laches.

**37.   Kevin Kranen**

Synopsys, Inc.
700 E. Middlefield Road
Mountain View, CA

On information and belief, Mr. Kranen has information relating to Synopsys's affirmative defenses of equitable estoppel and laches.

**38.   Hisashi Ishijimi**

Ricoh Company, Ltd.

On information and belief, Mr. Ishijimi has information relating to Ricoh's estoppel to assert either the '432 or '016 patents against Synopsys and Synopsys's products.

**39.   Kenji Takaguchi**

Ricoh Company, Ltd.

PLAINTIFF'S INITIAL DISCLOSURE STATEMENT

9

1       Mr. Takaguchii has information relating to Ricoh's estoppel to assert either the '432 or '016

2   patents against Synopsys and Synopsys's products.

3   **40.    Janet Olson**

4       Synopsys, Inc.
        700 E. Middlefield Road
5       Mountain View, CA

6       On information and belief, Ms. Olson has information relating to the operation of Synopsys'

7   Design Compiler software.

8   **41.    Eyal Odiz**

9       Synopsys, Inc.
        700 E. Middlefield Road
10      Mountain View, CA

11      On information and belief, Mr. Odiz has information relating to the operation of Synopsys'

12  Design Compiler software.

13

14  III.    **PRODUCTION OR IDENTIFICATION OF DOCUMENTS PURSUANT TO FED. R.**

15          **CIV. P. 26(a)(1)(B)**

16      Pursuant to Fed. R. Civ. P. 26(a)(1)(B), Synopsys identifies the following documents produced

17  in the matter *Ricoh Company, Ltd. v. Aeroflex, et al.,* D. Del. Case No. C 03-103 GMS, which it may

18  use to support its claims or defenses:  documents with production numbers: SYNP0001 – 0924,

19  DEF00001 – 15725, DEF015791-18618, DEF018660-18664, DEF018831-20462.  Manuals describing

20  user interaction with Synopsys' Design Compiler software have been supplied with production

21  numbers DEF020463-22762.  Synopsys will produce additional materials as they become available

22  and/or once sufficient protections are in place to ensure the protection of confidential materials and

23  trade secrets.

24      Synopsys does not waive any objection or any claim of privilege, whether expressly asserted or

25  not, by producing any document.  The inadvertent identification or production of a document shall not

26  constitute a waiver of any attorney-client privilege or work product doctrine as to that document or any

27

28  PLAINTIFF'S INITIAL DISCLOSURE                    10
    STATEMENT
HOWREY
SIMON
ARNOLD &
WHITE  P: 8001802

1 | other document.  Synopsys expressly reserves the right to object to the introduction at trial or any other

2 | use of any privileged document that may be inadvertently produced.

3 |      Synopsys has not yet completed its investigation into this matter, and reserves the right to

4 | supplement this disclosure as necessary.

5 | **IV.    COMPUTATION OF DAMAGES CLAIMED PURSUANT TO FED. R. CIV. P.**

6 |     **26(a)(1)(C)**

7 |      Synopsys seeks attorneys' fees and costs.  Although the total amount of Synopsys's fees and

8 | costs are unknown at this time, Synopsys reserves the right to supplement this Disclosure as discovery

9 | proceeds and additional information becomes available.

10 | **V.    PRODUCTION OF INSURANCE CONTRACTS PURSUANT TO FED. R. CIV. P.**

11 |     **26(a)(1)(D)**

12 |      Synopsys is unaware of any insurance agreements applicable to any claim in this action.

13 |                 Respectfully submitted,

14 | Dated:  November 12, 2003           HOWREY SIMON ARNOLD & WHITE, LLP

15 |

16 |                 By: _____

17 |                     Teresa M. Corbin

18 |                     Attorneys for Plaintiff Synopsys, Inc.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

PLAINTIFF'S INITIAL DISCLOSURE
STATEMENT

HOWREY
SIMON
ARNOLD &
WHITE

P: 8001802

11

1

## PROOF OF SERVICE

2

3    STATE OF CALIFORNIA        )
                                )   ss.:
4    COUNTY OF SAN MATEO        )

5

6         I am employed in the County of San Mateo, State of California. I am over the age of 18 and
     not a party to the within action. My business address is 301 Ravenswood Avenue, Menlo Park,
7    California 94025.

