Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Erik K. Moller (SBN 147674)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Plaintiff SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., a Japanese corporation <br><br> Defendant. | Case No. C03-02289 MJJ <br><br> **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Synopsys, Inc. ("Synopsys"), for its complaint against Ricoh Company, Ltd. ("Ricoh"), alleges:

**PARTIES**

1.  Synopsys is a Delaware corporation having its principal place of business at 700 E. Middlefield Road, Mountain View, California.

2.  Ricoh is, upon information and belief, a Japanese corporation having its principal place of business at 3-6 Nakamagome 1-chome, Ohta-Ku Tokyo, Japan.

**OVERVIEW**

3.  This action is brought to resolve the apprehension under which Synposys is forced to conduct its business in the United States as a result of the threatened assertion of infringement of

1

1  certain patents assigned to Ricoh.

2      4.    Synopsys is a leading supplier of a type of Electronic Design Automation ("EDA")
3  software known as logic synthesis software. One of Synopsys' most popular products is its "Design
4  Compiler" synthesis tool.

5      5.    Ricoh contends that it is the assignee and beneficial owner of United States patents U.S.
6  Patent No. 4,922,432 (the "433 Patent") and U.S. Patent No. 5,197,016 (the "016 Patent"). These
7  patents purport to disclose and claim a particular logic synthesis software tool. The '016 Patent issued
8  as the result of a continuation in part of the same patent application that issued as the '432 Patent. The
9  '432 Patent and the '016 Patent are attached to this complaint as Exhibits A and B respectively.

10     6.    On January 21, 2003, Ricoh filed a patent infringement action against Aeroflex Inc.
11 ("Aeroflex"), AMI Semiconductor, Inc. ("AMI"), and Matrox Electronic Systems, Ltd., Matrox
12 Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively "Matrox") in the United
13 States District Court for the District of Delaware. Ricoh's suit alleges that each of the defendants
14 infringe one or more of the claims of the '432 Patent. Aeroflex, AMI and some of the Matrox entities
15 are users of Synopsys' software. Ricoh has indicated in communications to one of the defendants in
16 the Delaware litigation that the basis of its infringement allegations is the defendants' use of Synopsys'
17 Design Compiler product.

18     7.    After filing the Delaware suit, Ricoh, through its counsel, sent letters to one or more
19 users of Synopsys' software. Ricoh's letters assert that the recipients are using "a computer-aided
20 design system obtained from Synopsys, including Design Compiler." Ricoh's letter then states that the
21 '432 Patent and '016 Patent are "basic patents directed to computer-aided design processes," and that
22 Ricoh is currently enforcing these patents in a lawsuit filed in the U.S. District Court in Delaware. The
23 letter concludes with a request that the recipient contact Ricoh regarding licensing of the patents.

24     8.    Based on these letters and the Delaware suit, Synopsys is informed and believes that
25 Ricoh's purpose is to assert the '432 Patent and the '016 Patent against Synopsys' customers in an
26 effort to extract licensing royalties from the use of Synopsys' products, including Design Compiler.

27     9.    The original assignees to the '432 Patent and '016 Patent were International Chip
28

2

1  Corporation ("ICC") and Ricoh.  In 1991, ICC assigned its interests in both patents to Knowledge
2  Based Silicon Corporation ("KBS").  KBS subsequently assigned its interests in both patents to Ricoh
3  in 2001.

4      10.    Persons representing KBS met with representatives from Synopsys during the 1991
5  meeting of the Design Automation Conference, held in San Francisco.  During that meeting, Synopsys
6  was told that its Design Compiler product practiced certain claims of the '432 Patent.  KBS' efforts to
7  persuade Synopsys to obtain a license to the '432 Patent and the '016 Patent were unsuccessful and
8  subsequently abandoned.

9      11.    KBS developed and marketed products, including products named flowHDL and
10 blockHDL, which were designed to be interoperable with Synopsys' Design Compiler product.  In
11 1993 and 1995, in order to assist KBS with efforts to make its products interoperable with Synopsys'
12 products, KBS and Synopsys entered into several agreements, including a license o Design Compiler,
13 under which Synopsys disclosed confidential information about its products, and rendered other
14 technical assistance, to KBS.  At no point during these cooperative efforts did KBS make any
15 allegations that Synopsys' products were infringing either the '432 Patent or the '016 Patent.  Ricoh
16 has been a licensed user of Synopsys' Design Compiler software since at least 1997.

17 **JURISDICTION**

18     12.    This is an action for the resolution of an existing conflict under the Declaratory
19 Judgment Act, 28 U.S.C. §§ 2201 and 2202.  The underlying causes of action arise under the patent
20 laws of the United States, including 35 U.S.C. §§ 271 and 282.  Synopsys seeks a declaration by this
21 Court that the '432 Patent and the '016 Patent are invalid, unenforceable, and not infringed by
22 Synopsys and its customers.  The subject matter jurisdiction of this Court is therefore established by 28
23 U.S.C. § 1338

24     13.    The subject matter jurisdiction of this Court for all counts stated herein is also
25 established by the general jurisdiction of district courts under United States law, 28 U.S.C. §§ 1331
26 and 1332.

