1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   Erik K. Moller (SBN 147674)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California  94025
   Telephone:  (650) 463-8100
5  Facsimile:  (650) 463-8400

6  Attorneys for Plaintiff SYNOPSYS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 SYNOPSYS, INC.,                      ) Case No. CO3-2289 MJJ
                                        )
12            Plaintiff,                ) **DECLARATION OF ERIK K. MOLLER IN**
                                        ) **SUPPORT OF PLAINTIFF'S OPPOSITION**
13       vs.                            ) **TO RICOH'S PROTECTIVE ORDER**
                                        ) **MOTION**
14 RICOH COMPANY, LTD., a Japanese      )
   corporation,                         ) Date:   February 10, 2004
15                                      ) Time:   9:30 a.m.
              Defendant.                ) Ctrm:   11
16 ─────────────────────────────────── )
                                        )
17

18        I, Erik K. Moller, hereby declare as follows:

19        1.    I am an attorney at law, licensed to practice in the state of California and an associate at

20 the law firm of Howrey Simon Arnold & White, LLP ("Howrey"), attorney of record for plaintiff

21 Synopsys, Inc. ("Plaintiff") in this litigation.  The matters set forth in this declaration are based upon

22 my personal knowledge, except where otherwise indicated, and if called as a witness, I could and

23 would testify competently thereto.

24        2.    Attached as Exhibit A is a true and correct copy of Synopsys Secure User Research

25 Facility Description from www.synopsys.com/partners/surf/surf_program.html.

26        3.    Attached as Exhibit B is a true and correct copy of a letter dated November 7, 2003,

27 from Mr. Kelley, counsel for Plaintiff, to Mr. Meilman, counsel for Defendant.

28

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No.  CO3-2289 MJJ                    -1-
Declaration of Erik K. Moller ISO Opposition to
Ricoh's Protective Order Motion

1    4.    Attached as Exhibit C is a true and correct copy of a letter dated December 7, 2003,

2 from Mr. Moller, counsel for Plaintiff, to Mr. Meilman, counsel for Defendant.

3    5.    Attached as Exhibit D is a true and correct copy of a letter dated November 13, 2003,

4 from Mr. Kelley, counsel for Plaintiff, to Mr. Meilman, counsel for Defendant.

5    6.    Attached as Exhibit E is a true and correct copy of Third Party Synopsys, Inc.'s

6 Objections to Plaintiff's Subpoena Duces Tecum, dated June 26, 2003.

7    I declare under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct to the best of my knowledge.  Executed on January 20, 2004, at Menlo

9 Park, California.

10

11                                              /s/ Erik K. Moller
                                                Erik K. Moller

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY
SIMON
ARNOLD &
WHITE**

CASE NO.  CO3-2289 MJJ                    -2-
DECLARATION OF ERIK K. MOLLER ISO OPPOSITION TO
RICOH'S PROTECTIVE ORDER MOTION



Partners

home | search | contact us | feedback

PRODUCTS & SOLUTIONS    PROFESSIONAL SERVICES    EDUCATION & SUPPORT    CORPORATE    PARTNERS

What's New: TAP-in
TAP-in News
TAP-in Events
TAP-in Articles
Open Source Comments
Contact TAP-in

SURF Program

# Synopsys Secure User Research Facility

## Description

- Secure and Convenient Access
  - 24 hour access to S.U.R.F. facility via keycard with PIN.
- Work Environment Isolated from Other Users
  - Equipment configured "standalone." No network access.
  - Private offices walled with secure ceilings.
  - Independently accessible via keycode lock
  - Shredders and confidential trash bins available.
  - Lab configuration
- Maintenance and Support
  - Selected Synopsys tools installed on lab machines. Releases periodically updated.
  - Synopsys tools and flows fully supported on-site.
- Location

## S.U.R.F. Qualification Criteria

The S.U.R.F. lab facilities at Synopsys are available to qualified EDA vendors, approved by Synopsys to test and enhance EDA interoperability with Synopsys tools for the benefit of our mutual customers.

The EDA vendors applying to S.U.R.F. must adhere to all security requirements and guarantee Synopsys IP protection.

The following criteria must be met:

- There is a clear customer demand for the flow(s).
- Synopsys IP protection is guaranteed.
- Vendor adheres to all security requirements.
- Access is approved by Synopsys.

## How Do I Apply?

1.  Contact S.U.R.F. program manager at Synopsys:
    Karen Bartleson
    tel: (650) 584.4840
    fax: (650) 584.4102
    email: karenb@synopsys.com

2.  Submit and fax the complete Access Agreement, Usage Agreement, and the Nondisclosure Agreement (NDA) documents to the S.U.R.F. program manager. You will then be contacted to complete the registration process and your application will be reviewed.

3.  Upon arrival on the first day, S.U.R.F. coordinator will:
    - Escort you to security
        - Receive photo ID and access codes
    - Guide you to S.U.R.F. area
        - Test badges to ensure accessibility
    - Lead you to private office
        - Test access codes to ensure accessibility
        - Tour area to become familiar with what's available
    - Verify S.U.R.F. equipment and required software functionality with you
        - Ensure everything is working
    - Leave you alone to do your work in your private office
        - Application Engineer and system administrator available by contacting S.U.R.F. coordinator

---

Home | Search | Contact Us | Feedback
Products & Solutions | Professional Services | Education & Support | Corporate | Partners

---

Trademarks/Copyright ©2004 Synopsys, Inc. All Rights Reserved. - Privacy Policy - Last Modified: Feb 14, 2002



HOWREY SIMON ARNOLD & WHITE LLP
ATTORNEYS AT LAW

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

CHRISTOPHER L. KELLEY
PARTNER
650.463.8113
kelleyc@howrey.com

November 7, 2003

**VIA FACSIMILE AND U.S. MAIL**

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Re:    *Ricoh Company, Ltd. v. Aeroflex Incorporated, et al.*
       Civil Action No. 03-103-GMS

Dear Edward:

I am writing in response to your letters of November 5. We propose a meet and confer to address the issues raised in these letters. We are available at 11 AM Pacific Coast Time (2 PM Eastern) on Tuesday, November 11. If this time is unacceptable, please propose an alternative time.

With respect to the subpoena on Synopsys, we informed you in our letter of October 22 that the notice of deposition of Synopsys was ineffective because you made no attempt to confer with us regarding a reasonable date for the deposition in advance of your notice. This is a basic requirement under N.D. Cal. Local Rule 30-1. If you intend to take the position that Rule 30 does not apply to depositions of third-parties and that the Northern District does not intend counsel to coordinate with third-parties prior to setting depositions, please let us know immediately. We have a contrary construction and we will need to seek the intervention of the Court if you stand by your position. In addition to this basic procedural requirement, we also believe that the topics identified in your notice are improper for a number of reasons set out in our previous letters. In addition, this deposition should be taken in connection with Synopsys' declaratory judgment action, especially given that the Delaware defendants have moved the Court to stay Ricoh's patent infringement action. We intend to discuss these issues in the proposed meet and confer in order to avoid the need to seek a motion to quash.

