1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   Erik K. Moller (SBN 147674)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California  94025
   Telephone:  (650) 463-8100
5  Facsimile:  (650) 463-8400

6  Attorneys for Plaintiff SYNOPSYS, INC.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12  Synopsys, Inc.,                         )  Case No. C03-02289 MJJ
                                            )
13              Plaintiff,                  )  **[PROPOSED] STIPULATED**
                                            )  **PROTECTIVE ORDER**
14      vs.                                 )
                                            )
15  Ricoh Company, Ltd.,                    )
                                            )
16              Defendant.                  )
                                            )
17  _____)

18      1.     All Confidential Information produced or exchanged in the course of this litigation shall

19  be used solely for the purpose of preparation and trial of this litigation and for no other purpose

20  whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

21      2.     "Confidential Information," as used herein, means any information of any type, kind or

22  character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be

23  a document, information contained in a document, information revealed during a deposition,

24  information revealed in an interrogatory answer or otherwise.  In designating information as

25  "Confidential," a party will make such designation only as to that information that it in good faith

26  believes contains "Confidential Information."

27      3.     (a)     "Confidential Information" includes, but is not limited to, (i) proprietary

28  technical information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv)

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order                    -1-
Case No. C03-02289 MJJ

1  proprietary business and financial information and any other non-public information, the disclosure of

2  which is likely to have the effect of causing significant competitive harm to the disclosing party or

3  party from which the information was obtained. Nothing in this paragraph shall be construed to limit

4  the description of "Confidential Information" set forth in paragraph 2.

5        (b)    Nothing shall be regarded as "Confidential Information" if it is information that:

6            (i)    is in the public domain at the time of disclosure, as evidenced by a

7  written document;

8            (ii)    becomes part of the public domain through no fault of the other party, as

9  evidenced by a written document;

10            (iii)    was in the receiving party's rightful and lawful possession at the time of

11  disclosure, as evidenced by a written document; or

12            (iv)    is lawfully received by the receiving party from a third party at a later

13  date without restriction as to disclosure, provided such third party has the right to make

14  the disclosure to the receiving party.

15      4.    "Qualified Persons," as used herein means:

16        (a)    To the Court and its officers and staff, including court reporters;

17        (b)    Outside attorneys of record for the parties in this litigation and employees of

18  such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

19        (c)    Outside experts, consultants, advisors or investigators (collectively referred to

20  hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after

21  compliance with the provisions of paragraph 5 below.

22        (d)    To non-party support services including, but not limited to, court reporters,

23  outside copy services, document imaging and database services, design services who have signed

24  confidentiality agreements, jury consultants who have signed confidentiality agreements, mock jurors

25  who have signed confidentiality agreements, and language translators who have signed confidentiality

26  agreements (including support staff) as may be reasonably necessary in connection with the

27  preparation or conduct of this action;

28        (e)    Anyone to whom the parties consent in writing;

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order
Case No. C03-02289 MJJ

-2-

1    (f)    If this Court so elects, any other person may be designated as a Qualified Person

2    by order of this Court, after notice and opportunity to be heard to all parties.

3    5.    Prior to the disclosure of any "Confidential Information" to any expert under Paragraph

4    4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective

5    Order as entered to such person, explain its terms to such person, and secure the signature of such

6    person on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile

7    and mail to counsel for the other Parties a copy of the signed Exhibit A, accompanied by a curriculum

8    vitae, at least ten (10) calendar days before any "Confidential Information" designated under this

9    Protective Order is to be disclosed to the signator.  The curriculum vitae should identify the general

10    area(s) of expertise of the expert, provide a brief job history, specify all employment, expert or

11    consulting engagements by the expert within the past five (5) years, and state all present or prior

12    relationships between the expert and any entity directly or indirectly involved in this litigation or

13    providing an indemnity to any such entity, its subsidiaries or its affiliates.  Any Party may object to the

14    proposed disclosure to an expert within the ten (10) calendar day period following the transmittal of

15    Exhibit A and the curriculum vitae, by stating specifically in writing the reasons why the Party

16    believes such expert should not receive designated "Confidential Information".  If during that ten (10)

17    calendar day period, a Party makes such a written objection, there shall be no disclosure of

18    "Confidential information" to the expert absent mutual agreement of the Parties, waiver of the

19    objection as stated below, or further order of the Court.  After a Party objects to the proposed

20    disclosure to an expert, the objecting Party shall move, by noticed motion or by *ex parte* application,

21    for an order that disclosure not be made to such expert within five (5) business days following the date

22    that the objection is made, or the Party's objection shall be deemed waived and disclosure may be made

23    to the expert. The burden shall be on the objecting Party to establish why the disclosure should not be

24    made.  Each Party shall maintain a file of all such signed copies of Exhibit A.  However, it shall not be

25    necessary for administrative, secretarial or clerical personnel working for such Qualified Person to sign

26    a written undertaking.

