UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | CASE NO. C-03-2289-MJJ <br><br> [PROPOSED] PROTECTIVE ORDER |

WHEREAS the parties are or may be competitors and believe that confidential information about certain of its research and development activities and other confidential information concerning its activities constitute very valuable commercial information that, if disclosed to competitors or others, would significantly harm it, and

WHEREAS each of the parties expects certain documents, things, and information that are or will be encompassed by discovery demands made to each other or to non-parties constitute trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure,

Each of the parties hereby stipulates that the following Stipulated Protective Order may be entered by the Court:

1. All Confidential information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party

1 will make such designation only as to that information that it in good faith believes contains
2 "Confidential Information."

3     3. (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical
4 information and specifications, (ii} trade secrets (iii) confidential know-how, and (iv) proprietary
5 business and financial information and any other non-public information, the disclosure of which is
6 likely to have the effect of causing significant competitive harm to the disclosing party or party from
7 which the information was obtained. Nothing in this paragraph shall be construed to limit the
8 description of "Confidential Information" set forth in paragraph 2.

9     (b) Nothing shall be regarded as "Confidential Information" if it is information that:

10     (i) is in the public domain at the time of disclosure, as evidenced by a written document;

11     (ii) becomes part of the public domain through no fault of the other party, as evidence by
12 a written document;

13     (iii) was in the receiving party's rightful and lawful possession at the time of disclosure,
14 as evidenced by a written document; or

15     (iv) is lawfully received by the receiving party from a third party at a later date without
16 restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving
17 party.

18     4. "Qualified Persons," as used herein means:

19     (a) To the Court and its officers and staff, including court reporters;

20     (b) Outside attorneys of record for the parties in this litigation and employees of such
21 attorneys to whom it is necessary that the material be shown for purposes of this litigation;

22     (c) Outside experts, consultants, advisors or investigators (collectively referred to
23 hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after
24 compliance with the provisions of paragraph 5 below;

25     (d) To non-party support services including, but not limited to, court reporters, outside
26 copy services, document imaging and database services, design services who have signed confidentiality
27 agreements, jury consultants who have signed confidentiality agreements, mock jurors who have signed
28 confidentiality agreements, and language translator who have signed confidentiality agreements

1  (including support staff) as may be reasonably necessary in connection with the preparation or conduct
2  of this action;

3  (e) Anyone to whom the parties consent in writing;

4  (f) If this Court so elects, any other person may be designated as a Qualified Person by
5  order of this Court, after notice and opportunity to be heard to all parties.

6  5.  Prior to the disclosure of any "Confidential Information" to any expert under Paragraph
7  4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective
8  Order as entered to such person, explain its terms to such person, and secure the signature of such person
9  on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile and mail
10 to counsel for the other Parties a copy of the signed Exhibit A, accompanied by a curriculum vitae, at
11 least ten (10) calendar days before any "Confidential Information" designated under this Protective
12 Order is to be disclosed to the signator. The curriculum vitae should identify the general areas of
13 expertise of the expert, provide a brief job history, specify all employment, expert or consulting
14 engagements by the expert within the past five (5) years, and state all present or prior relationships
15 between the expert and any entity directly or indirectly involved in this litigation or providing an
16 indemnity to any such entity, its subsidiaries or its affiliates.  Any Party may object to the proposed
17 disclosure to an expert within the ten (10) calendar day period following the transmittal of Exhibit A and
18 the curriculum vitae, by stating specifically in writing the reasons why the Party believes such expert
19 should not receive designated "Confidential Information".  If during that ten (10) calendar day period, a
20 Party makes such a written objection, there shall be no disclosure of "Confidential Information" to the
21 expert absent mutual agreement of the Parties, waiver of the objection as stated below, or further order
22 of the Court.  After a Party objects to the proposed disclosure to an expert, the objecting Party shall
23 move, by notice motion or by ex parte application, for an order that disclosure not be made to such
24 expert within five (5) business days following the date that the objection is made, or the Party's
25 objection shall be deemed waived and disclosure may be made to the expert.  The burden shall be on the
26 objecting Party to establish why the disclosure should not be made.  Each Party shall maintain a file of
27 all such signed copies of Exhibit A.  However, it shall not be necessary for administrative, secretarial or
28 clerical personnel working for such Qualified Person to sign a written undertaking.

