Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California  94025
Telephone:  (650) 463-8100
Facsimile:  (650) 463-8400

Attorneys for Plaintiff Synopsys, Inc.

Gary M. Hoffman, *admitted pro hac vice*
Kenneth W. Brothers, *admitted pro hac vice*
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
2101 L Street, N.W.
Washington, D.C.  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Edward A. Meilman, *admitted pro hac vice*
Dickstein Shapiro Morin &  Oshinsky LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone:  (212) 835-1400
Fax:  (212) 992-9880

Jeffrey B. Demain (SBN 126715)
Jonathan Weissglass (SBN 185008)
ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Attorneys for Defendant Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | ) Case No. CV 03-02289 MJJ |
| | ) |
| Plaintiff, | ) **JOINT CASE MANAGEMENT** |
| | ) **CONFERENCE STATEMENT AND** |
| vs. | ) **PROPOSED ORDER** |
| | ) |
| RICOH COMPANY, LTD., | ) Date:        February 10, 2004 |
| | ) Time:        2:00 p.m. |
| Defendant. | ) Courtroom: 11 |
| | ) |
| | ) |

1    Pursuant to FRCP 26(f) and L.R. 16-9, Plaintiff Synopsys, Inc. ("Synopsys") and Defendant

2    Ricoh Company, Ltd. ("Ricoh"), jointly submit this Joint Case Management Conference Statement and

3    Proposed Order.

4                                    **DESCRIPTION OF THE CASE**

5           **1.     A brief description of the events underlying the action:**

6                  **a.     Synopsys' Position**

7           The present action is an action by Plaintiff Synopsys seeking a declaratory judgment that U.S.

8    Patent Nos. 4,977,432 ("the '432 patent) and 5,197,016 ("the '016 patent") are invalid and not

9    infringed by the Synopsys Design Compiler products.  Synopsys brought the present declaratory

10   judgment action against Ricoh to protect itself and its customers from Ricoh's threats of patent

11   infringement suits based on these patents.

12          Prior to Synopsys' filing of the instant declaratory judgment action, Defendant Ricoh had filed

13   an infringement suit against six companies alleged to be users of Synopsys' Design Compiler alleging

14   infringement of method claims 13-20 of the '432 patent in the District of Delaware.  Importantly, even

15   though Ricoh was accusing Synopsys' customers of infringing the '432 patent based on their ordinary

16   use of Design Compiler, Ricoh did not name Synopsys as a defendant in, and Synopsys was therefore

17   not a party to, the Delaware action.[1]  Ricoh also threatened other Synopsys customers with patent

18   infringement suits for their use of Synopsys' Design Compiler software based on both the '432 patent

19   and the related '016 patent.

20          The Delaware court found that Ricoh's infringement action against Synopsys' customers was

21   essentially one between Ricoh and Synopsys that would best be litigated in the present declaratory

22   judgment action.  Significantly, the Delaware court found that this "court's determination regarding

23   infringement and validity of the '432 patent will efficiently dispose of the infringement issues

24   regarding Synopsys' customers" in the Delaware action.  Based on these conclusions, the Delaware

25   court decided to treat Ricoh's case against Synopsys customers as a "customer suit" and to transfer it

26

27   _____

     [1] This fact is important since Ricoh continually attempts to unite the Delaware defendants and
28   Synopsys, and thereby impose obligations from the Delaware action on Synopsys, even though
     Synopsys was not a party to that action.

1  to this district where it could be coordinated with this declaratory judgment action.  Ricoh's case is

2  currently pending before this Court as Case Number CV 03-04669 MJJ.

3      Synopsys believes that, depending upon what Ricoh alleges in its disclosure of preliminary

4  infringement contentions, it may be appropriate to stay Ricoh's case against Synopsys' customers if

5  Ricoh's infringement claims are based on nothing more than the ordinary use of Synopsys' products.

6  In addition, Synopsys may ask the Court for a summary determination of non-infringement of the '016

7  patent if Ricoh does not submit Infringement Contentions under Local Patent Rule 3-1 regarding the

8  '016 patent to back up the claims of infringement that it has been making in demand letters to

9  Synopsys' customers.

10     If the Court elects not to stay Ricoh's case against Synopsys' customers, Synopsys believes that

11  the Court should bifurcate the issues of liability and damages in that action.  While the question of

12  liability is believed to involve mostly issues that are common to each of the defendants in Ricoh's case

13  against Synopsys' customers, and to the declaratory judgment that Synopsys seeks in this action, the

14  question of damages is complicated, does not involve Synopsys, and should be reserved for a separate

15  trial.  The need for that trial would be obviated, of course, if Synopsys prevails in this case.

16     Ricoh seeks to revisit the question of whether the Court has subject matter jurisdiction over the

17  '016 patent, a question which was resolved in the Court's order of September 22, 2003.  In that Order,

18  the Court denied the Defendant's motion to dismiss in its entirety without distinguishing between the

19  '432 or '016 patents.  *See, e.g.*, Order of Sept. 22, 2003 at 7:20-22 ("[T]here can be no doubt regarding

20  Defendant's intent to enforce its patents against such customers.  Thus, based on *Arrowhead*, the Court

21  finds that the 'reasonable apprehension' requirement has been satisfied.").

