UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>RICOH CO., LTD.,<br><br>        Defendant.<br>_____/<br>RICOH CO., LTD.,<br><br>        Plaintiff,<br><br>   v.<br><br>AEROFLEX, et al.,<br><br>        Defendants.<br>_____/ | No. C-03-2289 MJJ (EMC)<br>No. C-03-4669 MJJ (EMC)<br><br>**ORDER RE RICOH'S MOTION FOR SANCTIONS REGARDING DR. THOMAS AND AEROFLEX ET AL.'S MOTION REQUESTING COURT ORDER LIFTING RESTRICTIONS IMPOSED BY DELAWARE COURT ON DEPOSITION OF DR. THOMAS (Docket Nos. 67, 68 in No. C-03-4669, Docket Nos. 59, 60 in No. C-03-2289); AND ORDER CLARIFYING STATUS OF OTHER DISCOVERY MOTIONS (Docket Nos. 19, 22, 24, and 86 in C-03-4669; Docket Nos. 69 and 76 in C-03-2289)** |

On February 5, 2004, Judge Jenkins issued an order referring eight discovery motions to this Court. *See* Docket No. 96 in No. C-03-4669. Six of these motions have been withdrawn or otherwise resolved:

    (1)    The parties agreed that three of the motions filed by Ricoh in No. C-03-4669 are not at issue. *See* Docket No. 121 in No. C-03-4669 (addressing motions found at Docket Nos. 19, 22, and 24).

    (2)    The parties agreed that one of the motions filed by Ricoh in No. C-03-4669 is withdrawn. *See* Docket No. 121 in No. C-03-4669 (addressing motion found at Docket No. 86).

(3) The parties reached agreement with respect to two of the motions in No. C-03-2289 and so withdrew the motions. *See* Docket No. 98 in No. C-03-2289 (addressing motions found at Docket Nos. 69 and 76).

The last two motions -- more specifically Aeroflex's[1] motion requesting an order lifting restrictions imposed by the Delaware court on the deposition of Dr. Thomas (Docket No. 68 in C-03-4669, Docket No. 60 in C-03-2289) and Ricoh's motion for sanctions (Docket No. 67 in No. C-03-4669, Docket No. 59 in C-03-2289) – were heard by this Court on March 24, 2004. At the hearing, the Court ruled as follows.

*Aeroflex's motion.* The Court recommended that the parties come up with an approach to determine whether Dr. Thomas had unique or superior knowledge concerning certain subjects compared, *e.g.*, to Dr. Kowalski and other experts identified by Aeroflex. The Court proposed several different approaches, including a declaration from Dr. Kowalski stating those topics/subjects on which Aeroflex seeks testimony that he believed Dr. Thomas to have unique or superior knowledge about or a deposition of Dr. Thomas limited to the issue of the scope of his knowledge. The approach that the parties indicated would be most efficient and effective was that of having a third party (*e.g.*, stipulated to and/or appointed as a special master under Rule 53) who would speak to Dr. Thomas, Dr. Kowalski, and/or others. That third party would then prepare a report for this Court identifying those areas where Dr. Thomas appears to have unique or superior knowledge. It was further suggested that, if the report indicates a deposition is warranted because of Dr. Thomas's unique or superior knowledge, a referee might be stipulated to or appointed to preside over the deposition to ensure that confidential information obtained by Dr. Thomas in the course of his consultation with Ricoh would not be disclosed. The Court ordered the parties to report back within **thirty days** as to whether they were able to agree on such a process and if so what that process would entail and a timeline therefor.

*Ricoh's motion.* Based on the discussion regarding Aeroflex's motion, the issue is whether there are grounds for imposing sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent power. While there are steps that counsel for Aeroflex should have taken if only as a matter of good practice -- *e.g.*,

---

[1] For purposes of convenience, the Court's use of the term "Aeroflex" refers to all defendants in No. C-03-4669 *and* to Synopsys, the declaratory judgment plaintiff in No. C-03-2289.

immediately contacting counsel for Ricoh in early July 2003 when a consulting relationship with Dr. Thomas was first contemplated -- for the reasons stated on the record, the conduct of counsel for Aeroflex did not rise to the level of bad faith under § 1927 or conduct warranting preclusion under the inherent powers of the Court, which resulted in prejudice to Ricoh. *See Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (noting that "section 1927 sanctions must be supported by a finding of subjective bad faith," such as when "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent") (internal quotation marks omitted); *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 47 U.S.P.Q.2d 1536, at *4 (N.D. Cal. 1998) (discussing inherent power to disqualify experts to protect privileges and to preserve fairness and integrity of judicial proceedings).

Ricoh has failed to point to any irreparable prejudice as a result of the conduct of counsel for Aeroflex complained of herein. For example, based on the Court's review of the documents provided by the parties (including in camera), Dr. Thomas did not share any of Ricoh's substantive confidential information with Aeroflex.[2] Also, the several proceedings before the Delaware court would more than likely have taken place even if counsel for Aeroflex had immediately notified counsel for Ricoh about the contemplated retention of Dr. Thomas -- *i.e.*, counsel for Ricoh would still have insisted that Aeroflex could not hire Dr. Thomas as an expert and counsel for Aeroflex would still have insisted that Aeroflex could. While Ricoh has suggested that it has suffered prejudice because it has lost the use of Dr. Thomas as an expert (Dr. Thomas's engagement letter with counsel for Aeroflex stated that he would not give testimony adverse to Aeroflex), that prejudice is not irremediable. That is, the Court could order a complete rescission of the engagement between Dr. Thomas and Aeroflex such that Ricoh, if it so desired, could re-hire Dr. Thomas. The Court will not consider such relief unless requested by Ricoh. The Court therefore denies Ricoh's motion for sanctions.

---

[2] Because there was no sharing of Ricoh confidences, disqualification of the Howrey firm as counsel for Aeroflex is not an appropriate sanction. *See Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) (noting that "the essential issue in determining whether counsel should be disqualified in a litigation situation is whether the alleged misconduct taints the lawsuit"; adding that "[t]he court must reject a per se disqualification and requires a showing of actual taint or a substantial likelihood").

In summary, the Court reserves ruling on Docket No. 60 and denies Docket No. 59 (both in No. C-03-2289). Dockets Nos. 19, 22, 24, and 86 are all denied as moot because they have been withdrawn (all in No. C-03-4669). In addition, Docket Nos. 69 and 76 are also denied as moot because they have been withdrawn (both in No. C-03-2289).

IT IS SO ORDERED.

Dated: March 25, 2004

/s/
EDWARD M. CHEN
United States Magistrate Judge