Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Plaintiff
SYNOPSYS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>RICOH COMPANY, LTD., a Japanese corporation<br><br>    Defendant. | Case No. C03-02289 MJJ (EMC)<br><br>**PLAINTIFF SYNOPSYS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SYNOPSYS, INC.'S FIRST SET OF INTERROGATORIES**<br><br>**Date:       May 5, 2004**<br>**Time:       10:30 a.m.**<br>**Courtroom:  C, 15th Floor**<br>**Judge:      Hon. Edward M. Chen** |

Case No. C03-02289 MJJ (EMC)
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8014738.v1

HOWREY
SIMON
ARNOLD &
WHITE

# TABLE OF CONTENTS

NOTICE OF MOTION AND RELIEF REQUESTED ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.   STATEMENT OF THE ISSUES .................................................................................. 1

II.  INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 1

III. STATEMENT OF THE RELEVANT FACTS ............................................................. 3

    A.  Synopsys Brought This Declaratory Judgment Action In Response To Ricoh's Claim That The Ordinary Use Of Design Compiler Infringes Ricoh's Patents ........................................................................... 3

    B.  Ricoh Refuses To Respond To Discovery on Its Infringement Theories ........................................................................................................ 4

IV.  ARGUMENT .................................................................................................................. 6

    A.  Ricoh's Infringement Theories Are Relevant And Discoverable In This Action ................................................................................................. 6

    B.  The Patent Local Rules Preclude Ricoh From Withholding Discovery On Its Infringement Theories .......................................................... 7

    C.  Ricoh's Responses To These Three Interrogatories Are Inadequate ............................ 9

V.   CONCLUSION ............................................................................................................. 11

Case No. C03-02289 MJJ (EMC)   i
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8014738.v1

HOWREY
SIMON
ARNOLD &
WHITE

# TABLE OF AUTHORITIES

**CASES**

*STX, Inc. v. Brine, Inc.*
    37 F. Supp. 2d 740 (D. Md. 1999) .................................................................................... 10

*Vivid Techs., Inc. v. American Sci. & Eng'g, Inc.*
    200 F.3d 795 (Fed. Cir. 1999) ............................................................................................ 6

**OTHER AUTHORITIES**

*Moore's Federal Practice*
    § 57.62[2][d] (3d ed. 1997) ............................................................................................ 6, 7

**RULES**

Patent Local Rule 2-5 ................................................................................................................ 2, 7, 8

Patent Local Rule 3-1 ...................................................................................................................... 5

Patent Local Rule 3-5 ...................................................................................................................... 8

Patent Local Rules 2-5(b) ................................................................................................................ 8

Case No. C03-02289 MJJ (EMC)
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8014738.v1

ii

HOWREY
SIMON
ARNOLD &
WHITE

## NOTICE OF MOTION AND RELIEF REQUESTED

Please take notice that, on May 5, 2004 at 10:30 a.m., before the Honorable Edward M. Chen in Courtroom C, 15th Floor, in the United States District Court, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Synopsys, Inc. ("Synopsys") will seek an Order from this Court 1) overruling defendant Ricoh Company, Ltd.'s ("Ricoh") objections to Interrogatory Nos. 1-3 in Synopsys, Inc.'s First Set of Interrogatories (Nos. 1-6); 2) compelling Ricoh to disclose the information it refused to provide, pursuant to those objections; and, 3) compelling Ricoh to provide an adequate response to Interrogatory Nos. 1-3 in Synopsys, Inc's First Set of Interrogatories (Nos. 1-6).

This motion is based on the following memorandum of points and authorities, the accompanying declaration of Thomas C. Mavrakakis and exhibits in support thereof, the oral arguments of counsel at the hearing on this motion, and all other pleadings in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **STATEMENT OF THE ISSUES**

1. Whether the patent owner's infringement theories and the evidence supporting them are relevant and discoverable in a declaratory judgment action that includes a claim for non-infringement?

2. Whether this District's Patent Local Rules excuse the patent owner from responding to discovery seeking its infringement theories and the evidence supporting them in a declaratory judgment action that includes a claim for non-infringement?

II. **INTRODUCTION AND SUMMARY OF ARGUMENT**

Reviewing Ricoh's responses to Synopsys' Interrogatories 1-3, can only lead the Court to two conclusions. The first is that Ricoh never had and still does not have any factual basis for its threats of infringement and its infringement action against Synopsys' customers. The second is that Ricoh is improperly withholding the information that is responsive to these three interrogatories.

