1   Teresa M. Corbin (SBN 132360)
    Christopher Kelley (SBN 166608)
2   Thomas C. Mavrakakis (SBN 177927)
    Erik K. Moller (SBN 147674)
3   HOWREY SIMON ARNOLD & WHITE, LLP
    301 Ravenswood Avenue
4   Menlo Park, California  94025
    Telephone:  (650) 463-8100
5   Facsimile:  (650) 463-8400

6   Attorneys for Plaintiff
    SYNOPSYS, INC.

7

                    UNITED STATES DISTRICT COURT

8

                 NORTHERN DISTRICT OF CALIFORNIA

9

                    SAN FRANCISCO DIVISION

10

    SYNOPSYS, INC.,                     )  Case No. C03-02289 MJJ (EMC)
11                                       )
               Plaintiff,                )  **DECLARATION OF THOMAS C.**
12                                       )  **MAVRAKAKIS IN SUPPORT OF**
         vs.                             )  **PLAINTIFF SYNOPSYS, INC.'S MOTION**
13                                       )  **TO COMPEL RESPONSES TO SYNOPSYS'**
    RICOH COMPANY, LTD.,                 )  **FIRST SET OF INTERROGATORIES**
14                                       )
               Defendant.                )  Date:   May 5, 2004
15  _____ )  Time:   10:30 a.m.
                                            Ctrm:   C, 15th Floor
16                                          Judge:  Hon. Edward M. Chen

17        I, Thomas C. Mavrakakis, declare as follows:

18        1.      I am an attorney at law licensed to practice in the State of California and a partner of the

19  law firm of Howrey Simon Arnold & White, LLP, attorneys for plaintiff Synopsys, Inc. ("Synopsys").

20  The matters set forth in this declaration are based upon my personal knowledge, except where

21  otherwise indicated, and if called as a witness, I could and would testify competently thereto.

22        2.      On March 17, 2004, I conducted a telephonic meet and confer with Kenneth W.

23  Brothers, counsel for defendant Ricoh Company, Ltd. ("Ricoh"), to discuss the parties' dispute

24  concerning Ricoh's responses to Synopsys' First Set of Interrogatories.

25        3.      Mr. Brothers' confirmed that Ricoh was withholding information responsive to

26  Interrogatory Nos. 1-3 based on only two objections.  The first is properly summarized as a relevance-

27  based objection that the interrogatories did not "relate to any claim or defense of any party" in this

28
CASE NO. C03-02289 MJJ (EMC)
DEC. OF THOMAS C. MAVRAKAKIS ISO SYNOPSYS' MTC
RESPONSES TO SYNOPSYS' 1ST SET OF INTERROGATORIES

HOWREY
SIMON
ARNOLD &
WHITE

DM_US\8014545.v1

1    case. The second is that the interrogatories were "premature" because they sought information not

2    "required by the local patent rules for declaratory judgment actions."

3         4.    Mr. Brothers offered, on behalf of Ricoh, to incorporate by reference its Disclosures of

4    Asserted Claims and Preliminary Infringement Contentions ("PICs"), served on the defendants in

5    *Ricoh Company Ltd. v. Aeroflex, Inc. et al.*, Case No. C03-02289 MJJ. These disclosures contained

6    Ricoh's infringement contentions with respect to claims 13-18 of U.S. Patent No. 4,922,432.

7         5.    I informed Mr. Brothers that Ricoh's offer was not acceptable to Synopsys since

8    Ricoh's PICs did not comply with Patent Local Rule 3-1, and that the PICs would not constitute an

9    adequate response to Interrogatory Nos. 1-3.

10        6.    The parties were unable to reach an agreement concerning Ricoh's responses to the

11   interrogatories during the telephonic meet and confer.

12        7.    On March 24, 2004, I conducted a meet and confer in person with Mr. Brothers, to

13   discuss the parties' dispute concerning Ricoh's responses to Synopsys' First Set of Interrogatories.

14   Mr. Brothers and I maintained our previous positions on the issue, and were unable to come to an

15   agreement.

16        8.    Attached hereto as Exhibit A is a true and correct copy of a letter dated March 7, 2003,

17   from Gary M. Hoffman to Steve McMinn.

18        9.    Attached hereto as Exhibit B is a true and correct copy of a letter dated March 7, 2003,

19   from Gary M. Hoffman to Kuang Chiu.

20        10.   Attached hereto as Exhibit C is a true and correct copy of a Memorandum and Order

21   Granting Defendants' Motion to Transfer, filed August 29, 2003, in the United States District Court for

22   the District of Delaware in *Ricoh Company, Ltd. v. Aeroflex Inc. et al.*, Civil Action No. 03-103 GMS.

23        11.   Attached hereto as Exhibit D is a true and correct copy of Synopsys, Inc.'s First Set of

24   Interrogatories (Nos. 1-6).

25        12.   Attached hereto as Exhibit E is a true and correct copy of Ricoh's Response to

26   Synopsys' First Set of Interrogatories (Nos. 1-6).

27

28

CASE NO. C-03-02289 MJJ (EMC)                                          -2-
DEC. OF TOMAS C. MAVRAKAKIS ISO SYNOPSYS' MTC
RESPONSES TO SYNOPSYS' 1ST SET OF INTERROGATORIES

**HOWREY
SIMON
ARNOLD &
WHITE**   DM_US\8014545.v1

1    13.    Attached hereto as Exhibit F is a true and correct copy of a letter dated November 19,

2  2003, from Erik K. Moller to Edward A. Meilman.

3    14.    Attached hereto as Exhibit G is a true and correct copy of a letter dated November 21,

4  2003, from Edward A. Meilman to Erik K. Moller.

5    15.    Attached hereto as Exhibit H is a true and correct copy of a letter dated November 24,

6  2003, from Edward A. Meilman to Erik K. Moller.

7    16.    Attached hereto as Exhibit I is a true and correct copy of a letter dated November 24,

8  2003, from Erik K. Moller to Edward A. Meilman.

9    17.    Attached hereto as Exhibit J is a true and correct copy of a letter dated November 25,

10  2003, from Edward A. Meilman to Erik K. Moller.

11    18.    Attached hereto as Exhibit K is a true and correct copy of Ricoh's Supplemental

12  Response to Synopsys' First Set of Interrogatories (Nos. 1-6).

13    19.    Attached hereto as Exhibit L is a true and correct copy of a letter dated December 15,

14  2003, from Matthew E. Hocker to Edward A. Meilman.

15    20.    Attached hereto as Exhibit M is a true and correct copy of a letter dated December 17,

16  2003, from Edward A. Meilman to Matthew E. Hocker.

17    21.    Attached hereto as Exhibit N is a true and correct copy of a letter dated December 18,

18  2003, from Matthew E. Hocker to Edward A. Meilman.

19    22.    Attached hereto as Exhibit O is a true and correct copy of a letter dated December 19,

20  2003, from Edward A. Meilman to Matthew E. Hocker.

21    23.    Attached hereto as Exhibit P is a true and correct copy of a letter dated March 4, 2004,

22  from Thomas C. Mavrakakis to Kenneth W. Brothers.

23    24.    Attached hereto as Exhibit Q is a true and correct copy of a letter dated March 12, 2004,

24  from Eric Oliver to Thomas C. Mavrakakis.

25    25.    Attached hereto as Exhibit R and submitted under seal is a true and correct copy of a

26  document Bates-numbered RCL008608-8642, produced by Ricoh in this litigation.

27    Executed on March 31, 2004, in Menlo Park, California.

28

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3                                                                /s/ Thomas C. Mavrakakis
                                                                 Thomas C. Mavrakakis
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C-03-02289 MJJ (EMC)                          -4-
DEC. OF TOMAS C. MAVRAKAKIS ISO SYNOPSYS' MTC
RESPONSES TO SYNOPSYS' 1ST SET OF INTERROGATORIES

HOWREY
SIMON
ARNOLD &
WHITE
DM_US\8014545.v1

# EXHIBIT A

DICKSTEIN  SHAPIRO  MORIN  & OSHINSKY  LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2228
E-Mail Address: HoffmanG@dsmo.com

March 7, 2003

**BY CERTIFIED MAIL-**
**RETURN RECEIPT REQUESTED**

Mr. Steve McMinn                                    **CONFIDENTIAL TREATMENT**
President & CEO                                                    **REQUESTED**
Chip Express Corporation
2323 Owen Street
Santa Clara CA 95054

Dear Mr. McMinn:

        We are writing to you on behalf of Ricoh Company Ltd. because we are aware
that your company is involved with the design of custom ICs that include application
specific designed circuitry. We understand that in designing these circuits, you use a
computer-aided design system obtained from Synopsys, including Design Compiler.

        As you may know, Ricoh owns two of the basic patents directed to computer-
aided design processes. These are U.S. Patent Nos. 4,922,432 and 5,197,016. They cover
significant advances in computer-aided design processes for designing custom designed ICs
for specific applications directly from architecture independent functional specifications for
the integrated circuit. We are enclosing copies of these patents for your information.

        While Ricoh is currently enforcing these patents in a lawsuit it recently filed in
the U.S. District Court for the District of Delaware, Ricoh remains willing to license the
patents. In fact, Ricoh has already granted non-exclusive licenses under these patents.
Ricoh also would be willing to provide your company with a non-exclusive license. For
your information, there are counterpart patents and applications in a number of countries
outside the United States.

        Because Ricoh is at an early stage in its licensing activities, at the current time,
Ricoh is prepared to grant a non-exclusive license on favorable terms. However, we trust
you will recognize that such favorable terms will cease to exist as time progresses.

        If you are of the opinion that you do not need or want a license from Ricoh, it
would be helpful if you would give us some insight into your reasons. We request your
response within 60 days from the date of this letter.

                                        Very truly yours,

                                        Gary M. Hoffman

1177 Avenue of the Americas • New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.legalinnovators.com

1574342 v1; XQRQ01!.DOC

# EXHIBIT B

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2228
E-Mail Address: HoffmanG@dsmo.com

March 7, 2003

**BY CERTIFIED MAIL·**
**RETURN RECEIPT REQUESTED**

Mr. Kuang Chiu                                      **CONFIDENTIAL TREATMENT**
President                                                          **REQUESTED**
Winbond America
2727 North First Street
San Jose CA 95134

Dear Mr. Chiu:

We are writing to you on behalf of Ricoh Company Ltd. because we are aware that your company is involved with the design of custom ICs that include application specific designed circuitry. We understand that in designing these circuits, you use a computer-aided design system obtained from Synopsys, including Design Compiler.

As you may know, Ricoh owns two of the basic patents directed to computer-aided design processes. These are U.S. Patent Nos. 4,922,432 and 5,197,016. They cover significant advances in computer-aided design processes for designing custom designed ICs for specific applications directly from architecture independent functional specifications for the integrated circuit. We are enclosing copies of these patents for your information.

While Ricoh is currently enforcing these patents in a lawsuit it recently filed in the U.S. District Court for the District of Delaware, Ricoh remains willing to license the patents. In fact, Ricoh has already granted non-exclusive licenses under these patents. Ricoh also would be willing to provide your company with a non-exclusive license. For your information, there are counterpart patents and applications in a number of countries outside the United States.

Because Ricoh is at an early stage in its licensing activities, at the current time, Ricoh is prepared to grant a non-exclusive license on favorable terms. However, we trust you will recognize that such favorable terms will cease to exist as time progresses.

If you are of the opinion that you do not need or want a license from Ricoh, it would be helpful if you would give us some insight into your reasons. We request your response within 60 days from the date of this letter.

