Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SYNOPSYS, INC.<br><br>                    Plaintiff,<br><br>      vs.<br><br>RICOH COMPANY LTD.,<br><br>                    Defendants. | ) CASE NO. CV-03-2289-MJJ (EMC)<br>)<br>)<br>) **RICOH'S OPPOSITION TO SYNOPSYS'**<br>) **MOTION TO COMPEL RESPONSES TO**<br>) **SYNOPSYS' FIRST SET OF**<br>) **INTERROGATORIES**<br>)<br>)<br>) **Date:        May 14, 2004**<br>) **Time:        10:30 AM**<br>) **Courtroom:  C, 15th Floor**<br>) **Judge:       Hon. Edward M. Chen**<br>) |

1

## TABLE OF CONTENTS

2

I.  STATEMENT OF THE ISSUES............................................................................. 2

3

II.  STATEMENT OF THE FACTS ............................................................................ 3

4

III.  DISCUSSION OF THE ISSUES.......................................................................... 6

5
      A.  Infringement Contentions Are Governed By The Patent Local Rules,
          But Synopsys Has Failed to Comply With Rule 3-5 ................................ 6

6
      B.  Synopsys Cannot Demand A Response Under the Patent Local Rules Beyond
7         That Voluntarily Provided By Ricoh ........................................................ 7

8     C.  Ricoh's Initial Supplemental Response To   The Interrogatories
          Was Fully Responsive............................................................................ 10

9     D.  Ricoh's Current Supplementation Moots The Motion............................. 12

10

IV.  CONCLUSION.................................................................................................. 14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

### CASES

3

*Lemelson v. U.S.*, 14 Cl. Ct. 318; 6 U.S.P.Q. 2d 1657 (Cl. Ct. 1988) .........................................8

4

*Markman v. Westview Instruments, Inc* , 52 F.3d 967 (Fed. Cir. 1995),
    *aff'd*, 517 U.S. 370 (1996) .........................................................................................................8

5

*SRI International v. Matsushita Electric Corp.*, 775 F.2d 1107 (Fed. Cir. 1985) ......................8

6

*The Standard Oil Company v. American Cyanamid Company*, 774 F.2d 448
    (Fed. Cir. 1985)..........................................................................................................................8

7

*Vitronics Corp. v. Conceptronic Inc.*, 90 F.3d 1576 (Fed. Cir. 1996) .........................................8

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ricoh's Opposition To Synopsys' Motion To Compel Responses To Synopsys' First Set Of Interrogatories

102760 v1; 27@G01!.DOC

1    Synopsys has moved this Court for an Order compelling Ricoh Co., Ltd. ("Ricoh") to

2    provide an "adequate" response to Interrogatories Nos. 1-3 of Synopsys' First Set of

3    Interrogatories, setting forth its patent infringement theories and supporting evidence, even

4    though Ricoh has never accused Synopsys of infringement, has not advanced a counterclaim of

5    infringement against Synopsys, has denied knowledge or information sufficient to form a belief

6    about whether Synopsys directly infringes the patent, and has even provided Synopsys with an

7    immunity from suit under the patent.  Ricoh has provided Synopsys with Ricoh's infringement

8    theories and supporting evidence against the ASIC defendants -- the defendants in the related

9    case -- who are the only parties who Ricoh accused of infringing the patent-in-suit.  The motion

10   should be denied.

11        Synopsys' motion seeks to ignore and avoid the spirit and substance of this District's

12   Patent Local Rules, including the timetable for making disclosures under those Rules.  The

13   Patent Local Rules provide that certain aspects of discovery are premature under prescribed

14   circumstances and disclosure should be delayed so as to follow the timetable established by the

15   Rules.  Thus, Patent L.R. 2-5 expressly states that a party may object to responding to the

16   following categories of discovery "on the ground that they are premature in light of the timetable

17   provided by the Patent Local Rules:"

18        (a) Requests seeking to elicit a party's claim construction position;

19        (b) Requests seeking to elicit from the patent claimant a comparison of the asserted
20        claims and the accused apparatus, product, device, process, method, act, or other
          instrumentality….

