1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas Mavrakakis (SBN 177927)
   Erik K. Moller (SBN 147674)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California 94025
   Telephone: (650) 463-8100
5  Facsimile: (650) 463-8400

6  Attorneys for Plaintiff
   SYNOPSYS, INC.

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12                                              ) Case No. C03-02289 MJJ (EMC)
   SYNOPSYS, INC., a Delaware corporation,      )
13                                              ) **PLAINTIFF SYNOPSYS, INC.'S REPLY**
                   Plaintiff,                   ) **BRIEF IN SUPPORT OF MOTION TO**
14                                              ) **COMPEL RESPONSES TO SYNOPSYS,**
            vs.                                 ) **INC.'S FIRST SET OF**
15                                              ) **INTERROGATORIES**
   RICOH COMPANY, LTD., a Japanese             )
16 corporation                                 ) **Date:        May 12, 2004**
                                                ) **Time:        10:30 a.m.**
17                 Defendant.                    ) **Courtroom:   C, 15th Floor**
   _____        ) **Judge:       Hon. Edward M. Chen**
18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-02289 MJJ (EMC)
Synopsys' Reply Brief ISO Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8018814.v1

1  **I.    INTRODUCTION**

2       Ricoh raises three arguments in opposition to Synopsys' Motion to Compel Responses to its

3  First Set of Interrogatories: 1) Synopsys failed to meet and confer; 2) Synopsys' interrogatories are

4  premature under the Patent Local Rules; and 3) Ricoh's supplemental interrogatory responses render

5  Synopsys' motion moot.  Ricoh is wrong on each count.

6       First, Synopsys did in fact properly meet and confer with Ricoh regarding the issues presented

7  in this motion.  As outlined in Synopsys' motion and in the Declaration of Thomas C. Mavrakakis in

8  Support of Plaintiff Synopsys, Inc.'s Motion to Compel Responses to Synopsys' First Set of

9  Interrogatories ("Mavrakakis Decl."), the parties corresponded regarding this issue on numerous

10  occasions and met and conferred in person on March 24, 2004.  Synopsys met its obligations under the

11  Federal Rules of Civil Procedure and the Local Rules.

12       Second, as shown in its motion, Synopsys' interrogatories are not premature under the local

13  patent rules.  Ricoh's argument relies on a misstatement about its position in this litigation, and should

14  be rejected.

15       Third, Ricoh's supplemental interrogatory responses do not render Synopsys' motion moot as

16  those responses are *still* inadequate.

17       Importantly, though *voicing* opposition to Synopsys' motion to compel responses to

18  Interrogatory Nos. 1-3, Ricoh's *actions* speak louder.  Ricoh previously argued that these

19  interrogatories sought information that was not relevant to any claim or defense.  Ricoh fails to argue

20  this point in opposition to Synopsys' motion, and therefore tacitly admits that these interrogatories

21  seek relevant information.  In addition, while arguing that the interrogatories are premature, in

22  response to Synopsys' motion, Ricoh in fact supplemented, albeit inadequately, its responses and

23  provided Synopsys with some information.

24       The Court should compel Ricoh to supplement its inadequate interrogatory responses to

25  provide fully and completely the requested information.

26

27

28

Case No. C03-02289 MJJ (EMC)
Synopsys' Reply Brief ISO Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8018814.v1

HOWREY
SIMON
ARNOLD &
WHITE

1    II.    **ARGUMENT**

2        A.    **Synopsys met and conferred as required under the Local Rules.**

3        Ricoh first argues that Synopsys did not meet and confer as required under the Patent Local

4    Rule 3-5(b).  This is not true.

5        As Mr. Mavrakakis stated under penalty of perjury, in his March 31, 2004 declaration,

6    Synopsys "conducted a meet and confer in person with Mr. Brothers, to discuss the parties' dispute

7    concerning Ricoh's responses to Synopsys' First Set of Interrogatories."  Mavrakakis Decl. at ¶7.

