1 | Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
2 | Thomas C. Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
3 | 301 Ravenswood Avenue
Menlo Park, California  94025
4 | Telephone:  (650) 463-8100
Facsimile:  (650) 463-8400
5 |
Attorneys for Synopsys, Inc.
6 |
Gary M. Hoffman, *admitted pro hac vice*
7 | Kenneth W. Brothers, *admitted pro hac vice*
DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
8 | 2101 L Street, N.W.
Washington, D.C.  20037-1526
9 | Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689
10 |
Edward A. Meilman, *admitted pro hac vice*
11 | Dickstein Shapiro Morin &  Oshinsky LLP
1177 Avenue of the Americas
12 | New York, New York  10036-2714
Phone: (212) 835-1400
13 | Fax:  (212) 992-9880
14 | Jeffrey B. Demain (SBN 126715)
Jonathan Weissglass (SBN 185008)
15 | ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
16 | 177 Post Street, Suite 300
San Francisco, California  94108
17 | Phone: (415) 421-7151
Fax: (415) 362-8064
18 |
Attorneys for Ricoh Company, Ltd.
19 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | ) Case No. CV 03-02289 MJJ (EMC) |
| | ) |
| Plaintiff, | ) **AMENDED JOINT CASE MANAGEMENT** |
| | ) **CONFERENCE STATEMENT AND** |
| vs. | ) **PROPOSED ORDER** |
| | ) |
| RICOH COMPANY, LTD., | ) Date:        May 4, 2004 |
| | ) Time:        2:00 p.m. |
| Defendant. | ) Courtroom: 11 |
| | ) |
| | ) |

1    Pursuant to FRCP 26(f) and L.R. 16-9, Plaintiff Synopsys, Inc. ("Synopsys") and Defendant

2    Ricoh Company, Ltd. ("Ricoh"), jointly submit this Amended Joint Case Management Conference

3    Statement and Proposed Order.

4    **DESCRIPTION OF THE CASE**

5    **1.    A brief description of the events underlying the action:**

6    **a.    Synopsys' Position**

7    The present action is an action by Plaintiff Synopsys seeking a declaratory judgment that U.S.

8    Patent Nos. 4,977,432 ("the '432 patent) and 5,197,016 ("the '016 patent") are invalid and not

9    infringed by the Synopsys Design Compiler products.  Synopsys brought the present declaratory

10    judgment action against Ricoh to protect itself and its customers from Ricoh's threats of patent

11    infringement suits based on these patents.

12    Prior to Synopsys' filing of the instant declaratory judgment action, Defendant Ricoh had filed

13    an infringement suit against six companies alleged to be users of Synopsys' Design Compiler alleging

14    infringement of method claims 13-20 of the '432 patent in the District of Delaware.  Importantly, even

15    though Ricoh was accusing Synopsys' customers of infringing the '432 patent based on their ordinary

16    use of Design Compiler, Ricoh did not name Synopsys as a defendant in, and Synopsys was therefore

17    not a party to, the Delaware action.[1]  Ricoh also threatened other Synopsys customers with patent

18    infringement suits for their use of Synopsys' Design Compiler software based on both the '432 patent

19    and the related '016 patent.

20    The Delaware court found that Ricoh's infringement action against Synopsys' customers was

21    essentially one between Ricoh and Synopsys that would best be litigated in the present declaratory

22    judgment action.  Significantly, the Delaware court found that this "court's determination regarding

23    infringement and validity of the '432 patent will efficiently dispose of the infringement issues

24    regarding Synopsys' customers" in the Delaware action.  Based on these conclusions, the Delaware

25    court decided to treat Ricoh's case against Synopsys customers as a "customer suit" and to transfer it

26

27

28    [1] This fact is important since Ricoh continually attempts to unite the Delaware defendants and Synopsys, and thereby impose obligations from the Delaware action on Synopsys, even though Synopsys was not a party to that action.

1    to this district where it could be coordinated with this declaratory judgment action.  Ricoh's case is

2    currently pending before this Court as Case Number CV 03-04669 MJJ.

3        Synopsys believes that it may be appropriate to stay Ricoh's case against Synopsys' customers

4    since  Ricoh's infringement claims are based on nothing more than the ordinary use of Synopsys'

5    products.  This is evident from the infringement contentions served by Ricoh, which are based solely

6    on the Defendants ordinary use of Synopsys' software products.  In addition, Synopsys may ask the

7    Court for a summary determination of non-infringement of the '016 patent because  Ricoh refuses to

8    submit Infringement Contentions under Local Patent Rule 3-1 regarding the '016 patent or even

9    respond to interrogatories seeking Ricoh's infringement theories and the evidence to support  the

10    claims of infringement that it has been making in demand letters to Synopsys' customers.

11        If the Court elects not to stay Ricoh's case against Synopsys' customers, Synopsys believes that

12    the Court should bifurcate the issues of liability and damages in that action.  While the question of

13    liability is believed to involve mostly issues that are common to each of the defendants in Ricoh's case

14    against Synopsys' customers, and to the declaratory judgment that Synopsys seeks in this action, the

15    question of damages is complicated, does not involve Synopsys, and should be reserved for a separate

16    trial.  The need for that trial would be obviated, of course, if Synopsys prevails in this case.

17        Ricoh seeks to revisit the question of whether the Court has subject matter jurisdiction over the

18    '016 patent, a question which was resolved in the Court's order of September 22, 2003.  In that Order,

19    the Court denied the Defendant's motion to dismiss in its entirety without distinguishing between the

20    '432 or '016 patents.  *See, e.g.*, Order of Sept. 22, 2003 at 7:20-22 ("[T]here can be no doubt regarding

21    Defendant's intent to enforce its patents against such customers.  Thus, based on *Arrowhead*, the Court

22    finds that the 'reasonable apprehension' requirement has been satisfied.").

23        Ricoh's description of the case, below, includes multiple unjustified and inaccurate assertions

24    that Synopsys and defendants have refused to participate in discovery.  Ricoh's attacks on the actions

25    taken by Synopsys, its customer defendants, and its counsel have been equally unrelenting and

26    unjustified.  Furthermore, those attacks are out of place in a case management statement.  The fact that

27    there are discovery disputes has no bearing one way or the other on whether the cases should be

28

1  consolidated.  Synopsys is prepared to dispute each of the allegations made below, but will not burden

2  the Court by presenting its responses here.

3                          **b.    Ricoh's Description**

4        Synopsys' description of the case is incomplete and contains several errors.  Ricoh vigorously

5  disputes Synopsys' continuing effort to attempt to preclude Ricoh from pressing its patent

6  infringement claims against the parties who are actually infringing the '432 patent – the named

7  defendants in the related action CV 03-04669 MJJ (EMC) (hereinafter "ASIC defendants").  In

8  December 2003, this Court rejected the repeated efforts of Synopsys and the ASIC defendants to stay

9  Ricoh's infringement action, holding that "Ricoh has a 'separate interest' in litigating against the

10  [ASIC] Defendants in the first-filed action."  Ricoh believes that its infringement claims against the

11  ASIC defendants should take priority.  Alternatively, Ricoh would not oppose consolidation of this

12  action with Ricoh's case against the ASIC defendants, so the two cases can proceed simultaneously

13  through discovery, claim construction and trial.  Absent such a process, then Ricoh will be denied its

14  ability to obtain relief from the actual infringing parties, or compelled to try its case twice.

15        **The Action against the ASIC defendants.**  In January 2003, Ricoh sued several designers and

16  manufacturers of computer chips in the District of Delaware (C.A. No. 03-103-GMS) (now transferred

17  to this Court, CV 03-04669 MJJ (EMC)) for patent infringement, alleging that those defendants were

18  using the steps recited in the process claims of Ricoh's '432 patent.  The '432 patent describes a highly

19  advanced technical process used in designing and manufacturing certain types of computer chips.  In

20  the course of carrying out their infringement of the patented process, the ASIC defendants use software

21  supplied by the plaintiff in the instant action, Synopsys, and perhaps other suppliers.  Synopsys has

22  indemnification obligations with respect to the ASIC defendants.

23        Although Synopsys chose not to try to intervene in the case against the ASIC defendants, it

24  assumed control of the defense and caused the filing of multiple declaratory judgment counterclaims

25  against Ricoh, claims which parallel the claims made by Synopsys in this commenced action.  Acting

26  in the name of the ASIC defendants but at Synopsys' direction, Synopsys' attorneys in a number of

27  motions has unsuccessfully argued that the case against the ASIC defendants should stay discovery in

28  that action pending the outcome of this action.  Synopsys' attorneys have filed all papers on behalf of

1   each of ASIC defendants; have attended the Rule 16 conference in Delaware, negotiated a protective

2   order; and have taken and responded to discovery.  A copy of the Delaware Scheduling Order is

3   attached as Exhibit 1.

4          Synopsys repeatedly (and inaccurately) attempts to characterize Ricoh's claims against the

5   ASIC defendants as nothing more than the "ordinary use" of Synopsys' software.  In fact, Ricoh's

6   claims are *not* that the "ordinary use" of any Synopsys product infringes Ricoh's '432 patent; rather,

7   the patent is infringed by the ASIC defendants' performance of the process described in method claims

8   13-17 of the patent, which includes independent inputs into certain software programs.  Thus,

9   Synopsys' repeated references to "ordinary use" of a product is a fundamental misrepresentation of

10  Ricoh's infringement claims.

11         **The Declaratory Judgment Action.**  After months of litigating the Delaware case, Synopsys

12  filed the instant declaratory judgment action with respect to the '432 patent and another patent (the

13  '016 patent) that Ricoh did not assert in the Delaware case.  Ricoh has never accused Synopsys itself

14  of infringing the '432 patent or the '016 patent and has issued a written commitment that it will not

15  bring any action for infringement of the '432 patent or the '016 patent against Synopsys with respect to

16  Synopsys' past or current software products.  Ricoh has advised others of the availability of a license

17  under the '016 patent but has not threatened anyone with infringement of that patent.  On September

18  22, 2003, this Court denied Ricoh's motion to dismiss Synopsys' declaratory judgment action.  There

19  remains an open issue with respect to the unasserted '016 patent, as the September 22 decision focused

20  solely upon the '432 patent.

