**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-03-2289 MJJ (EMC) |
| Plaintiff, | No. C-03-4669 MJJ (EMC) |
| v. | **ORDER RE JOINT REPORT TO THE COURT REGARDING POSSIBLE THOMAS DEPOSITION** |
| RICOH CO., LTD., | |
| Defendant. | |
| _____/ | |
| RICOH CO., LTD., | |
| Plaintiff, | |
| v. | |
| AEROFLEX, et al., | |
| Defendants. | |
| _____/ | |

Having reviewed the joint report filed by the parties regarding the possible deposition of Dr. Thomas, and good cause appearing therefor, the Court hereby orders as follows.

The burden is on the ASIC Defendants and Synopsis (collectively "Defendants") to demonstrate their entitlement to take Dr. Thomas's deposition. As previously noted, Defendants have the burden of demonstrating that Dr. Thomas has unique or superior knowledge. In directing the parties to meet and confer to work out a procedure to facilitate such determination, including the possibility of an appointed neutral master, the Court did not prescribe or foreclose any particular procedure.

1    The phased approach suggested by Defendants is not unreasonable in concept.  By defining with
2 reasonable precision the subject matters on which they would like to depose Dr. Thomas – and therefore
3 on which the determination of unique or superior knowledge would be made – the parties and the Court
4 can better assess what procedural mechanism might be appropriate (*e.g.*, appointment of special master to
5 investigate, production of declarations of Defendants' experts, limited deposition of Dr. Thomas, etc.).  The
6 Court will also have concrete facts on which to gauge the proper scope of any such inquiry, mindful of its
7 earlier observation that privileged matters arising out of Dr. Thomas's engagement with Ricoh will be
8 protected.  Ricoh has failed to demonstrate why the proposed first phase of identification of topics by
9 Defendants, in and of itself, will prejudice Ricoh.  Nor has Ricoh demonstrated that giving the Defendants
10 until June 11, 2004, to make that identification is prejudicial.

11    Accordingly, the Court orders that Defendants shall identify by June 11, 2004, in detail the subject
12 matters on which they would like to depose Dr. Thomas and on which they will have to demonstrate his
13 unique or superior knowledge, as well as any information they wish to present as to why these subjects may
14 not be in the possession of other witnesses.  The parties shall then meet and confer and attempt to negotiate
15 a mechanism facilitate the Court's determination whether Dr. Thomas as such unique or superior
16 knowledge.  The parties shall be mindful of the need to protect privileged communications and work
17 product against disclosure.  Defendants are forewarned, however, that in meeting their burden of
18 demonstrating their right to take Dr. Thomas's deposition, they may be required to chose between what
19 they have characterized as the costly procedure of retaining a referee who can make the inquiry while
20 preserving the parties' privileges or having to disclose the full extent of knowledge possessed by all those
21 available to them, including their expert witnesses.  Ricoh is cautioned that, so long as the areas of
22 proposed inquiry are limited to prior art and not an evaluation (comparative or otherwise) of the patents in
23 dispute, the risk of breaching any privilege is minimal.

24 ///
25 ///
26 ///
27
28

The parties shall report back to the Court by June 30, 2004 on the results of their meet and confer by joint letter. If they cannot agree, the parties shall each propose a specific mechanism for determining whether Dr. Thomas has unique or superior knowledge on particular subjects.

IT IS SO ORDERED.

Dated: May 3, 2004

                                                /s/
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California