June 9, 2004

**VIA HAND DELIVERY**

Hon. Edward M. Chen
United States Magistrate Judge
450 Golden Gate Ave.
San Francisco, CA  94102

Re:   *Synopsys, Inc. v. Ricoh Company, Ltd.*
      Case No. C03-02289 MJJ (EMC) and
      *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*
      Case No. C03-04669 MJJ (EMC)

Dear Magistrate Chen:

Pursuant to the Court's directives during the May 27, 2004 telephone conference, the parties have met and conferred regarding a briefing schedule for Synopsys' motion to compel Ricoh's responses to interrogatories directed to the '016 patent.  Pursuant to Synopsys' counsel's telephonic report to the Court's clerk, attached please find the parties' joint letter regarding the parties' positions on this motion.

The parties agree that no additional briefing in support of or in opposition to Synopsys' motion to compel responses to the '016 interrogatories is necessary.

**Synopsys' Response to Ricoh's Position**

After meeting and conferring regarding a briefing schedule, Ricoh and Synopsys agreed that there was no need to brief the parties' dispute regarding Ricoh's responses to interrogatories directed to the '016 patent.  Since Ricoh's bases for refusing to provide any substantive response to Interrogatory Nos. 1-3 for claims 1-12 and 18-20 of the '432 patent is identical to its bases for refusing to provide any substantive response to Interrogatory Nos. 10-12 for all of the claims of the '016 patent, the Court's resolution of Synopsys' Motion To Compel Responses To Interrogatory Nos. 1-3 will also resolve the parties' dispute regarding Ricoh's refusal to substantively respond to Interrogatory Nos. 10-12.  The parties further agreed that they would submit a short letter outlining their respective positions, but not rebriefing the substance of the already submitted arguments.

Synopsys' counsel telephonically informed the Court that, instead of a briefing schedule, the parties would submit a joint letter outlining the parties' positions.

In response to Synopsys' presentation of its position, Ricoh has provided a lengthy briefing of the arguments (including citation to additional case law) it has already submitted in opposition to Synopsys' motion to compel responses to Interrogatory Nos. 1-3.  While Synopsys

Hon. Edward M. Chen<br>
June 9, 2004<br>
Page 2

believes it is important to stand by the letter and spirit of agreements between counsel, and stands by its one-half page submission, it cannot let Ricoh's factual misstatements remain unrebutted.

1) Ricoh moved to dismiss *all* of Synopsys' separate causes of action, including those related to the '016 patent. Judge Jenkins September 22, 2003 order denying Ricoh's motion did so *in full*, not in part, and resolved Ricoh's motion with regard to the '016 patent.

2) At the case management conference, while encouraging the parties to resolve their differences regarding the '016 patent, Judge Jenkins did not question whether a case or controversy existed. In fact, he had already decided that a case or controversy existed when denying Ricoh's motion to dismiss.

3) Last, while Judge Jenkins did indicate that Synopsys should go first on claim construction, he did *not* state that Synopsys bore the burden of proof on any issue related to the '016 patent. Issues of claim construction are irrelevant to issues of burden of proof on patent infringement.

**Synopsys' Position**

Attachment A to this letter is a copy of Ricoh's objections to Synopsys Interrogatory Nos. 10-12, which seek Ricoh's infringement positions on the '016 patent claims ("the '016 interrogatories). Except for the fact that they relate to the '016 patent instead of the '432 patent, the '016 interrogatories are identical to Interrogatory Nos. 1-3, which seek Ricoh's infringement positions on the '432 patent claims ("the '432 interrogatories).

As set forth more fully in Synopsys' briefing seeking to have Ricoh provide more complete responses to the '432 interrogatories, Ricoh moved to dismiss all of Synopsys' declaratory judgment claims related to *both* the '432 patent *and* the '016 patent. Judge Jenkins denied that motion in its entirety. Because of that decision, the '016 infringement and validity issues are in this case and Ricoh's relevancy related objections should be overruled. In fact, Ricoh still has the burden of proof on the infringement issues even though there is no coercive infringement action. *See Vivid Techs., Inc. v. American Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999). Equally specious are Ricoh's objections relating to the Patent Local Rules. Patent Local Rule 2-5 prohibits objecting to Fed. R. Civ. P. 26 discovery based on the Patent Local Rules and nothing in Patent Local Rule 3-5 supports Ricoh's refusal to provide its positions on infringement of the '016 patent. The Patent Local Rules' purpose is to streamline discovery and not to put up road-blocks to relevant Fed. R. Civ. P. 26 discovery as Ricoh attempts to do here. Two additional facts further support Synopsys' argument that Ricoh needs to provide answers to the '016 interrogatories: 1) Ricoh has not provided *any* Local Patent Rule 3-1 Preliminary Infringement Contentions for the '016 patent; and 2) Ricoh has refused to provide *any* response to the '016 interrogatories. Synopsys' argument that Ricoh must answer the '016 interrogatories is in some ways *more* compelling than its argument that Ricoh needs to

provide more complete answers to the '432 interrogatories, including answers for all claims of the '432 patent.

