

301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

June 14, 2004

**VIA HAND DELIVERY**

Hon. Edward M. Chen
United States Magistrate Judge
450 Golden Gate Ave.
San Francisco, CA 94102

Re:  *Synopsys, Inc. v. Ricoh Company, Ltd.*
     Case No. C03-02289 MJJ (EMC)
     *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*
     Case No. C03-04669 MJJ (EMC)

Dear Magistrate Judge Chen:

    Pursuant to the Court's directives during the May 27, 2004 telephone conference, counsel for the Defendants provide this letter to update the Court on their motion to strike set to be heard Wednesday, June 16, 2004.[1]

    The Defendants have met and conferred with Ricoh's counsel in an effort to resolve the Defendants' motion to strike Ricoh's inadequate infringement contentions. During the meet and confer, Ricoh's counsel agreed to amend Ricoh's infringement contentions substantially in light of the Court's comments.

    While the parties have agreed that Ricoh's infringement contentions were inadequate and that Ricoh would amend them accordingly, and need not reargue the substance of the Defendants' motion to strike, the parties have been unable to reach an agreement on the form of the relief to which the Defendants are entitled. Because Ricoh has refused to provide its amended infringement contentions prior to the hearing this Wednesday, June 16, 2004 and refuses to stipulate to the relief set forth in the Defendants' proposed order to resolve this matter (Attachment A), the Defendants motion to strike has unfortunately not been completely resolved.

    The most significant roadblock to reaching a complete resolution on this issue has been counsel for Ricoh's continued effort to manufacture a dispute regarding the Defendants' (and Synopsys') preliminary invalidity contentions and then improperly condition Ricoh's compliance with Patent Local Rule ("Patent L.R.") 3-1 based on its unsupported accusations regarding those preliminary invalidity contentions. *See* June 9, 2004 letter from Mr. Brothers to Mr. Mavrakakis

---

[1] Because the parties' dispute regarding the Defendants' motion to strike has been substantially narrowed, the parties respectfully submit short letters separately supporting their respective positions.

attaching proposed Stipulated Order Regarding Defendants' Motion to Strike at ¶9 ("Attachment B"). In addition, continuing its refusal to comply with the letter or the spirit of the local rules, Ricoh intends to exclude from its second revised infringement contentions any information it has learned in the past five months, rather than give a detailed disclosure of all the information presently in its possession. *See id.* at ¶ 7. After waiting all of these months for a meaningful disclosure on the part of Ricoh, Defendants should not be subject to these hide the ball tactics, which can only serve to frustrate the claims construction process that has already begun.

### Defendants' Motion To Strike

As shown in the Defendants' motion to strike, Ricoh's March 12, 2004 revised infringement contentions for claims 13-17 of the '432 patent were deficient for a number of reasons under Patent L.R. 3-1. Ricoh adamantly refused to provide any supplementation or amendment to them. The Defendants were left with no choice but to file the instant motion to strike those contentions. This left the Defendants with the Hobson's Choice of choosing between: the prejudice of having to serve their responsive preliminary invalidity contentions within 45 days (by April 26, 2004) of Ricoh's inadequate infringement contentions and the prejudice from the certain delay of the Patent Local Rule schedule if they waited until they received compliant infringement contentions from Ricoh first. The Defendants decided to serve their preliminary invalidity contentions on April 26, 2004, despite Ricoh's inadequate infringement contentions. The Defendants filed the instant motion to force Ricoh to comply with Patent L.R. 3-1 and limit any further prejudice to them in providing their subsequent Patent Local Rule disclosures.

