D I C K S T E I N  S H A P I R O  M O R I N  & O S H I N S K Y  L L P

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689

Writer's Direct Dial: (202) 429-2184
E-Mail Address: BorthersK@dsmo.com

June 14, 2004

Magistrate Judge Edward M. Chen
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   Ricoh Co., Ltd. v. Aeroflex, et al. – No. C-03-4669 MJJ (EMC)
      Synopsys, Inc., v. Ricoh Co., Ltd. – No. C03-2289 MJJ (EMC)

Dear Magistrate Judge Chen:

      We represent Ricoh in the above-captioned actions.  We submit this letter to summarize Ricoh's views of the status of the parties' pending motions and other discovery disputes.  Because of the parties' differences and the limited amount of time, the parties have agreed to submit individual letters instead of a joint letter.

      As a result of the telephone conference with the Court on May 27, 2004, the parties have reached an agreement in principle with respect to Synopsys and the ASIC Defendants' motion to strike Ricoh's preliminary infringement charts.  Ricoh has agreed to amend its charts consistent with the Court's guidance.  The parties have agreed that the merits of the motion to strike need not be argued on Wednesday.  Unfortunately, due to what Ricoh believes to be overreaching by the other side, the parties have been unable to reach agreement on the form of an Order documenting their agreement.  Attached as Exhibit A is Ricoh's proposed Order.  There are three principal disputes that remain:

      **1. What is the scope of Ricoh's obligation to amend its preliminary infringement contentions to include recently produced information?**  As reflected in its proposed Order, Ricoh has agreed to supplement its infringement contentions "to the extent reasonably possible based upon information currently available to Ricoh."  The reason for this additional language is that Ricoh would like to make clear that its ability to supplement is reasonably limited to what it knows.  Synopsys and the defendants in the *Aeroflex* case (the ASIC Defendants) refuse to agree to this reasonable limitation.  It should be clear that Ricoh's right to later supplement its disclosures should not be limited by the fact that Synopsys and the ASIC Defendants have not completed their production of documents and source code, and the incomplete discovery produced to date cannot be fully analyzed until all of those materials have been produced.  Accordingly, Ricoh's proposed Order contains the following paragraph:

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com

Magistrate Judge Edward M. Chen
June 14, 2004
Page 2

> In supplementing its amended Patent L.R. 3-1 disclosure, Ricoh need not include information based upon documents or source code produced or made available to Ricoh after January 31, 2004, and that by serving this amended Patent L.R. 3-1 disclosure on the Ricoh Due Date, Ricoh is not precluded from later supplementing its Patent L.R. 3-1 disclosure as permitted by Patent L.R. 3-6 or 3-7.

Synopsys and the ASIC Defendants have refused to agree. Ricoh believes that it is inappropriate to preclude it from later supplementing its disclosures as permitted by the Rules based upon more fulsome discovery.

**2. When is Ricoh's supplementation due?** Ricoh has been preparing its supplemental charts based upon the understanding that it need not attempt to complete its analysis of recently produced documents and source code by Synopsys and the ASIC Defendants. (Indeed, one of Ricoh's experts has been precluded from reviewing any of the source code while Synopsys considers whether or not to object.) Based upon this understanding, Ricoh intends to serve its supplemental infringement contentions by the end of this week, but has left the date blank in its proposed Order. If, however, Ricoh is obligated to complete its analysis of every item produced in the case, preparing its supplementation will take significantly longer. This issue implicates the related issue of why Synopsys and the ASIC defendants have failed to comply with Patent L.R. 3-4 and timely produce all of the source code, related documentation, and prior art that the parties have placed at issue.

**3. Defendants' obligation to supplement their invalidity contentions.** During the May 27 telephone conference, Ricoh's counsel raised the obligation of Synopsys and the ASIC Defendants to amend their invalidity contentions, since Ricoh has long complained that the invalidity contentions were even more lacking than Ricoh's infringement contentions. During a meet and confer on June 3, counsel for Synopsys and the ASIC Defendants agreed to supplement as follows:

- Map the invalidity contentions, which currently consist of a collection of quotes and passages, to the elements of the claims-at-issue, consistent with the same level of detail that Ricoh has agreed to provide in its supplemental infringement contentions.

- Supplement the § 112 allegations with the same level of detail that Ricoh has agreed to provide in its supplemental infringement contentions.

- Supplement with greater detail the allegations of the lack of enablement.

- Provide better detail with respect to the application of specific claim terms, such as "architecture independent," to the prior art and provide all relevant information in Synopsys and the ASIC Defendants' possession relating to the application of such terms to the prior art.

- Review and revise the allegations regarding the patent lacking essential limitations/elements.

Magistrate Judge Edward M. Chen
June 14, 2004
Page 3

- Supplement the assertions regarding alleged prior art systems, including identifying all relevant information regarding the proposed combination of systems.

- Supplement the charts regarding the § 103 defenses to clearly and separately state each § 103 assertion (including the suggestion and motivation to combine), and appropriately differentiate between § 102(b) and (g) claims, as required by the Patent Local Rules.

Accordingly, Ricoh's proposed Order contains the following provisions:

> On or before two weeks after the Ricoh Due Date, the Defendants and Synopsys SHALL serve upon Ricoh an amended Patent L.R. 3-3 disclosure that meets the same standards as set forth in paragraphs 1-7, and all materials required by Patent L.R. 3-4 and not previously produced.

