UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-03-2289 MJJ (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING SYNOPSYS'S MOTIONS TO COMPEL RESPONSES TO INTERROGATORIES** |
| RICOH CO., LTD., | **(Docket Nos. 103, 132)** |
| Defendant. | |

At issue before the Court is whether Ricoh should be compelled to respond to Synopsys's Interrogatories Nos. 1-3, which relate to infringement of the '432 patent, and Nos. 10-12, which relate to infringement of the '016 patent. At the June 16, 2004, hearing on these motions to compel, Synopsys agreed to limit Interrogatories Nos. 1-3 to claims 1-12 and 18-20 of the '432 patent, which are at issue only in Synopsys's declaratory action against Ricoh. Having considered the parties' briefs and accompanying submissions, the parties' letters, and the oral argument of counsel, the Court hereby rules as follows.

Synopsys's motions to compel responses to Interrogatories Nos. 1-3 and Nos. 10-12 are GRANTED. Unless and until Judge Jenkins rules otherwise, claims 1-12 and 18-20 of the '432 patent and all of the claims for the '016 patent are at issue. The Court concludes these claims are currently at issue, at least for purposes of preparation for claims construction hearing, even though there may be some doubt as to whether a case or controversy exists. There are several reasons. First, Judge Jenkins did not dismiss these claims. He denied the motion to dismiss in its entirety. Second, there is at least some possibility that the "reasonable apprehension" test could be satisfied because

Ricoh's "threat" contained in letters sent to Synopsys's customers cited patents '432 and '016 without limitation as to specific claims. Third, Ricoh has thus far refused to extend a covenant not to sue to all of Synopsys's customers on these claims (including customers not named in the suits herein, some of whom received the Ricoh "threatening" letters).

Because these claims are currently at issue, at least for discovery purposes, Synopsys needs some information about them in order to assess, along with Ricoh, which claim terms need to be construed by Judge Jenkins.[1] At this juncture, unless and until the parties reach an agreement to take these claims out of the litigation, this Court must assume that they will be subject to claims construction, and hence the work in preparation therefor cannot be delayed lest the entire case schedule be disrupted.

As discussed at the June 16 hearing, preliminary infringement contentions are not likely to be the best mechanism for Synopsys to obtain information about the above claims. Consequently, the Court orders Ricoh to provide responses to Synopsys's Interrogatories Nos. 1-3 and 10-12, with the following limitations in light of comments and objections posed by Ricoh. First, Interrogatories Nos. 1-3 are limited to claims 1-12 and 18-20 of the '432 patent. Second, Ricoh's responses to Interrogatories Nos. 1-3 and 10-12 are limited to use of the relevant Synopsys products by the seven Synopsys customers who are defendants in Case No. C-03-4669. The use of the products by these defendants should at least provide a sampling of Ricoh's contentions relative to these claims for Synopsys.

Finally, the Court cautions Ricoh that it expects *substantive* responses to Interrogatories Nos. 1-3 and 10-12. Ricoh cannot answer the interrogatories with the pat response that it currently is not asserting and will not assert infringement by Synopsys or the named defendants in Case No. C-03-4669 with respect to the above claims. Nor can Ricoh answer the interrogatories by simply stating that it has not yet construed the above claims and therefore has no basis for asserting infringement of the claims.

---

[1] As noted previously by this Court, Judge Jenkins has limited discovery to that related to claim construction.

Ricoh shall provide responses to the interrogatories by no later than July 6, 2004 (*i.e.*, one week before the joint claim construction and prehearing statement is due). Obviously, should the parties reach an agreement which removes these claims from the litigation at bar (as this Court and Judge Jenkins have urged), the issues will be moot and the motion herein denied.

IT IS SO ORDERED.

Dated: June 18, 2004

                                            /s/
EDWARD M. CHEN
United States Magistrate Judge