UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-03-2289 MJJ (EMC) |
| Plaintiff, | No. C-03-4669 MJJ (EMC) |
| v. | **ORDER RE PRELIMINARY INVALIDITY CONTENTIONS** |
| RICOH CO., LTD., | |
| Defendant. | |
| _____/ | |
| RICOH CO., LTD., | |
| Plaintiff, | |
| v. | |
| AEROFLEX, et al., | |
| Defendants. | |
| _____/ | |

On June 23, 2004, the parties submitted a joint letter regarding a dispute about Synopsys and the ASIC Defendants' preliminary invalidity contentions. Having considered the letter and the accompanying submissions, the Court hereby rules as follows.

1.  Inasmuch as the parties have reached agreement on the matters addressed in paragraphs 1-6 of Ricoh's proposed order, the parties shall provide a stipulation and proposed order to the Court stating the terms of the agreement. The issue is not moot. An order is appropriate. If the parties do not provide a stipulation and order within five (5) days of this order, the Court will enter its own order.

2.  Synopsys and the ASIC Defendants shall supplement their preliminary invalidity contentions to identify each combination that renders the invention(s) in the patents at issue obvious and the specific

1  motivation(s) for each combination.  Synopsys and the ASIC Defendants have identified five different
2  "types" of combinations, which may be found at Exhibit B at 15-22 and Exhibit C at 10-14 of the parties'
3  joint letter.  If Synopsys and the ASIC Defendants claim that, for each combination type, each and every
4  prior art system in one list (systems missing the particular claim element at issue) may be combined with
5  each and every prior art system in the second list (systems including the particular claim element at issue),
6  then they should state so clearly and unequivocally.  *See* Joint letter of 6/23/04, at 6 ("The Contentions . . .
7  identify that each of the systems missing the particular element at issue might be combined with teachings of
8  any one of the systems that includes that element.").  Otherwise Synopsis and the ASIC Defendants shall
9  identify each such combination specifically and the motivation therefor.

10     3.  The alternative invalidity theories offered by Synopsys and the ASIC Defendants shall not be
11  stricken.  Ricoh is not prejudiced by the alternative theories.

12     4.  Synopsys and the ASIC Defendants' preliminary invalidity contentions regarding
13  indefiniteness, enablement, and written description comply with the Patent Local Rules and are sufficient for
14  purposes of preparing the parties and/or Judge Jenkins for claim construction.

15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**United States District Court**
For the Northern District of California

5.  Ricoh claims that Synopsys and the ASIC Defendants have failed to provide adequate responses to Ricoh's interrogatories seeking each and every reason that supports Synopsys and the ASIC Defendants' allegations that none of the Synopsys Design Compiler products infringes the '432 or '016 patent.  This issue is not properly before the Court.  The Court permitted the parties to file a joint letter about Synopsys and the ASIC Defendants' preliminary invalidity contentions, nothing else.  Furthermore, the interrogatories are premature in light of the stay that Judge Jenkins has put on all discovery except for that related to claim construction.

IT IS SO ORDERED.

Dated: June 29, 2004

/s/
EDWARD M. CHEN
United States Magistrate Judge