UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br>     Plaintiff, <br>     v. <br> RICOH CO., LTD., <br>     Defendant. <br>_____/ <br> RICOH CO., LTD., <br>     Plaintiff, <br>     v. <br> AEROFLEX, et al., <br>     Defendants. <br>_____/ | No. C-03-2289 MJJ (EMC) <br> No. C-03-4669 MJJ (EMC) <br><br> **ORDER RE STATUS REPORT RE POSSIBLE DEPOSITION OF DR. THOMAS** |

Previously, the Court issued an order discussing whether or not Synopsys and the ASIC Defendants (collectively "Defendants") could take the deposition of Dr. Thomas. The Court stated that the burden was on Defendants to demonstrate their entitlement to take the deposition -- more specifically, to show that Dr. Thomas has unique or superior knowledge, thus warranting a deposition.

The Court ordered Defendants to identify for Ricoh

> the subject matters on which they would like to depose Dr. Thomas and on which they will have to demonstrate his unique or superior knowledge, *as well as any information they wish to present as to why these subjects may not be in the possession of other witnesses*. The parties shall then meet and confer and attempt to negotiate a mechanism [to] facilitate the Court's determination whether Dr. Thomas [has] such unique or superior knowledge.

Order of 5/3/04, at 2 (emphasis added).

On June 11, 2004, Defendants provided to Ricoh a list of questions about which they would like to depose Dr. Thomas. Defendants suggest that, because the questions constitute "orthodox discovery," Ricoh should have the burden of identifying which questions cause concern (*i.e.*, may reveal privileged information), and then an investigation can be conducted as to whether Dr. Thomas has unique or superior knowledge with respect to those areas of inquiry. As to how that investigation should be carried out, Defendants suggest that their experts who worked with Dr. Thomas (*i.e.*, Dr. Parker and Dr. Kowalski) can be asked questions during their depositions "aimed at determining whether they are able to provide all of the information that Dr. Thomas may have on the subjected raised in the proposed questions." Letter from C. Kelly to Court of 6/30/04, at 3. According to Defendants, this procedure would be better than having an independent investigator perform a sealed investigation. *See id.* at 2 (stating that latter procedure is "unnecessarily complicated").

Ricoh asserts that the Court should decide whether or not Dr. Thomas has unique of superior knowledge based solely on Defendants' June 11, 2004, letter -- which says nothing about whether Dr. Thomas has such knowledge and consists only of a list of questions about which Defendants would like to ask Dr. Thomas. Ricoh notes that, in the Court's previous order, Defendants were instructed to present information as to why the subjects covered in the questions may not be in the possession of other witnesses, but Defendants failed to do so. Defendants even failed to provide any declarations from Dr. Parker and Dr. Kowalski about where Dr. Thomas had unique or superior knowledge.

The Court agrees with Ricoh. In its previous order, the Court specifically instructed Defendants to provide Ricoh with "information . . . as to why these subjects may not be in the possession of other witnesses." Order of 5/3/04, at 2. Defendants have failed to comply with this procedure and are asking the Court to put the burden on Ricoh to specify which questions cause concern and only then would the parties pursue an investigation (for these questions only) as to whether Dr. Thomas has unique or superior knowledge. Moreover, Defendants' suggestion that an investigation into Dr. Thomas's knowledge can be conducted at the depositions of Dr. Parker and Dr. Kowalski only delays things. Defendants could have provided declarations from these scientists explaining where Dr. Thomas has unique or superior knowledge,

2

but they chose not to do so.  Nor did Defendants seek modification of the Court's previous order directing them to provide the required information as a predicate for further investigation.

Because the Court gave Defendants a full and fair opportunity to demonstrate if and on what matters Dr. Thomas has unique or superior knowledge, but Defendants failed to do so, the Court hereby DENIES Defendants' request to depose Dr. Thomas.

This order disposes of Docket No. 60 for Case No. C-03-2289 and Docket No. 68 for Case No. C-03-4669.

IT IS SO ORDERED.

Dated: July 7, 2004

_____/s/_____
EDWARD M. CHEN
United States Magistrate Judge