July 9, 2004

<u>Via Fax to 415-522-3605 and E-File</u>

The Honorable Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA  94102

*Synopsys, Inc., v. Ricoh Co., Ltd.* Case No. CV 03-02289 MJJ (MCC)
       *Ricoh Co., Ltd.  v. Aeroflex Inc. et. al*, Case No. CV 03-04669 MJJ (MCC)

Dear Judge Jenkins:

The parties jointly request a brief telephone conference regarding whether the Court intends to limit the claim construction hearing scheduled for October 29, 2004 to attorney argument and not receive expert testimony.  The parties will be available for a telephone conference at the Court's convenience.

### Ricoh's Position

Ricoh understood that, during the Case Management Conference, the Court indicated that non-argumentative expert testimony would be received during the October 20 tutorial, but that the claim construction hearing would be limited to attorney argument.  The Court indicated that the claim construction hearing would take less than a full day, which would seem to be insufficient for both attorney argument and complete direct and cross examination of each side's expert witnesses.  If expert testimony will not be received during the claim construction hearing, then the parties need not exchange witness statements pursuant to Patent L.R. 4-3(d) (currently due on Tuesday, July 13, 2004), or schedule and take expert depositions.  If expert testimony will be received during the claim construction hearing, Ricoh requests that any witness statements pursuant to Patent L.R. 4-3(d) be filed and served no later than the later of July 16 or three business days after the Court provides the requested clarification.

### Synopsys' and the Customer Defendants' Position

Synopsys and the Customer Defendants do not recall that the Court made any statement regarding the use, or limitation on the use, of expert testimony at either the October 20, 2004 tutorial or the October 29, 2004 claim construction hearing.

Synopsys and the Customer Defendants believe that, if the Court intended to limit the evidence that the parties may introduce at either presentation (and thereby vary from the provisions of the Patent Local Rules), the Court would have issued a written order to that effect. Synopsys and the Customer Defendants do not believe that the Court would have made a decision so important to the management of the claim construction process without a written order on the record.

In addition, Ricoh has been on notice since June 14, 2004 of the intention of Synopsys and the Customer Defendants to introduce and rely on expert testimony at the claim construction hearing. In their Preliminary Claim Construction, Identification of Structure Corresponding to §112(6) Elements, and Preliminary Identification of Extrinsic Evidence Pursuant to Patent L.R. 4-2(a and b), Synopsys and the Customer Defendants stated that they "will provide a final statement of whether they intend to call one or more witnesses at the Claim Construction Hearing, and a summary of any expected expert testimony, in accordance with Patent L.R. 4-3 by the deadline for such disclosure set by the Patent Local Rules." *See* Synopsys, Inc.'s and Defendants Aeroflex, Inc., et al.'s Preliminary Claim Construction, Identification of Structure Corresponding to §112(6) Elements, and Preliminary Identification of Extrinsic Evidence Pursuant to Pate L.R. 4-2(a and b) at 2-3. From this statement it is apparent that Synopsys and the Customer Defendants believed that they *could* present expert testimony at the October 29, 2004 claim construction hearing. If Ricoh had an understanding that was inconsistent with this belief, they should have raised their concern prior to July 8, 2004, less than one week before the due date for the Joint Claim Construction Statement.

If the Court refutes Ricoh's recollection of the Case Management Conference, Synopsys and the Customer Defendants leave it to the Court's discretion to decide whether to grant Ricoh's request and provide the parties with an extension from the schedule set out in the Patent Local Rules, stipulated to by the parties, and ordered by the Court to file and serve the Patent L.R. 4-3(d) witness statements because of Ricoh's own confusion on this matter.

Very truly yours,

Dated: July 9, 2004

DICKSTEIN SHAPIRO MORIN & OSHINSKY

By: Kenneth W. Brothers
   Gary M. Hoffman (202) 828-2228
   Kenneth W. Brothers (202) 429-2184
   Attorneys for Ricoh Company, Ltd.

Dated: July 9, 2004

HOWREY SIMON ARNOLD & WHITE, LLP

By: Erik Moller
   Teresa M. Corbin
   Christopher Kelley
   Thomas C. Mavrakakis (650) 463-8169
   Erik Moller (650) 463-8175
   Attorneys for Synopsys, Inc. and
      Aeroflex Incorporated, et al.