United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br>        Plaintiff,<br>    v.<br>RICOH CO., LTD.,<br>        Defendant.<br>_____/<br>RICOH CO., LTD.,<br>        Plaintiff,<br>    v.<br>AEROFLEX, et al.,<br>        Defendants.<br>_____/ | No. C-03-2289 MJJ (EMC)<br>No. C-03-4669 MJJ (EMC)<br><br>**ORDER RE JOINT LETTER OF AUGUST 3, 2004** |

       The parties have filed a joint letter, dated August 3, 2004, regarding Synopsys and the ASIC Defendants' (collectively, "Defendants") motion to compel Ricoh to produce certain software known as the KBSC software as part of claim construction discovery.

       According to Defendants, they are not asking for every version of this software to be produced at this time – "only for the version closest to the filing date of the '432 patent." Joint letter of 8/3/04, at 5. Defendants understand that the software FlowHDL and BlockHDL, which were requested in their RFPs, are products derived from the KBSC software. According to Ricoh, it did not create the KBSC software. Further, "Ricoh understands that there is no single, fixed 'KBSC system software,' but rather it was an evolving collection of code that was continually refined and developed in the later 1980s by a small

company named International Chip Corporation. Portions of this code may have been sent to Ricoh in around 1989." Joint letter of 8/3/04, at 8.

The specification for the '432 patent states that "[t]he preferred embodiment of the system and method of the present invention . . . is referred to as a Knowledge Based Silicon Compiler (KBSC)." 432 Patent, col. 2, ll. 51-54. The specification also states: "The primary elements or modules which comprise the KBSC system are shown in FIG. 3. In the embodiment illustrated and described herein, these elements or modules are in the form of software programs . . . ." 43 Patent, col. 4, ll. 49-52.

The parties make various arguments in their joint letter as to whether or not the KBSC software should be produced as part of claim construction discovery (which is scheduled to close on August 12, 2004). Much of the argument centers around the legal principle that the details of a preferred embodiment do not limit the scope of the claims unless the claims say so. *See, e.g.*, *Gart v. Logitech*, 254 F.3d 1334, 1343 (Fed. Cir. 2001) ("[I]t is well established that broad claims supported by the written description should not be limited in their interpretation to a preferred embodiment."). These arguments, however, miss the point. Ultimately, the dispositive issue is whether the KBSC software should be considered intrinsic or extrinsic evidence, as Judge Jenkins has stated that he will not consider, at least for the time being, extrinsic evidence for purposes of claim construction.

Defendants seem to suggest that the KBSC software is intrinsic evidence because it is the preferred embodiment of the invention in the '432 patent. Ricoh, however, argues that the KBSC software is extrinsic evidence. According to Ricoh, an embodiment disclosed in the patent specification is intrinsic evidence but a *commercial* embodiment is extrinsic evidence. *See* Joint letter of 8/3/04, at 6 n.4.

The Court agrees with Ricoh. The Federal Circuit has said that intrinsic evidence consists of "the patent itself, including the claims, the specification and, if in evidence, the prosecution history," whereas "[e]xtrinsic evidence is that evidence which is external to the patent and file history, such as expert testimony, inventor testimony, dictionaries, and technical treatises and articles." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996). Under this definition, the KBSC software is extrinsic evidence because it is external to the patent and file history. The KBSC software may be the preferred embodiment described in the patent in commercial form, but that does not make the software itself intrinsic evidence. Rather, the intrinsic evidence is the description of the preferred embodiment in the

patent. *Cf. SRI Internat'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) ("Infringement, literal or by equivalence, is determined by comparing an accused product not with a preferred embodiment described in the specification, *or* with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit.") (emphasis added).

Because the KBSC software is extrinsic evidence, which Judge Jenkins has said he will not consider for the time being, it should not be produced at this time.  As noted in the Court's previous order of July 28, 2004, if Judge Jenkins sees a need for extrinsic evidence, he has stated that he will give each side a change to respond such that there will be an opportunity for Defendants to obtain the KBSC software, to the extent it is in the possession, custody, or control of Ricoh.  Ricoh is admonished that, if that eventuality materializes, it must produce the software (if in its possession, custody, or control) on reasonably short notice so as to avoid any unreasonable delay in Judge Jenkins's claim construction process.

IT IS SO ORDERED.

Dated: August 9, 2004

_____/s/_____
EDWARD M. CHEN
United States Magistrate Judge