1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689

5  Edward A. Meilman (*Pro Hac Vice*)
   DICKSTEIN SHAPIRO MORIN
6    & OSHINSKY, LLP
   1177 Avenue of the Americas
7  New York, New York  10036-2714
   Phone (212) 835-1400
8  Fax (212) 997-9880

9  Jeffrey B. Demain, State Bar No. 126715
   Jonathan Weissglass, State Bar No. 185008
10 ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
   177 Post Street, Suite 300
11 San Francisco, California  94108
   Phone  (415) 421-7151
12 Fax (415) 362-8064

13 Attorneys for Ricoh Company, Ltd.

14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants. | CASE NO. C-03-4669-MJJ (EMC) <br> CASE NO. C-03-2289-MJJ (EMC) <br><br> **DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF MISCELLANEOUS ADMINISTRATIVE REQUEST** |
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | |

Kenneth W. Brothers declares as follows:

1. I am an attorney at law licensed to practice in the District of Columbia and the State of Colorado and admitted in this case *pro hac vice*, and am a partner in the law firm of Dickstein Shapiro Morin & Oshinsky, LLP, attorneys for Ricoh Company, Ltd.  The matters set forth in this declaration are based on my personal knowledge, except where indicated, and if called as a witness, I could and would testify competently thereto.

2. Between 11:30 p.m. and 12:30 a.m. on the evening of Friday, September 10 and Saturday, September 11, I received a series of electronic notifications from the Court that the ASIC defendants and Synopsys had caused to be filed their Markman briefs and related exhibits. Due to technical difficulties accessing the Court's web site, neither I nor other attorneys from my firm were able to access all of those filings until Monday, September 13, 2004.  Two of the exhibits were manually filed, and were not received by my office until Monday afternoon.

3. The ASIC Defendants and Synopsys' Markman brief contains substantial citation to and reliance upon extrinsic evidence.  The brief contains 69 pages of argument.  Ricoh had previously agreed to the request by the ASIC Defendants and Synopsys for a stipulation that it file a Markman brief not to exceed 80 pages.  By order dated September 10, 2004, however, this Court ordered that the ASIC Defendants and Synopsys' Markman brief not exceed 53 pages.

4. On the morning of September 13, 2004, I spoke by telephone with Thomas Mavrakakis, counsel for the ASIC defendants and Synopsys.  I requested that he stipulate that, in view of the length of their brief, that Ricoh be permitted to file its reply brief not to exceed 50 pages.  I also requested that he stipulate that, in light of the length of the brief and the Jewish holiday of Rosh Hashanah, which begins at sundown on Wednesday September 15 and continues through sundown on Friday, September 17, that Ricoh be permitted to file its reply brief no later than September 22, 2004.  Mr. Mavrakakis did not agree to either request.

5. A short time later, I had a second telephone conversation with Thomas Mavrakakis and his partner, Christopher Kelley. I asked them whether they intended to comply with the Court's Order of September 10, 2004, and file a Markman brief not to exceed 53 pages. Mr. Mavrakakis told me that he would think about it, but at present he did not intend to file another brief. He again refused to agree to my request that he stipulate that Ricoh could file its reply brief seven business days after any revised brief was filed, or that Ricoh be permitted to file a reply in excess of 15 pages.

6. After my telephone conversations, I sent Mr. Mavrakakis the letter attached as Exhibit A. I have received no response to this letter.

7. Granting Ricoh's motion regarding its reply brief will not cause any prejudice to any schedule or to the ASIC defendants of Synopsys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed at Washington, D.C. on September 13, 2003.

Dated: September 13, 2004             /s/ Kenneth W. Brothers
                                      Kenneth W. Brothers

# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

September 13, 2004

**BY FACSIMILE and US Mail**

Tom Mavrakakis, Esq.
Howrey Simon Arnold & White LLP
301 Ravenswood Ave.
Menlo Park, CA 94025

Re:   <u>Ricoh v. Aeroflex et al.</u>

Dear Tom:

      Following up on our telephone conversations today, kindly advise me by the close of business today of your position on the following matters: (1) Whether you intend to comply with Judge Jenkins' September 10 Order and file a Markman brief not to exceed 53 pages, and if so, when that brief will be filed.[1] (2) Assuming that you file an amended brief, your stipulation that Ricoh's reply is not due until seven business days after our the receipt of the revised brief. (3) Assuming that you file an amended brief, your stipulation to Ricoh's filing a reply brief not to exceed 35 pages.

      We believe that it would be appropriate for your clients to submit a Markman brief that is limited to the intrinsic evidence, as the Court has stated that, unless it orders to the contrary, it will not consider extrinsic evidence to construe the claims. The removal of the extrinsic evidence should reduce the length of your brief to less than 53 pages.

      If you elect to not file an amended brief, please advise me of that fact today. If you do not submit an amended brief, or we are unable to agree to Ricoh's other requests, then Ricoh reserves its right to seek appropriate relief, including moving to strike or otherwise limit Synopsys' brief, and seeking enlargement of the time and pages to respond.

Sincerely,

*[signature]*

Kenneth W. Brothers

---

[1] During our conversations, you claimed that Ricoh's 53 page brief used 10 point and 8 point fonts. This is not correct. The text and footnotes of Ricoh's brief use Microsoft Word's standard Times New Roman 12 point font. The embedded three column charts setting forth the patent claims and parties' respective interpretations uses the same Times New Roman font, but had to be set at 10 points in order to fit the charts within the portrait width of the brief.

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.DicksteinShapiro.com*

**EXHIBIT A**

1821657 v1; 131LL01!.DOC