Teresa M. Corbin (SBN 132360)
Thomas Mavrakakis (SBN 177927)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California  94025
Telephone:  (650) 463-8100
Facsimile:  (650) 463-8400

Attorneys for Plaintiff SYNOPSYS, INC.
and for Defendants AEROFLEX INCORPORATED,
AMI SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS, INC., MATROX INTERNATIONAL
CORP. and MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>Defendants. | Case No. C03-04669 MJJ (EMC)<br><br>Case No. C03-2289 MJJ (EMC)<br><br>**PLAINTIFF SYNOPSYS, INC.'S AND DEFENDANTS' NOTICE OF MOTION AND MOTION REQUESTING EQUAL PRESENTATION TIME AT TUTORIAL** |
| SYNOPSYS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RICOH COMPANY, LTD., a Japanese corporation<br><br>Defendant. | Date:  To Be Determined<br>Time:  To Be Determined<br>Courtroom: 11<br>Judge:  Martin J. Jenkins |

HOWREY
SIMON
ARNOLD &
WHITE

Case Nos. C03-02289 MJJ (EMC) and C03-2289 MJJ (EMC)
Notice of Motion and Motion Requesting Equal Presentation
Time At Tutorial
DM_US\8063835.v1

1

## TABLE OF CONTENTS

2    NOTICE OF MOTION AND RELIEF REQUESTED…………………………………………………1

3    MEMORANDUM OF POINTS AND AUTHORITIES……………………………………………...1

4    I.    STATEMENT OF THE ISSUES ...............................................................................1

5    II.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................1

6    III.    STATEMENT OF THE RELEVANT FACTS ...........................................................2

7        A.    The Court Ordered A Neutral Expert Tutorial.............................................2

8        B.    Ricoh Refuses To Agree To The Preparation and Presentation Of
9             A Neutral Expert Tutorial .............................................................................3

10   IV.    ARGUMENT............................................................................................................4

11       A.    The Court Ordered A Neutral Expert Tutorial...........................................4

12       B.    Ricoh's Tutorial Is Biased ............................................................................4

13       C.    The Court Acknowledged That Separate Presentations Might Be
             Necessary.........................................................................................................7

14       D.    Fairness Requires That Synopsys and Defendants Have Equal
15            Time To Present Their Positions ...................................................................8

     V.    CONCLUSION............................................................................................................8

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. C03-02289 MJJ (EMC) and C03-2289 MJJ (EMC)    -i-
Notice of Motion and Motion Requesting Equal Presentation
Time At Tutorial
DM_US\8063835.v1

**HOWREY
SIMON
ARNOLD &
WHITE**

1

**NOTICE OF MOTION AND RELIEF REQUESTED**

2      Please take notice that, at a date and time yet to be determined, before the Honorable Martin J.

3   Jenkins in Courtroom 11, in the United States District Court, 450 Golden Gate Avenue, San Francisco,

4   California, Plaintiff Synopsys, Inc. and Defendants Aeroflex Incorporated, AMI Semiconductor, Inc.,

5   Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp. and Matrox Tech,

6
    Inc.  ("Synopsys and Defendants") will seek an Order from this Court allowing Synopsys and
7
    Defendants equal time on October 20, 2004 to make their own presentation at the tutorial.[1]
8

9      This motion is based on the following memorandum of points and authorities, the

10   accompanying declaration of Thomas C. Mavrakakis and exhibits in support thereof, the oral

11   arguments of counsel at the hearing on this motion, and all other pleadings in this action.

12
    **MEMORANDUM OF POINTS AND AUTHORITIES**
13
    I.     **STATEMENT OF THE ISSUES**
14
           Whether all parties should have an equal opportunity to present at a neutral expert tutorial?
15
    II.    **INTRODUCTION AND SUMMARY OF ARGUMENT**
16
           Reviewing the more than two dozen letters between the parties related to the neutral expert
17
    tutorial can only lead the Court to one conclusion.  Ricoh never intended for the tutorial to be neutral
18
    and, instead, planned on it being a "very plaintiff presentation."
19

20      Since the Court's July 22, 2004 order, Synopsys and Defendants have diligently tried to work

21   with Ricoh to identify a process for preparing and presenting a truly neutral expert tutorial that would

22   simply show the Court how the invention in the patent-in-suit works, as the Court requested.  After

23   initially refusing to meet and confer, Ricoh indicated that it intended to use its own expert for the

24

25

26   _____

27   [1] In addition, Synopsys and Defendants respectfully request that the neutral expert tutorial be held on the record, and under oath.

