Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Telephone:  (212) 835-1400
Facsimile:  (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br><br>  Defendant. | **CASE NO. C-03-2289-MJJ (EMC)**<br><br>**CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD.,<br><br>  Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>  Defendants | **RICOH COMPANY, LTD'S SUBMISSION OF TERMS FOR CONSTRUCTION BY THE COURT** |

1  Pursuant to the Court's October 15, 2004 Amended Order, the parties exchanged
2  proposed lists of terms on October 18.  Subsequently, the parties met and conferred on
3  October 19, 2004 regarding developing a joint list of ten terms for construction to be proposed to
4  the Court.  The parties were able to agree on the following two terms for construction:
5      1.  Architecture independent actions and conditions
6      2.  Specifying for each described action and condition of the series one of said stored
7  definitions
8  The parties, however, were unable to agree on any other terms for inclusion in the list
9  of terms to be proposed to the Court.  Ricoh has understood that the Court's Amended Order to
10 identify terms meant what it said, namely, to identify claim terms rather than set forth broad
11 clauses which included a large number of terms (none of which had been separately proposed for
12 construction).  For example, the above second agreed upon term references the "described action
13 and condition" of the first agreed upon term "architecture independent actions and conditions."
14 The parties have agreed these two terms, rather than a broad phrase, are to be separately
15 construed.
16 In contrast, Synopsys and ASIC Defendants (collectively, "Defendants") have
17 proposed phrases that include a large number of individual terms.  Ricoh submits that the
18 Defendants' approach is inconsistent with the Court's directive that the parties propose ten terms
19 for construction.
20 Since there was agreement on two terms, leaving eight remaining terms, Ricoh
21 proposed that an equitable approach would be that each party propose an additional four terms to
22 be included in the list to be provided to the Court.  In response, Defendants demanded that Ricoh
23 simply agree to Defendants' list.  Not only did Defendants reject Ricoh's proposal for
24 compromise, but they also refused to propose or consider any alternative process to narrow the
25 disagreement and comply with the Court's Amended Order.  Instead, Defendants announced that
26 they would unilaterally submit their position to the Court.  As a result, Ricoh is compelled to
27 submit its own list of proposed terms for construction.
28

Ricoh proposes for construction by the Court the following terms 3 through 10, all of which are terms that Ricoh and the Defendants have differently defined in their proposed claim constructions:

3. Expert system knowledge base[1]

4. A set of rules[2]

5. Hardware cells for performing the desired function of the application specific integrated circuit

6. Describing… a series of architecture independent actions and conditions[3]

7. A set of definitions of architecture independent actions and conditions

8. Selecting . . . a . . . hardware cell

9. Netlist defining the hardware cells

10. Interconnection requirements

Ricoh will be prepared at the hearing on October 20 to discuss the proposed terms as may be directed by the Court.

Dated: October 20, 2004

Ricoh Company, Ltd.

By: __Gary M. Hoffman_____
Gary M. Hoffman
Ken Brothers
DICKSTEIN SHAPIRO MORIN *&* OSHINSKY LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

---

[1] Defendants insist that only the words "expert system" be construed even though the words are used as modifiers of "knowledge base."

[2] The term "a set of rules" is a discrete term in a broad phrase being proposed by the Defendants.

[3] Here, the words proposed by the parties for construction are similar.

| | |
|---|---|
| 1 | |
| 2 | Edward A. Meilman<br>DICKSTEIN SHAPIRO MORIN &<br>    OSHINSKY LLP<br>1177 Avenue of the Americas<br>New York, New York  10036<br>Telephone:  (212) 896-5471<br>Facsimile:  (212) 997-9880 |

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Attorneys for Ricoh Company, Ltd.