Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
Eric Oliver (*Pro Hac Vice*)
DeAnna Allen (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC  20037-1526
Telephone:  (202) 785-9700
Facsimile:  (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Telephone:  (212) 835-1400
Facsimile:  (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants. | **CASE NO. C-03-4669-MJJ (EMC)** <br><br> **CASE NO. C-03-2289-MJJ (EMC)** |
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **PLAINTIFF RICOH COMPANY LTD.'S OBJECTIONS TO DEFENDANTS' DECEMBER 15, 2004 CLAIMS CONSTRUCTION PRESENTATION MATERIALS** <br><br> Date: N/A <br> Time: N/A <br> Courtroom: 11 <br> Judge: Martin J. Jenkins |

Ricoh Company Ltd. ("Ricoh") hereby objects to the presentation materials submitted to the Court at the December 15, 2004 Claims Construction Hearing by Synopsys, Inc. and the Aeroflex et al. defendants (collectively "Defendants"). These presentation materials include (i) the three-ring notebook titled "Claims Construction Hearing for Judge Martin Jenkins December 15, 2004" and (ii) the accompanying CD-ROM of the same title.

Ricoh objects to these materials as violating the Court's directive that the Claims Construction Hearing is to be limited to intrinsic evidence. In direct disregard of this directive, Defendants' notebook and CD-ROM include extensive extrinsic evidence, including:

- notebook pages 46, 62, 68-76, 83, 88, 110-112, 121, 122; and

- the CD-ROM slides including the aforementioned notebook pages and other extrinsic evidence, e.g., graphics prepared by Defendants' expert, statements from the declaration of such expert, and citations to articles that are not part of the file history of the '432 patent.

For example, at least the following sections of Defendants' CD-ROM include additional argument, extrinsic evidence and/or claim construction argument directed to claims other than those claims that the parties jointly agreed would be addressed at the Claims Construction Hearing:

- Introduction/Title Page (includes links to sections titled Designing, Input, Selection, and Generating which each include active tabs (i.e., links) to pages/slides that are not part of the Defendants' presentation notebook, and that include extensive extrinsic evidence).

- ASIC Background Section, and ASIC Design Section (neither of

these sections was included in Defendants' December 15, 2004 presentation notebook; additionally, each of these sections appears to primarily be lifted from the presentation of Defendants' expert).

- ASIC Background Section (*e.g.,* extrinsic evidence is found in the ASIC Production sub-section).

- ASIC Design Section  (*e.g.,* extrinsic evidence is found in the ASIC Design Process Overview, Input Format, Levels of Input, and Types of Processing subsections).

- Claims Construction Section – (*e.g.,* extrinsic evidence is found in the Claim 13 sub-section; and additional argument directed to claim terms other than the ten jointly agreed upon terms for construction is found in the Claim 14 and Claims 15-17 sub-sections of the CD-ROM (these additional claim term arguments are also not included in Defendants' December 15, 2004 presentation notebook)).

Defendants are attempting to use this CD-ROM to improperly provide the Court with an additional presentation outside of the actual Claims Construction Hearing.  This additional presentation is improper, and clearly places Ricoh at a unfair disadvantage by presenting materials in direct contradiction of the Court's order limiting the presentations to intrinsic evidence.

On December 22, 2004, Ricoh sent a letter to opposing counsel requesting that Defendants withdraw: (i) the extrinsic evidence found throughout Defendants' presentation notebook, (ii) the extrinsic evidence found throughout Defendants' accompanying CD-ROM, and (iii) the slides/pages on the CD-ROM that are not also found in Defendants' presentation

notebook.  (Exh. 1, Allen 12/22/04 letter to Corbin/Mavrakakis).  To date, Defendants have ignored Ricoh's request.

By weaving extrinsic evidence into their notebook and CD-ROM and by adding materials on their CD-ROM that are not presented for discussion as part of their presentation notebook (including *inter alia* extrinsic evidence and proposed constructions of additional terms beyond the ten terms jointly agreed to), Defendants place Ricoh at a disadvantage.  Defendants should not be allowed to use such tactics to gain advantage in this litigation.  Ricoh requests that this Court consider requiring the Defendants to withdraw: all extrinsic evidence pages from their notebook; all extrinsic evidence from their CD-ROM; and all additional claims construction and other additional material from their CD-ROM that are not also properly provided in their presentation notebook.

Dated: January 7, 2005

Ricoh Company, Ltd.

By: /s/ Gary M. Hoffman
Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

Gary M. Hoffman
Ken Brothers
Eric Oliver
DeAnna Allen
DICKSTEIN SHAPIRO MORIN *&* OSHINSKY LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Attorneys for Ricoh Company, Ltd.