1 | Gary M. Hoffman (*Pro Hac Vice*)
2 | Kenneth W. Brothers (*Pro Hac Vice*)
   | Eric Oliver (*Pro Hac Vice*)
3 | DeAnna Allen (*Pro Hac Vice*)
   | DICKSTEIN SHAPIRO MORIN
4 |   & OSHINSKY LLP
   | 2101 L Street, NW
5 | Washington, DC  20037-1526
   | Phone (202) 785-9700
6 | Fax (202) 887-0689

7 | Edward A. Meilman (*Pro Hac Vice*)
   | DICKSTEIN SHAPIRO MORIN
8 |   & OSHINSKY LLP
   | 1177 Avenue of the Americas
9 | New York, New York  10036-2714
   | Phone (212) 835-1400
   | Fax (212) 997-9880

10 | Jeffrey B. Demain, State Bar No. 126715
11 | Jonathan Weissglass, State Bar No. 185008
    | ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
12 | 177 Post Street, Suite 300
    | San Francisco, California  94108
13 | Phone (415) 421-7151
    | Fax (415) 362-8064

14 | Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | **CASE NO. C-03-4669-MJJ (EMC)** |
|                      | **CASE NO. C-03-2289-MJJ (EMC)** |
| Plaintiff, | |
| vs. | |
| AEROFLEX INCORPORATED, et al., | **DECLARATION OF DEANNA ALLEN IN SUPPORT OF PLAINTIFF RICOH COMPANY LTD.'S OBJECTIONS TO DEFENDANTS' DECEMBER 15, 2004 CLAIMS CONSTRUCTION PRESENTATION MATERIALS** |
| Defendants. | |
| SYNOPSYS, INC., | |
| Plaintiff, | |
| vs. | Date:  N/A |
|      | Time:  N/A |
| RICOH COMPANY, LTD., | Courtroom:  11 |
|                      | Judge:  Martin J. Jenkins |
| Defendant. | |

CASE NOS. C-03-4669-MJJ (EMC) and C-03-2289-MJJ (EMC) Page 1
DECLARATION OF DEANNA ALLEN IN SUPPORT OF PLAINTIFF RICOH COMPANY LTD.'S OBJECTIONS TO DEFENDANTS'
DECEMBER 15, 2004 CLAIMS CONSTRUCTION PRESENTATION MATERIALS

1  DeAnna Allen declares as follows:

2  1.  My name is DeAnna Allen.  I am an attorney with the law firm of Dickstein
3  Shapiro Morin & Oshinsky LLP, counsel for Ricoh Company, Ltd.  I am over the age of 21 and
4  am competent to make this Declaration.  Based on my personal knowledge and information, I
5  hereby declare to all the facts in this Declaration.

6  2.  Attached hereto as Exhibit 1 is a true and correct copy of a December 22, 2004
7  letter from DeAnna Allen to Teresa Corbin and Tom Mavrakakis.

8  I declare under penalty of perjury under the laws of the United States of America that
9  the foregoing is true and correct.  Signed at Washington, DC on January 7, 2005.

11  January 7, 2005                                             /s/ DeAnn Allen
                                                                              DeAnna Allen

**EXHIBIT 1**

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 572-2656
E-Mail Address: AllenD@dsmo.com

December 22, 2004

**BY FACSIMILE and US Mail**

Teresa M. Corbin, Esq.
Tom Mavrakakis, Esq.
Howrey Simon Arnold & White LLP
301 Ravenswood Ave.
Menlo Park, CA 94025

Re:     Ricoh v. Aeroflex et al.

Dear Terry and Tom:

    We have had an opportunity to review the presentation notebook and accompanying CD that you provided during the December 15, 2004 claims construction hearing. As you are aware, the Court is not receiving extrinsic evidence in connection with the claims construction hearing, however, both your notebook and your CD contain such evidence. For example, your presentation includes materials from Dr. Kowalski's tutorial and non-dictionary documents that were not before the USPTO during prosecution of the '432 patent. While the specific list of extrinsic evidence found in your materials is numerous, we provide just a few example references, including notebook pages 46, 62, 68-76, 83, 88, 110-113, 121, 122 and the corresponding CD pages/sheets. All extrinsic evidence must be removed from both the notebook and the CD.

    Additionally, your CD contains extensive information that is not found in your presentation notebook. For example, the CD presents extrinsic information referred to (but not shown) in your presentation notebook (see, for example, the CD pages/sheets corresponding to the "Extrinsic Evidence" tab listed at page 47 of your notebook). Your CD also presents interpretations for many terms that are not among the 10 terms being considered by the Court. All extrinsic information, definitions of terms not in issue and information on the CD that is not also provided in your presentation notebook must be removed from the CD.

    Ricoh demands that you immediately withdraw the notebook and CD that you provided to the Court on December 15. Ricoh further demands that you provide any replacement copies of the notebook and CD you intend to rely on to Ricoh and the Court by January 5, 2005 with all extrinsic evidence and extra terms removed, and with the information on the CD that is not also in the presentation notebook removed.

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com
DSMDB.1863791.1

Tom Mavrakakis, Esq.
December 22, 2004
Page 2

       We request that you notify us immediately of whether you will comply with the foregoing.

Very truly yours,

DeAnna Allen

DA/edb

cc: Jonathan Weissglass, Esq.
    Gary Hoffman, Esq.