# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

August 12, 2005

**Teresa M. Corbin**
Partner
**T** 415.848.4944
**F** 415.848.4999
corbint@howrey.com

*VIA E-FILING AND HAND DELIVERY*

Hon. Edward M. Chen
United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, CA 94102

> **RE:    *Synopsys, Inc. v. Ricoh Company, Ltd.***
> ***Case No. C03-02289 MJJ (EMC)***
> ***Ricoh Company, Ltd. v. Aeroflex, Inc., et al.***
> ***Case No. C03-04669 MJJ (EMC)***

Dear Magistrate Judge Chen:

We represent Synopsys in Case No. C03-04669, and the Customer Defendants – AMI, Aeroflex, Aeroflex Colorado Springs, Matrox Tech, Matrox Electronic Systems, Matrox International, and Matrox Graphics – in Case No. C03-02289. We received a copy of the August 11, 2005 letter from Gary Hoffman to you, after it had already been filed.

We believe that this letter was inappropriate. First, the letter is replete with inaccurate and misleading statements, which we will not address here. Second, Mr. Hoffman's letter is in violation of your Standing Order, which provides that motions may be noticed on not less than thirty-five (35) days notice and which requires a declaration setting forth the final positions of each party following the conference of counsel. There are issues identified in Ricoh's letter, e.g., damages discovery, for which the meet and confer was not even complete and so there was no final position to be identified. Prior to the discovery stay taking effect in May of 2004, the parties had on a few occasions *agreed* to submit *joint letters* to your honor addressing discovery disputes. However, there was no general agreement that any and all disputes should be handled in this matter, there was never any agreement that one party could submit a letter ex parte as a means of resolving a discovery dispute, and there was certainly no order from the Court altering your standing order for this case. Therefore, we believe that Ricoh should withdraw its letter, and follow the proper procedure for discovery disputes.

Finally, after submitting a 40 page case management conference statement, the parties recently had two lengthy and in-depth case management conferences with Judge Jenkins, on July 13 and 22, 2005, wherein the parties and Judge Jenkins addressed many issues designed to narrow the issues in the case and to streamline discovery. For example, during these conferences, the parties reached several agreements as follows: 1) only Synopsys' logic synthesis products are at issue and not those of any of its competitors; 2) the Synopsys products at issue are those identified in the table on page 28 of the CMC statement; 3) a clarification as to certain

DM_US\8239999.v1



Hon. Edward M. Chen
August 12, 2005
Page 2

definitions, for example, the definition of "design library," was provided so that it was clear what was at issue and the parties could have a common understanding as discovery reopened.

During the July 13, 2005 Case Management Conference, we believe Judge Jenkins made it clear that he intended to "take discovery back" and handle discovery issues himself in this case. We believe this is important because of the discussions held and agreements reached during these conferences. Unfortunately, though Synopsys requested one, there was no court reporter in attendance at the conferences and there is no transcript of the proceedings. Many of the parties' discovery disputes stem from the fact that, from Synopsys' and the Customer-Defendants' perspective, many of Ricoh's discovery requests seek to ignore the agreements reached during the case management conferences by seeking discovery related to products beyond those at issue in this case and using different definitions than those discussed and agreed upon.

If the Court is inclined to hear a motion on these discovery issues, we request the opportunity to provide briefing, and to attend the hearing in person.

Very truly yours,

HOWREY LLP

By: /s/ _____
       Teresa M. Corbin
       Attorneys for Synopsys, Inc. and
         Aeroflex Incorporated, et al.