DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689

Writer's Direct Dial: (202) 828-2228
E-Mail Address: HoffmanG@dsmo.com

August 15, 2005

VIA E-FILING AND HAND DELIVERY

Magistrate Judge Edward M. Chen
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   Ricoh Co., Ltd. v. Aeroflex, et al. – No. C03-4669 MJJ (EMC)
      Synopsys, Inc., v. Ricoh Co., Ltd. – No. C03-2289 MJJ (EMC)

Dear Magistrate Judge Chen:

      We feel compelled to write in response to the August 12, 2005 letter from the Aeroflex Defendants and Synopsys in order to clarify two points.

      First, Ricoh's letter of August 11, 2005, was submitted pursuant to the process suggested by the Court in this case in the Spring of 2004 in order to simply and expeditiously resolve disputes.

      Second, in their letter, the Aeroflex Defendants and Synopsys fail to address that the critical issue in the dispute is over the timing of the discovery owed to Ricoh. As is apparent from the August 4, 2005 letter of the Aeroflex Defendants and Synopsys (Exh. 1), a vast majority of the issues to be resolved strictly concern the attempt to delay discovery until October 2005 (or later). Of the unresolved issues identified in Ricoh's letter of July 27, 2005, 15 of the 19 issues concern the Aeroflex Defendants and Synopsys' attempt to delay discovery (Item Nos. 3-7, 9, 11, 12 and 14-20). Yet, the Aeroflex Defendants and Synopsys never address this issue and instead make allegations about the scope of discovery arguing matters that are not in issue in Ricoh's letter.

      While Ricoh is not concerned whether these issues are resolved by Your Honor or Judge Jenkins, the schedule set by the Court is dependent on the parties cooperating in providing discovery and not unilaterally imposing delays in discovery. Ricoh is alarmed at the potential ability of the Aeroflex Defendants and Synopsys to use Court procedures as their own instrumentality of delay. Allowing the Aeroflex Defendants and Synopsys to utilize the 35-day motions procedure that they advocate would enable the Aeroflex Defendants and Synopsys to achieve their objective of delay regardless of the ultimate resolution of the dispute.

DSMDB.1968060.1

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com

Magistrate Judge Chen
August 15, 2005
Page 2

    Ricoh's counsel remains available for a personal hearing or a conference call at the Court's convenience.

                                     Respectfully,

                                     DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

                                   By: /s/_____
                                        Gary M. Hoffman
                                        Attorneys for Ricoh Company, Ltd.

cc:    Teresa Corbin (via PDF)

DSMDB.1968060.1

**EXHIBIT 1**



# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
T 415.848.4900
F 415.848.4999
www.howrey.com

August 4, 2005

*VIA FACSIMILE AND FEDERAL EXPRESS*

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC 20037-1526

      RE:    *Synopsys, Inc. v. Ricoh Company, Ltd.*
               *Ricoh Company, Ltd. v. Aeroflex, Incorporated, et al.*

Dear Ken:

      I am writing in response to your letter of July 27, 2005, regarding discovery. While we fully intend to fulfill our discovery obligations, we disagree with your characterization of such obligations as well as the arbitrary deadlines you attempt to unilaterally impose.

      The **tentative** end-of-August date for the production of documents was discussed in a meet and confer on June 13, and assumed that discovery would be reopened during the June 14 Case Management Conference ("CMC"). As you well know, that CMC was postponed until July 13, and the discovery stay was not lifted until July 22, 2005. Therefore, your attempt to enforce the original tentative date is simply unreasonable. Given the five week slip from June 14 to July 22, we will use our best efforts to produce the relevant documents by five weeks later than the previous end-of-August deadline, by October 7, 2005. Of course, we will produce documents on a rolling basis as we collect and process them.

      I will address your numbered points in order:

1. The library declarations submitted last Thursday make it clear that the only Customer Defendants that temporarily save some intermediate design libraries are Matrox Graphics and Matrox Tech. To the extent such items still exist, they will be produced with other design inputs and libraries for the products we agree upon from the list of products we will provide on August 15, 2005.

