**United States District Court**

For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8  SYNOPSYS, INC.,                          No. C-03-2289 MJJ (EMC)
                                            No. C-03-4669 MJJ (EMC)
9                  Plaintiff,

10       v.                                 **ORDER RE GUIDANCE AND MEET
                                            AND CONFER**
11 RICOH CO., LTD.,

12                 Defendant.
   _____/

13 RICOH CO., LTD.,

14                 Plaintiff,

15       v.

16 AEROFLEX, et al.,

17                 Defendants.

18 _____/

19

20        On August 30, 2005, the parties filed a thirty-eight-page, single-spaced letter regarding

21 discovery issues.  Having reviewed the letter, the Court hereby orders as follows.

22 A.    Adequacy of Meet and Confer

23        The Court finds that the parties' meet and confer was, once again, largely inadequate.  In

24 spite of the number of discovery disputes, the parties met and conferred for two hours only.  The

25 Court suspects that much more time and energy was spent in the crafting of the thirty-eight-page,

26 single-spaced letter than in the meet and confer itself.

27        Moreover, the parties managed to resolve virtually none of the discovery disputes.  Indeed,

28 for each of the parties so-called "resolved discovery disputes," they could not even provide a joint

**United States District Court**

For the Northern District of California

1    statement of the resolution of the dispute.  Furthermore, for some of the so-called "resolved

2    discovery disputes," there appears to be disagreement between the parties.

3         As for the so-called "remaining discovery disputes," the substance of the joint letter reflects

4    that the parties did not fully meet and confer.  For example, in category (B), Ricoh did not provide a

5    specific position on each of the various interrogatories and document requests at issue while

6    Synopsys and the Customer Defendants failed to address in any way the requests for admission.  In

7    addition, there are several "remaining discovery disputes" which the parties should have been able to

8    resolve on their own without the need for judicial intervention, *e.g.*, categories (E), (F), and (H).

9         Accordingly, the Court hereby orders that the parties shall appear in person for a meet and

10   confer to take place in the courthouse for the U.S. District Court of the Northern District of

11   California on **September 12, 2005, at 10:30 a.m.**  Either lead counsel or counsel with full and

12   complete authority on discovery matters shall attend.  The parties should be prepared to meet and

13   confer for the entire day and should be prepared to *fully* discuss their respective positions.  The

14   parties are forewarned that the meet and confer may be monitored by Court staff.

15        If, after the meet and confer, there are disputes remaining, then the parties shall file a joint

16   letter with the Court by **4:00 p.m., September 16, 2005**.  The Court expects the parties to resolve the

17   vast majority of disputes such that the joint letter shall be limited to a handful of issues for the Court

18   to decide.  The joint letter shall be no longer than fifteen, single-spaced pages.

19        The parties are hereby forewarned that, if the joint letter demonstrates that the parties

20   continue to be unable reasonably to resolve their differences, the Court will recommend to Judge

21   Jenkins that a special master be appointed with the compensation of the master to be paid by the

22   parties.  Accordingly, as part of the meet and confer, the Court orders the parties to discuss whether a

23   special master should be appointed and potential candidates for a special master.  On **September 16,**

24   **2005, by 4:00 p.m.**, the parties shall file an additional letter with the Court, addressing whether a

25   special master should be appointed and jointly proposing three or more candidates.  *See* Fed. R. Civ.

26   P. 53(b)(1) ("The court must give the parties notice and an opportunity to be heard before appointing

27   a master.  A party may suggest candidates for appointment.").  If the parties are unable to reach

28   agreement on the candidates, then each shall submit the names of three candidates.

United States District Court

For the Northern District of California

1    If a special master is deemed necessary, then the parties should be prepared to act

2    immediately by obtaining the consent of the special master selected (whether by the Court or by

3    stipulation of the parties) as well as his or her affidavit or declaration (as described below) and terms

4    of compensation.  Pursuant to Federal Rule of Civil Procedure 53(b)(3), before a master is

5    appointed, he or she must file an affidavit disclosing whether there is any ground for disqualification

6    under 28 U.S.C. § 455.  If a ground for disqualification is disclosed, the parties should be prepared to

7    indicate to the Court whether they consent, with this Court's approval, to waive the disqualification.

