September 16, 2005

<u>**VIA ELECTRONIC FILING**</u>

Honorable Edward M. Chen
United States Magistrate Judge
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: Ricoh v. Aeroflex, et al., Case No. CV-03-4669 MJJ (EMC)
    Synopsys v. Ricoh, Case No. CV-03-2289 MJJ (EMC)

Dear Judge Chen:

    Pursuant to the Court's Order of September 8, 2005, the parties submit the following report on discovery disputes. For simplicity, "Defendants" refers to all of the Aeroflex et al. Defendants as well as Synopsys.

    On September 12, 2005, the parties met and conferred in Your Honor's courtroom, with the participation of Ken Brothers and DeAnna Allen for Ricoh, and Terry Corbin, Denise DeMory, Matthew Greinert and Synopsys in-house counsel Erik Oliver for Defendants. The meet and confer was in person, and lasted from 10:30 a.m. until after 7:00 p.m. Since then, counsel for the parties have had numerous follow-up meet and confers by letter, telephone and email. The parties have been able to resolve a large number of issues, and are still working on resolving two additional issues, which are not addressed in this letter. Once those issues are resolved, the parties intend to memorialize their agreements in writing.

    Following is a description of the remaining discovery disputes.

    **A. Defendants' refusal to produce documents relating to the design of the ASIC chips at issue.**

    1. Ricoh's Position. This issue was part of topic C of the August 30 joint letter. There, Ricoh explained that Defendants are refusing to produce emails and other internal documents relating to their use of ASIC Methods, including the input specifications. D.I. 326, at 25-26. In the September 8 Order, the Court instructed Defendants to produce these documents: "As to Ricoh's contentions that Defendants are not producing e-mails and other internal documents, the Court's expectation is that such documents should be produced unless they are not relevant." D.I. 333, at p. 7.

    In the August 30 joint letter, Ricoh explained that, one of the fact issues that exists in light of the claim construction order is whether the nature of Defendants' inputs use a form of RTL covered by claims 13-17 of the '432 patent, or whether it is a form of RTL that is described in the prior art Darringer patent. At the September 12

Honorable Edward M. Chen
September 16, 2005
Page 2

meet and confer, counsel for Defendants stated that their clients would only produce the inputs themselves, and none of the emails or other internal documents relating to those inputs.

      Documents relating to the design of the ASICs are relevant for many reasons. They will show how the various ASIC Defendants identified the functions of the ASIC that they were intending to design. The documents will reflect how each of the ASIC Defendants evaluated the process by which they would design the chip, including a decision of whether they would use the relevant Synopsys tools due to benefits of such tools as compared to someone else's tools. The documents will reflect how the ASIC design team set forth the functions of the chip, and whether they use "architecture independent actions and conditions" as construed by Judge Jenkins. The documents will reflect Defendants' internal view independent of litigation positions as to the nature of the VHDL and Verilog inputs that they utilize. The documents will reflect how design and manufacturing are inextricably intertwined, because very early in the design process, the ASIC designer must identify the foundry where the chip will actually be manufactured, then use the "target libraries" that will work with that foundry's manufacturing process. Ricoh fully expects that the documents will include information that will further cement this fact, such as the Defendants' communications with the foundry; assessments or evaluations of the manufacturability of the ASICs being designed; and assessments or evaluations of foundry or manufacturing capabilities. The internal working documents will demonstrate the back-and-forth relevant to how the infringing chips are designed and built. Although these issues are hotly contested, Defendants are simply refusing to collect and produce these documents.[1]

      These documents are required to be produced pursuant to the following requests:

      Request No. 4:  Produce all documents concerning ASIC Methods performed by, on behalf of, or otherwise under the direction of Defendant.

      Request No. 5: Produce all documents concerning the conception, design, development, manufacture or sale of each of Defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data

---

[1] Although Defendants contend Ricoh did not argue to this Court (in the August 30, 2005 joint letter) that the design-related documents discussed herein were relevant to damages, Ricoh explained its position in detail during the parties' September 12, 2005 meet and confer. Defendants appear to link their contentions to their §271(g) arguments, which the Court has already ruled do not provide a basis to avoid discovery. In their portion of this letter, Defendants make the circular argument that the proximate relationship between design and manufacture is not relevant; and this alleged lack of relevance is illustrated by Ricoh's supposed failure to cite in the §271(g) papers evidence of Defendants' deliberative pre-functional specification process. But Ricoh cannot cite evidence that it does not have, and Defendants have refused to produce any discovery on the deliberative pre-functional specification process. Ricoh's §271(g) opposition included the evidence that was available to it to defeat the motion; it did not state that there was no other relevant evidence on the issue.

Honorable Edward M. Chen
September 16, 2005
Page 3

sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings.

During the September 12 meet and confer, <u>Defendants conceded that these documents were relevant</u>, but argued that they were cumulative, since they would be producing the actual inputs. Defendants argue that the documents are cumulative even though they have not actually collected and reviewed those documents! Instead, Defendants insist that all they should be required to produce are the actual inputs themselves – the Verilog or VHDL inputs.

Defendants are mistaken. The documents that Ricoh seeks are not cumulative of the Verilog or VHDL inputs. These inputs are not "speaking" documents, but are computer code. The inputs cannot be readily understood by a jury. The inputs will not contain the types of admissions that jurors can understand. The inputs will not show how the ASIC Defendants evaluated different methods of ASIC logic synthesis, nor will they show the proximate relationship between design and manufacture. Documents relating to the design of the ASICs are as relevant as any design documents, whether they are a blueprint for a building or the preparation of a contract. A Defendant cannot evade the production of those related documents in discovery, since they often contain relevant evidence.

As the Court's law clerk reminded the parties during the September 12, 2005 meet and confer, the relevance threshold under the Federal Rules is low, and undue burden must be shown with particularity. This view is in accord with established case law. *Deloizer v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D. Tenn. 1986)(extensive labor and expense in response to a relevant discovery request is insufficient to require the denial of the motion to compel as unduly burdensome); *Rhone-Poulenc Roper Inc., v. Etna Cas. & Sur. Co.*, 1991 WL 111040, *1-2 (E.D. Pa. June 17, 1991) (simply because a discovery request is costly or time consuming is not sufficient of a reason to excuse a party from compliance with discovery obligations). Defendants have made no showing of undue burden, even though the Court's law clerk specifically informed them that they would be obligated to do so by today.

In a tacit admission that the emails and other internal documents sought by Ricoh are relevant, Defendants argue that it would be an undue burden for them to provide such information. This misplaced argument is based solely on the number of employee interviews that Defendants would have to conduct. Defendants do not explain why or how interviewing their own employees is unduly burdensome. Nor do Defendants explain their failure to conduct such interviews during the more than two years in which the relevant discovery requests have been pending. Defendants' failure to collect responsive information – including their failure to properly interview their own employees in this regard – is the result of Defendants' conscious attempt to avoid discovery. Defendants should not be allowed to bootstrap their calculated refusal to gather responsive documents into an undue burden argument. *In re Verisign, Inc. Securities Litigation*, 2004 WL 2445243 (N.D. Cal. March 10, 2004) (affirming order to compel, noting that defendants cannot claim that their previous failure to comply with discovery requests creates an undue burden now).

Honorable Edward M. Chen
September 16, 2005
Page 4

With respect to email, Defendants' footnote in the present letter regarding email discovery efforts is misleading. Defendants *never* proposed any email search terms to Ricoh; and Ricoh never declined to agree to any such terms. To the contrary, Ricoh's counsel had repeatedly raised the issue of electronic searches, and on August 31, 2005, sent a detailed letter to Defendant's counsel addressing the issue. (Ex. 1, 8/31/05 K. Brothers letter to T. Corbin.) Defendants have *never* responded to that letter. During the parties' September 12 and 14, 2005 meet and confers, Ricoh repeatedly attempted to address the issue, especially within the context of Defendants' email systems, but Defendants stated they were not prepared to discuss details of the email search process.

2.  Customer Defendants' Position.   Ricoh's Section A makes a mockery of the meet and confer process. Ricoh's comments and, in particular, its heading are extremely inflammatory, inaccurate and bear no relationship to the substantial efforts made to compromise and reach agreement on the numerous discovery disputes between the parties, notwithstanding serious concerns on the part of Synopsys and the Customer Defendants as to the relevance of much of the requested information especially as compared to the burden to produce it. Other than the question of which interrogatories the Customer Defendants need to supplement, which is discussed in Section B below, the only remaining dispute, after several additional hours of conferences between counsel, relates to documents regarding the deliberative planning process ("conception" documents) that proceeds the formulation of an actual specification for any particular ASIC. Contrary to Ricoh's statements, the Customer Defendants have not refused to produce documents relating to the design of the ASIC chips at issue. In fact, they have already agreed to produce all of the actual inputs, outputs, and relevant libraries for each of the 85 ASICs at issue, as well as to search for relevant e-mails. The only issue that actually remains is whether the Customer Defendants will search for and produce electronic and hard copy documents and e-mails from each person identified in the deliberative process that goes into planning what ultimately became each of the 85 commercial ASICs that Ricoh now claims are at issue in this case. For example, Ricoh wants all documents relating to the deliberations of what kind of chip the defendant wants to make, what functionality the hypothetical ASIC might have, what target technology libraries might be used, etc. Since only the __actual__ inputs, libraries and outputs of the chip produced can bear on the infringement question, the requested information is completely irrelevant.

Notably, Ricoh never discusses the actual claims at issue. The relevant asserted claims are 13 and 14. The first step in claim 13 is the step of "storing a set of definitions of architecture independent actions and conditions." The last step is "generating . . . a netlist defining the hardware cells which are needed to perform the desired function of the integrated circuit . . ." Claim 14 requires further manipulation of the output of Claim 13. The claims thus demonstrate that the deliberative process prior to actually storing a set of actions and conditions that specify the actual functional characteristics of the intended ASIC is completely irrelevant to infringement. For purposes of infringement – no matter what type of confusion Ricoh tries to create – what matters is what goes into the Synopsys products at issue, what the Synopsys

Honorable Edward M. Chen
September 16, 2005
Page 5

products do with those inputs, and what comes out.  The Customer Defendants have already agreed to provide all inputs, and outputs, and the relevant libraries used by the Synopsys products during logic synthesis.  Synopsys has already provided access to, and all documentation associated with the tools themselves, including the source code.  Accordingly, Ricoh has what it needs to prove – or fail to prove – that the Synopsys products, as used by the Customer Defendants infringe the '432 patent.  These documents that are the subject of this dispute are not relevant to infringement, period.

The only relevance argument Ricoh previously asserted, and reasserts now, is that "[o]ne of the fact issues that exists in light of the claim construction order is whether the nature of defendants' inputs use a form of RTL that is disclosed in the '432 patent, or whether it is a form of RTL that is described in the prior art Darringer patent."  August 30, 2005 letter at 25-26.  This is a red-herring.  Ricoh is getting the inputs.  It will directly be able to ascertain whether they are Darringer-like, or not.[2]  This relevance argument is contrived, at best.

Even if the Court finds these documents tangentially relevant, it should deny Ricoh's request to compel on burden grounds.  As mentioned above, the products at issue are 85 commercial ASICs that have been designed at some point since 1997, the start of the damages period.  In terms of the Matrox defendants alone, over 40 employees have already been interviewed to collect all the relevant final input, output, and other requested information.  It is estimated that at least this many employees would have to be interviewed again at the Matrox entities alone to begin to collect the additional information that is the subject of this dispute.[3]  The situation will be the same for the other Customer Defendants.  Accordingly, the burden clearly outweighs the relevance, and Ricoh's request to compel production should be denied.

Turning now to several of Ricoh's specific arguments, we note that all of the issues relating to Document Request 4 and all of the issues regarding Document Request 5– except the limited issue of documents relating to the deliberative process that goes into planning for an ASIC (the group discussions that precede actual design as discussed above) – were fully resolved by agreement and stipulation.  Ricoh appears to be seeking a second bite at the apple at every turn.  Notwithstanding its representations that it would forgo or limit certain discovery requests in exchange for agreements to

---

[2] Even if this was not a red herring, the meet and confer process has revealed that this is not what Ricoh is after.  Indeed, the Customer Defendants are independently conducting an e-mail search.  The customer defendants offered to include search terms – with Ricoh's agreement – that would capture such documents.  Ricoh declined to agree to such terms, and instead chose to press as to all input related documents without any reasonable narrowing of its request.

[3] Given the short time available and the significant time that has been devoted to attempting to resolve outstanding disputes, there has been inadequate time to prepare and submit specific burden declarations.  If the Court is inclined to grant Ricoh's request to compel, the Customer Defendants request a brief extension of time until Wednesday, September 21, 2005 to submit such declarations.

Honorable Edward M. Chen
September 16, 2005
Page 6

produce information to address its substantive concerns (such as the alleged linkage or proximity between design and manufacturing), Ricoh now appears to be seeking an order that would enable it to compel a broad production of documents that it already agreed to forego. This is significant in that it will certainly derail the meet and confer process going forward. Ricoh should not be allowed to go back on its express agreements.

With regard to Document Request No. 4, Ricoh agreed that all issues regarding this request had been resolved. The dispute relating to Request 4 was the overbroad definition of "ASIC Methods." The parties agreed that ASIC Methods, for purposes of infringement, would be construed as "logic synthesis," i.e., the translation of the input into a netlist. Because Ricoh had concerns about applying this definition to requests that, in its view, did not relate to infringement, Ricoh agreed to identify requests that included the term "ASIC Method" as to which the definition "logic synthesis" might be too narrow. As part of the parties Wednesday continued meet and confer, Ricoh included Request No. 4 in its list of requests as to which the definition "logic synthesis" might be too narrow as follows:

> For infringement purposes, the ASIC defendants have identified the relevant libraries and ASIC chips, and Ricoh has identified the relevant Synopsys tools. Because certain of Ricoh's document requests use "ASIC Method" as a defined term to refer to both those definitions, as well as certain non-infringement information such as invalidity, we agreed that Ricoh would identify those document requests so we could discuss scope issues at this afternoon's meet and confer. We believe that the only remaining document requests that may have any such unresolved issues regarding "ASIC Methods" are nos. 3, 4, 7, 16, 29, and 33 of Ricoh's first set of document requests to the ASIC defendants . . . We will be prepared during this afternoon's meet and confer to discuss a mutually agreeable definition of "ASIC Method" for those requests. Ex. 14 (9/14/05 K. Brothers Letter to T. Corbin).

In a call discussing this letter, Ricoh agreed the parties had <u>fully resolved all issues relating to Document Request No. 4</u> (as well as all the other requests described in the preceding paragraph) provided that the Customer Defendants agree to provide declarations describing the process from net lists to mask data and agree to produce any prior art that might ultimately be covered by these requests if the Customer Defendants chose to assert such prior art. (MS. CORBIN:   Alright, so we're construing this as ASIC method/logic synthesis. MR. BROTHERS: Subject to our discussion with the – MS. CORBIN: With respect to prior art – MS. DE MORY: And the stipulation – MR. BROTHERS: And subject to both our discussion with respect other prior and our discussion with respect to the – MS. CORBIN: The declaration. MR. BROTHERS: Yeah, netlist to declaration – or netlist to mask data. Now I'm getting tongue-tied. Okay. That's our first paragraph [referring to quoted paragraph from Ex. 14].)   Thus, all issues regarding Request 4 were resolved, and Ricoh's attempt to compel further response should be denied.

Honorable Edward M. Chen
September 16, 2005
Page 7

Likewise, the disputes relating to most of the categories of documents requested in Request No. 5 were fully resolved. Request No. 5 seeks production of "all documents concerning the conception, design, development, manufacture or sale of each of Defendant's ASIC Products, including, but not limited to, design flow diagrams, specifications, data sheets, schematics, flowcharts, drawings, sketches, laboratory notebooks, diaries, notes and/or manufacturing drawings." All disputes relating to topics ranging from the output of Synopsys design tools at issue through the ASIC manufacturing process have been resolved by virtue of the additional agreed to Customer Declarations. The points to be addressed in the declaration were specifically expanded to include statements regarding the use of mask data to produce masks and the use of masks in ASIC manufacture, specifically to eliminate the need for the Customer Defendants to produce documents relating to manufacturing or the link or proximity between design and manufacture, as discussed more fully below. In addition, the dispute regarding sales information has likewise been resolved; the Customer Defendants have agreed to produce certain summary ASIC sales data on a quarterly basis. Thus, given the clear progression of topics set forth in Document Request No. 5 (from conception to sale), every category of documents requested in No. 5, except "conception," has been resolved.

Even with regard to Ricoh's alleged relevance theories, significant concessions have already been made to address Ricoh's concerns. For example, the Customer Defendants already agreed to produce internal documents relating to the Synopsys tools at issue, including documents that relate to cost savings as a result of using the Synopsys products in suit. Thus, Ricoh's relevance argument that the documents it now requests will "reflect how each of the ASIC Defendants evaluated the process by which they would design the chip, including a decision of whether they would use the relevant Synopsys tools due to benefits of such tools as compared to someone else's tools" has been resolved.

Similarly, the relevance theory relating to the link between design and manufacturing has already also been resolved. The additional Customer Declarations mentioned above will include the following language "The netlist is used to produce GDSII files. GDS II files are used to produce mask data. Mask data are used to create photomasks. Photomasks are used by a foundry for purposes of production of the ASIC."[4] The Customer Defendants agreed to provide the declaration to avoid

---

[4] The Customer Defendants agreed to provide such a declaration only on the condition that it was in lieu of the production of documents relating to the multiple other design processes that are used to convert a netlist into mask data and any manufacturing documents. In contravention of the agreement, Ricoh's section addressing this issue now states that it expects production of "communications with the foundry; assessments or evaluations of the manufacturability of the ASICs being designed; and assessments or evaluations of foundry or manufacturing capabilities." These categories of documents were not even discussed but they certainly would be encompassed by the manufacturing documents that Ricoh agreed to forego in order to obtain the Customer Defendants' declaration as stated above. Moreover, the Customer Defendants already

Honorable Edward M. Chen
September 16, 2005
Page 8

production of manufacturing related documents, which Ricoh had argued was relevant to show the link between design and manufacture.  Ricoh should not now be able to seek additional document under the guise of needing to prove up something as to which the parties have already agreed meets Ricoh's needs as to its alleged link theory.[5]

Accordingly, Ricoh's request to compel further responses to Document Requests Nos. 4 and 5 should be denied because all issues – except the "conception"/deliberative process issue – have been resolved, and the conception/deliberative process documents are irrelevant.

## B.  Defendants' refusal to supplement their interrogatories.

1.  Ricoh's Position.  Ricoh has asked Defendants to supplement 10 numbered interrogatories.  In light of the Court's comments regarding subparts, Ricoh narrowed those interrogatories to comprise no more than 22 interrogatories, when including subparts, to each ASIC Defendant.

Ricoh's infringement action was originally filed in Delaware.  On May 30, 2003, Ricoh served Defendants with one set of 10 common interrogatories.  (Ex. 2.)  Pursuant to Delaware Local Rule 26.1(b), that court allowed 50 interrogatories (including subparts) per party.  Defendants responded on June 30, 2003.  (Ex. 3 - 8.)  Defendants Aeroflex, Inc., Matrox Tech, and AMIS supplemented on January 9, 2004.  (Ex. 9 - 11.)  None of those responses contained specific objections that Ricoh has exceeded the number of interrogatories and only recently have the Defendants decided to raise a specific objection.  To the extent that Defendants are now complaining that there are too many interrogatories, this objection has been waived.  *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104 (W.D. N.C. 1993) (treating respondent's initial interrogatory responses as a waiver of the limit on interrogatories, and finding that respondent should have presented its objections to the

---

provided declarations identifying which foundry's target library was used for each of the commercial ASICs at issue.

[5] And, to the extent that Ricoh's is now attempting to expand its "direct link" relevance argument, the substance of this relevance argument can summarily rejected as applied to the "deliberative process".  Ricoh never once points to deliberative pre-functional specification process, nor submits any evidence regarding this deliberative process, in support of its opposition to the 271(g) motion, where the direct link it its mantra.  For example, Ricoh the declaration of Dr. Rhyne in support of its opposition.  Like the asserted claims, Dr. Rhyne starts his discussion with "A.  Describing a series of functions" and moves to "B.  Performing Logic Synthesis."  *See* 2/24/04 Declaration of Thomas V. Rhyne at ¶10 (resubmitted 8/23/05).  Dr. Rhyne does not talk the deliberative process.  Similarly, Dr. Ricoh submitted the declaration of its employee, Mr. Yamada.  Mr. Yamada says "[i]n my experience, a typical process used to manufacture an ASIC begins with the creation of a written specification describing the desired functions to be designed by the ASIC."  *See* 2/6/04 Declaration of Takamitsu Yamada at ¶3 (resubmitted 8/23/05).  Mr. Yamada similarly does not mention the "deliberative process."   If this information were relevant – it is available to Ricoh, and Ricoh could have provided it in opposition to the 271(g) motion instead of sending the Customer Defendants on a fishing expedition.

