1 | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2 | Jaclyn C. Fink (SBN 217913)
HOWREY LLP
3 | 525 Market Street, Suite 3600
San Francisco, California 94105
4 | Telephone: (415) 848-4900
Facsimile: (415) 848-4999
5 |
Attorneys for Defendants
6 | AEROFLEX, INC., AMI
SEMICONDUCTOR, INC., MATROX
7 | ELECTRONIC SYSTEMS LTD.,
MATROX GRAPHICS INC., MATROX
8 | INTERNATIONAL CORP., MATROX
TECH, INC., and AEROFLEX COLORADO
9 | SPRINGS, INC.

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

| | |
|---|---|
| 13 RICOH COMPANY, LTD., | Case No. C03-04669 MJJ (EMC) |
| 14       Plaintiff, | Case No. C03-02289 MJJ (EMC) |
| 15    vs. | **DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWERS AND COUNTERCLAIMS** |
| 16 AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX | |
| 17 ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX | |
| 18 INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO | Date:    December 13, 2005 |
| 19 SPRINGS, INC. | Time:    9:30 AM |
| | Ctrm:    11, 19th Floor |
| 20       Defendants. | Hon. Martin J. Jenkins |
| 21 SYNOPSYS, INC., | |
| 22       Plaintiff, | |
| 23    vs. | |
| 24 RICOH COMPANY, LTD., | |
| 25       Defendant. | |

26
27
28

Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp., Matrox Tech, Inc., and Aeroflex Colorado Springs, Inc. ("Defendants") submit this motion for leave to file their amended answers and counterclaims pursuant to Fed. R. Civ. P. 15(a) to clarify their defenses and detail additional defenses.

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff, Ricoh Company, Ltd. ("Ricoh"), filed its Amended Complaint on April 12, 2004, asserting infringement by Defendants of U.S. Patent No. 4,922,432 ("the '432 patent"). Defendants have timely filed their answers and counterclaims.

Discovery in this case was stayed from May 5, 2004 until July 22, 2005. Neither final infringement contentions nor final invalidity contentions have been completed. Additionally, 30(b)(6) depositions of the Defendants have not yet been scheduled. The current close of fact discovery is January 27, 2006. However, the parties are currently negotiating an extension to the schedule that would include the Defendants' 30(b)(6) depositions in January and February of 2006, move the close of fact discovery until May of 2006, and move the trial date to November or December of 2006. *See* Declaration of Jaclyn C. Fink ("Fink Decl."), ¶ 2.

On October 25, 2005, the Defendants requested that Ricoh stipulate to allow the amendment. *See* Fink Decl., Exh. A. On October 28, 2005, Ricoh declined on the basis of prejudice and futility. *See* Fink Decl., Exh. B.

## II.    SUMMARY OF THE ARGUMENT

Leave to amend should be granted because the proposed amended answer clarifies Defendants' previously pleaded defenses and promotes the policy of determining the case on the merits. *See* proposed Amended Answers and Counterclaims attached hereto as Exh. 1-7. Additionally, there is no cognizable justification for denial of Defendants' motion for leave to amend.

### A.    Leave Should Be Granted Because Justice So Requires

Although leave of Court must be obtained for Defendants to amend their pleadings, that leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to applied with extreme

1  liberality.") (internal quotes removed); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying

2  facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

3  afforded an opportunity to test his claims on the merits."); *Enzo Life Sciences, Inc. v. Digene Corp*.,

4  270 F.Supp.2d 484, 487 (D. Del. 2003) ("[L]eave should be freely granted unless there is an apparent

5  reason for denying a request.").

6      First, with regard to the invalidity and laches defenses, the proposed amended answer merely

7  shortens the paragraphs that describe the defenses. These changes merely clarify the defense claims.

8      Additionally, the proposed amended answer includes two estoppel defenses. The first estoppel

9  defense is based on the facts that were already stated under the laches defense (Paragraph Nos. 61 to

10  64) of the original answer to the amended complaint. These facts clearly support a defense claim of

11  estoppel. The second estoppel defense is based on separate facts relating to the prosecution history of

12  the '432 patent. Prosecution history estoppel has already been litigated in this case, and thus, it is

13  actually already at issue. Therefore, this amendment merely conforms the pleading to what has already

14  been addressed in this litigation.

15      The proposed amended answer also adds the defense of authorization and consent. As a matter

16  of law, Ricoh is precluded under 28 U.S.C. § 1498 from recovering any damages for the sales of any

17  accused products made to or for the United States federal government. Section 1498(a) provides in

18  pertinent part:

19      Whenever a patented invention described in and covered by a patent of the United
        States is used or manufactured by or for the United States without license … *the*
20      *owner's remedy shall be by action against the United States in the United States Court*
        *of Federal Claims* for the recovery of his reasonable and entire compensation for such
21      use and manufacture…. [T]he use or manufacture of an invention described in and
        covered by a patent of the United States *by a contractor, a subcontractor, or any*
22      *person, firm, or corporation for the Government* and with the authorization and consent
        of the Government, shall be construed as use or manufacture for the United States.
23

24      28 U.S.C. § 1498(a) (emphasis added).

25      In addition to giving the U.S. Court of Federal Claims exclusive jurisdiction over patent

26  infringement suits against the government, section 1498(a) also provides an affirmative defense for

27  applicable government contractors and subcontractors. *Crater Corp. v. Lucent Technologies Inc.*, 255

28

1  F.3d 1361, 1364 (Fed. Cir. 2001) (citing *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869

2  (Fed. Cir. 1997)).  In other words, a private party cannot be held liable for infringement of any

3  products used or manufactured by or for the U.S. government.  *Crater Corp.,* 255 F.3d at 1364 (citing

4  *Trojan, Inc. v. Shat-R-Shield, Inc.,* 885 F.2d 854, 856 (Fed. Cir. 1989); *W.L. Gore & Assocs., Inc. v.*

5  *Garlock, Inc.,* 842 F.2d 1275, 1282-83 (Fed. Cir. 1988)).

6  In *Crater Corp.*, the Federal Circuit affirmed the trial court's grant of summary judgment in

7  favor of the alleged infringer on its affirmative defense under 28 U.S.C. section 1498(a) and affirmed

8  the dismissal of the patentee's claims.  *Crater Corp.,* 255 F.3d at 1369.  The court found that Lucent,

9  the allegedly infringing subcontractor, manufactured the accused devices for the U.S. government,

10  pursuant to a government contract.  *Id*. at 1368-69.  *See also W.L. Gore & Assocs*., 842 F.2d at 1283

11  (holding that under Section 1498(a) it was unnecessary to modify an injunction to allow a

12  subcontractor "to … participate in the sale to the government of [infringing] products.")

13  Finally, the proposed amended answer adds the defense of a recovery bar under 35 U.S.C.

14  § 286.  Section 286 expressly limits recovery in patent infringement actions to infringement committed

15  within six years of filing the complaint.  Section 286 precludes any damages claim by Ricoh for

16  alleged infringement that occurred more than six years before the complaint filing date, and it

17  eliminates the need to litigate matters that occurred outside this time limitation.  The parties have

18  agreed that (subject to potential laches and estoppel claims) the damages period at most extends back

19  to 1997 (or six years before filing).  Thus, this issue, too, is already part of the case, and adding this

20  defense merely conforms the answer to the issues being litigated.

21  ### B.    Leave Should Be Granted

22  There is no justification for denying leave to amend here.  In *Foman*, 371 U.S. at 182, the

23  United States Supreme Court listed the circumstances that would justify a denial of leave:

24  > In the absence of any apparent or declared reason – such as undue delay, bad faith or
   dilatory motive on the part of the movant, repeated failure to cure deficiencies by
25  > amendments previously allowed, undue prejudice to the opposing party by virtue of
   allowance of the amendment, futility of the amendment, etc., the leave sought should,
26  > as the rule requires, by "freely given."

27

28

1  Additionally, "the nonmovant bears the burden of showing why amendment should not be granted."

2  *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986). Ricoh cannot meet its burden of

3  showing why Defendants' motion for leave to amend should not be granted.

4  **1.    No Undue Delay**

5  The Ninth Circuit has stated that "[d]elay alone does not provide sufficient grounds for denying

6  leave to amend." *Hurn v. Retirement Fund Trust of Heating and Piping Industry of Southern*

7  *California*, 648 F.2d 1252, 1254 (9th Cir. 1981). In fact, the Ninth Circuit stated that "[w]here there is

8  a lack of prejudice to the opposing party and the amended complaint is so obviously not frivolous, or

9  made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Id.* In

10  one case, the Ninth Circuit even held that a district court abused its discretion when it denied a motion

11  to amend made *five years* after the filing of the original complaint. *Howey v. United States*, 481 F.2d

12  1187, 1190 (9th Cir. 1973). Thus, a delay by Defendants in filing their motion for leave to amend is

13  not, by itself, sufficient to justify denial of leave to amend.

14  **2.    No Prejudice**

15  Ricoh will not be prejudiced by amendment. Prejudice can result if there is inadequate time to

16  complete discovery. There is no such prejudice here. As set forth above, there is ample time to

17  complete discovery on the Section 1498 claims. Indeed, the Customer Defendants are in the process of

18  producing documentation to support the defense. The 30(b)(6) depositions of the Customer

19  Defendants have not yet been started, and the current proposal does not anticipate them beginning

20  before January 2006. Thus, Ricoh will be in a position to question the Customer Defendants about the

21  defense and the documents. And, this is not a defense that is subject to much attack in any event – if

22  the sales were to the United States government, the sales are immune from damages. No discovery

23  will change the basic facts.

24  Moreover, prejudice must be substantial to justify denial of leave to amend. See *Morongo*

25  *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In *Genentech, Inc. v. Abbott*

26  *Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989), the court considered a motion for leave to amend

27  that, if granted, would require the non-moving party to depose numerous witnesses across the country

28

1  who had been previously questioned; would necessitate additional document searches and written

2  discovery; and would postpone the trial date. The court held that those circumstances "did not

3  constitute undue prejudice" and granted the leave to amend. *Id.*

4      In another case, leave to amend to include a 28 U.S.C. § 1498 defense was granted shortly

5  before trial. *TM Patents v. IBM*, 107 F. Supp. 2d 352, 354 (S.D.N.Y. 2000). The court found that

6  adding the § 1498 defense late in the case was not prejudicial, even long after the close of discovery.

7  The Court found that the defense was not an issue of infringement, but merely an issue of damages,

8  and concluded that plaintiff's suggestion that an earlier assertion of the defense would have altered its

9  discovery strategy was "ludicrous." *Id.*

10      In the instant case, where 30(b)(6) depositions have not even been scheduled, the close of fact

11  discovery is likely to be over six months away, and the currently proposed trial date is more than a year

12  from now, Ricoh will incur very little, if any, prejudice from granting a leave to amend, and certainly

13  not the substantial prejudice required to deny a leave.

14          **3.    No Futility**

15      Finally, Ricoh makes no showing that Defendants' leave to amend will be futile. The Ninth

16  Circuit has stated that "a proposed amendment is futile only if no set of facts can be proved under the

17  amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v.*

18  *Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). Additionally, unless the reason for denial is

19  "apparent," a district court must make written findings explaining why an amendment would be futile.

20  See *Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir. 1991). Ricoh has not made any showing

21  of futility, much less met its high burden of showing that no set of facts under the amendment would

22  constitute a valid and sufficient defense.

23

24

25

26

27

28

III.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for leave to file their amended answers and counterclaims.

Dated:  November 8, 2005                          Respectfully submitted,

HOWREY LLP


By:    /s/*Denise M. De Mory*
                          Denise M. De Mory
Attorneys for Defendants
AEROFLEX INCORPORATED, AMI
SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD.,
MATROX GRAPHICS INC., MATROX
INTERNATIONAL CORP., MATROX
TECH, INC., and AEROFLEX
COLORADO SPRINGS, INC.

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Defendants
6  AEROFLEX, INC., AMI
   SEMICONDUCTOR, INC., MATROX
7  ELECTRONIC SYSTEMS LTD.,
   MATROX GRAPHICS INC., MATROX
8  INTERNATIONAL CORP., MATROX
   TECH, INC., and AEROFLEX COLORADO
9  SPRINGS, INC.

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                        Case No. C03-04669 MJJ (EMC)

14          Plaintiff,                          Case No. C03-02289 MJJ (EMC)

15     vs.                                      **AMENDED ANSWER AND
                                                COUNTERCLAIMS OF DEFENDANT
16  AEROFLEX INCORPORATED, AMI                  AEROFLEX COLORADO SPRINGS, INC.
    SEMICONDUCTOR, INC., MATROX                 TO AMENDED COMPLAINT FOR
17  ELECTRONIC SYSTEMS LTD., MATROX             PATENT INFRINGEMENT**
    GRAPHICS INC., MATROX
18  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
19  SPRINGS, INC.

