**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br>         Plaintiff, <br><br>  v. <br><br> RICOH CO., LTD., <br><br>         Defendant. | No. C 03-2289 MJJ <br> No. C 03-4669 <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWERS AND COUNTERCLAIMS** |
| RICOH CO., LTD., <br><br>         Plaintiff, <br><br>  v. <br><br> AEROFLEX, INC., ET AL., <br><br>         Defendants. | |

**INTRODUCTION**

Before the Court is Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., Matrox Tech, Inc. and Aeroflex Colorado Springs, Inc.'s ("Defendants") motion for leave to amend their answers and

counterclaims.[1] The motion is opposed by Ricoh Company, Ltd. ("Plaintiff", "Ricoh"). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

## FACTUAL BACKGROUND

This case concerns the alleged infringement of U.S. Patent Number 4,922,432 ("the '432 patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits Using Functional Specifications." Defendants seek to amend their answers and counterclaims.

Plaintiff commenced this action in the District of Delaware on January 21, 2003, and the case was transferred to this court October 16, 2003. Plaintiff filed an Amended Complaint in this action on April 12, 2004. Defendants filed an Answer to the Amended Complaint on April 26, 2004. On May 14, 2004 the Court issued a Scheduling Order, which, among other things, set the deadline for amending the pleadings for July 19, 2004. (Docket No. 191). At the request of Defendants, the Court stayed discovery in this case from May 2004 until July 2005. Discovery reopened on July 22, 2005 and is currently scheduled to close on January 27, 2006.

On October 25, 2005, Defendants requested Plaintiff's written consent as to several proposed changes to Defendants' Answer. Plaintiff refused, citing prejudice as to Defendants' proposed amendments. Defendants then filed the instant motion seeking the Court's permission to amend their Answer.

## LEGAL STANDARD

Once a responsive pleading has been served, a party may amend its pleadings only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). If a court has set a deadline for amending pleadings in a pre-trial scheduling order, and a party seeks leave to amend *before* that deadline, leave should be "freely given" under Fed. R. Civ. P. 15(a). *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). However, if a party seeks leave to amend *after* the deadline for amendments, Fed. R. Civ. P. 16(b) controls, and the moving party must demonstrate "good cause" for the changes to the pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291

---

[1]Motion for Leave to Amend Their Answers and Counterclaims, C 03-4669, Docket No. 341-1.

2

1  (9th Cir. 2000).  Absent a showing of good cause, a court must deny the post-deadline amendments.
2  *Johnson*, 975 F.2d at 609.
3      "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party
4  seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good
5  cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*  The
6  moving party must make a showing as to why they did not amend the pleadings prior to the
7  amendment deadline. *Id.*  "Although the existence or degree of prejudice to the party opposing the
8  modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the
9  moving party's reasons for seeking modification...If that party was not diligent, the inquiry should
10 end." *Id.* The district court is given broad discretion in this area, and its decision regarding the
11 preclusive effect of a pretrial order will not be disturbed unless there is a clear abuse of discretion.
12 *Id.* at 607.

## ANALYSIS

15  Defendants seek leave to amend their Answer to add new affirmative defenses of "estoppel",
16 "prosecution history estoppel" and "authorization and consent under 28 U.S.C § 1498", and leave to
17 revise existing affirmative defenses of "laches" and "invalidity."  Defendants' proposed amendments
18 come nearly a year and a half after the July 19, 2004 deadline for amending the pleadings set in the
19 Court's scheduling order.  Accordingly, Rule 16(b) controls, and the Court will address each change
20 in light of that rule's "good cause" standard.

**A.    Authorization and Consent under 28 U.S.C. § 1498**

23  Primarily a court will focus on the amending party's diligence in evaluating proposed
24 amendments under 16(b)'s good cause standard.  *Johnson,* 975 F.2d at 609. However, the court may
25 take into account other considerations, including prejudice against the opposing party. *Id.*
26 Defendants have demonstrated reasonable diligence and good cause for the addition of the § 1498
27 defense.
28  Under 28 U.S.C. § 1498, "[w]henever an invention described in and covered by a patent of
    the United States is used or manufactured by or for the United States without license of the owner

3

1  thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against
2  the United States in the United States Court of Federal Claims for the recovery of his reasonable and
3  entire compensation for such use and manufacture." Defendants assert that § 1498 will preclude
4  Plaintiff from recovering damages resulting from any sales of the accused products to or for the
5  United States government.

