| | |
|---|---|
| 1 | Teresa M. Corbin (SBN 132360) |
| | Denise M. De Mory (SBN 168076) |
| 2 | Jaclyn C. Fink (SBN 217913) |
| | HOWREY LLP |
| 3 | 525 Market Street, Suite 3600 |
| | San Francisco, California 94105 |
| 4 | Telephone: (415) 848-4900 |
| | Facsimile: (415) 848-4999 |
| 5 | |
| | Attorneys for Plaintiff SYNOPSYS and |
| 6 | Defendants AEROFLEX INCORPORATED, |
| | AEROFLEX COLORADO SPRINGS, INC., |
| 7 | AMI SEMICONDUCTOR, INC., MATROX |
| | ELECTRONIC SYSTEMS, LTD., MATROX |
| 8 | GRAPHICS INC., MATROX |
| | INTERNATIONAL CORP., and MATROX |
| 9 | TECH, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | Case No. C03-4669 MJJ (EMC) |
| Plaintiff, | Case No. C03-2289 MJJ (EMC) |
| vs. | **PLAINTIFF SYNOPSYS' AND CUSTOMER DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY LITIGATION PENDING COMPLETION OF REEXAMINATION** |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC., | |
| Defendants. | Judge: Hon. Martin J. Jenkins |
| | Date: April 4, 2006 |
| | Time: 9:00 a.m. |
| | Ctrm: 11, 19th Floor |
| SYNOPSYS, INC., | |
| Plaintiff, | |
| vs. | |
| RICOH COMPANY, LTD., | |
| Defendant. | |

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

# TABLE OF CONTENTS

| | Page |
|---|---:|
| I. INTRODUCTION | 1 |
| II. FACTS | 3 |
|    A. The United States Patent Office Has Ordered Reexamination Of The Claims At Issue And Another Reexamination Request Is Pending | 3 |
|    B. There Is A Greater Than 75% Chance That the Reexamination Will Result In Amendment Or Cancellation of the Claims And the New PTO Process Means That The Process Will Move More Quickly. | 3 |
|    C. Based On The Nature And Stage Of This Litigation, Substantial Resources Can Be Saved If A Stay Is Granted. | 4 |
|    D. Patent Reexamination Will Directly Duplicate Issues This Court Will Consider Between Now And The Entry Of Judgment In This Case. | 5 |
| III. ARGUMENT | 6 |
|       1. Staying The Present Litigation Would Not Unduly Prejudice Ricoh | 8 |
|       2. Reexamination Will Simplify The Issues Before This Court | 9 |
|       3. Discovery In This Case Is Far From Complete | 11 |
| IV. CONCLUSION | 12 |

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)    i
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*ASCII Corp. v. STD Entm't USA, Inc.*,
  844 F. Supp. 1378 (N.D. Cal. 1994) ..................................................................................... 7

*Bloom Eng'g Co. v. North Am. Mfg. Co.*,
  129 F.3d 1247 (Fed. Cir. 1997) ............................................................................................ 9

*Emhart Indus., Inc. v. Sankyo Seiki Mfg.*,
  3 U.S.P.Q.2d 1889 (N.D. Ill. 1987) .................................................................................. 7, 8

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ............................................................................................ 7

*Gioello Enters. Ltd. v. Mattel, Inc.*,
  2001 WL 125340 (D. Del. Jan. 29, 2001) ......................................................................... 7, 8

*In re Laughlin Prods., Inc.*,
  265 F. Supp. 2d 525 (E.D. Pa. 2003) ............................................................................... 8, 10

*Loffland Bros. Co. v. Mid-Western Energy Corp.*,
  225 U.S.P.Q. 886 (W.D. Okla. 1985) ................................................................................. 11

*Middleton, Inc. v. Minnesota Mining and Manufacturing Company*,
  2004 U.S. Dist. LEXIS 16812 (S.D. Iowa August 24, 2004) ......................................... 8, 9, 11

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
  2003 WL 21105073 (D. Del. May 14, 2003) ....................................................................... 8

