1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC.
6  and for Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC.,
7  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., and MATROX TECH, INC.
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                     SAN FRANCISCO DIVISION
12

13
   RICOH COMPANY, LTD.,                        Case No. C03-4669 MJJ (EMC)
14
              Plaintiff,                       Case No. C03-2289 MJJ (EMC)
15
       vs.                                     **DECLARATION OF VINCENT M. DeLUCA**
16                                             **IN SUPPORT OF REPLY TO MOTION TO**
   AEROFLEX INCORPORATED, AMI                  **STAY**
17 SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS LTD., MATROX
18 GRAPHICS INC., MATROX                       Judge:  Hon. Martin J. Jenkins
   INTERNATIONAL CORP., and MATROX
19 TECH, INC.,                                 Date:   April 19, 2006
                                               Time:   9:00 a.m.
20            Defendants.                      Ctrm:   11, 19th Floor

21 SYNOPSYS, INC.,

22            Plaintiff,

23      vs.

24 RICOH COMPANY, LTD.,

25            Defendant.

26

27

28

1     I, Vincent M. DeLuca, declare as follows:

2     1.     I am an attorney at law licensed to practice in the Commonwealth of Virginia and the

3 District of Columbia and a Partner of the law firm of Novak Druce & Quigg, LLP. I am also registered

4 to practice before the United States Patent and Trademark Office ("USPTO").  The matters set forth in

5 this declaration are based upon my personal knowledge, except where otherwise indicated, and if

6 called as a witness, I could and would testify competently thereto.

7     2.     Shortly after filing a reexamination request on January 17, 2006 for U.S. Patent No.

8 4,922,432, I received a call from Gary Hoffman, of Dickstein Shapiro Morin & Oshinsky.  As the

9 pretense for his call, Mr. Hoffman requested that all future PTO filings with regard to the

10 reexamination request be directed to him, instead of to his local counsel in California.

11     3.     Mr. Hoffman then attempted to engage me in conversation unrelated to the

12 reexamination request that had been filed, including a discussion of the fact that he knew one of my

13 law firm partners.

14     4.     Shortly before the call ended, Mr. Hoffman said, as best I can recall, "I assume that you

15 filed the reexamination request on behalf of Synopsys."

16     5.     I responded that I could not stop him from making assumptions, but that the request was

17 filed anonymously, and I was not at liberty to identify the party or parties on whose behalf the request

18 was filed.

19     6.     I did not indicate, suggest or otherwise agree with Mr. Hoffman's assumption that the

20 request had been filed on behalf of Synopsys.

21     7.     The reexamination statute (35 U.S.C. § 302) and the implementing regulations (37

22 C.F.R. §§ 1.510 *et seq.*) permit a reexamination request to be filed by "any person at any time."  The

23 USPTO has explicitly interpreted the statute as permitting a request for reexamination to be filed by

24 "attorneys without identification of their real client in interest." Manual of Patent Examining

25 Procedure ("MPEP"), § 2212.

26     8.     Moreover, it is the policy of our firm to treat the identity of the requestor in an

27 anonymously filed request such as this strictly confidential in accordance with the statutory

28 presumption of confidentiality that follows such requests.  I adhered to that policy in this case.

9.     By statute (35 U.S.C. § 305), the USPTO is required to conduct all reexamination proceedings "with special dispatch." The USPTO's policy is to issue a first Office action on the merits of the reexamination within one month of the due date for any initial submission by the Patent Owner after a reexamination has been ordered (MPEP § 2261).

10.     In July 2005, the USPTO announced the implementation of new processes for handling reexamination proceedings to improve timeliness and quality. Under the new initiative, 20 highly skilled primary examiners who have a full understanding of reexamination practice and relevant case law will concentrate solely on reexamination. The 20-examiner unit began operation in July 2005. According to the USPTO announcement, all future reexamination proceedings will be completed within a specific timeframe, which is expected to be less than two years; additionally, to ensure the quality of reexamination proceedings, all reexamination decisions now require a thorough review by a panel of supervisors and senior patent examiners. According to the Honorable Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, "using skilled examiners assigned to a single unit will enhance the quality and reduce the time of reexaminations by allowing the USPTO to monitor more effectively the reexamination operations." July 29, 2005 Press Release.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed in Washington, D.C. on March 21, 2006.

_____
Vincent M. DeLuca