UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., | No. C-03-2289 MJJ (EMC) |
| Plaintiff, | No. C-03-4669 MJJ (EMC) |
| v. | |
| RICOH CO., LTD., | **ORDER RE DISCOVERY DISPUTES AS TO DEPOSITIONS IN JAPAN AND ORDER RE FUTURE DISCOVERY DISPUTES** |
| Defendant.                                         / | |
| RICOH CO., LTD., | **(Docket Nos. 304, 305 - C-03-2289)** |
| Plaintiff, | **(Docket Nos. 402, 403 - C-03-4669)** |
| v. | |
| AEROFLEX, *et al.*, | |
| Defendants.                                         / | |

The parties once again have submitted yet additional discovery disputes which could and should have been resolved by counsel. Instead, counsel filed "joint" letters (consisting of cut and pasting of discrete mini-briefs with no effort to integrate and juxtapose their positions) of 12 and 15 pages containing single-space text and some 32 exhibits. Although each letter recites the parties attempted to resolve the dispute, neither side provides any detail as to how long the parties met and conferred, who participated, or what offers were made or ideas advances to resolve and compromise these disputes.

1    The Court has reviewed the letters.  The issues were not well considered, and in the Court's
2 view, poorly briefed.  For example, in the dispute over Dr. Kobayashi's continued deposition, the
3 Customer Defendants spend a significant portion of their energy chastising Ricoh's counsel.  Yet,
4 they never describe precisely what it is (other than testimony on newly produced documents) Dr.
5 Kobayashi failed to cover in the first two days of deposition, a central consideration.  On the other
6 hand, Ricoh spends a great deal of energy arguing that the Customer Defendants failed to utilize
7 procedures for compelling testimony under Rule 28(b) and that this Court lacks personal jurisdiction
8 over Dr. Kobayashi.  Ricoh completely misses the point that what is being sought is an order
9 requiring Ricoh to exercise of its ability to produce Dr. Kobayashi with the risk of having his
10 testimony barred at trial should Ricoh refuse to cooperate despite a finding by the Court that an
11 additional day of deposition is warranted.  Not only was most of the briefing unhelpful, focusing on
12 collateral rather than central material points, a properly focused brief could have been completed in
13 three pages.

14    More importantly, these disputes should have been resolved.  The applicable law is not
15 complicated.  Reasonable compromise was possible.  Instead, counsel engaged in sophomoric
16 posturing, building every mole hill into a mountain, posturing at every opportunity.  In this Court's
17 view, neither counsel has served the Court nor their clients' interest well.

18    Consequently, the Court hereby orders that for all future discovery disputes, the parties shall
19 meet and confer in earnest and in good faith.  If a telephonic meeting does not resolve the dispute,
20 counsel shall meet **in person**.  If that does not resolve the dispute, counsel shall call chambers to
21 arrange a court-supervised, **in person** meet and confer of **lead trial counsel** in this Court's jury
22 room.  If any dispute remains, the parties shall then file a joint letter describing the meet and confer
23 efforts (who participated, number of sessions, number of hours, what ideas were proposed to resolve
24 the dispute(s)).  Each side will be limited to three pages of single space text explaining its position.
25 Only essential exhibits necessary to the resolution of the issue(s) shall be attached.  If the Court
26 finds additional briefing or argument is warranted, it shall order it.  Any party violating this order
27 will be held in contempt.
28

1  As to the merits of the dispute, the Court, having reviewed the letter briefs such as they are, 2 and good cause appearing therefor, rules as follows.

3  The Customer Defendants are entitled to take one additional day of deposition of Dr. 4 Kobayashi, the first named inventor of the patent-in-suit. He is an important witness in a significant 5 case. It is not unreasonable or unusual for an important witness in such a substantial case to be 6 deposed for more than two days, especially one testifying through an interpreter. The additional 7 documentary evidence produced since the last deposition provides an additional reason for the extra 8 day. There was no agreement by the Customer Defendants to limit the deposition to two days, and 9 the decision to proceed with the first deposition on all issues did not necessarily preclude a further 10 deposition, especially where Defendants made clear at the first deposition they felt it was not 11 complete. Other than the conclusory "two-bites-at-the-apple" argument, Ricoh has not identified 12 any real and substantial prejudice were an additional day of deposition allowed. To be sure, this 13 Court cannot compel Dr. Kobayashi to appear at a deposition since Defendants have not utilized 14 procedures under Rule 28(b). Nonetheless, if the Court were to find that Ricoh in fact had the 15 ability to produce Dr. Kobyashi for deposition (given *e.g.* the prior ability to obtain Dr. Kobayashi's 16 cooperation and Ricoh's assignment agreement with Dr. Kobayashi) and failed to do so, this Court 17 will recommend to Judge Jenkins that his testimony be barred at trial.

18  The Customer Defendants are not entitled to require the deposition of Mr. Shindo. Although 19 he is described as Dr. Kobayashi's co-inventor, the Defendants have made no showing as to why his 20 testimony is necessary or what additional information they expect to obtain beyond that acquired 21 through the extended deposition of Dr. Kobayashi. Moreover, the request is raised belatedly.

22  As to Synopsys and Customer Defendants' request to take the depositions of individuals in 23 Japan they believe are current or former employees of Ricoh, that request is denied. A number of 24 the identified individuals are not Ricoh employees. As to the four who are employees (Minami, 25 Iida, Tsukamoto and Kumano), their testimony cannot be compelled. Synopsys and the Customer 26 Defendants did not utilize Rule 28(b) procedures. To be sure, testimony of foreign individuals who 27 are employees of a party may be compelled without Rule 28(b) under some circumstances. In 28 particular, the examining party may compel the testimony of a corporation via employees identified

by the examining party, but only if the employee is a "managing agent" who is invested with general powers to exercise discretion and judgment in dealing with corporate matters and who can be expected to identify with the corporation's interests as opposed to an adversary's interest. *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 540-41 (D. Md. 1996); *Boston Diagnostics Development Corp., Inc. v. Kollsman Manufacturing Co.*, 123 F.R.D. 415, 416 (D. Mass. 1988). No such showing has been made here. Moreover, there is no indication that Ricoh intends to call any of these four individuals to testify at trial, and thus there is no issue as to whether the Court should exercise its power to bar their testimony absent their production for deposition.

This order disposes of Docket Nos. 304 and 305, C-03-2289 and of Docket Nos. 402 and 403, C-03-4669.

IT IS SO ORDERED.

Dated: March 30, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge