E-filing

FILED
APR 03 2006
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

Plaintiff,

v.

RICOH CO., LTD.,

Defendant.
_______________________________/

RICOH CO., LTD.,

Plaintiff,

v.

AEROFLEX, INC., ET AL.,

Defendants.
_______________________________/

No. C 03-2289 MJJ
No. C 03-4669 MJJ

**ORDER DENYING MOTION TO STAY ACTION**

## INTRODUCTION

Before the Court is Synopsys Inc., Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., Matrox Tech, Inc. and Aeroflex Colorado Springs, Inc.'s and ("Defendants") Motion to Stay Litigation Pending

United States District Court
For the Northern District of California

Reexamination.[1] The motion is opposed by Ricoh Company, Ltd. ("Plaintiff", "Ricoh"). For the following reasons, the Court **DENIES** Defendants' motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns the alleged infringement of U.S. Patent Number 4,922,432 ("the '432 patent") entitled "Knowledge Based Method and Apparatus for Designing Integrated Circuits Using Functional Specifications."

Ricoh commenced this patent infringement action in the District of Delaware in January 2003 (the "Delaware Action"). Synopsis commenced a similar declaratory action in the Northern District of California in May 2003 (the "California Action"). In October 2003, the Delaware action was transferred to this Court and the two cases were related.

Discovery commenced in this case in late 2003 and continued until May 2004, when the Court stayed discovery to focus on claims construction. Discovery was stayed for over a year. In April 2005 the Court issued a claims construction order and discovery reopened in July 2005. On November 22, 2005, pursuant to the parties' stipulation, the Court issued an amended scheduling order (Doc. No. 279). Pursuant to that order, fact discovery was scheduled to close on May 30, 2006 and expert discovery was scheduled to close on August 18, 2006. The case is scheduled for trial in November, 2006.

On January 17, 2006, a third-party submitted a request to the United States Patent and Trademark Office ("PTO") to reexamine the '432 patent. On February 24, 2006, the PTO granted this request. Defendants have filed the instant motion requesting that the Court stay this action pending the outcome of the reexamination proceedings.

**ANALYSIS**

Defendants ask the Court to stay this action in light of the PTO's decision to reexamine the '432 patent. A court is not required to stay judicial proceedings upon the commencement of a reexamination by the PTO. *Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328

---

[1] 03-2289, Doc. No 293, Filed February 28, 2006.

United States District Court
For the Northern District of California

(Fed.Cir.2001). Rather, a stay for the purposes of reexamination is within the district court's sound discretion. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed.Cir.1985). See also *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir.1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.").

When determining the appropriateness of a stay pending reexamination, the Court considers the following three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *In re Cygnus Telecommunications Technology, LLC, Patent Litigation*, 385 F. Supp.2d 1022, 1023 (N.D. Cal.2005) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y.1999)). The Court addresses each of these factors in turn.

**A. Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Nonmoving Party**

Ricoh contends that it will be unduly prejudiced by a stay in this action because it has expended substantial resources in conducting discovery and the adjudication of its claims will be postponed indefinitely. The Court agrees. Ricoh, as the plaintiff in this matter, has a strong interest in resolving these proceedings expeditiously. The PTO reexamination proceedings will likely take at least one, if not two years or more to complete. The January 2006 reexamination request comes nearly three years after the start of this case and after the parties have already conducted a year and eight months of discovery. Fact discovery will close in two months, in May 2006. In short, the reexamination and request for the stay come at a late date in the proceedings.

The fact that the reexamination proceedings were initiated at the behest of a third party, rather than at Defendants' request is of no moment. It is the timing of the stay in relation to the progression of this case which is important, regardless of who initiated the reexamination request. Although Defendants apparently did not institute the present reexamination proceedings, they *could have* filed

United States District Court
For the Northern District of California

the same exact request for reexamination at some earlier point in the case.[2] Defendants do not contest the fact that they were aware of the relevant prior art as early as July 2003. That a third party instituted the proceedings does not change the fact that the reexamination request comes very late in this suit.

Defendants contend that a reexamination "will...provide the substantial advantages of avoiding duplicative and potentially unnecessary proceedings and simplifying or eliminating many of the issues in the present litigation." (Motion at 8). Defendants also argue that there is a substantial chance that the claims will be invalidated or amended. If this is so, it seems unusual that Defendants did not request the reexamination themselves at an earlier time in this proceeding.

In light of the significant delay that a stay would have on the resolution of this outcome, the Court finds that a stay at this late point in the discovery would unduly prejudice Ricoh. This is especially true in light of the fact that Defendants could have avoided this prejudice by requesting a reexamination themselves at an earlier date.

**B. Whether a Stay will Simplify the Issues in Question and Trial of the Case**

Defendants contend that the reexamination will simplify, if not eliminate, many of the invalidity arguments Defendants are asserting. Defendants assert that there is a substantial chance that the reexamination will result in amendments to the claims at issue, which will likely present different questions of infringement and validity than those which are presently before the Court.

A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue. See, e.g., *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."); cf. *Slip Track Systems, Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed.Cir.1998) The reexamination

[2] "Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited..." 35 U.S.C. § 302.

proceedings will consider several pieces of prior art related to systems similar to the '432 patent. Defendants do not indicate with particularity which claims or arguments they believe will be simplified as a result of the reexamination. The Court cannot, therefore, determine whether the reexamination proceedings will actually simplify the issues in this case. However, it is clear that the reexamination proceedings are unpredictable, and PTO is equally capable of confirming or invalidating Plaintiff's claims. Accordingly, the Court finds that this factor does not weigh in either party's favor.

**C. Whether Discovery is Complete and Whether a Trial Date Has Been Set**

This factor strongly counsels against granting a stay. As of the hearing date of this motion, less than two months of fact discovery remain. The trial date has been set for November 2006, only eight months away. The Court has already issued an order construing the disputed claims. As discussed above, the fact that this action has progressed so substantially could prejudice Ricoh, and a stay will likely delay the resolution of this matter considerably. See *Enprotech Corp. v. Autotech Corp.,* 1990 WL 37217, (N.D. Ill., 1990) (Stating that the "[m]ost compelling" reason for not granting a stay pending a reexamination was "the fact that discovery... is almost completed and the case is set for trial."). The parties have conducted, in total, almost two years worth of discovery and fact discovery is nearly completed. Accordingly, given the late date in the proceedings that Defendants' request comes, the expeditious and judicious use of resources counsels against granting a stay.

///

///

///

///

///

///

///

///



United States District Court
For the Northern District of California

///

**CONCLUSION**

In sum, the above analysis indicates that a stay pending reexamination, at this late juncture in this action, would be inappropriate; a stay would likely prejudice to Ricoh and result in waste of resources. Accordingly, the Court **DENIES** Defendants' motion to stay the litigation.

**IT IS SO ORDERED.**

Dated: April 1, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California