1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Defendants
6  AEROFLEX, INC., AMI
   SEMICONDUCTOR, INC., MATROX
7  ELECTRONIC SYSTEMS LTD.,
   MATROX GRAPHICS INC., MATROX
8  INTERNATIONAL CORP., MATROX
   TECH, INC., and AEROFLEX COLORADO
9  SPRINGS, INC.

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    Case No. C03-04669 MJJ (EMC)
                                            Case No. C03-02289 MJJ (EMC)
14         Plaintiff,
                                            **DEFENDANTS' RULE 6-3 MOTION FOR
15         vs.                              ADDITIONAL TIME TO COMPLETE
                                            ALREADY OUTSTANDING AND TIMELY-
16  AEROFLEX INCORPORATED, AMI              SERVED LIMITED THIRD PARTY
    SEMICONDUCTOR, INC., MATROX             DISCOVERY**
17  ELECTRONIC SYSTEMS LTD., MATROX
    GRAPHICS INC., MATROX
18  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
19  SPRINGS, INC.

20         Defendants.

21  SYNOPSYS, INC.,

22         Plaintiff,

23         vs.

24  RICOH COMPANY, LTD.,

25         Defendant.

26

27

28

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' RULE 6-3 MOTION FOR ADDITIONAL TIME TO COMPLETE ALREADY OUTSTANDING AND TIMELY-SERVED
LIMITED THIRD PARTY DISCOVERY
DM_US\8350143.v1

## I. INTRODUCTION

Synopsys, Inc., Aeroflex Incorporated, AMI Semiconductor, Inc., Matrox Electronic Systems Ltd., Matrox Graphics Inc., Matrox International Corp., Matrox Tech, Inc., and Aeroflex Colorado Springs, Inc. (collectively, "Defendants") hereby move the Court pursuant to Civil L.R. 6-3 for additional time to complete already outstanding and timely-served third-party discovery.

The fact discovery cut-off in this case is today. Defendants served subpoenas on a number of third-parties with return dates on or before today, including subpoenas to: (1) Association for Computing Machinery, Inc. ("ACM"); (2) Reed Exhibitions ("Reed"); (3) Semiconductor Research Corp. ("SRC"); (4) University of South Carolina ("USC"); (5) Zhone Technologies, Inc. ("Zhone"); (6) Texas Instruments, Inc. ("TI"); and (7) Motorola, Inc. ("Motorola"). See Declaration of Denise De Mory (Exhs. 1-9). All of these subpoenas were served on or before May 17, 2006, and had a return date on or before May 30, 2006. Some of these third parties have partially complied, but all have indicated that they need additional time to fully comply. *Id.*, Exh. 10-11. The only outstanding compliance required on the ACM, Reed, and SRC subpoenas is the production of documents. With regard to TI, the only compliance outstanding is a short deposition. Documents are outstanding from USC, Zhone, and Motorola, but depending on the responsive documents, if any, that are produced, a deposition may not be necessary. Thus, at this point, the total outstanding discovery, at most is document discovery from 6 third parties, and deposition discovery from 4 third parties.

Although these subpoenas were timely served and required compliance before the close of discovery, the third parties to whom the subpoenas were directly were unable to fully comply within the discovery period. Ricoh has refused to agree to any additional time for completion of this limited discovery. Because completion of this discovery will not prejudice Ricoh and is highly relevant to this litigation, Defendants request that the Court grant this Motion.

