1 | Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
2 | Jaclyn C. Fink (SBN 217913)
HOWREY LLP
3 | 525 Market Street, Suite 3600
San Francisco, California 94105
4 | Telephone: (415) 848-4900
Facsimile: (415) 848-4999

5

Attorneys for Defendants
6 | AEROFLEX, INC., AMI
SEMICONDUCTOR, INC., MATROX
7 | ELECTRONIC SYSTEMS LTD.,
MATROX GRAPHICS INC., MATROX
8 | INTERNATIONAL CORP., MATROX
TECH, INC., and AEROFLEX COLORADO
9 | SPRINGS, INC.

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12 SAN FRANCISCO DIVISION

| | |
|---|---|
| 13  RICOH COMPANY, LTD., | Case No. C03-04669 MJJ (EMC) |
| 14         Plaintiff, | Case No. C03-02289 MJJ (EMC) |
| 15    vs. | **DECLARATION OF DENISE M. DE MORY ISO OF DEFENDANTS' MOTION TO EXTEND TIME TO COMPLETE DISCOVERY COLLECTION FROM THIRD PARTIES TIMELY SERVED BEFORE DISCOVERY CUTOFF DATE** |
| 16  AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX | |
| 17  ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX | |
| 18  INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO | |
| 19  SPRINGS, INC. | |
| 20         Defendants. | |
| 21  SYNOPSYS, INC., | |
| 22         Plaintiff, | |
| 23    vs. | |
| 24  RICOH COMPANY, LTD., | |
| 25         Defendant. | |

26

27

28

**HOWREY LLP**

Case No. C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' MOTION TO EXTEND TIME TO
COMPLETE DISCOVERY COLLECTION FROM THRID PARTIES
DM_US\8350707.v2

1    I, Denise M. De Mory, declare as follows:

2    1.    I am a partner at the law firm of Howrey LLP, counsel for Aeroflex Incorporated,

3    Aeroflex Colorado Springs, AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox

4    Graphics Inc., Matrox International Corp., and Matrox Tech, Inc. (collectively, the "Customer

5    Defendants") and Synopsys, Inc. ("Synopsys") in this action.  The following declaration is based on

6    my personal knowledge.  If called upon to testify, I could and would competently testify to the matters

7    set forth below.

8    2.    Attached hereto as Exhibit 1 is a subpoena issued in this case to Association for

9    Computer Machinery, Inc. ("ACM") on May 16, 2006 for documents.

10    3.    Attached hereto as Exhibit 2 is a subpoena issued in this case to Reed Exhibitions

11    ("Reed") on May 16, 2006 for documents.

12    4.    Attached hereto as Exhibit 3 is a subpoena issued in this case to Semiconductor

13    Research Corp. ("SRC") on May 15, 2006 for documents and deposition.

14    5.    Attached hereto as Exhibit 4 is a subpoena issued in this case to University of South

15    Carolina ("USC") on May 16, 2006 for documents.

16    6.    Attached hereto as Exhibit 5 is a subpoena issued in this case to Zhone Technologies

17    ("Zhone") on May 16, 2006 for documents and deposition.

18    7.    Attached hereto as Exhibit 6 is a subpoena issued in this case to Texas Instruments, Inc.

19    ("TI") on May 2, 2006 for documents.

20    8.    Attached hereto as Exhibit 7 is a subpoena issued in this case to Texas Instruments, Inc.

21    ("TI") on May 15, 2006 for deposition.

22    9.    Attached hereto as Exhibit 8 is a subpoena issued in this case to Motorola, Inc.

23    ("Motorola") on May 2, 2006 for documents.

24    10.    Attached hereto as Exhibit 9 is a subpoena issued in this case to Motorola, Inc.

25    ("Motorola") on May 15, 2006 for deposition.

26    11.    Attached hereto as Exhibit 10 is a letter from W. Clark McFadden II to Ethan B.

27    Andelman dated May 24, 2006.

28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' *EX PARTE* MOTION FOR LEAVE TO
COMPLETE DISCOVERY COLLECTION FROM THRID PARTIES
DM_US\8350707.v2

1    12.    Attached hereto as Exhibit 11 is a letter from Jeffrey J. Lederman to Ethan B.

2    Andelman, dated May 19, 2006.  The other third parties at issue in this motion have also requested

3    additional time to comply.

4    13.    In March of 2006, Defendants served a comprehensive set of damages discovery

5    document requests on Ricoh.    Attached hereto as Exhibit 12 is Defendants'/Counterclaimants' Third

6    Set of Requests for Production of Documents to Plaintiff Ricoh Company, Ltd. (Nos. 47-79), served on

7    March 2, 2006.  Ricoh served boilerplate objections, and refused to produce highly relevant

8    documents. In particular, Ricoh indicated that it would only produce (and had already produced) final

9    license agreements relating to the '432 patent, and would not produce drafts of correspondence.   Meet

10   and confer about Defendants' requests (as well as prior requests) was on-going when the deposition of

11   Takahei Takada took place on April 17 and 18 in Japan.  During that deposition, Mr. Takada indicated

12   that he was not sure if Ricoh had any drafts or correspondence related to the TI agreements, and in

13   fact, indicated that he did not believe any drafts were ever created because much of the negotiation was

14   done orally.  Defendants found this testimony to be somewhat incredulous, and followed up with

15   Ricoh and served document subpoenas on TI and Motorola, another licensee.  .

16   14.    Attached hereto as Exhibit 13 is a letter from Brian A. E. Smith to Kenneth W.

17   Brothers, dated April 20, 2006.

18   15.    Ricoh's counsel responded that they "were unaware of any such documents in

19   existence." Attached hereto as Exhibit 14 is a letter from Kenneth W. Brothers to Denise M. De Mory,

20   dated May 5, 2006.  TI, however, has produced over 500 pages of documents, and Motorola indicates

21   that it also has responsive documents

22   16.    Attached hereto as Exhibit 15 is the press release from Paradyne Corp., dated July 21,

23   1986.

24   17.    Attached hereto as Exhibit 16 is an e-mail string with Kenneth W. Brothers and Denise

25   M. De Mory regarding the outstanding subpoenas for documents and deposition testimony.

26

27

28

**HOWREY LLP**

Case No.  C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' *EX PARTE* MOTION FOR LEAVE TO
COMPLETE DISCOVERY COLLECTION FROM THRID PARTIES
DM_US\8350707.v2

1    18.    Attached hereto as Exhibit 17 is a true and correct copy of a letter from Jaclyn Fink to

2  George Lampl limiting the USC subpoena.

3    19.    Attached hereto as Exhibit 18 is a true and correct copy of Exhibit 14 to the deposition

4  of Dr. Kobayashi.

5    19.    As evidenced by Exhibit 16, counsel for Defendants has requested counsel for Ricoh to

6  stipulate to an extension of time to collect discovery from third parties, however counsel for Ricoh has

7  refused to stipulate.

8    20.    Counsel requests leave to obtain additional discovery of documents and deposition

9  testimony for Association for Computing Machinery, Inc., Reed Exhibitions, Semiconductor Research

10  Corp., University of South Carolina, Zhone Technologies, Inc., Texas Instruments, Inc., and Motorola,

11  Inc.

12    21.    Counsel served Association for Computing Machinery, Inc., Reed Exhibitions,

13  Semiconductor Research Corp., University of South Carolina, Zhone Technologies, Inc., Texas

14  Instruments, Inc., and Motorola, Inc. with subpoenas for documents and depositions no later than May

15  16, 2006 and with return dates prior to the May 30, 2006 fact discovery cutoff date.

16    22.    Defendants will be prejudiced in their claims of invalidity and inequitable conduct, and

17  prejudiced in the issue of damages if Defendants are not allowed additional time to obtain discovery

18  responses from the third parties listed above.

19    23.    Discovery deadlines in this case were extended once per the parties' stipulation and the

20  Court's November 22, 2005 order thereon.  Pursuant to the November 22 order, the cutoff for fact

21  discovery was extended from January 27, 2006 to May 30, 2006.  This Court also extended Ricoh's

22  30(b)(6) deposition deadlines for discovery on those new products ordered to be disclosed by the May

23  8, 2006 Order.  No other modifications to the discovery schedule have occurred.

24    24.    The extension of time for Defendants to collect discovery from the third parties listed

25  above will not affect any other deadlines in this case, or otherwise alter the case schedule.

26    Executed this 30th day of May, 2006, at San Francisco, California.

27

28                    /s/*Denise M. De Mory*
                            Denise M. De Mory

**HOWREY LLP**

Case No.  C03-4669 MJJ (EMC)
DECL OF DE MORY ISO DEFTS' *EX PARTE* MOTION FOR LEAVE TO
COMPLETE DISCOVERY COLLECTION FROM THRID PARTIES
DM_US\8350707.v2

-3-

# EXHIBIT 1

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN  DISTRICT OF  NEW YORK

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

## SUBPOENA IN A CIVIL CASE

Case Number:[1] C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO:    Custodian of Records, Association for Computing  Machinery, Inc.
1515 Broadway, New York, NY  10036-5701

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE  Keating & Walker, #1 Beekman Street<br>New York, NY  10038 Telephone:  (212) 964-6444 | DATE AND TIME<br>May 26, 2006 5:00 p.m. PDT |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff  *Ethan B. Andelman* | DATE<br>May 16, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ethan B. Andelman, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

# ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B. Included in the Protective Order are provisions for the protection of confidential information produced by a third party. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

# DEFINITIONS

1.      The terms "you," "your," and "ACM" mean Association for Computing Machinery, Inc., all of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with ACM and others acting on behalf of ACM.

2.      The term "DAC" means the annual Design Automation Conference sponsored by IEEE in conjunction with The Institute of Electrical and Electronics Engineers, Inc, and others.

3.      The term "ICCAD" means the annual International Conference on Computer-Aided Design sponsored by IEEE in conjunction with The Institute of Electrical and Electronics Engineers, Inc, and others.

4.      As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail,

materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

5.     As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

6.     As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

7.     The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.     Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.     If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

    a.     The type of document;

    b.     The approximate date, and manner of recording, creating or otherwise preparing the document;

    c.     The subject matter of the document;

      d.     The name and organizational position of the person(s) who produced the document,

      e.     The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

      f.     The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.     If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.     Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.     Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7.     If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.     If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9.    Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

1.      Documents sufficient to demonstrate the attendance of Dr. Hideaki Kobayashi (formerly of International Chip Corporation and University of South Carolina) at each annual DAC and ICCAD conference from 1984-1990.

2.      For each year Dr. Hideaki Kobayashi (formerly of International Chip Corporation and University of South Carolina) attended the annual DAC and/or ICCAD conference from 1984-1990 (based upon the documents produced in response to No. 1 above), all presentations, proceedings, agendas, schedules, and other material that was made available at the annual DAC and/or ICCAD conference regarding computer-aided design of integrated circuits.

# EXHIBIT 2

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF   CONNECTICUT

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C03-2289 MJJ (EMC)
Matter Pending in the U.S. District
Court, Northern Dist. of California

TO: Reed Exhibitions
383 Main Avenue
Norwalk, CT 06851

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT "A" HERETO.

| PLACE   All-State Legal Services 32 Eagle Rock Hill, Bethel, CT 06801, Telephone:  (203) 790-7771 | DATE AND TIME May 26, 2006, 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff Synopsys, Inc. | DATE May 16, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jaclyn C. Fink
HOWREY, LLP, 525 Market Street, Suite 3600, San Francisco, California, 94105
Telephone:  (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| **SERVED:** | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B. Included in the Protective Order are provisions for the protection of confidential information produced by a third party. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

## DEFINITIONS

1.     The terms "you," "your," and "Reed" mean Reed Exhibitions, all of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Reed and others acting on behalf of Reed.

