| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Teresa M. Corbin (SBN 132360)<br>Denise M. De Mory (SBN 168076)<br>Jaclyn C. Fink (SBN 217913)<br>HOWREY LLP<br>525 Market Street, Suite 3600<br>San Francisco, California 94105<br>Telephone: (415) 848-4900<br>Facsimile: (415) 848-4999 |
| 6<br>7<br>8<br>9 | Attorneys for Plaintiff SYNOPSYS and<br>Defendants AEROFLEX INCORPORATED,<br>AEROFLEX COLORADO SPRINGS, INC.,<br>AMI SEMICONDUCTOR, INC., MATROX<br>ELECTRONIC SYSTEMS, LTD., MATROX<br>GRAPHICS INC., MATROX<br>INTERNATIONAL CORP., and MATROX<br>TECH, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 13 | RICOH COMPANY, LTD., | Case No. C03-4669 MJJ (EMC) |
| 14 | Plaintiff, | Case No. C03-2289 MJJ (EMC) |
| 15 | vs. | **EXPEDITED MOTION TO COMPEL ACCESS TO INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE ORDER, OR IN THE ALTERNATIVE, TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION AND ORDER THEREON** |
| 16<br>17<br>18<br>19 | AEROFLEX INCORPORATED, AMI<br>SEMICONDUCTOR, INC., MATROX<br>ELECTRONIC SYSTEMS LTD., MATROX<br>GRAPHICS INC., MATROX<br>INTERNATIONAL CORP., MATROX TECH,<br>INC., AND AEROFLEX COLORADO<br>SPRINGS, INC., | |
| 20 | Defendants. | |
| 21<br>22 | SYNOPSYS, INC., | |
| 23 | Plaintiff, | |
| 24 | vs. | |
| 25 | RICOH COMPANY, LTD., | |
| 26 | Defendant. | |

**HOWREY LLP**

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
EXP MTN TO COMPEL ACCESS TO INFO COVERED BY THE
PRO. ORDER OR TO DE-DESIGNATE ALLEGEDLY CONF INFO
DM_US\8353030.v1

## I. INTRODUCTION

Synopsys and the Customer Defendants hereby move pursuant to Local Rule 7-10 for an order permitting their expert, Mr. Charles Van Horn, access to information that Ricoh has marked confidential, although as set forth below, Synopsys and Customer Defendants dispute that the information they want to show Mr. Van Horn is, in fact, confidential. Synopsys and the Customer Defendants seek expedited resolution of this matter because of the rapidly approaching June 19, 2006 deadline for opening expert reports.[1]

## II. FACTS

Synopsys and the Customer Defendants disclosed Mr. Van Horn pursuant to the terms of the Stipulated Protective Orders in place in this case on May 22, 2006, with the intention of using Mr. Van Horn, a partner at the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, as their inequitable conduct expert. Under the terms of the Stipulated Protective Orders, Ricoh was required to raise any objection to Mr. Van Horn's access to Ricoh confidential information in the case within ten days of the May 22 disclosure. Knowing that the date for submitting expert reports was fast approaching, Ricoh waited the full ten days to object to the designation of Mr. Van Horn, and then sent the following objection:

> We recently received a notice from your firm that you had retained Charles Van Horn as a potential expert witness. Mr. Van Horn is a partner with the Finnegan Henderson law firm in Washington D.C. As you have long been aware, the Finnegan Henderson firm represents Elan Microelectronics Corp., which has received warning letters from Ricoh regarding the '432 patent. *See* SP68389 (enclosed). Under these circumstances, we object to your retention and designation of Mr. Van Horn

De Mory Decl., Exh. 1.

