Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Phone (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff Ricoh Company, Ltd.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-2289-MJJ (EMC)** <br> **CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants | **RICOH'S MOTION TO QUASH SUBPOENAS** |

In April 2006, Synopsys and the Aeroflex defendants moved to compel two more deposition days of a third party resident of Japan, Dr. Hideki Kobayashi. Ricoh objected to the motion and sought a protective order, pointing out that Dr. Kobayashi already had been deposed for two days. On March 30, 2006, this Court after considering all of the issues raised permitted Dr. Kobayashi to be deposed for "one additional day": "The Customer Defendants are entitled to take *one additional day* of the deposition of Dr. Kobayashi, the first-named inventor of the patent-in-suit." D.E. 414, at 3, emphasis added. The parties agreed to split the cost of Dr. Kobayashi traveling to the U.S. so he could attend his one day deposition. Dr. Kobayashi was deposed for a very full day, from 9:30 am to nearly 7 pm, thereby having testified for three full days in this matter. At the end of the day, counsel for defendants served Dr. Kobayashi with two subpoenas – the first ignoring the Order by the Court and purporting to require even more deposition testimony from Dr. Kobayashi, and second requiring his attendance at trial. (Exh. 1&2.)

The subpoenas should be quashed, and Synopsys' counsel should be sanctioned for their deliberate disregard of this Court's order. Those subpoenas are a gross violation of the Court's explicit instructions that the deposition be limited to only one day. Synopsys had sought two additional days of Dr. Kobayashi's deposition; Ricoh objected and sought to block any further testimony. Thus, this Court has already been presented with cross-motions to compel and to quash. Ruling on the cross motions, the Court instructed the parties that Dr. Kobayashi may be deposed for one additional day. After that deposition day was concluded, defendants' counsel blatantly violated this Court's order by issuing new subpoenas for additional testimony.

The subpoenas are invalid because they were served under false pretenses. There is no question that Dr. Kobayashi could not have been subpoenaed in Japan, where he lives. Because there were no Embassy or consulate deposition dates available that would work for counsel and the witness, the parties agreed that they would split the cost of Dr. Kobayashi's travel to the U.S. so he could provide his additional day of testimony. The only reason that Dr. Kobayashi was in the U.S. was to testify. To lure a witness under false pretenses into a jurisdiction and serve him with a subpoena is deplorable and a violation of the federal rules, and renders void the subpoena. *See Wyman v. Newhouse, 93 F.2d 313 (2d Cir. 1937)* (fraudulent inducement into the jurisdiction serves as a defense to service).

      The Court already has acknowledged that it did not have jurisdiction over Dr. Kobayashi. Service of subpoenas upon resident of Japan temporarily in the jurisdiction pursuant to an agreement that he testify for one day cannot create that jurisdiction. Dr. Kobayashi has retuned to Japan and is no longer in the U.S. As the Court never had jurisdiction, it cannot enforce the invalid subpoenas. Thus, the subpoenas should be quashed.

      The subpoenas also are invalid because counsel failed to include the required witness fee. Rule 45 requires the inclusion of a mileage fee from the residence of the witness to the location of the testimony. Dr. Kobayashi is a resident of Tokyo, Japan, and the site of the testimony is San Francisco – about 11,000 miles round trip. At the General Services Administration (GSA) 2006 *per diem* rate of $1.07 per mile, the witness should have been provided a check in the amount of $11,770 for each subpoena. However, no witness fee was included with either subpoena, rendering them defective and unenforceable.

      Counsel for Synopsys and the Aeroflex defendants have not attempted to defend the validity of the subpoenas, but instead have claimed that additional testimony is needed from Dr. Kobayashi. They made this same argument in April, and this Court permitted one additional day. There is point that discovery must come to an end, and after three days of testimony from this third party, we are at that point. The subpoenas should be quashed, and Ricoh receive its fees and costs pursuant to 28 U.S.C. 1927.

Dated: June 7, 2006

DICKSTEIN SHAPIRO MORIN & OSHINSKY

By: /s/ Kenneth W. Brothers
    Gary M. Hoffman
    Kenneth W. Brothers
    2101 L Street, NW
    Washington, DC 20037-1526
    Phone (202) 785-9700
    Fax (202) 887-0689

Attorneys for Ricoh Company, Ltd.

1
2  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
3

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INC., et al., <br><br> Defendants. | CASE NO. CV 03-4669-MJJ (EMC) <br><br> CASE NO. CV 03-2289-MJJ (EMC) <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF RICOH'S MOTION TO QUASH SUBPOENAS** |
| SYNOPSYS, INC., <br><br> Plaintiff, <br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | |

Upon consideration of RICOH'S MOTION TO QUASH SUBPOENAS, and supporting evidence, Defendants' Opposition, and supporting evidence, and any reply and additional argument, and having conducted a hearing on the motions, and the Court being fully advised of the premises, the Court hereby GRANTS Ricoh's Motion to Quash the Subpoenas served on Dr. Hideki Kobayashi and awards Ricoh its reasonable attorneys' fees incurred as a result of the Aeroflex Defendants'/Synopsys' service of the subpoenas.

IT IS SO ORDERED.

DATED: _____         _____
                                The Honorable Edward Chen
                                Magistrate Judge, United States District Court