```
 1  Teresa M. Corbin (SBN 132360)
    Denise M. De Mory (SBN 168076)
 2  Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
 3  525 Market Street, Suite 3600
    San Francisco, California 94105
 4  Telephone: (415) 848-4900
    Facsimile: (415) 848-4999
 5
    Attorneys for Plaintiff SYNOPSYS and
 6  Defendants AEROFLEX INCORPORATED,
    AEROFLEX COLORADO SPRINGS, INC.,
 7  AMI SEMICONDUCTOR, INC., MATROX
    ELECTRONIC SYSTEMS, LTD., MATROX
 8  GRAPHICS INC., MATROX
    INTERNATIONAL CORP., and MATROX
 9  TECH, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC.,<br><br>　　　　Defendants. | Case No. C03-4669 MJJ (EMC)<br><br>Case No. C03-2289 MJJ (EMC)<br><br>**NOTICE OF PARTIAL WITHDRAWAL OF EXPEDITED MOTION TO COMPEL ACCESS TO INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE ORDER, OR IN THE ALTERNATIVE, TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION AND ORDER THEREON** |
| SYNOPSYS, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RICOH COMPANY, LTD.,<br><br>　　　　Defendant. | |

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
NOTICE OF WITHDRAWAL OF PORTION OF EXPEDITED
MOTION TO COMPEL
DM_US\8354183.v1

Synopsys and the Customer Defendants (hereinafter collectively "Defendants") submit this partial withdrawal of their motion regarding Ricoh's objection to Mr. Van Horn. Defendants hope to resolve all issues, but the parties still appear to need some, albeit minimal, Court intervention.

Defendants withdraw the portion of their motion as to compelling access for Mr. Van Horn, but maintain the request for an extension of time to file his report as well as to de-designate four documents (exhibits 3-6 of the original De Mory Decl.).[1] After Defendants filed their Expedited Motion, they discovered that, in addition to rejecting the ethical wall the Finnegan, Henderson firm put in place and failing to provide any legal support for its objection, Ricoh knew at the time the objection was made that *Akin Gump, not Finnegan, has been handling the Ricoh matter for Elan Microelectronics since at least September of 2005*. Documents produced by Ricoh in April 2006 evidence that Ricoh knew that the law firm of Finnegan, Henderson, with whom Mr. Charles Van Horn is a partner, no longer represents Elan. The first document is a letter dated September 9, 2005 from Mr. Gary C. Ma of Akin Gump Strauss Hauer & Feld LLP (with Mr. Hu, at the time of the letter, also a partner at Akin Gump, carbon copied) *informing Mr. Hoffman that Akin Gump represents Elan Microelectronics*. Supp. De Mory Decl., Exh. 1. Indeed, Ricoh directly communicated with the Akin Gump attorneys in February of 2006 with regard to its issues with Elan – notably, *they did not communicate with or copy Finnegan, Henderson on this matter*. Supp. De Mory Decl., Exh. 2.

Defendants informed Ricoh that in light of these facts, Ricoh's objection to Mr. Van Horn was not well founded, appeared in bad faith and requested that the objection be withdrawn and a brief extension granted. Ricoh refused to immediately withdraw its objection, and demanded further information about Finnegan's representation of Elan on any matter. Rather than protract the battle, Defendants confirmed with Finnegan and Akin Gump what Ricoh already knew but failed to disclose —Finnegan no longer represents Elan but Akin Gump does. Ricoh then withdrew its objection to Mr. Van Horn, and requested that Defendants withdraw their motion without comment on what had transpired.

---

[1] Defendants also withdraw, at this time, their request to de-designate portions of deposition testimony.

However, Ricoh would not agree to the extension, or the de-designation of the documents.[2] Defendants informed Ricoh that they would withdraw the portion of the motion relating to Mr. Van Horn, but would continue to request the extension and de-designation. In response, Ricoh said if the entire motion was withdrawn, then it would agree to the four day extension.[3]

Although Ricoh knew the undersigned was traveling, counsel sent a demand to immediately withdraw the motion in its entirety or risk sanctions. Shortly after landing, counsel informed Ricoh that given its agreement to the extension, the motion would be withdrawn, but that de-designation would be addressed later in a separate motion. Ricoh sent the following response two hours later:

> Based upon Ethan's message, tonight I drafted the opposition on the designation portion. We do not have a meeting of the minds since you are reserving the right to refile, so there is no agreement that you have the extra four days. We will file tomorrow unless we receive an unequivocal message by 10 am ET tomorrow that you will withdraw and not refile. If you so agree, then we agree that each side can have the extra four days.

In view of the foregoing events, Defendants must continue to press this motion with regard to the extension and designation of documents, although we believe it to be an unnecessary use of judicial (and party) resources. Twice, counsel for Ricoh has indicated it would agree to the extension. Now, however, in exchange, Ricoh is improperly trying to extract a promise to forego rights granted in the Stipulated Protective Order, without ever even addressing the merits of the issues relating to confidentiality of the documents. Defendants respectfully request that the Court grant a four day extension, and also de-designate the twenty-year old documents that contain no confidential information – at least not now – and probably as of the filing of the patent application.

---

[2] These documents are critical documents to Synopsys and the Customer Defendatns defense. In particular, pages KBSC 9-27, the KBSC manual, and the .blath source code contain the names of third parties, at least some of whom Defendants contend were the true inventors, or at least joint inventors, of the '432 patent. Given that the patent application was filed, and discloses some, if not all of the technical information in these documents, they are not legitimately confidential. In contrast, Defendants have a significant need to be able to continue to fully investigate its defenses using these documents.

[3] Ricoh also stated: "If we respond, we may request that all documents more than 10 years old be declassified." The threat to request declassification of all documents more than 10 years old if Defendants continue to press their rights under the Stipulated Protective Order is notable. First, obviously, each request to declassify will need to be addressed on a case by case basis. Second, it is also inappropriate. Ricoh knows that Synopsys source code and the Customer Defendants' source code which is 10 or more years old remains highly confidential, and it has, in fact, contended the currently highly confidential code relates back to this code. In essence, Ricoh is threatening that if we persist in a motion to de-classify four documents as to which there may have been no legitimate claim to confidentiality for almost 20 years, it will ask the Court, in a broad brush, to make the source code of Defendants public. These kind of tactics need to stop.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)    -2-
NOTICE OF WITHDRAWAL OF PORTION OF EXPEDITED
MOTION TO COMPEL
DM_US\8254182.v1

| | |
|---|---|
| 1 | |
| 2   Dated: June 8, 2006 | Respectfully submitted, |
| 3 | HOWREY LLP |
| 4 | |
| 5 | |
| 6 | By:  /s/Denise M. De Mory |
| | Denise M. De Mory |
| 7 | Attorneys for Plaintiff SYNOPSYS, INC. and for Defendants AEROFLEX INCORPORATED, AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC. |

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
NOTICE OF WITHDRAWAL OF PORTION OF EXPEDITED
MOTION TO COMPEL

-3-