Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | CASE NO. C-03-4669-MJJ (EMC) <br><br> CASE NO. C-03-2289-MJJ (EMC) <br><br> **RICOH'S RESPONSE TO (1) DEFENDANTS' EXPEDITED MOTION TO COMPEL INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE ORDER, OR IN THE ALTERNATIVE TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION; AND (2) DEFENDANTS' NOTICE OF PARTIAL WITHDRAWAL OF SAME** |

Ricoh timely objected to defendants' designation of Mr. Van Horn as a proposed expert who would have access to Ricoh's confidential information because he was a partner at the Finnegan Henderson law firm, which had previously represented a third party with whom Ricoh had initiated discussions regarding a license on the '432 patent – the very same patent in suit in this litigation.  On Wednesday, June 7 – two days *after* defendants filed their emergency motion, and the week after defendants had said that the Finnegan firm would put in place an ethical wall to separate Mr. Van Horn from that third party – defendants informed Ricoh for the first time that the Finnegan Henderson firm no longer represented that third party.[1]  See Brothers Decl. Ex. 2.  Defendants' counsel told Ricoh that if Ricoh would withdraw its opposition, defendants would withdraw their motion.  *Id.*  Ricoh promptly withdrew its opposition the same day.  *Id.*  As a result, Mr. Van Horn is immediately able to have access to Ricoh's confidential information and do whatever expert analysis he believes is appropriate.

Defendants, however, refused to withdraw entirely the motion, instead insisting that the Court rule on their conditional alternative relief of declassifying documents. On Thursday, June 8, Defendants' counsel wrote that "[w]e will however continue to press the de-designation of the documents." Brothers Decl. Ex. 1, DeMory email.  Ricoh's counsel responded that there was no reason to continue with the motion:

> We see no reason for you to persist in this motion.  You had said that you would withdraw if we withdrew our objections, which we have done.  Your requested relief of declassification was in the alternative, which is no longer applicable.  We reiterate our request that you withdraw the entire motion.

Brothers Decl. Ex. 2.  After receiving no response and sending another request explaining that Ricoh required an immediate response so it could know whether it needed to file anything today, *id.,* defendants counsel responded: "Denise has made our position clear.  If she has anything additional to

---

[1] Unburdened with any evidence, Defendants have speculated in their notice of partial withdrawal that Ricoh's objection was in bad faith because one of the Finnegan attorneys had moved to the Akin Gump firm.  Ricoh did not know, however, whether the Finnegan firm was continuing to represent the prospective Ricoh licensee; in fact, defendants initial response that the Finnegan firm was putting in place an ethical wall to separate Mr. Van Horn from any of the firm's work on behalf of that third party confirmed Ricoh's concern that the Finnegan firm was still involved.  Brothers Dec. ¶ 2, Ex. 1.

say, you will hear from her once she is back online.  Thus, you should make whatever preparations you feel you must given her last communication on this issue." Ricoh then prepared this response.[2]

Defendants' insistence that Ricoh respond to the motion after defendants had agreed that the motion would be withdrawn is abusive.  The motion should be denied, and defendants sanctioned. Defendants' conduct is the very definition of "multiplication of proceedings" that supports sanctions under 28 U.S.C. 1927.  The defendants have obtained the relief they sought in the motion.  There is no legitimate reason to consider the alternative request for relief.

To the extent the Court is inclined even to consider the issue of declassification, defendants have failed to make an adequate showing that the documents should be declassified.  Protective orders can "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing FED. R. CIV. P. 26(c)(7)); *see also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470-72 (9th Cir. 1992) (upholding the confidential classification of source code under a protective order).  Where, as here, "a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307 F.3d at 1213.  Therefore, a party seeking to disclose a document covered by a protective order "must present sufficiently compelling reasons why the document should be released." *Id.*

The documents at issue were produced to defendants years ago – between August and October 2003.  Exhibit 3 (KBSC 1-28) was produced on September 11, 2003; Exhibit 4 (RCL 2694-2928) was produced on August 27, 2003; Exhibit 5 (RCL 1513-1633) was produced on August 27, 2003; and Exhibit 6 (KBSC 225-229) (Exh. 6) was produced on October 7, 2003.  Brothers Dec. ¶ 7.  Although

---

[2] On Thursday, Ms. DeMory offered to conditionally withdraw their motion, provided that Ricoh agree that defendants could refile at any time.  Brothers Dec. Ex. 3.  Ricoh declined to let this issue hang unresolved.  *Id.*  In their notice of partial withdrawal, defendants have made clear that they are continuing to press the issue of the declassification of the documents.

1  defendants now say in their notice of partial withdrawal that these documents are "critical" to their case,
2  they provide no explanation whatsoever of the sudden need to have the documents declassified.
3  Defendants have failed to show "changed factual or legal circumstances" that require the confidentiality
4  designation to be changed. *Air-Sea Forwarders, Inc. v. Air Asia Co.*, 1999 WL 669394, at *1 (9th Cir.
5  1999).

