1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
3  2101 L Street, NW
   Washington, DC  20037-1526
4  Phone (202) 785-9700
   Fax (202) 887-0689
5
   Edward A. Meilman (*Pro Hac Vice*)
6  DICKSTEIN SHAPIRO MORIN
     & OSHINSKY, LLP
7  1177 Avenue of the Americas
   New York, New York  10036-2714
8  Phone (212) 835-1400
   Fax (212) 997-9880
9
   Jeffrey B. Demain, State Bar No. 126715
10 Jonathan Weissglass, State Bar No. 185008
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 177 Post Street, Suite 300
   San Francisco, California  94108
12 Phone  (415) 421-7151
   Fax (415) 362-8064
13
   Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-4669-MJJ (EMC)** <br><br> **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO (1) DEFENDANTS' EXPEDITED MOTION TO COMPEL INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE ORDER, OR IN THE ALTERNATIVE TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION; AND (2) DEFENDANTS' NOTICE OF PARTIAL WITHDRAWAL OF SAME** |

Kenneth W. Brothers declares as follows:

1. I am an attorney at law licensed to practice in the District of Columbia and the State of Colorado and admitted in this case *pro hac vice*, and am a partner in the law firm of Dickstein Shapiro Morin & Oshinsky, LLP, attorneys for Ricoh Company, Ltd. The matters set forth in this declaration are based on my personal knowledge, and if called as a witness, I could and would testify competently thereto.

2. At the time Ricoh objected to Mr. Van Horn, Ricoh did not know whether the Finnegan firm was continuing to represent the prospective Ricoh licensee. Defendants' initial response that the Finnegan firm was putting in place an ethical wall to separate Mr. Van Horn from any of the firm's work on behalf of that third party confirmed Ricoh's concern that the Finnegan firm was still involved. On Friday, June 2, Ms DeMory wrote: "Van Horn has agreed to set up an ethical wall whereby he would not have any involvement in Finnegan's defense of Elan Microelectronics against any allegations of infringement by Ricoh on the '432 patent." Attached as Exhibit 1 is an email from Denise DeMory to me.

3. On Wednesday, June 7 – two days *after* defendants filed their emergency motion, and the week after defendants had said that the Finnegan firm would put in place an ethical wall to separate Mr. Van Horn from that third party – defendants informed us for the first time that the Finnegan Henderson firm no longer represented that third party. Defendants' counsel stated that if Ricoh would withdraw its opposition, defendants would withdraw their motion. Ricoh promptly withdrew its opposition on June 7. As a result, Mr. Van Horn is immediately able to have access to Ricoh's confidential information and do whatever expert analysis he believes is appropriate. Attached as Exhibit 2 is an email string between me and other Ricoh attorneys and Denise DeMory and other attorneys for defendants.

4. On Thursday, June 8, Defendants' counsel wrote that "[w]e will however continue to press the de-designation of the documents." Ricoh's counsel responded that there was no reason to continue with the motion:

> We see no reason for you to persist in this motion. You had said that you would withdraw if we withdrew our objections, which we have done. Your requested relief of declassification was in

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' EXPEDITED MOTION TO COMPEL INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE ORDER, OR IN THE ALTERNATIVE TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2098430.01

the alternative, which is no longer applicable. We reiterate our request that you withdraw the entire motion.

Brothers Decl. Ex. 2, Brothers email. After receiving no response and sending another request explaining that Ricoh required an immediate response so it could know whether it needed to file anything today, *id.,* defendants counsel responded: "Denise has made our position clear. If she has anything additional to say, you will hear from her once she is back online. Thus, you should make whatever preparations you feel you must given her last communication on this issue."

5. After receiving Mr. Andelman's email, I then prepared Ricoh's response. It took approximately three hours to review defendants' motion and exhibits and other relevant information, negotiate with opposing counsel about the issue, and prepare this response. My billing rate is $510 per hour.

6. On Thursday, Ms. DeMory offered to conditionally withdraw their motion, provided that Ricoh agree that defendants could refile at any time. Attached as Exhibit 3 is an email string between me and other Ricoh attorneys and Denise DeMory and other attorneys for defendants.

7. The documents at issue were produced to defendants between August and October 2003. Exhibit 3 (KBSC 1-28) was produced on September 11, 2003; Exhibit 4 (RCL 2694-2928) was produced on August 27, 2003; Exhibit 5 (RCL 1513-1633) was produced on August 27, 2003; and Exhibit 6 (KBSC 225-229) (Exh. 6) was produced on October 7, 2003.

