1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS and
6  Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC.,
7  AMI SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS INC., MATROX
   INTERNATIONAL CORP., and MATROX
9  TECH, INC.

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13  RICOH COMPANY, LTD.,                    | Case No. C03-4669 MJJ (EMC)
14        Plaintiff,                        | Case No. C03-2289 MJJ (EMC)
15        vs.                               | **REPLY TO RICOH'S RESPONSE TO (1) EXPEDITED MOTION TO COMPEL ACCESS TO INFORMATION ALLEGEDLY COVERED BY THE PROTECTIVE ORDER, OR IN THE ALTERNATIVE, TO DE-DESIGNATE ALLEGEDLY CONFIDENTIAL INFORMATION AND (2) DEFENDANTS' NOTICE OF PARTIAL WITHDRAWAL OF SAME**
16  AEROFLEX INCORPORATED, AMI
    SEMICONDUCTOR, INC., MATROX
17  ELECTRONIC SYSTEMS LTD., MATROX
    GRAPHICS INC., MATROX
18  INTERNATIONAL CORP., MATROX TECH,
    INC., AND AEROFLEX COLORADO
19  SPRINGS, INC.,
20        Defendants.
21
    SYNOPSYS, INC.,
22
          Plaintiff,
23
          vs.
24
    RICOH COMPANY, LTD.,
25
          Defendant.
26
27
28

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
RPLY TO RESP TO (1) EXP MTN TO COMPEL ACCESS TO INFO ALLEGEDLY
COVERED BY PROT ORD, OR IN THE ALT, TO DE-DESIG ALLEGEDLY CONFID
INFO & (2) DEFTS' NTC OF PARTIAL W/DRAWAL OF SAME
DM_US\8354710.v1

The parties agree that Mr. Van Horn can see confidential information. Two issues remain — first, whether the deadline for Mr. Van Horn to file his report should be extended, and second, whether Ricoh has met its burden to show that the documents attached to the original De Mory declaration should remain confidential. Ricoh has not addressed either issue on the merits.

The Extension

Simple fairness dictates that the deadline for the Van Horn report be extended by four days — a time shorter than the delay caused by Ricoh's knee-jerk objection. Ricoh lodged an objection against Mr. Van Horn that was not supported by the facts or the law. It has not attempted to justify its objection other than say that it didn't know whether the Finnegan firm continued to represent Elan. This is pure sophistry — Ricoh **knew**, without question, that Akin Gump represented Elan on the '432 patent issue. That it did not definitively know that Finnegan did not represent Elan on other matters cannot provide grounds to object. If the rule were otherwise, there would be a valid objection to any attorney until the law firm's entire client list was disclosed. The objection was unfounded and improper; Mr. Van Horn should have additional time to complete his report.[1]

The De-Designation Motion

Ricoh's response to the request for designation is completely contrary to the terms of Paragraph 12 of the Stipulated Protective Order:

1.  Paragraph 12 specifically provides that "A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto." Thus, the timing of the request is irrelevant. *See* Response at 3:20-4:5.

2.  Paragraph 12 specifically provides that "Nor will the failure to object be construed as an admission that any particular 'Confidential Information' contains or reflects currently valuable trade

---

[1] With regard to the procedural issues, the e-mails speak for themselves. Defendants never agreed to withdraw the motion in exchange for withdrawal of the objection. Indeed, Defendants' offer to withdraw the motion was conditional on an extension of time and silent as to de-designation. When Defendants did agree to the withdraw the motion provided that Ricoh agreed to the extension, Ricoh then demanded that Defendants never exercise its rights under the Protective Order to de-designate the documents. Given this unreasonable demand, Defendants had no choice but to pursue this motion at this time.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
RPLY TO RESP TO (1) EXP MTN TO COMPEL ACCESS TO INFO ALLEGEDLY
COVERED BY PROT ORD, OR IN THE ALT, TO DE-DESIG ALLEGEDLY CONFID
INFO & (2) DEFTS' NTC OF PARTIAL W/DRAWAL OF SAME
DM_US\8354710.v1

1

secrets or confidential commercial information." Thus, the fact that Defendants agreed to be bound by the Protective Order is irrelevant. *See* Response at 3:8-19.

