Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
2101 L Street, NW
Washington, DC  20037-1526
Phone (202) 785-9700
Fax (202) 887-0689

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO MORIN
  & OSHINSKY, LLP
1177 Avenue of the Americas
New York, New York  10036-2714
Phone (212) 835-1400
Fax (212) 997-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-4669-MJJ (EMC)** <br><br> **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' NOTICE OF MOTION AND CORRECTED MOTION TO COMPEL DISCOVERY** |

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' NOTICE OF MOTION AND
CORRECTED MOTION TO COMPEL DISCOVERY
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2102408.01

Kenneth W. Brothers declares as follows:

     1.   My name is Kenneth W. Brothers, an attorney with the law firm of Dickstein, Shapiro, Morin & Oshinsky, LLP, counsel for Ricoh Company Limited. I am over the age of 21 and am competent to make this declaration. Based on my personal knowledge and information, I hereby declare to all the facts in this declaration.

     2.   As Ricoh promised during the meet and confers on June 2, 5 and 6, between June 8 and 13 it responded to and/or supplemented its responses to Defendants' interrogatories and requests for admission. These responses and supplemental responses were served within six business days of Defendants' counsel first raising the issues, and after hundreds of man-hours of work by Ricoh's counsel.

     3.   Ricoh and its counsel have made repeated comprehensive searches at multiple locations in Japan and the U.S., including both hard copy and electronic, and have produced all relevant responsive non-privileged documents.

     4.   During a meet and confer on June 15, defendants' counsel expressly acknowledged Ricoh's representation that it had repeatedly searched for and produced all such documents, but refused to withdraw that portion of its motion and instead insisted that Ricoh respond to the motion. Defendants counsel said that it would wait until its reply brief to decide whether it would withdraw the Ricoh-related document issues.

     5.   Defendants have served in excess of 450 numbered interrogatories, 900 numbered requests for admission, and hundreds of document requests. Counting subparts and multiplied on a product by product basis, these comprise thousands upon thousands of requests. I believe that many of these requests were served in bad faith, knowing they were so abusive that they would not sustained, but withdrawn only after Ricoh responded. For example, on December 30 and 31, 2005, defendants served 626 numbered requests for admission, which actually contained more than ten thousand requests. Only after Ricoh responded to those excessive requests, and after prolonged negotiations, did defendants eventually withdraw them, then served an additional 274 requests.

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' NOTICE OF MOTION AND CORRECTED MOTION TO COMPEL DISCOVERY
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2102408.01

6.    Ricoh repeatedly searched for responsive documents and had advised defendants of this fact.  Ricoh is not withholding any relevant, responsive non-privileged documents in its possession, custody or control.

7.    Despite repeated requests from Ricoh's counsel and from the Court's law clerks, defendants still have not provided a comprehensive list of which interrogatories and requests are at issue.  As recently as the evening of June 15, defendants' counsel could not say whether a large number of interrogatories were still at issue.

8.    Counting the products that were disclosed for the first time in May of this year pursuant to this Court's May 8, 2006 Order, there are now 452 different accused ASIC products at issue.

9.    Earlier this year, defendants finally agreed to mutually exchange privilege logs in April 2006.  The parties have agreed that the delay in exchanging logs was not a waiver of the privilege, and defendants do not make that argument in their papers.  As part of the discussions that led to the exchange of the logs, the parties agreed that communications between clients and counsel need not be logged.  As a result, counsel for all of the parties have excluded all communications between client and counsel from their logs.

10.    Just today, Ricoh learned from a deposition of third party Texas Instruments that TI had multiple discussions with Synopsys regarding Ricoh's '432 patent in 2000.  The TI corporate designee understood that Synopsys was having internal discussions regarding the patent (which almost certainly resulted in the creation of emails and other documents), but Synopsys has *never* produced or logged any Synopsys documents regarding either its discussions with TI or its internal review and analysis of the '432 patent.

11.    Defendants have not logged their communications between themselves regarding the '432 patent or this litigation, even though some of those communications have been voluntarily produced.  Even when privileged documents were inadvertently produced, they were never logged; when defendants produced (unlogged) emails between counsel and client regarding the July 2005 court-

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' NOTICE OF MOTION AND CORRECTED MOTION TO COMPEL DISCOVERY
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2102408.01

1   ordered declarations, those documents were never logged, even after this Court ordered that they be

2   returned.

3          12.  Prior to the commencement of the litigation, as part of Ricoh's pre-filing investigation

4   into the patent, Ricoh's trial counsel (Mr. Hoffman) and a senior Ricoh representative from one of

5   Ricoh's legal departments (Mr. Takada) met with Mr. Shindo.  Mr. Hoffman asked Mr. Takada to

6   prepare and send to him a summary of Mr. Takada's impressions of the meeting.  The memo was never

7   shown to Mr. Shindo.  It discussed Ricoh's legal strategy and communications between Mr. Hoffman

8   and Mr. Takada.  These facts repeatedly were made known to defendants.  Further, the memo was

9   prepared at the request of counsel in anticipation of litigation, and reflects Ricoh's legal strategy.

10          13.  As part of Ricoh's searches, it contacted a large number of Ricoh employees who Ricoh

11   reasonably considered my have knowledge of or possession of relevant documents.  Guided by Ricoh's

12   legal department and Ricoh's outside counsel, more than a dozen Ricoh employees were tasked to

13   conduct these interviews and search for documents.  All potentially relevant responsive documents were

14   copied and subjected to another level of review for responsiveness and privilege.  Those documents

15   were then processed and produced.

16          14.  On June 15, defendants' counsel confirmed that the only third party documents that were

17   at issue in the motion were the KBSC documents.  KBSC was never owned or controlled by Ricoh.

18   Defendants issued several subpoenas to Dr. Kobayashi and his companies, and a large volume of

19   documents were produced from locations in South Carolina and California.  Those documents have

20   always been maintained and controlled by KBSC, not Ricoh.  During a meet and confer on June 12,

21   Ricoh's counsel explained to defendants' counsel that the KBSC documents were not in Ricoh's

22   possession, custody or control.  The KBSC documents were produced pursuant to several third party

23   subpoenas from defendants.  To the best of Ricoh's understanding, most of the KBSC documents are

24   located in a locked KBSC storage facility located in Mountain View, California, and have been for

25   years.  Ricoh understands that a few KBSC documents may also have been stored in a South Carolina

26   condominium to which Dr. Kobayashi has access.  Neither Ricoh nor its counsel has access to either of

27

28

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' NOTICE OF MOTION AND
CORRECTED MOTION TO COMPEL DISCOVERY
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2102408.01

1    those facilities.  Access to those documents is controlled by KBSC's officers, all of whom have been

2    deposed in this action.

3            15.  Ricoh understands that, in 2003, Dr. Kobayashi and another KBSC officer named Brian

4    Bershader, in response to defendants' subpoenas, reviewed and selected documents that they considered

5    to be potentially responsive.  Ricoh's counsel did not participate in the review and selection of those

6    documents.  Instead, Dr. Kobayashi and Mr. Bershader reviewed and selected documents that they

7    considered to be responsive to the subpoenas, then delivered them to Ricoh's counsel for processing and

8    production to defendants.  All KBSC documents were separately identified and separately labeled with a

9    "KBSC" bates number.  The KBSC documents that had been sent to Ricoh's counsel were all returned

10   to KBSC.  Dr. Kobayashi and Mr. Bershader were both deposed in 2004 and were asked about their

11   search for and production of documents pursuant to those subpoenas.  Since that time, defendants have

12   not issued any additional subpoenas to KBSC, and have made no effort to move to compel with respect

13   to those subpoenas.

14           16.  Ricoh's experts are presently completing their work on their expert disclosures, which

15   will fully set forth all of Ricoh's technical analysis.

16           17.  Attached hereto as Ex. 1 is a true and correct copy of Ricoh's 6.8.06 Supp. Resp. to

17   Defendants RFAs (Nos. 1-144).

18           18.  Ex. 2 is a true and correct copy of Ricoh's Responses to Matrox Tech.'s 2nd Set of

19   Interrogatories.

20           19.  Attached hereto as Ex. 3 is a true and correct copy of Ricoh's Supplemental Response to

21   ASIC Defendants' Second Requests for Admissions (Nos. 145-274).

22           20.  Ex. 4 is a true and correct copy of Ricoh's Restated Resp. to Matrox I.'s 3rd Set of

23   Interrogatories.

24           21.  Attached hereto as Ex. 5 is a true and correct copy of Ricoh's Amended Responses to

25   Aeroflex Colorado's Restated 1st Set of Interrogatories (1-4).

26

27

28

22.  Ex. 6 is a true and correct copy of Ricoh's 6.9.06 Restated Responses to AMI's 3rd Set of Interrogatories.

23.  Ex. 7 is a true and correct copy of Ricoh's 6.9.06 Restated Responses to Aeroflex Inc.'s 2nd Set of Interrogatories.

24.  Ex. 8 is a true and correct copy of Ricoh's 6.10.06 Restated Responses to Aeroflex Colorado Inc.'s 2nd Set of Interrogatories.

25.  Ex. 9 is a true and correct copy of Ricoh's 6.12.06 Restated Responses to MGI's 2nd Set of Interrogatories.

26.  Ex. 10 is a true and correct copy of Ricoh's 6.13.06 Restated Responses to Matrox Electronic Systems' 2nd Set of Interrogatories.

27.  Attached hereto as Ex. 11 is a true and correct copy of the June 8, 2006, Brothers letter to De Mory.

28.  Attached hereto as Ex. 12 is a true and correct copy of the June 14, 2006, De Mory email to Brothers.

29.  Attached hereto as Ex. 13 is a true and correct copy of Synopsys, Inc.'s Response to Defendant Ricoh's Second Set of Interrogatories to Plaintiff Synopsys.

30.  Attached hereto as Ex. 14 is a true and correct copy of Synopsys, Inc.'s April 24, 2006, privilege log.

31.  Attached hereto as Ex. 15 is a true and correct copy of Plaintiff's deposition exhibits 245 (SP22701), 246 (SP22700) and 247 (DEF071902-906).

32.  Attached hereto as Ex. 16 is a true and correct copy of Ricoh's April 24, 2006, privilege log.

33.  Attached hereto as Ex. 17 is a true and correct copy of the January 21, 2004, Meilman ltr to Kelley.

34.  Attached hereto as Ex. 18 is a true and correct copy of Synopsys' subpoenas of Brian Bershader, served August 2, 2004, and of Hideaki Kobayashi, served June 5, 2003.

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' NOTICE OF MOTION AND CORRECTED MOTION TO COMPEL DISCOVERY
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2102408.01

1    35.  Attached hereto as Ex. 19 is a true and correct copy of Synopsys, Inc.'s Response to

2    Defendant Ricoh's Second Set of Interrogatories to Plaintiff Synopsys.

3    36.  Attached hereto as Ex. 20 is a true and correct copy of Defendant Aeroflex

4    Incorporated's First Set of Interrogatories (1-11).

5    I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.  Signed at Washington, D.C. on June 16, 2006.

7

8    June 16, 2006                              /s/ Kenneth W. Brothers

9                                              Kenneth W. Brothers

DECLARATION OF KENNETH W. BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO DEFENDANTS' NOTICE OF MOTION AND
CORRECTED MOTION TO COMPEL DISCOVERY
CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)

2102408.01

# Exhibit 1

1   Gary M. Hoffman, pro hac vice
    Kenneth W. Brothers, pro hac vice
2   Dickstein Shapiro Morin & Oshinsky LLP
    2101 L Street, NW
3   Washington, DC 20037-1526
    Phone: (202) 785-9700
4   Fax: (202) 887-0689

5
    Edward A. Meilman, pro hac vice
6   Dickstein Shapiro Morin & Oshinsky LLP
    1177 Avenue of the Americas
7   New York, New York 10036-2714
    Phone: (212) 835-1400
8   Fax: (212) 992-9880

9
    Jeffrey B. Demain, State Bar No. 126715
10  Jonathan Weissglass, State Bar No. 185008
    Altshuler, Berzon, Nussbaum, Rubin & Demain
11  177 Post Street, Suite 300
    San Francisco, California 94108
12  Phone: (415) 421-7151
    Fax: (415) 362-8064
13

14  Attorneys for the Ricoh Company, Ltd.

15              IN THE UNITED STATES DISTRICT COURT
16              NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION
17

18                                          )
                                            )
19  RICOH COMPANY, LTD,                     )   Case No. C03-04669 MJJ (EMC)
                                            )
20              Plaintiff,                  )
                                            )   RICOH'S SUPPLEMENTAL RESPONSE
21          vs.                             )   TO ASIC DEFENDANTS' REQUESTS
                                            )   FOR ADMISSIONS (Nos. 1-144)
22  Aeroflex et al.,                        )
                                            )
23              Defendants.                 )
    --------------------------------------- )

24

25          Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Ricoh Company, Ltd.,

26  ("Ricoh") hereby responds to ASIC defendants' Requests for Admission (Nos. 1-144).

27

28

1    These responses are based on information reasonably available to Ricoh at the present time.

2  Ricoh reserves the right to supplement these responses when, and if, additional information becomes

3  available. Ricoh also reserves the right to object on any ground at any time to such other or

4  supplemental Requests for Admission ASIC defendants may propound involving or relating to the

5  subject matter of these Requests.

6                                  **OBJECTIONS**

7    1.  Ricoh objects to all of the Requests to the extent that they seek information or documents

8  protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or

9  immunity. Ricoh does not intend to provide ASIC defendants. ("ASIC defendants" or "defendants")

10  with such protected information. Moreover, any inadvertent disclosure of such information, or any

11  disclosure of documents underlying that information, shall not be deemed a waiver of the attorney-

12  client privilege, the work product doctrine, or any other privilege or immunity.

13    2.  Ricoh objects to all of the Requests to the extent that they seek information that is subject to

14  any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality

15  agreement or other such confidentiality obligation owed to any third party. Without third party

16  permission, Ricoh will not provide such information unless required by the Court.

17    3.  Ricoh objects to all of the Requests to the extent that they seek to impose an obligation of a

18  continuing nature beyond that required by FRCP 26(e).

19    4.  Ricoh objects to all of the Requests to the extent that they seek to impose a premature

20  obligation to provide information in light of Patent Local Rules, including, but not limited to, Patent

21  Local Rule 2-5.

22    5.  Ricoh objects to all of the Requests as overly broad and unduly burdensome to the extent that

23  they seek information beyond what is available from a reasonable search of Ricoh's files likely to

24  contain relevant or responsive documents and a reasonable inquiry of Ricoh's current employees.

25    6.  Ricoh objects to all of the Requests as unduly burdensome to the extent that they seek

26  information that can be determined from a reasonable search of ASIC defendants' own internal files

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

                                     - 2 -

1    and a reasonable inquiry of ASIC defendants' own employees, as such it would be more convenient,

2    less burdensome, less expensive for ASIC defendants to perform an internal search.

3        7. Ricoh objects to the definition of "'Ricoh,' 'Plaintiff,' 'you,' and 'your'" because the phrase

4    "predecessors in interest" both is vague so as to not be clear and comprehensible and also is overly

5    broad because the phrase purports to include independent third parties (e.g., International Chip

6    Corporation and Knowledge Based Silicon Corporation). In responding to these requests, Ricoh limits

7    its response to Ricoh Company, Ltd. However, if specifically requested, Ricoh may be willing to

8    provide information relating to the International Chip Corporation and Knowledge Based Silicon

9    Corporation if such information is within Ricoh's possession, custody and control. Further, with

10   respect to Requests seeking information from individual persons within Ricoh, Ricoh limits its

11   response to current employees. Ricoh objects to all of the Requests as overly broad and unduly

12   burdensome to the extent that they seek information beyond what is available from a reasonable search

13   of Ricoh's files likely to contain relevant or responsive documents and a reasonable inquiry of Ricoh's

14   current employees.

15       8. Ricoh objects to all of the Requests as being unduly burdensome because of the excessive

16   number of Requests.

17       9. Ricoh objects to all of the Requests to the extent that the request seeks information that is not

18   reasonably calculated to lead to the discovery of admissible evidence.

19       10. Ricoh objects to all of the Requests to the extent that the request seeks information that is

20   before the relevant time period. As such, in its response to any Request, Ricoh limits the relevant time

21   period to 1997 to the present.

22       11. Ricoh objects to all of the Requests to the extent that the request seeks information that is

23   contentious, and Ricoh has not yet provided its final contentions and responses to contentions.

24       12. Ricoh objects to all of the Requests to the extent that the request seeks information that is the

25   subject of expert testimony or expert opinion, and expert testimony and/or expert opinion is premature.

26       13. In gathering relevant and responsive information, Ricoh has interpreted the Requests utilizing

27   ordinary meanings of words and has expended reasonable efforts to identify information that appears

28   RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095198v02

1    responsive. To the extent that the Requests purport to seek information other than as so interpreted,

2    Ricoh objects on the ground that the Requests are vague, ambiguous and overbroad.

3        14. Discovery and trial preparation in this matter have not been completed. Ricoh is continuing its

4    investigation to obtain information responsive to the Requests. Therefore, all of the following

5    responses are given without prejudice to Ricoh's right to introduce documents or information

6    discovered or deemed responsive subsequent to the date of these responses.

7        15. Any statements made herein regarding Ricoh's intention to provide information or documents

8    responsive to any given Requests does not necessarily indicate or imply the existence of any

9    information or documents responsive thereto. Furthermore, any information provided or referred to

10   herein is not deemed to be a waiver of Ricoh's objections as to the competency, relevance, privilege or

11   admissibility of evidence in this or any subsequent proceeding or trial in this or any other action for

12   any purpose whatsoever. In addition, Ricoh reserves the right to supplement or amend its response to

13   the Requests based upon information, documents, and things it receives during discovery or obtains

14   upon further investigation.

15   REQUEST FOR ADMISSION NO. 1:

16       Admit that on or before January 1, 1995 Ricoh used any version of Synopsys' Design Compiler

17   product that existed on or before January 1, 1995 for logic synthesis of ASICs.

18   RESPONSE:

19       Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "used any

20   version of Synopsys' Design Compiler product that existed on or before January 1, 1995 for logic

21   synthesis of ASICs" as being vague and ambiguous as to what the defendants may mean by the terms.

22   Ricoh further objects that discovery into Ricoh's use of Design Compiler is not reasonably calculated

23   to lead to admissible evidence, because Judge Jenkins has already rejected Defendants' attempt to

24   expand their laches defense to include Ricoh's use of Design Compiler. For at least those reasons,

25   Ricoh cannot respond to the Request, and therefore denies same.

26   REQUEST FOR ADMISSION NO. 2:

27

28

1    Admit that on or before January 1, 1995 Ricoh used any version of Synopsys' Design Compiler

2  product that existed on or before January 1,1995 to design ASICS.

3  RESPONSE:

4    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "used any version

5  of Synopsys' Design Compiler product that existed on or before January 1,1995 to design ASICS" as

6  being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects

7  that discovery into Ricoh's use of Design Compiler is not reasonably calculated to lead to admissible

8  evidence, because Judge Jenkins has already rejected Defendants' attempt to expand their laches

9  defense to include Ricoh's use of Design Compiler. For at least those reasons, Ricoh cannot respond

10  to the Request, and therefore denies same.

11  REQUEST FOR ADMISSION NO. 3:

12    Admit that on or before January 1, 1995 Ricoh used any version of Synopsys' HDL Compiler for

13  Verilog product that existed on or before January 1, 1995 for logic synthesis of ASICs.

14  RESPONSE:

15    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "used any version

16  of Synopsys' HDL Compiler for Verilog product that existed on or before January 1, 1995 for logic

17  synthesis of ASICs" as being vague and ambiguous as to what the defendants may mean by the terms.

18  Ricoh further objects that discovery into Ricoh's use of HDL Compiler is not reasonably calculated to

19  lead to admissible evidence, because Judge Jenkins has already rejected Defendants' attempt to expand

20  their laches defense to include Ricoh's use of HDL Compiler. For at least those reasons, Ricoh cannot

21  respond to the Request, and therefore denies same.

22  REQUEST FOR ADMISSION NO. 4:

23    Admit that on or before January 1, 1995 Ricoh used any version of Synopsys' HDL Compiler for

24  Verilog product that existed on or before January 1, 1995 to design ASICS.

25  RESPONSE:

26    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "used any version

27  of Synopsys' HDL Compiler for Verilog product that existed on or before January 1, 1995 to design

28

DSMDB-2095198v02

1  ASICS" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

2  further objects that discovery into Ricoh's use of HDL Compiler is not reasonably calculated to lead

3  to admissible evidence, because Judge Jenkins has already rejected Defendants' attempt to expand

4  their laches defense to include Ricoh's use of HDL Compiler. For at least those reasons, Ricoh cannot

5  respond to the Request, and therefore denies same.

6  REQUEST FOR ADMISSION NO. 5:

7    Admit that on or before January 1, 1995 Ricoh used any version of Synopsys' VHDL Compiler

8  product that existed on or before January 1, 1995 for logic synthesis of ASICS.

9  RESPONSE:

10    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "any version of

11  Synopsys' VHDL Compiler product that existed on or before January 1, 1995 for logic synthesis of

12  ASICS" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

13  further objects that discovery into Ricoh's use of VHDL Compiler is not reasonably calculated to lead

14  to admissible evidence, because Judge Jenkins has already rejected Defendants' attempt to expand

15  their laches defense to include Ricoh's use of VHDL Compiler. For at least those reasons, Ricoh

16  cannot respond to the Request, and therefore denies same.

17  REQUEST FOR ADMISSION NO. 6:

18    Admit that on or before January 1, 1995 Ricoh used any version of Synopsys' VHDL Compiler

19  product that existed on or before January 1, 1995 to design ASICS.

20  RESPONSE:

21    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "used any version

22  of Synopsys' VHDL Compiler product that existed on or before January 1, 1995 to design ASICS." as

23  being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects

24  that discovery into Ricoh's use of VHDL Compiler is not reasonably calculated to lead to admissible

25  evidence, because Judge Jenkins has already rejected Defendants' attempt to expand their laches

26  defense to include Ricoh's use of VHDL Compiler. For at least those reasons, Ricoh cannot respond

27  to the Request, and therefore denies same.

28

1 | REQUEST FOR ADMISSION NO. 7:

2 |    Admit that Ricoh was aware on or before January 1, 1997 that Synopsys had licensed any version of

3 | Synopsys' Design Compiler product that existed on or before January 1, 1997 to companies other than

4 | Ricoh.

5 | RESPONSE:

6 |    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "had licensed any

7 | version of Synopsys' Design Compiler product that existed on or before January 1, 1997 to companies

8 | other than Ricoh" as being vague and ambiguous as to what the defendants may mean by the terms.

9 | Ricoh further objects that discovery into Ricoh's or other third parties' use of Design Compiler is not

10 | reasonably calculated to lead to admissible evidence, because Judge Jenkins has already rejected

11 | Defendants' attempt to expand their laches defense to include Ricoh's use of Design Compiler. For at

12 | least those reasons, Ricoh cannot respond to the Request, and therefore denies same.

13 | REQUEST FOR ADMISSION NO. 8:

14 |    Admit that Ricoh was aware on or before January 1, 1997 that Synopsys had licensed any version of

15 | Synopsys' HDL Compiler for Verilog product that existed on or before January 1, 1997 to companies

16 | other than Ricoh.

17 | RESPONSE:

18 |    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "had licensed any

19 | version of Synopsys' HDL Compiler for Verilog product that existed on or before January 1, 1997 to

20 | companies other than Ricoh" as being vague and ambiguous as to what the defendants may mean by

21 | the terms. Ricoh further objects that discovery into Ricoh's or other third parties' use of HDL

22 | Compiler is not reasonably calculated to lead to admissible evidence, because Judge Jenkins has

23 | already rejected Defendants' attempt to expand their laches defense to include Ricoh's use of Design

24 | Compiler. For at least those reasons, Ricoh cannot respond to the Request, and therefore denies same.

25 | REQUEST FOR ADMISSION NO. 9:

26

27

28

1    Admit that Ricoh was aware on or before January 1,1997 that Synopsys had licensed any version of

2  Synopsys' VHDL Compiler product that existed on or before January 1, 1997 to companies other than

3  Ricoh.

4  RESPONSE:

5    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "had licensed any

6  version of Synopsys' VHDL Compiler product that existed on or before January 1, 1997 to companies

7  other than Ricoh" as being vague and ambiguous as to what the defendants may mean by the terms.

8  Ricoh further objects that discovery into Ricoh's or other third parties' use of VHDL Compiler is not

9  reasonably calculated to lead to admissible evidence, because Judge Jenkins has already rejected

10  Defendants' attempt to expand their laches defense to include Ricoh's use of Design Compiler.  For at

11  least those reasons, Ricoh cannot respond to the Request, and therefore denies same.

12  REQUEST FOR ADMISSION NO. 10:

13    Admit that Ricoh based its allegations that Matrox Graphics infringes the '432 patent at least in part

14  on information Ricoh obtained from Synopsys as part of Ricoh's licensing relationship with Synopsys.

15  RESPONSE:

16    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "based its

17  allegations that Matrox Graphics infringes the '432 patent at least in part on information Ricoh

18  obtained from Synopsys as part of Ricoh's licensing relationship with Synopsys" as being vague and

19  ambiguous as to what the defendants may mean by the terms.  Subject to these objections, Ricoh states

20  that it based its allegations in its amended complaint upon publicly available information and upon

21  Ricoh's analysis of that information.  Otherwise, denied.

22  REQUEST FOR ADMISSION NO. 11:

23    Admit that Ricoh based its allegations that Matrox Electronic Systems infringes the '432 patent at

24  least in part on information Ricoh obtained from Synopsys as part of Ricoh's licensing relationship

25  with Synopsys.

26  RESPONSE:

27

28

1   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "based its

2   allegations that Matrox Electronic Systems infringes the '432 patent at least in part on information

3   Ricoh obtained from Synopsys as part of Ricoh's licensing relationship with Synopsys" as being vague

4   and ambiguous as to what the defendants may mean by the terms.  Subject to these objections, Ricoh

5   states that it based its allegations in its amended complaint upon publicly available information and

6   upon Ricoh's analysis of that information.  Otherwise, denied.

7   REQUEST FOR ADMISSION NO. 12:

8   Admit that Ricoh based its allegations that Matrox Tech infringes the '432 patent at least in part on

9   information Ricoh obtained from Synopsys as part of Ricoh's licensing relationship with Synopsys.

10  RESPONSE:

11  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "Ricoh based its

12  allegations that Matrox Tech infringes the '432 patent at least in part on information Ricoh obtained

13  from Synopsys as part of Ricoh's licensing relationship with Synopsys" as being vague and ambiguous

14  as to what the defendants may mean by the terms. Subject to these objections, Ricoh states that it based

15  its allegations in its amended complaint upon publicly available information and upon Ricoh's analysis

16  of that information.  Otherwise, denied

17  REQUEST FOR ADMISSION NO. 13:

18  Admit that Ricoh based its allegations that Matrox International infringes the '432 patent at least in

19  part on information Ricoh obtained from Synopsys as part of Ricoh's licensing relationship with

20  Synopsys.

21  RESPONSE:

22  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "based its

23  allegations that Matrox International infringes the '432 patent at least in part on information Ricoh

24  obtained from Synopsys as part of Ricoh's licensing relationship with Synopsys" as being vague and

25  ambiguous as to what the defendants may mean by the terms.  Subject to these objections, Ricoh states

26  that it based its allegations in its amended complaint upon publicly available information and upon

27  Ricoh's analysis of that information.  Otherwise, denied

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 9 -

1  REQUEST FOR ADMISSION NO. 14:

2   Admit that Ricoh based its allegations that Aeroflex, Inc. infringes the '432 patent at least in part on

3  information Ricoh obtained from Synopsys as part of Ricoh's licensing relationship with Synopsys.

4  RESPONSE:

5   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "based its

6  allegations that Aeroflex, Inc. infringes the '432 patent at least in part on information Ricoh obtained

7  from Synopsys as part of Ricoh's licensing relationship with Synopsys" as being vague and ambiguous

8  as to what the defendants may mean by the terms.  Subject to these objections, Ricoh states that it

9  based its allegations in its amended complaint upon publicly available information and upon Ricoh's

10  analysis of that information.  Otherwise, denied

11  REQUEST FOR ADMISSION NO. 15:

12   Admit that Ricoh based its allegations that Aeroflex Colorado Springs infringes the '432 patent at

13  least in part on information Ricoh obtained from Synopsys as part of Ricoh's licensing relationship

14  with Synopsys.

15  RESPONSE:

16   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "based its

17  allegations that Aeroflex Colorado Springs infringes the '432 patent at least in part on information

18  Ricoh obtained from Synopsys as part of Ricoh's licensing relationship with Synopsys" as being vague

19  and ambiguous as to what the defendants may mean by the terms. Subject to these objections, Ricoh

20  states that it based its allegations in its amended complaint upon publicly available information and

21  upon Ricoh's analysis of that information.  Otherwise, denied

22  REQUEST FOR ADMISSION NO. 16:

23   Admit that Ricoh has unconditionally agreed not to sue Synopsys for infringement as to any claim of

24  the '432 patent.

25  RESPONSE:

26   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "unconditionally

27  agreed not to sue Synopsys for infringement as to any claim of the '432 patent" as being vague and

28

DSMDB-2095198v02

1   ambiguous as to what the defendants may mean by the terms. Ricoh admits that, in the stipulated order

2   of July 7, 2004, it reaffirmed its statement of July 14, 2003 that "Ricoh unconditionally agrees not to

3   sue Synopsys for infringement as to any claim of the '432 patent and the '016 patent based upon the

4   products currently manufactured, sold and used by Synopsys." To the extent not otherwise expressly

5   stated in the order of July 7, 2004, denied.

6   REQUEST FOR ADMISSION NO. 17:

7       Admit that for more than 10 years, Ricoh has been using either VHDL or Verilog as input to any

8   version of the Synopsys products-in-suit.

9   RESPONSE:

10      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "using either

11  VHDL or Verilog as input to any version of the Synopsys products-in-suit" as being vague and

12  ambiguous as to what the defendants may mean by the terms. Ricoh further objects that discovery into

13  Ricoh's use of products-in-suit is not reasonably calculated to lead to admissible evidence, because

14  Judge Jenkins has already rejected Defendants' attempt to expand their laches defense to include

15  Ricoh's use of products-in-suit. For at least those reasons, Ricoh cannot respond to this Request, and

16  therefore denies same.

17  REQUEST FOR ADMISSION NO. 18:

18      Admit that for more than 10 years, Ricoh has used register-transfer level descriptions, as described in

19  U.S. Patent No. 4,703,435 at Col. 5:27-34, as input to any version of the Synopsys products in suit.

20  RESPONSE:

21      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "has used

22  register-transfer level descriptions, as described in U.S. Patent No. 4,703,435 at Col. 5:27-34, as input

23  to any version of the Synopsys products in suit" as being vague and ambiguous as to what the

24  defendants may mean by the terms. Ricoh further objects that discovery into Ricoh's use of products-

25  in-suit is not reasonably calculated to lead to admissible evidence, because Judge Jenkins has already

26  rejected Defendants' attempt to expand their laches defense to include Ricoh's use of products-in-suit.

27  For at least those reasons, Ricoh cannot respond to this Request, and therefore denies same.

28

1  REQUEST FOR ADMISSION NO. 19:

2      Admit that for more than 10 years, Ricoh has used RTL as input to any version of the Synopsys

3  products-in-suit.

4  RESPONSE:

5    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "Ricoh has used

6  RTL as input to any version of the Synopsys products-in-suit" as being vague and ambiguous as to

7  what the defendants may mean by the terms. Ricoh further objects that discovery into Ricoh's use of

8  products-in-suit is not reasonably calculated to lead to admissible evidence, because Judge Jenkins has

9  already rejected Defendants' attempt to expand their laches defense to include Ricoh's use of products-

10  in-suit. For at least those reasons, Ricoh cannot respond to this Request, and therefore denies same.

11  REQUEST FOR ADMISSION NO. 20:

12    Admit that for more than 10 years, Ricoh has used register-transfer level descriptions, as described in

13  U.S. Patent No. 4,703,435 at Col. 5:27-34, as input to any version of Synopsys' VHDL Compiler

14  product.

15  RESPONSE:

16    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "has used

17  register-transfer level descriptions, as described in U.S. Patent No. 4,703,435 at Col. 5:27-34, as input

18  to any version of Synopsys' VHDL Compiler product" as being vague and ambiguous as to what the

19  defendants may mean by the terms. Ricoh further objects that discovery into Ricoh's use of products-

20  in-suit is not reasonably calculated to lead to admissible evidence, because Judge Jenkins has already

21  rejected Defendants' attempt to expand their laches defense to include Ricoh's use of products-in-suit.

22  For at least those reasons, Ricoh cannot respond to this Request, and therefore denies same.

23  REQUEST FOR ADMISSION NO. 21:

24    Admit that for more than 10 years, Ricoh has used RTL as input to any version of Synopsys' HDL

25  Compiler for Verilog product.

26  RESPONSE:

27

28  

1  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "has used RTL as

2  input to any version of Synopsys' HDL Compiler for Verilog product" as being vague and ambiguous

3  as to what the defendants may mean by the terms.  Ricoh further objects that discovery into Ricoh's

4  use of  products-in-suit is not reasonably calculated to lead to admissible evidence, because Judge

5  Jenkins has already rejected Defendants' attempt to expand their laches defense to include Ricoh's use

6  of products-in-suit. For at least those reasons, Ricoh cannot respond to this Request, and therefore

7  denies same.

8  REQUEST FOR ADMISSION NO. 22:

9    Admit that the inputs for the accused ASICS that the Customer Defendants have produced in this

10 litigation are either VHDL or Verilog.

11 RESPONSE:

12   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the inputs for

13 the accused ASICS that the Customer Defendants have produced in this litigation are either VHDL or

14 Verilog" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

15 further objects that his request is directed towards hundreds of products and is overbroad.  Without

16 waiving these objections, Ricoh incorporates by Reference its Final Infringement Contentions filed

17 March 24, 2006 and any supplemental contentions and expert reports and testimony and expert reports

18 and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

19 REQUEST FOR ADMISSION NO. 23:

20   Admit that the Verilog inputs for the accused ASICS that the Customer Defendants have produced in

21 this litigation are register transfer level descriptions.

22 RESPONSE:

23   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the Verilog

24 inputs for the accused ASICS that the Customer Defendants have produced in this litigation are

25 register transfer level descriptions" as being vague and ambiguous as to what the defendants may mean

26 by the terms.  Ricoh further objects that his request is directed towards hundreds of products and is

27 overbroad.  Without waiving these objections, Ricoh incorporates by Reference its Final Infringement

28 RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 13 -

1    Contentions filed March 24, 2006 and any supplemental contentions and expert reports and testimony

2    and expert reports and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

3    REQUEST FOR ADMISSION NO. 24:

4        Admit that the VHDL inputs for the accused ASICS that the Customer Defendants have produced in

5    this litigation are register transfer level descriptions.

6    RESPONSE:

7        Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the VHDL

8    inputs for the accused ASICS that the Customer Defendants have produced in this litigation are

9    register transfer level descriptions" as being vague and ambiguous as to what the defendants may mean

10   by the terms.  Ricoh further objects that his request is directed towards hundreds of products and is

11   overbroad.  Without waiving these objections, Ricoh incorporates by Reference its Final Infringement

12   Contentions filed March 24, 2006 and any supplemental contentions and expert reports and testimony

13   and expert reports and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

14   REQUEST FOR ADMISSION NO. 25:

15       Admit that the Verilog inputs for the accused ASICS that the Customer Defendants have produced in

16   this litigation are register-transfer level descriptions, as described in U.S. Patent No. 4,703,435 at Col.

17   5:27-34.

18   RESPONSE:

19       Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the Verilog

20   inputs for the accused ASICS that the Customer Defendants have produced in this litigation are

21   register-transfer level descriptions, as described in U.S. Patent No. 4,703,435 at Col. 5:27-34" as being

22   vague and ambiguous as to what the defendants may mean by the terms.  Ricoh further objects that his

23   request is directed towards hundreds of products and is overbroad.  Without waiving these objections,

24   Ricoh incorporates by Reference its Final Infringement Contentions filed March 24, 2006 and any

25   supplemental contentions and expert reports and testimony and expert reports and testimony.  Except

26   as specifically admitted therein, Ricoh denies the Request.

