1  Teresa M. Corbin (SBN 132360)
   Denise M. De Mory (SBN 168076)
2  Jaclyn C. Fink (SBN 217913)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California 94105
4  Telephone: (415) 848-4900
   Facsimile: (415) 848-4999
5
   Attorneys for Plaintiff SYNOPSYS, INC. and
6  Defendants AEROFLEX INC., AEROFLEX
   COLORADO SPRINGS, INC., AMI
7  SEMICONDUCTOR, INC., MATROX
   ELECTRONIC SYSTEMS LTD., MATROX
8  GRAPHICS, INC., MATROX INTERNATIONAL
   CORP., AND MATROX TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | Case No. C-03-2289 MJJ <br> Case No. C-03-4669 MJJ <br><br> **STIPULATION AND [PROPOSED] ORDER RESOLVING PORTIONS OF DEFENDANTS' MOTION TO COMPEL AND RICOH'S MOTION TO QUASH** |
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendant. | |

With regard to the Defendants' Motion to Compel as well as Ricoh's Motion to Quash, the parties have reached certain agreements as set forth below and request that that Court enter this [Proposed] Order Resolving Portions of Defendants' Motion to Compel and Ricoh's Motion to Quash

1.  With regard to the issues raised in Defendants' Motion to Compel regarding the adequacy of Ricoh's privilege logs, Ricoh agrees that:

    a.  By June 28, 2006, Ricoh has updated all of the descriptions in its current

1   privilege log regarding the prosecution history and by July 19, 2006 Ricoh will
2   update the descriptions of the 13 additional documents on the current log, as
3   identified by Defendants in their motion, to be consistent with Judge Chen's
4   June 23, 2006 Order.

   b. By July 17, 2005, Ricoh will log all documents that pre-date the filing of Ricoh's Complaint and that are relevant to the claims or defenses asserted by any party in this litigation and that have been withheld by Ricoh based on privilege, with the following exceptions: communications exclusively between Ricoh employees and Ricoh's counsel, between Ricoh employees for obtaining information to be provided to Ricoh's counsel, or between Ricoh's counsel and non-testifying experts (who are not otherwise employees of Ricoh or percipient witnesses), where such communications were not distributed or disseminated to any third parties.  In addition, Ricoh will log all documents as described above that contain factual information (including documents) obtained from interviews with any third part(ies), other than non-disclosed experts (who are not otherwise employees of Ricoh or percipient witnesses), even if such factual information is contained within communications exclusively between Ricoh and Ricoh's counsel or between Ricoh's counsel and non-disclosed experts (who are not otherwise employees of Ricoh or percipient witnesses).

   c. The parties agree that documents responsive to any document request made in this litigation that fall within the exceptions of paragraph 2(b), or that post-date the filing of Ricoh's Complaint and are communications exclusively between client and trial counsel, between employees of a party for the purpose of obtaining information for trial counsel, or trial counsel and non-testifying experts (who are not otherwise employees of the client) and that have been withheld by any party based on privilege, need not be logged, and that the failure by any party to serve such a log is not a waiver of any privilege.

2. With regard to the Takada memo and Hoffman letter regarding the meeting with Shindo, Defendants stipulate that they will not seek to depose Gary Hoffman, or to disqualify him or the firm of Dickstein Shapiro LLP as Ricoh's counsel. Ricoh will produce the Hoffman letter to Shindo and the Takada memo. These documents will be produced in a redacted form if necessary so that only the facts communicated by Mr. Shindo to Mr. Takada and Mr. Hoffman will be disclosed. All redactions to either the Takada memo or the Hoffman letter will be included on Ricoh's privilege log. These documents will be provided by July 17, 2006.

3. Regarding the requested *in camera* review of the prosecution files, Defendants will advise Ricoh by Thursday June 29, 2006 whether or not Defendants maintain that there should be an *in camera* review of some subset of the documents. If Defendants indicate that there should be an *in camera* review, Ricoh will submit the identified documents to the Court for an *in camera* review by July 5, 2006

4. Regarding the cross motions to compel and to quash the continuation of the Kobayashi deposition, the parties agree to defer further consideration of this issue until after the resolution of all issues relating to the KBSC documents.

5. Regarding the non-document related written discovery responses, the parties have reached the following agreements:

    a. Defendants will withdraw their motion to compel with regard to the following RFAs as well as the corresponding interrogatories: 41, 57, 58, 70, 75, 81-82, 103-128; 151-156, and 214-231.

    b. With regard to RFAs 22-26, Defendants will withdraw their request that Ricoh answer the corresponding interrogatories. Ricoh agrees to supplement their responses to these RFAs.

    c. With regard to RFAs 28-39, 42-45, 50-56, 59-69, 71-74, 76-80, 83-100, Ricoh will supplement its responses to meet the substance of the requests. In the event of anything other than an unqualified admission, Ricoh will also supplement its answers to the corresponding interrogatories. These responses will be supplemented on or before July 17, 2006.

