# HOWREY LLP

1950 University Avenue 4th Floor
East Palo Alto, 94303
www.howrey.com

Henry C. Su
Partner
650.798.3528
650.798.3600
suh@howrey.com

July 5, 2006

BY ELECTRONIC MAIL VIA ECF SYSTEM

The Honorable Edward M. Chen
United States Magistrate Judge
United States District Court for the Northern District of California
United States Courthouse
450 Golden Gate Ave.
San Francisco, CA  94102

    Re:    *Synopsys, Inc. v. Ricoh Co., Ltd.*, **No. C-03-2289 MJJ (EMC)**
           *Ricoh Co., Ltd. v. Aeroflex Inc., et al.*, **No. C-03-4669 MJJ (EMC)**

Dear Judge Chen:

        This letter seeks clarification of a very limited aspect of this Court's Order regarding the June 30, 2006 Joint Letter, issued today (Documents Nos. 2289-383 and 4669-524). Specifically, Defendants seek clarification regarding what action must be taken by Ricoh with respect to the 26 boxes returned from Dickstein Shapiro to the storage facility in Mountain View, California.  (Order at 2:26 to 3:3.)

        In the Joint Letter at page 16, first paragraph (Documents Nos. 2289-381-82 and 4669-522), Defendants pointed out that the 26 boxes likely contain between 39,000 to 78,000 pages, of which only 23,000 pages were imaged by Dickstein Shapiro at an unknown time before September 2003.  The date on which these documents were imaged could have been before or shortly after the suit was filed but it certainly was before (a) all of the relevant issues had been identified (such as the Paradyne, inventorship and ownership issues addressed in the Joint Letter, or even claim construction), (b) any document requests had been served by Synopsys, and (c) all of Defendants' document requests had been served.  In view of the foregoing circumstances and because this Court's Order does not appear to address this issue, Defendants request clarification as to what inspection and/or certification should be made with respect to all of the contents of the 26 boxes (and not just the 23,000 pages were selected for imaging at some point prior to September 2003) that were returned to the storage facility by Dickstein Shapiro.  Given the potential importance of the KBSC documents generally and these 26 boxes specifically, some of which came directly from Dr. Kobayashi and admittedly contain some relevant documents, Defendants respectfully request that this Court clarify its Order to require Ricoh's counsel to inspect the entire contents of these 26 boxes (and not just the imaged pages) in addition to the 23 boxes identified by Dr. Bershader in his declaration.

AMSTERDAM   BRUSSELS   CHICAGO   EAST PALO ALTO   HOUSTON   IRVINE   LONDON
LOS ANGELES   NORTHERN VIRGINIA   PARIS   SALT LAKE CITY   SAN FRANCISCO   TAIPEI   WASHINGTON, DC

**HOWREY**LLP

The Honorable Edward M. Chen  
July 5, 2006  
Page 2

    This Court should be advised that the parties have agreed that there will be no non-emergency communications between their respective counsel because Dickstein Shapiro is moving its Washington, D.C. office to another building this week.  Accordingly, Ricoh's response to this request for clarification, if any, may not be forthcoming until July 10, 2006, unless counsel of record in Dickstein Shapiro's New York office is in a position to respond sooner.

                                                          Respectfully,

                                                          /s/

                                                          Henry C. Su

HCS:tg

cc:    All counsel on the ECF service list