Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-5403
Phone (202) 420-2200
Fax (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY  10036-2714
Phone (212) 227-6500
Fax (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California  94108
Phone  (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff Ricoh Company, Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants | **RICOH'S NOTICE OF MOTION AND MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS** |

Ricoh hereby moves to quash defendants' untimely and overbroad discovery requests and subpoenas. On August 14, 2006, more than two months after the close of fact discovery and only four days before the close of expert discovery, Synopsys and the Aeroflex defendants ("defendants") demanded a broad range of new discovery requests upon Ricoh, including "all course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for all courses that Dr. Papaefthymiou has taught at the university level" (hereinafter referred to as "Dr. Papaefthymiou's course-related work"). (Brothers Dec. Ex. 1). This demand was made after the completion of the deposition of Dr. Papaefthymiou. Also on August 14, defendants purported to serve broad subpoenas for the same types of documents on (i) the University of Michigan, where Dr. Papaefthymiou serves as a full professor, (ii) Yale University, where he was formerly an assistant professor, and (iii) the Massachusetts Institute of Technology where he conducted his PhD studies. (Brothers Dec. ¶ 2, Ex. 2-4). The return date for these subpoenas was four days from the date of issuance – August 18, 2006.[1] Upon receipt of the discovery request and subpoenas, counsel for Ricoh requested a meet and confer. Defendants' counsel responded with a refusal to meet and confer until after the return date. (Brothers Dec. ¶ 3, Ex. 5).

Judge Chen had previously issued specific procedures prior to presenting discovery issues, and also had endorsed informal joint letters. On August 15, counsel for Ricoh telephoned Judge Chen's clerk with a procedural question of how to proceed – whether by joint letter or by formal ex parte motion – given the Court's prior guidance. Judge Chen had also had his clerk facilitate and participate in meet and confers between counsel. Judge Chen's clerk asked to get defendants' counsel on the phone, and advised defendants' counsel that that Magistrate Judge Chen would be unavailable between August 17 and 27, and would be unable to hear an ex parte motion or merits motion until he returned. Judge Chen's clerk suggested that the parties agree to extend the return date of their subpoenas until after Judge Chen returned. Counsel for Ricoh agreed to this proposal on Ricoh's behalf, but defendants' counsel refused to so agree. Judge Chen's clerk advised counsel for the parties that, in the absence of

---

[1] No returns of service have been filed by defendants. Ricoh does not know whether or when all subpoenas were actually served.

RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS
CASE NOs. C-03-2289-MJJ (EMC) & C-03-4669-MJJ (EMC)   Page 2

such an agreement, Ricoh would need to file a formal motion to quash and an ex parte motion to shorten time, and that it likely would be forwarded to Judge Jenkins. (Brothers Dec. ¶ 4.) After the conference call with Judge Chen's clerk, defendants' counsel advised counsel for Ricoh that defendants continued to refuse to extend the return date of the subpoenas, and that defendants insisted that the matter be presented in a motion to quash and an ex parte motion to expedite. (Brothers Dec. ¶ 5).

These new discovery requests and subpoenas should be quashed for at least five reasons:

First, the new discovery requests and subpoenas are untimely. Fact discovery in this case closed on May 31, 2006, and expert discovery is set to close on August 18, 2006. (Brothers Dec. ¶ 6.) The defendants have been aware of Dr. Papaefthymiou's retention since May 2006 and received a copy of his curriculum vitae at that time. (Brothers Dec. ¶ 7.) Defendants have been in possession of Dr. Papaefthymiou's expert report in this case since June 24, 2006. The report again included Dr. Papaefthymiou's curriculum vitae, and a wealth of professional background information. (Brothers Dec. ¶ 8.) In response to Dr. Papaefthymiou's report, defendants demanded his deposition and all manner of discovery from him; however, they *never* asked for any of the materials they now seek until August 14, four days before the expert discovery cutoff, and *after* the conclusion of Dr. Papaefthymiou's deposition.[2] *See, e.g., nSight, Inc. v. PeopleSoft, Inc.*, 2006 U.S. Dist. LEXIS 22383, *10-11 (N.D.Cal. 2006) ("A party may not use a trial subpoena to secure documents involving information known to them during discovery."). In connection with Dr. Papaefthymiou's deposition, the parties mutually agreed that defendants would conduct a one day deposition, and defendants took this deposition on August 11, 2006. (Brothers Dec. ¶ 10). Despite all of this, the defendants waited until August 14 to request Dr. Papaefthymiou's course-related work from Ricoh and to subpoena universities with whom he has been affiliated. There is no justification for the late subpoenas, and they should be quashed.

