1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO LLP
   1825 Eye Street, NW
3  Washington, DC 20006-5403
   Telephone: (202) 420-2200
4  Facsimile: (202) 420-2201

5  Edward A. Meilman (*Pro Hac Vice*)
   DICKSTEIN SHAPIRO LLP
6  1177 Avenue of the Americas
   New York, NY 10036-2714
7  Telephone: (212) 227-6500
   Facsimile: (212) 227-6501
8
9  Jeffrey B. Demain, State Bar No. 126715
   Jonathan Weissglass, State Bar No. 185008
10 ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
   177 Post Street, Suite 300
11 San Francisco, CA 94108
   Telephone: (415) 421-7151
12 Facsimile: (415) 362-8064

13 Attorneys for
   RICOH COMPANY, LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYNOPSYS, INC., <br><br>            Plaintiff, <br><br>    v. <br><br> RICOH COMPANY, LTD., <br><br>            Defendant. | **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD., <br><br>            Plaintiff, <br><br>    v. <br><br> AEROFLEX INCORPORATED, et al., <br><br>            Defendants | **RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS** |

1    Ricoh requests an expedited hearing on or before August 18, 2006, on its Motion to Quash Defendants' Untimely and Overbroad Discovery Requests and Subpoenas, filed August 16, 2006. Because of the refusal by Synopsys and the Aeroflex defendants ("defendants") to agree to defer this dispute until Judge Chen's return on August, 28, 2006, Ricoh has no choice but to present this motion.

On August 14, 2006, more than two months after the close of fact discovery and only four days before the close of expert discovery, Synopsys and the Aeroflex defendants ("defendants") demanded a broad range of new discovery requests upon Ricoh, including "all course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for all courses that Dr. Papaefthymiou has taught at the university level" (hereinafter referred to as "Dr. Papaefthymiou's course-related work"). (Brothers Dec. Ex. 1). This demand was made after the completion of the deposition of Dr. Papaefthymiou. Also on August 14, defendants purported to serve broad subpoenas for the same types of documents on (i) the University of Michigan, where Dr. Papaefthymiou serves as a full professor, (ii) Yale University, where he was formerly an assistant professor, and (iii) the Massachusetts Institute of Technology where he conducted his PhD studies. (Brothers Dec. ¶ 2, Ex. 2-4). The return date for these subpoenas was four days from the date of issuance – August 18, 2006.[1] Upon receipt of the discovery request and subpoenas, counsel for Ricoh requested a meet and confer. Defendants' counsel responded with a refusal to meet and confer until after the return date. (Brothers Dec. ¶ 3, Ex. 5).

Judge Chen had previously issued specific procedures prior to presenting discovery issues, and also had endorsed informal joint letters. On August 15, counsel for Ricoh telephoned Judge Chen's clerk with a procedural question of how to proceed – whether by joint letter or by formal ex parte motion – given the Court's prior guidance. Judge Chen had also had his clerk facilitate and participate in meet and confers between counsel. Judge Chen's clerk asked to get defendants' counsel on the phone, and advised defendants' counsel that that Magistrate Judge Chen would be unavailable between August 17 and 27, and would be unable to hear an ex parte motion or merits motion until he returned.

---

[1] No returns of service have been filed by defendants. Ricoh does not know whether or when all subpoenas were actually served.

1  Judge Chen's clerk suggested that the parties agree to extend the return date of their subpoenas until
2  after Judge Chen returned.  Counsel for Ricoh agreed to this proposal on Ricoh's behalf, but defendants'
3  counsel refused to so agree.  Judge Chen's clerk advised counsel for the parties that, in the absence of
4  such an agreement, Ricoh would need to file a formal motion to quash and an ex parte motion to shorten
5  time, and that it likely would be forwarded to Judge Jenkins.  (Brothers Dec. ¶ 4.)  After the conference
6  call with Judge Chen's clerk, defendants' counsel advised counsel for Ricoh that defendants continued
7  to refuse to extend the return date of the subpoenas, and that defendants insisted that the matter be
8  presented in a motion to quash and an ex parte motion to expedite.  (Brothers Dec. ¶ 5).

9  Ricoh believes that defendants, having repeatedly failed to delay the trial through their motion
10 practice, are similarly attempting to delay the trial through the current requests.  (Brothers Dec. ¶ 6).
11 Because defendants refuse to agree to defer the return date of their subpoenas for even two weeks, Ricoh
12 requests an expedited hearing on its Motion to Quash filed August 16, 2006.

14 Dated:  August 16, 2006            RICOH COMPANY, LTD.

15                                    By:  /s/ Kenneth W. Brothers

16 Jeffrey B. Demain, State Bar No. 126715    Gary M. Hoffman (*Pro Hac Vice*)
   Jonathan Weissglass, State Bar No. 185008  Kenneth W. Brothers (*Pro Hac Vice*)
17 ALTSHULER, BERZON, NUSSBAUM,               DICKSTEIN SHAPIRO LLP
   RUBIN & DEMAIN                             1825 Eye Street, NW
18 177 Post Street, Suite 300                 Washington, DC  20006-1526
   San Francisco, CA 94108                    Telephone: (202) 420-2200
19 Telephone: (415) 421-7151                  Facsimile: (202) 420-2201
   Facsimile: (415) 362-8064
20
                                              Edward A. Meilman (*Pro Hac Vice*)
21                                            DICKSTEIN SHAPIRO LLP
                                              1177 Avenue of the Americas
22                                            New York, NY 10036-2714
                                              Telephone:  (212) 277-6500
23                                            Facsimile:  (212) 277-6501

24                                            Attorneys for
                                              RICOH COMPANY, LTD.
25

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SYNOPSYS, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> RICOH COMPANY, LTD., <br><br>       Defendant. | **CASE NO. C-03-2289-MJJ (EMC)** <br><br> **CASE NO. C-03-4669-MJJ (EMC)** |
| RICOH COMPANY, LTD., <br><br>       Plaintiff, <br><br>   v. <br><br> AEROFLEX INCORPORATED, et al., <br><br>       Defendants | **[PROPOSED] ORDER GRANTING RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS** |

Upon consideration of RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS, and supporting evidence, Defendants' Opposition, and supporting evidence, and any reply and additional argument, and having conducted a hearing on the motions, and the Court being fully advised of the premises, the Court hereby GRANTS RICOH'S EX PARTE MOTION TO EXPEDITE RICOH'S MOTION TO QUASH DEFENDANTS' UNTIMELY AND OVERBROAD DISCOVERY REQUESTS AND SUBPOENAS.

IT IS SO ORDERED.

DATED:_____          _____

                                 Judge Martin J. Jenkins

                                 United States District Court