UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>RICOH CO., LTD.,<br><br>    Defendant.<br>_____/<br>RICOH CO., LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>AEROFLEX, et al.,<br><br>    Defendants.<br>_____/ | No. C-03-2289 MJJ (EMC)<br><br>No. C-03-4669 MJJ (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RICOH'S MOTION FOR PROTECTIVE ORDER**<br><br>**(Docket No. 409 in C-03-2289; Docket No. 546 in C-03-4669)** |

    Ricoh has filed a motion for a protective order with respect to certain "discovery requests" and third-party subpoenas.

A.    <u>"Discovery Requests"</u>

    In its previous order of August 18, 2006, the Court noted that Ricoh did not present any evidence demonstrating that Synopsys and the Customer Defendants (collectively, "Defendants") propounded any formal discovery requests upon which they could move to compel. Ricoh, however, still filed a motion for a protective order with respect to the "discovery requests." The reason for

Ricoh's action was made clear by Defendants' opposition. Apparently, the parties had an agreement that expert discovery other than depositions would occur informally. *See* Andelman Decl. ¶ 8.

In light of the parties' agreement as well as case law indicating that a formal discovery request is not always necessary in order for a party to move to compel,[1] the Court shall consider Ricoh's request for a protective order regarding the "discovery requests" made by Defendants. For reasons similar to those discussed below, the Court grants in part and denies in part the motion for a protective order regarding the "discovery requests." The motion is granted to the extent that the requests are overbroad. The parties are ordered to meet and confer to narrow the scope of the requests as discussed below.

B.   Subpoenas

Regarding the subpoenas, the Court does -- as Ricoh contends -- have authority to issue a protective order. *See* Fed. R. Civ. P. 26(c) (stating that a protective order can be issued by "the court in which the action is pending). However, Ricoh must first show that it has standing to seek the protective order. As explained by one legal treatise, "[a] party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person." 8 Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 2035. *See, e.g.*, *Del Campo v. Kennedy*, No. C-01-21151 JW (PVT), 2006 U.S. Dist. LEXIS 31955, at *13 (N.D. Cal. May 3, 2006) (concluding that defendants had standing to seek a protective order with respect to third-party subpoenas because the discovery related to defendants' operation of a program and third parties were participants in the program).

---

[1] *See, e.g.*, *Simon v. G.D. Searle & Co.*, 119 F.R.D. 680, 681-82 (D. Minn. 1987) (noting that "[s]ome courts treat a request to compel production in the absence of a Rule 34 request as a Rule 34 request" and that those courts that "decline to consider a motion to compel production until a Rule 34 request is properly served" do so based "on the principle that the party subject to the request should have an opportunity to voluntarily comply"). *See also Mary Imogene Bassett Hosp. v. Sullivan*, 136 F.R.D. 42, 48 (N.D.N.Y. 1991) ("[D]enial of the motion on [the] ground [that no formal discovery request was made] would merely delay resolution of the real issue at hand. The letter does inform the defendant that plaintiff seeks access to, *i.e.* wants to inspect, the contents of the data base. The Form Request for Production contains no more detail than does the letter. One can easily surmise that, if the motion to compel is denied, plaintiff will serve a technically correct Form, defendant will refuse access, and plaintiff will then move to compel under Rule 37(a).").

The Court holds that Ricoh has standing to seek a protective order only with respect to the arguments that the subpoenas are untimely (with respect to the case management schedule), that they seek irrelevant information, that they impose an undue burden on Ricoh and its expert Dr. Papaefthymiou, that they are intended to harass, and that they are intended to delay trial. *See, e.g.*, *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information."). Ricoh does not have standing to seek a protective order with respect to the arguments that the subpoenas do not allow a reasonable time for compliance[2] and that they impose an undue burden on the subpoenaed third parties. While Ricoh also argues that Dr. Papaefethymiou does not consent to the disclosure of the information sought by the subpoenas, the Court does not consider this argument because (1) Ricoh does not provide any evidence such as a declaration from its expert establishing that he is objecting and (2) Ricoh does not state the basis of the objection.

The Court rejects the argument that the subpoenas are untimely because they were issued prior to the expert discovery cut-off date and shortly after Dr. Papefthymiou's deposition wherein the relevance of some of the course materials became evident. Although Defendants knew of Dr. Papaefthymiou's CV in May 2006 and have had his expert report since June 24, 2006, that does not change the fact that the discovery sought is still within the case management schedule deadlines imposed by Judge Jenkins. Nor has Ricoh demonstrated that the need for the requested information was clearly evident from the expert report prior to the deposition. In addition, the Court rejects the argument that the subpoenas impose an undue burden on Ricoh and Dr. Papaefthymiou because Ricoh and Dr. Papaefthymiou do not have to do anything to respond to the subpoenas. While they will have to review what is produced (if anything), that review should not be an undue burden since, presumably, Dr. Papaefthymiou will be familiar with documents related to his course work and invention disclosures. The amount of material that will have to be reviewed shall be reduced because the Court is ordering the parties to meet and confer to narrow the scope of the subpoenas so

---

[2] Although Ricoh suggests that Defendants also did not give Ricoh a reasonable time to comply with the "discovery requests," Ricoh cites only Rule 45, which is applicable to subpoenas only.

1  that only information directly relevant to this litigation need be produced.³  Finally, the Court rejects
2  the arguments that the subpoenas are intended to harass and/or delay trial.  Defendants have stated a
3  reasonable basis for seeking at least some of the information sought.  Any resulting delay in the trial
4  is purely speculative at this point.

5  However, the Court shall grant the motion for a protective order to a limited extent, more
6  specifically, on the basis that, as the subpoenas now stand, they are overbroad.  The subpoenas ask
7  for anything related to courses taught, invention disclosures, and documents authored, without any
8  real limitation.  Defendants' opposition, in contrast, focuses on the issue of the definition or nature
9  of RTL.  The subpoenas should focus on the matters fairly raised by the deposition testimony of this
10 expert.

11 Accordingly, the Court orders the parties to meet and confer to narrow the scope of the
12 subpoenas.  Of course, this order does not bar the subpoenaed parties from moving to quash on any
13 basis.  The parties are hereby ordered to meet and confer and reach an agreement upon the amended
14 scope of the subpoenas within two court days of the date of this order.  If no agreement is reached,
15 each party shall submit to the Court by the third court day after the date of this order, a proposed
16 form of subpoena containing a revised scope of production.  The Court will chose the form which
17 best accords with this order.

19 IT IS SO ORDERED.

21 Dated:  August 24, 2006

22 _____
   EDWARD M. CHEN
   United States Magistrate Judge

---

³ Although Ricoh and Dr. Papaefthymiou will have to do work to respond to the "discovery requests," again, the meet and confer should narrow the scope of the requests.

4