Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 227-6500
Facsimile: (212) 227-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C-03-04669-MJJ (EMC)** <br> **CASE NO. C-03-02289 MJJ (EMC)** <br><br> **RICOH'S SUBMISSION PURSUANT TO ORDER OF AUGUST 24, 2006** |

Pursuant to the Court's Order of August 24, 2006, counsel for the parties met and conferred on August 24, 2006 and again on August 28, 2006. As indicated by the Order:

> However, the Court shall grant the motion for a protective order to a limited extent, more specifically, on the basis that, as the subpoenas now stand, they are overbroad. The subpoenas ask for anything related to courses taught, invention disclosures, and documents authored, without any real limitation. Defendants' opposition, in contrast, focuses on the issue of the definition or nature of RTL. The subpoenas should focus on the matters fairly raised by the deposition testimony of this expert.

In the meet and confer process ordered by the Court, as reflected in Exhibit 1, Ricoh proposed that the scope of the subpoenas be narrowed to address "the definition or nature of RTL," as those matters were "fairly raised by the deposition testimony of [Dr. Papaefthymiou]" in accordance with the Court's Order. Defendants proposed a scope far broader than what they previously argued they wanted when opposing the motion for a protective order and now wants documents that not only included RTL (which is the only item addressed in Dr. Papaefthymiou's report and deposition), but which would also "relate to or discuss in any way logic synthesis (including any discussion of the inputs to logic synthesis tools) . . . or computer or circuit architecture." Ex. 1.

During a meet and confer on August 28, defendants' counsel indicated that they were willing to consider accepting Ricoh's proposed language if they could add a definition of RTL. Ricoh invited defendants to provide such language, but this afternoon defendants indicated that they were unable to provide such a definition. See Ex. 1. Defendants declined to return Ricoh's counsel's telephone call to further discuss the matter, and instead emailed that "each side will have to submit its language to the Court separately." *Id.*

Ricoh continues to object that the references to logic synthesis, or computer architecture, or to circuit architecture, which exceed the permissible scope suggested by the Court and are so broad that it would encompass virtually everything related to Dr. Papaefthymiou's field of study. Every textbook that mentioned a computer circuit, or any paper or manual the referenced the design or operation of a computer, could be swept into defendants' undiscriminating definition. Dr. Papaefthymiou's report and deposition is limited to the definition or nature of RTL, and any follow-up discovery should likewise be so limited. Thus, Ricoh proposes that the Court grant Ricoh's motion for protective order to narrow the

scope of the subpoenas as follows:

> All course syllabi, handouts, outlines, lecture notes, presentations, and demonstrative software ("documents") created for all courses that Dr. Papaefthymiou has taught at the university level that defines or otherwise refers to register transfer level ("RTL").
>
> All invention disclosures that were submitted to the University of Michigan Technology Transfer Office and that defines or otherwise refers to RTL.
>
> All theses and technical reports that were prepared by Dr. Papaefthymiou while he was a student at MIT and that defines or otherwise refers to RTL.

A proposed Order is attached.[1]

Dated: August 29, 2006

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

RICOH COMPANY, LTD.
By: /s/ Kenneth W. Brothers
Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-1526
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for
RICOH COMPANY, LTD.

---

[1] Consistent with the prior rulings from this Court, Ricoh requests that the Order also preserve the right of the Universities to submit their own objections to the subpoenas.

**EXHIBIT 1**

## Brothers, Kenneth

**From:** Andelman, Ethan [AndelmanE@Howrey.com]
**Sent:** Tuesday, August 29, 2006 4:34 PM
**To:** Brothers, Kenneth
**Cc:** DeMory, Denise
**Subject:** RE: Papaefthymiou requests

Ken --

I received your voicemail. We have been trying to figure out a way to define RTL so that we would be comfortable with your language below, but have been unable to do so in a way that we think would be understandable to the third parties. Thus, it looks like each side will have to submit its language to the Court separately.

