Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff SYNOPSYS and
Defendants AEROFLEX INCORPORATED,
AEROFLEX COLORADO SPRINGS, INC.,
AMI SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS INC., MATROX
INTERNATIONAL CORP., and MATROX
TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br>    Plaintiff,<br><br>vs.<br><br>AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC.,<br>    Defendants.<br><br>SYNOPSYS, INC.,<br>    Plaintiff,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br>    Defendant. | Case No. C03-4669 MJJ (EMC)<br><br>Case No. C03-2289 MJJ (EMC)<br><br>**REPLY TO RICOH'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT**<br><br>**[SUMMARY JUDGMENT MOTION NO. 5]**<br><br>Date: September 26, 2006<br>Time: 9:30 a.m.<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(MOTION NO. 5)
DM_US\8380512.v4

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 3

    A.   The Inventors Knew of Kowalski85 (and its Materiality) Through Their Citation to it in the 1989 KBSC Article. ............................................... 3

    B.   The PTO Found That Kowalski85 Is Material. .................................................. 5

    C.   Defendants' Motion Does Not Rely on Any Expert Testimony, and Thus There is No Question of Fact Created by Conflicting Expert Testimony. ............................................................................................................ 6

    D.   An Inference of Deceptive Intent Is Proper. ....................................................... 7

III. CONCLUSION ............................................................................................................. 10

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)                -i-
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(MOTION NO. 5)
DM_US\8380512.v4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*,
    267 F.3d 1370 (Fed. Cir. 2001) ................................................................................................9

*Bruno Indep. Living Aids, Inc. v. Acorn Mobility Serv. Ltd.*,
    394 F.3d 1348 (Fed. Cir. 2005) ................................................................................................8

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
    120 F.3d 1253 (Fed. Cir. 1997) ..............................................................................................10

*Digital Control Inc. v. Charles Mach. Works*,
    437 F.3d 1309 (Fed. Cir. 2006) ..........................................................................6, 7, 9, 10

*Ferring B.V. v. Barr Labs., Inc.*,
    437 F.3d 1181 (Fed. Cir. 2006) ................................................................................................8

*GFI, Inc. v. Franklin Corp.*,
    265 F.3d 1268 (Fed. Cir. 2001) ..............................................................................................10

*In re Robertson*,
    169 F.3d 743 (Fed. Cir. 1999) ..................................................................................................5

*LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n*,
    958 F.2d 1066 (Fed. Cir. 1992) ................................................................................................4

*Molins PLC v. Textron, Inc.*,
    48 F.3d 1172 (Fed. Cir. 1995) ...........................................................................................6, 10

*Monsanto Co. v. Bayer Bioscience N.V.*,
    363 F.3d 1235 (Fed. Cir. 2004) ................................................................................................3

**OTHER AUTHORITIES**

Manual of Patent Examination Procedure § 2112 (2005) .......................................................5

Manual of Patent Examination Procedure § 609, 3rd Ed. Rev. 52 (April 1977) ......................9

**REGULATIONS**

37 C.F.R. § 1.56 (1987) ................................................................................................................4

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(MOTION NO. 5)
DM_US\8380512.v4

-ii-

## I. INTRODUCTION

In their moving papers, Defendants set forth clear and convincing evidence that the inventors of the '432 knew of Kowalski85, that they ***knew or should have known*** of its materiality, and yet failed to disclose the reference to the PTO. This evidence is uncontroverted by anything offered in Ricoh's opposition. Furthermore, Ricoh offers no explanation for the nondisclosure of this reference, which leads to an inference of deceptive intent by the inventors. Thus, all of the elements of inequitable conduct have been demonstrated by (uncontroverted) clear and convincing evidence, and summary judgment on inequitable conduct in Defendants' favor is appropriate.

Rather than attempting to directly refute Defendants' evidence or argue a different interpretation of the law, Ricoh responds as it has to most of the pending summary judgment motions — by constructing strawmen and offering misdirected arguments about irrelevant issues. For instance, based on a clear typographical error in the citations of the 1989 KBSC Article, Ricoh claims that it "hotly dispute[s]" whether Kowalski85 is actually discussed and cited by the co-authors in that paper. Opp. at 5:15-16. This position is not remotely tenable. No reasonable jury could conclude that an article with the *same* title, the *same* authors, published in the *same journal*, at the *same page numbers*, and in the *same volume* appeared once in August 1985 and then again in August 1986. This argument defies logic, as well as the facts. The August 1986 table of contents does not show any Kowalski paper, whereas the August 1985 table of contents does. If Ricoh had seriously wanted the Court to consider this argument, it would have made some basic showing that there is a 1986 article with the same title, etc., but it has not provided any evidence that such an article exists (because Ricoh knows it does not). As such, there is no genuine dispute of material fact that Kowalski85 is the reference discussed and cited by the co-authors in their 1989 KBSC Article.

