1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | Case No. C03-04669 MJJ (EMC) |
| Plaintiff, | Case No. C03-02289 MJJ (EMC) |
| vs. | **JOINT STATEMENT OF UNDISPUTED FACTS RE PENDING MOTIONS FOR SUMMARY JUDGMENT** |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC. | Date: September 26, 2006<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Martin J. Jenkins |
| Defendants. | |
| SYNOPSYS, INC., | REDACTED PUBLIC VERSION |
| Plaintiff, | |
| vs. | |
| RICOH COMPANY, LTD., | |
| Defendant. | |

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
STATEMENT OF UNDISPUTED FACTS

DM_US\8385804.v1

HOWREY LLP

DSMDB-2142304v03

This Joint Statement of Facts is proposed in accordance with Local Rule 56-2(b) and the Standing Order of the Honorable Martin J. Jenkins.

**Statement of Undisputed Facts for Summary Judgment No. 2**

1.

2.

3.

**Statement of Undisputed Facts for Summary Judgment No. 3**

4. Dr. Kobayashi and Simon Foo co-authored two papers that had copyright dates in 1986.

**Statement of Undisputed Facts for Summary Judgment No. 4**

5. An article written by T.J. Kowalski, D.J. Geiger, W.H. Wolf, and W. Fichtner entitled "The VLSI Design Automation Assistant: From Algorithms to Silicon" is listed in the table of contents of the August 1985 issue of *IEEE Design and Test of Computers Magazine* as appearing at pp. 33-43. This article is referred to by the parties as "Kowalski85."

6. Kowalski85 is in a publication with a date of August 1985.

7. *IEEE Design and Test of Computers Magazine* is a periodical.

8. Thaddeus Julius Kowalski authored a thesis at Carnegie Mellon University entitled "The VLSI design automation assistant: a knowledge-based expert system." This thesis is referred to by the parties as "Kowalski Thesis" or "Kowalski84."

9. The Carnegie Mellon University online card catalog lists a publication date of 1984 for the Kowalski Thesis. (De Mory Ex. 101.)

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
REPLY ISO MSJ OF INVALIDITY OF U.S. PATENT NO. 4,922,432 FOR VIOLATION OF 35 U.S.C. § 102(f), OR TO DISMISS FOR FAILURE TO JOIN ALL CO-OWNERS AS PLTFS
DM_US\8385804.v1

-1-

HOWREY LLP

DSMDB-2142304v03

10.    Dr. Kowalski provided deposition testimony in this case on May 23, 2006, pursuant to a subpoena served by Ricoh.

11.    Dr. Kowalski was affiliated with AT&T Bell Laboratories.

**Statement of Undisputed Facts for Summary Judgment No. 5**

12.    On February 24, 2006, the PTO ordered reexamination of the '432 patent based on a request "that '432 patent claims 13-17 are anticipated under 35 U.S.C. sect. 102 in light of the following references: T.J. KOWALSKI, D.J. Geiger, W.H. Wolf, W. Fichtner, The VLSI Design Automation Assistant: From Algorithms to Silicon, IEEE Design & Test, pp. 33-43 (1985). (i.e., "KOWALSKI-85") [and] Thaddeus Julius KOWALSKI, The VLSI Design Automation Assistant: A Knowledge-Based Expert System, Carnegie-Mellon University PhD Thesis, April 1984. (i.e., "KOWALSKI-84").

13.    The February 24, 2006 PTO order granting reexamination of the '432 patent stated that "the Kowalski-85 reference (including the inherent teachings of Kowalski84) would have been considered important by a reasonable Examiner in deciding whether or not at least claim 13 was patentable…."

14.    The February 24, 2006 PTO order granting reexamination of the '432 patent stated that "Kowalski-85 and Kowalski-84 references were not of record in the file of the '432 patent and are not cumulative to the art of record in the original file."

15.    The named '432 patent inventors, Dr. Kobayashi and Mr. Shindo, co-authored with Mr. Suehiro and published "KBSC: A Knowledge-Based Approach to Automated Logic Synthesis" (1989 KBSC Article) in 1989. According to the cover page footer of the article, the manuscript for the 1989 KBSC Article was submitted in November 1988 and revised for publication in February 1989. The '432 patent Notice of Allowability was mailed on November 29, 1989, and the '432 patent issued on May 1, 1990

16.    KBSC00002884 is a letter in Japanese dated November 27, 1987 from Mr. Shindo to Dr. Kobayashi. A translation of the letter is at Exhibit 93. The letter states that it is "[r]egarding the

joint patent application by ICC and Ricoh." The letter further states that "[i]n order to file the patent application, we will need to have a meeting with a US patent agent regarding the preparation of a US patent specification." The agenda for the meeting included the "[c]ompletion of patent specification." The meeting was scheduled for December 8-9, 1987 at ICC Columbia and included among the participants Dr. Kobayashi, Mr. Shindo, and Mr. Suehiro.