8         On November 12, 2003, I served on the interested parties in said action the within:

9         Plaintiff Synopsys, Inc.'s Initial Disclosure Statement Pursuant to Fed. R. Civ. P. 26(a)(1)

10        by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached
     mailing list and causing such envelope(s) to be deposited in the U.S. Mail at Meno Park,
11   California.

12   [X]  (MAIL) I am readily familiar with this firm's practice of collection and processing
          correspondence for mailing. Under that practice it would be deposited with the U.S. postal
13        service on that same day in the ordinary course of business. I am aware that on motion of party
          served, service is presumed invalid if postal cancellation date or postage meter date is more
14        than 1 day after date of deposit for mailing in affidavit.

15   [X]  (FACSIMILE) I caused the foregoing document to be served by facsimile transmission to each
          interested party at the facsimile machine telephone number shown as stated on the attached
16        mailing list.

17        I declare under penalty of perjury that I am employed in the office of a member of the bar of
     this Court at whose direction the service was made and that the foregoing is true and correct.

18        Executed on November 12, 2003, at Meno Park, California.

19

20   _____          _____
          Susan J. Crane
          (Type or print name)                    (Signature)

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

**SERVICE LIST**

1

2    Kenneth W. Brothers, Esq.                    Edward A. Meillman, Esq.
     Gary M. Hoffman, Esq.                        Dickstein Shapiro Morin & Oshinsky, LLP
3    Dickstein Shapiro Morin & Oshinsky, LLP      1177 Avenue of the Americas
     2101 L Street, N.W.                          New York, NY 10036-2714
4    Washington, D.C. 20037-1526                  Facsimile: (212) 997-9880
     Facsimile: (202) 887-0689
5

6    Jeffrey B. Demain, Esq.
     Jonathan Weissglass, Esq.
7    Altshuler, Berzon, Nussbaum, Rubin & Demain
     177 Post Street, Suite 300
8    San Francisco, CA  94108
     Facsimile: (415) 362-8064

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

1 of 4 DOCUMENTS

**CROUSE CARTAGE COMPANY, Plaintiff, vs. NATIONAL WAREHOUSE INVESTMENT COMPANY and HOLMAN/SHIDLER INVESTMENT CORPORATION, Defendants. NATIONAL WAREHOUSE INVESTMENT COMPANY and HOLMAN/SHIDLER INVESTMENT CORPORATION, Counter Plaintiffs, vs. CROUSE CARTAGE COMPANY, Counter Defendant.**

IP02-0071-C-T/K

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION**

*2003 U.S. Dist. LEXIS 9066*

**April 10, 2003, Decided**

**PRIOR HISTORY:** *Crouse Cartage Co. v. Nat'l Warehouse Inv. Co., 2003 U.S. Dist. LEXIS 478 (S.D. Ind., Jan. 13, 2003)*

**DISPOSITION:** [*1] Court adopted and affirmed magistrate judge's entry on defendants' motion to compel discovery. Defendants' motions to compel discovery and disclosure granted in part and denied in part, and discovery re-opened for sixty (60) days for limited purpose. Parties' motions for sanctions denied.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For PLAINTIFF: Alan J. Irvin, Hill Fulwider McDowell Funk & Matthews, Indianapolis, IN.

For DEFENDANTS: Cathy Elliott, Bose McKinney & Evans, Indianapolis, IN.

**JUDGES:** John Daniel Tinder, Judge, United States District Court.

**OPINIONBY:** John Daniel Tinder

**OPINION:**

**ENTRY ON OBJECTION TO ENTRY ON MOTION TO COMPEL** n1

n1 This Entry is a matter of public record and is being made available to the public on the court's web site, but it is not intended for commercial publication either electronically or in paper form. Although the ruling or rulings in this Entry will govern the case presently before this court, this court does not consider the discussion in this Entry to be sufficiently novel or instructive to justify commercial publication or the subsequent citation of it in other proceedings.