27     14.    Upon information and belief, this Court has personal jurisdiction over Ricoh because
28

1  Ricoh transacts business, performs some character of work or service in California, or contracts to
2  supply services or things in California and has sufficient minimum contacts with this state.
3      15.   This action presents an actual case or controversy because the acts of Ricoh have
4  created in Synopsys a reasonable apprehension that, as a result of Synopsys' continuing manufacture,
5  use, and sale of its Design Compiler product in the United States, Synopsys will be sued for
6  infringement of the '432 Patent and the '016 Patent.  In addition, Synopsys fears that it will suffer
7  commercial injury if Ricoh continues to sue, and threaten to sue, Synopsys' customers, as those
8  customers will then be dissuaded from purchasing and using Design Compiler and other Synopsys
9  logic synthesis products.

**VENUE**

11      16.   Venue for this action is proper in this judicial district under 38 U.S.C. § 1391 (b) and
12  (c).

**COUNT I**

**Declaratory Judgment That U.S. Patent No. 4,922,432 Is Not Infringed**

**By Synopsys Logic Synthesis Products**

17      17.   Synopsys repeats and realleges paragraphs 1 through 16 of this Complaint as if the same
18  were fully set forth herein.
19      18.   Use of Synopsys' Design Compiler® software, HDL Compiler™ for Verilog, VHDL
20  Compiler®, and DesignWare Foundation libraries, or any of these in combination (hereinafter
21  "Synopsys Design Compiler products"), does not infringe any valid claim of the '432 Patent, either
22  directly, indirectly, contributorily or otherwise.  Synopsys has not induced others to infringe the '432
23  Patent.

**COUNT II**

**Declaratory Judgment That The Claims of U.S. Patent 4,922,432 Are Invalid**

26      19.   Synopsys repeats and realleges paragraphs 1 through 18 of this Complaint as if the same
27  were fully set forth herein.

28

4

20. The claims of the '432 Patent are invalid for failure to meet the requirements specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 including one or more of the following reasons: (a) the inventor named in the '432 Patent did not invent or discover any new useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof within the meaning of 35 U.S.C. § 101; (b) the subject matter claimed in the '432 Patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before it was invented by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(a); (c) the subject matter claimed in the '432 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the filing of the application which resulted in the '432 Patent in the United States, as prohibited by 35 U.S.C. § 102(b); (d) the subject matter claimed in the '432 Patent was described in a United States patent based on an application filed in the United States or described in an application published prior to its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(e); (e) the inventor named in the '432 Patent did not invent the subject matter; (f) the subject matter claimed in the '432 Patent was invented in this country by another inventor, who did not abandon, suppress or conceal it, before its invention by the inventors named in the '432 Patent, as prohibited by 35 U.S.C. § 102(g); (g) the subject matter claimed in the '432 Patent would have been obvious, in view of the prior art, to a person having ordinary skill in the art at the time the invention was made under 35 U.S.C. § 103; and/or (h) the claims of the '432 Patent are invalid for failing to comply with 35 U.S.C. § 112, in that (i) the specification fails to contain a written description of the subject matter claimed in the '432 Patent and the manner and process of making and using it; (ii) the claims fail to particularly point out and distinctly claim a patentable invention, (iii) the claims are indefinite, (iv) the specification fails to enable one skilled in the art to practice the claimed invention, and/or (v) the specification fails to set forth the best mode contemplated by the named inventors for carrying out the alleged invention. Plaintiff reserves the right to amend this count further, as additional information is developed through discovery or otherwise.

## COUNT III

**Declaratory Judgment That U.S. Patent No. 5,197,016 Is Not Infringed**

**By Synopsys Logic Synthesis Products**

21. Synopsys repeats and realleges paragraphs 1 through 20 of this Complaint as if the same were fully set forth herein.

22. Use of the Synopsys Design Compiler products, or any of these in combination, does not infringe any valid claim of the '016 Patent, either directly, indirectly, contributorily or otherwise. Synopsys has not induced others to infringe the '016 Patent.