With regard to the protective order, you once again assert that "Judge Jenkins already ordered Synopsys to proceed under the Order issued by the Court in the *Ricoh v. Aeroflex* case." We suppose that you are referring to the fact that Judge Jenkins accepted a stipulation of the parties that an agreement presented by Synopsys at the August 19 hearing would be protected from dissemination pursuant to the protective order in place in Delaware. See 8/19/2003 Tr. at 13:4-20. It seems to us to be pure fantasy to assert that the Court's statement on page 13 constituted a ruling that the *Ricoh v. Aeroflex* order ought to govern all subsequent discovery in



Edward A. Meilman
November 7, 2003
Page 2

the *Synopsys v. Ricoh* matter. If this is, in fact, your position please state so plainly so that we can inquire directly of the Court as to whether that was its intent.

Your letter tries to make a great deal of the fact that this law firm is representing the defendants in the *Ricoh v. Aeroflex* case as well as Synopsys. That fact, however, is irrelevant to the question of whether the protections that were adequate to protect production from the Ricoh v. Aeroflex defendants are adequate to protect the production of highly confidential source code from Synopsys in the *Synopsys v. Ricoh* case.

As you observe in your letter, the protective order proposed by Synopsys is not merely a version of the *Ricoh v. Aeroflex* order with additional content. It is, in fact, based on the model Stipulated Protective Order on the Northern District's website. It is not critical to us whether the parties base their protective order on the *Ricoh v. Aeroflex* order or the Northern District's model order, as modified in Synopsys' original proposal. Synopsys does, however, wish to include a provision dealing with the disclosure of source code. I am attaching a copy of the relevant language that we wish to incorporate to address the production of source code.

Very truly yours,

Christopher L. Kelley

CLK:gg
cc: Gary M. Hoffman, Esq.

**HOWREY**
ATTORNEYS AT LAW

**ATTACHMENT**

**Disclosure of Source Code**

(a)     Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party's access to a Producing Party's discoverable source code is limited to inspection at a secured facility provided by the Producing Party.  Such inspection may be conducted only by:

(1)     the Receiving Party's Outside Counsel of record in this action; and,

(2)     one (1) expert (as defined in this Order) of the Receiving Party to whim disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit __) and who has been approved pursuant to the "Procedures for Approving Disclosure of 'CONFIDENTIAL' information or Items to 'Experts'" as set forth in paragraph __;

(b)     After any such inspection and upon the written request of the Receiving Party's Outside Counsel, the Responding Party, within a reasonable time, shall furnish hard-copy printouts of relevant source code files specifically identified in the Receiving Party's Outside Counsel's written request.  Such hard-copy printouts shall be designated "CONFIDENTIAL" under this protective order;

(c)     Any notes taken or any other information created by Outside Counsel or the expert of the Receiving Party at or based on any such inspection shall be treated as "CONFIDENTIAL" under this protective order;

(d)     Each Producing Party designates and provides the following facilities for production of their discoverable source code via inspection in the present action:

(1)     All source code production by Synopsys in this action will be limited to inspection at its Secured User Research Facility (SURF).  SURF is Synopsys' physically

**HOWREY**
A T T O R N E Y S   A T   L A W

and electronically secured area for providing access to Synopsys' source code.  SURF is located at Synopsys' Corporate campus in Mountain View, CA.

  (2)  All source code provided by Ricoh will be produced _____.



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** November 7, 2003

**TO:**

1. **NAME:** Edward A. Meilman    **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** New York, NY    **FAX #:** (212) 997-9880    **PHONE #:** (212) 835-1400

2. **NAME:** Gary M. Hoffman    **COMPANY:** Dickstein Shapiro, et al.
   **CITY:** Washington, DC    **FAX #:** (202) 887-0689    **PHONE #:** (202) 785-9700

3. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

4. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

5. **NAME:**    **COMPANY:**
   **CITY:**    **FAX #:**    **PHONE #:**

**FROM:**    **NAME:** Christopher L. Kelley, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8113    **USER ID:** 5172

**NUMBER OF PAGES, INCLUDING COVER:** 5    **CHARGE NUMBER:** 06816.0060.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

Re: Ricoh v. Aeroflex, et al.

PLEASE SEE ATTACHED CORRESPONDENCE DATED NOVEMBER 7, 2003

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

x x x COMMUNICATION RESULT REPORT ( NOV. 7. 2003  3:12PM ) x x x

```
                                                              TTI
TRANSMITTED/STORED  NOV. 7. 2003  3:10PM
FILE MODE          OPTION              ADDRESS              RESULT    PAGE
─────────────────────────────────────────────────────────────────────────
4454 MEMORY TX                         2#572#912129979880   OK        5/5
```

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
      REASON FOR ERROR
      E-1) HANG UP OR LINE FAIL              E-2) BUSY
      E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

**FACSIMILE COVER SHEET**

**DATE:**  November 7, 2003

**TO:**

1.  **NAME:**  Edward A. Mellman          **COMPANY:**  Dickstein Shapiro, et al.
    **CITY:**  New York, NY     **FAX #:**  (212) 997-9880     **PHONE #:**  (212) 835-1400

2.  **NAME:**  Gary M. Hoffman             **COMPANY:**  Dickstein Shapiro, et al.
    **CITY:**  Washington, DC   **FAX #:**  (202) 887-0689     **PHONE #:**  (202) 785-9700

3.  **NAME:**                              **COMPANY:**
    **CITY:**                   **FAX #:**                     **PHONE #:**

4.  **NAME:**                              **COMPANY:**
    **CITY:**                   **FAX #:**                     **PHONE #:**

5.  **NAME:**                              **COMPANY:**
    **CITY:**                   **FAX #:**                     **PHONE #:**

**FROM:**     **NAME:**  Christopher L. Kelley, Esq.

**DIRECT DIAL NUMBER:**  (650) 463-8113       **USER ID:**  5172

**NUMBER OF PAGES, INCLUDING COVER:**  5      **CHARGE NUMBER:**  06816.0060.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

   ☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

Re: Ricoh v. Aeroflex, et al.

PLEASE SEE ATTACHED CORRESPONDENCE DATED NOVEMBER 7, 2003

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 650.463.8103.