27    6.    (a)    Documents produced in this action may be designated by any party or parties as

28    "Confidential" by marking each page of the document(s) with the designation "Confidential."

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order
Case No. C03-02289 MJJ

-3-

1          (b)     In lieu of marking the original of a document, if the original is not produced, the

2    designating party may mark the copies that are produced or exchanged.  Originals shall be preserved

3    for inspection.

4          (c)     If the document is not in paper form, the producing person or entity shall use

5    other such reasonable means as necessary to identify clearly the document or information as

6    "Confidential."

7         7.     Discovery responses or other litigation materials may be designated by any party or

8    parties as "Confidential" by marking each page of the response with the designation "Confidential."

9         8.     The designation of information disclosed during a deposition as "Confidential" shall be

10   made either by a statement on the record at the deposition or within twenty (20) calendar days after

11   receipt by counsel of a copy of the deposition transcript.  Such designation will be applied to only

12   those portions of the deposition transcript that include a specific question and response or series of

13   questions and responses containing "Confidential Information."  The deposition transcript shall be

14   printed in consecutive pages (whether or not some pages are designated as "Confidential") with a

15   marking on the cover of the deposition transcript indicating the "Confidential" designation contained

16   therein.  Unless previously designated otherwise, all deposition transcripts shall be treated as

17   "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt

18   by counsel of a copy of the deposition transcript.

19        9.     "Confidential Information" shall not be disclosed or made available by the receiving

20   party to persons other than Qualified Persons except that nothing herein is intended to prevent

21   individuals who are in-house counselor a member of the professional legal department of the Parties

22   from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert

23   reports, including exhibits, that are designated as "Confidential."

24        10.   (a)     Documents to be inspected shall be treated as "Confidential" although such

25   documents need not be marked as "Confidential" prior to inspection.  At the time of copying for the

26   receiving parties, any documents containing "Confidential Information" shall be stamped prominently

27   "Confidential" by the producing party.

28         (b)     Nothing herein shall prevent disclosure beyond the terms of this Order if each

**HOWREY**
**SIMON**
**ARNOLD &**
**WHITE**

[Proposed] Stipulated Protective Order
Case No. C03-02289 MJJ

-4-

party designating the information as "Confidential" consents to such disclosure or if the Court, after

notice to all effected parties, orders such disclosures.  Nothing herein shall prevent any counsel of

record from utilizing "Confidential Information" in the examination or cross-examination of any person

who is indicated on the document as being an author, source or recipient of the "Confidential

Information," irrespective of which party produced such information.  Nothing herein shall prevent any

counsel of record from utilizing "Confidential Information" in the examination or cross-examination of

any person who is a current or former officer, director or employee of the party so designating the

information as "Confidential" or of the party that produced the information or of a related entity.

        11.    If a party inadvertently discloses any document or thing containing information that it

deems confidential without designating it as "Confidential," the disclosing party shall promptly upon

discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party

and all Qualified Persons possessing such information shall thereafter treat the information as

"Confidential" under this Order.  To the extent such information may have been disclosed to persons

other than Qualified Persons described in this document, the receiving party shall make every

reasonable effort to retrieve the information promptly from such persons and to avoid any further

disclosure to and by such persons.

        12.    A party shall not be obligated to challenge the propriety of a designation as

"Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge

thereto.  Nor will the failure to object be construed as an admission that any particular "Confidential

Information" contains or reflects currently valuable trade secrets or confidential commercial

information.  In the even that any party to this litigation disagrees at any stage of these proceedings

with the designation by the designating party of any information as "Confidential," or the designation

of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on

an informal basis, such as production of redacted topics.  If the parties are unsuccessful in informally

resolving any disputes regarding the designation of any document or information as "Confidential," the

Court shall resolve all such disputes. It shall be the burden of the party making any designation to

establish that the information so designated is "Confidential" within the meaning of this Protective

Order. The "Confidential Information" that is the subject of the dispute shall be treated as originally

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order
Case No. C03-02289 MJJ

-5-

1  designated pending resolution of the dispute.