6. (a) Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) with the designation "Confidential"

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(c) If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

7. Discovery responses or other litigation materials may be designated by any party or parties as "Confidential" by mating each page of the response with the designation "Confidential"

8. The designation of information disclosed during a deposition as "Confidential" shall be made either by a statement on the record at the deposition or within twenty (20) calendar days after receipt by counsel of a copy of the deposition transcript. Such designation will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "Confidential Information." The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "Confidential") with a marking on the cover of the deposition transcript indicating the "Confidential" designation contained therein. Unless previously designated otherwise, all deposition transcripts shall be treated as "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt by counsel of a copy of the deposition transcript,

9. "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Quaked Persons except that nothing herein is intended to prevent individuals who are in-house counsel or a member of the professional legal department of the Parties from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert reports, including exhibits, that are designated as "Confidential,"

10. (a) Documents to be inspected shall be treated as "Confidential" although such documents need not be marked as "Confidential" prior to inspection. At the time of copying for the receiving parties, any documents containing "Confidential Information" shall be stamped prominently "Confidential" by the producing party.

(b) Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or if the Court, after notice to all effected parties, orders such disclosures. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross- examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information," irrespective of which party produced such information. Nothing herein shall prevent any counsel of record ham utilizing "Confidential information" in the examination or cross-examination of any person who is a current or former officer, director or employee of the party so designating the information as "Confidential" or of the party that produced the information or of a related entity.

11. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as "Confidential" under this Order. To the extent such information may have been disclosed to persons other than Qualified Persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to and by such persons.

12. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Nor will the failure to object be construed as an admission that any particular "Confidential Information" contains or reflects currently valuable trade secrets or confidential commercial information. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the parties are unsuccessful in informally resolving any disputes regarding the designation of any document or information as "Confidential," the Court shall resolve all such disputes. It shall be the burden of the party making any designation to establish that the information so designated is "Confidential" within the meaning of this Protective Order. The

"Confidential Information" that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute.

13. The parties may, by written stipulation filed and approved by the Court, amend this Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

14. In the event a party wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential Information" used therein shall be filed under seal with the Court. In addition to placing documents in a sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the Court, the envelope should be labeled to identify the title of the case, the case number, and the title of the document.

15. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a party to this action.

16. If a Party intends to offer into evidence or otherwise disclose in open court any "Confidential Information" designated by another person or entity, counsel for such Party shall notify the designating person or entity that the Party intends to disclose "Confidential Information" in open court prior to the disclosure, so that the designating person or entity may confer with the Court concerning appropriate procedures for protecting its "Confidential Information."

17. In the event any person or party that has possession, custody, or control of any information designated as "Confidential" pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail within five (5) business days of the Party's receipt of the request, the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be

affected. The party asserting the "Confidential" treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information" before producing it in the other proceeding or action.

18. If the discovery process calls for the production of information that a Party or Non-Party does not wish to produce because the Party or Non-Party believes its disclosure would breach an agreement with another person or entity to maintain such information in confidence, the disclosing Party or Non-Party promptly shall give written notice to the other person or entity that its information is subject to discovery in this litigation, and shall provide such person or entity with a copy of this Protective Order. When such written notice is given to the person or entity, the disclosing Party or Non-Party will advise the potential receiving Party that such notice has been given.  The person or entity whose information may be subject to discovery shall have ten (10) business days from receipt of the written notice in which to seek relief from the Court, if the person or entity so desires.  If the ten (10) business days elapse without the person or entity seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