22     Ricoh's description of the case, below, includes multiple unjustified and inaccurate assertions

23  that Synopsys and defendants have refused to participate in discovery.  Ricoh's attacks on the actions

24  taken by Synopsys, its customer defendants, and its counsel have been equally unrelenting and

25  unjustified.  Furthermore, those attacks are out of place in a case management statement.  The fact that

26  there are discovery disputes has no bearing one way or the other on whether the cases should be

27  consolidated.  Synopsys is prepared to dispute each of the allegations made below, but will not burden

28  the Court by presenting its responses here.

1                      **b.    Ricoh's Description**

2          The Court is already acquainted with the events underlying this action, as set forth in this

3   Court's order of September 22, 2003.  Ricoh vigorously disputes Synopsys' continuing effort to

4   preclude Ricoh from pressing its patent infringement claims against the parties who are actually

5   infringing the '432 patent – the named defendants in the related action CV 03-04669 MJJ (hereinafter

6   "ASIC defendants").  That action should be consolidated with Synopsys' declaratory judgment action,

7   and the two cases proceed simultaneously through discovery, claim construction and trial.  Absent such

8   a process, then Ricoh will be denied its ability to obtain relief from the actual infringing parties or

9   compelled to try its case twice.

10         There are several issues to be resolved, including

11         (1) Whether the cases should be consolidated and Ricoh be considered as if it was the plaintiff.

12  Consolidation not only will prevent the patent infringement issues from being litigated twice, but also

13  will substantially streamline discovery, thereby saving judicial resources.  There have already been

14  several discovery disputes that would have benefited from consolidation.  For example, Synopsys has

15  refused discovery in the <u>Ricoh v. Aeroflex et al.</u> case on the grounds that the discovery should be

16  obtained from the ASIC defendants; however, these defendants, represented by the same counsel as

17  Synopsys, have refused the discovery requests on the grounds that such discovery is confidential to

18  Synopsys.  Consolidation could prevent this kind of activity.  Another issue evidencing the interplay

19  between Synopsys and the ASIC defendants is the court-ordered investigation for possible fraud on the

20  Delaware court.  Consolidation would enable this issue to be resolved in a more efficient manner.

21         (2) Whether Synopsys' claim with respect to the '016 patent should be dismissed.  The '016,

22  patent was not discussed in the September 22 opinion and Ricoh has not sued or threatened to sue any

23  entity on that patent.  We discuss each of these issues in turn after outlining the status of the actions.

24         **The Action against the ASIC defendants.**  In January 2003, Ricoh sued several designers and

25  manufacturers of computer chips in the District of Delaware (C.A. No. 03-103-GMS) for patent

26  infringement, alleging that those defendants were using the steps recited in the process claims of

1    Ricoh's '432 patent.  The '432 patent describes a highly advanced technical process used in designing

2    and manufacturing certain types of computer chips.  In the course of carrying out their infringement of

3    the patented process, the ASIC defendants use software supplied by the plaintiff in the instant action,

4    Synopsys, and perhaps other suppliers.  Synopsys has indemnification obligations with respect to the

5    ASIC defendants.  The control that Synopsys is exercising over the ASIC defendants and the *Ricoh v.*

6    *Aeroflex et al.* case transferred here from Delaware is evident throughout this Case Management

7    Statement and the Case Management Statement being simultaneously filed in the transferred action.

8        Although Synopsys chose not to try to intervene in the Delaware case, it assumed control of the

9    defense and caused the filing of multiple declaratory judgment counterclaims against Ricoh, claims

10   which parallel the claims made by Synopsys in this commenced action.  Acting in the name of the

11   ASIC defendants but at Synopsys' direction, Synopsys' attorneys unsuccessfully argued that the

12   Delaware court should stay discovery in that action pending the outcome of the action in California.

13   Synopsys' attorneys have filed all papers on behalf of each of ASIC defendants; have attended the Rule

14   16 conference, negotiated a protective order; and have taken and responded to discovery.  The

15   Delaware court entered a pretrial order governing discovery, a copy of which is attached hereto as

16   Exhibit 1.  On August 29, 2003, the Delaware court granted the ASIC defendants' motion to transfer

17   that action to this Court where it is now assigned docket number CV 03-04669 MJJ.

18   **The Declaratory Judgment Action.**  After months of litigating the Delaware case, Synopsys

19   filed the instant declaratory judgment action with respect to the '432 patent and another patent (the

20   '016 patent) that Ricoh did not assert in the Delaware case.  Ricoh has never accused Synopsys itself

21   of infringing the '432 patent or the '016 patent and has stated that it will not bring any action for

22   infringement of the '432 patent or the '016 patent against Synopsys with respect to Synopsys' past or

23   current software products.  Ricoh has advised others of the availability of a license under the '016

24   patent but has not threatened anyone with infringement of that patent.  On September 22, 2003, this

25   Court denied Ricoh's motion to dismiss Synopsys' declaratory judgment action.  There remains an

1    open issue with respect to the unasserted '016 patent, as the September 22 decision focused solely

2    upon the '432 patent.