HOWREY SIMON ARNOLD & WHITE

Case No. C03-02289 MJJ (EMC)
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8014738.v1

1

Assuming that Ricoh is withholding responsive information, it has not raised any objection that warrants withholding such information. During the meet and confer process for the present dispute, Ricoh confirmed that it was relying on two objections to excuse its failure to properly respond to these interrogatories. Ricoh will not provide proper responses to these interrogatories because it contends that they are "not relevant to any claim or defense," and "premature" because they seek information not "required by the local patent rules for declaratory judgment actions." There is no merit to either of these objections.

First, Ricoh's infringement positions and the evidence supporting them are directly relevant to Synopsys' claim in this declaratory judgment action that the use of Synopsys Design Compiler products[1] do not infringe the '432 patent. For this declaratory relief claim, Ricoh, as the patent owner, has the burden of proving that the use of Synopsys Design Compiler products infringes the '432 patent. Thus, Ricoh has no basis for withholding its infringement theories and the evidence it has, if any, to support them.

Second, Patent Local Rule 2-5 specifically prohibits Ricoh's "premature" objection based on the Patent Local Rules. Besides being explicitly prohibited by the Patent Local Rules themselves, Ricoh's "premature" objection is also contrary to their purpose. The Patent Local Rules were designed to streamline the discovery process in patent litigations and should not and cannot be interpreted to provide excuses for parties—like Ricoh—to withhold responsive information to properly served discovery requests.

For these reasons, Ricoh's objections should be overruled and Ricoh should be required to provide a proper response to these interrogatories.

---

[1] "Synopsys Design Compiler products" refers to Synopsys' Design Compiler®, HDL Compiler™ for Verilog, VHDL Compiler®, and DesignWare Foundation Libraries.

Case No. C03-02289 MJJ (EMC)                              -2-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

HOWREY
SIMON
ARNOLD &
WHITE

DM_US\8014738.v1

## III. STATEMENT OF THE RELEVANT FACTS

### A. Synopsys Brought This Declaratory Judgment Action In Response To Ricoh's Claim That The Ordinary Use Of Design Compiler Infringes Ricoh's Patents

Ricoh has threatened Synopsys' customers with infringement of both its '432 patent and the related '016 patent. (Exs. A, B).[2] Early last year, Ricoh brought an action for patent infringement of its '432 patent against six of Synopsys' customers. Ricoh's infringement threats and its infringement action against Synopsys' customers are both based on the same claim by Ricoh. Ricoh claims that the ordinary use of Synopsys Design Compiler products infringes the '432 patent. (Ex. C at 5).

Synopsys responded by initiating the present declaratory judgment action against Ricoh. In this action, Synopsys seeks, among other things, a judgment that the use of Synopsys Design Compiler products do not infringe any of the claims of either the '432 patent or the related '016 patent. (Dkt. # 75). After attempting, albeit unsuccessfully, to avoid service of the Complaint, Ricoh filed a motion to dismiss Synopsys' action for, among other things, lack of subject matter jurisdiction. (Dkt. # 18).

Ricoh's motion to dismiss was based on Ricoh's covenant not to sue Synopsys' on these two patents for any of its existing products. (*Id.* at 12). Because of Ricoh's threats of infringement suits against Synopsys' customers and the infringement action brought by Ricoh against six of those customers, however, Judge Jenkins denied Ricoh's motion. (Dkt. # 41). The Court concluded that there was a case or controversy because Ricoh's infringement action and the threats of infringement against Synopsys' customers were based on Ricoh's claim that the ordinary use of Synopsys Design Compiler products infringe the '432 patent. (*Id.* at 9; *see also* Ex. C at 5).

---

[2] Exhibits referenced are attached to the Decl. of Thomas C. Mavrakakis in Support of Plaintiff's Motion to Compel Responses to Synopsys First Set of Interrogatories ("Mavrakakis Decl.").

Case No. C03-02289 MJJ (EMC)   -3-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8014738.v1

HOWREY SIMON ARNOLD & WHITE

### B. **Ricoh Refuses To Respond To Discovery on Its Infringement Theories**

More than five months ago, Synopsys served its First Set of Interrogatories (Nos. 1-6). (Ex. D). Interrogatory Nos. 1-3 sought Ricoh's infringement theories and the evidence that supported them. Specifically, Synopsys' Interrogatory Nos. 1-3 provided:

1. What are the functions that Synopsys' Design Compiler software is capable of performing that Ricoh claims meet the elements (either literally or under the doctrine of equivalents) of the '432 patent claims?