Very truly yours,

Gary M. Hoffman

1177 Avenue of the Americas • New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.legalinnovators.com

1580782 v1; XVOM01I.DOC

# EXHIBIT C



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICOH COMPANY, LTD,                        )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )          Civil Action No.  03-103 GMS
                                           )
AEROFLEX INCORPORATED, AMI                 )
SEMICONDUCTOR, INC., MATROX                )
ELECTRONIC SYSTEMS, LTD.,                  )
MATROX GRAPHICS, INC., MATROX              )
INTERNATIONAL CORP., and MATROX            )
TECH, INC.,                                )
                                           )
          Defendants.                      )

```
 F I L E D
 AUG 2 9 200
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

## MEMORANDUM AND ORDER

## I.    INTRODUCTION

On January 21, 2003, the plaintiff, Ricoh Company, Ltd. ("Ricoh") filed the above-captioned

patent infringement action against the above-named defendants.  In its complaint, Ricoh alleges that

each of the defendants infringes its U.S. Patent No. 4,992,432 ("the '432" patent") by "using,

offering to sell, and/or by selling and/or importing into the United States application specific

integrated circuits designed by or using information generated by, the process" described in the '432

patent.

Presently before the court is the defendants' motion to stay this action, or, in the alternative,

to transfer this action to the United States District Court for the Northen District of California

pursuant to 28 U.S.C. § 1404.  For the following reasons, the court will grant the defendants' motion

to transfer.

## II.    BACKGROUND

This case is a patent infringement action involving technology related to the design of

application-specific integrated circuits ("ASICS"). ASICS are microelectronic devices that electronics manufacturers design for a specific function, for example, for use in graphics and telecommunications devices.

The defendant Aeroflex Incorporated ("Aeroflex") is a high technology company that designs, develops, manufactures, and markets a diverse range of microelectronics. Its principle place of business is in Plain View, New York. AMI Semiconductor, Inc. ("AMI") is a high technology company that designs, develops, and manufactures a broad range of integrated circuit products for a number of end-uses. Its principle place of business is in Idaho. The Matrox defendants are high technology companies that design software and hardware solutions in the fields of graphics, video editing, image processing, and new business media. The Matrox defendants' principle places of business are in Canada, New York, and Florida.

Ricoh is a high technology corporation that manufactures digital office equipment. Its principle place of business is in Japan. While the record does not reflect that Ricoh has any facilities in Delaware, it has six subsidiaries in California, including three within the Northern District of California.

Third-party Synopsys, Inc. ("Synopsys") is a designer and manufacturer of high-level design automation solutions for the design of integrated circuits and electronic systems. Synopsys sells its products, including the Design Compiler at issue in the present case, to semiconductor, computer, communications, consumer electronics, and aerospace companies, including each of the defendants. Its principle place of business is in California.

On July 9, 2002, Synopsys filed a declaratory judgment action against Ricoh in the Northern District of California. Through that action, Synopsys seeks a declaration of non-infringement and

invalidity of the '432 patent.

## III.    DISCUSSION

Section 1404(a) provides that "[f]or convenience of [the] parties and witnesses, in the interest

of justice," the court may transfer a civil action "to any other district . . . where it might have been

brought." 28 U.S.C. § 1404(a). It is the movants' burden to establish the need for transfer, and 'the

plaintiff's choice of venue [will] not be lightly disturbed.' *Jumara v. State Farm Ins. Co.*, 55 F.3d

873, 879 (3d Cir. 1995) (citations omitted).

When considering a motion to transfer, the court must determine 'whether on balance the

litigation would more conveniently proceed and the interest of justice be better served by transfer

to a different forum.' *Id.*. This inquiry requires "a multi-factor balancing test" embracing not only

the statutory criteria of convenience of the parties and the witnesses and the interests of justice, but

all relevant factors, including certain private and public interests. *Id.* at 875, 879. These private

interests include the plaintiff's choice of forum; the defendants' preference; whether the claim arose

elsewhere; and the location of books and record, to the extent that they could not be produced in the

alternative forum.[1] *Id.* at 879. Among the relevant public interests are: "[t]he enforceability of the

judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the

relative administrative difficulty in the two fora resulting from court congestion; the local interest

in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879-80

(citations omitted).

---

[1] The first three of these private interest collapse into other portions of the *Jumara* analysis. The court, therefore, will consider them in the context of the entire inquiry only. *See Affymetrix, Inc. v. Synteni, Inc. and Incite Pharmaceuticals, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

In the present case, Ricoh disputes that this action could have been brought in the Northern District of California due to a lack of personal jurisdiction over the defendants. While it is not this court's province to determine another court's jurisdiction, and it therefore expresses no opinion on this subject, the court will, however, note the following. The defendants assert that they have each registered to do business with the California Secretary of State or have solicited and made allegedly infringing sales in California. Additionally, as the defendants themselves have stated that litigating this action in California would be more convenient and preferable to them, it does not appear that a California court's exercise of personal jurisdiction over them would offend the minimum requirements inherent in the concept of fair play and substantial justice.

Ricoh next contends that it would be improper to transfer this action to California because the Delaware action is first-filed. While the court does not dispute that this action is first-filed, it concludes that an exception to this rule controls the present inquiry. Under Federal Circuit precedence, a manufacturer's declaratory judgment suit should be given preference over a patentee's suit against the manufacturer's customers when those customers are being sued for their ordinary use of the manufacturer's products. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This rule, known as the "customer suit exception," recognizes that it is more efficient for the dispute to be settled directly between the parties in interest. *See Whelan Tech., Inc. v. Mill Specialities, Inc.*, 741 F. Supp. 715, 716 (N.D. Ill. 1990) (noting that the manufacturer is presumed to have a greater interest in defending its actions against charges of patent infringement.) It also acknowledges that a patentee's election to sue customers, rather than the manufacturer itself, is often based on a desire to intimidate smaller businesses. *See Kahn v. General Motors, Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

4

In the present case, the court concludes that Ricoh's infringement claims against the defendants are fundamentally claims against the ordinary use of Synopsys' Design Compiler. Thus, the California court's determination regarding infringement and validity of the '432 patent will efficiently dispose of the infringement issues regarding Synopsys' customers in this case. It is clear that, based on the outcome of the California case, either Synopsys will prevail and use of the Design Compiler will be determined to be non-infringing, or Ricoh will prevail, and Synopsis will be forced to pay damages or license the patent. In the latter situation, Synopsys' customers would then be immunized from liability. *See Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). For these reasons, the court finds that the first-filed rule does not control the present inquiry.

Upon consideration of the remaining Section 1404 transfer factors, the court concludes that the balance of convenience tips heavily in favor of transfer. In reaching this conclusion, the court relied on the following considerations, among others: (1) no party maintains any facilities, personnel, or documents in Delaware; (2) no acts of alleged infringement have taken place in Delaware; (3) no relevant third-party witnesses, including Synopsys, reside in Delaware;[2] (4) both the present case and the case in the Northern District of California are in the relatively early stages of litigation; (5) the relevant industry, the electronic design automation industry, is located in the Northern District of California; and (6) any disparity in court congestion, to the extent there is any, is not so great as to weigh against transfer due to the action currently pending in the Northern District. Thus, the court finds that the public and private interests are sufficient to tip the balance

---

[2]Although Ricoh predicts that Synopsys will cooperate with whatever discovery of it is required in the present action, even though it is not a party, the court finds such an assertion suspect at best.

of convenience strongly in favor of transfer.[3]

## IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    The Defendants' Motion to Transfer (D.I. 67) is GRANTED.

2.    Ricoh's Request for Leave to File a Sur-Reply (D.I. 122) is DENIED.

3.    The above-captioned case is hereby TRANSFERRED to the United States District

Court for the Northern District of California.

Dated: August 29, 2003

UNITED STATES DISTRICT JUDGE

---

[3]As a result of the court's decision to transfer this case, it will not decide the Section 271(g) discovery dispute presently pending before it.

6

# EXHIBIT D

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas Mavrakakis (SBN 177927)
   HOWREY SIMON ARNOLD & WHITE, LLP
3  301 Ravenswood Avenue
   Menlo Park, California 94025
4  Telephone: (650) 463-8100
   Facsimile: (650) 463-8400
5
   Attorneys for Plaintiff
6  SYNOPSYS, INC.

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  Synopsys, Inc.,                    )  Case No. C03-02289 MJJ
                                       )
12              Plaintiff,             )  **SYNOPSYS, INC.'S FIRST SET OF
                                       )  INTERROGATORIES (NOS. 1-6)**
13       vs.                           )
                                       )
14  Ricoh Company, Ltd.,               )
                                       )
15              Defendant.             )
    _____)

16

17       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Synopsys, Inc.

18  ("Synopsys") hereby requests plaintiff Ricoh Company Ltd. ("Ricoh") to answer separately and

19  truthfully in writing under oath within 30 days service hereof each of the Interrogatories set forth

20  below, in accordance with the following Definitions and Instructions.

21  I.    **DEFINITIONS**

22            The definitions below are incorporated into each interrogatory.

23       A.    The terms "Ricoh," "Defendant," "you," and "your" mean, without limitation, Ricoh

24  Company Ltd., its past and present parents, subsidiaries, affiliates, predecessors, unincorporated

25  divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting

26  or purporting to act on its behalf. This definition includes Ricoh's predecessors in interest in the '432

27  patent, International Chip Corporation and Knowledge Based Silicon Corporation.

28

Case No. C03-02289 MJJ                          -1-
SYNOPSYS, INC. FIRST SET OF INTERROGATORIES

HOWREY
SIMON
ARNOLD &
WHITE        8001848(4R39K011.DOC)

1    B.    The terms "Synopsys" and "Plaintiff" refer, without limitation, to Synopsys, Inc., all

2  subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys,

3  agents, representatives and all persons acting or purporting to act on its behalf.

4    C.    As used herein, "subsidiary" means a business enterprise, the operations of which are

5  subject to Plaintiff's or Defendant's control through whole or partial stock ownership.

6    D.    As used herein, "affiliate" means a company effectively controlled by another but

7  associated with Plaintiff or Defendant under common control, whether direct or indirect.

8    E.    As used herein, the word "document" means the original and each nonidentical copy of

9  any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in