21        Interrogatories 1, 2 and 3 seek to elicit Ricoh's claim construction and seek to elicit a

22   comparison of the claims of the '432 patent to Synopsys' products, even though Ricoh has never

23   accused Synopsys' products per se of infringement nor charged Synopsys with patent

24   infringement.  Indeed, the claims of the '432 patent which Ricoh asserts have been infringed by

25   the ASIC defendants is for a process that Ricoh is without knowledge as to whether Synopsys

26

27

28

1    performs.  Ricoh has properly objected on the grounds that, *inter alia*, these interrogatories are

2    premature under Patent L.R. 2-5(a) and (b).

3            Patent L.R. 3-5(b) requires that, when there is a Declaratory Judgment action without

4    a counterclaim for infringement, the parties should meet and confer to decide when discovery

5    that is otherwise premature under Patent L.R. 2-5(a) and (b) should take place.  The instant

6    litigation falls under the provision of Rule 3-5(b).  Ricoh made it clear to Synopsys that Ricoh's

7    position was that the appropriate timetable under Patent L.R. 3-5 requires Synopsys to come

8    forward with invalidity contentions before Ricoh had any obligation to provide Rule 2-5(a) and

9    (b) responses.  Even so, Synopsys never sought to have a meet and confer about the timetable for

10   their discovery requests under Rules 2-5(a) and (b).  Consequently, the parties have thus not

11   agreed to any timetable for making disclosures that fall with the purview of Rules 2-5(a) and (b).

12   As such, Interrogatories 1-3 are premature, and Ricoh has no obligation to respond.

13           Even though Ricoh was not obligated to provide any response at all, it has already

14   fully responded the interrogatories.  Synopsys' motion, however, seeks to avoid that fact and

15   seeks to expand the scope of the interrogatories beyond the way they were posed, and demand

16   further information.

17           Synopsys' motion was also premature in that it ignores the fact that Ricoh had stated

18   that it would further supplement its response to those interrogatories and has done so.  Having

19   already decided this motion would be filed no matter what, Synopsys chose not to wait until

20   receiving those supplemented responses.  Ricoh is serving such further supplementation with this

21   opposition.

## I.    STATEMENT OF THE ISSUES

22

23           Synopsys' statement of the issues is both inaccurate and incomplete.  A more accurate

24   statement of the issues is set forth below.

25

26           1.    Did Synopsys avoid the Patent L.R. 3-5(b) requirement for a meet and confer
                   in order to set the time at which that discovery under Patent Local Rule 2-5
27                 was no longer premature?

28

2.    Are Synopsys interrogatories 1-3 "premature in light of the timetable provided in the Patent Local Rules" as (a) "seeking to elicit a party's claim construction position" as provided in Patent L.R. 2-5(a) and/or as "seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality" as set forth in Patent L.R. 2-5(b)?

3.    Is Synopsys entitled at this stage of early discovery to force Ricoh to formulate contentions with respect to claims that were not, and cannot, be asserted against Synopsys and have not been asserted by Ricoh against any party in any litigation?

4.    Are Ricoh's responses to Interrogatories 1-3 adequate either at the time the motion was made or in the currently served supplemental responses?

## II.    STATEMENT OF THE FACTS

Synopsys' statement of the facts is also both inaccurate and incomplete.  A more accurate statement of the facts is set forth below.

In early 2003, Ricoh sued a group of defendants for infringing those claims of its '432 patent relating to a process of making computer chips containing an architecturally independent integrated circuit (ASIC), namely claims 13-17.  That action, which was commenced in Delaware, has since been transferred to this Court (CV-03-04669 MJJ (EMC)) but has not been consolidated with the present action.  In that case, Ricoh asserts that the defendants (the "ASIC defendants") have used some Synopsys products in the course of practicing the method claimed in claims 13-17 of the '432 patent.  Ricoh also notified third parties of the existence of the suit and invited them to consider whether or not they desired to license the '432 patent.

Several months after the Delaware action was commenced, Synopsys filed the present Declaratory Judgment action against Ricoh in this Court.  While initially seeking a judgment that no Synopsys product infringes any of the claims of the '432 patent or a later issued '016 patent, Synopsys now alleges that a subset of those products, for which it uses the shorthand "Design Compiler products", do not infringe any of the claims of either of these patents.