8    While Mr. Brothers' "notes and recollection reflect that the only issue that was discussed with Mr.

9    Mavrakakis on that occasion related to a Rule 12(c) motion made by the defendants in the companion

10   case," Mr. Mavrakakis has a specific recollection of meeting and conferring with Mr. Brothers

11   regarding the issues presented in this motion.  *See* Mavrakakis Decl. at ¶7.

12       In fact, Mr. Brothers' recollection is nonsensical.  As of March 24, 2004, the customer

13   defendants' motion to dismiss under Rule 12(c) had been fully briefed and the parties were merely

14   awaiting the Court's hearing on the matter to be held on April 6, 2004.  The only issues over which the

15   parties needed to meet and confer were those presented in this motion and in the customer defendants'

16   motion to strike Ricoh's preliminary infringement contentions, the two issues that Mr. Mavrakakis

17   discussed with Mr. Brothers on March 24.  There was no reason for the parties to meet and confer

18   regarding the customer defendants' Rule 12(c) motion to dismiss.

19       Synopsys met and conferred *in person* as required under the Local Rules and this Court's

20   Standing Order Re Discovery Disputes.

21       Aside from the fact that Synopsys has complied with the meet and confer requirements for its

22   motion to compel regarding these discovery requests, Patent Local Rule 3-5(b) does not apply to this

23   litigation.  Patent Local Rule 3-5(a) provides that:

24           If the defendant does not assert a claim for patent infringement in its
             answer to the complaint, no later than 10 days after the defendant serves
25           its answers, or 10 days after the Initial Case Management Conference,
             whichever is later, the party seeking a declaratory judgment must serve
26           upon each opposing party its Preliminary Invalidity Contentions that
             conform to Patent L.R. 3-3….
27

28
Case No. C03-02289 MJJ (EMC)                    -2-
Synopsys' Reply Brief ISO Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8018814.v1

**HOWREY
SIMON
ARNOLD &
WHITE**

1   Synopsys must therefore, serve its contention no later than 10 days after the Initial Case Management

2   Conference, which is currently scheduled for May 4th.  Because the Patent Local Rules are already

3   "triggered" by Patent Local Rule 3-5(a) in this litigation, Patent Local Rule 3-5(b) simply does not

4   apply.  Patent L.R. 3-5(b) ("If filings or actions in a case do not **trigger** the application of these Patent

5   Local Rules under the terms set forth herein, the parties shall, as soon as circumstances become

6   known, meet and confer for the purpose of agreeing on the application of these Patent Local Rules to

7   the case.") (emphasis added).

8        Although it does not apply, even if Patent Local Rule 3-5(b) did apply to this litigation the

9   parties have met and conferred more than once regarding the application of the Patent Local Rules to

10  this litigation as they were required to do in preparation for the Initial Case Management Conference

11  and in their preparation of the required Joint Case Management Conference Statement.  Specifically,

12  Synopsys and Ricoh have met and conferred a few times regarding Patent Local Rule 2-1(a)(1), which

13  provides that the following topic must be discussed when the parties meet and confer pursuant Rule

14  26(f) of the Fed. R. Civ. P. and addressed in the Case Management Statement required by that Rule:

15  "Proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any

16  such modification on the date and time of the Claim Construction Hearing. . ."[1]  Thus, Ricoh's

17  argument that the parties have not complied with and that these discovery requests are premature

18  because of Patent Local Rule 3-5(b) should be rejected out-of-hand.

19       **B.    Synopsys' interrogatories are not premature under the Local Patent Rules.**

20       Ricoh's argument that Synopsys' interrogatories are premature relies on a fundamental

21  misstatement about its position in this litigation.  The Court must reject Ricoh's argument.

22       To the extent that its argument is understandable, Ricoh appears to be arguing that, because it is

23  a patent owner, Patent Local Rule 2-5 excuses its inadequate responses as seeking claim construction

24  positions (Patent Local Rule 2-5(a)) or a comparison of the asserted claims to the accused

25

26

27  ---
    [1] Because the Initial Case Management Conference has been re-scheduled a few times by the Court,
    the parties have had to prepare for that conference a few times.