21         **Threshold Issues.**  There are two threshold issues to be resolved: (1) Whether the cases should

22  be consolidated and Ricoh be considered as if it was the plaintiff, since it is the patent owner and

23  initiated the earlier-filed action against the actual infringers.  Consolidation will make it easier to

24  resolve some of the discovery disputes created by the stonewalling tactics of Synopsys and the ASIC

25  defendants; (2) Whether Synopsys' claim with respect to the '016 patent should be dismissed, since

26  that patent was not discussed in the September 22 opinion and Ricoh has not sued or threatened to sue

27  any entity on that patent.

28

1       **Issue No. 1:  Whether the related action should be consolidated and Ricoh be the plaintiff,**

2 **since it is the patent owner and initiated the earlier-filed action.**  Synopsys would have this Court

3 ignore the fact that Ricoh is the owner of the patent and has the earlier-filed action.  Consolidating the

4 two cases and treating Ricoh as the plaintiff is consistent with the case law and makes intrinsic sense.

5 Otherwise, trial will be a disjointed and an unusually prolonged affair.  In December 2003, this Court

6 deferred a decision on consolidation but indicated that it may later revisit the issue.

7       Consolidation will allow the Court to address the issues arising from the stonewalling tactics by

8 Synopsys and the ASIC defendants to avoid meaningfully participation in discovery.  As the Court is

9 aware, there has been a variety of motions on issues that should have been easily and quickly resolved.

10 These tactics by Synopsys appear to be consistent with its threats to fight every issue and to make these

11 actions as expensive as possible.

12       **Issue No. 2:  Whether Synopsys' claim with respect to the '016 patent should be**

13 **dismissed, since that patent was not discussed in the September 22 opinion and Ricoh has not**

14 **sued or threatened to sue any entity on that patent and issued a written covenantent not to sue**

15 **Synopsys on that patent.**  A particularly unusual issue exists with respect to the '016 patent:  Ricoh

16 has never sued or threatened to sue any entity with respect to that patent.  At most, Ricoh has made the

17 availability of a license under this patent known.  Ricoh has already covenanted that it will not sue

18 Synopsys on the '016 patent based upon Synopsys' current products.  Given these facts, makes little

19 sense to proceed on the '016 patent.[2]

20       If, however, Synopsys insists on maintaining its declaratory action on the '016 patent, then it

21 should be obligated to come forward with a claims chart showing why none of its "Design Compiler

22 Products" infringe the '016 patent, and why it believes that the '016 patent is invalid.[3]  Synopsys is the

23 only party raising an issue on the '016 patent in seeking an adjudication that its "Design Compiler

24 _____

25 [2] Synopsys also asserts that Ricoh is contesting the issue of jurisdiction.  Some of the ASIC defendants
have not amended their discovery responses in which they assert jurisdictional defenses.  Ricoh does

26 not contest subject matter jurisdiction with respect to the '432 patent.  With respect to the '016 patent,
as explained herein, Ricoh maintains that there is no case or controversy, especially since the Court has

27 never ruled on this issue with respect to that patent.

28 [3]  Synopsys' original Complaint contended that none of Synopsys' products infringe the '016 patent.
Its Amended Complaint narrowed the products to Synopsys "Design Compiler Products."

1  Products" do not infringe the '016 patent.  Ricoh has not asserted the '016 patent against any party and

2  yet Synopsys is trying to put the burden on Ricoh to prove infringement on the '016 patent, recently

3  asserting in motion papers filed with this Court that Ricoh had that burden even though this is a

4  declaratory judgment suit without an infringement counterclaim.

5        **2.     Principal factual and legal issues in dispute.**

6        **a.     Synopsys' Position**

7      a.     The proper construction of the '432 patent claims;

8      b.     The proper construction of the '016 patent claims;

9      c.     Whether use of Synopsys' Design Compiler Products infringe any properly construed

10  claim of the '432 patent;

11      d.     Whether use of Synopsys' Design Compiler Products infringe any properly construed

12  claim of the '016 patent;

13      e.     The validity of the '432 patent claims;

14      f.     The validity of the '016 patent claims;

15      g.     Whether Ricoh is barred from asserting the '432 patent or '016 patent under the

16  doctrines of estoppel or laches.

17        **b.     Ricoh's Description**

18      h.     Whether Synopsys' Amended Complaint seek only an advisory opinion concerning the

19  '432 patent, since Ricoh has made no infringement allegation against Synopsys.

20      i.       Whether Synopsys' Amended Complaint with respect to the '016 patent should be

21  dismissed, since Ricoh has never threatened to sue either Synopsys or any of its customers on that

22  patent and has given Synopsys a covenant not to sue.

23      j.       Whether Synopsys can prove that none of its "Design Compiler Products" infringe

24  or induce infringement of the '432 patent or the '016 patent.

25      k.       Whether Synopsys and, if the cases are consolidated, the ASIC defendants, can

26  prove by clear and convincing evidence that the '432 patent and the '016 patent are not valid.

27      l.       Whether, with respect to the '016 patent, Synopsys seeks a purely advisory opinion

28  since Ricoh has not asserted the '016 patent against Synopsys nor any of Synopsys' customers.

1

2          **3.      The other factual issues which remain unresolved:**

3    None.

4          **4.      Parties which have not been served:**

5    None.

6          **5.      The additional parties which the parties intend to join and the intended**

7                **time frame for such joinder:**

8    None.

9          **6.      The following parties consent to assignment of this case to the United States**

10               **Magistrate Judge for trial:**

11        Neither party consents to assignment to a Magistrate Judge for trial. Synopsys does not consent

12   to an assignment to a Magistrate Judge for any purpose.

13        If the Court desires for scheduling purposes, Ricoh is amenable to having the Markman hearing

14   and any related tutorial held before a Magistrate Judge.

15                          **ALTERNATIVE DISPUTE RESOLUTION**

16        **7.      The parties have not filed a Stipulation and Proposed Order Selecting an**

17               **ADR process and the ADR process to which the parties jointly (or**

18               **separately) request referral:**

19               **a.      Synopsys' Position**

20        Since the parties have unsuccessfully engaged in negotiations, Synopsys does not believe that

21   pursuing any ADR would be effective at this time. However, if Synopsys were required to choose an

22   ADR procedure, Synopsys would request referral to the Court's ENE ADR process.

23               **b.      Ricoh's Position**

24        There has been a single meeting between business representatives of Ricoh and Synopsys, but

25   the parties have not engaged in negotiations. Ricoh has invited the ASIC defendants to negotiate with

26   respect to a license, but they have refused. Ricoh is willing to enter into ADR with the ASIC

27   defendants. Ricoh is also willing to enter into an ADR with Synopsys, however, Ricoh recognizes that

28   an ADR with Synopsys may not be fruitful until further discovery has been completed. If Ricoh were

1    required to choose an ADR procedure, Ricoh would prefer mediation by a knowledgeable patent

2    attorney, who may also be qualified to serve as an early neutral evaluator.

3                                    **DISCLOSURES**

4            **8.      The parties certify that they have made the following disclosures:**

5            Pursuant to FRCP Rule 26(a)(1), the parties exchanged initial disclosures on November 12,

6    2003.

7                                    **DISCOVERY**

8            **9.      The parties have presented the following discovery plans:**

9            On March 24, 2004, Magistrate Judge Chen ordered the parties to meet and confer regarding a

10   timetable for some aspects of discovery, and to provide the Court with a report outlining the points of

11   agreement and disagreement.  Ricoh's April 23, 2004 discovery plan is attached as Exhibit 2, and

12   Synopsys' and the customer defendants' April 23, 2004 submission in response to the Court's order is

13   attached as Exhibit 3 to this statement.

14                          **a.      Synopsys' Position**

15           In addition, Synopsys believes that discovery should be limited as provided by the Federal

16   Rules of Civil Procedure, but is willing to agree that each side be allowed 160 hours of deposition

17   testimony in this matter.  Also, because many of Ricoh's witnesses will likely require a translator, each

18   hour of deposition testimony requiring translation should be treated as 30 minutes against this time

19   limit.  Furthermore, since the parties have stipulated that testimony taken in this action will be

20   admissible in *Ricoh Company, Ltd. v. Aeroflex, Inc, et al.*, Case No. CV 03-04669 MJJ, and vice versa,

21   the total time for deposition testimony in the two actions combined should not exceed this limit.

22   Synopsys is not advocating that the Court give the Delaware defendants 160 hours for deposition

23   testimony, and grant them an additional 160 hours.

24                          **b.   Ricoh's Position.**

25           With respect to the number of hours for deposition, in Delaware, counsel for all of the parties

26   agreed that each side would have 240 hours of deposition testimony from fact witnesses.  (See Exhibit

27   1.)  Ricoh believes that such a modification of the Federal Rules of Civil Procedure is useful here, and

28   there is no reason to deviate from this prior agreement of counsel.  There is no question that additional

1 deposition time needed. Since this agreement was established, the ASIC defendants and Synopsys
2 have identified over thirty (30) people who have relevant factual information in their initial disclosure;
3 another party has been added (Aeroflex Colorado Springs, Inc.); and the ASIC defendants have
4 indicated that they may produce as many as twenty (20) corporate witnesses in response to Ricoh's
5 Rule 30(b)(6) deposition notice to each defendant. Despite the additional party and many witnesses,
6 Ricoh is willing to abide by the prior agreement of counsel.