### Ricoh's Position

Synopsys has raised three additional arguments and cited case law to support its assertion that Ricoh should be compelled to respond to the '016 interrogatories, even though Ricoh never has and never will assert the '016 patent against Synopsys in this litigation.[1] Synopsys' complaint that Ricoh's response is inappropriate is both incorrect and ironic, because Ricoh had proposed that no additional papers be submitted. When Synopsys insisted on submitting a supplemental statement, Ricoh said that it would respond as appropriate.

First, Synopsys is seeking to have the Court render an advisory opinion with respect to the '016 patent. Synopsys implies that, because Judge Jenkins denied Ricoh's motion to dismiss Synopsys' declaratory judgment action, that Ricoh is precluded from pointing out that it has not accused any party of infringing the '016 patent. The language of the Court's September 22, 2003 Order is focused upon the '432 patent. At the May 4, 2004 case management conference, Judge Jenkins questioned whether there was a case or controversy on the '016 patent, and strongly suggested that the parties resolve their differences to remove the '016 from the present litigation. Judge Jenkins also stated during the May 4 case management conference that, if the '016 patent remained in the case, Synopsys bore the burden of proof on that patent.[2] Thus, Synopsys' insistence that Ricoh must provide either its preliminary infringement contentions or otherwise state an infringement position that it does not have on the '016 patent is contrary to the directives of Judge Jenkins.

Second, Patent Local Rule 3-5 expressly provides that Ricoh is not obligated to provide any infringement contentions on a patent where it has not made a claim for infringement. Patent L.R. 3-5(a) states that "[i]n all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, ***Patent L.R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party***." The plain language of Patent Local Rule 3-5 is designed to preclude irrelevant discovery and prevent undue prejudice to a party, such as Ricoh, which has no infringement

---

[1] The '016 patent is at issue only in Synopsys' declaratory judgment action. The ASIC Defendants have not asserted a declaratory judgment counterclaim on the '016 patent. Ricoh has stated that it will not sue either Synopsys or the ASIC Defendants for infringement of the '016 patent for any past or current use of Design Compiler.

[2] The parties obviously disagree with respect to Judge Jenkins' comments during the May 4 case management conference, which was not transcribed. Ricoh's portion of the joint CMC report specifically set forth its belief that there was no case or controversy with respect to the '016 patent. As a result of the Court's comments, the parties commenced discussions aimed at disposing all claims regarding the '016 patent and some of the claims of the '432 patent. The parties are currently negotiating the text of proposed stipulated order. If the parties are unable to reach agreement to resolve these claims, then Ricoh may move for summary adjudication with respect to the '016 patent.

Hon. Edward M. Chen<br>
June 9, 2004<br>
Page 4

contentions on the '016 patent. Absent the protections of Patent L.R. 3-5, a declaratory judgment defendant such as Ricoh could be forced to make an artificial argument of non-existent infringement contentions and could be prejudiced in future proceedings. To follow Synopsys' argument to its illogical conclusion, and as is contrary to the plain language of Patent L.R. 3-5, Ricoh would be forced to make an infringement contention it does not have. Ricoh has provided a covenant not to sue Synopsys on the '016 patent. Ricoh has waived its compulsory counterclaim of infringement against Synopsys. Ricoh simply does not presently possess the evidentiary basis to assert an infringement claim against either Synopsys or the ASIC defendants under the '016 patent. The parties are on the threshold of an agreement that resolves all issues with respect to the '016 patent. Synopsys' argument that Ricoh should be forced to make artificial and enormously burdensome infringement contentions is directly contrary to Patent L.R. 3-5 and defies logic.