### The Meet And Confer Ordered By The Court

This Court ordered the parties to meet and confer on the Defendants motion to strike Ricoh's infringement contentions. Ricoh initially paid lip service to the Court's comments regarding its inadequate preliminary infringement contentions and agreed to amend its contentions. However, instead of attempting to resolve the Defendants' motion to strike, Ricoh has improperly sought to manufacture a dispute regarding the Defendants' preliminary invalidity contentions and condition the resolution of the motion to strike on Ricoh's unfounded claims regarding those preliminary invalidity contentions. Ricoh is obviously attempting to manufacture a dispute to deflect the Court's focus from the issues for this Tuesday's hearing: Ricoh's failure to comply with the Patent L. R. 3-1 and its baseless refusals to respond to Synopsys' Interrogatory Nos. 1-3 and 10-12.

Although Ricoh's counsel originally stated that Ricoh could provide its agreed-to second-revised infringement contentions last week, Ricoh now refuses to provide these amended infringement contentions until June 17, 2004, by no coincidence the day after the hearing on the Defendants' motion to strike. Ricoh also refuses to stipulate to the order set forth in Attachment

Hon. Edward M. Chen
June 14, 2004
Page 3

A², which would resolve the Defendants' motion. Ricoh's actions raise serious concerns about whether it intends to abide by its oral agreement to provide the Defendants with their requested relief. For these reasons, the Defendants' ask that the Court enter the order set forth in Attachment A to this letter.

### The Preliminary Invalidity Contentions

Despite Ricoh's failure to provide adequate infringement contentions, the Defendants' (and Synopsys') preliminary invalidity contentions comply with the applicable Patent Local Rules. Ricoh has not filed and has no basis for filing a motion on these preliminary invalidity contentions. There is, therefore, no basis for Ricoh's request for relief on them and consequently, Ricoh has no right to condition its agreement to the stipulation resolving Defendants motion to strike Ricoh's infringement contentions on its unsupported claims relating to the preliminary invalidity contentions.

As part of Ricoh's effort to conjure up a discovery dispute, Ricoh's counsel demanded that the Defendants meet and confer regarding the preliminary invalidity contentions at the same time the parties attempted to resolve the instant motion to strike Ricoh's infringement contentions. Ricoh demanded that the invalidity contentions have the same level of detail as the second revised infringement contentions that it now promises to serve on the Defendants the day after the scheduled hearing on June 16, 2004. Although the Defendants (and Synopsys) maintain that the preliminary invalidity contentions, as is, comply with the local rules, they agreed to look at the level of detail in Ricoh's infringement contentions, which Ricoh has delayed providing for more than (3) three months now (since March 5, 2004), and provide a supplementation or amendment where necessary within 30 days. This is 15 days earlier than the 45 days provided by the patent Local Rules. This is more than reasonable given that they have no idea what level of detail Ricoh will <u>actually</u> provide in its second-revised infringement contentions (after all of these months) or when they will actually receive those contentions from Ricoh.

---

² This Attachment has been changed to a proposed order from its original form as a stipulated order. Paragraph 8 was also added to make explicit that Ricoh's infringement contentions may not exclude anything it has learned in the past few months.

DM_US\8029396.v2



On the one hand, the Defendants proposed order is reasonable and merely sets forth the requirements of the Patent Local Rules, which Ricoh should have complied with three months ago. On the other hand, Ricoh's proposal improperly seeks to arbitrarily limit its infringement contentions to, for example, what it knew as of January 2004, and also conditions its compliance based on its unsupported claims that the Defendants' (and Synopsys') preliminary invalidity contentions are inadequate. Because there is no basis for the relief requested in Ricoh's proposal or the limitations it places on its compliance with the Patent Local Rules, Ricoh's proposal should be rejected. The Court should, therefore, enter an order consistent with the Defendants proposal as set forth in Attachment A to this letter.

Very truly yours,

Dated: June 14, 2004

HOWREY SIMON ARNOLD & WHITE, LLP


By: /s/ Erik K. Moller
Teresa M. Corbin
Christopher Kelley
Thomas C. Mavrakakis
Erik K. Moller
Attorneys for Synopsys, Inc. and
Aeroflex Incorporated, et al.