The parties are to file their opening briefs on claim construction on July 13. Ricoh believes that Synopsys and the ASIC Defendants should submit their amended invalidity contentions at least ten days before that deadline to ensure that the parties can adequately brief the issues for Judge Jenkins. Although Synopsys and the ASIC Defendants have argued that they cannot know the extent of this required supplementation until they receive Ricoh's supplemental preliminary infringement contentions, virtually all of the defects were identified in April, and are readily and immediately curable.

Despite the agreement during the meet and confer on these points, Synopsys and the ASIC Defendants have now not only refused to include this obligation in the proposed Order, but they now refuse to commit to supplement their invalidity contentions at all, instead vaguely stating that they may review their charts and may supplement at an undetermined date only if they deem it appropriate. Although the Court warned that "what is good for the goose is good for the gander," and that the Court would not look kindly upon any efforts to develop a double standard, this is exactly what is happening. Ricoh submits that the obligations upon the parties should be parallel.

Sincerely,

Kenneth W. Brothers

Attachment

cc: Teresa M. Corbin, Esq.
    Thomas C. Mavrakakis, Esq.
    Jeffrey B. Demain, Esq.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

RICOH COMPANY, LTD,

    Plaintiff,

vs.

AEROFLEX ET AL,

    Defendants

Case No. C03-04669 MJJ (EMC)

**[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES**

    1.    Plaintiff Ricoh Company, Ltd. ("Ricoh") SHALL serve on the Defendants Aeroflex, Inc., AMI Semiconductor Inc., Matrox Electronic Systems, Ltd., Matrox Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively "Defendants"), on or before June __, 2004 (the "Ricoh Due Date"), an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(a) for each Defendant and that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth the claims asserted by Ricoh against each such Defendant in this action.

    2.    Ricoh SHALL serve on the Defendants, on or before the Ricoh Due Date an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(b) for each Defendant and that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth separately for each of the claims asserted by Ricoh against each such Defendant in this action (identified pursuant to Patent L.R. 3-1(a) and ¶1) each and every Accused Instrumentality, which, when used and/or performed by each Defendant allegedly practices the claimed method of that claim.

    3.    Ricoh SHALL serve on the Defendants, on or before the Ricoh Due Date an amended Patent L.R. 3-1 disclosure that provides a separate disclosure under Patent L.R. 3-1(c) for each Defendant and that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth a separate chart pursuant to Patent L.R. 3-1(c) for each of the Accused Instrumentalities identified pursuant to Patent L.R. 3-1(b) and ¶ 2.

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

Case No. C03-04669 MJJ (EMC)
[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES

4. Ricoh SHALL serve on the Defendants, on or before the Ricoh Due Date an amended Patent L.R. 3-1 disclosure that, to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) and ¶ 3 a description mapping and linking each Accused Instrumentality to the claim language in each of the elements for each of the asserted claims. To the extent reasonably possible based upon information currently available to Ricoh, such mapping and linking of the claim language to each Accused Instrumentality SHALL NOT include open ended language and SHALL be at the level of detail required by the applicable law and consistent with Magistrate Judge Chen's comments at the May 27, 2004 phone conference.

5. Ricoh SHALL serve on the Defendants, on or before the Ricoh Due Date an amended Patent L.R. 3-1 disclosure that to the extent reasonably possible based upon information currently available to Ricoh, unambiguously sets forth for each chart pursuant to Patent L.R. 3-1(c) and ¶ 3 a description that addresses each and every issue raised by the Defendants in Attachments 1-3, which are a copy of the Attachments 1-3 that were attached to the Defendants' motion to strike, to the extent those issues are consistent with the applicable law and the comments of Magistrate Judge Chen at the May 27, 2004 phone conference.

6. Ricoh SHALL serve on the Defendants, on or before the Ricoh Due Date an amended Patent L.R. 3-1 disclosure that is signed by its counsel of record pursuant to Patent L.R. 2-3.

7. In supplementing its amended Patent L.R. 3-1 disclosure, Ricoh need not include information based upon documents or source code produced or made available to Ricoh after January 31, 2004, and that by serving this amended Patent L.R. 3-1 disclosure on the Ricoh Due Date, Ricoh is not precluded from later supplementing its Patent L.R. 3-1 disclosure as permitted by Patent L.R. 3-6 or 3-7.

8. Defendants' motion to strike is denied as moot.

9. On or before two weeks after the Ricoh Due Date, the Defendants and Synopsys SHALL serve upon Ricoh an amended Patent L.R. 3-3 disclosure that meets the same standards as set forth in paragraphs 1-7, and all materials required by Patent L.R. 3-4 and not previously produced.

DICKSTEIN
SHAPIRO
MORIN &
OSHINSKY
LLP

Case No. C03-04669 MJJ (EMC)
[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES

2

IT IS SO ORDERED:

Dated: _____                    _____
                                                   HON. EDWARD M. CHEN

DICKSTEIN
SHAPIRO
MORIN &
OSHINSKY
LLP

Case No. C03-04669 MJJ (EMC)
[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO STRIKE RICOH'S PATENT L.R. 3-1 DISCLOSURES

3