28

**HOWREY SIMON ARNOLD & WHITE**

Case Nos. C03-02289 MJJ (EMC) and C03-2289 MJJ (EMC)
Notice of Motion and Motion Requesting Equal Presentation
Time At Tutorial
DM_US\8063835.v1

1   preparation and presentation of the tutorial, and that it would determine the final content of the

2   presentation.[2]

3          Despite the Court's clear intention for the neutral expert tutorial to provide a fair and unbiased

4   presentation of the invention at issue, Ricoh intends to present expert testimony in the guise of a

5   neutral expert tutorial that is actually skewed toward its claim construction positions.[3]  Allowing Ricoh

6   to present its one-sided tutorial will certainly prejudice Synopsys and Defendants.  At this late date,

7

8   two weeks before the tutorial, it is obvious that the parties will not be able to present a single neutral

9   expert tutorial by a truly neutral expert and with content agreed upon by all the parties.

10         For these reasons, Synopsys and Defendants respectfully request that the Court continue to

11  require a fair presentation by allowing Synopsys and Defendants equal time to make a tutorial

12  presentation.

13

14  III.    **STATEMENT OF THE RELEVANT FACTS**

15      A.    **The Court Ordered A Neutral Expert Tutorial**

16         During a July 14, 2004 telephone status conference, the Court indicated that the purpose of the

17  tutorial is simply to explain how the invention of the allegedly infringed patent works.  The Court

18  clarified that the tutorial is not the place for claim construction arguments or reference to accused

19  products.  (Exh. A[4] at 4-5).  Although the parties agreed to attempt to prepare a joint presentation,

20

21

22

23  [2] In contrast, Synopsys and Defendants provided the names of two neutral experts, who Ricoh rejected out of hand. Although, Synopsys and Defendants requested that Ricoh provide names of possible neutral experts in their August 9, 2004 letter, Ricoh failed to do so, and instead decided its own expert would prepare and present the tutorial.

24
25  [3] By failing to comply with Patent Local Rules 4-2(b) and 4-3(d), Ricoh has waived its right to proffer expert testimony at the claim construction proceedings should the Court decide to hear such testimony.  In fact, Ricoh has maintained throughout the Patent Local Rule process that no extrinsic evidence whatsoever is required for the claim construction in this case.

26
27  [4] Exhibits referenced are attached to the Declaration of Thomas C. Mavrakakis in Support of Plaintiff Synopsys, Inc's. and Defendants' Notice of Motion and Motion Requesting Equal Presentation Time at Tutorial ("Mavrakakis Decl.").

28

HOWREY
SIMON
ARNOLD &
WHITE

1    during this hearing the Court acknowledged several times that separate presentations could be

2    necessary. (*Id*. at 6-7).

3        In a July 22, 2004 Order, the Court reiterated that the October 20, 2004 tutorial would be "a

4    neutral expert presentation to the Court showing how the invention in the patent-in-suit works." (Exh.

5    B). The Court ordered the parties to meet and confer regarding the details of the tutorial presentation.

6

7    **B.    Ricoh Refuses To Agree To The Preparation and Presentation Of A Neutral**
           **Expert Tutorial**

8

9        Promptly following the Court Order, Synopsys and Defendants repeatedly attempted to initiate

10    the ordered meet and confer process and requested identification of a process for creating and

11    presenting the neutral expert tutorial. (Exhs. C, D, E, F, and G). Ricoh refused to meet and confer for

12    almost two weeks, and instead insisted that Ricoh would unilaterally decide the content of the tutorial,

13    which it indicated would be prepared and presented by its own expert. (Exhs. H, I, J, K, L, M, and N).

14        Two weeks after Synopsys and Defendants first attempted to initiate a meet and confer, Ricoh

15    made itself available for a telephone conference. The parties agreed to dates for an exchange of

16    tutorials, and for a follow up meet and confer. Ricoh continued to assert that it had final control over

17    the content of the tutorial, contrary to the Court's direction that the presentation should be neutral. The

18    parties discussed using a neutral expert for the tutorial (rather than Ricoh's expert, as Ricoh had

19    decided), but no agreement was reached. (Exhs. O, P, Q, and R).

20

21        About a month later, the parties exchanged their outlines for the neutral expert tutorials. (Exhs.

22    S and T). Many of Ricoh's topics were identical to positions taken in its claim construction brief.

23        Synopsys and Defendants continued to diligently communicate to Ricoh that the tutorial needed

24    to be truly neutral – with a neutral expert, and agreement by all of the parties as to the final content,

25

26    while Ricoh reiterated its mistaken belief that it had the final say over the content of the tutorial.

27

28

**HOWREY**
**SIMON**
**ARNOLD &**
**WHITE**

1    (Exhs. U, V, W, X, Y, Z, AA, BB, CC, and DD).  It is now a mere two weeks prior to the scheduled

2    neutral expert tutorial, and no process is in place to ensure that the tutorial is, in fact, neutral.