2. As agreed upon during the July 22, 2005 telephonic hearing, the Customer Defendants will provide a list of commercial products for which Design Compiler was used for logic synthesis, and the associated technology libraries, by August 15, 2005.

**HOWREY**LLP

Kenneth W. Brothers, Esq.
August 4, 2005
Page 2

3. Synopsys has provided the release notes that were found after a reasonable search.

4. We will put forth our best efforts to produce appropriate Initial Disclosure documents by October 7, 2005. The discussion in the Initial Disclosure documents about "where" design work is performed was limited to the Canadian Matrox entities.

5. During the July 13 CMC, the Court indicated that the discovery related to the § 271(g) motion was to be limited to the depositions of the two declarants. The Heynes deposition occurred on July 27, 2005, and the Olson deposition took place on August 2, 2005.

6. Our position is that the discovery for the marketing and sales of the ASIC chips hinges on the result of the § 271(g) motion. If the motion is successful, this discovery is moot.

7. We are unsure of exactly what you mean by the term "ASIC Methods." However, pursuant to our agreement at the July 22, 2005 telephonic hearing, the Customer Defendants are collecting information about their commercial products for which Design Compiler was used for logic synthesis, and the related libraries. The Customer Defendants will provide all relevant information for the agreed upon products, once such agreement is made. As discussed in the Customer Defendants' Declarations, most of this information is provided by Synopsys with the products in suit, and has already been produced to Ricoh.

8. We will produce patent applications, limited to those that are not privileged, only upon a showing of relevance.

9. Synopsys and the Customer Defendants will use their best efforts to update their responses to the document requests as appropriate by October 7, 2005.

10. As discussed with Gary Hoffman and DeAnna Allen on July 12, we have provided all of the contact information in our possession. We agreed to provide any other information we obtain promptly.

11. As also discussed with Gary Hoffman and DeAnna Allen on July 12, we did not have specific individuals in mind at the different companies. These companies simply were in a similar market, and therefore may have relevant prior art.

12. We will use our best efforts to supplement discovery, as appropriate, by October 7, 2005.

13. We will provide discovery on the products contained on page 28 of the Joint CMC Statement, as confirmed by our June 27, 2005 letter.

14. We will use our best efforts to supplement discovery, as appropriate, by October 7, 2005.

# HOWREY<sub>LLP</sub>

Kenneth W. Brothers, Esq.
August 4, 2005
Page 3

15. We will use our best efforts to supplement discovery, as appropriate, by October 7, 2005.

16. We will use our best efforts to supplement discovery, as appropriate, by October 7, 2005.

17. During the July 22, 2005 telephonic hearing, Gary Hoffman indicated that Ricoh would revisit the 30(b)(6) notices and modify them to be consistent with the current scope of the case. We await these modified 30(b)(6) notices.

18. After we receive a revised 30(b)(6) notice related to the Design Compiler source code, and have met and conferred on any objections we may have, we will identify the appropriate witnesses and notify you of their availability.

19. As indicated in point 17, we await the modified 30(b)(6) notices. After we receive them, and have met and conferred on any objections we may have, we will identify the appropriate witnesses and notify you of their availability.

20. We do not agree with your characterization of the statements made at the July 22 telephonic hearing on this issue, or in your July 27 letter, and are not sure how to clarify the issue beyond our previous statements distinguishing between the user perspective and the developer perspective. Notwithstanding the continued confusion, we believe the customer declarations exhaustively addressed this issue, and make it clear that such items are ones that Synopsys has previously produced.

21. We have previously confirmed this point.

22. The other 10% of the AMI inputs is VHDL.

23. In the production letters accompanying the documents we have produced since you first raised this issue, we have identified which parties produced which documents. Going forward we will use separate prefixes.

24. Please provide us with a list of the email addresses of all individuals you wish to receive such communications. Following our receipt of this list, we will distribute communications (excluding those which are unreasonably large) via email to the individuals on this list.

We are available for a meet and confer on discovery issues on either August 10, 2005 or August 15, 2005, from 10 AM to 1 PM California time.

Very truly yours,

Jaclyn C. Fink

DM_US\8232791.v1