8    *See* Fed. R. Civ. P. 53(b)(3).

9    B.    Guidance re Meet and Confer

10    Although the Court finds that the meet and confer efforts were not adequate, it provides the

11    following guidance where it can to facilitate the parties' meet and confer efforts.

12    1.    Timing of Defendants'[1] Production of Documents

13    Judge Jenkins stayed discovery on the merits pending issuance of his claim construction

14    order.  That order was issued on April 7, 2005.  Thereafter, Judge Jenkins formally lifted the stay on

15    discovery on July 22, 2005, and ordered Ricoh to prepare its final infringement contentions by

16    October 17, 2005, and Defendants their final invalidity contentions by November 7, 2005.  Judge

17    Jenkins also ordered that fact discovery close on January 27, 2006, and expert discovery on March

18    31, 2006.

19    Defendants indicate that they will make their best efforts to produce documents by October 7,

20    2005, and that production on a quicker basis is not possible because the document collection effort

21    will involve travel to approximately a dozen locations and meetings with more than seventy people.

22    Given that Ricoh's final infringement contentions are due by October 17, 2005, either Defendants

23    should produce documents by an earlier date or agree to a postponement of the schedule for final

24    infringement and invalidity contentions.  Of course, given the trial schedule set by Judge Jenkins,

25    final infringement and invalidity contentions cannot be postponed by more than three or four weeks.

26

27

28    [1] Hereinafter the Court uses the word "Defendants" to refer to Synopsys and the Customer Defendants collectively.

**United States District Court**

For the Northern District of California

2.  <u>Timing of Defendants' Supplementation of Initial Disclosures, Responses to Interrogatories, and Requests for Admission</u>

a.  <u>Timing</u>

With respect to timing, the Court reiterates the same as above -- *i.e.*, given that Ricoh's final infringement contentions are due by October 17, 2005, either Defendants should produce documents by an earlier date or agree to a postponement of the schedule for final infringement and invalidity contentions.

a.  <u>Substantive Dispute re Initial Disclosures</u>

Defendants should provide any contact information it has for any of the witnesses identified in their initial disclosures, regardless of whether that information is known to the clients or their lawyers.

b.  <u>Substantive Disputes re Responses to Interrogatories</u>

To the extent Defendants' responses to interrogatories invoke Federal Rule of Civil Procedure 33(d), the responses must "specify the records from which the answer[s] may be derived or ascertained and . . . afford to [Ricoh] reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.  A specification shall be in sufficient detail to permit [Ricoh] to locate and to identify, as readily as can [Defendants], the records from which the answer may be ascertained."  Fed. R. Civ. P. 33(d).

To the extent Defendants originally objected to the interrogatories because no *Markman* ruling had been issued, that objection is now moot.

To the extent Defendants objected on other grounds, the parties should meet and confer regarding those objections.  With respect to the objection on multiple subparts, the Court notes that, as a general matter, a single interrogatory that asks the responding party to provide information supporting the denial of *each* request for admission in a set should be construed as multiple interrogatories.  *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 446 (C.D. Cal. 1998) ("[A]n interrogatory that asks the responding party to state [1] facts, [2] identify witnesses, or [3] identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission

**United States District Court**

For the Northern District of California

1  contained in the set.").  Also, in general, a single interrogatory that asks for information with respect

2  to each paragraph in a complaint or answer should be considered multiple interrogatories.  *See*

3  *Bujnicki v. Am. Paving & Excavating, Inc.*, No. 99-CV-0646S(Sr), 2004 U.S. Dist. LEXIS 8869, at

4  *24 (W.D.N.Y. Feb. 25, 2004) (indicating that interrogatory that asked for factual basis of each of

5  defendant's twelve affirmative defenses would contain discrete subparts).  Finally, a single

6  interrogatory that asks the responding party to describe both facts and documents should generally be

7  considered two interrogatories.  *See Willingham v. Ashcroft*, 226 F.R.D. 57, 60 (D.D.C. 2005)

8  (concluding that a demand for information and a demand for documents pertaining to that event are

9  "two distinct demands because knowing that an event occurred is entirely different from learning

10  about the documents that evidence it occurred"); *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684,

11  686 (D. Nev. 1997) (stating that interrogatory that asked for description of qualifications and

12  description of documents in which qualifications articulated constituted two interrogatories).