Honorable Edward M. Chen
September 16, 2005
Page 9

number of interrogatories to the Court before answering); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. OH 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."); *cf. Federal Procedure* § 26:414 (L. Ed. 2005) ("A voluntary answer to an interrogatory constitutes a waiver of any objections to that interrogatory.").  This is especially true because defendants voluntarily supplemented these interrogatories 20 months ago after the case was transferred.  Because Defendants initially answered the interrogatories, they are under a duty to supplement pursuant to Rule 26(e).

Ricoh has requested that the Defendants supplement their interrogatory responses in view of the passage of time and Judge Jenkins' Claim Construction.  Based upon the guidance provided this Court's September 8, Order, Ricoh narrowed its requests.  Specifically, Ricoh: eliminated interrogatory 6; narrowed interrogatory 7 to drop requests relating to most of the paragraphs of the Amended Complaint; and narrowed interrogatory 10 to drop most of Ricoh's Requests for Admission.  The interrogatories that Ricoh seeks supplementation are as follows:

- Interrogatory No. 1, which generally is directed to facts regarding Defendants' organizational structure.

- Interrogatory No. 2 is generally directed to facts regarding ASIC Products designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of Defendants.[6]  Defendants argue that this interrogatory represents multiple interrogatories because it may require responses for multiple products.  Ricoh disagrees.  Although a given Defendant's response may include a substantial amount of information, Interrogatory No. 2 is a single interrogatory.

- Interrogatory No. 3 is generally directed to facts regarding the steps of Defendants' ASIC Method used to design the ASIC Products identified in response to interrogatory 2.

- Interrogatory No. 4 is generally directed to facts regarding individuals in research and development, design manufacturing, testing, sales or marketing of the ASIC Products identified in response to interrogatory 2.

- Interrogatory No. 5 is generally directed to facts regarding individuals who participated in performing an ASIC Method for the ASIC Products identified in response to interrogatory 2.

- Interrogatory No. 7 is generally directed to facts and documents regarding individuals having knowledge or information concerning Defendants' response to the Amended Complaint.  In light of the Court's direction, Ricoh has

---

[6] Based on direction from Judge Jenkins, between August 15 and August 16, 2005, the ASIC Defendants provided Stipulations To Representative Products that list the ASIC products for which Design Compiler was used for logic synthesis.  The products specified in these declarations (as may be supplemented) are the ASIC Products at issue.

Honorable Edward M. Chen
September 16, 2005
Page 10

narrowed the number of Amended Complaint paragraphs applicable to interrogatory 7 for each Defendant. Ricoh seeks supplemental responses from Aeroflex to Amended Complaint paragraphs 17, 20 and 21; from AMIS to Amended Complaint paragraphs 23, 26 and 27; from Matrox Electronic Systems to Amended Complaint paragraphs 29, 32, and 33; from Matrox Graphics to Amended Complaint paragraphs 35, 38 and 39; from Matrox Int'l to Amended Complaint paragraphs 41, 44 and 45; from Matrox Tech to Amended Complaint paragraphs 47, 50 and 51, and from Aeroflex Colorado Springs to Amended Complaint paragraphs 53, 56, and 57.[7] Ricoh expects the responses to correlate the identified individuals to the Amended Complaint paragraph for which the response is provided. As directed by the Court, because Interrogatory No. 7 seeks both facts and documents, each interrogatory directed to each applicable paragraph constitutes two interrogatories; thus Interrogatory No. 7 represents a total of six interrogatories to each ASIC Defendant.

- Interrogatory No. 8 is generally directed to facts regarding individuals who can testify about Defendants' marketing activities for the ASIC Products identified in response to interrogatory 2.

- Interrogatory No. 9 is generally directed to facts and documents regarding Defendants' document handling (e.g., retention) procedures and policies. Based on the Court's direction, because it seeks facts and documents, it constitutes two interrogatories.

- Interrogatory No. 10 is generally directed to documents regarding Defendants' denial of requests for admission. In light of the Court's direction, Ricoh has narrowed the number of applicable requests for admission and no longer requests fact-related statements (i.e., Ricoh seeks only identification of documents). Ricoh seeks responses from each ASIC Defendant identifying the associated documents (but not identifying the reason for the denial) for each of Request For Admission 9-16. Ricoh expects the responses to correlate the identified documents (by Bates number) to the specific Request For Admission for which the response is provided. Interrogatory No. 10 constitutes 8 interrogatories to each ASIC Defendant.

Defendants erroneously argue that if the number of interrogatories is exceeded, then they are entitled to answer only the first 25. The *Burrows* case that Defendants rely on for this proposition, however, did not allow the respondent to start at the first interrogatory and then answer sequentially until it reached 25. *Burrows* instead ordered the respondent to answer the interrogatories in non-sequential order. 187 F.R.D. at 613. In fact, courts have rejected efforts by defendants to select which interrogatories they will answer. In *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D.

---

[7] Counsel for Defendants has stated that Defendants Aeroflex, Inc. and Aeroflex Colorado Springs are to be treated as a single entity for discovery purposes and Aeroflex, Inc. will respond to the interrogatories on behalf of Aeroflex Colorado Springs. (Ex. 12, 5/3/04 Kelley letter to Meilman.)

Honorable Edward M. Chen
September 16, 2005
Page 11

486, 492 (W.D. NC. 1998), the court held that, where defendant responded to five additional interrogatories over the twenty interrogatory limit without moving for a protective order, the defendant had waived any objection to the interrogatory limit. "Just as the responding party is not entitled to randomly select which of the twenty interrogatories it will answer, the propounding party is not now obligated to select from which of the twenty interrogatories it will seek to compel answers." *Id.*; *see also Herdlein*, 147 F.R.D. at 104-05 (treating an initial response to interrogatories as a waiver to an objection on the number of interrogatories because to allow selective answering gives the responding party the power to select which information to reveal)

Although defendants complain that Ricoh has exceeded the permissible number of interrogatories, they have recently said that Ricoh should serve *more* interrogatories. For example, in Defendants' August 25, 2005 objections to Ricoh's 30(b)(6) notices, Defendants objected that information covered by various deposition topics would be more appropriately sought by document request or interrogatory. *See, e.g.*, Ex. 13, AMI Semiconductor Inc.'s Objections To Ricoh's Rule 30(b)(6) Notice of Deposition, at responses to topics 1, 4, 5, and 19. If defendants truly believed that Ricoh has exceeded the allowable number interrogatories in this case, it should not have made this objection. Similarly, in the present letter Defendants have attempted to recast the Court-ordered declarations as gratuitous[8] by arguing that Ricoh could have been forced to obtain evidence identifying the ASIC Products at issue via deposition or interrogatory -- but how could Ricoh do this if it had already reached the limit? The simple fact is that the information sought by Ricoh's interrogatories is relevant and discoverable, and Ricoh's interrogatories are the most reasonable and efficient way of obtaining the information.[9]

2. Customer Defendants' Position. An extensive meet and confer, now extending over several weeks, has taken place regarding how Ricoh's interrogatories should be counted. In response to the parties August 30, 2005 letter addressing this issue, the Court's September 8, 2005 Order re Guidance and Meet and Confer provided specific instructions to be applied to the counting issue. Notwithstanding this guidance, the parties have been unable to agree on which interrogatories need to be answered. Now, Ricoh raises new issues for the first time in this letter. Ricoh is wrong as to the counting issue, and its new position, if reached, can be rejected because there is contrary authority that has been cited approvingly by this Court.

Before addressing the procedural issues, it is significant to note that in this case the Customer Defendants have already voluntarily provided extensive declarations identifying all commercial ASICs designed using the Synopsys products at issue, and

---

[8] Contrary to Defendants' argument that they voluntarily produced declarations identifying all commercial ASICs designed using the Synopsys products at issue (i.e., identifying the ASIC Products at issue), the production of these declarations was *ordered* by Judge Jenkins at the July 13, 2005 CMC.

[9] To the extent this Court finds that Ricoh may have exceeded the allowable number of interrogatories, Ricoh hereby requests leave of Court for an additional number of interrogatories sufficient to allow responses to interrogatories 1-5, and 7-10, as described above.

Honorable Edward M. Chen
September 16, 2005
Page 12

other extensive information regarding the input formats, tools and libraries used in the production of its commercial ASIC products. *See* August 30, 2005 Letter to Judge Chen, Exhibits 2-17. If Ricoh had been forced to serve interrogatories, or to take depositions, to gather the extensive information voluntarily provided in the Customer Defendant Declarations, it would have had to use well in excess of 25 interrogatories, and many hours of depositions, to gather the same information. In addition, Synopsys and the Customer Defendants have informally provided additional information regarding the operation of the Synopsys products in letters (see for example, July 18, 2005 letter from Terry Corbin to Ken Brothers). Synopsys and the Customer Defendants have been exceedingly cooperative, and it is against this backdrop that is Court must examine the procedural issues addressed below.

The three outstanding procedural issues are: (1) the number of interrogatories Ricoh can serve on each party; (2) how many subparts certain each interrogatory has; and (3) whether Ricoh can compel the Customer Defendants to answer the interrogatories it chooses, or instead, whether the Customer Defendants can simply answer the first 25 interrogatories.

With regard to the number of interrogatories available to Ricoh, the Customer Defendants assert that the presumptive limit set forth in the Federal Rule of Civil Procedure 33(a) applies, and that therefore, Ricoh is limited to 25 interrogatories, including subparts. This applicable provision has not been modified by stipulation or order. Ricoh, however, asserts that because its interrogatories were initially served when the case was pending in Delaware, which apparently has a 50 interrogatory limit, it is entitled to 50 interrogatories. Ricoh has cited no authority for this proposition, and the Customer Defendants are aware of no such authority. Ricoh is only entitled to 25 interrogatories, including subparts.

Even assuming that Ricoh were entitled to 50 interrogatories, Ricoh exceeds that limit in its first several interrogatories. Interrogatory No. 1 has two discrete subparts as it asks to describe facts and identify individuals. *See, e.g., Safeco of Am. V. Rawstrom*, 181 F.R.D. 441, 446 (C.D. Cal. 1998) (cited in Court's 9/8/05 Order Re Guidance And Meet and Confer). Interrogatory No. 2 requests at least two distinct pieces of information (2 subparts). In addition, Interrogatory No. 2, like others that follow it, asks the Customer Defendants to "separately identify" for each product sold, several pieces of information. Interrogatory No. 3 similarly asks the Customer Defendants to identify four distinct pieced of information (4 subparts) "[s]eparately for each product identified in answer to Interrogatory No. 2." Even if these interrogatories are limited to the ASICs that have been identified in the Customer declarations, each Customer Defendant has identified between 4 and 37, or more,[10] products, and therefore

---

[10] Aeroflex has identified 37 commercial ASICs; AMI has identified 25 commercial ASICs; Matrox Graphics has identified 13 commercial ASICS; Matrox Tech has identified 6 commercial ASICs; Matrox Electronics has identified 4, and Matrox International sells for all the Mattrox entities, and includes sells at least an aggregate number of all the Matrox entities ASICs.

Honorable Edward M. Chen
September 16, 2005
Page 13

each subpart to Interrogatories Nos. 2 and 3 must be multiplied by the number of identified products. *See Collaboration Properties, Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 474-75 (N.D. Cal. 2004) (Judge Chen order denying motion to compel responses to supernumerary interrogatories; rejecting argument that interrogatory that asked about each of 26 accused products did not have 26 subparts). Accordingly, by the time you reach Interrogatory No. 3, Ricoh has exceed the 25 interrogatory limit for each defendant,[11] and has exceeded the 50 interrogatory limit for each defendant except Matrox Tech and Matrox Electronics.[12]

As to which interrogatories need to be answered, the Customer Defendants are aware of no case that, having exceeded the interrogatories limit, allows Ricoh to compel the Customer Defendants to answer selected interrogatories. To the contrary, the cases certainly suggest strongly to the contrary – i.e., that the Customer Defendants cannot be compelled to answer interrogatories beyond the number of available interrogatories counting up from interrogatory number one. *See Collaboration Properties*, 224 F.R.D. at 475; *Burrows v. Redbud Community Hosp. Dist.*, 187 F.R.D. 606, 613 (N.D. Ca. 1998) (noting 25 interrogatory limit, and identifying interrogatories to be answered within that limit starting at the first interrogatory).

Finally, with regard to Ricoh's new waiver theory, Ricoh cites a District of North Carolina case for the proposition that a party can waive its objections to the number of interrogatories by answering without objecting to the Court. The case, however, is silent as to whether the party asserted its excessive interrogatory objection in its actual interrogatory responses. Here, however, the Customer Defendants had general objections relating to the compound nature of the interrogatories as well as a general objection based on Ricoh's attempt to exceed the scope of discovery permitted in the Federal Rules of Civil Procedure and Local Rules (General Objections 14 and 15). Each specific response was subject to the Customer Defendant's general objections, and each of the Customer defendants interposed a specific subpart objection to Interrogatory 7 relating to all the paragraphs of the answer. Notably, the Customer Defendants answered subject to and consistent with their objections (they did not respond paragraph by paragraph in response to Interrogatory 7, nor did they provide the detailed information requested in other interrogatories on a per product basis). Thus, the Customer Defendants did not waive their valid objections by answering because all answers were subject to and consistent with their objections, which the Customer Defendants are reasserting here.[13] *See Safeco*, 181 F.R.D. at 446-448 (motion to

---

[11] When the number of products at issue are multiplied by 2 subparts for Interrogatory No. 2 and 4 subparts for Interrogatory No. 3, Ricoh exceeds 25 interrogatories for each Customer Defendant.

[12] For these entities, the 50 interrogatory limit for Mattrox Tech is exceeded at Interrogatory No. 4, and, for Matrox Electronics, after answering Interrogatory No. 7 with regard to the first few paragraphs of the answer.

[13] In addition, the Customer Defendants objected to all of Ricoh's "state all facts" interrogatories as burdensome. Courts have routinely held that such requests are

Honorable Edward M. Chen
September 16, 2005
Page 14


compel denied; written interrogatory objections to excessive number of interrogatories
and undue burden sustained even though nonmovant also provided partial answers to
objected to interrogatories).

        Accordingly, the Customer Defendants request the Court deny Ricoh's
attempts to compel responses to more than the first 25 interrogatories.

Sincerely,


Gary M. Hoffman                          Teresa M. Corbin
Kenneth W. Brothers                      HOWREY LLP
DICKSTEIN SHAPIRO MORIN                   525 Market Street
  & OSHINSKY, LLP                 Suite 3600
2101 L Street, NW                        San Francisco, CA  94105-2708
Washington, DC  20037-1526               Phone: (415) 848-4944
Phone (202) 785-9700                     Fax: (415) 848-4999
Fax (202) 887-0689

                                              Attorneys for Defendants

Attorneys for Ricoh


---

unduly burdensome, *Safeco,* 181 F.R.D. at 447, and the Court should likewise sustain
this objection.

Honorable Edward M. Chen
September 16, 2005
Page 15

## INDEX TO EXHIBITS TO JOINT LETTER

### Ricoh's Exhibits

| Exh. # | Description |
|---|---|
| 1 | Letter from Ken Brothers to Teresa Corbin, dated August 31, 2005. |
| 2 | Ricoh's first set of interrogatories to all Defendants, dated May 30, 2003. |
| 3 | Aeroflex Inc.'s responses to Ricoh's first set of interrogatories to all Defendants, dated June 30, 2003. |
| 4 | AMI Semiconductor, Inc.'s responses to Ricoh's first set of interrogatories, dated June 30, 2003. |
| 5 | Matrox Electronic Systems Ltd.'s responses to Ricoh's first set of interrogatories to all Defendants, dated June 30, 2003. |
| 6 | Matrox Graphics Inc.'s responses to Ricoh's first set of interrogatories to all Defendants, dated June 30, 2003. |
| 7 | Matrox International Corp.'s responses to Ricoh's first set of interrogatories to all Defendants, dated June 30, 2003. |
| 8 | Matrox Tech, Inc.'s responses to Ricoh's first set of interrogatories to all Defendants, dated June 30, 2003. |
| 9 | Aeroflex Inc.'s supplemental responses to Ricoh's first set of interrogatories to all Defendants (Nos. 1-10), dated January 9, 2004. |
| 10 | Matrox Tech, Inc.'s supplemental responses to Ricoh's first set of interrogatories to all Defendants (Nos. 1-10), dated January 9, 2004. |
| 11 | AMI Semiconductor, Inc.'s supplemental responses to Ricoh's first set of interrogatories to all Defendants (Nos. 1-10), dated January 9, 2004. |
| 12 | Letter from Christopher L. Kelley to Edward Meilman, dated May 3, 2004. |
| 13 | AMI Semiconductor, Inc.'s objections to Ricoh's 30(b)(6) notice of deposition, dated August 25, 2005. |

### Defendants' Exhibits

| | |
|---|---|
| 14 | Letter from Ken Brothers to Teresa Corbin, dated September 14, 2005. |

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 429-2184*
*E-Mail Address: BrothersK@dsmo.com*

August 31, 2005

**Via PDF**

Teresa M. Corbin, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105-2708

　　　　Re:　Ricoh v. Aeroflex, et al.
　　　　　　Synopsys v. Ricoh

Dear Terry:

　　　　During our August 24 meet and confer, we understood that you would send to us your proposed search terms for the production of electronic discovery from Synopsys and the ASIC Defendants.  We have not yet received any such information from you.  Regardless of whether you choose to provide us with any search terms, we expect your clients to comply with their obligations under the Federal Rules and relevant case law, including the *Morgan Stanley* and *Zubulake* decisions.

　　　　During our meet and confer last week, I verbally identified some parameters that you may want to consider in your search for electronic documents.  In response to your request for a written set of questions, please see the enclosed.  Providing the requested information should assist in reducing any subsequent disputes.  Please note that the references to "defendants" should be understood to include all of the ASIC defendants' various locations, as well as Synopsys.

　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　Kenneth W. Brothers

cc:　　Jaclyn Fink, Esq.
　　　　Gary M. Hoffman, Esq.

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.DicksteinShapiro.com*

1.   Provide a complete "tree" or file directory of each defendant's computer network

2.   Provide a representation of the hierarchical organization of computers, drives and directories comprising each defendant's computer network; identify how much storage space (in Gigabytes) is taken up by the mail and calendar data on each of each defendant's mail servers; and state how much storage space (in Gigabytes) is taken up by the non-email document (i.e., non-application, non-operating) data on each of each defendant's file servers.

3.   Identify the operating system and version (e.g., Windows NT), the type and version of email server (e.g., Microsoft Exchange) and email software (e.g., Outlook) used by each defendant since 1997, and describe how each defendant's email servers are organized. Specifically describe how and where and in what directories email messages are stored.

4.   State how many mailboxes exist on each defendant's mail server(s).

5.   Identify every person at each defendant who has "root," administrator, and or super-user access to any of each defendant's computer systems, and state how long they have served in that capacity.

6.   Identify each individual user at each defendant who is able to access more than one user's email messages, and for each such individual user, state briefly the reason why that individual has access to more than one user's email messages.

7.   Identify each backup tape in each defendant's possession, custody, and/or control containing electronic documents that are potentially relevant to this litigation.

8.   Identify every person who could be in possession of or have authored electronic documents relevant to this litigation, and for such each person state briefly the specific nature of their employment by, and/or association with, each defendant.

9.   State whether any full text indexing software (e.g. Fulcrum Search Server) in use on any of each defendant's e-mail server(s).  If so, identify it by manufacturer, product name and version number and state how long it has been in use.

10.  Describe every formal and informal document archiving, backup, deletion and/or destruction policy, practice or procedure followed by each defendant in connection with its electronic documents.

11.  Identify any and all specific actions each defendant has taken as a result of this litigation with regard to each of each defendant's policies, practices and procedures set forth in each defendant's response to item 10 above.

12.  How long does each defendant retain email messages before they are automatically deleted?  Before they are automatically archived?

13.  Identify, by manufacturer, product name and version number, all backup software presently or formerly used by each defendant.

14. For each of the items identified in response to item 13 above, specify what backup media is used and identify every item of backup media containing electronic data currently in each defendant's possession, custody, and/or control.

15. Describe briefly the manner in which each defendant's email data is backed up (e.g., "bricks" or "object" level backup of individual mail boxes or complete backup of entire mail database).

16. Identify any indexes maintained by each defendant of each defendant's email data.

17. For each index set forth in response to item 16 above, state whether and how the index is backed up and whether each defendant's procedures for backing up email index data differ from those relating to each defendant's email archive.

18. State how often each defendant performs incremental (change) backups of its email data.

19. State how often each defendant performs incremental (change) backups of its non-email document data.

20. State how often each defendant performs complete backups of its email data.

21. State how often each defendant performs complete backups of its non-email document data.

22. What off-site storage policies, practices and/or procedures does each defendant have for its electronic media? What is involved in retrieving each defendant's electronic backup data from off site storage?