20          Defendants.

21  SYNOPSYS, INC.,

22          Plaintiff,

23     vs.

24  RICOH COMPANY, LTD.,

25          Defendant.

26

27

28

1    Defendant Aeroflex Colorado Springs, Inc. ("UTMC") for its Amended Answer to the

2  Amended Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the

3  Amended Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of

4  the Amended Complaint except as specifically stated:

5                                              **PARTIES**

6        1.    Upon information and belief, UTMC admits that plaintiff Ricoh is a corporation

7  organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome,

8  Nakamagome, Tokyo, Japan.

9        2.    UTMC admits that Aeroflex is a corporation organized under the laws of the State of

10  Delaware, and maintains its principal place of business at 35 S. Service Road, Plainview, NY 11803.

11  UTMC admits that Aeroflex has consented to the jurisdiction of this Court for this action. Except as

12  expressly admitted, UTMC denies the allegations of Paragraph 2 of the Amended Complaint.

13        3.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

14  Paragraph 3, and on that basis, denies those allegations.

15        4.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

16  Paragraph 4, and on that basis, denies those allegations.

17        5.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

18  Paragraph 5, and on that basis, denies those allegations.

19        6.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

20  Paragraph 6, and on that basis, denies those allegations.

21        7.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

22  Paragraph 7, and on that basis, denies those allegations.

23        8.    UTMC admits that UTMC is a wholly-owned subsidiary of Aeroflex, is also known as

24  Aeroflex Microelectronic Solutions, Inc., Aeroflex UTMC Microelectronic Solutions, Inc., and

25  formerly known as United Technologies Microelectronics Center, is a corporation organized under the

26  laws of the State of Delaware, and maintains a place of business at 4350 Centennial Blvd. CO 80907.

27

28

1 UTMC admits that UTMC has consented to the jurisdiction of this Court for this action. Except as

2 expressly admitted, UTMC denies the allegations of Paragraph 8 of the Amended Complaint.

3 **JURISDICTION**

4    9.    UTMC admits that plaintiff's claim purports to arise under the patent laws of the United

5 States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq.  Except as expressly admitted,

6 UTMC denies the allegations of Paragraph 9 of the Amended Complaint.

7    10.    UTMC admits that the Court has subject matter jurisdiction over the allegations of

8 patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as

9 expressly admitted, UTMC denies the allegations of Paragraph 10 of the Amended Complaint.

10    11.    UTMC admits that the Court has personal jurisdiction over UTMC.  Except as expressly

11 admitted, UTMC denies the allegations of Paragraph 11 of the Amended Complaint.

12 **VENUE**

13    12.    UTMC admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

14 Except as expressly admitted, UTMC denies the allegations of Paragraph 12 of the Amended

15 Complaint.

16 **FACTUAL BACKGROUND**

17    13.    UTMC admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled

18 "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional

19 Specifications," issued on May 1, 1990.  UTMC admits that the '432 Patent names Hideaki Kobayashi

20 and Masahiro Shindo as inventors. UTMC further admits that a copy of the '432 Patent is attached to

21 the Amended Complaint as Exhibit 1.  Except as expressly admitted, UTMC denies the allegations of

22 Paragraph 13 of the Amended Complaint.

23    14.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

24 Paragraph 14, and on that basis, denies those allegations.

25    15.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

26 Paragraph 15, and on that basis, denies those allegations.

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX
COLORADO SPRINGS, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264932.v1

-3-

**PATENT INFRINGEMENT**

**COUNT 1**

16.    UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

17.    UTMC denies each and every allegation in Paragraph 17 of the Amended Complaint.

18.    UTMC denies each and every allegation in Paragraph 18 of the Amended Complaint.

19.    UTMC denies each and every allegation in Paragraph 19 of the Amended Complaint.

20.    UTMC denies each and every allegation in Paragraph 20 of the Amended Complaint.

21.    UTMC denies each and every allegation in Paragraph 21 of the Amended Complaint.

**COUNT 2**

22.    UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

**COUNT 3**

28.    UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis, denies those allegations.

1      30.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

2  Paragraph 30, and on that basis, denies those allegations.

3      31.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

4  Paragraph 31, and on that basis, denies those allegations.

5      32.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

6  Paragraph 32, and on that basis, denies those allegations.

7      33.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

8  Paragraph 32, and on that basis, denies those allegations.

9      **COUNT 4**

10     34.    UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the

11 Amended Complaint.

12     35.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

13 Paragraph 35, and on that basis, denies those allegations.

14     36.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

15 Paragraph 36, and on that basis, denies those allegations.

16     37.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

17 Paragraph 37, and on that basis, denies those allegations.

18     38.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

19 Paragraph 38, and on that basis, denies those allegations.

20     39.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

21 Paragraph 39, and on that basis, denies those allegations.

22     **COUNT 5**

23     40    UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the

24 Amended Complaint.

25     41.    UTMC lacks information sufficient to form a belief as to the truth of the allegations of

26 Paragraph 41, and on that basis, denies those allegations.

27

28

42. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis, denies those allegations.

43. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis, denies those allegations.

44. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis, denies those allegations.

45. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis, denies those allegations.

**COUNT 6**

46. UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

47. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies those allegations.

48. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis, denies those allegations.

49. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis, denies those allegations.

50. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis, denies those allegations.

51. UTMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis, denies those allegations.

**COUNT 7**

52. UTMC repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53. UTMC denies each and every allegation in Paragraph 53 of the Amended Complaint.

54. UTMC denies each and every allegation in Paragraph 54 of the Amended Complaint.

55. UTMC denies each and every allegation in Paragraph 55 of the Amended Complaint.

56.    UTMC denies each and every allegation in Paragraph 56 of the Amended Complaint.

57.    UTMC denies each and every allegation in Paragraph 57 of the Amended Complaint.

### DEFENSES

In further response to the Amended Complaint, Defendant UTMC asserts the following:

### FIRST AFFIRMATIVE DEFENSE: INVALIDITY

58.    The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

### SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT

59.    UTMC has not and does not willfully or otherwise infringe, contribute to infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any claim of the '432 Patent.

60.    UTMC has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

### THIRD AFFIRMATIVE DEFENSE: LACHES

61.    Ricoh's claims for relief are barred by the defense of laches.

### FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL

62.    Ricoh's claims for relief are barred by the defense of estoppel.

### FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE

63.    Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys. Plaintiff's action against UTMC is barred by the doctrine of patent exhaustion.

### SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

64.    By reason of the arguments presented during the prosecution of the applications for the '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used, sold, or offered for sale by UTMC.

1    **SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT**

2    65.    Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

3    **EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES**

4    66.    Ricoh's claims for damages and injunction are barred in whole or in part by operation

5    of the applicable statutes, including 35 U.S.C. § 286.

6    **RESERVATION OF AFFIRMATIVE DEFENSES**

7    67.    With discovery still ongoing, UTMC has yet to complete its investigation. UTMC

8    reserves the right to assert any other defenses that discovery may reveal, including unclean hands or

9    inequitable conduct.

10    **COUNTERCLAIMS**

11    Counterplaintiff Aeroflex Colorado Springs, Inc. ("UTMC"), for its counterclaims against

12    Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

13    **PARTIES**

14    68.    UTMC is a corporation organized under the laws of the State of Delaware, and

15    maintains a place of business at 4350 Centennial Blvd. CO 80907

16    69.    Upon information and belief, Ricoh is a corporation organized under the laws of Japan,

17    having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

18    **JURISDICTION AND VENUE**

19    70.    Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United

20    States, Title 35 of the United States Code, § 1 et seq.  The Court has jurisdiction over the

21    counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

22    71.    Ricoh has submitted to the personal jurisdiction of this Court.

23    72.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

24    73.    There is an actual justiciable case or controversy between UTMC and Ricoh, in this

25    district, arising under the Patent Laws, 35 U.S.C. § 1 et seq.  This case or controversy arises by virtue

26    of Ricoh's filing of this suit which purports to allege that UTMC infringes U.S. Patent No. 4,922,432

27

28

1    ("the '432 Patent") and UTMC's Answer thereto, which asserts the invalidity and noninfringement of

2    the '432 Patent.

### COUNT 1: DECLARATORY JUDGMENT OF INVALIDITY

3

4    74.    UTMC incorporates by reference Paragraphs 1-73 into this count as though fully set

5    forth herein.

6    75.    The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing

7    Integrated Circuits using Functional Specifications" issued on May 1, 1990. Ricoh purports to be the

8    owner of the '432 Patent.

9    76.    Ricoh has sued UTMC in the present action, alleging infringement of the '432 Patent.

10   77.    Based on Paragraph 58 above, which is specifically incorporated by reference into this

11   Paragraph, the '432 Patent is invalid.

12   78.    UTMC requests declaratory judgment that the '432 Patent is invalid.

### COUNT 2: DECLARATORY JUDGMENT OF NONINFRINGEMENT

13

14   79.    UTMC incorporates by reference Paragraphs 1-77 into this count as though fully set

15   forth herein.

16   80.    Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference

17   into this Paragraph, the '432 Patent is not infringed by UTMC.

18   81.    UTMC requests declaratory judgment that UTMC has not infringed the '432 Patent.

### RESERVATION OF COUNTERCLAIMS

19

20   82.    UTMC reserves the right to assert any other counterclaims that discovery may reveal,

21   including, but not limited to, claims arising out of false or misleading statements to the public and/or

22   customers.

### PRAYER FOR RELIEF

23

24   WHEREFORE, UTMC respectfully prays for the following relief:

25   A.    that this Court deny and all relief requested by Plaintiff in its Amended Complaint and

26   any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

27   B.    that this Court declare the '432 Patent invalid;

28

HOWREY LLP    Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX
COLORADO SPRINGS, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264932.v1

-9-

1     C.     that this Court declare the '432 Patent unenforceable;

2     D.     that this Court declare that UTMC has not infringed any valid claim of the '432 Patent;

3     E.     that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

4     costs of this action and attorneys' fees be awarded to UTMC;

5     F.     that this Court grant such other and further relief to UTMC as this Court may deem just

6     and equitable and as the Court deems appropriate.

7     **DEMAND FOR JURY TRIAL**

8     Defendant UTMC hereby demands trial by jury in this action.

9     Dated: November ___, 2005     Respectfully submitted,

10     HOWREY LLP

11

12     By: _____

13             Denise M. De Mory
             Attorneys for Defendants

14             AEROFLEX INCORPORATED, AMI
             SEMICONDUCTOR, INC., MATROX

15             ELECTRONIC SYSTEMS, LTD.,
             MATROX GRAPHICS INC., MATROX

16             INTERNATIONAL CORP., MATROX
             TECH, INC., and AEROFLEX

17             COLORADO SPRINGS, INC.

18

19

20

21

22

23

24

25

26

27

28

1 | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2 | Jaclyn C. Fink (SBN 217913)
HOWREY LLP
3 | 525 Market Street, Suite 3600
San Francisco, California  94105
4 | Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999
5 |
Attorneys for Defendants
6 | AEROFLEX, INC., AMI
SEMICONDUCTOR, INC., MATROX
7 | ELECTRONIC SYSTEMS LTD.,
MATROX GRAPHICS INC., MATROX
8 | INTERNATIONAL CORP., MATROX
TECH, INC., and AEROFLEX COLORADO
9 | SPRINGS, INC.

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13 | RICOH COMPANY, LTD.,

| Case No. C03-04669 MJJ (EMC)

14 | Plaintiff,

| Case No. C03-02289 MJJ (EMC)

15 | vs.

| **AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

16 | AEROFLEX INCORPORATED, AMI
SEMICONDUCTOR, INC., MATROX
17 | ELECTRONIC SYSTEMS LTD., MATROX
GRAPHICS INC., MATROX
18 | INTERNATIONAL CORP., MATROX TECH,
INC., AND AEROFLEX COLORADO
19 | SPRINGS, INC.

20 | Defendants.

21 | SYNOPSYS, INC.,

22 | Plaintiff,

23 | vs.

24 | RICOH COMPANY, LTD.,

25 | Defendant.