6  Defendants argue that Plaintiff did not identify which accused products were at issue in the
7  suit until June 2005, after the parties held a Joint Case Management Conference. As such,
8  Defendants contend, they were unable, until recently, to determine if § 1498 was applicable to the
9  products at issue, and it was only through discovery conducted in September and October 2005 that
10 Defendants learned of sales of the accused products to the United States government. The Court
11 finds that Defendants have shown diligence as to the § 1498 amendment. Defendants could not have
12 made this amendment prior to the July 19, 2004 scheduling order deadline, as the basis for the
13 defense arose from recently acquired discovery. Accordingly, the Court **GRANTS** Defendants'
14 request for leave to add the § 1498 affirmative defense.

### B.    Prosecution History Estoppel

Next, Defendants seek to add a "prosecution history estoppel" affirmative defense.
Prosecution history estoppel arose as an issue during the claims construction briefing. The Court's
claims construction order did not issue until April 7, 2005, nearly a year after the amendment
deadline. Given the late date at which this issue manifested itself, Defendants are justified in not
including it in any pre-deadline amendments. Moreover, Plaintiff did not object to the absence of a
prosecution history estoppel defense at the time the issue arose. Plaintiff is well aware that
prosecution history estoppel is at issue in the case, has responded to it in its papers, and will not be
prejudiced by Defendants' addition. To not include this affirmative defense which has clearly been
at issue in the case since the claims construction hearing would only obscure the record.
Accordingly, the Court **GRANTS** Defendants' request for leave to add the prosecution history
estoppel affirmative defense.

4

### C. Invalidity and Laches

Defendants also seek to amend the language of their existing invalidity and laches defenses. Defendants characterize their changes as clarifying language. The Court disagrees with that characterization. Defendants' proposed language changes are substantive and could serve to enlarge the scope of Defendants' claimed defenses.[2] Additionally, Defendants have not submitted any explanation as to why they did not include these revisions prior to the scheduling order deadline. The facts that form the basis for Defendants' proposed changes were known to Defendants prior to the deadline. As Defendants have failed to demonstrate diligence or good cause, the Court **DENIES** Defendants' request for leave to amend the invalidity and laches defenses.

### D. Estoppel

Finally, Defendants request leave to add an estoppel defense to their Answer. Defendants argue that the Court should grant leave because the estoppel defense is based upon facts already stated under the original answer to the amended complaint. This argument undermines Defendants' position. Defendants' filed their Answer on April 26, 2004, well before the July 19, 2004 deadline. Therefore, Defendants had ample time to amend their claims to include the estoppel defense. If the estoppel defense is based upon facts known to Defendants at a time prior to the amendment deadline, then Defendants could have added it then. Defendants have not asserted any new facts or circumstances that have justified their inaction. Defendants have not demonstrated diligence or good cause, and accordingly the Court **DENIES** Defendants' request for leave to add the estoppel defense.

///

///

///

---

[2] For example, the invalidity portion of Defendants' existing answer reads as follows, "[t]he '432 Patent is invalid for failure to meet the requirements specified in Title 35 of the United States Code including, but not limited to, 35 U.S.C. § 101, 102, 103, and 112 for one or more of the following reasons..." The Answer continues, with an enumerated list detailing the basis for invalidity. Defendants' proposed amendment states, "[t]he '432 Patent is invalid and/or unenforceable because it fails to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq." This enlarges the scope of Defendants' defenses beyond that which is in the current answer. Similar logic applies to Defendants' laches defense.

5

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Amend their Answers and Counterclaims[3]. Defendants are hereby **ORDERED** to submit amended answers conforming to the requirements of this order within ten days of the filing of this order.

**IT IS SO ORDERED.**

Dated: December 12, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Amend their Answers and Counterclaims(03-4669, Docket No. 341-1).

6