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc.*,
  68 U.S.P.Q.2d 1755 (E.D. Mich. 2003) .............................................................................. 11

*Softview Computer Prods. Crop. v. Haworth, Inc.*,
  56 U.S.P.Q.2d 1633 (S.D.N.Y. 2000) ............................................................................. 7, 10

*Tap Pharm. Prods. Inc. v. Atrix Labs. Inc.*,
  70 U.S.P.Q.2d 1319 (N.D. Ill. 2004) .............................................................................. 4, 9, 10

*Target Therapeutics Inc. v. SciMed Life Sys. Inc.*,
  33 U.S.P.Q.2d 2022 (N.D. Cal. 1995) ............................................................................. 4, 10

**STATUTES**

35 U.S.C. § 302 ............................................................................................................................. 5

35 U.S.C. § 303(a) ........................................................................................................................ 5

H.R. Rep. No. 1307, 96th Cong, 2d Sess. 4, reprinted in 1980 U.S. Code Cong. &
  Admin. News 6460 ........................................................................................................ 6, 10

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

ii

1  PLEASE TAKE NOTICE THAT, on April 4, 2006 at 9:30 a.m., before the Honorable Martin J. Jenkins in Courtroom 11, 19th Floor, in the United States District Court, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Synopsys, Inc. ("Synopsys") and Defendants Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronics Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., Matrox Tech. Inc., and Aeroflex Colorado Springs, Inc. (collectively the "Customer Defendants") hereby move to stay this litigation because the United States Patent and Trademark Office ("PTO") has just granted a request for reexamination as to the patent at issue in this case.

This motion is based on the following memorandum of points and authorities, the accompanying declaration of Jaclyn C. Fink and exhibits in support thereof, the oral arguments of counsel at the hearing on this motion, and all other pleadings in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Synopsys, Inc. ("Synopsys") and Defendants Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronics Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., Matrox Tech. Inc., and Aeroflex Colorado Springs, Inc. (collectively the "Customer Defendants") hereby move to stay this litigation because the United States Patent and Trademark Office ("PTO") has just granted a request for reexamination as to the patent at issue in this case. Because there is an *a priori* greater than 75% chance that the claims will be amended or cancelled in reexamination, and because that result would have tremendous implications in the context of this litigation, a stay is appropriate.

First, if the claims are cancelled, this litigation is over.

Second, if the claims are amended, the damages period resets. Ricoh will be barred from recovering damages for acts of infringement that occurred prior to the issuance of the reexamination certificate. This is very significant here. Ricoh will only be able to claim damages from the date of the issuance of the reexamination certificate to expiration of the patent – likely a very short period of time. The change in the damages period alone would have huge implications for the scope of on-going discovery, expert reports, summary judgment motions, trial preparation and trial. At present, there are

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

1

200+ "accused ASICs." If Ricoh was barred from recovering damages prior to the issuance of the reexamination certificate, the number of products at issue would probably drop substantially, thereby clearly simplifying the case. In addition, the potential pool of damages – regardless of the measure – would be so substantially diminished the parties might be able to resolve the case.

Third, if the claims are amended but the case continues, new claim construction would be necessary which would affect on-going discovery, require new infringement and invalidity contentions, expert reports, summary judgment motions, trial preparation and trial. Further, what Ricoh might now say in the response to the first office action might require new claim construction regardless of the ultimate outcome.

In addition a second petition for reexamination based upon other prior art was filed last week. This petition also has an overwhelming *a priori* probability of being granted. If this petition is granted, the chance of amendment, cancellation, and/or significant statements by Ricoh in the reexamination proceedings that would affect claim construction increases significantly. Given that the re-examination will occur quickly according to the new PTO procedures and that there is a 75% chance of amendment or cancellation of the claims, and that tremendous party and judicial resources will be preserved if a stay is entered, there is good cause to immediately stay this litigation.