## II. BACKGROUND

For the first several months of the re-opened discovery period, Defendants expended significant resources responding to Ricoh's outstanding and new discovery demands. Indeed, at this point, over 10,000,000 pages of documents have been produced by the Customer Defendants and Synopsys, a significant portion of which were produced prior to February 2006. In contrast, Ricoh has produced

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' RULE 6-3 MOTION FOR ADDITIONAL TIME TO COMPLETE ALREADY OUTSTANDING AND TIMELY-SERVED LIMITED THIRD PARTY DISCOVERY
DM_US\8350143.v1

-1-

only about 13,000 pages.  Substantial written discovery and document requests were served by Defendants in December 2005 and March 2006 (to which Ricoh has to date failed, in large part, to substantively respond despite exhaustive meet and confer efforts).  Although substantive discovery responses had not yet been provided, deposition discovery of Ricoh was scheduled; these depositions took place in April and May because of the impending fact discovery cut-off.[1]   These depositions, as well as documents discovered in preparation for those depositions, required Defendants to serve a significant number of third party subpoenas starting in mid-April, and continuing through mid-May.  Most third parties fully and timely complied; the seven parties at issue here require more time.

In March 2006, Defendants served a comprehensive set of damages discovery document requests on Ricoh.    De Mory Decl, Exh. 12.  Ricoh served boilerplate objections, and refused to produce highly relevant documents.  *Id.*, ¶13.  In particular, Ricoh indicated that it would only produce (and had already produced) final license agreements relating to the '432 patent, and would not produce drafts of correspondence.  *Id.*   Meet and confer about Defendants' requests (including prior requests) was on-going when the deposition of Takahei Takada took place on April 17 and 18 in Japan.  During that deposition, Mr. Takada indicated that he was not sure if Ricoh had any drafts or correspondence related to the TI agreements, and in fact, indicated that he did not believe any drafts were ever created because much of the negotiation was done orally.  *Id.*  Synopsys and Defendants found this testimony to be incredulous given standard IP licensing practices, and followed up with Ricoh and served document subpoenas on TI and Motorola, another licensee.  *Id.*, Exh. 13.  Ricoh's counsel responded that they "were unaware of any such documents in existence."  *Id.*, Exh. 14.  TI, however, has produced over 500 pages of documents, and Motorola indicates that it also has responsive documents.  *Id.*, ¶15.

Mr. Takada's deposition was continued on May 12, 2006.  Mr. Takada now indicated that even though a Motorola agreement had been produced, it did not cover the '432 patent.  He was instructed not to answer why this was his position.  Mr. Takada also made certain assertions about the value of

---

[1] Significant discovery motions will be filed with regard to Ricoh's failure to comply with its discovery obligations on June 7, 2006.

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO COMPLETE  DISCOVERY COLLECTION FROM THIRD PARTIES TIMELY SERVED BEFORE DISCOVERY CUTOFF DATE

-2-

the '432 patent that need to be tested. Accordingly, deposition subpoenas were served on TI and Motorola immediately after this deposition. Information responsive to the TI and Motorola subpoenas is directly relevant to the issue of damages for the alleged infringement of the '432 patent. Although almost any plaintiff would voluntarily produce this information, Ricoh has obstructed efforts to obtain this information, and thus, directly created the need to involve third parties. TI has agreed to provide documents and deposition dates, and Motorola has agreed to produce a witness, but has not yet been able to do so.

The Zhone subpoena is relevant to Defendants' on sale bar and inequitable conduct defenses. Defendants learned of the relationship between International Chip Corp. ("ICC") and Zhone while preparing for Hideaki Kobayashi's May 15, 2006 deposition. Defendants discovered for the first time a July 21, 1986 article press release, never produced by Ricoh, KBSC, or ICC, that states, as follows:

> The Tokyo-Based Modulator-Demodulator (MODEM) maker [Paradyne][2] said Monday the new company, ICC Japan Corp., will market the **Knowledge-Based Silicon Compiler (KBSC)**, an expert system using artificial intelligence developed by International Chip, which can design a custom IC in less than a day, compared to six to 12 months for other systems.