2.     The term "AM86" means the 1986 Advanced Manufacturing Exposition and Conference, held in Greenville, South Carolina.

3.     As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

4.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

6.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.    Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.    If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

      a.    The type of document;

      b.    The approximate date, and manner of recording, creating or otherwise preparing the document;

      c.    The subject matter of the document;

      d.    The name and organizational position of the person(s) who produced the document,

e.  The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

f.  The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.  If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.  Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.  Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7.  If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.  If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9.  Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

1.      All presentations, demonstrations, proceedings, agendas, schedules, and other material that was made available at or regarding any AM86 proceedings.

2.      All photographs, videotapes, audiotapes, or other recordings of any AM86 proceedings.

3.      Documents sufficient to show the attendees of AM86.

4.      Documents sufficient to show the presenters and speakers at AM86.

5.      All documents relating to any presentations or demonstrations made by Knowledge Based Silicon Corporation, International Chip Corporation, or Dr. Hideaki Kobayashi at AM86, including but not limited to the article attached hereto as Attachment C.

6.      All documents relating to any presentations or demonstrations made relating to the Knowledge Based Silicon Compiler (KBSC) software at AM86.

# EXHIBIT 3

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE  DISTRICT OF  NORTH CAROLINA

SYNOPSYS, INC.

<table>
<tr><td>V.<br><br>RICOH COMPANY, LTD.</td><td>**SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] C03-02289 MJJ (EMC)<br>(Pending in the US District Court for<br>the Northern District of California)</td></tr>
</table>

TO:   Semiconductor Research Corp.
      c/o George M. Scalise
      181 Metro Drive, Ste. 450
      San Jose, CA  95110

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Office Suites Plus, 3737 Glenwood Avenue, Raleigh, NC<br>   Telephone:  (919) 785-3100        (SEE ATTACHMENT A FOR DEPO. TOPICS) | DATE AND TIME<br>May 30, 2006 at 9:00 a.m. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE   Allied Legal Services, #5 Meadhall Court, Durham, NC  27712<br>   Telephone:  877-886-8807 | DATE AND TIME<br>May 26, 2006 5:00 p.m. PDT |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff   *Ethan D. Andelman/pc* | DATE<br>May 16, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ethan B. Andelman, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.<br>www.USCourtForms.com

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED:

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B. Included in the Protective Order are provisions for the protection of confidential information produced by a third party. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

## DEFINITIONS

1.      The terms "you," "your," "SRC" mean Semiconductor Research Corp., specifically its predecessor corporation, as well as, without limitation, all of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with SRC and others acting on behalf of SRC.

2.      The term "Ricoh" means Ricoh Company, Ltd., including without limitation, all of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Ricoh and others acting on behalf of Ricoh.

3.      As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail,

materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

4.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

6.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.    Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.    If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

a.    The type of document;

b.    The approximate date, and manner of recording, creating or otherwise preparing the document;

c.    The subject matter of the document;

d.      The name and organizational position of the person(s) who produced the document,

e.      The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

f.      The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.      If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.      Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.      Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7.      If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.      If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9.    Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

Request No.1:

All documents regarding, relating or referring to meetings between representatives of International Chip Corp. (including, but not limited to Hideaki Kobayashi) and SRC, including but not limited to a meeting in or around January 1985.

Request No. 2:

All communications between SRC and Ricoh.

## DEPOSITION TOPICS

1. The substance of meetings between representatives of International Chip Corp. (including, but not limited to Hideaki Kobayashi) and SRC, including but not limited to a meeting in or around January 1985.

2. Communications between SRC and Ricoh.

# EXHIBIT 4

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  SOUTH CAROLINA - COLUMBIA DIVISION

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO: UNIVERSITY OF SOUTH CAROLINA
c/o George Lampl, Esq.
Associate General Counsel
University of South Carolina, Columbia, SC 29208

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE  National Data Access Corp.,<br>2 Office Park Court, Suite 103, Columbia, SC 29223; Telephone:  (800)528-8790 | DATE AND TIME<br>May 26, 2006, at 10:00 a.m. |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>May 16, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jaclyn C. Fink, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, California 94105, Telephone: (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                             SIGNATURE OF SERVER

                                                 _____
                                                 ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

# ATTACHMENT A

## I.    DEFINITIONS

The definitions below are incorporated into each request.

**A.    You/Your.** The terms "you," and "your" mean, without limitation, University of South Carolina, its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf.

**B.    KBSC group at the University of South Carolina.** As used herein, the term "KBSC group at the University of South Carolina" refers to the faculty members, graduate and undergraduate students, consultants and other personnel at the University of South Carolina, including without limitation the Department of Electrical and Computer Engineering and the Center for Machine Intelligence at the University, who were involved in the research and development of knowledge-based silicon compilers from 1983 to 1992 inclusive, but may continue after that time frame.  On information and belief, members of this group likely included at least the following persons: Hideaki Kobayashi, James Davis, Yoshiyasu Takefuji, Stuart Anderson, Tooru Ozeki, Yoon-Pin Simon Foo, Charles Drozd, Terry Smith, Richard Ulmer, Pankaj Kukkal, Meng-Hiot Lim, David Dunn, Thomas Hersh, Frans Brinkman, Ricky Darwin, Robert D. Ferrell, Judy Bygate, and Jaymin Yon.

**C.    Document.** As used herein, the term "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  The term "document" shall include, without limitation, printed matter, whether printed or reproduced by any process, or written or produced by hand, electronic

DM_US\8343525.v2

mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery.

**D.**     **Person.**  The term "person" is defined as any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

**E.**     **Communication.**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**F.**     **KBSC System.**  The term "KBSC System" means all computer software comprising or relating to a KBSC (knowledge-based silicon compiler) system offered by International Chip Corporation, Ricoh Company, Ltd., or Knowledge Based Silicon Corporation, and any predecessor system, including executable and source codes, database files, and related files to install, compile and use the KBSC software.  Such files, folders or directories may be named KBSC, BLATH, EDSIM, PSCS, CONGEN, NEPTUNE, SATURN, files of the type .aaf or .sdf, a rule base and a cell database.

**G.**     **International Chip Corporation.**  The term "International Chip Corporation," as well as its abbreviated name (e.g., "ICC") or a pronoun referring to the foregoing means the corporation once located in Columbia, South Carolina, and, where applicable, its officers, directors, employees, agents, independent contractors, partners, corporate parent, subsidiaries, or affiliates.

**H.**     **Knowledge Based Silicon Corporation.**  The "Knowledge Based Silicon Corporation," as well as its abbreviated name (e.g., "KBSC") or a pronoun referring to the foregoing means the corporation located in Columbia, South Carolina, and, where applicable, its officers, directors, employees, agents, independent contractors, partners, corporate parent, subsidiaries, or affiliates.

**I.**     **Ricoh Company, Ltd.**  The term "Ricoh Company, Ltd., as well as its abbreviated name (e.g., "Ricoh") or a pronoun referring to the foregoing means the corporation

located at 3-6 1-chome, Nakamagome, Tokyo, Japan, and, where applicable, its officers, directors, employees, agents, independent contractors, partners, corporate parent, subsidiaries, or affiliates.

J.    **'432 Patent.**  As used herein, the "'432 patent" refers to United States Letters Patent Number 4,922,432 (a copy of which is attached as Exhibit C).

K.    The terms "regarding," "relating to," and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

L.    Whenever the singular is used, it shall also be taken to include the plural, and vice versa.  Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

## II.    **INSTRUCTIONS**

The following instructions apply to each of the requests for documents set forth herein:

1.  Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.  You may designate any documents and things for protection from unauthorized disclosure or use pursuant to the Protective Order governing this case (attached as Exhibit B).

2.  If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

    a.  The type of document;

    b.  The approximate date, and manner of recording, creating or otherwise preparing the document;

    c.  The subject matter of the document;

    d.  The name and organizational position of the person(s) who produced the document,

    e.  The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

    f.  The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

3.  If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

4.  Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

5.  Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

6.  If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

7.  If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

8.  Please produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

9.  These requests are continuing and impose on the University of South Carolina the obligations set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

## III.    DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things concerning the employment or tenure at the University of South Carolina of any faculty member who was a member of the KBSC group at the University of South Carolina or who otherwise contributed to development of the KBSC System, including but not limited to the dates of his or her employment or tenure; a description of the classes he or she taught; a list of the research centers and projects he or she directed; the names of the graduate students he or she supervised; any written work he or she produced during his or her employment or tenure; and any non-confidential employment agreements or contracts.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things concerning the enrollment at the University of South Carolina of any graduate or undergraduate student who was a member of the KBSC group at the University of South Carolina or who otherwise contributed to development of the KBSC System, including but not limited to the dates of his or her enrollment; a description of the classes he or she took; a description of the research projects in which he or she participated; his or her M.S. thesis and/or Ph.D. dissertation, if applicable; any other written work he or she produced during his or her enrollment; the names of the faculty members with whom he or she worked; and any non-confidential student records.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things concerning the employment or consultancy at the University of South Carolina of any person (other than a faculty member or a student) who was a member of the KBSC group at the University of South Carolina or who otherwise contributed to development of the KBSC System, including but not limited to the dates of his or her employment or consultancy; a description of the research projects in which he or she participated; the names of the faculty members with whom he or she worked; and any non-confidential employment records.

DM_US\8143535 v.2

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things relating to the University of South Carolina's policies and procedures concerning ownership and transfer of intellectual property rights as between the University of South Carolina and any of its faculty members, graduate or undergraduate students, employees or consultants between 1983 and 1990 inclusive.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things relating to the University of South Carolina's policies and procedures concerning the patenting or licensing of inventions and discoveries developed by its faculty members or graduate or undergraduate students between 1983 and 1990 inclusive.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things concerning agreements relating to ownership of intellectual property rights as between the University of South Carolina and any faculty member or other employee within its Department of Electrical and Computer Engineering between 1983 and 1990 inclusive.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things concerning agreements relating to ownership of intellectual property rights as between the University of South Carolina and any graduate or undergraduate student enrolled in the Department of Electrical and Computer Engineering between 1983 and 1990 inclusive.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things relating to communications between (1) any of the following persons: (a) any officer, employee, agent or representative of the University of South Carolina, (b) any person who was a member of the KBSC group at the University of South Carolina, or (c) any other person who contributed to development of the KBSC System; and (2) any of the following persons: (a) any officer, employee, agent or representative of the International Chip Corporation; (b) any officer, employee, agent or representative of Ricoh Company, Ltd., or (c) any officer, employee, agent or representative of Knowledge Based Silicon Corporation.

-6-

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things relating to communications concerning the KBSC System between or among any persons falling into one or more of the following categories: (1) any officer, employee, agent or representative of the University of South Carolina, (2) any person who was a member of the KBSC group at the University of South Carolina, and (3) any other person that contributed to development of the KBSC System.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things in your possession, custody or control concerning communications relating to the '432 patent (attached as Attachment C).

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things relating to a course offered by or through the Department of Electrical and Computer Engineering in the Spring 1986 semester and bearing course number ECE890B, including a list of the graduate and undergraduate students who were enrolled in that course and any written work that they submitted or produced in connection with their enrollment in that course.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things relating to any research grant, funding or stipend provided by the International Chip Corporation to (a) the University of South Carolina, or (b) any academic department (e.g., the Department of Electrical and Computer Engineering) or faculty member within the University of South Carolina, or (c) any research center (e.g., Center for Machine Intelligence) or project sponsored by the University of South Carolina.

1

### PROOF OF SERVICE

2

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 525 Market Street, Suite 3600, San Francisco,

3

California  94105.