Although Synopsys and the Customer Defendants immediately disputed that this was a legitimate objection, they nonetheless contacted Mr. Van Horn and requested that the Finnegan law

---

[1] Because of Ricoh's litigation tactic of waiting 10 days to make its objection known and because, as explained below, Ricoh lacks any legitimate basis for its objection, Synopsys and the Customer Defendants request additional time (commensurate with the delay created by the objection) to complete their inequitable conduct report. Either Mr. Van Horn will need time to review the documents described herein, or Synopsys and the Customer Defendants will have to get a new expert up to speed. In addition, should the Court sustain Ricoh's objection, Synopsys and the Customer Defendants request that the Court modify the Protective Order to require that all future objections be made within three (3) business days.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)       1
EXP MTN TO COMPEL ACCESS TO INFO COVERED BY THE
PRO. ORDER OR TO DE-DESIGNATE ALLEGEDLY CONF INFO
DM_US\8353030.v1

firm put into place an ethical wall between Mr. Van Horn and any attorneys who work on the Elan matter referenced in Ricoh's objection. Ricoh was immediately informed of the ethical wall, but Ricoh still refused to lift its objection. De Mory Decl., Exh. 2. When it communicated its refusal to agree that the ethical wall provided adequate protections, Ricoh stated:

> We believe that Mr. Van Horn has a conflict of interest within his firm that should preclude him from accepting the proposed engagement as an expert witness. In addition, Ricoh does not want its confidential information to be disclosed to a law firm that is representing other parties that Ricoh has contacted regarding licensing the same patent.

*Id.*

A further in-person meet and confer was conducted on this topic on Friday, June 3, 2006. Ricoh reiterated its objection that it did not want a potentially adverse party to have access to its confidential information. In addition, it also explained the alleged conflict. In particular, Ricoh's counsel stated that there may be a conflict between Synopsys and the Customer Defendants on the one hand, and Elan, on the other hand. During the meet and confer, Ricoh was informed that it lacked standing to raise the conflict, and Ricoh has failed to supply any authority to support its conflict theory. Most notably, Ricoh has not adequately explained how there can be any conflict between Elan and Synopsys and the Customer Defendants given that that Ricoh's claims against Elan appear to be the same as against the other Customer Defendants – i.e., that Elan's use of the Synopsys tools infringes the method of the '432 patent.

During the meet and confer, Synopsys and the Customer Defendants also informed Ricoh that they would assert that the materials they desired to show Van Horn, which relate to inequitable conduct, were not confidential in the first instance, and thus, the objection was not well-founded for this reason as well. In particular, Synopsys and the Customer Defendants desire to show Van Horn documents that are more than twenty years old relating to an on-sale bar, the alleged conception of the invention (which has now long been made public by virtue of the filing of the application), the failure to name known joint inventors, and related deposition testimony. Indeed, Ricoh has no basis to claim as confidential even the source code for what it claims was the initial embodiment of the patent is confidential given that this code is twenty years old and for a product Ricoh has not sold, used or distributed for at least fifteen years. Simply put, there is no legitimate basis for claiming that this

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)   -2-
EXP MTN TO COMPEL ACCESS TO INFO COVERED BY THE
PRO. ORDER OR TO DE-DESIGNATE ALLEGEDLY CONF INFO
DM_US\8353030.v1

information is confidential in the first instance.  Synopsys and the Customer Defendants explained this to Ricoh, and yet Ricoh declined to withdraw its objection.

Synopsys and the Customer Defendants submit, under seal, the documents it intends to provide to Mr. Van Horn.  De Mory Decl., Exhs. 3-6.  Synopsys and the Customer Defendants would also show Mr. Van Horn deposition testimony of Dr. Kobayashi, Mr. Oka, and Mr. Ishijima relating to these documents and art known to Ricoh or ICC, which was not sent to the Patent Office.  Given that Mr. Van Horn will be testifying about inequitable conduct, given the duty of candor required in PTO proceedings, it is hard to believe that Ricoh can legitimately claim anything relating to the Patent Office proceedings confidential in any manner.   Indeed, that Ricoh continues to claim confidentiality only further reinforces the substantial evidence that demonstrates that inequitable conduct has, in fact, been committed.