6  The documents that defendants propose to make public contain extensive source code that has
7  never been made public. Brothers Decl. ¶ 8. Defendants have made no showing that all of the code, or
8  even a significant potion, has been publicly disclosed. They speculate that some of the code may be
9  been disclosed in the patent prosecution, but make no reference to the public prosecution documents to
10 support the claim. In fact, the patent does not disclose the actual source code that is contained in the
11 documents. A motion to suspend a protective order, which is analogous to defendants' request to
12 declassify documents under an existing protective order, should be denied where, as here, the party
13 seeking disclosure agreed to the protective order and where, as here, the information has not been made
14 public or otherwise disclosed to competitors. *In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155,
15 165 (N.D. Cal. 1992). The fact that the source code is old does not make it any less confidential, as
16 defendants' notice of partial withdrawal makes clear (at p. 2, n. 3): "Ricoh knows that the Synopsys
17 source code and the Customer Defendants source code which is 10 years or more old remains highly
18 confidential." There is absolutely no reason that Ricoh's source code should be made public, but
19 defendant should not.

20 Defendants also have not specified which documents, and which portions of the deposition
21 testimony, they propose to declassify. Brothers Decl. ¶ 9. The documents and especially depositions
22 address a number of issues, only a few of which are relevant to Mr. Van Horn's work. For example,
23 other portions of the information that defendants apparently propose to declassify includes highly
24 sensitive information such as Ricoh's licensing strategies, the amount of revenue from licensing,
25 confidential information received from third parties, and so forth. *Id.* This information is not twenty
26 years old, as Defendants would have the Court believe, but includes information as current as this year.
27 Defendants' notice of partial withdraw makes no mention of their earlier request that all of Ricoh's
28

1  extensive Rule 30(b)(6) testimony – spanning some four years of litigation – be declassified, so perhaps
2  they have realized that their request is inappropriate and have withdrawn it.  If not, there has been
3  absolutely no showing of why the request should be granted.
4       Defendants also propose to declassify information produced by a third party (De Mory Exhibits 3
5  and 6) who produced it pursuant to a subpoena and designated it "confidential" under the protective
6  order.  Before the Court rules on a motion to declassify, defendants are required under the protective
7  order to give notice to that third party, and that third party should have the opportunity to be heard.
8  Defendants, however, have failed to comply with the protective order and give notice to the third party.
9       Defendants have not shown how the classification of the documents adversely affects them in
10 any way.  Mr. Van Horn has access to the documents, and nothing will change if the motion is denied.
11 There is no need to address the classification of documents at this time.  Indeed, defendants have
12 designated more than 90% of the documents they have produced, and virtually every deposition
13 transcript of their clients, as confidential under the protective order.  Many of those documents are more
14 than ten years old. For example, Exhibit 43 to defendant's June 8 motion to compel is a document
15 produced by Synopsys of a 1986 press release that Synopsys has designated as confidential.  If the Court
16 is inclined to consider declassification, it should presumptively order that all documents produced by
17 any party that are more than ten years old should be declassified.
18      Finally, defendants seek more time for Mr. Van Horn to provide his expert report.  The problem
19 has been one of defendants own making – waiting until the close of discovery to designate Mr. Van
20 Horn, then leading Ricoh to believe that the Finnegan firm was still representing the prospective Ricoh
21 licensee, then refusing to withdraw the motion.  Defendants have made no showing that they need extra
22 time.  A delay of the expert reports jeopardizes the pretrial schedule.  No more delays should be
23 tolerated.
24      The better course, however, is to simply deny the motion.  Because Ricoh's counsel had to
25 respond to this motion after defendants' counsel promised it would be withdrawn, defendants' counsel
26 should personally have to pay Ricoh's counsel $1530 for the three hours it took to review defendants'
27
28

1  motion and exhibits, review related information, negotiate with opposing counsel about the issue, and
2  prepare this response.  Brothers Dec. ¶ 5.

3  Dated: June 9, 2006                                            Ricoh Company, Ltd.

4                                                                             By: /s/ <u>Kenneth W. Brothers</u>

5  Jeffrey B. Demain, State Bar No. 126715        Gary M. Hoffman
   Jonathan Weissglass, State Bar No. 185008    Kenneth W. Brothers
6  Altshuler, Berzon, Nussbaum, Rubin &            DICKSTEIN SHAPIRO MORIN *&*
   Demain                                                                  OSHINSKY LLP
7  177 Post Street, Suite 300                              2101 L Street NW
   San Francisco, California  94108                    Washington, D.C.  20037-1526
8  Telephone:  (415) 421-7151                          Telephone: (202) 785-9700
9  Facsimile:  (415) 362-8064                           Facsimile: (202) 887-0689

10                                                                           Edward A. Meilman
                                                                                  DICKSTEIN SHAPIRO MORIN *&*
11                                                                                OSHINSKY LLP
                                                                                  1177 Avenue of the Americas
12                                                                           New York, New York  10036
                                                                                  Telephone:  (212) 896-5471
13                                                                           Facsimile:  (212) 997-9880
14                                                                           Attorneys for Ricoh Company, Ltd.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICOH'S RESPONSE TO DEFENDANTS' EXPEDITED MOTION TO COMPEL INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE
ORDER, OR IN THE ALTERNATIVE TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)   Page 6

2098123.01