8. The documents contain extensive source code that has never been made public. The patent does not disclose the actual source code that is contained in the documents.

9. Defendants have not specified which documents, and which portions of the deposition testimony, they propose to declassify. The documents and especially depositions address a number of issues, only a few of which are relevant to Mr. Van Horn's work. For example, other portions of the information that defendants apparently propose to declassify includes highly sensitive information such as Ricoh's licensing strategies, the amount of revenue from licensing, confidential information received from third parties, and so forth.

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' EXPEDITED MOTION TO COMPEL INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE ORDER, OR IN THE ALTERNATIVE TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2098430.01

1    10. Two of the exhibits (De Mory Exhibits 3 and 6) that Defendants propose to declassify were produced by a third party who produced it pursuant to a subpoena and designated it "confidential" under the protective order. Defendants have failed to give notice to the third party of their motion to declassify.

Dated: June 9, 2006                    By: /s/ <u>Kenneth W. Brothers</u>

## Brothers, Kenneth

**From:** Brothers, Kenneth
**Sent:** Friday, June 02, 2006 11:43 AM
**To:** 'DeMory, Denise'
**Cc:** Su, Henry; Fink, Jacky
**Subject:** RE: Van Horn

Denise:

Ricoh declines to withdraw its objection. We believe that Mr. Van Horn has a conflict of interest within his firm that should preclude him from accepting the proposed engagement as an expert witness. In addition, Ricoh does not want its confidential information to be disclosed to a law firm that is representing other parties that Ricoh has contacted regarding licensing the same patent.

Regards, Ken

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Friday, June 02, 2006 11:37 AM
**To:** Brothers, Kenneth
**Cc:** Su, Henry
**Subject:** Van Horn
**Importance:** High

Ken:

With regard to your objection to Van Horn, based on our research it appears to be totally unfounded and improper. Indeed, the terms of the Protective Order itself, to which Van Horn has already agreed to be bound, more than adequately address your concerns. Notwithstanding this, Van Horn has agreed to set up an ethical wall whereby he would not have any involvement in Finnegan's defense of Elan Microelectronics against any allegations of infringement by Ricoh on the '432 patent. Will you withdraw your objections in view of the ethical wall? Obviously, I need a prompt response and note that you have not yet responded to Ms. Fink's e-mail on this topic from yesterday.

Regards,

Denise

---------------------------------------------------------------------------------------------------

This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

EXHIBIT 2

## Brothers, Kenneth

**From:** Andelman, Ethan [AndelmanE@Howrey.com]
**Sent:** Thursday, June 08, 2006 6:34 PM
**To:** Brothers, Kenneth; HowreyRicoh432@lists.dicksteinshapiro.com
**Cc:** Fontaine, Elizabeth; DeMory, Denise; Fink, Jacky
**Subject:** Re: Van Horn Objection

Ken --

Denise has made our position clear.  If she has anything additional to say, you will hear from her once she is back online.  Thus, you should make whatever preparations you feel you must given her last communication on this issue.

--Ethan
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Brothers, Kenneth
To: HowreyRicoh432@lists.dicksteinshapiro.com
CC: Fontaine, Elizabeth; DeMory, Denise; Fink, Jacky; Andelman, Ethan
Sent: Thu Jun 08 18:22:38 2006
Subject: RE: Van Horn Objection


To all opposing counsel:

We need to know immediately if you are withdrawing this motion, as our
response is due tomorrow at noon.  Failure to withdraw immediately will
be grounds for seeking sanctions pursuant to 28 USC 1927.

Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

-----Original Message-----
From: Fontaine, Elizabeth [mailto:FontaineE@howrey.com]
Sent: Thursday, June 08, 2006 4:30 PM
To: Brothers, Kenneth; DeMory, Denise
Cc: Barbisch, Rebecca; Weinstein, Michael; Allen, DeAnna; Seyoum,
Solomon; Hoffman, Gary; Fink, Jacky; Andelman, Ethan
Subject: RE: Van Horn Objection

Ken:

Denise is traveling right now and won't land until 4:30 p.m. PT.  She
will respond to your email then.