3. Paragraph 12 specifically provides that "It shall be the burden of the party making any designation to establish that the information so designated is 'Confidential' within the meaning of this Protective Order." Thus, Ricoh must affirmatively demonstrate that the documents sought to be de-designated are either "(i) proprietary technical information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary business and financial information and any other non-public information, ***the disclosure of which is likely to have the effect of causing significant competitive harm to the disclosing party or party from which the information was obtained.***" Stipulated Protective Order, ¶ 3 (emphasis added).

4. Ricoh tries to create confusion about what Defendants seek to designate, but the papers are clear. Defendants seek to de-designate the four documents attached to the motion. Defendants have withdrawn any broader request at this time. Ricoh's claims about the content of what Defendants seek to de-designate can be wholly disregarded because they are not recent license agreements and other things as Ricoh suggests. They are four twenty-year old documents that relate specifically to the system claimed in the '432 patent, that Ricoh chose to make public when it filed the patent application. Although Ricoh has suggested that the documents contain computer code and licensing strategies, it has failed to demonstrate that the disclosure of this information is likely to cause "significant competitive harm" to Ricoh. This is because it cannot do so. Given this failure, Ricoh has not shouldered its burden, and the documents should be de-designated.

5. Ricoh's suggestion that there should be some wholesale de-designation of documents over 10 years old is completely disingenuous. Defendants have only requested the de-designation of four documents related specifically to the patent that Ricoh both decided to file and to put at issue by filing this litigation. De-designation must be addressed on a case-by-case basis.

6. Finally, Defendants explained the reason why they are making this timely request. Defendants have identified several individuals who should have been named as inventors of the patent. Defendants desire to show this information to those individuals in furtherance of this defense. It is quite transparent that it is Ricoh's concerns about the merits of this defense, not the merits of

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
RPLY TO RESP TO (1) EXP MTN TO COMPEL ACCESS TO INFO ALLEGEDLY
COVERED BY PROT ORD, OR IN THE ALT, TO DE-DESIG ALLEGEDLY CONFID
INFO & (2) DEFTS' NTC OF PARTIAL W/DRAWAL OF SAME
DM_US\8354710.v1

-2-

1  Defendant's request here, that is of concern to Ricoh, and explains its heavy-handed, but inappropriate,
2  approach here.
3      For the foregoing reasons, Defendants request that the four documents attached as Exhibits 3-6
4  be de-designated in accordance with paragraph 12 of the Stipulated Protective Order.

5  Dated: June 9, 2006                    Respectfully submitted,

6                                         HOWREY LLP

8                                         By:    */s/Denise M. De Mory*
9                                                Denise M. De Mory
                                                 Attorneys for Plaintiff
10                                               SYNOPSYS, INC. and for Defendants
                                                 AEROFLEX INCORPORATED,
11                                               AEROFLEX COLORADO SPRINGS,
                                                 INC., AMI SEMICONDUCTOR, INC.,
12                                               MATROX ELECTRONIC SYSTEMS,
                                                 LTD., MATROX GRAPHICS, INC.,
13                                               MATROX INTERNATIONAL CORP.,
                                                 and MATROX TECH, INC.

**HOWREY LLP**

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)                    -3-
RPLY TO RESP TO (1) EXP MTN TO COMPEL ACCESS TO INFO ALLEGEDLY
COVERED BY PROT ORD, OR IN THE ALT, TO DE-DESIG ALLEGEDLY CONFID
INFO & (2) DEFTS' NTC OF PARTIAL W/DRAWAL OF SAME
DM_US\8354710.v1