27   REQUEST FOR ADMISSION NO. 26:

28

DSMDB-2095198v02

1    Admit that the VHDL inputs for the accused ASICS that the Customer Defendants have produced in

2  this litigation are register-transfer level descriptions, as described in U.S. Patent No. 4,703,435 at Col.

3  5:27-34.

4  RESPONSE:

5    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the VHDL

6  inputs for the accused ASICS that the Customer Defendants have produced in this litigation are

7  register-transfer level descriptions, as described in U.S. Patent No. 4,703,435 at Col. 5:27-34" as being

8  vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects that his

9  request is directed towards hundreds of products and is overbroad. Without waiving these objections,

10 Ricoh incorporates by Reference its Final Infringement Contentions filed March 24, 2006 and any

11 supplemental contentions and expert reports and testimony and expert reports and testimony. Except

12 as specifically admitted therein, Ricoh denies the Request.

13 REQUEST FOR ADMISSION NO. 27:

14    Admit that generic operators are not examples of synthetic operators.

15 RESPONSE:

16    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "generic

17 operators are not examples of synthetic operators" as being vague and ambiguous as to what the

18 defendants may mean by the terms. Ricoh admits that, in its March 24, 2006 infringement contentions,

19 it defined "generic operators" to include synthetic operators. Except as specifically admitted therein,

20 Ricoh denies this Request.

21 REQUEST FOR ADMISSION NO. 28:

22    Admit that HDL arithmetic operators are not "architecture independent actions" as set forth in Claim

23 13 of U.S. Patent No. 4,922,432.

24 RESPONSE:

25    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "that HDL

26 arithmetic operators are not "architecture independent actions" as set forth in Claim 13 of U.S. Patent

27 No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms.

28

1   Ricoh further objects that this request is overbroad because it purports to address many different forms

2   of HDL arithmetic operators, and cannot be answered in a single response. Without waiving these

3   objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006

4   and any supplemental contentions and expert reports and testimony and expert reports and testimony.

5   Except as specifically admitted therein, Ricoh denies the Request.

6   REQUEST FOR ADMISSION NO. 29:

7       Admit that HDL arithmetic operators are not "architecture independent. .. conditions" as set forth in

8   Claim 13 of U.S. Patent No. 4,922,432.

9   RESPONSE:

10      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "HDL arithmetic

11  operators are not "architecture independent. .. conditions" as set forth in Claim 13 of U.S. Patent No.

12  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

13  further objects that this request is overbroad because it purports to address many different forms of

14  HDL arithmetic operators, and cannot be answered in a single response. Without waiving these

15  objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006

16  and any supplemental contentions and expert reports and testimony. Except as specifically admitted

17  therein, Ricoh denies the Request.

18  REQUEST FOR ADMISSION NO. 30:

19      Admit that synthetic operators are not "architecture independent.. . conditions" as set forth in Claim

20  13 of U.S. Patent No. 4,922,432.

21  RESPONSE:

22      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "synthetic

23  operators are not "architecture independent.. . conditions" as set forth in Claim 13 of U.S. Patent No.

24  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

25  further objects that this request is overbroad because it purports to address many different forms of

26  synthetic operators, and cannot be answered in a single response. Without waiving these objections,

27  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

1  supplemental contentions and expert reports and testimony. Subject to the foregoing objections, as

2  Ricoh has defined the relevant terms in its Final Infringement Contentions, Ricoh admits the Request.

3  REQUEST FOR ADMISSION NO. 31:

4     Admit that synthetic modules are not "architecture independent, .. conditions" as set forth in Claim

5  13 of U.S. Patent No. 4,922,432,

6  RESPONSE:

7     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "synthetic

8  modules are not "architecture independent, .. conditions" as set forth in Claim 13 of U.S. Patent No.

9  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

10  further objects that this request is overbroad because it purports to address many different forms of

11  synthetic modules, and cannot be answered in a single response. Without waiving these objections,

12  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

13  supplemental contentions and expert reports and testimony. Subject to the foregoing objections, , as

14  Ricoh has defined the relevant terms in its Final Infringement Contentions, Ricoh admits the Request.

15  REQUEST FOR ADMISSION NO. 32:

16     Admit that generic operators are not "architecture independent actions" as set forth in Claim 13 of

17  U.S. Patent No. 4,922,432.

18  RESPONSE:

19     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "generic

20  operators are not "architecture independent actions" as set forth in Claim 13 of U.S. Patent No.

21  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

22  further objects that this request is overbroad because it purports to address many different forms of

23  generic operators, and cannot be answered in a single response. Without waiving these objections,

24  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

25  supplemental contentions and expert reports and testimony. Subject to the foregoing objections, , as

26  Ricoh has defined the relevant terms in its Final Infringement Contentions, Ricoh admits the Request.

27  REQUEST FOR ADMISSION NO. 33:

28

1    Admit that generic operators are not "architecture independent... conditions" as set forth in Claim 13

2    of U.S. Patent No. 4,922,432.

3    RESPONSE:

4    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "generic

5    operators are not "architecture independent... conditions" as set forth in Claim 13 of U.S. Patent No.

6    4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

7    further objects that this request is overbroad because it purports to address many different forms of

8    generic operators, and cannot be answered in a single response. Without waiving these objections,

9    Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

10   supplemental contentions and expert reports and testimony. Except as specifically admitted therein,

11   Ricoh denies the Request.

12   REQUEST FOR ADMISSION NO. 34:

13   Admit that "if statements are not "architecture independent... actions" as set forth in Claim 13 of U.S.

14   Patent No. 4,922,432.

15   RESPONSE:

16   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if statements are

17   not "architecture independent... actions" as set forth in Claim 13 of U.S. Patent No. 4,922,432" as

18   being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects

19   that this request is overbroad because it purports to address many different forms of if statements, and

20   cannot be answered in a single response. Without waiving these objections, Ricoh incorporates by

21   reference its Final Infringement Contentions filed March 24, 2006 and any supplemental contentions

22   and expert reports and testimony. Except as specifically admitted therein, Ricoh denies the Request.

23   REQUEST FOR ADMISSION NO. 35:

24   Admit that "case" statements are not "architecture independent actions" as set forth in Claim 13 of

25   U.S. Patent No. 4,922,432.

26   RESPONSE:

27

28

1    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""case"

2  statements are not "architecture independent actions" as set forth in Claim 13 of U.S. Patent No.

3  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

4  further objects that this request is overbroad because it purports to address many different forms of

5  case statements, and cannot be answered in a single response.  Without waiving these objections,

6  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

7  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

8  Ricoh denies the Request.

9  REQUEST FOR ADMISSION NO. 36:

10    Admit that "wait" statements are not "architecture independent actions" as set forth in Claim 13 of

11  U.S. Patent No. 4,922,432,

12  RESPONSE:

13    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""wait"

14  statements are not "architecture independent actions" as set forth in Claim 13 of U.S. Patent No.

15  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

16  further objects that this request is overbroad because it purports to address many different forms of

17  wait statements, and cannot be answered in a single response.  Without waiving these objections,

18  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

19  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

20  Ricoh denies the Request.

21  REQUEST FOR ADMISSION NO. 37:

22    Admit that "always" statements are not "architecture independent.. . conditions" as set forth in Claim

23  13 Of U.S., Patent No. 4,922,432.

24  RESPONSE:

25    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""always"

26  statements are not "architecture independent.. . conditions" as set forth in Claim 13 Of U.S., Patent No.

27  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

1  further objects that this request is overbroad because it purports to address many different forms of

2  always statements, and cannot be answered in a single response.  Without waiving these objections,

3  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

4  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

5  Ricoh denies the Request.

6  REQUEST FOR ADMISSION NO. 38:

7     Admit that finite state machines are not "architecture independent actions" as set forth in Claim 13 of

8  U.S. Patent No. 4,922,432.

9  RESPONSE:

10    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "finite state

11  machines are not "architecture independent actions" as set forth in Claim 13 of U.S. Patent No.

12  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

13  further objects that this request is overbroad because it purports to address many different forms of

14  finite state machines, and cannot be answered in a single response.  Without waiving these objections,

15  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

16  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

17  Ricoh denies the Request.

18  REQUEST FOR ADMISSION NO. 39:

19    Admit that finite state machines are not "architecture independent. . . conditions" as set forth in

20  Claim 13 of U.S. Patent No. 4,922,432.

21  RESPONSE:

22    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "finite state

23  machines are not "architecture independent. . . conditions" as set forth in Claim 13 of U.S. Patent No.

24  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

25  further objects that this request is overbroad because it purports to address many different forms of

26  finite state machines, and cannot be answered in a single response.  Without waiving these objections,

27  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

28

1  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

2  Ricoh denies the Request.

3  REQUEST FOR ADMISSION NO. 40:

4     Admit that HDL arithmetic operators are not "definitions of architecture independent actions"

5  as set forth in Claim 13 of U.S. Patent No. 4,922,432.

6  RESPONSE:

7     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "HDL arithmetic

8  operators are not "definitions of architecture independent actions" as set forth in Claim 13 of U.S.

9  Patent No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the

10  terms.  Ricoh further objects that this request is overbroad because it purports to address many

11  different forms of HDL arithmetic operators, and cannot be answered in a single response.  Without

12  waiving these objections, Ricoh incorporates by reference its Final Infringement Contentions filed

13  March 24, 2006 and any supplemental contentions and expert reports and testimony. Subject to the

14  foregoing objections, as Ricoh has defined the relevant terms in its Final Infringement Contentions,

15  Ricoh admits the Request.

16  REQUEST FOR ADMISSION NO. 41:

17     Admit that HDL arithmetic operators are not "architecture independent, . . conditions" as set forth in

18  Claim 13 of U.S. Patent No, 4,922,432,

19  RESPONSE:

20     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "HDL arithmetic

21  operators are not "architecture independent, . . conditions" as set forth in Claim 13 of U.S. Patent No,

22  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

23  further objects that this request is overbroad because it purports to address many different forms of

24  HDL arithmetic operators, and cannot be answered in a single response.  Without waiving these

25  objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006

26  and any supplemental contentions and expert reports and testimony.  Except as specifically admitted

27  therein, Ricoh denies the Request.

28

1   REQUEST FOR ADMISSION NO. 42:

2      Admit that synthetic operators are not "definitions of architecture independent.. . conditions" as set

3   forth in Claim 13 of U.S. Patent No. 4,922,432.

4   RESPONSE:

5      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "synthetic

6   operators are not "definitions of architecture independent.. . conditions" as set forth in Claim 13 of U.S.

7   Patent No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the

8   terms.  Ricoh further objects that this request is overbroad because it purports to address many

9   different forms of synthetic operators, and cannot be answered in a single response.  Without waiving

10  these objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24,

11  2006 and any supplemental contentions and expert reports and testimony.  Except as specifically

12  admitted therein, Ricoh denies the Request.

13  REQUEST FOR ADMISSION NO. 43:

14     Admit that synthetic modules are not "definitions of architecture independent. .. conditions" as set

15  forth in Claim 13 of U.S. Patent No. 4,922,432.

16  RESPONSE:

17     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "synthetic

18  modules are not "definitions of architecture independent. .. conditions" as set forth in Claim 13 of U.S.

19  Patent No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the

20  terms.  Ricoh further objects that this request is overbroad because it purports to address many

21  different forms of synthetic operators, and cannot be answered in a single response.  Without waiving

22  these objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24,

23  2006 and any supplemental contentions and expert reports and testimony.  Except as specifically

24  admitted therein, Ricoh denies the Request.

25  REQUEST FOR ADMISSION NO. 44:

26     Admit that generic operators are not "definitions of architecture independent actions" as set

27  forth in Claim 13 of U.S. Patent No. 4,922,432.

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 22 -

1  RESPONSE:

2     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "generic

3  operators are not "definitions of architecture independent actions" as set forth in Claim 13 of U.S.

4  Patent No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the

5  terms. Ricoh further objects that this request is overbroad because it purports to address many

6  different forms of generic operators, and cannot be answered in a single response. Without waiving

7  these objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24,

8  2006 and any supplemental contentions and expert reports and testimony. Except as specifically

9  admitted therein, Ricoh denies the Request.

10  REQUEST FOR ADMISSION NO. 45:

11     Admit that generic operators are not "definitions of architecture independent... conditions" as set

12  forth in Claim 13 of U.S. Patent No. 4,922,432.

13  RESPONSE:

14     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "generic

15  operators are not "definitions of architecture independent... conditions" as set forth in Claim 13 of U.S.

16  Patent No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the

17  terms. Ricoh further objects that this request is overbroad because it purports to address many

18  different forms of generic operators, and cannot be answered in a single response. Without waiving

19  these objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24,

20  2006 and any supplemental contentions and expert reports and testimony. Except as specifically

21  admitted therein, Ricoh denies the Request.

22  REQUEST FOR ADMISSION NO. 46:

23     Admit that an "if" statement is not a "definition of an architecture independent action" as set forth in

24  Claim 13 of U.S. Patent No. 4,922,432.

25  RESPONSE:

26     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""if" statement is

27  not a "definition of an architecture independent action" as set forth in Claim 13 of U.S. Patent No.

28

1  4,922,432" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

2  further objects that this request is overbroad because it purports to address many different forms of if

3  statements, and cannot be answered in a single response. Without waiving these objections, Ricoh

4  incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

5  supplemental contentions and expert reports and testimony. Subject to the foregoing objections, as

6  Ricoh has defined the relevant terms in its Final Infringement Contentions, Ricoh admits the Request.

7  REQUEST FOR ADMISSION NO. 47:

8    Admit that a "case" statement is not a "definition of an architecture independent action" as set forth

9  in Claim 13 of U.S. Patent No. 4,922,432.

10 RESPONSE:

11   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "a "case"

12 statement is not a "definition of an architecture independent action" as set forth in Claim 13 of U.S.

13 Patent No. 4,922,432." as being vague and ambiguous as to what the defendants may mean by the

14 terms. Ricoh further objects that this request is overbroad because it purports to address many

15 different forms of case statements, and cannot be answered in a single response. Without waiving

16 these objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24,

17 2006 and any supplemental contentions and expert reports and testimony. Subject to the foregoing

18 objections, as Ricoh has defined the relevant terms in its Final Infringement Contentions, Ricoh admits

19 the Request.

20 REQUEST FOR ADMISSION NO. 48:

21   Admit that "wait" statements are not "definitions of architecture independent actions" as set forth in

22 Claim 13 of U.S. Patent No. 4,922,432.

23 RESPONSE:

24   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""wait"

25 statements are not "definitions of architecture independent actions" as set forth in Claim 13 of U.S.

26 Patent No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the

27 terms. Ricoh further objects that this request is overbroad because it purports to address many

28

1  different forms of wait statements, and cannot be answered in a single response. Without waiving

2  these objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24,

3  2006 and any supplemental contentions and expert reports and testimony. Subject to the foregoing

4  objections, as Ricoh has defined the relevant terms in its Final Infringement Contentions, Ricoh admits

5  the Request.

6  REQUEST FOR ADMISSION NO. 49:

7     Admit that "always" statements are not "definitions of architecture independent... conditions" as set

8  forth in Claim 13 of U.S. Patent No. 4,922,432.

9  RESPONSE:

10     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""always"

11  statements are not "definitions of architecture independent... conditions" as set forth in Claim 13 of

12  U.S. Patent No. 4,922,432" as being vague and ambiguous as to what the defendants may mean by the

13  terms. Ricoh further objects that this request is overbroad because it purports to address many

14  different forms of always statements, and cannot be answered in a single response. Without waiving

15  these objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24,

16  2006 and any supplemental contentions and expert reports and testimony. Subject to the foregoing

17  objections, as Ricoh has defined the relevant terms in its Final Infringement Contentions, Ricoh admits

18  the Request.

19  REQUEST FOR ADMISSION NO. 50:

20     Admit that arithmetic operators are not stored in "a library of definitions of the different architecture

21  independent actions and conditions that can be selected for use in the desired ASICC," as shown on

22  page 13 of the Court's claim construction.

23  RESPONSE:

24     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "arithmetic

25  operators are not stored in "a library of definitions of the different architecture independent actions and

26  conditions that can be selected for use in the desired ASIC," as shown on page 13 of the Court's claim

27  construction" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

28

1  further objects that this request is overbroad because it purports to address many different forms of

2  arithmetic operators, and cannot be answered in a single response. Without waiving these objections,

3  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

4  supplemental contentions and expert reports and testimony. Except as specifically admitted therein,

5  Ricoh denies the Request.

6  REQUEST FOR ADMISSION NO. 51:

7    Admit that synthetic operators, such as ADD_UNS_OP, as stored in synthetic libraries, do not

8  constitute "a library of definitions of the different architecture independent actions and conditions that

9  can be selected for use in the desired ASIC," as shown on page 13 of the Court's claim construction.

10  RESPONSE:

11    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "synthetic

12  operators, such as ADD_UNS_OP, as stored in synthetic libraries, do not  constitute "a library of

13  definitions of the different architecture independent actions and conditions that can be selected for use

14  in the desired ASIC," as shown on page 13 of the Court's claim construction" as being vague and

15  ambiguous as to what the defendants may mean by the terms. Ricoh further objects that this request is

16  overbroad because it purports to address many different forms of synthetic operators, and cannot be

17  answered in a single response. Without waiving these objections, Ricoh incorporates by reference its

18  Final Infringement Contentions filed March 24, 2006 and any supplemental contentions and expert

19  reports and testimony. Except as specifically admitted therein, Ricoh denies the Request.

20  REQUEST FOR ADMISSION NO. 52:

21    Admit that synthetic modules, such as DWO1_ADD, as stored in synthetic libraries, do not constitute

22  "a library of definitions of the different architecture independent actions and conditions that can be

23  selected for use in the desired ASIC," as shown on page 13 of the Court's claim construction.

24  RESPONSE:

25    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "synthetic

26  modules, such as DWO1_ADD, as stored in synthetic libraries, do not constitute "a library of

27  definitions of the different architecture independent actions and conditions that can be selected for use

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

1   in the desired ASIC," as shown on page 13 of the Court's claim construction" as being vague and

2   ambiguous as to what the defendants may mean by the terms.  Ricoh further objects that this request is

3   overbroad because it purports to address many different forms of synthetic modules, and cannot be

4   answered in a single response.  Without waiving these objections, Ricoh incorporates by reference its

5   Final Infringement Contentions filed March 24, 2006 and any supplemental contentions and expert

6   reports and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

7   REQUEST FOR ADMISSION NO. 53:

8       Admit that placing generic operators, such as MUXJ3P. SELECT_OP, DP_OP, SEQGEN, FFGEN,

9   LOGDB, in memory does not constitute storing "a library of definitions of the different architecture

10  independent actions and conditions that can be selected for use in the desired ASIC," as shown on page

11  13 of the Court's claim construction.

12  RESPONSE:

13      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "placing generic

14  operators, such as MUXJ3P. SELECT_OP, DP_OP, SEQGEN, FFGEN, LOGDB, in memory does not

15  constitute storing "a library of definitions of the different architecture independent actions and

16  conditions that can be selected for use in the desired ASIC," as shown on page 13 of the Court's claim

17  construction" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

18  further objects that this request is overbroad because it purports to address many different forms of

19  generic operators, and cannot be answered in a single response.  Without waiving these objections,

20  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

21  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

22  Ricoh denies the Request.

23  REQUEST FOR ADMISSION NO. 54:

24      Admit that creating an implementation table in computer memory does not constitute storing "a

25  library of definitions of the different architecture independent actions and conditions that can be

26  selected for use in the desired ASIC," as shown on page 13 of the Court's claim construction.

27  RESPONSE:

28

1    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "creating an

2   implementation table in computer memory does not constitute storing "a library of definitions of the

3   different architecture independent actions and conditions that can be selected for use in the desired

4   ASIC," as shown on page 13 of the Court's claim construction" as being vague and ambiguous as to

5   what the defendants may mean by the terms. Without waiving these objections, Ricoh incorporates by

6   reference its Final Infringement Contentions filed March 24, 2006 and any supplemental contentions

7   and expert reports and testimony. Except as specifically admitted therein, Ricoh denies the Request.

8   REQUEST FOR ADMISSION NO. 55:

9    Admit that in V-2003.12-SP1, actions and conditions are never stored together in "a library of

10   definitions of the different architecture independent actions and conditions that can be selected for use

11   in the desired ASIC," as shown on page 13 of the Court's claim construction,

12   RESPONSE:

13    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "in V-2003.12-

14   SP1, actions and conditions are never stored together in "a library of definitions of the different

15   architecture independent actions and conditions that can be selected for use in the desired ASIC," as

16   shown on page 13 of the Court's claim construction" as being vague and ambiguous as to what the

17   defendants may mean by the terms. Ricoh further objects because Synopsys never provided a

18   competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot

19   answer this Request, and therefore denies same.

20   REQUEST FOR ADMISSION NO. 56:

21    Admit that the "library of definitions of the different architecture independent actions and conditions

22   that can be selected for use in the desired ASIC" identified in Ricoh's Final Infringement Contentions

23   does not exist in its entirety prior to a design being read into the Design Compiler System.

24   RESPONSE:

25    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the "library of

26   definitions of the different architecture independent actions and conditions that can be selected for use

27   in the desired ASIC" identified in Ricoh's Final Infringement Contentions does not exist in its entirety

28   

DSMDB-2095198v02

1  prior to a design being read into the Design Compiler System" as being vague and ambiguous as to

2  what the defendants may mean by the terms.  Without waiving these objections, Ricoh incorporates by

3  reference its Final Infringement Contentions filed March 24, 2006 and any supplemental contentions

4  and expert reports and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

5  REQUEST FOR ADMISSION NO. 57:

6    Admit that both actions and conditions must be contained in a single library to constitute "a library of

7  definitions of the different architecture independent actions and conditions that can be selected for use

8  in the desired ASIC," as shown on page 13 of the Court's claim construction.

9  RESPONSE:

10   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "both actions and

11  conditions must be contained in a single library to constitute "a library of definitions of the different

12  architecture independent actions and conditions that can be selected for use in the desired ASIC," as

13  shown on page 13 of the Court's claim construction" as being vague and ambiguous as to what the

14  defendants may mean by the terms.  Without waiving these objections, Ricoh incorporates by reference

15  its Final Infringement Contentions filed March 24, 2006 and any supplemental contentions and expert

16  reports and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

17  REQUEST FOR ADMISSION NO. 58:

18   Admit that the implementation table, in any version of the Synopsys products-in-suit, is created only

19  after a design is read into the Design Compiler System.

20  RESPONSE:

21   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the

22  implementation table, in any version of the Synopsys products-in-suit, is created only after a design is

23  read into the Design Compiler System" as being vague and ambiguous as to what the defendants may

24  mean by the terms.  For at least those reasons, Ricoh denies the Request.

25  REQUEST FOR ADMISSION NO. 59:

26   Admit that the generic operators, in any version of the Synopsys products-in-suit, are loaded into

27  memory only when the Design Compiler System is executed.

28

1   RESPONSE:

2     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the generic

3   operators, in any version of the Synopsys products-in-suit, are loaded into memory only when the

4   Design Compiler System is executed" as being vague and ambiguous as to what the defendants may

5   mean by the terms. Ricoh further objects that this request is overbroad because it purports to address

6   many different forms of generic operators, and cannot be answered in a single response. For at least

7   those reasons, Ricoh denies the Request.

8   REQUEST FOR ADMISSION NO. 60:

9     Admit that in Claim 13 of U.S. Patent 4,922,432 "a set of definitions of architecture independent

10   actions and conditions" must be stored prior to "describing for a proposed application specific

11   integrated circuit a series of architecture independent actions and conditions."

12   RESPONSE:

13     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "in Claim 13 of

14   U.S. Patent 4,922,432 "a set of definitions of architecture independent actions and conditions" must be

15   stored prior to "describing for a proposed application specific integrated circuit a series of architecture

16   independent actions and conditions"" as being vague and ambiguous as to what the defendants may

17   mean by the terms. Additionally, Ricoh objects to the extent that this request seeks a legal opinion.

18   Without waiving these objections, Ricoh incorporates by reference its Final Infringement Contentions

19   filed March 24, 2006 and any supplemental contentions and expert reports and testimony. Except as

20   specifically admitted therein, Ricoh denies the Request.

21   REQUEST FOR ADMISSION NO. 61:

22     Admit that in Claim 13 of U.S. Patent 4,922,432 "a set of definitions of architecture independent

23   actions and conditions" must be stored prior to "specifying for each described action and condition of

24   the series one of said stored definitions which corresponds to the desired action or condition to be

25   performed."

26   RESPONSE:

27

28

1   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "in Claim 13 of

2   U.S. Patent 4,922,432 "a set of definitions of architecture independent actions and conditions" must be

3   stored prior to "specifying for each described action and condition of the series one of said stored

4   definitions which corresponds to the desired action or condition to be performed."" as being vague and

5   ambiguous as to what the defendants may mean by the terms.  Without waiving these objections, Ricoh

6   incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

7   supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

8   Ricoh denies the Request.

9   REQUEST FOR ADMISSION NO. 62:

10   Admit that in Claim 13 of U.S. Patent 4,922,432 the "a set of definitions of architecture independent

11   actions and conditions" must be stored prior to "selecting from said stored data for each of the

12   specified definitions a corresponding integrated circuit hardware cell comprising applying to the

13   specified definition of the action or condition to be performed, a set of cell selection rules stored in

14   said expert system knowledge base."

15   RESPONSE:

16   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "in Claim 13 of

17   U.S. Patent 4,922,432 the "a set of definitions of architecture independent actions and conditions" must

18   be stored prior to "selecting from said stored data for each of the specified definitions a corresponding

19   integrated circuit hardware cell comprising applying to the specified definition of the action or

20   condition to be performed, a set of cell selection rules stored in said expert system knowledge base" as

21   being vague and ambiguous as to what the defendants may mean by the terms.  Without waiving these

22   objections, Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006

23   and any supplemental contentions and expert reports and testimony.  Except as specifically admitted

24   therein, Ricoh denies the Request.

25   REQUEST FOR ADMISSION NO. 63:

26   Admit that a "rule," as described in claim 13 of U.S. Patent No. 4,922,432 must include both an

27   antecedent portion and a consequent portion.

28

1  RESPONSE:

2    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "a "rule," as

3  described in claim 13 of U.S. Patent No. 4,922,432 must include both an antecedent portion and a

4  consequent portion" as being vague and ambiguous as to what the defendants may mean by the terms.

5  Without waiving these objections, Ricoh incorporates by reference its Final Infringement Contentions

6  filed March 24, 2006 and any supplemental contentions and expert reports and testimony.  Except as

7  specifically admitted therein, Ricoh denies the Request.

8  REQUEST FOR ADMISSION NO. 64:

9    Admit that you claim that any IF-THEN statement is "rule" as defined in the Court's April 7, 2006

10  Claim Construction Order.

11  RESPONSE:

12    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "IF-THEN

13  statement is "rule"" as being vague and ambiguous as to what the defendants may mean by the terms.

14  For at least those reasons, Ricoh denies the Request.

15  REQUEST FOR ADMISSION NO. 65:

16    Admit that if the consequent portion of one or more rules is not applied to a design during logic

17  synthesis, then there has been "selective application" of the rules.

18  RESPONSE:

19    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if the

20  consequent portion of one or more rules is not applied to a design during logic  synthesis, then there

21  has been "selective application" of the rules" as being vague and ambiguous as to what the defendants

22  may mean by the terms.  Ricoh further objects that this request is overbroad because it purports to

23  address many different forms of rules, and cannot be answered in a single response.  For at least those

24  reasons, Ricoh denies the Request.

25  REQUEST FOR ADMISSION NO. 66:

26    Admit that if the "THEN" portion of one or more rules is not applied to a design during logic

27  synthesis, then there has been "selective application" of the rules.

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

1 | RESPONSE:

2 |   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if the "THEN"

3 | portion of one or more rules is not applied to a design during logic synthesis, then there has been

4 | "selective application" of the rules" as being vague and ambiguous as to what the defendants may

5 | mean by the terms.  For at least those reasons, Ricoh denies the Request.

6 | REQUEST FOR ADMISSION NO. 67:

7 |   Admit that if the antecedent portions of every rule in an expert system knowledge base is tested

8 | during logic synthesis of an ASIC design, then there is not "selective application" of the rules.

9 | RESPONSE:

10 |   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if the antecedent

11 | portions of every rule in an expert system knowledge base is tested during logic synthesis of an ASIC

12 | design, then there is not "selective application" of the rules" as being vague and ambiguous as to what

13 | the defendants may mean by the terms.  For at least those reasons, Ricoh denies the Request.

14 | REQUEST FOR ADMISSION NO. 68:

15 |   Admit that the antecedent portion of every "SOT trick" is tested or "tried" during logic synthesis of

16 | an ASIC design.

17 | RESPONSE:

18 |   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the antecedent

19 | portion of every "SOT trick" is tested or "tried" during logic synthesis of an ASIC design" as being

20 | vague and ambiguous as to what the defendants may mean by the terms.  For at least those reasons,

21 | Ricoh denies the Request.

22 | REQUEST FOR ADMISSION NO. 69:

23 |   Admit that the antecedent portion of every "SDN trick" is tested or "tried" during logic synthesis of

24 | an ASIC design.

25 | RESPONSE:

26 |   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the antecedent

27 | portion of every "SDN trick" is tested or "tried" during logic synthesis of an ASIC design" as being

28 |

1  vague and ambiguous as to what the defendants may mean by the terms.  For at least those reasons,

2  Ricoh denies the Request.

3  REQUEST FOR ADMISSION NO. 70:

4     Admit that every "SOT trick" and "SDN trick" is attempted during logic synthesis of an ASIC

5  design,

6  RESPONSE:

7     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT trick" and

8  "SDN trick" is attempted during logic synthesis of an ASIC design" as being vague and ambiguous as

9  to what the defendants may mean by the terms.  For at least those reasons, Ricoh denies the Request.

10  REQUEST FOR ADMISSION NO. 71:

11     Admit that if the "IF" condition of every SOT trick is tested during logic synthesis, then the SOT

12  tricks are not selectively applied.

13  RESPONSE:

14     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if the "IF"

15  condition of every SOT trick is tested during logic synthesis, then the SOT tricks are not selectively

16  applied" as being vague and ambiguous as to what the defendants may mean by the terms.  For at least

17  those reasons, Ricoh denies the Request.

18  REQUEST FOR ADMISSION NO. 72:

19     Admit that if the "IF" condition of every SDN trick is tested during logic synthesis, then the SDN

20  tricks are not selectively applied.

21  RESPONSE:

22     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if the "IF"

23  condition of every SDN trick is tested during logic synthesis, then the SDN tricks are not selectively

24  applied" as being vague and ambiguous as to what the defendants may mean by the terms.  For at least

25  those reasons, Ricoh denies the Request.

26  REQUEST FOR ADMISSION NO. 73:

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 34 -

1  Admit that if the "IF" condition of every SOT and SDN trick is tested during logic synthesis, then the

2  SOT and SDN tricks are not selectively applied.

3  RESPONSE:

4  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if the "IF"

5  condition of every SOT and SDN trick is tested during logic synthesis, then the SOT and SDN tricks

6  are not selectively applied" as being vague and ambiguous as to what the defendants may mean by the

7  terms. For at least those reasons, Ricoh denies the Request.

8  REQUEST FOR ADMISSION NO. 74:

9  Admit that Ricoh claims that the "expert knowledge of highly skilled VLSI designers," as shown on

10  page 17 of the claim construction order, embodied in the Design Compiler System originated the

11  Socrates system.

12  RESPONSE:

13  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the "expert

14  knowledge of highly skilled VLSI designers," as shown on page 17 of the claim construction order,

15  embodied in the Design Compiler System originated the Socrates system" as being vague and

16  ambiguous as to what the defendants may mean by the terms. Without waiving these objections, Ricoh

17  incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

18  supplemental contentions and expert reports and testimony. Except as specifically admitted therein,

19  Ricoh denies the Request.

20  REQUEST FOR ADMISSION NO. 75:

21  Admit that the Socrates system predated the filing of the patent application that became U.S. Patent

22  No. 4, 922, 432.

23  RESPONSE:

24  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the Socrates

25  system predated" as being vague and ambiguous as to what the defendants may mean by the terms.

26  For at least those reasons, Ricoh denies the Request.

27  REQUEST FOR ADMISSION NO. 76:

28

1    Admit that Ricoh cannot identify any "rules" in the Socrates system that continue to be used in the

2  Design Compiler System,

3  RESPONSE:

4    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "identify any

5  "rules" in the Socrates system that continue to be used in the Design Compiler System" as being vague

6  and ambiguous as to what the defendants may mean by the terms.  For at least those reasons, Ricoh

7  denies the Request.

8  REQUEST FOR ADMISSION NO. 77:

9    Admit that if "architecture independent actions and conditions" are explicitly included in the input

10  specification for the design of an ASIC, they are not "described," as that term is defined on page

11   13 of the claim construction order.

12  RESPONSE:

13    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""architecture

14  independent actions and conditions" are explicitly included in the input specification for the design of

15  an ASIC, they are not "described,"" as being vague and ambiguous as to what the defendants may

16  mean by the terms.  Without waiving these objections, Ricoh incorporates by reference its Final

17  Infringement Contentions filed March 24, 2006 and any supplemental contentions and expert reports

18  and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

19  REQUEST FOR ADMISSION NO. 78:

20    Admit that if arithmetic operators are explicitly included in the input specification for the design of

21  an ASIC, they are not "described," as that term is defined on page 13 of the claim construction order.

22  RESPONSE:

23    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "arithmetic

24  operators are explicitly included in the input specification for the design of an ASIC, they are not

25  "described,"" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

26  further objects that this request is overbroad because it purports to address many different forms of

27  arithmetic operators, and cannot be answered in a single response.  Without waiving these objections,

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

1    Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

2    supplemental contentions and expert reports and testimony. Except as specifically admitted therein,

3    Ricoh denies the Request.

4    REQUEST FOR ADMISSION NO. 79:

5        Admit that if "if" statements are explicitly included in the input specification for the design of an

6    ASIC, they are not "described," as that term is defined in the Court's April 7, 2005 Claim Construction

7    Order.

8    RESPONSE:

9        Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""if" statements

10    are explicitly included in the input specification for the design of an ASIC, they are not "described,""

11    as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further

12    objects that this request is overbroad because it purports to address many different forms of if

13    statements, and cannot be answered in a single response. Without waiving these objections, Ricoh

14    incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

15    supplemental contentions and expert reports and testimony. Except as specifically admitted therein,

16    Ricoh denies the Request.

17    REQUEST FOR ADMISSION NO. 80:

18        Admit that if "case" statements are explicitly included in the input specification for the design of an

19    ASIC, they are not "described," as that term is defined in the Court's April 7, 2005 Claim Construction

20    Order.

21    RESPONSE:

22        Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""case"

23    statements are explicitly included in the input specification for the design of an ASIC, they are not

24    "described,"" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

25    further objects that this request is overbroad because it purports to address many different forms of

26    case statements, and cannot be answered in a single response. Without waiving these objections,

27    Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

28    

DSMDB-2095198v02

1   supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

2   Ricoh denies the Request.

3   REQUEST FOR ADMISSION NO. 81:

4      Admit that if "wait" statements are explicitly included in the input specification for the design of an

5   ASIC, they are not "described," as that term is defined in the Court's April 7, 2005 Claim Construction

6   Order.

7   RESPONSE:

8      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if "wait"

9   statements are explicitly included in the input specification for the design of an ASIC, they are not

10  "described,"" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

11  further objects that this request is overbroad because it purports to address many different forms of

12  wait statements, and cannot be answered in a single response.  Without waiving these objections,

13  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

14  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

15  Ricoh denies the Request.

16  REQUEST FOR ADMISSION NO. 82:

17     Admit that if "always" statements are explicitly included in the input specification for the design of

18  an ASIC, they are not "described," as that term is defined in the Court's April 7, 2005 Claim

19  Construction Order.

20  RESPONSE:

21     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "if "always"

22  statements are explicitly included in the input specification for the design of an ASIC, they are not

23  "described,"" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

24  further objects that this request is overbroad because it purports to address many different forms of

25  always statements, and cannot be answered in a single response.  Without waiving these objections,

26  Ricoh incorporates by reference its Final Infringement Contentions filed March 24, 2006 and any

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

1  supplemental contentions and expert reports and testimony.  Except as specifically admitted therein,

2  Ricoh denies the Request.

3  REQUEST FOR ADMISSION NO. 83:

4      Admit that the HDL Compilers commands "analyze" and "elaborate" must be used to satisfy the step

5  of "specifying for each described action and condition of the series one of said stored definitions which

6  corresponds to the desired action or condition to be performed" of Claim 13 of U.S. Patent No.