1          d.    With regard to RFAs 40, 46, 47, 48, 49, Ricoh agrees either to eliminate the phrase "as Ricoh has defined the relevant terms in its Final Infringement Contentions" or to specifically identify the referenced definitions of "relevant terms" in its response to the RFAs. Provided Ricoh does so, Defendants will withdraw their motion with regard to the corresponding interrogatories. These responses will be supplemented on or before July 17, 2006.

           e.    With regard to RFAs 163-171, Defendants define "participated development of the software" to mean "participated in the creation of the specification for or the coding of the software." The parties agree that the phrase "the terms" was a typographical error, and should be ignored. Subject to the foregoing definition and clarification, Ricoh will supplement its responses to these requests for admissions as well as the corresponding interrogatories (without raising any objection that the foregoing definition creates subparts).

           f.    With regard to RFAs 185-199 and 232-245, Ricoh will supplement its answers to meet the substance of these RFAs by admitting or denying whether the particular cited prior art reference meets the referenced claim limitation. Conditioned expressly on Ricoh's agreement to meet the substance of each of these RFAs as described above (and not profess, for example, a lack of information or belief to admit or deny), Defendants withdraw their request that Ricoh supplement the corresponding interrogatories.

           g.    With regard to RFAs 172-184, 200-213, 246-274, Ricoh will supplement its answers to meet the substance of these RFAs by admitting or denying whether the particular cited prior art reference meets the referenced claim limitation only to the extent that an element is discussed in Defendants' expert reports or to the extent that Ricoh has undertaken a sufficient analysis relating to the particular request so that Ricoh can respond to the request at the time its supplemental answers are due. However, this provision will not obligate Ricoh in any way to do any analysis that it or its experts have not already performed at the time its

supplemental answers are due. The supplemental answers to these requests shall be provided on or before August 2, 2006.

  h. Defendants agree that a sufficient supplemental interrogatory response from Ricoh regarding an RFA would be to provide at least one reason why the request cannot be admitted without qualification, or why the request can neither be admitted nor denied. Such an answer shall not preclude Ricoh from asserting other reasons. The parties further agree that if Ricoh is unable to admit or deny a request because it does not have information sufficient to respond, such a response shall be adequate, provided Ricoh comply with the requirements of Rule 36(a) regarding such responses. Defendants further agree that citation to deposition testimony, expert reports or documents produced during discovery are sufficient under Rule 33(d), provided that Ricoh gives a reasonable "pinpoint cite" to the specific portions of deposition testimony, expert reports, or documents produced during discovery upon which it is relying. Ricoh agrees that, should it wish to rely upon its infringement contentions, it will include the specific language from its infringement contentions upon which it is relying in its interrogatory response, or provide a precise citation (and not just reference generally to its contentions regarding a particular claim element, for example) to its infringement contentions.

  i. Defendants hereby withdraw their motion with regard to their request that Ricoh supplement its response to Aeroflex, Inc.'s Interrogatory No. 4, Aeroflex Colorado Springs, Inc's Interrogatory No. 3, Matrox International Corp's Interrogatories Nos. 12, 13, 14, 15, 16, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, and 32; Matrox Electronic Systems, Inc.'s Interrogatory Nos. 5, 6, 7, 8, 9, 13, 14, 23, and 33, and any other aspects of Defendants' motion to compel not specifically addressed in this stipulation.

1  j.  Ricoh will supplement its responses to Aeroflex, Inc.'s Interrogatory Nos. 6-7 to
2      add pinpoint cites pursuant to Rule 33(d) or otherwise provide a sufficient
3      response on or before July 17, 2006.
4  k.  Ricoh will supplement its responses to Aeroflex Colorado Springs, Inc.'s
5      Interrogatory Nos. 4 and Matrox Tech Inc.'s Interrogatory Nos. 2-7 to meet the
6      substance of the interrogatory and, to the extent responsive, add pinpoint cites
7      pursuant to Rule 33(d) or otherwise provide a sufficient response, on or before
8      July 25, 2006.
9  l.  Ricoh will supplement its responses to Matrox Electronics Systems, Inc's
10     Interrogatory Nos. 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, and 22 to meet the
11     substance of the interrogatory and, to the extent responsive, add pinpoint cites
12     pursuant to Rule 33(d) or otherwise provide a sufficient response, only to the
13     extent that an element is discussed in Defendants' expert reports in relation to a
14     respective reference or to the extent that Ricoh has undertaken a sufficient
15     analysis relating to the particular interrogatory so that Ricoh can respond to the
16     interrogatory at the time its answers are due.  However, this provision will not
17     obligate Ricoh in any way to do any analysis that it or its experts have not
18     already performed at the time its supplemental answers are due.  The
19     supplemental answers to these interrogatory shall be provided on or before
20     August 2, 2006.
21 m.  For responses 3-11, to Matrox International Corp.'s Interrogatories, provided
22     that Ricoh identifies the specific portions of deposition testimony on which it is
23     relying pursuant to Rule 33(d), Defendants will not seek further
24     supplementation.  Ricoh will supplement its responses to responses 27 and 33 to
25     Matrox International Corp.'s Interrogatories to add pinpoint cites pursuant to
26     Rule 33(d) on or before July 17, 2006.
27 ///
28 ///

Unless provided otherwise herein, Ricoh's supplemental responses will be provided on or before on July 25, 2006.

Respectfully submitted,

Dated: June 30, 2006          HOWREY LLP

By: ___/s/Denise M. De Mory___
Denise M. De Mory
Attorneys for Plaintiff SYNOPSYS, INC. and Defendants AEROFLEX INC., AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS, INC., MATROX INTERNATIONAL CORP., AND MATROX TECH, INC.

Dated: June 30, 2006          DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP

By: ___/s/Gary M. Hoffman___
Gary M. Hoffman

ALTSHULER, BERZON NUSSBAUM, RUBIN & DEMAIN
Jeffrey B. Demain
Attorneys for Plaintiff and Defendant
RICOH COMPANY, LTD.

**IT IS SO ORDERED.**

Dated: _____      _____
HON. EDWARD M. CHEN
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

### **ATTESTATION AS TO CONCURRENCE**

I, Denise M. De Mory, under penalty of perjury of the laws of the United States of America, attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.