Second, even if the Court rules that these requests are not untimely, these new discovery requests and the subpoenas do not comply with the Federal Rules because they have return dates of this coming Friday, August 18, 2006, less than one week after they were served. Rule 45(c)(3)(A)(i) provides that

---

[2] As mutually agreed between the parties with respect to all testifying experts, Dr. Papaefthymiou produced information listed on his curriculum vitae that was in his possession. (Brothers Dec. ¶ 9.)

the court may quash a subpoena if it "fails to allow reasonable time for compliance." The subpoenas were allegedly served on unprepared third parties on the afternoon of Monday, August 14, barely four days before the end of expert discovery, and with no advance notice. The timing of defendants inexplicable delay, their sudden rush and their refusal to even defer the issue for Judge Chen, less than two weeks from now, should receive close scrutiny. Defendants have had months to seek this discovery, yet chose not to do so until the last minute; defendants should not be rewarded for their lack of diligence. Ricoh has been advised by at least two of the universities that they will not be producing any materials by defendants' Friday deadline. (Brothers Dec. ¶ 11.)

Third, the new discovery requests and subpoenas are harassment and are vindictive in nature. Defendants and Synopsys have shown a propensity to intimidate expert consultants who act on behalf of Ricoh in this litigation. For example, Defendants and Synopsys also caused one of Ricoh's consulting experts, Dr. Thomas, to withdraw as an expert for Ricoh. Synopsys revoked the membership of another Ricoh consultant, Mr. David Black, in a Synopsys users group after it learned that he was consulting for Ricoh. (Brothers Dec. ¶ 12.) Defendants have had their opportunity to seek discovery from and to depose Dr. Papaefthymiou, and have shown no basis, other than harassment, for these new requests. (Brothers Dec. ¶ 13).

Fourth, the new discovery requests and subpoenas are overly broad and unduly burdensome because they seek virtually any and all course work, technical papers, invention disclosures, and other documents, software and hardware generated by Dr. Papaefthymiou during his professorships and PhD studies (which began in 1988). Defendants have made no attempt to show the relevance of these requests.[3] Even if they could show marginal relevance, defendants' overbroad and burdensome scope, coupled with their intentional delay and suspect timing, make the subpoenas unduly burdensome upon Ricoh, Dr. Papaefthymiou, and the targets of the subpoenas.

Fifth, the new discovery requests and subpoenas are issued more to create an argument for the delay of trial than to seek admissible evidence at trial. Ricoh believes that defendants, having repeatedly

---

[3] Assuming such relevance would imply that all technical papers, invention disclosures, documents, software and hardware created for courses or seminars taught by each expert in this litigation in the area of Electrical Engineering and Computer Science would be relevant.

1  failed to delay the trial through their motion practice, are similarly attempting to delay the trial through
2  the current requests.  (Brothers Dec. ¶ 14).
3    Counsel for Synopsys and the Aeroflex defendants have not attempted to explain themselves,
4  have refused to defer the issue to Judge Chen, and have refused even to meet and confer.  Any marginal
5  relevance of defendants' requests is far outweighed by the burden of producing the requested
6  information at the whim of defendants.  Discovery has ended, Dr. Papaefthymiou's deposition has come
7  and gone, and defendants should be made to understand that the time for requesting these materials is
8  long past.  Defendants' untimely and overbroad discovery requests and subpoenas should be quashed.

Dated:  August 16, 2006

RICOH COMPANY, LTD.

By:  /s/ Kenneth W. Brothers

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-1526
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone:  (212) 277-6500
Facsimile:  (212) 277-6501

Attorneys for
RICOH COMPANY, LTD.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br>     Plaintiff, <br>   v. <br> RICOH COMPANY, LTD., <br>     Defendant. | **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD., <br>     Plaintiff, <br>   v. <br> AEROFLEX INCORPORATED, et al., <br>     Defendants | **[PROPOSED] ORDER GRANTING RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS** |

Upon consideration of RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS, and supporting evidence, Defendants' Opposition, and supporting evidence, and any reply and additional argument, and having conducted a hearing on the motions, and the Court being fully advised of the premises, the Court hereby GRANTS RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS.

IT IS SO ORDERED.

DATED:_____        _____

                                                                         Judge Martin J. Jenkins

                                                                        United States District Court