--Ethan

---

**From:** Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
**Sent:** Thursday, August 24, 2006 2:46 PM
**To:** Andelman, Ethan
**Cc:** DeMory, Denise
**Subject:** RE: Papaefthymiou requests

Ethan:

Following up on Judge Chen's order and our meet and confer today, we believe that any follow-up discovery should be related to matters fairly raised by Dr. Papaefthymiou's testimony, which was RTL -specific. Thus, we propose the following language:

> All course syllabi, handouts, outlines, lecture notes, presentations, and demonstrative software ("documents") created for all courses that Dr. Papaefthymiou has taught at the university level that defines or otherwise refers to register transfer level ("RTL").
>
> All invention disclosures that were submitted to the University of Michigan Technology Transfer Office and that defines or otherwise refers to RTL.
>
> All theses and technical reports that were prepared by Dr. Papaefthymiou while he was a student at MIT and that defines or otherwise refers to RTL.

Please provide any comments prior to Monday's scheduled call, so we can give full consideration.

Regards, Ken

Ken Brothers
Dickstein Shapiro LLP

---

**From:** Andelman, Ethan [mailto:AndelmanE@Howrey.com]
**Sent:** Thursday, August 24, 2006 2:45 PM

**To:** Brothers, Kenneth
**Cc:** DeMory, Denise
**Subject:** Papaefthymiou requests

Ken --

Given Judge Chen's order of today, we propose to limit the Papaefthymiou document requests as follows (with the subpoenas similarly limited):

> All course syllabi, handouts, outlines, digests, lecture notes, presentations, computer code, and demonstrative software and hardware created for all courses that Dr. Papaefthymiou has taught at the university level that relate to or discuss in any way logic synthesis (including any discussion of the inputs to logic synthesis tools), register transfer level ("RTL"), or computer or circuit architecture.
>
> All invention disclosures submitted to the University of Michigan Technology Transfer Office that relate to logic synthesis (including any discussion of the inputs to logic synthesis tools), register transfer level ("RTL"), or computer or circuit architecture.
>
> All theses and technical reports prepared by Dr. Papaefthymiou while he was a student at MIT that relate to logic synthesis (including any discussion of the inputs to logic synthesis tools), register transfer level ("RTL"), or computer or circuit architecture.

Let's try to discuss this on the call today; if not today, then tomorrow.

--Ethan

-------------------------------------------------------------------------------------------------------
 This email and any attachments contain information from the law firm of Howrey LLP, which may be co
 The information is intended to be for the use of the individual or entity named on this email.
 If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
 If you receive this email in error, please notify us by reply email immediately so that we can arrange for


----------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
==============================================================================

|  |  |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |
|   | SAN FRANCISCO DIVISION |

RICOH COMPANY, LTD., )
)
              Plaintiff, )
   vs. )
) **CASE NO. C-03-04669 MJJ (EMC)**
AEROFLEX INCORPORATED, et al., ) **CASE NO. C-03-02289 MJJ (EMC)**
)
              Defendants ) **[PROPOSED] ORDER**
)
SYNOPSYS, INC., )
)
             Plaintiff, )
   vs. )
)
RICOH COMPANY, LTD., )
)
            Defendant. )

      Pursuant to the Court's Order of August 24, 2006, and upon further consideration of the parties' submissions on August 29, 2006, the Court hereby grants Ricoh's motion for protective order. The scope of the subpoenas at issue are hereby narrowed as follows:

      All course syllabi, handouts, outlines, lecture notes, presentations, and demonstrative software ("documents") created for all courses that Dr. Papaefthymiou has taught at the university level that defines or otherwise refers to register transfer level ("RTL").

      All invention disclosures that were submitted to the University of Michigan Technology Transfer Office and that defines or otherwise refers to RTL.

      All theses and technical reports that were prepared by Dr. Papaefthymiou while he was a student at MIT and that defines or otherwise refers to RTL.

      Nothing in this Order shall preclude the Universities from submitting their own objections in response to the subpoenas.

                                              SO ORDERED

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE

Dated: _____, 2006