Ricoh also vehemently argues that the PTO has only ordered the reexamination based on Kowalski84 in addition to Kowalski85, such that Kowalski85 is not material "by itself." *See* Opp. at 11:4-6, 11:12-13. This argument is incorrect. The PTO's grant of reexamination explicitly found that Kowalski85 *by itself* is a material reference. *See* Brothers Ex. 85 at 3, ¶ 7 ("It is agreed that the **KOWALSKI-85** reference . . . would have been considered important by a reasonable Examiner in

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(MOTION NO. 5)
DM_US\8380512.v4

-1-

1  deciding whether or not at least claim 13 was patentable, for the reasons discussed *infra*."). Ricoh acts
2  as if it is confused because the PTO additionally found that the teachings of Kowalski84 are *inherent*
3  (or included) in Kowalski85. *See id.* (discussing "the inherent teachings of **KOWALSKI-84**"). But
4  this inherency does not affect the fact that the PTO has determined that Kowalski85 itself is material
5  (and not cumulative of the art of record in the original file). *See id.* at ¶¶ 6-7. Likewise, whether the
6  '432 patent is ultimately patentable over Kowalski85 is irrelevant for purposes of this motion because
7  inequitable conduct does not require proving invalidity.

8        Dr. Kobayashi testified that he no longer recalls Kowalski85, which Ricoh argues means that
9  Defendants cannot show that the inventors knew of Kowalski85. Opp. at 10:13-18. Quite the contrary
10 is true, however. There can be no genuine dispute of material fact that at least one of the co-authors of
11 the 1989 KBSC Article knew about Kowalski85 and knew or should have known of its materiality.
12 Further, documents produced by Ricoh on September 5, 2006 – just four days before filing this reply –
13 confirm that all three co-authors of the 1989 KBSC Article (including both named inventors) were
14 substantively involved in the '432 patent prosecution and thus had a duty to disclose material
15 information to the PTO. One of the co-authors (regardless of which one) wrote the section of their
16 paper that distinguished KBSC from VDAA as disclosed in Kowalski85 and cited to Kowalski85.
17 Moreover, not recalling a prior art reference today is not probative of the issue whether one knew or
18 should have known of the reference at the time of the patent prosecution. Thus, Ricoh cannot
19 genuinely dispute that at least one of the co-authors knew of Kowalski85 and knew or should have
20 known of its materiality but still failed to disclose it.

21       Finally, Ricoh argues that "any suggestion of deceptive intent" is "undercut[]" because
22 Kowalski85 and the other prior art systems discussed in the 1989 KBSC Article "are included at some
23 level of detail before the PTO." Opp. at 15:8-11. This argument — a suggestion that Kowalski85 was
24 cumulative of the other art before the PTO — flies in the face of the PTO's finding that Kowalski85
25 was not cumulative. Furthermore, it is irrelevant whether disclosed prior art discusses or cites to
26 Kowalski85 because *the examiner did not consider Kowalski85 during the original prosecution*. Ricoh
27 fails to provide any explanation of the inventors' failure to disclose Kowalski85; thus, deceptive intent
28

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-2-

can be presumed.

In sum, Ricoh does not raise any genuine issues of material fact or provide any "non-frivolous explanation" or "plausible justification or excuse" for the nondisclosure of Kowalski85. *See Monsanto Co. v. Bayer Bioscience N.V.*, 363 F.3d 1235, 1241 (Fed. Cir. 2004). In these circumstances, summary judgment is proper.

## II.  ARGUMENT

### A.  The Inventors Knew of Kowalski85 (and its Materiality) Through Their Citation to it in the 1989 KBSC Article.

Demonstrating its desperation, Ricoh's *first* argument is that there is no evidence that the alleged *1986* Kowalski reference was material. Ricoh's efforts to create an issue of fact about whether the 1989 KBSC Article cites a *different* Kowalski article falls flat. Ricoh claims that it is "hotly disputed" whether the 1989 KBSC Article is citing a 1986 Kowalski article or the article the parties refer to as Kowalski85. Yet Ricoh has failed to come forward with *any evidence* that there is any 1986 Kowalski article because there is none. Based on the citation to Kowalski85 in the 1989 KBSC Article, it is readily apparent that the citation contains a typographical error:

> T.J. Kowalski, D.J. Geiger, W.H. Wolf, and W. Fichtner, "The VLSI Design Automation Assistant: From Algorithms to Silicon," *IEEE Design and Test of Computers Magazine*, Vol. 2, No. 4, pp. 33-43, August **1986**.