17. Mr. Suehiro was an attendee at the December 8-9, 1987 meeting relating to what became the application for the '432 patent.

18. Kowalski85 describes a system called the VLSI Design Automation Assistant (VDAA).

19. The August 1986 table of Contents from the *IEEE Design and Test of Computers Magazine* does not show a Kowalski article in that issue.

20. The August 1985 table of Contents from the *IEEE Design and Test of Computers Magazine* does show a Kowalski article in that issue cited as "T.J. Kowalski, D.J. Geiger, W.H. Wolf, W. Fichtner, The VLSI Design Automation Assistant: From Algorithms to Silicon, *IEEE Design & Test*, pp. 33-43 (1985)."

21. Kowalski85 is not listed on the cover page of the '432 patent as a reference that was considered by the patent examiner, and a physical copy of Kowalski85 is not included in the '432 prosecution file history.

22. During the prosecution of the '432 patent, the Applicants supplied to the PTO an article entitled "FLAMEL: A High-Level Hardware Compiler" by Trickey. On the first page of the Trickey article, it states that "Some examples of compilers that operate this way are: the CMU-DA project [1], particularly the Design Automation Assistant [2], [3] portion; Arsenic [4]; the USC Design Automation project [5]; the AT&T Bell Labs VLSI Design Automation Assistant [6]; and SC [7]." Reference [6] is Kowalski85, and the Trickey paper provides a full citation to Kowalski85.

**Statement of Undisputed Facts for Summary Judgment No. 6**

23.

-3-

**Statement of Undisputed Facts for Summary Judgment No. 7**

24. The Aeroflex Defendants could have used alternatives that Ricoh has not accused of infringement, such as tools by Cadence Design Systems, Inc. and Mentor Graphics Corp., to synthesize their ASICs.

**Statement of Undisputed Facts for Summary Judgment No. 8**

25. Ricoh initiated this infringement suit against the Defendants on January 21, 2003, alleging infringement of the '432 patent based on the Defendants' sale of application specific integrated circuits ("ASICs") that were designed by the Defendants using a process that among other things included the use of Synopsys' Design Compiler system, which includes Design Compiler, HDL Compiler for Verilog, VHDL Compiler, and the DesignWare libraries ("the Design Compiler system").

26. For the describing step of claim 13, Ricoh contends the limitation is met when, at least "the ASIC Designer entered a written description of the desired functions of the ASIC Product into HDL Compiler."

27. Ricoh had not reverse engineered any licensed Synopsys software prior to the time it filed the lawsuit against Defendants or anytime thereafter.

28. The co-owner of the asserted patent, KBSC, licensed certain software tools from Synopsys in July of 1993, and renewed that license in 1995. Ex. 69 at SP00001-SP00032.

**Statement of Undisputed Facts for Summary Judgment No. 8 To Which There Are Evidentiary Objections**

With regard to the following facts, either Ricoh, on the one hand, or Synopsys and the Customer Defendants, on the other hand, object that the facts, although undisptued, are either legally irrelevant or otherwise not admissible. Specific objections to these facts and the evidence suporting for these facts have either already been included in the parties respective filings, and/or will be included in evidentiary objections filed in advance of the hearing.

-4-

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
STATEMENT OF UNDISPUTED FACTS
DM_US\8385804.v1

HOWREY LLP

DSMDB-2142304v03

29. On October 22, 1990, Ricoh licensed the Design Compiler and HDL Compiler for Verilog from Synopsys. [Ricoh objections: legally irrelevant; not pled].

30. The Synopsys licenses specifically forbade Ricoh from reverse engineering the source code for the licensed products. [Defendant objection: legally irrelevant]

31. KBSC was contractually prohibited from reverse engineering or investigating the inner workings of the licensed software tools. [Defendant objection: legally irrelevant]

32. In January of 1990, Synopsys' HDL Compiler won the *Electronic Products* magazine's product of the year award. Ex. 71[Ricoh objection: legally irrelevant; not pled]

33. In 1990, Electronic Engineering Times reported on Matrox Electronics' use of Synopsys' synthesis tools. Ex. 74. [Ricoh objection: legally irrelevant]

34. In 1991, Electronic News reported on AMI's development of cell libraries for use with Synopsys' Design Compiler product. Ex. 75. [Ricoh objection: legally irrelevant]