[*2]

This case involves a dispute over a real estate lease agreement with an option to purchase. It comes before the court on the Defendants/Counter Plaintiffs' Objection to Entry on Defendants' Motion to Compel Disclosure.

*I. Discussion*

Magistrate Judge Baker's Entry on Defendants' Motion to Compel Discovery rules on nondispositive matters. A magistrate judge's order on a nondispositive matter may not be set aside or modified by the district judge unless the order is "clearly erroneous or contrary to law." *Fed. R. Civ. P. 72(a)*. An order is "clearly erroneous" only if the district court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948)*; see also *United States v. Spruill, 296 F.3d 580, 591 (7th Cir. 2002)* (quotation omitted).

The Defendants' motion to compel discovery and disclosure requests an order compelling the Plaintiff to amend and supplement its initial disclosures to disclose

the information required by *Fed. R. Civ. P. 26(a)(1)* and to immediately designate, prepare and submit a proper deponent [*3] as required by *Fed. R. Civ. P. 30(b)(6)*, and imposing sanctions under *Fed. R. Civ. P. 37*.

*A. Initial Disclosures*

The Defendants contend that the Plaintiff's *Rule 26(a)(1)* initial disclosures, made on May 14, 2002, were defective and inadequate. A "major purpose" of *Rule 26(a)* "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." *Fed. R. Civ. P. 26(a)* advisory committee's note (1993 amendments). To that end, the rule requires parties, *inter alia*, "to exchange information regarding potential witnesses, documentary evidence, damages, and insurance" without awaiting formal discovery requests. *Id.* "A party must make its initial disclosures based on the information then reasonably available to it[.]" *Fed. R. Civ. P. 26(a)(1)*.

Specifically, *Rule 26(a)(1)(A)* requires disclosure of "the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Crouse identified three individuals in its *Rule 26(a)(1)(A)* [*4] disclosure: Larry Crouse, Larry Pendleton, and Bill Cox. Crouse gave the required contact information for Mr. Cox, but indicated the information for Mr. Crouse and Mr. Pendleton was "unknown." The Defendants argue that Crouse failed to comply with *Rule 26(a)(1)(A)* because (1) Crouse was required to undertake a reasonable investigation and should have had the addresses and phone numbers of its witnesses when it provided its initial disclosures; and (2) Crouse failed to disclose the identity of all potentially relevant witnesses, including the real estate broker who performed a rough market analysis used to determine Crouse's alleged damages.

Whether or not Crouse should have obtained the contact information for Mr. Crouse and Mr. Pendleton through a reasonable investigation is a moot question. Both men were deposed in June 2002 and gave their addresses and telephone numbers at their depositions. (Crouse Dep. at 6; Pendleton Dep. at 6.) *Rule 26(e)* imposes no duty to supplement incomplete disclosures if the additional information has been made known during the discovery process. *Fed. R. Civ. P. 26(e)(1)*. Thus, the failure to disclose their contact information, even assuming that Crouse [*5] should have known that information, was harmless.

The Defendants believe that disclosure is required with respect to persons who might reasonably be expected to be called or deposed by any party. They have

overlooked the 2000 amendments to *Rule 26(a)* which eliminated that requirement. The disclosure obligation under the rule is now limited to the witnesses and materials that the disclosing party may use. *Fed. R. Civ. P. 26(a)(1)(A)*, *(B)*; *Fed. R. Civ. P. 26(a)(1)* advisory committee's note (2000 amendments). The mere fact that Crouse identified only three individuals, without more, is insufficient to show noncompliance with the disclosure obligations of *Rule 26(a)(1)(A)*. It is quite possible that these three individuals were the only individuals that Crouse intended to use to support its claims or defenses and for whom disclosure was required consistent with *Rule 26(b)*.