## COUNT IV

**Declaratory Judgment That The Claims of U.S. Patent 5,197,016 Are Invalid**

23. Synopsys repeats and realleges paragraphs 1 through 22 of this Complaint as if the same were fully set forth herein.

24. The claims of the '016 Patent are invalid for failure to meet the requirements specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112 including one or more of the following reasons: (a) the inventor named in the '016 Patent did not invent or discover any new useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof within the meaning of 35 U.S.C. § 101; (b) the subject matter claimed in the '016 Patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before it was invented by the inventors named in the '016 Patent, as prohibited by 35 U.S.C. § 102(a); (c) the subject matter claimed in the '016 Patent was patented or described in a printed publication in this or a foreign country or was in public use or on sale in this country, more than one year prior to the filing of the application which resulted in the '016 Patent in the United States, as prohibited by 35 U.S.C. § 102(b); (d) the subject matter claimed in the '016 Patent was described in a United States patent based on an application filed in the United States or described in an application published prior to its invention by the inventors named in the '016 Patent, as prohibited by 35 U.S.C. § 102(e); (e) the inventor named in the '016 Patent did not invent the subject matter; (f) the subject matter claimed in the '016 Patent was invented in this country by

1  another inventor, who did not abandon, suppress or conceal it, before its invention by the inventors
2  named in the '016 Patent, as prohibited by 35 U.S.C. § 102(g); (g) the subject matter claimed in the
3  '016 Patent would have been obvious, in view of the prior art, to a person having ordinary skill in the
4  art at the time the invention was made under 35 U.S.C. § 103; and/or (h) the claims of the '016 Patent
5  are invalid for failing to comply with 35 U.S.C. § 112, in that (i) the specification fails to contain a
6  written description of the subject matter claimed in the '016 Patent and the manner and process of
7  making and using it; (ii) the claims fail to particularly point out and distinctly claim a patentable
8  invention, (iii) the claims are indefinite, (iv) the specification fails to enable one skilled in the art to
9  practice the claimed invention, and/or (v) the specification fails to set forth the best mode contemplated
10 by the named inventors for carrying out the alleged invention.  Plaintiff reserves the right to amend this
11 count further, as additional information is developed through discovery or otherwise.

**COUNT V**

**Declaratory Judgment Barring Ricoh From Recovery Under the**

**Doctrine of Laches**

25.    Synopsys repeats and realleges paragraphs 1 through 24 of this Complaint as if the same were fully set forth herein.

26.    Ricoh uses Synopsys' logic synthesis software and is familiar with the operation of this software.

27.    Ricoh is barred under the equitable doctrine of laches from recovering damages for any past practice of its patents.  Ricoh unreasonably and inexcusably delayed filing suit to the material prejudice of Synopsys and Synopsys' customers.

**COUNT VI**

**Declaratory Judgment Barring Ricoh From Recovery Under the**

**Doctrine of Equitable Estoppel**

28.    Synopsys repeats and realleges paragraphs 1 through 27 of this Complaint as if the same were fully set forth herein.

7

HOWREY
SIMON
ARNOLD &
WHITE

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. C03 02289 MJJ

29.     Ricoh is barred under the doctrine of equitable estoppel from seeking enforcement of its patent rights in the '432 Patent and '016 Patent.  The conduct of the assignees of the '432 Patent and '016 Patent led Synopsys to believe that the assignees did not believe that those patents were infringed by any Synopsys product.  Synopsys reasonably relied on assignees' conduct.  In the light of Ricoh's attempts to enforce the '432 and '016 Patents against Synopsys' products, Synopsys' reliance was detrimental to its interests.

## RESERVATION OF CLAIMS

30.     Synopsys reserves the right to assert any other claims that discovery may reveal, including, but not limited to, inequitable conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Synopsys, Inc. prays that the Court enter judgment that:

(a)     United States Patent No. 4,922,432 is invalid;

(b)     United States Patent No. 4,922,432 is unenforceable;

(c)     United States Patent No. 4,922,432 is not infringed by any of the Synopsys Design Compiler products, or any of these in combination, or by any Synopsys customer on the basis of their use of this software;

(d)     United States Patent No. 5,197,016 is invalid;

(e)     United States Patent No. 5,197,016 is unenforceable;

(f)     United States Patent No. 5,197,016 is not infringed by any of the Synopsys Design Compiler products, or any of these in combination, or by any Synopsys customer on the basis of their use of this software;

(g)     For a preliminary and permanent injunction enjoining and restraining Ricoh, and its respective officers, agents, servants, employees and attorneys, and all persons acting in concert with them, and each of them:

   (i)     From making any claims to any person or entity that any of the Synopsys Design Compiler products, or any of these in combination, infringe either of the '432 or '016 patents;

      (ii)    From interfering with or threatening to interfere with the manufacture, use, or sale of any of the Synopsys Design Compiler products; and

      (iii)    From instituting or prosecuting any lawsuit or proceeding, placing in issue the right of Synopsys, its distributors, customers, predecessors, or assigns to make, use, or sell any of the Synopsys Design Compiler products;

(h)    Synopsys be awarded damages in accordance with its proof at trial;

(i)    Synopsys be awarded its costs and reasonable attorneys' fees incurred herein; and

(j)    Such other and further relief be granted as the Court deems just and proper.

**JURY DEMAND**

Synopsys demands a trial by jury on all issues so triable.

Respectfully submitted,

SYNOPSYS, INC.

Dated: January 16, 2004      By   /s/ Erik K. Moller
Erik K. Moller
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Ave.
Menlo Park, CA 94025