✕ ✕ ✕ COMMUNICATION RESULT REPORT ( NOV. 7. 2003 3:14PM ) ✕ ✕ ✕

TTI

| TRANSMITTED/STORED NOV. 7. 2003  3:11PM | | | | |
|---|---|---|---|---|
| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
| 4455 MEMORY TX | | 2#572#912028870689 | OK | 5/5 |

------------------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL                  E-2) BUSY
  E-3) NO ANSWER                             E-4) NO FACSIMILE CONNECTION



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** November 7, 2003

**TO:**

| 1. | NAME: | Edward A. Mellman | COMPANY: | Dickstein Shapiro, et al. |
|---|---|---|---|---|
| | CITY: | New York, NY | FAX #: (212) 997-9880 | PHONE #: (212) 835-1400 |

| 2. | NAME: | Gary M. Hoffman | COMPANY: | Dickstein Shapiro, et al. |
|---|---|---|---|---|
| | CITY: | Washington, DC | FAX #: (202) 887-0689 | PHONE #: (202) 785-9700 |

3. NAME: _____  COMPANY: _____
   CITY: _____  FAX #: _____  PHONE #: _____

4. NAME: _____  COMPANY: _____
   CITY: _____  FAX #: _____  PHONE #: _____

5. NAME: _____  COMPANY: _____
   CITY: _____  FAX #: _____  PHONE #: _____

**FROM:** NAME: Christopher L. Kelley, Esq.

DIRECT DIAL NUMBER: (650) 463-8113      USER ID: 5172

NUMBER OF PAGES, _INCLUDING_ COVER: 5      CHARGE NUMBER: 06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Re: Ricoh v. Aeroflex, et al.

PLEASE SEE ATTACHED CORRESPONDENCE DATED NOVEMBER 7, 2003

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 650.463.8103.



301 Ravenswood Avenue
Menlo Park, CA 94025-3434
Phone 650.463.8100
Fax 650.463.8400
A Limited Liability Partnership

December 7, 2003

**VIA FACSIMILE AND U.S. MAIL**

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Re:    *Synopsys, Inc. v. Ricoh Company, Ltd.,*
       Case No. C 03-2289 MJJ

Dear Ed:

        This letter follows our discussion during the meet and confer teleconference on December 1, 2003 regarding the terms for the production of the source code for Synopsys' Design Compiler product in this action.

        We stated that Synopsys could make arrangements at one of its East Coast facilities to provide Ricoh with more convenient access to the source code for Synopsys' Design Compiler product. You asked us to inquire as to the conditions for the production of the source code at such a facility. Synopsys can make arrangements to provide you with a secured location at its facility in Bethesda, Maryland. We would provide a computer that would be loaded with the source code to be produced by Synopsys and suitable software for review of this code. Synopsys will allow Ricoh to make hardcopy of specific portions of the source code. The hardcopy can then be reviewed, pursuant to the protective order, outside of the facility. You would have access to the Bethesda facility during regular business hours without need to make any special arrangements.

        In addition, we continue to offer the use of Synopsys' SURF facility at its campus in Mountain View, at which you would have 24/7 access.

                                                    Very truly yours,

                                                    Erik K. Moller

EKM:gg
cc:    Gary M. Hoffman
       Jeffrey B. Demain

AMSTERDAM    BRUSSELS    CHICAGO    HOUSTON    IRVINE    LONDON    LOS ANGELES    MENLO PARK    SAN FRANCISCO    WASHINGTON, DC



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** December 7, 2003

**TO:**

| | | | | | |
|---|---|---|---|---|---|
| 1. | **NAME:** Edward A. Meilman | | **COMPANY:** Dickstein Shapiro, et al. | | |
| | **CITY:** New York, NY | **FAX #:** (212) 997-9880 | | **PHONE #:** (212) 835-1400 | |
| 2. | **NAME:** Gary M. Hoffman | | **COMPANY:** Dickstein Shapiro, et al. | | |
| | **CITY:** Washington, DC | **FAX #:** (202) 887-0689 | | **PHONE #:** (202) 785-9700 | |
| 3. | **NAME:** Jeffrey Demain | | **COMPANY:** Altshuler, Berzon, Nussbaum, Rubin | | |
| | **CITY:** San Francisco, CA | **FAX #:** (415) 362-8064 | | **PHONE #:** | |
| 4. | **NAME:** | | **COMPANY:** | | |
| | **CITY:** | **FAX #:** | | **PHONE #:** | |
| 5. | **NAME:** | | **COMPANY:** | | |
| | **CITY:** | **FAX #:** | | **PHONE #:** | |

**FROM:**   **NAME:** Erik Moller, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8175     **USER ID:** 5172

**NUMBER OF PAGES, _INCLUDING_ COVER:** 2     **CHARGE NUMBER:** 06816.0061.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL     ☐ OVERNIGHT DELIVERY     ☐ HAND DELIVERY     ☐ OTHER: _____

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

* * * COMMUNICATION RESULT REPORT ( DEC. 7. 2003 4:19PM ) * * *

```
                                                                    TTI
TRANSMITTED/STORED DEC. 7. 2003 4:18PM
FILE MODE          OPTION              ADDRESS              RESULT    PAGE
-------------------------------------------------------------------------------
4605 MEMORY TX                         2#713#912129979880    OK       2/2
```

```
--------------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                E-2) BUSY
E-3) NO ANSWER                           E-4) NO FACSIMILE CONNECTION
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** December 7, 2003

**TO:**

| 1. | **NAME:** Edward A. Mellman | **COMPANY:** Dickstein Shapiro, et al. |
| | **CITY:** New York, NY    **FAX #:** (212) 997-9880 | **PHONE #:** (212) 835-1400 |

| 2. | **NAME:** Gary M. Hoffman | **COMPANY:** Dickstein Shapiro, et al. |
| | **CITY:** Washington, DC    **FAX #:** (202) 887-0689 | **PHONE #:** (202) 785-9700 |

| 3. | **NAME:** Jeffrey Demain | **COMPANY:** Altshuler, Berzon, Nussbaum, Rubin |
| | **CITY:** San Francisco, CA    **FAX #:** (415) 362-8064 | **PHONE #:** |

| 4. | **NAME:** | **COMPANY:** |
| | **CITY:**    **FAX #:** | **PHONE #:** |

| 5. | **NAME:** | **COMPANY:** |
| | **CITY:**    **FAX #:** | **PHONE #:** |

**FROM:**    **NAME:** Erik Moller, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8175    **USER ID:** 5172

**NUMBER OF PAGES, INCLUDING COVER:** 2    **CHARGE NUMBER:** 06816.0061.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

```
* * *  COMMUNICATION RESULT REPORT ( DEC. 7.2003  4:21PM ) * * *

                                                            TTI
TRANSMITTED/STORED DEC. 7.2003  4:19PM
FILE MODE          OPTION                ADDRESS                    RESULT      PAGE
--------------------------------------------------------------------------------------
4606 MEMORY TX                           2#713#912028870689          OK          2/2



--------------------------------------------------------------------------------------
         REASON FOR ERROR
         E-1) HANG UP OR LINE FAIL                E-2) BUSY
         E-3) NO ANSWER                           E-2) NO FACSIMILE CONNECTION
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** December 7, 2003