2      13.    The parties may, by written stipulation filed and approved by the Court, amend this

3  Order, and any party may seek an order of this Court modifying this Protective Order.  The parties

4  agree to meet and confer prior to seeking to modify this Protective Order.  In addition, the Court may

5  modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

6      14.    In the event a party wishes to use any "Confidential Information" in any affidavits,

7  briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential

8  Information" used therein shall be filed under seal with the Court.

9      15.    The Clerk of this Court is directed to maintain under seal all documents and transcripts

10  of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal

11  with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a

12  party to this action.

13      16.    If a Party intends to offer into evidence or otherwise disclose in open court any

14  "Confidential Information" designated by another person or entity, counsel for such Party shall notify

15  the designating person or entity that the party intends to disclose "Confidential Information" in open

16  court prior to the disclosure, so that the designating person or entity may confer with the Court

17  concerning appropriate procedures for protecting its "Confidential Information."

18      17.    In the event any person or party that has possession, custody, or control of any

19  information designated as "Confidential" pursuant to the terms of this Protective Order receives a

20  subpoena or other process or order to produce such information, such person or party shall notify by

21  mail within five (5) business days of the Party's receipt of the request, the counsel for the party or

22  persons claiming confidential treatment of the documents sought by such subpoenas or other process or

23  order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall

24  cooperate with respect to any procedure sought to be pursued by the party whose interests may be

25  affected.  The party asserting the "Confidential" treatment shall have the burden of defending against

26  such subpoena, process or order.  The person or party receiving the subpoena or process or order shall

27  be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is

28  successful in obtaining an order modifying or quashing it; and (b) in complying with the process or

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order                    -6-
Case No. C03-02289 MJJ

1    order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information"

2    before producing it in the other proceeding or action.

3          18.     If the discovery process calls for the production of information that a Party or Non-

4    Party does not wish to produce because the Party or Non-Party believes its disclosure would breach an

5    agreement with another person or entity to maintain such information in confidence, the disclosing

6    Party or Non-Party promptly shall give written notice to the other person or entity that its information

7    is subject to discovery in this litigation, and shall provide such person or entity with a copy of this

8    Protective Order. When such written notice is given to the person or entity, the disclosing Party or

9    Non-Party will advise the potential receiving Party that such notice has been given. The person or

10    entity whose information may be subject to discovery shall have ten (10) business days from receipt of

11    the written notice in which to seek relief from the Court, if the person or entity so desires.  If the ten

12    (10) business days elapse without the person or entity seeking relief from the Court, the requested

13    information shall be produced in accordance with the terms of this Protective Order.

14          19.     In the event that additional persons or entities become Parties, none of such Parties'

15    counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential

16    Information" produced by or obtained from any other producing person or entity until said Party has

17    executed and filed with the Court its agreement to be fully bound by this Protective Order.

18          20.     This Protective Order shall apply to the parties and any non-party from whom discovery

19    may be sought and who desires protection for the discovery sought.  Thus, any non-party requested or

20    required to produce or disclose information in this proceeding, through subpoena or otherwise, may

21    designate such information pursuant to the terms of this Protective Order.

22          21.    (a)     Nothing herein requires disclosure of information, documents or things which

23    the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-

24    product exception. Nothing herein shall preclude any party from moving this Court for an order

25    directing the disclosure of such information, documents or things.

26              (b)     In the event that any privileged attorney-client or work product documents or

27    things re inadvertently produced for inspection and/or provided, the disclosing party shall identify

28    such documents or things within five (5) days of when it discovers that the privileged materials were

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order        -7-
Case No. C03-02289 MJJ

1  inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or

2  (2) if copies have already been provided, all copies in the receiving party's possession shall be

3  promptly returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent

4  the receiving party from contending that the identified materials are not privileged, that the material

5  was not inadvertently produced, or that privilege was waived for reasons other than mere inadvertent

6  production of the material.