19. In the event that additional persons or entities become Parties, none of such Parties' counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential Information" produced by or obtained from any other producing person or entity until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought.  Thus, any non- party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

21. (a) Nothing herein requires disclosure of information, documents or things which the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-

1  product exception.  Nothing herein shall preclude any party from moving this Court for an order
2  directing the disclosure of such information, documents or things.
3          (b) In the event that any privileged attorney-client or work product documents or things
4  are inadvertently produced for inspection and/or provided, the disclosing party shall identify such
5  documents or things within five (5) days of when it discovers that the privileged materials were
6  inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2)
7  if copies have already been provided, all copies in the receiving party's possession shall be promptly
8  returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the
9  receiving party from contending that the identified materials are not privileged, that the material was not
10 inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production
11 of the material.
12         22. Within ninety (90) days after conclusion of this litigation and any and all appeals thereof,
13 any document and all reproductions of "Confidential" documents produced by a party that are in the
14 possession of any Qualified Person shall be returned to the producing party or, with the consent of the
15 producing party, destroyed.  If destroyed, counsel for the receiving party shall certify to counsel for the
16 producing party compliance with this paragraph within fourteen (14) calendar days of such destruction.
17 Outside counsel for each party may maintain in its files one copy of all material produced as well as all
18 materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work
19 product (regardless of whether such materials contain or refer to "Confidential" materials).  If counsel
20 retains such materials, the materials which contain Confidential Information shall be accessible only by
21 Qualified Persons designated in paragraph 4(b) above.  As far as the provisions of any protective orders
22 entered in this action restrict the communication and use of the documents produced thereunder, such
23 orders shall continue to be binding after the conclusion of this litigation including any subsequent
24 appeals or later proceedings, except that (a) there shall be no restriction on documents that are used as
25 exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written
26 permission of the producing party or order of the Court with respect to dissolution or modification of
27 such protective orders. The Court shall retain jurisdiction to enforce the performance of said obligations.
28

23. Unless otherwise ordered by the Court or permitted in writing by the producing party, all source code produced or exchanged in the course of this litigation shall be Confidential Information and access thereto shall be limited to the outside attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for the purposes of this litigation and not more than three (3) outside experts who have signed an undertaken pursuant to paragraph 5 but only after compliance with the provision of paragraph 5.  Any notes or other information created as a consequence of such access shall also be Confidential Information under this protective order.  Working copies of the source code shall be maintained by the receiving party in a secure facility which, in the case of Synopsys means Synopsys' Secured User Research Facility (SURF) and in the case of Ricoh, means a locked office at the law firm of Dickstein Shapiro Morin & Oshinsky, LLP and which contains a computer which is not a part of any network and on which the source code can be loaded.

24. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation  conveying to any party client his evaluation in a general way of "Confidential Information" produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any 'Confidential Information" produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

25. This Protective Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

26. The Court shall retain jurisdiction to enforce the terms of this order for six (6) months after the final termination of this action.

  SO ORDERED this _____ day of _____, 2004.

_____
The Honorable M. Jenkins
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., ) | **CASE NO. C-03-2289-MJJ** |
| Plaintiff, ) | |
| ) | **[PROPOSED] PROTECTIVE ORDER** |
| vs. ) | |
| RICOH COMPANY, LTD., ) | |
| Defendant. ) | |

<u>UNDERTAKING</u>

 My name is _____. I hereby acknowledge that I have been provided with a copy of, have read, and am fully familiar with, the terms of the Protective Order entered in this action on_____, 2004. I agree to be bound by, and to comply fully with, the terms of the Protective Order. I agree not to disclose or disseminate any "Confidential Information," as defined by the Stipulated Protective Order, except as permitted therein.

 I hereby submit myself to the jurisdiction of the United States District Court for the District of Delaware in connection with the enforcement of the Protective Order.

 Pursuant to 2S U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on _____, 2004.

        _____