3         **Issue No. 1:  Whether the related action should be consolidated and Ricoh be the plaintiff,**

4    **since it is the patent owner and initiated the earlier-filed action.**  Synopsys would have this Court

5    ignore the fact that Ricoh is the owner of the patent and has the earlier-filed action.  Consolidating the

6    two cases and treating Ricoh as the plaintiff is consistent with the case law and makes intrinsic sense.

7    Otherwise, trial will be a disjointed and an unusually prolonged affair.  This Court has already decided

8    to defer considering consolidation for the time being.

9         Consolidation will allow the Court to address the issue of whether the refusal by Synopsys

10   and the ASIC defendants to meaningfully participate in discovery can be resolved, or whether their

11   stonewalling will continue.  There are a number of open discovery issues in the transferred case

12   because other than the protection of alleged prior art, the ASIC defendants and Synopsys generally

13   have refused to respond to Ricoh's discovery requests.  For example:

14

15       &bull;   The ASIC defendants have refused to produce the documents they listed in their initial

16          disclosure, contending that the documents they listed are now "irrelevant."  This is the

17          subject of a pending motion to compel filed by Ricoh.

18       &bull;   The ASIC defendants (and Synopsys) have withheld almost all of their confidential

19          documents, including those concerning the design libraries and source code which

20          would provide confirmation of patent infringement, and recently refused to engage in a

21          meet-and-confer to resolve the matter, even though a Protective Order protecting

22          confidential information has been entered in the <u>Ricoh v. Aeroflex action</u>.

23       &bull;   Other than alleged prior art, Synopsys has refused to produce virtually any documents

24          in response to Ricoh's subpoena, and Synopsys had represented to the Delaware Court

25          that it would make production by mid-September.  (*Id.*)  To date, although Synopsys

26          has produced a number of alleged prior art documents, it has produced few truly

27          confidential, responsive documents.

28

Consolidation will also make it easier to address the issue of whether the court-ordered investigation for possible fraud on the Delaware court will be resolved.   The day before it transferred the case, the Delaware court agreed that counsel for the ASIC defendants and Synopsys may have committed a fraud upon the Court by misrepresenting the circumstances of their actions in persuading an expert consultant under contract to Ricoh to switch sides.  Contrary to Synopsys' counsel representation to the Delaware court, this expert had received confidential work product information from Ricoh's counsel; when deposed, the expert testified that he received such information.  Synopsys' counsel engaged the expert even though it knew of the conflict.  This matter is addressed in Ricoh's pending motion for sanctions.

**Issue No. 2:  Whether Synopsys' claim with respect to the '016 patent should be dismissed, since that patent was not discussed in the September 22 opinion and Ricoh has not sued or threatened to sue any entity on that patent.**  A particularly unusual issue exists with respect to the '016 patent:  Ricoh has never sued or threatened to sue any entity with respect to that patent.  At most, Ricoh has made the availability of a license under this patent known.  Ricoh has already covenanted that it will not sue Synopsys on the '016 patent based upon Synopsys' current products.  Given these facts, makes little sense to proceed on the '016 patent.

If, however, Synopsys insists on maintaining its declaratory action on the '016 patent, then it should be obligated to come forward with a claims chart showing why none of the products identified in its Amended Complaint infringe the '016 patent.  Synopsys is the only party raising an issue on the '016 patent in seeking an adjudication that none of its products infringe the '016 patent.  Ricoh has not asserted the '016 patent against any party and yet Synopsys is trying to put the burden on Ricoh to prove infringement on the '016 patent.

1          **2.    Principal factual and legal issues in dispute.**

2               **a.    Synopsys' Position**

3                    **(1)    Synopsys' Description**

4      a.    The proper construction of the '432 patent claims;

5      b.    The proper construction of the '016 patent claims;

6      c.    Whether use of Synopsys' Design Compiler Products infringe any properly construed

7  claim of the '432 patent;

8      d.    Whether use of Synopsys' Design Compiler Products infringe any properly construed

9  claim of the '016 patent;

10     e.    The validity of the '432 patent claims;

11     f.    The validity of the '016 patent claims;

12     g.    Whether Ricoh is barred from asserting the '432 patent or '016 patent under the

13  doctrines of estoppel or laches.

14              **b.    Ricoh's Description**

15     *Factual issues relating to Synopsys' declaratory judgment action:*

16     a.    Whether Synopsys' Complaint seek only an advisory opinion concerning the '432

17  patent, since Ricoh has made no infringement allegation in connection with this litigation, and in fact

18  has made no infringement allegation against Synopsys in connection with any litigation.