2. Identify any evidence that supports Ricoh's claim that Synopsys' Design Compiler software is capable of performing the Design Compiler software functions identified in response to Interrogatory No. 1?

3. Identify any evidence that supports Ricoh's claim that Synopsys' Design Compiler software meets the elements (either literally or under the doctrine of equivalents) of the '432 patent claims?

On November 17, 2003, Ricoh filed objections to these three interrogatories but provided no substantive response to them. (Ex. E). Ricoh's objections to these three interrogatories were essentially the following: 1) they do not "relate to any claim or defense of any party"; and 2) they are "premature" since they seek information not "required by the local patent rules for declaratory judgment actions."[3] After the parties exchanged written correspondence and met and conferred by phone, Ricoh eventually agreed to provide a response to these three interrogatories. (Exs. F, G, H, I, J).

On December 9, 2003, Ricoh served its supplemental response to these interrogatories. (Ex. K). Ricoh's response was still inadequate. For Interrogatory No. 1, Ricoh failed to identify how even a single claim element in the '432 patent was met by any Design Compiler function. Instead, Ricoh merely paraphrased the process steps of claim 13. For Interrogatory Nos. 2 and 3, Ricoh merely identified a single document as evidence supporting its infringement claims based on the use of Design

Case No. C03-02289 MJJ (EMC)                -4-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

HOWREY
SIMON
ARNOLD &
WHITE     DM_US\8014738.v1

Compiler. These responses made clear that Ricoh was either withholding responsive information or had no basis for its claim that the use of Synopsys Design Compiler products infringed the '432 patent.

Synopsys and Ricoh then exchanged further written correspondence in an effort to resolve this issue. (Exs. L, M, N, O, P, Q). But the parties maintained their respective positions. Synopsys' position has been that Ricoh was improperly withholding relevant information regarding its infringement theories and Ricoh's position was that the above-identified objections warranted its withholding of that information.

On March 17, 2004, the parties conducted a telephonic meet and confer in an attempt to resolve the dispute between them.[4] (Mavrakakis Decl. ¶ 2). Ricoh offered to incorporate by reference its infringement contentions for claims 13-18 from the related action between Ricoh and Synopsys' customers. (Mavrakakis Decl. ¶ 4). Synopsys rejected this proposal because those contentions were not only inadequate under the Patent Local Rule 3-1, but they also would not constitute an adequate response to these interrogatories. (Mavrakakis Decl. ¶ 5).[5] During that meet and confer, Ricoh confirmed that it was withholding responsive information based on the following two objections only: 1) the interrogatories do not "relate to any claim or defense of any party"; and 2) the interrogatories are "premature" since they seek information not "required by the local patent rules for declaratory judgment actions." (Mavrakakis Decl. ¶ 3).

---

(...Continued)

[3] During the meet and confer on March 17, 2004, Ricoh's counsel confirmed that these two objections were the only ones that Ricoh was relying on to withhold information responsive to these three interrogatories. (Mavrakakis Decl. at ¶ 3).

[4] It is difficult for the parties to conduct in person meet and confers since Ricoh's counsel resides in Washington D.C. and in New York.

[5] Yesterday the Defendants in the related action, *Ricoh Company Ltd. v. Aeroflex, Inc. et al.*, Case No. C03-04669 MJJ, filed a motion before Judge Jenkins seeking, among other relief, an order striking Ricoh's infringement contentions pursuant to Patent Local Rule 3-1.

Case No. C03-02289 MJJ (EMC)                -5-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

On March 24, 2004, the parties again met and conferred in person after a scheduled hearing before this Court. (Mavrakakis Decl. ¶ 7). Both parties maintained their earlier positions and consequently, the parties were unable to resolve the present discovery dispute.

## IV. ARGUMENT

### A. Ricoh's Infringement Theories Are Relevant And Discoverable In This Action

Ricoh claims that Synopsys' customers' ordinary use of Synopsys Design Compiler products infringes its '432 patent. In response to Ricoh's threats against Synopsys' customers, Synopsys filed the instant declaratory judgment action, which includes a claim that the use of Synopsys Design Compiler products do not infringe any claim of the '432 patent. (Dkt. # 75).