10 whatever form, whether in final or draft, including but not limited to all materials that constitute

11 "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal

12 Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule

13 34 of the Federal Rules of Civil Procedure.  The word "document" includes, without limitation, printed

14 matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer

15 media, and any other information stored magnetically or electronically.

16    F.    As used herein, the terms "identify," "identification," or "identity," when used with

17 respect to a document, means to provide information sufficient to locate that document, including, but

18 not limited to:

19         1)    The type of document (*e.g.*, letter, memorandum, drawing, etc.);

20         2)    The title or heading of the document;

21         3)    The subject matter of the document;

22         4)    The date appearing on the document, or, if no date appears thereon, the

23               approximate date the document was prepared;

24         5)    The identifying code number, file number, title, or label of the document;

25         6)    The production number of the document, if Ricoh has produced the document to

26               Synopsys;

27         7)    The number of pages of which the document consists;

28

HOWREY
SIMON
ARNOLD &
WHITE    8001848(4R899K011.DOC)

1        8)      The identity of each person who signed or authorized the document;

2        9)      The identity of each addressee;

3      10)     The identity of each person having possession, custody or control of the

4               document;

5      11)     If the document existed at one time but does not presently exist, the reason(s)

6               why the document no longer exists and the identity of the last person having

7               custody of it; and

8      12)     If the document is in a foreign language, whether an English translation of the

9               document exists, whether partial or complete.

10     Under Rule 33(d) of the Federal Rules of Civil Procedure, production of the document may be

11 responsive to some of the requested information, but only if the documents are identified specifically

12 by Bates Numbers in the particular interrogatory response as required by that rule.

13     G.     As used herein, the terms "identify," "identification," or "identity," when used with

14 respect to any natural person, means to provide the following information:

15        1)      The person's full name;

16        2)      Last known home address;

17        3)      Last known business address and telephone number;

18        4)      Last known title or occupation;

19        5)      Last known employer; and

20        6)      Any and all employment positions the person has held with Ricoh or any related

21               company.

22     H.     As used herein, the terms "identify," "identification," or "identity," with respect to any

23 legal entity, such as a corporation, company, or person other than a natural person, means to provide

24 the following information:

25        1)      The entity's name;

26        2)      The place of incorporation or organization;

27        3)      The principal place of business; and

28

Case No.  C03-02289 MJJ
SYNOPSYS, INC. FIRST SET OF INTERROGATORIES

HOWREY
SIMON
ARNOLD &
WHITE

8001848(4RS9K01!.DOC)

1         4)     The nature of the business conducted by that legal entity.

2     I.    As used herein, the terms "identify," "identification," or "identity," with respect to a

3 communication, means to provide the following information:

4         1)     The identity of the person(s) making the communication or contributing in any

5                substantive fashion to its creation;

6         2)     The identity of the recipient and of any person(s) before whom the

7                communication was made or who witnessed it or who has knowledge of it;

8         3)     The identity of all documents reflecting, referring, or relating to the

9                communication;

10        4)     The nature, substance, and contents of the communication;

11        5)     The date of the communication; and

12        6)     The production numbers for the document, if Ricoh has produced the document

13                to Synopsys.

14     J.    As used herein, the terms "identify," "identification," or "identity," with respect to a

15 product, device, or other object of manufacture, means to provide the following information:

16         1)     The model number, part number, code number, serial number, or other

17                manufacturing identification number or name; and

18         2)     The trade name of the product, including any other names associated with the

19                product, or identification numbers associated with the product.

20     K.    As used herein, "person" means any individual, firm, partnership, corporation,

21 proprietorship, association, governmental body, or any other organization or entity.

22     L.    As used herein, "communication" includes, without limitation, communications by

23 whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as

24 any note, memorandum or other record thereof.

25     M.    The terms "regarding, referring or relating to" and "concerning" mean reflecting,

26 concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing,

27 discussing, mentioning, embodying or computing.

28

Case No.  C03-02289 MJJ
SYNOPSYS, INC. FIRST SET OF INTERROGATORIES

HOWREY
SIMON
ARNOLD &
WHITE

8001848(4RS9K011.DOC)

1     N.     Whenever the singular is used, it shall also be taken to include the plural, and vice

2  versa.  Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice

3  versa.

4     O.     The term "prior art," is used herein in the same sense as that term is used in 35 U.S.C.

5  section 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer

6  of sale or other act or event defined in 35 U.S.C. section 102, taken singly or in combination.

7     P.     As used herein, the term "'432 patent" means United States Patent Number 4,922,432,

8  entitled "Knowledge Based Method and Apparatus For Designing Integrated Circuits Using Functional

9  Specifications."

10  **II.**    <u>**INSTRUCTIONS**</u>

11     The following instructions apply to each of the Interrogatories set forth herein:

12     1.     In answering these Interrogatories, you are required to furnish truthfully and in good

13  faith all information that is presently available to you, regardless of whether such information was

14  obtained directly by you, your attorneys, their agents, employees or investigators.

15     2.     Each Interrogatory shall be answered fully unless it is in good faith objected to, in

16  which event the reasons for your objection shall be stated in detail.  If an objection pertains to only a

17  portion of an interrogatory or to a word, phrase, or clause contained in it, you are required to state your

18  objection to that portion only and to respond to the remainder of the interrogatory, using your best

19  efforts to do so.  Your answers hereto are to be signed and verified by the person making them, and the

20  objections signed by the attorney making them.

21     3.     If you or your counsel assert that any information or response herein requested is

22  privileged or otherwise protected from discovery, please set forth in your written response hereto with

23  respect to each document, communication or thing for which a claim of privilege is made:

24     a.     The approximate date, and manner of recording, creating or otherwise preparing

25     the document, communication or thing;

26     b.     The name and organizational position, if any, of each sender of the document,

27     communication or thing;

28

Case No.  C03-02289 MJJ
SYNOPSYS, INC. FIRST SET OF INTERROGATORIES

HOWREY
SIMON
ARNOLD &
WHITE  8001848(4R39K011.DOC)

1        c.     The name and organizational position, if any, of each recipient and/or custodian

2    of the document, communication or thing;

3        d.     The name and organizational position, if any, of each person (other than

4    stenographic or clerical assistants) participating in the preparation or creation of the document,

5    communication or thing;

6        e.     The name and organizational position, if any, of each person to whom the

7    contents of the document, communication or thing or any portion thereof have heretofore been

8    communicated by copy, exhibition, reading or summarization; and

9        f.     A statement of the basis on which privilege is claimed with respect to each

10   document, communication or thing and whether or not its contents are limited solely to legal

11   advice or information provided for the purpose of securing legal advice.

12       4.     Pursuant to Federal Rule of Civil Procedure 26(e), the Interrogatories propounded

13   herein shall be deemed continuous up to and following the trial of this proceeding such that any

14   information requested herein which is either discovered by you or comes within your possession,

15   custody or control subsequent to your initial response hereto but prior to the final conclusion of this

16   case should be produced in a supplemental response to these Interrogatories immediately upon its

17   discovery or receipt by you or your counsel.

18   **III.    INTERROGATORIES**

19   **INTERROGATORY NO. 1**:

20       What are the functions that Synopsys' Design Compiler software is capable of performing that

21   Ricoh claims meet the elements (either literally or under the doctrine of equivalents) of the '432 patent

22   claims?

23   **INTERROGATORY NO. 2**:

24       Identify any evidence that supports Ricoh's claim that Synopsys' Design Compiler software is

25   capable of performing the Design Compiler software functions identified in response to Interrogatory

26   No. 1?

27

28

Case No. C03-02289 MJJ        -6-
SYNOPSYS, INC. FIRST SET OF INTERROGATORIES
HOWREY SIMON ARNOLD & WHITE  8001848(4R39K01!.DOC)

1   **INTERROGATORY NO. 3**:

2        Identify any evidence that supports Ricoh's claim that Synopsys's Design Compiler software

3   meets the elements (either literally or under the doctrine of equivalents) of the '432 patent claims?

4   **INTERROGATORY NO. 4**:

5        Identify any claim language in the '432 patent claims that requires a "flowchart editor."

6   **INTERROGATORY NO. 5**:

7        Identify any claim language in the '432 patent claims that requires an "expert system for

8   translating the flowchart into a netlist defining the necessary hardware cells of the integrated circuit."

9   **INTERROGATORY NO. 6**:

10        Identify any claim language in the '432 patent claims that patentably distinguishes any of the

11   '432 patent claims over United States Patent No. 4,703,435.

12

13   Dated:  October 16, 2003

                  THOMAS C. MAVRAKAKIS
14                   Howrey Simon Arnold & White, LLP
15                   301 Ravenswood Avenue

                  Menlo Park, CA  94025
16                   Telephone:  (650) 463-8100

                  Facsimile:  (650) 463-8400
17

18                   Attorneys for Plaintiff

                  SYNOPSYS, INC.
19

20

21

22

23

24

25

26

27

28

Case No.  C03-02289 MJJ
SYNOPSYS, INC. FIRST SET OF INTERROGATORIES
-7-
HOWREY
SIMON
ARNOLD &
WHITE
8001848(4R39K011.DOC)

1

## CERTIFICATE OF SERVICE
## (FRCP 5(b))

2

3       I am a citizen of the United States and a resident of the State of California.  I am employed in

4   San Mateo County, State of California, in the office of a member of the bar of this Court, at whose

5   direction the service was made.  I am over the age of eighteen years, and not a party to the within

6   action.  My business address is 301 Ravenswood Avenue, Menlo Park, CA  94025.  On the date set

7   forth below, I served the document(s):

8       **SYNOPSYS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6)**

9   on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes

10  addressed as shown below for service as designated below:

11  **Party(ies) served and method of service:**

12  Kenneth W. Brothers, Esq.                 Edward A. Meilman, Esq.
    Gary M. Hoffman, Esq.                    Dickstein Shapiro Morin & Oshinsky, LLP

13  Dickstein Shapiro Morin & Oshinsky, LLP     1177 Avenue of the Americas
    2101 L Street, N.W.                      New York, NY  10036-2714

14  Washington, D.C.  20037-1526          (212) 835-1400 (phone)
    (202) 785-9700 (phone)                (212) 997-9880 (fax)

15  (202) 887-0689 (fax)

16

    **Counsel for Defendant**

17

      X        (BY U.S. MAIL –FRCP 5(b)(2)(B)) I am personally and readily familiar with the

18                  business practice of Howrey Simon Arnold & White, LLP for collection and
                processing of correspondence for mailing with the United States Postal Service,

19                  and I caused such envelope(s) with postage thereon fully prepaid to be placed in