Ricoh initially moved to dismiss the Declaratory Judgment complaint on the grounds, *inter alia*, that Ricoh had issued a covenant not to sue Synopsys on either patent for any existing product.  (D.I. 18).  After that motion was denied, Ricoh filed an Answer in which Ricoh denied

1  knowledge or information sufficient to form a belief about whether Synopsys' Design Compiler

2  products infringed any of the claims of either patent. (D.I. 44).   The Answer does not contain

3  any counterclaim alleging that Synopsys has directly infringed either of these patents.

4          Patent L.R. 2–5 provides that certain aspects of discovery, including (*inter alia*)

5  discovery requesting a party's claim construction and discovery requesting a patent claimant's

6  comparison of the asserted claims and what is accused of infringement, should conform to the

7  timetable established by the Rules.   Patent L.R. 3-5(a), however, eliminates the timetable for

8  responding to infringement inquiries in those Declaratory Judgment actions which lack an

9  infringement counterclaim.   Under such circumstances, Patent L.R. 3–5(b) requires the parties to

10  meet and confer about the timetable.   Ricoh has made it clear to Synopsys that Ricoh's position

11  was that Synopsys must come forward with invalidity contentions before Ricoh could potentially

12  be obligated to set forth its contentions in response to Synopsys' non-infringement allegations in

13  Synopsys' Complaint. (Brothers Decl. ¶2).   Synopsys has not come forward with its preliminary

14  invalidity charts nor otherwise revealed what Ricoh considers meaningful information about its

15  non-infringement contentions. (Brothers Decl. ¶2).   Further, Synopsys has to date still not

16  produced its software source code for the products it contends do not infringe and has withheld

17  most of its confidential information regarding such products. (Brothers Decl. ¶2).   Synopsys did

18  not attempt to hold a meet and confer under Patent L.R. 3-5(b) but instead served a First Set of

19  Interrogatories containing 6 inquiries. (Brothers Decl. ¶4).

20          The first 3 inquiries, Interrogatories 1-3, at issue in this motion, ask what "functions"

21  of the Synopsys Design Compiler product is capable of performing that "which Ricoh claims

22  meets the elements . . . of the '432 patent claims" and for an identification of supporting

23  evidence.[1]   Ricoh initially responded with objections to those interrogatories but on December 9,

24  2003, Ricoh voluntarily supplemented that response to point out what the ASIC defendants in the

25  _____

26  [1] Information regarding all claims in the '432 patent were sought even though none of the claims
   had been, or could be, asserted against Synopsys, and only process claims 13-17 are asserted

27  against the ASIC defendants in the companion litigation.

28

1    companion litigation had done which led Ricoh to charge those defendants with process claim

2    infringement.  It is that supplemental response about which Synopsys complains in this motion.

3          When Synopsys initially complained about the supplemented answers, Ricoh pointed

4    out that even though Synopsys was not entitled to any response pursuant to Patent L.R. 2-5, and

5    even though Synopsys had refused to provide discovery about the very products it explicitly put

6    in issue in its Complaint,[2] Ricoh had provided more information than Synopsys was entitled to,

7    namely how certain other companies (not Synopsys) used certain software, including Design

8    Compiler products, in the course of their infringement of process claims 13-17 of the '432

9    patent.  (Mavrakakis Decl. Exhibit M).  Ricoh also explicitly pointed out that Patent L.R. 2-5(a)

10    specifically exempts requests seeking to elicit a party's claim construction position as being

11    premature and that during a previous meet and confer session on this issue, Synopsys had been

12    unable to explain how it was possible to respond to those interrogatories without eliciting

13    Ricoh's claim construction position.  (*Id.*)  Ricoh also explicitly pointed Synopsys to Patent L.R.

14    2-5(b) which exempts requests seeking to elicit from the patent claimant a comparison of the

15    asserted claims and the accused apparatus, product, device, process, method, act, or other

16    instrumentality. (*Id.*)

17          Synopsys continued to complain in a letter of December 18, 2003 (Mavrakakis Decl.

18    Exhibit N) to which Ricoh responded on December 19, 2003 (Mavrakakis Decl. Exhibit O).  In

19    that response, Ricoh observed that although Synopsys characterized the interrogatories here at

20    issue as seeking Ricoh's infringement contentions, Ricoh had made no infringement contentions

21    in this case.  It was also pointed out that the Federal Circuit had stated, time and time again, that

22    it is necessary to construe the claims before doing a infringement analysis, that the Patent Local

23    Rules provide for the production of preliminary infringement and invalidity contentions as part

24    of the claim construction process, and Synopsys was once again asked how it was possible to

25      [2] For instance, while Patent L.R. 2-2 establishes confidentiality in the absence of a protective
26    order, Synopsys still refused to make its source code available for inspection by Ricoh until such
      an order was actually entered, and even though it now has entered, Synopsys has indicated that
27    the earliest it would make the code available is May 10, 2004. (Brothers Decl. ¶3 and Exh. 1).