28

HOWREY
SIMON
ARNOLD &
WHITE

1   instrumentality (Patent Local Rules 2-5(b)).  However, Ricoh's argument puts the cart before the

2   horse.  Since Ricoh has not asserted a counterclaim of patent infringement in this action, Patent Local

3   Rule 2-5 by its own terms does not apply.

4         Patent Local Rule 2-5 only applies where there is an applicable "timetable provided in the

5   Patent Local Rules."  Patent L. R. 2-5.  Patent Local Rule 2-5 further provides that a party's discovery

6   obligations under the Federal Rules of Civil Procedure are excused *only* when the Patent Local Rules

7   conflict with those duties.  *See id.*  Here, since Ricoh has not filed a counterclaim for patent

8   infringement (and in fact has used that fact to avoid the Patent Local Rules' obligation to serve

9   Preliminary Infringement Contentions in this matter), there is no applicable timetable provided under

10   the Patent Local Rules, which conflicts with the Federal Rules of Civil Procedure.  Therefore, Ricoh

11   cannot rely on Patent Local Rule 2-5(b) to excuse its obligations under the Federal Rules of Civil

12   Procedure.

13         Putting Ricoh's argument informally, Ricoh's position is a classic example of wanting to have

14   one's cake and eat it too.  Ricoh does not want to file Preliminary Infringement Contentions under

15   Patent Local Rules 3-1, but wants to impose the timetable under the Patent Local Rules as if it had.

16   Either Ricoh must file Preliminary Infringement Contentions or respond to Synopsys' interrogatory

17   responses.  Since it has chosen to avoid filing Preliminary Infringement Contentions, it must respond

18   fully and completely to Synopsys' interrogatories.

19         In fact, Patent Local Rule 2-5 does not excuse responding to discovery requests.  It only allows

20   a patent claimant to delay responding until the day its Preliminary Infringement Contentions are due.

21   Here, Ricoh is not a patent claimant because it has declined to provide a Preliminary Infringement

22   Contention in the present action.  Patent Local Rule 2-5 was not meant to excuse Ricoh's discovery

23   obligations but only to delay them where there is an applicable timetable.   Consequently, Ricoh's

24   reliance on that rule for these discovery requests is completely misplaced.

25         Equally misguided is Ricoh's argument that Interrogatories Nos. 1-3 "seek to elicit [Ricoh's]

26   claim construction positions" under Patent Local Rule 2-5(a).   Interrogatories Nos. 1-3 seek

27   identification of 1) the functions in Synopsys software products that are capable of meeting the

28

1  elements of the '432 patent claims; 2) evidence supporting Ricoh's claim that Synopsys software

2  products have those functions and 3) evidence supporting Ricoh's claim that those products are

3  capable of meeting the elements of the '432 patent claims.  Ricoh is simply required to provide the

4  identification of functions in the accused software, the evidence supporting that the software has those

5  functions, and any evidence supporting that the software infringes.  Because Ricoh's response to these

6  discovery requests will not require Ricoh to provide or set forth its claim construction position for any

7  of the terms in the '432 patent claims, Patent Local Rule 2-5(a) is completely inapplicable and does not

8  provide any basis for delaying its response.

9     Ricoh's arguments that responding to these requests improperly require Ricoh to construe the

10  claims and that Patent Local Rule 2-5(a) "permits a party to object to doing so before required in the

11  timetable provided in the Patent Local Rules" are simply wrong.  The Patent Local Rules address the

12  timing of Ricoh's **disclosure** of its claim construction positions to Synopsys not when it formulates

13  those positions. [2]  *See* Patent L. R. 4.  Patent Local Rule 2-5(a) provides a means for delaying the

14  timing of Ricoh's disclosure of its claim construction positions only.  The requests here do not seek

15  those positions.  Consequently, Patent Local Rule 2-5(a) does not apply.

16     Again, the Court should reject Ricoh's arguments, and grant Synopsys' motion to compel full

17  and complete answers to its interrogatories.