7 With respect to Synopsys' proposal that depositions needing translations "should be treated as
8 30 minutes against this time limit," Ricoh notes that, in Delaware, the 240 hours of total deposition
9 time was arrived at as a compromise. Then, as now, counsel for Synopsys was proposing 160 hours of
10 total deposition time per side, but also that each hour of depositions of non-English speaking witnesses
11 be counted as only 30 minutes against the total. Ricoh pointed out that this proposal would effectively
12 give the other side almost double the amount of deposition time as Ricoh, as most of Ricoh's witnesses
13 are native Japanese speakers. Rather than adopting the 30 minute proposal, the 240 hour figure was
14 accepted as a compromise. Ricoh does not agree that the depositions of non-English speaking
15 witnesses should effectively last two days each as a matter of right, but, as the parties have agreed with
16 respect to any witness, Ricoh willing to consider requests for more than a full deposition day of non-
17 English speaking witnesses on a case-by-case basis.

19 **PROPOSED SCHEDULE**
20 **10.    A proposed schedule is provided below:**
21 **a.    Synopsys' Position.**

22 As Synopsys has shown in pleadings before this Court, Ricoh has asserted that both the '016
23 and '432 patents are being infringed by Synopsys' customers, and are therefore at issue in this matter.
24 Furthermore, Ricoh has alleged that Synopsys' products play a central role in the customer's
25 infringement of its patents. Therefore, Ricoh must fulfill its obligations under the Patent Local Rules,
26 and prepare infringement charts under Local Rule 3-1 if it intends to contest Synopsys' assertion that
27 ordinary use of its products does not infringe Ricoh's patents. In addition, there is no provision in the
28 Patent Local Rules requiring preparation of a "non-infringement" chart, as Ricoh proposes. Indeed,

1  Rule 3-5(a) specifically states that Rule 3-1 does not apply if the patentee does not assert infringement.

2  The following schedule proposed by Synopsys follows the timing set forth in the Patent Local Rules.

3                          **b.    Ricoh's Position.**

4         **The '432 Patent.**  This action is solely a Declaratory Judgment action and Ricoh has not filed

5  any counterclaim for infringement.  Consequently, the initial portion of the schedule is clearly covered

6  by Local Patent Rule 3-5.  Synopsys' proposed schedule completely ignores Rule 3-5 and instead relies

7  on 3-1, which is inapplicable here.

8         **The '016 Patent.**  With respect to the '016 patent, Ricoh *never* has claimed in any action that

9  the '016 patent has been infringed.  Ricoh's answer states that Ricoh "has not asserted any allegation of

10  infringement of the '016 patent against Synopsys, the ASIC defendants or the companies to whom

11  Ricoh has offered licenses under the '432 and '016 patents."  (Ricoh Answer ¶ 8.)  Paragraph 22 of the

12  Answer states:

13         Ricoh lacks information sufficient to form a belief as to whether Synopsys has made, used,
        offered to sell or sold, within the United States, or imported into the United States, any
14       products or processes that infringe any valid claim of the '016 Patent, either directly, indirectly,
        contributorily or otherwise, and has induced others to infringe the '016 Patent and on that basis,
15       denies that allegation.

16         Likewise, Synopsys erroneously asserts that Ricoh has threatened others with respect to the

17  '016 patent.  Ricoh has never said or threatened to sue anyone on the '016 patent.  Synopsys has

18  mischaracterized Ricoh's letters offering licenses as "threats" and "cease and desist correspondence",

19  when even a casual review reveals that the letter simply places the recipient on notice and invites a

20  dialog on licensing.  (See example attached as Exhibit 4.)  Ricoh has already covenanted that it will not

21  sue Synopsys on the '016 patent based upon Synopsys' current products.  Given these facts, it makes

22  no sense to proceed on the '016 patent.  The declaratory judgment claim with respect to the '016 patent

23  should be dismissed without prejudice.

24         If, however, Synopsys insists on maintaining its declaratory action on the '016 patent, then

25  pursuant to Patent Local Rule 3-5, it should be obligated to come forward with a claims chart showing

26  why its "Design Compiler Products" do not infringe the '016 patent, and why it believes the '016

27  patent is invalid.  Synopsys is the only party seeking an adjudication relating to the '016 patent.  Even

28

1  though Ricoh has not asserted the '016 patent against any party, or even any non-party, Synopsys is

2  trying to put the burden on Ricoh to prove infringement on the '016 patent.

3              **c.    The Parties' Proposed Schedules.**

4

5

| Event | Time (Patent Local Rule, if applicable) | Synopsys' Proposed Date | Ricoh's Proposed Date |
|---|---|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions (for the '432 patent) | No applicable rule. | March 12, 2004 | None, because Ricoh has not presented a counterclaim asserting that Synopsys infringes the '432 patent. (Pat. L. R. 3-5(a)) |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions (for the '016 patent) | No applicable rule. | March 12, 2004 | None, because Ricoh is not asserting that Synopsys infringes the '016 patent. (Pat. L. R. 3-5(a)) |
| Synopsys' Disclosure of Basis for Declaratory Judgment Claims III and IV, Identification of products that Synopsys claims are not infringed and bases for its preliminary non-infringement contentions ('016) | Ricoh believes that disclosure should be provided 10 days after the Initial Case Management (*cf.* Pat. L.R. 3-5, and 3-3) | None. There is no provision in the Patent Local Rules requiring a declaratory judgment plaintiff to prepare "non-infringement" charts. | May 14, 2004 |
| Preliminary Invalidity Contentions on the '432 patent | No later than 10 days after the defendant serves his answer or 10 days after the case management conference, which ever is later (Patent L.R. 3-5(a)) | April 26, 2004 | April 26, 2004 (by the ASIC Defendants and Synopsys) |
| Preliminary Invalidity Contentions on the '016 patent | No later than 10 days after the defendant serves his answer or 10 days after the case management conference, which ever is later (Patent L.R. 3-5(a)) | May 14, 2004 | May 14, 2004 (by Synopsys) |
| Meet and confer re: date for final invalidity Contentions | The parties shall meet and confer within 10 days of the service of the Preliminary Invalidity Contentions (Patent L.R. 3-5(a)) | May 24, 2004 | May 24, 2004 |
| Exchange of Proposed Terms and Claim Elements for Construction | Not later than 10 days after Preliminary Invalidity Contentions (Pat. L. R. 4-1(a)) | May 24, 2004 | May 24, 2004 |

| Event | Time (Patent Local Rule, if applicable) | Synopsys' Proposed Date | Ricoh's Proposed Date |
|---|---|---|---|
| Exchange of Proposed Claim Constructions and Extrinsic Evidence | Not later than 20 days after Exchange of Proposed Terms and Claim Elements (Pat. L. R. 4-2(a)) | June 11, 2004 | June 11, 2004 |
| Joint Claim Construction and Prehearing Statement | Not later than 60 days after Preliminary Invalidity Contentions (Pat. L. R. 4-3) | July 13, 2004 | July 13, 2004 |
| Completion of Claim Construction Discovery | 30 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-4) | August 12, 2004 | August 12, 2004 |
| Deadline to join parties and amend pleadings | L.R. 16-10(b) | July 19, 2004 | July 19, 2004 |
| Opening Claim Construction Brief | 45 days after Joint Claim Construction and Prehearing Statement (Pat. L. R. 4-5(a)) | August 27, 2004 | August 27, 2004 |
| Responsive Claim Construction Brief | 14 days after Opening Claim Construction Brief (Pat. L. R. 4-5(b)) | September 10, 2004 | September 10, 2004 |
| Reply Claim Construction Brief | 7 days after Responsive Claim Construction Brief (Pat. L. R. 4-5(c)) | September 17, 2004 | September 17, 2004 |
| Claim Construction Hearing | At least 14 days after Reply Claim Construction Brief (Pat. L. R. 4-6) | Early October 2004, no earlier than October 1, 2004 (date to be determined by court) | Late September or October 2004[4] |
| Claim Construction Ruling ("CCR") | | Provided by the Court | Provided by court |
| Final Infringement Contentions | | November 12, 2004 or 30 days after CCR (Pat. L. R. 3-6) whichever is later[5] | No response required by Ricoh, as it is not asserting infringement by Synopsys. (Patent L.R. 3-5(b)) |
| Fact discovery cut-off | | November 12, 2004 or 30 days after CCR whichever is | December 14, 2004 |

[4] Ricoh's lead counsel is unavailable September 23-24 and October 7-11, 2004.

[5] Synopsys believes that their proposed schedule based on time periods following the Court's claim construction ruling is reasonable, but suggests that an additional case management conference following the Court's claim construction ruling may be necessary to set the post-claim construction case schedule.

[6] Synopsys' Statement: Synopsys believes that its proposed date for fact discovery cut-off is appropriate. However, should the Court decide otherwise, Synopsys requests that its final invalidity contentions be due at least two weeks after the fact discovery cut-off.