Third, Synopsys' argument that Ricoh has the burden of proof on the infringement issues even though there is no coercive infringement counterclaim fails to acknowledge the "flexible approach" to burdens of proof in such circumstances. The hornbook rule for determining the burden of proof in a declaratory judgment action is based on "broad reasons of experience and fairness" influenced by which party asserted the affirmative of the issue and the nature of the relief sought. 12 James Wm. Moore et al., *Moore's Federal Practice* § 57.62[2][c] (3d ed. 1997). Synopsys has made the affirmative assertion that its Design Compiler products do not infringe the '016 patent and that the patent is invalid. Under the "flexible rule" and in the absence of a claim of infringement, Synopsys bears the burden of proof. "In a declaratory judgment action, the party that has the burden of proof is determined not by their designation as plaintiff or defendant, but by the nature of the relief sought." *Burlington Northern R.R. Co. v. Hyundai Merchant Marine Co.,* 1999 U.S. Dist. LEXIS 23186 (C.D. Cal. 1999), citing and quoting the seminal case of *Reliance Life Ins. Co. v. Burgess*, 112 F.2d 234, 236-38 (8th Cir. 1940) (explaining that the burden of proof rests upon a party who, as determined by the pleadings, asserts the affirmative of an issue and is generally the party who will be defeated if no evidence relating to the issue is given on either side). Synopsys' Amended Complaint expressly seeks a declaration of non-infringement and invalidity on the '016 patent. Ricoh has made no counterclaim whatsoever and specifically stated that it did not have sufficient knowledge of whether Synopsys was infringing the '016 patent. If Synopsys fails to present evidence supporting its allegations of noninfringement or invalidity, it cannot prevail at trial. Traditionally the party bearing the burden of proof at trial opens the case. Synopsys accepted Judge Jenkins' Order to first brief the '016 patent. Synopsys cannot "take advantage of the order of proceeding in the trial without submitting to the normally attendant burdens." *Liberty Mutual Ins. Co. v. Sweeney*, 216 F.2d 209, 211 (3rd Cir. 1954). Equities dictate that Synopsys bear the burden of proof of non-infringement. To hold otherwise would force Ricoh to invent a claim of infringement where none exists.[3]

---

[3] Ricoh acknowledges that there an exception to this rule when a compulsory counterclaim of infringement has been filed in response to a declaratory judgment claim. Had Ricoh asserted a coercive claim on infringement on the '016 patent, then it would assume the burden of proof on the issue of infringement, but this is not the case. *Vivid Techs.,*

Hon. Edward M. Chen
June 9, 2004
Page 5

      If Synopsys' interpretation is correct, and Ricoh is required to state an infringement position with respect to the '016 patent, then there are five immediate consequences: (1) The Court will have ignored the fact that Synopsys alone has placed at issue the questions of infringement and invalidity of the '016 patent, and that under the "flexible rule," it bears the burden of proof; (2) The Court will have nullified Patent Local Rule 3-5; (3) The Court will be contravening Judge Jenkins' ruling that Synopsys and not Ricoh bears the burden of proof on the '016 patent; (4) Any such order would be inconsistent with the protections against unreasonable discovery as provided by Fed. R. Civ. P. 26(b)(2); and (5) Ricoh will be forced to invent an infringement position that it does not assert based upon evidence it does not possess.

      Very truly yours,

Dated: June 9, 2004                       HOWREY SIMON ARNOLD & WHITE, LLP

                                            By:  <u>/s/ Erik K. Moller</u>
                                                Teresa M. Corbin
                                                Christopher Kelley
                                                Thomas C. Mavrakakis
                                                Erik K. Moller
                                                Attorneys for Synopsys, Inc. and
                                                    Aeroflex Incorporated, et al.

Dated: June 9, 2004                       DICKSTEIN SHAPIRO MORIN &
                                         OSHINSKY

                                            By:  <u>/s/ Kenneth W. Brothers</u>
                                                Gary M. Hoffman
                                                Kenneth W. Brothers
                                                Edward A. Meilman
                                                Attorneys for Ricoh Company, Ltd.

---

*Inc. v. American Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999), is distinguishable from the present action in that Ricoh has not asserted or attempted to assert a compulsory counterclaim of infringement against Synopsys. The hornbook rule *Vivid* cites acknowledges that it is an exception to the general rule, and all of the cases cited involve coercive counterclaims.

Gary M. Hoffman, pro hac vice
Kenneth W. Brothers, pro hac vice
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone: (202) 785-9700
Fax: (202) 887-0689

Edward A. Meilman, pro hac vice
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone: (212) 835-1400
Fax: (212) 992-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

Attorneys for the Defendant Ricoh Company, Ltd.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., | Case No. C03-02289-MJJ (EMC) |
| Plaintiff, | DECLARATORY JUDGMENT ACTION |
| vs. | RICOH'S RESPONSE TO SYNOPSYS' THIRD SET OF INTERROGATORIES (NOS. 10-12) |
| RICOH COMPANY, LTD, | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ricoh Company, Ltd., ("Ricoh") hereby responds to Plaintiff Synopsys, Inc.'s ("Synopsys") Third Set Of Interrogatories (Nos. 10-12).