DM_US\8029396.v2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD, <br><br> Plaintiff, <br> vs. <br> AEROFLEX ET AL, <br><br> Defendants | Case No. C03-04669 MJJ (EMC) <br><br> **[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES** |

Based on Plaintiff, Ricoh Company, Ltd. ("Ricoh") and Defendants Aeroflex, Inc., AMI Semiconductor Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively "Defendants"), motion to strike Ricoh's infringement contentions and the papers submitted by the respective parties in support of and in opposition to that motion and Ricoh's agreement to supplement and amend its infringement contentions in view of the Court's comments of May 27, 2004 to address all of the issues raised in the Defendants' motion including those in Attachments 1-3, the Court ORDERS, as follows:

1. Ricoh SHALL serve, via mail and facsimile, on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(a) for each Defendant.

2. Ricoh SHALL serve, via mail and facsimile, on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(a) for each Defendant and that, based on the information available to Ricoh, unambiguously sets forth the claims asserted by Ricoh against each such Defendant in this action.

3. Ricoh SHALL serve, via mail and facsimile, on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that, based on the information available to Ricoh, provides a separate disclosure under Patent L.R. 3-1(b) for each Defendant and that unambiguously sets forth separately for each of the claims asserted by Ricoh against each such Defendant in this action (identified pursuant to Patent L.R. 3-1(a) and ¶2) each and every software product or combination of software products and/or other acts ("Accused Instrumentalities"), which, when used and/or performed by each Defendant Ricoh claims allegedly practices the claimed method of that claim.

4. Ricoh SHALL serve, via mail and facsimile, on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(c) for each Defendant and that unambiguously sets forth a separate chart pursuant to Patent L.R. 3-1(c) for each of the Accused Instrumentalities identified pursuant to Patent L.R. 3-1(b) as required above in ¶3.

5. Ricoh SHALL serve, via mail and facsimile, on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that, based on the information available to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) as required above in ¶ 4 a description mapping and linking each Accused Instrumentality to the claim language in each of the elements for each of the asserted claims.  Such mapping and linking of the claim language to each Accused Instrumentality SHALL NOT include open ended and illustrative language and SHALL be at the level of detail required by the applicable law and consistent with Magistrate Judge Chen's comments at the May 27, 2004 phone conference/hearing.

6. Ricoh SHALL serve, via mail and facsimile, on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that, based on the information available to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) as required above in ¶ 4 a description that addresses each and every issue raised by the Defendants in Attachments 1-3 to their motion to strike.

7. Ricoh SHALL serve, via mail and facsimile, on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that is signed by its counsel of record pursuant to Patent L.R. 2-3.

8. Ricoh's amended Patent L.R. 3-1 disclosures SHALL be based on all of the information available to Ricoh as of the date such disclosures are signed by counsel for Ricoh pursuant to Patent L.R. 2-3, i.e., June 17, 2004.

IT IS SO ORDERED:

Dated: _____                              _____
                                                            HON. EDWARD M. CHEN

Submitted June 14, 2004 by:
HOWREY SIMON ARNOLD & WHITE, LLP


By:        /s/ Erik K. Moller
        Teresa M. Corbin
        Christopher Kelley
        Thomas C. Mavrakakis
        Erik K. Moller
        301 Ravenswood Avenue
        Menlo Park, CA  94025
        Telephone:  (650) 463-8100
        Facsimile:  (650) 463-8400
        Attorneys for Defendants, Aeroflex, Inc., et al.