3    IV.    **ARGUMENT**

4           A.        **The Court Ordered A Neutral Expert Tutorial**

5

6           On July 14, 2004, the Court indicated that the tutorial was simply meant to explain to the Court

7    how the invention of the allegedly infringed patent works.  In addition, the Court explained that the

8    tutorial was not the place for claim construction arguments.  (Exh. A at 4-5).  A July 22, 2004 Order

9    clarified that the October 20, 2004 tutorial would be "a neutral expert presentation to the Court

10   showing how the invention in the patent-in-suit works." (Exh. B).

11          B.        **Ricoh's Tutorial Is Biased**

12          Ricoh's so-called neutral expert tutorial presentation will be biased for several reasons.  First, it

13   ill not be prepared by a neutral expert agreed upon by the parties.  Instead, Ricoh's tutorial, as well as

14   the script for the presentation itself, will be **created by its own expert**, Dr. Soderman.  A tutorial

15   created by one party's expert in the context of an adversarial litigation is inevitably going to be biased.

16   To add insult to injury, Ricoh also brazenly intends to have this non-neutral expert tutorial **presented**

17   **by its own expert with a script over which it has complete control**, all the while touting its

18   neutrality.

19

20          Second, the contents of the tutorial and presentation have not been agreed upon by all of the

21   parties.  Instead, Ricoh has unilaterally claimed the right to determine the final content of the tutorial,

22   as well as the script for the presentation.  Without the agreement of all parties, the tutorial and

23   presentation simply cannot be viewed as neutral.  Instead, they will become a platform for Ricoh's

24   claim construction arguments.

25

26

27

28

Case Nos. C03-02289 MJJ (EMC) and C03-2289 MJJ (EMC)      -4-
Notice of Motion and Motion Requesting Equal Presentation
Time At Tutorial
DM_US\8063835.v1

HOWREY
SIMON
ARNOLD &
WHITE

1   Third, the outline for Ricoh's tutorial is already filled with biased topics that are almost

2   identical to Ricoh's claim construction arguments.  The following table gives some representative

3   examples of this bias:

4

| CLAIM TERM | CLAIM CONSTRUCTION DEFINITION | TUTORIAL DEFINITION |
|---|---|---|
| Computer aided-design process | The inventive "design process" is part of the manufacture of ASIC chips.  (Exh. EE at 11) | The manufacturing process is made up of two parts:  design and production.  (Exh. S at numbered page 2) |
| Architecture independent action and condition | Functional or behavioral aspects of a portion of a circuit (or circuit segment) that does not imply any set architecture, structure or implementing technology).  (Exh. EE at 14) | A designer prepares a description (known as a "specification" of the function or behavior of the ASIC (or portion) that is to be produced . . . In accordance with the patented process, the designer need not be familiar with the hardware components or other structure that is to be included in the ASIC.  Thus, the input description or specification does <u>not</u> have to specify the structure or architectural components that are to be included in the ASIC to be produced.  (Exh. S. at numbered pages 4-5) |
| Storing a set of definitions of architecture independent actions and conditions | Placing in computer memory a library of definitions of the different architecture independent actions and conditions that can be selected for use in the desired ASIC, where the architecture independent actions and conditions do not imply any structure or implementing technology.  (Exh. EE at 14) | The description of architecture independent functions are made up of the operations or "actions" to be performed by (or within) the ASIC and the "conditions" under which such actions are to be performed.  The architecture independent specifications do not specify or imply the specific structure to be designed.  (Exh. S at numbered page 5) |
| Hardware cells | Previously designed circuit components or structure that have specific physical and functional characteristics used | The hardware components to be used in the design of the ASIC to be produced are referred to as "hardware cells."  The |

HOWREY
SIMON
ARNOLD &
WHITE

| CLAIM TERM | CLAIM CONSTRUCTION DEFINITION | TUTORIAL DEFINITION |
|---|---|---|
| | as building blocks for implementing an ASIC to be manufactured (Exh. EE at 23-24) | hardware cells are basic circuit components (e.g., logic gates, transistors, etc.) that have been previously designed by VLSI engineers, having various functional and technical specifications.  (Exh. S at numbered page 6) |
| Expert system knowledge base | Database used to store expert knowledge of highly skilled VLSI designers.  (Exh. EE at 27) | The patented process uses a storehouse or database of knowledge (known as a "knowledge base") to serve as a base for reference in designing an ASIC.  In particular, in accordance with the '432 patent, the knowledge held by experts in VLSI design is obtained and stored in the knowledge base.  (Exh. S at numbered page 5) |
| Rules | The expert knowledge of highly skilled VLSI designers formulated as prescribed procedures.  (Exh. EE at 27) | Rules are prescribed guides or accepted procedures.  In the context of the '432 patent, the rules are used to apply the expert knowledge from VLSI designers to automatically design an ASIC.  (Exh. S at numbered page 5) |
| Netlist | A description of the hardware components (and their interconnections) needed to manufacture the ASIC as used by subsequent processes (e.g., mask development, foundry, etc.)  (Exh. EE at 40) | A listing of the hardware cells as selected are listed, together with a listing of the connections between such cells, in what is known as a netlist.  The netlist is transformed into a layout of hardware cells that is used to produce the mask data that is directly used for the production of the desired ASIC.  (Exh. S at numbered page 6) |
| Generating data paths for the selected integrated circuit | Producing signal lines for carrying data to the hardware cells.  (Exh. EE at 48) | The process also involves the generations of signal lines carrying data signals (known as "data paths").  (Exh. S. at numbered page 6) |
| Generating control paths for the | Producing signal lines for | The process further involves the |