13      *Safeco* as well as *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658 (D. Kan. 2004),

14  provide general standards relied upon by courts in determining whether an interrogatory contains

15  discrete subparts (*e.g.*, whether subparts are logically or factually subsumed or related to primary

16  question, whether subparts are directed at eliciting details regarding a common theme).

17                c.    Substantive Dispute re Requests for Admission[2]

18      To the extent Defendants originally objected to the requests for admission because no

19  *Markman* ruling had been issued, that objection is now moot.

20                d.    "Previous" Document Requests

21      The parties should meet and confer regarding Defendants' objections to the "previous"

22  document requests.  The parties should group or categorize the document requests so as to facilitate

23  presentation to the Court.

24                e.    "New" Document Requests

25      The parties should meet and confer on a production date for the "new" document requests.

26  Federal Rule of Civil Procedure 34 contemplates that a requesting party specify a "reasonable time"

27

28      [2] The parties did not provide the Court with a copy of either the requests for admission or the responses thereto.

**United States District Court**

For the Northern District of California

1  for the production of documents.  Fed. R. Civ. P. 34(b).  What is a reasonable time will vary

2  depending on the circumstances.  In general, the Court shall presume that thirty days (*i.e.*, the same

3  time that written responses to the document requests are due) is a reasonable time unless the scope of

4  the document requests is so expansive that the production cannot practically be accomplished within

5  that time period.

6      3.    Defendants' Refusal to Produce Relevant and Responsive Documents

7          a.    Documents Related to Manufacturing

8      Defendants have presented no concrete evidence showing that Judge Jenkins intended to stay

9  discovery related to the § 271(g) claim -- including documents related to the relationship between the

10  Customer Defendants' design of ASICs and the manufacture of those ASICs -- until ruling on

11  Defendants' motion for summary judgment on the § 271(g) claim.[3]  (Currently, the motion for

12  summary judgment is set for hearing on November 1, 2005.)

13      As for documents related to manufacturing generally, which Ricoh argues are relevant

14  regardless of how Judge Jenkins resolves the motion for summary judgment, the Court agrees with

15  Ricoh that the manufacturing of ASICs may provide information about their design even though, as

16  pointed out by Defendants, Judge Jenkins concluded in his claim construction order that the patented

17  invention is the process of designing ASICs rather than the process of manufacturing them.  *See* MJJ

18  ──────────────

19      [3] Section 271(g) provides:

20          Whoever without authority imports into the United States or offers to sell,
           sells, or uses within the United States a product which is made by a
21          process patented in the United States shall be liable as an infringer, if the
           importation, offer to sell, sale, or use of the product occurs during the
22          term of such process patent. In an action for infringement of a process
           patent, no remedy may be granted for infringement on account of the
23          noncommercial use or retail sale of a product unless there is no adequate
           remedy under this title for infringement on account of the importation or
24          other use, offer to sell, or sale of that product.  A product which is made
           by a patented process will, for purposes of this title, not be considered to
25          be so made after--

26          (1)    it is materially changed by subsequent processes; or
27          (2)    it becomes a trivial and nonessential component of another
                 product.

28  35 U.S.C. § 271(g).

**United States District Court**

For the Northern District of California

1  Order of 4/7/05, at 7.  On the other hand, this does not give Ricoh free license to any and all

2  documents related to manufacture; any document request should be specifically and narrowly

3  tailored.