23. For each of each defendant's backup procedures, practices and/or policies, specify the time period is covered by each backups (including media in off site storage).

24. Do individual users at each defendant have the ability to create local copies (e.g., copies stored on their individual computers as opposed to copies stored on each defendant's email servers) of email or other electronic data?

25. Does each defendant have any policies relating to where user-created e-mail o other electronic files can/should be stored (e.g., on file servers, local hard drives, etc.)?

26. Does each defendant archive and/or backup any data stored in individual user accounts? If so, how often are user accounts archived and/or backed up? What time period of mail data is affected by each archive (e.g. mail items older than six months, one year, etc.)? Where are e-mail archives generally stored (file servers, local hard drives, etc.)?

27. How does each defendant organize the user data stored on each of its file servers?

28. Are any of each defendant's file servers accessible from locations outside each defendant (e.g., remotely through a virtual private network or another remote access method)?

2

29. Is any of each defendant's data potentially relevant to this litigation accessible by computers that are not owned, leased, administered, and/or controlled by each defendant?

30. If the answer to item 29 is other than an unqualified negative, identify every user who has the capability to access each defendant's electronic data remotely.

31. Identify and describe briefly each defendant's policy, practice, and/or procedure relating to accessing each defendant's electronic computer from remote locations.

32. Does each defendant use any indexing software in connection with the data that is stored on its file servers? If so, how is that data backed up?

33. Are there default locations on your file server(s) where users store data by default (e.g. in an individual user's "home" or "documents" directory)?

34. If the answer to item 33 above is anything other than an unqualified negative, identify each such location, by server name, disk name, and full path name, for each user at each defendant who potentially has access to documents relevant to this litigation.

35. How are individual users' access privileges granted by each defendant's administrators? Are there any limitations regarding which directories to which individual users can read or write data? If so, briefly describe any policies, practices, and/or procedures at each defendant relating to such permissions and/or access privileges.

36. Does each defendant employ any centralized document management software (e.g. Documentum, PC DOCS, iManage, Lotus Notes, etc.)? If so, briefly describe how the system can be accessed by users at each defendant and specify where its underlying databases are stored.

37. Does the company support an FTP site to/from which users can upload/download data? If so, specify all policies governing its use and access by individuals physically located outside of each defendant.

38. What operating system(s) are used on individual users' computers deployed throughout your each defendant?

39. Does each defendant employ a standard or "default" desktop configuration/image for individual PCs? If so, does this standard or default configuration govern where users can store files on their local hard drives?

40. Identify each person who has left the employment of each defendant since the beginning of this litigation. For each, identify the present location of the computers to which each individual had access and state what steps have been taken to prevent the destruction of electronic documents contained in each such computer system.

41. Can users at each defendant access to their desktop PCs from outside the company's firewall (e.g. through static IP addresses on each PC, available through a given port(s) in whatever firewall is in place)?

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICOH COMPANY, LTD.,                    )
                                        )
          Plaintiff,                    )
                                        )    C.A. No. 03-103-GMS
     v.                                 )
                                        )
AEROFLEX INCORPORATED, AMI              )
SEMICONDUCTOR, INC., MATROX             )
ELECTRONIC SYSTEMS LTD.,                )
MATROX GRAPHICS INC., MATROX            )
INTERNATIONAL CORP. and                 )
MATROX TECH, INC.                       )
                                        )
          Defendants.                   )

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO ALL DEFENDANTS

**PLEASE TAKE NOTICE** that plaintiff demands, pursuant to Rule 33 of the Federal

Rules of Civil Procedure, that the defendants provide answers to the following interrogatories on

the 30th day after service of these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

(1) **Communication.** The term "communication" means the transmittal of

information (in the form of facts, ideas, inquiries or otherwise).

(2) **Document.** The term "document" is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including,

without limitation, electronic or computerized data or data compilations. A draft or non-identical

copy is a separate document within the meaning of this term.

(3) **Identify (with respect to persons).** When referring to a person, "identify"

means to give, to the extent known, the person's full name, present or last known address, and

1

when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. In any response where more than one individual is identified, identify which three individuals have the most knowledge or information concerning the subject and among those three individuals, identify the individual having the most knowledge and the individual having the least knowledge concerning the subject.

(4) **Identify (with respect to documents).** When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, agents, partners, corporate parent, subsidiaries or affiliates. Where a discovery request does not request a response limited to a specific named defendant, the request shall be construed as seeking knowledge and information in the possession, custody, control and/or known to each and every one of the defendants named in the caption of this discovery request.

(6) **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(8) **All/Each.** The terms "all" and "each" shall be construed as all and each.

2

(9) **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside of its scope.

(10) **Number.** The use of the singular form of any word includes the plural and vice versa.

(11) **Privilege.** Where a claim of privilege is asserted in objecting to any means of discovery or disclosure and an answer is not provided on the basis of such assertion,

(a) Identify the nature of the privilege (including but not limited to work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b) Provide the following information:

(1) For documents: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addresses, and recipients to each other; and (v) identify any other person to whom the document was displayed or to whom any of its contents were revealed;

(2) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was

3

made and the relationship of the persons present to the person making the communication; (ii) the date and place of communication; (iii) the general subject matter of the communication; and (iv) identify any other person to whom any aspect of the communication was revealed.

(12) **Destroyed Documents.** Where a document has been destroyed or alleged to have been destroyed, state the date thereof and the reason for its destruction, identify each person having knowledge of its destruction, identify each person responsible for its destruction, provide the information set forth in paragraph (11)(b)(1) above and describe the content of the document to the extent possible.

(13) **Patent-in-suit.** As used herein, "patent-in-suit" or "'432 patent" refers to United States Letters Patent Number 4,922,432.

(14) **ASIC.** As used herein, "ASIC" refers to any integrated circuit that is designed for a specific application, including but not limited to integrated circuits that are referred to or otherwise denoted in defendant's communications as an "application specific integrated circuit" or "ASIC," and other integrated circuits designed to perform a desired function in a specific application, but not including standard, general purpose integrated circuits such as microprocessors and memory chips.

(15) **ASIC PRODUCT.** The term "ASIC Product" refers to any integrated circuit product or item that is designed for a specific application, and/or a product or item that includes such an integrated circuit product that is manufactured, sold, offered for sale, imported, or distributed by, on behalf of, or otherwise at the direction of defendant.

4

(16) **ASIC Method.** As used herein, "ASIC Method" refers to any and all steps or other activities making up or otherwise contributing to methods and/or processes which have been used by, on behalf of, or otherwise at the direction of defendant on or after May 1, 1990 (unless another date is specifically identified) in the computer-aided design of any ASIC Product (as defined above) designed, developed, manufactured, sold, offered for sale, imported, or distributed by, on behalf of, or otherwise at the direction of defendant.

(17) **Limitations.** Each discovery request shall be construed independently and no discovery request shall limit the scope of any other discovery request.

(18) **Supplementation.** Each defendant is reminded of the continuing duty to supplement discovery responses set forth in rule 26(e) of the Federal Rules of Civil Procedure.

(19) **Design.** The term "design" as used herein refers to any and all acts of creation, development, translation, formulation, transformation, synthesis, or other realization of desired integrated circuit functionality in an ASIC Product (as defined above).

## INTERROGATORIES

Interrogatory No. 1: Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Interrogatory No. 2:    Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for

5

each product any and all order numbers, product numbers, trade names, trade designations,

trademarks, common names, model numbers, version numbers, internal code or project names,

catalog numbers, and any other designations used by defendant (whether or not known to third

parties) in connection with that product, including indicating whether the manufacture, offer for

sale, or importation of that product is presently continuing, and if not, indicating the date of

termination thereof.

<u>Interrogatory No. 3:</u>  Separately for each product identified in answer  to Interrogatory No. 2,

describe with specificity and particularity all of the steps or other activities making up the ASIC

Method used to design that product, including the date(s) such steps or other activity occurred,

and where such step or activity is not performed by defendant, identify the person performing

such step or activity.

<u>Interrogatory No. 4:</u>  Separately for each product identified in answer  to Interrogatory No. 2,

identify each individual (including their job title and description) involved in any way (including

but not limited to managerial responsibility) in research and development, design,

manufacturing, testing, sales or marketing of, or in the decision to design, develop, or

manufacture that product, and describe their activity concerning such involvement.

<u>Interrogatory No. 5:</u>  Separately for each product identified in answer to Interrogatory No. 2,

identify each individual (including their job title and description) who participated in any way in

performing an ASIC Method for that product, and describe all of the acts of each individual that

contributed to performing the ASIC Method for that product.

6

Interrogatory No. 6: State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Interrogatory No. 7:   Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Interrogatory No. 8: Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Interrogatory No. 9:   Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Interrogatory No. 10: In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Robert W. Whetzel (#2288)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Plaintiff

OF COUNSEL:
Gary M. Hoffman
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
(202) 828-2228

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
1177 Avenue of the America
New York, New York 10036
(212) 896-5471

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICOH COMPANY, LTD.,                    )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )    C.A. No. 03-103-GMS
                                        )
AEROFLEX INCORPORATED, AMI              )
SEMICONDUCTOR, INC., MATROX             )
ELECTRONIC SYSTEMS LTD.,                )
MATROX GRAPHICS INC., MATROX            )
INTERNATIONAL CORP. and                 )
MATROX TECH, INC.                       )
                                        )
        Defendants.                     )

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that true and correct copies of Plaintiff's First Set of

Interrogatories to all Defendants were served on May 30, 2003 on counsel of record in the manner

indicated:


**VIA HAND DELIVERY**          **VIA FEDERAL EXPRESS**
Francis DiGiovanni, Esq.        Teresa M. Corbin, Esq.
Connolly, Bove, Lodge & Hutz, LLP    Howrey Simon Arnold & White LLP
1220 Market Street              301 Ravenswood Avenue
P. O. Box 2207                  Menlo Park, California 94025
Wilmington, Delaware 19899      Attorneys for Defendants
Attorneys for Defendants


**VIA FEDERAL EXPRESS**
Alan H. MacPherson, Esq.
MacPherson Kwok Chen & Heid LLP
2001 Gateway Place
Suite 195E
San Jose, California 95014
Attorney for AMI Semiconductor, Inc.

Robert W. Whetzel (#2288)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Plaintiff

OF COUNSEL:
Gary M. Hoffman
Eric Oliver
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
2101 L Street NW
Washington, D.C. 20037-1526
(202) 828-2228

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
  OSHINSKY LLP
1177 Avenue of the America
New York, New York 10036
(212) 896-5471

Dated: May 30, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May 2003, true and correct copies of the foregoing

were caused to be served on counsel of record at the following addresses as indicated:


**BY HAND DELIVERY:**
Francis DiGiovanni, Esq.
Connolly Bove Lodge & Hutz, LLP
1220 Market Street
P.O. Box 2207
Wilmington, Delaware 19899
Attorneys for Defendants

**VIA FEDERAL EXPRESS**
Teresa M. Corbin, Esq.
Howrey Simon Arnold & White LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Attorneys for Defendants

**VIA FEDERAL EXPRESS**
Alan H. MacPherson, Esq.
MacPherson Kwok Chen & Heid LLP
2001 Gateway Place
Suite 195E
San Jose, California 95014
Attorney for AMI Semiconductor, Inc.


Steven J. Fineman (#4025)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., | ) |
| Defendants. | ) |

Civil Action No. 03-103-GMS

## DEFENDANT AEROFLEX INCORPORATED'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Aeroflex Incorporated ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

- 2 -

7.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

11.     Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law. Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

12.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

13.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information

that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

14.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General Objections.  Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require the identification of every product manufactured by Defendant that includes an integrated circuit.

Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the

- 6 -

interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.

Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an

ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

- 9 -

James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant incorporates by reference its response to Interrogatory No. 2.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses included laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.


Dated: June 30 2003                    By: _____

                                       Francis DiGiovanni
                                       CONNOLLY BOVE LODGE & HUTZ LLP
                                       1220 Market Street, 10th Floor
                                       Wilmington, DE 19899-2207
                                       (302) 658-9141

                                       Christopher L. Kelley
                                       HOWREY SIMON ARNOLD & WHITE, LLP
                                       301 Ravenswood Avenue
                                       Menlo Park, CA 94025
                                       (650) 463-8100 (Telephone)
                                       (650) 463-8400 (Facsimile)

                                       Attorneys for Defendant
                                       AEROFLEX INCORPORATED

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT AEROFLEX INCORPORATED'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS was served this 30TH day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899

Gayle L. Jacob

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>      Plaintiff,<br><br>    v.<br><br>AEROFLEX INCORPORATED, AMI<br>SEMICONDUCTOR, INC., MATROX<br>ELECTRONIC SYSTEMS, LTD., MATROX<br>GRAPHICS INC., MATROX<br>INTERNATIONAL CORP. and MATROX<br>TECH, INC.,<br><br>      Defendants. | Civil Action No. 03-103-GMS |

## AMI SEMICONDUCTOR, INC.'S RESPONSES TO RICOH COMPANY, LTD.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant AMI Semiconductor, Inc. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Defendant will not provide such information unless required by the Court.

5.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

11.    Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

12.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

13.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information

that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

14.     Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.     Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.     Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.     Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh

against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require the identification of every product manufactured by Defendant that includes an integrated circuit.


Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.


Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design

processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or

information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id.* *See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General Objections. Defendant incorporates by reference its General and Specific Objections. Defendant incorporates by reference its response to Interrogatory No. 2.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses included laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.

Dated: June 30 2003                    By: _____

                                            Francis DiGiovanni
                                            CONNOLLY BOVE LODGE & HUTZ LLP
                                            1220 Market Street, 10th Floor
                                            Wilmington, DE 19899-2207
                                            (302) 658-9141

                                            Christopher L. Kelley
                                            HOWREY SIMON ARNOLD & WHITE,
                                            LLP
                                            301 Ravenswood Avenue
                                            Menlo Park, CA 94025
                                            (650) 463-8100 (Telephone)
                                            (650) 463-8400 (Facsimile)

                                            Attorneys for Defendants
                                            AMI SEMICONDUCTOR, INC.

## VERIFICATION

I, Jon Stoner, declare:

I am the Chief Technology Officer of defendant AMI Semiconductor, Inc. ("AMI") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed AMI's Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to AMI are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Pocatello, Idaho.

Jon Stoner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing AMI SEMICONDUCTOR, INC.'S RESPONSES TO RICOH COMPANY, LTD.'S FIRST SET OF INTERROGATORIES was served this 30thth day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899


Gayle L. Jacob

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>   Plaintiff,<br><br>   v.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC.,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 03-103-GMS |

## DEFENDANT MATROX ELECTRONIC SYSTEMS LTD.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox Electronics Systems Ltd. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.     Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

14.    Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law. Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions. Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

<u>Interrogatory No. 2:</u>

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

<u>Response to Interrogatory No. 2:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does not design, make, use, offer to sell, sell, or import any products within the United States.


<u>Interrogatory No. 3:</u>

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel in product design. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.


Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

- 7 -

Response to Interrogatory No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel in product design. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegations of infringement. Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs a large number of personnel in product design. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Ricoh's allegations of infringement. Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.


Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of privileged information.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Erik Boisvert has knowledge regarding the location of Defendant's design facilities. James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

<u>Interrogatory No. 8:</u>

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

<u>Response to Interrogatory No. 8:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Francois Bertrand

Erik Boisvert

Mr. Bertrand and Mr. Boisvert are employees of Defendant and should not be contacted except through counsel for Defendant.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General and Specific Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available

additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false.   Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery.  Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned.  Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: Defendant does not engage in any engineering design activities in the United States; Defendant does not sell any products in the United States; the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses including laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.  Regarding requests relating to personal jurisdiction; Defendant has no personnel in Delaware, conducts no business operations in Delaware and makes no direct sales in Delaware.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.

Dated: June ﾒ◌2003

By: _____

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899-2207
(302) 658-9141

Christopher L. Kelley
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025
(650) 463-8100 (Telephone)
(650) 463-8400 (Facsimile)

Attorneys for Defendants
MATROX ELECTRONIC SYSTEMS LTD.

# VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox Electronics Systems, Ltd. ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

_____
Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX
ELECTRONIC SYSTEMS LTD.'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO ALL DEFENDANTS was served this 30th day of June, 2003
on the following via Federal Express:


Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899



Gayle L. Jacob

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., <br><br> Defendants. | Civil Action No. 03-103-GMS |

## DEFENDANT MATROX GRAPHICS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox Graphics Inc. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.    Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.    Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

14.    Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.     Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES**

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs, and has employed, a large number of engineers involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs, and has employed, a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to Plaintiff's allegations of infringement. Design of ASICs or other electronic systems and devices done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

- 7 -

Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs, and has employed, a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing the functions performed by each employee who had any involved in design work on any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to plaintiff's allegations of infringement. Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

- 8 -

Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant designs and manufactures a large number of products and employs, and has employed, a large number of personnel involved in product design. Plaintiff has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Plaintiff considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any employee having any role in the computer-aided design of any product that includes an integrated circuit.

Defendant further objects that the design work for its products, including the design work on Defendant's ASICs, performed at Defendant's facilities in Canada is not relevant to plaintiff's allegations of infringement. Design of ASICs or other electronic systems and components done in Canada could not constitute infringement, under any provision of 35 U.S.C. § 271, of a United States patent.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work in the United States.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.


Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

- 10 -

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Ed Dwyer has knowledge regarding the location of Defendant's design facilities. Mr. Wood is an employee of one of the defendants and should not be contacted except through counsel for Defendant. James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.


Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Dan Wood

Edward Dwyer

Mr. Wood and Mr. Dwyer are employees of one of the defendants and should not be contacted except through counsel for Defendant.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General and Specific Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: Defendant does not engage in any engineering design activities in the United States; Defendant does not sell any products in the United States; the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses including laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent. Regarding requests relating to personal

- 13 -

jurisdiction; Defendant has no personnel in Delaware, conducts no business operations in Delaware and makes no direct sales in Delaware.

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.


Dated: June 30 2003                    By: _____
                                           Francis DiGiovanni
                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                           1220 Market Street, 10th Floor
                                           Wilmington, DE 19899-2207
                                           (302) 658-9141

                                           Christopher L. Kelley
                                           HOWREY SIMON ARNOLD & WHITE,
                                           LLP
                                           301 Ravenswood Avenue
                                           Menlo Park, CA 94025
                                           (650) 463-8100 (Telephone)
                                           (650) 463-8400 (Facsimile)

                                           Attorneys for Defendants
                                           MATROX GRAPHICS INC.

06/27/2003 16:12 FAX 1 514 822 6241      LEGAL OFFICE                                    ☒004

## VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox Graphics Inc. ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

_____
Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX
GRAPHICS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO ALL DEFENDANTS was served this 30th day of June, 2003
on the following via Federal Express:


Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899


Gayle L. Jacob

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., ) | Civil Action No. 03-103-GMS |
| Plaintiff, ) | |
| v. ) | |
| AEROFLEX INCORPORATED, AMI ) SEMICONDUCTOR, INC., MATROX ) ELECTRONIC SYSTEMS, LTD., MATROX ) GRAPHICS INC., MATROX ) INTERNATIONAL CORP. and MATROX ) TECH, INC., ) | |
| Defendants. ) | |

## DEFENDANT MATROX INTERNATIONAL CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox International Corp. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party.  Without third party permission, Defendant will not provide such information unless required by the Court.

5.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.    Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.    Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

14.     Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.     Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.     Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.     Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## **DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES**

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections.  Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this interrogatory.


Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used

to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant does no engineering design work.


Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

<u>Response to Interrogatory No. 4:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overly broad and unduly burdensome on the grounds that Defendant sells a large number of products. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, would require examination and identification of a large number of products.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

In light of the foregoing objections, Defendant will not respond to this interrogatory.


<u>Interrogatory No. 5:</u>

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

<u>Response to Interrogatory No. 5:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overly broad and unduly burdensome

on the grounds that Defendant sells a large number of products. Ricoh has not identified any

theory of infringement or which specific design step(s) or activities are relevant to its allegations

of infringement, or what activities Ricoh considered during the reasonable pre-filing

investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as

drafted, therefore, calls for an open-ended narrative describing the functions performed by any

employee having any role in the computer-aided design of a large number of products.

Subject to and without waiving the foregoing general and specific objections, Defendant

responds as follows:

Defendant does no engineering design work.


Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of

the patent-in-suit, and identify all documents and communications relating thereto, including but

not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant

further objects to this interrogatory to the extent that it calls for the disclosure of privileged

information.

Subject to and without waiving the foregoing general and specific objections, Defendant

responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this

lawsuit.


Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by

the defendant responding to this inquiry, identify all individuals having knowledge or

information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Edward Dwyer has knowledge regarding the location of Defendant's design facilities. Mr. Dwyer is an employee of one of the defendants in this action and should not be contacted except through counsel for Defendant. James Davis has information regarding Defendant's

equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

Response to Interrogatory No. 8:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Francois Bertrand

Edward Dwyer

Mr. Wood and Mr. Dwyer are employees of one of the defendants and should not be contacted except through counsel for Defendant.

Interrogatory No. 9:

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

Response to Interrogatory No. 9:

Defendant incorporates by reference its General and Specific Objections.

- 11 -

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding

requests relating to construction of specific elements of claim language and practice of those

claim elements: Defendant does not engage in any engineering design activities; the claims of the

'432 patent refer to a particular design process not employed by Defendant; Defendant, is the

beneficiary of equitable defenses including laches, equitable estoppel and an implied license and,

as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable

defenses that Synopsys has against assertion of the '432 patent.  Regarding requests relating to

personal jurisdiction; Defendant has no personnel in Delaware, conducts no business operations

in Delaware and makes no direct sales in Delaware.

Defendant reserves the right to identify additional grounds for its contentions and

additional evidence as discovery develops.


Dated:  June 30 2003                    By: _____

                                        Francis DiGiovanni
                                        CONNOLLY BOVE LODGE & HUTZ LLP
                                        1220 Market Street, 10th Floor
                                        Wilmington, DE  19899-2207
                                        (302) 658-9141

                                        Christopher L. Kelley
                                        HOWREY SIMON ARNOLD & WHITE,
                                        LLP
                                        301 Ravenswood Avenue
                                        Menlo Park, CA  94025
                                        (650) 463-8100 (Telephone)
                                        (650) 463-8400 (Facsimile)

                                        Attorneys for Defendants
                                        MATROX INTERNATIONAL CORP.

# VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox International Corporation ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX INTERNATIONAL CORP.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS was served this 30th day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899

Gayle L. Jacob

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> AEROFLEX INCORPORATED, AMI ) <br> SEMICONDUCTOR, INC., MATROX ) <br> ELECTRONIC SYSTEMS, LTD., MATROX ) <br> GRAPHICS INC., MATROX ) <br> INTERNATIONAL CORP. and MATROX ) <br> TECH, INC., ) <br><br> Defendants. ) <br> ) | Civil Action No. 03-103-GMS |

## DEFENDANT MATROX TECH, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox Tech, Inc. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

These responses are based on information reasonably available to Defendant at the present time. Defendant reserves the right to supplement these responses when, and if, additional information becomes available. Defendant also reserves the right to object on any ground at any time to such other or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of these Interrogatories.

Nothing herein shall be construed as an admission regarding privilege, materiality, admissibility or relevance of any response to the Interrogatories and any document or thing identified in any response. The inadvertent disclosure of such information or the inadvertent identification or production of any document shall not constitute a waiver of any applicable

privilege as to that information or document or any other document identified or produced by Defendant.

## GENERAL OBJECTIONS

1.       Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the attorney-client privilege, including the impressions, conclusions, opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or any other applicable privilege.

2.       Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by the work product doctrine, including the impressions, conclusions, opinions, legal research or theories of attorneys.

3.       Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information protected by any other privilege or protection afforded by state or federal law.

4.       Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is subject to any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any third party. Without third party permission, Defendant will not provide such information unless required by the Court.

5.       Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.       Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees.

7.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek documents that are a matter of public record or are equally available or readily ascertainable by Ricoh from some other source.

8.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

9.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information concerning Defendant's processes that are not made, used, sold, offered for sale or imported into the United States.

11.     Defendant objects generally to Ricoh's First Set of Interrogatories to the extent that they seek information about activities in Canada that cannot be infringing acts within the scope of 35 U.S.C. §271.

12.     Defendant objects to Ricoh's First Set of Interrogatories insofar as they call for a construction of the claims of the '432 patent on the grounds that such requests are overly broad and premature; Ricoh has identified neither the accused products nor the asserted claims and the Court has not yet construed the claims of the '432 patent.

13.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a legal conclusion.

14.    Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.  Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

15.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

16.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek information from Defendants concerning the positions they will take at trial, on the grounds that discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery progresses.

## SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term "defendant" extends to any person or entity other than Defendant's present employees and agents.

2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

- 4 -

3.      Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.


## DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to this litigation.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.

Response to Interrogatory No. 2:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor products having no relationship to any infringement allegations made by Ricoh against Defendant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.


Interrogatory No. 3:

Separately for each product identified in answer to Interrogatory No. 2, describe with specificity and particularity all of the steps or other activities making up the ASIC Method used to design that product, including the date(s) such steps or other activity occurred, and where such step or activity is not performed by defendant, identify the person performing such step or activity.

Response to Interrogatory No. 3:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information

regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has not identified any theory of infringement or which specific design step(s) or activities are relevant to its allegations of infringement, or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore, might require a narrative describing every design step performed by every employee who had any involvement in design work on any product that includes an integrated circuit.

Subject to, and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.

Interrogatory No. 4:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) involved in any way (including but not limited to managerial responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or in the decision to design, develop, or manufacture that product, and describe their activity concerning such involvement.

Response to Interrogatory No. 4:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. To answer the interrogatory as drafted, therefore,

might require a narrative describing the functions performed by each former employee who had any involved in design work on any product that includes an integrated circuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.

Interrogatory No. 5:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual (including their job title and description) who participated in any way in performing an ASIC Method for that product, and describe all of the acts of each individual that contributed to performing the ASIC Method for that product.

Response to Interrogatory No. 5:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as unduly burdensome and seeking discovery of information regarding design processes that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of admissible evidence. Ricoh has not identified any theory of infringement or which design step(s) or activities are relevant to its allegations of infringement or what activities Ricoh considered during the reasonable pre-filing investigation, if any, that it conducted prior to filing the present lawsuit. The interrogatory as drafted, therefore, calls for an open-ended narrative describing the functions performed by any, now former, employee having any role in the computer-aided design of any product that includes an integrated circuit.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations.

Interrogatory No. 6:

State when, from whom and under what circumstances defendant first became aware of the patent-in-suit, and identify all documents and communications relating thereto, including but not limited to any opinion(s) concerning the patent-in-suit.

Response to Interrogatory No. 6:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory to the extent that it calls for the disclosure of privileged information.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

Interrogatory No. 7:

Separately for each of the paragraphs of the response to the Complaint in this action by the defendant responding to this inquiry, identify all individuals having knowledge or information concerning the contents of such paragraph and identify the documents on which such response is based.

Response to Interrogatory No. 7:

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By propounding an interrogatory that requires Defendant to state all factual bases and identify all individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

- 9 -

Defendant further objects to this interrogatory on the ground that it is premature. Defendant has just begun to conduct its investigation of the relevant facts. The factual bases and documents supporting each of Defendant's contentions addressed in this interrogatory will become known through fact and expert discovery.

Defendant further objects to this interrogatory to the extent that it seeks the disclosure of information or the identification of documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Defendant further objects to this interrogatory on the basis that it seeks identification of "all persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action. To identify each person employed by or associated with Defendant and having such knowledge would be unreasonably burdensome.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant has ceased operations. Edward Dwyer has knowledge regarding the location of Defendant's closed design facilities. Mr. Dwyer is an employee of one of the defendants in the present action and should not be contacted except through counsel for Defendant. James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi and Masahiro Shindo have information regarding the invalidity of the asserted patents.

Interrogatory No. 8:

Separately for each product identified in answer to Interrogatory No. 2, identify each individual who can testify about defendant's marketing activities, including but not limited to market research, product testing, business planning, sales, advertising, and production for that product.

<u>Response to Interrogatory No. 8:</u>

Defendant incorporates by reference its General and Specific Objections. Defendant further objects to this interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Edward Dwyer

Mr. Dwyer is an employee of one of the defendants in the present action and should not be contacted except through counsel for Defendant.

<u>Interrogatory No. 9:</u>

Describe defendant's procedures, facilities and policies for generating, maintaining, retaining and destroying records and the types of data processing and storage systems maintained by defendant, and identify all documents relating to or referring to such procedures, policies and systems and all persons having knowledge thereof.

<u>Response to Interrogatory No. 9:</u>

Defendant incorporates by reference its General and Specific Objections.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for policies regarding the retention or destruction of documents that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 10:

In the event that any request for admission is denied in whole or in part, identify the request by number and set forth in detail each and every reason of the denial, including the identity of the documents upon which such denial is based.

Response to Interrogatory No. 10:

Defendant incorporates by reference its General and Specific Objections.

Defendant further objects to this interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b).

Defendant further objects to this interrogatory on the ground that it is premature. Discovery in this case has just recently begun. Defendant will make available additional information regarding the factual bases for its contentions at a later point during discovery.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for Admission were false. Regarding requests for admission involving the validity and enforceability of the patents: Defendant is aware of a number of invalidating prior art references which will be produced; detailed contentions regarding specific references will be supplied at an appropriate time during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1, 1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous attempts to license this patent that were abandoned. Regarding requests relating to construction of specific elements of claim language and practice of those claim elements: Defendant does not engage in any engineering design activities in the United States; Defendant does not sell any products in the United States; the claims of the '432 patent refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of equitable defenses including laches, equitable estoppel and an implied license and, as a licensed user of Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has against assertion of the '432 patent.

- 12 -

Defendant reserves the right to identify additional grounds for its contentions and additional evidence as discovery develops.

Dated:  June 20 2003                     By: _____

                                         Francis DiGiovanni
                                         CONNOLLY BOVE LODGE & HUTZ LLP
                                         1220 Market Street, 10th Floor
                                         Wilmington, DE  19899-2207
                                         (302) 658-9141

                                         Christopher L. Kelley
                                         HOWREY SIMON ARNOLD & WHITE,
                                         LLP
                                         301 Ravenswood Avenue
                                         Menlo Park, CA  94025
                                         (650) 463-8100 (Telephone)
                                         (650) 463-8400 (Facsimile)

                                         Attorneys for Defendant
                                         MATROX TECH, INC.

# VERIFICATION

I, Nathalie Rizcalla, declare:

I am the Legal Counsel of defendant Matrox Tech Inc. ("Matrox") and I am authorized to make this verification for and on behalf of said defendant. I have reviewed Matrox' Responses to Ricoh Company, Ltd.'s First Set of Interrogatories to All Defendants and am informed and believe that the matters stated herein with respect to Matrox are true to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Verification was executed on June 27, 2003, in Dorval, Quebec, Canada.

Nathalie Rizcalla

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT MATROX TECH, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS was served this 30TH day of June, 2003 on the following via Federal Express:

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899

Gayle L. Jacob

Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
Thomas C. Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Defendants Aeroflex Inc.,
AMI Semiconductors, Inc., Matrox
Electronics Systems Ltd., Matrox
Graphics Inc., Matrox Int'l, Inc., and
Matrox Tech, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICOH COMPANY, LTD., | ) Case No. CV 03-04669 MJJ |
| Plaintiff, | ) **DEFENDANT AEROFLEX** |
| | ) **INCORPORATED'S SUPPLEMENTAL** |
| | ) **RESPONSES TO PLAINTIFF'S FIRST** |
| v. | ) **SET OF INTERROGATORIES TO ALL** |
| | ) **DEFENDANTS (NOS. 1-10)** |
| AEROFLEX INCORPORATED, AMI | ) |
| SEMICONDUCTOR, INC., MATROX | ) |
| ELECTRONIC SYSTEMS LTD., MATROX | ) |
| GRAPHICS INC., MATROX | ) |
| INTERNATIONAL CORP. and MATROX | ) |
| TECH, INC., | ) |
| | ) |
| Defendants. | ) |

PROPOUNDING PARTY:        Plaintiff, Ricoh Company, Ltd.

RESPONDING PARTY:         Defendant, Aeroflex Incorporated

SET NO.:                  One (Nos. 1-10)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Aeroflex Incorporated

("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST
SET OF INTERROGATORIES
Case No. CV 03-04669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1   These responses are based on information reasonably available to Defendant at the present

2   time. Defendant reserves the right to supplement these responses when, and if, additional information

3   becomes available. Defendant also reserves the right to object on any ground at any time to such other

4   or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of

5   these Interrogatories.

6   Nothing herein shall be construed as an admission regarding privilege, materiality,

7   admissibility or relevance of any response to the Interrogatories and any document or thing identified

8   in any response. The inadvertent disclosure of such information or the inadvertent identification or

9   production of any document shall not constitute a waiver of any applicable privilege as to that

10  information or document or any other document identified or produced by Defendant.

11

12  ## GENERAL OBJECTIONS

13  1.   Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

14  information protected by the attorney-client privilege, including the impressions, conclusions,

15  opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or

16  any other applicable privilege.

17  2.   Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

18  information protected by the work product doctrine, including the impressions, conclusions, opinions,

19  legal research or theories of attorneys.

20  3.   Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

21  information protected by any other privilege or protection afforded by state or federal law.

22  4.   Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

23  information that is subject to any protective order, privacy interest, contractual obligation, non-

24  disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any

25  third party. Without third party permission, Defendant will not provide such information unless

26  required by the Court.

27

28

1      5.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

2   information that is not relevant to a claim or defense of any party or to the subject matter of this

3   litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4      6.      Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly

5   burdensome to the extent that they seek information beyond what is available from a reasonable search

6   of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of

7   Defendant's employees.

8      7.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

9   documents that are a matter of public record or are equally available or readily ascertainable by Ricoh

10  from some other source.

11      8.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

12  information or the identification of documents that are not within the possession, custody, or control of

13  Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to

14  unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an

15  obligation to discover information or materials from third parties or services who are equally

16  accessible to Ricoh.

17      9.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

18  unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent

19  No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly

20  broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or

21  defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to

22  the discovery of admissible evidence.

23      10.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a

24  legal conclusion.

25      11.      Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and

26  Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of

27  Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.

28

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST                3
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1    Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of

2    Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

3         12.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

4    compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

5         13.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

6    unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is

7    obtainable from some other source that is more convenient, less burdensome, or less expensive.

8         14.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek

9    information from Defendants concerning the positions they will take at trial, on the grounds that

10   discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its

11   own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery

12   progresses.

13

14                    **SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

15        1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term

16   "defendant" extends to any person or entity other than Defendant's present employees and agents.

17        2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to

18   impose requirements other than or in addition to the requirements of the Federal Rules of Civil

19   Procedure and the Local Rules of this Court.

20        3.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition

21   of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23        4.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition

24   of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of

25   admissible evidence.

26

27

28

HOWREY
SIMON
ARNOLD &
WHITE

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

4

1      5.      Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition

2   of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of

3   admissible evidence.

4

5   **DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES**

6   Interrogatory No. 1:

7          Describe the organizational structure of defendant, including, but not limited to those groups,

8   divisions, teams and other organizations having any involvement in defendant's ASIC Method at any

9   time, and identify all individuals who can testify about such organization.

10  Response to Interrogatory No. 1:

11         Defendant incorporates by reference its General Objections.  Defendant further objects to this

12  interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding

13  operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

14         Subject to and without waiving the foregoing general and specific objections, Defendant

15  responds as follows:

16         Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for

17  organizational structure that are responsive to this interrogatory and contain the requested information

18  to the extent such records currently exist within Defendant's possession, custody or control.

19

20  Interrogatory No. 2:

21         Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported,

22  or distributed by or on behalf of defendant, and separately identify for each product any and all order

23  numbers, product numbers, trade names, trade designations, trademarks, common names, model

24  numbers, version numbers, internal code or project names, catalog numbers, and any other

25  designations used by defendant (whether or not known to third parties) in connection with that product,

26  including indicating whether the manufacture, offer for sale, or importation of that product is presently

27  continuing, and if not, indicating the date of termination thereof.

28

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST                    5
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1    Response to Interrogatory No. 2:

2         Defendant incorporates by reference its General Objections.  Defendant further objects to this

3    interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor

4    products having no relationship to any infringement allegations made by Ricoh against Defendant, and

5    not reasonably calculated to lead to the discovery of admissible evidence.

6         Subject to and without waiving the foregoing general and specific objections, Defendant

7    responds as follows:

8         Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

9    computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

10   Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

11   this interrogatory and contain the requested information to the extent such records currently exist

12   within Defendant's possession, custody or control.

13        Aeroflex employed computer-assisted logic synthesis in connection with the development of

14   the following design projects:

15        • device YA01 for Rainbow Technologies, Inc. in 2000,

16        • device YA02 for Symbol Technologies, Inc. in 2000,

17        • device YA04 for Sandia National Laboratory in 2001,

18        • device JW01 for Phillips in 1999,

19        • device UTCAM in 1997,

20        • device JA01 for in 1998,

21        • device JD02A in 1998, and

22        • device JD05A in 1998.

23

24   Interrogatory No. 3:

25        Separately for each product identified in answer to Interrogatory No. 2, describe with

26   specificity and particularity all of the steps or other activities making up the ASIC Method used to

27

28


**HOWREY SIMON ARNOLD & WHITE**

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST                6
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

1  design that product, including the date(s) such steps or other activity occurred, and where such step or

2  activity is not performed by defendant, identify the person performing such step or activity.

3  Response to Interrogatory No. 3:

4        Defendant incorporates by reference its General Objections.  Defendant further objects to this

5  interrogatory as unduly burdensome and seeking discovery of information regarding design processes

6  that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

7  admissible evidence.

8        Subject to and without waiving the foregoing general and specific objections, Defendant

9  responds as follows:

10        Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

11  computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

12  Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

13  this interrogatory and contain the requested information to the extent such records currently exist

14  within Defendant's possession, custody or control.

15

16  Interrogatory No. 4:

17        Separately for each product identified in answer to Interrogatory No. 2, identify each individual

18  (including their job title and description) involved in any way (including but not limited to managerial

19  responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or

20  in the decision to design, develop, or manufacture that product, and describe their activity concerning

21  such involvement.

22  Response to Interrogatory No. 4:

23        Defendant incorporates by reference its General Objections.  Defendant further objects to this

24  interrogatory as unduly burdensome and seeking discovery of information regarding design processes

25  that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

26  admissible evidence.

27

28

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST            7
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1       Subject to and without waiving the foregoing general and specific objections, Defendant

2 responds as follows:

3       Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

4 computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

5 Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

6 this interrogatory and contain the requested information to the extent such records currently exist

7 within Defendant's possession, custody or control.

8

9 <u>Interrogatory No. 5:</u>

10       Separately for each product identified in answer to Interrogatory No. 2, identify each individual

11 (including their job title and description) who participated in any way in performing an ASIC Method

12 for that product, and describe all of the acts of each individual that contributed to performing the ASIC

13 Method for that product.

14 <u>Response to Interrogatory No. 5:</u>

15       Defendant incorporates by reference its General Objections.  Defendant further objects to this

16 interrogatory as unduly burdensome and seeking discovery of information regarding design processes

17 that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

18 admissible evidence.

19       Subject to and without waiving the foregoing general and specific objections, Defendant

20 responds as follows:

21       Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

22 computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

23 Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

24 this interrogatory and contain the requested information to the extent such records currently exist

25 within Defendant's possession, custody or control.

26

27

28

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1 | Interrogatory No. 6:

2 |     State when, from whom and under what circumstances defendant first became aware of the

3 | patent-in-suit, and identify all documents and communications relating thereto, including but not

4 | limited to any opinion(s) concerning the patent-in-suit.

5 | Response to Interrogatory No. 6:

6 |     Defendant incorporates by reference its General Objections. Defendant further objects to this

7 | interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client

8 | privilege.

9 |     Subject to and without waiving the foregoing general and specific objections, Defendant

10 | responds as follows:

11 |     Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

12 |

13 | Interrogatory No. 7:

14 |     Separately for each of the paragraphs of the response to the Complaint in this action by the

15 | defendant responding to this inquiry, identify all individuals having knowledge or information

16 | concerning the contents of such paragraph and identify the documents on which such response is

17 | based.

18 | Response to Interrogatory No. 7:

19 |     Defendant incorporates by reference its General Objections. Defendant further objects to this

20 | interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By

21 | propounding an interrogatory that requires Defendant to state all factual bases and identify all

22 | individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact

23 | served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence*

24 | *v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition*

25 | *Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

26 |     Defendant further objects to this interrogatory on the ground that it is premature. Defendant

27 | has just begun to conduct its investigation of the relevant facts. The factual bases and documents

28 |

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST                    9
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1  supporting each of Defendant's contentions addressed in this interrogatory will become known through

2  fact and expert discovery.

3        Defendant further objects to this interrogatory to the extent that it seeks the disclosure of

4  information or the identification of documents that are protected from discovery by the attorney-client

5  privilege and/or the attorney work product doctrine.

6        Defendant further objects to this interrogatory on the basis that it seeks identification of "all

7  persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action.

8  To identify each person employed by or associated with Defendant and having such knowledge would

9  be unreasonably burdensome.