26 |

27 |

28 |

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8268624.v1

1    Defendant Aeroflex Incorporated ("Aeroflex") for its Amended Answer to the Amended

2  Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended

3  Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the

4  Amended Complaint except as specifically stated:

5                                    **PARTIES**

6    1.    Upon information and belief, Aeroflex admits that plaintiff Ricoh is a corporation

7  organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome,

8  Nakamagome, Tokyo, Japan.

9    2.    Aeroflex admits that Aeroflex is a corporation organized under the laws of the State of

10  Delaware, and maintains its principal place of business at 35 S. Service Road, Plainview, NY 11803.

11  Aeroflex admits that Aeroflex has consented to the jurisdiction of this Court for this action. Except as

12  expressly admitted, Aeroflex denies the allegations of Paragraph 2 of the Amended Complaint.

13    3.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

14  Paragraph 3, and on that basis, denies those allegations.

15    4.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

16  Paragraph 4, and on that basis, denies those allegations.

17    5.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

18  Paragraph 5, and on that basis, denies those allegations.

19    6.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

20  Paragraph 6, and on that basis, denies those allegations.

21    7.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

22  Paragraph 7, and on that basis, denies those allegations.

23    8.    Aeroflex admits that UTMC is a wholly-owned subsidiary of Aeroflex , is also known

24  as Aeroflex Microelectronic Solutions, Inc., Aeroflex UTMC Microelectronic Solutions, Inc., and

25  formerly known as United Technologies Microelectronics Center, is a corporation organized under the

26  laws of the State of Delaware, and maintains a place of business at 4350 Centennial Blvd. CO 80907.

27

28

1  Aeroflex admits that UTMC has consented to the jurisdiction of this Court for this action. Except as

2  expressly admitted, Aeroflex denies the allegations of Paragraph 8 of the Amended Complaint.

3  **JURISDICTION**

4        9.      Aeroflex admits that plaintiff's claim purports to arise under the patent laws of the

5  United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq.  Except as expressly

6  admitted, Aeroflex denies the allegations of Paragraph 9 of the Amended Complaint.

7        10.     Aeroflex admits that the Court has subject matter jurisdiction over the allegations of

8  patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as

9  expressly admitted, Aeroflex denies the allegations of Paragraph 10 of the Amended Complaint.

10       11.     Aeroflex admits that the Court has personal jurisdiction over Aeroflex.  Except as

11  expressly admitted, Aeroflex denies the allegations of Paragraph 11 of the Amended Complaint.

12  **VENUE**

13       12.     Aeroflex admits that venue is proper in this judicial district pursuant to 28 U.S.C. §

14  1391.  Except as expressly admitted, Aeroflex denies the allegations of Paragraph 12 of the Amended

15  Complaint.

16  **FACTUAL BACKGROUND**

17       13.     Aeroflex admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled

18  "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional

19  Specifications," issued on May 1, 1990.  Aeroflex admits that the '432 Patent names Hideaki

20  Kobayashi and Masahiro Shindo as inventors. Aeroflex further admits that a copy of the '432 Patent is

21  attached to the Amended Complaint as Exhibit 1.  Except as expressly admitted, Aeroflex denies the

22  allegations of Paragraph 13 of the Amended Complaint.

23       14.     Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

24  Paragraph 14, and on that basis, denies those allegations.

25       15.     Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

26  Paragraph 15, and on that basis, denies those allegations.

27

28

1      **PATENT INFRINGEMENT**

2      **COUNT 1**

3          16.    Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the

4      Amended Complaint.

5          17.    Aeroflex denies each and every allegation in Paragraph 17 of the Amended Complaint.

6          18.    Aeroflex denies each and every allegation in Paragraph 18 of the Amended Complaint.

7          19.    Aeroflex denies each and every allegation in Paragraph 19 of the Amended Complaint.

8          20.    Aeroflex denies each and every allegation in Paragraph 20 of the Amended Complaint.

9          21.    Aeroflex denies each and every allegation in Paragraph 21 of the Amended Complaint.

10      **COUNT 2**

11          22.    Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the

12      Amended Complaint.

13          23.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

14      Paragraph 23, and on that basis, denies those allegations.

15          24.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

16      Paragraph 24, and on that basis, denies those allegations.

17          25.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

18      Paragraph 25, and on that basis, denies those allegations.

19          26.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

20      Paragraph 26, and on that basis, denies those allegations.

21          27.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

22      Paragraph 27, and on that basis, denies those allegations.

23      **COUNT 3**

24          28.    Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the

25      Amended Complaint.

26          29.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

27      Paragraph 29, and on that basis, denies those allegations.

28

1    30.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

2    Paragraph 30, and on that basis, denies those allegations.

3    31.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

4    Paragraph 31, and on that basis, denies those allegations.

5    32.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

6    Paragraph 32, and on that basis, denies those allegations.

7    33.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

8    Paragraph 32, and on that basis, denies those allegations.

9    **COUNT 4**

10    34.    Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the

11    Amended Complaint.

12    35.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

13    Paragraph 35, and on that basis, denies those allegations.

14    36.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

15    Paragraph 36, and on that basis, denies those allegations.

16    37.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

17    Paragraph 37, and on that basis, denies those allegations.

18    38.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

19    Paragraph 38, and on that basis, denies those allegations.

20    39.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

21    Paragraph 39, and on that basis, denies those allegations.

22    **COUNT 5**

23    40    Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the

24    Amended Complaint.

25    41.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

26    Paragraph 41, and on that basis, denies those allegations.

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8268624.v1

-5-

1    42.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

2    Paragraph 42, and on that basis, denies those allegations.

3    43.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

4    Paragraph 43, and on that basis, denies those allegations.

5    44.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

6    Paragraph 44, and on that basis, denies those allegations.

7    45.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

8    Paragraph 45, and on that basis, denies those allegations.

9                                    **COUNT 6**

10    46.    Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the

11    Amended Complaint.

12    47.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

13    Paragraph 47, and on that basis, denies those allegations.

14    48.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

15    Paragraph 48, and on that basis, denies those allegations.

16    49.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

17    Paragraph 49, and on that basis, denies those allegations.

18    50.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

19    Paragraph 50, and on that basis, denies those allegations.

20    51.    Aeroflex lacks information sufficient to form a belief as to the truth of the allegations of

21    Paragraph 51, and on that basis, denies those allegations.

22                                    **COUNT 7**

23    52.    Aeroflex repeats its responses to the allegations in Paragraphs 1 through 15 of the

24    Amended Complaint.

25    53.    Aeroflex denies each and every allegation in Paragraph 53 of the Amended Complaint.

26    54.    Aeroflex denies each and every allegation in Paragraph 54 of the Amended Complaint.

27    55.    Aeroflex denies each and every allegation in Paragraph 55 of the Amended Complaint.

28

1    56.    Aeroflex denies each and every allegation in Paragraph 56 of the Amended Complaint.

2    57.    Aeroflex denies each and every allegation in Paragraph 57 of the Amended Complaint.

3                                    **DEFENSES**

4    In further response to the Amended Complaint, Defendant Aeroflex asserts the following:

5                    **FIRST AFFIRMATIVE DEFENSE: INVALIDITY**

6    58.    The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of

7    the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

8                **SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT**

9    59.    Aeroflex has not and does not willfully or otherwise infringe, contribute to infringement

10   of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents,

11   any claim of the '432 Patent.

12   60.    Aeroflex has not offered to sell, sold, and/or imported within the United States any

13   product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly,

14   contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

15                    **THIRD AFFIRMATIVE DEFENSE: LACHES**

16   61.    Ricoh's claims for relief are barred by the defense of laches.

17                  **FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL**

18   62.    Ricoh's claims for relief are barred by the defense of estoppel.

19               **FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE**

20   63.    Plaintiff is barred from obtaining any relief sought in the Amended Complaint by

21   reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff

22   and Synopsys. Plaintiff's action against Aeroflex is barred by the doctrine of patent exhaustion.

23          **SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL**

24   64.    By reason of the arguments presented during the prosecution of the applications for the

25   '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the

26   claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used,

27   sold, or offered for sale by Aeroflex.

28

1    **SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT**

2        65.    Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

3    **EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES**

4        66.    Ricoh's claims for damages and injunction are barred in whole or in part by operation

5    of the applicable statutes, including 35 U.S.C. § 286.

6    **RESERVATION OF AFFIRMATIVE DEFENSES**

7        67.    With discovery still ongoing, Aeroflex has yet to complete its investigation. Aeroflex

8    reserves the right to assert any other defenses that discovery may reveal, including unclean hands or

9    inequitable conduct.

10    **COUNTERCLAIMS**

11        Counterplaintiff Aeroflex Incorporated ("Aeroflex"), for its counterclaims against

12    Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

13    **PARTIES**

14        68.    Aeroflex is a corporation organized under the laws of Delaware, having its principal

15    place of business at 35 S. Service Road, Plainview, NY 11803.

16        69.    Upon information and belief, Ricoh is a corporation organized under the laws of Japan,

17    having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

18    **JURISDICTION AND VENUE**

19        70.    Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United

20    States, Title 35 of the United States Code, § 1 et seq.  The Court has jurisdiction over the

21    counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

22        71.    Ricoh has submitted to the personal jurisdiction of this Court.

23        72.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

24        73.    There is an actual justiciable case or controversy between Aeroflex and Ricoh, in this

25    district, arising under the Patent Laws, 35 U.S.C. § 1 et seq.  This case or controversy arises by virtue

26    of Ricoh's filing of this suit which purports to allege that Aeroflex infringes U.S. Patent No. 4,922,432

27

28

("the '432 Patent") and Aeroflex's Answer thereto, which asserts the invalidity and noninfringement of the '432 Patent.

## COUNT 1:  DECLARATORY JUDGMENT OF INVALIDITY

74.    Aeroflex incorporates by reference Paragraphs 1-73 into this count as though fully set forth herein.

75.    The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990.  Ricoh purports to be the owner of the '432 Patent.

76.    Ricoh has sued Aeroflex in the present action, alleging infringement of the '432 Patent.

77.    Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

78.    Aeroflex requests declaratory judgment that the '432 Patent is invalid.

## COUNT 2:  DECLARATORY JUDGMENT OF NONINFRINGEMENT

79.    Aeroflex incorporates by reference Paragraphs 1-77 into this count as though fully set forth herein.

80.    Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by Aeroflex.

81.    Aeroflex requests declaratory judgment that Aeroflex has not infringed the '432 Patent.

## RESERVATION OF COUNTERCLAIMS

82.    Aeroflex reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to, claims arising out of false or misleading statements to the public and/or customers.

## PRAYER FOR RELIEF

WHEREFORE, Aeroflex respectfully prays for the following relief:

A.    that this Court deny and all relief requested by Plaintiff in its Amended Complaint and any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

B.    that this Court declare the '432 Patent invalid;

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8268624.v1

-9-

1      C.      that this Court declare the '432 Patent unenforceable;

2      D.      that this Court declare that Aeroflex has not infringed any valid claim of the '432

3  Patent;

4      E.      that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

5  costs of this action and attorneys' fees be awarded to Aeroflex;

6      F.      that this Court grant such other and further relief to Aeroflex as this Court may deem

7  just and equitable and as the Court deems appropriate.

8                            **DEMAND FOR JURY TRIAL**

9      Defendant Aeroflex hereby demands trial by jury in this action.

10  Dated: November ___, 2005                    Respectfully submitted,

11                                               HOWREY LLP

12

13                                               By: _____
                                                        Denise M. De Mory
14                                               Attorneys for Defendants
                                                 AEROFLEX INCORPORATED, AMI
15                                               SEMICONDUCTOR, INC., MATROX
                                                 ELECTRONIC SYSTEMS, LTD.,
16                                               MATROX GRAPHICS INC., MATROX
                                                 INTERNATIONAL CORP., MATROX
17                                               TECH, INC., and AEROFLEX
                                                 COLORADO SPRINGS, INC.
18

19

20

21

22

23

24

25

26

27

28

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)                                    -10-
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AEROFLEX INCORPORATED
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8268624.v1

1   Teresa M. Corbin (SBN 132360)
    Denise M. De Mory (SBN 168076)
2   Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
3   525 Market Street, Suite 3600
    San Francisco, California 94105
4   Telephone: (415) 848-4900
    Facsimile: (415) 848-4999
5
    Attorneys for Defendants
6   AEROFLEX, INC., AMI
    SEMICONDUCTOR, INC., MATROX
7   ELECTRONIC SYSTEMS LTD.,
    MATROX GRAPHICS INC., MATROX
8   INTERNATIONAL CORP., MATROX
    TECH, INC., and AEROFLEX COLORADO
9   SPRINGS, INC.

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                Case No. C03-04669 MJJ (EMC)

14          Plaintiff,                  Case No. C03-02289 MJJ (EMC)

15      vs.                             **AMENDED ANSWER AND
                                        COUNTERCLAIMS OF DEFENDANT AMI
16  AEROFLEX INCORPORATED, AMI          SEMICONDUCTOR, INC. TO AMENDED
    SEMICONDUCTOR, INC., MATROX         COMPLAINT FOR PATENT
17  ELECTRONIC SYSTEMS LTD., MATROX     INFRINGEMENT**
    GRAPHICS INC., MATROX
18  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
19  SPRINGS, INC.