In contrast, the harm to Ricoh of a stay is minimal or non-existent. Since the present case and any appeals are likely to extend beyond the January 2008 patent expiration, there is little or no threat of an injunction. In addition, Ricoh is not suing Synopsys, completely eliminating the possibility of an injunction against the Design Compiler software products at issue in the case. Thus, monetary damages are really what is at issue here. The reexamination could drastically reduce damages, or eliminate them. And, in any event, if the patent survives intact Ricoh would ultimately be able to recover damages for the stay period. Although Synopsys and the Customer Defendants fully expect that Ricoh will cry foul and claim that this stay is sought for a dilatory or improper purpose, the reality is that for all of the parties – Ricoh, Synopsys, the Customer Defendants – and for the Court, a stay will likely result in the preservation of substantial resources and should be entered.

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-2-

## II.   FACTS

### A.   The United States Patent Office Has Ordered Reexamination Of The Claims At Issue And Another Reexamination Request Is Pending

On January 17, 2006, a request for reexamination of United States Patent No. 4,922,432 ("the '432 patent") was filed in the United States Patent and Trademark Office ("the PTO"). Fink Declaration in Support of Motion to Stay ("Fink Decl."), Exh. 1. On February 24, 2006, the PTO granted the request for a reexamination, and indicated that all claims of the '432 patent, including the claims at issue in this case, would be subject to reexamination. *Id.*, Exh. 2. The reexamination was ordered to occur with "special dispatch." *Id.* at 10.

The art that supported the reexamination request is art that was not previously before the PTO. Fink Decl., Exh. 1 at 14. In addition, it is art that the Inventors were aware of, but did not cite to the PTO. *Id.* This issue is exacerbated by the fact that the Inventors were not only aware of the art, but in fact described the art in an article where they admitted that the cited art contained almost every element of the claims 13 through 17 of the '432 patent. *Id.* The only element that the applicant indicated was missing, a "flow chart editor," is something that Ricoh has contended in this litigation is not a limitation of claim 13. *Id.* These facts make it even more likely that the claims will not survive in their present form, and/or that Ricoh will make statements during the reexamination that will require this Court to reconsider its claim construction ruling as to one or more elements of the claims.

In addition, another reexamination request has also recently been filed based on additional art that was not before the PTO. Fink Decl., Exh. 3. Based on recently compiled PTO statistics, there is a very high probability this request will be granted. For 2005, of the 535 requests considered, 509 were granted, and only 26 were denied. Fink Decl., Exh. 4 at 131.

### B.   There Is A Greater Than 75% Chance That the Reexamination Will Result In Amendment Or Cancellation of the Claims And the New PTO Process Means That The Process Will Move More Quickly.

More than 75% percent of reexamined patents have some changes made to the claims, and almost 13% have *all* of the claims cancelled. Fink Decl, Exh. 5(The Advisory Commission on Patent Law Reform: A Report to the Secretary of Commerce, Appendix C – USPTO Reexamination

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-3-

Statistics (August 1992)); *see also* Exh. 6) (John H. Barton, *Reforming the Patent System*, Science, Vol. 287, No. 5460, 1933-1934 (March 17, 2000) ("Under the PTO's current reexamination procedure, less than a quarter of the patents reexamined survive without some change.")); *see also Target Therapeutics Inc. v. SciMed Life Sys. Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995); *Tap Pharm. Prods. Inc. v. Atrix Labs. Inc.,* 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (noting that the PTO generally invalidates 10% of the patents it reexamines and amends the claims in 64%). Therefore, it is likely that the outcome of such reexamination will have a material impact on this proceeding, and the reexamination has the potential to render any future decisions by this Court concerning the validity and infringement of the asserted claims of the '432 patent – *as those claims currently exist* – meaningless.

In addition, the PTO has implemented new procedures to expedite and increase the quality of reexamination results. See Fink Decl., Exh. 7. Reexamination proceedings are now being assigned to "20 highly skilled examiners who have a full understanding of reexamination practice and relevant case law." *Id*. The 20 examiners focus solely on reexaminations. *Id*. "Using skilled examiners assigned to a single unit will enhance the quality and reduce the time of reexaminations by allowing the USTO to monitor more effectively reexamination operations." *Id*.