*Id.*, Exh. 15 (emphasis added). This document was immediately produced by Defendants, and a subpoena was issued to Zhone. If this is the same KBSC system disclosed in the patent, which as described below, Defendants now have strong reason to believe it is, then there was definitely an offer for sale before the critical date, and likely inequitable conduct, and this case should end. Thus, this is highly relevant discovery.[3]

The subpoena to USC relates to Defendants' claim that the '432 patent is invalid because it does not name all inventors. Shortly before the first round of Ricoh 30(b)(6) depositions the week of April 17, 2006, Defendants contacted a third party (who incidentally, Ricoh had previously contacted, but had not disclosed) because he has been identified in various KBSC documents. After discussions with this third party, Dr. Simon Foo, now a tenured Electrical Engineering professor in Florida but

---

[2] Zhone now owns Paradyne.

[3] After learning of this Paradyne/Zhone issue, Defendants immediately subpoenaed other US corporations that might have had contact with Dr. Kobayashi and ICC, including SRC. The other companies have already responded; SRC has produced some documents, and has been deposed, but has indicated it still has additional documents and needs additional time.

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO COMPLETE DISCOVERY COLLECTION FROM THIRD PARTIES TIMELY SERVED BEFORE DISCOVERY CUTOFF DATE

-3-

previously one of Dr. Kobayashi's graduate students at USC, it was discovered that Dr. Foo had substantial documents, including source code written in 1985 and 1986, that evidence, in the Defendants view, the conception of the ideas that Dr. Kobayashi ultimately patented. At a minimum, this evidence likely will establish inequitable conduct as well as misjoinder of inventors.[4] Because of the misjoinder of inventors and Dr. Kobayashi's other recently discovered likely inequitable conduct, Defendants served a subpoena on USC directed at the work of Dr. Kobayashi's graduate students as well as intellectual property policies regarding ownership of work done by graduate students and/or professors at the university. The Defendants have agreed to limit the scope of the subpoena. De Mory Decl., Exh. 17. USC has agreed to provide these documents and Defendants are receiving them in installments, but production is not yet complete.

The subpoenas to ACM and Reed were necessitated by Dr. Kobayashi's testimony at deposition. The subpoenas relate to whether Dr. Kobayashi attended the Design Automation Conference, the International Conference on Computer Aided Design, or the Advanced Manufacturing Exposition and Conference, at which it is believed, Dr. Kobayashi may have publicly presented or demonstrated the KBSC system. De Mory Decl., Exh. 18. Dr. Kobayashi testified at deposition that he had no recollection of whether or not he attended the conferences, or in the case of Reed, what he presented at the conference. Because prior art systems were presented at these conferences, including potentially, the KBSC system, this information is also highly relevant. ACM has agreed to provide documents but needs more time to comply. Defendants have not yet received any response from Reed.

Finally, it is notable that although Defendants' inequitable conduct and invalidity expert reports are due on June 19, Ricoh's response will not be due until July 19.

## III.    ARGUMENT

"It is not uncommon for a district court to admit evidence – even after the discovery deadline – obtained through properly- and timely-served discovery requests." *Wiwa v. Royal Dutch Petroleum*

---

[4] Ironically, Defendants have agreed to allow Ricoh to depose Dr. Foo tomorrow, after the close of discovery. Mr. Ozeki another Dr. Kobayashi graduate student, is being deposed because the date proposed within the discovery period was inconvenient to Ricoh's counsel. Thus, Ricoh has hardly been consistent on this issue, and Defendants have already been accommodating. De Mory Decl., Exh. 16.

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO COMPLETE DISCOVERY COLLECTION FROM THIRD PARTIES TIMELY SERVED BEFORE DISCOVERY CUTOFF DATE