4

On _May 16, 2006 I served on the interested parties in said action the within:

5

**SUBPOENA FOR PRODUCTION AND INSPECTION OF DOCUMENTS**

6

by causing said document to be sent by Electronic Mail on May 16, 2006 to the email addresses indicated for the parties listed below:

7

8

UNIVERSITY OF SOUTH CAROLINA
c/o George Lampl, Esq.
Associate General Counsel

9

University of South Carolina
Columbia, SC 29208

10

11

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

12

Executed on May 16, 2006, at San Francisco, California.

13

14

| Peter L. Kasenenko | |
|---|---|
| (Type or print name) | (Signature) |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DM_US\8241116 v.1

# EXHIBIT 5

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO:   Zhone Technologies, Inc.
      c/o Morteza Ejabat
      7001 Oakport Street
      Oakland, CA 94621

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION   Howrey LLP, 525 Market Street, Ste. 3600, San Francisco, CA 94105<br>SEE TOPICS ON ATTACHMENT A | DATE AND TIME<br>May 29, 2006 at 9:00 a.m. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE   Howrey LLP, 525 Market Street, Ste. 3600<br>San Francisco, CA 94105 | DATE AND TIME<br>May 26, 2006 5:00 p.m. PDT |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>May 15, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ethan B. Andelman, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone: (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

# ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached

hereto, you are to produce all documents and things within the scope of the following definitions

and descriptions that are within your possession, custody, or control.  A Protective Order has

been entered in this case by the United States District Court for the Northern District of

California and is attached as Attachment B.  Included in the Protective Order are provisions for

the protection of confidential information produced by a third party.  With respect to documents

and things withheld under a claim of privilege, you are required under Rule 45 to describe the

nature of the documents and things withheld in a manner sufficient to enable the demanding

party to contest the claims.

# DEFINITIONS

1.      The terms "you," "your," "Zhone" and "Paradyne" mean Zhone Technologies,

Inc., specifically its predecessor corporation, Paradyne Corp., and its subsidary, Paradyne Japan

Corp., as well as, without limitation, all of its subsidiaries, parents, departments and affiliates,

and all past or present directors, officers, agents, representatives, employees, consultants,

attorneys, entities acting in joint-venture or partnership relationships with Zhone and/or Paradyne

and others acting on behalf of Paradyne.

2.      The term "Ricoh" means Ricoh Company, Ltd., including without limitation, all

of its subsidiaries, parents, departments and affiliates, and all past or present directors, officers,

agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or

partnership relationships with Zhone and/or Paradyne and others acting on behalf of Paradyne.

3.      As used herein, the word "document" means the original and each nonidentical

copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other

matter, in whatever form, whether in final or draft, including but not limited to all materials that

constitute "writings," "recordings," "photographs," "source code" or "executable code" within

the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that

constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil

Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

4.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

6.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.    Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.    If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

    a.    The type of document;

    b.    The approximate date, and manner of recording, creating or otherwise preparing the document;

    c.    The subject matter of the document;

d.  The name and organizational position of the person(s) who produced the document,

e.  The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

f.  The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.  If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.  Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.  Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7.  If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.  If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9.    Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

Request No.1:

All versions and drafts of the press release attached hereto as Attachment C.

Request No. 2:

All documents regarding the business relationship between Paradyne and International Chip Corp. described in the press release attached hereto as Attachment C.

Request No. 3:

All documents regarding the Knowledge-Based Silicon Compiler (KBSC) described in the press release attached hereto as Attachment C, including but not limited to source code and user manuals.

Request No. 4:

All documents regarding the sale of KBSC by Paradyne, as described in the press release attached hereto as Exhibit A, including but not limited to sales records, customer files, and marketing materials.

Request No. 5:

All documents regarding, relating or referring to meetings between representatives of International Chip Corp. (including, but not limited to Hideaki Kobayashi) and Paradyne, including but not limited to a meeting in or around November 1985.

Request No. 6:

Paradyne organizational charts from 1985-1987.

Request No. 7:

Documents sufficient to identify employees of Paradyne responsible for the sale of KBSC, as described in the press release attached hereto as Attachment C.

Request No. 8:

All documents regarding, relating or referring to communications between Paradyne and Ricoh.

## DEPOSITION TOPICS

1. The creation of the press release attached hereto as Attachment C.

2. The business relationship between Paradyne and International Chip Corp. described in the press release attached hereto as Attachment C.

3. The sale, marketing, and use by Paradyne of the Knowledge-Based Silicon Compiler (KBSC) described in the press release attached hereto as Attachment C.

4. The identity of all sales by Paradyne of the KBSC, as described in the press release attached hereto as Attachment C, including but not limited to dates of sale and the identity of customers.

5. The substance of meetings between representatives of International Chip Corp. (including, but not limited to Hideaki Kobayashi) and Paradyne, including but not limited to a meeting in or around November 1985.

6. The identities of Paradyne personnel responsible for the sale of KBSC, as described in the press release attached hereto as Attachment C.

7. Communications between Paradyne and Ricoh.

EXHIBIT 6

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO:   Texas Instruments
c/o CT Corporation System
818 West 7th Street, Los Angeles CA 90017

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A

| PLACE   Howrey LLP | DATE AND TIME |
|---|---|
| 525 Market Street, Suite 3600, San Francisco CA 94105 | May 16, 2006 |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | May 1, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian A.E. Smith, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone: (415) 848-4900

*Brian A. E. Smith*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                          DATE                                    SIGNATURE OF SERVER

                                                                  _____
                                                                  ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control.  A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B.  Included in the Protective Order are provisions for the protection of confidential information produced by a third party.  With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

## DEFINITIONS

1.    The terms "you," "your," and "TI" mean Texas Instruments Incorporated, including without limitation all of its subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Texas Instruments Incorporated and others acting on behalf of Texas Instruments Incorporated.

2.    "Ricoh" means Ricoh Company, Ltd.

3.    The "License Agreement" referred to is Attachment C.

4.    As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

5.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

6.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

7.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.    Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.    If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

    a.    The type of document;

    b.    The approximate date, and manner of recording, creating or otherwise preparing the document;

    c.    The subject matter of the document;

    d.    The name and organizational position of the person(s) who produced the document,

  e. The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

  f. The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4. If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5. Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6. Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7. If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8. If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9. Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

Request No. 1:

All documents including all correspondence exchanged between TI and Ricoh that relate to the License Agreement or that relate to any negotiations concerning the License Agreement.

Request No. 2:

All drafts of the License Agreement that were exchanged with Ricoh.

Request No. 3:

All documents exchanged with Ricoh concerning either TI's or Ricoh's valuation of any of the patents identified in the License Agreement.

# EXHIBIT 7

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO:   Texas Instruments Incorporated
c/o CT Corporation System
818 West 7th Street, Los Angeles CA 90017

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION   (See Attachment A)<br>Howrey LLP, 525 Market Street, Suite 3600, San Francisco, California 94105 | DATE AND TIME<br>May 23, 2006, 9:30 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff   *Brian A.E. Smith* | DATE<br>May 12, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian A.E. Smith, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

## DEFINITIONS

1.      The terms "you," "your," and "Texas Instruments" mean Texas Instruments Incorporated, including without limitation all of its subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Texas Instruments Incorporated and others acting on behalf of Texas Instruments Incorporated.

2.      "Ricoh" means Ricoh Company, Ltd.

3.      The "License Agreement" referred to is Attachment B.

4.      The terms "relating to" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

5.      "The '432 patent" means United States Patent Number 4,922,432.

6.      "Communications" includes, without limitation, communications by whatever means transmitted (i.e. whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

7.      "Agreements" means all verbal and written agreements, including, but not limited to contracts, as well as all exhibits, appendices, or attachments, supplementations, amendments, renewals, extensions, or modifications thereto.

## DEPOSITION TOPICS

Pursuant to Fed. R. Civ. P. 30(b)(6), Texas Instruments shall produce to testify on its behalf one or more officers, directors, managing agents, or other persons, who are most qualified, knowledgeable, and competent to testify as to all matters known or reasonably available to Texas Instruments with respect to the following topics:

1.  Texas Instruments' negotiations and/or communications with Ricoh related to the License Agreement (attached as Attachment B).

2.  Any negotiations and/or communications between Texas Instruments and Ricoh related to the '432 patent.

3.  Any agreements entered into by Texas Instruments and Ricoh relating to the '432 patent.

Dated:  May 12, 2006                    HOWREY LLP


By:  _____Brian A. E. Smith_____
                    Brian A. E. Smith
                    Attorney for Plaintiff
                    SYNOPSYS, INC. and for
                    Defendants AEROFLEX
                    INCORPORATED, AEROFLEX
                    COLORADO SPRINGS, INC., AMI
                    SEMICONDUCTOR, INC.,
                    MATROX ELECTRONIC
                    SYSTEMS, LTD., MATROX
                    GRAPHICS, INC., MATROX
                    INTERNATIONAL CORP., and
                    MATROX TECH, INC.

# EXHIBIT 8

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF  CALIFORNIA

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO:  Motorola, Inc.
c/o CT Corporation System
818 West 7th Street, Los Angeles CA 90017

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE   Howrey LLP | DATE AND TIME |
|---|---|
| 525 Market Street, Suite 3600, San Francisco CA 94105 | May 16, 2006 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | May 1, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian A.E. Smith, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

*Brian A. E. Smith*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45 and as directed in the subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions that are within your possession, custody, or control. A Protective Order has been entered in this case by the United States District Court for the Northern District of California and is attached as Attachment B. Included in the Protective Order are provisions for the protection of confidential information produced by a third party. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things withheld in a manner sufficient to enable the demanding party to contest the claims.

## DEFINITIONS

1.      The terms "you," "your," and "Motorola" mean Motorola Incorporated, including without limitation all of its subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Motorola Incorporated and others acting on behalf of Motorola Incorporated.

2.      "Ricoh" means Ricoh Company, Ltd.

3.      The "License Agreement" referred to is Attachment C.

4.      As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

5.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

6.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

7.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

## INSTRUCTIONS

The following instructions apply to each of the requests for documents set forth herein:

1.    Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.    If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

      a.    The type of document;

      b.    The approximate date, and manner of recording, creating or otherwise preparing the document;

      c.    The subject matter of the document;

      d.    The name and organizational position of the person(s) who produced the document,

    e.    The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

    f.    The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.    If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.    Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.    Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7.    If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.    If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9.    Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## DOCUMENT REQUESTS

Request No. 1:

All documents including all correspondence exchanged between Motorola and Ricoh that relate to the License Agreement or that relate to any negotiations concerning the License Agreement.

Request No. 2:

All drafts of the License Agreement that were exchanged with Ricoh.

Request No. 3:

All documents exchanged with Ricoh concerning either Motorola's or Ricoh's valuation of any of the patents identified in the License Agreement.

# EXHIBIT 9

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.

V.

RICOH COMPANY, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] C03-02289 MJJ (EMC)
(Pending in the US District Court for
the Northern District of California)

TO:   Motorola, Inc.
c/o CT Corporation System
818 West 7th Street, Los Angeles CA 90017

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION   (See Attachment A)<br>Howrey LLP, 525 Market Street, Suite 3600, San Francisco, California 94105 | DATE AND TIME<br>May 24, 2006, 9:30 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>May 12, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian A.E. Smith, HOWREY LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105; Telephone:  (415) 848-4900

*Brian A. E. Smith*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

## DEFINITIONS

1.      The terms "you," "your," and "Motorola" mean Motorola Incorporated, including without limitation all of its subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Motorola Incorporated and others acting on behalf of Motorola Incorporated.

2.      "Ricoh" means Ricoh Company, Ltd.