## III.   ARGUMENT

There is no basis for Ricoh's objection.  Indeed, Ricoh has yet to come forward with any legal support for its position notwithstanding the fact that it fully appreciates the urgency of the situation. There is no legitimate basis on which to claim confidentiality as to the documents and testimony at issue here, in the first instance.  Moreover, although unnecessary under the circumstance, Mr. Van Horn has already agreed to put in place an ethical wall that will prevent the attorneys who work adverse to Ricoh on the Elan Microelectronics matter relating to the '432 patent from seeing the alleged confidential information, or any information provided to Mr. Van Horn. In the face of these facts, it appears as if Ricoh's entire objection – including waiting 10 days to make it – is nothing more than an improper attempt to seek a litigation advantage with a frivolous objection.

With regard to the conflict claim, Ricoh has no standing to raise an alleged conflict between Synopsys and the Customer Defendants, on the one hand, and Elan, on the other hand.  Ninth Circuit courts have followed the majority view that "only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client." *Colyer v. Smith*, 50 F. Supp. 2d 966, 969 (C.D. Cal. 1999) (collecting and analyzing cases). *Colyer* did leave open the possibility that, in egregious circumstances, a third party conflict can be raised; however, to do so, the moving party must demonstrate an "invasion of a legally protected interest

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)      -3-
EXP MTN TO COMPEL ACCESS TO INFO COVERED BY THE
PRO. ORDER OR TO DE-DESIGNATE ALLEGEDLY CONF INFO
DM_US\8353030.v1

1  which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."
2  *Colyer*, 50 F. Supp. 2d at 973, *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also*
3  *Canatella v. Stovitz*, 2004 U.S. Dist. LEXIS 24266, *10-*11 (N.D. Cal. Sept. 13, 2004) (following
4  *Colyer*).  Ricoh has not done so – the conflict it complains about is in *Choate*, and is only hypothetical.
5  Moreover, Synopsys and the Customer Defendants have already agreed, in advance, to waive any
6  conflict should the Finnegan firm become adverse to Synopsys or the Customer Defendants provided
7  that an ethical wall is in place with regard to Mr. Van Horn.  Indeed, Ricoh's reliance on this alleged
8  possible conflict is truly ironic given that Elan's alleged infringement apparently also stems from its
9  use of the Synopsys tools at issue in this litigation.

10        There is no legitimate basis for Ricoh's objection to showing Mr. Van Horn confidential
11 information.  Ricoh would have to show good cause for this Court to deny Mr. Van Horn access to the
12 information.  *See Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc*., 1996
13 U.S. Dist. LEXIS 21459 (N.D. Cal. Oct. 28, 1996) (granting Local Rule 7-10 request to permit expert
14 to access confidential information were opposing party could not articulate anything more than a fear
15 that a competitor would get confidential information).  Ricoh has not and cannot come forward with
16 any good cause showing.  Indeed, Mr. Van Horn is not a "competitive decisionmaker," as defined by
17 case law.  Neither Finnegan nor Elan is a Ricoh competitor.  To the extent that Ricoh has any
18 legitimate concerns (which it does not), an ethical wall is already in place, which eliminates Ricoh's
19 concerns regarding any potential transfer of the allegedly confidential information.   Thus, even the
20 chance of disclosure to a potential adverse party or law firm has been eliminated.  Moreover, the
21 Protective Order, to which Mr. Van Horn has already agreed to be bound, provides that information
22 will be used *for this litigation only*.  3/24/04 Stipulated Protective Order, ¶1.  Ricoh has not even
23 articulated a legitimate fear of competitive or other harm.  Even if it had, adequate precautions have
24 already been taken.

25        Moreover, it would be highly prejudicial at this point to require Synopsys and the Customer
26 Defendants to find an alternative expert.  Ricoh's objection is akin to a motion to disqualify Mr. Van
27 Horn so that Synopsys and the Customer Defendants will have to find another expert on Patent Office
28 practice and procedure, including the duties of disclosure and candor.  "Policies militating against

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)           -4-
EXP MTN TO COMPEL ACCESS TO INFO COVERED BY THE
PRO. ORDER OR TO DE-DESIGNATE ALLEGEDLY CONF INFO
DM_US\8353030.v1

disqualification include guaranteeing that parties have access to expert witnesses who possess specialized knowledge and allowing experts to pursue their professional callings." *Space Sys./Loral v. Martin Marietta Corp.,* No. 95-20122-SW, 1995 U.S. Dist. LEXIS 22305, at *5-6 (N.D. Cal. filed Nov. 15, 1995) (citing *English Feedlot, Inc. v. Norden Labs., Inc.,* 833 F. Supp. 1498, 1504-05 (D. Colo. 1993)). Moreover, Mr. Van Horn has already done work analyzing all of the non-confidential information on which portions of his opinion will be based.