Regards,

Elizabeth Hoult Fontaine
Howrey LLP
2020 Main Street, Suite 1000
Irvine, California  92614-8200
949-759-3929 (direct)
949-721-6910 (fax)
fontainee@howrey.com

www.howrey.com

-----Original Message-----
From: Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
Sent: Thursday, June 08, 2006 12:35 PM
To: DeMory, Denise
Cc: Barbisch, Rebecca; Weinstein, Michael; Allen, DeAnna; Seyoum, Solomon; Hoffman, Gary; Fontaine, Elizabeth; Fink, Jacky; Andelman, Ethan
Subject: RE: Van Horn Objection

Denise:

We see no reason for you to persist in this motion. You had said that you would withdraw if we withdrew our objections, which we have done. Your requested relief of declassification was in the alternative, which is no longer applicable. We reiterate our request that you withdraw the entire motion. If you withdraw, we agree to the four extra days per side. If not, then we will oppose.

In addition, the declassification request is vague in that you did not sufficiently identify the portions of the documents and depositions that you want declassified. If we respond, we may request that all documents more than 10 years old be declassified.

As our response is due by noon tomorrow, please immediately confirm your withdrawal of the entire motion.

Regards, Ken



Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

-----Original Message-----
From: DeMory, Denise
To: 'HoffmanG@dicksteinshapiro.com'; Corbin, Terry
CC: 'BrothersK@dicksteinshapiro.com'; 'BarbischR@dicksteinshapiro.com'; 'WeinsteinM@dicksteinshapiro.com'; 'AllenD@dicksteinshapiro.com'; 'SeyoumS@dicksteinshapiro.com'
Sent: Thu Jun 08 14:22:52 2006
Subject: Re: Van Horn Objection

Gary:

Thank you for your notice. I am sorry that I could not respond yesterday, but. please be advised that we will withdraw the portion of our motion that request that your objection be overruled. We will however continue to press the de-designation of the documents as well as a brief extension to complete the ?an Horn report. In particular, we intend ask for a four day extensio and will certainly agree to allowing you an extra four days to respond. If you are agreeable, we can drop this request as well and only proceed on the de-designation. Please make sure Jacky and Ethan on your reply so that they can inform the Court as I will be on a plane and unavailable. Regards, Denise
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----

From: Hoffman, Gary
To: DeMory, Denise; Corbin, Terry
CC: Brothers, Kenneth; Barbisch, Rebecca; Weinstein, Michael; Allen, DeAnna; Seyoum, Solomon
Sent: Wed Jun 07 18:13:56 2006
Subject: RE: Van Horn Objection

Denise,

   First, this entire issue and your sense of urgency is one of your own creation.  The Aeroflex defendants could have raised Mr. Van Horn months ago and in fact raising it at this last minute creates an undue burden on Ricoh.

   Second,  our objections were totally appropriate and in fact your initial response confirmed our concern when you told us that the Finnegan firm was willing to create a wall with Mr. Van Horn with respect to this matter and their representation of Elan.  If you had simply informed us initially that the Finnegan firm no longer represented Elan, you would have saved all of us a lot of time.

   Third, you ranting and nasty accusations are unjustified, unprofessional and inconsistent with the rules of civility.  They are also outright offensive.

   Finally, based on the representation that you and the Finnegan firm (through you) have now made that the Finnegan firm does not represent Elan in any capacity, we withdraw our objections.  Accordingly, you should immediately file a simple withdrawal of your motion.  We trust that you will add no commentary in the notice of withdrawal since any commentary may necessitate our having to respond.

Gary

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky LLP
Tel No. (202)  828-2228
hoffmang@dsmo.com

New contact information as of July 10, 2006:
Dickstein Shapiro LLP
1825 Eye Street NW
Washington DC 20006
direct (202) 420-2228
phone (202) 420-2200
fax (202) 420-2201

_____

From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Wednesday, June 07, 2006 5:25 PM
To: Brothers, Kenneth
Cc: Barbisch, Rebecca; Weinstein, Michael; Hoffman, Gary; Allen, DeAnna
Subject: RE: Van Horn Objection


Ken:

Your objection was not properly made, and the record is very clear on that.  You knew since at least as early as September of 2005 that the

Elan matter relating to the '432 patent, which we dispute was a basis on which to object in the first instance, was being handled by Akin Gump -- not Finnegan. We have confirmed that Finnegan does not represent Elan in any capacity, and expect you to immeidately withdraw your objection, especially now that you have unreasonably wasted another full day. Please advise immediately whether you will: (1) withdraw your objection; and (3) agree to an extension as requested in my e-mail.