7  4,922,432.

8  RESPONSE:

9      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "HDL Compilers

10  commands "analyze" and "elaborate" must be used to satisfy the step of "specifying for each described

11  action and condition of the series one of said stored definitions which corresponds to the desired action

12  or condition to be performed" of Claim 13 of U.S. Patent No. 4,922,432" as being vague and

13  ambiguous as to what the defendants may mean by the terms.  Ricoh further objects that this request is

14  overbroad because it purports to address several commands, and cannot be answered in a single

15  response.  Without waiving these objections, Ricoh incorporates by reference its Final Infringement

16  Contentions filed March 24, 2006 and any supplemental contentions and expert reports and testimony.

17  Except as specifically admitted therein, Ricoh denies the Request.

18  REQUEST FOR ADMISSION NO. 84:

19      Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

20  are applied to arithmetic operators.

21  RESPONSE:

22      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

23  "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to arithmetic operators" as

24  being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh further objects

25  that this request is overbroad because it purports to address many different forms of arithmetic

26  operators, and cannot be answered in a single response.  Ricoh further objects because Synopsys never

27

28

DSMDB-2095198v02

1  provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh

2  cannot answer this Request..

3  REQUEST FOR ADMISSION NO. 85:

4    Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP version of Design Compiler

5  are applied to synthetic operators.

6  RESPONSE:

7    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

8  "SDN tricks" in the V-2003.12-SP version of Design Compiler are applied to synthetic operators" as

9  being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects

10  that this request is overbroad because it purports to address many different forms of synthetic

11  operators, and cannot be answered in a single response. Ricoh further objects because Synopsys never

12  provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh

13  cannot answer this Request, and therefore denies same.

14  REQUEST FOR ADMISSION NO. 86:

15    Admit that neither "SOT tricks" nor "SON tricks" in the V-2003.12-SP1 version of Design Compiler

16  are applied to synthetic modules.

17  RESPONSE:

18    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "neither "SOT

19  tricks" nor "SON tricks" in the V-2003.12-SP1 version of Design Compiler are applied to synthetic

20  modules" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

21  further objects that this request is overbroad because it purports to address many different forms of

22  synthetic modules, and cannot be answered in a single response. Ricoh further objects because

23  Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least these

24  reasons, Ricoh cannot answer this Request, and therefore denies same.

25  REQUEST FOR ADMISSION NO. 87:

26    Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

27  are applied to generic operators.

28

1  RESPONSE:

2    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

3  "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to generic operators" as

4  being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh further objects

5  that this request is overbroad because it purports to address many different forms of generic operators,

6  and cannot be answered in a single response.  Ricoh further objects because Synopsys never provided a

7  competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer

8  this Request, and therefore denies same.

9  REQUEST FOR ADMISSION NO. 88:

10    Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

11  are applied to "if" statements.

12  RESPONSE:

13    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

14  "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to "if" statements" as

15  being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh further objects

16  that this request is overbroad because it purports to address many different forms of if statements, and

17  cannot be answered in a single response.  Ricoh further objects because Synopsys never provided a

18  competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer

19  this Request, and therefore denies same.

20  REQUEST FOR ADMISSION NO. 89:

21    Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

22  are applied to "case" statements.

23  RESPONSE:

24    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

25  "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to "case" statements" as

26  being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh further objects

27  that this request is overbroad because it purports to address many different forms of case statements,

28

1  and cannot be answered in a single response. Ricoh further objects because Synopsys never provided a

2  competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot answer

3  this Request, and therefore denies same.

4  REQUEST FOR ADMISSION NO. 90:

5    Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

6  are applied to "wait" statements.

7  RESPONSE:

8    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

9  "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to "wait" statements" as

10 being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects

11 that this request is overbroad because it purports to address many different forms of wait statements,

12 and cannot be answered in a single response. Ricoh further objects because Synopsys never provided a

13 competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot answer

14 this Request, and therefore denies same.

15 REQUEST FOR ADMISSION NO. 91:

16   Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

17 are applied to "always" statements.

18 RESPONSE:

19   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "neither "SOT

20 tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to "always"

21 statements" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

22 further objects that this request is overbroad because it purports to address many different forms of

23 always statements, and cannot be answered in a single response. Ricoh further objects because

24 Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least these

25 reasons, Ricoh cannot answer this Request, and therefore denies same.

26 REQUEST FOR ADMISSION NO. 92:

27

28

1    Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

2 are applied to finite state machines.

3 RESPONSE:

4    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

5 "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to finite state machines" as

6 being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects

7 that this request is overbroad because it purports to address many different forms of finite state

8 machines, and cannot be answered in a single response. Ricoh further objects because Synopsys never

9 provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh

10 cannot answer this Request, and therefore denies same.

11 REQUEST FOR ADMISSION NO. 93:

12    Admit that "SOT tricks" and "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are

13 only applied to cells that have already been mapped to a technology library.

14 RESPONSE:

15    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks"

16 and "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are only applied to cells that have

17 already been mapped to a technology library" as being vague and ambiguous as to what the defendants

18 may mean by the terms. Ricoh further objects because Synopsys never provided a competent witness

19 on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot answer this Request, and

20 therefore denies same.

21 REQUEST FOR ADMISSION NO. 94:

22    Admit that neither "SOT tricks" nor "SDN tricks" in the V-2003.12-SP1 version of Design Compiler

23 are applied to the input HDL description.

24 RESPONSE:

25    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms ""SOT tricks" nor

26 "SDN tricks" in the V-2003.12-SP1 version of Design Compiler are applied to the input HDL

27 description" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

28

1   further objects because Synopsys never provided a competent witness on the V-2003.12-SP1 source

2   code. For at least these reasons, Ricoh cannot answer this Request, and therefore denies same.

3   REQUEST FOR ADMISSION NO. 95:

4     Admit that a netlist output from Design Compiler must contain all of "the hardware cells which are

5   needed to perform the desired function of the integrated circuit and the interconnection requirements

6   therefor" to meet the last element of Claim 13 of U.S. Patent No. 4,922,432.

7   RESPONSE:

8     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "a netlist output

9   from Design Compiler must contain all of "the hardware cells which are needed to perform the desired

10   function of the integrated circuit and the interconnection requirements therefor" to meet the last

11   element of Claim 13" as being vague and ambiguous as to what the defendants may mean by the terms.

12   Additionally, Ricoh objects to the extent that this request seeks expert knowledge or expert opinion.

13   Without waiving these objections, Ricoh incorporates by reference its Final Infringement Contentions

14   filed March 24, 2006 and any supplemental contentions and expert reports and testimony. Except as

15   specifically admitted therein, Ricoh denies the Request.

16   REQUEST FOR ADMISSION NO. 96:

17     Admit that netlist output from Design Compiler which does not contain all of "the hardware cells

18   which are needed to perform the desired function of the integrated circuit and the interconnection

19   requirements therefor" does not satisfy the last element from claim 13 of U.S. Patent No. 4,922,432.

20   RESPONSE:

21     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "netlist output

22   from Design Compiler which does not contain all of "the hardware cells which are needed to perform

23   the desired function of the integrated circuit and the interconnection requirements therefor" does not

24   satisfy the last element from claim 13" as being vague and ambiguous as to what the defendants may

25   mean by the terms. Additionally, Ricoh objects to the extent that this request seeks expert knowledge

26   or expert opinion. Without waiving these objections, Ricoh incorporates by reference its Final

27

28   RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095198v02

1  Infringement Contentions filed March 24, 2006 and any supplemental contentions and expert reports

2  and testimony.  Except as specifically admitted therein, Ricoh denies the Request.

3  REQUEST FOR ADMISSION NO. 97:

4     Admit that the netlist output from Design Compiler for a mixed signal ASIC would only include

5  hardware cells for the digital portions of the ASIC.

6  RESPONSE:

7     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the netlist output

8  from Design Compiler for a mixed signal ASIC would only include hardware cells for the digital

9  portions of the ASIC" as being vague and ambiguous as to what the defendants may mean by the

10  terms.  Additionally, Ricoh objects to the extent that this request seeks expert knowledge or expert

11  opinion.  For at least those reasons, Ricoh denies the Request.

12  REQUEST FOR ADMISSION NO. 98:

13     Admit that the netlist output from Design Compiler is changed in the place and route process.

14  RESPONSE:

15     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the netlist output

16  from Design Compiler is changed in the place and route process" as being vague and ambiguous as to

17  what the defendants may mean by the terms.  Additionally, Ricoh objects to the extent that this request

18  seeks expert knowledge or expert opinion.  For at least those reasons, Ricoh denies the Request.

19  REQUEST FOR ADMISSION NO. 99:

20     Admit that the netlist output from Design Compiler is not directly used to generate GDSII files.

21  RESPONSE:

22     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the netlist output

23  from Design Compiler is not directly used to generate GDSII files" as being vague and ambiguous as

24  to what the defendants may mean by the terms.  For at least those reasons, Ricoh denies the Request.

25  REQUEST FOR ADMISSION NO. 100:

26     Admit that the netlist output from the place and route process is directly used to generate GDSII tiles.

27  RESPONSE:

28

DSMDB-2095198v02

1   Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the netlist output

2   from the place and route process is directly used to generate GDSII tiles" as being vague and

3   ambiguous as to what the defendants may mean by the terms.  Additionally, Ricoh objects to the extent

4   that this request seeks expert knowledge or expert opinion.  For at least those reasons, Ricoh denies the

5   Request.

6   REQUEST FOR ADMISSION NO. 101:

7       Admit that you do not claim that any Customer Defendant's use of the Design Compiler System is

8   anything but "ordinary use."

9   RESPONSE:

10      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "Customer

11  Defendant's use of the Design Compiler System is anything but "ordinary use"" as being vague and

12  ambiguous as to what the defendants may mean by the terms.  For at least those reasons, Ricoh denies

13  the Request.

14  REQUEST FOR ADMISSION NO. 102:

15      Admit that Ricoh does not have any basis for claiming that Aeroflex Incorporated makes, uses,

16  imports, sell, or offers to sell within the United States or exports from the United States ASICS made

17  by the process recited in claims 13-17 of U.S. Patent No. 4,922,432.

18  RESPONSE:

19      Ricoh incorporates by reference objections 1-15. Otherwise, denied.

20  REQUEST FOR ADMISSION NO. 103:

21      Admit that if a VHDL design containing only the statements "if csy or counter = 63 then counter <=

22  0; else" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit, no output will result.

23  RESPONSE:

24      Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

25  hypothetical and calls for information not available to Ricoh.  Ricoh has not input a VHDL design

26  containing only the statements "if csy or counter = 63 then counter <= 0; else" into the V-2003.12-SP1

27  version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided a

28

1  competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer

2  this Request, and therefore denies same.

3  REQUEST FOR ADMISSION NO. 104:

4      Admit that if a VHDL design containing only the statements "if csy or counter = 63 then counter <=

5  0; else" is input into the V-2003.12-SP version of the Synopsys products-in-suit, a syntax error will

6  result.

7  RESPONSE:

8      Ricoh incorporates by reference objections 1-15.  Ricoh further objects that this request is a

9  hypothetical and calls for information not available to Ricoh.  Ricoh has not input a VHDL design

10  containing only the statements "if csy or counter = 63 then counter <= 0; else" into the V-2003.12-SP1

11  version of the Synopsys products-in-suit.  Ricoh further objects because Synopsys never provided a

12  competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer

13  this Request, and therefore denies same.

14  REQUEST FOR ADMISSION NO. 105:

15      Admit that if a VHDL design containing only the statements "if csy or counter = 63 then counter <=

16  0; else" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit, the resulting netlist

17  does not constitute a netlist for an application specific integrated circuit.

18  RESPONSE:

19      Ricoh incorporates by reference objections 1-15.  Ricoh further objects that this request is a

20  hypothetical and calls for information not available to Ricoh.  Ricoh has not input a VHDL design

21  containing only the statements "if csy or counter = 63 then counter <= 0; else" into the V-2003.12-SP1

22  version of the Synopsys products-in-suit.  Ricoh further objects because Synopsys never provided a

23  competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer

24  this Request, and therefore denies same.

25  REQUEST FOR ADMISSION NO. 106:

26      Admit that if a VHDL design containing only the statements "if csy or counter = 63 then counter <=

27  0; else" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit, the resulting netlist

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 47 -

DSMDB-2095198v02

1    does not define the hardware cells and interconnections necessary to fabricate an application specific

2    integrated circuit.

3    RESPONSE:

4        Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

5    hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

6    containing only the statements "if csy or counter = 63 then counter <= 0; else" into the V-2003.12-SP1

7    version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided a

8    competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot answer

9    this Request, and therefore denies same.

10   REQUEST FOR ADMISSION NO. 107

11       Admit that if a VHDL design containing only the statements "begin pe_az_data_sum <=

12   pe_az_data_signed +- pe_az_sum_out; end process;" is input into the V-2003.12-SP1 version of the

13   Synopsys products-in-suit, no output will result.

14   RESPONSE:

15       Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

16   hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

17   containing only the statements " begin pe_az_data_sum <= pe_az_data_signed +- pe_az_sum_out; end

18   process" into the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects

19   because Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least

20   these reasons, Ricoh cannot answer this Request, and therefore denies same.

21   REQUEST FOR ADMISSION NO. 108:

22       Admit that if a VHDL design containing only the statements "begin pc_az_data_sum <=

23   pe_az_data_signed + pe_az_sumout; end process;" is input into the V-2003.12-SP1 version of the

24   Synopsys products-in-suit, a syntax error will result.

25   RESPONSE:

26       Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

27   hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

28   RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 48 -

1  containing only the statements " begin pe_az_data_sum <= pe_az_data_signed +- pe_az_sum_out; end

2  process" into the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects

3  because Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least

4  these reasons, Ricoh cannot answer this Request, and therefore denies same.

5  REQUEST FOR ADMISSION NO. 109:

6    Admit that if a VHDL design containing only the statements "begin pe_az_data_sum <=

7  pe_az_data_signed +- pe_az_suffi_out; end process;" is input into the V-2003.12-SP1 version of the

8  Synopsys products-in-suit, the resulting netlist does not constitute a netlist for an application specific

9  integrated circuit.

10  RESPONSE:

11    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

12  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

13  containing only the statements " begin pe_az_data_sum <= pe_az_data_signed +- pe_az_sum_out; end

14  process" into the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects

15  because Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least

16  these reasons, Ricoh cannot answer this Request, and therefore denies same.

17  REQUEST FOR ADMISSION NO. 110:

18    Admit that if a VHDL design containing only the statements "begin pe_az_data_sum

19  <~pe_az_data_signed+pe_az_sum_out; end process," is input into the V-2003.12-SP1 version of the

20  Synopsys products-in-suit, the resulting netlist does not define the hardware cell s and interconnections

21  necessary to fabricate an application specific integrated circuit.

22  RESPONSE:

23    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

24  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

25  containing only the statements " begin pe_az_data_sum <= pe_az_data_signed +- pe_az_sum_out; end

26  process" into the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects

27

28

1  because Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least

2  these reasons, Ricoh cannot answer this Request, and therefore denies same.

3  REQUEST FOR ADMISSION NO. 111:

4      Admit that if a VHDL design containing only the statements "v_ramp_down_res target := 1

5  new_position + RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" is input into

6  the V-2003.12-SP1 version of the Synopsys products-in-suit, no output will result.

7  RESPONSE:

8      Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

9  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

10  containing only the statements " v_ramp_down_res target := 1   new_position +

11  RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" into the V-2003.12-SP1

12  version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided a

13  competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot answer

14  this Request, and therefore denies same.

15  REQUEST FOR ADMISSION NO. 112:

16      Admit that if a VHDL design containing only the statements "v_ramp_down_res target := 1

17  new_position + RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" is input into

18  the V-2003.12-SP 1 version of the Synopsys products-in-suit, a syntax error will result.

19  RESPONSE:

20      Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

21  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

22  containing only the statements " v_ramp_down_res target := 1   new_position +

23  RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" into the V-2003.12-SP1

24  version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided a

25  competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot answer

26  this Request, and therefore denies same.

27  REQUEST FOR ADMISSION NO. 113:

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 50 -

1    Admit that if a VHDL design containing only the statements "v_ramp_down_res target := 1

2  new_position + RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" is input into

3  the V-2003.12-SP1 version of the Synopsys products-in-suit, the resulting netlist does not constitute a

4  netlist for an application specific integrated circuit.

5  RESPONSE:

6    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

7  hypothetical and calls for information not available to Ricoh.  Ricoh has not input a VHDL design

8  containing only the statements " v_ramp_down_res target := 1  new_position +

9  RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" into the V-2003.12-SP1

10  version of the Synopsys products-in-suit.  Ricoh further objects because Synopsys never provided a

11  competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer

12  this Request, and therefore denies same.

13  REQUEST FOR ADMISSION NO. 114:

14  Admit that if a VHDL design containing only the statements "v_ramp_down_res target := 1

15  new_position + RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" is input into

16  the V-2003.12-SP 1 version of the Synopsys products-in-suit, the resulting netlist does not define the

17  hardware cells and interconnections necessary to fabricate an application specific integrated circuit.

18  RESPONSE:

19    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

20  hypothetical and calls for information not available to Ricoh.  Ricoh has not input a VHDL design

21  containing only the statements " v_ramp_down_res target := 1  new_position +

22  RAMP_DOWN_START; --168=159+ (3*3Freqs) pos_state <= move 0;" into the V-2003.12-SP1

23  version of the Synopsys products-in-suit.  Ricoh further objects because Synopsys never provided a

24  competent witness on the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer

25  this Request, and therefore denies same.

26  REQUEST FOR ADMISSION NO. 115:

27

28

1    Admit that if a Verilog design containing only the statements "always @(posedge clock or posedge

2  rst) if(rst) hold <= 0; else" is input into the V-2003.12-SP1 version of the Synopsys products- in-suit,

3  no output will result.

4  RESPONSE:

5    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

6  hypothetical and calls for information not available to Ricoh. Ricoh has not input a Verilog design

7  containing only the statements " always @(posedge clock or posedge rst) if(rst) hold <= 0; else " into

8  the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys

9  never provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons,

10  Ricoh cannot answer this Request, and therefore denies same.

11  REQUEST FOR ADMISSION NO. 116:

12    Admit that if a Verilog design containing only the statements "always @(posedge clock or posedge

13  rst) if (rst) hold <= 0; else" is input into the V-2003.12-SP1 version of the Synopsys products- in-suit, a

14  syntax error will result.

15  RESPONSE:

16    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

17  hypothetical and calls for information not available to Ricoh. Ricoh has not input a Verilog design

18  containing only the statements " always @(posedge clock or posedge rst) if(rst) hold <= 0; else " into

19  the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys

20  never provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons,

21  Ricoh cannot answer this Request, and therefore denies same.

22  REQUEST FOR ADMISSION NO. 117:

23    Admit that if a Verilog design containing only the statements "always @(posedge clock, or posedge

24  rst) if (rst) hold <=0; else" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit,

25  the resulting netlist does not constitute a netlist for an application specific integrated circuit.

26  RESPONSE:

27

28

DSMDB-2095198v02

1    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

2    hypothetical and calls for information not available to Ricoh. Ricoh has not input a Verilog design

3    containing only the statements " always @(posedge clock or posedge rst) if(rst) hold <= 0; else " into

4    the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys

5    never provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons,

6    Ricoh cannot answer this Request, and therefore denies same.

7    REQUEST FOR ADMISSION NO. 118:

8    Admit that if a Verilog design containing only the statements "always @(posedge clock or posedge

9    rst) if (rst) hold <= 0; else" is input into the V-2003.12-SP1 version of the Synopsys products" in-suit,

10   the resulting netlist does not define the hardware cells and interconnections necessary to fabricate an

11   application specific integrated circuit.

12   RESPONSE:

13   Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

14   hypothetical and calls for information not available to Ricoh. Ricoh has not input a Verilog design

15   containing only the statements " always @(posedge clock or posedge rst) if(rst) hold <= 0; else " into

16   the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys

17   never provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons,

18   Ricoh cannot answer this Request, and therefore denies same.

19   REQUEST FOR ADMISSION NO. 119:

20   Admit that if a Verilog design containing only the statements "else begin case (sample_num) 0:

21   accum <= accum + sample[0];" is input into the V-2003.12-SP1 version of the Synopsys products-in-

22   suit, no output will result.

23   RESPONSE:

24   Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

25   hypothetical and calls for information not available to Ricoh. Ricoh has not input a Verilog design

26   containing only the statements " else begin case (sample_num) 0: accum <= accum + sample[0];" into

27   the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys

28

DSMDB-2095198v02

1  never provided a competent witness on the V-2003.12-SP1 source code.  For at least these reasons,

2  Ricoh cannot answer this Request, and therefore denies same.

3  REQUEST FOR ADMISSION NO. 120:

4     Admit that if a Verilog design containing only the statements "else begin case (sample_num) 0:

5  accum <= accum+sample[0];" is input into the V-2003.12-SP1 version of the Synopsys products-in-

6  suit, a syntax error will result.

7  RESPONSE:

8     Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

9  hypothetical and calls for information not available to Ricoh.  Ricoh has not input a Verilog design

10  containing only the statements " else begin case (sample_num) 0: accum <= accum + sample[0];" into

11  the V-2003.12-SP1 version of the Synopsys products-in-suit.  Ricoh further objects because Synopsys

12  never provided a competent witness on the V-2003.12-SP1 source code.  For at least these reasons,

13  Ricoh cannot answer this Request, and therefore denies same.

14  REQUEST FOR ADMISSION NO. 121:

15     Admit that if a Verilog design containing only the statements "else begin case (sample_num) 0:

16  accum <= accum + sample[0];" is input into the V-2003.12-SP1 version of the Synopsys products-in-

17  suit, the resulting netlist does not constitute a netlist for an application specific integrated circuit.

18  RESPONSE:

19     Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

20  hypothetical and calls for information not available to Ricoh.  Ricoh has not input a Verilog design

21  containing only the statements " else begin case (sample_num) 0: accum <= accum + sample[0];" into

22  the V-2003.12-SP1 version of the Synopsys products-in-suit.  Ricoh further objects because Synopsys

23  never provided a competent witness on the V-2003.12-SP1 source code.  For at least these reasons,

24  Ricoh cannot answer this Request, and therefore denies same.

25  REQUEST FOR ADMISSION NO. 122:

26     Admit that if a Verilog design containing only the statements "else begin case (sample_num) 0:

27  accum <= accum + sample[0];" is input into the V-2003.12-SP1 version of the Synopsys products-in-

28

1  suit, the resulting netlist does not define the hardware cells and interconnections necessary to fabricate

2  an application specific integrated circuit.

3  RESPONSE:

4  Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

5  hypothetical and calls for information not available to Ricoh. Ricoh has not input a Verilog design

6  containing only the statements " else begin case (sample_num) 0: accum <= accum + sample[0];" into

7  the V-2003.12-SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys

8  never provided a competent witness on the V-2003.12-SP1 source code. For at least these reasons,

9  Ricoh cannot answer this Request, and therefore denies same.

10  REQUEST FOR ADMISSION NO. 123:

11  Admit that if a VHDL design containing only the statements "case astate is when IDO => if (apostate

12  ='1') then" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit, no output will

13  result.

14  RESPONSE:

15  Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

16  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

17  containing only the statements "case astate is when IDO => if (apostate ='1') then" into the V-2003.12-

18  SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided

19  a competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot

20  answer this Request, and therefore denies same.

21  REQUEST FOR ADMISSION NO. 124:

22  Admit that if a VHDL design containing only the statements "case astate is when IDO => if (apostate

23  ='1') then" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit, a syntax error will

24  result.

25  RESPONSE:

26  Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

27  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

28

1  containing only the statements "case astate is when IDO => if (apostate ='1') then" into the V-2003.12-

2  SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided

3  a competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot

4  answer this Request, and therefore denies same.

5  REQUEST FOR ADMISSION NO. 125:

6    Admit that if a VHDL design containing only the statements "case astate is when IDO => if (apostate

7  ='1') then" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit, the resulting

8  netlist does not constitute a netlist for an application specific integrated circuit.

9  RESPONSE:

10    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

11  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

12  containing only the statements "case astate is when IDO => if (apostate ='1') then" into the V-2003.12-

13  SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided

14  a competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot

15  answer this Request, and therefore denies same.

16  REQUEST FOR ADMISSION NO. 126:

17    Admit that if a VHDL design containing only the statements "case astate is when IDO => if (apostate

18  ='1') then" is input into the V-2003.12-SP1 version of the Synopsys products-in-suit, the resulting

19  netlist does not define the hardware cells and interconnections necessary to fabricate an application

20  specific integrated circuit.

21  RESPONSE:

22    Ricoh incorporates by reference objections 1-15. Ricoh further objects that this request is a

23  hypothetical and calls for information not available to Ricoh. Ricoh has not input a VHDL design

24  containing only the statements "case astate is when IDO => if (apostate ='1') then" into the V-2003.12-

25  SP1 version of the Synopsys products-in-suit. Ricoh further objects because Synopsys never provided

26  a competent witness on the V-2003.12-SP1 source code. For at least these reasons, Ricoh cannot

27  answer this Request, and therefore denies same.

28

1  REQUEST FOR ADMISSION NO. 127:

2    Admit that mask data cannot be used directly to fabricate an application specific integrated circuit.

3  RESPONSE:

4    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mask data

5  cannot be used directly to fabricate an application specific integrated circuit" as being vague and

6  ambiguous as to what the defendants may mean by the terms. The parties have stipulated that mask

7  data is used to fabricate an application specific integrated circuit. To the extent that his request seeks

8  any other information, and for at least those objections noted, Ricoh denies the remainder of the

9  Request.

10  REQUEST FOR ADMISSION NO. 128:

11    Admit that mask data is used to create a mask prior to the fabrication of an application specific

12  integrated circuit.

13  RESPONSE:

14    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mask data is

15  used to create a mask prior to the fabrication of an application specific integrated circuit" as being

16  vague and ambiguous as to what the defendants may mean by the terms. Ricoh admits that mask data

17  can be used to create a mask. The parties have stipulated that mask data is used to fabricate an

18  application specific integrated circuit. To the extent that his request seeks any other information, and

19  for at least those objections noted, Ricoh denies the remainder of the Request.

20  REQUEST FOR ADMISSION NO. 129:

21    Admit that the rules identified in Col. 11:48-12:29 of the '432 patent are exemplary only.

22  RESPONSE:

23    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "rules identified

24  in Col. 11:48-12:29 of the '432 patent are exemplary only" as being vague and ambiguous as to what

25  the defendants may mean by the terms. For at least those reasons, Ricoh denies the Request.

26  REQUEST FOR ADMISSION NO. 130:

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095198v02

1    Admit that the rules identified in Col. 11:48-12:29 of the '432 patent are exemplary only and are not

2  intended to be a complete set of rules for a expert system knowledge base.

3  RESPONSE:

4    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "rules identified

5  in Col. 11:48-12:29 of the '432 patent are exemplary only and are not intended to be a complete set of

6  rules for a expert system knowledge base" as being vague and ambiguous as to what the defendants

7  may mean by the terms. For at least those reasons, Ricoh denies the Request.

8  REQUEST FOR ADMISSION NO. 131:

9    Admit that the rules identified in Col. 11:48-12:29 of the '432 patent are not intended to be a

10  complete set of rules for an "expert system knowledge base" as used in Claim 13 of the '432 patent.

11  RESPONSE:

12    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "are not intended

13  to be a complete set of rules for an expert system knowledge base" as being vague and ambiguous as to

14  what the defendants may mean by the terms. For at least those reasons, Ricoh denies the Request.

15  REQUEST FOR ADMISSION NO. 132:

16    Admit that the rules identified in Col. 11:48-12:29 of the '432 patent are a complete set of rules for

17  an "expert system knowledge base" as used in Claim 13 of the '432 patent.

18  RESPONSE:

19    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "are a complete

20  set of rules for an "expert system knowledge base"" as being vague and ambiguous as to what the

21  defendants may mean by the terms. For at least those reasons, Ricoh denies the Request.

22  REQUEST FOR ADMISSION NO. 133:

23    Admit that an application specific integrated circuit design tool that included only the rules set forth

24  in Col. 11:48-12:29 of the '432 patent could not be used to create a netlist for an application specific

25  integrated circuit.

26  RESPONSE:

27

28

1    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "an application

2    specific integrated circuit design tool that included only the rules set forth in Col. 11:48-12:29 of the

3    '432 patent could not be used to create a netlist for an application specific integrated circuit" as being

4    vague and ambiguous as to what the defendants may mean by the terms. For at least those reasons,

5    Ricoh denies the Request.

6    REQUEST FOR ADMISSION NO. 134:

7    Admit that in 1988 the KBSC system had more rules than are disclosed in the '432 patent.

8    RESPONSE:

9    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "in 1988 the

10    KBSC system had more rules than are disclosed in the '432 patent" as being vague and ambiguous as

11    to what the defendants may mean by the terms. In particular, "the KBSC system" is not defined and

12    Ricoh is unable to determine what defendants mean by that phrase. For at least those reasons, Ricoh is

13    unable to admit or deny the request, and therefore denies the Request.

14    REQUEST FOR ADMISSION NO. 135:

15    Admit that in 1989 the KBSC system had more rules than are disclosed in the '432 patent.

16    RESPONSE:

17    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "in 1989 the

18    KBSC system had more rules than are disclosed in the '432 patent" as being vague and ambiguous as

19    to what the defendants may mean by the terms. In particular, "the KBSC system" is not defined and

20    Ricoh is unable to determine what defendants mean by that phrase. For at least those reasons, Ricoh is

21    unable to admit or deny the request, and therefore denies the Request.

22    REQUEST FOR ADMISSION NO. 136:

23    Admit that in 1990 the KBSC system had more rules than are disclosed in the '432 patent.

24    RESPONSE:

25    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "in 1990 the

26    KBSC system had more rules than are disclosed in the '432 patent" as being vague and ambiguous as

27    to what the defendants may mean by the terms. In particular, "the KBSC system" is not defined and

28    RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095198v02

1    Ricoh is unable to determine what defendants mean by that phrase. For at least those reasons, Ricoh is

2    unable to admit or deny the request, and therefore denies the Request.

3    REQUEST FOR ADMISSION NO. 137:

4       Admit that mapping HDL operators to synthetic operators, in the V-2003.12-SP1 version of the

5    Synopsys products-in-suit, does not include applying "rules" as the term "rules" is used in Claim 13 of

6    the '432 patent.

7    RESPONSE:

8       Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping HDL

9    operators to synthetic operators, in the V-2003.12-SP1 version of the Synopsys products-in-suit, does

10   not include applying "rules" as the term "rules" is used in Claim 13 of the '432 patent" as being vague

11   and ambiguous as to what the defendants may mean by the terms. Ricoh further objects because

12   Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least these

13   reasons, Ricoh cannot answer this Request, and therefore denies same.

14   REQUEST FOR ADMISSION NO. 138:

15      Admit that mapping HDL operators to synthetic operators, in the v-2003.12-SP1 version of the

16   Synopsys products-in-suit, does not include applying "cell selection rules" as the term "cell selection

17   rules" is used in Claim 13 of the '432 patent.

18   RESPONSE:

19      Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping HDL

20   operators to synthetic operators, in the v-2003.12-SP1 version of the Synopsys products-in-suit, does

21   not include applying "cell selection rules" as the term "cell selection rules" is used in Claim 13 of the

22   '432 patent" as being vague and ambiguous as to what the defendants may mean by the terms. Ricoh

23   further objects because Synopsys never provided a competent witness on the V-2003.12-SP1 source

24   code. For at least these reasons, Ricoh cannot answer this Request, and therefore denies same.

25   REQUEST FOR ADMISSION NO. 139:

26      Admit that mapping synthetic operators to synthetic modules, in the V-2003.12-SP1 version of the

27   Synopsys products-in-suit, does not include applying "rules" as the term "rules" is used in Claim

28   RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095198v02

1 │ 13 of the '432 patent.

2 │ RESPONSE:

3 │     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping

4 │ synthetic operators to synthetic modules, in the V-2003.12-SP1 version of the Synopsys products-in-

5 │ suit, does not include applying "rules" as the term "rules" is used in Claim 13 of the '432 patent" as

6 │ being vague and ambiguous as to what the defendants may mean by the terms. Ricoh further objects

7 │ because Synopsys never provided a competent witness on the V-2003.12-SP1 source code. For at least

8 │ these reasons, Ricoh cannot answer this Request, and therefore denies same.

9 │ REQUEST FOR ADMISSION NO. 140:

10 │     Admit that mapping synthetic operators to synthetic modules, in the V-2003.12-SP1 version of the

11 │ Synopsys products-in-suit, does not include applying "cell selection rules" as the term "cell  selection

12 │ rules" is used in Claim 13 of the "432 patent.

13 │ RESPONSE:

14 │     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping

15 │ synthetic operators to synthetic modules, in the V-2003.12-SP1 version of the Synopsys products-in-

16 │ suit, does not include applying "cell selection rules" as the term "cell  selection rules" is used in Claim

17 │ 13 of the "432 patent" as being vague and ambiguous as to what the defendants may mean by the

18 │ terms. Ricoh further objects because Synopsys never provided a competent witness on the V-2003.12-

19 │ SP1 source code. For at least these reasons, Ricoh cannot answer this Request, and therefore denies

20 │ same.

21 │ REQUEST FOR ADMISSION NO. 141:

22 │     Admit that mapping generic operators to synthetic modules, in the V-2003.12-SP1 version of the

23 │ Synopsys products-in-suit, does not include applying "rules" as the term "rules" is used in Claim 13 of

24 │ the '432 patent.

25 │ RESPONSE:

26 │     Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping generic

27 │ operators to synthetic modules, in the V-2003.12-SP1 version of the Synopsys products-in-suit, does

28 │

1  not include applying "rules" as the term "rules" is used in Claim 13 of the'432 patent" as being vague

2  and ambiguous as to what the defendants may mean by the terms.  Ricoh further objects because

3  Synopsys never provided a competent witness on the V-2003.12-SP1 source code.  For at least these

4  reasons, Ricoh cannot answer this Request, and therefore denies same.

5  REQUEST FOR ADMISSION NO. 142:

6    Admit that mapping generic operators to synthetic modules, in the V-2003.12-SP1 version of the

7  Synopsys products-in-suit, does not include applying "cell selection rules" as the term "cell

8  selection rules" is used in Claim 13 of the '432 patent.

9  RESPONSE:

10    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping generic

11  operators to synthetic modules, in the V-2003.12-SP1 version of the Synopsys products-in-suit, does

12  not include applying "cell selection rules" as the term "cell selection rules" is used in Claim 13 of the

13  '432 patent" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

14  further objects because Synopsys never provided a competent witness on the V-2003.12-SP1 source

15  code.  For at least these reasons, Ricoh cannot answer this Request, and therefore denies same.

16  REQUEST FOR ADMISSION NO. 143:

17    Admit that mapping synthetic modules to Designware implementations, in the V-2003.12-SP1

18  version of the Synopsys products-in-suit, does not include applying "rules" as the term "rules" is used

19  in Claim 13 of the '432 patent.