Brothers Ex. 84 at KBSC 000872 (emphasis added). As verified from one quick glance at Kowalski85, of course, Kowalski85 was published in 1985, and this citation to a 1986 publication date is a typo. No paper exists with the inventors' cite as listed in their article — the August 1986 table of contents from the *IEEE Design and Test of Computers Magazine* reflects that there was no Kowalski article in that issue. Ex. 92. Indeed, the August 1986 issue of the magazine was volume 3, *not* volume 2. *Id.* Volume 2, Number 4 of the *IEEE Design and Test of Computers Magazine* was published in August 1985, and contained the Kowalski article. *See* Ex. 36. This is the Kowalski85 reference that

**HOWREY LLP**

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-3-

both parties have submitted to the Court. Ex. 43[1] and Brothers Ex. 84. Thus, there can be no genuine dispute of material fact that Kowalski85 is the reference discussed and cited by the co-authors in their 1989 KBSC Article. That Ricoh "hotly disputed" what is clearly a typographical error speaks volumes on its lack of a substantive position on which to oppose this motion.

Thus, one or more of the three co-authors (Mr. Shindo, Mr. Suehiro and Dr. Kobayashi) knew of Kowalski85, and knew of its materiality (which is explicitly discussed in the article).[2] It does not matter which of these individuals knew of the reference, because each was under a duty to disclose material prior art to the PTO. The duty to disclose material information extends beyond the named inventors and includes anyone substantially involved in the patent prosecution. *See* Ex. 45 (37 C.F.R. § 1.56 (1987)). On September 5, 2006 – just four days before this reply was due – Ricoh produced under the Court's order over 200 pages of documents, including KBSC00002884, a Japanese-language document that Defendants have translated. Ex. 93. This document is a letter dated November 27, 1987 from Mr. Shindo to Dr. Kobayashi "[r]egarding the joint patent application by ICC and Ricoh." *Id.* The letter states that "we [Ricoh] created a draft [application] in English" and asks that Dr. Kobayashi "review it" and "add or amend any sections" in English. *Id.* The letter further states that "[i]n order to file the patent application, we will need to have a meeting with a US patent agent regarding the preparation of a US patent specification." *Id.* The "agenda" for the meeting included the "[c]ompletion of patent specification." *Id.* The meeting was scheduled for December 8-9, 1987 at ICC Columbia and included among the "participants" Dr. Kobayashi, Mr. Shindo, and Mr. Suehiro — all

---

[1] Unless otherwise noted, all exhibits referenced in this motion are attached to the Declaration of Denise M. De Mory In Support of Synopsys' and Customer Defendants' Summary Judgment Motions filed on August 18, 2006 (Exs. 1-91) or the Supplemental Declaration of Denise M. De Mory In Support of Synopsys' and Customer Defendants' Summary Judgment Motions filed concurrently herewith (starting with Ex. 92).

[2] Ricoh's argument that the discussion in the article shows that VDAA and Kowalski85 were *not* material is amazing. The whole point of the discussion is to show what the *state of the prior art* is. The article compares and contrasts VDAA with the KBSC system. Importantly, the co-authors' 1989 KBSC Article illustrates that – contemporaneous with the '432 patent prosecution – the co-authors *themselves* recognized the relevance and materiality of Kowalski85 and its disclosed VDAA system. It is undisputed that the co-authors distinguished KBSC from VDAA (as well as from seven other prior art systems) in their 1989 KBSC Article. *See* Opp. at 13:1-7. If it was important enough to mention in an article, it was certainly something that should have been disclosed to the PTO. Had there been any question in the co-authors' minds about whether to disclose Kowalski85 – which there should not have been – close cases require that applicants err on the side of disclosure. *See LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-4-

1  three co-authors of the 1989 KBSC Article. *Id.* Ricoh's most recent privilege log confirms that all
2  three co-authors of the 1989 KBSC Article actually attended the December 8-9, 1987 "meeting[s] re
3  ICC/Ricoh patent applications." Ex. 94 at p. 12 (RCLPriv-102A and RCLPriv-102B) [Ricoh's 8/1/06
4  Privilege Log]. Thus, all three co-authors of the 1989 KBSC Article were substantively involved in
5  the '432 patent prosecution, and therefore, ***all three co-authors had a duty to disclose material***
6  ***information known to them***, including Kowalski85.