35. In 1996, the AMI website disclosed that "AMI Design Kits support EDA tools from vendors such as Synopsys." Ex.78. [Ricoh objection: inadmissible; website is unverifiable; legally irrelevant]

36. In 1996, the Aeroflex website (at the time under the company's former name, UTMC) contained a November 28, 1995 press release in which UTMC announced the introduction of its VHDL design kits to enhance customers' VHDL-based ASIC designs and systems. Ex. 79. [Ricoh objection: inadmissible; website is unverifiable; legally irrelevant]

37. The Synopsys website from 1997 contains a list of Synopsys Semiconductor Vendor Program participants, including AMI and UTMC (Aeroflex), who had developed strategic relationships with Synopsys to take full advantage of ASIC technology advancements. Ex. 80. [[Ricoh objection: inadmissible; website is unverifiable; legally irrelevant]

**Statement of Undisputed Facts for Summary Judgment No. 9**

38. Ricoh has represented that it will not claim enhanced damages due to willfulness.

**Statement of Undisputed Facts for Ricoh's Summary Judgment Motion**

-5-

39. The Sixth Affirmative Defense of Aeroflex is "Authorization and Consent," which is based on 28 U.S.C. § 1498 (the "affirmative defense").

40. In the documents produced relating to Aeroflex's Sixth Affirmative Defense, there are no U.S. Government prime contracts with provisions expressly requiring use of Synopsys Design Compiler.

41. In the documents produced relating to Aeroflex's Sixth Affirmative Defense, there are no U.S. Government subcontracts that contain language on their face that expressly requires Aeroflex to use Synopsys' Design Compiler.

42.

43.

44.

45. The Aeroflex Defendants could have used alternatives that Ricoh has not accused of infringement, such as tools by Cadence Design Systems, Inc. and Mentor Graphics Corp., to synthesize their ASICs.

46. The end customer (ASIC consumer) requires the functionality of the ASIC, rather than a specific design flow or the use of particular tools.

**Statement of Undisputed Facts for Ricoh's Summary Judgment Motion To Which There Are Evidentiary Objections**

-6-

With regard to the following facts, either Ricoh, on the one hand, or Synopsys and the Customer Defendants, on the other hand, object that the facts, although undisptued, are either legally irrelevant or otherwise not admissible. Specific objections to these facts and the evidence suporting for these facts have either already been included in the parties respective filings, and/or will be included in evidentiary objections filed in advance of the hearing.

47.

48. Synopsys Design Compiler is a commercial product used by multiple customers of Synopsys, including Aeroflex. [Defendants' Objection: Misleading, irrelevant].

49. The design flow and manufacturing steps used by Aeroflex to create the ASICs that are the subject of the Sixth affirmative defense are substantially similar to the design flow and manufacturing steps used by Aeroflex to create ASICs that are sold to commercial (e.g., non-government contract) customers.[ Defendants' Objection: Misleading, irrelevant].

50. Aeroflex currently offers for sale to the general public, via its website (www.aeroflex.com), "the UT0.06um ASIC Family," also referred to as the "0.6 micron Gate Array Family," which refers to a large variety of ASICs sold to commercial and Government customers. [Defendants' Objection: Irrelevant, misleading].

51. All of the ASICs for which Aeroflex is asserting the authorization and consent defense are in the "0.6 micron Gate Array Family." [ Defendants' Objection: Irrelevant, misleading].

52. Since at least 1997, Aeroflex has offered to sell commercial, custom and "semi-custom" ASICs to the general public, tailored to the requests of individual customers. [ Defendants' Objection: Irrelevant, misleading].

1  Dated: September 12, 2006                HOWREY LLP

2                                            By:   /s/
3                                                 Denise M. De Mory
                                                  Attorney for Plaintiff SYNOPSYS, INC.
4                                                 and Defendants AEROFLEX
                                                  INCORPORATED, AMI
5                                                 SEMICONDUCTOR, INC., MATROX
                                                  ELECTRONIC SYSTEMS, LTD.,
6                                                 MATROX GRAPHICS INC., MATROX
                                                  INTERNATIONAL CORP., MATROX
7                                                 TECH, INC., and AEROFLEX
                                                  COLORADO SPRINGS, INC.
8  Dated: September 12, 2006                DICKSTEIN SHAPIRO LLP
9
10                                           By:   /s/
                                                  Kenneth W. Brothers
11                                                Attorney for Plaintiff RICOH COMPANY,
                                                  LTD.
12

-8-

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
STATEMENT OF UNDISPUTED FACTS
DM_US\8385804.v1

**HOWREY LLP**

DSMDB-2142304v03