As for the identity of the real estate broker who performed the rough market analysis, Magistrate Judge Baker correctly concluded that his or her identity is protected because the broker is a non-testifying expert under *Rule 26(b)(4)(B)* and, the court adopts Judge Baker's reasoning and conclusions regarding the real [*6] estate broker and rough market analysis as the undersigned's own. (*See* Magistrate Judge's Entry on Defs.' Mot. Compel at 3-7.) The undersigned adds that although the Defendants have argued that Crouse waived any privilege or doctrine which may have protected the identify of the real estate broker, they have cited no authority to support their position on waiver. This argument, then, does not persuade the court that the protection afforded under *Rule 26(b)(4)(B)* no longer applies to the real estate broker and his or her rough market analysis.

The Defendants stress that their motion addressed Crouse's "global failure to comply with *Rule 26(a)(1)*" (Objection at 3), rather than just the failure to identify the real estate broker and provide the rough market analysis. The focus of the motion to compel does seems to be on the real estate broker and market analysis, however. To the extent the motion goes beyond the broker and market analysis, the Defendants have not shown that Crouse failed to disclose the identities of individuals "likely to have discoverable information that the disclosing party [Crouse] may use to support its claims or defenses, unless solely for impeachment," [*7] *Fed. R. Civ. P. 26(a)(1)(A)*, or failed to disclose documents in its "possession, custody or control" that it "may use to support its claims or defenses, unless solely for impeachment." *Fed. R. Civ. P. 26(a)(1)(B)*. Granted, this may be a high hurdle to clear, but the Defendants have not cleared it: They have not shown that Crouse had information as to the identities of individuals or had any other documents for which disclosure was required under *Rule 26(a)(1)* and *Rule 26(b)* but for which no disclosure was made.

However, the court reminds Crouse that *Rule 26(e)(1)* imposes a duty on parties to supplement their

initial disclosures. A party has a duty to supplement or correct a *Rule 26(a)* disclosure to include information thereafter acquired if "the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Fed. R. Civ. P. 26(e)*. Crouse is also reminded that *Rule 37(c)(1)* gives teeth to *Rule 26(a)* and *Rule 26(e)* by providing that a party who "without substantial justification fails to disclose information required [*8] by *Rule 26(a) or 26(e)(1)* ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

*Rule 26(a)(1)(B)* requires disclosure of "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." This rule does not require production of documents, but allows for production in lieu of a description. *Fed. R. Civ. P. 26(a)(1)* advisory committee's note (1993 amendments). If only a description is provided, then the opposing party is expected to obtain the documents under *Rule 34* or through informal requests. *Id.*

The Defendants contend that Crouse failed to comply with *Rule 26(a)(1)(B)* and the parties' agreement that they would produce the documents required under the rule instead of simply describing them since Crouse identified eight categories of documents but produced only six. The Defendants argue that Crouse failed to identify or describe the location of the documents it did [*9] not produce. The Defendants summarize their position by stating that "it is inconceivable that Crouse could have only 8 documents to support its claims and/or defenses, and apparently has possession of only 6." (Mot. Compel at 4, P 5.)

Magistrate Judge Baker correctly concluded that *Rule 26(a)(1)(B)* does not require the production of documents. Rather, the rule "permits the disclosing party to choose either form of disclosure." *Sithon Maritime Co. v. Holiday Mansion, 1998 U.S. Dist. LEXIS 14724, No. Civ.A.96-2262-EEO, 1998 WL 638372, at *2 (D. Kan. Sept. 14, 1998)*. Though counsel may have agreed otherwise, Crouse later opted to produce some documents and identify others.