**TO:**

| | | | |
|---|---|---|---|
| 1. | **NAME:** Edward A. Mellman | **COMPANY:** Dickstein Shapiro, et al. | |
| | **CITY:** New York, NY | **FAX #:** (212) 997-9880 | **PHONE #:** (212) 835-1400 |
| 2. | **NAME:** Gary M. Hoffman | **COMPANY:** Dickstein Shapiro, et al. | |
| | **CITY:** Washington, DC | **FAX #:** (202) 887-0689 | **PHONE #:** (202) 785-9700 |
| 3. | **NAME:** Jeffrey Demain | **COMPANY:** Altshuler, Berzon, Nussbaum, Rubin | |
| | **CITY:** San Francisco, CA | **FAX #:** (415) 362-8064 | **PHONE #:** |
| 4. | **NAME:** | **COMPANY:** | |
| | **CITY:** | **FAX #:** | **PHONE #:** |
| 5. | **NAME:** | **COMPANY:** | |
| | **CITY:** | **FAX #:** | **PHONE #:** |

**FROM:**    **NAME:**    Erik Moller, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8175    **USER ID:** 5172

**NUMBER OF PAGES, _INCLUDING_ COVER:** 2    **CHARGE NUMBER:** 06816.0061.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

```
* * * COMMUNICATION RESULT REPORT ( DEC. 7.2003  4:22PM ) * * *
                                                              TTI

TRANSMITTED/STORED  DEC. 7. 2003  4:19PM
FILE MODE          OPTION              ADDRESS                    RESULT      PAGE
--------------------------------------------------------------------------------
4607 MEMORY TX                         2#713#914153628064          OK          2/2

-------------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL                 E-2) BUSY
  E-3) NO ANSWER                            E-4) NO FACSIMILE CONNECTION
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

### FACSIMILE COVER SHEET

**DATE:** December 7, 2003

**TO:**

| | NAME | | COMPANY |
|---|---|---|---|
| 1. | Edward A. Meilman | | Dickstein Shapiro, et al. |
| | **CITY:** New York, NY | **FAX #:** (212) 997-9880 | **PHONE #:** (212) 835-1400 |
| 2. | Gary M. Hoffman | | Dickstein Shapiro, et al. |
| | **CITY:** Washington, DC | **FAX #:** (202) 887-0689 | **PHONE #:** (202) 785-9700 |
| 3. | Jeffrey Demain | | Altshuler, Berzon, Nussbaum, Rubin |
| | **CITY:** San Francisco, CA | **FAX #:** (415) 362-8064 | **PHONE #:** |
| 4. | NAME: | | COMPANY: |
| | **CITY:** | **FAX #:** | **PHONE #:** |
| 5. | NAME: | | COMPANY: |
| | **CITY:** | **FAX #:** | **PHONE #:** |

**FROM:**  **NAME:** Erik Moller, Esq.

**DIRECT DIAL NUMBER:** (650) 463-8175    **USER ID:** 5172

**NUMBER OF PAGES, INCLUDING COVER:** 2    **CHARGE NUMBER:** 06816.0061.000000

☒ **ORIGINAL WILL FOLLOW VIA:**

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER:

☐ **ORIGINAL WILL NOT FOLLOW**

**SUPPLEMENTAL MESSAGE:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

*VIA FACSIMILE and*
   *FIRST CLASS U.S. MAIL*

November 13, 2003

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY  10036-2714

Re:    *Synopsys, Inc. v Ricoh Company, Ltd.*, Case No. CV 03-02289 MJJ and
       *Ricoh Company, Ltd. v. Aeroflex Inc., et al.*, Case No. CV 03-04669 MMJ

Dear Ed:

Here is my recap of the subjects covered in today's meet and confer.  I recount our positions here so that they will be part of the written record, not, obviously, as an indication that you agreed with them.  If I omitted something significant, please let me know.

(1)    <u>Rule 30(b)(6) deposition notice of Synopsys in the *Ricoh v. Aeroflex* action.</u>

Synopsys objects to some of the issues identified in your Rule 30(b)(6) notice.  As to the remaining issues, Synopsys contends that these are properly at issue in the *Synopsys v. Ricoh* action and not in the *Ricoh v. Aeroflex* action.  The district courts in Delaware and Northern California have determined that Ricoh's patent litigation is a "customer suit" targeted at Synopsys but brought under the guise of litigation against Synopsys' customers.  In the face of this determination, the Delaware district court determined that Ricoh's litigation against Synopsys was less deserving of priority than Synopsys' declaratory judgment action against Ricoh.

Therefore, questions relating to the characteristics of Synopsys' products, and whether or not these products practice the '432 or '016 patents, should be resolved in the *Synopsys v. Ricoh* declaratory judgment action.  We believe that the *Ricoh v. Aeroflex* action ought to be stayed while the questions raised in the *Synopsys v. Ricoh* action are resolved.  However, if the *Ricoh v. Aeroflex* action does proceed, Ricoh may conduct discovery under the aegis of that litigation on peripheral questions such as the extent to which the defendants named in *Ricoh v. Aeroflex* used Synopsys' software, or whether some activities by these defendants other than their ordinary use of Synopsys' products might constitute patent infringement.

If Ricoh renotices its Rule 30(b)(6) deposition of Synopsys in the *Synopsys v. Ricoh* action, we will provide you with a date for a first designee on some of the organizational and/or technical issues identified in your notice by next Wednesday, November 19.

AMSTERDAM    BRUSSELS    CHICAGO    HOUSTON    IRVINE    LONDON    LOS ANGELES    MENLO PARK    SAN FRANCISCO    WASHINGTON, DC



Edward A. Meilman
November 13, 2003
Page 2

On a related note we agreed to provide you with information regarding what Synopsys products the Defendants in the *Ricoh v. Aeroflex* action were licensed to use.

(2)    Rule 30(b)(6) deposition notice of defendants in the *Ricoh v. Aeroflex* action.

We cannot realistically arrange depositions of the defendants before the December 16 hearing date set for the defendants' motion to stay. If that motion is denied, defendants are prepared to promptly make witnesses available in response to these notices.

(3)    Noticed depositions of Bershrader and Ricoh in the *Synopsys v. Ricoh* action.

You agreed to provide us with dates for these depositions.

(4)    Earlier date for the case management conference.

I stated that we had no objection in principle to asking the Court to set the case management conference in the pending cases for some date earlier than the current February date. Our objection to the proposal in your November 11 letter was that it tied together the unrelated issues of our request for an earlier hearing date on the motion to stay and rescheduling the Case Management Conference.

Very Truly Yours,

Christopher L. Kelley

EKM/gj

cc:    Gary M. Hoffman
       Jeffrey Demain