7      22.    Within ninety (90) days after conclusion of this litigation and any and all appeals

8  thereof, any document and all reproductions of "Confidential" documents produced by a party that are

9  in the possession of any Qualified Person shall be returned to the producing party or, with the consent

10  of the producing party, destroyed.  If destroyed, counsel for the receiving party shall certify to counsel

11  for the producing party compliance with this paragraph within fourteen (14) calendar days of such

12  destruction. Outside counsel for each party may maintain in its files one copy of all material produced

13  as well as all materials filed with or otherwise presented to the Court, deposition and trial transcripts,

14  and work product (regardless of whether such materials contain or refer to "Confidential" materials).

15  If counsel retains such materials, the materials which contain Confidential Information shall be

16  accessible only by Qualified Persons defined in paragraph 4(b) above.  As far as the provisions of any

17  protective orders entered in this action restrict the communication and use of the documents produced

18  thereunder, such orders shall continue to be binding after the conclusion of this litigation including any

19  subsequent appeals or later proceedings, except that (a) there shall be no restriction on documents that

20  are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the

21  written permission of the producing party or order of the Court with respect to dissolution or

22  modification of such protective orders. The Court shall retain jurisdiction to enforce the performance

23  of said obligations.

24      23.    (a)    Unless otherwise ordered by the Court or permitted in writing by the Producing

25  Party, a Receiving Party's access to a Producing Party's discoverable source code is limited to

26  inspection at a secured facility provided by the Producing Party.  Such inspection may be conducted

27  only by:

28          (1)    the Receiving Party's Outside Counsel of record in this action; and,

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order                    -8-
Case No. C03-02289 MJJ

1    (2)    one (1) expert (as defined in this Order) of the Receiving Party to whom

2    disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be

3    Bound by Protective Order" (Exhibit A) and who has been approved pursuant to the

4    "Procedures for Approving Disclosure of 'CONFIDENTIAL' information or Items to

5    'Experts'" as set forth in paragraph 5;

6    (b)    After any such inspection and upon the written request of the Receiving Party's

7    Outside Counsel, the Responding Party, within a reasonable time, shall furnish hard-copy printouts of

8    relevant source code files specifically identified in the Receiving Party's Outside Counsel's written

9    request.  Such hard-copy printouts shall be designated "CONFIDENTIAL" under this protective order;

10    (c)    Any notes taken or any other information created by Outside Counsel or the

11    expert of the Receiving Party at or based on any such inspection shall be treated as

12    "CONFIDENTIAL" under this protective order;

13    (d)    Each Producing Party designates and provides the following facilities for

14    production of their discoverable source code via inspection in the present action:

15    (1)    All source code production by Synopsys in this action will be limited to

16    inspection at either its Secured User Research Facility (SURF), or another Synopsys facility, by

17    mutual agreement of the parties.  SURF is Synopsys' physically and electronically secured area

18    for providing access to Synopsys' source code.

19    (2)    All source code provided by Ricoh will be produced at _____.

20    24.    This Order shall not bar any attorney herein in the course of rendering advice to his

21    client with respect to this litigation from conveying to any party client his evaluation in a general way

22    of "Confidential Information" produced or exchanged herein; provided, however, that in rendering

23    such advice and otherwise communicating with his client, the attorney shall not disclose the specific

24    contents of any "Confidential Information" produced by another party herein, which disclosure would

25    be contrary to the terms of this Protective Order.

26    ////

27    ////

28    ////

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order
Case No. C03-02289 MJJ

-9-

1

**SO ORDERED this _____day of _____, 2004**

2

3

4

5

_____
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

[Proposed] Stipulated Protective Order
Case No. C03-02289 MJJ

-10-

EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Synopsys, Inc., | ) Case No. C03-02289 MJJ |
| | ) |
| Plaintiff, | ) **UNDERTAKING** |
| | ) |
| vs. | ) |
| | ) |
| Ricoh Company, Ltd., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

My name is _____.  I hereby acknowledge that I have been provided with a copy of, have read, and am fully familiar with, the terms of the Stipulated Protective Order entered in this action on _____, 2004.  I agree to be bound by, and to comply fully with, the terms of the Protective Order. I agree not to disclose or disseminate any "Confidential Information," as defined by the Stipulated Protective Order, except as permitted therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Delaware in connection with the enforcement of the Protective Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____, 2004.

_____