19     b.    Whether Synopsys' Complaint with respect to the '016 patent should be dismissed,

20  since Ricoh has never threatened to sue on this patent.

21     c.    Whether Synopsys can prove that none of its products infringe or induce infringement

22  of the '432 patent or the '016 patent.

23     *Ricoh's statement of disputed legal issues:*

24     d.    Whether Synopsys and, if the cases are consolidated, the ASIC defendants can prove by

25  clear and convincing evidence that the '432 patent and the '016 patent are not valid.

26     e.    Whether, with respect to the '016 patent, Synopsys seeks a purely advisory opinion

27  since Ricoh has not asserted the '016 patent against Synopsys nor any of Synopsys' customers.

28

1      **3.**     **The other factual issues which remain unresolved:**

2           **a.**     **Synopsys' Description**

3 None.

4           **b.**     **Ricoh's Description**

5 Ricoh believes that the principal issues are set forth above.

6      **4.**     **Parties which have not been served:**

7 None.

8      **5.**     **The additional parties which the parties intend to join and the intended**

9         **time frame for such joinder:**

10           **a.**     **Synopsys' Position.**

11 Synopsys believes that there are no additional parties that need to be joined in this action.

12           **b.**     **Ricoh's Position.**

13 None.

14

15      **6.**     **The following parties consent to assignment of this case to the United States**

16         **Magistrate Judge for trial:**

17 Synopsys does not consent to an assignment to a Magistrate Judge for any purpose.

18 If the Court desires for scheduling purposes, Ricoh is amenable to having the Markman hearing

19 and any related tutorial held before a Magistrate Judge.  Neither party consents to assignment to a

20 Magistrate Judge for trial.

21

22

23

24

25

26

27

28

1

2 **ALTERNATIVE DISPUTE RESOLUTION**

3 **7.    The parties have not filed a Stipulation and Proposed Order Selecting an**

4 **ADR process and the ADR process to which the parties jointly (or**

5 **separately) request referral:**

6 **a.    Synopsys' Position**

7 Since the parties have unsuccessfully engaged in negotiations, Synopsys does not believe that

8 pursuing any ADR would be effective at this time.  However, if Synopsys were required to choose an

9 ADR procedure, Synopsys would request referral to the Court's ENE ADR process.

10 **b.    Ricoh's Position**

11 There has been a single meeting between business representatives of Ricoh and Synopsys, but

12 the parties have not engaged in negotiations.  Ricoh has invited the ASIC  defendants to negotiate with

13 respect to a license, but they have refused.  Ricoh is willing to enter into ADR with the ASIC

14 defendants.  Ricoh is also willing to enter into an ADR with Synopsys, however, Ricoh recognizes that

15 an ADR with Synopsys may not be fruitful until further discovery has been completed.  If Ricoh were

16 required to choose an ADR procedure, Ricoh would prefer mediation by a knowledgeable patent

17 attorney.

18

19 **DISCLOSURES**

20 **8.    The parties certify that they have made the following disclosures:**

21 Pursuant to FRCP Rule 26(a)(1), the parties exchanged initial disclosures on November 12,

22 2003.

23 Ricoh additionally states that Synopsys has the burden of proof in this Declaratory Judgment

24 action to prove that none of the products identified by Synopsys in its Amended Complaint infringe

25 any claim of either the '432 patent or the '016 patent.  However, in its initial disclosures, other than

26 alleged prior art, Synopsys only identifies manuals on Design Compiler (none containing any of

27 Synopsys' internal documentation regarding its products and their operations and utilization) as the

28 documents that Synopsys may use to support its claims.  Ricoh has raised an objection to such limited

1  disclosure by Synopsys, but Synopsys has refused to identify any other documents relating to any of its

2  products.  Such avoidance of the requirements of Rule 26 should not be condoned and Synopsys

3  should be precluded from relying upon any other documents regarding its products in seeking to prove

4  its claim of non-infringement.

5

6                              **DISCOVERY**

7        **9.      The parties agree to the following discovery plan:**

8              **a.      Synopsys' Position.**

9          Synopsys believes that discovery should be limited as provided by the Federal Rules of Civil

10  Procedure, but is willing to agree that each side be allowed 160 hours of deposition testimony in this

11  matter.  Also, because many of Ricoh's witnesses will likely require a translator, each hour of

12  deposition testimony requiring translation should be treated as 30 minutes against this time limit.

13  Furthermore, since the parties have stipulated that testimony taken in this action will be admissible in

14  *Ricoh Company, Ltd. v. Aeroflex, Inc, et al.*, Case No. CV 03-04669 MJJ, and vice versa, the total time

15  for deposition testimony in the two actions combined should not exceed this limit.  Synopsys is not

16  advocating that the Court give the Delaware defendants 160 hours for deposition testimony, and grant

17  them an additional 160 hours.