Synopsys' interrogatories seek Ricoh's position on what functions in Synopsys Design Compiler products meet each of the elements in the '432 patent's claims, and the evidence that Ricoh has to support its position that the use of those products infringe that patent. The information requested by these interrogatories is not only reasonably calculated to lead to the discovery of admissible evidence for Synopsys' declaratory relief claim relating to infringement, but is directly relevant to that claim. There is simply no merit to Ricoh's objection that the information requested on its infringement theories does not "relate to any claim or defense of any party." Ricoh, not Synopsys, has the burden of proof on the infringement issue in Synopsys' declaratory judgment action.

To the extent Ricoh claims that Synopsys must come forward first with evidence of noninfringement, Ricoh is wrong. Ricoh, as the patent owner, always has the burden of proof on infringement. *Vivid Techs., Inc. v. American Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999) ("in patent cases 'courts have generally recognized that any role reversal occasioned by declaratory relief should not shift the burden of proof from the manner in which it would be assigned in a coercive infringement suit'") (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 57.62[2][d] (3d ed. 1997). Ricoh's failure to bring a coercive patent infringement counterclaim in this action does not

Case No. C03-02289 MJJ (EMC)   -6-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

HOWREY
SIMON
ARNOLD &
WHITE

DM_US\8014738.v1

change the fact that Ricoh has the burden to prove that the use of Synopsys Design Compiler products infringe the '432 patent. *Id.* Simply stated, Ricoh's relevance objection has no merit and should be overruled.

There is also no inequity in requiring Ricoh, as the patent owner, to come forward with the basis for its claim that the ordinary use of Synopsys Design Compiler products infringes its patent. As explained in *Moore's*, it does not make sense to have Synopsys come forward first with reasons why it does not infringe as Ricoh suggests. *See Moore's Federal Practice* § 57.62[2][d] ("If the burden of proof is shifted in these declaratory judgment actions, the alleged infringer would be forced to prove a negative, that no conceivable activity could infringe on any of the holder's rights."). Ricoh chose to threaten Synopsys' customers with infringement suits based solely on their use of Synopsys Design Compiler products, and has sued six of Synopsys' customers for patent infringement on that same basis. Having made those threats of infringement and initiating an infringement action against Synopsys' customers, there is no inequity in requiring Ricoh to come forward with its positions as to why it claims that the use of Synopsys Design Compiler products infringes the '432 patent, as well as any evidence it has to support that claim.

### B.  The Patent Local Rules Preclude Ricoh From Withholding Discovery On Its Infringement Theories

Not only should Ricoh's relevance objection be overruled, but Ricoh's objection that these interrogatories are "premature" since they seek information not "required by the local patent rules for declaratory judgment actions" is baseless as well. In fact, Patent Local Rule 2-5 actually prohibits Ricoh from making the "premature" objection it makes to these three interrogatories. Patent Local Rule 2-5 provides:

> Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory…)…that the discovery request…is premature in light of, or otherwise conflicts with, these Patent Local Rules.

Case No. C03-02289 MJJ (EMC)  -7-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

Ricoh simply disregards this prohibition.

Despite Patent Local Rule 2-5's prohibition against making this "premature" objection, Ricoh objects based on Patent Local Rule 3-5. Specifically, Ricoh claims that it is not required to provide responses to interrogatories seeking information on its infringement theories because Patent Local Rule 3-5 does not require them to do so. This is exactly the type of objection Patent Local Rule 2-5 was designed to prohibit and is contrary to the very purpose of the Patent Local Rules—to streamline discovery in patent litigations.

Patent Local Rule 2-5 allows only a "patent claimant" to <u>postpone</u> providing a response to "[r]equests seeking to elicit…a comparison of the asserted claims and the accused…instrumentality" until the date the Patent Local Rules require the patent claimant to serve its Preliminary Infringement Contentions. *See* Patent L.R. 2-5(b). But Ricoh cannot rely on Patent Local Rule 2-5(b) since this exception is for patent claimants only. Ricoh does not argue that it is a patent claimant and has relied on Patent Local Rule 3-5 in support of its refusal to provide Preliminary Infringement Contentions in this declaratory judgment action. Because Ricoh refuses to file such contentions under the Patent Local Rules, it has no basis for even <u>postponing</u> its response to these three interrogatories never mind withholding them indefinitely as it is attempting to do here.

In sum, Ricoh claims that it is not required to provide Preliminary Infringement Contentions in this case and at the same time that it is not required to provide its infringement theories in response to properly served discovery requests. Ricoh cannot have it both ways. Ricoh's objection based on the Patent Local Rules has no merit and should be overruled.