                the United States Postal Service at Menlo Park, California.

20

21  **Party served and method of service:**

22  Jeffrey B. Demain, Esq.
    Jonathan Weissglass, Esq.

23  Altshuler, Berzon, Nussbaum, Rubin & Demain
    177 Post Street, Suite 300

24  San Francisco, CA  94108
    (415) 421-7151 (phone)

25  (415) 362-8064 (fax)

26  **Local Counsel for Defendant**

27

28

HOWREY
SIMON
ARNOLD &
WHITE

8001848(4R59K011.DOC)

1    X    (BY MESSENGER SERVICE – FRCP 5(b)(2)(A)(ii)) by consigning the
          document(s) to an authorized courier and/or process server for hand delivery on
2         this date.

3        I declare under penalty of perjury under the laws of the State of California and under the laws

4    of the United States of America that the foregoing is true and correct.

5        Executed on October 16, 2003, at Menlo Park, California.

6                                            *Beverly A. Lee*
7                                            Beverly A. Lee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  C03-02289 MJJ                            -2-
SYNOPSYS, INC. FIRST SET OF INTERROGATORIES
8001848(4R39K011.DOC)

# EXHIBIT E

1   Gary M. Hoffman, pro hac vice
2   Kenneth W. Brothers, pro hac vice
   Dickstein Shapiro Morin & Oshinsky LLP
3   2101 L Street, NW
   Washington, DC 20037-1526
4   Phone: (202) 785-9700
   Fax: (202) 887-0689
5

6   Edward A. Meilman, pro hac vice
   Dickstein Shapiro Morin & Oshinsky LLP
7   1177 Avenue of the Americas
   New York, New York 10036-2714
8   Phone: (212) 835-1400
   Fax: (212) 992-9880
9

10   Jeffrey B. Demain, State Bar No. 126715
   Jonathan Weissglass, State Bar No. 185008
11   Altshuler, Berzon, Nussbaum, Rubin & Demain
   177 Post Street, Suite 300
12   San Francisco, California 94108
   Phone: (415) 421-7151
13   Fax: (415) 362-8064

14

15   Attorneys for the Defendant Ricoh Company, Ltd.

16           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
17                 SAN FRANCISCO DIVISION

18   ―――――――――――――――――

19   SYNOPSYS, INC.,             )    Case No. C03-02289 MJJ (Judge Jenkins),
20         Plaintiff,          )    DECLARATORY JUDGMENT ACTION
21                 )
22          vs.            )    RICOH'S RESPONSE TO SYNOPSYS'
                        )    FIRST SET OF INTERROGATORIES
23   RICOH COMPANY, LTD,     )    (NOS. 1-6)
                        )
24         Defendant.         )
25                 )
26   ―――――――――――――――――
27

28

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ricoh
2  Company, Ltd., ("Ricoh") hereby responds to Plaintiff Synopsys, Inc.'s ("Synopsys") First Set Of
3  Interrogatories (Nos. 1-6).
4         These responses are based on information reasonably available to Ricoh at the present
5  time.  Ricoh reserves the right to supplement these responses when, and if, additional information
6  becomes available.  Ricoh also reserves the right to object on any ground at any time to such other
   or supplemental Interrogatories Synopsys may propound involving or relating to the subject matter
7  of these Interrogatories.
8
              **OBJECTIONS TO DEFINITIONS / INSTRUCTIONS**
9

10     1.  Ricoh objects to all of the Interrogatories to the extent that they seek discovery of
11  information or documents exceeding, or seek to impose definitions and instructions exceeding, the
12  permissible scope of discovery under the Federal Rules of Civil Procedure ("FRCP" or the
13  "Federal Rules"), the local civil rules of this Court and applicable case law.
       2.  Ricoh objects to all of the Interrogatories to the extent they require Ricoh to seek
14  information or documents beyond that in its possession, custody, or control as such production is
15  beyond the permissible scope of the Federal Rules and applicable law, and would further pose an
16  undue burden on Ricoh.
17     3.  Ricoh objects to all of the Interrogatories to the extent that they seek information or
18  documents protected by the attorney-client privilege, the work product doctrine, and/or any other
19  privilege or immunity.  Ricoh does not intend to provide Synopsys, Inc. ("Synopsys" or
20  "Plaintiff") with such protected information.  Moreover, any inadvertent disclosure of such
    information, or any disclosure of documents underlying that information, shall not be deemed a
21  waiver of the attorney-client privilege, the work product doctrine, or any other privilege or
22  immunity.  Privileged documents that are otherwise responsive to any interrogatory will be
23  identified on a privilege log in accordance with FRCP 26(b)(5).
24     4.  Ricoh objects to all of the Interrogatories to the extent that they seek to impose an
25  obligation of a continuing nature beyond that required by FRCP 26(e).
26     5.  Ricoh objects to all of the Interrogatories to the extent that they seek to impose a premature
27  obligation to provide information in light of Patent Local Rules, including, but not limited to,
    Patent Local Rule 2-5.
28

RICOH'S RESPONSE TO SYNOPSYS' FIRST SET OF INTERROGATORIES *Synopsys v. Ricoh* C03-02289 (MJJ) Page 2

6.  Ricoh objects to the definition of "'Ricoh,' 'Defendant,' 'you,' and 'your'" because the phrase "predecessors in interest" both is vague so as to not be clear and comprehensible and also is overly broad because the phrase purports to include independent third parties (e.g., International Chip Corporation and Knowledge Based Silicon Corporation).  In responding to these requests, Ricoh limits its response to Ricoh Company, Ltd. However, Ricoh is willing to provide information relating to the International Chip Corporation and Knowledge Based Silicon Corporation if within Ricoh's possession, custody and control.  Further, with respect to Interrogatories seeking information from individual persons within Ricoh, Ricoh limits its response to current employees.  Ricoh objects to all of the Requests as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Ricoh's files likely to contain relevant or responsive documents and a reasonable inquiry of Ricoh's current employees.

### RESPONSES AND SPECIFIC OBJECTIONS TO SYNOPSYS' FIRST SET OF INTERROGATORIES (1-6)

Statements made herein regarding Ricoh's intention to provide information or documents responsive to any given Interrogatory does not necessarily indicate or imply the existence of any information or documents responsive thereto.  Furthermore, any information provided or referred to herein is not deemed to be a waiver of Ricoh's objections as to the competency, relevance, privilege or admissibility of evidence in this or any subsequent proceeding or trial in this or any other action for any purpose whatsoever.

Discovery and trial preparation in this matter have not been completed.  Ricoh is continuing its investigation to obtain information responsive to the Interrogatories.  Therefore, all of the following responses are given without prejudice to Ricoh's right to introduce documents or information discovered or deemed responsive subsequent to the date of these responses.

Ricoh incorporates all of its Objections to Definitions / Instructions set forth above and, subject to and without waiving these Objections to Definitions / Instructions, further objects and responds to the numbered Interrogatories as follows:

**INTERROGATORY NO. 1:**

What are the functions that Synopsys' Design Compiler software is capable of performing that Ricoh claims meet the elements (either literally or under the doctrine of equivalents) of the '432 patent claims?

RICOH'S RESPONSE TO SYNOPSYS' FIRST SET OF INTERROGATORIES *Synopsys v. Ricoh* C03-02289 (MJJ) Page 3

1  **RESPONSE:**

2         Ricoh incorporates by reference its Objections to Definitions / Instructions.  Ricoh

3  interprets this Interrogatory request as questioning how Design Compiler Software infringes the

4  '432 patent and, therefore, Synopsys is, in effect, requesting from Ricoh an infringement analysis.

5  The instant suit is a declaratory judgment action filed by Synopsys in which there are no alleged

6  claims of infringement, and therefore Ricoh objects to this request in that *inter alia* it does not

7  relate to any claim or defense of any party.  Synopsys has not identified the specific patent claims

8  at issue and has not provided any information as to any theory of non-infringement.  This

9  interrogatory is premature since it seeks expert opinion and seeks information nor required by the

10  local patent rules for declaratory judgment actions.  Ricoh is under no obligation to provide any

11  infringement analysis.  Ricoh will provide an appropriate further response in accordance with, and

12  if required by, a scheduling order entered in this case, unless there exists another ground for

13  objection.

14

15

16  **INTERROGATORY NO. 2:**

17         Identify any evidence that supports Ricoh's claims that Synopsys' Design Compiler

18  software is capable of performing the Design Compiler software functions identified in response

19  to Interrogatory No. 1.

20

21  **RESPONSE:**

22         Ricoh incorporates by reference its to Objections to Definitions / Instructions.  Ricoh

23  interprets this Interrogatory request as questioning how Design Compiler Software infringes the

24  '432 patent and, therefore, Synopsys is, in effect, requesting from Ricoh an infringement analysis.

25  The instant suit is a declaratory judgment action filed by Synopsys in which there are no claims of

26  infringement, and therefore Ricoh objects to this request in that *inter alia* it does not relate to any

27  claim or defense of any party.  Synopsys has not identified the specific patent claims at issue and

28  has not provided any information as to any theory of non-infringement.  This interrogatory is

premature since it seeks expert opinion and seeks information nor required by the local patent rules for declaratory judgment actions.  Ricoh is under no obligation to provide any infringement analysis.  Ricoh further objects to this Interrogatory to the extent it purports to be a request for documents.

Ricoh will provide an appropriate further response in accordance with, and if required by, a scheduling order entered in this case, unless there exists another ground for objection.

**INTERROGATORY NO. 3:**

Identify any evidence that supports Ricoh's claims that Synopsys' Design Compiler software meet the elements (either literally or under the doctrine of equivalents) of the '432 patent claims.

**RESPONSE:**

Ricoh incorporates by reference its to Objections to Definitions / Instructions.  Ricoh interprets this Interrogatory request as questioning how Design Compiler Software infringes the '432 patent and, therefore, Synopsys is, in effect, requesting from Ricoh an infringement analysis. The instant suit is a declaratory judgment action filed by Synopsys in which there are no claims of infringement, and therefore Ricoh objects to this request in that *inter alia* it does not relate to any claim or defense of any party.  Synopsys has not identified the specific patent claims at issue and has not provided any information as to any theory of non-infringement.  This interrogatory is premature since it seeks expert opinion and seeks information nor required by the local patent rules for declaratory judgment actions.  Ricoh is under no obligation to provide any infringement analysis.  Ricoh further objects to this Interrogatory to the extent it purports to be a request for documents.

Ricoh will provide an appropriate further response in accordance with, and if required by, a scheduling order entered in this case, unless there exists another ground for objection.

1  **INTERROGATORY NO. 4:**

2        Identify any claim language in the '432 patent claims that requires a "flowchart editor."

3  **RESPONSE:**

4        Ricoh incorporates by reference its to Objections to Definitions / Instructions. Ricoh

5  further objects since this Interrogatory requests construction and/or interpretation of '432 patent

6  claims and objects to the Interrogatory to the extent that it seeks to impose a premature obligation

7  to provide information in light of Patent Local Rules, including, but not limited to, Patent Local

8  Rule 2-5. Subject to such objections and without waiver thereof, Ricoh notes that in claims 4, 5

9  (by dependency from claim 4), 9, 10 (by dependency from claim 9), 11, and 12 (by dependency

10 from claim 11) expressly recite a flowchart editor.

11

12        Ricoh will provide an appropriate further response in accordance with, and if required

13 by, a scheduling order entered in this case, unless there exists another ground for objection.

14

15 **INTERROGATORY NO. 5:**

16        Identify any claim language in the '432 patent claims that requires an "expert system

17 for translating the flowchart into a netlist defining the necessary hardware cells of the integrated

18 circuit."

.18 **RESPONSE:**