28

1   state how the claims were infringed without eliciting Ricoh's claimed construction position.

2   Synopsys did not respond to that question.  (*Id*.)

3          After a hiatus of several months, Synopsys raised this matter once again.  During

4   telephonic meet and confer on March 17, 2004, Ricoh offered to further supplement its responses

5   based on its contentions in the companion lawsuit that the ASIC defendants had used the process

6   set forth in process claims 13-17 of the '432 patent, and in so doing, had used Design Compiler

7   products in carrying out part of the process.  (Brothers Decl. ¶5).  Synopsys indicated it would

8   not find such supplementation acceptable and then, without waiting for Ricoh to supplement its

9   responses so that it could see exactly what was said, Synopsys filed this motion.[3]

10         Ricoh has now served that supplementation to make reference to the detailed

11  Preliminary Infringement Charts that Ricoh has produced in the companion litigation against the

12  ASIC defendants which actually practice the process which Ricoh asserts constitutes patent

13  infringement.  (Brothers Decl. Exh. 3).

## III.     DISCUSSION OF THE ISSUES

### A.     Infringement Contentions Are Governed By The Patent Local Rules, But Synopsys Has Failed to Comply With Rule 3-5

17         When, as here, there is a Declaratory Judgment action without an explicit

18  counterclaim for infringement, Patent L.R. 3-5(a) eliminates the timetable date for a patentee to

19  set forth infringement contentions under Patent L.R. 3-1 and 3-2, and Patent L.R. 3-5(b) requires

20  the parties meet and confer about establishing the appropriate date.  Synopsys never sought to

21  hold such a meet and confer and, therefore, no date for those contentions has been established.[4]

22  That fact alone makes any request to compel such contentions premature.

23

24

---

[3] While Mr. Mavrakakis states that the issue was subsequently discussed at an in-person meet
and confer on March 24, 2004, in fact the only issue that was raised by Mr. Mavrakakis related
to the ASIC defendants' Rule 12(c) motion.  (Brothers Decl. ¶6).

[4] Ricoh had made it clear that it felt no obligation to go first since it had made no counterclaim
and had issued a covenant not to sue Synopsys.  (Brothers Decl. ¶2).

**B.    Synopsys Cannot Demand A Response Under the Patent
Local Rules Beyond That Voluntarily Provided By Ricoh**

Even though Ricoh was not required to respond to Interrogatories 1-3, it did so, thereby giving Synopsys an advance view of its position.  Synopsys has no cause to complain.

The first sentence of Patent L.R. 2-5 makes it improper to object to discovery on the grounds it is premature "except as provided in this paragraph."[5]  The very next sentence in Patent L.R. 2-5 provides:

> A party may object, however, to responding to the following categories of discovery request . . . on the ground that they are premature in light of the timetable provided in the Patent Local Rules:
>
> (a)  Request seeking to elicit a party's claim construction position;
>
> (b)  Request seeking to elicit from the patent claim a comparison of the asserted claims and the accused apparatus, product, device, process, method, act or other instrumentality . . . .

The instant motion, however, is predicated on ignoring that explicit proviso which delays the date on which a response is due even if relevant and discoverable.[6]  Ricoh relied on these exceptions.  Notably, exception (a) of Patent L.R. 2-5 is not mentioned at all in Synopsys' moving papers and to the extent that (b) is even mentioned, not only does Synopsys fail to tell this Court that Ricoh has relied on it, but Synopsys also attempts to deflect attention by referencing Patent L.R. 3-5 in a way that ignores the existence of subpart (b) thereof.

Were Synopsys interrogatories 1-3 "premature in light of the timetable provided in the Patent Local Rules" as "seeking to elicit a party's claim construction position" as provided in Patent L.R. 2-5(a)?  The answer is yes.