18     C.    **Ricoh's supplemental and second supplemental responses to Synopsys'**

19           **interrogatories are inadequate.**

20     Last, Ricoh argues that its supplemental interrogatory responses render this motion moot.  In

21  response to Synopsys' motion, Ricoh has supplemented its interrogatory responses by, in relevant part,

22  incorporating its Preliminary Infringement Contentions served in *Ricoh Co., Ltd. v. Aeroflex, Inc., et*

23

24  ───────────────

25  [2]  In fact, Rule 11 of the Federal Rules of Civil Procedure required Ricoh to construe the claims and
    based on that construction apply them to the facts it had regarding Synopsys software products and
    determine that it had a factual basis for claiming infringement for at least one claim **before** threatening

26  and bringing patent infringement lawsuits against Synopsys' customers for use of those software
    products.  *See e.g., View Engineering, Inc. v. Robotic Vision Sys. Inc.*,  208 F.3d 981, 985-986 (Fed.

27  Cir. 2000) (applying Ninth Circuit law).

28

HOWREY
SIMON
ARNOLD &
WHITE

1    *al.*, Case No. CV 03-04669 MJJ (EMC).  However Ricoh's second supplemental interrogatory

2    responses are inadequate under the Patent Local Rules in and of themselves and insufficient as

3    responses to the Synopsys' interrogatories.

4          Ricoh's second supplemental responses failed to serve their intended purpose in the *Ricoh Co.,*

5    *Ltd. v. Aeroflex, Inc.* litigation.[3]   As such, they are certainly inadequate as interrogatory responses in

6    the instant litigation.  As set forth in Defendants' Motion to Strike Plaintiff's Disclosure of Asserted

7    Patent Claims and Preliminary Infringement Contentions, the Patent Local Rules require that Ricoh's

8    Preliminary Infringement Contentions disclose specific information in a specific way.  Ricoh failed to

9    provide this information, however, when it submitted disclosures that ambiguously designated separate

10   infringement contentions for multiple companies, in violation of Patent Local Rules' requirement that

11   Ricoh show "[e]ach claim of each patent in suit that is allegedly infringed by *each opposing party*."

12   Patent L. R. 3-1(a) (emphasis added).  Ricoh's contentions also failed to comply with the Patent Local

13   Rules when Ricoh declined to explicitly identify which Synopsys products were being accused, in

14   violation of the requirement that Ricoh identify each Accused Instrumentality.  *See* Patent L. R. 3-1(b).

15   Ricoh's contentions were similarly deficient when they failed to state how each product allegedly

16   meets each element in the asserted claims, in violation of the Patent Local Rules' requirement that

17   Ricoh identify where each asserted claim is found within each Accused Instrumentality.  *See* Patent L.

18   R. 3-1(c).  Synopsys provides the Court with a chart further illustrating the inadequacies of Ricoh's

19   Preliminary Infringement Contentions.  *See* Attachment 1.

20         In view of these inadequacies, Ricoh's contentions did not provide the required information in

21   Ricoh's case against Synopsys' customers.  Even more so here, these contentions fail to respond to

22   Synopsys' discovery.  Ricoh's rote incorporation by reference to those contentions, therefore, cannot

23   serve as responses to Synopsys' interrogatories in the instant litigation.  *See Scaife v. Boenne*, 191

24   F.R.D. 590, 594 (N.D. Ind. 2000).  (An answer to an interrogatory "should be complete in itself and

25

26   [3]  Plaintiff's Disclosure of Asserted Patent Claims and Preliminary Infringement Contentions, on
     which Ricoh relies in its supplemental responses, is currently the subject of a Motion to Strike.  This

27   matter is scheduled for a hearing before The Honorable Martin J. Jenkins on May 4, 2004.

28
     Case No. C03-02289 MJJ (EMC)                           -6-
     Synopsys' Reply Brief ISO Motion to Compel
     Responses to Synopsys First Set of Interrogatories

1    should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at

2    least where such references make it impossible to determine whether an adequate answer has been

3    given without an elaborate comparison of answers.") (citations omitted).