Ricoh's Statement: Ricoh believes fact discovery should close after the submission of initial expert reports.

| Event | Time (Patent Local Rule, if applicable) | Synopsys' Proposed Date | Ricoh's Proposed Date |
|---|---|---|---|
| | | later[6] | |
| Final Invalidity Contentions | No later than 50 days after CCR (Pat. L. R. 3-6) Shall be determined by Meet and confer at the meet and confer pursuant to (Pat. L. R. 3-5) | December 3, 2004 or 50 days after CCR (Pat. L. R. 3-6) whichever is later | To be determined by parties at earlier meet and confer. |
| Submission of expert reports by party with the burden of proof | | December 13, 2004 or 60 days after CCR whichever is later | November 30, 2004 |
| Submission of responsive expert reports | | January 28, 2004 or 80 days after CCR whichever is later | December 30, 2004 |
| Expert discovery cut-off | | February 18, 2005 or 110 days after CCR whichever is later | January 20, 2005 |
| Dispositive motion cut-off | | March 11, 2005 or 120 days after CCR whichever is later | February 11, 2005 |
| Dispositive motion hearing date | | April 19, 2005 or 155 days after CCR whichever is later | To be set by court |
| File motions in limine | | May 3, 2005 or 170 days after CCR whichever is later | March 11, 2005 |
| File oppositions to motions in limine | | May 17, 2005 or 184 days after CCR whichever is later | March 25, 2005 |
| File Joint Proposed Final Pre-trial Order | | May 31, 2005 or 198 days after CCR whichever is later | April 8, 2005 |
| Pre-trial Conference | | June 10, 2005 or 208 days after CCR whichever is later | April 19, 2005 |
| Trial Date | | Approximately June 20, 2005 or 220 days after CCR whichever is later[7] | May 2, 2005 |

[7] Synopsys' Statement:  Synopsys tentatively proposes a trial date 220 days after the Court's claim construction ruling.  However, Synopsys' lead trial counsel currently has trial set to begin on May 24, 2005, which may conflict with that date.

Ricoh's Statement:  Ricoh will be prepared to try the case immediately after the pre-trial conference.

1                                     **CLAIM CONSTRUCTION HEARING**

2         **11.     Hearing date:**

3         The parties propose that a Claim Construction Prehearing Conference be held on a date to be

4 set by the Court prior to the Claim Construction Hearing.  Ricoh proposes that the Claim Construction

5 Hearing be held before the Court in late September or early October 2004 (if the Court's schedule

6 permits).[8]  Synopsys proposes that the Claim Construction Hearing be held in early October 2004, but

7 not before October 1, 2004.

8         **12.     Tutorial:**

9         The parties believe that it would be helpful to present tutorial information about the technology

10 underlying the case one week in advance of the Claim Construction Hearing.  Assuming that the

11 tutorial and Claim Construction Hearing is combined with the *Ricoh v. Aeroflex* action, Ricoh submits

12 that each side (Ricoh on the one hand, and Synopsys and the ASIC defendants on the other hand)

13 should have 90 minutes to present their tutorial.  Ricoh believes that the identify of each side's "tutor"

14 and a summary of the tutor's expected presentations should be made 14 days in advance of the tutorial.

15         **13.     Live Testimony:**

16         Synopsys believes that the total presentation (testimony and argument) will be approximately

17 six hours total for both patents divided equally between Synopsys and Ricoh.  Ricoh believes that the

18 Claim Construction Hearing should be consolidated with the hearing in the *Ricoh v. Aeroflex* action,

19 and that Ricoh should be allocated three hours, and Synopsys and the ASIC defendants be allocated

20 three hours.

21         All parties agree to reserve the right to use live testimony at the Claim Construction Hearing.

22 Ricoh believes that the identify of the experts who may be called  and a summary of their expected

23 testimony should be made 14 days in advance of the Claim Construction Hearing.

24

25

26

---

27 [8] The parties would appreciate it if the hearing was not scheduled on or adjacent to the Jewish High
Holy Days (September 15-17, 23-24).  In addition, Ricoh's lead counsel is unavailable from October 7-
28 11, 2004.

1

**14.    Order of Presentation:**

2

          **a.    Synopsys' Position.**

3

     Synopsys, as the plaintiff in this action, believes that it should present its arguments and

4

testimony regarding the proper construction of the '432 and '016 patent claims first at the Claim

5

Construction Hearing.

6

          **b.    Ricoh's Position.**

7

     With respect to issues of claim construction, since Ricoh is the owner of these patents, Ricoh

8

believes that it should go first with respect to both the '432 and '016 patents at the Claim Construction

9

Hearing.  Ricoh has made no assertions against Synopsys or Synopsys' customers as to the '016 patent.

10

Consequently, Synopsys should present and bear the burden of proving non-infringement as to the '016

11

patent.

12

**TRIAL**

13

**15.    The parties request a trial date as follows:**

14

          **a.    Synopsys' Position.**

15

     June 20, 2005, or 220 days after the date of the Court's claim construction ruling whichever is

16

later.  Again, Synopsys tentatively proposes a trial date 220 days after the Court's claim construction

17

ruling.  However, Synopsys' lead trial counsel currently has trial set to begin on May 24, 2005.

18

          **b.    Ricoh's Position.**

19

     Ricoh has proposed that trial begin on May 2, 2005.  Since counsel for Synopsys and the ASIC

20

defendants has indicated that she has a trial scheduled to begin on May 24, 2005, which may conflict

21

with their proposed trial date of June 20, 2005, the May 2 date would avoid that conflict.  In addition,

22

Ricoh is willing to accelerate this schedule so this case is tried in April of 2005 to further

23

accommodate counsel for Synopsys and the ASIC defendants.

24

25

26

27

28

1    **16.     The parties expect that the trial will last for the following number of days:**

2              **a.     Synopsys' Position.**

3        In the event that the *Ricoh Company, Ltd. v. Aeroflex, Inc, et al.*, matter is stayed, Synopsys

4    proposes eight trial days for the declaratory judgment action.  If Synopsys' declaratory judgment

5    action is tried with the liability phase of the Ricoh v. Aeroflex action, Synopsys and its customer

6    defendants believe that 10 to 12 days will be required.  If all issues in both cases, including damages in

7    the *Ricoh Company, Ltd. v. Aeroflex, Inc, et al.*, matter are tried at once, Synopsys estimates that four

8    weeks of trial will be required.

9
              **b.     Ricoh's Position.**
10
         Ricoh proposes eight trial days for the declaratory judgment action.  If this action is
11
     consolidated with the *Ricoh v. Aeroflex et al* action, then Ricoh proposes a total of 12 trial days for the
12
     consolidated actions.
13

14   Dated:  April 26, 2004                          HOWREY SIMON ARNOLD & WHITE, LLP

15

16                                                   By:   /s/ Erik K. Moller
17                                                         Erik K. Moller
                                                           Attorneys for Synopsys, Inc.
18

19   Dated:  April 26, 2004                          DICKSTEIN SHAPIRO MORIN & OSHINSKY

20

21                                                   By:   Gary M. Hoffman
                                                           Gary M. Hoffman
22                                                         Attorneys for Ricoh Company, Ltd.

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the

Case Management Order for the case and the parties are ordered to comply with this order.  In addition

the Court orders:

Dated: _____

_____

HON. MARTIN J. JENKINS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT Of DELAWARE

RICOH COMPANY, LTD.                    )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        C.A. No.03-103-GMS
                                       )
AEROFLEX INCORPORATED, AMI             )
SEMICONDUCTOR, INC., MATROX            )
ELECTRONIC SYSTEMS LTD.,               )
MATROX GRAPHICS INC., MATROX           )
INTERNATIONAL CORP. and                )
MATROX TECH, INC.                      )
                                       )
        Defendants.                    )

**RECEIVED**

MAY 3 0 2003

**Robert W. Whetzel**

FILED

MAY 3 0 2003

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SCHEDULING ORDER

This 30th day of ___May___ 2003, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on May 16, 2003,

and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before

May 30, 2003.

2.    **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before July 30, 2003.

3.    **Reliance Upon Advice of Counsel.**  Defendants shall inform plaintiff whether

they intend to rely upon advice of counsel as a defense to willful infringement no later than

December 9, 2003. If defendants elect to rely on advice of counsel as a defense to willful infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than December 19, 2003.

       4.    ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on March 2, 2004 at 9:30 a.m. The *Markman* hearing is scheduled for a total of not more than 1 day. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues no later than January 5, 2004 and shall exchange initial claim charts no later than January 12, 2004. On or before January 20, 2004, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on January 23, 2004, and the answering claim construction briefs on February 6, 2004.

       5.    **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before January 9, 2004. Opening expert reports shall be exchanged on March 22, 2004 and rebuttal expert reports shall be exchanged on April 23, 2004. Expert Discovery in this case shall be initiated so that it will be completed on or before June 23, 2004. The total time allowed for depositions shall be 240 hours per side, excluding expert discovery, unless extended by agreement of the parties.

       a.    **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further

briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6.    **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7.    **Settlement Conference.**  Pursuant to 28 U. S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8.    **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than

RLF1-2602387-3                          -3-

February 12, 2004.  Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than February 27, 2004.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before March 8, 2004.  The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on March 23, 2004 at 11:00 a.m.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.    **Case Dispositive Motions.**  Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before April 2, 2004.  Parties must submit an original and two (2) copies. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for approval.

10.    **Applications by Motion.**  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written -motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12.    **Status/Daubert Conference.**  On or before June 30, 2004, the parties shall meet and confer on any Daubert issues and motion in limine issues that any party wants to raise.  On or before July 2, 2004, the parties shall submit a joint agenda identifying any Daubert issues that the

parties intend to raise. The Court will hold a telephone conference on July 7, 2004 at 11:00 a.m. to discuss Daubert issues identified in the joint agenda.

13.    **Pretrial Conference.** On September 13, 2004, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendants propose to include in the proposed pretrial order. *Motions in limine*: No party shall file more than ten (10) motions in limine. Briefs (opening, answering and reply) on all motions *in limine* shall be filed by August 6, 2004. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 16, 2004.

14.    **Trial.** This matter is scheduled for a seven day jury trial beginning at 9:00 a.m. on October 12, 2004.