These responses are based on information reasonably available to Ricoh at the present time. Ricoh reserves the right to supplement these responses when, and if, additional information becomes available. Ricoh also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Synopsys may propound involving or relating to the subject matter of these Interrogatories.

## OBJECTIONS TO DEFINITIONS / INSTRUCTIONS

1. Ricoh objects to all of the Interrogatories to the extent that they seek discovery of information or documents exceeding, or seek to impose definitions and instructions exceeding, the permissible scope of discovery under the Federal Rules of Civil Procedure ("FRCP" or the "Federal Rules"), the local civil rules of this Court and applicable case law.

2. Ricoh objects to all of the Interrogatories to the extent they require Ricoh to seek information or documents beyond that in its possession, custody, or control as such production is beyond the permissible scope of the Federal Rules and applicable law, and would further pose an undue burden on Ricoh.

3. Ricoh objects to all of the Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence thereon.

4. Ricoh objects to all of the Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Ricoh will not provide such information unless required by the Court.

5. Ricoh objects to all of the Interrogatories to the extent that they seek trade secrets and/or confidential documents or information. However, subject to the foregoing general objections, Ricoh will provide requested information to which Synopsys is entitled in accordance with a Protective Order, when entered.

6. Ricoh objects to all of the Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Ricoh does not intend to provide Synopsys, Inc. ("Synopsys" or "Plaintiff") with such protected information. Moreover, any inadvertent disclosure of such information, or any disclosure of documents underlying that information, shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity. Privileged documents that are otherwise responsive to any interrogatory will be identified on a privilege log in accordance with FRCP 26(b)(5).

7. Ricoh objects to all of the Interrogatories to the extent that they seek to impose an obligation of a continuing nature beyond that required by FRCP 26(e).

8. Ricoh objects to all of the Interrogatories to the extent that they seek to impose a premature obligation to provide information in light of Patent Local Rules, including, but not limited to, Patent Local Rule 2-5.

9. Ricoh objects to the definition of "'Ricoh,' 'Defendant,' 'you,' and 'your'" because the phrase "predecessors in interest" both is vague so as to not be clear and comprehensible and also is overly broad because the phrase purports to include independent third parties (e.g., International Chip Corporation and Knowledge Based Silicon Corporation). In responding to these requests, Ricoh limits its response to Ricoh Company, Ltd. However, Ricoh is willing to provide information relating to the International Chip Corporation and Knowledge Based Silicon Corporation if within Ricoh's possession, custody, and control. Further, with respect to Interrogatories seeking information from individual persons within Ricoh, Ricoh limits its response to current employees. Ricoh objects to all of the Requests as overly broad and unduly burdensome

1  to the extent that they seek information beyond what is available from a reasonable
2  search of Ricoh's files likely to contain relevant or responsive documents and a
3  reasonable inquiry of Ricoh's current employees.
4      10. Ricoh objects to all of the Interrogatories as unduly burdensome and not
5  reasonably calculated to lead to the discovery of admissible evidence to the extent that
6  they seek information relating to its activities outside of the United States (other than
7  seeking foreign patents and foreign publications). However, to the extent that the
8  requested information refers or relates to activities relating to the United States, foreign
9  patents, foreign publications, and subject to the other General Objections, Ricoh is willing
10 to provide the requested information.
11     11. Ricoh objects to all of the Interrogatories as overly broad and unduly burdensome
12 to the extent that they seek information beyond what is available from a reasonable
13 search of Ricoh's files likely to contain relevant or responsive documents and a
14 reasonable inquiry of Ricoh's employees.
15     12. Ricoh objects to all Interrogatories as overly broad, untimely, and outside the
16 scope of permissible discovery to the extent that they call for information related to
17 issues beyond claim construction.
18     13. In gathering relevant and responsive information, Ricoh has interpreted the
19 Interrogatories utilizing ordinary meanings of words and has expended reasonable
20 efforts to identify information that appears responsive. To the extent that the
21 Interrogatories purport to seek information other than as so interpreted, Ricoh objects on
22 the ground that the Interrogatories are vague, ambiguous and overbroad.