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

June 9, 2004

BY FACSIMILE AND U.S. MAIL
(650) 463-8400

Thomas C. Mavrakakis, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025

Re:  *Synopsys, Inc. v. Ricoh Company, Ltd.*
*Ricoh Company, Ltd v. Aeroflex Inc., et al.*
Our Ref.: R2180.0171

Dear Tom:

Your letter of this afternoon complains that I have not responded to your proposed stipulated order, but fails to acknowledge that earlier this week we discussed your proposed draft, and at that time, I informed you that I was awaiting Chris Kelley's promised letter memorializing our meet and confer with respect to amending the preliminary invalidity contentions to ensure that the parties' undertakings would be parallel. Chris' delay in providing this promised letter raised serious concerns with Ricoh that any amendment or supplementation that Synopsys and the ASIC defendants intend to provide will remain inadequate under the Patent Local Rules. For these reasons, if we are unable to reach agreement on this matter by Friday, June 11, 2004, we will seek such relief from Magistrate Judge Chen at the June 16th hearing.

Enclosed is a revised draft of a stipulated order that should address the concerns of all parties.

Sincerely,

Kenneth Brothers

Enclosure

cc:  Gary Hoffman, Esq.
     Edward A. Meilman, Esq.
     Jeffrey Demain, Esq.

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com

1780438 v1; 12SSM01!.DOC

1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689
5
   Edward A. Meilman (*Pro Hac Vice*)
6  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
7  1177 Avenue of the Americas
   New York, New York  10036-2714
8  Phone (212) 835-1400
   Fax (212) 997-9880
9
   Jeffrey B. Demain, (SBN 126715)
10 Jonathan Weissglass, (SBN 185008)
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 177 Post Street, Suite 300
   San Francisco, California  94108
12 Phone  (415) 421-7151
   Fax (415) 362-8064
13
   Attorneys for Ricoh Company, Ltd.
14
   Teresa M. Corbin (SBN 132360)
15 Christopher Kelley (SBN 166608)
   Thomas C. Mavrakakis (SBN 177927)
16 HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
17 Menlo Park, California  94025
   Telephone:  (650) 463-8100
18 Facsimile:  (650) 463-8400

19 Attorneys for Defendants, Aeroflex, Inc, *et al.*

20                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
21                        SAN FRANCISCO DIVISION

22 ─────────────────────────────
   RICOH COMPANY, LTD,         )  Case No. C03-04669 MJJ (EMC)
23                             )
                               )  **STIPULATED ORDER REGARDING**
24         Plaintiff,          )  **DEFENDANTS' MOTION TO STRIKE**
       vs.                     )  **RICOH'S PATENT L.R. 3-1**
25                             )  **DISCLOSURES**
   AEROFLEX ET AL,             )
26                             )
         Defendants            )
27 ─────────────────────────────

28

HOWREY
SIMON
ARNOLD &
WHITE

STIPULATED ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES
RECEIVED TIME  JUN. 9.  1:39PM

Plaintiff, Ricoh Company, Ltd. ("Ricoh") and Defendants Aeroflex, Inc., AMI Semiconductor Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively "Defendants"), through their respective counsel, stipulate and agree to the following ORDER:

1. Ricoh SHALL serve on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(a) for each Defendant and that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth the claims asserted by Ricoh against each such Defendant in this action.

2. Ricoh SHALL serve on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(b) for each Defendant and that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth separately for each of the claims asserted by Ricoh against each such Defendant in this action (identified pursuant to Patent L.R. 3-1(a) and ¶1) each and every Accused Instrumentality, which, when used and/or performed by each Defendant allegedly practices the claimed method of that claim.

3. Ricoh SHALL serve on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(c) for each Defendant and that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth a separate chart pursuant to Patent L.R. 3-1(c) for each of the Accused Instrumentalities identified pursuant to Patent L.R. 3-1(b) and ¶ 2.