Case Nos. C03-02289 MJJ (EMC) and C03-2289 MJJ (EMC)          -6-
Notice of Motion and Motion Requesting Equal Presentation
Time At Tutorial

HOWREY
SIMON
ARNOLD &
WHITE          DM_US\8063835.v1

| CLAIM TERM | CLAIM CONSTRUCTION DEFINITION | TUTORIAL DEFINITION |
|---|---|---|
| selected integrated circuit hardware cells | carrying control signals to the hardware cells. (Exh. EE at 51) | generation of control signals (known as "control paths") between the hardware cells. (Exh. S at numbered page 7) |

This comparison makes it obvious that Ricoh is planning to inject its claim construction arguments into the supposedly neutral expert tutorial. A neutral expert tutorial should be just that – neutral. Ricoh has hijacked the preparation process so that the presentation will be **by its own expert and of its own content – including claim construction arguments**. Such a tutorial is clearly not neutral. Even if Ricoh were to change the text of the tutorial to be facially neutral, the fact that it is exercising complete control over the script, which will be presented by its own expert, presents at least the appearance of bias.

## C.     The Court Acknowledged That Separate Presentations Might Be Necessary

During the July 14, 2004 telephone hearing, the Court acknowledged several times that separate presentations might be necessary. For instance, the Court said to counsel for Synopsys and the Defendants that while the presentation is normally done by the plaintiffs, "But if you want to put on something that establishes, in your view, how it works, so be it." (Exh. A at 6). In addition, the Court indicated that the parties "meet and confer and show each other what their respective side is going to put on." (*Id.*) The Court summarized to counsel for Synopsys and the Defendants:

> If you want to present someone who will articulate how the product works, the patent in suit, so be it. I don't have a problem with that. But each of you should exchange prior in time what it is you plan to present and the individual who is going to make the presentation so that you're familiar with it. I think that's fine.

(*Id.* at 7). The record makes it obvious that the Court thought it was "fine" for the parties to have separate presentations.

HOWREY
SIMON
ARNOLD &
WHITE

1

**D.    Fairness Requires That Synopsys and Defendants Have Equal Time To Present Their Positions**

2

3    Synopsys and Defendants are extremely disturbed at the prospect of Ricoh's own expert

4    providing the only (and uncross-examined) expert testimony.  The Court has already acknowledged

5    that separate presentations may very well be necessary.  Fairness dictates that the parties be given an

6    equal opportunity to present their positions.  In the face of such a blatantly biased presentation by

7    Ricoh, Synopsys and Defendants will be severely prejudiced if they are not allowed equal time to

8    present their own tutorial.  An equal chance for all parties to present their tutorials is the only just

9    result.[5]

10

**V.    CONCLUSION**

11

12    For all of the foregoing reasons, Synopsys' and Defendants' motion requesting equal

13    presentation time at tutorial should be granted.

14    Dated:  October 5, 2004                    Respectfully submitted,

15                                               HOWREY SIMON ARNOLD & WHITE, LLP

16

17                                       By:    /s/Thomas C. Mavrakakis

18                                               Thomas C. Mavrakakis
                                                Attorneys for Plaintiff SYNOPSYS, INC.
19                                               and for Defendants AEROFLEX
                                                INCORPORATED, AMI SEMICONDUCTOR,
20                                               INC., MATROX ELECTRONIC SYSTEMS,
                                                LTD., MATROX GRAPHICS, INC.,
21                                               MATROX INTERNATIONAL CORP. and
                                                MATROX TECH, INC.

22

23

24

25

26

27

28

---

[5] If the Court grants this motion, it would assist the parties in the preparation of the tutorial to know the amount of time allocated to each side.

Case Nos. C03-02289 MJJ (EMC) and C03-2289 MJJ (EMC)        -8-
Notice of Motion and Motion Requesting Equal Presentation
Time At Tutorial

HOWREY
SIMON
ARNOLD &
WHITE

DM_US\8063835.v1