4              b.        Documents Related to Sales and Marketing

5        Defendants argue that documents related to sales and marketing are irrelevant as a matter of

6  law.  That, however, is a matter for Judge Jenkins, not this Court, to decide.  So long as there is a

7  reasonable basis for Ricoh to argue that the documents are relevant to its damages claim, then the

8  discovery will be permitted to proceed.  The Court shall grant Defendants' request to provide further

9  briefing on this issue, especially since this discovery is not needed by Ricoh for its final infringement

10  contentions or Defendants for their final invalidity contentions.

11        Ricoh shall file its opening brief moving to compel documents related to sales and marketing

12  by September 16, 2005; Defendants shall file their opposition by September 23, 2005; and Ricoh

13  shall file their reply by September 28, 2005.  The Court shall hold a hearing on the motion to compel

14  on **October 14, 2005, at  3:00 p.m.**

15              c.        Documents Related to ASIC Methods

16        The parties should further meet and confer as to the scope of what is covered by the term

17  "ASIC Methods."  Defendants, for instance, assert that documents related to "ASIC Methods"

18  should be limited to documents that relate specifically to logic synthesis using the products in suit.

19  Defendants also contend that documents related to back-end design are irrelevant.

20        As to Ricoh's contention that Defendants are not producing e-mails and other internal

21  documents, the Court's expectation is that such documents should be produced unless they are not

22  relevant.

23        4.        Defendants' Refusal to Produce or Even Identify Their Patents and Patent

24                  Applications Relating to ASICs and Logic Synthesis

25        Regarding patents, the parties should further meet and confer regarding scope -- *i.e.*, whether

26  only patent applications related to logic synthesis should be produced rather than the broader

27  category of ASICs in general.  Although the patents are publicly available, that does not mean that

28  Ricoh cannot seek them from Defendants so long as they in the possession, custody, or control of

**United States District Court**

For the Northern District of California

1  Defendants and in the absence of any undue burden on Defendants in producing the patents.

2  Defendants have not adequately demonstrated any undue burden in producing their patents,

3  especially if the production is limited in scope.

4       As for patent applications, the parties should again further meet and confer regarding scope --

5  *i.e.*, whether only patent applications related to logic synthesis should be produced rather than the

6  broader category of ASICs in general.  Moreover, the parties should further meet and confer so as to

7  address Defendants' position that there is a heightened relevancy standard for pending patent

8  applications.

9       5.    Defendants' Refusal to Schedule Depositions or Even Commit to Follow the Process

10           They Proposed in April 2004 for Deposition Discovery

11      The parties should be able to resolve this issue without Court intervention, taking into

12  account the fact discovery cut-off of January 27, 2006, and the requirement of Federal Rule of Civil

13  Procedure 30(b) that "reasonable notice" shall be given.

14      6.    Defendants' Refusal to Commit to Produce Documents in a Manner that Ricoh's

15           Counsel Can Access

16      The parties should be able to resolve this issue without Court intervention.

17      7.    Defendants' Failure to Preserve Relevant Documents and Refusal to Instruct Their

18           Clients to Preserve Those Documents Going Forward

19      The parties should further meet and confer on this issue, *e.g.*, to determine whether, as

20  Defendants claim, only Matrox Graphics and Matrox Tech use the intermediate files and to

21  determine whether the intermediate files that were purged can be regenerated with relative ease.  The

22  Court is inclined to agree with Ricoh that, in the future, Defendants should not purge the

23  intermediate files without preserving a copy for litigation.

24  ///

25  ///

26  ///

27  ///

28  ///

**United States District Court**

For the Northern District of California

1      8.    <u>Different Understandings as to Agreements Reached and Ricoh's Refusal to Allow</u>

2          <u>Transcripts</u>

3      The parties should be able to resolve this issue without Court intervention.  For example,

4  instead of having a court reporter present, the meet and confer could simply be (audio) taped.

5

6      IT IS SO ORDERED.

7

8  Dated:  September 8, 2005

9                                  EDWARD M. CHEN
                                  United States Magistrate Judge