10       Subject to and without waiving the foregoing general and specific objections, Defendant

11  responds as follows:

12       James Davis has information regarding Defendant's equitable defenses.  Hideaki Kobayashi

13  and Masahiro Shindo have information regarding the invalidity of the asserted patents.

14

15  Interrogatory No. 8:

16       Separately for each product identified in answer to Interrogatory No. 2, identify each individual

17  who can testify about defendant's marketing activities, including but not limited to market research,

18  product testing, business planning, sales, advertising, and production for that product.

19  Response to Interrogatory No. 8:

20       Defendant incorporates by reference its General and Specific Objections.  Defendant

21  incorporates by reference its response to Interrogatory No. 2.

22

23  Interrogatory No. 9:

24       Describe defendant's procedures, facilities and policies for generating, maintaining, retaining

25  and destroying records and the types of data processing and storage systems maintained by defendant,

26  and identify all documents relating to or referring to such procedures, policies and systems and all

27  persons having knowledge thereof.

28


AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST
SET OF INTERROGATORIES                                              10
Case No. CV 03-004669 MJJ

1   Response to Interrogatory No. 9:

2          Defendant incorporates by reference its General Objections.

3          Subject to and without waiving the foregoing general and specific objections, Defendant

4   responds as follows:

5          Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for

6   policies regarding the retention or destruction of documents that are responsive to this interrogatory

7   and contain the requested information to the extent such records currently exist within Defendant's

8   possession, custody or control.

9

10  Interrogatory No. 10:

11         In the event that any request for admission is denied in whole or in part, identify the request by

12  number and set forth in detail each and every reason of the denial, including the identity of the

13  documents upon which such denial is based.

14  Response to Interrogatory No. 10:

15         Defendant incorporates by reference its General Objections.

16         Defendant further objects to this interrogatory on the ground that it contains impermissible

17  subparts. *See* D. Del. LR 26.1(b).

18         Defendant further objects to this interrogatory on the ground that it is premature.  Discovery in

19  this case has just recently begun.  Defendant will make available additional information regarding the

20  factual bases for its contentions at a later point during discovery.

21         Subject to and without waiving the foregoing general and specific objections, Defendant

22  responds as follows:

23         Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for

24  Admission were false.  Regarding requests for admission involving the validity and enforceability of

25  the patents: Defendant is aware of a number of invalidating prior art references which will be

26  produced; detailed contentions regarding specific references will be supplied at an appropriate time

27  during discovery.  Regarding requests relating to equitable defenses: the '432 patent issued on May 1,

28

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST                    11
SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

1  1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous

2  attempts to license this patent that were abandoned.  Regarding requests relating to construction of

3  specific elements of claim language and practice of those claim elements:  the claims of the '432 patent

4  refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of

5  equitable defenses included laches, equitable estoppel and an implied license and, as a licensed user of

6  Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has

7  against assertion of the '432 patent.

8       Defendant reserves the right to identify additional grounds for its contentions and additional

9  evidence as discovery develops.

10

11
   Dated:  January 9, 2003                          HOWREY SIMON ARNOLD & WHITE, LLP
12

13

14                                     By:  _____

15                                          Erik K. Moller
                                            Attorneys for Defendants Aeroflex Inc.,
16                                          AMI Semiconductors, Inc., Matrox
                                            Electronics Systems Ltd., Matrox
17                                          Graphics Inc., Matrox Int'l, Inc., and
                                            Matrox Tech, Inc.
18

19

20

21

22

23

24

25

26

27

28
   AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST                12
   SET OF INTERROGATORIES
   HOWREY
   SIMON    Case No. CV 03-004669 MJJ
   ARNOLD &
   WHITE

| 1 | **PROOF OF SERVICE** |

2

3   STATE OF CALIFORNIA        )
                               )   ss.:
4   COUNTY OF SAN MATEO        )

5

6       I am employed in the County of San Mateo, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 301 Ravenswood Avenue, Menlo Park, California  94025.

7

8       On January 9, 2004, I served on the interested parties in said action the within:

9   **DEFENDANT AEROFLEX INCORPORATED'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS (NOS. 1-10)**

10

11      by placing an original thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Meno Park, California.

12  Edward A. Meilman                    Gary M. Hoffman
    Dickstein Shapiro Morin & Oshinsky, LLP   Dickstein Shapiro Morin & Oshinsky, LLP
13  1177 Avenue of the Americas          2101 L Street, N.W.
    New York, NY  10026-2714             Washington, DC  20037-1526
14
    Facsimile No.: 212/997-9880          Facsimile No.: 202/887-0689
15
    Jeffrey B. Demain
16  Altshuler, Berzon, Nussbaum, Rubin & Demain
    177 Post Street, Suite 300
17  San Francisco, CA  94108

18  Facsimile No.: 415/362-8064

19  [X]  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
20  service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more
21  than 1 day after date of deposit for mailing in affidavit.

22  [X]  (FACSIMILE) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown as stated above.
23
        I declare under penalty of perjury that I am employed in the office of a member of the bar of
24  this Court at whose direction the service was made and that the foregoing is true and correct.

25      Executed on January 9, 2004, at Menlo Park, California.

26

27  _____          _____
       Gayle L. Jacob                              (Signature)
       (Type or print name)

28

HOWREY
SIMON
ARNOLD &
WHITE

AEROFLEX INC.'S SUPP. RESPONSES TO RICOH'S FIRST SET    -13-
OF INTERROGATORIES
Case No. CV 03-004669 MJJ

1 | Teresa M. Corbin (SBN 132360)
Christopher Kelley (SBN 166608)
2 | Thomas C. Mavrakakis (SBN 177927)
Erik K. Moller (SBN 147674)
3 | HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
4 | Menlo Park, California 94025
Telephone: (650) 463-8100
5 | Facsimile: (650) 463-8400

6 | Attorneys for Defendants Aeroflex Inc.,
AMI Semiconductors, Inc., Matrox
7 | Electronics Systems Ltd., Matrox
Graphics Inc., Matrox Int'l, Inc., and
8 | Matrox Tech, Inc.

9

10 |                    UNITED STATES DISTRICT COURT

11 |                   NORTHERN DISTRICT OF CALIFORNIA

12 |                      SAN FRANCISCO DIVISION

13

14 |                                    ) Case No. CV 03-04669 MJJ
                                     )
15 | RICOH COMPANY, LTD.,            ) **DEFENDANT MATROX TECH, INC.'S**
                                     ) **SUPPLEMENTAL RESPONSES TO**
16 |        Plaintiff,                ) **PLAINTIFF'S FIRST SET OF**
                                     ) **INTERROGATORIES TO ALL**
17 |     v.                          ) **DEFENDANTS (NOS. 1-10)**
                                     )
18 | AEROFLEX INCORPORATED, AMI      )
SEMICONDUCTOR, INC., MATROX       )
19 | ELECTRONIC SYSTEMS LTD., MATROX )
GRAPHICS INC., MATROX             )
20 | INTERNATIONAL CORP. and MATROX  )
TECH, INC.,                       )
21 |                                 )
                                     )
22 |        Defendants.              )
_____ )
23 |
PROPOUNDING PARTY:        Plaintiff, Ricoh Company, Ltd.
24 |
RESPONDING PARTY:         Defendant, Matrox Tech, Inc.
25 |
SET NO.:                  One (Nos. 1-10)
26 |
        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Matrox Tech, Inc.
27 |
("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.
28 |

MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S
FIRST SET OF INTERROGATORIES
Case No. CV 03-04669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1   These responses are based on information reasonably available to Defendant at the present

2   time. Defendant reserves the right to supplement these responses when, and if, additional information

3   becomes available. Defendant also reserves the right to object on any ground at any time to such other

4   or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of

5   these Interrogatories.

6   Nothing herein shall be construed as an admission regarding privilege, materiality,

7   admissibility or relevance of any response to the Interrogatories and any document or thing identified

8   in any response. The inadvertent disclosure of such information or the inadvertent identification or

9   production of any document shall not constitute a waiver of any applicable privilege as to that

10  information or document or any other document identified or produced by Defendant.

11

12  **<u>GENERAL OBJECTIONS</u>**

13  1.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

14  information protected by the attorney-client privilege, including the impressions, conclusions,

15  opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or

16  any other applicable privilege.

17  2.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

18  information protected by the work product doctrine, including the impressions, conclusions, opinions,

19  legal research or theories of attorneys.

20  3.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

21  information protected by any other privilege or protection afforded by state or federal law.

22  4.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

23  information that is subject to any protective order, privacy interest, contractual obligation, non-

24  disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any

25  third party. Without third party permission, Defendant will not provide such information unless

26  required by the Court.

27

28

MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S
FIRST SET OF INTERROGATORIES                                2
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1       5.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

2   information that is not relevant to a claim or defense of any party or to the subject matter of this

3   litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4       6.      Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly

5   burdensome to the extent that they seek information beyond what is available from a reasonable search

6   of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of

7   Defendant's employees.

8       7.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

9   documents that are a matter of public record or are equally available or readily ascertainable by Ricoh

10  from some other source.

11      8.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

12  information or the identification of documents that are not within the possession, custody, or control of

13  Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to

14  unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an

15  obligation to discover information or materials from third parties or services who are equally

16  accessible to Ricoh.

17      9.      Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

18  unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent

19  No. 4,922,432  (the "'432 patent"), on the grounds that each such request for production is overly

20  broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or

21  defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to

22  the discovery of admissible evidence.

23      10.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a

24  legal conclusion.

25      11.     Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and

26  Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of

27  Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.

28

HOWREY
SIMON
ARNOLD &
WHITE

1   Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of

2   Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

3        12.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

4   compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

5        13.    Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

6   unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is

7   obtainable from some other source that is more convenient, less burdensome, or less expensive.

8        14.    Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek

9   information from Defendants concerning the positions they will take at trial, on the grounds that

10  discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its

11  own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery

12  progresses.

13

14              **SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

15       1.    Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term

16  "defendant" extends to any person or entity other than Defendant's present employees and agents.

17       2.    Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to

18  impose requirements other than or in addition to the requirements of the Federal Rules of Civil

19  Procedure and the Local Rules of this Court.

20       3.    Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition

21  of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23       4.    Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition

24  of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of

25  admissible evidence.

26

27

28

MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S                    4
FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

5.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES**

Interrogatory No. 1:

Describe the organizational structure of defendant, including, but not limited to those groups, divisions, teams and other organizations having any involvement in defendant's ASIC Method at any time, and identify all individuals who can testify about such organization.

Response to Interrogatory No. 1:

Defendant incorporates by reference its General Objections. Defendant further objects to this interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for organizational structure that are responsive to this interrogatory and contain the requested information to the extent such records currently exist within Defendant's possession, custody or control.

Interrogatory No. 2:

Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on behalf of defendant, and separately identify for each product any and all order numbers, product numbers, trade names, trade designations, trademarks, common names, model numbers, version numbers, internal code or project names, catalog numbers, and any other designations used by defendant (whether or not known to third parties) in connection with that product, including indicating whether the manufacture, offer for sale, or importation of that product is presently continuing, and if not, indicating the date of termination thereof.



MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S
FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

5

1    Response to Interrogatory No. 2:

2          Defendant incorporates by reference its General Objections. Defendant further objects to this

3    interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor

4    products having no relationship to any infringement allegations made by Ricoh against Defendant, and

5    not reasonably calculated to lead to the discovery of admissible evidence.

6          Subject to and without waiving the foregoing general and specific objections, Defendant

7    responds as follows:

8          Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

9    computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

10   Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

11   this interrogatory and contain the requested information to the extent such records currently exist

12   within Defendant's possession, custody or control.

13

14   Interrogatory No. 3:

15         Separately for each product identified in answer to Interrogatory No. 2, describe with

16   specificity and particularity all of the steps or other activities making up the ASIC Method used to

17   design that product, including the date(s) such steps or other activity occurred, and where such step or

18   activity is not performed by defendant, identify the person performing such step or activity.

19   Response to Interrogatory No. 3:

20         Defendant incorporates by reference its General Objections. Defendant further objects to this

21   interrogatory as unduly burdensome and seeking discovery of information regarding design processes

22   that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

23   admissible evidence.

24         Subject to and without waiving the foregoing general and specific objections, Defendant

25   responds as follows:

26         Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

27   computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

28

HOWREY
SIMON
ARNOLD &
WHITE

1  Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

2  this interrogatory and contain the requested information to the extent such records currently exist

3  within Defendant's possession, custody or control.

4

5  <u>Interrogatory No. 4:</u>

6      Separately for each product identified in answer to Interrogatory No. 2, identify each individual

7  (including their job title and description) involved in any way (including but not limited to managerial

8  responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or

9  in the decision to design, develop, or manufacture that product, and describe their activity concerning

10  such involvement.

11  <u>Response to Interrogatory No. 4:</u>

12      Defendant incorporates by reference its General Objections.  Defendant further objects to this

13  interrogatory as unduly burdensome and seeking discovery of information regarding design processes

14  that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

15  admissible evidence.

16      Subject to and without waiving the foregoing general and specific objections, Defendant

17  responds as follows:

18      Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

19  computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

20  Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

21  this interrogatory and contain the requested information to the extent such records currently exist

22  within Defendant's possession, custody or control.

23

24  <u>Interrogatory No. 5:</u>

25      Separately for each product identified in answer to Interrogatory No. 2, identify each individual

26  (including their job title and description) who participated in any way in performing an ASIC Method

27

28

*MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S*
*FIRST SET OF INTERROGATORIES*
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1   for that product, and describe all of the acts of each individual that contributed to performing the ASIC

2   Method for that product.

3   <u>Response to Interrogatory No. 5:</u>

4          Defendant incorporates by reference its General Objections.  Defendant further objects to this

5   interrogatory as unduly burdensome and seeking discovery of information regarding design processes

6   that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

7   admissible evidence.

8          Subject to and without waiving the foregoing general and specific objections, Defendant

9   responds as follows:

10          Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

11   computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

12   Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

13   this interrogatory and contain the requested information to the extent such records currently exist

14   within Defendant's possession, custody or control.

15

16   <u>Interrogatory No. 6:</u>

17          State when, from whom and under what circumstances defendant first became aware of the

18   patent-in-suit, and identify all documents and communications relating thereto, including but not

19   limited to any opinion(s) concerning the patent-in-suit.

20   <u>Response to Interrogatory No. 6:</u>

21          Defendant incorporates by reference its General Objections.  Defendant further objects to this

22   interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client

23   privilege.

24          Subject to and without waiving the foregoing general and specific objections, Defendant

25   responds as follows:

26          Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

27

28



MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S               8
FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

1    Interrogatory No. 7:

2            Separately for each of the paragraphs of the response to the Complaint in this action by the

3    defendant responding to this inquiry, identify all individuals having knowledge or information

4    concerning the contents of such paragraph and identify the documents on which such response is

5    based.

6    Response to Interrogatory No. 7:

7            Defendant incorporates by reference its General Objections.  Defendant further objects to this

8    interrogatory on the ground that it contains impermissible subparts.  *See* D. Del. LR 26.1(b).  By

9    propounding an interrogatory that requires Defendant to state all factual bases and identify all

10   individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact

11   served 100 separate interrogatories and far exceeded the 50-interrogatory limit.  *See id.  See Lawrence*

12   *v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition*

13   *Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

14           Defendant further objects to this interrogatory on the ground that it is premature.  Defendant

15   has just begun to conduct its investigation of the relevant facts.  The factual bases and documents

16   supporting each of Defendant's contentions addressed in this interrogatory will become known through

17   fact and expert discovery.

18           Defendant further objects to this interrogatory to the extent that it seeks the disclosure of

19   information or the identification of documents that are protected from discovery by the attorney-client

20   privilege and/or the attorney work product doctrine.

21           Defendant further objects to this interrogatory on the basis that it seeks identification of "all

22   persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action.

23   To identify each person employed by or associated with Defendant and having such knowledge would

24   be unreasonably burdensome.

25           Subject to and without waiving the foregoing general and specific objections, Defendant

26   responds as follows:

27

28


HOWREY
SIMON
ARNOLD &
WHITE

MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S
FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

9

1    James Davis has information regarding Defendant's equitable defenses. Hideaki Kobayashi

2  and Masahiro Shindo have information regarding the invalidity of the asserted patents.

3

4  Interrogatory No. 8:

5    Separately for each product identified in answer to Interrogatory No. 2, identify each individual

6  who can testify about defendant's marketing activities, including but not limited to market research,

7  product testing, business planning, sales, advertising, and production for that product.

8  Response to Interrogatory No. 8:

9    Defendant incorporates by reference its General and Specific Objections. Defendant

10  incorporates by reference its response to Interrogatory No. 2.

11

12  Interrogatory No. 9:

13    Describe defendant's procedures, facilities and policies for generating, maintaining, retaining

14  and destroying records and the types of data processing and storage systems maintained by defendant,

15  and identify all documents relating to or referring to such procedures, policies and systems and all

16  persons having knowledge thereof.

17  Response to Interrogatory No. 9:

18    Defendant incorporates by reference its General Objections.

19    Subject to and without waiving the foregoing general and specific objections, Defendant

20  responds as follows:

21    Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for

22  policies regarding the retention or destruction of documents that are responsive to this interrogatory

23  and contain the requested information to the extent such records currently exist within Defendant's

24  possession, custody or control.

25

26

27

28

MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S                    10
FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1  Interrogatory No. 10:

2      In the event that any request for admission is denied in whole or in part, identify the request by

3  number and set forth in detail each and every reason of the denial, including the identity of the

4  documents upon which such denial is based.

5  Response to Interrogatory No. 10:

6      Defendant incorporates by reference its General Objections.

7      Defendant further objects to this interrogatory on the ground that it contains impermissible

8  subparts. *See* D. Del. LR 26.1(b).

9      Defendant further objects to this interrogatory on the ground that it is premature. Discovery in

10  this case has just recently begun. Defendant will make available additional information regarding the

11  factual bases for its contentions at a later point during discovery.

12      Subject to and without waiving the foregoing general and specific objections, Defendant

13  responds as follows:

14      Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for

15  Admission were false. Regarding requests for admission involving the validity and enforceability of

16  the patents: Defendant is aware of a number of invalidating prior art references which will be

17  produced; detailed contentions regarding specific references will be supplied at an appropriate time

18  during discovery. Regarding requests relating to equitable defenses: the '432 patent issued on May 1,

19  1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous

20  attempts to license this patent that were abandoned. Regarding requests relating to construction of

21  specific elements of claim language and practice of those claim elements: the claims of the '432 patent

22  refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of

23  equitable defenses included laches, equitable estoppel and an implied license and, as a licensed user of

24  Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has

25  against assertion of the '432 patent.

26

27

28

MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S
FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ                                    11

HOWREY
SIMON
ARNOLD &
WHITE

1      Defendant reserves the right to identify additional grounds for its contentions and additional

2  evidence as discovery develops.

3

4

   Dated:  January 9, 2003                    HOWREY SIMON ARNOLD & WHITE, LLP
5

6

7                                     By: _____

8                                         Erik K. Moller
                                          Attorneys for Defendants Aeroflex Inc.,
9                                         AMI Semiconductors, Inc., Matrox
                                          Electronics Systems Ltd., Matrox
10                                        Graphics Inc., Matrox Int'l, Inc., and
                                          Matrox Tech, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATROX TECH, INC.'S SUPP. RESPONSES TO RICOH'S
FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss.:
COUNTY OF SAN MATEO          )

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 301 Ravenswood Avenue, Menlo Park, California 94025.

On January 9, 2004, I served on the interested parties in said action the within:

**DEFENDANT MATROX TECH, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS (NOS. 1-10)**

by placing an original thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Meno Park, California.

Edward A. Meilman                      Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky, LLP   Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas            2101 L Street, N.W.
New York, NY  10026-2714               Washington, DC  20037-1526

Facsimile No.: 212/997-9880            Facsimile No.: 202/887-0689

Jeffrey B. Demain
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA  94108

Facsimile No.: 415/362-8064

[X]   (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[X]   (FACSIMILE) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown as stated above.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on January 9, 2004, at Menlo Park, California.

_____        _____
        Gayle L. Jacob                              (Signature)
     (Type or print name)

1  Teresa M. Corbin (SBN 132360)
   Christopher Kelley (SBN 166608)
2  Thomas C. Mavrakakis (SBN 177927)
   Erik K. Moller (SBN 147674)
3  HOWREY SIMON ARNOLD & WHITE, LLP
   301 Ravenswood Avenue
4  Menlo Park, California 94025
   Telephone: (650) 463-8100
5  Facsimile: (650) 463-8400

6  Attorneys for Defendants Aeroflex Inc.,
   AMI Semiconductors, Inc., Matrox
7  Electronics Systems Ltd., Matrox
   Graphics Inc., Matrox Int'l, Inc., and
8  Matrox Tech, Inc.