20          Defendants.

21  SYNOPSYS, INC.,

22          Plaintiff,

23      vs.

24  RICOH COMPANY, LTD.,

25          Defendant.

26

27

28

1    Defendant AMI Semiconductor, Inc. ("AMI") for its Amended Answer to the Amended

2  Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended

3  Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the

4  Amended Complaint except as specifically stated:

5                                    **PARTIES**

6      1.      Upon information and belief, AMI admits that plaintiff Ricoh is a corporation organized

7  under the laws of Japan and maintains its principal place of business at 3-6 1-chome, Nakamagome,

8  Tokyo, Japan.

9      2.      AMI lacks information sufficient to form a belief as to the truth of the allegations of

10  Paragraph 2, and on that basis, denies those allegations.

11      3.      AMI admits that AMI is a corporation organized under the laws of Delaware and

12  maintains its principal place of business at 2300 Buckskin Road, Pocatello, ID, 83201.  AMI admits

13  that AMI has consented to the jurisdiction of this Court.  Except as expressly admitted, AMI denies the

14  allegations of Paragraph 3 of the Amended Complaint.

15      4.      AMI lacks information sufficient to form a belief as to the truth of the allegations of

16  Paragraph 4, and on that basis, denies those allegations.

17      5.      AMI lacks information sufficient to form a belief as to the truth of the allegations of

18  Paragraph 5, and on that basis, denies those allegations.

19      6.      AMI lacks information sufficient to form a belief as to the truth of the allegations of

20  Paragraph 6, and on that basis, denies those allegations.

21      7.      AMI lacks information sufficient to form a belief as to the truth of the allegations of

22  Paragraph 7, and on that basis, denies those allegations.

23      8.      AMI lacks information sufficient to form a belief as to the truth of the allegations of

24  Paragraph 8, and on that basis, denies those allegations.

25

26

27

28

1

**JURISDICTION**

2          9.     AMI admits that plaintiff's claim purports to arise under the patent laws of the United

3    States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq.  Except as expressly admitted,

4    AMI denies the allegations of Paragraph 9 of the Amended Complaint.

5          10.    AMI admits that the Court has subject matter jurisdiction over the allegations of patent

6    infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as

7    expressly admitted, AMI denies the allegations of Paragraph 10 of the Amended Complaint.

8          11.    AMI admits that the Court has personal jurisdiction over AMI.  Except as expressly

9    admitted, AMI denies the allegations of Paragraph 11 of the Amended Complaint.

10                                         **VENUE**

11         12.    AMI admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

12    Except as expressly admitted, AMI denies the allegations of Paragraph 12 of the Amended Complaint.

13    FACTUAL BACKGROUND

14         13.    AMI admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled

15    "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional

16    Specifications," issued on May 1, 1990.  AMI admits that the '432 Patent names Hideaki Kobayashi

17    and Masahiro Shindo as inventors.  AMI further admits that a copy of the '432 Patent is attached to the

18    Amended Complaint as Exhibit 1.  Except as expressly admitted, AMI denies the allegations of

19    Paragraph 13 of the Amended Complaint.

20         14.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

21    Paragraph 14, and on that basis, denies those allegations.

22         15.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

23    Paragraph 15, and on that basis, denies those allegations.

24                              **PATENT INFRINGEMENT**

25                                        **COUNT 1**

26         16.    AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended

27    Complaint.

28

1    17.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
2  Paragraph 17, and on that basis, denies those allegations.

3    18.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
4  Paragraph 18, and on that basis, denies those allegations.

5    19.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
6  Paragraph 19, and on that basis, denies those allegations.

7    20.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
8  Paragraph 20, and on that basis, denies those allegations.

9    21.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
10  Paragraph 21, and on that basis, denies those allegations.

11                                    **COUNT 2**

12    22.    AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended
13  Complaint.

14    23.    AMI denies each and every allegation in Paragraph 23 of the Amended Complaint.

15    24.    AMI denies each and every allegation of Paragraph 24 of the Amended Complaint.

16    25.    AMI denies each and every allegation of Paragraph 25 of the Amended Complaint.

17    26.    AMI denies each and every allegation of Paragraph 26 of the Amended Complaint.

18    27.    AMI denies each and every allegation of Paragraph 27 of the Amended Complaint.

19                                    **COUNT 3**

20    28.    AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended
21  Complaint.

22    29.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
23  Paragraph 29, and on that basis, denies those allegations.

24    30.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
25  Paragraph 30, and on that basis, denies those allegations.

26    31.    AMI lacks information sufficient to form a belief as to the truth of the allegations of
27  Paragraph 31, and on that basis, denies those allegations.

28

1    32.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

2   Paragraph 32, and on that basis, denies those allegations.

3    33.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

4   Paragraph 32, and on that basis, denies those allegations.

5                                           **COUNT 4**

6    34.    AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended

7   Complaint.

8    35.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

9   Paragraph 35, and on that basis, denies those allegations.

10    36.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

11   Paragraph 36, and on that basis, denies those allegations.

12    37.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

13   Paragraph 37, and on that basis, denies those allegations.

14    38.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

15   Paragraph 38, and on that basis, denies those allegations.

16    39.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

17   Paragraph 39, and on that basis, denies those allegations.

18                                          **COUNT 5**

19    40.    AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended

20   Complaint.

21    41.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

22   Paragraph 41, and on that basis, denies those allegations.

23    42.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

24   Paragraph 42, and on that basis, denies those allegations.

25    43.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

26   Paragraph 43, and on that basis, denies those allegations.

27

28

1    44.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

2    Paragraph 44, and on that basis, denies those allegations.

3    45.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

4    Paragraph 45, and on that basis, denies those allegations.

5    **COUNT 6**

6    46.    AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended

7    Complaint.

8    47.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

9    Paragraph 47, and on that basis, denies those allegations.

10    48.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

11    Paragraph 48, and on that basis, denies those allegations.

12    49.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

13    Paragraph 49, and on that basis, denies those allegations.

14    50.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

15    Paragraph 50, and on that basis, denies those allegations.

16    51.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

17    Paragraph 51, and on that basis, denies those allegations.

18    **COUNT 7**

19    52.    AMI repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended

20    Complaint.

21    53.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

22    Paragraph 53, and on that basis, denies those allegations.

23    54.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

24    Paragraph 54, and on that basis, denies those allegations.

25    55.    AMI lacks information sufficient to form a belief as to the truth of the allegations of

26    Paragraph 55, and on that basis, denies those allegations.

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AMI
SEMICONDUCTOR, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT                    -6-
DM_US\8264883.v1

56.    AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis, denies those allegations.

57.    AMI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies those allegations.

## DEFENSES

In further response to the Amended Complaint, Defendant AMI asserts the following:

### FIRST AFFIRMATIVE DEFENSE: INVALIDITY

58.    The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

### SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT

59.    AMI has not and does not willfully or otherwise infringe, contribute to infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any claim of the '432 Patent.

60.    AMI has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

### THIRD AFFIRMATIVE DEFENSE: LACHES

61.    Ricoh's claims for relief are barred by the defense of laches.

### FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL

62.    Ricoh's claims for relief are barred by the defense of estoppel.

### FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE

63.    Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys. Plaintiff's action against AMI is barred by the doctrine of patent exhaustion.

### SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

64.    By reason of the arguments presented during the prosecution of the applications for the '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AMI
SEMICONDUCTOR, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264883.v1

-7-

1   claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used,

2   sold, or offered for sale by AMI.

3   **SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT**

4   65.     Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

5   **EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES**

6   66.     Ricoh's claims for damages and injunction are barred in whole or in part by operation

7   of the applicable statutes, including 35 U.S.C. § 286.

8   **RESERVATION OF AFFIRMATIVE DEFENSES**

9   67.     With discovery still ongoing, AMI has yet to complete its investigation. AMI reserves

10  the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable

11  conduct.

12  **COUNTERCLAIMS**

13  Counterplaintiff AMI Semiconductor, Inc. ("AMI"), for its counterclaims against

14  Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

15  **PARTIES**

16  68.     AMI is a corporation organized under the laws of Delaware and maintains its principal

17  place of business at 2300 Buckskin Road, Pocatello, ID, 83201.

18  69.     Upon information and belief, Ricoh is a corporation organized under the laws of Japan,

19  having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

20  **JURISDICTION AND VENUE**

21  70.     Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United

22  States, Title 35 of the United States Code, § 1 et seq.  The Court has jurisdiction over the

23  counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

24  71.     Ricoh has submitted to the personal jurisdiction of this Court.

25  72.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

26  73.     There is an actual justiciable case or controversy between AMI and Ricoh, in this

27  district, arising under the Patent Laws, 35 U.S.C. § 1 et seq.  This case or controversy arises by virtue

28

HOWREY LLP
Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AMI
SEMICONDUCTOR, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264883.v1

-8-

1  of Ricoh's filing of this suit which purports to allege that AMI infringes U.S. Patent No. 4,922,432

2  ("the '432 Patent") and AMI's Answer thereto, which asserts the invalidity and noninfringement of the

3  '432 Patent.

4  **COUNT 1: DECLARATORY JUDGMENT OF INVALIDITY**

5     74.    AMI incorporates by reference Paragraphs 1-73 into this count as though fully set forth

6  herein.

7     75.    The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing

8  Integrated Circuits using Functional Specifications" issued on May 1, 1990. Ricoh purports to be the

9  owner of the '432 Patent.

10    76.    Ricoh has sued AMI in the present action, alleging infringement of the '432 Patent.

11    77.    Based on Paragraph 58 above, which is specifically incorporated by reference into this

12 Paragraph, the '432 Patent is invalid.

13    78.    AMI requests declaratory judgment that the '432 Patent is invalid.

14 **COUNT 2: DECLARATORY JUDGMENT OF NONINFRINGEMENT**

15    79.    AMI incorporates by reference Paragraphs 1-77 into this count as though fully set forth

16 herein.

17    80.    Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference

18 into this Paragraph, the '432 Patent is not infringed by AMI.

19    81.    AMI requests declaratory judgment that AMI has not infringed the '432 Patent.

20 **RESERVATION OF COUNTERCLAIMS**

21    82.    AMI reserves the right to assert any other counterclaims that discovery may reveal,

22 including, but not limited to, claims arising out of false or misleading statements to the public and/or

23 customers.

24 **PRAYER FOR RELIEF**

25    WHEREFORE, AMI respectfully prays for the following relief:

26    A.    that this Court deny and all relief requested by Plaintiff in its Amended Complaint and

27 any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

28

1       B.     that this Court declare the '432 Patent invalid;

2       C.     that this Court declare the '432 Patent unenforceable;

3       D.     that this Court declare that AMI has not infringed any valid claim of the '432 Patent;

4       E.     that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

5  costs of this action and attorneys' fees be awarded to AMI;

6       F.     that this Court grant such other and further relief to AMI as this Court may deem just

7  and equitable and as the Court deems appropriate.

8                    **DEMAND FOR JURY TRIAL**

9       Defendant AMI hereby demands trial by jury in this action.

10  Dated: November ___, 2005           Respectfully submitted,

11                           HOWREY LLP

12

13                           By: _____

14                              Denise M. De Mory
                              Attorneys for Defendants

15                          AEROFLEX INCORPORATED, AMI
                          SEMICONDUCTOR, INC., MATROX

16                          ELECTRONIC SYSTEMS, LTD.,
                          MATROX GRAPHICS INC., MATROX

17                          INTERNATIONAL CORP., MATROX
                          TECH, INC., and AEROFLEX

18                          COLORADO SPRINGS, INC.

19

20

21

22

23

24

25

26

27

28

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT AMI
SEMICONDUCTOR, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264883.v1

-10-

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Defendants
6  AEROFLEX, INC., AMI
   SEMICONDUCTOR, INC., MATROX
7  ELECTRONIC SYSTEMS LTD.,
   MATROX GRAPHICS INC., MATROX
8  INTERNATIONAL CORP., MATROX
   TECH, INC., and AEROFLEX COLORADO
9  SPRINGS, INC.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)

14          Plaintiff,                      Case No. C03-02289 MJJ (EMC)

15      vs.                                 **AMENDED ANSWER AND**
                                            **COUNTERCLAIMS OF DEFENDANT**
16  AEROFLEX INCORPORATED, AMI              **MATROX ELECTRONIC SYSTEMS LTD.**
    SEMICONDUCTOR, INC., MATROX             **TO AMENDED COMPLAINT FOR**
17  ELECTRONIC SYSTEMS LTD., MATROX         **PATENT INFRINGEMENT**
    GRAPHICS INC., MATROX
18  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
19  SPRINGS, INC.