**C. Based On The Nature And Stage Of This Litigation, Substantial Resources Can Be Saved If A Stay Is Granted.**

Ricoh filed an action in the District Court of Delaware against the Customer Defendants on January 21, 2003, essentially alleging that their use of Synopsys' logic synthesis tools infringes the '432 patent. On May 15, 2003, Synopsys filed a Complaint for Declaratory Judgment in the Northern District of California, requesting a judgment that the '432 patent is not infringed by the use of its products and, in any event, that the '432 patent is invalid and unenforceable. On August 29, 2003, the Delaware action was transferred to the Northern District of California, and the Court found the two cases to be related on November 6, 2003.

Relatively minimal discovery occurred in 2003 and early 2004. A Case Management Conference ("CMC") was held on May 4, 2004. As a result of this CMC, discovery on all matters except claim construction was stayed, with a Tutorial scheduled for October 20, 2004, and a Claim Construction Hearing scheduled for October 29, 2004. The Tutorial proceeded as scheduled, but the

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-4-

Claim Construction Hearing was not held until on December 15, 2004 and then continued on January 18, 2005. The Court issued its Claim Construction Order on April 7, 2005. The discovery stay was lifted on July 22, 2005.

Discovery is currently in progress. Synopsys and the Customer Defendants have traveled to more than a dozen locations and interviewed approximately 85 people in order to identify responsive materials, and they produced more than 8 million pages of documents. They have also provided witnesses for more than 120 hours of 30(b)(6) testimony. However, there is still a very long road ahead that will likely be just as costly as what has already transpired.

Ricoh's Final Infringement Contentions are due on March 24, 2006, and Synopsys' and the Customer Defendants' Final Invalidity Contentions are due one month later. A trip to Japan is scheduled in mid-April to take depositions; and another trip to Japan is likely to be scheduled in May. The close of fact discovery is scheduled for May 30, 2006, and expert discovery is scheduled to be closed on August 18, 2006. Expert reports will be prepared during the summer. Dispositive motions will be briefed in August and September. A dispositive motion hearing is scheduled for September 26, 2006. A three week trial is set for November 27 through December 15, 2006.

### D. Patent Reexamination Will Directly Duplicate Issues This Court Will Consider Between Now And The Entry Of Judgment In This Case.

Congress has provided for reexamination of issued patents by the PTO. Any person at any time may file a request with the PTO for reexamination of any claim of a patent on the basis of any prior art patents or printed publications. 35 U.S.C. § 302. The PTO will reexamine a patent if "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." *Id.* at § 303(a). The PTO has already granted the reexamination request, and thus, has determined that a substantial new question exists. Ultimately, the reexamination procedure will result in the PTO issuing and publishing a certificate either canceling claims of the patent that are found to be unpatentable, confirming claims of the patent that are found to be patentable, and/or incorporating in the patent any proposed amended or new claims found to be patentable. *Id.* at § 307.

The reexamination proceeding was created by Congress to allow interested parties to present previously unknown art to the PTO to allow the PTO, with its unique scientific and legal expertise, to

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-5-

assess the validity of existing patent claims in light of this art and to determine the patentability of new claims. Reexamination was intended to "permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation." H.R. Rep. No. 1307, 96th Cong, 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Admin. News 6460, 6463. This statutory right to reexamination, codified in 35 U.S.C. § 301 et seq. and governed by the provisions of 37 CFR § 1.501 et seq., may be invoked at any time, including during litigation. Requests for reexamination are frequently filed where the patent is involved in concurrent litigation because PTO procedures provide for expedited reexamination where pending litigation involving the patents is ongoing. *Id.*

### III.  ARGUMENT

The reexamination request asks the PTO to do exactly what Synopsys and the Customer Defendants have asked this Court to do: determine the validity of the claims of the '432 patent in light of prior art that was known to the inventors at the time the patent application was filed, but that was not disclosed to the PTO. The results of the reexamination will also directly affect what Ricoh has asked this Court to do: determine whether or not the accused products fall within the scope of the asserted claims. Thus, if this Court continues with this litigation, the Court is very likely to expend valuable judicial resources on issues that will almost certainly become moot, or be required to be re-done, upon the conclusion of the reexamination process.