-4-

1  *Co.*, 392 F.3d 812, 822 (5th Cir. 2004).  This Court has discretion to grant leave to complete discovery
2  after the discovery cutoff date upon a showing of "good cause" for allowing further discovery.  FED. R.
3  CIV. P. 16(b).  In *Sterling Bank v. Sterling Bank & Trust*, the court stated that "the Ninth Circuit favors
4  resolution of cases on their merits" and found good cause to allow the defendant to obtain depositions
5  after the discovery cutoff date because the defendant "properly served its Rule 30(b)(6) deposition
6  notice prior to the discovery cutoff date."  1996 U.S. Dist. LEXIS 22215, *30 (C.D. Cal. 1996).  The
7  court also found no prejudice to the plaintiff because the depositions "would require only three
8  individuals to provide testimony" and "the deposition would likely be concluded in less than one day."
9  *Id.* at *30-31.  Additionally, good cause has been found in cases where an opposing party's "lack of
10 cooperation have impeded the [party's] ability to conduct discovery."  *United States v. Thompson*,
11 2005 U.S. Dist. LEXIS 8397, *4 (E.D. Cal. 2005).

12  As described above, the discovery sought is highly relevant to issues in this case.  Defendants
13 learned of the need for documents and deposition testimony after recent circumstances arose,
14 particularly the depositions of Dr. Kobayashi and Mr. Takada, which were delayed by Ricoh's heavy
15 resistance to produce the witnesses.  (*See* March 30, 2006 Order Re Discovery Disputes as to
16 Depositions in Japan.)  Defendants immediately served subpoenas after these depositions, and all
17 subpoenas were served at least two weeks before the discovery cutoff date.

18  Additionally, like the plaintiff in *Sterling*, Ricoh will not suffer harm or prejudice from
19 allowing these third parties adequate time to comply with the subpoenas.  Five months remain before
20 trial begins.  The previously-noticed depositions of the third parties cover discrete topics and can be
21 scheduled early enough to provide Ricoh time to develop any argument against information obtained
22 from them.  In fact, just last week Ricoh served a subpoena to Johns Hopkins University, scheduling
23 the return date for documents on June 2, 2006, three days *past* the discovery cutoff.[5]  Certainly, justice
24 will be best served by allowing all relevant information already subpoenaed to be collected and relied
25 upon by Defendants.

---

[5] Ricoh has argued in correspondence with Defendants that this Court has extended all of Ricoh's discovery deadlines to June 9.  However, under the May 8 Order, this Court has only extended the discovery deadlines for discovery on those products ordered to be disclosed by the May 8 Order.

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO COMPLETE  DISCOVERY COLLECTION FROM THIRD PARTIES TIMELY SERVED BEFORE DISCOVERY CUTOFF DATE

-5-

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for leave to obtain additional discovery.

Dated: May 30, 2006                    Respectfully submitted,

HOWREY LLP


By:    /s/*Denise M. De Mory*
         Denise M. De Mory
         Attorneys for Defendants
         AEROFLEX INCORPORATED, AMI
         SEMICONDUCTOR, INC., MATROX
         ELECTRONIC SYSTEMS, LTD.,
         MATROX GRAPHICS INC., MATROX
         INTERNATIONAL CORP., MATROX
         TECH, INC., and AEROFLEX
         COLORADO SPRINGS, INC.

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO COMPLETE DISCOVERY COLLECTION FROM THIRD PARTIES TIMELY SERVED BEFORE DISCOVERY CUTOFF DATE

-6-

**[PROPOSED] ORDER**

After having given due consideration to Synopsys and Customer Defendants' Rule 6-3 Motion for Additional Time to Complete Already Outstanding and Timely Served Limited Third Party Discovery,

IT IS HEREBY ORDERED that:

Synopsys and Customer Defendants are granted leave to obtain documents and deposition testimony for subpoenas served on or before May 17, 2006 on Association for Computing Machinery, Inc., Reed Exhibitions, Semiconductor Research Corp., University of South Carolina, Zhone Technologies, Inc., Texas Instruments, Inc., and Motorola, Inc.

IT IS SO ORDERED.

DATED:

EDWARD M. CHEN
United States District Judge

HOWREY LLP

Case Nos. C03-04669 MJJ (ECM)/C03-02289 MJJ (EMC)
DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO COMPLETE DISCOVERY COLLECTION FROM THIRD PARTIES TIMELY SERVED BEFORE DISCOVERY CUTOFF DATE

-7-