3.      The "License Agreement" referred to is Attachment B.

4.      The terms "relating to" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

5.      "The '432 patent" means United States Patent Number 4,922,432.

6.      "Communications" includes, without limitation, communications by whatever means transmitted (i.e. whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

7.      "Agreements" means all verbal and written agreements, including, but not limited to contracts, as well as all exhibits, appendices, or attachments, supplementations, amendments, renewals, extensions, or modifications thereto.

## DEPOSITION TOPICS

Pursuant to Fed. R. Civ. P. 30(b)(6), Motorola shall produce to testify on its behalf one or more officers, directors, managing agents, or other persons, who are most qualified, knowledgeable, and competent to testify as to all matters known or reasonably available to Motorola, Inc. with respect to the following topics:

1.   Motorola's negotiations and/or communications with Ricoh related to the License Agreement (attached as Attachment B).

2.  Any negotiations and/or communications between Motorola and Ricoh related
    to the '432 patent.

3.  Any agreements entered into by Motorola and Ricoh relating to the '432 patent.

Dated:  May 12, 2006                          HOWREY LLP


                                    By:  _Brian A. E. Smith_____
                                            Brian A. E. Smith
                                         Attorney for Plaintiff
                                         SYNOPSYS, INC. and for
                                         Defendants AEROFLEX
                                         INCORPORATED, AEROFLEX
                                         COLORADO SPRINGS, INC., AMI
                                         SEMICONDUCTOR, INC.,
                                         MATROX ELECTRONIC
                                         SYSTEMS, LTD., MATROX
                                         GRAPHICS, INC., MATROX
                                         INTERNATIONAL CORP., and
                                         MATROX TECH, INC.

# EXHIBIT 10

# DEWEY BALLANTINE LLP

1775 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-4605
TEL 202 862-1000 FAX 202 862-1093

W. CLARK MCFADDEN II
TEL 202 429-2333
cmcfadden@deweyballantine.com

May 24, 2006

Mr. Ethan B. Andelman
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94105

Dear Mr. Andelman:

On behalf of the Semiconductor Research Corporation, I am responding to you with respect to the subpoena in civil case no. C03-02289 MJJ (EMC), pending in the United State District Court for the Northern District of California.

Based upon a reasonable inquiry, it appears that Dr. Ralph Cavin is the only person employed by the Semiconductor Research Corporation who has any knowledge relating to the substance of the documents requested or the deposition topics identified in the subpoena. SRC is prepared to make Dr. Cavin available to be deposed. However, Dr. Cavin is scheduled to be in Europe for a speaking engagement the week of May 29th and hence in unavailable at the time specified in the subpoena. He would be available, however, on Friday morning, May 26th or the week beginning June 5, 2006 at SRC offices in Research Triangle Park, North Carolina.

SRC has begun a search for the documents requested in the subpoena and believes that some of such documents, which are on microfiche, can be produced by Thursday, May 25, 2006. Any additional documentation, will be subject to a continuing search of both SRC premises and off-site storage. Such a search cannot be reasonable be completed before June 9, 2006.

Please let me know how you would like to proceed under these circumstances so that the court can be informed of the arrangements and SRC's compliance with the subpoena.

If you have any questions or comments, you may contact me directly.

Sincerely,

W. Clark McFadden II

NEW YORK  WASHINGTON, D.C.  LOS ANGELES  EAST PALO ALTO  HOUSTON  AUSTIN
LONDON  WARSAW  BUDAPEST  PRAGUE  FRANKFURT  MILAN  ROME  DC1 217077v1

TOTAL P.02

# DEWEY BALLANTINE LLP

1775 PENNSYLVANIA AVENUE, N.W.

WASHINGTON, D.C. 20006-4605

TEL 202 862-1000   FAX 202 862-1095

| From: | CLARK MCFADDEN | Tel. No. | 202 429 2333 | |
|-------|----------------|----------|--------------|--|
| Date: | | Total pages, including cover sheet: | 2 | |

### *If there is a problem with this transmission, please call 202 862-1060.*

| Name | Company | Fax No. | Tel No. |
|------|---------|---------|---------|
| MR ANDELMAN | HOWREY LLP | 415-848-4999 | 415 848 3221 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Message**:

The information contained in this telecopy message is confidential and is intended only for the exclusive use of the individual or entity named above and may contain information that is attorney work product, privileged, confidential or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error please immediately notify us by telephone (call collect) to arrange for its return. Thank you.

| Fax Operator: | User Number: | 653544 |
|---------------|--------------|--------|
| Transmission time: | Matter: | |



# EXHIBIT 11

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | (415) 591-1000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | FACSIMILE (415) 591-1400<br>www.winston.com | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| | | 1400 L STREET, N.W.<br>WASHINGTON, D.C. 20005-3502 |

JEFFREY J. LEDERMAN
(415) 591-1517
jlederman@winston.com

May 19, 2006

## VIA FACSIMILE (415) 848-4999

Ethan B. Andelman
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

> Re: **Synopsys, Inc.'s subpoenas to Zhone Technologies, Inc. and Paradyne Corp.**

Dear Mr. Andelman:

Winston & Strawn represents Zhone Technologies, Inc. ("Zhone") and Paradyne Corporation ("Paradyne") in connection with the subpoenas that you served on those entities on May 15, 2006, on behalf of Synopsys, Inc. ("Synopsys"). Our clients have received two identical subpoenas: one issued to Zhone from the United States District Courts for the Northern District of California, and one issued to Paradyne from the United States District Court for the Middle District of Florida.

No doubt you are aware that Zhone and Paradyne are related companies. Zhone will respond to the subpoena issued from the Northern District of California on behalf of itself and Paradyne, based on an understanding that you will withdraw the subpoena issued to Paradyne from the Middle District of Florida. Please confirm in writing that Synopsys will do so. Documents and a witness, if any, will be produced in California.

In addition, the subpoena to Zhone requests production of documents on May 26, 2006, and a deponent on May 29, 2006, an unrealistically short period of time. The subpoena requests information about the creation and subject matter of a press release issued twenty years ago in July of 1986. Zhone requests through June 30, 2006, to produce responsive documents, if it is able to locate any, and to produce a witness in late July on a date to be agreed upon. Again, please confirm these extensions in writing immediately.

**WINSTON & STRAWN** LLP

Ethan B. Andelman
May 19, 2006
Page 2

As soon as we have your written confirmation to the foregoing, so that we will not need to seek court orders in California and Florida in that regard, we can turn to the substance of responding to the subpoenas. In the meantime, this letter is provided with all of Zhone's and Paradyne's rights and objections reserved.

Cordially,

Jeffrey J. Lederman

cc:    Client

Kenneth W. Brothers
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street N.W.
Washington, D.C. 20037

SF:131743.2



# FAX

**To:** **Ethan B. Andelman**
Company:  HOWREY LLP
Fax:  14158484999
Phone:  (415) 848-4900

## From:
Fax:
Phone:
E-mail:

**NOTES:**

**Date and time of transmission:** Friday, May 19, 2006 4:12:02 PM
**Number of pages including this cover sheet:** 03

EXHIBIT 12

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Karin Kramer (SBN 87346)
   Jaclyn C. Fink (SBN 217913)
3  HOWREY LLP
   525 Market Street, Suite 3600
4  San Francisco, California 94105
   Telephone: (415) 848-4900
5  Facsimile: (415) 848-4999

6  Attorneys for Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC., AMI
7  SEMICONDUCTOR, INC., MATROX ELECTRONIC
   SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX
8  INTERNATIONAL CORP., and MATROX TECH, INC.

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC.<br><br>Defendants. | Case No. C03-04669 MJJ (EMC)<br><br>Case No. C03-02289 MJJ (EMC)<br><br>**DEFENDANTS'/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RICOH COMPANY LTD.** (Nos. 47 – 79) |
| SYNOPSYS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br><br>Defendant. | |

26

PROPOUNDING PARTY:    **DEFENDANTS AEROFLEX INCORPORATED, AMI
27                     SEMICONDUCTOR, INC., MATROX ELECTRONIC
                       SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX
28                     INTERNATIONAL CORP. and MATROX TECH, INC.**

HOWREY LLP

Case Nos. C-03-2289 (MJJ) and C-03-4669 (MJJ)
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8216823 v1

1  **RESPONDING PARTY:**          **RICOH COMPANY LTD.**

2  **SET NO.:**                   **THREE (3)**

3       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants/

4  counterclaimants AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX

5  ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL

6  CORP. and MATROX TECH, INC. ("Defendants") hereby request that Ricoh Company, Ltd. respond

7  to this request within thirty (30) days from the date of service hereof, through their counsel of record,

8  and produce for inspection and copying the designated documents at the offices of Howrey, LLP, 525

9  Market Street Suite 3600, San Francisco, CA 94105, at the time of response.

10 **I.      DEFINITIONS**

11      The definitions below are incorporated into each interrogatory.

12      A.      The terms "Ricoh," "Plaintiff," "you," and "your" mean, without limitation, Ricoh

13 Company Ltd., its past and present parents, subsidiaries, affiliates, predecessors, unincorporated

14 divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting

15 or purporting to act on its behalf.  This definition includes Ricoh's predecessors in interest in the '432

16 patent, International Chip Corporation and Knowledge Based Silicon Corporation.

17      B.      The term "Aeroflex" refers, without limitation, to Aeroflex Incorporated, all

18 subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys,

19 agents, representatives and all persons acting or purporting to act on its behalf.

20      C.      The terms "AMIS" refers, without limitation, to AMI Semiconductor, Inc., all

21 subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys,

22 agents, representatives and all persons acting or purporting to act on its behalf.

23      D.      The terms "Matrox" refers, without limitation, to Matrox Electronic Systems, Ltd.,

24 Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc., all subsidiaries, affiliates,

25 predecessors, unincorporated divisions and all its officers, employees, attorneys, agents,

26 representatives and all persons acting or purporting to act on its behalf.

27      E.      The term Defendants refers to Aeroflex, AMIS, and Matrox.

28

HOWREY LLP

Case Nos. C-03-2289 (MJJ) and C-03-4669 (MJJ)                    -2-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8316823 v1

1    F.    As used herein, "subsidiary" means a business enterprise, the operations of which are

2  subject to Plaintiff's or Defendants' control through whole or partial stock ownership.

3    G.    As used herein, "affiliate" means a company effectively controlled by another but

4  associated with Plaintiff or Defendants under common control, whether direct or indirect.

5    H.    As used herein, the word "document" means the original and each nonidentical copy of

6  any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in

7  whatever form, whether in final or draft, including but not limited to all materials that constitute

8  "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal

9  Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule

10  34 of the Federal Rules of Civil Procedure.  The word "document" includes, without limitation, printed

11  matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer

12  media, and any other information stored magnetically or electronically.

13    I.    Documents to be identified shall include both documents in your possession, custody

14  and control, and all other documents of which you have knowledge. If you claim that any document

15  was, but is no longer, in your possession or subject to your control, state what disposition was made of

16  such document and when.

17    J.    As used herein, "person" means any individual, firm, partnership, corporation,

18  proprietorship, association, governmental body, or any other organization or entity.

19    K.    As used herein, "communication" includes, without limitation, communications by

20  whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as

21  any note, memorandum or other record thereof.

22    L.    The terms "regarding", "referring", "related to", and "concerning" mean reflecting,

23  concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing,

24  discussing, mentioning, embodying or computing.

25    M.    Whenever the singular is used, it shall also be taken to include the plural, and vice

26  versa.  Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice

27  versa.