In addition, the time is very short. Even if Synopsys found and disclosed a substitute inequitable conduct expert today, that expert would not be able to begin viewing Ricoh confidential information until at least June 16, three days before the deadline for his or her expert report (assuming that Ricoh engaged in the same behavior as it did with Mr. Van Horn of waiting a full ten days before responding to Synopsys' disclosure of that expert). And that, of course, assumes that Ricoh does not raise another frivolous objection to the subsequent expert. Thus, should the Court sustain Ricoh's objection, Synopsys and the Customer Defendants respectfully request a modification of the Protective Order, and require Ricoh to object to any newly disclosed expert within three business days so Ricoh cannot use this litigation tactic in the future.[2]

Finally, with regard to Ricoh's claim that the information is confidential, the Stipulated Protective Order in this case provides that:

> "'Confidential Information,' includes but is not limited to, (i) proprietary technical information and specifications, (ii) trade secrets, (iii) confidential know-how, and (iv) proprietary business and financial information and any other non-public information, the disclosure of which is likely to have the effect of causing significant competitive harm to the disclosing party or party from which the information was obtained.

3/24/04 Stipulated Protective Order ¶ 3(a). Here, these 20 year old documents, and testimony about these documents and public prior art references that were not submitted to the patent office, do not fall into any of the categories set forth above. Thus, in the alternative and pursuant to Paragraph 12 of the

---

[2] Given the short time remaining, Synopsys and the Customer Defendants may disclose an additional expert in an abundance of caution. This, however, does not mean that Synopsys and the Customer Defendants will not be significantly prejudiced should they have to change experts.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)    -5-
EXP MTN TO COMPEL ACCESS TO INFO COVERED BY THE
PRO. ORDER OR TO DE-DESIGNATE ALLEGEDLY CONF INFO
DM_US\8353030.v1

Stipulated Protective Order, Synopsys and the Customer Defendants request that the Court de-designate these documents.

### IV.  CONCLUSION

For the foregoing, Synopsys and the Customer Defendants respectfully request that either Mr. Van Horn be permitted to view confidential information forthwith, or that the Court de-designate the information. In addition, Synopsys and the Customer Defendants respectfully request additional time to complete their inequitable conduct report commensurate with the time it has taken to resolve this issue. Synopsys and the Customer Defendants further request that the Court modify the Protective Order such that Ricoh must make all objections to future designated experts within three (3) business days.

Dated:  June 5, 2006                                    Respectfully submitted,

HOWREY LLP

By:  _____/s/Denise M. De Mory_____
          Denise M. De Mory
Attorneys for Plaintiff
SYNOPSYS, INC. and for Defendants
AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS,
INC., AMI SEMICONDUCTOR, INC.,
MATROX ELECTRONIC SYSTEMS,
LTD., MATROX GRAPHICS, INC.,
MATROX INTERNATIONAL CORP.,
and MATROX TECH, INC.

### **O R D E R**

Ricoh's objection to Charles Van Horn is overruled. In addition, Synopsys and the Customer Defendants' deadline to serve an inequitable conduct is extended by _____ days. In addition, the Stipulated Protective Order is modified such that any objection to a designated expert shall be made within three (3) business days.

DATED:_____

_____
EDWARD M. CHEN
United States Magistrate Judge

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)                    -6-
EXP MTN TO COMPEL ACCESS TO INFO COVERED BY THE
PRO. ORDER OR TO DE-DESIGNATE ALLEGEDLY CONF INFO
DM_US\8353030.v1