Regards,

Denise

_____

From: Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
Sent: Wednesday, June 07, 2006 10:27 AM
To: DeMory, Denise
Cc: Barbisch, Rebecca; Weinstein, Michael; Hoffman, Gary; Allen, DeAnna
Subject: RE: Van Horn Objection


Denise:

The objection was properly made. Even now, we do not know whether the Finnigan firm still represents Elan. Please advise us of whether it does, and if so, in what capacity. We will then advise you of our position.

Regards, Ken


-----Original Message-----
From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Wed 6/7/2006 1:09 AM
To: Brothers, Kenneth
Cc: Barbisch, Rebecca; Weinstein, Michael; Hoffman, Gary; Allen, DeAnna
Subject: Van Horn Objection

Dear Ken:

We have learned that not only the timing and the substance of your objection to Mr. Van Horn were an abusive litigation tactic, but in addition that you knew that your claims were false at the time they were made. Mr. Yitai Hu, the lawyer who wrote the first letter on behalf of Elan in 2003 (which you attached to your letter) moved to Akin Gump in 2004.  Since that time, you and your client certainly have been made aware that Finnegan no longer represents Elan. Indeed, although you attached a Synopsys labeled version of the 2003 Finnegan letter, on April 13, 2006, you produced the 2003 Finngan letter as RCL 11487, and the next document in order, RCL 11488, shows that Akin Gump now represents Elan. The Ricoh produced letters are attached hereto.  In addition, in a letter you likely drafted, your client wrote to Elan in a letter addressed to Akin Gump as recently as February of 2006. See RCL 11491. Moroever, Mr. Van Horn has confirmed that Finnegan has done not work for Elan since January 2004.  In view of the foregoing, we request that you immediately withdraw your objection to Mr. Van Horn, and stipulate that we can have an additional five days to do his report commensurate with the time it has taken us to resolve your bogus objection, or we will immediately bring this matter to the attention of the Court.   We will expect to hear from you by no later than 12:00 p.m.

PST tomorrow.

Regards,

Denise De Mory


<<RCL011491.pdf>> <<RCL011488.pdf>> <<RCL011487.pdf>>

-----------------------------------------------------------------------
-------------------------
This email and any attachments contain information from the law firm of
Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or
entity named on this email.
If you are not the intended recipient, be aware that any disclosure,
copying, distribution or use of the contents of this email is
prohibited.
If you receive this email in error, please notify us by reply email
immediately so that we can arrange for the retrieval of the original
documents at no cost to you.



---------------------------------------------------------
This e-mail message and any attached files are confidential and are
intended solely for the use of the addressee(s) named above. This
communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or
person responsible for delivering this confidential communication to the
intended recipient, you have received this communication in error, and
any review, use, dissemination, forwarding, printing, copying, or other
distribution of this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor any
communication that is created, received, or sent on its network. If you
have received this confidential communication in error, please notify
the sender immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email to
postmaster@dicksteinshapiro.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
======================================================================
======


---------------------------------------------------------
This e-mail message and any attached files are confidential and are
intended solely for the use of the addressee(s) named above. This
communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or
person responsible for delivering this confidential communication to the
intended recipient, you have received this communication in error, and
any review, use, dissemination, forwarding, printing, copying, or other
distribution of this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor any

communication that is created, received, or sent on its network. If you
have received this confidential communication in error, please notify
the sender immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email to
postmaster@dicksteinshapiro.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
======================================================================
======

---------------------------------------------------------
This e-mail message and any attached files are confidential and are
intended solely for the use of the addressee(s) named above. This
communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or
person responsible for delivering this confidential communication to the
intended recipient, you have received this communication in error, and
any review, use, dissemination, forwarding, printing, copying, or other
distribution of this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor any
communication that is created, received, or sent on its network.  If you
have received this confidential communication in error, please notify
the sender immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email to
postmaster@dicksteinshapiro.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
======================================================================
======

---------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network.  If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
==========================================================================

EXHIBIT 3

## Brothers, Kenneth

**From:** Brothers, Kenneth
**Sent:** Thursday, June 08, 2006 10:26 PM
**To:** 'DeMory, Denise'
**Cc:** Barbisch, Rebecca; Weinstein, Michael; Allen, DeAnna; Seyoum, Solomon; Hoffman, Gary; Fontaine, Elizabeth; Fink, Jacky; Andelman, Ethan
**Subject:** RE: Van Horn Objection

Denise:

Based upon Ethan's message, tonight I drafted the opposition on the designation portion. We do not have a meeting of the minds since you are reserving the right to refile, so there is no agreement that you have the extra four days. We will file tomorrow unless we receive an unequivocal message by 10 am ET tomorrow that you will withdraw and not refile. If you so agree, then we agree that each side can have the extra four days.