20  RESPONSE:

21    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping

22  synthetic modules to Designware implementations, in the V-2003.12-SP1 version of the Synopsys

23  products-in-suit, does not include applying "rules" as the term "rules" is used in Claim 13 of the'432

24  patent" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

25  further objects because Synopsys never provided a competent witness on the V-2003.12-SP1 source

26  code.  For at least these reasons, Ricoh cannot answer this Request, and therefore denies same.

27  REQUEST FOR ADMISSION NO. 144:

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 62 -

DSMDB-2095198v02

1    Admit that mapping synthetic modules to Designware implementations, in the V-2003.12-SP1

2   version of the Synopsys products-in-suit, does not include applying "cell selection rules" as the term

3   "cell selection rules" is used in Claim 13 of the '432 patent.

4   RESPONSE:

5    Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "mapping

6   synthetic modules to Designware implementations, in the V-2003.12-SP1 version of the Synopsys

7   products-in-suit, does not include applying "cell selection rules" as the term  "cell selection rules" is

8   used in Claim 13 of the '432 patent" as being vague and ambiguous as to what the defendants may

9   mean by the terms.  Ricoh further objects because Synopsys never provided a competent witness on

10   the V-2003.12-SP1 source code.  For at least these reasons, Ricoh cannot answer this Request, and

11   therefore denies same.

12

13   As to responses and objections:

14   Dated: June 8, 2006

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Gary M. Hoffman
/s/ Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880
Attorneys for Ricoh Company, Ltd.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) Case No. C-03-4669-MJJ (EMC) |
| v. | ) |
| AEROFLEX ET AL., | ) CERTIFICATE OF SERVICE |
| Defendants. | ) |

I am employed in Washington, District of Columbia.  I am over the age of eighteen (18) years and not a party to the within action; my business address is 2101 L Street, NW, Washington, DC, 20037.  On June 8, 2006, I served **RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' REQUESTS FOR ADMISSIONS (NOS. 1-144)** on the parties, through their attorneys of record, by sending true copies thereof to the e-mail addresses listed below:

Terry Corbin, Esq.
CorbinT@Howrey.com

Jacky Fink, Esq.
FinkJ@Howrey.com

Denise De Mory, Esq.
DeMoryD@Howrey.com

I declare that I am employed in the office of a member *pro hac vice* of the Bar of this Court at whose direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Washington, D.C. on June 8, 2006.

_____

Solomon Seyoum

2069126.01

# Exhibit 3

Gary M. Hoffman, pro hac vice
Kenneth W. Brothers, pro hac vice
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037-1526
Phone: (202) 785-9700
Fax: (202) 887-0689

Edward A. Meilman, pro hac vice
Dickstein Shapiro Morin & Oshinsky LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone: (212) 835-1400
Fax: (212) 992-9880

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

Attorneys for the Ricoh Company, Ltd.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RICOH COMPANY, LTD, | Case No. C03-04669 MJJ (EMC) |
| Plaintiff, |  |
| vs. | RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS (Nos. 145-274) |
| Aeroflex et al., | |
| Defendants. | |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Ricoh Company, Ltd., ("Ricoh") hereby responds to ASIC defendants' second Requests for Admission (Nos. 145-274).

1    These responses are based on information reasonably available to Ricoh at the present time.

2  Ricoh reserves the right to supplement these responses when, and if, additional information becomes

3  available. Ricoh also reserves the right to object on any ground at any time to such other or

4  supplemental Requests for Admission ASIC defendants may propound involving or relating to the

5  subject matter of these Requests.

6                                                  **OBJECTIONS**

7      1.  Ricoh objects to all of the Requests to the extent that they seek information or documents

8  protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or

9  immunity. Ricoh does not intend to provide ASIC defendants. ("ASIC defendants" or "defendants")

10  with such protected information. Moreover, any inadvertent disclosure of such information, or any

11  disclosure of documents underlying that information, shall not be deemed a waiver of the attorney-

12  client privilege, the work product doctrine, or any other privilege or immunity.

13      2.  Ricoh objects to all of the Requests to the extent that they seek information that is subject to

14  any protective order, privacy interest, contractual obligation, non-disclosure agreement, confidentiality

15  agreement or other such confidentiality obligation owed to any third party. Without third party

16  permission, Ricoh will not provide such information unless required by the Court.

17      3.  Ricoh objects to all of the Requests to the extent that they seek to impose an obligation of a

18  continuing nature beyond that required by FRCP 26(e).

19      4.  Ricoh objects to all of the Requests to the extent that they seek to impose a premature

20  obligation to provide information in light of Patent Local Rules, including, but not limited to, Patent

21  Local Rule 2-5.

22      5.  Ricoh objects to all of the Requests as overly broad and unduly burdensome to the extent that

23  they seek information beyond what is available from a reasonable search of Ricoh's files likely to

24  contain relevant or responsive documents and a reasonable inquiry of Ricoh's current employees.

25      6.  Ricoh objects to all of the Requests as unduly burdensome to the extent that they seek

26  information that can be determined from a reasonable search of ASIC defendants' own internal files

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
     Ricoh v. Aeroflex C03-04669 MJJ (EMC)
                                                    - 2 -

1  and a reasonable inquiry of ASIC defendants' own employees, as such it would be more convenient,

2  less burdensome, less expensive for ASIC defendants to perform an internal search.

3      7.  Ricoh objects to the definition of "'Ricoh,' 'Plaintiff,' 'you,' and 'your'" because the phrase

4  "predecessors in interest" both is vague so as to not be clear and comprehensible and also is overly

5  broad because the phrase purports to include independent third parties (e.g., International Chip

6  Corporation and Knowledge Based Silicon Corporation).  In responding to these requests, Ricoh limits

7  its response to Ricoh Company, Ltd. However, if specifically requested, Ricoh may be willing to

8  provide information relating to the International Chip Corporation and Knowledge Based Silicon

9  Corporation if such information is within Ricoh's possession, custody and control.  Further, with

10  respect to Requests seeking information from individual persons within Ricoh, Ricoh limits its

11  response to current employees.  Ricoh objects to all of the Requests as overly broad and unduly

12  burdensome to the extent that they seek information beyond what is available from a reasonable search

13  of Ricoh's files likely to contain relevant or responsive documents and a reasonable inquiry of Ricoh's

14  current employees.

15      8.  Ricoh objects to all of the Requests as being unduly burdensome because of the excessive

16  number of Requests.

17      9.  Ricoh objects to all of the Requests to the extent that the request seeks information that is not

18  reasonably calculated to lead to the discovery of admissible evidence.

19      10. Ricoh objects to all of the Requests to the extent that the request seeks information that is

20  before the relevant time period.  As such, in its response to any Request, Ricoh limits the relevant time

21  period to 1997 to the present.

22      11. Ricoh objects to all of the Requests to the extent that the request seeks information that is

23  contentious, and Ricoh has not yet provided its final contentions and responses to contentions.

24      12. Ricoh objects to all of the Requests to the extent that the request seeks information that is the

25  subject of expert testimony or expert opinion, and expert testimony and/or expert opinion is premature.

26      13. In gathering relevant and responsive information, Ricoh has interpreted the Requests utilizing

27  ordinary meanings of words and has expended reasonable efforts to identify information that appears

28

RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)

- 3 -

1  responsive.  To the extent that the Requests purport to seek information other than as so interpreted,

2  Ricoh objects on the ground that the Requests are vague, ambiguous and overbroad.

3      14. Discovery and trial preparation in this matter have not been completed.  Ricoh is continuing its

4  investigation to obtain information responsive to the Requests.  Therefore, all of the following

5  responses are given without prejudice to Ricoh's right to introduce documents or information

6  discovered or deemed responsive subsequent to the date of these responses.

7      15. Any statements made herein regarding Ricoh's intention to provide information or documents

8  responsive to any given Requests does not necessarily indicate or imply the existence of any

9  information or documents responsive thereto.  Furthermore, any information provided or referred to

10  herein is not deemed to be a waiver of Ricoh's objections as to the competency, relevance, privilege or

11  admissibility of evidence in this or any subsequent proceeding or trial in this or any other action for

12  any purpose whatsoever.  In addition, Ricoh reserves the right to supplement or amend its response to

13  the Requests based upon information, documents, and things it receives during discovery or obtains

14  upon further investigation.

15                                              **RESPONSES**

16  **Request for Admission No.** 145.

17  Admit that the specification of the '432 patent does not disclose any input specification for the claimed

18  invention other than a flowchart.

19  **Response:**

20  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the specification

21  of the '432 patent does not disclose any input specification for the claimed invention other than a

22  flowchart" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

23  admits that the '432 patent enables "a user to define functional architecture independent specifications

24  for the integrated circuit and which translates the functional architecture independent specifications

25  into the detailed information needed for directly producing the integrated circuit."  Otherwise, denied.

26  **Request for Admission No.** 146.

27

28

DSMDB-2095180v02

1  Admit that the application for the '432 patent, as filed on or about January 13, 1998, does not contain

2  the phrase "architecture independent."

3  **Response:**

4  Ricoh incorporates by reference objections 1-15.  Ricoh admits that the initial application for what

5  eventually became the '432 patent, as filed on or about January 13, 1998, and which when approved by

6  the Patent Office and issued contained the phrase "architecture independent", did not on January 13,

7  1998 expressly contain the phrase "architecture independent." Ricoh otherwise denies the request.

8  **Request for Admission No.** 147.

9  Admit that the specification of the '432 patent does not disclose how the speed of an application

10  specific integrated circuit may be entered as a design constraint so that the Cell Selector 32 can select

11  an appropriate cell based on its time delay.

12  **Response:**

13  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "specification of

14  the '432 patent does not disclose how the speed of an application specific integrated circuit may be

15  entered as a design constraint so that the Cell Selector 32 can select an appropriate cell based on its

16  time delay" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

17  admits that the '432 patent specifies that time delay is one factor that may be the basis of cell selection.

18  Otherwise, denied.

19  **Request for Admission No.** 148.

20  Admit that the specification of the '432 patent does not disclose when the speed of an application

21  specific integrated circuit may be entered as a design constraint so that the Cell Selector 32 can select

22  an appropriate cell based on its time delay.

23  **Response:**

24  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the specification

25  of the '432 patent does not disclose when the speed of an application specific integrated circuit may be

26  entered as a design constraint so that the Cell Selector 32 can select an appropriate cell based on its

27  time delay" as being vague and ambiguous as to what the defendants may mean by the terms.  Ricoh

28
RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 5 -

DSMDB-2095180v02

1  admits that the '432 patent specifies that time delay is one factor that may be the basis of cell selection.

2  Otherwise, denied.

3  **Request for Admission No.** 149.

4  Admit that the specification of the '432 patent does not disclose how the power consumption of an

5  application specific integrated circuit may be entered as a design constraint so that the Ceil Selector 32

6  can select an appropriate cell based on its power consumption.

7  **Response:**

8  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the specification

9  of the '432 patent does not disclose how the power consumption of an application specific integrated

10  circuit may be entered as a design constraint so that the Ceil Selector 32 can select an appropriate cell

11  based on its power consumption" as being vague and ambiguous as to what the defendants may mean

12  by the terms.  Ricoh admits that the '432 patent specifies that power consumption is one factor that

13  may be the basis of cell selection. Otherwise, denied.

14  **Request for Admission No.** 150.

15  Admit that the specification of the '432 patent does not disclose when the power consumption of an

16  application specific integrated circuit may be entered as a design constraint so that the Cell Selector 32

17  can select an appropriate cell based on its power consumption.

18  **Response:**

19  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the specification

20  of the '432 patent does not disclose when the power consumption of an application specific integrated

21  circuit may be entered as a design constraint so that the Cell Selector 32 can select an appropriate cell

22  based on its power consumption" as being vague and ambiguous as to what the defendants may mean

23  by the terms.  Ricoh admits that the '432 patent specifies that power consumption is one factor that

24  may be the basis of cell selection, otherwise, for at least the aforementioned reasons, Ricoh cannot

25  respond to the request because it is vague and therefore denies same.

26  **Request for Admission No.** 151.

27

28

1  Admit that the specification of the '432 patent does not disclose how the chip area of an application

2  specific integrated circuit may be entered as a design constraint so that the Cell Selector 32 can select

3  an appropriate cell based on its height and width.

4  **Response:**

5  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the specification

6  of the '432 patent does not disclose how the chip area of an application specific integrated circuit may

7  be entered as a design constraint so that the Cell Selector 32 can select an appropriate cell based on its

8  height and width" as being vague and ambiguous as to what the defendants may mean by the terms.

9  The phrase "the chip area" is not used in the patent, and no other definition has been provided.  For at

10  least those reasons, Ricoh cannot respond to the request and therefore denies same.

11  **Request for Admission No. 152.**

12  Admit that the specification of the '432 patent does not disclose when the chip area of an application

13  specific integrated circuit may be entered as a design constraint so that the Cell Selector 32 can select

14  an appropriate cell based on its height and width.

15  **Response:**

16  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the specification

17  of the '432 patent does not disclose when the chip area of an application specific integrated circuit may

18  be entered as a design constraint so that the Cell Selector 32 can select an appropriate cell based on its

19  height and width" as being vague and ambiguous as to what the defendants may mean by the terms.

20  The phrase "the chip area" is not used in the patent, and no other definition ahs been provided.  For at

21  least those reasons, Ricoh cannot respond to the request and therefore denies same.

22  **Request for Admission No. 153.**

23  Admit that the specification of the '432 patent does not disclose any particular method or tool for

24  generating mask data.

25  **Response:**

26  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the term "any particular

27  method or tool for generating mask data" as being vague and ambiguous as to what the defendants may

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
   Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  mean by the terms. Ricoh admits that the parties have agreed in principle to stipulate substantially as

2  follows: "The output of the 2003.12 version of Design Compiler is a netlist. That netlist is used to

3  produce a GDS II file. One or more GDS II files are used to produce mask data. Mask data are used

4  to create photomasks. Photomasks are used by a foundry for purposes of production of the ASIC."

5  Otherwise, Ricoh cannot respond to the request because it is ambiguous, and therefore denies same.

6  **Request for Admission No.** 154.

7  Admit that the specification of the '432 patent does not disclose any preferred method or tool for

8  generating mask data.

9  **Response:**

10  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the term "does not disclose

11  any preferred method or tool for generating mask data" as being vague and ambiguous as to what the

12  defendants may mean by the terms. Ricoh admits that the parties have agreed in principle to stipulate

13  substantially as follows: "The output of the 2003.12 version of Design Compiler is a netlist. That

14  netlist is used to produce a GDS II file. One or more GDS II files are used to produce mask data.

15  Mask data are used to create photomasks. Photomasks are used by a foundry for purposes of

16  production of the ASIC." Otherwise, Ricoh cannot respond to the request because it is ambiguous, and

17  therefore denies same.

18  **Request for Admission No.** 155.

19  Admit that the specification of the '432 patent does not disclose any method or tool for generating

20  mask data that was proprietary to Ricoh.

21  **Response:**

22  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the term "does not disclose

23  any method or tool for generating mask data that was proprietary to Ricoh." as being vague and

24  ambiguous as to what the defendants may mean by the terms. Ricoh admits that the parties have

25  agreed in principle to stipulate substantially as follows: "The output of the 2003.12 version of Design

26  Compiler is a netlist. That netlist is used to produce a GDS II file. One or more GDS II files are used

27  to produce mask data. Mask data are used to create photomasks. Photomasks are used by a foundry

28

DSMDB-2095180v02

1  for purposes of production of the ASIC." Otherwise, Ricoh cannot respond to the request because it is

2  ambiguous, and therefore denies same.

3  **Request for Admission No.** 156.

4  Admit that the specification of the '432 patent does not disclose any method or tool for generating

5  mask data that was proprietary to ICC.

6  **Response:**

7  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the term "does not disclose

8  any method or tool for generating mask data that was proprietary to ICC" as being vague and

9  ambiguous as to what the defendants may mean by the terms. Ricoh admits that the parties have

10  agreed in principle to stipulate substantially as follows: "The output of the 2003.12 version of Design

11  Compiler is a netlist. That netlist is used to produce a GDS II file. One or more GDS II files are used

12  to produce mask data. Mask data are used to create photomasks. Photomasks are used by a foundry

13  for purposes of production of the ASIC." Otherwise, Ricoh cannot respond to the request because it is

14  ambiguous, and therefore denies same.

15  **Request for Admission No.** 157.

16  Admit that Ricoh delivered "design rules" to ICC in accordance with the terms of KBSC 000005-

17  000007.

18  **Response:**

19  Ricoh incorporates by reference objections 1-15. Ricoh incorporates by reference its restated response

20  to Interrogatory 29 of Matrox Electronic Systems LTD.'s Second Set of Interrogatories. Except as

21  admitted therein, denied.

22  **Request for Admission No.** 158.

23  Admit that Ricoh delivered "general cell libraries" to ICC in accordance with the terms if KBSC

24  000005-000007.

25  **Response:**

26

27

28
RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 9 -

DSMDB-2095180v02

1  Ricoh incorporates by reference objections 1-15.  Ricoh incorporates by reference its restated response

2  to Interrogatory 30 of Matrox Electronic Systems LTD.'s Second Set of Interrogatories.  Except as

3  admitted therein, denied.

4  **Request for Admission No.** 159.

5  Admit that ICC provided its ASIC design software to Ricoh in accordance with the terms if KBSC

6  000005 - 000007.

7  **Response:**

8  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "its ASIC design

9  software" as being vague and ambiguous as to what software.  Subject to these objections, Ricoh

10  incorporates by reference Mr. Oka's 30(b)(6) deposition testimony, where he stated that, pursuant to

11  the terms of KBSC 000005 – 000007, ICC delivered certain software to Ricoh.  Except as admitted

12  therein, the request is denied.

13  **Request for Admission No.** 160.

14  Admit that KBSC 000001-0000003 was signed on or before January 15, 1987.

15  **Response:**

16  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "KBSC 000001-

17  0000003 was signed on or before January 15, 1987" as being vague and ambiguous as to signed by

18  whom.  Ricoh admits that the agreement KBSC 000001-0000003 states that it was made as of January

19  15, 1987.  Otherwise denied.

20  **Request for Admission No.** 161.

21  Admit that KBSC 000001-0000003 was signed on or before January 13, 1987.

22  **Response:**

23  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "KBSC 000001-

24  0000003 was signed on or before January 13, 1987" as being vague and ambiguous as to signed by

25  whom.  Ricoh admits that the agreement KBSC 000001-0000003 states that it was made as of January

26  15, 1987.  Otherwise denied.

27  **Request for Admission No.** 162.

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
   Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1    Admit that the terms of KBSC 000001 -0000003 were agreed to in principal on or before January 15,

2    1987.

3    **Response:**

4    Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the terms of

5    KBSC 000001 -0000003 were agreed to in principal [*sic*] on or before January 15, 1987" as being

6    vague and ambiguous as to what the defendants may mean by the terms.  Ricoh admits that the

7    agreement KBSC 000001-0000003 states that it was made as of January 15, 1987.  Otherwise denied.

8    **Request for Admission No.** 163.

9    Admit that the terms of Tooru Ozeki participated in the development of the software that was delivered·

10    to Ricoh in or about August of 1987 pursuant to the terms of KBSC 000001 - 0000003.

11    **Response:**

12    Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the terms of

13    Tooru Ozeki participated in the development of the software that was delivered to Ricoh in or about

14    August of 1987 pursuant to the terms of KBSC 000001 - 0000003" as being vague and ambiguous as

15    to what the defendants may mean by the terms, and therefore denies same.

16    **Request for Admission No.** 164.

17    Admit that the terms of Yoon-Pin Foo participated in the development of the software that was

18    delivered to Ricoh in or about August of 1987 pursuant to the terms of KBSC 000001- 0000003.

19    **Response:**

20    Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "terms of Yoon-

21    Pin Foo participated in the development of the software that was delivered to Ricoh in or about August

22    of 1987 pursuant to the terms of KBSC 000001- 0000003" as being vague and ambiguous as to what

23    the defendants may mean by the terms, and therefore denies same.

24    **Request for Admission No.** 165.

25    Admit that the terms of Ricky Darwin participated in the development of the software that was

26    delivered to Ricoh in or about August of 1987 pursuant to the terms of KBSC 000001- 0000003.

27    **Response:**

28    RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
      Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the terms of

2  Ricky Darwin participated in the development of the software that was delivered to Ricoh in or about

3  August of 1987 pursuant to the terms of KBSC 000001- 0000003" as being vague and ambiguous as to

4  what the defendants may mean by the terms, and therefore denies same.

5  **Request for Admission No.** 166.

6  Admit that the terms of Stuart Anderson participated in the development of the software that was

7  delivered to Ricoh in or about August of 1987 pursuant to the terms of KBSC 000001- 0000003.

8  **Response:**

9  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the terms of

10  Stuart Anderson participated in the development of the software that was delivered to Ricoh in or

11  about August of 1987 pursuant to the terms of KBSC 000001- 0000003" as being vague and

12  ambiguous as to what the defendants may mean by the terms, and therefore denies same.

13  **Request for Admission No.** 167.

14  Admit that the terms of Zenji Oka participated in development of the Specification labeled KBSC

15  000009 - 000027.

16  **Response:**

17  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the terms of Zenji

18  Oka participated in development of the Specification labeled KBSC 000009 - 000027" as being vague

19  and ambiguous as to what the defendants may mean by the terms, and therefore denies same.

20  **Request for Admission No.** 168.

21  Admit that the terms of Terumi Suehiro participated in development of the Specification labeled KBSC

22  000009 - 000027.

23  **Response:**

24  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "the terms of

25  Terumi Suehiro participated in development of the Specification labeled KBSC 000009 - 000027" as

26  being vague and ambiguous as to what the defendants may mean by the terms, and therefore denies

27  same.

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
   Ricoh v. Acroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  **Request for Admission No.** 169.

2  Admit that the terms of Tooru Ozeki participated in development of the Specification labeled KBSC

3  000009 - 000027.

4  **Response:**

5  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the terms of

6  Tooru Ozeki participated in development of the Specification labeled KBSC 000009 - 000027" as

7  being vague and ambiguous as to what the defendants may mean by the terms, and therefore denies

8  same.

9  **Request for Admission No.** 170.

10  Admit that the terms Yoon-Pin Foo participated in development of me Specification labeled KBSC

11  000009 – 000027.

12  **Response:**

13  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the terms of

14  Tooru Ozeki participated in development of the Specification labeled KBSC 000009 - 000027" as

15  being vague and ambiguous as to what the defendants may mean by the terms, and therefore denies

16  same.

17  **Request for Admission No.** 171.

18  Admit that the terms of Ricky Darwin participated in development of the Specification labeled KBSC

19  000009 - 000027.

20  **Response:**

21  Ricoh incorporates by reference objections 1-15. Ricoh further objects to the terms "the terms of

22  Ricky Darwin participated in development of the Specification labeled KBSC 000009 - 000027" as

23  being vague and ambiguous as to what the defendants may mean by the terms, and therefore denies

24  same.

25  **Request for Admission No.** 172.

26  Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System/or VLSI Module Selection,

27  IEEE Int'l Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986), (KBSC000995 - KBSC000995)

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)

1    discloses a "computer-aided design process for designing an application specific integrated circuit

2    which will perform a desired function."

3    **Response:**

4    Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

5    expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

6    reference, and therefore denies same.

7    **Request for Admission No.** 173.

8    Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

9    IEEE Int'l Conf- Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

10   discloses "storing a set of definitions of architecture independent actions and conditions."

11   **Response:**

12   Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

13   expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

14   reference, and therefore denies same.

15   **Request for Admission No.** 174.

16   Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

17   IEEE Int'l Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

18   discloses "definitions of architecture independent actions and conditions."

19   **Response:**

20   Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

21   expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

22   reference, and therefore denies same.

23   **Request for Admission No.** 175.

24   Admit that Foo, Y.P.S. &H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

25   IEEE Int'l Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

26   discloses "storing data describing a set of available integrated circuit hardware cells."

27   **Response:**

28

1  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 176.

5  Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

6  IEEE Int4 Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

7  discloses "storing data describing a set of available integrated circuit hardware cells for performing the

8  actions and conditions defined in the stored set."

9  **Response:**

10 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

11 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

12 reference, and therefore denies same.

13 **Request for Admission No.** 177.

14 Admit that Foo, Y.P.S. &H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

15 IEEE Int'l Conf. Computer Design (ICCD), pp. 184-186(0ct. 1986). (KBSC000995- KBSC000995)

16 discloses "an expert system knowledge base."

17 **Response:**

18 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

19 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

20 reference, and therefore denies same.

21 **Request for Admission No.** 178.

22 Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

23 IEEE Int'l Conf. Computer Design (ICCD), pp. 184"186(0ct. 1986). (KBSC000995 - KBSC000995)

24 discloses "a set of rules for selecting hardware cells to perform the actions and conditions."

25 **Response:**

26

27

28

1  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 179.

5  Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System/or VLSI Module Selection,

6  IEEE int'l Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

7  discloses "describing for a proposed application specific integrated circuit a series of architecture

8  independent actions and conditions."

9  **Response:**

10  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

11  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

12  reference, and therefore denies same.

13  **Request for Admission No.** 180.

14  Admit that Foo. Y.P.S. & H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

15  IEEE lnt'l Conf, Computer Design (ICCD), pp. 1 §4-186 (Oct. 1986). (KBSC000995 - KBSC000995)

16  discloses "specifying for each described action and condition of the series one of said stored definitions

17  which corresponds to the desired action or condition to be performed."

18  **Response:**

19  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

20  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

21  reference, and therefore denies same.

22  **Request for Admission No.** 181.

23  Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

24  IEEE Int'l Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

25  discloses "specifying for each described action and condition of the series one of said stored definitions

26  which corresponds to the desired action or condition to be performed."

27  **Response:**

28

1  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 182.

5  Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

6  IEEE Int'l Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

7  discloses "selecting from said stored data for each of the specified definitions a corresponding

8  integrated circuit hardware cell for performing the desired function of the application specific

9  integrated circuit."

10 **Response:**

11 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

12 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

13 reference, and therefore denies same.

14 **Request for Admission No.** 183.

15 Admit that Foo, Y.P.S. & H. Kobayashi, A Knowledge-Based System _ for VLSI Module Selection,

16 IEEE Int'l Conf. Computer Design (ICCD), pp. 184-186 (Oct. 1986). (KBSC000995 - KBSC000995)

17 discloses "applying to the specified definition of the action or condition to be performed, a set of cell

18 selection rules stored in said expert system knowledge base and generating for the selected integrated

19 circuit hardware cells, a netlist defining the hardware cells which are needed to perform the desired

20 function of the integrated circuit."

21 **Response:**

22 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

23 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

24 reference, and therefore denies same.

25 **Request for Admission No.** 184.

26 Admit that Foo, Y.P.S, .& H. Kobayashi, A Knowledge-Based System for VLSI Module Selection,

27 IEEE Int'l Conf. Computer Design (ICCD), pp. J 84-186 (Oct. 1986). (KBSC000995 - KBSC000995)

28

RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 17 -

DSMDB-2095180v02

1  discloses "selecting from said stored data for each of the specified definitions a corresponding

2  integrated circuit hardware cell for performing the desired function of the application specific

3  integrated circuit, said step of selecting a hardware cell comprising applying to the specified  definition

4  of the action or condition to be performed, a set of cell selection rules stored in said expert system

5  knowledge base and generating for the selected integrated circuit hardware cells, a netlist defining the

6  hardware cells which are needed to perform the desired function of the integrated circuit.

7  **Response:**

8  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

9  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

10  reference, and therefore denies same.

11  **Request for Admission No.** 185.

12  Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

13  IEEE Design &Test 33-43 (1985) (DEF018108-DEF018118) discloses a "computer-aided design

14  process for designing an application specific integrated circuit which will perform a desired function."

15  **Response:**

16  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

17  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

18  reference, and therefore denies same.

19  **Request for Admission No.** 186.

20  Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

21  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "storing a set of definitions of

22  architecture independent actions and conditions."

23  **Response:**

24  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

25  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

26  reference, and therefore denies same.

27  **Request for Admission No.** 187.

28

1  Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

2  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "definitions of architecture

3  independent actions and conditions."

4  **Response:**

5  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

6  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

7  reference, and therefore denies same.

8  **Request for Admission No.** 188.

9  Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

10  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "storing data describing a set

11  of available integrated circuit hardware cells,"

12  **Response:**

13  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

14  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

15  reference, and therefore denies same.

16  **Request for Admission No.** 189.

17  Admit that T.J. Kowalski, et al.. The VLSI Design Automation Assistant: From Algorithms to Silicon,

18  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "storing data describing a set

19  of available integrated circuit hardware cells for performing the actions and conditions defined in the

20  stored set."

21  **Response:**

22  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

23  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

24  reference, and therefore denies same.

25  **Request for Admission No.** 190.

26

27

28

1 | Admit that T.J. Kowalski, ct al,. The VLSI Design Automation Assistant: From Algorithms to Silicon,

2 | IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "an expert system knowledge

3 | base."

4 | **Response:**

5 | Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

6 | expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

7 | reference, and therefore denies same.

8 | **Request for Admission No.** 191.

9 | Admit T.J. Kowalski, et al.. The VLSI Design Automation Assistant: From Algorithms to Silicon,

10 | IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "a set of rules for selecting

11 | hardware cells to perform the actions and conditions."

12 | **Response:**

13 | Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

14 | expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

15 | reference, and therefore denies same.

16 | **Request for Admission No.** 192.

17 | Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

18 | IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "storing in an expert system

19 | knowledge base a set of rules for selecting hardware cells to perform the actions and conditions."

20 | **Response:**

21 | Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

22 | expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

23 | reference, and therefore denies same.

24 | **Request for Admission No.** 193.

25 | Admit that T.J., Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

26 | IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "describing for a proposed

27 | application specific integrated circuit a series of architecture independent actions and conditions."

28 |

1  **Response:**

2  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

3  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

4  reference, and therefore denies same.

5  **Request for Admission No.** 194.

6  Admit that T.J., Kowalski, et al.. The VLSI Design Automation Assistant: From Algorithms to Silicon,

7  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "specifying for each described

8  action and condition of the series one of said stored definitions which corresponds to the desired action

9  or condition to be performed."

10 **Response:**

11 Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

12 expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

13 reference, and therefore denies same.

14 **Request for Admission No.** 195.

15 Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

16 IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "specifying for each described

17 action and condition of the series one of said stored definitions which corresponds to the desired action

18 or condition to be performed."

19 **Response:**

20 Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

21 expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

22 reference, and therefore denies same.

23 **Request for Admission No.** 196.

24 Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

25 IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "selecting from said stored

26 data for each of the specified definitions a corresponding integrated circuit hardware cell for

27 performing the desired function of the application specific integrated circuit."

28 RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  **Response:**

2  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

3  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

4  reference, and therefore denies same.

5  **Request for Admission No. 197.**

6  Admit T.J. Kowalski, et al.. The VLSI Design Automation Assistant: From Algorithms to Silicon,

7  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "applying to the specified

8  definition of the action or condition to be performed, a set of cell selection rules stored in said expert

9  system knowledge base and generating for the selected integrated circuit hardware cells, a netlist

10  defining the hardware cells which are needed to perform the desired function of the integrated circuit."

11  **Response:**

12  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

13  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

14  reference, and therefore denies same.

15  **Request for Admission No. 198.**

16  Admit that T.J. Kowalski, et al., The VLSI Design Automation Assistant: From Algorithms to Silicon,

17  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "selecting from said stored

18  data for each of the specified definitions a corresponding integrated circuit hardware cell for

19  performing the desired function of the application specific integrated circuit, said step of selecting a

20  hardware cell comprising applying to the specified definition of the action or condition to be

21  performed, a set of cell selection rules stored in said expert system knowledge base and generating for

22  the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to

23  perform the desired function of the integrated circuit,"

24  **Response:**

25  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

26  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

27  reference, and therefore denies same.

28

1  **Request for Admission No.** 199.

2  Admit that T.J. Kowalski, et al, The VLSI Design Automation Assistant: From Algorithms to Silicon,

3  IEEE Design & Test 33-43 (1985) (DEF018108-DEF018118) discloses "selecting from said stored

4  data for each of the specified definitions a corresponding integrated circuit hardware cell for

5  performing the desired function of the application specific integrated circuit, said step of selecting a

6  hardware cell comprising applying to the specified definition of the action or condition to be

7  performed, a set of cell selection rules stored in said expert system knowledge base and generating for

8  the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to

9  perform the desired function of the integrated circuit and the interconnections therefor.'

10  **Response:**

11  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

12  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

13  reference, and therefore denies same.

14  **Request for Admission No.** 200.

15  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

16  Expert System, Carnegie-Mellon University PhD Thesis, April 1984 discloses a "computer-aided

17  design process for designing an application specific integrated circuit which will perform a desired

18  function."

19  **Response:**

20  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

21  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

22  reference, and therefore denies same.

23  **Request for Admission No.** 201.

24  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

25  Expert System, Carnegie-Mellon University PhD Thesis, April 1984 discloses "storing a set of

26  definitions of architecture independent actions and conditions."

27  **Response:**

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 23 -

DSMDB-2095180v02

1  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 202.

5  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

6  Expert System, Carnegie-Mellon University PhD Thesis, April 1984 discloses "definitions of

7  architecture independent actions and conditions."

8  **Response:**

9  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

10  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

11  reference, and therefore denies same.

12  **Request for Admission No.** 203.

13  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

14  Expert System, Carnegie-Mellon University PhD Thesis, April 1984 discloses "storing data describing

15  a set of available integrated circuit hardware cells,"

16  **Response:**

17  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

18  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

19  reference, and therefore denies same.

20  **Request for Admission No.** 204.

21  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

22  Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "storing data describing a

23  set of available integrated circuit hardware cells for performing the actions and conditions defined in

24  the stored set."

25  **Response:**

26

27

28

1  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 205.

5  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

6  Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "an expert system

7  knowledge base."

8  **Response:**

9  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

10  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

11  reference, and therefore denies same.

12  **Request for Admission No.** 206.

13  Admit that Thaddeus Julius K-Kowalski, The VLSI Design Automation Assistant: A Knowledge-

14  Based Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "a set of rules for

15  selecting hardware cells to perform the actions and conditions."

16  **Response:**

17  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

18  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

19  reference, and therefore denies same.

20  **Request for Admission No.** 207.

21  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

22  Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "storing in an expert

23  system knowledge base a set of rules for selecting hardware cells to perform the actions and

24  conditions."

25  **Response:**

26

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
   Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 208.

5  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

6  Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "describing for a

7  proposed application specific integrated circuit a series of architecture independent actions and

8  conditions."

9  **Response:**

10  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

11  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

12  reference, and therefore denies same.

13  **Request for Admission No.** 209.

14  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

15  Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "specifying for each

16  described action and condition of the series one of said stored definitions which corresponds to the

17  desired action or condition to be performed."

18  **Response:**

19  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

20  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

21  reference, and therefore denies same.

22  **Request for Admission No.** 210.

23  Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

24  Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "specifying for each

25  described action and condition of the series one of said stored definitions which corresponds to the

26  desired action or condition to be performed."

27  **Response:**

28

1    Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

2    expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

3    reference, and therefore denies same.

4    **Request for Admission No.** 211.

5    Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

6    Expert System, Mellon-Mellon University PhD Thesis, April 1984 discloses "selecting from said

7    stored data for each of the specified definitions a corresponding integrated circuit hardware cell for

8    performing the desired function of the application specific integrated circuit."

9    **Response:**

10   Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

11   expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

12   reference, and therefore denies same.

13   **Request for Admission No.** 212.

14   Admit Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

15   Expert System, Carnegie-Mellon University PhD Thesis, April 1984 discloses "applying to the

16   specified definition of the action or condition to be performed, a set of cell selection rules stored in

17   said expert system knowledge base and generating for the selected integrated circuit hardware cells, a

18   netlist defining the hardware cells which are needed to perform the desired function of the integrated

19   circuit."

20   **Response:**

21   Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

22   expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

23   reference, and therefore denies same.

24   **Request for Admission No.** 213.

25   Admit that Thaddeus Julius Kowalski, The VLSI Design Automation Assistant: A Knowledge-Based

26   Expert System, Carnegie-Mellon University PhD Thesis, April 1984 discloses "selecting from said

27   stored data for each of the specified definitions a corresponding integrated circuit hardware cell for

28

RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 27 -

DSMDB-2095180v02

1  performing the desired function of the application specific integrated circuit, said step of selecting a

2  hardware cell comprising applying to the specified definition of the action or condition to be

3  performed, a set of cell selection rules stored in said expert system knowledge base and generating for

4  the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to

5  perform the desired function of the integrated circuit."