**B.     The PTO Found That Kowalski85 Is Material.**

8  Ricoh repeatedly argues that the PTO's order granting reexamination is based on Kowalski85
9  only in conjunction with Kowalski84 and that Kowalski85 is not material "by itself." *See, e.g.,* Opp. at
10 11:5-8, 11:12-13. The Court need look no further than the order granting reexamination to disprove
11 this argument and verify that the PTO found that Kowalski85 is a material reference. *See* Brothers Ex.
12 85.

13 As Ricoh acknowledges, the PTO found that "the Kowalski-85 reference (***including the***
14 ***inherent teachings of Kowalski84***) would have been considered important by a reasonable Examiner
15 in deciding whether or not at least claim 13 was patentable…." *Id.* at p.3; *see also* Opp. at 11:8-10
16 (emphasis added). It is this inherency language that Ricoh uses to argue that the PTO relied upon both
17 Kowaski85 and Kowalski84 in granting the reexamination. But this argument shows a complete lack
18 of understanding of what the term "inherency" means in patent law. "To establish inherency, the
19 extrinsic evidence must make clear that the missing descriptive matter ***is necessarily present*** in the
20 thing described in the reference, and that it would be so recognized by persons of ordinary skill." *In re*
21 *Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) (emphasis added); *see also* Manual of Patent
22 Examination Procedure ("MPEP") § 2112 (2005). Thus, the import of the PTO's "inherency" finding
23 is that Kowalski84's teachings were "necessarily present" in Kowalski85 and would be recognized as
24 such by persons of ordinary skill. In other words, the PTO found (1) that Kowalski85 would have been
25 considered important by a reasonable examiner in deciding patentability and (2) that Kowalski85

HOWREY LLP

Case No.  C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-5-

necessarily includes Kowalski84's teachings.[3]

Furthermore, Ricoh cannot dispute that the PTO also found that the "Kowalski-85 and Kowalski-84 references were not of record in the file of the '432 patent and are not cumulative to the art of record in the original file." *Id.* at p. 3. Thus, there can be no *genuine* dispute of material fact that Kowalski85 is material — the PTO found it satisfies all of the requirements of materiality (i.e., it is important to a reasonable examiner in deciding patentability and it is not cumulative to the art of record). Ricoh's unsupported argument to the contrary does not create a genuine issue of material fact and should be rejected. *See Digital Control Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313-14 (Fed. Cir. 2006).

Ricoh does not dispute the case law cited by Defendants that a PTO determination of materiality is highly probative on an inequitable conduct motion. Rather, Ricoh argues that the PTO has not issued a final ruling that Kowalski85 is anticipatory and that Kowalski85 is not anticipatory. These are irrelevant points. A reference may be material without invalidating a claim. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1179 (Fed. Cir. 1995). For purposes of this motion, Defendants need not show that Kowalski85 discloses every limitation of claim 13, whether in a *prima facie* manner or definitively.[4] *See id.* Rather, to establish materiality, Defendants need only show that Kowalski85 would have been important to a reasonable examiner in deciding patentability and is not cumulative of the cited prior art. The PTO has independently found this to be the case, and the Court should accord the PTO's unbiased, highly probative determination its due weight.

### C. Defendants' Motion Does Not Rely on Any Expert Testimony, and Thus There is No Question of Fact Created by Conflicting Expert Testimony.

Ricoh argues that there are conflicting expert opinions. *See* Opp. at 13:15-14:10. Defendants'

---

[3] Ricoh makes much of the PTO's reference in the PTO's claim chart to both Kowalski85 and the Kowalski84 Thesis are cited. *See* Opp. at 11:15-12:2. But, given the inherency of Kowalski84 in Kowalski85, it is no surprise that the PTO freely cites Kowalski84 when discussing the teachings of Kowalski85. As to the Dirkes Thesis, the PTO never cites to that; rather, it cites to Kowalski85's statement that the module binder was the subject of E. Dirkes' thesis. *See* Ex. Brothers Ex. 85 at 6, ¶ 8; Opp. at 12:3-13.

[4] Of course, Motion No. 4 shows that Kowalski85 does, indeed, invalidate the '432 patent, but the two motions do not rise and fall together. The Court can grant this motion while denying that motion.