The Defendants complain that Crouse did not provide any insurance policies or certificates of insurance for the insurance coverage required by the lease, did not produce any receipts or documents regarding repairs to correct the alleged defaults identified in default notices sent to Crouse, and did not produce the rough market analysis prepared by the real estate broker. n2 It is quite possible that Crouse did not have "possession, custody, or control" of such documents and/or that they never existed, so Magistrate Judge Baker [*10] correctly concluded that production of such documents would not be compelled. It is also possible that Crouse does not intend to use any documents to support its claims or defenses other than the eight categories of documents identified in its initial disclosures. Defense counsel's belief that Crouse failed to identify all the documents that it should have is not enough to show noncompliance with *Rule 26(a)(1)(B)*. Once again, however, Crouse is reminded of the duty to supplement initial disclosures imposed by *Rule 26(e)* as well as the potential consequences under *Rule 37(c)* for failing to make complete or correct disclosures. The Defendants could have sought (and still may seek) through a *Rule 34* request production of the documents identified in but not produced with the disclosures. *See Fed. R. Civ. P. 26(a)(1)* advisory committee's note (1993 amendments). n3

n2 Crouse's initial disclosure states that certificates of insurance relating to the subject property were being produced with the disclosures (Pl.'s Initial Disclosures, P B.4), but in a subsequent communication to defense counsel, counsel for Crouse indicated that the certificates were not produced. (*See* Counsel's Verified Statement Support Mot. Compel, Ex. B (Letter from Irvin to Elliott of 5/24/02) at 3.) So, the court presumes that the certificates of insurance were not produced with the disclosures. [*11]

n3 Because discovery already has closed, the court **RE-OPENS** discovery for sixty (60) days for the limited purpose of allowing the Defendants to obtain the certified copies of the insurance policies insuring the subject property on December 8, 2000, certificates of insurance relating to the subject property, and the August 9, 2000 report of ATC Associates, Inc. concerning the alleged contamination of the subject property. The Defendants also will be allowed to conduct the discovery indicated by Magistrate Judge Baker's granting of the motion to compel responses to *Rule 30(b)(6)* depositions--ordering Crouse to make Cox available for the second day of his deposition and to make available any other witness identified as having pertinent knowledge

to respond to the *Rule 30(b)(6)* notice of deposition. It is necessary to re-open discovery for this limited purpose as the time for briefing of and ruling on the motion to compel has eaten up some of the time allowed for discovery.

This brings the court to Crouse's failure to provide the location of the documents identified but not produced--certified [*12] copies of insurance policies insuring the subject property on December 8, 2000, certificates of insurance relating to the subject property, and the August 9, 2000, report of ATC Associates, Inc. concerning alleged contamination of the subject property. n4 Crouse should have disclosed the location of these documents in its *Rule 26(a)(1)(B)* disclosure, but did not. It seems, however, that Crouse subsequently disclosed the location, though imprecisely, of the certified copies of insurance policies and certificates of insurance. (*See* Counsel's Verified Statement Support Mot. Compel, Ex. B, Letter from Irvin to Elliott of 5/24/02 at 3 (stating that the insurance policies and certificates of insurance "are located either at my client's business or its insurance agent's business. Upon receipt of those documents from my client, I will promptly forward them to you.")). The court has no reason to doubt Attorney Irvin's representations that he will provide to the Defendants the insurance policies and certificates of insurance upon receipt from Crouse. Though the letter did not indicate that the August 9, 2000 report of ATC Associates also would be provided, the court assumes that Attorney [*13] Irvin also intended to provide this report to Defendants upon receipt from Crouse. Thus, the court assumes that the insurance policies, certificates of insurance, and the ATC report were provided to the Defendants or will be provided to them within ten days of today's date. If they have not been provided by the end of the ten day period, then on motion from the Defendants, the court may modify the Magistrate Judge's Entry on Defendants' Motion to Compel with respect to these documents. At this time, however, the court perceives no reason to modify the denial of the motion to compel with respect to the *Rule 26(a)(1)(B)* disclosures.

n4 Crouse could not have produced the anticipated report of an expert not yet retained as the report did not exist.