```
*  *  *  COMMUNICATION RESULT REPORT ( NOV. 13. 2003  3:02PM )  *  *  *
                                                          FAX HEADER 1:
                                                          FAX HEADER 2:

TRANSMITTED/STORED : NOV. 13. 2003  3:00PM
FILE MODE            OPTION              ADDRESS                    RESULT      PAGE
----------------------------------------------------------------------------------
0384 MEMORY TX                    G3  :  DICKSTEIN SHAPIRO          OK          3/3


----------------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                 E-2) BUSY
E-3) NO ANSWER                            E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER
```



### HOWREY
WHERE LEADERS GO™

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

**FACSIMILE COVER SHEET**

---

*DATE:*  November 13, 2003

*TO:*

| | | | | | |
|---|---|---|---|---|---|
| 1. | *NAME:* Edward A. Meilman | | *COMPANY:* Dickstein Shapiro, et al. | | |
| | *CITY:* New York, NY | *FAX #:* (212) 997-9880 | | *PHONE #:* (212) 835-1400 | |
| 2. | *NAME:* Gary M. Hoffman | | *COMPANY:* Dickstein Shapiro, et al. | | |
| | *CITY:* Washington, DC | *FAX #:* (202) 887-0689 | | *PHONE #:* (202) 785-9700 | |
| 3. | *NAME:* Jeffrey Demain | | *COMPANY:* Altshuler, Berzon, Nussbaum, et al. | | |
| | *CITY:* San Francisco | *FAX #:* (415) 362-8064 | | *PHONE #:* (415) 421-7151 | |
| 4. | *NAME:* | | *COMPANY:* | | |
| | *CITY:* | *FAX #:* | | *PHONE #:* | |
| 5. | *NAME:* | | *COMPANY:* | | |
| | *CITY:* | *FAX #:* | | *PHONE #:* | |

*FROM:*  *NAME:* Christopher L. Kelley, Esq.

*DIRECT DIAL NUMBER:* (650) 463-8113     *USER ID:* 5172

*NUMBER OF PAGES, INCLUDING COVER:* 3     *CHARGE NUMBER:* 06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:

☒ REGULAR MAIL   ☐ OVERNIGHT DELIVERY   ☐ HAND DELIVERY   ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

*SUPPLEMENTAL MESSAGE:*

Re: Synopsys v. Ricoh and Ricoh v. Aeroflex, et al.

PLEASE SEE ATTACHED CORRESPONDENCE DATED NOVEMBER 13, 2003

---

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

```
*  *  *  COMMUNICATION RESULT REPORT ( NOV. 13. 2003  3:04PM )  *  *  *
                                                          FAX HEADER 1:
                                                          FAX HEADER 2:

TRANSMITTED/STORED : NOV. 13. 2003  3:01PM
FILE MODE        OPTION              ADDRESS                    RESULT    PAGE
------------------------------------------------------------------------
0385 MEMORY TX                       G3  :  Dickstein Shapiro   OK        3/3
```

```
-----------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL              E-2) BUSY
E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
E-5) MAIL SIZE OVER
```



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

### FACSIMILE COVER SHEET

**DATE:** November 13, 2003

**TO:**

| | | | | | |
|---|---|---|---|---|---|
| 1. | NAME: | Edward A. Meilman | COMPANY: | Dickstein Shapiro, et al. | |
| | CITY: | New York, NY | FAX #: (212) 997-9880 | PHONE #: (212) 835-1400 | |
| 2. | NAME: | Gary M. Hoffman | COMPANY: | Dickstein Shapiro, et al. | |
| | CITY: | Washington, DC | FAX #: (202) 887-0689 | PHONE #: (202) 785-9700 | |
| 3. | NAME: | Jeffrey Demain | COMPANY: | Altshuler, Berzon, Nussbaum, et al. | |
| | CITY: | San Francisco | FAX #: (415) 362-8064 | PHONE #: (415) 421-7151 | |
| 4. | NAME: | | COMPANY: | | |
| | CITY: | | FAX #: | PHONE #: | |
| 5. | NAME: | | COMPANY: | | |
| | CITY: | | FAX #: | PHONE #: | |

**FROM:** NAME: Christopher L. Kelley, Esq.

DIRECT DIAL NUMBER: (650) 463-8113    USER ID: 5172

NUMBER OF PAGES, _INCLUDING_ COVER: 3    CHARGE NUMBER: 06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Re: Synopsys v. Ricoh and Ricoh v. Aeroflex, et al.

PLEASE SEE ATTACHED CORRESPONDENCE DATED NOVEMBER 13, 2003

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

```
x  x  x  COMMUNICATION RESULT REPORT ( NOV. 13. 2003  3:06PM )  x  x  x
                                                    FAX HEADER 1:
                                                    FAX HEADER 2:
TRANSMITTED/STORED : NOV. 13. 2003  3:02PM
FILE MODE        OPTION           ADDRESS              RESULT   PAGE