18              **b.      Ricoh's Position.**

19          In the related transferred action, counsel for the parties agreed that each side would have 240

20  hours of deposition testimony.  Since between Synopsys and the ASIC defendants there are seven (7)

21  parties and since they have identified over thirty (30) people who have relevant factual information in

22  their initial disclosure, Ricoh clearly needs the additional deposition time of 240 hours.  Ricoh believes

23  that such a modification of the Federal Rules of Civil Procedure is useful here, particularly since

24  coordinated simultaneous discovery in both cases has taken place and is continuing.  Moreover, since

25  Synopsys has now proposed the time limit should also be applicable to the 6 other parties in the *Ricoh*

26  *Company, Ltd. v. Aeroflex, Inc, et al.* case , it is effectively proposing that (if there are no other third

27  party depositions) that it can be deposed for less than 23 hours (160 hours divided by 7) while Ricoh

28

1    can be deposed for 320 hours.  Further no explanation has been offered as to why there should be any

2    deviation from the 240 hours previously agreed upon and ordered in the Delaware action.

3

4                                    **PROPOSED SCHEDULE**

5              **10.    A proposed schedule is provided below:**

6                       **a.    Synopsys' Position.**

7              As Synopsys has shown in pleadings before this Court, Ricoh has asserted that both the '016

8    and '432 patents are being infringed by Synopsys' customers, and are therefore at issue in this matter.

9    Furthermore, Ricoh has alleged that Synopsys' products play a central role in the customer's

10   infringement of its patents.  Therefore, Ricoh must fulfill its obligations under the Patent Local Rules,

11   and prepare infringement charts under Local Rule 3-1 if it intends to contest Synopsys' assertion that

12   ordinary use of its products does not infringe Ricoh's patents.  In addition, there is no provision in the

13   Patent Local Rules requiring preparation of a "non-infringement" chart, as Ricoh proposes.  Indeed,

14   Rule 3-5(a) specifically states that Rule 3-1 does not apply if the patentee does not assert infringement.

15   The following schedule proposed by Synopsys follows the timing set forth in the Patent Local Rules

16                       **b.    Ricoh's Position.**

17           **The '432 Patent.**  This action is solely a Declaratory Judgment action and Ricoh has not filed

18   any counterclaim for infringement.  Consequently, the initial portion of the schedule is clearly covered

19   by Local Patent Rule 3-5.  While Synopsys above admits that Rule 3-1 is not applicable where the

20   patentee does not assert any counterclaim for infringement.  Synopsys' proposed schedule completely

21   ignores Rule 3-5 and instead relies on 3-1, which is inapplicable here.

22           **The '016 Patent.**  Further, with respect to the '016 patent, Ricoh *never* has claimed in any

23   action that the '016 patent has been infringed.  Synopsys is wrong when it claims (in section 10(a),

24   *supra*) that "in answer to Synopsys' complaint, Ricoh denies Synopsys' allegation that no Synopsys

25   product infringes the '016 patent."  Ricoh's answer states that Ricoh "has not asserted any allegation of

26   infringement of the '016 patent against Synopsys, the ASIC defendants or the companies to whom

27   Ricoh has offered licenses under the '432 and '016 patents."  (Ricoh Answer ¶ 8.)  Paragraph 22 of the

28   Answer states:

Ricoh lacks information sufficient to form a belief as to whether Synopsys has made, used, offered to sell or sold, within the United States, or imported into the United States, any products or processes that infringe any valid claim of the '016 Patent, either directly, indirectly, contributorily or otherwise, and has induced others to infringe the '016 Patent and on that basis, denies that allegation.

Likewise, Synopsys erroneously asserts that Ricoh has threatened others with respect to the '016 patent. Ricoh has never sued or threatened to sue anyone on the '016 patent. Synopsys has mischaracterized Ricoh's licensing letters as "threats" and "cease and desist correspondence", when even a casual review reveals that the letter simply places the recipient on notice and invites a dialog on licensing. Ricoh has already covenanted that it will not sue Synopsys on the '016 patent based upon Synopsys' current products. Given these facts, it makes no sense to proceed on the '016 patent. The declaratory judgment claim with respect to the '016 patent should be dismissed without prejudice.

If, however, Synopsys insists on maintaining its declaratory action on the '016 patent, then it should be obligated to come forward with a claims chart showing why none of its products infringe the '016 patent. Synopsys is the only party seeking an adjudication relating to the '016 patent. Even though Ricoh has not asserted the '016 patent against any party, or even any non-party, Synopsys is trying to put the burden on Ricoh to prove infringement on the '016 patent. As noted above, Patent Local Rule 3-5 is applicable here.