Because the only two objections that Ricoh relies on to withhold responsive information should be overruled, the Court should order Ricoh to provide the responsive information that it has been improperly withholding based on these objections.

Case No. C03-02289 MJJ (EMC)    -8-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

HOWREY
SIMON
ARNOLD &
WHITE

DM_US\8014738.v1

### C. Ricoh's Responses To These Three Interrogatories Are Inadequate

Interrogatory No. 1 provides:

> What are the functions that Synopsys' Design Compiler software is capable of performing that Ricoh claims meet the elements (either literally or under the doctrine of equivalents) of the '432 patent claims?

Ricoh does not identify any Design Compiler software functions that allegedly meet any of the elements of the '432 patent claims. Instead, as illustrated in the chart below, Ricoh's response appears to simply paraphrase the steps in claim 13.

| Ricoh's Supplemental Response To Interrogatory No. 1 | Claim 13 of the '432 Patent |
|---|---|
| Upon information and belief, the ASIC defendants particularly use Design Compiler to perform steps of: storing a set of definitions of architecture independent actions and conditions, | storing a set of definitions of architecture independent actions and conditions; |
| storing data describing available hardware cells for performing the actions and conditions, | storing data describing a set of available integrated circuit hardware cells for performing the actions and conditions defined in the stored set; |
| storing in an expert system knowledge base a set of rules for selecting hardware cells, | storing in an expert system knowledge base a set of rules for selecting hardware cells to perform the actions and conditions; |
| describing for the proposed ASIC a series of architecture independent actions and conditions, | describing for a proposed application specific integrated circuit a series of architecture independent actions and conditions; |
| specifying one of the stored definitions that corresponds to a desired action or condition, | specifying for each described action and condition of the series one of said stored definitions which corresponds to the desired action or condition to be performed; and |
| selecting a hardware cell for performing the desired function of the ASIC through the use of cell selection rules stored in the expert system knowledge base, and generating a netlist defining the hardware cells of the proposed ASIC. | selecting from said stored data for each of the specified definitions a corresponding integrated circuit hardware cell for performing the desired function of the application specific integrated circuit, said step of selecting a hardware cell comprising applying to the specified definition of the action or condition to be performed, a set of cell selection rules stored in said expert system knowledge base and generating for the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to perform the desired function of the integrated circuit and the interconnection requirements therefor. |

Case No. C03-02289 MJJ (EMC)                                    -9-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

HOWREY
SIMON
ARNOLD &
WHITE

DM_US\8014738.v1

This is not a good faith response to Interrogatory No. 1.

Ricoh's responses to Interrogatory Nos. 2 and 3 are not any better. These two interrogatories provide:

> Identify any evidence that supports Ricoh's claim that Synopsys' Design Compiler Software is capable of performing the Design Compiler software functions identified in response to Interrogatory No. 1?

> Identify any evidence that supports Ricoh's claim that Synopsys's Design Compiler software meets the elements (either literally or under the doctrine of equivalents) of the '432 patent claims?

Ricoh's failure to identify any Design Compiler functions in response to Interrogatory No. 1 renders its response to Interrogatory No. 2 inadequate as well. These deficient responses, with their rote parroting of the claim language, do not help the Court in deciding whether the use of Synopsys Design Compiler products infringe the '432 patent. *See STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999) (granting summary judgment of noninfringement where plaintiff's "response to the interrogatory is little more than a recitation of claim language from the '434 patent."). Once Ricoh properly responds to Interrogatory No.1, its response to this interrogatory requires identifying what, if any, evidence supports Ricoh's position that any such function is capable of being performed by Synopsys Design Compiler products.

At present, Ricoh only identifies a single document in response to both Interrogatory Nos. 2 and 3.[6] For Interrogatory No. 2, Ricoh was required to identify <u>for each</u> Design Compiler function the evidence that supports its claim that Design Compiler is capable of performing that function. For Interrogatory No. 3, Ricoh was required to identify any other evidence supporting its claim that the use of Design Compiler meets the claim elements of the '432 patent. It is difficult to believe that Ricoh

---

[6] The document identified by Ricoh appears to be a copy of VHDL Compiler Reference Manual, version 1999.05. (Ex. R). Ricoh has not and cannot claim that this document, by itself, provided a sufficient basis for its claims that the use Synopsys Design Compiler products by Synopsys' customers infringe the '432 patent.