19        Ricoh incorporates by reference its to Objections to Definitions / Instructions. Ricoh

20 further objects since this Interrogatory requests construction and/or interpretation of '432 patent

21 claims and objects to the Interrogatory to the extent that it seeks to impose a premature obligation

22 to provide information in light of Patent Local Rules, including, but not limited to, Patent Local

23 Rule 2-5. Subject to such objections and without waiver thereof, Ricoh notes that in claims 4, 5,

24 9, 10 (by dependency from claim 9), 11, and 12 (by dependency from claim 11), expressly recite

25

26 an expert system and a flowchart.

27        Ricoh will provide an appropriate further response in accordance with, and if required

28 by, a scheduling order entered in this case, unless there exists another ground for objection.

RICOH'S RESPONSE TO SYNOPSYS' FIRST SET OF INTERROGATORIES *Synopsys v. Ricoh* C03-02289 (MJJ) Page 6

11/17/2003 11:55 FAX 415 788810↓ ALTSHULER BERZON @022/024

Case 5:03-cv-02289-JW   Document 104-6   Filed 03/31/2004   Page 8 of 10

1 **INTERROGATORY NO. 6:**

2    Identify any claim language in the '432 patent claims that patentably distinguishes any

3 of the '432 patent claims over United States Patent No. 4,703,435.

4 **RESPONSE:**

5

6    Ricoh incorporates by reference its to Objections to Definitions / Instructions. Ricoh

7 further objects since this Interrogatory requests construction and/or interpretation of '432 patent

8 claims and objects to the Interrogatory to the extent that it seeks to impose a premature obligation

9 to provide information in light of Patent Local Rules, including, but not limited to, Patent Local

10 Rule 2-5. Under the Patent Local Rules, it is the burden of Synopsys to first identify the prior art

11 it is relying upon and to provide an invalidity chart. Ricoh will provide an appropriate further

12 response in accordance with, and if required by, a scheduling order entered in this case, unless

13 there exists another ground for objection.

14

15 Dated: November 17, 2003                  Respectfully submitted,

16                                           Ricoh Company, Ltd.

17

18                                           By: _____
                                             Jeffrey B. Demain, State Bar No. 126715
19                                           Jonathan Weissglass, State Bar No. 185008
                                             Altshuler, Berzon, Nussbaum, Rubin & Demain
20                                           177 Post Street, Suite 300
                                             San Francisco, California 94108
21                                           Phone: (415) 421-7151
                                             Fax: (415) 362-8064
22

23                                           Gary M. Hoffman
                                             Ken Brothers
24                                           Eric Oliver
                                             DICKSTEIN SHAPIRO MORIN &
25                                               OSHINSKY LLP
                                             2101 L Street NW
26                                           Washington, D.C. 20037-1526
                                             Telephone: (202) 785-9700
27                                           Facsimile: (202) 887-0689

28

RICOH'S RESPONSE TO SYNOPSYS' FIRST SET OF INTERROGATORIES *Synopsys v. Ricoh* C03-02289 (MJJ) Page 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 896-5471
Facsimile: (212) 997-9880


Attorneys for Ricoh Company, Ltd.

1                           **PROOF OF SERVICE**

2   **CASE:**      *Synopsys, Inc. v. Ricoh Company, Ltd.*

3   **CASE NO:**   U.S. District Court, N.D. Cal., No. C03-2289 MJJ

4       I am employed in the City and County of San Francisco, California. I am over the age
of eighteen years and not a party to the within action; my business address is 177 Post Street,
5  Suite 300, San Francisco, California 94108. On November 17, 2003, I served the following
document(s):

6

7  **RICOH'S RESPONSE TO SYNOPSYS' FIRST SET OF INTERROGATORIES (NOS.
1-6)**

8  on the parties, through their attorneys of record, by placing true copies thereof in sealed
envelopes addressed as shown below for service as designated below:

9

10        <u>By First Class Mail</u>: I caused each such envelope, with first-class postage thereon fully
prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San
Francisco, California, for collection and mailing to the office of the addressee on the
11        date shown herein following ordinary business practices.

12  and

13        <u>By Facsimile</u>: I caused such document to be served via facsimile electronic equipment
transmission (fax) on the parties in this action by transmitting a true copy to the
14        following fax number(s):

15        **ADDRESSEE**                 **PARTY**

16        Christopher L. Kelley, Esq.      Attorneys for Plaintiff
           Erik K. Moller, Esq.          Synopsys, Inc.
17        Teresa M. Corbin, Esq.
           Howrey Simon Arnold & White LLP
18        301 Ravenswood Avenue
           Menlo Park, CA 94025
19        Facsimile: 650/463-8400

20       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Executed this November 17, 2003, at San Francisco, California.

21

22                             ——————————————————
                                Edward Lin

23

24

25

26

27

28

PROOF OF SERVICE
*Synopsys, Inc. v. Ricoh Co., Ltd.*, N.D. Cal. Case No. C03-02289 MJJ

# EXHIBIT F



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

<u>VIA FACSIMILE and FIRST CLASS MAIL</u>

November 19, 2003

Edward A. Meilman, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, NY 10036-2714

RE: *Synopsys v. Ricoh Company Ltd.*, Case No. 03-02289 MJJ
Our File No. 06816.0060.000000

Dear Mr. Meilman:

I am writing regarding Ricoh's recent failure to provide any response to Synopsys' Interrogatory Nos. 1-3, and 6.

Ricoh's reliance on the Patent Local Rules for its refusal to provide any response to these interrogatories violates Patent Local Rule 2-5's proscription that "it shall not be a legitimate ground for objecting to an opposing party's discovery request...that the discovery request...is premature in light of, or otherwise conflicts with, these Patent Local Rules."

With respect to Interrogatory Nos. 1-3 we understand Ricoh's position to be that it is not a "patent claimant" in the declaratory judgment action and that Ricoh will <u>not</u> be providing Preliminary Infringement Contentions pursuant to Patent Local Rules 3-1 and 3-5. Given this, Ricoh does not fall within the limited exception of Patent Local Rule 2-5(b), which allows a "patent claimant" to postpone its response until the date that its Preliminary Infringement Contentions are due. With respect to Ricoh's refusal to respond to Interrogatory No. 6, Ricoh is not an "accused infringer" and therefore, does not fall within the limited exception of Patent Local Rule 2-5(c). The Patent Local Rules, therefore, provide no basis for Ricoh's withholding responses to Interrogatory Nos. 1-3, and 6 since Ricoh does simply not fall within any of the exceptions to Patent Local Rule 2-5's general prohibition against "objecting to an opposing party's discovery request...[because] that the discovery request...is premature in light of, or otherwise conflicts with, these Patent Local Rules."

Equally unsupportable, are Ricoh's objections to Interrogatory Nos. 1-3 that: 1) discovery regarding infringement does not relate to a declaratory judgment claim for non-



infringement; and 2) that these interrogatories seek an expert opinion and therefore, are premature. The identification of the Design Compiler functions that Ricoh believes meet the '432 patent's claim elements and any evidence that supports Ricoh's belief that the use of Design Compiler meets those claim elements are discoverable facts in the declaratory judgment action. If Ricoh does not believe that the use of Design Compiler meets any of the claim elements of the '432 patent, then it should provide a verified response to that effect.

Please let us know by the end of the week whether Ricoh will agree to provide substantive responses to Interrogatory Nos. 1-3, and 6. We are available to discuss these issues further (i.e., Ricoh's refusal to respond to Interrogatory Nos. 1-3, and 6) tomorrow, Thursday, November 19, 2003 at 11:00 a.m. PST if you believe that we can resolve them without the Court's assistance. If this time is not convenient please propose another time within the next few days.

Finally, the responses to Interrogatory Nos. 4 and 5 were not verified. Please provide us a copy of Ricoh's verification for those responses within the next few days.

Very truly yours,

Erik K. Moller

EKM/gj

cc:    Gary M. Hoffman
       Jeffrey Demain

8003370

# EXHIBIT G



# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880

Writer's Direct Dial: (212) 896-5471
E-Mail Address: MeilmanE@demo.com

November 21, 2003

BY FACSIMILE AND U.S. MAIL
(650) 463-8400

Erik K. Moller, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434

RE:     Synopsys v. *Ricoh Company, Ltd.*,
Civil Action No. 03-02289 MJJ
Your Ref.: 06816.0060.000000
Our Ref.: R2180.0171

Dear Mr. Moller:

    We believe that a meet and confer regarding your letter of November 19, 2003 concerning Ricoh's responses to Synopsys' interrogatory Nos. 1-3 and 6 would be useful. There are aspects of your position which can be clarified at any such conference. We propose Tuesday, November 25, 2003 at 11:00 a.m. PST. As you know, there are other matters which should be discussed. We will send you an agenda on Monday.

Sincerely,

Edward A. Meilman

EAM/hc

cc:   Gary Hoffman, Esq.
Kenneth Brothers, Esq.
Jeffrey B. Demain, Esq.

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
www.DicksteinShapiro.com

67736 v1; 1VP401I.DOC

RECEIVED TIME  NOV. 21.  2:20PM         ** TOTAL PAGE.01 **

# EXHIBIT H



## DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*1177 Avenue of the Americas • New York, NY 10036-2714* 2003 NOV 23 AM 10: 08
*Tel (212) 835-1400 • Fax (212) 997-9880*

*Writer's Direct Dial: (212) 896-5471*
*E-Mail Address: McIlmanE@dsmo.com*

November 24, 2003

**BY FACSIMILE AND U.S. MAIL**
**(650) 463-8400**

Erik K. Moller, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434

> RE: *Ricoh v. Aeroflex*
> *Synopsys v. Ricoh*
> Your Ref.: 06816.0060.000000
> Our Ref.: R2180.0171

Dear Mr. Moller:

Further to my letter of November 21, 2003, the following is a list of the matters to be discussed during the meet and confer on Tuesday, November 25, 2003 at 11:00 a.m. PST:

Your letter of November 19, 2003 concerning Ricoh's responses to Synopsys' interrogatory Nos. 1-3 and 6.

My letter of November 21, 2003 to Mr. Kelly concerning the deposition of Synopsys.

Mr. Brother's letter of November 20, 2003 to Ms. Corbin.

The depositions of the Aeroflex defendants.

Sincerely,

Edward A. McIlman

EAM/hc

cc: Gary Hoffman, Esq.
Kenneth Brothers, Esq.
Jeffrey B. Demain, Esq.

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*www.DicksteinShapiro.com*

87785 v1; 1VQH01!.DOC

RECEIVED TIME NOV. 24. 10:14AM                    ** TOTAL PAGE.01 **

# EXHIBIT I



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

November 24, 2003

**VIA FACSIMILE AND U.S. MAIL**

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY  10036-2714

Re:     *Synopsys, Inc. v. Ricoh Company, Ltd.,*
        Case No. C 03-2289 MJJ

Dear Ed:

      We are unavailable to meet and confer on Tuesday, November 25, 2003 regarding the topics that you identified in your letter of today.   We are available on Monday, December 1, 2003 at 11:00 am PST.

Very truly yours,

Erik K. Moller

EKM:gg
cc:    Gary M. Hoffman

# EXHIBIT J

NOV 25 '03 12:52 FR DICKSTEIN SHAPIRO MOR212 997 9880 TO 16504638400#    P.01



# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880

Writer's Direct Dial: (212) 896-5471
E-Mail Address: MeilmanE@demo.com

November 25, 2003

**BY FACSIMILE AND U.S. MAIL**
**(650) 463-8400**

Erik K. Moller, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434

    RE:   *Ricoh v. Aeroflex*
            *Synopsys v. Ricoh*
            Your Ref.: 06816.0060.000000
            Our Ref.: R2180.0171

Dear Mr. Moller:

    We agree to your request to defer the meet and confer to Monday, December 1, 2003 at 11:00 a.m. PST.

    Please add Synopsys' response to the document request which you served yesterday to the agenda. It raises issues quite similar to those set forth in my letter of November 21, 2003 to Mr. Kelly concerning the deposition of Synopsys. Also, please note that contrary to the assertion on page 3 of that response, Synopsys is not a "third party"

Very truly yours,

Edward A. Meilman

EAM/hc

cc:   Gary Hoffman, Esq.
      Kenneth Brothers, Esq.
      Jeffrey B. Demain, Esq.

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
www.DicksteinShapiro.com

87804 v1; 1VTB01!.DOC

# EXHIBIT K