---

[5] Synopsys has repeatedly objected to Ricoh's discovery requests as premature under Pat. L. R. 2-5.  For example, on December 22, 2003, Synopsys objected to Ricoh's interrogatories, claiming that it requested information "before the time when it is required to provide them under …Patent Local Rule 2-5(a)…." (Brothers Decl. Exh. 2).

[6] Synopsys' argument about the discovery being relevant and discoverable is thus a red hearing.

1    Synopsys' interrogatories 1-3 ask for a detailed exposition explaining how Synopsys'

2    Design Compiler products meet the elements of the '432 patent – in other words, explain why

3    Ricoh alleges the Design Complier products infringe the '432 patent – even though Ricoh has

4    made no such allegations against Synopsys at all!  Synopsys' interrogatories improperly attempt

5    to mold Ricoh's allegations of infringement of the '432 patent's process claims only in the

6    companion litigation into product claims.  Ricoh's infringement allegations against the ASIC

7    defendants are limited to the process claims 13-17 of the '432 patent and focus upon the actions

8    of these defendants in performing the described process.  Nothing Synopsys can say changes the

9    fact that Ricoh has not and will not accuse Synopsys of directly infringing the '432 patent based

10   upon Synopsys' current products.

11   Another reason why the requests are premature is the absence of a claim construction.

12   It is axiomatic that before a response can be given, it is first necessary to define what the claim

13   elements constitute.  The Federal Circuit has stated, time and time and time again, that it is

14   necessary to construe the claims before doing an infringement or non infringement or invalidity

15   analysis.  *See, e.g., Vitronics Corp. v. Conceptronic Inc.,* 90 F.3d 1576 (Fed. Cir. 1996);

16   *Markman v. Westview Instruments, Inc* , 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd,* 517

17   U.S. 370 (1996); *Lemelson v. U.S.*, 14 Cl. Ct. 318; 6 U.S.P.Q.2d 1657 (Cl. Ct. 1988); *SRI Int'l. v.*

18   *Matsushita Electric Corp.*, 775 F.2d 1107 (Fed. Cir. 1985); *The Standard Oil Company v.*

19   *American Cyanamid Company*, 774 F.2d 448 (Fed. Cir. 1985).  The Patent Local Rules

20   recognize this necessity by providing for the production of preliminary infringement and

21   invalidity contentions as a part of the claim construction process.  Synopsys has been asked at

22   least once orally and at least twice in writing (see Mavrakakis Decl. Exhibits M and O) to

23   explain how it was possible to state how the claims were infringed without necessarily eliciting

24   Ricoh's claim construction position.  Synopsys was unable to do so or simply ignored the

25   question.  Further, here Ricoh has not even made any infringement allegation with respect to the

26   '016 patent and the only allegations are Synopsys' allegations of non-infringement and invalidity;

27   yet Synopsys has failed to provide any meaningful explanation of the bases for such allegations.

28

1    Indeed, Synopsys does not even attempt an explanation as to why it should be entitled to obtain

2    Ricoh's positions on claim construction relating to issues of infringement of the '016 patent when

3    Ricoh has made no allegation.

4         In order to state what elements meet the terms of a patent claim, it is necessary to

5    construe that claim.  Patent L.R. 2-5(a) permits a party to object to doing so before required in

6    the timetable provided in the Patent Local Rules.  Ricoh correctly objected on this ground.  Until

7    a timetable is established, Ricoh had the right to object a response and Synopsys has no right to

8    demand anything more than what was voluntarily provided as an advance response.

9         Were Synopsys' interrogatories 1-3 "premature in light of the timetable provided in

10   the Patent Local Rules" as "seeking to elicit from the patent claimant a comparison of the

11   asserted claims and the accused apparatus, product, device, process, method, act, or other

12   instrumentality" as set forth in Patent L.R. 2-5(b)?  The answer is again yes.

13        Synopsys' Interrogatories 1-3 demand a comparison of the asserted claims to what

14   has been accused of infringement by the patent claimant, as Synopsys has conceded.