4          Notwithstanding these deficiencies, Ricoh's Preliminary Infringement Contentions fail to

5    completely address the very information requested in Synopsys' interrogatories. Ricoh's supplemental

6    interrogatory responses only provide information related to claims 13-17 of the '432 patent. Since

7    Synopsys' declaratory judgment complaint is not limited to these claims, Ricoh's supplementary

8    interrogatory responses remain incomplete with respect to claims 1-12 and 18-20.

9          Moreover, these second supplemental responses identify neither (1) the functions of Design

10   Compiler software that is capable of performing that Ricoh claims meet the elements of the '432 patent

11   nor (2) the evidence supporting Ricoh's claims that Synopsys' Design Compiler software is capable of

12   performing the Design Compiler software functions identified and Ricoh's claims that Synopsys'

13   Design Compiler software meets the elements of the '432 patent claims. Rather than address these

14   requests, Ricoh merely references its contentions in the customer suit that mimic the claim language

15   and certainly fails to link the claim language to the specific functions of the Synopsys' Design

16   Compiler software. In fact, Ricoh's contentions fail to explicitly identify particular functions of

17   Synopsys' Design Compiler software at all. The second supplemental responses fail to map or link

18   any functions in Design Compiler with any claim language.

19         In short, Ricoh is seeking to avoid its discovery obligations. Having provided inadequate

20   disclosures under the Patent Local Rules for the related litigation, Ricoh is now attempting to

21   circumvent the discovery process in the instant case by referencing those same inadequate disclosures

22   in response to Synopsys' interrogatories. The Court should order Ricoh to (1) provide the information

23   requested by these interrogatories or (2) confirm that it has no other responsive information and is not

24   withholding any such information at this time.

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No. C03-02289 MJJ (EMC)                                    -7-
Synopsys' Reply Brief ISO Motion to Compel
Responses to Synopsys First Set of Interrogatories
DM_US\8018814.v1

1    III.    **CONCLUSION**

2         For all of reasons provided above in and its moving papers, Synopsys' motion to compel

3    further responses to its First Set of Interrogatories, specifically Interrogatories Nos. 1-3, should be

4    granted.

5    Dated:  April 21, 2004                    Respectfully submitted,

6                                              HOWREY SIMON ARNOLD & WHITE, LLP

7

8

9                                        By:   /s/Thomas C. Mavrakakis
                                              Thomas C. Mavrakakis
10                                             Attorneys for Plaintiff
                                              SYNOPSYS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Teresa M. Corbin (SBN 132360)
    Christopher Kelley (SBN 166608)
2   Thomas C. Mavrakakis (SBN 147674)
    Erik K. Moller (SBN 177927)
3   HOWREY SIMON ARNOLD & WHITE, LLP
    301 Ravenswood Avenue
4   Menlo Park, California  94025
    Telephone:  (650) 463-8100
5   Facsimile:  (650) 463-8400

6   Attorneys for Plaintiff SYNOPSYS, INC.

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11  SYNOPSYS, INC.,                    ) Case No. C03-02289 MJJ (EMC)
                                       )
12            Plaintiff,               ) **MANUAL FILING NOTIFICATION**
                                       ) **RE ATTACHMENT 1 TO PLAINTIFF**
13       vs.                           ) **SYNOPSYS, INC.'S REPLY BRIEF IN**
                                       ) **SUPPORT OF MOTION TO COMPEL**
14  RICOH COMPANY, LTD.,               ) **RESPONSES TO SYNOPSYS, INC.'S FIRST**
                                       ) **SET OF INTERROGATORIES**
15            Defendant.               )
                                       )
16  _____)