15.    **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE

RLF1-2602387-3                                           -5-

1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689
5
   Edward A. Meilman (*Pro Hac Vice*)
6  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
7  1177 Avenue of the Americas
   New York, New York  10036-2714
8  Phone (212) 835-1400
   Fax (212) 997-9880
9
   Jeffrey B. Demain, State Bar No. 126715
10 Jonathan Weissglass, State Bar No. 185008
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 177 Post Street, Suite 300
   San Francisco, California  94108
12 Phone  (415) 421-7151
   Fax (415) 362-8064
13
   Attorneys for Ricoh Company, Ltd.
14

15              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
16              SAN FRANCISCO DIVISION

17 ┌─────────────────────────────────────┐
   RICOH COMPANY, LTD.,                   )
18                                        )
                 Plaintiff,               )  **CASE NO. C-03-2289-MJJ (EMC)**
19                                        )  **CASE NO. C-03-4669-MJJ (EMC)**
         vs.                              )
20                                        )  **DISCOVERY MATTER**
   AEROFLEX INCORPORATED, et al.,         )
21                                        )
                 Defendants               )  **RICOH'S DISCOVERY PLAN SUBMITTED**
22 ───────────────────────────────────── )  **PURSUANT TO COURT ORDER OF**
   SYNOPSYS, INC.,                        )  **MARCH 25, 2004**
23                                        )
                 Plaintiff,               )
24                                        )  **Date:  None**
         vs.                              )  **Time:  None**
25                                        )  **Courtroom:**
   RICOH COMPANY, LTD.,                   )  **Judge:  Magistrate Judge Chen**
26                                        )
                 Defendant.               )
27 └─────────────────────────────────────┘

28

1    Pursuant to Magistrate Judge Chen's Order of March 25, 2004, plaintiff and counter-

2    defendant Ricoh Company Ltd. ("Ricoh") hereby submits its discovery plan.  Although the parties have

3    been able to resolve many of their differences, at 12:54 pm today, counsel for defendants Aeroflex et al.

4    (the "ASIC defendants") and declaratory judgment plaintiff Synopsys ("Synopsys") advised counsel for

5    Ricoh that they would not agree to a joint submission, and refused to send the final version of their

6    proposed plan to Ricoh for review and comment.

7    During the March 24 hearing, the Court instructed the parties to

8         work out a schedule.  I know that there are some preliminary issues –
          sounds like with respect to scope and designees – but I would like you all
9         to work out, at least a schedule, for resolution or not.  If you cannot get it
          resolved by meet-and-confer, you can submit it to me.
10

11   3/24/2004 Tr. at 84.

12   In response to counsel's question of whether the plan should include "a framework for when

13   documents are going to be produced, and blocks of weeks, in which witnesses are going to be made

14   available for deposition, on certain topics," the Court said, "Yes, that is what I was thinking of."  (*Id*. at

15   85.)  The Court continued:

16        In 30 days, I would expect an agreed upon plan, of both resolution of any
          issues that are currently outstanding with respect to these depositions, and
17        the actual sort of discovery plan – at least by category if not by witnesses,
          et cetera – some benchmark in terms of time, so we can see how we are
18        doing.  *At that point, if you cannot resolve it, again in that letter, tell me
          what is at issue, briefly, and then maybe we can talk on the phone and see
19        what we need to do to facilitate that.*

20   (*Id*. at 87, emphasis added.)  Unfortunately, counsel for the ASIC defendants and Synopsys refused to

21   meet and confer with respect to many of the discovery "issues that are currently outstanding" or to

22   include in a joint discovery plan a list of the discovery issues where the parties are at an impasse.

23   Last year, Synopsys threatened Ricoh that, if Ricoh continued to press its patent claims

24   against the ASIC defendants, Synopsys would order its counsel (who also represent the ASIC

25   defendants) to fight on every issue and make the litigation as expensive as possible.  Synopsys

26   specifically stated that it would not produce evidence until ordered to do so by the Court.  It appears that

27   Synopsys is substantially following through on that threat.

28   In this submission, Ricoh attempts to set forth its understanding of the parties' agreements

1    and disagreements up to the point that the ASIC defendants and Synopsys broke off negotiations.  Ricoh

2    is prepared to participate in a telephone hearing with the Court at any time to address the issues where

3    the parties are at an impasse.

4    **A.    Production of Documents**

5    **1.    Production of documents by April 30**

6    The parties agree in principle that all non-privileged documents (other than e-mails) required

7    to be produced pursuant to Rule 26(a) or responsive to document requests should be produced by no

8    later than April 30, 2004.

9    There are no disputed issues with respect to the scope of Ricoh's document production.

10   The parties are an impasse, however, on the refusal of the ASIC defendants and Synopsys to

11   produce several categories of documents requested by Ricoh.[1]  These unresolved issues are the

12   exceptions that swallow the rule of the foregoing "agreement" that all documents be produced by April

13   30.  These documents generally fall into the following categories, each of which have been the subject

14   of numerous letters and meet and confer sessions:

15   (1) Documents in the possession of ASIC defendants Matrox Graphics and Matrox

16   Electronics relating to the design and manufacture of ASICs.  These defendants contend that they should

17   not be obligated to produce such documents unless and until the Court denies their Rule 12(c) motion

18   for judgment on the pleadings.  Ricoh contends that such stalling makes no sense because the actions of

19   those defendants are inextricably intertwined with the actions of their U.S. subsidiaries, and because the

20   Court has already granted Ricoh leave to file its amended complaint, so even if the motion is granted,

21   those defendants will not be dismissed and production of the documents will be necessary.  Moreover,

22   on April 22, 2004, Judge Jenkins denied the ASIC defendants' Rule 12(c) motion.  At a meet and confer

23   on April 23, however, counsel for the ASIC defendants refused to commit to withdraw this objection

24

25   _____

26   [1] On March 2, 2004, counsel for the ASIC defendants committed to complete their document
     production by April 2, 2004, with a limited exception of certain documents from AMI.  They did not
27   meet this deadline.  In addition, they have now changed their position as to what documents they were
     committed to produce.  For instance, counsel for the ASIC defendants indicated in a letter dated March
28   19, 2004, that documents responsive to requests 11, 13 and 37 would be produced but now refuse such
     production.

1 | and produce the relevant and responsive documents that they are withholding.

2 |       (2) Synopsys and the ASIC defendants have limited the scope of their document production

3 | to what they call "Design Compiler products." Ricoh's preliminary infringement contentions

4 | specifically name additional Synopsys software products that Ricoh contends the ASIC defendants

5 | employ while those defendants practice the process described in the '432 patent. Ricoh contends that

6 | Synopsys and the ASIC defendants should provide discovery with respect to all of the products listed in

7 | Ricoh's preliminary infringement contentions, but Synopsys and the ASIC defendants have refused.[2]

8 |       (3) The ASIC defendants have refused to provide documents with respect to any logic

9 | synthesis methods or products other than the Synopsys Design Compiler products. Ricoh contends that

10 | it has placed at issue the ASIC defendants' infringement of the '432 patent, regardless of how they

11 | actually conduct their infringement.

12 |       (4) The ASIC defendants have not sufficiently identified the ASICs they have actually

13 | designed and manufactured using either Synopsys products or otherwise. Although they contend that

14 | they have identified 63 separate ASICs that allegedly were designed and manufactured with Synopsys'

15 | Design Compiler products, they have not provided such a list to Ricoh.

16 |       (5) The ASIC defendants' objections to the discovery requests are unreasonable. For

17 | example, they object to the definitions of the terms "ASIC Design," "ASIC Product", and "ASIC

18 | Method" as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the

19 | discovery of admissible information, and incorporate the objection by reference into every response they

20 | make. However, counsel for all parties had agreed that the terms "ASIC Design," "ASIC Product", and

21 | "ASIC Method" were limited to methods and products made by a process involving computer assisted

22 | design with logic synthesis. The ASIC defendants have said that their production of documents are

23 | "subject to" these objections, without disclosing whether they are actually withholding documents based

24 | upon these and other objections.

25 |       (6) The parties cannot agree on when discovery with respect to sales and damages should

26 | _____

27 | [2] Synopsys has made similar objections and limitations in its interrogatory responses. Ricoh believes

28 | that the resolution of this issue as it relates to the document production should be equally applicable to the interrogatory responses.

commence. Judge Jenkins instructed the parties to focus first on claim construction issues. Ricoh has proposed that the defendants produce the requested sales and financial documents within 10 days of the completion of the claim construction hearing (which likely will be in September or October 2004). The ASIC defendants refused this request and also refused to identify an alternative date, instead favoring an indefinite postponement.

(7) Aeroflex has produced a number of CD's that Ricoh cannot read or access.

### 2. Production of Synopsys' source code

The parties have agreed that some of Synopsys' source code will be produced on May 10, 2004. However, Synopsys has refused to produce the source code for all of the products listed in Ricoh's preliminary infringement contentions and alleged by Ricoh as being employed by the ASIC defendants in carrying out the infringing process.

### 3. Production of documents pursuant to Rule 33(d)

The parties are at an impasse with respect to the ASIC defendants' production of documents pursuant to Fed. R. Civ. P. 33(d). On May 30, 2003, Ricoh served 10 interrogatories upon the ASIC defendants. In response, the ASIC defendants objected but often generally promised to produce documents pursuant to Rule 33(d). However, none of the ASIC defendants specifically identified those documents by either title or bates number, and Ricoh believes that in most instances no responsive documents have been produced.

### 4. Production of emails

The parties agree that production of e-mails should be completed by no later than May 31, 2004. Ricoh notes that Synopsys and the ASIC defendants have imposed the same limitations on emails as identified in Section A(1), categories 1-5, above.

### 5. Production of privilege logs

The parties are at an impasse with respect to the date for production of privilege logs. Ricoh proposes that privilege logs be exchanged by June 7, 2004, *e.g.,* within seven days of the completion of document production. Synopsys and the ASIC defendants propose that privilege logs be exchanged on May 7, 2004, before document production is completed.

The parties are also at an impasse with respect to Ricoh's proposal that communications between Ricoh and its trial counsel not be logged. Ricoh believes that there is no purpose in providing a log of those communications, which relate both to Ricoh's pre-filing investigation as well as its preparation and filing of the complaint. Synopsys and the ASIC defendants insist that all pre-filing communications between Ricoh and its trial counsel be logged.