### RESPONSES AND SPECIFIC OBJECTIONS TO SYNOPSYS' THIRD SET OF INTERROGATORIES (10-12)

Statements made herein regarding Ricoh's intention to provide information or documents responsive to any given Interrogatory does not necessarily indicate or imply the existence of any information or documents responsive thereto. Furthermore, any

1  information provided or referred to herein is not deemed to be a waiver of Ricoh's
2  objections as to the competency, relevance, privilege or admissibility of evidence in this
3  or any subsequent proceeding or trial in this or any other action for any purpose
4  whatsoever. In addition, Ricoh reserves the right to supplement or amend its response to
5  the Interrogatories based upon information, documents, and things it receives during
6  discovery or obtains upon further investigation.
7      Discovery and trial preparation in this matter have not been completed. Ricoh is
8  continuing its investigation to obtain information responsive to the Interrogatories.
9  Therefore, all of the following responses are given without prejudice to Ricoh's right to
10 introduce documents or information discovered or deemed responsive subsequent to the
11 date of these responses.
12     Ricoh incorporates all of its Objections to Definitions / Instructions set forth above
13 and, subject to and without waiving these Objections to Definitions / Instructions, further
14 objects and responds to the numbered Interrogatories as follows:
15
16 **INTERROGATORY NO. 10:**
17     What are the functions that Synopsys' Design Compiler software is capable of
18 performing that Ricoh claims meets the elements (either literally or under the doctrine of
19 equivalents) of the '016 patent claims?
20 **RESPONSE:**
21     Ricoh incorporates by reference its Objections to Definitions / Instructions. Ricoh
22 further objects to this Interrogatory as overly broad and vague, and unduly burdensome,
23 to the extent that it seeks information regarding the interrelationship between the
24 functions of Synopsys' Design Compiler and the claim coverage of the '016 patent. Ricoh
25 objects to this Interrogatory to the extent that it calls for information not within Ricoh's
26 possession, custody, or control. Ricoh further objects to this Interrogatory as overly
27 broad and not reasonably relevant to a claim or defense of any party to the extent it seeks
28 documents and information relevant to issues that are not asserted in this litigation.

Ricoh further objects to this interrogatory as neither seeking relevant information nor reasonably calculated to lead to discovery of admissible evidence, because Ricoh has not asserted an infringement claim against Synopsys with respect to the '016 patent, nor has Ricoh asserted that Synopsys' Design Compiler software is capable of performing functions that meets all of the elements (either literally or under the doctrine of equivalents) of the claims of the '016 patent. This interrogatory seeks Ricoh's contentions with respect to a matter where Ricoh has made no contentions against Synopsys with respect to infringement of the '016 patent (nor any other patent).

**INTERROGATORY NO. 11:**

Identify any evidence that supports Ricoh's claim that Synopsys' Design Compiler software is capable of performing the Design Compiler software functions identified in response to Interrogatory No. 10.

**RESPONSE:**

Ricoh incorporates by reference its Objections to Definitions / Instructions. Ricoh further objects to this Interrogatory as overly broad and vague, and unduly burdensome, to the extent that it seeks information regarding the interrelationship between the functions of Synopsys' Design Compiler and the claim coverage of the '016 patent. Ricoh objects to this Interrogatory to the extent that it calls for information not within Ricoh's possession, custody, or control. Ricoh further objects to this Interrogatory as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents and information relevant to issues that are not asserted in this litigation.

Ricoh further objects to this interrogatory as neither seeking relevant information nor reasonably calculated to lead to discovery of admissible evidence, because Ricoh has not asserted an infringement claim against Synopsys with respect to the '016 patent, nor has Ricoh asserted that Synopsys' Design Compiler software is

capable of performing functions that meets all of the elements (either literally or under the doctrine of equivalents) of the claims of the '016 patent. This interrogatory seeks Ricoh's contentions with respect to a matter where Ricoh has made no contentions against Synopsys with respect to infringement of the '016 patent (nor any other patent).

**INTERROGATORY NO. 12:**

Identify any evidence that supports Ricoh's claim that Synopsys Design Compiler software meets the elements (either literally or under the doctrine of equivalents) of the '016 patent claims.

**RESPONSE:**

Ricoh incorporates by reference its Objections to Definitions / Instructions. Ricoh further objects to this Interrogatory as overly broad and vague, and unduly burdensome, to the extent that it seeks information regarding the interrelationship between the functions of Synopsys' Design Compiler and the claim coverage of the '016 patent. Ricoh objects to this Interrogatory to the extent that it calls for information not within Ricoh's possession, custody, or control. Ricoh further objects to this Interrogatory as overly broad and not reasonably relevant to a claim or defense of any party to the extent it seeks documents and information relevant to issues that are not asserted in this litigation.