4. Ricoh SHALL serve on the Defendants, on or before June 17, 2004, an amended Patent L.R. 3-1 disclosure that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) and ¶ 3 a description mapping and linking each Accused Instrumentality to the claim language in each of the elements for each of the asserted claims. To the extent reasonably possible based upon information currently available to Ricoh, such mapping and linking of the claim language to each Accused Instrumentality SHALL NOT include open ended language and SHALL be at the level of detail required by the

HOWREY
SIMON
ARNOLD &
WHITE

1 applicable law and consistent with Magistrate Judge Chen's comments at the May 27, 2004 phone
2 conference.
3     5.    Ricoh SHALL serve on the Defendants, on or before June 17, 2004, an amended Patent
4 L.R. 3-1 disclosure that to the extent reasonably possible based upon information currently available
5 to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) and ¶ 3 a description
6 that addresses each and every issue raised by the Defendants in Attachments 1-3, which are a copy of
7 the Attachments 1-3 that were attached to the Defendants' motion to strike, to the extent those issues
8 are consistent with the applicable law and the comments of Magistrate Judge Chen at the May 27,
9 2004 phone conference.
10     6.    Ricoh SHALL serve on the Defendants, on or before June 17, 2004, an amended Patent
11 L.R. 3-1 disclosure that is signed by its counsel of record pursuant to Patent L.R. 2-3.
12     7.    The parties agree that, in supplementing its amended Patent L.R. 3-1 disclosure, Ricoh
13 need not include information based upon documents or source code produced or made available to
14 Ricoh after January 31, 2004, and that by serving this amended Patent L.R. 3-1 disclosure on June __,
15 2004, Ricoh is not precluded from later supplementing its Patent L.R. 3-1 disclosure as permitted by
16 Patent L.R. 3-6 or 3-7.
17     8.    Upon execution of this stipulated order by counsel for the parties, Defendants hereby
18 withdraw their pending motion to strike.
19     9.    The Defendants and Synopsys SHALL serve upon Ricoh, on or before July 1, 2004, an
20 amended Patent L.R. 3-3 disclosure that meets the same standards as set forth in paragraphs 1-7.
21     10.    The Defendants and Synopsys SHALL produce to Ricoh, on or before July 1, 2004, all
22 materials required by Patent L.R. 3-4 and not previously produced.
23 AGREED TO BY THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL OF RECORD:
24
25
26
27
28

HOWREY
SIMON
ARNOLD &
WHITE

STIPULATED ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES   3

1  Dated: June ___, 2004                    DICKSTEIN SHAPIRO MORIN & OSHINSKY
2
3                                            By: _____
4                                                Gary M. Hoffman
                                                 Kenneth W. Brothers
5                                                Edward A. Meilman
6                                            Attorneys for Ricoh Company, Ltd.
7
8  Dated: June ___, 2004                    HOWREY SIMON ARNOLD & WHITE, LLP
9
10                                           By: _____
11                                               Teresa M. Corbin
                                                 Christopher Kelley
12                                               Thomas C. Mavrakakis
                                                 Erik K. Moller
13
                                             Attorneys for Defendants
14        IT IS SO ORDERED:
15
16  Dated: _____            _____
17                                           HON. EDWARD M. CHEN
18
19
20
21
22
23
24
25
26
27
28

HOWREY
SIMON
ARNOLD &
WHITE

STIPULATED ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES    4

RECEIVED TIME    JUN. 9.    1:39PM

# FAX TRANSMISSION

**DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP**

**DATE:** June 9, 2004

**CLIENT NO.:** R2180.0171

**MESSAGE TO:** Thomas C. Mavrakakis

**COMPANY:** Howrey Simon Arnold & White LLP

**FAX NUMBER:** (650) 463-8400

**PHONE:** (650) 463-8100

**FROM:** Kenneth W. Brothers

**PHONE:** (202) 429-2184

**PAGES (Including Cover Sheet):** 6    **HARD COPY TO FOLLOW:** X YES ___ NO

| SENT BY: | | DATE/TIME: | |

**MESSAGE:**

If your receipt of this transmission is in error, please notify this firm immediately by collect call to our Facsimile Department at 202-861-9106, and send the original transmission to us by return mail at the address below.

This transmission is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated

1744453 v1; 11#11011.DOC

RECEIVED TIME  JUN. 9.  1:39PM