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14                                  )  Case No. CV 03-04669 MJJ
                                    )
15  RICOH COMPANY, LTD.,            )  **DEFENDANT AMI SEMICONDUCTOR,**
                                    )  **INC.'S SUPPLEMENTAL RESPONSES TO**
16           Plaintiff,             )  **PLAINTIFF'S FIRST SET OF**
                                    )  **INTERROGATORIES TO ALL**
17      v.                          )  **DEFENDANTS (NOS. 1-10)**
                                    )
18  AEROFLEX INCORPORATED, AMI      )
    SEMICONDUCTOR, INC., MATROX     )
19  ELECTRONIC SYSTEMS LTD., MATROX )
    GRAPHICS INC., MATROX           )
20  INTERNATIONAL CORP. and MATROX  )
    TECH, INC.,                     )
21                                  )
                                    )
22           Defendants.           )
    _____ )
23
    PROPOUNDING PARTY:        Plaintiff, Ricoh Company, Ltd.
24
    RESPONDING PARTY:         Defendant, AMI Semiconductor, Inc.
25
    SET NO.:                  One (Nos. 1-10)
26
          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant AMI Semiconductor,
27
    Inc. ("Defendant") hereby responds to Ricoh Company, Ltd's ("Ricoh") First Set of Interrogatories.
28

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-04669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

JAN. 9. 2004  2:24PM    HOWREY SIMON ARNOLD                    NO. 748    P. 3/15

1      These responses are based on information reasonably available to Defendant at the present

2  time.  Defendant reserves the right to supplement these responses when, and if, additional information

3  becomes available.  Defendant also reserves the right to object on any ground at any time to such other

4  or supplemental Interrogatories Ricoh may propound involving or relating to the subject matter of

5  these Interrogatories.

6      Nothing herein shall be construed as an admission regarding privilege, materiality,

7  admissibility or relevance of any response to the Interrogatories and any document or thing identified

8  in any response.  The inadvertent disclosure of such information or the inadvertent identification or

9  production of any document shall not constitute a waiver of any applicable privilege as to that

10  information or document or any other document identified or produced by Defendant.

11

12                **GENERAL OBJECTIONS**

13     1.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

14  information protected by the attorney-client privilege, including the impressions, conclusions,

15  opinions, legal research or theories of attorneys, whether or not communicated to their client, and/or

16  any other applicable privilege.

17     2.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

18  information protected by the work product doctrine, including the impressions, conclusions, opinions,

19  legal research or theories of attorneys.

20     3.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

21  information protected by any other privilege or protection afforded by state or federal law.

22     4.     Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

23  information that is subject to any protective order, privacy interest, contractual obligation, non-

24  disclosure agreement, confidentiality agreement or other such confidentiality obligation owed to any

25  third party.  Without third party permission, Defendant will not provide such information unless

26  required by the Court.

27

28

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO       2
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1   5.  Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

2 information that is not relevant to a claim or defense of any party or to the subject matter of this

3 litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4   6.  Defendant objects to Ricoh's First Set of Interrogatories as overly broad and unduly

5 burdensome to the extent that they seek information beyond what is available from a reasonable search

6 of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of

7 Defendant's employees.

8   7.  Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

9 documents that are a matter of public record or are equally available or readily ascertainable by Ricoh

10 from some other source.

11   8.  Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek

12 information or the identification of documents that are not within the possession, custody, or control of

13 Defendants, or refer to persons, entities, or events not known to Defendants, subjecting them to

14 unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an

15 obligation to discover information or materials from third parties or services who are equally

16 accessible to Ricoh.

17   9.  Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

18 unlimited in time or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent

19 No. 4,922,432 (the "'432 patent"), on the grounds that each such request for production is overly

20 broad, unduly burdensome, and seeks the discovery of information that is not relevant to a claim or

21 defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to

22 the discovery of admissible evidence.

23   10.  Defendant objects to Ricoh's First Set of Interrogatories to the extent that they seek a

24 legal conclusion.

25   11.  Defendant objects to Ricoh's First Set of Interrogatories, including its Definitions and

26 Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of

27 Civil Procedure and the Local Rules of the District Court of Delaware and/or other applicable law.

28

3

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1   Defendant will respond to Ricoh's First Set of Interrogatories in accordance with the Federal Rules of

2   Civil Procedure, the Local Rules of the District Court of Delaware and/or other applicable law.

3       12.   Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

4   compound and contain unrelated subparts in violation of Rule 33(a) of the Federal Rules.

5       13.   Defendant objects to Ricoh's First Set of Interrogatories to the extent that they are

6   unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is

7   obtainable from some other source that is more convenient, less burdensome, or less expensive.

8       14.   Defendant objects to Ricoh's First Set of Interrogatories to the extent they seek

9   information from Defendants concerning the positions they will take at trial, on the grounds that

10  discovery in this action is in its earliest stages and Ricoh has not yet made a proper identification of its

11  own claims and contentions.  Defendants reserve the right to supplement these Responses as discovery

12  progresses.

13

14              **SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

15      1.   Defendant objects to Ricoh's Definition/Instruction 5 to the extent that the term

16  "defendant" extends to any person or entity other than Defendant's present employees and agents.

17      2.   Defendant objects to Ricoh's Definition/Instruction 11 to the extent that it purports to

18  impose requirements other than or in addition to the requirements of the Federal Rules of Civil

19  Procedure and the Local Rules of this Court.

20      3.   Defendant objects to Ricoh's Definition/Instruction 14 to the extent that the definition

21  of "ASIC" is vague, overly broad and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23      4.   Defendant objects to Ricoh's Definition/Instruction 15 to the extent that the definition

24  of "ASIC PRODUCT" is vague, overly broad and not reasonably calculated to lead to the discovery of

25  admissible evidence.

26

27

28

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

**HOWREY
SIMON
ARNOLD &
WHITE**

1      5.    Defendant objects to Ricoh's Definition/Instruction 16 to the extent that the definition

2  of "ASIC Method" is vague, overly broad and not reasonably calculated to lead to the discovery of

3  admissible evidence.

4

5  **DEFENDANT'S ANSWERS TO RICOH'S FIRST SET OF INTERROGATORIES**

6  <u>Interrogatory No. 1:</u>

7      Describe the organizational structure of defendant, including, but not limited to those groups,

8  divisions, teams and other organizations having any involvement in defendant's ASIC Method at any

9  time, and identify all individuals who can testify about such organization.

10  <u>Response to Interrogatory No. 1:</u>

11      Defendant incorporates by reference its General Objections.  Defendant further objects to this

12  interrogatory as unduly burdensome and on the basis that it seeks detailed discovery regarding

13  operations of Defendant that have no relevance to Defendant's ASIC Products or Methods.

14      Subject to and without waiving the foregoing general and specific objections, Defendant

15  responds as follows:

16      Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for

17  organizational structure that are responsive to this interrogatory and contain the requested information

18  to the extent such records currently exist within Defendant's possession, custody or control.

19

20  <u>Interrogatory No. 2:</u>

21      Identify each and every ASIC Product designed, manufactured, sold, offered for sale, imported,

22  or distributed by or on behalf of defendant, and separately identify for each product any and all order

23  numbers, product numbers, trade names, trade designations, trademarks, common names, model

24  numbers, version numbers, internal code or project names, catalog numbers, and any other

25  designations used by defendant (whether or not known to third parties) in connection with that product,

26  including indicating whether the manufacture, offer for sale, or importation of that product is presently

27  continuing, and if not, indicating the date of termination thereof.

28

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1  <u>Response to Interrogatory No. 2:</u>

2         Defendant incorporates by reference its General Objections.  Defendant further objects to this

3  interrogatory on the basis that it is unduly burdensome, seeks discovery regarding semiconductor

4  products having no relationship to any infringement allegations made by Ricoh against Defendant, and

5  not reasonably calculated to lead to the discovery of admissible evidence.

6         Subject to and without waiving the foregoing general and specific objections, Defendant

7  responds as follows:

8         Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

9  computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

10  Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

11  this interrogatory and contain the requested information to the extent such records currently exist

12  within Defendant's possession, custody or control.

13         AMI employed computer-assisted logic synthesis in connection with the development of the

14  following design projects:

15         • device number 11241, a project for Cidco in 1997,

16         • a project for Adaptive in 1999,

17         • a project for Protel in 2000,

18         • a project for ITT in 2000,

19         • a project for Sony in 2000,

20         • device number 14940, a project for Insound Medical in 2000,

21         • device number 11636, a project for QSI in 2000,

22         • 3 projects for Lucent in 2001,

23         • 2 projects for Cisco in 2001,

24         • 2 projects for Ericsson in 2001,

25         • device number 13722, a project for Nanogen in 2001,

26         • 3 projects for Nortel in 2002,

27         • 2 projects for EMC in 2002,

28

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1   • device number 14257 for Lucent in 2002,

2   • device number 14062 for Lucent in 2002,

3   • 1 additional project for Lucent in 2002,

4   • 1 project for 1 Limited in 2002,

5   • device 143202-505 for AMI Semiconductor in 2002,

6   • device 15125 for Plasom in 2002,

7   • device 14919 for DSC in 2002,

8   • device 14167-501 for Linet Oy in 2002,

9   • 1 device for Agilent in 2002,

10  • device 13639 for Scientific Atlanta in 2003,

11  • device 13640 for Scientific Atlanta in 2003,

12  • 1 device for Ericsson in 2003,

13  • 1 device for TRW in 2003,

14  • 1 device for Plasmon in 2003,

15  • device 15063 for AutoXray in 2003,

16  • device 15028-510 for AMI Semiconductor in 2003,

17  • device 15124 for Dexcom in 2003,

18  • device 14956 for De Ameretek in 2003,

19  • device 14088 for Sarif in 2003,

20  • device 15152-501 for Valeo in 2003,

21  • 1 device for Medisense in 2003, and

22  • device 15148 for Matshushita in 2003.

23

24  <u>Interrogatory No. 3:</u>

25      Separately for each product identified in answer to Interrogatory No. 2, describe with

26  specificity and particularity all of the steps or other activities making up the ASIC Method used to

27

28                                                7

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1  design that product, including the date(s) such steps or other activity occurred, and where such step or

2  activity is not performed by defendant, identify the person performing such step or activity.

3  Response to Interrogatory No. 3:

4       Defendant incorporates by reference its General Objections.  Defendant further objects to this

5  interrogatory as unduly burdensome and seeking discovery of information regarding design processes

6  that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

7  admissible evidence.

8       Subject to and without waiving the foregoing general and specific objections, Defendant

9  responds as follows:

10      Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

11  computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

12  Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

13  this interrogatory and contain the requested information to the extent such records currently exist

14  within Defendant's possession, custody or control.

15

16  Interrogatory No. 4:

17      Separately for each product identified in answer to Interrogatory No. 2, identify each individual

18  (including their job title and description) involved in any way (including but not limited to managerial

19  responsibility) in research and development, design, manufacturing, testing, sales, or marketing of, or

20  in the decision to design, develop, or manufacture that product, and describe their activity concerning

21  such involvement.

22  Response to Interrogatory No. 4:

23      Defendant incorporates by reference its General Objections.  Defendant further objects to this

24  interrogatory as unduly burdensome and seeking discovery of information regarding design processes

25  that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

26  admissible evidence.

27

28

HOWREY
SIMON
ARNOLD &
WHITE

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO                    8
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

1    Subject to and without waiving the foregoing general and specific objections, Defendant

2  responds as follows:

3    Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

4  computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

5  Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

6  this interrogatory and contain the requested information to the extent such records currently exist

7  within Defendant's possession, custody or control.

8

9  Interrogatory No. 5:

10    Separately for each product identified in answer to Interrogatory No. 2, identify each individual

11  (including their job title and description) who participated in any way in performing an ASIC Method

12  for that product, and describe all of the acts of each individual that contributed to performing the ASIC

13  Method for that product.

14  Response to Interrogatory No. 5:

15    Defendant incorporates by reference its General Objections.  Defendant further objects to this

16  interrogatory as unduly burdensome and seeking discovery of information regarding design processes

17  that have no relationship to ASIC design and are not reasonably calculated to lead to the discovery of

18  admissible evidence.

19    Subject to and without waiving the foregoing general and specific objections, Defendant

20  responds as follows:

21    Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged documents relating to the

22  computer-assisted logic synthesis operations performed by Defendant for those ASICs for which the

23  Defendants' design processes include a computer-assisted logic synthesis step that are responsive to

24  this interrogatory and contain the requested information to the extent such records currently exist

25  within Defendant's possession, custody or control.

26

27

28



AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1    Interrogatory No. 6:

2         State when, from whom and under what circumstances defendant first became aware of the

3    patent-in-suit, and identify all documents and communications relating thereto, including but not

4    limited to any opinion(s) concerning the patent-in-suit.

5    Response to Interrogatory No. 6:

6         Defendant incorporates by reference its General Objections. Defendant further objects to this

7    interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client

8    privilege.

9         Subject to and without waiving the foregoing general and specific objections, Defendant

10    responds as follows:

11         Defendant first became aware of the patent-in-suit upon receipt of the complaint in this lawsuit.

12

13    Interrogatory No. 7:

14         Separately for each of the paragraphs of the response to the Complaint in this action by the

15    defendant responding to this inquiry, identify all individuals having knowledge or information

16    concerning the contents of such paragraph and identify the documents on which such response is

17    based.

18    Response to Interrogatory No. 7:

19         Defendant incorporates by reference its General Objections. Defendant further objects to this

20    interrogatory on the ground that it contains impermissible subparts. *See* D. Del. LR 26.1(b). By

21    propounding an interrogatory that requires Defendant to state all factual bases and identify all

22    individuals or documents concerning the allegations made in 50 separate paragraphs, Ricoh has in fact

23    served 100 separate interrogatories and far exceeded the 50-interrogatory limit. *See id. See Lawrence*

24    *v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660-61 (D. Kan. 1996); *Kendall v. GES Exposition*

25    *Services, Inc.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

26         Defendant further objects to this interrogatory on the ground that it is premature. Defendant

27    has just begun to conduct its investigation of the relevant facts. The factual bases and documents

28



AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

10

1  supporting each of Defendant's contentions addressed in this interrogatory will become known through

2  fact and expert discovery.

3         Defendant further objects to this interrogatory to the extent that it seeks the disclosure of

4  information or the identification of documents that are protected from discovery by the attorney-client

5  privilege and/or the attorney work product doctrine.

6         Defendant further objects to this interrogatory on the basis that it seeks identification of "all

7  persons" having knowledge of the facts set out in Defendant's response to the Complaint in this action.

8  To identify each person employed by or associated with Defendant and having such knowledge would

9  be unreasonably burdensome.

10        Subject to and without waiving the foregoing general and specific objections, Defendant

11  responds as follows:

12        James Davis has information regarding Defendant's equitable defenses.  Hideaki Kobayashi

13  and Masahiro Shindo have information regarding the invalidity of the asserted patents.

14

15  Interrogatory No. 8:

16        Separately for each product identified in answer to Interrogatory No. 2, identify each individual

17  who can testify about defendant's marketing activities, including but not limited to market research,

18  product testing, business planning, sales, advertising, and production for that product.

19  Response to Interrogatory No. 8:

20        Defendant incorporates by reference its General and Specific Objections.  Defendant

21  incorporates by reference its response to Interrogatory No. 2.

22

23  Interrogatory No. 9:

24        Describe defendant's procedures, facilities and policies for generating, maintaining, retaining

25  and destroying records and the types of data processing and storage systems maintained by defendant,

26  and identify all documents relating to or referring to such procedures, policies and systems and all

27  persons having knowledge thereof.

28



11

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE

1    <u>Response to Interrogatory No. 9:</u>

2     Defendant incorporates by reference its General Objections.

3     Subject to and without waiving the foregoing general and specific objections, Defendant

4    responds as follows:

5     Pursuant to FRCP Rule 33(d), Defendant will produce non-privileged business records for

6    policies regarding the retention or destruction of documents that are responsive to this interrogatory

7    and contain the requested information to the extent such records currently exist within Defendant's

8    possession, custody or control.

9

10    <u>Interrogatory No. 10:</u>

11     In the event that any request for admission is denied in whole or in part, identify the request by

12    number and set forth in detail each and every reason of the denial, including the identity of the

13    documents upon which such denial is based.

14    <u>Response to Interrogatory No. 10:</u>

15     Defendant incorporates by reference its General Objections.

16     Defendant further objects to this interrogatory on the ground that it contains impermissible

17    subparts. *See* D. Del. LR 26.1(b).

18     Defendant further objects to this interrogatory on the ground that it is premature.  Discovery in

19    this case has just recently begun.  Defendant will make available additional information regarding the

20    factual bases for its contentions at a later point during discovery.

21     Subject to and without waiving the foregoing general and specific objections, Defendant

22    responds as follows:

23     Where Defendant denied Ricoh's Requests for Admission, it did so because these Requests for

24    Admission were false.  Regarding requests for admission involving the validity and enforceability of

25    the patents: Defendant is aware of a number of invalidating prior art references which will be

26    produced; detailed contentions regarding specific references will be supplied at an appropriate time

27    during discovery.  Regarding requests relating to equitable defenses: the '432 patent issued on May 1,

28

12

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

1  1990; Ricoh filed this complaint in January 2003; agents of the inventors and assignees made previous

2  attempts to license this patent that were abandoned.  Regarding requests relating to construction of

3  specific elements of claim language and practice of those claim elements:  the claims of the '432 patent

4  refer to a particular design process not employed by Defendant; Defendant, is the beneficiary of

5  equitable defenses included laches, equitable estoppel and an implied license and, as a licensed user of

6  Synopsys design synthesis software, is the beneficiary of the equitable defenses that Synopsys has

7  against assertion of the '432 patent.

8       Defendant reserves the right to identify additional grounds for its contentions and additional

9  evidence as discovery develops.

10

11

12  Dated:  January 9, 2003                    HOWREY SIMON ARNOLD & WHITE, LLP

13

14                                     By:  _____

15                                          Erik K. Moller
                                            Attorneys for Defendants Acroflex Inc.,
16                                          AMI Semiconductors, Inc., Matrox
                                            Electronics Systems Ltd., Matrox
17                                          Graphics Inc., Matrox Int'l, Inc., and
                                            Matrox Tech, Inc.

18

19

20

21

22

23

24

25

26

27

28

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO                    13
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE



1                              **PROOF OF SERVICE**

2

3  STATE OF CALIFORNIA            )
                                  )    ss.:
4  COUNTY OF SAN MATEO            )

5

6      I am employed in the County of San Mateo, State of California.  I am over the age of 18 and
   not a party to the within action.  My business address is 301 Ravenswood Avenue, Menlo Park,
7  California  94025.

8      On January 9, 2004, I served on the interested parties in said action the within:

9      **DEFENDANT AMI SEMICONDUCTOR, INC.'S SUPPLEMENTAL
       RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL
       DEFENDANTS (NOS. 1-10)**

10

11     by placing an original thereof in a sealed envelope(s) addressed as stated below and causing
       such envelope(s) to be deposited in the U.S. Mail at Menlo Park, California.

12  Edward A. Meilman                        Gary M. Hoffman
    Dickstein Shapiro Morin & Oshinsky, LLP  Dickstein Shapiro Morin & Oshinsky, LLP
13  1177 Avenue of the Americas              2101 L Street, N.W.
    New York, NY  10026-2714                 Washington, DC  20037-1526
14

15  Facsimile No.: 212/997-9880              Facsimile No.: 202/887-0689

16  Jeffrey B. Demain
    Altshuler, Berzon, Nussbaum, Rubin & Demain
    177 Post Street, Suite 300
17  San Francisco, CA  94108

18  Facsimile No.: 415/362-8064

19  ☒  (MAIL) I am readily familiar with this firm's practice of collection and processing
        correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
20      service on that same day in the ordinary course of business.  I am aware that on motion of party
        served, service is presumed invalid if postal cancellation date or postage meter date is more
21      than 1 day after date of deposit for mailing in affidavit.

22  ☒  (FACSIMILE) I caused the foregoing document to be served by facsimile transmission to each
        interested party at the facsimile machine telephone number shown as stated above.

23

24      I declare under penalty of perjury that I am employed in the office of a member of the bar of
    this Court at whose direction the service was made and that the foregoing is true and correct.

25      Executed on January 9, 2004, at Menlo Park, California.

26

27  _____            _____
        Gayle L. Jacob                              (Signature)
        (Type or print name)

28

AMI SEMICONDUCTOR, INC.'S SUPP. RESPONSES TO          -14-
RICOH'S FIRST SET OF INTERROGATORIES
Case No. CV 03-004669 MJJ

HOWREY
SIMON
ARNOLD &
WHITE



301 RAVENSWOOD AVENUE
MENLO PARK, CA 94025-3434
PHONE 650.463.8100
FAX 650.463.8400
A LIMITED LIABILITY PARTNERSHIP

**CHRISTOPHER L. KELLEY**
PARTNER
650.463.8113
kelleyc@howrey.com

May 3, 2004

**VIA FACSIMILE AND U.S. MAIL**

Edward Meilman, Esq.
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, N.Y. 10036

     Re:   *Ricoh Company, Ltd. v. Aeroflex*
           Case No. C03-04669 MJJ (EMC)

Dear Ed:

    I received your deposition notice for "Aeroflex Colorado Springs" on April 30. As we have noted in previous communications, Aeroflex Colorado Springs, Inc. is a subsidiary of Aeroflex. It is not necessary to deal with Aeroflex and its subsidiaries separately. Aeroflex will respond on behalf of each of its subsidiaries.