20          Defendants.

21  SYNOPSYS, INC.,

22          Plaintiff,

23      vs.

24  RICOH COMPANY, LTD.,

25          Defendant.

26

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
ELECTRONIC SYSTEMS, LTD. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264910.v1

1   Defendant Matrox Electronic Systems Ltd. ("Matrox") for its Answer to the Amended

2   Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended

3   Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the

4   Amended Complaint except as specifically stated:

5   **PARTIES**

6       1.      Upon information and belief, Matrox admits that plaintiff Ricoh is a corporation

7   organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome,

8   Nakamagome, Tokyo, Japan.

9       2.      Matrox lacks information sufficient to form a belief as to the truth of the allegations of

10  Paragraph 2, and on that basis, denies those allegations.

11      3.      Matrox lacks information sufficient to form a belief as to the truth of the allegations of

12  Paragraph 3, and on that basis, denies those allegations.

13      4.      Matrox admits that Matrox is a corporation organized under the laws of Quebec,

14  Canada, and maintains its principal place of business at 1055 Boul St-Regis, Dorval, Quebec H9P 2T4

15  Canada. Except as expressly admitted, Matrox denies the allegations of Paragraph 4 of the Amended

16  Complaint.

17      5.      Matrox lacks information sufficient to form a belief as to the truth of the allegations of

18  Paragraph 5, and on that basis, denies those allegations.

19      6.      Matrox lacks information sufficient to form a belief as to the truth of the allegations of

20  Paragraph 6, and on that basis, denies those allegations.

21      7.      Matrox lacks information sufficient to form a belief as to the truth of the allegations of

22  Paragraph 7, and on that basis, denies those allegations.

23      8.      Matrox lacks information sufficient to form a belief as to the truth of the allegations of

24  Paragraph 8, and on that basis, denies those allegations.

25

26

27

28

**JURISDICTION**

9.    Matrox admits that plaintiff's claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq.  Except as expressly admitted, Matrox denies the allegations of Paragraph 9 of the Amended Complaint.

10.    Matrox admits that the Court has subject matter jurisdiction over the allegations of patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as expressly admitted, Matrox denies the allegations of Paragraph 10 of the Amended Complaint.

11.    Matrox denies that the Court has personal jurisdiction over Matrox.  Except as expressly denied, Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis, denies those allegations.

**VENUE**

12.    Matrox admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Except as expressly admitted, Matrox denies the allegations of Paragraph 12 of the Amended Complaint.

**FACTUAL BACKGROUND**

13.    Matrox admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications," issued on May 1, 1990.  Matrox admits that the '432 Patent names Hideaki Kobayashi and Masahiro Shindo as inventors.  Matrox further admits that a copy of the '432 Patent is attached to the Amended Complaint as Exhibit 1. Except as expressly admitted, Matrox denies the allegations of Paragraph 13 of the Amended Complaint.

14.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies those allegations.

15.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies those allegations.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
ELECTRONIC SYSTEMS, LTD. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DM_US\8264910.v1

-3-

# PATENT INFRINGEMENT

## COUNT 1

16.    Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

17.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis, denies those allegations.

18.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis, denies those allegations.

19.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis, denies those allegations.

20.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis, denies those allegations.

21.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis, denies those allegations.

## COUNT 2

22.    Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
ELECTRONIC SYSTEMS, LTD. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264910.v1

-4-

**COUNT 3**

28.    Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29.    Matrox denies 30. Matrox denies 31. Matrox denies 32. Matrox denies 33. Matrox denies each and every allegation in Paragraph 29 of the Amended Complaint. each and every allegation in Paragraph 30 of the Amended Complaint. each and every allegation in Paragraph 31 of the Amended Complaint. each and every allegation in Paragraph 32 of the Amended Complaint. each and every allegation in Paragraph 33 of the Amended Complaint.

**COUNT 4**

34.    Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

35.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies those allegations.

36.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis, denies those allegations.

37.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis, denies those allegations.

38.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis, denies those allegations.

39.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies those allegations.

**COUNT 5**

40.    Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

41.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis, denies those allegations.

1    42.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

2    Paragraph 42, and on that basis, denies those allegations.

3    43.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

4    Paragraph 43, and on that basis, denies those allegations.

5    44.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

6    Paragraph 44, and on that basis, denies those allegations.

7    45.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

8    Paragraph 45, and on that basis, denies those allegations.

9                              **COUNT 6**

10    46.    Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the

11    Amended Complaint.

12    47.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

13    Paragraph 47, and on that basis, denies those allegations.

14    48.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

15    Paragraph 48, and on that basis, denies those allegations.

16    49.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

17    Paragraph 49, and on that basis, denies those allegations.

18    50.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

19    Paragraph 50, and on that basis, denies those allegations.

20    51.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

21    Paragraph 51, and on that basis, denies those allegations.

22                              **COUNT 7**

23    52.    Matrox repeats its responses to the allegations in Paragraphs 1 through 15 of the

24    Amended Complaint.

25    53.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

26    Paragraph 53, and on that basis, denies those allegations.

27

28

1    54.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

2    Paragraph 54, and on that basis, denies those allegations.

3    55.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

4    Paragraph 55, and on that basis, denies those allegations.

5    56.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

6    Paragraph 56, and on that basis, denies those allegations.

7    57.    Matrox lacks information sufficient to form a belief as to the truth of the allegations of

8    Paragraph 57, and on that basis, denies those allegations.

9    **DEFENSES**

10    In further response to the Amended Complaint, Defendant Matrox asserts the following:

11    **FIRST AFFIRMATIVE DEFENSE: INVALIDITY**

12    58.    The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of

13    the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

14    **SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT**

15    59.    Matrox has not and does not willfully or otherwise infringe, contribute to infringement

16    of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents,

17    any claim of the '432 Patent.

18    60.    Matrox has not offered to sell, sold, and/or imported within the United States any

19    product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly,

20    contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

21    **THIRD AFFIRMATIVE DEFENSE: LACHES**

22    61.    Ricoh's claims for relief are barred by the defense of laches.

23    **FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL**

24    62.    Ricoh's claims for relief are barred by the defense of estoppel.

25

26

27

28

**FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE**

63.    Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys. Plaintiff's action against Matrox is barred by the doctrine of patent exhaustion.

**SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL**

64.    By reason of the arguments presented during the prosecution of the applications for the '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used, sold, or offered for sale by Matrox.

**SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT**

65.    Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

**EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES**

66.    Ricoh's claims for damages and injunction are barred in whole or in part by operation of the applicable statutes, including 35 U.S.C. § 286.

**RESERVATION OF AFFIRMATIVE DEFENSES**

67.    With discovery still ongoing, Matrox has yet to complete its investigation. Matrox reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

**COUNTERCLAIMS**

Counterplaintiff Matrox Electronic Systems Ltd. ("Matrox"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

**PARTIES**

68.    Matrox is a corporation organized under the laws of Quebec, Canada, and maintains its principal place of business at 1055 Boul St -Regis, Dorval, Quebec H9P 2T4 Canada.

69.    Upon information and belief, Ricoh is a corporation organized under the laws of Japan, having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
ELECTRONIC SYSTEMS, LTD. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264910.v1

-8-

**JURISDICTION AND VENUE**

70.     Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, § 1 et seq.  The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

71.     Ricoh has submitted to the personal jurisdiction of this Court.

72.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

73.     There is an actual justiciable case or controversy between Matrox and Ricoh, in this district, arising under the Patent Laws, 35 U.S.C. § 1 et seq.  This case or controversy arises by virtue of Ricoh's filing of this suit which purports to allege that Matrox infringes U.S. Patent No. 4,922,432 ("the '432 Patent") and Matrox's Answer thereto, which asserts the invalidity and noninfringement of the '432 Patent.

**COUNT 1:  DECLARATORY JUDGMENT OF INVALIDITY**

74.     Matrox incorporates by reference Paragraphs 1-73 into this count as though fully set forth herein.

75.     The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990.  Ricoh purports to be the owner of the '432 Patent.

76.     Ricoh has sued Matrox in the present action, alleging infringement of the '432 Patent.

77.     Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

78.     Matrox requests declaratory judgment that the '432 Patent is invalid.

**COUNT 2:  DECLARATORY JUDGMENT OF NONINFRINGEMENT**

79.     Matrox incorporates by reference Paragraphs 1-77 into this count as though fully set forth herein.

80.     Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by Matrox.

81.     Matrox requests declaratory judgment that Matrox has not infringed the '432 Patent.

1

## RESERVATION OF COUNTERCLAIMS

2    82.    Matrox reserves the right to assert any other counterclaims that discovery may reveal,

3  including, but not limited to, claims arising out of false or misleading statements to the public and/or

4  customers.

5

## PRAYER FOR RELIEF

6    WHEREFORE, Matrox respectfully prays for the following relief:

7    A.    that this Court deny and all relief requested by Plaintiff in its Amended Complaint and

8  any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

9    B.    that this Court declare the '432 Patent invalid;

10    C.    that this Court declare the '432 Patent unenforceable;

11    D.    that this Court declare that Matrox has not infringed any valid claim of the '432 Patent;

12    E.    that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

13  costs of this action and attorneys' fees be awarded to Matrox;

14    F.    that this Court grant such other and further relief to Matrox as this Court may deem just

15  and equitable and as the Court deems appropriate.

16

## DEMAND FOR JURY TRIAL

17    Defendant Matrox hereby demands trial by jury in this action.

18  Dated: November ___, 2005          Respectfully submitted,

19                                    HOWREY LLP

20

21  By: _____
                    Denise M. De Mory
22                  Attorneys for Defendants
                    AEROFLEX INCORPORATED, AMI
23                  SEMICONDUCTOR, INC., MATROX
                    ELECTRONIC SYSTEMS, LTD.,
24                  MATROX GRAPHICS INC., MATROX
                    INTERNATIONAL CORP., MATROX
25                  TECH, INC., and AEROFLEX
                    COLORADO SPRINGS, INC.

26

27

28

1  | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2  | Jaclyn C. Fink (SBN 217913)
HOWREY LLP
3  | 525 Market Street, Suite 3600
San Francisco, California 94105
4  | Telephone: (415) 848-4900
Facsimile: (415) 848-4999
5  |
Attorneys for Defendants
6  | AEROFLEX, INC., AMI
SEMICONDUCTOR, INC., MATROX
7  | ELECTRONIC SYSTEMS LTD.,
MATROX GRAPHICS INC., MATROX
8  | INTERNATIONAL CORP., MATROX
TECH, INC., and AEROFLEX COLORADO
9  | SPRINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | Case No. C03-04669 MJJ (EMC) |
| Plaintiff, | Case No. C03-02289 MJJ (EMC) |
| vs. | **AMENDED ANSWER AND** |
| AEROFLEX INCORPORATED, AMI | **COUNTERCLAIMS OF DEFENDANT** |
| SEMICONDUCTOR, INC., MATROX | **MATROX GRAPHICS INC. TO AMENDED** |
| ELECTRONIC SYSTEMS LTD., MATROX | **COMPLAINT FOR PATENT** |
| GRAPHICS INC., MATROX | **INFRINGEMENT** |
| INTERNATIONAL CORP., MATROX TECH, | |
| INC., AND AEROFLEX COLORADO | |
| SPRINGS, INC. | |
| Defendants. | |
| SYNOPSYS, INC., | |
| Plaintiff, | |
| vs. | |
| RICOH COMPANY, LTD., | |
| Defendant. | |

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT
MATROX GRAPHICS INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DM_US\8264913.v1

1    Defendant Matrox Graphics Inc. ("Matrox Graphics") for its Answer to the Amended

2    Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended

3    Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of t he

4    Amended Complaint except as specifically stated:

5                                        **PARTIES**

6        1.      Upon information and belief, Matrox Graphics admits that plaintiff Ricoh is a

7    corporation organized under the laws of Japan and maintains its principal place of business at 3    -6 1-

8    chome, Nakamagome, Tokyo, Japan.

9        2.      Matrox Graphics lacks information sufficient to form a belief as to the truth of the

10   allegations of Paragraph 2, and on that basis, denies those allegations.

11       3.      Matrox Graphics lacks information sufficient to form a belief as to the truth of t he

12   allegations of Paragraph 3, and on that basis, denies those allegations.

13       4.      Matrox Graphics lacks information sufficient to form a belief as to the truth of the

14   allegations of Paragraph 4, and on that basis, denies those allegations.