Although the determination of whether or not to stay this action rests within the discretion of this Court, courts typically defer litigation pending reexamination proceedings for one or more of the following reasons, all of which apply here:

- ? The PTO will reexamine of the '432 patent, and its decision could completely resolve this case if it finds that no claims are patentable over the prior art.

- ? The PTO's decision could eliminate the need for the Court to review some or all of the presently asserted claims if those claims are cancelled or substantively amended during reexamination.

- ? The PTO's decision likely will lead to new issues not now before the Court, if the PTO allows any amended or new claims. Regardless of what this Court does now, the Court may need to construe and determine the validity and infringement of additional amended and/or new claims allowed by the PTO and potentially asserted against the Customer Defendants.

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION
-6-

- ? If this Court goes forward now, it may determine the validity and infringement of claims that might not survive the reexamination, resulting in a complete waste of time and resources.

- ? The PTO's review and the resultant reexamination prosecution history should assist the Court and the jury in resolving issues of validity and infringement and might well lead to the settlement of this case, thereby avoiding the further expenditure of the Court's and the parties' resources.

- ? A stay would not prejudice Ricoh. To the contrary, a stay would conserve Ricoh's resources. This motion, if granted, will save all parties the time and expense associated with continuing this litigation during the pendency of the reexamination proceedings.

- ? Since this case and any associated appeals are likely to extend past the January 2008 expiration date of the '432 patent such that injunctive relief is unlikely, damages are really the only relief at issue. The results of the reexamination could drastically reduce the amount of damages at issue, or eliminate damages altogether. In the unlikely event that the claims were to survive the reexamination intact, the damages period would cover the reexamination stay.

This Court has the inherent authority to control and manage its docket, which includes the authority to order a stay pending the outcome of reexamination proceedings at the PTO. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Indeed, courts routinely stay patent litigation pending the resolution of reexamination of the patent-in-suit in order to avoid duplicative and potentially unnecessary proceedings. *See ASCII Corp. v. STD Entm't USA, Inc.,* 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (commenting that "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings"); *Softview Computer Prods. Crop. v. Haworth, Inc.,* 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2000) (stating that "[c]ourts have routinely stayed infringement actions pending the outcome of reexamination proceedings."); *Gioello Enters. Ltd. v. Mattel, Inc.,* 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) (noting the numerous advantages in staying litigation pending reexamination and stating that "[n]ot staying the proceedings runs the risk of inconsistent adjudications or issuance of advisory opinions"); *Emhart Indus., Inc. v. Sankyo Seiki Mfg.,* 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987) (same)[1].

---

[1] In *Emhart Industries*, the court enumerated the following advantages in granting a stay which would shift to the PTO the validity of a patent claim: 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise; 2. Many discovery problems relating to prior art can be alleviated by the PTO examination; 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed; 4. The outcome of the reexamination may encourage a settlement without the further use of the Court; 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation; 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; 7. The cost will likely be reduced both for the parties and the Court.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-7-

In considering whether to stay a litigation pending the outcome of reexamination, courts consider three factors: (1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *In re Laughlin Prods., Inc.,* 265 F. Supp. 2d 525, 530 (E.D. Pa. 2003). In this case, the relevant factors weigh heavily in favor of staying the proceedings pending the conclusion of the reexamination.

### 1. Staying The Present Litigation Would Not Unduly Prejudice Ricoh

A stay would not unduly prejudice Ricoh. To the contrary, all parties should benefit from the reexamination proceedings because the issues will be simplified, narrowed, and perhaps eliminated by the results of the reexamination process. All claims and counterclaims asserted by the parties in this case are either directly or indirectly related to issues that have been (or will be) raised and will be considered in the reexamination proceedings. A stay of the pending litigation will, in fact, provide the substantial advantages of avoiding duplicative and potentially unnecessary proceedings and simplifying, if not eliminating, many of the issues in the present litigation. These advantages have been recognized by Congress and the courts, and are the primary reason why courts stay litigations pending reexamination proceedings. *See, e.g., Gioello Enters.,* 2001 WL 125340, at *1 (noting the numerous advantages in staying litigation pending reexamination); *Emhart Indus.,* 3 U.S.P.Q.2d at 1889 (same); *see also Pegasus Dev. Corp. v. DirecTV, Inc.,* 2003 WL 21105073, at *2 (D. Del. May 14, 2003) (finding that the "potential efficiencies resulting from the reexamination process…will result in a reduced cost of litigation for the parties and more effective utilization of the limited resources of the court").