28

HOWREY LLP

Case Nos. C-03-2289 (MJJ) and C-03-4669 (MJJ)                    -3-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8215892.v1

1    N.    The term "prior art," is used herein in the same sense as that term is used in 35 U.S.C. §

2    103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer of sale

3    or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

4    O.    As used herein, the term "Patent" or "Kobyashi Patents" means, individually,

5    collectively, or in any combination, any patents or patent applications originating from United States

6    Patent Application Number 143,821, filed on January 13, 1988, or any continuation of this application

7    or any foreign counterpart to such patents.  Such patents include, but are not limited to, United States

8    Patent Number. 4,922,432 (the "'432 patent"), entitled "Knowledge Based Method and Apparatus For

9    Designing Integrated Circuits Using Functional Specifications."

10    P.    As used herein, "continuation" includes any divisional, continuation-in-part, reissue,

11    and continued prosecution applications.

12    Q.    As used herein, "PTO" means the United States Patent & Trademark Office.

13    **II.    INSTRUCTIONS**

14    The following instructions apply to each of the requests for documents set forth herein:

15    1.    Please produce entire documents, including, but not limited to, attachments, enclosures,

16    cover letters, memoranda, and appendices.

17    2.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for

18    documents shall be deemed continuous up to and following the trial of this proceeding such that any

19    documents or things requested herein which is either discovered by you or comes within your

20    possession, custody or control subsequent to your initial responses hereto but prior to the final

21    conclusion of this case should be produced in a supplemental response to these Document Requests

22    immediately upon its discovery or receipt by you or your counsel.

23    3.    If any document is withheld under a claim of privilege, in order that the Court and the

24    parties may determine the validity of the claim of privilege, please provide a privilege log identifying

25    each document withheld, including:

26        a.  The type of document;

27        b.  The approximate date, and manner of recording, creating or otherwise preparing the

28            document;

HOWREY LLP

c.  The subject matter of the document;

d.  The name and organizational position of the person(s) who produced the document;

e.  The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

f.  The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.  If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.  Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.  Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7.  If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.  If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9.  Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

HOWREY LLP

Case Nos.  C-03-2289 (MJJ) and C-03-4669 (MJJ)            -5-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8215822.v1

1  **III.    REQUEST FOR DOCUMENTS AND THINGS**

2  <u>**REQUEST FOR PRODUCTION NO. 47**</u>:

3        All documents related to authorizing use of the Patent, including but not limited to license

4  agreements, drafts of license agreements, documents related to license agreements, and all other

5  documents related to a possible transfer or potential transfer of any right or interest in the Patent.

6  <u>**REQUEST FOR PRODUCTION NO. 48**</u>:

7        All documents related to royalties, whether received, expected, or possible, as a result of any

8  transfer, licensing or litigating related to the Patent.

9  <u>**REQUEST FOR PRODUCTION NO. 49**</u>:

10        All documents showing royalties or other compensation paid by Ricoh to others that relate to

11  the process for designing an ASIC, the process for creating a mask, or the process for creating an

12  ASIC.

13  <u>**REQUEST FOR PRODUCTION NO. 50**</u>:

14        All licenses or documents related to royalties paid by Ricoh to others that relate to the process

15  for designing an ASIC, the process for creating a mask, or the process for creating an ASIC.

16  <u>**REQUEST FOR PRODUCTION NO. 51**</u>:

17        All documents related to Ricoh's licensing policies or practices.

18  <u>**REQUEST FOR PRODUCTION NO. 52**</u>:

19        All documents related to Ricoh's document retention policies.

20  <u>**REQUEST FOR PRODUCTION NO. 53**</u>:

21        All documents related to any refusal or other decision not to take a license for the Patent.

22  <u>**REQUEST FOR PRODUCTION NO. 54**</u>:

23        All documents related to any value of the Patent including but not limited to forecasts of

24  royalty payments, and/or values of any portfolio of Ricoh patents including the Patent, and/or values

25  associated with products embodying the technology of the Patent.

26  <u>**REQUEST FOR PRODUCTION NO. 55**</u>:

27        All documents related to prior litigation associated with the Patent including but not limited to

28  all documents regarding threats of litigation, all complaints, cross-complaints, or counterclaims,

HOWREY LLP

Case Nos.  C-03-2289 (MJJ) and C-03-4669 (MJJ)              -6-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8315822.v1

1    whether filed or not, all settlement agreements associated with the Patent, and all royalty payments or

2    compensation provided as a result of litigation.

3    **REQUEST FOR PRODUCTION NO. 56**:

4         All documents related to attempts to obtain private or public funding, including but not limited

5    to presentations to potential investors or funders, and minutes of meetings with or concerning potential

6    funders or investors.

7    **REQUEST FOR PRODUCTION NO. 57**:

8         All documents related to the market potential for products embodying or created from the

9    Patent, including but not limited to forecasts of profit (gross, net, EBIT), revenue (gross, net), costs

10   (cost of goods sold, SG&A, operating costs, R&D costs), or any other financial measure.

11   **REQUEST FOR PRODUCTION NO. 58**:

12        All documents related to the costs to create the Patent.

13   **REQUEST FOR PRODUCTION NO. 59**:

14        For all Ricoh products practicing the Patent, all documents showing sales of those products, all

15   licenses associated with those products, all costs associated with the creation and sale of those

16   products.

17   **REQUEST FOR PRODUCTION NO. 60**:

18        All documents sufficient to show companies making, using, or selling products which embody

19   the Patent.

20   **REQUEST FOR PRODUCTION NO. 61**:

21        All documents related to demand for products embodying the Patent, including also documents

22   addressing or related to demand for products embodying the Patent compared to the demand for

23   competing products not using the teachings of the Patent.

24   **REQUEST FOR PRODUCTION NO. 62**:

25        All documents related to the existence of non-infringing alternatives for the processes outlined

26   in the Patent.

27

28

HOWREY LLP

Case Nos.  C-03-2289 (MJJ) and C-03-4669 (MJJ)          -7-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8215832.v1

1  **REQUEST FOR PRODUCTION NO. 63**:

2  Documents related to whether Ricoh had the capacity to create the products that Ricoh contends

3  infringe the Patent and were created by Defendants.

4  **REQUEST FOR PRODUCTION NO. 64**:

5      All documents related to any impact on Ricoh of the alleged infringement including but not

6  limited to price reductions, lost profit, decline in demand, or increased expense.

7  **REQUEST FOR PRODUCTION NO. 65**:

8      All documents related to the existence of any companies, other than defendants herein, and

9  products, other than those made by defendants herein, that Ricoh considers to infringe the Patent.

10  **REQUEST FOR PRODUCTION NO. 66**:

11      All documents related to the commercial relationship between Ricoh and Synopsys and/or

12  Defendants including but not limited to all correspondence, sales transactions, and meetings.

13  **REQUEST FOR PRODUCTION NO. 67**:

14      All documents related to royalty rates for the technology associated with the Patent.

15  **REQUEST FOR PRODUCTION NO. 68**:

16      All documents related to Ricoh's sales and marketing of products embodying the Patent,

17  including but not limited to advertisements, directed advertisements, minutes of meetings involving

18  sales pitches, internal correspondence, press releases, and drafts of marketing material.

19  **REQUEST FOR PRODUCTION NO. 69**:

20      All documents related to Ricoh's sales (units sold, price, cost of goods sold, operating costs),

21  on a transactional level, of products embodying the Patent.

22  **REQUEST FOR PRODUCTION NO. 70**:

23      All documents related to the commercial success of products embodying the Patent or the

24  commercial success of the Patent.

25  **REQUEST FOR PRODUCTION NO. 71**:

26      All documents related to competitive intelligence associated with products that compete with

27  products sold by Ricoh and/or Synopsys, and/or Defendants including but not limited to analyst

28  reports, sales databases and third party research reports.

HOWREY LLP

Case Nos. C-03-2289 (MJJ) and C-03-4669 (MJJ)                    -8-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8215827.v1

1  **REQUEST FOR PRODUCTION NO. 72**:

2      All documents including annual financial reports, quarterly reports, monthly reports, all sales

3  forecast, profit forecasts, and business plans, executive meeting minutes and presentations for Ricoh,

4  for Ricoh's departments which sell products embodying the Patent, and for the departments which

5  license the Patent or products embodying the Patent.

6  **REQUEST FOR PRODUCTION NO. 73**:

7      All documents related to the market and market share for products embodying the Patent or

8  embodying a non-infringing substitute for the Patent.

9  **REQUEST FOR PRODUCTION NO. 74**:

10      Documents sufficient to show the corporate and organizational structure of Ricoh, including

11  but not limited to documents showing departments and employees within departments.

12  **REQUEST FOR PRODUCTION NO. 75**:

13      To the extent that Ricoh intends to prove a lost profits theory of recovery, produce all

14  supporting documents with respect to each claim of the Patent that Ricoh contends is infringed by

15  Defendants' products, systems, or processes, including but not limited to all documents concerning the

16  amount of damages that Ricoh contends it should be awarded if Defendants are found liable for

17  infringement, the methodology used to reach that conclusion, and the facts on which it is based.

18  **REQUEST FOR PRODUCTION NO. 76**:

19      To the extent that Ricoh intends to prove a reasonable royalty theory of recovery, produce all

20  supporting documents with respect to each claim of the Patent that Ricoh contends is infringed by

21  Defendants' products, systems, or processes, including but not limited to all documents concerning the

22  amount of damages that Ricoh contends it should be awarded if Defendants are found liable for

23  infringement, the methodology used to reach that conclusion, and the facts on which it is based

24  including but not limited to all documents pertaining to any of the fifteen factors given for determining

25  a reasonable royalty in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116,

26  1120 (S.D.N.Y. 1970) *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971).

27

28

HOWREY LLP

Case Nos. C-03-2289 (MJJ) and C-03-4669 (MJJ)                    -9-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8315823 v1

1  **REQUEST FOR PRODUCTION NO. 77**:

2       All documents related to Ricoh's first awareness of products that Ricoh contends satisfy the

3  limitations of the Patent.

4  **REQUEST FOR PRODUCTION NO. 78**:

5       All documents relating or referring to Ricoh's cost accounting procedures before and since the

6  period of alleged infringement, including but not limited to financial manuals, charts of accounts,

7  profit centers, cost allocation, and inventory valuation.

8  **REQUEST FOR PRODUCTION NO. 79**:

9       All documents relating or referring to Ricoh's first knowledge and continuing knowledge

10 and/or investigations of any alleged infringement of the Patent by Defendants.

11 Dated:  March 2, 2006

          HOWREY LLP

By:  _____

               Denise M. De Mory
          Attorneys for Defendants
          AEROFLEX INCORPORATED,
          AMI SEMICONDUCTOR, INC.,
          MATROX ELECTRONIC SYSTEMS,
          LTD., MATROX GRAPHICS INC.,
          MATROX INTERNATIONAL CORP.,
          MATROX TECH, INC., and AEROFLEX
          COLORADO SPRINGS, INC.