Regards, Ken


Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP



**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Thursday, June 08, 2006 8:32 PM
**To:** Brothers, Kenneth
**Cc:** Barbisch, Rebecca; Weinstein, Michael; Allen, DeAnna; Seyoum, Solomon; Hoffman, Gary; Fontaine, Elizabeth; Fink, Jacky; Andelman, Ethan
**Subject:** Re: Van Horn Objection

Ken:

I just landed. I disagree that we agreed to withdraw and that we would be subject to sanctions if we persist. However, in view of the agreement to the additional four days, we will withdraw the motion and refile the dedesigntion portion separately if we cannot reach agreement on that issue.

Regards,

Denise
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Brothers, Kenneth
To: DeMory, Denise
CC: Barbisch, Rebecca; Weinstein, Michael; Allen, DeAnna; Seyoum, Solomon; Hoffman, Gary; Fontaine, Elizabeth; Fink, Jacky; Andelman, Ethan
Sent: Thu Jun 08 15:34:36 2006
Subject: RE: Van Horn Objection

Denise:

We see no reason for you to persist in this motion. You had said that you would withdraw if we withdrew our objections, which we have done. Your requested relief of declassification was in the alternative, which is no longer applicable. We reiterate our request that you withdraw the entire motion. If you withdraw, we agree to the four extra days per side. If not, then we will oppose.

In addition, the declassification request is vague in that you did not sufficiently identify the portions of the documents and depositions that you want declassified. If we respond, we may request that all documents more than 10 years old be declassified.

As our response is due by noon tomorrow, please immediately confirm your withdrawal of the entire motion.

Regards, Ken


Ken Brothers
Dickstein Shapiro Morin & Oshinsky LLP

-----Original Message-----
From: DeMory, Denise
To: 'HoffmanG@dicksteinshapiro.com'; Corbin, Terry
CC: 'BrothersK@dicksteinshapiro.com'; 'BarbischR@dicksteinshapiro.com'; 'WeinsteinM@dicksteinshapiro.com'; 'AllenD@dicksteinshapiro.com'; 'SeyoumS@dicksteinshapiro.com'
Sent: Thu Jun 08 14:22:52 2006
Subject: Re: Van Horn Objection

Gary:

Thank you for your notice. I am sorry that I could not respond yesterday, but. please be advised that we will withdraw the portion of our motion that request that your objection be overruled. We will however continue to press the de-designation of the documents as well as a brief extension to complete the ?an Horn report. In particular, we intend ask for a four day extensio and will certainly agree to allowing you an extra four days to respond. If you are agreeable, we can drop this request as well and only proceed on the de-designation. Please make sure Jacky and Ethan on your reply so that they can inform the Court as I will be on a plane and unavailable. Regards, Denise
-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Hoffman, Gary
To: DeMory, Denise; Corbin, Terry
CC: Brothers, Kenneth; Barbisch, Rebecca; Weinstein, Michael; Allen, DeAnna; Seyoum, Solomon
Sent: Wed Jun 07 18:13:56 2006
Subject: RE: Van Horn Objection

Denise,

   First, this entire issue and your sense of urgency is one of your own creation. The Aeroflex defendants could have raised Mr. Van Horn months ago and in fact raising it at this last minute creates an undue

burden on Ricoh.

   Second, our objections were totally appropriate and in fact your initial response confirmed our concern when you told us that the Finnegan firm was willing to create a wall with Mr. Van Horn with respect to this matter and their representation of Elan. If you had simply informed us initially that the Finnegan firm no longer represented Elan, you would have saved all of us a lot of time.

   Third, you ranting and nasty accusations are unjustified, unprofessional and inconsistent with the rules of civility. They are also outright offensive.

   Finally, based on the representation that you and the Finnegan firm (through you) have now made that the Finnegan firm does not represent Elan in any capacity, we withdraw our objections. Accordingly, you should immediately file a simple withdrawal of your motion. We trust that you will add no commentary in the notice of withdrawal since any commentary may necessitate our having to respond.