6  **Response:**

7  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

8  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

9  reference, and therefore denies same.

10  **Request for Admission No.** 214.

11  Admit that Zenji Oka should have been identified as a named inventor of US Patent 4,922,432.

12  **Response:**

13  Ricoh incorporates by reference objections 1-15.  Otherwise, denied.

14  **Request for Admission No.** 215.

15  Admit that Turumi Suehiro should have been identified as a named inventor of US Patent No.

16  4,922,432.

17  **Response:**

18  Ricoh incorporates by reference objections 1-15.  Otherwise, denied.

19  **Request for Admission No.** 216.

20  Admit that Tooru Ozeki should have been identified as a named inventor US Patent No. 4,922,432.

21  **Response:**

22  Ricoh incorporates by reference objections 1-15.  Otherwise, denied.

23  **Request for Admission No.** 217.

24  Admit that Yoon-Pin Foo should have been identified as named inventor of US Patent No. 4,922,432.

25  **Response:**

26  Ricoh incorporates by reference objections 1-15.  Otherwise, denied.

27  **Request for Admission No.** 218.

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
   Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  Admit that US Patent No. 4,703,435 discloses a "computer-aided design process for designing an

2  application specific integrated circuit which will perform a desired function."

3  **Response:**

4  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

5  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

6  reference, and therefore denies same.

7  **Request for Admission No.** 219.

8  Admit that US Patent No. 4,703,435 discloses "storing a set of definitions of architecture independent

9  actions and conditions."

10  **Response:**

11  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

12  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

13  reference, and therefore denies same.

14  **Request for Admission No. 220.**

15  Admit that US Patent No. 4,703,435 discloses "definitions of architecture independent actions and

16  conditions."

17  **Response:**

18  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

19  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

20  reference, and therefore denies same.

21  **Request for Admission No.** 221.

22  Admit that US Patent No. 4,703,435 discloses "storing data describing a set of available integrated

23  circuit hardware cells."

24  **Response:**

25  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

26  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

27  reference, and therefore denies same.

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  **Request for Admission No.** 222.

2  Admit that US Patent No. 4,703,435 discloses "storing data describing a set of available integrated

3  circuit hardware cells for performing the actions and conditions defined in the stored set."

4  **Response:**

5  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

6  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

7  reference, and therefore denies same.

8  **Request for Admission No.** 223.

9  Admit that US Patent No. 4,703,435 discloses "an expert system knowledge base."

10  **Response:**

11  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

12  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

13  reference, and therefore denies same.

14  **Request for Admission No.** 224.

15  Admit that US Patent No. 4,703,435 discloses "a set of rules for selecting hardware cells to perform the

16  actions and conditions."

17  **Response:**

18  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

19  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

20  reference, and therefore denies same.

21  **Request for Admission No.** 225.

22  Admit that US Patent No. 4,703,435 discloses "storing in an expert system knowledge base a set of

23  rules for selecting hardware cells to perform the actions and conditions."

24  **Response:**

25  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

26  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

27  reference, and therefore denies same.

28

1  **Request for Admission No.** 226.

2  Admit that US Patent No. 4,703,435 discloses "describing for a proposed application specific

3  integrated circuit a series of architecture independent actions and conditions."

4  **Response:**

5  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

6  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

7  reference, and therefore denies same.

8  **Request for Admission No.** 227.

9  Admit that US Patent No. 4,703,435 discloses "specifying for each described action and condition of

10  the series one of said stored definitions which corresponds to the desired action or condition to be

11  performed."

12  **Response:**

13  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

14  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

15  reference, and therefore denies same.

16  **Request for Admission No.** 228.

17  Admit that US Patent No, 4,703,435 discloses "specifying for each described action and condition of

18  the series one of said stored definitions which corresponds to me desired action or condition to be

19  performed."

20  **Response:**

21  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

22  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

23  reference, and therefore denies same.

24  **Request for Admission No.** 229.

25  Admit that US Patent No. 4,703,435 discloses "selecting from said stored data for each of the specified

26  definitions a corresponding integrated circuit hardware cell for performing the desired function of the

27  application specific integrated circuit."

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  **Response:**

2  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

3  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

4  reference, and therefore denies same.

5  **Request for Admission No. 230.**

6  Admit US Patent No. 4,703,435 discloses "applying to the specified definition of the action or

7  condition to be performed, a set of cell selection rules stored in said expert system knowledge base and

8  generating for the selected integrated circuit hardware cells, a netlist defining the hardware cells which

9  are needed to perform me desired function of the integrated circuit."

10  **Response:**

11  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

12  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

13  reference, and therefore denies same.

14  **Request for Admission No. 231.**

15  Admit that US Patent No. 4,703,435 discloses "selecting from said stored data for each of the specified

16  definitions a corresponding integrated circuit hardware cell for performing the desired function of the

17  application specific integrated circuit, said step of selecting a hardware cell comprising applying to the

18  specified definition of the action or condition to be performed, a set of cell selection rules stored in

19  said expert system knowledge base and generating for the selected integrated circuit hardware cells, a

20  netlist defining the hardware cells which are needed to perform the desired function of the integrated

21  circuit."

22  **Response:**

23  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

24  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

25  reference, and therefore denies same.

26  **Request for Admission No. 232.**

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
   Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1   Admit that Mitchell, T.M., et al, A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

2   Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses a

3   "computer-aided design process for designing an application specific integrated circuit which will

4   perform a desired function."

5   **Response:**

6   Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

7   expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

8   reference, and therefore denies same.

9   **Request for Admission No.** 233.

10  Admit that Mitchell, T.M-, et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

11  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985. pp. 502-510 discloses "storing a

12  set of definitions of architecture independent actions and conditions."

13  **Response:**

14  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

15  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

16  reference, and therefore denies same.

17  **Request for Admission No.** 234.

18  Admit that Mitchell, T.M., et al,, A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

19  Analysis and Machine Intelligence, Vol, PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "definitions

20  of architecture independent actions and conditions."

21  **Response:**

22  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

23  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

24  reference, and therefore denies same.

25  **Request for Admission No.** 235.

26

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
    Ricoh v. Aeroflex C03-04669 MJJ (EMC)

DSMDB-2095180v02

1  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

2  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "storing

3  data describing a set of available integrated circuit hardware cells."

4  **Response:**

5  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

6  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

7  reference, and therefore denies same.

8  **Request for Admission No. 236.**

9  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

10  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "storing

11  data describing a set of available integrated circuit hardware cells for performing the actions and

12  conditions defined in the stored set."

13  **Response:**

14  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

15  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

16  reference, and therefore denies same.

17  **Request for Admission No. 237.**

18  Admit that Mitchell, T.M-, et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

19  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "an expert

20  system knowledge base."

21  **Response:**

22  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

23  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

24  reference, and therefore denies same.

25  **Request for Admission No. 238.**

26

27

28

1  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

2  Analysis and Machine Intelligence, Vol. PAMI-7, No, 5, Sept., 1985, pp.502-510 discloses "a set of

3  rules for selecting hardware cells to perform the actions and conditions."

4  **Response:**

5  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

6  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

7  reference, and therefore denies same.

8  **Request for Admission No. 239.**

9  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

10  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "storing in

11  an expert system knowledge base a set of rules for selecting hardware cells to perform the actions and

12  conditions."

13  **Response:**

14  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

15  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

16  reference, and therefore denies same.

17  **Request for Admission No. 240.**

18  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

19  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "describing

20  for a proposed application specific integrated circuit a series of architecture independent actions and

21  conditions."

22  **Response:**

23  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

24  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

25  reference, and therefore denies same.

26  **Request for Admission No. 241.**

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 35 -

DSMDB-2095180v02

1  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans, On Pattern

2  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "specifying

3  for each described action and condition of the series one of said stored definitions which corresponds

4  to the desired action or condition to be performed."

5  **Response:**

6  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

7  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

8  reference, and therefore denies same.

9  **Request for Admission No.** 242.

10  Admit that Mitchell, T.M,, et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

11  Analysis and Machine Intelligence, Vol. PAMI-7, No, 5, Sept., 1955, pp.502-510 discloses "specifying

12  for each described action and condition of the series one of said stored definitions which corresponds

13  to the desired action or condition to be performed."

14  **Response:**

15  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

16  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

17  reference, and therefore denies same.

18  **Request for Admission No.** 243.

19  Admit that Mitchell, T.M-, et al., A Knowledge-Based Approach to Design, IEEE Trails. On Pattern

20  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "selecting

21  from said stored data for each of the specified definitions a corresponding integrated circuit hardware

22  cell for performing the desired function of the application specific integrated circuit."

23  **Response:**

24  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

25  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

26  reference, and therefore denies same.

27  **Request for Admission No.** 244.

28

1  Admit Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

2  Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "applying

3  to the specified definition of the action or condition to be performed, a set of cell selection rules stored

4  in said expert system knowledge base and generating for the selected integrated circuit hardware cells,

5  a netlist defining the hardware cells which are needed to perform the desired function of the integrated

6  circuit."

7  **Response:**

8  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

9  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

10 reference, and therefore denies same.

11 **Request for Admission No. 245.**

12 Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Trans. On Pattern

13 Analysis and Machine Intelligence, Vol. PAMI-7, No. 5, Sept., 1985, pp.502-510 discloses "selecting

14 from said stored data for each of the specified definitions a corresponding integrated circuit hardware

15 cell for performing the desired function of the application specific integrated circuit, said step of

16 selecting a hardware cell comprising applying to the specified definition of the action or condition to

17 be performed, a set of cell selection rules stored in said expert system knowledge base and generating

18 for the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed

19 to perform the desired function of the integrated circuit."

20 **Response:**

21 Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

22 expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

23 reference, and therefore denies same.

24 **Request for Admission No. 246.**

25 Admit that Masahiro Shindo did not participate in the drafting of KBSC 000007- 000027.

26 **Response:**

27

28

RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 37 -

DSMDB-2095180v02

1  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "participate in the

2  drafting of KBSC 000007- 000027" as being vague and ambiguous as to what the defendants may

3  mean by the terms.  For at least those reasons, Ricoh cannot respond to the request, and therefore

4  denies same.

5  **Request for Admission No.** 247.

6  Admit that Masahiro Shindo did not participate in the development of the specification labeled KBSC

7  000007-000027.

8  **Response:**

9  Ricoh incorporates by reference objections 1-15.  Ricoh further objects to the terms "did not participate

10  in the development of the specification labeled KBSC 000007-000027" as being vague and ambiguous

11  as to what the defendants may mean by the terms.  For at least those reasons, Ricoh cannot respond to

12  the request, and therefore denies same.

13  **Request for Admission No.** 248.

14  Admit that Mitchell, T-M-, et al., A Knowledge-Based Approach to Design, IEEE Workshop on

15  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses a "computer- aided design

16  process for designing an application specific integrated circuit which will perform a desired function."

17  **Response:**

18  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

19  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

20  reference, and therefore denies same.

21  **Request for Admission No.** 249.

22  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

23  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "storing a set o definitions of

24  architecture independent actions and conditions."

25  **Response:**

26

27

28

DSMDB-2095180v02

1  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 250.

5  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

6  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "definitions of architecture

7  independent actions and conditions."

8  **Response:**

9  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

10  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

11  reference, and therefore denies same.

12  **Request for Admission No.** 251.

13  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

14  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "storing data describing a set

15  of available integrated circuit hardware cells,"

16  **Response:**

17  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

18  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

19  reference, and therefore denies same.

20  **Request for Admission No.** 252.

21  Admit that Mitchell, T.M., et al,, A Knowledge-Based Approach to Design, IEEE Workshop on

22  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "storing data describing a set

23  of available integrated circuit hardware cells for performing the actions and conditions defined in the

24  stored set,"

25  **Response:**

26

27

28

1  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No.** 253.

5  Admit that Mitchell, T.M., et al.. A Knowledge-Based Approach to Design, IEEE Workshop on

6  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "an expert system knowledge

7  base."

8  **Response:**

9  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

10  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

11  reference, and therefore denies same.

12  **Request for Admission No.** 254.

13  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

14  Principles of Knowledge-Based Systems, Dec., 1984, pp,27-34 discloses "a set of rules for selecting

15  hardware cells to perform the actions and conditions."

16  **Response:**

17  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

18  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

19  reference, and therefore denies same.

20  **Request for Admission No.** 255.

21  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

22  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "storing in an expert system

23  knowledge base a set of rules for selecting hardware cells to perform the actions and conditions."

24  **Response:**

25  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

26  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

27  reference, and therefore denies same.

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 40 -

DSMDB-2095180v02

1  **Request for Admission No.** 256.

2  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

3  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "describing for a proposed

4  application specific integrated circuit a series of architecture independent actions and conditions."

5  **Response:**

6  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

7  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

8  reference, and therefore denies same.

9  **Request for Admission No.** 257.

10  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

11  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "specifying for each

12  described action and condition of the series one of said stored definitions which corresponds to the

13  desired action or condition to be performed,"

14  **Response:**

15  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

16  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

17  reference, and therefore denies same.

18  **Request for Admission No.** 258.

19  Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

20  Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "specifying for each

21  described action and condition of the series one of said stored definitions which corresponds to the

22  desired action or condition to be performed."

23  **Response:**

24  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

25  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

26  reference, and therefore denies same.

27  **Request for Admission No.** 259.

28

1 Admit that Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on

2 Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "selecting from said stored

3 data for each of the specified definitions a corresponding integrated circuit hardware cell for

4 performing me desired function of the application specific integrated circuit."

5 **Response:**

6 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

7 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

8 reference, and therefore denies same.

9 **Request for Admission No.** 260.

10 Admit Mitchell, T.M., et al., A Knowledge-Based Approach to Design, IEEE Workshop on Principles

11 of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "applying to the specified definition of

12 the action or condition to be performed, a set of cell selection rules stored in said expert system

13 knowledge base and generating for the selected integrated circuit hardware cells, a netlist defining the

14 hardware cells which are needed to perform the desired function of the integrated circuit."

15 **Response:**

16 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

17 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

18 reference, and therefore denies same.

19 **Request for Admission No.** 261.

20 Admit that Mitchell, T.M., et al, A Knowledge-Based Approach to Design, IEEE Workshop on

21 Principles of Knowledge-Based Systems, Dec., 1984, pp.27-34 discloses "selecting from said stored

22 data for each of the specified definitions a corresponding integrated circuit hardware cell for

23 performing the desired function of the application specific integrated circuit, said step of selecting t

24 hardware cell comprising applying to the specified definition of the action or condition to be

25 performed, a set of cell selection rules stored in said expert system knowledge base and generating for

26 the selected integrated circuit hardware cells, a netlist defining the hardware cells which are needed to

27 perform the desired function of the integrated circuit and the interconnections therefor"

28

1  **Response:**

2  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

3  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

4  reference, and therefore denies same.

5  **Request for Admission No.** 262.

6  Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

7  (KBSC000995 - KBSC001001) discloses a "computer-aided design process for designing an

8  application specific integrated circuit which will perform a desired function."

9  **Response:**

10  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

11  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

12  reference, and therefore denies same.

13  **Request for Admission No.** 263.

14  Admit that Kobayashi, H,, A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

15  (KBSC000995 -KBSC001001) discloses "storing a set of definitions of architecture independent

16  actions and conditions."

17  **Response:**

18  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

19  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

20  reference, and therefore denies same.

21  **Request for Admission No.** 264.

22  Admit that Kobayashi, H. ,A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

23  (KBSC000995 - KBSC001001) discloses "definitions of architecture independent actions and

24  conditions,"

25  **Response:**

26

27

28

1  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

2  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

3  reference, and therefore denies same.

4  **Request for Admission No. 265.**

5  Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

6  (KBSC000995 - KBSC001001) discloses "storing data describing a set of available integrated circuit

7  hardware cells,"

8  **Response:**

9  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

10 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

11 reference, and therefore denies same.

12 **Request for Admission No. 266.**

13 Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986),

14 (KBSC000995 - KBSC001001) discloses "storing data describing a set of available integrated circuit

15 hardware cells for performing the actions and conditions denned in the stored set."

16 **Response:**

17 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

18 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

19 reference, and therefore denies same.

20 **Request for Admission No. 267.**

21 Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

22 (KBSC000995 - KBSC001001) discloses "an expert system knowledge base."

23 **Response:**

24 Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

25 expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

26 reference, and therefore denies same.

27 **Request for Admission No. 268.**

28

1  Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

2  (KBSC000995 - KBSC001001) discloses "a set of rules for selecting hardware cells to perform the

3  actions and conditions."

4  **Response:**

5  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

6  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

7  reference, and therefore denies same.

8  **Request for Admission No.** 269.

9  Admit Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

10  (KBSC000995 - KBSC001001) discloses "storing in an expert system knowledge base a set of rules

11  for selecting hardware cells to perform the actions and conditions,"

12  **Response:**

13  Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

14  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

15  reference, and therefore denies same.

16  **Request for Admission No.** 270.

17  Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

18  (KBSC000995 - KBSC001001) discloses "describing for a proposed application specific integrated

19  circuit a series of architecture independent actions and conditions."

20  **Response:**

21  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

22  expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

23  reference, and therefore denies same.

24  **Request for Admission No.** 271.

25  Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

26  (KBSC000995 ~ KBSC001001) discloses "specifying for each described action and condition of the

27

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
   Ricoh v. Aeroflex C03-04669 MJJ (EMC)

1  series one of said stored definitions which corresponds to the desired action or condition to be

2  performed."

3  **Response:**

4  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

5  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

6  reference, and therefore denies same.

7  **Request for Admission No. 272.**

8  Admit that Kobayashi, H. A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

9  (KBSC000995 -KBSC001001) discloses "specifying for each described action and condition of the

10  series one of said stored definitions which corresponds to the desired action or condition to be

11  performed."

12  **Response:**

13  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

14  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

15  reference, and therefore denies same.

16  **Request for Admission No. 273.**

17  Admit that Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

18  (KBSC000995 - KBSC001001) discloses "selecting from said stored data for each of the specified

19  definitions a corresponding integrated circuit hardware cell for performing the desired function of the

20  application specific integrated circuit."

21  **Response:**

22  Ricoh incorporates by reference objections 1-15. Ricoh objects to the extent that this request seeks

23  expert knowledge or expert opinions. Ricoh states that the quoted term is not used in the specified

24  reference, and therefore denies same.

25  **Request for Admission No. 274.**

26  Admit Kobayashi, H., A Knowledge-Based Approach to VLSI CAD, AM, section RD-3 (1986).

27  (KBSCQ00995 ▪ KBSC001001) discloses "applying to the specified definition of the action or

28  RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 46 -

DSMDB-2095180v02

1    condition to be performed, a set of cell selection rules stored in said expert system knowledge base and

2    generating for the selected integrated circuit hardware cells, a netlist defining the hardware cells

3    which" are needed to perform the desired function of the integrated circuit."

4    **Response:**

5    Ricoh incorporates by reference objections 1-15.  Ricoh objects to the extent that this request seeks

6    expert knowledge or expert opinions.  Ricoh states that the quoted term is not used in the specified

7    reference, and therefore denies same.

8    As to responses and objections:

9    Dated: June 8, 2006

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California  94108
Phone:  (415) 421-7151
Fax:  (415) 362-8064

Gary M. Hoffman
/s/ Kenneth W. Brothers
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
    OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880
Attorneys for Ricoh Company, Ltd.

RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS
Ricoh v. Aeroflex C03-04669 MJJ (EMC)
- 47 -

DSMDB-2095180v02

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) Case No. C-03-4669-MJJ (EMC) |
| v. | ) |
| AEROFLEX ET AL., | ) CERTIFICATE OF SERVICE |
| Defendants. | ) |

I am employed in Washington, District of Columbia.  I am over the age of eighteen (18) years and not a party to the within action; my business address is 2101 L Street, NW, Washington, DC, 20037.  On June 8, 2006, I served **RICOH'S SUPPLEMENTAL RESPONSE TO ASIC DEFENDANTS' SECOND REQUESTS FOR ADMISSIONS (NOS. 145-274)** on the parties, through their attorneys of record, by sending true copies thereof to the e-mail addresses listed below:

Terry Corbin, Esq.
CorbinT@Howrey.com

Jacky Fink, Esq.
FinkJ@Howrey.com

Denise De Mory, Esq.
DeMoryD@Howrey.com

I declare that I am employed in the office of a member *pro hac vice* of the Bar of this Court at whose direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Washington, D.C. on June 8, 2006.

_____
Solomon Seyoum

# Exhibit 5

1  Gary M. Hoffman, pro hac vice
   Kenneth W. Brothers, pro hac vice
2  Dickstein Shapiro Morin & Oshinsky LLP
   2101 L Street, NW
3  Washington, DC 20037-1526
   Phone: (202) 785-9700
4  Fax: (202) 887-0689

5
   Edward A. Meilman, pro hac vice
6  Dickstein Shapiro Morin & Oshinsky LLP
   1177 Avenue of the Americas
7  New York, New York 10036-2714
   Phone: (212) 835-1400
8  Fax: (212) 992-9880

9
   Jeffrey B. Demain, State Bar No. 126715
10 Jonathan Weissglass, State Bar No. 185008
   Altshuler, Berzon, Nussbaum, Rubin & Demain
11 177 Post Street, Suite 300
   San Francisco, California 94108
12 Phone: (415) 421-7151
   Fax: (415) 362-8064
13

14 Attorneys for the Plaintiff Ricoh Company, Ltd.

15                **IN THE UNITED STATES DISTRICT COURT**
16                **NORTHERN DISTRICT OF CALIFORNIA**
                     **SAN FRANCISCO DIVISION**
17 _____
                                          )
18 RICOH COMPANY, LTD.,                   )   CASE NO. C-03-4669-MJJ (EMC)
                                          )
19           vs.                          )   RICOH'S AMENDED RESPONSES TO
                                          )   AEROFLEX COLORADO'S RESTATED FIRST
20 AEROFLEX INCORPORATED, et al.,         )   SET OF INTERROGATORIES (1-4)
                                          )
21              .                         )
                                          )
22 _____)

23        Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Ricoh

24 Company, Ltd., ("Ricoh") hereby objects to Defendant Aeroflex Colorado's ("Aeroflex Colorado")

25 Restated First set of Interrogatories (Nos. 1-4).

26        These responses are based on information reasonably available to Ricoh at the present time.

27 Ricoh reserves the right to supplement these responses when, and if, additional information becomes

28 available. Ricoh also reserves the right to object on any ground at any time to such other or

1  supplemental Interrogatories Aeroflex Colorado may propound involving or relating to the subject

2  matter of these Interrogatories.

3                                    **OBJECTIONS**

4      1.  Ricoh objects to all of the Interrogatories to the extent that they seek information or documents

5  protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or

6  immunity.  Ricoh does not intend to provide Aeroflex Colorado, Inc. ("Aeroflex Colorado" or

7  "Defendant") with such protected information.  Moreover, any inadvertent disclosure of such

8  information, or any disclosure of documents underlying that information, shall not be deemed a waiver

9  of the attorney-client privilege, the work product doctrine, or any other privilege or immunity.

10     2.  Ricoh objects to all of the Interrogatories to the extent that they seek information that is subject

11  to any protective order, privacy interest, contractual obligation, non-disclosure agreement,

12  confidentiality agreement or other such confidentiality obligation owed to any third party.  Without

13  third party permission, Ricoh will not provide such information unless required by the Court.

14     3.  Ricoh objects to all of the Interrogatories to the extent that Aeroflex Colorado is holding itself

15  out as being the same Aeroflex, Inc. and thus Aeroflex, Inc. is not entitled to seek discovery twice.

16     4.  Ricoh objects to all of the Interrogatories to the extent that they seek to impose an obligation of

17  a continuing nature beyond that required by FRCP 26(e).

18     5.  Ricoh objects to all of the Interrogatories to the extent that they seek to impose a premature

19  obligation to provide information in light of Patent Local Rules, including, but not limited to, Patent

20  Local Rule 2-5.

21     6.  Ricoh objects to all of the Interrogatories as overly broad and unduly burdensome to the extent

22  that they seek information beyond what is available from a reasonable search of Ricoh's files likely to

23  contain relevant or responsive documents and a reasonable inquiry of Ricoh's current employees.

24     7.  Ricoh objects to all of the Interrogatories as unduly burdensome to the extent that they seek

25  information that can be determined from a reasonable search of Aeroflex Colorado's own internal files

26  and a reasonable inquiry of Aeroflex Colorado's own employees, as such it would be more convenient,

27  less burdensome, less expensive for Aeroflex Colorado to perform an internal search.

28

8. Ricoh objects to the definition of "'Ricoh,' 'Plaintiff,' 'you,' and 'your'" because the phrase "predecessors in interest" both is vague so as to not be clear and comprehensible and also is overly broad because the phrase purports to include independent third parties (e.g., International Chip Corporation and Knowledge Based Silicon Corporation). In responding to these Interrogatories, Ricoh limits its response to Ricoh Company, Ltd. However, if specifically requested, Ricoh may be willing to provide information relating to the International Chip Corporation and Knowledge Based Silicon Corporation if such information is within Ricoh's possession, custody and control. Further, with respect to Interrogatories seeking information from individual persons within Ricoh, Ricoh limits its response to current employees. Ricoh objects to all of the Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Ricoh's files likely to contain relevant or responsive documents and a reasonable inquiry of Ricoh's current employees.

9. Ricoh objects to all of the Interrogatories as being unduly burdensome because of the number of Interrogatories as calculated by parts and subparts of the interrogatories.

10. Ricoh objects to all of the Interrogatories to the extent that the Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

11. Ricoh objects to all of the Interrogatories to the extent that the Interrogatory seeks information that is contentious, and Ricoh has not yet provided its final contentions and responses to contentions.

12. In gathering relevant and responsive information, Ricoh has interpreted the Interrogatories utilizing ordinary meanings of words and has expended reasonable efforts to identify information that appears responsive. To the extent that the Interrogatories purport to seek information other than as so interpreted, Ricoh objects on the ground that the Interrogatories are vague, ambiguous and overbroad.

13. Discovery and trial preparation in this matter have not been completed. Ricoh is continuing its investigation to obtain information responsive to the Interrogatories. Therefore, all of the following responses are given without prejudice to Ricoh's right to introduce documents or information discovered or deemed responsive subsequent to the date of these Interrogatories.

14. Any statements made herein regarding Ricoh's intention to provide information or documents responsive to any given Interrogatories does not necessarily indicate or imply the existence of any

1  information or documents responsive thereto. Furthermore, any information provided or referred to

2  herein is not deemed to be a waiver of Ricoh's objections as to the competency, relevance, privilege or

3  admissibility of evidence in this or any subsequent proceeding or trial in this or any other action for

4  any purpose whatsoever. In addition, Ricoh reserves the right to supplement or amend its response to

5  the Interrogatories based upon information, documents, and things it receives during discovery or

6  obtains upon further investigation. Moreover, Ricoh reserves the right to raise any other additional

7  objections in the future.

8      15. Ricoh objects to all of the Requests to the extent that the Request seeks information that is

9  unlimited as to time as being overly broad and burdensome.

10                                **RESPONSES**

11  **INTERROGATORY NO. 1** :

12      All prior art that Ricoh, KBCS, or the inventors were aware of prior to the filing of the '432

13  Patent, that relates to the invention set forth in the '432 patent application.

14  **RESPONSE:**

15      Ricoh objects to this Interrogatory as Aeroflex, Inc. alternatively seeking discovery through

16  Aeroflex Colorado and through itself. Ricoh objects to this Interrogatory as being unduly burdensome

17  because of the excessive number of Interrogatories propounded. Ricoh incorporates by reference

18  objections 1-15. Ricoh additionally objects that the Interrogatory to the extent that it seeks information

19  that is not reasonably calculated to lead to the discovery of admissible evidence. Ricoh futher objects

20  to the phrasing of this Interrogatory; it is in fact a document request. Ricoh further objects to the terms

21  "all prior art" and "Ricoh, KBCS, or the inventors were aware of prior to the filing of the '432 Patent"

22  as being vague and ambiguous, and therefore unduly burdensome.

23      However, subject to and without waving the general and foregoing objections, Ricoh interprets

24  this request as seeking relevant prior art material to patentability that was known to Ricoh management

25  and legal department and that related to the prosecution of the '432 patent during the prosecution of the

26  '432 patent. All such prior art so known to Ricoh was disclosed to and/or considered by the patent

27  office. Pursuant to Rule 33(d), further responsive information may be obtained from documents

28  produced by Ricoh. RCL 000064-81, RCL 000085-183, RCL 000186-206, RCL 0000227.

1  **INTERROGATORY NO. 2** :

2      Identify the location in the Synopsys source code for V-2003.12-SP1 of an expert system

3  knowledge base, as defined in the Court's April 7, 2005 claim construction order.

4  **RESPONSE:**

5      Ricoh incorporates by reference objections 1-15. Ricoh additionally objects that the

6  Interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the

7  discovery of admissible evidence.  Subject to the foregoing and general objections, Ricoh further

8  responds as follows:  Because Synopsys never provided a competent Rule 30(b)(6) witness on the

9  location and operation of "generic operators" in the source code V-2003.12-SP1, Ricoh has to date

10  been unable to provide any further response beyond what is disclosed in its final infringement

11  contentions, dated March 24, 2006, as amended and supplemented.  Ricoh reserves the right to provide

12  further information that may be responsive in its expert reports.

13

14  **INTERROGATORY NO. 3** :

15      Identify all grounds for Ricoh's contention on page 2 in Ricoh's section of the June 8, 2005

16  Joint Case Management Conference statement that "the activities that infringe certain of the process

17  claims of the '432 patent involve more than the 'ordinary use'"of any version of Synopsys' Design

18  Compiler product, or any of the Synopsys products-in-suit, including the identity of such activities and

19  the documents that support this contention.

20  **RESPONSE:**

21      Ricoh incorporates by reference objections 1-15. Ricoh additionally objects that the

22  Interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the

23  discovery of admissible evidence.  Ricoh further objects to the terms "all grounds for Ricoh's

24  contention on page 2 in Ricoh's section of the June 8, 2005 Joint Case Management Conference

25  statement that "the activities that infringe certain of the process claims of the '432 patent involve more

26  than the 'ordinary use'" of Design Compiler, or any of the Synopsys products-in-suit, including the

27  identity of such activities and the documents that support this contention" as being vague and

28  ambiguous, and therefore unduly burdensome.

1  **INTERROGATORY NO. 4** :

2      Identify, which, if any, of the following input formats Ricoh intends to claim for purposes of

3  the lawsuit are architecture independent" inputs as the Court has defined "architecture independent" in

4  the April 7, 2005 Claim Construction Order

| Format | Description | Keyword | Extension |
|--------|-------------|---------|-----------|
| .db | Synopsys internal database format | db | .db |
| EDIF | Electronic Design Interchange Format (see the EDIF 2 0 0 Interface User Guide) | edif | .edif |
| equation | Synopsys equation format | equation | .eqn |
| LSI | LSI Logic Corporation (NDL) netlist format | lsi | .NET |
| Mentor | Mentor NETED do Format (output only) | mentor | .neted |
| MIF | Mentor Intermediate Format (input only) | mif | .mif |
| PLA | Berkeley (Espresso) PLA format | pla | .pla |
| State table | Synopsys state table format | st | .st |
| TDL | Tegas Design Language netlist format | tdl | .tdl |
| Verilog | Verilog Hardware Description Language (see the HDL Compiler Documentation) | verilog | .v |
| VHDL | VHSIC Hardware Description Language (see the HDL Compiler Documentation) | vhdl | .vhd |
| XNF | Xilinx netlist format (See the Designer Compiler FPGA User Guide) | xnf | .xnf |

**RESPONSE:**

      Ricoh incorporates by reference objections 1-15. Ricoh additionally objects that the

Interrogatory to the extent that it seeks information that is not reasonably calculated to lead to the

discovery of admissible evidence. Ricoh further objects to the terms "Identify, which, if any, of the

following input formats Ricoh intends to claim for purposes of the lawsuit are architecture

independent" inputs as the Court has defined "architecture independent" in the April 7, 2005 Claim

Construction Order…[table]" as being vague and ambiguous, and therefore unduly burdensome.

Without waiving these objections Ricoh incorporates by reference its Final Infringement Contentions

filed March 24, 2006 and any supplemental contentions and expert reports and testimony.

1

2

3  Dated: June 8, 2006

4  Jeffrey B. Demain, State Bar No. 126715
   Jonathan Weissglass, State Bar No. 185008

5  Altshuler, Berzon, Nussbaum, Rubin &
   Demain

6  177 Post Street, Suite 300
   San Francisco, California  94108

7  Phone:  (415) 421-7151
   Fax:  (415) 362-8064

8

9

10

11

12

13

/s/ Kenneth W. Brothers
Gary M. Hoffman
Kenneth W. Brothers
Michael A. Weinstein
DICKSTEIN SHAPIRO MORIN &
         OSHINSKY  LLP
2101 L Street NW
Washington, D.C.  20037-1526
Telephone: (202) 785-9700
Facsimile: (202) 887-0689

Edward A. Meilman
DICKSTEIN SHAPIRO MORIN &
         OSHINSKY  LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 896-5471
Facsimile:  (212) 997-9880
Attorneys for Ricoh Company, Ltd.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICOH'S AMENDED RESPONSES TO AEROFLEX COLORADO'S RESTATED FIRST SET OF INTERROGATORIES (1-4)
CASE NO. C-03-4669-MJJ (EMC)  Page 7
DSMDB-2086925v01

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| RICOH COMPANY, LTD., | ) |
|  | ) |
| Plaintiff, | )    Case No. C-03-4669-MJJ (EMC) |
|  | ) |
| v. | ) |
|  | )    CERTIFICATE OF SERVICE |
| AEROFLEX ET AL., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

I am employed in Washington, District of Columbia. I am over the age of eighteen (18) years and not a party to the within action; my business address is 2101 L Street, NW, Washington, DC, 20037. On June 8, 2006, I served **RICOH'S AMENDED RESPONSES TO AEROFLEX COLORADO'S RESTATED FIRST SET OF INTERROGATORIES (1-4)** on the parties, through their attorneys of record, by sending true copies thereof to the e-mail addresses listed below:

Terry Corbin, Esq.
CorbinT@Howrey.com

Jacky Fink, Esq.
FinkJ@Howrey.com

Denise De Mory, Esq.
DeMoryD@Howrey.com

I declare that I am employed in the office of a member *pro hac vice* of the Bar of this Court at whose direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C. on June 8, 2006.

_____
Solomon Seyoum

2069126.01

# Exhibit 11

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*

*Writer's Direct Dial: (202) 429-2184*
*E-Mail Address: BrothersK@dsmo.com*

June 8, 2006

**Via PDF**

Denise de Mory, Esq.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708

Re:    Ricoh v. Aeroflex, et al.
       Synopsys v. Ricoh

Dear Denise:

We write in response to your letter of June 2, 2006 regarding Ricoh's document production. As we advised you during our meet and confers on Friday and earlier this week, we have been looking into many of the issues, some of which have been raised for the first time. It is unreasonable that you demand a comprehensive response within 72 hours, especially when the letter was provided at 3 pm on a Friday afternoon, and many of the questions required follow-up with our client in Japan.

As you are aware, many of the documents requested by the ASIC defendants or Synopsys relate to events that took place more than 15 years ago. It should be no surprise if the documents are no longer in the possession, custody or control of Ricoh. Some of your other complaints ignore Ricoh's objections to the requests. Your demands that Ricoh list all responsive Bates numbers to your requests for confirmation of the production of documents is unreasonable; where reasonably possible, we will provide examples of responsive documents, or confirm that after a reasonable search no responsive relevant non-privileged documents have been located.

**Defendants and Synopsys' First set of request for production of documents:**
With respect to Request No. 9, regarding the files of Kobayashi, Sugimoto, Shindo, Nakayama Or Others Who Worked on the '432 Patent: Drs. Kobayashi and Sugimoto were third party employees, not Ricoh employees, and Ricoh does not have possession, custody or control of those files. Mr. Shindo left Ricoh many years ago, and Ricoh has conducted a reasonable search for any remaining files and has produced all responsive relevant non-privileged documents have been located. Mr. Nakayama was not an inventor of the '432 patent, but was a co-inventor of the '016 patent, which is no longer part of this lawsuit, and which you have agreed is not relevant to this case. Ricoh is not aware of any other relevant non-privileged documents in its possession, custody or control that are responsive to this request.