**HOWREY LLP**

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-6-

1  motion, however, does not rely on any expert testimony to show that Kowalski85 is material.  Thus,
2  Ricoh's argument that there are factual disputes between the parties' expert reports is a red herring and
3  should be ignored as irrelevant.
4       And, in any event, the Mitchell report does not dispute a question of fact.  Dr. Mitchell
5  discusses materiality relative to the Darringer patent because that was the most pertinent reference
6  discussed during the prosecution, a fact as to which Ricoh's patent law expert, Mr. Colaianni, agreed.
7  *See* Ex. 95 (Colaianni) at 46-47 (discussing that Darringer was the examiner's "prime reference"
8  during prosecution).  Dr. Mitchell's opinion is not just that Kowalski85 is relevant, but that
9  Kowalski85 is anticipatory (and thus material) and not cumulative of Darringer.  This opinion in no
10 way gives rise to a disputed question of fact.
11      In their motion, Defendants have demonstrated that Kowalski85 is material through non-expert,
12 factual evidence:  (1) the PTO independently concluded that Kowalski85 is material (*see supra*); (2)
13 the co-authors of the 1989 KBSC Article recognized Kowalski85's materiality contemporaneous with
14 prosecution of the '432 patent; (3) the difference between KBSC and VDAA (as disclosed by
15 Kowalski85) identified by the co-authors in their 1989 KBSC Article included one of two elements
16 that the examiner relied upon to allow the '432 patent claims, and thus would have been extremely
17 important to the examiner's patentability determination; and (4) despite having been given several
18 opportunities (including its opposition) to rebut this evidence, Ricoh has completely failed to do so.
19 Dr. Soderman's post hoc, litigation-driven opinions, contrary to the contemporaneous evidence that is
20 the basis for this motion, cannot create a material issue of fact here.  *See* Motion at 9:2-22; *see also*
21 *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1080 (Fed. Cir. 2005) ("A party does not
22 manufacture more than a merely colorable dispute simply by submitting an expert declaration asserting
23 that something is black when the moving party's expert says it is white").

24      **D.**    **An Inference of Deceptive Intent Is Proper.**
25      "[A] party alleging inequitable conduct need only prove a threshold level of materiality in order
26 to proceed to the second balancing portion of the inequitable conduct inquiry…." *Digital Control*, 437
27 F.3d at 1316 (internal citations omitted).  The undisputed facts here are more than sufficient to meet the
28

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-7-

required threshold showing of Kowalski85's materiality, and thus, the Court should proceed to determine whether there is adequate evidence of deceptive intent.

Defendants' motion identified several facts that are more than sufficient to support an inference of deceptive intent. In response, Ricoh failed to rebut these facts or offer any explanation for the co-authors' failure to disclose Kowalski85. *See Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1192 (Fed. Cir. 2006) (after prima facie showing of inequitable conduct, the burden shifts to nonmovant to come forward with contrary evidence). Moreover, Ricoh failed to provide any evidence whatsoever of good faith by the co-authors, which supports inferring an intent to deceive. *See Bruno Indep. Living Aids, Inc. v. Acorn Mobility Serv. Ltd.*, 394 F.3d 1348, 1351 (Fed. Cir. 2005).

Instead, Ricoh merely argues that Kowalski85 and the other prior art systems discussed in the 1989 KBSC Article "are included at some level of detail before the PTO," which "undercuts any suggestion of deceptive intent." Opp. at 15:8-11. Ricoh argues that the inference of deceptive intent is "undercut" because the co-authors disclosed a different reference, the Trickey article, which Ricoh alleges "discloses both DAA and VDAA." Opp. at 15:3-4. This argument again misses the mark because it does not change the fact that the co-authors *themselves* failed to fulfill their duty to disclose known material references such as Kowalski85. Fulfilling the duty of candor as to one material prior art reference does not excuse an applicant from discharging that duty as to any other material, non-cumulative prior art reference.

Notably, the only mention of VDAA in the Trickey article is in passing, as one of seven other prior art systems. The article states that "[s]ome examples of compilers that operate this way are: the CMU-DA project [1], particularly the Design Automation Assistant [2]; [3] portion [sic]; Arsenic [4]; the USC Design Automation project [5]; the AT&T Bell Labs VLSI Design Automation Assistant [6]; and SC [7]." Reference [6] is Kowalski85, and this is the only citation to that reference in Trickey; there is no substantive discussion of Kowalski85.[5]

---

[5] Ricoh admits that "[t]he VLSI Design Automation Assistant [Kowalski85's VDAA] is another of the systems that the KBSC system is cursorily compared to in the 1989 co-authored article." Opp. at 5:8-9. Thus, Ricoh simultaneously argues that the full paragraph description in the co-authored 1989 KBSC Article is "cursory[]" but that the mere listing of VDAA

(Continued...)