The Defendants argue that Crouse failed to comply with its obligations under *Fed. R. Civ. P. 26(a)(1)(C)* which require it to provide "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under

*Rule 34* [*14] the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based[.]" The duty of disclosure does not require production of documents which are privileged or otherwise protected. *Fed. R. Civ. P. 26(a)(1)* advisory committee's note (1993 amendments). The Defendants argue that they are entitled to obtain the real estate broker's report or rough market analysis under *Rule 26(a)(1)(C)*. As stated, Magistrate Judge Baker correctly concluded that disclosure of the real estate broker's rough market analysis was not required as it is entitled to the protection afforded the facts known and opinions of a non-testifying expert under *Rule 26(b)(4)(B)*, and the Defendants have not shown that Crouse waived that protection.

### B. Certified Questions

During the deposition of Mr. Pendleton, the Defendants certified two questions for the court's review. The first was about the values that Mr. Pendleton had seen attributed to the subject property by the real estate broker, that is, the rough market analysis. (Pendleton Dep. at 121; *see also id.* at 119-20; Certification of Court Reporter at 2-3.) As stated, Magistrate Judge Baker correctly [*15] concluded that the rough market analysis is entitled to protection, and the Defendants have not demonstrated waiver of that protection. This certified question and the questions on the same topic immediately preceding the certified question attempt to elicit information about the real estate broker and/or the rough market analysis. Thus, the motion to certify this question was properly denied.

The second certified question was about how many reports valuing the subject property Mr. Pendleton had seen, whether there were four reports or two, and whether they were prepared by one person or more than one person. (Pendleton Dep. at 124-25; Certification of Court Reporter at 3.) Attorney Irvin objected to the second certified question based on the attorney-client privilege. (Pendleton Dep. at 124-25.) The Defendants state in their motion to compel that the certified questions concerned the broker's analysis, computation of Crouse's damages, and the broker's market analysis. (Mot. Compel at 9.) Based on the record and the assertion of the attorney-client privilege, the Magistrate Judge found it difficult to determine whether the questions were seeking to elicit information about the real [*16] estate broker and the rough market analysis which he determined were entitled to protection. (Entry Mot. Compel at 8-9.) The court agrees with this assessment.

Though the attorney-client privilege would not protect the letters exchanged between counsel or the information contained in the letters, the certified

questions did not ask about the letters themselves or the content of the letters. Rather, they asked Mr. Pendleton about his knowledge of reports valuing the subject property. The Defendants imply that the Magistrate Judge erred in denying the motion to compel responses to these questions because counsel objected on the grounds of attorney-client privilege. The court finds no error. To the extent the certified question sought to inquire about the real estate broker and his or her rough market analysis, the non-testifying expert protection was apparent. Thus, Magistrate Judge Baker did not err in granting in part and denying in part the motion to compel responses to the second question certified in Mr. Pendleton's deposition.

### C. Depositions

The Defendants contend that Crouse violated *Fed. R. Civ. P. 30(b)(6)* by failing to designate knowledgeable witnesses and failing to [*17] prepare them to testify on its behalf. They request the court to deem that Crouse failed to attend its own deposition and award costs and or fees incurred for the *Rule 30(b)(6)* depositions.

In response to the Defendants' Notice of Taking 30(b)(6) Deposition ("Deposition Notice"), Crouse produced for deposition on June 19, 2002, its designees Larry Crouse and Larry Pendleton. The Defendants claim that it was "very obvious" that neither had been prepared for their deposition and that they admitted to having done very little to prepare and having limited knowledge as to the topics identified in the deposition notice. Following the depositions of Messrs. Crouse and Pendleton, topics Nos. 2 (partially), 3-4, 6-11, and 14 - 26 remained unanswered.