0386 MEMORY TX                  G3  :      4153628064   OK      3/3
```

```
--------------------------------------------------------------------
 REASON FOR ERROR
    E-1) HANG UP OR LINE FAIL          E-2) BUSY
    E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
    E-5) MAIL SIZE OVER
```



**HOWREY**
WHERE LEADERS GO™

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 ● FAX: 650.463.8400

## FACSIMILE COVER SHEET

**DATE:** November 13, 2003

**TO:**

| | NAME | | COMPANY | |
|---|---|---|---|---|
| 1. | Edward A. Meilman | | Dickstein Shapiro, et al. | |
| | CITY: New York, NY | FAX #: (212) 997-9880 | PHONE #: (212) 835-1400 | |
| 2. | Gary M. Hoffman | | Dickstein Shapiro, et al. | |
| | CITY: Washington, DC | FAX #: (202) 887-0689 | PHONE #: (202) 785-9700 | |
| 3. | Jeffrey Demain | | Altshuler, Berzon, Nussbaum, et al. | |
| | CITY: San Francisco | FAX #: (415) 362-8064 | PHONE #: (415) 421-7151 | |
| 4. | NAME: | | COMPANY: | |
| | CITY: | FAX #: | PHONE #: | |
| 5. | NAME: | | COMPANY: | |
| | CITY: | FAX #: | PHONE #: | |

**FROM:** NAME: Christopher L. Kelley, Esq.

DIRECT DIAL NUMBER: (650) 463-8113    USER ID: 5172

NUMBER OF PAGES, INCLUDING COVER: 3    CHARGE NUMBER: 06816.0060.000000

☒ ORIGINAL WILL FOLLOW VIA:

☒ REGULAR MAIL    ☐ OVERNIGHT DELIVERY    ☐ HAND DELIVERY    ☐ OTHER: _____

☐ ORIGINAL WILL NOT FOLLOW

**SUPPLEMENTAL MESSAGE:**

Re: Synopsys v. Ricoh and Ricoh v. Aeroflex, et al.

PLEASE SEE ATTACHED CORRESPONDENCE DATED NOVEMBER 13, 2003

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE: 650.463.8100 • FAX: 650.463.8400

## FACSIMILE COVER SHEET

*DATE*:  November 13, 2003

*TO*:

1. *NAME*: Edward A. Meilman          *COMPANY*: Dickstein Shapiro, et al.
   *CITY*: New York, NY    *FAX #*: (212) 997-9880    *PHONE #*: (212) 835-1400

2. *NAME*: Gary M. Hoffman          *COMPANY*: Dickstein Shapiro, et al.
   *CITY*: Washington, DC    *FAX #*: (202) 887-0689    *PHONE #*: (202) 785-9700

3. *NAME*: Jeffrey Demain          *COMPANY*: Altshuler, Berzon, Nussbaum, et al.
   *CITY*: San Francisco    *FAX #*: (415) 362-8064    *PHONE #*: (415) 421-7151

4. *NAME*:          *COMPANY*:
   *CITY*:    *FAX #*:    *PHONE #*:

5. *NAME*:          *COMPANY*:
   *CITY*:    *FAX #*:    *PHONE #*:

*FROM*:    *NAME*:    Christopher L. Kelley, Esq.

   *DIRECT DIAL NUMBER*: (650) 463-8113    *USER ID*: 5172

   *NUMBER OF PAGES, INCLUDING COVER*: 3    *CHARGE NUMBER*: 06816.0060.000000

☒ *ORIGINAL WILL FOLLOW VIA*:

   ☒ *REGULAR MAIL*    ☐ *OVERNIGHT DELIVERY*    ☐ *HAND DELIVERY*    ☐ *OTHER*:

☐ *ORIGINAL WILL NOT FOLLOW*

*SUPPLEMENTAL MESSAGE*:

Re:  Synopsys v. Ricoh and Ricoh v. Aeroflex, et al.

PLEASE SEE ATTACHED CORRESPONDENCE DATED NOVEMBER 13, 2003

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF THERE ARE ANY QUESTIONS OR PROBLEMS WITH THE TRANSMISSION OF THIS FACSIMILE, PLEASE CALL 650.463.8100

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RICOH COMPANY, LTD., | ) | **Civil Action No. 03-103-GMS** |
| Plaintiff, | ) | |
| v. | ) | |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) | |
| Defendants. | ) | |

## THIRD PARTY SYNOPSYS, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, third party Synopsys, Inc. ("Synopsys") hereby responds to Plaintiff Ricoh Company, Ltd.'s ("Ricoh") subpoena duces tecum.

In responding to this subpoena, Synopsys will make the reasonable, diligent, and good faith search for responsive documents as required under the Federal Rules and Local Rules. This response, however, is based on information presently available to and reviewed by Synopsys and its attorneys at the present time. Synopsys reserves the right to supplement its response when, and if, additional information becomes available.

This response is made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of this response.

## GENERAL OBJECTIONS

1.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks information protected by the attorney-client privilege, work product doctrine or any other privilege or protection afforded by state or federal law.  Such protected material may include the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.  To the extent that documents are otherwise responsive and relevant, Synopsys will provide identification of those privileged or protected documents in a privileged document log.  Any inadvertent production of documents that are subject to any such privilege or protection shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

2.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Synopsys typically cannot provide such information unless directed to do so by the Court.

3.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

4.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks information or the identification of documents that are not within the possession, custody, or control of Synopsys, or refers to persons, entities, or events not known to Synopsys, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

5.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it is unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is

- 2 -

overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks a legal conclusion.

7.    Synopsys objects to Ricoh's subpoena duces tecum, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law. Synopsys will respond to Ricoh's subpoena duces tecum in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

8.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that the attached document requests are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

9.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that the attached document requests are unreasonably cumulative, redundant, or duplicative of other Document Requests, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.    Synopsys objects to Ricoh's subpoena duces tecum to the extent it seeks information from Synopsys concerning Synopsys' contentions regarding the construction, validity, enforceability and non-infringement of the '432 patent. Synopsys has initiated a lawsuit in the Northern District of California in which it asks for a declaratory judgment of invalidity and non-infringement. Synopsys will provide discovery in connection with that lawsuit at an appropriate time, in accordance with the schedule set for discovery in that matter.

11.    Synopsys objects to Ricoh's subpoena duces tecum to the extent it seeks information or documents about design synthesis tools not used within the United States, and will not produce information or documents concerning such products.

12.    Synopsys objects to Ricoh's subpoena duces tecum to the extent that it seeks confidential technical information regarding Synopsys' products. Production of confidential technical information is not appropriate where the requesting party cannot make a showing of sufficient need for access to the confidential information.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Synopsys objects to Definition/Instruction a on the grounds that it is unduly burdensome, overbroad, and purports to impose obligations on Synopsys far beyond those imposed by the Federal or Local Rules.

2.    Synopsys objects to Ricoh's Definition/Instruction c to the extent that the term "Synopsys" extends to any person or entity other than Synopsys' present employees and agents.

3.    Synopsys objects to Ricoh's Definition/Instruction j to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.    Synopsys objects to Ricoh's Definition/Instruction p on the basis that the definition of "ASIC Design System" is vague and overly broad. Synopsys further objects to the inclusion of products dating back to 1990. Under any set of circumstances, Ricoh would be barred from claiming damages for activities dating back to 1990.

5.    Synopsys objects to Ricoh's Definition/Instruction q to the extent that the definition of "ASIC Method" is vague and overly broad.

## THIRD PARTY SYNOPSYS, INC.'S OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

REQUEST FOR PRODUCTION No. 1

1.    Produce documents sufficient to show the manner of marketing and promotion by or for Synopsys of each ASIC Design System and ASIC Method including but not limited to brochures, print or other advertisements, and tradeshow materials.

- 4 -

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The manner of marketing and promotion by Synopsys of design synthesis tools is not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 2

2.    Produce documents sufficient to show the capabilities, features, functions, operation, and use of the ASIC Design Systems and ASIC Methods including, but not limited to, any user guides, operation guides, technical bulletins, technical reference manuals, user manuals, training manuals, specifications, source code, tutorials, technical overviews, summaries, functional descriptions, design flow diagrams, operational flow diagrams, design specifications, articles, reports, and memos.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The capabilities, features, functions, etc. of Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 3

3.    Produce documents sufficient to show the capabilities, features, functions, operation, and use of the user interface to the ASIC Design Systems, including but not limited to, the DC Shell, and the Verilog, VHDL, HDL, and/or any other, input specification language used in connection with the ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The capabilities, features, functions, etc. of the user interface to Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 4