1

**c.    The Parties' Proposed Schedules.**

2

| Event | Time (Patent Local Rule, if applicable) | Synopsys' Proposed Date | Ricoh's Proposed Date[2] |
|---|---|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions (for both the '432 patent and the '016 patent) | | February 20, 2004 10 days after Initial Case Management Conference (Pat. L. R. 3-1) | Not applicable (Pat. L. R. 3-5) |
| Preliminary Invalidity Contentions on '016 & '432 patents | | April 5, 2004 45 days after Disclosure of Asserted Claims (Pat. L. R. 3-3) | February 20, 2004 10 days after CMC (Pat. L. R. 3-3, 3-5) |
| Exchange of Proposed Terms and Claim Elements for Construction | 10 days after Preliminary Invalidity Contentions (Pat. L. R. 4-1(a)) | April 15, 2004 | April 15, 2004 |
| Exchange of Proposed Claim Constructions and Extrinsic Evidence | 20 days after Exchange of Proposed Terms and Claim Elements (Pat. L. R. 4-2(a)) | May 5, 2004 | May 5, 2004 |
| Joint Claim Construction and Prehearing Statement | 60 days after Preliminary Invalidity Contentions (Pat. L. R. 4-3) | June 4, 2004 | June 4, 2004 |
| Completion of Claim Construction Discovery | 30 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-4) | July 2, 2004 | July 2, 2004 |
| Deadline to join parties and amend pleadings | L.R. 16-10(b) | July 19, 2004 | July 19, 2004 |
| Opening Claim Construction Brief | 45 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-5(a)) | July 19, 2004 | July 19, 2004 |
| Responsive Claim Construction Brief | 14 days after Opening Claim Construction Brief (Pat. L. R. 4-5(b)) | August 2, 2004 | August 2, 2004 |
| Reply Claim Construction Brief | 7 days after Responsive Claim Construction Brief (Pat. L. R. 4-5(c)) | August 9, 2004 | August 9, 2004 |
| Claim Construction Hearing | At least 14 days after Reply Claim Construction Brief (Pat. L. R. 4-6) | Late August 2004, no earlier than August 24, 2004 (date to be determined by Court) | Late August 2004, no earlier than August 24, 2004 (date to be determined by Court) |
| Claim Construction Ruling ("CCR") | | Provided by the Court | Provided by the Court |

----

[2] Ricoh in its list of proposed dates suggests trial beginning on May 2, 2005. However, since counsel for Synopsys and the ASIC defendants has a trial scheduled to begin on May 24, 2005, which may conflict with the Synopsys proposed trial date of June 6, 2005, Ricoh is willing to accelerate this schedule so this case can be tried in April of 2005. Prior to transfer of the related action from Delaware, the parties had agreed upon having that case, which involves most of the same issues, ready for trial in October of 2004 and the court so ordered.

| Event | Time (Patent Local Rule, if applicable) | Synopsys' Proposed Date | Ricoh's Proposed Date[2] |
|---|---|---|---|
| Final Infringement Contentions | 30 days after CCR (Pat. L. R. 3-6) | October 20, 2004 or 30 days after CCR (Pat. L. R. 3-6) whichever is later[3] | Not applicable (Patent L.R. 3-5) |
| Fact discovery cut-off | | October 20, 2004 or 30 days after CCR whichever is later[4] | December 15, 2004 |
| Final Invalidity Contentions | 50 days after CCR (Pat. L. R. 3-6) | November 9, 2004 or 50 days after CCR (Pat. L. R. 3-6) whichever is later | November 9, 2004 |
| | | | |
| Submission of expert reports by party with the burden of proof | | November 19, 2004 or 60 days after CCR whichever is later | November 9, 2004 |
| Submission of responsive expert reports | | December 17, 2004 or 80 days after CCR whichever is later | December 9, 2004 |
| Expert discovery cut-off | | January 28, 2005 or 110 days after CCR whichever is later | January 20, 2005 |
| Dispositive motion cut-off | | February 18, 2005 or 120 days after CCR whichever is later | February 11, 2005 |
| Dispositive motion hearing date | | March 29, 2005 or 155 days after CCR whichever is later | To be set by the Court |
| File motions in limine | | April 11, 2005 or 170 days after CCR whichever is later | March, 11, 2005 |
| File oppositions to motions in limine | | April 25, 2005 or 184 days after CCR whichever is later | March 25, 2005 |
| File Joint Proposed Final Pre-trial Order | | May 9, 2005 or 198 days after CCR whichever is later | April 8, 2005 |
| Pre-trial Conference | | May 19, 2005 or 208 days after CCR whichever is later | April 19, 2005 |

---

[3] Synopsys believes that their proposed schedule based on time periods following the Court's claim construction ruling is reasonable, but suggests that an additional case management conference following the Court's claim construction ruling may be necessary to set the post-claim construction case schedule.

[4] Synopsys' Statement:  Synopsys believes that its proposed date for fact discovery cut-off is appropriate.  However, should the Court decide otherwise, Synopsys requests that its final invalidity contentions be due at least two weeks after the fact discovery cut-off.