Case No. C03-02289 MJJ (EMC)                    -10-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

HOWREY SIMON ARNOLD & WHITE

DM_US\8014738.v1

can identify only a single document to support its claim that the ordinary use of Synopsys Design Compiler products infringe the '432 patent. Certainly Ricoh must have had additional documents that form the basis for its claims of infringement and the infringement action it filed against Synopsys' customers.

Thus, there can be only two explanations for Ricoh's inadequate responses to these two interrogatories. The first is that Ricoh is improperly withholding the factual basis for its claims of infringement and its infringement action against Synopsys' customers. The second is that Ricoh never had a factual basis for its claim that the use of Synopsys Design Compiler products infringe the '432 patent. Therefore, Ricoh should be required to either: 1) confirm that it has no other evidence of infringement and that it is not withholding any such evidence at this time in verified responses to these interrogatories; or 2) identify any such other evidence that it has at this time as required by these discovery requests.

## V.   CONCLUSION

For all of the foregoing reasons, Synopsys' motion to compel further responses to its First Set of Interrogatories, specifically Interrogatories Nos. 1-3, should be granted.

Dated: March 31, 2004                    Respectfully submitted,

                                         HOWREY SIMON ARNOLD & WHITE, LLP


                                         By:  /s/Thomas C. Mavrakakis
                                              Thomas C. Mavrakakis
                                              Attorneys for Plaintiff
                                              SYNOPSYS, INC.

Case No. C03-02289 MJJ (EMC)             -11-
Synopsys' Notice of Motion and Motion to Compel
Responses to Synopsys First Set of Interrogatories

DM_US\8014738.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | ) Case No. C03-02289 MJJ (EMC) <br> ) <br> ) **[PROPOSED] ORDER GRANTING** <br> ) **PLAINTIFF SYNOPSYS, INC'S MOTION** <br> ) **TO COMPEL RESPONSES TO SYNOPSYS** <br> ) **FIRST SET OF INTERROGATORIES** <br> ) <br> ) Date:   May 5, 2004 <br> ) Time:  10:30 a.m. <br> ) Ctrm:  C, 15th Floor <br>   Judge: Hon. Edward M. Chen |

**HOWREY**
**SIMON**
**ARNOLD &**
**WHITE**

CASE NO. C03-02289 MJJ (EMC)
[PROPOSED] ORDER

1   This matter came before the Court on May 5, 2004 on motion by plaintiff Synopsys, Inc.
2   ("Synopsys"), seeking to compel responses to Synopsys' First Set of Interrogatories.
3   After consideration of the papers filed in support of the motion, any papers filed in opposition,
4   and any oral argument of counsel:
5   IT IS ORDERED, ADJUDGED AND DECREED that:
6   1.   Ricoh's objections to Interrogatory Nos. 1-3 in Synopsys, Inc.'s First Set of
7   Interrogatories (Nos. 1-6) are overruled;
8   2.   Ricoh shall disclose all information that it refused to provide pursuant to its objections
9   to Interrogatory Nos. 1-3 in Synopsys, Inc.'s First Set of Interrogatories (Nos. 1-6) in supplemental
10  responses to those interrogatories to be served within 5 days of the date of this order;
11  3.   Ricoh shall disclose information sufficient for providing an adequate response to
12  Interrogatory Nos. 1-3 in Synopsys, Inc.'s First Set of Interrogatories (Nos. 1-6) in supplemental
13  responses to those interrogatories to be served within 5 days of the date of this order; and
14  4.   Ricoh shall certify in its supplemental responses served to pursuant to this order that it
15  has provided all responsive information to Interrogatory Nos. 1-3 in Synopsys, Inc.'s First Set of
16  Interrogatories (Nos. 1-6).

Dated: _____, 2004        _____
                                        The Honorable Edward M. Chen
                                        United States Magistrate Judge

Submitted March 31, 2004 by:
HOWREY SIMON ARNOLD & WHITE, LLP


By: _____
    Teresa M. Corbin
    Christopher Kelley
    Thomas C. Mavrakakis
    Erik K. Moller
    301 Ravenswood Avenue
    Menlo Park, CA  94025-3434
    Telephone:  (650) 463-8100
    Facsimile:  (650) 463-8400
    Attorneys for Plaintiff SYNOPSYS, INC.

HOWREY SIMON ARNOLD & WHITE

CASE NO. C03-02289 MJJ (EMC)           -2-
[PROPOSED] ORDER