```
 1  Gary M. Hoffman, pro hac vice
    Kenneth W. Brothers, pro hac vice
 2  Dickstein Shapiro Morin & Oshinsky LLP
    2101 L Street, NW
 3  Washington, DC 20037-1526
    Phone: (202) 785-9700
 4  Fax: (202) 887-0689

 5
    Edward A. Meilman, pro hac vice
 6  Dickstein Shapiro Morin & Oshinsky LLP
    1177 Avenue of the Americas
 7  New York, New York 10036-2714
    Phone: (212) 835-1400
 8  Fax: (212) 992-9880

 9
    Jeffrey B. Demain, State Bar No. 126715
10  Jonathan Weissglass, State Bar No. 185008
    Altshuler, Berzon, Nussbaum, Rubin & Demain
11  177 Post Street, Suite 300
    San Francisco, California 94108
12  Phone: (415) 421-7151
    Fax: (415) 362-8064
13

14  Attorneys for the Defendant Ricoh Company, Ltd.

15
                   IN THE UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA
                          SAN FRANCISCO DIVISION
17

18  _____ )
                                 )
19  SYNOPSYS, INC.,              )      Case No. C03-02289 MJJ (Judge Jenkins).
                                 )
20              Plaintiff,       )      DECLARATORY JUDGMENT ACTION
                                 )
21       vs.                     )      RICOH'S SUPPLEMENTAL RESPONSE
                                 )      TO SYNOPSYS' FIRST SET OF
22  RICOH COMPANY, LTD,          )      INTERROGATORIES (NOS. 1-6)
                                 )
23              Defendant.       )
                                 )
24                               )
                                 )
25                               )
                                 )
26  _____ )
27
28
```

1        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant

2 Ricoh Company, Ltd., ("Ricoh") hereby responds to Plaintiff Synopsys, Inc.'s

3 ("Synopsys") First Set Of Interrogatories (Nos. 1-6).

4        These responses are based on information reasonably available to Ricoh at the

5 present time. Ricoh reserves the right to supplement these responses when, and if,

6 additional information becomes available. Ricoh also reserves the right to object on any

7 ground at any time to such other or supplemental Interrogatories Synopsys may

8 propound involving or relating to the subject matter of these Interrogatories.

9 <u>**OBJECTIONS TO DEFINITIONS / INSTRUCTIONS**</u>

10

11   1. Ricoh objects to all of the Interrogatories to the extent that they seek discovery of

12 information or documents exceeding, or seek to impose definitions and instructions

13 exceeding, the permissible scope of discovery under the Federal Rules of Civil Procedure

14 ("FRCP" or the "Federal Rules"), the local civil rules of this Court and applicable case

15 law.

16   2. Ricoh objects to all of the Interrogatories to the extent they require Ricoh to seek

17 information or documents beyond that in its possession, custody, or control as such

18 production is beyond the permissible scope of the Federal Rules and applicable law, and

19 would further pose an undue burden on Ricoh.

20   3. Ricoh objects to all of the Interrogatories to the extent that they seek information

21 or documents protected by the attorney-client privilege, the work product doctrine,

22 and/or any other privilege or immunity. Ricoh does not intend to provide Synopsys, Inc.

23 ("Synopsys" or "Plaintiff") with such protected information. Moreover, any inadvertent

24 disclosure of such information, or any disclosure of documents underlying that

25 information, shall not be deemed a waiver of the attorney-client privilege, the work

26 product doctrine, or any other privilege or immunity. Privileged documents that are

27 otherwise responsive to any interrogatory will be identified on a privilege log in

28 accordance with FRCP 26(b)(5).

1     4. Ricoh objects to all of the Interrogatories to the extent that they seek to impose an

2 obligation of a continuing nature beyond that required by FRCP 26(e).

3     5. Ricoh objects to all of the Interrogatories to the extent that they seek to impose a

4 premature obligation to provide information in light of Patent Local Rules, including, but

5 not limited to, Patent Local Rule 2-5.

6     6. Ricoh objects to the definition of "'Ricoh,' 'Defendant,' 'you,' and 'your'" because

7 the phrase "predecessors in interest" both is vague so as to not be clear and

8 comprehensible and also is overly broad because the phrase purports to include

9 independent third parties (e.g., International Chip Corporation and Knowledge Based

10 Silicon Corporation). In responding to these requests, Ricoh limits its response to Ricoh

11 Company, Ltd. However, Ricoh is willing to provide information relating to the

12 International Chip Corporation and Knowledge Based Silicon Corporation if within

13 Ricoh's possession, custody and control. Further, with respect to Interrogatories seeking

14 information from individual persons within Ricoh, Ricoh limits its response to current

15 employees. Ricoh objects to all of the Requests as overly broad and unduly burdensome

16 to the extent that they seek information beyond what is available from a reasonable

17 search of Ricoh's files likely to contain relevant or responsive documents and a

18 reasonable inquiry of Ricoh's current employees.

19

20     **RESPONSES AND SPECIFIC OBJECTIONS TO SYNOPSYS' FIRST SET OF**

21                **INTERROGATORIES (1-6)**

22     Statements made herein regarding Ricoh's intention to provide information or

23 documents responsive to any given Interrogatory does not necessarily indicate or imply

24 the existence of any information or documents responsive thereto. Furthermore, any

25 information provided or referred to herein is not deemed to be a waiver of Ricoh's

26 objections as to the competency, relevance, privilege or admissibility of evidence in this

27 or any subsequent proceeding or trial in this or any other action for any purpose

28 whatsoever.

1    Discovery and trial preparation in this matter have not been completed.  Ricoh is

2    continuing its investigation to obtain information responsive to the Interrogatories.

3    Therefore, all of the following responses are given without prejudice to Ricoh's right to

4    introduce documents or information discovered or deemed responsive subsequent to the

5    date of these responses.

6        Ricoh incorporates all of its Objections to Definitions / Instructions set forth above

7    and, subject to and without waiving these Objections to Definitions / Instructions, further

8    objects and responds to the numbered Interrogatories as follows:

9    **INTERROGATORY NO. 1:**

10       What are the functions that Synopsys' Design Compiler software is capable of

11   performing that Ricoh claims meet the elements (either literally or under the doctrine of

12   equivalents) of the '432 patent claims?

13   **RESPONSE:**

14       Ricoh incorporates by reference its Objections to Definitions / Instructions.

15   Ricoh interprets this Interrogatory request as questioning how Design Compiler Software

16   infringes the '432 patent and, therefore, Synopsys is, in effect, requesting from Ricoh an

17   infringement analysis.  The instant suit is a declaratory judgment action filed by

18   Synopsys in which there are no alleged claims of infringement and Synopsys has not

19   identified the specific patent claims it is placing at issue and has not provided any

20   information as to any theory of non-infringement.  Synopsys also has alleged that its

21   Design Compiler software is irrelevant and that the activities of the users of such

22   software are irrelevant and has not provided any of the discovery details of Design

23   Compiler.  Therefore, Ricoh objects to this request in that *inter alia* it does not relate to

24   any specific claim or defense actually being made by any party.  This interrogatory is

25   premature since discovery is just beginning, it seeks expert opinions, and it seeks

26   information not required by the local patent rules for declaratory judgment actions.

27   Ricoh is under no obligation to provide any infringement analysis at this point in time.

28

RICOH'S SUPPLEMENTAL RESPONSE TO SYNOPSYS' FIRST SET OF INTERROGATORIES

1          Subject to and without waiving such objections, Ricoh states that the ASIC

2   defendants[1] are infringing at least process claim 13 of the '432 patent based, inter alia, on

3   the use by the ASIC defendants of Synopsys' Design Compiler for the design of ASIC

4   products. Such use, for example, involves the input to Design Compiler of flowcharts or

5   hardware description languages that describe behavioral aspects of an ASIC under

6   design. Design Compiler is then used to draw on its technology, symbol, DesignWare,

7   and/or other libraries to synthesize the hardware cells to be implemented in the desired

8   ASIC as needed to perform the functions described by a given input description.

9          Upon information and belief, the ASIC defendants particularly use Design

10  Compiler to perform steps of: storing a set of definitions of architecture independent

11  actions and conditions, storing data describing available hardware cells for performing

12  the actions and conditions, storing in an expert system knowledge base a set of rules for

13  selecting the hardware cells, describing for the proposed ASIC a series of architecture

14  independent actions and conditions, specifying one of the stored definitions that

15  corresponds to a desired action or condition, selecting a hardware cell for performing the

16  desired function of the ASIC through use of cell selection rules stored in the expert

17  system knowledge base, and generating a netlist defining the hardware cells of the

18  proposed ASIC.

19         Ricoh will provide an appropriate further response after discovery is obtained

20  and Synopsys complies with its discovery obligations and in accordance with, and if

21  required by, a scheduling order entered in this case, unless there exists another ground

22  for objection.

23

24

25

26

---

27  [1] The term "ASIC defendants" as used herein refers to any of the defendants named in a
    related action (i.e., Ricoh v. Aeroflex et al, Case No. C03-4669-MJJ, N.D. California) including
28  Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox
    Graphics Inc., Matrox International Corp., and Matrox Tech, Inc.

**INTERROGATORY NO. 2:**

1. 

2.     Identify any evidence that supports Ricoh's claims that Synopsys' Design

3. Compiler software is capable of performing the Design Compiler software functions

4. identified in response to Interrogatory No. 1.

5. **RESPONSE:**

6.     Ricoh incorporates by reference its to Objections to Definitions / Instructions.

7. Ricoh interprets this Interrogatory request as questioning how Design Compiler Software

8. infringes the '432 patent and, therefore, Synopsys is, in effect, requesting from Ricoh an

9. infringement analysis. The instant suit is a declaratory judgment action filed by

10. Synopsys in which there are no claims of infringement and Synopsys has not identified

11. the specific patent claims it is placing at issue and has not provided any information as to

12. any theory of non-infringement. Synopsys also has alleged that its Design Compiler

13. software is irrelevant and that the activities of the users of such software are irrelevant

14. and has not provided any of the discovery details of Design Compiler. Therefore, Ricoh

15. objects to this request in that *inter alia* it does not relate to any specific claim or defense

16. actually being made by any party. Further, Synopsys has contended that the Design

17. Compiler software is not relevant to Synopsys claims and has refused to produce such

18. software. This interrogatory is premature since discovery is just beginning, it seeks

19. information protected by the attorney work product doctrine, it seeks expert opinion,

20. and seeks information not required by the local patent rules for declaratory judgment

21. actions. Ricoh is under no obligation to provide any infringement analysis at this point

22. in time. Ricoh further objects to this Interrogatory to the extent it purports to be a request

23. for documents.

24.     Subject to and without waiving such objections, documents responsive to this

25. interrogatory have been produced to Synopsys counsel under Fed. R. Civ. Proc. 33(d),

26. including, for example, Ricoh document Nos. RCL008608-42. Ricoh will provide an

27. appropriate further response after discovery is obtained and Synopsys complies with its

28.

1  discovery obligations and in accordance with, and if required by, a scheduling order

2  entered in this case, unless there exists another ground for objection.

3

4  **INTERROGATORY NO. 3:**

5      Identify any evidence that supports Ricoh's claims that Synopsys' Design

6  Compiler software meet the elements (either literally or under the doctrine of

7  equivalents) of the '432 patent claims.

8  **RESPONSE:**

9      Ricoh incorporates by reference its to Objections to Definitions / Instructions.

10  Ricoh interprets this Interrogatory request as questioning how Design Compiler software

11  infringes the '432 patent and, therefore, this interrogatory seeks a comparison between

12  the Design Compiler software and claims 1-12 of the '432 patent. Synopsys is, in effect,

13  requesting from Ricoh an infringement analysis of claims that Ricoh has not asserted in

14  any lawsuit against any party. Ricoh has not contended that the Design Compiler

15  software per se infringes any claims of the '432 patent. The instant suit is a declaratory

16  judgment action filed by Synopsys in which there are no claims of infringement and

17  Synopsys has not identified the specific patent claims it is placing at issue and has not

18  provided any information as to any theory of non-infringement. Synopsys also has

19  alleged that its Design Compiler software is irrelevant and that the activities of the users

20  of such software are irrelevant and has not provided any of the discovery details of

21  Design Compiler. Therefore, Ricoh objects to this request in that *inter alia* it does not

22  relate to any specific claim or defense actually being made by any party. Synopsys has

23  not identified the specific patent claims at issue and has not provided any information as

24  to any theory of non-infringement. This interrogatory is premature since it seeks expert

25  opinion and seeks information nor required by the local patent rules for declaratory

26  judgment actions. Ricoh is under no obligation to provide any infringement analysis at

27  this point in time. Ricoh further objects to this Interrogatory to the extent it purports to

28  be a request for documents.

1         Ricoh will provide an appropriate further response in accordance with, and if
2   required by, a scheduling order entered in this case, unless there exists another ground
3   for objection.

4         Subject to and without waiving such objections, documents responsive to this
5   interrogatory have been produced to Synopsys counsel under Fed. R. Civ. Proc. 33(d),
6   including, for example, Ricoh document Nos. RCL008608-42. Ricoh will provide an