15   (Mavrakakis Decl. Exhibit N).  But Synopsys goes even farther and seeks to have this Court

16   compel Ricoh to formulate infringement contentions and then provide a comparison of *all* claims

17   to *all* Synopsys products, despite the facts that (1) Ricoh never charged Synopsys or those

18   products with direct infringement; (2) Ricoh denies information sufficient to do so; (3) Synopsys

19   enjoys an immunity from suit as to those products; and (4) the ASIC defendants in the

20   companion litigation have been charged only with infringement of the process claims 13-17.

21        Even if Ricoh had asserted an infringement claim against Synopsys and Synopsys

22   was entitled to a response to its inquires at an appropriate time, that time has not arrived.  To

23   avoid the local rules, Synopsys amazingly represents to this Court (at p. 8) that "this exemption

24   is for patent claimants only" and "Ricoh does not argue it is a patent claimant", citing its own

25   interpretation of Ricoh's position rather than any statement Ricoh actually made. The assertion

26   that Ricoh never took the position that it could qualify as a "patent claimant" under the Rules is

27   untrue.  The Court will see that is precisely what Ricoh did in the second paragraph in its

28

1    December 17, 2003 letter (Mavrakakis Decl. Exhibit M).  While the Patent Local Rules do not

2    explicitly define a "patent claimant", the language clearly refers to the patent owner.  Ricoh is

3    the patent owner.  Synopsys' assertion essentially argues that Patent L.R. 2-5 grants a patent

4    owner who is asserting claims of infringement a right to object to requests requiring comparison

5    of the claims to an accused instrumentality as being premature, but does not grant a similar right

6    to a patent owner who has made no assertion of infringement at all.  This argument defies logic.

7    Clearly, Patent L.R. 2-5(b) is applicable to all patent owners and thus the interrogatories are

8    premature.

9           No response to Interrogatories 1-3 is due until the parties agreed to a timetable or the

10   Court set one.  Until then, Ricoh has the right to object and Synopsys has no right to demand

11   anything more that was voluntarily provided as an advance response.

12           **C.    Ricoh's Initial Supplemental Response To**
             **The Interrogatories Was Fully Responsive**

13

14           In Interrogatory No. 1, Synopsys asks "what are the functions that Synopsys' Design

15   Compiler software is capable of performing that Ricoh claims meets the elements . . . of the '432

16   patent claims?"  Ricoh could have simply and very correctly replied that it has never made the

17   assertion that Design Compiler itself infringes any claim.  Synopsys points to nothing in either

18   the Federal Rules of Civil Procedure or the Patent Local Rules that require a patent owner to set

19   forth infringement theories and supporting evidence where the patent owner has never accused

20   the other litigant of infringement, has denied knowledge or information sufficient to form a

21   belief about whether the other litigant directly infringes the patent, has not advanced a

22   counterclaim of infringement, and has provided the other litigant an immunity from suit under

23   the patent.  Even assuming this Court agrees with Synopsys' assertion that Ricoh has the burden

24   of proof at trial of proving a claim of infringement that it has not made and could not make due

25   to the immunity (an open issue that has yet to be resolved), that is no excuse for Synopsys'

26   refusal to follow the Patent Local Rules.  Those Rules grant Ricoh the right to object to being

27   obligated to provide such contentions at this point in time.

28

1    To move this case forward, however, Ricoh's issued a supplemental response

2  indicating that the ASIC defendants in the companion *Ricoh v. Aeroflex* litigation in the course of

3  practicing steps recited in claims 13-17 of the '432 patent have used Design Compiler products,

4  and identified supporting evidence of the same.[7] Synopsys' Interrogatory 1 asked for an

5  identification of the functions the Synopsys Design Compiler software was capable of

6  performing.  In response, Ricoh set forth steps in the claimed process and indicated that the

7  ASIC manufacturers had performed those steps in the course of their overall method of making

8  ASICs using the Synopsys software's functions.  This was the answer to the question which was

9  actually asked.  Interrogatories 2 and 3 ask for an identification of evidence concerning the

10  "functions" and Ricoh's response included a reference to such evidence.  Accordingly, Ricoh's

11  responses to Interrogatories 1-3 were adequate at the time the motion was made.