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  C03-02289 MJJ (EMC)
Manual Filing Notification

| | |
|---|---|
| 1 | **MANUAL FILING NOTIFICATION** |
| 2 | Regarding:  *Attachment 1 to Plaintiff Synopsys, Inc.'s Reply Brief in Support of Motion to* |
| 3 | *Compel Responses to Synopsys, Inc.'s First Set of Interrogatories* |
| 4 | This filing is in paper or physical form only, and is being maintained in the case file in the |
| 5 | Clerk's office. |
| 6 | If you are a participant in this case, this filing will be served in hard-copy shortly. |
| 7 | For information on retrieving this filing directly from the court, please see the court's main web |
| 8 | site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ). |
| 9 | This filing was not efiled for the following reason(s): |
| 10 | ___ Voluminous Document (PDF file size larger than the efiling system allows) |
| 11 | ___ Unable to Scan Documents |
| 12 | ___ Physical Object (description): _____ |
| 13 | _____ |
| 14 | ___ Non Graphical/Textual Computer File (audio, video, etc.) on CD or other media |
| 15 | _X_ Item Under Seal |
| 16 | ___ Conformance with the Judicial Conference Privacy Policy (General Order 53). |
| 17 | ___ Other (description): _____ |
| 18 | |
| 19 | Dated:  April 21, 2004                    Respectfully submitted, |
| 20 |                                                    HOWREY SIMON ARNOLD & WHITE, LLP |
| 21 | |
| 22 |                                                    By:  /s/ Thomas C. Mavrakakis          |
| 23 |                                                          Thomas C. Mavrakakis |
| 24 |                                                          Attorneys for Plaintiff |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  C03-02289 MJJ (EMC)                    -2-
Manual Filing Notification

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 147674)
   Erik K. Moller (SBN 177927)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California 94025
   Telephone: (650) 463-8100
5  Facsimile: (650) 463-8400

6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  SYNOPSYS, INC.,                    ) Case No. C03-02289 MJJ (EMC)
                                       )
12             Plaintiff,              ) **CERTIFICATE OF SERVICE**
                                       )
13        vs.                          )
                                       )
14  RICOH COMPANY, LTD.,               )
                                       )
15             Defendant.              )
    _____)

16

17

18        I am employed in the County of San Mateo, State of California. I am over the age of 18 and

19  not a party to the within action. My business address is 301 Ravenswood Avenue, Menlo Park,

20  California 94025.

21        On Apri 21, 2004, I served on the interested parties in said action the within:

22

23        MANUAL FILING NOTIFICATION – ATTACHMENT 1 TO PLAINTIFF SYNOPSYS,
    INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SYNOPSYS,
24  INC.'S FIRST SET OF INTERROGATORIES

25  by placing true copies thereof in a sealed envelope(s) addressed as stated below and causing such

26  envelope(s) to be deposited in the U.S. Mail at Menlo Park, California.

27

28

HOWREY
SIMON        Case No. C03-02289 MJJ
ARNOLD &     Certificate of Service
WHITE

1   Edward A. Meilman                          Gary M. Hoffman
    Dickstein Shapiro Morin & Oshinsky, LLP    Kenneth Brothers
2   1177 Avenue of the Americas                Dickstein Shapiro Morin & Oshinsky, LLP
    New York, NY  10036-2714                   2101 L Street N.W.
3                                              Washington, DC  20037-1526
    Facsimile No.: (212) 997-9880
4                                              Facsimile No.: (202) 887-0689

5   ☒   (MAIL) I am readily familiar with this firm's practice of collection and processing
        correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
6       service on that same day in the ordinary course of business.  I am aware that on motion of party
        served, service is presumed invalid if postal cancellation date or postage meter date is more
7       than 1 day after date of deposit for mailing in affidavit.

8   ☒   (FACSIMILE) I caused the foregoing document to be served by facsimile transmission to each
        interested party at the facsimile machine telephone number shown as stated above.
9

10          I declare under penalty of perjury that I am employed in the office of a member of the bar of

11  this Court at whose direction the service was made and that the foregoing is true and correct.

12          Executed on April 21, 2004, at Menlo Park, California.

13

14  _____          /s/ Susan J. Crane_____
                Susan J. Crane                           Susan J. Crane
15            (Type or print name)                       (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

Case No.  C03-02289 MJJ                              -2-
Certificate of Service