### 6.    Resolution of document discovery issues

The parties cannot agree on a schedule or a process for resolving their document discovery disputes. Ricoh proposes that, consistent with Magistrate Judge Chen's directives, the parties work together, with the Court's assistance as appropriate, to resolve all objections with respect to documents that the parties are seeking pursuant to the currently outstanding discovery requests, by no later than May 15, 2004, and produce by June 7 all documents that have been the subject of objections but that have not specifically been ordered by the Court not to be produced. Synopsys and the ASIC defendants declined to accept this process, but have not proposed an alternative.

### B.    Responses to Requests for Admission

Ricoh has responded to all outstanding requests for admissions, and Ricoh is not aware of any outstanding issues with respect to its responses. The parties are at an impasse, however, with respect to the ASIC defendants' responses. For example:

(1) The ASIC defendants have objected to and limited their responses to many of the requests. Some of the requests include objections over issues that that have been resolved. For example, requests 9-19 related to whether the defendants performs certain actions relating to chip design. The ASIC defendants have objected to the term "ASIC method as being incomprehensible…so broad as to be meaningless" in the objections to these requests. This objection is made even though the parties had previously come to an understanding regarding certain terms, including the term "ASIC method."

(2) The ASIC defendants have objected to Requests 9-19 as calling for a claim interpretation and a question of law, when in fact it calls for a question of fact. For example, Request No. 17 seeks an admission of whether the "Defendant performs an ASIC Method that includes generating from a netlist mask data required to produce an integrated circuit having a desired function." No substantive

1    responses have been provided.

2       (3) Some of the Matrox defendants should amend their responses to Request No. 20, which

3    asks whether "The Court has personal jurisdiction over defendant." Matrox Tech has denied that the

4    court (at the time of the response, a Delaware District Court presided over this case) had personal

5    jurisdiction. However by their own admission, Matrox Tech is a company organized under the laws of

6    Delaware. All defendants acceded the personal jurisdiction of this Court as part of the desire to have

7    this case transferred from Delaware to California. Therefore, if true, the Matrox defendants should

8    supplement their response to Request 20.

9      **C.**  **Rule 30(b)(6) depositions**

10      **1.**  **Rule 30(b)(6) discovery of Ricoh**

11      There are no outstanding issues with respect to Ricoh's Rule 30(b)(6) witnesses. Ricoh has

12   responded to every Rule 30(b)(6) deposition notice from either Synopsys or the ASIC defendants. On

13   July 15, 2003, Ricoh produced a corporate witness in response to the ASIC defendants' Rule 30(b)(6)

14   notice. In response to another notice, additional corporate designees are to be deposed during the last

15   week of May 2004 in Japan.

16      **2.**  **Ricoh's Rule 30(b)(6) notices to the ASIC Defendants**

17      The parties are at an impasse with respect to scheduling and taking the corporate depositions

18   of the ASIC defendants pursuant to Ricoh's September 25, 2003 Rule 30(b)(6) notices. The ASIC

19   defendants have stated that they may produce twenty (20) or more different corporate designees in

20   response to Ricoh's long-pending Rule 30(b)(6) notices. Ricoh has requested that those depositions be

21   completed by September, so follow-up individual depositions may be completed in time for the expert

22   reports, which all parties have agreed should be exchanged in November and December 2004.

23      **a. Option 1: Identify all witnesses by May 14, 2004**

24      During the hearing on March 24, this Court instructed the parties to identify actual deposition

25   dates "at least by category if not by witness." The burden is on the ASIC defendants to identify those

26   dates. Defendants have refused to do so.

27      In particular, on September 25, 2003, Ricoh served identical Rule 30(b)(6) notices upon each

28   of the ASIC defendants as parties in the *Ricoh v. Aeroflex* litigation. As of April 23, 2004, *none* of the

1  ASIC defendants have proffered *any* dates for *any* of the 30(b)(6) topics.[3]  Attached as Exhibit 1 is a list

2  of the topics and the status on each topic.

3          Ricoh proposes that the ASIC defendants identify by May 14 the names of all corporate

4  witnesses, and that the parties cooperate in scheduling the depositions of those witnesses starting in July,

5  after the document production has been accomplished, with completion of the depositions in September.

6  Requiring the ASIC defendants to identify witnesses, topics and deposition dates is consistent with this

7  Court's instructions during the March 24 hearing and this Court's Standing Order, and is the most

8  effective way to schedule and complete these corporate depositions.

9                  **b.    Option 2:  Identify nine witnesses by May 14, and the rest on a rolling
                         basis.**

10         Alternatively, the parties discussed a process by which the ASIC defendants would identify a

11 large number of their corporate designees in May, and provide additional deposition dates n a rolling

12 basis.  On April 19 the ASIC defendants proposed in a draft discovery plan that "AMI and Aeroflex are

13 to provide identification and proposed dates for a first set of approximately two to four witnesses a piece

14 by May 14."  The Matrox defendants would identify its witnesses by May 31.  Counsel for the parties

15 discussed this proposal in some detail at a meet and confer on April 21, but negotiations abruptly ceased

16 when Ricoh proposed changing the "two to four witnesses" per party to the three witnesses per party.

17 Ricoh pointed out that there was likely insufficient time to complete the depositions by September if

18 only six corporate deposition days were identified at a time, as the second round of six would not be

19 completed until August and the third not until October.

20         The ASIC defendants' proposal unreasonably limits the number of witnesses they will

21 identify for corporate depositions at any given time.  Their proposal indicates that the identification of

22 an the first few witnesses will be made, and only after the first set of deposition are underway will any

23 additional witnesses (or deposition days of the same designees by proposed, which may not occur until

24 40 days later.  This pace is not sufficient, as the ASIC defendants have predicted that there will be more

25

26 _____

27 [3]  On February 3, 2004, ASIC defendants Matrox Tech and Matrox International produced a corporate
   designee for deposition on topics limited to those parties' since-withdrawn motion for summary

28 judgment, but that deposition was *not* on any of the topics in Ricoh's September 25, 2003 Rule 30(b)(6)
   deposition notices.

1  than 20 individuals deposed, some for multiple days.  It must be remembered that these witnesses are

2  corporate designees, with provides the ASIC defendants with considerable latitude who to designate and

3  on what topics.  There is no undue burden in requiring the ASIC defendants to identify their corporate

4  designees many months after the notices have been served.

5          If, however, the Court is prepared to entertain a variation of this proposal, following is

6  Ricoh's proposal.  Ricoh understands that, with the exception of the initial number of witnesses, the

7  ASIC defendants and Synopsys do not object to the following process:

8          (1) For purposes of this scheduling, the ASIC defendants are divided into three groups:

9  AMI; Aeroflex and its subsidiary, Aeroflex Colorado Springs, Inc. (collectively "Aeroflex"); and

10  Matrox Graphics, Matrox Electronic Systems, Matrox International and Matrox Tech (collectively

11  "Matrox").

12          (2) By no later than May 14, AMI, Aeroflex and Matrox will each identify deponents and

13  topics for three deposition days each (e.g., a total of nine deposition dates).  These initial deposition

14  dates shall be no more than 45 days in the future (e.g., by June 30), and initially shall be focused upon

15  threshold topics, such as corporate organization, identification and collection of documents, and

16  identification of persons with knowledge.  The next topics shall relate to the infringement claims and

17  affirmative defenses.  The final topics to be offered shall relate to the issues of marketing, sales and

18  damages.

19          (3) Within ten (10) days of the completion of a deposition day, the party who was being

20  deposed (e.g., AMI, Aeroflex or Matrox) shall identify another corporate designee, topic(s) and

21  deposition date no more than 30 days in the future (e.g., no later than a total of 40 days after the

22  completion of the prior deposition day).

23          (4) If the initial proposed deposition date is not acceptable, the parties shall work together in

24  good faith for an alternative date within the same time frame.  The parties shall work together to

25  complete the ASIC defendant Rule 30(b)(6) depositions by September 2004.

26          (5)  The parties will also work together to resolve or present before Magistrate Judge Chen

27  any disputes regarding the scope of these particular depositions so that they can be quickly and

28  efficiently resolved.

**D.    Fact Depositions**

In addition to taking Rule 30(b)(6) depositions, Synopsys and the ASIC defendants have already taken three other depositions (Dr. James Davis, Brian Bershader, and Dr. Tom Rhyne); have another deposition set on April 23, 2004 (of Mr. Yamada); and have four others in Japan during the last week of May 2004 (Dr. Kobayashi, Dr. Nakayama, Mr. Takada and Mr. Oka), some of whom are corporate designees of Ricoh.

Ricoh proposes that the parties cooperate in scheduling other fact depositions starting in July (after document production is completed) to the end of fact discovery at locations that are convenient for the witnesses and mutually agreeable to the parties. Although Synopsys and the ASIC defendants have not requested any other depositions of Ricoh employees, to the extent that they are able to provide advance notice of at least 90 days, Ricoh will inquire whether it is possible to schedule the depositions in the United States and, if so, will reasonably cooperate in the scheduling of those deponents.

**E.    Total Deposition Time**

With respect to the number of hours for deposition, in Delaware, counsel for all of the parties agreed that each side would have 240 hours of deposition testimony from fact witnesses. Ricoh believes that such a modification of the Federal Rules of Civil Procedure is useful here, and there is no reason to deviate from this prior agreement of counsel. There is no question that additional deposition time needed. Since this agreement was established, the ASIC defendants have identified over thirty (30) people who have relevant factual information in their initial disclosure; another party has been added (Aeroflex Colorado Springs, Inc.); and the ASIC defendants have indicated that they may produce as many as twenty (20) corporate witnesses in response to Ricoh's Rule 30(b)(6) deposition notice to each defendant. Despite the additional party and many witnesses, Ricoh is willing to abide by the prior agreement of counsel.