Ricoh further objects to this interrogatory as neither seeking relevant information nor reasonably calculated to lead to discovery of admissible evidence, because Ricoh has not asserted an infringement claim against Synopsys with respect to the '016 patent, nor has Ricoh asserted that Synopsys' Design Compiler software is capable of performing functions that meets all of the elements (either literally or under the doctrine of equivalents) of the claims of the '016 patent. This interrogatory seeks Ricoh's contentions with respect to a matter where Ricoh has made no contentions against Synopsys with respect to infringement of the '016 patent (nor any other patent).

```
 1
 2
 3   Dated: March 24, 2004                    Ricoh Company, Ltd.
 4
                                              By: /s/ Ken Brothers
 5                                            Jeffrey B. Demain, State Bar No. 126715
                                              Jonathan Weissglass, State Bar No. 185008
 6                                            Altshuler, Berzon, Nussbaum, Rubin & Demain
                                              177 Post Street, Suite 300
 7                                            San Francisco, California 94108
                                              Phone: (415) 421-7151
 8                                            Fax: (415) 362-8064
 9
                                              Gary M. Hoffman
10                                            Kenneth Brothers
                                              Eric Oliver
11                                            DICKSTEIN SHAPIRO MORIN &
                                                 OSHINSKY LLP
12                                            2101 L Street NW
                                              Washington, D.C. 20037-1526
13                                            Telephone: (202) 785-9700
                                              Facsimile: (202) 887-0689
14
15                                            Edward A. Meilman
                                              DICKSTEIN SHAPIRO MORIN &
16                                               OSHINSKY LLP
                                              1177 Avenue of the Americas
17                                            New York, New York 10036
                                              Telephone: (212) 896-5471
18                                            Facsimile: (212) 997-9880
19
20                                            Attorneys for Ricoh Company, Ltd.
21
22
23
24
25
26
27
28
```

RICOH'S RESPONSE TO SYNOPSYS' THIRD SET OF INTERROGATORIES (10-12)
*Synopsys v. Ricoh* C03-02289-MJJ (EMC)

# PROOF OF SERVICE

**CASE:** *Synopsys, Inc. v. Ricoh Company, Ltd.*

**CASE NO:** U.S. District Court, N.D. Cal., No. C03-2289 MJJ

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. On March 24, 2004, I served the following document(s):

**RICOH'S RESPONSE TO SYNOPSYS' THIRD SET OF INTERROGATORIES (NOS. 10-12)**

on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

<u>By Messenger Service:</u> I caused each such envelope to be delivered to a courier employed by **WESTERN MESSENGER,** with whom we have a direct billing account, who personally delivered each such envelope to the office of the address on the date last written below.

| ADDRESSEE | PARTY |
|---|---|
| Christopher Kelley, Esq.<br>Howrey Simon Arnold & White LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105-2708 | Attorneys for Plaintiff<br>Synopsys, Inc. |

and

<u>By Facsimile:</u> I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following fax number(s):

| ADDRESSEE | PARTY |
|---|---|
| Christopher L. Kelley, Esq.<br>Erik K. Moller, Esq.<br>Teresa M. Corbin, Esq.<br>Howrey Simon Arnold & White LLP<br>301 Ravenswood Avenue<br>Menlo Park, CA 94025<br>Facsimile: 650/463-8400 | Attorneys for Plaintiff<br>Synopsys, Inc. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this March 24, 2004, at San Francisco, California.

Edward Lin

PROOF OF SERVICE
*Synopsys, Inc. v. Ricoh Co., Ltd.*, N.D. Cal. Case No. C03-02289 MJJ

**ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN**
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

# FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Christopher L. Kelley, Esq.<br>Erik K. Moller, Esq.<br>Teresa M. Corbin, Esq.<br>Howrey Simon Arnold & White LLP | **FAX #:** | 650/463-8400 |
| **DATE:** | March 24, 2004 | **PAGES:** | 10 (including cover page) |
| **FROM:** | Jonathan Weissglass, Esq. | | |
| **RE:** | *Synopsis, Inc. v. Ricoh Co., Ltd.*, N.D. Cal. Case No. C03-02289 MJJ | | |
| **MESSAGE:** | See attached. | | |

IF YOU ENCOUNTER PROBLEMS RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 421-7151.

RECEIVED TIME MAR. 24. 4:23PM