                 Very truly yours,

                 *Christopher Kelley/gg*

                 Christopher L. Kelley

CLK:gg

cc:   Kenneth W. Brothers

1  Teresa M. Corbin (SBN 132360)
    Christopher Kelley (SBN 166608)
2  Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
3  525 Market Street, Suite 3600
    San Francisco, California 94105
4  Telephone: (415) 848-4900
    Facsimile: (415) 848-4999
5

6  Attorneys for Defendants AEROFLEX
    INCORPORATED, et al.

7

8

9            UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12  RICOH COMPANY, LTD           Case No. C03-04669 MJJ

13        Plaintiff,
                       AMI SEMICONDUCTOR, INC.'S
14    vs.                    OBJECTIONS TO RICOH'S NOTICE OF
                       DEPOSITION OF AMI SEMICONDUCTOR,
15  AEROFLEX INCORPORATED, AEROFLEX   INC. PURSUANT TO FED. R. CIV. P.
    COLORADO SPRINGS, INC., AMI        30(b)(6)
16  SEMICONDUCTOR, INC., MATROX
    ELECTRONIC SYSTEMS, LTD.,
17  MATROX GRAPHICS, INC., MATROX
    INTERNATIONAL CORP., and MATROX
18  TECH, INC.,

19        Defendants.

20

21        Due to the discovery stay in this case, effective May 5, 2004, and due to the multiple Case

22  Management Conferences that have occurred since that time that have changed the scope of this case,

23  Defendant AMI Semiconductor, Inc. ("AMI") hereby responds to plaintiff Ricoh Company, Ltd.'s

24  ("Ricoh") September 25, 2003 deposition notice as if it were served on August 10, 2005, as discussed

25  during a meet and confer held on that date.

26        This response is made without waiving, in any way: (1) the right to object on any basis

27  permitted by law to the use of any such information, for any purpose, in whole or in part, in any

28

HOWREY
LLP
  OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(b)(6)
  DEPOSITION NOTICE
  CASE NO. CV 03-04669 MJJ
  DM_US\8244560.v1

1  subsequent proceeding in this action or in any other action; and (2) the right to object on any basis

2  permitted by law to any other discovery request or proceeding involving or relating to the subject

3  matter of this response.

4  **GENERAL OBJECTIONS**

5      1.  AMI objects to the date noticed for the deposition. The deposition will be scheduled at a

6  date and time that are convenient for the parties and witnesses.

7      2.  AMI objects to the Notice to the extent that the topics seek information neither relevant to

8  any cause of action in the action nor reasonably calculated to lead to the discovery of admissible

9  evidence.

10     3.  AMI objects to the Notice to the extent that the topics seek information protected by: (i)

11  the attorney-client privilege; (ii) the work-product doctrine; (iii) the constitutional right to privacy; or

12  (iv) any other privilege or protection afforded by state or federal law. Such protected material may

13  include the impressions, conclusions, opinions, legal research, or theories of attorneys, whether or not

14  communicated to their client, and/or any other applicable privilege. Any inadvertent production of

15  information subject to any such privilege or protection shall not be deemed a waiver of any privilege or

16  protection with respect to such information. AMI will provide only responsive information that is not

17  subject to any such privilege or protection.

18

19  **SPECIFIC OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

20     1.  AMI objects to Ricoh's Definition "c" to the extent that the term "Synopsys, Inc." extends

21  to any person or entity other than present employees and agents of Synopsys.

22     2.  AMI objects to Ricoh's Definition "d" to the extent that the term "AMI Semiconductor,

23  Inc." extends to any person or entity other than the named party's present employees and agents.

24     3.  AMI objects to Ricoh's Definition "f" on the basis that the term "Defendant" is overbroad

25  and seeks to impose on AMI the responsibility to collect information from parties over which it has no

26  direct authority or legal responsibility. AMI further objects to the extent that "Defendant" refers to

27  any person or entity other than AMI's present employees and agents.

28

-2-

HOWREY LLP

OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1        4.   AMI objects to Ricoh's Definition "o" on the grounds that the definition of "ASIC

2   Product" is vague, ambiguous, unintelligible, overly broad, unduly burdensome, and not reasonably

3   calculated to lead to the discovery of admissible evidence.  AMI also objects to Definition "o" to the

4   extent that it characterizes design as part of the manufacturing process.  AMI objects to any definition

5   of ASIC Product broader than ASICs whose front-end design (resulting in a netlist) was created using

6   one of the products-in-suit, i.e., Design Compiler, HDL Compiler for Verilog, VHDL Compiler,

7   Module Compiler, Physical Compiler, and DesignWare Library (hereinafter referred to as products-in-

8   suit).

9        5.   AMI objects to Ricoh's Definition "p" on the grounds that the definition of "ASIC Design

10   System" is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery

11   of admissible evidence, and includes products and software tools that have not been accused of

12   infringement, which AMI is not licensed to use, and which are not properly part of the subject matter

13   of this litigation.  The only products at issue in this case are Synopsys' Design Compiler, HDL

14   Compiler for Verilog, VHDL Compiler, Physical Compiler, Module Compiler, and DesignWare

15   Library.

16        6.   AMI objects to Ricoh's Definition "q" on the grounds that the definition of "ASIC

17   Method" is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to

18   admissible evidence.  As this definition references the term "ASIC Design Systems," AMI

19   incorporates herein each of its objections to Ricoh's Definition "p."  The only products at issue in this

20   case are Synopsys' Design Compiler, HDL Compiler for Verilog, VHDL Compiler, Physical

21   Compiler, Module Compiler, and DesignWare Library.  The definition is also overbroad to the extent it

22   refers to any computer-aided design process other than that covered by claim 13 of the patent-in-suit,

23   i.e., front-end design resulting in a netlist (hereinafter referred to as "front-end design").

24        7.   AMI objects to Ricoh's Definition "s" on the grounds that the definition of "Design" is

25   vague, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence.

26   The only design which is at issue in this case is that covered by claim 13 of the patent-in-suit, i.e.,

27   front-end logic synthesis resulting in a netlist.

28

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1    8.   AMI objects to the time period specified in Ricoh's Definition "t." The only relevant time

2    period is from January 20, 1997 to the present.

3    9.   AMI objects to providing any discovery on ASICs whose front-end design was not created

4    utilizing one of the products-in-suit in this case.

5    10. AMI objects to the extent any of the deposition topics call for testimony regarding design,

6    manufacture, sale, offers for sale, importation, or distribution of ASICs outside the United States.

7

8    **DEFENDANT AMI'S OBJECTIONS TO SPECIFIC RULE 30(b)(6) DEPOSITION TOPICS**
     **FROM PLAINTIFF'S DEPOSITION NOTICE**

9

10   **DEPOSITION TOPIC 1:**

11   The organizational structure of AMI, including, but not limited to those groups, divisions,

12   teams and other organizations having any involvement in AMI's ASIC Method at any time, and the

13   identity of all individuals who can testify about such organization.

14

15   **RESPONSE TO DEPOSITION TOPIC 1:**

16   AMI incorporates by reference its General and Specific Objections. AMI further objects to this

17   deposition topic on the grounds that it may be intended to encompass discovery more appropriately

18   sought by way of document request or interrogatory. Oral testimony obtained by deposition is not an

19   appropriate vehicle for obtaining specific biographical information of the sort requested. AMI also

20   objects to this deposition topic as overbroad and unduly burdensome to the extent Ricoh seeks

21   discovery related to "any involvement," "at any time," and "all individuals."

22   Subject to and without waiving the foregoing general and specific objections, AMI will provide

23   a witness(es) to testify on this topic.

24

25   **DEPOSITION TOPIC 2:**

26   The identification of any business entity that designed, manufactured, sold, offered for sale,

27   imported, or distributed by or on behalf of AMI, any ASIC Product.

28

-4-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1  **RESPONSE TO DEPOSITION TOPIC 2:**

2      AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

3  to this deposition topic as vague, ambiguous, unintelligible, overbroad, unduly burdensome and

4  addressing issues that are not relevant to any issue in this case or reasonably calculated to lead to the

5  discovery of admissible evidence.  AMI also objects to identifying business entities or providing other

6  information regarding ASICs sold, offered for sale, imported, or distributed outside of the United

7  States.  AMI further objects that manufacturing is not encompassed by the processes of the claims at

8  issue in this case.

9      Subject to and without waiving the foregoing general and specific objections, AMI will provide

10  a witness(es) to testify regarding the identification of any business entity that contributed to or

11  performed the front-end design (resulting in a netlist) for an AMI ASIC.  AMI will also provide

12  testimony regarding the identification of any entities who contributed to or created mask data for such

13  AMI ASICs.

14

15  **DEPOSITION TOPIC 3:**

16      The identification of any business entity that uses the ASIC Method to design or otherwise

17  make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or distributed

18  by or on behalf of AMI, including, but not limited to, the date(s) such steps or other activity occurred,

19  and, where such step or activity is not performed by AMI, the person or entity performing such step or

20  activity.

21

22  **RESPONSE TO DEPOSITION TOPIC 3:**

23      AMI incorporates by reference its General and Specific Objections.

24      Subject to and without waiving the foregoing general and specific objections, AMI will provide

25  a witness(es) to testify on this topic.

26

27

28

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.V1

1    **DEPOSITION TOPIC 4:**

2            The identification of each individual (including their full name, address, telephone number, job

3    title and description, and employer) involved in any way (including but not limited to managerial

4    responsibility) in research and development, design, manufacturing, testing, sales or marketing of, or in

5    the decision to design, develop or manufacture any ASIC Products designed, manufactured, sold,

6    offered for sale, imported, or distributed by or on behalf of AMI, and identification of the individual's

7    activity concerning such involvement.

8

9    **RESPONSE TO DEPOSITION TOPIC 4:**

10           AMI incorporates by reference its General and Specific Objections.  This deposition topic is

11   overbroad and burdensome in calling for the identification of "each" individual involved in the

12   subjects identified.  AMI also objects to this deposition topic on the basis that it seeks discovery more

13   appropriately requested by way of document request or interrogatory.  Oral testimony obtained by

14   deposition is not an appropriate vehicle for obtaining specific biographical and historical information

15   of the sort requested ("including their full name, address, telephone number, job title and description,

16   and employer").  AMI objects to providing individuals' addresses or phone numbers.  AMI also

17   objects to this deposition topic as seeking information neither relevant to any cause of action in the

18   action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it calls

19   for information related to manufacturing, sales, or marketing of the ASIC Products.

20           Subject to and without waiving the foregoing general and specific objections, AMI will provide

21   a witness(es) to testify on this topic as it relates to its own employees and the identification of third-

22   party entities or individuals of which it is aware.

23

24   **DEPOSITION TOPIC 5:**

25           The identification of each individual (including their full name, address, telephone number, job

26   title and description, and employer) who participated in any way in performing an ASIC Method for

27   any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by or on

28

-6-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.V1

1  behalf of AMI; identification of the ASIC Products for which such ASIC Method was performed; and

2  identification of the acts of each individual that contributed to performing the ASIC Method.

3

4  **RESPONSE TO DEPOSITION TOPIC 5:**

5       AMI incorporates by reference its General and Specific Objections.  AMI also objects to this

6  deposition topic on the basis that it seeks discovery more appropriately requested by way of document

7  request or interrogatory.  Oral testimony obtained by deposition is not an appropriate vehicle for

8  obtaining specific biographical information of the sort requested ("including their full name, address,

9  telephone number, job title and description, and employer").  AMI objects to providing individuals'

10  addresses or phone numbers.

11       Subject to and without waiving the foregoing general and specific objections, AMI will provide

12  a witness(es) to testify on this topic as it relates to the front-end design performed by AMI for those

13  ASIC Products for which AMI's design process includes the use of the products-in-suit.

14

15  **DEPOSITION TOPIC 6:**

16       Any relationship, including, but not limited to, any contractual, business, or financial

17  relationship, between Synopsys and AMI.

18

19  **RESPONSE TO DEPOSITION TOPIC 6:**

20       AMI incorporates by reference its General and Specific Objections.  AMI further objects to this

21  deposition topic on the grounds that it is irrelevant to the issues in this litigation, and therefore,

22  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23  evidence.

24       The general commercial dealings between Synopsys and its customers are not relevant to any

25  issue in this case.  AMI will produce a witness to testify regarding the nature of its commercial

26  dealings with Synopsys as it relates to the products-in-suit.

27

28

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1  **DEPOSITION TOPIC 7:**

2  　　　　Any product, including, but not limited to any software or ASIC Design System product,

3  Synopsys sold, licensed, leased, lent, gave, or otherwise (directly or indirectly) provided to AMI.

4

5  **RESPONSE TO DEPOSITION TOPIC 7:**

6  　　　　AMI incorporates by reference its General and Specific Objections. In addition, AMI objects

7  to this deposition topic on the basis that Synopsys has already produced extensive documentation

8  identifying exactly what Synopsys products have been licensed for use by AMI. AMI objects to this

9  deposition topic to the extent it relates to any products other than the products-in-suit.

10  　　　　Subject to and without waiving the foregoing general and specific objections, AMI will provide

11  a witness(es) to testify on this topic as it relates to the products-in-suit.

12

13  **DEPOSITION TOPIC 8:**

14  　　　　Any agreement or other arrangement granting rights in or otherwise concerning ASIC Design

15  Systems and/or use thereof from Synopsys to AMI (or from AMI to Synopsys), including but not

16  limited to contracts, licenses, purchase agreements, indemnification agreements, and hold-harmless

17  agreements/covenants not to sue.

18

19  **RESPONSE TO DEPOSITION TOPIC 8:**

20  　　　　AMI incorporates by reference its General and Specific Objections. In addition, AMI objects

21  to this deposition topic on the basis that Synopsys has already produced materials that document the

22  contractual relationship between Synopsys and AMI. AMI objects to this deposition topic as

23  overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24  to the extent it relates to anything other than the products-in-suit.

25  　　　　Subject to and without waiving the foregoing general and specific objections, AMI will provide

26  a witness(es) to testify regarding this topic as it relates to the products-in-suit.

27

28

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.V1

1 **DEPOSITION TOPIC 9:**

2      Any product designed or otherwise made by AMI, using any ASIC Design System, including,

3  but not limited to, products designed or made using Design Compiler (or any product that includes

4  Design Compiler).

5

6 **RESPONSE TO DEPOSITION TOPIC 9:**

7      AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

8  to this deposition topic as overly broad, unduly burdensome, and not reasonably calculated to lead to

9  the discovery of admissible evidence to the extent that Ricoh seeks discovery on anything other than

10  ASICs whose front-end design was created using the products-in-suit.

11      Subject to and without waiving the foregoing general and specific objections, AMI will provide

12  a witness(es) to testify on this topic for those ASIC Products for which AMI's front-end design process

13  includes the use of the products-in-suit.

14

15 **DEPOSITION TOPIC 10:**

16      The identification of any ASIC Design System including, but not limited to, the manufacturer,

17  product name, and version, used by AMI to design or otherwise make any product.

18

19 **RESPONSE TO DEPOSITION TOPIC 10:**

20      AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

21  to this deposition topic as overly broad, unduly burdensome, and not reasonably calculated to lead to

22  the discovery of admissible evidence to the extent that Ricoh seeks discovery on anything other than

23  the front-end design of ASICs that utilize the products-in-suit.

24      Subject to and without waiving the foregoing general and specific objections, AMI will provide

25  a witness(es) to testify on this topic.

26

27

28

-9-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1 **DEPOSITION TOPIC 11:**

2          The identification of any software library, cell library, and database used by AMI with any

3 ASIC Design System, including, but not limited to Design Compiler.

4

5 **RESPONSE TO DEPOSITION TOPIC 11:**

6          AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

7 to this deposition topic as vague and ambiguous as to the terms "software library," "cell library," and

8 "database."  AMI also objects to this deposition topic as overly broad, unduly burdensome, and not

9 reasonably calculated to lead to the discovery of admissible evidence to the extent that Ricoh seeks

10 discovery on anything other than the front-end design of ASICs that utilize the products-in-suit.

11          Subject to and without waiving the foregoing general and specific objections, AMI will provide

12 a witness(es) to testify about target technology libraries, symbol libraries, synthetic libraries, link

13 libraries, design libraries, and GTECH libraries as defined in our 7/18/2005 letter to DeAnna Allen.

14

15 **DEPOSITION TOPIC 12:**

16          The user interface to any ASIC Design System for designing, making or using ASIC Products,

17 including, but not limited to, the user interface for designing, making or using products designed or

18 made using Design Compiler (or any product that includes Design Compiler), and the forms and

19 methods of user input used by or on behalf of AMI (whether such input is Verilog, VHDL, HDL, or

20 any other form of input).

21

22 **RESPONSE TO DEPOSITION TOPIC 12:**

23          AMI incorporates by reference its General and Specific Objections.

24          Subject to and without waiving the foregoing general and specific objections, AMI will provide

25 a witness(es) to testify about the user interface and forms and methods of user input used by AMI in

26 connection with ASICs whose front-end design was created using the products-in-suit.

27

28

-10-

1  **DEPOSITION TOPIC 13:**

2          The output or netlist (and use thereof) of ASIC Design Systems used by or on behalf of AMI to

3  fabricate any products designed or otherwise made, using any ASIC Design System, including, but not

4  limited to, the output or netlist used to fabricate any ASIC Products designed or otherwise made using

5  Design Compiler (or any product that includes Design Compiler).

6

7  **RESPONSE TO DEPOSITION TOPIC 13:**

8          AMI incorporates by reference its General and Specific Objections. In addition, AMI objects

9  to this deposition topic as vague, ambiguous, unintelligible, overly broad, unduly burdensome, and not

10  reasonably calculated to lead to the discovery of admissible evidence to the extent that Ricoh seeks

11  discovery on outputs or netlists that were not created using the products-in-suit.

12  Subject to and without waiving the foregoing general and specific objections, AMI will provide a

13  witness(es) to testify about the outputs AMI obtains from its use of the products-in-suit.

14

15  **DEPOSITION TOPIC 14:**

16          The identification of the steps or other activities making up the ASIC Method used to design or

17  otherwise make ASIC Products that are designed, manufactured, sold, offered for sale, imported, or

18  distributed by or on behalf of AMI, including, but not limited to, the date(s) such steps or other activity

19  occurred, and, where such step or activity is not performed by AMI, the person or entity performing

20  such step or activity. Such steps or other activities include, but are not limited to, the use of ASIC

21  Design Systems in: defining a library of available hardware cells; selecting hardware cells based on

22  input specifications; and generating an output or netlist of hardware cells needed to achieve the

23  intended function of an ASIC Product.

24

25  **RESPONSE TO DEPOSITION TOPIC 14:**

26          AMI incorporates by reference its General and Specific Objections. In addition, AMI objects

27  to this deposition topic as overly broad, unduly burdensome, and not reasonably calculated to lead to

28

-11-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1  the discovery of admissible evidence to the extent that Ricoh seeks discovery on ASICs where front-

2  end design was not created utilizing the products-in-suit.

3      Subject to and without waiving the foregoing general and specific objections, AMI will provide

4  a witness(es) to testify about its use of the products-in-suit to perform front-end design.

5

6  **DEPOSITION TOPIC 15:**

7      Any ASIC Product designed, manufactured, sold, offered for sale, imported, or distributed by

8  or on behalf of AMI, including, but not limited to the identification for each ASIC Product, any and all

9  order numbers, product numbers, trade names, trade designations, trademarks, common names, model

10 numbers, version numbers, internal code or project names, catalog numbers, and any other

11 designations used by AMI (whether or not known to third parties) in connection with that product,

12 including whether the manufacture, offer for sale, or importation of that product is presently

13 continuing, and if not, the date of termination thereof.

14

15 **RESPONSE TO DEPOSITION TOPIC 15:**

16     AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

17 to this deposition topic as overly broad, unduly burdensome, and not reasonably calculated to lead to

18 the discovery of admissible evidence to the extent that Ricoh seeks discovery on ASICs whose front-

19 end design was not created using the products-in-suit.

20     Subject to and without waiving the foregoing general and specific objections, AMI will provide

21 a witness(es) to testify about this topic for those ASICs for which AMI's front-end design process

22 includes the use of the products-in-suit.