15       5.      Matrox Graphics admit s that Matrox Graphics is a corporation organized under the

16   laws of Quebec, Canada, and maintains its principal place of business at 1055 Boul St -Regis, Dorval,

17   Quebec H9P 2T4 Canada.  Except as expressly admitted, Matrox Graphics denies the allegations of

18   Paragraph 5 of the Amended Complaint.

19       6.      Matrox Graphics lacks information sufficient to form a belief as to the truth of the

20   allegations of Paragraph 6, and on that basis, denies those allegations.

21       7.      Matrox Graphics lacks information sufficient to form a belief as to the truth of the

22   allegations of Paragraph 7, and on that basis, denies those allegations.

23       8.      Matrox Graphics lacks information sufficient to form a belief as to the truth of the

24   allegations of Paragraph 8, and on that basis, denies those allegations.

25

26

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT
MATROX GRAPHICS INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264913.v1

-2-

**JURISDICTION**

9.    Matrox Graphics admits that plaintiff's claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq.  Except as expressly admitted, Matrox Graphics denies the allegations of Paragraph 9 of the Amended Complaint.

10.    Matrox Graphics admits that the Court has subject matter jurisdiction over the allegations of patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as expressly admitted, Matrox Graphics denies the allegations of Paragraph 10 of the Amended Complaint.

11.    Matrox Graphics denies that the Court has personal jurisdiction over Matrox Graphics. Except as expressly denied, Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis, denies those allegations.

**VENUE**

12.    Matrox Graphics admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Except as expressly admitted, Matrox Graphics denies the allegations of Paragraph 12 of the Amended Complaint.

**FACTUAL BACKGROUND**

13.    Matrox Graphics admits that United States Patent No. 4,922,432 ("the '432 Patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications," issued on May 1, 1990.  Matrox Graphics admits that the '432 Patent names Hideaki Kobayashi and Masahiro Shindo as inventors. Matrox Graphics further admits that a copy of the '432 Patent is attached to the Amended Complaint as Exhibit 1.  Except as expressly admitted, Matrox Graphics denies the allegations of Paragraph 13 of the Amended Complaint.

14.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies those allegations.

15.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies those allegations.

**PATENT INFRINGEMENT**

**COUNT 1**

16.    Matrox Graphics repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

17.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis, denies those allegations.

18.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis, denies those allegations.

19.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis, denies those allegations.

20.    Matrox Graphics lacks info rmation sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis, denies those allegations.

21.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis, denies those allegations.

**COUNT 2**

22.    Matrox Graphics repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

1

<u>**COUNT 3**</u>

2      28.    Matrox Graphics repeats its responses to the allegations in Paragraphs 1 through 15 of

3    the Amended Complaint.

4      29.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the

5    allegations of Paragraph 29, and on that basis, denies those allegations.

6      30.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the

7    allegations of Paragraph 30, and on that basis, denies those allegations.

8      31.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the

9    allegations of Paragraph 31, and on that basis, denies those allegations.

10      32.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the

11    allegations of Paragraph 32, and on that basis, denies those allegations.

12      33.    Matrox Graphics lacks information sufficient to form a belief as to the truth of the

13    allegations of Paragraph 33, and on that basis, denies those allegations.

14

<u>**COUNT 4**</u>

15      34.    Matrox Graphics repeats its responses to the allegations in Paragraphs 1 through 15 of

16    the Amended Complaint.

17      35.    Matrox Graphics denies each and every allegation in Paragraph 35 o f the Amended

18    Complaint.

19      36.    Matrox Graphics denies each and every allegation in Paragraph 36 of the Amended

20    Complaint.

21      37.    Matrox Graphics denies each and every allegation in Paragraph 37 of the Amended

22    Complaint.

23      38.    Matrox Graphics denies each and every allegation in Paragraph 38 of the Amended

24    Complaint.

25      39.    Matrox Graphics denies each and every allegation in Paragraph 39 of the Amended

26    Complaint.

27

28

**HOWREY LLP**    Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)    -5-
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT
MATROX GRAPHICS INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DM_US\8264913.v1

## COUNT 5

40.     Matrox Graphics repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

41.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis, denies those allegations.

42.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis, denies those allegations.

43.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis, denies those allegations.

44.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis, denies those allegations.

45.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis, denies those allegations.

## COUNT 6

46.     Matrox Graphics repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

47.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 47, an d on that basis, denies those allegations.

48.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis, denies those allegations.

49.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis, denies those allegations.

50.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis, denies those allegations.

51.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis, denies those allegations.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT
MATROX GRAPHICS INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264913.v1

-6-

## COUNT 7

52.     Matrox Graphics repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis, denies those allegations.

54.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis, denies those allegations.

55.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis, denies those allegations.

56.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis, denies those allegations.

57.     Matrox Graphics lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies those allegations.

### DEFENSES

In further response to the Amended Complaint, Defendant Matrox Graphics asserts the following:

### FIRST AFFIRMATIVE DEFENSE: INVALIDITY

58.     The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

### SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT

59.     Matrox Graphics has not and does not willfully or otherwise infringe, contribute to infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any claim of the '432 Patent.

60.     Matrox Graphics has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

### THIRD AFFIRMATIVE DEFENSE: LACHES

61.    Ricoh's claims for relief are barred by the defense of laches.

### FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL

62.    Ricoh's claims for relief are barred by the defense of estoppel.

### FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE

63.    Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys.  Plaintiff's action against Matrox Graphics is barred by the doctrine of patent exhaustion.

### SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

64.    By reason of the arguments presented during the prosecution of the applications for the '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used, sold, or offered for sale by Matrox Graphics.

### SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT

65.    Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

### EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES

66.    Ricoh's claims for damages and injunction are barred in whole or in part by operation of the applicable statutes, including 35 U.S.C. § 286.

### RESERVATION OF AFFIRMATIVE DEFENSES

67.    With discovery still ongoing, Matrox Graphics has yet to complete its investigation. Matrox Graphics reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

### COUNTERCLAIMS

Counterplaintiff Matrox Graphics Inc. ("Matrox Graphics"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

**PARTIES**

68.    Matrox Graphics is a corporation organized under the laws of Quebec, Canada, and maintains its principal place of business at 1055 Boul St -Regis, Dorval, Quebec H9P 2T4 Canada.

69.    Upon information and belief, Ricoh is a corporation organized under the laws of Japan, having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

**JURISDICTION AND VENUE**

70.    Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United States, Title 35 of the United States Code, § 1 et seq.  The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

71.    Ricoh has submitted to the personal jurisdiction of this Court.

72.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

73.    There is an actual justiciable case or controversy between Matrox Graphics and Ricoh, in this district, arising under the Patent Laws, 35 U.S.C. § 1 et seq.  This case or controversy arises by virtue of Ricoh's filing of this suit which purports to allege that Matrox Graphics infringes U.S. Patent No. 4,922,432 ("the '432 Patent") and Matrox Graphics's Answer thereto, which asserts the invalidity and noninfringement of the '432 Patent.

**COUNT 1:  DECLARATORY JUDGMENT OF INVALIDITY**

74.    Matrox Graphics incorporates by reference Paragraphs 1-73 into this count as though fully set forth herein.

75.    The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications" issued on May 1, 1990.  Ricoh purports to be the owner of the '432 Patent.

76.    Ricoh has sued Matrox Graphics in the present action, alleging infringement of the '432 Patent.

77.    Based on Paragraph 58 above, which is specifically incorporated by reference into this Paragraph, the '432 Patent is invalid.

78.    Matrox Graphics requests declaratory judgment that the '432 Patent is invalid.

**COUNT 2: DECLARATORY JUDGMENT OF NONINFRINGEMENT**

79.     Matrox Graphics incorporates by reference Paragraphs 1-77 into this count as though fully set forth herein.

80.     Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference into this Paragraph, the '432 Patent is not infringed by Matrox Graphics.

81.     Matrox Graphics requests declaratory judgment that Matrox Graphics has not infringed the '432 Patent.

**RESERVATION OF COUNTERCLAIMS**

82.     Matrox Graphics reserves the right to assert any other counterclaims that discovery may reveal, including, but not limited to, claims arising out of false or misleading statements to the public and/or customers.

**PRAYER FOR RELIEF**

WHEREFORE, Matrox Graphics respectfully prays for the following relief:

A.      that this Court deny and all relief requested by Plaintiff in its Amended Complaint and any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

B.      that this Court declare the '432 Patent invalid;

C.      that this Court declare the '432 Patent unenforceable;

D.      that this Court declare that Matrox Graphics has not infringed any valid claim of the '432 Patent;

E.      that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that costs of this action and attorneys' fees be awarded to Matrox Graphics;

F.      that this Court grant such other and further relief to Matrox Graphics as this Court may deem just and equitable and as the Court deems appropriate.

1

## DEMAND FOR JURY TRIAL

2          Defendant Matrox Graphics hereby demands trial by jury in this action.

3   Dated: November ___, 2005                 Respectfully submitted,

4                                             HOWREY LLP

5

6                                             By: _____
                                                        Denise M. De Mory
7                                             Attorneys for Defendants
                                              AEROFLEX INCORPORATED, AMI
8                                             SEMICONDUCTOR, INC., MATROX
                                              ELECTRONIC SYSTEMS, LTD.,
9                                             MATROX GRAPHICS INC., MATROX
                                              INTERNATIONAL CORP., MATROX
10                                            TECH, INC., and AEROFLEX
                                              COLORADO SPRINGS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT
MATROX GRAPHICS INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DM_US\8264913.v1

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Defendants
6  AEROFLEX, INC., AMI
   SEMICONDUCTOR, INC., MATROX
7  ELECTRONIC SYSTEMS LTD.,
   MATROX GRAPHICS INC., MATROX
8  INTERNATIONAL CORP., MATROX
   TECH, INC., and AEROFLEX COLORADO
9  SPRINGS, INC.

10             UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12             SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                          Case No. C03-04669 MJJ (EMC)

14          Plaintiff,                            Case No. C03-02289 MJJ (EMC)

15      vs.                                       **AMENDED ANSWER AND**
                                                  **COUNTERCLAIMS OF DEFENDANT**
16  AEROFLEX INCORPORATED, AMI                    **MATROX INTERNATIONAL CORP. TO**
    SEMICONDUCTOR, INC., MATROX                   **AMENDED COMPLAINT FOR PATENT**
17  ELECTRONIC SYSTEMS LTD., MATROX               **INFRINGEMENT**
    GRAPHICS INC., MATROX
18  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
19  SPRINGS, INC.

20          Defendants.

21  SYNOPSYS, INC.,

22          Plaintiff,

23      vs.

24  RICOH COMPANY, LTD.,

25          Defendant.

26

27

28

HOWREY LLP   Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
             AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
             INTERNATIONAL CORP. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
             DM_US\8264920.v1

1    Defendant Matrox International Corp. ("Matrox Int'1") for its Answer to the Amended

2    Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended

3    Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the

4    Amended Complaint except as specifically stated:

5                                          **PARTIES**

6         1.       Upon information and belief, Matrox Int'1 admits that plaintiff Ricoh is a corporation

7    organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome,

8    Nakamagome, Tokyo, Japan.

9         2.       Matrox Int'l lacks information sufficient to form a belief as to the truth of the

10   allegations of Paragraph 2, and on that basis, denies those allegations.

11        3.       Matrox Int'l lacks information sufficient to form a belief as to the truth of the

12   allegations of Paragraph 3, and on that basis, denies those allegations.

13        4.       Matrox Int'l lacks information sufficient to form a belief as to the truth of the

14   allegations of Paragraph 4, and on that basis, denies those allegations.

15        5.       Matrox Int'l lacks information sufficient to form a belief as to the truth of the

16   allegations of Paragraph 5, and on that basis, denies those allegations.

17        6.       Matrox Int'1 admits that Matrox Int'1 is a corporation organized under the laws of New

18   York, and maintains its principal place of business at 625 State Rt 3, Unit B, Plattsburgh, NY 12901.

19   Matrox Int'1 admits that Matrox Int'1 has consented to the jurisdiction of this Court for this action.

20   Except as expressly admitted, Matrox Int'1 denies the allegations of Paragraph 6 of the Amended

21   Complaint.

22        7.       Matrox Int'l lacks information sufficient to form a belief as to the truth of the

23   allegations of Paragraph 7, and on that basis, denies those allegations.

24        8.       Matrox Int'l lacks information sufficient to form a belief as to the truth of the

25   allegations of Paragraph 8, and on that basis, denies those allegations.

26

27

28

**JURISDICTION**

9.     Matrox Int'l admits that plaintiff's claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq. Except as expressly admitted, Matrox Int'l denies the allegations of Paragraph 9 of the Amended Complaint.