Further, it must be remembered that this case is really one about damages. Since the resolution of this case and its related appeals will almost certainly not be completed before the January 2008 expiration of the '432 patent, there is little chance of injunctive relief. If Ricoh were to ultimately succeed in this case, any damages would include the reexamination stay period. Money damages are an adequate remedy where plaintiff is not selling or marketing products under the patent. *Middleton, Inc. v. Minnesota Mining and Manufacturing Company*, 2004 U.S. Dist. LEXIS 16812 at *31 (S.D. Iowa August 24, 2004); *see also Gioelle*, 2001 WL 125340, at *2; *Emhart Indus.,* 3 U.S.P.Q. 2d at

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-8-

1  1891 (finding that "notwithstanding plaintiff's arguments that monetary damage will not compensate
2  for its losses, this *is* a suit for money damages and plaintiff has never sought preliminary injunctive
3  relief from the Court"). Therefore, this stay would not prejudice Ricoh.

4      Moreover, Ricoh may argue that there is prejudice because the patent might expire during the
5  reexamination. The fact that the patent may expire during the course of a stay for reexamination,
6  however, is not sufficient reason to deny the motion to stay. *Middleton*, 2004 U.S. Dist. LEXIS at *30;
7  *see also Tap Pharm. Prods.*, 70 U.S.P.Q.2d at 1320 (dismissing plaintiff's argument that patent may
8  expire thereby depriving them of any injunctive relief because patent may still expire before trial is
9  completed).

10      **2.    Reexamination Will Simplify The Issues Before This Court**

11      The PTO may simplify, if not eliminate, many of the invalidity arguments that Synopsys and
12  the Customer Defendants are asserting against Ricoh. At present, there are some 200+ ASICs that
13  Ricoh has asserted were created using an infringing method. However, if the claims are amended,
14  Ricoh will not be able to recover for acts of infringement relating to most of these ASICs. Indeed,
15  "unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent
16  cannot be enforced against infringing activity that occurred before issuance of the reexamination
17  certificate. 'Identical' does not mean verbatim, but means at most without substantive change." *Bloom*
18  *Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) (holding that plaintiff was not
19  entitled to infringement during the period before grant of the reexamined claims, since the
20  reexamination lead to a substantive change in claim scope). Thus, given the odds of amendment,
21  tremendous resources will be wasted if a stay is not granted.

22      In addition, reexamination may eliminate entirely the need for any further litigation of the
23  present patent claims. In particular, the reexamination involves all issued claims of the '432 patent as
24  well as any new claims that may be presented during the reexamination proceeding. Ricoh may seek
25  to amend the claims during the reexamination. Given the possibility of submission of new claims and
26  the significant possibility that the issued patent claims may be amended, it is very likely that the '432

27
28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

1  patent will emerge from the reexamination with different claims.[2]  The new claims could present
2  different questions of infringement and possibly validity for adjudication by this Court and may moot
3  any decision based on the claims currently in the '432 patent.  It is even possible that Synopsys' and
4  the Customer Defendants' products will not infringe any new claims or, alternatively, that the
5  infringement issues will be so clarified that Synopsys and the Customer Defendants will concede to
6  infringement of any new claims.  Under those circumstances, there may be no need for any further
7  litigation of this case.