HOWREY LLP

Case Nos.  C-03-2289 (MJJ) and C-03-4669 (MJJ)                    -10-
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF
DM_US\8216822.v1

1

## PROOF OF SERVICE

2

3    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

4

5    On _March 2, 2006 I served on the interested parties in said action the within:

6    **DEFENDANTS'/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RICOH COMPANY LTD.**

7    by causing said document to be sent by Electronic Mail on March 2, 2006 to the email addresses indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s)

8    addressed as stated below and causing such envelope(s) to be delivered as follows:

9    Gary M. Hoffman, Esq.                          Jeffrey Demain, Esq.
     HoffmanG@dsmo.com                              jdemain@altshulerberzon.com
10   Dickstein Shapiro Morin & Oshinsky, LLP        Altshuler, Berzon, Nussbaum, Rubin & Demain
     2101 L Street, N.W.                            177 Post Street, Suite 300
11   Washington, DC 20037-1526                      San Francisco, CA 94108

12   Facsimile No.: (202) 887-0689                  Facsimile No.: (415) 362-8064

13   Edward A. Meilman, Esq.
     MeilmanE@dsmo.com
14   Dickstein Shapiro Morin & Oshinsky, LLP
     1177 Avenue of the Americas
15   New York, NY 10036-2714

16   Facsimile No.: (212) 896-5471

17   ☒    (OVERNIGHT DELIVERY) on March 2, 2006 by depositing in a box or other facility
          regularly maintained by Federal Express, an express service carrier, or delivering to a courier or
18        driver authorized by said express service carrier to receive documents, a true copy of the
          foregoing document in sealed envelopes or packages designated by the express service carrier,
19        addressed as stated above, with fees for overnight delivery paid or provided for and causing
          such envelope(s) to be delivered by said express service carrier on.
20

21        I declare under penalty of perjury that I am employed in the office of a member of the bar of
     this Court at whose direction the service was made and that the foregoing is true and correct.

22        Executed on March 2, 2006, at San Francisco, California.

23

24   _____              _____
         Peter L. Kasenenko                              (Signature)
         (Type or print name)

25

26

27

28

Case Nos. C-03-2289 (MJJ) and C-03-4669 (MJJ)
DEFS/COUNTERCLAIMANTS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF

# EXHIBIT 13

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Brian A. E. Smith**
Partner
T 415.848.4936
F 415.848.4999
smithbrian@howrey.com
File 06816.0060

April 20, 2006

VIA EMAIL

Kenneth W. Brothers, Esq.
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526

Re:    *Synopsys v. Ricoh Company, Ltd.*,
       Case No. C03-2289 MJJ (EMC)
       *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,
       Case No. C03-4669 MJJ (EMC)

Dear Mr. Brothers:

This letter concerns Ricoh's recently served Objections and Responses To Defendants' Third Set Of Requests For The Production Of Documents (47-79) and Ricoh's Response To Defendant Matrox Graphic's Second Set Of Interrogatories (Nos. 3 and 4). Ricoh's objections are not well taken. Moreover, Ricoh's responses are woefully insufficient and Ricoh has failed to produce any responsive documents in response to most of the requests or provide substantive responses to the interrogatories. Specifically:

## Ricoh's Objections and Responses to Defendants' Third Set of Requests For The Production of Documents (47-79):

Request No. 47 seeks all documents related to authorizing the use of the '432 patent. Ricoh's response that it "has produced or will produce any final license agreement of the '432 patent or any final agreement transferring rights of the '432 patent". First, please either confirm that all license agreements and final agreements have been produced. Second, Ricoh states that it "has produced or will also produce any initial offers or requests to license the '432 patent." Defendants are entitled to all responsive documents including drafts and correspondence not just "initial offers or requests." Please produce all responsive documents immediately.

Request No. 48 seeks documents related to royalties as a result of any transfer, licensing or litigating related to the '432 patent. Ricoh responds that it will produce documents "if any, evidencing royalty payments relating to the '432 patent." Please either confirm that there are no responsive documents or produce all responsive documents immediately.

Requests Nos. 49 and 50 seek documents or licenses showing royalties paid by Ricoh to others that relate to the process for designing an ASIC, the process for creating a mask, or the

Kenneth W. Brothers
April 20, 2006
Page 2

process for creating an ASIC. Ricoh objects that the requests are "vague and ambiguous" and "not reasonably calculated to lead to the discovery of admissible evidence." Both requests are clear and directly relevant to the factors for determining a reasonable royalty in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 116, 1120 (S.D.N.Y. 1970) *modified and aff'd*, 446 F.2d 295 (2d Cir. 1971). Please produce all responsive documents immediately.

Request No. 51 seeks all documents related to Ricoh's licensing policies or practices. Ricoh responds that it will "produce summary and representative documents related to Ricoh's licensing policies as it relates to Ricoh's Electronic Design Automation software." It is obviously impossible for defendants to know what this means or what "summary and representative documents" are. Defendants are entitled to *all* responsive documents to this request. Please produce all responsive documents immediately.

Request No. 53 seeks all documents related to any refusal or other decision not to take a license for the '432 patent. Again, Ricoh responds that it will "produce summary and representative documents, if any". Defendants are entitled to *all* responsive documents to this request, not just "summary and representative" documents. Please produce all responsive documents immediately.

Request No. 54 seeks all documents related to any value of the '432 patent. Ricoh responds that it "has produced or will produce summary and representative documents for the valuation of the '432 patent." Defendants are entitled *all* responsive documents not just "summary and representative" documents. Please produce all responsive documents immediately.

Request No. 55 seeks all documents related to prior litigation concerning the '432 patent. Ricoh responds that it "has produced or will produce summary and representative documents of any prior litigations involving Ricoh and the '432 patent." Defendants are unaware of any production by Ricoh of any documents responsive to this request. If Ricoh is claiming that responsive documents have been produced, then please identify the documents by Bates number. Otherwise, please produce all responsive documents immediately.

Requests Nos. 56 through 75 seek relevant documents to the extent Ricoh intends to attempt to prove a lost profits theory of recovery of damages at trial. Please confirm whether or not Ricoh intends to put forth a lost profits theory of recovery of damages at trial. If so, defendants are entitled to the production of all responsive documents to Requests Nos. 56-75. With respect to Request No. 66 that seeks all documents related to the commercial relationship between Ricoh and Synopsys, Ricoh objects that Synopsys "should seek the information from within its own company". Obviously, defendants are entitled to *all* internal Ricoh documents responsive to this request. As to Request No. 73 that seeks all documents related to the market and market share for products embodying the '432 patent or embodying non-infringing substitutes for the '432 patent, Ricoh responds only that it "has produced or will produce summary and representative documents of the market and market share for Design Compiler." Please confirm that the Design Compiler is the only product that is responsive to this request. Please also produce all responsive documents immediately.

# HOWREY

Kenneth W. Brothers
April 20, 2006
Page 3

With respect to Requests Nos. 75 and 76, Ricoh refuses to produce responsive documents related to alleged damages on the grounds that such information is "not yet required to be produced pursuant to Patent Local Rules". There is no Patent Local Rule related to damages-related discovery or that allows a plaintiff to refuse to produce relevant and responsive documents related to its damages claims. Defendants are entitled to these documents *now*. Please produce all responsive documents immediately.

With respect to Request No. 77 seeking all documents related to Ricoh's first awareness of products that Ricoh contends satisfy the limitations of the '432 patent and Request No. 79 seeking all documents relating to Ricoh's first knowledge and investigations of any alleged infringement of the '432 patent by defendants, Ricoh only states objections without responding that it will produce any responsive documents. Ricoh's objections that the requests are "vague and ambiguous" and "not reasonably calculated to lead to the discovery of admissible evidence" are meritless. The requests are clearly relevant and perfectly clear. Please produce all responsive documents immediately.

## Ricoh's Response to Matrox Graphic's Second Set of Interrogatories (Nos. 3 and 4):

Ricoh refuses to provide any substantive response to either interrogatory that seeks information regarding Ricoh's damages contentions. None of Ricoh's objections are well-taken. Furthermore, Ricoh's representation that it "will disclose its damage calculations and claims on the date established by the scheduling order for the service of expert reports" is insufficient. Defendants are entitled to know Ricoh's damages contentions and claims now – not for the first time when Ricoh serves its expert reports – so that defendants can conduct appropriate further discovery. Please provide complete responses to these interrogatories immediately.

Ricoh's refusal to provide all responsive documents and substantive responses to this discovery is prejudicing defendants' ability to prepare its case and respond to any damages contentions by Ricoh. Accordingly, defendants reserve the right to seek all available discovery sanctions because of Ricoh's conduct including preclusion of presenting any damages claims at trial. Pursuant to Magistrate Judge Chen's March 30, 20096 Order, I am requesting a telephone meet and confer regarding the above discovery responses for either tomorrow Friday, April 21, 2006 or next Monday April 24, 2006 or Tuesday April 25, 2006. Please let me know your availability.

Very truly yours,

*Brian A. E. Smith*

Brian A. E. Smith

BAS:mlm

Kenneth W. Brothers
April 20, 2006
Page 4

cc:    Gary Hoffman, Esq. (via e-mail only)
       Edward Meilman, Esq. (via e-mail only)
       Eric Oliver, Esq. (via e-mail only)
       DeAnna Allen, Esq. (via e-mail only)
       Michael Weinstein, Esq. (via e-mail only)
       Solomon Seyoum (via e-mail only)

# EXHIBIT 14

D I C K S T E I N   S H A P I R O   M O R I N   *&*   O S H I N S K Y   L L P

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*

*Writer's Direct Dial: (202) 429-2184*
*E-Mail Address: BrothersK@dsmo.com*

May 5, 2006

**Via PDF**

Denise De Mory, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708

Re:    Ricoh v. Aeroflex, et al.
       <u>Synopsys v. Ricoh</u>

Dear Denise:

I write in response to  your letter of May 2, 2006 regarding Ricoh's recent 30(b)(6) depositions and the upcoming continued depositions of Messrs. Takada, Oka, and Ishijima on various Rule 30(b)(6) topics.

Your May 2 letter raises issues with respect to the Takada, Oka, and Ishijima depositions last month in Japan.  For ease of reference, I have listed your requests followed by our response.

<u>Regarding Mr. Takada's deposition:</u>

Your point:  Mr. Takada's drafts of the January 15, 1987 agreement between Ricoh and ICC (KBSC000001-03).   Ricoh's response:  Mr. Takada, at pages 52-53, did not indicate that any drafts of the documents were saved.  We are unaware of any such drafts in existence.

Your point:  Documents from Ricoh's accounting department regarding the approval of any payments by Ricoh to ICC.  Ricoh's response:  Mr. Takada indicated, at pages 224-225, that the documents, if they existed, were likely discarded as it was past their retention period.  We are unaware of any such documents in existence.

Your point:  Invoices from Ricoh's sales and marketing department and summary documents showing the payments made by third parties to Ricoh for licenses to Ricoh's RCAD software.  Ricoh's response:  Mr. Takada did not indicate that invoices did in fact exist.   We are unaware of any such documents in existence.

Your point:  Mr. Takada's 1990 compilation of information regarding licenses granted on the KBSC software.  Ricoh's response:  Mr. Takada did not indicate that his compilation was made final, nor that this report was retained.   We are unaware of any such documents in existence.

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
2074674.1                          *www.DicksteinShapiro.com*

Denise De Mory, Esq.
May 5, 2006
Page 2

Your point: Mr. Takada's memo regarding his meeting in Japan with Mr. Shindo and Mr. Hoffman. Ricoh's response: At the very least, these documents are protected under Attorney-Client and/or Work-Product Privilege. Mr. Takada was requested to make notes during the meeting for purposes of follow up discussions with Mr. Hoffman.

Your point: Drafts of the April 1, 2001 agreement between Ricoh and KBSC (RCL8925-38), including electronic drafts on the hard drive of Mr, Takada's personal computer. Ricoh's response: Mr. Takada did not confirm that any drafts existed on his computer and further that his computer had broken down, so that he could not look on this computer. Mr. Takada further indicated that he did look for hard copies of the drafts and even if any drafts still existed they would be protected by the attorney-client privilege and work product due to the involvement of DSMO.

Your point: Drafts of the patent portfolio cross-licensing agreement between Texas Instruments and Ricoh (RCL9664-96) and correspondence between Texas Instruments and Ricoh regarding the agreement. Ricoh's response: Mr. Takada did not indicate that there were any draft agreements or that these agreements were maintained. As he indicated on page 200, "to the best of my recollection, to the best of my knowledge now, I don't think there's anything other than the original agreements kept in that file." As you may recall, Mr. Takada testified that much of the negotiation was done orally. We are unaware of any such documents in existence.