Gary

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky LLP
Tel No. (202) 828-2228
hoffmang@dsmo.com

New contact information as of July 10, 2006:
Dickstein Shapiro LLP
1825 Eye Street NW
Washington DC 20006
direct (202) 420-2228
phone (202) 420-2200
fax (202) 420-2201

_____

From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Wednesday, June 07, 2006 5:25 PM
To: Brothers, Kenneth
Cc: Barbisch, Rebecca; Weinstein, Michael; Hoffman, Gary; Allen, DeAnna
Subject: RE: Van Horn Objection

Ken:

Your objection was not properly made, and the record is very clear on that. You knew since at least as early as September of 2005 that the Elan matter relating to the '432 patent, which we dispute was a basis on which to object in the first instance, was being handled by Akin Gump -- not Finnegan. We have confirmed that Finnegan does not represent Elan in any capacity, and expect you to immediately withdraw your objection, especially now that you have unreasonably wasted another full day. Please advise immediately whether you will: (1) withdraw your objection; and (3) agree to an extension as requested in my e-mail.

Regards,

Denise

_____

From: Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
Sent: Wednesday, June 07, 2006 10:27 AM
To: DeMory, Denise
Cc: Barbisch, Rebecca; Weinstein, Michael; Hoffman, Gary; Allen, DeAnna
Subject: RE: Van Horn Objection


Denise:

The objection was properly made.  Even now, we do not know whether the
Finnigan firm still represents Elan.  Please advise us of whether it
does, and if so, in what capacity.  We will then advise you of our
position.

Regards, Ken


-----Original Message-----
From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Wed 6/7/2006 1:09 AM
To: Brothers, Kenneth
Cc: Barbisch, Rebecca; Weinstein, Michael; Hoffman, Gary; Allen, DeAnna
Subject: Van Horn Objection

Dear Ken:

We have learned that not only the timing and the substance of your
objection to Mr. Van Horn were an abusive litigation tactic, but in
addition that you knew that your claims were false at the time they were
made.  Mr. Yitai Hu, the lawyer who wrote the first letter on behalf of
Elan in 2003 (which you attached to your letter) moved to Akin Gump in
2004.   Since that time, you and your client certainly have been made
aware that Finnegan no longer represents Elan.  Indeed, although you
attached a Synopsys labeled version of the 2003 Finnegan letter, on
April 13, 2006, you produced the 2003 Finngan letter as RCL 11487, and
the next document in order, RCL 11488, shows that Akin Gump now
represents Elan. The Ricoh produced letters are attached hereto.  In
addition, in a letter you likely drafted, your client wrote to Elan in a
letter addressed to Akin Gump as recently as February of 2006.  See RCL
11491.  Moroever, Mr. Van Horn has confirmed that Finnegan has done not
work for Elan since January 2004.  In view of the foregoing, we request
that you immediately withdraw your objection to Mr. Van Horn, and
stipulate that we can have an additional five days to do his report
commensurate with the time it has taken us to resolve your bogus
objection, or we will immediately bring this matter to the attention of
the Court.   We will expect to hear from you by no later than 12:00 p.m.
PST tomorrow.

Regards,

Denise De Mory


<<RCL011491.pdf>> <<RCL011488.pdf>> <<RCL011487.pdf>>

----------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of
Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or
entity named on this email.
If you are not the intended recipient, be aware that any disclosure,
copying, distribution or use of the contents of this email is
prohibited.
If you receive this email in error, please notify us by reply email
immediately so that we can arrange for the retrieval of the original
documents at no cost to you.



-----------------------------------------------------------
This e-mail message and any attached files are confidential and are
intended solely for the use of the addressee(s) named above. This
communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or
person responsible for delivering this confidential communication to the
intended recipient, you have received this communication in error, and
any review, use, dissemination, forwarding, printing, copying, or other
distribution of this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor any
communication that is created, received, or sent on its network. If you
have received this confidential communication in error, please notify
the sender immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email to
postmaster@dicksteinshapiro.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
========================================================================
======


-----------------------------------------------------------
This e-mail message and any attached files are confidential and are
intended solely for the use of the addressee(s) named above. This
communication may contain material protected by attorney-client, work
product, or other privileges. If you are not the intended recipient or
person responsible for delivering this confidential communication to the
intended recipient, you have received this communication in error, and
any review, use, dissemination, forwarding, printing, copying, or other
distribution of this e-mail message and any attached files is strictly
prohibited. Dickstein Shapiro reserves the right to monitor any
communication that is created, received, or sent on its network. If you
have received this confidential communication in error, please notify
the sender immediately by reply e-mail message and permanently delete
the original message.

To reply to our email administrator directly, send an email to
postmaster@dicksteinshapiro.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
========================================================================
======

---------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network.  If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro Morin & Oshinsky LLP
http://www.DicksteinShapiro.com
==========================================================================