With respect to Request 12, regarding licensing: On Monday, June 5, the parties agreed that they would mutually forego any further exchange of documents regarding

*1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880*
*10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470*
2095174.01                              *www.DicksteinShapiro.com*

Denise De Mory, Esq.
June 5, 2006
Page 2

licensing, which moots most of your request. To the extent that your complaints relate to documents regarding the licensing of the '432 patent, Ricoh has produced documents responsive to this request, including, but not limited to Ricoh communications with third parties regarding licensing the '432 patent.

With respect to Requests 14-18 (documents referring to conception, reduction to practice, sales, etc:) Ricoh and third parties have produced responsive documents that the development of an embodiment of what has been called the KBSC system, some of which were marked by you during the Oka deposition.

With respect to Request 23 (documents relevant to validity, enforceability, or scope of claims): Ricoh and third parties have produced responsive documents. (See, for example, RCL 1-265).

With respect to Request 24 (searches or studies or opinions relevant to validity, enforceability, or scope of claims): Ricoh has no non-privileged, responsive documents.

With respect to Request 26 (commercial success): Documents related to damages are addressed below, otherwise Ricoh believes that Synopsys is in the best position to provide commercial success of its products that embody the claimed invention.

With respect to Request 27 (secondary considerations of obviousness): Ricoh has no non-privileged, responsive documents.

With respect to Request 29 (communications with persons recruited to offer opinions): Communications between Ricoh's counsel and any persons recruited to offer opinions is protected by privilege.

With respect to Request 31 (documents related to meeting between KBSC and Synopsys): Ricoh has no responsive documents.

With respect to Request 47-51: (documents related to Ricoh doing business in the us). This issue was addressed and resolved several years ago, and we decline to revisit it.

**Synopsys' Second set of request for production of documents (Nos. 52-57):** These requests mainly relate to KBSC software. The parties deferred this request as it was served in July 2004 during the discovery stay, and was never again raised by you until now. We do not understand why you have waited for so long. We will serve a formal response under separate cover. In any event, Ricoh has once again conducted a reasonable search and, aside from what has been previously produced, has been unable to locate the KBSC software. Therefore, Ricoh has no relevant responsive documents to this request.

**Synopsys' third set of request for production of documents (58-60):** These generally related to Ricoh's practice of the inventions, Ricoh's ASIC products, etc. As I

Denise De Mory, Esq.
June 5, 2006
Page 3

have previously indicated, and as the Court has ruled, Ricoh's use of its own tool is not relevant. Ricoh will not produce any responsive documents.

**Defendant's third set of request for production of documents (47-79).** Contrary to your suggestion, Ricoh quickly responded to your complaint. Mr. Weinstein and Mr. Smith had an initial meet and confer regarding these issues, which was to be continued to secondary date. Mr. Weinstein contacted Mr. Smith at the appointed time to continue the meet and confer, however, Mr. Smith indicated that he could not do it at that time and would reschedule. Mr. Smith has not yet rescheduled the meet and confer with Mr. Weinstein. We again confirm that Ricoh is not seeking damages recovery based on lost profits.

**Defendant's fourth set of requests for production.** In review of the ASIC defendant's requests, almost every request is vague in what the ASIC defendants mean by the terms of the request. As indicated in the response to request 83, the request is vague as what the ASIC defendants mean by the request. This request is asking Ricoh to search for documents from something that might have, or might not have, occurred <u>20 years ago</u>, where Dr. Kobayashi, a third party's employee, and Mr. Shindo, a former Ricoh employee who left the company long ago, might have "participated". Without any further explanation, the request is vague and ambiguous. Similarly, request 84 is also inartfully drafted, as it seeks documents relating to "any ASIC or computer-aided design trade" where a 3rd party or Ricoh "presented a demonstration." Ricoh should not be held accountable for the ASICs defendants not being clear and specific in their requests.

In many instances your requests were extremely broad in terms of the temporal scope that you were seeking, and as such overbroad and unduly burdensome, as well as not likely to lead to discovery the admissible evidence. For example, in requests 80-82 you are seeking documents, regardless of time, of Suehiro, Oka, and Shindo, respectively, "to develop a computer aided design system for designing application specific integrated circuits. Leaving aside any other issues or objections, any effort of these individuals after the issuance of the patent is not relevant.

With respect to request 102, Ricoh is not indicating that the KBS is the preferred embodiment of the '432 patent nor that there is necessarily any preferred embodiment of the '432 patent. Ricoh has said it will search for and produce documents, if any, reflecting a comparison of the knowledge based silicon compiler software program created in join development with International Chip Corporation with the performance of an ASIC engineer in designing a given application specific integrated circuit.

With respect to Request Nos. 104-113 seeking documents relating to any conversations Ricoh or any of its agents, including its attorneys, have had with various individuals relating to any knowledge-based silicon compiler, the '432 patent, or this lawsuit. Ricoh has properly excluded its attorneys from its responses. Documents exchanged between Ricoh's attorneys and testifying experts or consultants will either be provided as part of expert discovery or listed as part of privilege log in accordance with the appropriate time schedule of this case. Ricoh will not log nor produce documents

Denise De Mory, Esq.
June 5, 2006
Page 4

exchanged between Ricoh's attorneys and with non-testifying experts or consultants. You have taken the exact same position with your experts, such as Dr. Kowalski. In addition, the ASIC defendant's unlimited temporal scope is unduly broad and burdensome.

Ricoh has produced any responsive, non privileged documents that it has been able to locate after a reasonable search of the documents responsive to Defendant's fourth set of requests for production. Ricoh will not agree to identify bates numbers unless Synopsys and the ASIC defendants also agree to line up their documents with Ricoh's requested document production. You have refused to do so.

**Aeroflex Colorado's first set of production of documents:** These requests are not relevant because the Court has rejected your efforts to expand your laches defense. We will not produce any such documents.

**Additional document requests.** These requests are not tied to any specific request. In a good faith effort, Ricoh has investigated these issues.

1.     Drafts of the January 15, 1957 "Contract Agreements on Joint Research and Development Projects," with the December 15, 1986 "General Contractual Agreement of Understanding" attached as Appendix B, at RCL002667- 2RCL002693. (April 11, 2006 Fink letter to Hoffman). As Gary Hoffman previously indicated, Ricoh has searched and has no such documents.

2.     "A Design Example Using KBSC-Voice Synthesis LSI" referenced in "Quick Turn Around Time ASIC Design Using KBSC" at Bates numbered pages KBSC000885 - KBSC000889. (April 12, 2006 Fink letter to Hoffman). As Gary Hoffman also previously indicated, Ricoh has searched and has no such documents.

3.     The documents discussed in detail in your May 25, 2006 letter (namely, a. The allegedly privileged documents and information contained in the prosecution history file of the '432 patent; b. The Takada memo regarding the Takada/Shindo/Hoffman; meeting; and c. The Hitachi license agreement and other license agreements between Ricoh and third-parties.) The first two are privileged, and the last document does not relate to the '432 patent and thus is not relevant.

4.     The documents requested in your May 2, 2006 letter concerning relevant materials that the deposition witnesses indicated were in Ricoh's possession, custody or control, but that have not yet been produced. In furtherance of my letter of May 5, 2006, Ricoh has searched for but does not have the documents you have identified.

Denise De Mory, Esq.
June 5, 2006
Page 5


     We believe that this resolves virtually all of the issues in your letter, and in your June 7 motion to compel.  We will advise the Court accordingly.

Sincerely,

Kenneth W. Brothers

cc:    Howrey distribution list

# Exhibit 12

-----Original Message-----
From: DeMory, Denise [mailto:demoryd@Howrey.com]
Sent: Wed 6/14/2006 10:24 PM
To: Brothers, Kenneth
Cc: Andelman, Ethan; Fink, Jacky; Song, Joseph
Subject:

Ken:
     Further to our meet and confer today, here are a list of documents still at issue, and on which, at this time, we still intend to move forward with our motion:

     1.    KBSC-related documents; anything that was available to Ricoh or Ricoh's counsel from KBSC/Bershader.  We have agreed that we are at an impasse as to "possession, custody or control" of these documents.  These documents have potential implications for every request on which we moved to compel, including 2-8 immediately below as well as the second list o
     2.    KBSC software as described in Requests 52-57.  You will update your responses to say that you have conducted a search at Ricoh and have no additional responsive documents.  We, however, reserve our rights to move with regard to documents set forth in category 1 above.
     3.    Source code for the ICC software delivered to Ricoh around August 1987.
     4.    Communications between Ricoh and ICC re: changes made by Ricoh to the software delivered by ICC around August 1987.
     5.    '432 prosecution history documents.
     6.    Takada's Shindo memo.
     7.    Paradyne related documents.
     8.    Documents related to awareness of prior art.
     9.    License agreement with Hitachi and similar agreements.
     10.    Correspondence/drafts/info for TI license agreements.

     With regard to the following documents, we request a certification from counsel that a reasonable search has been conducted and other than what has been produced the following documents/categories of documents could not be located:

     1.    Drafts of the January 15, 1987 "Contract Agreements on Joint Research and Development Projects:"
     2.    "A Design Example Using KBSC-Voice Synthesis LSI" referenced in "Quick Turn Around Time ASIC Design Using KBSC:"

3.      Mr. Takada's drafts of the January 15, 1987 agreement between Ricoh and ICC (KBSC 000001-03).

4.      Documents from Ricoh's accounting department regarding the approval of any payments by Ricoh to ICC.

5.      Invoices from Ricoh's sales and marketing department and summary documents showing the payments made by third parties to Ricoh for licenses to Ricoh's R-CAD software.

6.      Mr. Takada's 1990 compilation of information regarding licenses granted on the KBSC software.

7.      Drafts of the April 1, 2001 agreement between Ricoh and KBSC (RCL8925-38), including electronic drafts on the hard drive of Mr. Takada's personal computer.

8.      Papers, articles, and other publications reviewed by Mr. Oka in investigating logic synthesis and algorithms that optimize logic for Ricoh prior to the December 1986 meeting between Ricoh and ICC.

9.      Reports submitted by Mr. Oka on his investigation of logic synthesis and algorithms that optimize logic for Ricoh.

10.     Notes taken by Mr. Oka of the December 1986 meeting between Ricoh and ICC and summaries drafted of the meeting.

11.     The documents that Ricoh relied on in its decision to sue the Customer Defendants.


Regards,

Denise


---------------------------------------------------------------------------------------

This email and any attachments contain information from the law firm of Howrey LLP, which may be confidential and/or privileged.
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is prohibited.
If you receive this email in error, please notify us by reply email immediately so that we can arrange for the retrieval of the original documents at no cost to you.

# Exhibit 13

1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC. and
6  Defendants AEROFLEX INCORPORATED,
   AEROFLEX COLORADO SPRINGS, INC., AMI
7  SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS, LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., and MATROX TECH, INC.
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13 | SYNOPSYS, INC.,                    | Case No. C03-2289 MJJ (EMC)
14 |          Plaintiff,               | **SYNOPSYS, INC.'S RESPONSE TO
   |                                   | DEFENDANT RICOH'S SECOND SET OF
15 |     vs.                           | INTERROGATORIES TO PLAINTIFF
   |                                   | SYNOPSYS**
16 | RICOH COMPANY, LTD.,              |
   |                                   | Trial Date:  November 27, 2006
17 |          Defendant.              |

18
19 | RICOH COMPANY, LTD.,              |
   |          Plaintiff,               | Case No. C03-4669 MJJ (EMC)
20 |                                   |
   |     vs.                           |
21
22 | AEROFLEX INCORPORATED, AEROFLEX
   | COLORADO SPRINGS, INC., AMI
23 | SEMICONDUCTOR, INC., MATROX
   | ELECTRONIC SYSTEMS, LTD., MATROX
24 | GRAPHICS, INC., MATROX
   | INTERNATIONAL CORP., and MATROX
25 | TECH, INC.,
   |
26 |          Defendants.

27
28

HOWREY LLP

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1  PROPOUNDING PARTY:    Ricoh Company, Ltd.

2  RESPONDING PARTY:    Synopsys, Inc.

3  SET NUMBER:    Two (2)

4       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Synopsys, Inc. ("Plaintiff") hereby

5  provides its responses to Ricoh Company, Ltd.'s ("Ricoh") Second Set of Interrogatories.  These

6  responses are based on information reasonably available to Plaintiff at the present time.  Plaintiff

7  reserves the right to supplement these responses when, and if, additional information becomes

8  available.

9       In responding to these Requests, Plaintiff will make the reasonable, diligent, and good faith

10  search to respond as required under the Federal Rules and Local Rules.  However, Plaintiff and its

11  attorneys have not yet completed preparation for trial or concluded their analyses of the information

12  gathered to date by the parties.  These responses, therefore, are based on information presently

13  available to and reviewed by Plaintiff and its attorneys.

14       These responses are made without waiving, in any way: (1) the right to object on any basis

15  permitted by law to the use of any such information, for any purpose, in whole or in part, in any

16  subsequent proceeding in this action or any other action; and (2) the right to object on any basis

17  permitted by law to any other discovery request or proceeding involving or relating to the subject

18  matter of these responses.

19                    **<u>GENERAL OBJECTIONS</u>**

20       The following general objections should be interpreted to apply to each individual Interrogatory

21  as if set forth in full in response to each individual Request:

22       1.    Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions

23  and instructions to the extent that they seek information protected by the attorney-client privilege, the

24  attorney work product immunity or any other privilege or protection afforded by state or federal law.

25       2.    Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions

26  and instructions to the extent that they seek information that is subject to any protective order, privacy

27  interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such

28

confidentiality obligation owed to any third party.  Without third party permission, Plaintiff will not provide such information unless required by the Court.

3.      Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions to the extent that they seek information that is not relevant to a claim or defense of any party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to Ricoh's Second Set of Interrogatories as overly broad and unduly burdensome to the extent that they seek information beyond what is available from a reasonable search of Plaintiff's files likely to contain relevant or responsive documents and a reasonable inquiry of Plaintiff's employees.

5.      Plaintiff objects to Ricoh's Second Set of Interrogatories to the extent that they seek information or the identification of documents that are not within the possession, custody, or control of Plaintiff, or refers to persons, entities, or events not known to Plaintiff, subjecting them to unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an obligation to discover information or materials from third parties or services who are equally accessible to Ricoh.

6.      Plaintiff objects generally to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions to the extent that they seek information concerning products or processes that are not made, used, sold, offered for sale or imported into the United States.

7.      Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions to the extent that they seek a legal conclusion.

8.      Plaintiff objects to Ricoh's Second Set of Interrogatories, including its Definitions and Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California and/or other applicable law. Plaintiff will respond to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California and/or other applicable law.

9.      Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.      Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions to the extent that they seek information for time periods beyond those relevant to the claims and defenses in the instant action on the grounds that such requests are vague, ambiguous, overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the present action.

11.      Plaintiff objects to the definition of "Synopsys" to the extent that it seeks information from individuals or entities over which Synopsys has no control or from unauthorized persons purporting to act on Plaintiff's behalf.  Plaintiff further objects to the definition of "Synopsys" to the extent that it purports to include consulting experts who will not be called to testify at trial or to the extent that it purports to include attorneys and therefore, objects to any requests using such definition as seeking information protected by the attorney-client privilege and/or the attorney work product immunity.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to Ricoh's incorporated Definition/Instruction "t" from its November 30, 2003 First Set of Interrogatories to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to any definition of "ASIC" to the extent that the definition extends beyond the definition of "Commercial ASICs" as defined by the parties' stipulation re supplemental production and Judge Chen's May 1, 2006 order thereon as modified by Judge Chen's May 8, 2006 Order.

2.      Plaintiff objects to Ricoh's incorporated Definition/Instruction "u" from its November 30, 2003 First Set of Interrogatories on the grounds that the definition of "ASIC Product" is vague, ambiguous, unintelligible, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to Definition "u" to the extent that it characterizes design as part of the manufacturing process.  Plaintiff objects to any definition of "ASIC

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT
RICOH'S SECOND SET OF INTERROGATORIES
-4-
DM US\8347049.v1

1  Product" to the extent that the definition extends beyond the definition of "Commercial ASICs" as

2  defined by the parties' stipulation re supplemental production and Judge Chen's May 1, 2006 order

3  thereon as modified by Judge Chen's May 8, 2006 Order.

4      3.    Plaintiff objects to Ricoh's incorporated Definition/Instruction "w" from its November

5  30, 2003 First Set of Interrogatories to the extent that the definition of "ASIC Method" is vague, overly

6  broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

7  evidence.  Plaintiff objects to any definition of "ASIC Method" to the extent that the definition extends

8  beyond the definition of "Commercial ASICs" as defined by the parties' stipulation re supplemental

9  production and Judge Chen's May 1, 2006 order thereon as modified by Judge Chen's May 8, 2006

10  Order.

11     4.    Plaintiff objects to Ricoh's incorporated Definition/Instruction "y" from its November

12  30, 2003 First Set of Interrogatories to the extent that the definition of "design" is vague, overly broad,

13  unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

14     5.    Plaintiff incorporates the objections to Ricoh's Definitions/Instructions from Ricoh's

15  November 30, 2003 First Set of Interrogatories as stated in Plaintiff's responses thereto.

16  **RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

17  **INTERROGATORY NO. 6**:

18     Set forth all facts relating to Synopsys' allegations in paragraph 27 (laches defense) of the

19  Complaint, including the identification of each individual having relevant information thereof.

20  **RESPONSE TO INTERROGATORY NO. 6**:

21     Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

22  interrogatory as unduly burdensome and overly broad, especially with respect to "all," "each," and

23  "relevant information thereof".  Plaintiff further objects to this interrogatory on the basis that it seeks

24  the disclosure of information or the identification of documents that are protected from discovery by

25  the attorney-client privilege and/or the attorney work product doctrine.  Plaintiff further objects to this

26  request because the information requested is equally or more available to Ricoh.  Subject to and

27  without waiving the foregoing general and specific objections, Plaintiff responds as follows:

28

1    Ricoh's claims are barred by laches.  By virtue of its licensing and use of Design Compiler

2    dating back to the early 1990's as well as its access to Synopsys documentation, Ricoh knew or should

3    have known that the use of Synopsys' Design Compiler would give rise to its claims of alleged

4    infringement of the patent-in-suit.  Synopsys has been openly licensing its products to ASIC

5    manufacturers, including Ricoh, and has long made public, in SEC filings and otherwise, that it is the

6    in business of licensing EDA software, including the accused Synopsys products.  In addition, it has

7    long been made public that the Customer Defendants were users of Synopsys' tools.  Because Ricoh

8    has long known or should have known of the Customer Defendants' use of the Synopsys products at

9    issue and/or has long known or should have known that the Synopsys products at issue could be used

10    in an allegedly infringing manner, Ricoh's claims are barred by laches.

11    With regard to prejudice, Ricoh sat on its alleged rights while the EDA market substantially

12    matured and Synopsys continued to invest in and develop the accused products.  Individuals at Ricoh,

13    including engineers who used Design Compiler, as well as those responsible for licensing Design

14    Compiler, are aware of these facts.

15    Synopsys also incorporates by reference its response to Interrogatory No. 5 from Ricoh's First

16    Set of Interrogatories to Synopsys.

17    Synopsys identifies Kevin Kranen, Bob Dahlberg, James Davis, and Jennifer Smith as having

18    relevant information on this topic.

19    **INTERROGATORY NO. 7**:

20    Set forth all facts that support any contention by Synopsys that the SOT tricks in Synopsys'

21    Design Compiler® software are not in the form of "a set of rules embodying the expert knowledge of

22    highly skilled VLSI designers, each rule having an antecedent portion (e.g., IF) and a consequent

23    portion (e.g., THEN)," as that phrase is used in the Court's Claim Construction Order at 17, including

24    the identification of each individual having relevant information thereof.

25    **RESPONSE TO INTERROGATORY NO. 7**:

26    Plaintiff incorporates by reference its objections above.  Plaintiff objects to the extent that the

27    phrase "a set of rules embodying the expert knowledge of highly skilled VLSI designers, each rule

28    having an antecedent portion (e.g., IF) and a consequent portion (e.g., THEN)," the Court's

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT          -6-
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1  construction of the term "cell selection rules" is taken out of context if not considered with the term

2  "expert system knowledge base," since the cell selection rules must be stored in such expert system

3  knowledge base.  Plaintiff further objects to this interrogatory as unduly burdensome and overly broad,

4  especially with respect to "all," "any," and "each."  Plaintiff further objects to this interrogatory on the

5  basis that it seeks the disclosure of information or the identification of documents that are protected

6  from discovery by the attorney-client privilege and/or the attorney work product doctrine.  Plaintiff

7  further objects to this interrogatory as calling for expert opinions or testimony.  Subject to and without

8  waiving the foregoing general and specific objections, Plaintiff responds as follows:

9       SOT tricks do not embody expert knowledge of highly skills VLSI designers, and are not cell

10  selection rules.  Plaintiff will provide additional details in its expert reports.

11  **INTERROGATORY NO. 8:**

12       Set forth all facts (including identification of) related to the "algorithms" in the following

13  quoted passage:  "Algorithms incorporating ideas from the current rulebase which are effective at

14  reducing area."  SP 000181026-1042 at -1030.

15  **RESPONSE TO INTERROGATORY NO. 8:**

16       Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

17  interrogatory as unduly burdensome and overly broad, especially with respect to "all."  Plaintiff further

18  objects to this interrogatory on the basis that it seeks the disclosure of information or the identification

19  of documents that are protected from discovery by the attorney-client privilege and/or the attorney

20  work product doctrine.  Subject to and without waiving the foregoing general and specific objections,

21  Plaintiff responds as follows:

22       No new algorithms were included in the Metro release of Design Compiler that directly

23  incorporated ideas from the so-called "rulebase which [were] effective at reducing area."  Tricks

24  related to phase capabilities were added, and while the so-called "rulebase" had many entries related to

25  phase optimization, the new tricks did not directly incorporate ideas from any so-called "rulebase

26  which [were] effective at reducing area."

27

28

HOWREY LLP

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT     -7-
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1    **INTERROGATORY NO. 9**:

2        Set forth all facts (including identification of) related to the "algorithms" in the following

3    quoted passage:  "Improve the timing optimization algorithms to include generalized forms of rulebase

4    rules which are effective at improving delay (if there are any)" SP 000181026-1042 at -1029-1030.

5    **RESPONSE TO INTERROGATORY NO. 9**:

6        Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

7    interrogatory as unduly burdensome and overly broad, especially with respect to "all."  Plaintiff further

8    objects to this interrogatory on the basis that it seeks the disclosure of information or the identification

9    of documents that are protected from discovery by the attorney-client privilege and/or the attorney

10    work product doctrine.  Subject to and without waiving the foregoing general and specific objections,

11    Plaintiff responds as follows:

12        The sdn_comp_mog trick was derived from so-called "rulebase rules which [were] effective at

13    improving delay."  Tricks related to levelization were added, and while the so-called "rulebase" had

14    entries related to levelization, the new tricks did not directly incorporate ideas from any such

15    "rulebase."

16    **INTERROGATORY NO. 10**:

17        Set forth all facts related to the following quoted passage:  "Migrate rule base 1 merged into

18    Delay and area opto" (SP 000181026-1042 at -1032), including the identification of each individual

19    having relevant information thereof.

20    **RESPONSE TO INTERROGATORY NO. 10**:

21        Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

22    interrogatory as unduly burdensome and overly broad, especially with respect to "all," and "each."

23    Plaintiff further objects to this interrogatory on the basis that it seeks the disclosure of information or

24    the identification of documents that are protected from discovery by the attorney-client privilege

25    and/or the attorney work product doctrine.  Subject to and without waiving the foregoing general and

26    specific objections, Plaintiff responds as follows:

27

28

**HOWREY LLP**

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT    -8-
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1   The quoted passage was meant to indicate that the time estimate for work related to migrating

2   the rule base was merged into the time estimates for work related to delay and to Area opto.  At least

3   Bharat Kalyanpur has relevant information.

4   **INTERROGATORY NO. 11**:

5   Identify the "decomposition tricks" referred to in the following quoted passage:

6   "Decomposition tricks are either rule-based or based on ABO.  Decomp attempts to find combinations

7   of smaller gates that are equivalent and once again improve cost."  SP 000166329-6333 at -6330.

8   **RESPONSE TO INTERROGATORY NO. 11**:

9   Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

10  interrogatory as unduly burdensome and overly broad.  Plaintiff further objects to this interrogatory on

11  the basis that it seeks the disclosure of information or the identification of documents that are protected

12  from discovery by the attorney-client privilege and/or the attorney work product doctrine.  Subject to

13  and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

14  The term "rule-based" referred to RBO, as contrasted to ABO.  The RBO-based decomposition

15  tricks refers to function sot_sdn_rbo_decomp(), and the ABO-based decomposition tricks refers to

16  function sot_sdn_decomp_cell().

17  Dated:  May 17, 2006                    HOWREY LLP

18

19  By:___*/s/ Denise M. De Mory*_____
      Denise M. De Mory
20    525 Market Street, Suite 3600
      San Francisco, CA 94105
21    Attorneys for Synopsys and Aeroflex
      Incorporated, Aeroflex Colorado Springs, AMI
22    Semiconductor, Inc., Matrox Electronic Systems,
      Ltd., Matrox Graphics, Inc., Matrox International
23    Corp., and Matrox Tech, Inc.

24

25

26

27

28

HOWREY LLP

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT          -9-
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1

## **PROOF OF SERVICE**

2   STATE OF CALIFORNIA          )
                                  )   ss.:
3   SAN FRANCISCO                )

4

5       I am employed in the San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 525 Market Street, Suite 3600, San Francisco, California  94105-2708.

6

7       On May 17, 2006 I served on the interested parties in said action the within:

8       **SYNOPSYS, INC.'S RESPONSE TO DEFENDANT RICOH'S SECOND SET OF INTERROGATORIES TO PLAINTIFF SYNOPSYS**

9   by causing said document to be sent by Electronic Mail on May 17, 2006 to the email addresses indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be delivered as follows:

10

11   Gary M. Hoffman, Esq.                          Jeffrey Demain, Esq.
     HoffmanG@dsmo.com                              jdemain@altshulerberzon.com
12   Dickstein Shapiro Morin & Oshinsky, LLP        Altshuler, Berzon, Nussbaum, Rubin & Demain
     2101 L Street, N.W.                            177 Post Street, Suite 300
13   Washington, DC 20037-1526                      San Francisco, CA 94108
     Facsimile No.: (202) 887-0689                  Facsimile No.: (415) 362-8064

14

     Edward A. Meilman, Esq.
15   MeilmanE@dsmo.com
     Dickstein Shapiro Morin & Oshinsky, LLP
16   1177 Avenue of the Americas
     New York, NY 10036-2714
17   Facsimile No.:  (212) 896-5471

18   ☒   (OVERNIGHT DELIVERY) on May 18, 2006 by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or driver
19   authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed
20   as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier on.

21

22       I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

23       Executed on May 17, 2006, at San Francisco, California.

24

     _____          _____
25       Peter L. Kasenenko                       /s/ *Peter L. Kasenenko*
         (Type or print name)                          (Signature)

26

27

28

# Exhibit 14

# SYNOPSYS, INC.
# V
# RICOH COMPANY, LTD.
### [06816.0061.000000]

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|----|----|------|-----------|-------------|--------------------|
| 1 | I. Harrasser | cyho@avanticorp; joe_brannan@avanticorp.com; micheal_obrien@avanticorp.com | | 03/26/2001 | 1 | Email from corporate counsel regarding agreement | AC |
| 2 | B. Ekroot | shevick@synopsys.com; rbsegal@synopsys.com; jka@synopsys.com | twc@synopsys.com | 01/26/2000 | 2 | Email from general counsel regarding legal issue | AC |
| 3 | R. Segal | J. Adams; B. Ekroot | shevick@synopsys.com; twc@synopsys.com | 01/26/2000 | 1 | Email regarding legal issue | WP |
| 4 | | | | 02/18/1999 | 13 | Draft of end user software license agreement | WP |
| 5 | I. | L. Insogna | | 03/26/2002 | 3 | Email regarding signatures for | AC |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|-----|-----|------|------------|-------------|-------------------|
| | Harrasser | | | | | amendment | |
| 6 | I. Harrasser | L. Insogna | | 03/06/2002 | 2 | Email regarding agreements | AC |
| 7 | R. Englert | | I. Harrasser; T. Walker | 10/02/2001 | 1 | Letter regarding special license agreement | AC |
| 8 | S. Krishna moorthy | S. Meier; miyer@synop sys.com; R. Genevrieve | | 06/03/2002 | 2 | Email regarding patent | AC |
| 9 | M. Iyer | S. Krishnamoort hy; S. Meier; miyer@ca11.s ynopsys.com; R. Genevriere | | 06/04/2002 | 2 | Email regarding patent re: Magma | AC |
| 10 | A. Farooqui | K. McNall | kcarrie@synop sys.com; neel@synopsys .com | 07/13/2000 | 2 | Email regarding patent uses re: Magma | WP |
| 11 | H. Kettman n | gal@synopsys .com; priti@synopsy s.com; nell@synopsy s.com | | 02/12/2002 | 2 | Email regarding new hire to resolve issue | WP |
| 12 | S. Svoboda | D. Diaz; bard@synops ys.com | | 10/17/2001 | 1 | Email regarding question forwarded by Legal IP | AC |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|-----|-----|------|-----------|-------------|-------------------|
| 13 | S. Knowlton | I. Sun | | 07/15/2002 | 4 | Email regarding concerns about new customer agreements and approval from legal | AC |
| 14 | P. Nash | S. Knowlton; I. Sun | bard@synopsys.com | 07/15/2002 | 4 | Email regarding End User Software Agreement | AC |
| 15 | D. Diaz | V. Mast | elainec@synopsys.COM; jcwhite@synopsys.COM; bard@synopsys.COM; twc@synopsys.COM | 09/05/2002 | 2 | Email from counsel regarding documents | AC |
| 16 | Edelman CI | | | 01/09/2003 | 2 | Email containing competitive media tracking report | AC |
| 17 | T. Chan | pmaroc@synopsys.com; tedcs@synopsys.com; bard@synopsys.com; smihara@synopsys.com | | 09/26/2001 | 2 | Email regarding draft agreement with customer | AC |
| 18 | T. Chan | | | 09/26/2001 | 15 | Draft of End User Software Agreement | WP |
| 19 | T. Chan | pmaroc@synopsys.com; tedcs@synopsys.com; bard@synops | | 09/26/2001 | 2 | Email instructing review of draft agreement | AC |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|-----|-----|------|-----------|-------------|-------------------|
| | | ys.com; smihara@syn opsys.com | | | | | |
| 20 | T. Chan | | | 09/26/2001 | 15 | Draft of End User Software Agreement | WP |
| 21 | S. Svoboda | P. Dworsky; W. Savage; R. Tomihiro | E. Bard | 10/31/2001 | 2 | Email regarding product purchase | AC |
| 22 | P. Dworsky | svoboda@syn opsys.com; W. Savage; R. Tomihiro | E. Bard | 10/31/2001 | 2 | Email regarding product purchase | AC |
| 23 | T. Schroed er | T. Chan; pmaroc@syno psys.com; bard@synops ys.com; smihara@syn opsys.com | | 09/26/2001 | 2 | Email regarding draft end user agreement | AC |
| 24 | D. Diaz | bard@synops ys.com; svoboda@syn opsys.com | | 10/17/2001 | 1 | Email regarding example of use of trademark | AC |
| 25 | S. Svoboda | R. Roan | M. Posner; E. Bard | 02/11/2002 | 3 | Email regarding licensing agreement | AC |
| 26 | S. Svoboda | D. Van Beek | E. Bard | 02/13/2002 | 1 | Email regarding account questions | AC |
| 27 | S. Svoboda | | | 02/13/2002 | 14 | Email attachment of presentation regarding business model application | WP |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|----|----|------|-----------|-------------|-------------------|
| 28 | B. Smith | J. Homstad; H. Blomquist; D. Schroeder; B. Jensen; J. Stoner; J. Braxel | B. Smith | 12/20/1998 | 3 | Email regarding declassification issues | AC |
| 29 | H. Burnett | tclawson@amis.com | bsmith@poci.amis.com; richman@poci.amis.com; wadswort@poci.amis.com | 09/07/2000 | 1 | Email regarding change in AMI's corporate status | AC |
| 30 | junghans@amis.de | H. Burnett | tclawson@amis.com; bsmith@poci.amis.com; richman@poci.amis.com; wadswort@poci.amis.com; ghulse@poci.amis.com; jbraxel@poci.amis.com; junghans@amis.de | 09/12/2000 | 2 | Email regarding development/license agreement | AC |
| 31 | H. Burnett | tclawson@amis.com; junghans@amis.de; | ghulse@poci.amis.com; jbraxel@poci.amis.com | 09/11/2000 | 1 | Email regarding development/license agreement | AC |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|-----|-----|------|-----------|-------------|-------------------|
| | | bsmith@poci.amis.com; richman@poci.amis.com; wadswort@poci.amis.com | | | | | |
| 32 | P. Milliken | R. Biedronski, D. Book, B. Coco, G. Haynes, S. Helmreich, J. Wayne, T. Khanna, S. Meadows, S. Meyer, R. Rominger | | 12/05/01 | 1 | Sr. Staff Mtg Minutes 12/03/01 w/attachment | AC |
| 33 | T. Warren | G. Gregory, R. Bruder, D. Deem, Y.R. Hladkyj, T. Jordan, B. Lee, P. Milliken, D. Prechtel, J. Reinert, J. Reinsma, L. Shumaker | | 12/04/01 | 3 | Sr. Staff Mtg Minutes 12/03/01 w/attachment | AC |
| 34 | P. Milliken | R. Biedronski, D. Book, B. Coco, G. | | 01/16/02 | 1 | 01/14/02  Staff minutes | AC |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|-----|-----|------|-----------|-------------|-------------------|
| | | Haynes, S. Helmreich, J. Wayne, T. Khanna, S. Meadows, S. Meyer, R. Rominger | | | | | |
| 35 | P. Milliken | R. Biedronski, D. Book, B. Coco, G. Haynes, S. Helmreich, J. Wayne, T. Khanna, S. Meadows, S. Meyer, R. Rominger | | 09/26/02 | 1 | Sr. Staff Mtg Minutes 09/23/02 w/attachment | AC |
| 36 | A.F. Jordan | G. Gregory, R. Bruder, Y.R. Hladkyj, T. Jordan, B. Lee, P. Milliken, D. Prechtel, J. Reinert, J. Reinsma, L. Shumaker, H. Gardner | J. Graham, J. Linley, E. Powers | 09/23/02 | 4 | Sr. Staff Mtg Minutes 09/23/02 w/attachment | AC |
| 37 | | R. Biedronski, | | 10/14/02 | 1 | Sr. Staff Mtg Minutes | AC |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|-----|-----|------|-----------|-------------|--------------------|
| | P. Milliken | D. Book, B. Coco, G. Haynes, S. Helmreich, J. Wayne, T. Khanna, S. Meadows, S. Meyer, R. Rominger | | | | 10/07/02 w/attachment | |
| 38 | B. Lee | G. Gregory, R. Bruder, Y.R. Hladkyj, T. Jordan, B. Lee, P. Milliken, D. Prechtel, J. Reinert, J. Reinsma, L. Shumaker, H. Gardner | J. Graham, J. Linley, E. Powers | 10/07/02 | 4 | Sr. Staff Mtg Minutes 09/30/02 w/attachment | AC |
| 39 | P. Milliken | R. Biedronski, D. Book, B. Coco , M. Hartwell, G. Haynes, J. Waynes, T. Khanna, S. Meadows, S. Meyer, R. Rominger | | 11/22/02 | 1 | Finalized mtg minutes for 11-18 | AC |

| # | From | To | CC | Date | # of Pages | Description | Asserted Privilege |
|---|------|----|----|----|----|----|----|
| 40 | S. Hayden | C. Gregory, R. Bruder, D. Deem, Y.R. Hladkyj, T. Jordan, B. Lee, P. Milliken, D. Prechtel, J. Reinert, J. Reinsma, L. Shumaker, H. Gardner | J. Graham, J. Linley, E. Powers | 11/22/02 | 4 | Sr. Staff Mtg Minutes 11/18/02 w/attachment | AC |