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-8-

1    Moreover, whether the Trickey article discloses VDAA is irrelevant because the Examiner did not consider VDAA or Kowalski85 during prosecution of the '432 patent. Examiners must specifically initial all prior art references considered during examination. *See* MPEP § 609, 3rd Ed. Rev. 52 (April 1977); *see also* Ex. 95 (Colaianni) at 32-33 and 39. Yet none of the PTO form documents in the '432 file history lists Kowalski85 as one of the documents that the examiner reviewed during prosecution. *See* Brothers Ex. 39. Nor does the cover page of the '432 patent itself list Kowalski85 as having been among the cited prior art. *See id*. Thus, there can be no genuine dispute of material fact that Kowalski85 was not considered by the examiner during prosecution.

Beyond the fact that Ricoh did not provide any explanation or good faith evidence of the failure to disclose Kowlaski85, the totality of the circumstances here is sufficient to infer an intent to deceive. *See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1376 (Fed. Cir. 2001) ("intent may be inferred where a patent applicant knew, or should have known, that withheld information could be material to the PTO's consideration of the patent application"). In sum, (1) the co-authors' 1989 KBSC Article distinguished KBSC from eight different prior art systems, including VDAA, but only disclosed two of these systems to the PTO; (2) the co-authors published the 1989 KBSC Article just four months after admitting that Parker79, disclosing an earlier, but different system developed at Carnegie Mellon University, could be material to the patentability of the '432 patent; (3) there can be no genuine issue of material fact that the PTO — acting as an unbiased decision maker — found that Kowalski85 is material; (4) the patentees were aware that Kowalski85 disclosed an expert system using rules in connection with ASCI design, which was one of two points of novelty for the basis of the examiner's allowance of the claims; and (5) there are several additional omissions by the patentees, which demonstrate the inventors' intentional pattern of nondisclosure.

Where there is a high degree of materiality, as is the case here for Kowalski85, a lesser showing of intent is all that is required. *See Digital Control*, 437 F.3d at 1313. In this case, however,

---

(...Continued)

in one sentence that identifies seven prior art compilers in the Trickey article was sufficient to have "disclosed" VDAA. Ricoh cannot have it both ways.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-9-

the facts also support an inference of a relatively high degree of deceptive intent:

> A relatively high degree of intent may be inferred under the facts of this case. [The patentee] was aware of the [prior art] patent. It was aware that the [disclosed feature of the prior art] was a point of novelty the examiner relied upon during the course of prosecution, It knew or should have known that the [disclosed feature] was relevant to a point of novelty in the [] proceedings. And, despite this, it did not disclose the patent or provide a good faith explanation for not disclosing the patent.

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc*., 120 F.3d 1253, 1256 (Fed. Cir. 1997). Defendants have far exceeded the threshold showing of materiality and intent to deceive regarding Kowalski85. *See Digital Control*, 437 F.3d at 1313. Viewing the co-authors' conduct in light of all the evidence clearly shows that a finding of inequitable conduct is justified. *See Molins*, 48 F.3d 1181.

## III.    CONCLUSION

There can be no genuine issue of material fact that Kowalski85 is a material reference and that, the co-authors knew or should have known of Kowalski85 and its materiality but failed to disclose it. Ricoh's mere denial of intent to deceive without supporting evidence does not suffice to avoid finding inequitable conduct by the co-authors. *See GFI, Inc. v. Franklin Corp*., 265 F.3d 1268, 1275 (Fed. Cir. 2001). Thus, summary judgment of unenforceability due to inequitable conduct is proper and should be granted.

Dated: September 8, 2006

Respectfully submitted,

HOWREY LLP

By:    /s/ *Denise M. De Mory*
Denise M. De Mory
Attorneys for Plaintiff
SYNOPSYS and Defendants AEROFLEX INCORPORATED, AEROFLEX COLORADO SPRINGS, INC., AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS, LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., and MATROX TECH, INC.

HOWREY LLP

Case No. C03-4669 MJJ (EMC)/C03-2289 MJJ (EMC)
REPLY TO OPPOSITION TO MSJ OF UNENFORCEABILITY
(Motion No. 5)
DM_US\8380512.v4

-10-