Magistrate Judge Baker concluded that there was no *Rule 30(b)(6)* violation. This conclusion is neither clearly erroneous nor contrary to law. Though Messrs. Crouse and Pendleton could not answer all subjects identified in the Deposition Notice, there is evidence that their designation as witnesses who had knowledge of those subjects was made in good faith. In designating Messrs. Crouse and Pendleton, Crouse's counsel relied on their identification [*18] by Bill Cox, Crouse's only remaining employee, as witnesses who could testify about the subjects in the Deposition Notice. (Pl.'s Verified Objection & Resp. PP 10-11.) Also, it is noted that Mr. Crouse testified that he had personal knowledge of subjects 1 and 2 in the Deposition Notice (Crouse Dep. at 23), and Mr. Pendleton testified that he was "probably the most knowledgeable person as a whole about the situation" between Crouse and National Warehouse (Pendleton Dep. at 14) and he was the "point man" between Crouse and National Warehouse. (*Id.* at 24.)

Though the preparation of these witnesses may not have been ideal, there is evidence of some preparation. When asked whether they did anything to prepare for deposition, Mr. Crouse testified that he looked through some old documents, the lease agreement, and the purchase and sale agreement, and Mr. Pendleton testified that he reviewed the Crouse files on the Indianapolis property. (Crouse Dep. at 12; Pendleton Dep. at 9-10.) Both witnesses also testified to having met with Attorney Irvin and reviewed the Deposition Notice with him before their depositions, albeit the morning of their depositions and for a short period of time. [*19] (Crouse Dep. at 13; Pendleton Dep. at 12-13.)

Magistrate Judge Baker noted that the Defendants have not received adequate responses to the subjects numbered 2-4, 6-11, and 14-26 in the Deposition Notice and should be given the opportunity to explore them through the witnesses identified in the depositions of Mr. Crouse and Mr. Pendleton or from other reliable sources uncovered in discovery. The court agrees. Though it is unfortunate that Messrs. Crouse and Pendleton were unable to provide answers to all the subjects identified in the Deposition Notice, the court does not find convincing evidence of intentional bandying by Crouse. Therefore, the court finds no error in Magistrate Judge Baker's decision to grant in part and deny in part the motion to compel responses to *Rule 30(b)(6)* depositions, granting the motion to the extent that Crouse is ordered to make Mr. Cox available for the second day of his deposition and make available any other witness identified as having pertinent knowledge to respond to the Deposition Notice.

### D. Sanctions

Both parties moved for sanctions under *Rule 37*. The court finds no error in the Magistrate Judge's denial of the Defendants' motion for sanctions [*20] given the conclusion that there was no *Rule 30(b)(6)* violation. Furthermore, because the motion to compel is granted in part and denied in part, under *Rule 37(a)(4)(C)*, the decision whether to apportion the reasonable expenses related to the motion among the parties is discretionary. The decision not to apportion expenses in this instance was not an abuse of the Magistrate Judge's discretion or clearly erroneous or contrary to law. No error can be found in the denial of Crouse's motion either, for two reasons: Crouse did not comply with Local Rule 7.1(a), and the Defendants' motion to compel has been partially granted.

### II. Conclusion

For the foregoing reasons, the Defendants' Objection to Entry on Defendants' Motion to Compel Disclosure is **OVERRULED**, Magistrate Judge Baker's Entry on Defendants' Motion to Compel Discovery is

2003 U.S. Dist. LEXIS 9066, *

**AFFIRMED,** and discovery is **RE-OPENED** for sixty (60) days for the limited purpose of allowing the Defendants to obtain copies of the documents identified but not produced with Crouse's *Rule 26(a)(1)* disclosures and to conduct the discovery indicated by Magistrate Judge Baker in granting the motion to compel responses to *Rule 30(b)(6)* depositions. [*21]

As an aside, the court is puzzled that the Defendants were not satisfied with Magistrate Judge Baker's well-reasoned decision. It is somewhat remarkable that the Defendants would consume additional court time on these matters and that they would pay their lawyers to continue to beat a dead horse. If Judge Baker had not already decided not to sanction the Defendants for frivolously pursuing the motion to compel, this court may have been inclined to do so. This aspect of this case has consumed far more judicial resources than necessary. A lawyerly approach with a dose of civility and common sense would have gone a long way to solving the Defendants' concerns without imposing on the court.

ALL OF WHICH IS ORDERED this 10th day of April 2003.

John Daniel Tinder, Judge

United States District Court