4. Produce all documents concerning all hardware, software, libraries and/or databases provided, made available, distributed, or recommended by or on behalf of Synopsys to defendants concerning the practice of an ASIC Method using an ASIC Design System, including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The hardware, software, libraries and/or databases used in Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 5

5. Produce all documents concerning all hardware, software, libraries and/or databases for use in ASIC Design Systems for the selection of architecture-specific hardware cells in designing ASIC Products, including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The hardware, software, libraries and/or databases used in Synopsys' design synthesis software are not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 6

6.    Produce all document concerning agreements or other arrangements granting rights in or otherwise concerning ASIC Design Systems and ASIC Methods from Synopsys to any defendant (or from any defendant to Synopsys), including but not limited to contracts, licenses, purchase agreements, indemnification agreements, and hold-harmless agreements/covenants not to sue.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The content of any contracts, licenses, purchase agreements, indemnification agreements and the like between Synopsys and any defendant is typically treated as highly confidential information and is not relevant to any issue in the present litigation. If information about contracts, licenses, purchase agreements, etc. could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 7

7.    Produce all documents concerning solicitations, offers, or presentations made by or to any defendant with respect to ASIC Design Systems and ASIC Methods, including but not limited to advertising material, proposals, and presentations.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The content of any solicitations, offers, or presentations to any defendant regarding Synopsys' design synthesis tools is typically treated as highly confidential information and is not relevant to any issue in the present litigation. If information about solicitations, offers or presentations could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 8

8.    Produce documents sufficient to show the actual or projected cost savings by any defendant as a consequence of licensing or using ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The cost savings resulting from use of Synopsys' design synthesis tools is not relevant to any issue in the present litigation. If information about cost savings could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 9

9.    Produce documents sufficient to show the annual dollar and unit volume of sales and sales projections by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to indicating how Synopsys defines "sales" and "unit."

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The volume of sales of Synopsys' design synthesis tools to defendants is not relevant to any issue in the present litigation. If sales volumes could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 10

10.    Produce documents sufficient to show the gross revenue, as well as the discounts, rebates or other reductions deducted from gross revenue from sales by or on behalf of Synopsys of ASIC Design Systems and ASIC Methods to each defendant, including but not limited to how Synopsys defines each item of discount, rebate or other reduction deducted from gross revenue.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The revenues to Synopsys resulting from sales of any design synthesis tools to defendants is not relevant to any issue in the present litigation. If revenues could be shown to have any relevance to the present litigation, this information should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 11

11.    Produce all documents concerning the validity of the patent-in-suit.

RESPONSE:

In addition to its general and specific objections, Synopsys objects to this request to the extent that it seeks the production of documents protected by the attorney-client privilege and/or

- 9 -

the work product doctrine. Synopsys is not presently aware of the existence of any non-privileged documents directly addressed to the question of the validity of the patent-in-suit. In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent. In due course during that litigation Synopsys intends to produce documentary evidence to Ricoh establishing the invalidity of the patent. Synopsys is not a party to the present suit and it is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

REQUEST FOR PRODUCTION No. 12

12.    Produce all documents concerning the enforceability of the patent-in-suit.

RESPONSE:

Synopsys is not aware of the existence of any such documents.

REQUEST FOR PRODUCTION No. 13

13.    Produce all documents concerning the infringement or possibility of infringement by defendants of the patent-in-suit.

RESPONSE:

Synopsys is not aware of any such documents.

REQUEST FOR PRODUCTION No. 14

14.    Produce all documents concerning communications between Synopsys and any other person or entity concerning the patent-in-suit.

RESPONSE:

In addition to its general and specific objections, Synopsys objects to this request on the basis that it seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine. Synopsys further objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged documents, if any, discovered after a reasonable search, relating to previous occasions on which Synopsys has been approached regarding offers to license the '432 patent.

REQUEST FOR PRODUCTION No. 15

15.    Produce all documents concerning all materials presented to the Board of Directors of Synopsys and all agendas or notes of Board meetings which refer to, mention or discuss the patent-in-suit.

RESPONSE:

In addition to its general and specific objections, Synopsys objects to this request on the basis that it seeks the production of documents protected by the attorney-client privilege and/or the work product doctrine. Synopsys further objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. Discussions by Synopsys' Board of Directors on the subject of the patent in suit are not intrinsically relevant to any issue in the present case.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged documents, if any, discovered after a reasonable search, relating to previous occasions on which Synopsys has been approached regarding offers to the '432 patent.

REQUEST FOR PRODUCTION No. 16

16.    Produce all patents and pending patent applications which describe all or part of the operation of any ASIC Design System and all or part of any ASIC Method including, but not limited to, any documents filed in connection with such applications, by Synopsys or as to which Synopsys has any rights, in the United States or elsewhere.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of materials that are protected by the attorney-client privilege and/or the work product doctrine. Synopsys further objects that the request is overly

- 11 -

broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Patents issued to Synopsys are available to Ricoh in a less burdensome manner from public sources. Pending patent applications are highly confidential and Ricoh has made no showing of relevance, let alone compelling need, for such documents.

REQUEST FOR PRODUCTION No. 17

17.    Produce all documents concerning any examinations, tests, studies, surveys, or other inquiry conducted by or for Synopsys on behalf of, in conjunction with, or at the request of, defendants on or with respect to any ASIC Design System and ASIC Method.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The nature of any technical or operational support provided for any Synopsys design synthesis tool is, therefore, not relevant to any issue in the present litigation. If examinations, tests, studies, surveys or other inquiries concerning design synthesis systems could be shown to be relevant to any issue in the present litigation, information about these examinations, tests, studies, etc. should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 18

18.    Produce all documents concerning any examinations, tests, studies, surveys, or other inquiry conducted by or for defendants on or with respect to any ASIC Design System and ASIC Method.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in

this case. The nature of any technical or operational support provided for any Synopsys design synthesis tool is, therefore, not relevant to any issue in the present litigation. If examinations, tests, studies, surveys or other inquiries concerning design synthesis systems could be shown to have relevance to any issue in the present litigation, information about these examinations, test, studies, etc. should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 19

19.    Produce all documents concerning any returns of ASIC Design Systems made (or requested to be made) by defendants.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. Returns of Synopsys design synthesis systems by defendants are not relevant to any issue in the present litigation. If the return of Synopsys design synthesis systems could be shown to have relevance to any issue in the present litigation is should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 20

20.    Produce all documents concerning any replacement of ASIC Design Systems made (or requested to be made) by Synopsys to defendants.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The replacement of any Synopsys design synthesis tool is not relevant to any issue in the present litigation. If the replacement of Synopsys design synthesis systems could be shown to have