Ricoh's Statement:  Ricoh submits that the final invalidity contentions should be provided prior to the close of fact discovery.

| Event | Time (Patent Local Rule, if applicable) | Synopsys' Proposed Date | Ricoh's Proposed Date[2] |
|---|---|---|---|
| Trial Date | | Approximately June 6, 2005 or 220 days after CCR whichever is later[5] | Approximately May 2, 2005 |

### CLAIM CONSTRUCTION HEARING

**11.    Hearing date:**

The parties propose that a Claim Construction Prehearing Conference be held on a date to be set by the Court prior to the Claim Construction Hearing.  The parties further propose that the Claim Construction Hearing be held before the Court on August 24, 2004 (if the Court's schedule permits).

**12.    Tutorial:**

The parties believe that it would be helpful to present tutorial information about the technology underlying the case in advance of the Claim Construction Hearing.

**13.    Live Testimony:**

The parties would like to reserve the right to use live testimony at the Claim Construction Hearing (exclusive of the time required for any tutorial) and Synopsys believes that the total presentation (testimony and argument) will be approximately six hours total for both patents divided equally between Synopsys and Ricoh.  Ricoh believes that this four (4) hour time period for the Claim Construction Hearing if this is consolidated with the Hearing in Synopsys, Inc. v. Ricoh Company, Ltd.

---

[5] Synopsys' Statement:  Synopsys can tentatively propose a date for trial 220 days after the Court's claim construction ruling.  However, Synopsys' lead trial counsel currently has trial set to begin on May 24, 2005.

Ricoh's Statement:  Since the June date proposed by Synopsys may not work for their lead counsel, Ricoh encourages the Court to select the May 2 date proposed by Ricoh and accommodate counsel.  Ricoh also is willing to advance the schedule so that this case can be tried in April of 2005.

**14.    Order of Presentation:**

      **a.    Synopsys' Position.**

Synopsys, as the plaintiff in this action, believes that it should present its arguments and testimony regarding the proper construction of the '432 and '016 patent claims first at the Claim Construction Hearing.

      **b.    Ricoh's Position.**

Ricoh has made no assertions against Synopsys or Synopsys' customers as to the '016 patent. Consequently, Synopsys should present and bear the burden of proving non-infringement as to the '016 patent. However, with respect to issues of claim construction, since Ricoh is the owner of these patents, Ricoh believes that it should go first at the Claim Construction Hearing.

**TRIAL**

**15.    The parties request a trial date as follows:**

      **a.    Synopsys' Position.**

June 6, 2005, or 220 days after the date of the Court's claim construction ruling whichever is later. Again, Synopsys can tentatively propose a date for trial 220 days after the Court's claim construction ruling. However, Synopsys' lead trial counsel currently has trial set to begin on May 24, 2005.

      **b.    Ricoh's Position.**

Ricoh has proposed that trial begin on May 2, 2005. Since counsel for Synopsys has indicated that she has a trial scheduled to begin on May 24, 2005, which may conflict with the Synopsys proposed trial date of June 6, 2005, the May 2 date would avoid that conflict. In addition, Ricoh is willing to accelerate this schedule so this case can be tried in April of 2005 to further accommodate counsel for Synopsys.[6]

---

[6] Prior to transfer of the related action from Delaware, the parties had agreed upon having that case, which involves most of the same issues, ready for trial in October of 2004.

1    **16.    The parties expect that the trial will last for the following number of days:**

2              **a.    Synopsys' Position.**

3        In the event that the *Ricoh Company, Ltd. v. Aeroflex, Inc, et al.*, matter is stayed, Synopsys

4    proposes eight trial days for the declaratory judgment action.  If Synopsys' declaratory judgment

5    action is tried with the liability phase of the Ricoh v. Aeroflex action, Synopsys and its customer

6    defendants believe that 10 to 12 days will be required.  If all issues in both cases, including damages in

7    the *Ricoh Company, Ltd. v. Aeroflex, Inc, et al.*, matter are tried at once, Synopsys estimates that four

8    weeks of trial will be required.

9

10             **b.    Ricoh's Position.**

11       Ricoh proposes eight trial days for the declaratory judgment action.  If this action is

12   consolidated with the *Ricoh v. Aeroflex et al* action, then Ricoh proposes a total of 12 days for the

13   consolidated actions.  Ricoh submits that all issues in the consolidated actions including liability and

     damages can be tried within 10 to 12 days.

14   Dated:  February 2, 2004              HOWREY SIMON ARNOLD & WHITE, LLP

15

16

17                                        By:   /s/ Teresa Corbin
                                                Teresa M. Corbin
18                                              Attorneys for Plaintiff Synopsys, Inc.