7   appropriate further response after discovery is obtained and Synopsys complies with its
8   discovery obligations and in accordance with, and if required by, a scheduling order
9   entered in this case, unless there exists another ground for objection.

10

11  **INTERROGATORY NO. 4:**

12        Identify any claim language in the '432 patent claims that requires a "flowchart
13  editor."

14  **RESPONSE:**

15        Ricoh incorporates by reference its to Objections to Definitions / Instructions.
16  Ricoh further objects since this Interrogatory requests construction and/or interpretation
17  of '432 patent claims and objects to the Interrogatory to the extent that it seeks to impose
18  a premature obligation to provide information in light of Patent Local Rules, including,
19  but not limited to, Patent Local Rule 2-5. Subject to such objections and without waiver
20  thereof, Ricoh notes that in claims 4, 5 (by dependency from claim 4), 9, 10 (by
21  dependency from claim 9), 11, and 12 (by dependency from claim 11) expressly recite a
22  flowchart editor.

23        Ricoh will provide an appropriate further response in accordance with, and if
24  required by, a scheduling order entered in this case, unless there exists another ground
25  for objection.

26

27

28

1  **INTERROGATORY NO. 5:**

2    Identify any claim language in the '432 patent claims that requires an "expert

3  system for translating the flowchart into a netlist defining the necessary hardware cells of

4  the integrated circuit."

5  **RESPONSE:**

6    Ricoh incorporates by reference its to Objections to Definitions / Instructions.

7  Ricoh further objects since this Interrogatory requests construction and/or interpretation

8  of '432 patent claims and objects to the Interrogatory to the extent that it seeks to impose

9  a premature obligation to provide information in light of Patent Local Rules, including,

10  but not limited to, Patent Local Rule 2-5. Subject to such objections and without waiver

11  thereof, Ricoh notes that in claims 4, 5, 9, 10 (by dependency from claim 9), 11, and 12 (by

12  dependency from claim 11), expressly recite an expert system and a flowchart.

13    Ricoh will provide an appropriate further response in accordance with, and if

14  required by, a scheduling order entered in this case, unless there exists another ground

15  for objection.

16

17  **INTERROGATORY NO. 6:**

18    Identify any claim language in the '432 patent claims that patentably

19  distinguishes any of the '432 patent claims over United States Patent No. 4,703,435.

20  **RESPONSE:**

21    Ricoh incorporates by reference its to Objections to Definitions / Instructions.

22  Ricoh further objects since this Interrogatory requests construction and/or interpretation

23  of '432 patent claims and objects to the Interrogatory to the extent that it seeks to impose

24  a premature obligation to provide information in light of Patent Local Rules, including,

25  but not limited to, Patent Local Rule 2-5. Ricoh further objects that this interrogatory

26  seeks information that is irrelevant and unduly burdensome. Ricoh has not asserted any

27  claims of the '432 patent against Synopsys and has not asserted any of claims 1-12 of the

28  patent against the ASIC defendants. Synopsys has not identified which claims of the

1  patent it is challenging on the grounds of invalidity or what prior art it is asserting as to

2  each such claim.  To seek to have Ricoh compare unasserted prior art against unasserted

3  claims is irrelevant and unduly burdensome.  Further all of the claims are presumed

4  valid over the '435 patent which was cited by the Patent Examiner.  Ricoh will provide an

5  appropriate further response in accordance with, and if required by, a scheduling order

6  entered in this case, unless there exists another ground for objection.

7

8  Dated: December 9, 2003                    Ricoh Company, Ltd.

9

10                                            By: _Keith Bradley / MU_
                                              Jeffrey B. Demain, State Bar No. 126715
11                                            Jonathan Weissglass, State Bar No. 185008
                                              Altshuler, Berzon, Nussbaum, Rubin & Demain
12                                            177 Post Street, Suite 300
                                              San Francisco, California  94108
13                                            Phone:  (415) 421-7151
                                              Fax:  (415) 362-8064
14

15                                            Gary M. Hoffman
                                              Ken Brothers
16                                            Eric Oliver
                                              DICKSTEIN SHAPIRO MORIN &
17                                                 OSHINSKY  LLP
                                              2101 L Street NW
18                                            Washington, D.C.  20037-1526
                                              Telephone: (202) 785-9700
19                                            Facsimile: (202) 887-0689

20                                            Edward A. Meilman
21                                            DICKSTEIN SHAPIRO MORIN &
                                                 OSHINSKY  LLP
22                                            1177 Avenue of the Americas
                                              New York, New York  10036
23                                            Telephone:  (212) 896-5471
                                              Facsimile:  (212) 997-9880
24

25                                            Attorneys for Ricoh Company, Ltd.

26

27

28

1      **PROOF OF SERVICE**

2    **CASE:**     *Synopsys, Inc. v. Ricoh Company, Ltd.*

3    **CASE NO:**   U.S. District Court, N.D. Cal., No. C03-2289 MJJ

4           I am employed in the City and County of San Francisco, California. I am over the age
    of eighteen years and not a party to the within action; my business address is 177 Post Street,
5    Suite 300, San Francisco, California 94108. On December 9, 2003, I served the following
    document(s):

6
    RICOH'S SUPPLEMENTAL RESPONSE TO SYNOPSYS' FIRST SET OF
7    INTERROGATORIES (NOS. 1-6)

8    on the parties, through their attorneys of record, by placing true copies thereof in sealed
    envelopes addressed as shown below for service as designated below:
9

10          By First Class Mail: I caused each such envelope, with first-class postage thereon fully
    prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San
11   Francisco, California, for collection and mailing to the office of the addressee on the
    date shown herein following ordinary business practices.

12
    and
13

14          By Facsimile: I caused such document to be served via facsimile electronic equipment
    transmission (fax) on the parties in this action by transmitting a true copy to the
15   following fax number(s):

16

17          **ADDRESSEE**                              **PARTY**

18          Christopher L. Kelley, Esq.               Attorneys for Plaintiff
            Erik K. Moller, Esq.                       Synopsys, Inc.
19          Teresa M. Corbin, Esq.
            Howrey Simon Arnold & White LLP
20          301 Ravenswood Avenue
            Menlo Park, CA 94025
21          Facsimile: 650/463-8400

22          I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct. Executed this December 9, 2003, at San Francisco, California.
23

24                                    _____
                                            Edward Lin
25

26

27

28

    PROOF OF SERVICE
    *Synopsys, Inc. v. Ricoh Co., Ltd.*, N.D. Cal. Case No. C03-02289 MJJ

# EXHIBIT L



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

December 15, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, New York 10036-2714

*Re:*    *Synopsys, Inc. v. Ricoh Company, Ltd., Case No. 03-02289 MJJ*

Dear Mr. Meilman:

I write to give Ricoh one more opportunity to properly answer Synopsys Inc.'s Interrogatory Nos. 1, 2, 3 and 6, as we are preparing a motion to compel adequate responses. In these interrogatories, Synopsys seeks the bases for Ricoh's assertions that the use of Design Compiler infringes the '432 patent by satisfying the limitations called out in the '432 patent claims (Interrogatory No. 1); identification of any evidence Ricoh claims would support its assertions that the Design Compiler is capable of performing the claimed functions (Interrogatory No. 2); identification of any evidence that would support Ricoh's claims that the use of Design Compiler would satisfy the limitations of '432 patent claims (Interrogatory No. 3); and any claim language in the '432 patent that Ricoh is able to identify that patentably distinguishes the Darringer prior-art patent (U.S. Patent No. 4,703,435.)

Ricoh's objections to these interrogatories are untenable and its responses to date have been wholly inadequate. Ricoh's objection that there is no issue of infringement in this case is nonsense. We ask that Ricoh assure Synopsys that it will provide the infringement claim charts as required under the Local Patent Rules. If Ricoh persists in its avoidance of the Local Patent Rules and its timetable of disclosures, then Ricoh must find Local Patent Rule 2-5 does not apply to preempt as premature Interrogatory Nos. 1-3. If so, Ricoh must serve its responds to the interrogatories under the timetable set out in F.R.C.P. 33. Such responses are past due. Ricoh now must commit itself to providing infringement claim charts under the Local Patent Rules, or provide adequate answers to Interrogatory Nos. 1-3 by December 19. If you wish to further meet and confer on this issue please provide a time this week, at Ricoh's convenience, to confer on these issues.



Further, the Local Patent Rules do not excuse Ricoh from answering Interrogatory No. 6. Ricoh cites to no support for its theory that Synopsys must first serve invalidity charts on Ricoh under the Local Patent Rules, before Ricoh, the patent claimant, must respond to an interrogatory regarding specific prior art. There is no support in the rules for such a delay - the Local Patent Rules do not address when, or indeed whether, a patent claimant must provide its contentions regarding relevant prior art. Such requests are properly the subject of, and guided by, F.R.C.P. 33. Ricoh's "burdensome" objection is likewise unfounded. Interrogatory No. 6 does not require Ricoh search the prior art, nor submit claim charts on all possible prior-art references. Synopsys seeks information to determine Ricoh's contentions regarding one prior-art patent, the Darringer '435 patent. Synopsys requests that Ricoh fully respond to Interrogatory No. 6 by December 19, or, if you wish, provide a time this week to further meet and confer on this issue.

If you have any questions please do not hesitate to contact me.

Sincerely,

Matthew E. Hocker

CC:    Gary M Hoffman, Esq.
       Jeffrey B. Demain, Esq.

# EXHIBIT M



# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

1177 Avenue of the Americas • New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880

Writer's Direct Dial: (212) 896-5471
E-Mail Address: MeilmanE@dsmo.com

December 17, 2003

**BY FACSIMILE AND U.S. MAIL**
**650-463-8400**

Matthew E. Hocker, Esq.
Howrey Simon Arnold & White
301 Ravenswood Avenue
Menlo Park, CA 94025-3434

  Re: Synopsys, Inc. v. Ricoh Company, Ltd., Case No. 03-02289 MJJ

Dear Mr. Hocker:

   I have your letter of December 15, 2003. Synopsys has no valid basis for a motion to compel. Contrary to your assertions, Ricoh has properly answered Synopsys' interrogatories. Even though Synopsys was not entitled to any response pursuant to Local Patent Rule 2-5, and even though Synopsys has refused to provide discovery about the very products it explicitly put in issue in its Complaint, Ricoh has outlined how certain companies (not Synopsys) use Design Compiler to infringe claim 13 of the '432 patent.

   Your contentions that Ricoh is avoiding the Local Patent Rules and that "Local Patent Rule 2-5 does not apply to preempt as premature Interrogatories Nos. 1-3", are wrong. Local Patent Rule 2-5(a) specifically exempts as premature any "request seeking to elicit a party's claim construction position". At a recent meet and confer on this very issue, I asked Messrs. Kelley and Moller of your firm how it was possible to respond to these interrogatories without eliciting Ricoh's claim construction position. They were unable to explain how that was possible. In addition, Local Patent Rule 2-5(b) exempts any "request seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality". Your recitation of the substance of the interrogatories makes it clear they are nothing more, and indeed nothing less, than a request seeking to elicit from Ricoh a comparison of the claims of the Ricoh patents with Synopsys' Design Compiler product.

   Ricoh has not asserted that Synopsys infringes any claim of any patent in this action and, quite to the contrary, has unequivocally told Synopsys that it would not sue Synopsys for infringement of any present or past use of Synopsys equipment including Design Compiler. It is inappropriate for you to demand that Ricoh provide infringement claim charts when Ricoh has not advanced any infringement claim against Synopsys in the *Synopsys v. Ricoh* action. You should note that in the copending *Ricoh v. Aeroflex* action where an infringement claim has been made, Ricoh will provide the charts required by the Local Rules in accordance with those Rules.

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
www.legalinnovators.com

89881 v1; 1X8V01!.DOC

Matthew E. Hocker, Esq.
December 17, 2003
Page 2


With regard to Interrogatory No. 6, Ricoh stands by its response. Note further that Interrogatory 6 asks Ricoh to compare its claims to a particular piece of prior art. That is an exercise that requires, of necessity, a statement of Ricoh's claim construction position, and as pointed out above, such a request is premature under Patent Local Rule 2-5(a).

Ricoh has followed the procedures required by the Local Rules of this Court and will continue to do so.

Very truly yours,

Edward A. Meilman

EAM/hc

cc:     Gary Hoffman, Esq.
        Kenneth Brothers, Esq.
        Jeffrey Demain, Esq.

# EXHIBIT N



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

December 18, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, New York 10036-2714

Re:     *Synopsys, Inc. v. Ricoh Company, Ltd., Case No. 03-02289 MJJ*

Dear Mr. Meilman:

I have your letter of December 17, in which you again assert that Ricoh is not bound to produce its contentions under the Patent Local Rules, but is, nonetheless, exempt from answering interrogatories by those same Patent Local Rules.

As Messrs. Kelley and Moller informed you when meeting and conferring regarding Ricoh's inadequate interrogatory responses, Ricoh cannot have it both ways and forestall all discovery on its infringement contentions, while it continues to sue, and threaten to sue, Synopsys' customers. Contrary to what you state in your letter, Messrs. Moller and Kelley proposed that Ricoh provide an explanation of what specific structures within Synopsys software or activities by Synopsys users, were the basis for Ricoh's allegations of infringement. Ricoh need not advance a specific construction of claims with this identification of "infringing" structure or activities. Nor would distinguishing the Darringer '435 patent's teachings from Ricoh's claimed invention require construction of the claim terms. These interrogatories do not seek to elicit Ricoh's claim construction position but merely seek identification functions in Design Compiler (and evidence supporting the fact that Design Compiler performs such functions) and identification of claim language that patentably distinguishes any of the '432 claims over the Darringer patent.



This discovery is necessary for Synopsys to determine what claim terms are in dispute and to what extent the parties dispute the meanings of those terms—i.e., what disputes must be resolved by the Court for the invalidity and non-infringement determinations in this litigation. Nothing in the Patent Local Rules warrants Ricoh's refusal to respond to the subject interrogatories.

It seems we are at an impasse. While Ricoh promised to supplement its responses to these interrogatories, to date it has only supplemented its objections to them. Please let me know by close of business tomorrow, if Ricoh will substantively supplement its responses.

Sincerely,

Matthew E. Hocker

cc:     Gary M Hoffman, Esq.
        Jeffrey B. Demain, Esq.

# EXHIBIT O



# D I C K S T E I N   S H A P I R O   M O R I N   &   O S H I N S K Y   LLP

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*Writer's Direct Dial: (212) 896-5471*
*E-Mail Address: MeltmanE@dsmo.com*

December 19, 2003

**BY FACSIMILE AND U.S. MAIL**
650-463-8400

Matthew E. Hocker, Esq.
Howrey Simon Arnold & White
301 Ravenswood Avenue
Menlo Park, CA 94025-3434

Re:   Synopsys v. Ricoh
        Our Ref.: R2180.0171

Dear Mr. Hocker:

        Your letter of December 18, 2003 makes it clear that Synopsys is committed to proceeding with a completely baseless and unnecessary motion to compel. You have either misread or simply ignored the contents of my previous letter. Ricoh has followed the Patent Local Rules and is continuing to do so. It is Synopsys that insists on ignoring them.

        Ricoh is not trying to "have it both ways" but rather is observing the distinction and division that Synopsys itself has demanded between the *Synopsys v. Ricoh* and *Ricoh v. Aeroflex* cases. Ricoh proposed consolidating these cases while Synopsys has opposed consolidation. You say that your interrogatories seek Ricoh's "infringement contentions" but, as I explicitly pointed out in my prior letter, Ricoh has made no infringement contentions in this *Synopsys v. Ricoh* case. Ricoh did make infringement contentions in the *Ricoh v. Aeroflex* case and will provide information in that case in accordance with the Local Rules.

        Your letter also ignores the substance of the meet and confer. While you state that Messrs. Moller and Kelley proposed Ricoh identify the specific structures and activities which were the basis for the allegations of infringement (again ignoring the fact that there were no such allegations in this case), that is hardly contrary to what I stated in my letter. The Federal Circuit has stated, time and time again, that it is necessary to construe the claims before doing an infringement analysis, and in fact, the Local Rules provide for the production of preliminary infringement and invalidity contentions as part of the claim construction process. I, therefore, asked Messrs. Moller and Kelley how it was possible to state how the claims were infringed without eliciting Ricoh's claim construction position. They were unable, as I stated in my prior letter, to explain how that was possible. The Patent Local Rules exempt as premature requests seeking to elicit a party's claim construction position or to compare the asserted claims with the accused product or process, yet that is just what Synopsys seeks.

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*www.legalinnovators.com*

90241 v1; 1XMP01!.DOC

RECEIVED TIME    DEC. 19.    1:34PM

Matthew E. Hocker, Esq.
December 19, 2003
Page 2

        Indeed, your letter reconfirms that Synopsys is seeking the very information
which Patent Local Rule 2-5 deems premature. You say that discovery is necessary to
"determine what claim terms are in dispute and to what extent the parties dispute the
meanings of those terms". How can that be done without eliciting the parties' claim
construction positions, a exercise that Local Patent Rule 2-5 specifically exempts? To
properly comply with the spirit of the "meet and confer" rules of the Court, you need to
explain that to us before you bring a motion. You have not done so.

        We reiterate for you once again that Ricoh will provide its preliminary
infringement contentions in the *Ricoh v. Aeroflex* litigation in accordance with the Local
Rules.

        If you wanted to discuss this matter further, we are available for a conference
call next week.

                                Very truly yours,

                                Edward A. Meilman

EAM/hc

cc:     Gary Hoffman, Esq.
        Kenneth Brothers, Esq.
        Jeffrey Demain, Esq.

# EXHIBIT P



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

THOMAS C. MAVRAKAKIS
PARTNER
650.463.8169
mavrakakist@howrey.com

March 4, 2004

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Kenneth W. Brothers
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street NW
Washington, D.C. 20037

Re:    *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,*
       <u>Case No. CV 03-04669 MJJ (MCC)</u>

Dear Mr. Brothers:

    I am writing regarding the impasse that the parties had previously reached regarding the inadequacies of Ricoh's Supplemental Responses to Synopsys' First Set of Interrogatories. In particular, Ricoh's responses to Interrogatories Nos. 1-3 and 6 remain deficient. It is our understanding that Ricoh will not further supplement these responses.

    We request an in person meet and confer regarding these responses in accordance with Magistrate Judge Chen's Standing Order. Please suggest a time next week when your local counsel will be available to come to our Menlo Park Offices.

    To help narrow the issues please identify for us beforehand the objections that Ricoh bases its withholding of responsive information. As a preliminary matter, I note that contrary to your "objections" the requested information is directly relevant to Synopsys' non-infringement and invalidity declaratory judgment claims. For the non-infringement claim Ricoh, as the patentee, still has the burden to prove infringement of the Synopsys' products at issue. With respect to Interrogatory No. 6, Ricoh's complete failure to provide any response is explicitly prohibited by the Patent Local Rules.

    We look forward to your prompt response.

                                        Very truly yours,

                                        *Thomas C. Mavrakakis/bal*

                                        Thomas C. Mavrakakis

TCM:bal

cc:    Edward A. Meilman
       Gary M. Hoffman

8010680

# EXHIBIT Q

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689

Writer's Direct Dial: (202) 861-9185
E-Mail Address: OliverE@dsmo.com

March 12, 2004

**VIA FACSIMILE AND FEDEX**
1-650-463-8400

Thomas C. Mavrakakis, Esq.
Howrey Simon Arnold & White
301 Ravenswood Avenue
Menlo Park, CA 94025-3434

Re:    Ricoh v. Aeroflex et al.

Dear Thomas:

We have reviewed your letter of March 4, 8 and 10, 2004. Although we do not agree with the various allegations you have raised, in order to avoid unnecessary controversy, we have reviewed and addressed your allegations regarding certain deficiencies in Ricoh's Preliminary Infringement Claim Charts as follows.

With respect to Patent Local Rule (PLR) 3-1(a), we believe that the original claim charts are in compliance. Nevertheless, we enclose revised claim charts separately identifying the different defendants, particularly the Matrox entities. We are willing to reset the effective date of disclosures to the date of this letter, if you find it necessary.

With respect to PLR 3-1(b), no change is necessary in the claim charts. As you will see upon reviewing the charts, the required identification of an "Accused Instrumentality" under the rule is met by the identification in the charts of the process carried out by the ASIC defendants, including the use of various software components identified in the charts.

With respect to PLR 3-1(c), the original claim charts had already set forth for each defendant the Accused Instrumentality, as noted above. Certainly, with the addition of the new claim charts separately identifying the Matrox entities, this objection has been rendered moot.

With respect to PLR 3-1(d), the original claim charts, together with the new Matrox claim charts, more than suffice to overcome your objection.

With respect to PLR 3-1(f), Ricoh identifies the following instrumentalities solely to preserve the right to rely (for any purpose) on such instrumentalities: the early implementations and variations of the KBSC system; and Ricoh's use of Synopsys products such as Design Compiler (or variation, e.g., DC Ultra, DC Expert, DC Expert

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com

1741179 v2; 11BS302I.DOC

RECEIVED TIME   MAR. 12.   4:28PM

Thomas C. Mavrakakis, Esq.
March 12, 2004
Page 2


Plus, etc.), DFT Compiler, Prime Time, HDL Compiler for Verilog, Astro, Astro-Rail, and Astro-Xtalk.

    With respect to PLR 3-2, Ricoh has no documents in category (a); Ricoh has already produced documents in category (b) (see production Nos. RCL002667 through RCL002693); and Ricoh has already produced the file history of the '432 patent (see production Nos. RCL000001 through RCL000265) required of category (c).

    With respect to your letter of March 10th, Ricoh has met the claim chart disclosure requirements of PLR 3-1. Ricoh's preliminary claim charts set forth its theories of infringement with sufficient specificity. See Network Caching Technology, LLC v. Novel, Inc., 2003 U.S. Dist. Lexis 9881, *12-13 (N.D. Cal. 2003) (stating that "a party may comply with Patent LR 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants' with notice of infringement beyond that which is provided by the mere language of the patents themselves").

    Ricoh objects to the ASIC Defendants' attempt to turn the preliminary claim charts into a forum for litigation of the substantive issues. Such tactics are contrary to the Northern District of California's stated purpose of claim charts under PLR 3-1. Id. (finding that PLR 3-1 does not require the patentee produce evidence of infringement or ironclad and irrefutable claim constructions; the preliminary infringement contentions are not meant to be a forum for litigation of the substantive issues).

    To the extent the ASIC Defendants take the position that Ricoh has not met its obligations under Fed. R. Civ. P. 11, this position is inconsistent with the present facts and the applicable case law. Ricoh has previously made clear that it conducted a good faith infringement analysis and, as such, has met the requirements of Rule 11 that you appear to complain about. See Q-Pharma, Inc. v. The Andrew Jergens Company, No. 03-1184, (Fed. Cir. Mar. 8, 2004) (applying Ninth Circuit law and noting that a Rule 11 violation does not exist merely because the accused disagrees with the patentee's infringement analysis, and further finding that "an infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter"). Ricoh has met its burden here.

    With respect to the response to interrogatories served in the Synopsys, Inc. v. Ricoh Co., Ltd. litigation (" Synopsys litigation"), which issue was also raised in your letter of March 4, 2004,[1] we note that the Synopsys litigation is a separate case that has not been consolidated with the Ricoh Co., Ltd. v. Aeroflex et al. litigation ("Ricoh litigation"). As such, the disclosure of the Preliminary Infringement Charts in the Ricoh litigation does not obligate us to supplement our responses to interrogatories served in the Synopsys litigation. Nevertheless, we will review the issue and supplement our responses if appropriate.

---

[1] We note that you had failed to timely object to our position on the issue as previously set forth in the letters from Edward Meilman on December 17th and 19th, 2003.

Thomas C. Mavrakakis, Esq.
March 12, 2004
Page 3


     We believe that we have addressed all outstanding issues raised in your letters of March 4, 8 and 10, 2004. To the extent there are any other issues that have not been specifically addressed herein, we do not acquiesce to or otherwise agree with your position and recommend that you identify such remaining issues immediately so that they can be addressed at this time.

     We are more than willing to schedule a meet and confer consistent with Judge Chen's directives on a mutually agreeable date and time in order to resolve any outstanding issues.


                    Very truly yours,

                    Eric Oliver


EO/cdl
Enclosures

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 147674)
   Erik K. Moller (SBN 177927)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California  94025
   Telephone:  (650) 463-8100
5  Facsimile:  (650) 463-8400

6  Attorneys for Plaintiff

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11 SYNOPSYS, INC.,                     ) Case No. C03-02289 MJJ (EMC)
                                       )
12            Plaintiff,               ) **MANUAL FILING NOTIFICATION**
                                       )
13      vs.                            ) **RE EXHIBIT R TO DECLARATION OF**
                                       ) **THOMAS C. MAVRAKAKIS IN SUPPORT**
14 RICOH COMPANY, LTD.,                ) **OF PLAINTIFF SYNOPSYS, INC.'S**
                                       ) **MOTION TO COMPEL RESPONSES TO**
15            Defendant.               ) **SYNOPSYS FIRST SET OF**
   _____ ) **INTERROGATORIES**
16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No.  C03-02289 MJJ (EMC)
Manual Filing Notification

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MANUAL FILING NOTIFICATION

Regarding: *Exhibit R to Declaration of Thomas C. Mavrakakis In Support Of Plaintiff Synopsys, Inc.'s Motion To Compel Responses to Synopsys First Set of Interrogatories.*

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office.

If you are a participant in this case, this filing will be served in hard-copy shortly.

For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

____ Voluminous Document (PDF file size larger than the efiling system allows)

____ Unable to Scan Documents

____ Physical Object (description): _____

_____

____ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media

_X_ Item Under Seal

____ Conformance with the Judicial Conference Privacy Policy (General Order 53).

____ Other (description): _____

Dated: March 31, 2004                    Respectfully submitted,

HOWREY SIMON ARNOLD & WHITE, LLP

By:  /s/ Thomas C. Mavrakakis_____
     Thomas C. Mavrakakis
     Attorneys for Plaintiff

**HOWREY
SIMON
ARNOLD &
WHITE**

Case No.  C03-02289 MJJ (EMC)
Manual Filing Notification

-2-