12    Synopsys complains Ricoh's statement of functions is a paraphrase of the language

13  used in the patent claims.  That criticism is not valid for at least two reasons.  First, the inquiry

14  did not ask for the details of how the Synopsys product could be used to perform those functions,

15  i.e., what specific lines in the Synopsys source code effected the step of storing, etc., and even if

16  it did, such a question would have been impossible to respond to, because Synopsys has yet to

17  produce its source code for inspection. (Brothers Decl. ¶2 and Exh. 1).   The question asked

18  what, not how, and Ricoh identified the what.  Second, to respond in a different way would

19  require the claim terms be explained or construed and that is premature under the explicit

20  provisions of Patent L.R. 2-5(a).  Indeed, Synopsys itself has recognized that claim construction

21  is premature under this Rule.  (Brothers Decl. Exh. 2 at page 8, lines 11-15).

22

23

24  ──────────────────────

25  [7]  In the companion litigation, Ricoh has charged that the ASIC defendants infringe only claims
     13-17.  Since Ricoh has never charged anyone with infringement of claims 1-12 of the '432
26  patent, no response has ever been required.  If Synopsys is seeking to apply interrogatories 1-3 to
     those claims, the inquiries are clearly overly broad and unduly burdensome, and Ricoh's
27  objection on that basis is valid.

28

1    Ricoh answered the questions which were asked, not the questions that Synopsys may

2    now wish it had asked.  Ricoh's responses were fully sufficient.  Moreover, Ricoh has now gone

3    even further in providing voluntary information to Synopsys.

**D.    Ricoh's Current Supplementation Moots The Motion**

5    On March 17, 2004, Ricoh offered to further supplement its responses.  (Brothers

6    Decl.¶5).  The ASIC defendants in the companion case had already been served with Ricoh's

7    preliminary infringement contentions.  Synopsys is controlling the defense in that case, using the

8    same attorneys as here.  To not give Synopsys the same information in this suit makes no sense

9    and Ricoh was not about to play the game of hiding behind the fact the two suits had not been

10   consolidated.  That further supplementation has been made simultaneously with the filing of this

11   response.  (Brothers Decl. Exh. 3).  Synopsys knew Ricoh would be supplementing when it made

12   its motion.  Thus, the instant Synopsys motion does not relate to a current state of facts and is

13   moot.

14   Even if those responses to Interrogatories 1-3 which are the subject of this motion

15   were inadequate (and they are not), the supplementation being served concurrently herewith

16   would remedy that situation.  Each ASIC defendant has been told what it did using the Synopsys

17   tools.  Following is an example of the level of detail being provided:

| CLAIM LANGUAGE (Claim 13, clause 2) | INFRINGEMENT ANALYSIS |
|---|---|
| storing a set of definitions of architecture independent actions and conditions | The act of storing at least one of the following meets the claimed limitations of "a set of definitions of architecture independent actions and conditions": HDL operators, synthetic operators or other definitions including "functions" or "Always blocks," which are implementations for functional descriptions or statements.  (*See, e.g., Aeroflex UTMC EDA Tool Support table* (RCL008943-8944) (listing Synopsys library support as including VHDL Compiler and HDL Compiler; *HDL Compiler for Verilog Reference Manual v. 2000.05, May 2000* at 5-3 to 5-37, (RCL004581-4615).  Such storing may occur, for example, when a synthetic operator is installed in a synthetic library (such as when a new synthetic operator is added to a synthetic library through DesignWare Developer).  (*See, e.g., DesignWare* |

| CLAIM LANGUAGE (Claim 13, clause 2) | INFRINGEMENT ANALYSIS |
|---|---|
| | *Developer's Guide* (RCL009449-9622) at Ch. 4, pp. 61-64).<br><br>Storing a set of definitions of architecture independent actions and conditions may also occur upon installing the Design Compiler Family, DesignWare IP Family and HDL Compiler Family components into a system memory in a user's computer system.<br><br>HDL operators, functional descriptions, and functional statements describe desired functions to be included in a designed ASIC, but not the physical makeup or layout. A desired function can be stated in the syntax referred to in Synopsys documentation as "functions" (which are always combinational logic) or "Always blocks" (which can be either combinational or sequential logic). (*See, e.g., HDL Compiler for Verilog v. 2000.05 May 2000* at 2-4, RCL004524; *DesignWare Building Block IP User Guide* (RCL009357-9448) at Ch. 1, pp. 19-20 (noting some HDL operators are built into the language, like +, -, and *, and further noting that user-defined subprograms (functions and procedures) are also considered HDL operators)).<br><br>Synthetic operators resemble generic logic to perform functions corresponding to desired actions and conditions. (*See, e.g., HDL Compiler for Verilog v. 2000.05 May 2000* at 10-13, RCL004835; *DesignWare Building Block IP User Guide* (RCL009357-9448) at Ch 1, pp. 15-16, 17-20 (at Figs. 2 & 4 and at discussion noting that DesignWare Building Block IP implement many of the built-in HDL operators including +, -, *, <, >, <=, >=, /, and operations defined by *if* and *case* statements; each operator has a definition written in HDL, and each definition contains a simulatable specification for the operator behavior, and optionally a *map_to_operator* pragma that links the HDL operator to an equivalent synthetic operator); *DesignWare Developer's Guide* (RCL009449-9622) at Ch. 1 p. 17 (describing HDL operators and noting each operator that is not built into the VHDL or Verilog language has a definition written in HDL, and that each definition contains a simulatable specification for the operator behavior, and for DesignWare, a *map_to_operator* pragma that links the HDL operator to an equivalent synthetic operator)).<br><br>Synopsys "functions," such as function declarations and function statements, are used to describe desired combinational logic in functional rather than structural terms. (*See, e.g., HDL Compiler for Verilog Reference Manual v. 2000.05, May 2000* at 5-3 to 5-31, RCL004581-4609). "Functions" may include a variety of function statements, such as for example procedural assignments, RTL assignments, Begin . . . end blocks, If . . . else |

| CLAIM LANGUAGE (Claim 13, clause 2) | INFRINGEMENT ANALYSIS |
|---|---|
| | blocks, Conditional assignments, and Case statements. *(See, e.g., Id.* at 5-9, RCL004587 (listing examples of function statements, 8-2 – 8-3, RCL004752-4753 (stating that Verilog descriptions are mapped to logic by creation of blocks of combinatorial circuits and storage elements, and further that a statement or operator in a Verilog function can represent a block of combinational logic or a latch or register)). "Always Blocks" are used to describe combinational logic, as well as sequential logic using functional descriptions. *(See, e.g., HDL Compiler for Verilog Reference Manual v. 2000.05, May 2000* at 5-33 to 5-37, RCL004611-4615).    **** |

*See* Aeroflex Infringement Chart at pp. 3-5 incorporated into the current supplementation. (D.I. 153, Moller Dec. Exh. G).

Telling Synopsys what the ASIC defendants did to infringe the process claims and which Synopsys tools they use as a part of that activity, informs Synopsys what functions of its software tools are being utilized to carry out parts of the process of claims 13 to 17 of the '432 patent. Ricoh has also included an extensive identification of the evidence which supports Ricoh's assertions. That is the information sought in the Interrogatories which Synopsys posed and there can be no doubt that it has received a full and complete answer.

**IV.    CONCLUSION**

The motion to compel should be denied.

1

2    Dated:  April 14, 2004                          Respectfully submitted,
                                                     Ricoh Company, Ltd.

3                                                    By: /s/ Kenneth Brothers

4                                                    Jeffrey B. Demain, State Bar No. 126715
                                                     Jonathan Weissglass, State Bar No. 185008

5                                                    ALTSHULER, BERZON, NUSSBAUM,
                                                           RUBIN & DEMAIN

6                                                    177 Post Street, Suite 300

7                                                    San Francisco, California  94108
                                                     Phone:  (415) 421-7151

8                                                    Fax:  (415) 362-8064

9                                                    Gary M. Hoffman
                                                     Kenneth W. Brothers

10                                                   DICKSTEIN SHAPIRO MORIN &
                                                           OSHINSKY  LLP

11                                                   2101 L Street NW

12                                                   Washington, D.C.  20037-1526
                                                     Telephone: (202) 785-9700

13                                                   Facsimile: (202) 887-0689

14                                                   Edward A. Meilman

15                                                   DICKSTEIN SHAPIRO MORIN &
                                                           OSHINSKY  LLP

16                                                   1177 Avenue of the Americas
                                                     New York, New York  10036

17                                                   Telephone:  (212) 896-5471
                                                     Facsimile:  (212) 997-9880

18

19                                                   Attorneys for Ricoh Company, Ltd.

20

21

22

23

24

25

26

27

28