1

2   Dated:  April 23, 2004                    Respectfully submitted,

3                                             Ricoh Company, Ltd.

4

5                                             By: <u>Kenneth W. Brothers</u>

6                                             Gary M. Hoffman
                                              Kenneth W. Brothers
7                                             DICKSTEIN SHAPIRO MORIN &
                                                  OSHINSKY  LLP
8                                             2101 L Street NW
                                              Washington, D.C.  20037-1526
9                                             Telephone: (202) 785-9700
                                              Facsimile: (202) 887-0689
10

11                                            Edward A. Meilman
                                              DICKSTEIN SHAPIRO MORIN &
12                                                OSHINSKY  LLP
                                              1177 Avenue of the Americas
13                                            New York, New York  10036
                                              Telephone:  (212) 896-5471
14                                            Facsimile:  (212) 997-9880

15
                                              Jeffrey B. Demain, State Bar No. 126715
16                                            Jonathan Weissglass, State Bar No. 185008
                                              ALTSHULER, BERZON, NUSSBAUM,
17                                                RUBIN & DEMAIN
                                              177 Post Street, Suite 300
18                                            San Francisco, California  94108
                                              Phone:  (415) 421-7151
19                                            Fax:  (415) 362-8064

20                                            Attorneys for Ricoh Company, Ltd.

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**30(b)(6) Deposition Notices to ASIC Defendants**

*Note: On September 25, 2003, Ricoh served substantially identical deposition notices upon each of the ASIC defendants. As of April 23, 2004, no witnesses have been offered for deposition, and only AMI and Aeroflex have responded to the notices. This Exhibit identifies each topic and summarizes the responses of each ASIC defendant. For the purposes of this review, Ricoh has not recited the objections by AMI or Aeroflex that impermissibly purport to limit the scope of the deposition notice.*

1.   The organizational structure of [defendant], including, but not limited to those groups, divisions, teams and other organizations having any involvement in [defendant]'s ASIC Method at any time, and the identity of all individuals who can testify about such organization.

| | |
|---|---|
| Status of Aeroflex: | Have agreed to produce a witness, but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Have agreed to produce a witness, but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

2.   The identification of any business entity that designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], any ASIC Product.

| | |
|---|---|
| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

3.   The identification of any business entity that uses the ASIC Method to design or otherwise make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to, the date(s) such steps or other

activity occurred, and, where such step or activity is not performed by [defendant], the person or entity performing such step or activity.

| | |
|---|---|
| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

4.   The identification of each individual (including their full name, address, telephone number, job title and description, and employer) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales or marketing of, or in the decision to design, develop, or manufacture any ASIC Products designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], and identification of the individual's activity concerning such involvement.

| | |
|---|---|
| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

5.   The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in performing an ASIC Method for any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant]; identification of the ASIC Products for which such ASIC Method was performed; and identification of the acts of each individual that contributed to performing the ASIC Method.

| | |
|---|---|
| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh |

| | objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

6.  Any relationship, including, but not limited to, any contractual, business, or financial relationship, between Synopsys and [defendant].

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

7.  Any product, including, but not limited to any software or ASIC Design System product, Synopsys sold, licensed, leased, lent, gave, or otherwise (directly or indirectly) provided to [defendant].

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

8.  Any agreement or other arrangement granting rights in or otherwise concerning ASIC Design Systems and/or use thereof from Synopsys to [defendant] (or from [defendant] to Synopsys),

1  including but not limited to contracts, licenses, purchase agreements, indemnification agreements, and
2  hold-harmless agreements/covenants not to sue.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

9.  Any product designed or otherwise made by [defendant], using any ASIC Design System, including, but not limited to, products designed or made using Design Compiler (or any product that includes Design Compiler).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

10. The identification of any ASIC Design System including, but not limited to, the manufacturer, product name, and version, used by [defendant] to design or otherwise make any product.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |

| Status of Matrox Tech: | Has not agreed to offer a witness. |

11. The identification of any software library, cell library, and database used by [defendant] with any ASIC Design System, including, but not limited to, Design Compiler.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

12. The user interface to any ASIC Design System for designing, making or using ASIC Products, including, but not limited to, the user interface for designing, making or using products designed or made using Design Compiler (or any product that includes Design Compiler), and the forms and methods of user input used by or on behalf of [defendant] (whether such input is Verilog, VHDL, HDL, or any other form of input).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

13. The output or netlist (and use thereof) of ASIC Design Systems used by or on behalf of [defendant] to fabricate any product designed or otherwise made, using any ASIC Design System, including, but not limited to, the output or netlist used to fabricate any ASIC Products designed or otherwise made using Design Compiler (or any product that includes Design Compiler).

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh |

| | objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

14. The identification of the steps or other activities making up the ASIC Method used to design or otherwise make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to, the date(s) such steps or other activity occurred, and, where such step or activity is not performed by [defendant], the person or entity performing such step or activity. Such steps or other activities include, but are not limited to, the use of ASIC Design Systems in: defining a library of available hardware cells; selecting hardware cells based on input specifications; and generating an output or netlist of hardware cells needed to achieve the intended function of an ASIC Product.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

15. Any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of [defendant], including, but not limited to the identification for each ASIC Product, any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by [defendant] (whether or not known to third parties) in connection with that product, including whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, the date of termination thereof.

| Status of Aeroflex: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
|---|---|
| Status of AMI: | Agreed to produce a witness for a limited part of this topic (Ricoh objects to this limitation) but has not identified who the witness is or the date of the deposition. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |

| Status of Matrix International: | Has not agreed to offer a witness. |
|---|---|
| Status of Matrox Tech: | Has not agreed to offer a witness. |

16. The use by [defendant] of Build Gates, Build Gates Extreme (i.e., "BGE"), Physically knowledgeable synthesis (i.e., "PKS'), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc., including any license and/or use thereof by [defendant].

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

17. The cost savings (actual or potential) by [defendant] as a consequence of licensing or using Build Gates, Build Gates Extreme (i.e., "BGE"), Physically knowledgeable synthesis (i.e., "PKS"), Ambit Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

18. The marketing of any product designed, sold, or otherwise made by [defendant] using any ASIC Design System including, but not limited to, any Synopsys ASIC Design System.

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

19. The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in [defendant]'s marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for each [defendant] product.

| Status of Aeroflex: | Will not produce a witness. |
|---|---|
| Status of AMI: | Will not produce a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

20. The cost savings (actual or potential) as a consequence of licensing or using Design Compiler and/or any other product of Synopsys Inc.

| Status of Aeroflex: | Will defer the production of a witness. |
|---|---|
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

21. The annual dollar and unit volume of sales and/or sales projections in (a) the United States and (b) elsewhere, by [defendant] of each of [defendant]'s ASIC Products.

| Status of Aeroflex: | Will defer the production of a witness. |
|---|---|
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

22. The annual gross profits (gross receipts less cost of goods sold before allowance for operating expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States and (b) elsewhere, by [defendant] of [defendant]'s ASIC Products, including how [defendant] defines each item of cost deducted from gross revenue to calculate gross and net profits.

| Status of Aeroflex: | Will defer the production of a witness. |
|---|---|
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |

| Status of Matrox Tech: | Has not agreed to offer a witness. |
|---|---|

23. The sales by [defendant] of each ASIC Product produced by an ASIC Method.

| Status of Aeroflex: | Will defer the production of a witness. |
|---|---|
| Status of AMI: | Will defer the production of a witness. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

24. All facts related to any infringement or non-infringement of the patent-in-suit.

| Status of Aeroflex: | Will provide discovery on its non-infringement contentions at an appropriate time in accordance with a schedule set by the court. |
|---|---|
| Status of AMI: | Will provide discovery on its non-infringement contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

25. All facts related to the validity or invalidity of the patent-in-suit.

| Status of Aeroflex: | Will provide discovery on its invalidity contentions at an appropriate time in accordance with a schedule set by the court. |
|---|---|
| Status of AMI: | Will provide discovery on its invalidity contentions at an appropriate time in accordance with a schedule set by the court. |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

26. All facts related to enforceability of the patent-in-suit, including but not limited to the applicability or non-applicability of the doctrines of laches and equitable estoppel.

| Status of Aeroflex: | Will provide discovery on its enforceability contentions at an appropriate time in accordance with a schedule set by the court. |
|---|---|
| Status of AMI: | Will provide discovery on its enforceability contentions at an appropriate time in accordance with a schedule set by the court. |

| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

27. The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in any discussions, communications, correspondence, or otherwise with any person from, or any agent representing International Chip Corporation or Knowledge Based Silicon Corporation referring to, relating to, or regarding, directly or indirectly, the patent-in-suit.

| Status of Aeroflex: | Is not aware of anyone |
| Status of AMI: | Is not aware of anyone |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

28. Knowledge by [defendant] of the patent-in-suit prior to January 20, 2003.

| Status of all ASIC defendants: | Stated there is no such knowledge |

29. The identification of each individual from [defendant] (including their full name, address, telephone number, job title and description, and employer) who was aware of the patent-in-suit prior to January 20, 2003.

| Status of all ASIC defendants: | No response required based on their response to #28. |

30. Any discussions, communications, correspondence, or other contact with any person from, or any agent representing International Chip Corporation or Knowledge Based Silicon Corporation referring to, relating to, or regarding, directly or indirectly, the patent-in-suit.

| Status of Aeroflex: | Is not aware of anyone |
| Status of AMI: | Is not aware of anyone |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix | Has not agreed to offer a witness. |

| International: | |
|---|---|
| Status of Matrox Tech: | Has not agreed to offer a witness. |

31. Any communications within [defendant] concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

32. The identification of all documents concerning all materials presented to any of [defendant]'s personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

33. Any communications between [defendant] and any other defendant concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

34. Any communications between [defendant] and Synopsys concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |

| Status of Matrox Electronics: | Has not agreed to offer a witness. |
|---|---|
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

35. Any communications between [defendant] and any person or entity other that the other defendants and Synopsys concerning the patent-in-suit.

| Status of Aeroflex: | Is not aware of any non-privileged communications |
|---|---|
| Status of AMI: | Is not aware of any non-privileged communications |
| Status of Matrox Graphics: | Has not agreed to offer a witness. |
| Status of Matrox Electronics: | Has not agreed to offer a witness. |
| Status of Matrix International: | Has not agreed to offer a witness. |
| Status of Matrox Tech: | Has not agreed to offer a witness. |

1    Teresa M. Corbin (SBN 132360)
     Christopher Kelley (SBN 166608)
2    Erik K. Moller (SBN 147674)
     HOWREY SIMON ARNOLD & WHITE, LLP
3    301 Ravenswood Avenue
     Menlo Park, California  94025
4    Telephone:  (650) 463-8100
     Facsimile:  (650) 463-8400
5
     Attorneys for Plaintiff SYNOPSYS, INC. and
6    Defendants AEROFLEX INCORPORATED, ET AL.

7

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12   SYNOPSYS, INC.,                     )  Case No. C03-02289 MJJ (EMC)
                                         )
13              Plaintiff,               )  Case No. CV 03-04669 MJJ (EMC)
                                         )
14       vs.                             )  DISCOVERY MATTER
                                         )
15   RICOH COMPANY, LTD.,                )
                Defendant.               )
16   _____       )
                                         )
17   RICOH COMPANY, LTD.,                )  **SUBMISSION OF AEROFLEX, AMI,**
                                         )  **MATROX COMPANIES AND SYNOPSYS**
18              Plaintiffs,              )  **TO MAGISTRATE JUDGE CHEN**
                                         )  **REGARDING A DISCOVERY PLAN**
19       v.                             )
                                         )
20   AEROFLEX INCORPORATED, AMI          )
     SEMICONDUCTOR, INC., MATROX         )
21   ELECTRONIC SYSTESM, LTD., MATROX    )
     GRAPHICS, INC., MATROX              )
22   INTERNATIONAL CORP., and MATROX     )
     TECH, INC.,                         )
23                                       )
                Defendants.              )
24   _____       )

25

26         Pursuant to instructions from Magistrate Judge Chen during a March 24 hearing, the parties

27   met and conferred on several occasions to try to find common ground on a schedule for discovery.

28   Certain agreements, outlined below, were reached.   The parties were, however, unable to agree on the

HOWREY
SIMON
ARNOLD &
WHITE          Submission of Aeroflex, AMI, Matrox Companies and Synopsys to          1
               Magistrate Judge Chen Regarding A Discovery Plan
               Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

1  form of a joint submission to the Court.  Ricoh insisted, improperly in our view, on inserting

2  complaints about the scope of Defendants' document production efforts and responses to requests for

3  admission into what was supposed to be a joint submission concerning scheduling.

4          Despite the Defendants' repeated argument that the Court was seeking a plan that contained the

5  parties' *agreements* on discovery, Ricoh's proposed "Discovery Plan"[1] is largely a motion to compel

6  on a large number of discovery issues without a proper meet and confer process or briefing.  A review

7  of the transcript from the Court's March 24, 2004 hearing relevant to this matter shows that the Court

8  was in fact responding to the Ricoh's lengthy complaint regarding its Rule 30(b)(6) depositions only:

9
10          In 30 days, I would expect an agreed upon plan, of both resolution of any issues
            that are currently outstanding with respect to these depositions, and the actual sort
            of discovery plan - at least by category if not by witnesses, et cetera. - some
11          benchmark in terms of time, so we can see how we are doing.

12  Hearing Transcript from March 24, 2004, at 87:3-8.

13          This passage followed almost ten pages of discussion  regarding the scope of Synopsys' and the

14  Defendants' designation and production of Rule 30(b)(6) deponents.  The Court did not order the

15  parties to present what is in fact a motion to compel on the issues of document production,

16  interrogatories, or requests for admissions.

17          The discovery disputes raised by Ricoh in the draft submissions that it has shared with counsel

18  for Defendants raise disputed questions of fact about: i) what scope of discovery from Defendants is

19  proper, and ii) the extent of which Defendants and Synopsys have produced responsive and relevant

20  documents.  The parties have been contending over the first question since last summer, and indeed the

21  issues that Ricoh raises were originally presented in August of 2003 to Judge Sleet when this matter

22  was pending in Delaware.  The parties have argued at length in correspondence about what limits, if

23  any, the Delaware Court placed on discovery, and what bounds are appropriate for discovery.  The

24  factual allegations raised by Ricoh in its draft submission are conclusory and provably false.  Because

25  _____

26  [1] Defendants and Synopsys have seen draft versions of Ricoh's proposed submission, and base these
    comments on that draft.  We are, of course, unable to predict the form of the document that Ricoh will
27  ultimately submit

28

HOWREY
SIMON
ARNOLD &
WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to          2
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

1  of the sweeping nature of the allegations made by Ricoh and the complicated procedural history,

2  Defendants intend to present substantial documentary evidence to rebut Ricoh's allegations.  This

3  matter is, therefore, not suited for resolution in a telephonic conference and Defendants' request that

4  the Magistrate Judge set Ricoh's motion for full briefing and an in-person hearing.

5          Regarding scheduling of discovery, the parties were able to agree on the following:

6          (1)     The parties agreed on an April 30, 2004 date for completion of document

7  production, save for production of e-mails.

8          (2)     The parties agreed on the following mechanical procedure for setting

9  depositions.  Defendants and Synopsys will designate witnesses and provide proposed dates for

10  deposition on a rolling basis.  At any given time, Defendants and Synopsys will make have set

11  dates for some number "N" different witnesses.  Within 10 days of completion of a deposition,

12  Defendants and Synopsys will identify proposed dates for an at least one subsequent witness.

13  The dates offered must fall within 40 days of the date of the previously completed deposition.

14          The parties will work cooperatively to stage deposition discovery in the order requested

15  by Ricoh, to the extent possible.

16          (3)     The parties agreed that Defendants and Synopsys will attempt to provide

17  advance notification of the depositions of Ricoh personnel that it wishes to conduct and Ricoh

18  will attempt to schedule those depositions within the United States.

19          (4)     Defendants and Synopsys agreed to identify a first set of "N" deposition dates

20  by May 15.

21  With respect to the scheduling of discovery, the following points of disagreement remained:

22          (a)     With regard to paragraph 2, above, Ricoh contended that an appropriate number

23  for "N" was 9.  Defendants and Synopsys contend that this number should be 6.

24          (b)     Defendants and Synopsys believe that the privilege logs should be completed

25  by May 7.  We do not expect that the Defendants e-mail production is likely to include any

26  privileged communications, but should that be incorrect, we will supplement.  We do not

27  believe that preparation of Ricoh's privilege log should be fixed to the date for completion of

28

HOWREY
SIMON
ARNOLD &
WHITE

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to          3
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

1   production of any e-mail from the Defendants.  Ricoh proposed that the party's exchange

2   privilege logs on a common date, set after production of the Defendants' e-mail.

3          (c)      The parties disagreed about a suitable date for completion of production of any

4   relevant and responsive e-mail from Defendants.  Defendants and Synopsys proposed May 31.

5   Ricoh proposed May 15 (in effect May 17, given the Calendar).

6   Dated:  April 23, 2003                    Respectfully submitted,

7                                              HOWREY SIMON ARNOLD & WHITE, LLP

8

9                                      By:   /s/   Christopher L. Kelley

10                                            Attorneys for Plaintiff SYNOPSYS, INC.
                                              and Defendants AEROFLEX
11                                            INCORPORATED, ET AL.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Submission of Aeroflex, AMI, Matrox Companies and Synopsys to          4
Magistrate Judge Chen Regarding A Discovery Plan
Case Nos. C03-02289 MJJ (EMC) and CV03-04669 MJJ (EMC)

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2228*
*E-Mail Address: HoffmanG@dsmo.com*

March 7, 2003

**BY CERTIFIED MAIL-**
**RETURN RECEIPT REQUESTED**

Mr. Wilson Tzang
President                                          **CONFIDENTIAL TREATMENT**
Faraday Technology Corporation                              **REQUESTED**
490 De Guigne Drive
Sunnyvale CA  94085

Dear Mr. Tzang:

      We are writing to you on behalf of Ricoh Company Ltd. because we are aware
that your company is involved with the design of custom ICs that include application
specific designed circuitry.  We understand that in designing these circuits, you use a
computer-aided design system obtained from Synopsys, including Design Compiler.

      As you may know, Ricoh owns two of the basic patents directed to computer-
aided design processes.  These are U.S. Patent Nos. 4,922,432 and 5,197,016.  They cover
significant advances in computer-aided design processes for designing custom designed ICs
for specific applications directly from architecture independent functional specifications for
the integrated circuit.  We are enclosing copies of these patents for your information.

      While Ricoh is currently enforcing these patents in a lawsuit it recently filed in
the U.S. District Court for the District of Delaware, Ricoh remains willing to license the
patents.  In fact, Ricoh has already granted non-exclusive licenses under these patents.
Ricoh also would be willing to provide your company with a non-exclusive license.  For
your information, there are counterpart patents and applications in a number of countries
outside the United States.

      Because Ricoh is at an early stage in its licensing activities, at the current time,
Ricoh is prepared to grant a non-exclusive license on favorable terms.  However, we trust
you will recognize that such favorable terms will cease to exist as time progresses.

      If you are of the opinion that you do not need or want a license from Ricoh, it
would be helpful if you would give us some insight into your reasons.  We request your
response within 60 days from the date of this letter.

Very truly yours,

Gary M. Hoffman

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*