23

24 **DEPOSITION TOPIC 16:**

25     The use by AMI of Build Gates, Build Gates Extreme (i.e., "BGE"), Physically knowledgeable

26 synthesis (i.e., "PKS"), Ambit Synthesis, SoC Encounter and/or any other product of Cadence Design

27 Systems, Inc., including any license and/or use thereof by AMI.

28

-12-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(b)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1  **RESPONSE TO DEPOSITION TOPIC 16:**

2      AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

3  to this deposition topic on the grounds that it is overly broad, unduly burdensome, seeks discovery

4  having no relationship to any infringement allegations made by Ricoh against AMI, and is not

5  reasonably calculated to lead to discovery of admissible evidence.

6      In light of the foregoing objections, AMI will not produce a witness in response to this

7  deposition topic.

8

9  **DEPOSITION TOPIC 17:**

10      The cost savings (actual or potential) by AMI as a consequence of licensing or using Build

11  Gates, Build Gates Extreme (i.e., "BGE"), Physically knowledgeable synthesis (i.e., "PKS"), Ambit

12  Synthesis, SoC ENCOUNTER and/or any other product of Cadence Design Systems, Inc.

13

14  **RESPONSE TO DEPOSITION TOPIC 17:**

15      AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

16  to this deposition topic on the grounds that it is overly broad, unduly burdensome, seeks discovery

17  having no relationship to any infringement allegations made by Ricoh against AMI, and is not

18  reasonably calculated to lead to discovery of admissible evidence.

19      In light of the foregoing objections, AMI will not produce a witness in response to this

20  deposition topic.

21

22  **DEPOSITION TOPIC 18:**

23      The marketing of any product designed, sold, or otherwise made by AMI using any ASIC

24  Design System including, but not limited to, any Synopsys ASIC Design System.

25

26

27

28

-13-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(b)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1    **RESPONSE TO DEPOSITION TOPIC 18:**

2         AMI incorporates by reference its General and Specific Objections. AMI further objects to this

3    deposition topic on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to

4    lead to the discovery of admissible evidence. AMI's marketing of ASICs is irrelevant to this case.

5    This topic is also overbroad to the extent it relates to any product whose front-end design was not

6    created using the products-in-suit.

7         In light of the foregoing objections, AMI will not produce a witness in response to this

8    deposition topic.

9

10   **DEPOSITION TOPIC 19:**

11        The identification of each individual (including their full name, address, telephone number, job

12   title and description, and employer) who participated in any way in AMI's marketing activities,

13   including but not limited to market research, product testing, business planning, sales, advertising, and

14   production for each AMI product.

15

16   **RESPONSE TO DEPOSITION TOPIC 19:**

17        AMI incorporates by reference its General and Specific Objections. AMI further objects to this

18   deposition topic on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to

19   lead to the discovery of admissible evidence. AMI's marketing of ASICs is irrelevant to this case.

20   AMI also objects to this deposition topic on the grounds that it may be intended to encompass

21   discovery more appropriately sought by way of document request or interrogatory. Oral testimony

22   obtained by deposition is not an appropriate vehicle for obtaining specific biographical information of

23   the sort requested ("including their full name, address, telephone number, job title and description, and

24   employer"). AMI objects to providing individuals' addresses or phone numbers. AMI also objects to

25   this deposition topic as overbroad to the extent it relates to products whose front-end design was not

26   created using the products-in-suit.

27

28

-14-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04009 MJJ
DM_US\8244560.v1

1    In light of the foregoing objections, AMI will not produce a witness in response to this

2 deposition topic.

3

4 **DEPOSITION TOPIC 20:**

5    The cost savings (actual or potential) as a consequence of licensing or using Design Compiler

6 and/or any other product of Synopsys Inc.

7

8 **RESPONSE TO DEPOSITION TOPIC 20:**

9    AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

10 to this deposition topic as vague, ambiguous, overly broad, and unduly burdensome to the extent that

11 Ricoh seeks discovery relating to any products other than the products-in-suit.  AMI further objects

12 that this deposition topic is vague as to "cost savings."

13    Subject to and without waiving the foregoing general and specific objections, AMI will provide

14 a witness(es) to testify to the knowledge of AMI, if any, regarding cost savings related to the use of the

15 products-in-suit.

16

17 **DEPOSITION TOPIC 21:**

18    The annual dollar and unit volume of sales and/or sales projections in (a) the United States and

19 (b) elsewhere, by AMI of each of AMI's ASIC Products.

20

21 **RESPONSE TO DEPOSITION TOPIC 21:**

22    AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

23 to this deposition topic as overly broad, unduly burdensome, and not reasonably calculated to lead to

24 the discovery of admissible evidence to the extent that Ricoh seeks discovery on ASICs whose front-

25 end design was not created using the products-in-suit.  AMI's sales, sales projections, and revenue are

26 irrelevant to this case.

27

28

-15-

HOWREY
LLP

OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1      In light of the foregoing objections, AMI will not produce a witness in response to this

2  deposition topic.

3

4  **DEPOSITION TOPIC 22:**

5      The annual gross profits (gross receipts less cost of goods sold before allowance for operating

6  expenses and taxes) and net profit (gross profit less other cost items) from sales in (a) the United States

7  and (b) elsewhere, by AMI of AMI's ASIC Products, including how AMI defines each item of cost

8  deducted from gross revenue to calculate gross and net profits.

9

10  **RESPONSE TO DEPOSITION TOPIC 22:**

11      AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

12  to this deposition topic as overly broad, unduly burdensome, and not reasonably calculated to lead to

13  the discovery of admissible evidence to the extent that Ricoh seeks discovery on ASICs whose front-

14  end design was not created using the products-in-suit.  AMI's profits on sales of ASICs are irrelevant

15  to this case.  Ricoh does not compete in the logic synthesis market, and so there is no basis for lost

16  profits in this case.

17      In light of the foregoing objections, AMI will not produce a witness in response to this

18  deposition topic.

19

20  **DEPOSITION TOPIC 23:**

21      The sales by AMI of each ASIC Product produced by an ASIC Method.

22

23  **RESPONSE TO DEPOSITION TOPIC 23:**

24      AMI incorporates by reference its General and Specific Objections.  In addition, AMI objects

25  to this deposition topic as overly broad, unduly burdensome, and not reasonably calculated to lead to

26  the discovery of admissible evidence to the extent that Ricoh seeks discovery on ASICs whose front-

27  end design was not created using the products-in-suit.  AMI's sales of ASICs are irrelevant to this case.

28

-16-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.V1

1      In light of the foregoing objections, AMI will not produce a witness in response to this

2  deposition topic.

3

4  **DEPOSITION TOPIC 24:**

5      All facts related to any infringement or non-infringement of the patent-in-suit.

6

7  **RESPONSE TO DEPOSITION TOPIC 24:**

8      AMI incorporates by reference its General and Specific Objections.  AMI further objects to this

9  deposition topic to the extent that it calls for a statement of AMI's non-infringement contentions.  This

10  topic will be the subject of expert testimony.

11      Subject to and without waiving the foregoing general and specific objections, AMI will provide

12  a witness(es) to testify about its use of the products-in-suit.

13

14  **DEPOSITION TOPIC 25:**

15      All facts related to the validity or invalidity of the patent-in-suit.

16

17  **RESPONSE TO DEPOSITION TOPIC 25:**

18      AMI incorporates by reference its General and Specific Objections.  AMI further objects to this

19  deposition topic to the extent that it calls for a statement of AMI's invalidity contentions.  This topic

20  will be the subject of expert testimony.

21      Subject to and without waiving the foregoing general and specific objections, AMI will provide

22  discovery on its invalidity contentions at an appropriate time in accordance with the case schedule set

23  by the Court.

24

25  **DEPOSITION TOPIC 26:**

26      All facts related to enforceability of the patent-in-suit, including but not limited to the

27  applicability or non-applicability of the doctrines of laches and equitable estoppel.

28

-17-

HOWREY LLP

OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

**RESPONSE TO DEPOSITION TOPIC 26:**

AMI incorporates by reference its General and Specific Objections. AMI further objects to this deposition topic to the extent that it calls for a statement of AMI's enforceability contentions.

Subject to and without waiving the foregoing general and specific objections, AMI will provide discovery on its enforceability contentions at an appropriate time in accordance with the case schedule set by the Court. To the extent AMI has asserted laches or equitable estoppel in this case, AMI's defense is based upon the interaction between Ricoh, KBSC, and Synopsys, as stated in AMI's Answer and Counterclaims, and AMI will rely upon the evidence produced in the Synopsys Declaratory Judgment case on this topic. AMI's investigation is ongoing, and AMI reserves the right to supplement this response.

**DEPOSITION TOPIC 27:**

The identification of each individual (including their full name, address, telephone number, job title and description, and employer) who participated in any way in any discussions, communications, correspondence, or otherwise with any person from, or any agent representing International Chip Corporation or Knowledge Based Silicon Corporation referring to, relating to, or regarding, directly or indirectly, the patent-in-suit.

**RESPONSE TO DEPOSITION TOPIC 27:**

AMI incorporates by reference its General and Specific Objections.

At the present time, AMI is not aware of anyone at AMI with knowledge on this topic. In light of the foregoing objections, AMI will not produce a witness in response to this deposition topic.

**DEPOSITION TOPIC 28:**

Knowledge by AMI of the patent-in-suit prior to January 20, 2003.

-18-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(b)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1  **RESPONSE TO DEPOSITION TOPIC 28:**

2      AMI incorporates by reference its General and Specific Objections.

3      AMI has already responded to discovery requests indicating that it did not have knowledge of

4  the patent-in-suit prior to the filing of this action.  Therefore, AMI will not produce a witness in

5  response to this deposition topic.

6

7  **DEPOSITION TOPIC 29:**

8      The identification of each individual from AMI (including their full name, address, telephone

9  number, job title and description, and employer) who was aware of the patent-in-suit prior to

10  January 20, 2003.

11

12  **RESPONSE TO DEPOSITION TOPIC 29:**

13      AMI incorporates by reference its General and Specific Objections.

14      AMI has already responded to discovery requests indicating that it did not have knowledge of

15  the patent-in-suit prior to the filing of this action.  Therefore, AMI will not produce a witness in

16  response to this deposition topic.

17

18  **DEPOSITION TOPIC 30:**

19      Any discussions, communications, correspondence, or other contact with any person from, or

20  any agent representing International Chip Corporation or Knowledge Based Silicon Corporation

21  referring to, relating to, or regarding directly or indirectly, the patent-in-suit.

22

23  **RESPONSE TO DEPOSITION TOPIC 30:**

24      AMI incorporates by reference its General and Specific Objections.

25      At the present time, AMI is not aware of anyone at AMI with knowledge on this topic.  In light

26  of the foregoing objections, AMI will not produce a witness in response to this deposition topic.

27

28

-19-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(b)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

**DEPOSITION TOPIC 31:**

Any communications within AMI concerning the patent-in-suit.

**RESPONSE TO DEPOSITION TOPIC 31:**

AMI incorporates by reference its General and Specific Objections. AMI further objects to this deposition topic to the extent that it seeks discovery of materials and communications protected by the attorney-client privilege and work product doctrine.

At the present time, AMI is not aware of any non-privileged communications within the scope of this deposition topic. In light of the foregoing objections, AMI will not produce a witness in response to this deposition topic.

**DEPOSITION TOPIC 32:**

The identification of all documents concerning all materials presented to any of AMI's personnel having managerial responsibility and all agendas or notes of meetings involving such personnel which refer to, mention or discuss the patent-in-suit or any possible infringement thereof.

**RESPONSE TO DEPOSITION TOPIC 32:**

AMI incorporates by reference its General and Specific Objections. AMI further objects to this deposition topic to the extent that it seeks discovery of materials and communications protected by the attorney-client privilege and work product doctrine.

At this time, AMI is not aware of any non-privileged communications within the scope of this deposition topic. In light of the foregoing objections, AMI will not produce a witness in response to this deposition topic.

**DEPOSITION TOPIC 33:**

Any communications between AMI and any other defendant concerning the patent-in-suit.

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC TO RICOH'S RULE 30(B)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

**RESPONSE TO DEPOSITION TOPIC 33:**

AMI incorporates by reference its General and Specific Objections. AMI further objects to this deposition topic to the extent that it seeks discovery of materials and communications protected by the attorney-client privilege and work product doctrine.

At this time, AMI is not aware of any non-privileged communications within the scope of this deposition topic. In light of the foregoing objections, AMI will not produce a witness in response to this deposition topic.

**DEPOSITION TOPIC 34:**

Any communications between AMI and Synopsys concerning the patent-in-suit.

**RESPONSE TO DEPOSITION TOPIC 34:**

AMI incorporates by reference its General and Specific Objections. AMI further objects to this deposition topic to the extent that it seeks discovery of materials and communications protected by the attorney-client privilege and work product doctrine.

To the extent there has been any communication of the sort identified in this deposition topic that is not subject to the attorney-client privilege or the work product doctrine, AMI will produce a witness in response to this deposition topic.

**DEPOSITION TOPIC 35:**

Any communications between AMI and any person or entity other than the other defendants and Synopsys concerning the patent-in-suit.

**RESPONSE TO DEPOSITION TOPIC 35:**

AMI incorporates by reference its General and Specific Objections. AMI further objects to this deposition topic to the extent that it seeks discovery of materials and communications protected by the attorney-client privilege and work product doctrine.

-21-

HOWREY
LLP
OBJECTIONS OF AMI SEMICONDUCTOR, INC. TO RICOH'S RULE 30(b)(6)
DEPOSITION NOTICE
CASE NO. CV 03-04669 MJJ
DM_US\8244560.v1

1   To the extent there has been any communication of the sort identified in this deposition topic

2 that is not subject to the attorney-client privilege or the work product doctrine, AMI will produce a

3 witness.

4

 Dated: August 25, 2005       HOWREY LLP

5

6

7            By:

8            Jaclyn C. Fink
            Attorneys for Defendants AEROFLEX

9            INCORPORATED, AEROFLEX COLORADO
            SPRINGS, INC., AMI SEMICONDUCTOR,
            INC., MATROX ELECTRONIC SYSTEMS,

10           LTD., MATROX GRAPHICS, INC., MATROX
            INTERNATIONAL CORP., and MATROX

11           TECH, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

1                **PROOF OF SERVICE**

2  STATE OF CALIFORNIA      )
                                     )  ss.:

3  COUNTY OF SAN FRANCISCO  )

4

        I am employed in the County of San Francisco, State of California. I am over the age of 18 and

5  not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

6

        On August 25, 2005 I served on the interested parties in said action the within:

7

8        AMI SEMICONDUCTOR, INC.'S OBJECTIONS TO RICOH'S NOTICE OF DEPOSITION
        OF AMI SEMICONDUCTOR, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)

9  by causing said document to be sent by Electronic Mail to the email addresses indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s) addressed as stated below and

10  causing such envelope(s) to be delivered as follows:

11  Gary M. Hoffman, Esq.                          Jeffrey Demain, Esq.
    HoffmanG@dsmo.com                       jdemain@altshulerberzon.com

12  Dickstein Shapiro Morin & Oshinsky, LLP     Altshuler, Berzon, Nussbaum, Rubin & Demain
    2101 L Street, N.W.                          177 Post Street, Suite 300

13  Washington, DC 20037-1526             San Francisco, CA 94108

14  Facsimile No.: (202) 887-0689            Facsimile No.: (415) 362-8064

15  Edward A. Meilman, Esq.
    MeilmanE@dsmo.com

16  Dickstein Shapiro Morin & Oshinsky, LLP
    1177 Avenue of the Americas

17  New York, NY 10036-2714

18  Facsimile No.: (212) 896-5471

19  [X]  (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or driver authorized by

20      said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated

21      above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

22

        I declare under penalty of perjury that I am employed in the office of a member of the bar of

23  this Court at whose direction the service was made and that the foregoing is true and correct.

24        Executed on August 25, 2005, at San Francisco, California.

25

        Peter L. Kasenenko                                  _Peter L. Kasenenko_

26        (Type or print name)                              (Signature)

27

28

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 429-2184
E-Mail Address: BrothersK@dsmo.com

September 14, 2005

**Via PDF**

Teresa M. Corbin, Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105-2708

> Re:    Ricoh v. Aeroflex, et al.
>        <u>Synopsys v. Ricoh</u>

Dear Terry:

Pursuant to our agreements during Monday's meet and confer in Judge Chen's chambers, we forward the following information:

For infringement purposes, the ASIC defendants have identified the relevant libraries and ASIC chips, and Ricoh has identified the relevant Synopsys tools. Because certain of Ricoh's document request use "ASIC Method" as a defined term to refer to both those definitions, as well as certain non-infringement information such as invalidity, we agreed that Ricoh would identify those document requests so we could discuss scope issues at this afternoon's meet and confer. We believe that the only remaining document requests that may have any such unresolved issues regarding "ASIC Methods" are nos. 3, 4, 7, 16, 29 and 33 of Ricoh's first set of document requests to the ASIC defendants; and nos. 3 and 24 of Ricoh's first set of document requests to Synopsys. We will be prepared during this afternoon's meet and confer to discuss a mutually agreeable definition of "ASIC Method" for those requests.

With respect to our proposal that the ASIC defendants supplement certain previously served interrogatories, we note that Ricoh's first set of 10 common interrogatories to the ASIC defendants were served in the Delaware action on May 30, 2003, which pursuant to Delaware Local Rule 26.1(b) permitted 50 interrogatories (including subparts) per party. Of those 10 common interrogatories, and based the direction provided in Judge Chen's September 8, 2005 order, Ricoh requests that the ASIC defendants supplement nos. 1-5 and 7-10, with the following limitations and understandings:

- Interrogatory No. 7 -- Ricoh seeks supplemental responses from Aeroflex to Amended Complaint paragraphs 17, 20 and 21; from AMIS to Amended Complaint paragraphs 23, 26 and 27; from Matrox Electronic Systems to

1177 Avenue of the Americas • New York, NY 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.DicksteinShapiro.com

Teresa M. Corbin, Esq.
September 14, 2005
Page 2

Amended Complaint paragraphs 29, 32, and 33; from Matrox Graphics to Amended Complaint paragraphs 35, 38 and 39; from Matrox Int'l to Amended Complaint paragraphs 41, 44 and 45; and from Matrox Tech to Amended Complaint paragraphs 47, 50 and 51. Ricoh expects the responses to correlate the identified persons to the Amended Complaint paragraph for which the response is provided. As directed by the Court, because Interrogatory No. 7 seeks both facts and documents, each interrogatory directed to each applicable paragraph constitutes two interrogatories; thus Interrogatory No. 7 represents a total of six interrogatories to each ASIC defendant.

- Interrogatory No. 9 -- Based on Judge Chen's direction, Interrogatory No. 9 constitutes two interrogatories.

- Interrogatory No. 10 -- Ricoh seeks responses from each ASIC Defendant identifying the associated documents (but not identifying persons) for each of Request For Admission 9-16. Ricoh expects the responses to correlate the identified documents (by Bates number) to the specific Request For Admission for which the response is provided. Interrogatory No. 10 constitutes 8 interrogatories to each ASIC defendant.

Thus, Ricoh requests supplementation of 22 interrogatories, including subparts, to each ASIC defendant.

With respect to Document Request No. 33, Ricoh agreed to clarify the scope of the request; we are willing to limit the request to information regarding the relevant libraries,[1] provided, however, that the parties are able to stipulate to the relationship between netlist output (i.e., netlists generated by products listed on page 28 of the June 8, 2005 Case Management Statement) and mask data. We understand that your letter that will be sent at 11 a.m. PT today will address this proposed stipulation. Such a stipulation may help avoid the need for the ASIC defendants to produce mask data for the ASIC products at issue while enabling Ricoh to address the relationship between such netlists and mask data for those ASIC products. If no stipulation can be reached, then the information sought by Document Request No. 33 also will need to include third party hardware and/or software that the ASIC defendants, their representatives, agents and independent contractors (or persons or entities acting on behalf of any of the foregoing) use for generating (from a netlist) the mask data for each ASIC Product at issue.

With respect to potential special masters, although we agreed to discuss this matter during this afternoon's meet and confer, my notes do not indicate that we agreed

---

[1] Using the relevant library terminology the parties agreed to at the September 12, 2005 meet and confer in Judge Chen's courtroom, the third-party libraries include: third-party hardware and/or software relating to target libraries, standard.sldb and dw_foundation.sldb libraries, link libraries, symbol libraries, design libraries, and GTECH; and third-party hardware and/or software used to add to, substitute for, alter, extend or otherwise modify in anyway any of the foregoing libraries.

Teresa M. Corbin, Esq.
September 14, 2005
Page 3

whether to include the identification of potential candidates in this letter. I left a message on your voicemail this morning to clarify, but have not yet heard back from you, so I presume that we will discuss names this afternoon.

For this afternoon's call, please advise me whether there will be a call-in number to a bridging service.

Sincerely,

Kenneth W. Brothers

cc:    Howrey distribution list
       Gary M. Hoffman, Esq.

DSMDB.1979991.1