10.     Matrox Int'l admits that the Court has subject matter jurisdiction over the allegations of patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331. Except as expressly admitted, Matrox Int'l denies the allegations of Paragraph 10 of the Amended Complaint.

11.     Matrox Int'l admits that the Court has personal jurisdiction over Matrox Int'l. Except as expressly admitted, Matrox Int'l denies the allegations of Paragraph 11 of the Amended Complaint.

VENUE

12.     Matrox Int'l admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Except as expressly admitted, Matrox Int'l denies the allegations of Paragraph 12 of the Amended Complaint.

**FACTUAL BACKGROUND**

13.     Matrox Int'l admits that United States Patent No. 4,922,432 ("the `432 Patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications," issued on May 1, 1990. Matrox Int'l admits that the `432 Patent names Hideaki Kobayashi and Masahiro Shindo as inventors. Matrox Int'l further admits that a copy of the `432 Patent is attached to the Amended Complaint as Exhibit 1. Except as expressly admitted, Matrox Int'l denies the allegations of Paragraph 13 of the Amended Complaint.

14.     Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies those allegations.

15.     Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies those allegations.

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
INTERNATIONAL CORP. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264920.v1

-3-

**PATENT INFRINGEMENT**

**COUNT 1**

16.  Matrox Int'l repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

17.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis, denies those allegations.

18.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis, denies those allegations.

19.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis, denies those allegations.

20.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis, denies those allegations.

21.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis, denies those allegations.

**COUNT 2**

22.  Matrox Int'l repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

23.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies those allegations.

24.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies those allegations.

25.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis, denies those allegations.

26.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies those allegations.

27.  Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis, denies those allegations.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
INTERNATIONAL CORP. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DM_US\8264920.v1

-4-

## COUNT 3

28.    Matrox Int'l repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

29.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis, denies those allegations.

30.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis, denies those allegations.

31.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and on that basis, denies those allegations.

32.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis, denies those allegations.

33.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and on that basis, denies those allegations.

## COUNT 4

34.    Matrox Int'l repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

35.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis, denies those allegations.

36.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis, denies those allegations.

37.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis, denies those allegations.

38.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis, denies those allegations.

39.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis, denies those allegations.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
INTERNATIONAL CORP. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264920.v1

-5-

1                                    **COUNT 5**

2          40.     Matrox Int'l repeats its responses to the allegations in Paragraphs 1 through 15 of the

3 Amended Complaint.

4         41.     Matrox Int'l denies each and every allegation in Paragraph 41 of the Amended

5 Complaint.

6         42.     Matrox Int'l denies each and every allegation in Paragraph 42 of the Amended

7 Complaint.

8         43.     Matrox Int'l denies each and every allegation in Paragraph 43 of the Amended

9 Complaint.

10        44.     Matrox Int'l denies each and every allegation in Paragraph 44 of the Amended

11 Complaint.

12        45.     Matrox Int'l denies each and every allegation in Paragraph 45 of the Amended

13 Complaint.

14                                    **COUNT 6**

15         46.     Matrox Int'l repeats its responses to the allegations in Paragraphs 1 through 15 of the

16 Amended Complaint.

17         47.     Matrox Int'l lacks information sufficient to form a belief as to the truth of the

18 allegations of Paragraph 47, and on that basis, denies those allegations.

19         48.     Matrox Int'l lacks information sufficient to form a belief as to the truth of the

20 allegations of Paragraph 48, and on that basis, denies those allegations.

21         49.     Matrox Int'l lacks information sufficient to form a belief as to the truth of the

22 allegations of Paragraph 49, and on that basis, denies those allegations.

23         50.     Matrox Int'l lacks information sufficient to form a belief as to the truth of the

24 allegations of Paragraph 50, and on that basis, denies those allegations.

25         51.     Matrox Int'l lacks information sufficient to form a belief as to the truth of the

26 allegations of Paragraph 51, and on that basis, denies those allegations.

27

28

**COUNT 7**

52.    Matrox Int'l repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis, denies those allegations.

54.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis, denies those allegations.

55.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis, denies those allegations.

56.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis, denies those allegations.

57.    Matrox Int'l lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies those allegations.

**DEFENSES**

In further response to the Amended Complaint, Defendant Matrox Int'l asserts the following:

**FIRST AFFIRMATIVE DEFENSE: INVALIDITY**

58.    The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

**SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT**

59.    Matrox Int'l has not and does not willfully or otherwise infringe, contribute to infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any claim of the '432 Patent.

60.    Matrox Int'l has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

**THIRD AFFIRMATIVE DEFENSE: LACHES**

61.    Ricoh's claims for relief are barred by the defense of laches.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
INTERNATIONAL CORP. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264920.v1

-7-

1

**FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL**

2    62.    Ricoh's claims for relief are barred by the defense of estoppel.

3

**FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE**

4    63.    Plaintiff is barred from obtaining any relief sought in the Amended Complaint by

5    reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff

6    and Synopsys. Plaintiff's action against Matrox Int'l is barred by the doctrine of patent exhaustion.

7

**SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL**

8    64.    By reason of the arguments presented during the prosecution of the applications for the

9    '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the

10    claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used,

11    sold, or offered for sale by Matrox Int'l.

12

**SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT**

13    65.    Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

14

**EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES**

15    66.    Ricoh's claims for damages and injunction are barred in whole or in part by operation

16    of the applicable statutes, including 35 U.S.C. § 286.

17

**RESERVATION OF AFFIRMATIVE DEFENSES**

18    67.    With discovery still ongoing, Matrox Int'l has yet to complete its investigation. Matrox

19    Int'l reserves the right to assert any other defenses that discovery may reveal, including unclean hands

20    or inequitable conduct.

21

**COUNTERCLAIMS**

22    Counterplaintiff Matrox International Corp. ("Matrox Int'l"), for its counterclaims against

23    Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

24

**PARTIES**

25    68.    Matrox Int'l is a corporation organized under the laws of New York, and maintains its

26    principal place of business at 625 State Rt 3, Unit B, Plattsburgh, NY 12901.

27

28

1    69.    Upon information and belief, Ricoh is a corporation organized under the laws of Japan,

2    having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

3                              **JURISDICTION AND VENUE**

4    70.    Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United

5    States, Title 35 of the United States Code, § 1 et seq.  The Court has jurisdiction over the

6    counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7    71.    Ricoh has submitted to the personal jurisdiction of this Court.

8    72.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

9    73.    There is an actual justiciable case or controversy between Matrox Int'l and Ricoh, in

10   this district, arising under the Patent Laws, 35 U.S.C. § 1 et seq.  This case or controversy arises by

11   virtue of Ricoh's filing of this suit which purports to allege that Matrox Int'l infringes U.S. Patent No.

12   4,922,432 ("the '432 Patent") and Matrox Int'l's Answer thereto, which asserts the invalidity and

13   noninfringement of the '432 Patent.

14                      **COUNT 1:  DECLARATORY JUDGMENT OF INVALIDITY**

15   74.    Matrox Int'l incorporates by reference Paragraphs 1-73 into this count as though fully

16   set forth herein.

17   75.    The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing

18   Integrated Circuits using Functional Specifications" issued on May 1, 1990.  Ricoh purports to be the

19   owner of the '432 Patent.

20   76.    Ricoh has sued Matrox Int'l in the present action, alleging infringement of the '432

21   Patent.

22   77.    Based on Paragraph 58 above, which is specifically incorporated by reference into this

23   Paragraph, the '432 Patent is invalid.

24   78.    Matrox Int'l requests declaratory judgment that the '432 Patent is invalid.

25                  **COUNT 2:  DECLARATORY JUDGMENT OF NONINFRINGEMENT**

26   79.    Matrox Int'l incorporates by reference Paragraphs 1-77 into this count as though fully

27   set forth herein.

28

1        80.     Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference

2  into this Paragraph, the '432 Patent is not infringed by Matrox Int'l.

3        81.     Matrox Int'l requests declaratory judgment that Matrox Int'l has not infringed the '432

4  Patent.

5                      **RESERVATION OF COUNTERCLAIMS**

6        82.     Matrox Int'l reserves the right to assert any other counterclaims that discovery may

7  reveal, including, but not limited to, claims arising out of false or misleading statements to the public

8  and/or customers.

9                         **PRAYER FOR RELIEF**

10     WHEREFORE, Matrox Int'l respectfully prays for the following relief:

11     A.     that this Court deny and all relief requested by Plaintiff in its Amended Complaint and

12  any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

13     B.     that this Court declare the '432 Patent invalid;

14     C.     that this Court declare the '432 Patent unenforceable;

15     D.     that this Court declare that Matrox Int'l has not infringed any valid claim of the '432

16  Patent;

17     E.     that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

18  costs of this action and attorneys' fees be awarded to Matrox Int'l;

19     F.     that this Court grant such other and further relief to Matrox Int'l as this Court may deem

20  just and equitable and as the Court deems appropriate.

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2     Defendant Matrox Int'l hereby demands trial by jury in this action.

3   Dated: November ___, 2005                Respectfully submitted,

4                                            HOWREY LLP

5

6                                            By: _____
                                                      Denise M. De Mory
7                                            Attorneys for Defendants
                                             AEROFLEX INCORPORATED, AMI
8                                            SEMICONDUCTOR, INC., MATROX
                                             ELECTRONIC SYSTEMS, LTD.,
9                                            MATROX GRAPHICS INC., MATROX
                                             INTERNATIONAL CORP., MATROX
10                                           TECH, INC., and AEROFLEX
                                             COLORADO SPRINGS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP     Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)                                    -11-
               AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX
               INTERNATIONAL CORP. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

               DM_US\8264920.v1

1 | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2 | Jaclyn C. Fink (SBN 217913)
HOWREY LLP
3 | 525 Market Street, Suite 3600
San Francisco, California 94105
4 | Telephone: (415) 848-4900
Facsimile: (415) 848-4999

5 |

Attorneys for Defendants
6 | AEROFLEX, INC., AMI
SEMICONDUCTOR, INC., MATROX
7 | ELECTRONIC SYSTEMS LTD.,
MATROX GRAPHICS INC., MATROX
8 | INTERNATIONAL CORP., MATROX
TECH, INC., and AEROFLEX COLORADO
9 | SPRINGS, INC.

10 |                    UNITED STATES DISTRICT COURT

11 |                   NORTHERN DISTRICT OF CALIFORNIA

12 |                       SAN FRANCISCO DIVISION

13 | RICOH COMPANY, LTD.,                    | Case No. C03-04669 MJJ (EMC)

14 |                    Plaintiff,           | Case No. C03-02289 MJJ (EMC)

15 |        vs.                             | **AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX TECH, INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

16 | AEROFLEX INCORPORATED, AMI
SEMICONDUCTOR, INC., MATROX
17 | ELECTRONIC SYSTEMS LTD., MATROX
GRAPHICS INC., MATROX
18 | INTERNATIONAL CORP., MATROX TECH,
INC., AND AEROFLEX COLORADO
19 | SPRINGS, INC.

20 |                    Defendants.

21 | SYNOPSYS, INC.,

22 |                    Plaintiff,

23 |        vs.

24 | RICOH COMPANY, LTD.,

25 |                    Defendant.

26 |

27 |

28 |

1    Defendant Matrox Tech, Inc. ("Matrox Tech") for its Amended Answer to the Amended

2    Complaint and for its Counterclaims, hereby responds to the numbered paragraphs of the Amended

3    Complaint filed by Ricoh Company, Ltd. ("Ricoh"), and in doing so denies the allegations of the

4    Amended Complaint except as specifically stated:

5                                      **PARTIES**

6        1.    Upon information and belief, Matrox Tech admits that plaintiff Ricoh is a corporation

7    organized under the laws of Japan and maintains its principal place of business at 3-6 1-chome,

8    Nakamagome, Tokyo, Japan.

9        2.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

10    allegations of Paragraph 2, and on that basis, denies those allegations.

11        3.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

12    allegations of Paragraph 3, and on that basis, denies those allegations.

13        4.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

14    allegations of Paragraph 4, and on that basis, denies those allegations.

15        5.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

16    allegations of Paragraph 5, and on that basis, denies those allegations.

17        6.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

18    allegations of Paragraph 6, and on that basis, denies those allegations.

19        7.    Matrox Tech admits that Matrox Tech is a corporation organized under the laws of

20    Delaware, and maintains its principal place of business at 1075 Broken Sound Parkway, NW, Boca

21    Raton, FL 333487-3524. Matrox Tech admits that Matrox Tech has consented to the jurisdiction of this

22    Court for this action. Except as expressly admitted, Matrox Tech denies the allegations of Paragraph 7

23    of the Amended Complaint.

24        8.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

25    allegations of Paragraph 8, and on that basis, denies those allegations.

26

27

28

**JURISDICTION**

9.     Matrox Tech admits that plaintiffs claim purports to arise under the patent laws of the United States, Title 35, and more particularly under 35 U.S.C. §§ 271 et. seq.  Except as expressly admitted, Matrox Tech denies the allegations of Paragraph 9 of the Amended Complaint.

10.     Matrox Tech admits that the Court has subject matter jurisdiction over the allegations of patent infringement in the Amended Complaint pursuant to 28 U.S.C. §§ 1338(a) and 1331.  Except as expressly admitted, Matrox Tech denies the allegations of Paragraph 10 of the Amended Complaint.

11.     Matrox Tech admits that the Court has personal jurisdiction over Matrox Tech. Except as expressly admitted, Matrox Tech denies the allegations of Paragraph 11 of the Amended Complaint.

**VENUE**

12.     Matrox Tech admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Except as expressly admitted, Matrox Tech denies the allegations of Paragraph 12 of the Amended Complaint.

**FACTUAL BACKGROUND**

13.     Matrox Tech admits that United States Patent No. 4,922,432 ("the `432 Patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits using Functional Specifications," issued on May 1, 1990.  Matrox Tech admits that the `432 Patent names Hideaki Kobayashi and Masahiro Shindo as inventors. Matrox Tech further admits that a copy of the `432 Patent is attached to the Amended Complaint as Exhibit 1.  Except as expressly admitted, Matrox Tech denies the allegations of Paragraph 13 of the Amended Complaint.

14.     Matrox Tech lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies those allegations.

15.     Matrox Tech lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies those allegations.

HOWREY LLP    Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX TECH, INC.
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264926.v1

-3-

1

**PATENT INFRINGEMENT**

2

**COUNT 1**

3      16.    Matrox Tech repeats its responses to the allegations in Paragraphs 1 through 15 of the

4   Amended Complaint.

5      17.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

6   allegations of Paragraph 17, and on that basis, denies those allegations.

7      18.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

8   allegations of Paragraph 18, and on that basis, denies those allegations.

9      19.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

10   allegations of Paragraph 19, and on that basis, denies those allegations.

11      20.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

12   allegations of Paragraph 20, and on that basis, denies those allegations.

13      21.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

14   allegations of Paragraph 21, and on that basis, denies those allegations.

15

**COUNT 2**

16      22.    Matrox Tech repeats its responses to the allegations in Paragraphs 1 through 15 of the

17   Amended Complaint.

18      23.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

19   allegations of Paragraph 23, and on that basis, denies those allegations.

20      24.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

21   allegations of Paragraph 24, and on that basis, denies those allegations.

22      25.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

23   allegations of Paragraph 25, and on that basis, denies those allegations.

24      26.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

25   allegations of Paragraph 26, and on that basis, denies those allegations.

26      27.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

27   allegations of Paragraph 27, and on that basis, denies those allegations.

28

1        **COUNT 3**

2        28.      Matrox Tech repeats its responses to the allegations in Paragraphs 1 through 15 of the

3    Amended Complaint.

4        29.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

5    allegations of Paragraph 29, and on that basis, denies those allegations.

6        30.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

7    allegations of Paragraph 30, and on that basis, denies those allegations.

8        31.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

9    allegations of Paragraph 31, and on that basis, denies those allegations.

10       32.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

11   allegations of Paragraph 32, and on that basis, denies those allegations.

12       33.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

13   allegations of Paragraph 33, and on that basis, denies those allegations.

14       **COUNT 4**

15       34.      Matrox Tech repeats its responses to the allegations in Paragraphs 1 through 15 of the

16   Amended Complaint.

17       35.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

18   allegations of Paragraph 35, and on that basis, denies those allegations.

19       36.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

20   allegations of Paragraph 36, and on that basis, denies those allegations.

21       37.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

22   allegations of Paragraph 37, and on that basis, denies those allegations.

23       38.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

24   allegations of Paragraph 38, and on that basis, denies those allegations.

25       39.      Matrox Tech lacks information sufficient to form a belief as to the truth of the

26   allegations of Paragraph 39, and on that basis, denies those allegations.

27

28

1

## COUNT 5

2      40.    Matrox Tech repeats its responses to the allegations in Paragraphs 1 through 15 of the

3 Amended Complaint.

4      41.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

5 allegations of Paragraph 41, and on that basis, denies those allegations.

6      42.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

7 allegations of Paragraph 42, and on that basis, denies those allegations.

8      43.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

9 allegations of Paragraph 43, and on that basis, denies those allegations.

10      44.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

11 allegations of Paragraph 44, and on that basis, denies those allegations.

12      45.    Matrox Tech lacks information sufficient to form a belief as to the truth of the

13 allegations of Paragraph 45, and on that basis, denies those allegations.

14

## COUNT 6

15      46.    Matrox Tech repeats its responses to the allegations in Paragraphs 1 through 15 of the

16 Amended Complaint.

17      47.    Matrox Tech denies each and every allegation in Paragraph 47 of the Amended

18 Complaint.

19      48.    Matrox Tech denies each and every allegation in Paragraph 48 of the Amended

20 Complaint.

21      49.    Matrox Tech denies each and every allegation in Paragraph 49 of the Amended

22 Complaint.

23      50.    Matrox Tech denies each and every allegation in Paragraph 50 of the Amended

24 Complaint.

25      51.    Matrox Tech denies each and every allegation in Paragraph 51 of the Amended

26 Complaint.

27

28

**COUNT 7**

52.    Matrox Tech repeats its responses to the allegations in Paragraphs 1 through 15 of the Amended Complaint.

53.    Matrox Tech lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and on that basis, denies those allegations.

54.    Matrox Tech lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis, denies those allegations.

55.    Matrox Tech lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and on that basis, denies those allegations.

56.    Matrox Tech lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and on that basis, denies those allegations.

57.    Matrox Tech lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies those allegations.

**DEFENSES**

In further response to the Amended Complaint, Defendant Matrox Tech asserts the following:

**FIRST AFFIRMATIVE DEFENSE: INVALIDITY**

58.    The '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq.

**SECOND AFFIRMATIVE DEFENSE: NONINFRINGEMENT**

59.    Matrox Tech has not and does not willfully or otherwise infringe, contribute to infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any claim of the '432 Patent.

60.    Matrox Tech has not offered to sell, sold, and/or imported within the United States any product made by a process that infringes any valid claim of the '432 Patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid claim of the '432 Patent.

**THIRD AFFIRMATIVE DEFENSE: LACHES**

61.    Ricoh's claims for relief are barred by the defense of laches.

**FOURTH AFFIRMATIVE DEFENSE: ESTOPPEL**

62.    Ricoh's claims for relief are barred by the defense of estoppel.

**FIFTH AFFIRMATIVE DEFENSE: IMPLIED LICENSE**

63.    Plaintiff is barred from obtaining any relief sought in the Amended Complaint by reason of the existence of an implied license to practice the claims of the '432 Patent between Plaintiff and Synopsys.  Plaintiff's action against Matrox Tech is barred by the doctrine of patent exhaustion.

**SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL**

64.    By reason of the arguments presented during the prosecution of the applications for the '432 Patent in the United States Patent and Trademark Office, Ricoh is estopped from construing the claimed inventions of such patent (or any equivalent thereof) as applying to any product made, used, sold, or offered for sale by Matrox Tech.

**SEVENTH AFFIRMATIVE DEFENSE: AUTHORIZATION AND CONSENT**

65.    Ricoh's claims are barred in whole or in part by operation of 28 U.S.C.S. § 1498.

**EIGHTH AFFIRMATIVE DEFENSE: TIME LIMITATION ON DAMAGES**

66.    Ricoh's claims for damages and injunction are barred in whole or in part by operation of the applicable statutes, including 35 U.S.C. § 286.

**RESERVATION OF AFFIRMATIVE DEFENSES**

67.    With discovery still ongoing, Matrox Tech has yet to complete its investigation. Matrox Tech reserves the right to assert any other defenses that discovery may reveal, including unclean hands or inequitable conduct.

**COUNTERCLAIMS**

Counterplaintiff Matrox Tech, Inc. ("Matrox Tech"), for its counterclaims against Counterdefendant Ricoh Company, Ltd. ("Ricoh"), alleges as follows:

**PARTIES**

68.    Matrox Tech is a corporation organized under the laws of Delaware, and maintains its principal place of business at 1075 Broken Sound Parkway, NW, Boca Raton, FL 333487-3524.

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX TECH, INC.
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264926.v1

-8-

1    69.    Upon information and belief, Ricoh is a corporation organized under the laws of Japan,

2    having its principal place of business at 3-6 1-chome, Nakamagome, Tokyo, Japan.

3    **JURISDICTION AND VENUE**

4    70.    Counts 1 through 2 of the counterclaims are based upon the Patent Laws of the United

5    States, Title 35 of the United States Code, § 1 et seq.  The Court has jurisdiction over the

6    counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7    71.    Ricoh has submitted to the personal jurisdiction of this Court.

8    72.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

9    73.    There is an actual justiciable case or controversy between Matrox Tech and Ricoh, in

10    this district, arising under the Patent Laws, 35 U.S.C. § 1 et seq.  This case or controversy arises by

11    virtue of Ricoh's filing of this suit which purports to allege that Matrox Tech infringes U.S. Patent No.

12    4,922,432 ("the '432 Patent") and Matrox Tech's Answer thereto, which asserts the invalidity and

13    noninfringement of the '432 Patent.

14    **COUNT 1:  DECLARATORY JUDGMENT OF INVALIDITY**

15    74.    Matrox Tech incorporates by reference Paragraphs 1-73 into this count as though fully

16    set forth herein.

17    75.    The '432 Patent, entitled "Knowledge Based Method and Apparatus for Designing

18    Integrated Circuits using Functional Specifications" issued on May 1, 1990.  Ricoh purports to be the

19    owner of the '432 Patent.

20    76.    Ricoh has sued Matrox Tech in the present action, alleging infringement of the '432

21    Patent.

22    77.    Based on Paragraph 58 above, which is specifically incorporated by reference into this

23    Paragraph, the '432 Patent is invalid.

24    78.    Matrox Tech requests declaratory judgment that the '432 Patent is invalid.

25    **COUNT 2:  DECLARATORY JUDGMENT OF NONINFRINGEMENT**

26    79.    Matrox Tech incorporates by reference Paragraphs 1-77 into this count as though fully

27    set forth herein.

28

1    80.    Based on Paragraphs 59 and 60 above, which are specifically incorporated by reference

2  into this Paragraph, the '432 Patent is not infringed by Matrox Tech.

3    81.    Matrox Tech requests declaratory judgment that Matrox Tech has not infringed the '432

4  Patent.

5  ## RESERVATION OF COUNTERCLAIMS

6    82.    Matrox Tech reserves the right to assert any other counterclaims that discovery may

7  reveal, including, but not limited to, claims arising out of false or misleading statements to the public

8  and/or customers.

9  ## PRAYER FOR RELIEF

10  WHEREFORE, Matrox Tech respectfully prays for the following relief:

11    A.    that this Court deny and all relief requested by Plaintiff in its Amended Complaint and

12  any relief whatsoever, and that the Amended Complaint be dismissed with prejudice;

13    B.    that this Court declare the '432 Patent invalid;

14    C.    that this Court declare the '432 Patent unenforceable;

15    D.    that this Court declare that Matrox Tech has not infringed any valid claim of the '432

16  Patent;

17    E.    that this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that

18  costs of this action and attorneys' fees be awarded to Matrox Tech;

19    F.    that this Court grant such other and further relief to Matrox Tech as this Court may

20  deem just and equitable and as the Court deems appropriate.

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2      Defendant Matrox Tech hereby demands trial by jury in this action.

3  Dated: November ___, 2005                    Respectfully submitted,

4                                               HOWREY LLP

5

6                                               By: _____
                                                      Denise M. De Mory
7                                               Attorneys for Defendants
                                                AEROFLEX INCORPORATED, AMI
8                                               SEMICONDUCTOR, INC., MATROX
                                                ELECTRONIC SYSTEMS, LTD.,
9                                               MATROX GRAPHICS INC., MATROX
                                                INTERNATIONAL CORP., MATROX
10                                              TECH, INC., and AEROFLEX
                                                COLORADO SPRINGS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (EMC)/C03-02289 MJJ (EMC)
AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT MATROX TECH, INC.
TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
DM_US\8264926.v1

-11-