8       Moreover, the PTO will consider some of the art underlying Synopsys' and the Customer
9  Defendants' counterclaims of patent invalidity.  The PTO has considerable expertise in this regard, and
10  its expertise has been recognized by Congress as well as the courts.  *See* H.R. Rep. No. 1307, 96th
11  Cong, 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Admin. News 6460, 6463 ("A new patent
12  reexamination procedure is permitted to permit the owner of a patent to have the validity of his patent
13  tested in the Patent Office where the most expert opinions exist …"); *In re Laughlin,* 265 F.Supp.2d at
14  531 (pointing to the PTO's evaluation of the art as a justification for staying the litigation); *Softview*
15  *Computer Prods.,* 56 U.S.P.Q.2d at 1635 (citing cases in support of point that one advantage of staying
16  a litigation pending the outcome of reexamination is that "prior art presented to the Court will have
17  been first considered by the PTO, with its particular expertise").  The PTO's review of the prior art
18  submitted and resolution of the related validity issues could spare the Court and the parties some or all
19  of the burdens and costs of litigating these issues in this case.

20       Further, while the PTO will not directly address issues of infringement, it will evaluate the
21  scope of the patent claims in light of the prior art.  The determination of whether or not Synopsys and
22  the Customer Defendants have infringed the patent claims will be aided by the PTO's evaluation.

---

[2]  Courts have observed that there is approximately a 75% chance that reexamination will lead to cancelled or amended claims.  *See, e.g., Target Therapeutics Inc. v. SciMed Life Sys. Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995); *Tap Pharm. Prods. Inc. v. Atrix Labs. Inc.,* 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) (noting that the PTO generally invalidates 10% of the patents it reexamines and amends the claims in 64%).

**HOWREY LLP**

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)               -10-
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

In short, reexamination will simplify if not resolve many of the issues raised in this case. For the sake of judicial efficiency and reducing the burdens on the parties, any further proceedings in this case should be stayed pending the outcome of reexamination.

### 3. Discovery In This Case Is Far From Complete

The third factor courts consider also militates in favor of a stay. Much remains to be done in this action before it is ready for trial. Substantial discovery has yet to occur (including many depositions and third party discovery), document production is still ongoing, expert reports must be prepared and exchanged, dispositive motions have yet to be filed, and the Pretrial Order has not yet been prepared. No final pretrial conference has occurred, and extensive, additional pretrial preparations must be completed, such as motions in limine and trial briefs. Undoubtedly, the parties have spent considerable time and resources thus far. Yet far more time and resources remain to be spent before this matter is concluded.

Even if Ricoh argues that this third factor favors continuing this litigation, that still would not be a basis for denying this motion. Courts have granted stays even where discovery has been completed and when a trial date has been set, concluding that the advantages of a stay outweigh any potential disadvantages of such a stay. *See, e.g., Middleton*, 2004 U.S. Dist. LEXIS 16812 (granting stay pending reexamination in case litigated for over eight years, where discovery was completed, all summary judgment motions were fully briefed, and trial was set to begin in two months); *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc.,* 68 U.S.P.Q.2d 1755, 1758 (E.D. Mich. 2003) (granting stay where "substantial discovery ha[d] been conducted and the parties ha[d] submitted witness lists and three lengthy summary judgment motions"); *Loffland Bros. Co. v. Mid-Western Energy Corp.,* 225 U.S.P.Q. 886, 886 (W.D. Okla. 1985) (stay granted after significant discovery, after pretrial conference, and after setting of trial date). Accordingly, even if this case was much further along than it is, a stay pending a resolution of the reexamination proceedings would still be appropriate.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-11-

## IV. CONCLUSION

For all of the reasons identified above, Synopsys and the Customer Defendants request that the Court stay any further proceedings in this case until the conclusion of the reexamination of the '432 patent by the PTO.

Dated: February 28, 2006

Respectfully submitted,

HOWREY LLP

By: _____/s/Denise M. De Mory_____
Denise M. De Mory
Attorneys for Plaintiff
SYNOPSYS, INC. and for Defendants
AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS,
INC., AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS,
LTD., MATROX GRAPHICS, INC.,
MATROX INTERNATIONAL CORP.,
and MATROX TECH, INC.

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
PLTF SYNOPSYS' AND CUSTOMER DEFTS' MOTION TO STAY
LITIGATION PENDING COMPLETION OF REEXAMINATION

-12-