A reasonable search was already conducted by Ricoh for these documents that you have requested. We will again ask Ricoh to look further for non-privileged, relevant documents that you have identified.

Regarding Mr. Oka's deposition:

Your point: The source code for the ICC software that was delivered to Ricoh around August 1987. Ricoh's response: It is our understanding that Ricoh no longer has this source code, and leaving aside our continued objection to any relevance of the source code, we will again request that Ricoh check for the code.

Your point: Communications between Ricoh and ICC regarding changes made by Ricoh to the software delivered by ICC around August 1987. Ricoh's response: It is our understanding that to the extent that any written communications around 1987 between Ricoh and ICC regarding changes to the software delivered by ICC around August 1987, were not retained. But we will request that Ricoh check its files.

Your point: Papers, articles, and other publications reviewed by Mr. Oka in investigating logic synthesis and algorithms that optimize logic for Ricoh prior to the December 1986 meeting between Ricoh and ICC. Ricoh's response: Mr. Oka testified that he had started an investigation, but did not recall providing that information to anyone.

Denise De Mory, Esq.
May 5, 2006
Page 3

Your point:  Reports submitted by Mr. Oka on his investigation of logic synthesis and algorithms that optimize logic for Ricoh.  Mr. Oka did not testify that he did submit a report.  Ricoh's response:  To the contrary, Mr. Oka testified, at page 198, that he believed that "[he] had not reached the level at which a report should be made yet."

Your point:  Notes taken by Mr. Oka of the December 1986 meeting between Ricoh and ICC and summaries drafted of the meeting.  Ricoh's response: It is our understanding that Mr. Oka did not take notes during this meeting.  We will, however again request that Ricoh check its files.

Your point:  Mr. Oka admitted that he never attempted to locate any documents relating to his involvement with ICC or the KBSC software.  Ricoh's response:  Mr. Oka left his Japanese office of Ricoh to move to a Chinese office of Ricoh and he did not take any files with him regarding KBSC/ICC.  Any files he would have had regarding this issue would have been placed in Ricoh's files.  A search of those files have not revealed any additional relevant documents.

<u>Regarding Mr. Ishijima's deposition:</u>

Many of your areas of inquiry delved into communications protected by attorney-client and/or work product privilege.  Additionally, the scope of Mr. Ishijima's testimony was limited by objections served over two years ago.  As such, the witness had no obligation to prepare for topics outside the scope of his deposition, for example, events that occurred after January 13, 1988.  You are now unilaterally suggesting that he should have been prepared on issues that there has been no agreement on the scope.  As such, we will not agree to make any representation as to Mr. Ishijima's preparedness to areas that have been outside the scope for many years and to areas that are protected by attorney-client or work product privilege.  Contrary to your suggestion, Mr. Hoffman did not limit the witness' testimony regarding issues outside of the scope, and as to issues regarding privileged information, Mr. Hoffman only provided advice to the witness.  Although Mr. Ishijima was designated on only a few limited topics, you chose to question him on areas beyond the scope of his designation.  Although there recently had been several meet and confers between Mr. Andelman and Mr. Meilman regarding this deposition, no agreement had been reached other than the parties agreeing to proceed and Ricoh preserving its right to object.

Given the current record and the fact that Mr. Ishijima has already been deposed twice on his limited topics, our agreement to produce him for a third time reflect Ricoh's commitment to resolve these matters amicably.  We trust that you will proceed in the same spirit.

Sincerely,

Kenneth W. Brothers

cc:    Howrey distribution list

# EXHIBIT 15

10 of 10 DOCUMENTS

Copyright 1986 Jiji Press Ltd.

Jiji Press Ticker Service

JULY 21, 1986, MONDAY

**LENGTH:** 142 words

**HEADLINE:** PARADYNE JAPAN TO SET UP JOINT VENTURE WITH U.S. FIRM

**DATELINE:** TOKYO, JULY 21

**BODY:**

PARADYNE JAPAN CORP. WILL SET UP A JOINT COMPANY WITH INTERNATIONAL CHIP CORP. OF THE UNITED STATES THIS AUTUMN TO LAUNCH A COMPUTER–AIDED DESIGN (CAD) SYSTEM FOR CUSTOM INTEGRATED CIRCUITS (ICS).

THE TOKYO-BASED MODULATOR–DEMODULATOR (MODEM) MAKER SAID MONDAY THE NEW COMPANY, ICC JAPAN CORP., WILL MARKET THE KNOWLEDGE–BASED SILICON COMPILER (KBSC), AN EXPERT SYSTEM USING ARTIFICIAL INTELLIGENCE DEVELOPED BY INTERNATIONAL CHIP, WHICH CAN DESIGN A CUSTOM IC IN LESS THAN A DAY, COMPARED WITH SIX TO 12 MONTHS FOR OTHER SYSTEMS.

THE 30–MILLION–YEN (190,500 DOLLARS) SOFTWARE RUNS ON "MICRO VAX II" AND "SUN-2/3" 32–BIT WORKSTATIONS.

INITIAL–YEAR SALES ARE TARGETED AT 500 MILLION YEN (3.18 MILLION DOLLARS BOND ISSUE:

– MITSUBISHI PLASTIC INDUSTRIES.....BONDS MATURITY DATE: JULY 29, 1994 COUPON RATE: 2.9 PCT EXERCISE PRICE: 600 YEN

  

EXHIBIT 16

## Fabian, Jessika

**From:**     DeMory, Denise
**Sent:**     Tuesday, May 30, 2006 10:04 PM
**To:**       Fabian, Jessika
**Subject:**  FW: Rescheduling Foo

Exhibit 16

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Monday, May 22, 2006 5:01 PM
**To:** DeMory, Denise; Andelman, Ethan
**Cc:** Fink, Jacky
**Subject:** RE: Rescheduling Foo

Denise:

We regret the content and tone of your response.  We do not agree with many of your assertions.  We will proceed with the Foo deposition on May 31, Ozeki on June 3, and object to all of the depositions identified in categories 4 and 5 of your email.

Ken Brothers

Dickstein Shapiro Morin & Oshinsky LLP

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Monday, May 22, 2006 5:23 PM
**To:** Brothers, Kenneth; Andelman, Ethan
**Cc:** Fink, Jacky
**Subject:** RE: Rescheduling Foo

Dear Ken:

Judge Chen has not extended Ricoh's deadline to June 9, and thus your entire e-mail is based on a false premise.  The June 9 deadline applies only to depositions on the newly identified products.  In addition, there was no finding of misconduct, as you well know.   Frankly, based on your response here, we have likely already been too accomodating on your new May 4, 2006 notices after the cut-off.  Based on the way in which you are responding here, I should have either forced you to take the depositions of our deponents twice, once before the cut-off, and once after, or refused testimony on topics that were arguably not timely served.

In addition, because you have asserted so many times that we have so many lawyers and that the unavailability of one or two or more of our attorneys is therefore not compelling to Ricoh, our clients, understandably, are likewise not impressed by Eric's unavailability.  Indeed, the position that you took with regard to the sanctions hearing alone renders your assertion of Eric's scheduling conflicts quite ironic and difficult for our clients to swallow.  Surely you must have anticipated that the decisions and statements that you made then would affect your requests later in the case.

All that said, I am not quite sure why you are taking the position you are taking, and am hopeful that we can reach a compromise.  As I see it, here are the outstanding scheduling issues:

1.  The Foo deposition:  you need to take Foo after the May 30 deadline because of Eric's inability to take two depositions on the same day, and the conflict created by his daughter's field trip.

2.  The Ozeki deposition:  we proposed a date the also conflicts with Eric's field trip and/or the availability of any other lawyer on your team, but which is within the discovery period.  You have refused that date.  Are you agreeable to June 3 or 10?  If not, we will proceed as scheduled on May 27.

3.  The Kobayashi deposition:  we have agreed that this can be resolved after May 30 via meet and confer and/or a motion filed on or before June 7.

4.  The Motorola and TI depositions:  We are working with these third parties to schedule these depositions.  We are trying to get them on calendar for later this week or next Tuesday, but if that does not occur, will you agree that these can occur after May 30?  The need to take these depositions did not arise until after the Takada deposition occurred.   And, as you know, it is sometimes difficult to force third parties to act on a schedule that was not of their making.  Thus, we think accommodation in this regard is quite reasonable.

5.  The Paradyne, Zhone, and SRC and Exar depositions.  We learned immediately before the Kobayashi deposition about the relationship between Paradyne and ICC and the offer for sale of KBSC.  We immediately issued subpoenas to Paradyne and Zhone and feel confident that Judge Chen will let us pursue these depositions after the discovery cut-off should you force us to go to the Court.  In addition, based on this new information, we subpoenaed the two US companies that ICC approached during the same period it approached Paradyne, and are also confident, based on this recently discovered information, that we can obtain leave to pursue this highly relevant information should you force us to do so.

Considering the amount massive amount of discovery that has occurred in this case, mostly taken by Ricoh, I think the Court will be interested in us reaching a compromise on what frankly appears to be a relatively small number of scheduling difficulties given the size of the case.  If we can reach an agreement regarding these issues, then we will agree that the Foo deposition can occur on June 6.   If not, it will proceed on May 31.  Please advise me immediately so that we can promptly go to the Court regarding these issues, if necessary.

Regards,

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Monday, May 22, 2006 11:19 AM
**To:** Andelman, Ethan
**Cc:** DeMory, Denise; Fink, Jacky
**Subject:** RE: Rescheduling Foo

Ethan:

Synopsys and the Aeroflex defendants have a discovery deadline of May 30.  Due to the Aeroflex defendants' misconduct during discovery, Judge Chen has extended Ricoh's deadline to June 9.  As I told Denise last week (as well as last month), while Ricoh is willing to consider a deposition by deposition extension of the discovery deadlines due to the unavailability of the witnesses, Ricoh is not willing to grant a wholesale extension of the deadlines.  Your suggestion that Ricoh ignore the deadline "for any of the pending depositions noticed by Synopsys and the Customer Defendants" -- a large number of depositions -- would be the exception that swallows the rule, and we decline to do so.

With respect to the Foo deposition, Denise and I agreed to move it from May 25 because that was the only day that Mr. Walker (a Synopsys employee) could do the deposition prior to his extended vacation.  Eric Oliver, who has prepared to take the Foo deposition, had committed to take accompany his daughter on a two-day field trip on May 30 and 31.  We are prepared to proceed with the Foo deposition on June 6, but we will not do so in exchange for your demand that we ignore the discovery deadlines for a large number of depositions that you have noticed. If you insist that the Foo deposition go forward on May 30 or 31, please immediately advise us, and Eric will change his plans.  Otherwise, please confirm the June 6 date.

Regards,

Ken Brothers

Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** Andelman, Ethan [mailto:AndelmanE@Howrey.com]
**Sent:** Friday, May 19, 2006 7:31 PM
**To:** Brothers, Kenneth
**Cc:** DeMory, Denise; Fink, Jacky
**Subject:** RE: Rescheduling Foo

Ken --

As you noted in an e-mail earlier today, the discovery cutoff in this case (other than the depositions required by the May 8 stipulation) is May 30.  We have offered Dr. Foo on May 31 -- outside of the discovery period -- because of Ricoh's desire to have Eric take both Dr. Foo's deposition and Mr. Walker's deposition.  Now you want to reschedule Dr. Foo even further outside the discovery period beacuse Eric has something else he must do on May 30 and 31.  We are willing to do so, but expect the same courtesy from you should the need arise to reschedule any of the pending depositions noticed by Synopsys and the Customer Defendants.  Ricoh has many attorneys working on this case, as do we.  Despite what you say, Ricoh **can** cover this deposition on May 31; it just chooses not to arrange its resources so it may do so.

I am checking with Dr. Foo for his availability the week of June 5th, which, as you know, is horribly busy as it stands.  We can arrange to cover Dr. Foo in Tallahassee on June 6th -- will that date work with you if he is available?  If that date doesn't work for you, just as May 25th and May 31st don't work, what dates between now and June 8 will work for Ricoh for Dr. Foo's deposition?

--Ethan

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Friday, May 19, 2006 3:47 PM
**To:** Andelman, Ethan
**Cc:** DeMory, Denise; Fink, Jacky
**Subject:** RE: Rescheduling Foo

Ethan:

Unfortunately, Eric has a conflict on 5/30 and 5/31, so we can't do it then.  What is Dr. Foo's availability the following week?

I'll pass along the other info when I have it.

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** Andelman, Ethan [mailto:AndelmanE@Howrey.com]
**Sent:** Friday, May 19, 2006 6:39 PM
**To:** Brothers, Kenneth
**Cc:** DeMory, Denise; Fink, Jacky
**Subject:** RE: Rescheduling Foo

Dr. Foo is not available on 6/1 or 6/2.

9:30 for Kowalski is fine.  Let me know what room the deposition will be in when you find out.

---

**From:** Brothers, Kenneth [mailto:BrothersK@dsmo.com]
**Sent:** Friday, May 19, 2006 3:35 PM
**To:** Andelman, Ethan
**Cc:** DeMory, Denise; Fink, Jacky
**Subject:** RE: Rescheduling Foo

Ethan, let's start Kowalski at 9:30 just to be safe.

On Foo, let's shoot for 6/2 if we can.


Ken Brothers

Dickstein Shapiro Morin & Oshinsky LLP


---

**From:** Andelman, Ethan [mailto:AndelmanE@Howrey.com]
**Sent:** Friday, May 19, 2006 6:21 PM
**To:** Brothers, Kenneth
**Cc:** DeMory, Denise; Fink, Jacky
**Subject:** Rescheduling Foo

Ken --

Does Wednesday, May 31 in Tallahassee work for you for the Foo deposition?

Also, on Kowalski, I would like to catch a 6:30 pm flight back to the West Coast on Tuesday evening.  Do you
think you need to start earlier than 10 to make sure we are done by 5:15 or so?

--Ethan

-------------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the
addressee(s) named above. This communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or person responsible for delivering this
confidential communication to the intended recipient, you have received this communication in error,

and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
==============================================================================

----------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
==============================================================================

----------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
==============================================================================

----------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error,

and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dsmo.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
===========================================================================

EXHIBIT 17

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
**T** 415.848.4900
**F** 415.848.4999
www.howrey.com

May 17, 2006

Direct Dial 415.848.4916

File 06816.0060.000000

George Lampl, III, Esq.
Associate General Counsel
University of South Carolina
Columbia, SC 29208

     **Re:**   *Synopsys v. Ricoh Company, Ltd., Case* No. C03-2289 MJJ (EMC)

Dear Mr. Lampl:

     I am writing to provide further guidance with regard to the subpoena we have recently served upon the University of South Carolina.  We are most interested in:

     1.  Any policies or procedures relating to ownership and transfer of intellectual property rights for inventions, research, or computer software developed by University of South Carolina faculty members, graduate students, undergraduate students, employees, or consultants that would have been in effect for the 1985-1986 and 1986-1987 academic years.

     2.  Documents related to the classes taken, research performed, and computer software developed by the individuals in the "KBSC group at the University of South Carolina," which includes: Hideaki Kobayashi, James Davis, Yoshiyasu Takefuji, Stuart Anderson, Tooru Ozeki, Yoon-Pin Simon Foo, Charles Drozd, Terry Smith, Richard Ulmer, Pankaj Kukkal, Meng-Hiot Lim, David Dunn, Thomas Hersh, Frans Brinkman, Ricky Darwin, Robert D. Ferrell, Judy Bygate, and Jaymin Yon, during the 1985-1986 and 1986-1987 academic years.

     3.  Documents relating to International Chip Corporation's sponsorship of research at the University of South Carolina during the 1985-1986 and 1986-1987 academic years.

     4.  Publications and internal reports produced by the Center for Machine Intelligence at the University of South Carolina during the 1985-1986 and 1986-1987 academic years.

     Your production of such documents would comprise an adequate response to our subpoena.  Thank you for your prompt attention to this matter.  Please do not hesitate to contact me if you should have any questions.

                Very truly yours,

                Jaclyn C. Fink

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SAN FRANCISCO  WASHINGTON, DC

DM_US\8346628.v1

# EXHIBIT 18



**HIDEAKI KOBAYASHI**

Associate Professor of Electrical
and Computer Engineering
University of South Carolina

Hideaki Kobayashi was born in Tokyo, Japan, on June 27, 1950. He received the B.S. degree in electronics and communication engineering in 1973, and the M.S. and Ph.D. degrees in electrical engineering in 1975 and 1979, respectively, from Waseda University, Tokyo.

In 1980 he joined the Department of Electrical and Computer Engineering of the University of South Carolina, where he is currently an Associate Professor. His courses are also available throughout the United States via the National Technological University. His research interests include computer-aided design of custom integrated circuits and he is a Consultant to industry in the area of knowledge-based silicon compilation.

Dr. Kobayashi is a member of the IEEE and Eta Kappa Nu. He was selected as an Outstanding Young Man of America for 1985.

EXHIBIT  14
WIT:  Kobayashi
DATE:  5-15-06
LOUISE SOUSOURES, CSR #3575

RD-3

AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM

KBSC000994

## ABSTRACT

## A KNOWLEDGE-BASED APPROACH TO VLSI CAD

This paper presents a knowledge-based system for translating high-level specifications to geometrical VLSI layout. Heuristic rules are integrated into a mechanism for mapping macro operations to functional modules. Rules are stored in a frame-implemented knowledge base. (KOBAYASHI)

RD-3

AM86    AM86    AM86    AM86    AM86    AM86    AM86    AM86    AM86    AM86    AM86    AM86

KBSC000995

# A KNOWLEDGE-BASED APPROACH TO VLSI CAD

Hideaki Kobayashi

Associate Professor

Center for Machine Intelligence

University of South Carolina

Columbia, SC 29208

(803)777-6953

---

This work was supported by the International Chip Corporation under Contract ICC/4B1277.

RD-3

AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM8

## INTRODUCTION

Silicon compilation encourages system designers to incrementally explore various alternate architectures and floorplans. Several approaches have been suggested to translate high-level specifications to geometrical VLSI layout [1-3].

This paper presents a knowledge-based system for translating high-level specifications to VLSI systems based on designer's expert knowledge. Mapping a set of macro operations to functional modules is discussed. A digital filter is used as a translation example.

## KNOWLEDGE-BASED TRANSLATION

Figure 1 shows a architecture for mapping behavioral specifications in antecedent-action form (AAF) to netlists for module linking. AAF is decomposed into two intermediate forms, i.e., antecedents and actions. The module selector accepts design specifications and chooses implementation alternatives using a dependency-directed backtracking algorithm [4]. Finally, the netlist generator outputs necessary netlists for placement and routing.

Domain-specific knowledge is implemented on a framework for VLSI CAD [5]. Under this framework, whenever there is insufficient data, information can be inherited from design classes to instances.

KBSC000997

## ANTECEDENT-ACTION FORM

AAF is an intermediate form between application software programs and geometrical mask languages. AAF specifies state diagrams for VLSI systems. The syntax for AAF is as follows:

<program> ::= <declaration> <rule>
<declaration> ::= 'register' <identifier> | 'control' <identifier>
<rule> ::= <present state> <condition> <next state> {<macro>}

where <macro> is a user-defined operation. User-defined macros are retrieved from a knowledge base to perform a mapping. A transition from a source node <present state> to a destination node <next state> is specified by input variables <condition>. If <condition> is TRUE a transition is made from <present state> to <next state>, and macro operations are executed.

## MACRO OPERATIONS

A set of relational statements can be expressed as follows:

if ALPHA >  BETA then ACTION1
if ALPHA <  BETA then ACTION2
if ALPHA == BETA then ACTION3

where ALPHA, BETA are integers, and ACTIONs are Boolean variables. The relational statements are represented by macros:

ifgt(ALPHA, BETA, ACTION1)
iflt(ALPHA, BETA, ACTION2)
ifeq(ALPHA, BETA, ACTION3)

RD-3

AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM86  AM88  AM86  AM86  AM8

Similarly, macros for common arithmetic operations such as addition and multiplication are defined. Domain-specific knowledge is used for mapping macro operations to functional modules such as comparators, adders, and multipliers. For example, macros for relational operations are stored in a knowledge base as follows:

```
fput(ifgt; is_a "comparator"; operator ">");
fput(iflt; is_a "comparator"; operator "<");
fput(ifeq; is_a "comparator"; operator "==");
```

## TRANSLATION EXAMPLE

A state diagram for a digital nonrecursive filter (DNF) is shown in Figure 2. The DNF is specified by the following AAF:

```
register  A,X,Y,CNTR;
control   START,CMP;

rule1:  state0 START state1 clear(CNTR,Y)
rule2:  state0 ~START state0 clear(CNTR,Y)
rule3:  state1 state2 load(A,X) mul&acc(A,X,Y)
rule4:  state2 ~CMP state1 load(Y) incr(CNTR)
rule5:  state2 CMP state0
```

Figure 3 shows a set of functional modules required to implement the DNF. The CMOS layout of a system controller for DNF is shown in Figure 4.



Page 5

## CONCLUSION

A knowledge-based system for translating behavioral specifications to VLSI mask data has been presented. It has been shown that VLSI systems can be automatically synthesized by decomposing behavioral specifications into basic macro operations. The program is coded in C and runs on a VAX-11/780 computer and Sun workstations.

RD-3

KBSC001000

## REFERENCES

1.  J.M. Siskind, J.R. Southard, and K.W. Crouch, "Generating Custom High-performance VLSI Designs from Succinct Algorithmic Descriptions," MIT Conf. on Advanced Research in VLSI, Cambridge, MA, 1982.

2.  D.J. Salomon, S. Sadler, and M.I. Elmasry, "A VLSI Architecture and a Silicon Compiler for Designing Numerical Processors," VLSI Design, Feb. 1985.

3.  P.A. Subrahmanyam, "Synthesizing VLSI Circuits from Behavioral Specifications: a Very High level Silicon Compiler," VLSI 1983, F. Anceau, Ed., North Holland, 1983.

4.  Y.P.S. Foo and H. Kobayashi, "A Knowledge-Based System for VLSI Module Selection," IEEE Int. Conf. Computer Design (ICCD), Port Chester, NY, Oct. 1986.

5.  Y.P.S. Foo and H. Kobayashi, "A Framework for Managing VLSI CAD Data," 1st Int. Conf. Applications of Artificial Intelligence to Engineering Problems, Southampton, England, Apr. 1986.

KBSC001001

page 7



Figure 1. Architecture for translating behavioral specifications.

RD-3

AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM86   AM8



Figure 2. A state diagram for DNF.

RD-3

page 9



Figure 3. Functional modules to implement DNF.



Figure 4. Layout of a system controller for DNF.

RD-3

| AM86 | AM86 | AM86 | AM86 | AM86 | AM86 | AM86 | AM86 | AM86 | AM86 | AM86 | AM86 |
|------|------|------|------|------|------|------|------|------|------|------|------|

KBSC001005