# Exhibit 16

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| Privilege Number | Date | Pages | Description | Author | Recipient | Copyee |
|---|---|---|---|---|---|---|
| RCLPriv-001 | 1/13/1988 | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-002 | 3/3/1992 | 1 | Confidential communication requesting attorney's legal services re patent and trademark issues. | KOBAYASHI-HIDEAKI | LINKER-RAYMOND-O.-JR. | DAVIS-JAMES-P, MOORE-BRIAN |
| RCLPriv-003 | - | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-004 | - | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON. | | |
| RCLPriv-005 | 7/6/1995 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | KOBAYASHI-HIDEAKI | NAKAMURA-ISAO |
| RCLPriv-006 | 3/16/1995 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | NAKAMURA-ISAO | KOBAYASHI-HIDEAKI |
| RCLPriv-007 | 1/12/1995 | 2 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. | NAKAMURA-ISAO | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-008 | 9/18/1993 | 1 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. | MATSUSHITA-A | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-009 | 9/13/1993 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | ITOGA-MICHIYA | |

DSMDB.2076700.2

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| RCLPriv-010 | 9/9/1993 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | |
|---|---|---|---|---|---|---|
| RCLPriv-011 | 1/27/1992 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | KOBAYASHI-HIDEAKI | MATSUMURA-S. |
| RCLPriv-012 | 1) 6/17/1991 2) 6/18/1991 | 3 | 1) Confidential communication requesting attorney's legal services re US Patent 4,922,432.      2) Confidential communication of attorney's legal services re US Patent 4,922,432. | 1) BERSHADER-BRIAN 2) LINKER-RAYMOND-O.-JR. | 1) LINKER-RAYMOND-O.-JR. 2) BERSHADER-BRIAN | 1) KOBAYASHI-HIDEAKI |
| RCLPriv-013 | 10/12/1990 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-014 | 10/12/1990 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-015 | 9/17/1990 | 6 | Confidential communication of attorney's legal services re US Patent 4,922,432, with 9/18/1990 acknowledgement of receipt by recipient. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-016 | 9/17/1990 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-017 | 4/19/1990 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | |
| RCLPriv-018 | 4/19/1990 | 2 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. (2 Copies) | MATSUMURA-S. | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-019 | 4/10/1990 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| RCLPriv-020 | 1/2/1990 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-021 | 12/15/1989 | 1 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. | SHINDO-MASAHIRO | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-022 | 12/4/1989 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-023 | 11/15/1989 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-024 | 8/25/1989 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MATSUMURA-S. |
| RCLPriv-025 | 4/19/1989 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI |
| RCLPriv-026 | 4/6/1989 | 8 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | TAULBEE-GEORGE-M | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-027 | 3/30/1989 | 5 | Confidential communication requesting attorney's legal services re US Patent 4,922,432, Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | KOBAYASHI-HIDEAKI | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-028 | 3/10/1989 | 3 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | |

DSMDB.2076700.2

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| RCLPriv-029 | 3/10/1989 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432, with 3/13/1989 acknowledgement of receipt by recipient. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | |
| RCLPriv-030 | 3/10/1989 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | |
| RCLPriv-031 | 3/7/1988 | 9 | Confidential communication requesting attorney's legal services re US Patent 4,922,432, Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | SUGIMOTO-TAI | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-032 | 1/30/1989 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI, TATSUMI-HISAO |
| RCLPriv-033 | 1/10/1989 | 1 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. | TATSUMI-HISAO | MCCOY-MICHAEL-D | MATSUMURA-S. |
| RCLPriv-034 | 12/28/1988 | 1 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. | MATSUMURA-S. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI |
| RCLPriv-035 | 12/28/1988 | 1 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. | MATSUMURA-S. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI |
| RCLPriv-036 | 1/27/1989 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI, KOBAYASHI-HIDEAKI |
| RCLPriv-037 | 1/17/1989 | 1 | Confidential attorney's legal services communication re US Patent 4,922,432 requesting agent's services. | LINKER-RAYMOND-O.-JR. | SMITH-ROBERT-L. | |

DSMDB.2076700.2

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| RCLPriv-038 | 12/22/1988 | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | FILE | |
| RCLPriv-039 | 12/5/1988 | 5 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI |
| RCLPriv-040 | 12/2/1988 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | |
| RCLPriv-041 | 12/2/1988 | 4 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI |
| RCLPriv-042 | 11/29/1988 | 2 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | FILE | |
| RCLPriv-043 | 11/29/1988 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | |
| RCLPriv-044 | 11/2/1988 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | MCCOY-MICHAEL-D | MATSUMURA-S. | SUGIMOTO-TAI, TATSUMI-HISAO |
| RCLPriv-045 | 11/1/1988 | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-046 | 1/11/1988 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | MCCOY-MICHAEL-D | MATSUMURA-S. | SUGIMOTO-TAI, TATSUMI-HISAO |
| RCLPriv-047 | 9/23/1988 | 3 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI | MCCOY-MICHAEL-D |
| RCLPriv-048 | 9/12/1988 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI, TATSUMI-HISAO |

DSMDB.2076700.2

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| RCLPriv-049 | 3/21/1988 | 6 | Confidential communication of attorney's legal services re US Patent 4,922,432. | MCCOY-MICHAEL-D. | SUGIMOTO-TAI, TATSUMI-HISAO | LINKER-RAYMOND-O.-JR. |
|---|---|---|---|---|---|---|
| RCLPriv-050 | 3/15/1988 | 1 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI, TATSUMI-HISAO, MCCOY-MICHAEL-D |
| RCLPriv-051 | 2/5/1988 | 5 | Confidential communication of attorney's legal services re US Patent 4,922,432. | MCCOY-MICHAEL-D | TATSUMI-HISAO | SUGIMOTO-TAI, LINKER-RAYMOND-O.-JR. |
| RCLPriv-052 | 2/1/1988 | 1 | Confidential communication requesting attorney's legal services re US Patent 4,922,432. | TATSUMI-HISAO | MCCOY-MICHAEL-D | |
| RCLPriv-053 | 1/20/1988 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | MCCOY-MICHAEL-D | TATSUMI-HISAO | MATSUMURA-S., SUGIMOTO-TAI, LINKER-RAYMOND-O.-JR. |
| RCLPriv-054 | 1/14/1988 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | MATSUMURA-S. | SUGIMOTO-TAI, TATSUMI-HISAO, MCCOY-MICHAEL-D |
| RCLPriv-055 | 12/26/1987 | 1 | Confidential communication requesting attorney's legal services re US Patent 4,922,432, Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | INTERNATIONAL-CHIP-CORPORATION, RICOH COMPANY, LTD. | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-056 | 12/23/1987 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SHINDO-MASAHIRO | TATSUMI-HISAO, SUGIMOTO-TAI |
| RCLPriv-057 | - | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-058 | 12/22/1987 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | LINKER-RAYMOND-O.-JR. | SUGIMOTO-TAI, KOBAYASHI-HIDEAKI | |

DSMDB.2076700.2

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| RCLPriv-059 | - | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | RICOH COMPANY, LTD. | | |
|---|---|---|---|---|---|---|
| RCLPriv-060 | - | 3 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-061 | 12/8/1987 | 21 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-062 | 12/8/1987 | 16 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-063 | 12/17/1987 | 11 | Confidential communication requesting attorney's legal services re US Patent 4,922,432, confidential notes and materials re US Patent 4,922,432 with attorney confidential annotations. | SUGIMOTO-TAI | LINKER-RAYMOND-O.-JR. | |
| RCLPriv-064 | 12/15/1987 | 2 | Confidential communication of attorney's legal services re US Patent 4,922,432. | MCCOY-MICHAEL-D | MATSUMURA-S., SUGIMOTO-TAI | LINKER-RAYMOND-O.-JR. |
| RCLPriv-065 | 12/15/1987 | 3 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | MCCOY-MICHAEL-D | | |
| RCLPriv-066 | - | 38 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |

DSMDB.2076700.2

Ricoh Co. Ltd.'s Log of Privileged Documents, April 24, 2006
All Documents Listed are Withheld Pursuant to Attorney-Client Privilege and/or Work-Product Exception

| RCLPriv-067 | 7/1/1988 | 1 | Material re US Patent 4,922,432 with confidential attorney legal services annotations. | BELL-SELTZER-PARK-&-GIBSON | | |
| RCLPriv-068 | - | 1 | Confidential notes and materials re attorney's legal services re US Patent 4,922,432. | BELL-SELTZER-PARK-&-GIBSON | | |

DSMDB.2076700.2

# Exhibit 17

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*1177 Avenue of the Americas • New York, NY 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*

Writer's Direct Dial: (212) 896-5471
E-Mail Address: MeilmanE@dsmo.com

January 21, 2004

**BY FACSIMILE AND U.S. MAIL**
**(650) 463-8400**

Christopher L. Kelley, Esq.
Howrey Simon Arnold & White, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025

> Re:  *Synopsys v. Ricoh*
> *Ricoh v. Aeroflex*
> Your Ref.: 06816.0060.000000
> Our Ref.: R2180.0171

Dear Chris:

    In response to your letter of January 9, 2004, the individual on the documents is Mr. Shindo who, as you know, has declined to voluntarily appear for a deposition.

    Messrs. Nakayama and Oka are available for deposition. We are going to tell them that their depositions will not begin before May 25, 2004 and May 26, 2004, respectively, unless you advise us to the contrary this week.

    Enclosed you will find our objections to the 30(b)(6) notice to Ricoh. As presently advised, the individuals who will likely testify on behalf of Ricoh are Messrs. Oka and Takada but Ricoh reserves the right to substitute witnesses as necessary to meet the obligations of Rule 30(b)(6).

    You had previously asked about the availability of Mr. Tatsumi. Between the time of my response and your letter about the dates, his availability on May 28, 2004 has ended. Do you still plan to depose him? If so, on what date?

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*www.DicksteinShapiro.com*

92729 v1; 1ZJT01!.DOC

Christopher L. Kelley, Esq.
January 21, 2004
Page 2

      For the court order, please list Gary Hoffman, Kenneth Brothers, Eric Oliver, DeAnna Allen and myself, and the order should specify a stay in Japan from May 17-29, 2004. We need the signed order in hand no later than March 17, 2004.

Very truly yours,

Edward A. Meilman

EAM/hc
Enc.

cc:    Gary Hoffman, Esq.
       Kenneth Brothers, Esq.
       Jeffrey Demain, Esq.

# Exhibit 18

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC. )<br><br> Plaintiff, )<br><br> v. )<br><br> RICOH COMPANY, LTD., )<br><br> Defendants. ) | **Civil Action No. C03-02289 MJJ (EMC)** |

## NOTICE OF SUBPOENA FOR DOCUMENTS TO BRIAN BERSHADER ON BEHALF OF KESV, INC. PURSUANT TO FED. R. CIV. P. 45

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that, pursuant to Federal Rules of Civil Procedure 45, plaintiff Synopsys, Inc. has served on Brian Bershader on behalf of KESV, Inc. the attached subpoena for production of documents.

Brian Bershader is required to produce the documents in his custody, possession, or control specified in Attachment A by 9:00 a.m. on August 10, 2004, at the offices of Howrey Simon Arnold & White, 301 Ravenswood Ave, Menlo Park CA 94025.

A true copy of the subpoena is attached hereto and incorporated herein by this reference.

Dated: August 2, 2004

Howrey Simon Arnold & White, LLP

By: _____

Matthew B. Hocker
Attorneys for Plaintiff SYNOPSYS, INC.

## ATTACHMENT A

### I.    DEFINITIONS

The definitions below are incorporated into each request.

A.    The terms "you," and "your" mean, without limitation, **KESV, INC.**, its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf.

B.    The term "Ricoh," means, without limitation, Ricoh Company, Ltd., its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf. This definition includes Ricoh's predecessors in interest in U.S. Patent No. 4,922, 432, International Chip Corporation ("ICC") and Knowledge Based Silicon Corporation ("KSB").

C.    As used herein, "subsidiary" means a business enterprise, the operations of which are subject to control by a corporate parent through whole or partial stock ownership.

D.    As used herein, "Customer Defendants" refers to Aeroflex, Inc., AMI Semiconductor, Inc., and Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc., all subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys, agents, representatives and all persons acting or purporting to act on its behalf.

E.    As used herein, "affiliate" means a company effectively controlled by another but associated with that other entity by way of common control, whether direct or indirect.

F.    As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic,

AUG. 2. 2004  4:34PM                                              NO. 1552   P. 4

taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

G.    Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge. If you claim that any document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when.

H.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

I.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

J.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

K.    Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

L.    The term "prior art," is used herein in the same sense as that term is used in 35 U.S.C. § 103, and includes any patent, printed publication, prior knowledge, prior

use, prior sale or offer of sale or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

M.    As used herein, the term "Kobayashi Patent" means, individually, collectively, or in any combination, any patents or patent applications originating from United States Patent Application Number 143,821, filed on January 13, 1988, or any continuation of this application or any foreign counterpart to such patents. Such patents include, but are not limited to, United States Patent Number. 4,922,432 (the "'432 patent"), entitled "Knowledge Based Method and Apparatus For Designing Integrated Circuits Using Functional Specifications."

N.    As used herein, with reference to patent applications, "continuation" includes any divisional, continuation-in-part, reissue, and continued prosecution applications.

O.    As used herein, "PTO" means the United States Patent & Trademark Office.

P.    The term "EMBODYING PRODUCTS" means each product made, used, marketed, imported, sold and/or offered for sale by Ricoh, International Chip Corp., and/or KBS Corp, that embodies and/or in its normal use practices one or more claims of the '432 patent, including without limitation, all versions of KBSC (Knowledge-Based Silicon Compiler, see e.g. RCL002694 – RCL002928 ) and/or the early implementations and variations of the KBSC system (see e.g. Ricoh's disclosure regarding Patent Local Rule 3-1(f) served June 21, 2004).

Q.    The term "KBSC SYSYEM SOFTWARE" means each product made, used, marketed, imported, sold and/or offered for sale by Ricoh, International Chip Corp., and/or KBS Corp., including but not limited to all versions of KBSC system (Knowledge-Based Silicon Compiler, see e.g. RCL002694 – RCL002928), including all modules (*e.g.* FlowED, FlowSIM, MS, NEPTUNE, NetGen Blath, ConGen, AafTran, etc. and the attendant files containing the rules, cell database, etc.)   and the early

implementations and variations of the KBSC system as identified in Ricoh's disclosure regarding Patent Local Rule 3-1(f) served June 21, 2004.

## II.    **INSTRUCTIONS**

The following instructions apply to each of the requests for documents set forth herein:

1.  Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.  If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

   a.  The type of document;

   b.  The approximate date, and manner of recording, creating or otherwise preparing the document;

   c.  The subject matter of the document;

   d.  The name and organizational position of the person(s) who produced the document,

   e.  The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

   f.  The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4.  If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request.  If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5.  Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6.  Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests.  English translations of partial translations of foreign language documents should also be considered separate documents.

7.  If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8.  If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions.  If your response is qualified in any particular manner, set forth the details of such qualification.

9.  Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## III.    REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1**:

    A copy of the executable code for every version of the KBSC SYSYEM SOFTWARE; including all documents and things used in the installation process such as installation disks, installation manuals, installation instructions, system requirements and the like.

**REQUEST NO. 2**:

    A copy of the source code for every version of the KBSC SYSYEM

SOFTWARE.

**REQUEST NO. 3**:

    A copy of all files used by the KBSC SYSYEM SOFTWARE during execution,

including but not limited to, the database files, hardware cell description files, the rule

base, files containing any part of the knowledge base, etc.

**REQUEST NO. 4**:

    All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of the EMBODYING PRODUCTS, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version, of the EMBODYING PRODUCTS.

**REQUEST NO. 5**:

    All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of FlowHDL, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version of FlowHDL.

**REQUEST NO. 6**:

    All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of BlockHDL, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version of the BlockHDL.

AUG. 2.2004  4:06PM                                    NO.1552   P. 9

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.

**SUBPOENA IN A CIVIL CASE**

V.

RICOH COMPANY, LTD.

CASE NUMBER: C03-02289 MJJ (EMC)

TO:   BRIAN BERSHADER, INDIVIDUALLY AND
      ON BEHALF OF KESV, INC.
      800 W. El Camino Real, Suite 180
      Mountain View, CA 94040

[ ]  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ]  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| Howrey Simon Arnold & White, LLP<br>301 Ravenswood Avenue, Menlo Park, CA 94025 | August 10, 2004, 9:00 a.m. |

[ ]  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit is subpoenaed for taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | August 2, 2004 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Matthew E. Hocker, Howrey Simon Arnold & White, LLP, 301 Ravenswood Avenue, Menlo Park, CA 94025<br>Telephone: (650) 463-8100 |

AUG. 2.2004  4:07PM                                                    NO. 1552   P. 10

(See Rule 45, Federal Rules of Civil Procedures, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, of inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

　(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trail is held, or
　　(iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
　　(iv) subjects a person to undue burden.

　(B)  If a Subpoena
　　(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrence in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AJC. 2. 2004  4:07PM                                    NO 1552   P. 11

## ATTACHMENT A

### I.   DEFINITIONS

The definitions below are incorporated into each request.

A.    The terms "you," and "your" mean, without limitation, **KESV, INC.,** its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf.

B.    The term "Ricoh," means, without limitation, Ricoh Company, Ltd., its past and present parents, subsidiaries, affiliates, predecessors, unincorporated divisions, officers, attorneys or agents, representatives, employees, consultants and all persons acting or purporting to act on its behalf. This definition includes Ricoh's predecessors in interest in U.S. Patent No. 4,922, 432, International Chip Corporation ("ICC") and Knowledge Based Silicon Corporation ("KSB").

C.    As used herein, "subsidiary" means a business enterprise, the operations of which are subject to control by a corporate parent through whole or partial stock ownership.

D.    As used herein, "Customer Defendants" refers to Aeroflex, Inc., AMI Semiconductor, Inc., and Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc., all subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys, agents, representatives and all persons acting or purporting to act on its behalf.

E.    As used herein, "affiliate" means a company effectively controlled by another but associated with that other entity by way of common control, whether direct or indirect.

F.    As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic,

taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings," "recordings," "photographs," "source code" or "executable code" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically, optically or in any electronic medium and/or form.

G.     Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge. If you claim that any document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when.

H.     As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

I.     As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

J.     The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

K.     Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

L.     The term "prior art," is used herein in the same sense as that term is used in 35 U.S.C. § 103, and includes any patent, printed publication, prior knowledge, prior

use, prior sale or offer of sale or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

M.    As used herein, the term "Kobayashi Patent" means, individually, collectively, or in any combination, any patents or patent applications originating from United States Patent Application Number 143,821, filed on January 13, 1988, or any continuation of this application or any foreign counterpart to such patents. Such patents include, but are not limited to, United States Patent Number. 4,922,432 (the "'432 patent"), entitled "Knowledge Based Method and Apparatus For Designing Integrated Circuits Using Functional Specifications."

N.    As used herein, with reference to patent applications, "continuation" includes any divisional, continuation-in-part, reissue, and continued prosecution applications.

O.    As used herein, "PTO" means the United States Patent & Trademark Office.

P.    The term "EMBODYING PRODUCTS" means each product made, used, marketed, imported, sold and/or offered for sale by Ricoh, International Chip Corp., and/or KBS Corp., that embodies and/or in its normal use practices one or more claims of the '432 patent, including without limitation, all versions of KBSC (Knowledge-Based Silicon Compiler, see e.g. RCL002694 – RCL002928 ) and/or the early implementations and variations of the KBSC system (see e.g. Ricoh's disclosure regarding Patent Local Rule 3-1(f) served June 21, 2004).

Q.    The term "KBSC SYSYEM SOFTWARE" means each product made, used, marketed, imported, sold and/or offered for sale by Ricoh, International Chip Corp., and/or KBS Corp., including but not limited to all versions of KBSC system (Knowledge-Based Silicon Compiler, see e.g. RCL002694 – RCL002928), including all modules (e.g. FlowED, FlowSIM, MS, NEPTUNE, NetGen Blath, ConGen, AafTran, etc. and the attendant files containing the rules, cell database, etc.)   and the early

implementations and variations of the KBSC system as identified in Ricoh's disclosure regarding Patent Local Rule 3-1(f) served June 21, 2004.

## II.    **INSTRUCTIONS**

The following instructions apply to each of the requests for documents set forth herein:

1.  Please produce entire documents, including, but not limited to, attachments, enclosures, cover letters, memoranda, and appendices.

2.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for documents shall be deemed continuous up to and following the trial of this proceeding such that any documents or things requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial responses hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Document Requests immediately upon its discovery or receipt by you or your counsel.

3.  If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please provide a privilege log identifying each document withheld, including

   a.  The type of document;

   b.  The approximate date, and manner of recording, creating or otherwise preparing the document;

   c.  The subject matter of the document;

   d.  The name and organizational position of the person(s) who produced the document,

   e.  The name and organizational position of the person(s) who received a copy of the document, or to whom the document was disclosed; and

   f.  The claimed grounds on which the document is being withheld and facts sufficient to show the basis for each claim of privilege.

4. If you object to any part of a request for documents and refuse to produce documents responsive to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request for documents, state your objection and respond to the request for documents for the scope or time period you believe is appropriate.

5. Please produce all documents in the order in which they are kept in the ordinary course of business, and in their original file folders, binders, covers or containers, or facsimile thereof.

6. Any document bearing any changes, including, but not limited to, markings, handwritten notation, or other differences, that are not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of responding to the following document requests. English translations of partial translations of foreign language documents should also be considered separate documents.

7. If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

8. If any of the following requests for documents cannot be responded to in full after exercising due diligence to secure the requested documents, please so state and respond to the extent possible, specifying your inability to respond to the remainder and stating whatever information you have regarding, referring or relating to the unanswered portions. If your response is qualified in any particular manner, set forth the details of such qualification.

9. Please produce hard copies of electronic records or produce computerized information in an intelligible format with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

## III.  REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1:**

A copy of the executable code for every version of the KBSC SYSYEM SOFTWARE; including all documents and things used in the installation process such as installation disks, installation manuals, installation instructions, system requirements and the like.

**REQUEST NO. 2:**

A copy of the source code for every version of the KBSC SYSYEM SOFTWARE.

**REQUEST NO. 3:**

A copy of all files used by the KBSC SYSYEM SOFTWARE during execution, including but not limited to, the database files, hardware cell description files, the rule base, files containing any part of the knowledge base, etc.

**REQUEST NO. 4:**

All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of the EMBODYING PRODUCTS, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version, of the EMBODYING PRODUCTS.

**REQUEST NO. 5:**

All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of FlowHDL, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version of FlowHDL.

**REQUEST NO. 6:**

All documents and things pertaining to design, manufacture, operation, capabilities, and/or function of BlockHDL, past or present, including manuals, installation instructions and an installation copy and/or machine-readable copy of every version of the BlockHDL.

AUG. 2. 2004  4:46PM                                                      NO. 552    P. 17

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Mateo, State of California in the office of a

member of the bar of this court at whose direction the following service was made. I am over 18 years

of age and am not a party to this action. My business address is 301 Ravenswood Avenue, Menlo Park,

CA 94025.

On August 2, 2004, a true copy of **PLAINTIFF SYNOPSYS, INC.'S NOTICE OF**

**SUBPOENA FOR DOCUMENTS TO BRIAN BERSHADER ON BEHALF OF KESV, INC.**

**PURSUANT TO FED. R. CIV. P. 45** was served on the following:

    Edward A. Meilman
    Dickstein Shapiro Morin & Oshinsky, LLP
    1177 Avenue of the Americas
    New York, NY 10036-2714       Facsimile (212) 896-5471

    Jeffrey Demain, Esq.
    Altshuler, Berzon, Nussbaum, Rubin & Demain
    177 Post Street, Suite 300
    San Francisco, CA 94108      Facsimile (415) 362-8064

    Gary M. Hoffman
    Dickstein Shapiro Morin & Oshinsky, LLP
    2101 L. Street N.W.
    Washington, DC 20037-1526    Facsimile (202) 887-0689

☒    (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Howrey Simon Arnold & White, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Menlo Park, California.

☒    (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Howrey Simon Arnold & White, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐    (PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the offices of each party at the address listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true

and correct. Executed on August 2, 2004, at Menlo Park, CA.

                               Susan J. Crane

- 2 -

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC., <br><br> Defendants. | Civil Action No. 03-103-GMS |

## NOTICE OF SUBPOENA FOR DOCUMENTS AND NOTICE OF DEPOSITION OF HIDEAKI KOBAYASHI PURSUANT TO FED. R. CIV. P. 45

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that, pursuant to Federal Rules of Civil Procedure 45, defendants AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP. and MATROX TECH, INC. ("Defendants") have caused the issuance of the attached subpoena to Hideaki Kobayashi for production of documents and deposition testimony.

The subpoena requires Hideaki Kobayashi to produce the documents in his custody, possession, or control specified in Attachment A by 5:00 p.m. on Friday June 27, 2003, at the offices of Howrey Simon Arnold & White, 301 Ravenswood Ave, Menlo Park CA 94025.

Defendants, by and through their attorneys, will take the deposition upon oral examination of Hideaki Kobayashi. The deposition will commence on Monday July 7, 2003 at 9:00 a.m. at the offices of Connolly Bove Lodge & Hutz LLP, 1220 Market Street, 10th Floor, Wilmington, DE 19899-2207 and will continue from day to day until completed.

The oral examination may be videotaped and transcribed stenographically, and will take place before an officer who is duly authorized to administer oaths. Defendants reserve the right to use the videotape testimony at trial.

CONNOLLY BOVE LODGE & HUTZ LLP

Dated: June 5, 2003

Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

Attorney for Defendants

Of Counsel:

Teresa M. Corbin
Christopher L. Kelley
Erik K. Moller
Tony Kim
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025
Telephone: (650) 463-8100

Attorneys for Defendants

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>DELAWARE</u>

Synopsys, Inc.

**SUBPOENA IN A CIVIL CASE**

v.

Ricoh Company, Ltd., a Japanese
corporation.

Case Number:[1]  03-103-GMS

TO:  Hideaki Kobayashi

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Connolly Bove Lodge & Hutz LLP<br>1220 Market Street, 10th Floor, Wilmington, DE 19899 | July 7, 2003<br>9:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A

| PLACE<br>HOWREY SIMON ARNOLD & WHITE LLP<br>301 Ravenswood Avenue<br>Menlo Park, CA  94025 | DATE AND TIME<br>June 27, 2003<br>5:00 p.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Christopher L. Kelley, Esq. | June 5, 2003 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
HOWREY SIMON ARNOLD & WHITE, LLP        (650) 463-8100
301 Ravenswood Avenue, Menlo Park, CA  94025

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                 DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### ATTACHMENT A

### DEFINITIONS

1.  The term "Ricoh" refers to Ricoh Company Ltd., its successor and predecessor business organizations and any subsidiaries of any of those business organizations.

2.  The term "Aeroflex" means Aeroflex, Inc.

3.  The term "AMI" means AMI Semiconductor, Inc.

4.  The term "Matrox" means Matrox Electronic Systems, Ltd, Matrox Graphics, Inc, Matrox International Corp, and Matrox Tech, Inc.

5.  The term "Synopsys" means Synopsys, Inc.

6.  The terms "International Chip Corporation" or "ICC" refers to International Chip Corporation, its successor and predecessor organizations and any subsidiaries.

7.  The terms "Knowledge Based Silicon" or "KBS" refer to Knowledge Based Silicon, Corp., its successor and predecessor organizations and any subsidiaries.

8.  The term "Ricoh Litigation" means the patent case plaintiff Ricoh brought against defendants Aeroflex, AMI, and Matrox in the District of Delaware, case number 03-0103-GMS.

9.  The term "'432 patent" means U.S. Patent No. 4,922,432.

10. The term "'016 patent" means U.S. Patent No. 5,197,016.

11. The term "document" means any writing or other tangible thing from which data or information can be obtained (translated if necessary through detection devices into reasonably usable form), and which is known to you, or in your custody, possession, or control, whether printed, recorded, reproduced by any process, or written or produced by hand, whether or not claimed to be privileged or exempt from production for any reason.  Set forth below is a list of examples of writings and tangible things that are included within this definition.  The list is not an exclusive definition of the writings and tangible things included within this definition, but is intended to aid you in answering the document requests that follow.  Examples of writings and tangible things included within this definition of document are as follows:

- 3 -

Documents: letters, tape recordings, reports, agreements, communications including intercompany communications, correspondence, telegrams, memoranda, summaries, forecasts, photographs, models, statistical statements, graphs, laboratory and engineering reports and notebooks, charts, plans drawings, minutes or records of meetings including directors' meetings minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, customer lists, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, canceled checks, bank statements, invoices, receipts and originals of promissory notes, surveys, computer printouts, computer disks and storage.

In addition to the items on the foregoing list, any comment or notation appearing on any of the documents described above, and not a part of the original text, is considered a separate document and any draft or preliminary form of any document is also considered a separate document.

12. The term "documents relating to" means documents discussing, containing, showing, evidencing or referring to in any way, either directly or indirectly, and is meant to include among other documents, documents underlying, supporting now or previously attached or appended to, or used in the preparation of any documents called for by each request.

13. The words "communication" or "communications" are used in the broadest possible sense and mean, without limitation, any transmittal and receipt of information, whether such was by chance, prearranged, formal or informal, and specifically include conversations in person, conversations by telephone, telegrams, letters or memoranda, formal statements, press releases and newspaper articles.

14. The terms "party" or "person" shall mean any natural person, sole proprietorship, partnership, limited partnership, corporation, joint venture, trust, association, or other entity as well as all current and former officers, directors, agents, salespeople, representatives, employees, attorneys, and others acting or purporting to act on behalf of such party or person.

- 4 -

15. The word "identify" when used with respect to a person shall mean to state for each person: name, last known business and residence address and telephone numbers; job title(s) and dates of association with the designated company; last known employer; and, where appropriate to the extent of the interrogatory, the basis for such person's knowledge and the years for which such person is believed to have knowledge.

16. The terms "relate," "relating," or "relating to" include referring to, alluding to, or responding to, concerning, connected with, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, constituting, including, mentioning, in respect of, about, or in any way logically or factually connected with the matter described in the Interrogatory.

17. The terms "and" and "or" shall be given such meaning as to bring the greatest scope to the request in question and shall not be given a meaning that would exclude information from a Interrogatory.

## INSTRUCTIONS

1. Any recipient of this set of Requests who withholds any documents covered by this set of Requests by reason of a claim of privilege, or who objects to any part of any request for production, shall furnish to Synopsys a list identifying each such document for which the privilege is claimed or to which the objection relates, together with the following information:

(a) The reason(s) for each objection or claim of privilege;

(b) The identity of each person having knowledge of the actual basis, if any, on which the privilege or other ground for objection is based;

(c) The exact name and title of the document;

(d) The date of, and all serial or identification numbers appearing on the document;

(e) The identity of each person wrote, signed, initiated, dictated, or otherwise participated in the creation of the document;

(f) The general subject matter of the document;

(g) The identity of each person who was an addressee of and/or who received the document or a copy thereof;

(h) The identity of each person having custody or control of the document or a copy thereof;

(i) The specific location of any file or files where the document, or any copy thereof, is normally or presently kept, and the identity of the custodian thereof;

(j) The paragraph of this Request to which the document relates; and

(k) In the case of any withheld document relates in any way to a meeting or to any other conversation, all participants in the meeting or conversation are to be identified.

2.   This set of Requests is a continuing one and requires further and supplemental production by any recipient of this set of Requests as and whenever such person acquires or makes additional documents between the time of the initial production hereunder and the time of the trial of this action.

3.   In the event that any document called for by this set of Requests is known to have been destroyed (either as a result of a document destruction policy or otherwise), those documents or class of documents are to be identified as follows: addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all person to whom distributed, shown, or explained, date of destruction, persons authorizing destruction, and persons destroying the document.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents related to the conception and reduction to practice of the technologies described in the '432 and '016 patents including any notebooks or other records containing the work records of Hideaki Kobayashi, Masahiro Shindo or their collaborators from 1986 to 1990.

**REQUEST FOR PRODUCTION NO. 2**:

All documents related to the structure or configuration of any apparatus or method for designing integrated circuits incorporating the technologies described in the '432 and '016 patents.

**REQUEST FOR PRODUCTION NO. 3**:

Documents describing the design and operation of any software products for integrated circuit design developed by either Ricoh, International Chip Corporation, Knowledge Based Silicon or their successors or predecessors in business. This request includes, but it not limited to, documentation for KBS's blockHDL and flowHDL products.

**REQUEST FOR PRODUCTION NO. 4**:

Documents establishing, relating or referring to any contractual, commercial, co-development, research or other type of relationship between any two or more of: Ricoh, International Chip Corporation, Hideaki Kobayashi, Masahiro Shindo, James Davis, Knowledge Based Silicon, Synopsys, Aeroflex, AMI, or Matrox.

**REQUEST FOR PRODUCTION NO. 5**:

Documents sufficient to show the dates when any products or services relating to integrated circuit design offered by Ricoh, International Chip Corporation, or Knowledge Based Silicon were first offered for sale or sold.

**REQUEST FOR PRODUCTION NO. 6**:

All publications, papers, patent applications, research notes or the like prepared by Hideaki Kobayashi, Masahiro Shindo, or by other persons describing work to which Kobayashi or Shindo contributed.

**REQUEST FOR PRODUCTION NO. 7**:

All documents related to the preparation or prosecution of U.S. or foreign patent applications filed by or on behalf of Hideaki Kobayashi.

**REQUEST FOR PRODUCTION NO. 8**:

All documents that refer or relate to either of the '432 or '016 patents.

**REQUEST FOR PRODUCTION NO. 9**:

All documents relating to any communications between any of: Ricoh, International Chip Corporation, Hideaki Kobayashi, Masahiro Shindo, James Davis, or their agents and any of: Synopsys Corporation, Cadence Design Systems, or any other business designing or selling logic synthesis software.

**REQUEST FOR PRODUCTION NO. 10**:

All documents relating to any communications, discussions or negotiations by any of Ricoh, International Chip Corporation, Hideaki Kobayashi, Masahiro Shindo, James Davis or their agents regarding licensing of any technology relating to logic synthesis or integrated circuit design.

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on this 5th day of June, 2003, a true and correct copy of the foregoing was caused to be served on the attorneys of record at the following addresses:

**VIA HAND DELIVERY**

Robert W. Whetzel
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19899

**VIA FEDERAL EXPRESS**

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526

**VIA FEDERAL EXPRESS**

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, N.Y. 10036-2714

Francis DiGiovanni (#3189)

265624

# Exhibit 19

1   Teresa M. Corbin (SBN 132360)
    Denise M. De Mory (SBN 168076)
2   Jaclyn C. Fink (SBN 217913)
    HOWREY LLP
3   525 Market Street, Suite 3600
    San Francisco, California 94105
4   Telephone: (415) 848-4900
    Facsimile: (415) 848-4999
5
    Attorneys for Plaintiff SYNOPSYS, INC. and
6   Defendants AEROFLEX INCORPORATED,
    AEROFLEX COLORADO SPRINGS, INC., AMI
7   SEMICONDUCTOR, INC., MATROX
    ELECTRONIC SYSTEMS, LTD., MATROX
8   GRAPHICS, INC., MATROX INTERNATIONAL
    CORP., and MATROX TECH, INC.
9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  SYNOPSYS, INC.,                        Case No. C03-2289 MJJ (EMC)

14          Plaintiff,                     **SYNOPSYS, INC.'S RESPONSE TO
                                           DEFENDANT RICOH'S SECOND SET OF
15      vs.                                INTERROGATORIES TO PLAINTIFF
                                           SYNOPSYS**
16  RICOH COMPANY, LTD.,
                                           Trial Date: November 27, 2006
17          Defendant.

18
19  RICOH COMPANY, LTD.,
                                           Case No. C03-4669 MJJ (EMC)
20          Plaintiff,

21      vs.

22  AEROFLEX INCORPORATED, AEROFLEX
    COLORADO SPRINGS, INC., AMI
23  SEMICONDUCTOR, INC., MATROX
    ELECTRONIC SYSTEMS, LTD., MATROX
24  GRAPHICS, INC., MATROX
    INTERNATIONAL CORP., and MATROX
25  TECH, INC.,

26          Defendants.

27

28

**HOWREY LLP**

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1  PROPOUNDING PARTY:   Ricoh Company, Ltd.

2  RESPONDING PARTY:    Synopsys, Inc.

3  SET NUMBER:          Two (2)

4        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Synopsys, Inc. ("Plaintiff") hereby

5  provides its responses to Ricoh Company, Ltd.'s ("Ricoh") Second Set of Interrogatories.  These

6  responses are based on information reasonably available to Plaintiff at the present time.  Plaintiff

7  reserves the right to supplement these responses when, and if, additional information becomes

8  available.

9        In responding to these Requests, Plaintiff will make the reasonable, diligent, and good faith

10 search to respond as required under the Federal Rules and Local Rules.  However, Plaintiff and its

11 attorneys have not yet completed preparation for trial or concluded their analyses of the information

12 gathered to date by the parties.  These responses, therefore, are based on information presently

13 available to and reviewed by Plaintiff and its attorneys.

14       These responses are made without waiving, in any way: (1) the right to object on any basis

15 permitted by law to the use of any such information, for any purpose, in whole or in part, in any

16 subsequent proceeding in this action or any other action; and (2) the right to object on any basis

17 permitted by law to any other discovery request or proceeding involving or relating to the subject

18 matter of these responses.

19                              **<u>GENERAL OBJECTIONS</u>**

20       The following general objections should be interpreted to apply to each individual Interrogatory

21 as if set forth in full in response to each individual Request:

22       1.    Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions

23 and instructions to the extent that they seek information protected by the attorney-client privilege, the

24 attorney work product immunity or any other privilege or protection afforded by state or federal law.

25       2.    Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions

26 and instructions to the extent that they seek information that is subject to any protective order, privacy

27 interest, contractual obligation, non-disclosure agreement, confidentiality agreement or other such

28

1    confidentiality obligation owed to any third party. Without third party permission, Plaintiff will not

2    provide such information unless required by the Court.

3         3.     Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions

4    and instructions to the extent that they seek information that is not relevant to a claim or defense of any

5    party or to the subject matter of this litigation and not reasonably calculated to lead to the discovery of

6    admissible evidence.

7         4.     Plaintiff objects to Ricoh's Second Set of Interrogatories as overly broad and unduly

8    burdensome to the extent that they seek information beyond what is available from a reasonable search

9    of Plaintiff's files likely to contain relevant or responsive documents and a reasonable inquiry of

10   Plaintiff's employees.

11        5.     Plaintiff objects to Ricoh's Second Set of Interrogatories to the extent that they seek

12   information or the identification of documents that are not within the possession, custody, or control of

13   Plaintiff, or refers to persons, entities, or events not known to Plaintiff, subjecting them to

14   unreasonable and undue annoyance, oppression, burden, and expense, and would impose upon them an

15   obligation to discover information or materials from third parties or services who are equally

16   accessible to Ricoh.

17        6.     Plaintiff objects generally to Ricoh's Second Set of Interrogatories as well as to the

18   definitions and instructions to the extent that they seek information concerning products or processes

19   that are not made, used, sold, offered for sale or imported into the United States.

20        7.     Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions

21   and instructions to the extent that they seek a legal conclusion.

22        8.     Plaintiff objects to Ricoh's Second Set of Interrogatories, including its Definitions and

23   Instructions, to the extent that they seek to modify or expand the requirements of the Federal Rules of

24   Civil Procedure and the Local Rules of the Northern District of California and/or other applicable law.

25   Plaintiff will respond to Ricoh's Second Set of Interrogatories as well as to the definitions and

26   instructions in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern

27   District of California and/or other applicable law.

28

9.     Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions to the extent that they are unreasonably cumulative, redundant, or duplicative of other Interrogatories, or seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.     Plaintiff objects to Ricoh's Second Set of Interrogatories as well as to the definitions and instructions to the extent that they seek information for time periods beyond those relevant to the claims and defenses in the instant action on the grounds that such requests are vague, ambiguous, overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the present action.

11.     Plaintiff objects to the definition of "Synopsys" to the extent that it seeks information from individuals or entities over which Synopsys has no control or from unauthorized persons purporting to act on Plaintiff's behalf. Plaintiff further objects to the definition of "Synopsys" to the extent that it purports to include consulting experts who will not be called to testify at trial or to the extent that it purports to include attorneys and therefore, objects to any requests using such definition as seeking information protected by the attorney-client privilege and/or the attorney work product immunity.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff objects to Ricoh's incorporated Definition/Instruction "t" from its November 30, 2003 First Set of Interrogatories to the extent that the definition of "ASIC" is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to any definition of "ASIC" to the extent that the definition extends beyond the definition of "Commercial ASICs" as defined by the parties' stipulation re supplemental production and Judge Chen's May 1, 2006 order thereon as modified by Judge Chen's May 8, 2006 Order.

2.     Plaintiff objects to Ricoh's incorporated Definition/Instruction "u" from its November 30, 2003 First Set of Interrogatories on the grounds that the definition of "ASIC Product" is vague, ambiguous, unintelligible, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to Definition "u" to the extent that it characterizes design as part of the manufacturing process. Plaintiff objects to any definition of "ASIC

1  Product" to the extent that the definition extends beyond the definition of "Commercial ASICs" as

2  defined by the parties' stipulation re supplemental production and Judge Chen's May 1, 2006 order

3  thereon as modified by Judge Chen's May 8, 2006 Order.

4       3.    Plaintiff objects to Ricoh's incorporated Definition/Instruction "w" from its November

5  30, 2003 First Set of Interrogatories to the extent that the definition of "ASIC Method" is vague, overly

6  broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

7  evidence.  Plaintiff objects to any definition of "ASIC Method" to the extent that the definition extends

8  beyond the definition of "Commercial ASICs" as defined by the parties' stipulation re supplemental

9  production and Judge Chen's May 1, 2006 order thereon as modified by Judge Chen's May 8, 2006

10  Order.

11       4.    Plaintiff objects to Ricoh's incorporated Definition/Instruction "y" from its November

12  30, 2003 First Set of Interrogatories to the extent that the definition of "design" is vague, overly broad,

13  unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

14       5.    Plaintiff incorporates the objections to Ricoh's Definitions/Instructions from Ricoh's

15  November 30, 2003 First Set of Interrogatories as stated in Plaintiff's responses thereto.

16               **RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

17  **INTERROGATORY NO. 6**:

18       Set forth all facts relating to Synopsys' allegations in paragraph 27 (laches defense) of the

19  Complaint, including the identification of each individual having relevant information thereof.

20  **RESPONSE TO INTERROGATORY NO. 6**:

21       Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

22  interrogatory as unduly burdensome and overly broad, especially with respect to "all," "each," and

23  "relevant information thereof".  Plaintiff further objects to this interrogatory on the basis that it seeks

24  the disclosure of information or the identification of documents that are protected from discovery by

25  the attorney-client privilege and/or the attorney work product doctrine.  Plaintiff further objects to this

26  request because the information requested is equally or more available to Ricoh.  Subject to and

27  without waiving the foregoing general and specific objections, Plaintiff responds as follows:

28

1    Ricoh's claims are barred by laches.  By virtue of its licensing and use of Design Compiler

2    dating back to the early 1990's as well as its access to Synopsys documentation, Ricoh knew or should

3    have known that the use of Synopsys' Design Compiler would give rise to its claims of alleged

4    infringement of the patent-in-suit.  Synopsys has been openly licensing its products to ASIC

5    manufacturers, including Ricoh, and has long made public, in SEC filings and otherwise, that it is the

6    in business of licensing EDA software, including the accused Synopsys products.  In addition, it has

7    long been made public that the Customer Defendants were users of Synopsys' tools.  Because Ricoh

8    has long known or should have known of the Customer Defendants' use of the Synopsys products at

9    issue and/or has long known or should have known that the Synopsys products at issue could be used

10   in an allegedly infringing manner, Ricoh's claims are barred by laches.

11   With regard to prejudice, Ricoh sat on its alleged rights while the EDA market substantially

12   matured and Synopsys continued to invest in and develop the accused products.  Individuals at Ricoh,

13   including engineers who used Design Compiler, as well as those responsible for licensing Design

14   Compiler, are aware of these facts.

15   Synopsys also incorporates by reference its response to Interrogatory No. 5 from Ricoh's First

16   Set of Interrogatories to Synopsys.

17   Synopsys identifies Kevin Kranen, Bob Dahlberg, James Davis, and Jennifer Smith as having

18   relevant information on this topic.

19   **INTERROGATORY NO. 7**:

20   Set forth all facts that support any contention by Synopsys that the SOT tricks in Synopsys'

21   Design Compiler® software are not in the form of "a set of rules embodying the expert knowledge of

22   highly skilled VLSI designers, each rule having an antecedent portion (e.g., IF) and a consequent

23   portion (e.g., THEN)," as that phrase is used in the Court's Claim Construction Order at 17, including

24   the identification of each individual having relevant information thereof.

25   **RESPONSE TO INTERROGATORY NO. 7**:

26   Plaintiff incorporates by reference its objections above.  Plaintiff objects to the extent that the

27   phrase "a set of rules embodying the expert knowledge of highly skilled VLSI designers, each rule

28   having an antecedent portion (e.g., IF) and a consequent portion (e.g., THEN)," the Court's

1  construction of the term "cell selection rules" is taken out of context if not considered with the term

2  "expert system knowledge base," since the cell selection rules must be stored in such expert system

3  knowledge base.  Plaintiff further objects to this interrogatory as unduly burdensome and overly broad,

4  especially with respect to "all," "any," and "each."  Plaintiff further objects to this interrogatory on the

5  basis that it seeks the disclosure of information or the identification of documents that are protected

6  from discovery by the attorney-client privilege and/or the attorney work product doctrine.  Plaintiff

7  further objects to this interrogatory as calling for expert opinions or testimony.  Subject to and without

8  waiving the foregoing general and specific objections, Plaintiff responds as follows:

9      SOT tricks do not embody expert knowledge of highly skills VLSI designers, and are not cell

10  selection rules.  Plaintiff will provide additional details in its expert reports.

11  **INTERROGATORY NO. 8:**

12      Set forth all facts (including identification of) related to the "algorithms" in the following

13  quoted passage:  "Algorithms incorporating ideas from the current rulebase which are effective at

14  reducing area."  SP 000181026-1042 at -1030.

15  **RESPONSE TO INTERROGATORY NO. 8:**

16      Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

17  interrogatory as unduly burdensome and overly broad, especially with respect to "all."  Plaintiff further

18  objects to this interrogatory on the basis that it seeks the disclosure of information or the identification

19  of documents that are protected from discovery by the attorney-client privilege and/or the attorney

20  work product doctrine.  Subject to and without waiving the foregoing general and specific objections,

21  Plaintiff responds as follows:

22      No new algorithms were included in the Metro release of Design Compiler that directly

23  incorporated ideas from the so-called "rulebase which [were] effective at reducing area."  Tricks

24  related to phase capabilities were added, and while the so-called "rulebase" had many entries related to

25  phase optimization, the new tricks did not directly incorporate ideas from any so-called "rulebase

26  which [were] effective at reducing area."

27

28

HOWREY LLP

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT        -7-
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1  **INTERROGATORY NO. 9**:

2       Set forth all facts (including identification of) related to the "algorithms" in the following

3  quoted passage:  "Improve the timing optimization algorithms to include generalized forms of rulebase

4  rules which are effective at improving delay (if there are any)" SP 000181026-1042 at -1029-1030.

5  **RESPONSE TO INTERROGATORY NO. 9**:

6       Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

7  interrogatory as unduly burdensome and overly broad, especially with respect to "all."  Plaintiff further

8  objects to this interrogatory on the basis that it seeks the disclosure of information or the identification

9  of documents that are protected from discovery by the attorney-client privilege and/or the attorney

10 work product doctrine.  Subject to and without waiving the foregoing general and specific objections,

11 Plaintiff responds as follows:

12      The sdn_comp_mog trick was derived from so-called "rulebase rules which [were] effective at

13 improving delay."  Tricks related to levelization were added, and while the so-called "rulebase" had

14 entries related to levelization, the new tricks did not directly incorporate ideas from any such

15 "rulebase."

16 **INTERROGATORY NO. 10**:

17      Set forth all facts related to the following quoted passage:  "Migrate rule base 1 merged into

18 Delay and area opto" (SP 000181026-1042 at -1032), including the identification of each individual

19 having relevant information thereof.

20 **RESPONSE TO INTERROGATORY NO. 10**:

21      Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

22 interrogatory as unduly burdensome and overly broad, especially with respect to "all," and "each."

23 Plaintiff further objects to this interrogatory on the basis that it seeks the disclosure of information or

24 the identification of documents that are protected from discovery by the attorney-client privilege

25 and/or the attorney work product doctrine.  Subject to and without waiving the foregoing general and

26 specific objections, Plaintiff responds as follows:

27

28

1    The quoted passage was meant to indicate that the time estimate for work related to migrating

2    the rule base was merged into the time estimates for work related to delay and to Area opto.  At least

3    Bharat Kalyanpur has relevant information.

4    **INTERROGATORY NO. 11**:

5    Identify the "decomposition tricks" referred to in the following quoted passage:

6    "Decomposition tricks are either rule-based or based on ABO.  Decomp attempts to find combinations

7    of smaller gates that are equivalent and once again improve cost."  SP 000166329-6333 at -6330.

8    **RESPONSE TO INTERROGATORY NO. 11**:

9    Plaintiff incorporates by reference its objections above.  Plaintiff further objects to this

10   interrogatory as unduly burdensome and overly broad.  Plaintiff further objects to this interrogatory on

11   the basis that it seeks the disclosure of information or the identification of documents that are protected

12   from discovery by the attorney-client privilege and/or the attorney work product doctrine.  Subject to

13   and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

14   The term "rule-based" referred to RBO, as contrasted to ABO.  The RBO-based decomposition

15   tricks refers to function sot_sdn_rbo_decomp(), and the ABO-based decomposition tricks refers to

16   function sot_sdn_decomp_cell().

17   Dated:  May 17, 2006                           HOWREY LLP

18

19                                                  By:___/s/ Denise M. De Mory_____
                                                       Denise M. De Mory
20                                                     525 Market Street, Suite 3600
                                                       San Francisco, CA 94105
21                                                     Attorneys for Synopsys and Aeroflex
                                                       Incorporated, Aeroflex Colorado Springs, AMI
22                                                     Semiconductor, Inc., Matrox Electronic Systems,
                                                       Ltd., Matrox Graphics, Inc., Matrox International
23                                                     Corp., and Matrox Tech, Inc.

24

25

26

27

28

HOWREY LLP

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT        -9-
RICOH'S SECOND SET OF INTERROGATORIES

DM US\8347049.v1

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA            )
                                   )    ss.:
3   SAN FRANCISCO                  )

4

5       I am employed in the San Francisco, State of California.  I am over the age of 18 and not a
party to the within action.  My business address is 525 Market Street, Suite 3600, San Francisco,
California  94105-2708.

6

7       On May 17, 2006 I served on the interested parties in said action the within:

8

**SYNOPSYS, INC.'S RESPONSE TO DEFENDANT RICOH'S SECOND SET OF
INTERROGATORIES TO PLAINTIFF SYNOPSYS**

9   by causing said document to be sent by Electronic Mail on May 17, 2006 to the email addresses
indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s)
10  addressed as stated below and causing such envelope(s) to be delivered as follows:

11  Gary M. Hoffman, Esq.                       Jeffrey Demain, Esq.
    HoffmanG@dsmo.com                           jdemain@altshulerberzon.com
12  Dickstein Shapiro Morin & Oshinsky, LLP     Altshuler, Berzon, Nussbaum, Rubin & Demain
    2101 L Street, N.W.                         177 Post Street, Suite 300
13  Washington, DC 20037-1526                   San Francisco, CA 94108
    Facsimile No.: (202) 887-0689               Facsimile No.: (415) 362-8064

14
    Edward A. Meilman, Esq.
15  MeilmanE@dsmo.com
    Dickstein Shapiro Morin & Oshinsky, LLP
16  1177 Avenue of the Americas
    New York, NY 10036-2714
17  Facsimile No.:  (212) 896-5471

18  ☒   (OVERNIGHT DELIVERY) on May 18, 2006 by depositing in a box or other facility regularly
        maintained by Federal Express, an express service carrier, or delivering to a courier or driver
19      authorized by said express service carrier to receive documents, a true copy of the foregoing
        document in sealed envelopes or packages designated by the express service carrier, addressed
20      as stated above, with fees for overnight delivery paid or provided for and causing such
        envelope(s) to be delivered by said express service carrier on.

21
        I declare under penalty of perjury that I am employed in the office of a member of the bar of
22  this Court at whose direction the service was made and that the foregoing is true and correct.

23      Executed on May 17, 2006, at San Francisco, California.

24
    _____        _____
25          Peter L. Kasenenko                      /s/ *Peter L. Kasenenko*
          (Type or print name)                         (Signature)

26

27

28

**HOWREY LLP**

PLAINTIFF SYNOPSYS' RESPONSE TO DEFENDANT         -10-
RICOH'S SECOND SET OF INTERROGATORIES

# Exhibit 20

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD.,       ) | |
|       Plaintiff,          ) | |
|                      ) | |
|       v.              ) | Civil Action No. 03-103-GMS |
| AEROFLEX INCORPORATED, AMI  ) | |
| SEMICONDUCTOR, INC., MATROX  ) | |
| ELECTRONIC SYSTEMS, LTD., MATROX  ) | |
| GRAPHICS INC., MATROX       ) | AEROFLEX INCORPORATED'S RESTATED |
| INTERNATIONAL CORP. and MATROX  ) | FIRST SET OF |
| TECH, INC.,             ) | INTERROGATORIES (NOS. 1 |
|       Defendants.     ) | THROUGH 11) 9 |

## DEFENDANT AEROFLEX INCORPORATED'S
## FIRST SET OF INTERROGATORIES (1 - 11)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Aeroflex

Incorporated ("Aeroflex") hereby requests plaintiff Ricoh Company Ltd. ("Ricoh") to answer

separately and truthfully in writing under oath within 30 days service hereof each of the

Interrogatories set forth below, in accordance with the following Definitions and Instructions.

### I.    DEFINITIONS

The definitions below are incorporated into each interrogatory.

A.    The terms "Ricoh," "Plaintiff," "you," and "your" mean, without limitation, Ricoh

Company Ltd., its past and present parents, subsidiaries, affiliates, predecessors, unincorporated

divisions, officers, attorneys or agents, representatives, employees, consultants and all persons

acting or purporting to act on its behalf. This definition includes Ricoh's predecessors in interest

in the '432 patent, International Chip Corporation and Knowledge Based Silicon Corporation.

B.    The terms "Aeroflex" and "Defendant" refer, without limitation, to Aeroflex Incorporated, all subsidiaries, affiliates, predecessors, unincorporated divisions and all its officers, employees, attorneys, agents, representatives and all persons acting or purporting to act on its behalf.

C.    As used herein, "subsidiary" means a business enterprise, the operations of which are subject to Plaintiff's or Defendant's control through whole or partial stock ownership.

D.    As used herein, "affiliate" means a company effectively controlled by another but associated with Plaintiff or Defendant under common control, whether direct or indirect.

E.    As used herein, the word "document" means the original and each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure.  The word "document" includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, and any other information stored magnetically or electronically.

F.    As used herein, the terms "identify," "identification," or "identity," when used with respect to a document, means to provide information sufficient to locate that document, including, but not limited to:

    1)    The type of document (*e.g.*, letter, memorandum, drawing, etc.);

    2)    The title or heading of the document;

    3)    The subject matter of the document;

    4)    The date appearing on the document, or, if no date appears thereon, the approximate date the document was prepared;

    5)    The identifying code number, file number, title, or label of the document;

6)   The production number of the document, if Ricoh has produced the document to any Defendant;

7)   The number of pages of which the document consists;

8)   The identity of each person who signed or authorized the document;

9)   The identity of each addressee;

10)  The identity of each person having possession, custody or control of the document;

11)  If the document existed at one time but does not presently exist, the reason(s) why the document no longer exists and the identity of the last person having custody of it; and

12)  If the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

Under Rule 33(d) of the Federal Rules of Civil Procedure, production of the document may be responsive to some of the requested information.

G.   As used herein, the terms "identify," "identification," or "identity," when used with respect to any natural person, means to provide the following information:

1)   The person's full name;

2)   Last known home address;

3)   Last known business address and telephone number;

4)   Last known title or occupation;

5)   Last known employer; and

6)   Any and all employment positions the person has held with Ricoh or any related company.

H.   As used herein, the terms "identify," "identification," or "identity," with respect to any legal entity, such as a corporation, company, or person other than a natural person, means to provide the following information:

1)   The entity's name;

269500_1                                   - 3 -

2)   The place of incorporation or organization;

3)   The principal place of business; and

4)   The nature of the business conducted by that legal entity.

I.    As used herein, the terms "identify," "identification," or "identity," with respect to a communication, means to provide the following information:

1)   The identity of the person(s) making the communication or contributing in any substantive fashion to its creation;

2)   The identity of the recipient and of any person(s) before whom the communication was made or who witnessed it or who has knowledge of it;

3)   The identity of all documents reflecting, referring, or relating to the communication;

4)   The nature, substance, and contents of the communication;

5)   The date of the communication; and

6)   The production numbers for the document, if Ricoh has produced the document to any Defendant.

J.    As used herein, the terms "identify," "identification," or "identity," with respect to a product, device, or other object of manufacture, means to provide the following information:

1)   The model number, part number, code number, serial number, or other manufacturing identification number or name; and

2)   The trade name of the product, including any other names associated with the product, or identification numbers associated with the product.

K.    As used herein, "person" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

L.    As used herein, "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic or other methods used), as well as any note, memorandum or other record thereof.

M.    The terms "regarding, referring or relating to" and "concerning" mean reflecting, concerning, containing, pertaining, referring, relating to, indicating, showing, describing, evidencing, discussing, mentioning, embodying or computing.

N.    Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

O.    The term "prior art," is used herein in the same sense as that term is used in 35 U.S.C. section 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer of sale or other act or event defined in 35 U.S.C. section 102, taken singly or in combination.

P.    As used herein, the term "'432 patent" means United States Patent Number 4,922,432, entitled "Knowledge Based Method and Apparatus For Designing Integrated Circuits Using Functional Specifications."

Q.    As used herein, the term "Kobayashi Patents" means, individually, collectively, or in any combination, any patents or patent applications originating from United States Patent Application Number 143,821, filed on January 13, 1988, or any continuation of this application or any foreign counterpart to such patents. Such patents include, but are not limited to, the '432 patent.

R.    As used herein, "continuation" includes any divisional, continuation-in-part, reissue, and continued prosecution applications.

## II.    INSTRUCTIONS

The following instructions apply to each of the Interrogatories set forth herein:

1.    In answering these Interrogatories, you are required to furnish truthfully and in good faith all information that is presently available to you, regardless of whether such

information was obtained directly by you, your attorneys, their agents, employees or investigators.

2.    Each Interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail.  If an objection pertains to only a portion of an interrogatory or to a word, phrase, or clause contained in it, you are required to state your objection to that portion only and to respond to the remainder of the interrogatory, using your best efforts to do so.  Your answers hereto are to be signed and verified by the person making them, and the objections signed by the attorney making them.

3.    If you or your counsel assert that any information or response herein requested is privileged or otherwise protected from discovery, please set forth in your written response hereto with respect to each document, communication or thing for which a claim of privilege is made:

a.    The approximate date, and manner of recording, creating or otherwise preparing the document, communication or thing;

b.    The name and organizational position, if any, of each sender of the document, communication or thing;

c.    The name and organizational position, if any, of each recipient and/or custodian of the document, communication or thing;

d.    The name and organizational position, if any, of each person (other than stenographic or clerical assistants) participating in the preparation or creation of the document, communication or thing;

e.    The name and organizational position, if any, of each person to whom the contents of the document, communication or thing or any portion thereof have heretofore been communicated by copy, exhibition, reading or summarization; and

269500_1                                    - 6 -

  f.  A statement of the basis on which privilege is claimed with respect to each document, communication or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice.

  4.  Pursuant to Federal Rule of Civil Procedure 26(e), the Interrogatories propounded herein shall be deemed continuous up to and following the trial of this proceeding such that any information requested herein which is either discovered by you or comes within your possession, custody or control subsequent to your initial response hereto but prior to the final conclusion of this case should be produced in a supplemental response to these Interrogatories immediately upon its discovery or receipt by you or your counsel.

## III.  **INTERROGATORIES**

**INTERROGATORY NO. 1:**

  Identify all claims of the '432 patent or any other patents owned by Ricoh that Ricoh contends are or were infringed literally, under the doctrine of equivalents, and/or under 35 U.S.C. §271(b) and (c), by any products or processes manufactured, used, sold, or offered for sale by Aeroflex, such identification to be provided in the form of an infringement chart which, separately with respect to each claim that Ricoh contends is infringed, shall a) identify the product or process manufactured, used, sold, or offered for sale by Aeroflex that Ricoh contends infringe that claim; b) state whether Ricoh's infringement contention is based on literal infringement, the doctrine of equivalents, and/or 35 U.S.C. §271(b) and/or (c); c) describe where each element of each claim is found within the accused product or process, and a complete and concise citation and quotation to document(s), testimony, or other evidence on which Ricoh relies in support of its infringement contention(s); d) identify and produce each document or thing on which Ricoh relies in support of the foregoing contentions; and e) identify all persons having knowledge of the facts supporting the ongoing contentions. If the alleged infringement is under 35 U.S.C. §271(b) or (c), state in complete detail how the allegedly infringing product satisfies each element of the claim.

**INTERROGATORY NO. 2:**

State each fact that supports the allegation in paragraph 19 of your Complaint that "Aeroflex's infringement of the '432 patent is willful," including, but not limited to, the date on and manner in which Aeroflex was first notified or became aware of its alleged infringement of the '432 patent; ~~the allegedly infringing activity;~~ the identity of all documents supporting such allegations; the identity of persons who are most knowledgeable about such allegations; and all other facts upon which you base your contention that Aeroflex knew that such allegedly infringing activity was infringing the '432 patent and that such infringement was willful.

**INTERROGATORY NO. 3:**  *Claim 13*

Identify all writings, including, but not limited to, opinions of counsel, that indicate, reflect, or comment upon whether any product, including, but not limited to Aeroflex's products, infringes or does not infringe ~~any of the claims~~ of the '432 patent, including, but not limited to, the exact or approximate date the writing was created; the identity of any product which is the subject of the writing; all facts forming the basis of the writing; the identity of all documents supporting the writing; and the identity of persons who are most knowledgeable of the facts contained within the writing.

**INTERROGATORY NO. 4:**

Identify all communications, including, but not limited to, opinions of counsel, whether initiated or received by you or submitted or communicated by you to another, referring or relating to any comment, advice, or opinion concerning the validity or invalidity, the enforceability or unenforceability, or the scope of the '432 patent, including, but not limited to, the identity of all documents referring or relating to such communication, and the identity of the persons who are most knowledgeable of the facts contained within such communication.

**INTERROGATORY NO. 5:**    *1432 Patent*

    Identify all prior art and alleged prior art to the ~~Kobayashi Patents~~ known to Ricoh that is relevant, or has been asserted by others (excluding Aeroflex) to be relevant to the ~~Kobayashi~~ *'1432* ~~Patents, and separately state as to each item of prior art~~ *including* the date that Ricoh became aware thereof. *Patent*

**INTERROGATORY NO. 6:**    *For Claim 13 of the '432 patent*

    ~~Separately for each claim of the '432 patent that Ricoh alleges is infringed by Aeroflex,~~ describe the conception of the invention claimed therein, including, but not limited to, all facts supporting or corroborating such conception; the identity of the project in which such conception occurred; the identity of all persons involved; the identity of all documents corroborating such conception; and the identity of all persons who are most knowledgeable of such conception.

**INTERROGATORY NO. 7:**    *For Claim 13 of the '432 patent*

    ~~Separately for each claim of the '432 patent that Ricoh alleges is infringed by Aeroflex,~~ describe the reduction to practice of the invention claimed therein, including, but not limited to, all facts supporting or corroborating such reduction to practice; all facts supporting or corroborating reasonable diligence in such reduction to practice; the identity of the project in which such reduction to practice occurred; ~~the identity of all prior unsuccessful attempts;~~ the identity of all persons involved; the identity of all documents corroborating such reduction to practice; *and* (the identity of all documents corroborating such reasonable diligence in such reduction to practice; ~~the identity of all persons who are most knowledgeable of such reduction to practice;~~ ~~and the identity of all persons who are most knowledgeable of such reasonable diligence in such reduction to practice.~~

**INTERROGATORY NO. 8:**    *For Claim 13 of the '432 patent*

    ~~Separately for each claim of the '432 patent for which infringement is being alleged,~~ describe the first sale, the first offer for sale and the first public use (in accordance with the meaning of those terms pursuant to 35 U.S.C. section 102(b)) of the invention claimed therein,

including, but not limited to, the date each event occurred; all facts that support or corroborate each such event; *and* the identity of all parties involved; the identity of all documents referring or relating to each such event; ~~and the identity of the persons who are most knowledgeable of each such event.~~

**INTERROGATORY NO. 9:**

Identify each named inventor of the '432 patent, such identification to include, without limitation, whether the named inventor is currently employed at Ricoh; the named inventor's most current contact information, if not currently employed at Ricoh; and identification of all documents produced by Ricoh taken from the named inventor's files or other personal archive or repository.

**INTERROGATORY NO. 10:**

Identify all products or processes manufactured, used, or sold by Ricoh that embody, practice, or use any of the inventions claimed in the '432 patent. State in complete detail how each identified product or process satisfies each element of such claim.

**INTERROGATORY NO. 11:**

Describe, in detail, every instance in which any of Ricoh, International Chip Corporation, Knowledge Based Silicon, or any subsidiary or agent of any of the above, has discussed the '432 patent with any other party or licensed, attempted to license, litigated, threatened litigation, or otherwise attempted to enforce the '432 patent with any other party. Include in the response an identification of all documents and communications referring or relating to each such instance.

Dated: June 5, 2003

CONNOLLY BOVE LODGE & HUTZ LLP

_____

Francis DiGiovanni (#3189)
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

Attorneys for Defendants


OF COUNSEL:

Teresa M. Corbin
Christopher Kelley
Jayna R. Whitt
HOWREY SIMON ARNOLD & WHITE LLP
301 Ravenswood Avenue
Menlo Park, CA 94025
Telephone: (650) 463-8100

Attorneys for Defendant/Counterclaimant
AEROFLEX INCORPORATED

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on this 5th day of June, 2003, a true and correct

copy of the foregoing was caused to be served on the attorneys of record at the following addresses:

### VIA HAND DELIVERY

Robert W. Whetzel
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Gary M. Hoffman
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526

### VIA FEDERAL EXPRESS

Edward A. Meilman
Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas
New York, N.Y. 10036-2714


Francis DiGiovanni (#3189)

265624

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA        )
                        ) ss.:

3 COUNTY OF SAN FRANCISCO   )

4

5       I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

6

7       On March 17, 2006 I served on the interested parties in said action the within:

8 **AEROFLEX INCORPORATED'S RESTATED FIRST SET OF INTERROGATORIES (No. 1 THROUGH 9)**

9 by causing said document to be sent by Electronic Mail on March 17, 2006 to the email addresses indicated for the parties listed below and by placing a true copy thereof in a sealed envelope(s)

10 addressed as stated below and causing such envelope(s) to be delivered as follows:

11 Gary M. Hoffman, Esq.                       Jeffrey Demain, Esq.
HoffmanG@dsmo.com                    jdemain@altshulerberzon.com

12 Dickstein Shapiro Morin & Oshinsky, LLP     Altshuler, Berzon, Nussbaum, Rubin & Demain
2101 L Street, N.W.                     177 Post Street, Suite 300

13 Washington, DC 20037-1526            San Francisco, CA 94108

14 Facsimile No.: (202) 887-0689          Facsimile No.: (415) 362-8064

15 Edward A. Meilman, Esq.
MeilmanE@dsmo.com

16 Dickstein Shapiro Morin & Oshinsky, LLP
1177 Avenue of the Americas

17 New York, NY 10036-2714

18 Facsimile No.: (212) 896-5471

19 ☒   (OVERNIGHT DELIVERY) on March 17, 2006 by depositing in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivering to a courier or

20       driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier,

21       addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier on.

22

23       I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

24       Executed on March 17, 2006, at San Francisco, California.

25

26      Peter L. Kasenenko                   _Peter L. Kasenenko_
      (Type or print name)                          (Signature)

27

28

1   Gary M. Hoffman (*Pro Hac Vice*)
    Kenneth W. Brothers(*Pro Hac Vice*)
2   DICKSTEIN SHAPIRO MORIN
      & OSHINSKY, LLP
3   2101 L Street, NW
    Washington, DC  20037-1526
4   Phone (202) 785-9700
    Fax (202) 887-0689
5
    Edward A. Meilman (*Pro Hac Vice*)
6   DICKSTEIN SHAPIRO MORIN
      & OSHINSKY, LLP
7   1177 Avenue of the Americas
    New York, New York  10036-2714
8   Phone (212) 835-1400
    Fax (212) 997-9880
9
    Jeffrey B. Demain, State Bar No. 126715
10  Jonathan Weissglass, State Bar No. 185008
    ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11  177 Post Street, Suite 300
    San Francisco, California  94108
12  Phone  (415) 421-7151
    Fax (415) 362-8064
13
    Attorneys for Plaintiff
14

15                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
16

17  RICOH COMPANY, LTD.,                      )
                                             )
18                    Plaintiff,             )
                                             )
19          vs.                              )
                                             )
20  AEROFLEX ET AL,                          )
                                             )   **CASE NO. CV 03-4669 MJJ (EMC)**
21                    Defendants.            )   **CASE NO. CV 03-2289 MJJ (EMC)**
                                             )
22  _____ )
                                             )   **MANUAL FILING NOTIFICATION**
23  SYNOPSYS, INC.,                          )
                                             )
24                    Plaintiff,             )
                                             )
25          vs.                              )
                                             )
26  RICOH COMPANY, LTD.,                     )
                                             )
27                    Defendant.             )
    _____ )
28

2042546.01

1
2
3
4

　　　Regarding: Exhibits 2, 4, 6, 7, 8, 9, 10, and 15 to the Declaration of Kenneth W. Brothers in Support of Ricoh's Responses to Defendants' Notice of Motion and Corrected Motion to Compel Discovery.

　　　This filing is in paper or physical form only.  If you are a participant in this case, this filing will be served shortly.  For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not e-filed for the following reason(s):

[_] Voluminous Document (PDF file size larger than the e-filing system allows)

[_] Unable to Scan Documents

[_] Physical Object (description): _____

　　_____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[X] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description): _____

Dated: June 16, 2006　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　KENNETH W. BROTHERS
　　　　　　　　　　　　　　GARY M. HOFFMAN
　　　　　　　　　　　　　　MICHAEL A. WEINSTEIN
　　　　　　　　　　　　　　Dickstein Shapiro Morin & Oshinsky, LLP

　　　　　　　　　　　　　　JEFFREY B. DEMAIN
　　　　　　　　　　　　　　JONATHAN WEISSGLASS
　　　　　　　　　　　　　　Altshuler, Berzon, Nussbaum, Rubin & Demain


　　　　　　　　　　　　　　By:_____/s/_____
　　　　　　　　　　　　　　　　Kenneth W. Brothers

　　　　　　　　　　　　　　Attorneys for Ricoh Company, Ltd.