relevance to any issue in the present litigation, the requested documents should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 21

21.    Produce all documents concerning communications between Synopsys and any other person or entity concerning the performance, use, placement, operation, or installation of ASIC Design Systems operated by or on behalf of defendants, including, but not limited to, communications with defendants and communications with the Synopsys User Group or "SNUG".

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The nature of any performance, use, placement, etc. of Synopsys design synthesis tools is not relevant to any issue in the present litigation. To the extent that the performance, use, placement, etc. could be shown to have relevance to any issue in the present litigation, information about such use, placement, operation, etc. should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 22

22.    Produce all documents concerning conversations, communications, correspondence, discussions or meetings concerning the patent-in-suit.

RESPONSE:

In addition to it general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of documents subject to attorney-client privilege and the work product doctrine. Discussions internal to Synopsys regarding the '432 patent are not intrinsically relevant to any issue in the present litigation.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged responsive documents that can found after a reasonable search which are relevant to the substantive rights of defendants, including documents, if any, relating to prior occasions on which Synopsys was approached regarding licensing of the '432 patent.

REQUEST FOR PRODUCTION No. 23

23.    Produce all documents concerning the patent-in-suit.

RESPONSE:

In addition to it general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of documents subject to attorney-client privilege and the work product doctrine. Discussions internal to Synopsys regarding the '432 patent are not intrinsically relevant to any issue in the present litigation.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged responsive documents that can found after a reasonable search which are relevant to the substantive rights of defendants, including documents, if any, relating to prior occasions on which Synopsys was approached regarding licensing of the '432 patent.

REQUEST FOR PRODUCTION No. 24

24.    Produce all documents referring to plaintiff and concerning the patent in suit or this litigation.

RESPONSE:

In addition to it general and specific objections, Synopsys further objects to this request on the basis that it seeks the production of documents subject to attorney-client privilege and the work product doctrine. Discussions internal to Synopsys regarding the '432 patent are not intrinsically relevant to any issue in the present litigation.

Without waiving any of the foregoing objections, Synopsys will produce non-privileged responsive documents that can found after a reasonable search which are relevant to the

substantive rights of defendants, including documents, if any, relating to prior occasions on which Synopsys was approached regarding licensing of the '432 patent.

REQUEST FOR PRODUCTION No. 25

25.    Produce all documents concerning articles, papers, presentations, and publications authored in whole or part by Aart de Gues, David Gregory, William Cohen, or Karen Bartlett with respect to ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad and unreasonably burdensome. The documents requested are public materials that can be obtained less burdensomely by Ricoh from public sources.

Without waiving any of the foregoing objections, Synopsys will produce any responsive materials that can be found after a reasonable search and that are dated sufficiently early to constitute possible prior art against the '432 patent under 35 U.S.C. section 102(b).

REQUEST FOR PRODUCTION No. 26

26.    Produce all documents concerning any change, alteration or modification made or requested to be made to an ASIC Design System or ASIC Method provided or offered to defendants, regardless of the entity requesting the change, alteration or modification.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. Synopsys is not a party to the present action. The nature of any change, alteration or modification of any Synopsys design synthesis tool is not relevant to any issue in the present litigation.

REQUEST FOR PRODUCTION No. 27

27.    Produce all documents concerning any technical or operational support provided by or on behalf of Synopsys to any defendant for ASIC Design Systems and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. The nature of any technical or operational support provided for any Synopsys design synthesis tool is not relevant to any issue in the present litigation. If the technical or operational support provided by Synopsys could be shown to be relevant to any issue in the present litigation, the requested discovery should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 28

28.    Produce all documents concerning communications with any defendant regarding ASIC Products, ASIC Design Systems, and ASIC Methods.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is overly broad, unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Synopsys is not a party to the present litigation. Ricoh has asserted that it is not accusing Synopsys products of infringing the patents at issue in this case. Communications regarding design synthesis between Synopsis and defendants is not relevant to any issue in the present litigation. If these communications could be shown to be relevant to any issue in the present litigation, the requested discovery should be obtained, less burdensomely, directly from the defendants.

REQUEST FOR PRODUCTION No. 29

29.    Produce documents sufficient to show the capabilities, features, functions, operation, and use of the system previously referred to by Synopsys as "Socrates," and of the systems know as the "Gdl" synthesis, the "LSS" logic synthesis system, and the "Dagon" synthesis system including, but not limited to, any user guides, operation guides, technical bulletins, technical reference manuals, user manuals, training manuals, specifications, source

- 17 -

code, tutorials, technical overviews, summaries, functional descriptions, design flow diagrams, operational flow diagrams, design specifications, articles, reports, and memos.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome. Synopsys is not a party to the present action. The materials requested by Ricoh are public materials, were not generated by Synopsys, and can be obtained by Ricoh from public sources. In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent. In due course during that litigation Synopsys intends to produce documentary evidence to Ricoh establishing the invalidity of the patent. Synopsys is not a party to the present suit and it is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

REQUEST FOR PRODUCTION No. 30

30.    Produce all document concerning all hardware, software, libraries and/or databases for use in the system previously referred to by Synopsys as "Socrates," and in the systems known as the "Gdl" synthesis system, the "LSS" logic synthesis system, and the "Dagon" synthesis system including, but not limited to, technical reference manuals, technical bulletins, user manuals, installation manuals, training manuals, specifications, source code, tutorials, technical overviews, and summaries.

RESPONSE:

In addition to its general and specific objections, Synopsys further objects to this request on the basis that it is unreasonably burdensome. Synopsys is not a party to the present action. The materials requested by Ricoh are public materials, were not generated by Synopsys, and can be obtained by Ricoh from public sources. In another lawsuit pending in the Northern District of California, Synopsys seeks a declaratory judgment of the invalidity of the '432 patent. In due course during that litigation Synopsys intends to produce documentary evidence to Ricoh

- 18 -

establishing the invalidity of the patent.  Synopsys is not a party to the present suit and it

is unreasonably burdensome to ask Synopsys to duplicate such discovery in this suit.

Dated:  June 26 2003                          By: _____

                                              Francis DiGiovanni
                                              CONNOLLY BOVE LODGE & HUTZ LLP
                                              1220 Market Street, 10th Floor
                                              Wilmington, DE  19899-2207
                                              (302) 658-9141

                                              Christopher L. Kelley
                                              HOWREY SIMON ARNOLD & WHITE, LLP
                                              301 Ravenswood Avenue
                                              Menlo Park, CA  94025
                                              (650) 463-8100 (Telephone)
                                              (650) 463-8400 (Facsimile)

                                              Attorneys for Third Party
                                              SYNOPSYS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Initial Disclosure Statement of Intervenor Synopsys, Inc. was served this 26th day of June, 2003 on the following,

via Federal Express:

      Steven J. Fineman
      Richards, Layton & Finger
      One Rodney Square
      Wilmington, Delaware  19899

via First Class U.S. Mail:

      Edward A. Meilman
      Dickstein Shapiro Morin & Oshinsky, LLP
      1177 Avenue of the Americas
      New York, NY 10036-2714

Gayle L. Jacob