19   Dated:  February 2, 2004              DICKSTEIN SHAPIRO MORIN & OSHINSKY

20

21                                        By:   /s/ Kenneth Brothers
22                                              Jeffrey B. Demain
                                                Gary M. Hoffman
23                                              Kenneth Brothers
                                                Attorneys for Defendant Ricoh Company, Ltd.
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order. In addition the Court orders:

Dated: _____

_____
HON. MARTIN J. JENKINS



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT Of DELAWARE

RICOH COMPANY, LTD.                    )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )        C.A. No.03-103-GMS
                                        )
AEROFLEX INCORPORATED, AMI              )
SEMICONDUCTOR, INC., MATROX             )
ELECTRONIC SYSTEMS LTD.,                )
MATROX GRAPHICS INC., MATROX            )
INTERNATIONAL CORP. and                 )
MATROX TECH, INC.                       )
                                        )
        Defendants.                     )

**RECEIVED**

MAY 3 0 2003

**Robert W. Whetzel**

FILED

MAY 3 0 2003

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SCHEDULING ORDER

This **30**th day of _____May_____ 2003, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on May 16, 2003,

and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before

May 30, 2003.

2.    **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before July 30, 2003.

3.    **Reliance Upon Advice of Counsel.**  Defendants shall inform plaintiff whether

they intend to rely upon advice of counsel as a defense to willful infringement no later than

December 9, 2003. If defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than December 19, 2003.

    4.    **_Markman_ Claim Construction Hearing**. A _Markman_ claim construction hearing shall be held on March 2, 2004 at 9:30 a.m. The _Markman_ hearing is scheduled for a total of not more than 1 day. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues no later than January 5, 2004 and shall exchange initial claim charts no later than January 12, 2004. On or before January 20, 2004, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on January 23, 2004, and the answering claim construction briefs on February 6, 2004.

    5.    **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before January 9, 2004. Opening expert reports shall be exchanged on March 22, 2004 and rebuttal expert reports shall be exchanged on April 23, 2004. Expert Discovery in this case shall be initiated so that it will be completed on or before June 23, 2004. The total time allowed for depositions shall be 240 hours per side, excluding expert discovery, unless extended by agreement of the parties.

    a.    **Discovery Disputes**. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court shall order the party

seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing

the issues in contention.  The responding party shall file within five (5) days from the date of

service of the opening letter an answering letter of no more than **TWO PAGES**.  The party

seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days

from the date of service of the answering letter.

  6. **Confidential Information and Papers filed under Seal.**  Should counsel find it

will be necessary to apply to the Court for a protective order specifying terms and conditions for

the disclosure of confidential information, they should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within 10 days from the date of this order.

When filing papers under seal, counsel should deliver to the Clerk an original and two copies of

the papers.

  **If after making a diligent effort the parties are unable to agree on the contents of the**

**joint proposed protective order, then they shall follow the dispute resolution process**

**outlined in paragraph 5(a).**

  7. **Settlement Conference.**  Pursuant to 28 U. S.C. §636, this matter is referred to

the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the

parties agree that the possibility of settlement may be enhanced by such referral, the parties shall

contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

  8. **Summary Judgment Motions.**  Prior to filing any summary judgment motion,

the parties must submit letter briefs seeking permission to file the motion.  The opening letter

brief shall be no longer than five (5) pages and shall be filed with the Court no later than

February 12, 2004.  Answering letter briefs shall be no longer than five (5) pages and filed with

the Court no later than February 27, 2004.  Reply letter briefs shall be no longer than three (3)

pages and filed with the Court on or before March 8, 2004.  The Court shall hold a status

conference to hear argument and to determine whether the filing of any motion will be permitted

on March 23, 2004 at 11:00 a.m.  **Unless the Court directs otherwise, no letter requests to file

a motion for summary judgment may be filed at a time before the dates set forth in

paragraph 8.**

       9.     **Case Dispositive Motions.**  Should the Court permit the filing of summary

judgment motions an opening brief and affidavits, if any, in support of the motion shall be served

and filed on or before April 2, 2004.  Parties must submit an original and two (2) copies. Briefing

will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative

briefing schedule.  Any such agreement shall be in writing and filed with the Court for approval.

       10.    **Applications by Motion.**  Except as provided in this Order or for matters relating

to scheduling, any application to the Court shall be by written -motion filed with the Clerk.

Unless otherwise requested by the Court, counsel shall not deliver copies of papers or

correspondence to Chambers.  Any non-dispositive motion should contain the statement required

by Local Rule 7.1.1.

       11.    **Oral Argument.**  If the Court believes that oral argument is necessary, the Court

will schedule a hearing Pursuant to Local Rule 7.1.4.

       12.    **Status/Daubert Conference.**  On or before June 30, 2004, the parties shall meet

and confer on any Daubert issues and motion in limine issues that any party wants to raise.  On or

before July 2, 2004, the parties shall submit a joint agenda identifying any Daubert issues that the

parties intend to raise. The Court will hold a telephone conference on July 7, 2004 at 11:00 a.m. to discuss Daubert issues identified in the joint agenda.

13.    **Pretrial Conference.** On September 13, 2004, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendants propose to include in the proposed pretrial order. *Motions in limine*: No party shall file more than ten (10) motions in limine. Briefs (opening, answering and reply) on all motions *in limine* shall be filed by August 6, 2004. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 16, 2004.

14.    **Trial.** This matter is scheduled for a seven day jury trial beginning at 9:00 a.m. on October 12, 2004.

15.    **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE