Teresa M. Corbin (SBN 132360)
Denise M. De Mory (SBN 168076)
Jaclyn C. Fink (SBN 217913)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff SYNOPSYS, INC.
and for Defendants AEROFLEX INCORPORATED,
AMI SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS, INC., MATROX INTERNATIONAL
CORP., MATROX TECH, INC., and
AEROFLEX COLORADO SPRINGS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC. <br><br> Defendants. <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | Case No. C03-04669 MJJ (EMC) <br><br> Case No. C03-02289 MJJ (EMC) <br><br> **SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS AND ATTACHED EVIDENCE FILED IN SUPPORT OF RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY JUDGEMENT** |

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT

HOWREY LLP

DM_#8390726.V1

Plaintiff Synopsys, Inc. and defendants Aeroflex Incorporated, Aeroflex Colorado Springs, Inc., AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International Corp., and Matrox Tech, Inc. ("the Customer Defendants") hereby object to evidence relied upon by Ricoh Company, Ltd. ("Ricoh") in its oppositions to Synopsys' and the Customer Defendants' motions for summary judgment (Nos. 1-8).

With regard to Ricoh's oppositions to Motions 1-8, as an initial matter, Synopsys and the Customer Defendants object to Ricoh's inclusion of entire deposition transcripts as exhibits in all cases where deposition testimony is cited. Ricoh included hundreds, if not thousands, of superfluous pages of transcripts, even though in most cases only a few lines of testimony are relied upon in each transcript. Synopsys and the Customer Defendants object to the inclusion of full transcripts where neither party relied on them in full. In addition, Synopsys and the Customer Defendants also reserve the right to object to any testimony included within these transcripts at trial, and have only objected herein to the extent testimony was specifically relied upon.

Synopsys and the Customer Defendants likewise object to the inclusion of thousands of pages of documents that do not substantively support Ricoh's positions. In support of all of its opposition briefs, Ricoh cites to voluminous evidence that does not support its position, and moreover, fails to create any disputed questions of fact. The following examples illustrate a problem that is endemic to Ricoh's opposition briefs. For example, Synopsys and the Customer Defendants object to Ricoh's evidence cited in footnotes 2 and 3 of Ricoh's Opposition to Defendant's Motion No. 3 concerning invalidity and inventorship. Footnote 2 on page 2 of the opposition cites to seven exhibits, comprising over 1000 pages, to support the proposition that Mr. Shindo and Dr. Kobayashi met with a law firm to draft the patent application that issued as the '432 patent. These exhibits, however, do not support the stated proposition. For example, exhibit 74 consists of over 640 pages of specifications for the Knowledge Based Silicon Compiler ("KBSC") that post date the filing date of the '432 patent application by three months. Exhibit 90 is the KBS Corporation business plan, and exhibit 54 is an overview of KBS Corporation. Both exhibits are dated four years after the filing date of the '432 patent application. Exhibit 87 is a KBSC reference manual, exhibit 88 is the joint research agreement

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT

-1-

HOWREY LLP

DM_#8390726.V1

between International Chip Corporation and Ricoh, exhibit 89 is a proposal for expansion of KBS Corporation. These exhibits make no mention of Mr. Shindo, minimal mention of Kobayashi, and do not support the stated factual proposition. Even cited exhibits 39, the '432 patent application file history, and exhibit 86, assignment documents for the '432 patent show only that Mr. Shindo was named as an inventor on the '432 patent. The citations in footnote 2 demonstrate Ricoh's focus on pure volume to compensate for a lack of substantive evidence.[1]

Synopsys and the Customer Defendants also object to Ricoh's reliance, for example, on significant hearsay evidence, including expert reports. Synopsys and the Customer Defendants reserve the right to object at trial to the admission into evidence of all materials submitted by Ricoh with its opposition briefs.

**Objections To Expert Opinions/Declarations**

Synopsys and the Customer Defendants object to Ricoh's expert evidence on many grounds. The declarations of Dr. Soderman, Dr. Papaefthymiou, and Mr. Lipscomb should be stricken because they contain opinions beyond those expressed in their expert reports. Mr. Lipscomb's declaration purports to include further evidence in support of his "simple base" and "single rate" theory" that is not supported in the law and is beyond the scope of his initial report. *See* Lipscomb Decl., ¶¶ 3-6.

In Dr. Soderman's declaration, Dr. Soderman now offers opinions relating to infringement and invalidity for the first time as well as opinions purporting to support the application of the entire market value rule – something that was not even hinted at in his expert report. Beyond the testimony that alleged supports application of the entire market value rule to this case (Soderman Decl., ¶¶56-59), Dr. Soderman's new opinions include(1) an opinion regarding the meaning of hardware cell as well as substantial discussion of documents that have long been available to Dr. Soderman but were not

---

[1] The same tactic is used in citations to testimony in footnote 3 on page 3 of the same motion. Synopsys and the Customer Defendants object on the basis of relevancy, hearsay, lack of personal knowledge, and lack of foundation to all testimony cited in footnote 3. Footnote 3 cites to nine deposition transcripts, and rather than pinpointing evidence supporting the proposition for which the testimony is cited, broad swaths of testimony are cited consisting of over 100 pages at a time in some cases. All together, over 700 pages of deposition testimony from four deponents are cited in this one footnote. More specific objections, where feasible given Ricoh's imprecise citations, are included below.

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT
-2-
HOWREY LLP
DM_#8390726.V1

discussed in his expert report as to the details of the Technology Libraries at issue as they relate to infringement of the claim elements identified in Motion 2 (Soderman Decl., ¶¶16-30); (2) opinions regarding the meaning of the phrase "applying rules" as well as opinions regarding whether this claim limitation is met (Soderman Decl., ¶¶ 31-33); (3) opinions regarding the meaning of other claim terms as well as infringement of the other elements identified in Motion 6 (Soderman Decl., ¶¶ 34-49); and (4) an opinion on whether or not the Customer Defendant inputs are "Darringer RTL" (which is also objectionable because it is irrelevant for reasons explained in the RTL motion) (Soderman Decl., ¶¶ 50-53). As to these new opinions, Ricoh bears the burden of proof at trial and should have come forward with these "new" opinions in its expert report. In addition, Dr. Soderman now identifies new elements it claims are missing from the Kowalski references that were not discussed in his expert report (Soderman Decl., ¶¶ 5-15) and (2) additional opinions regarding Motion 3 that were not identified in his expert report (Soderman Decl., ¶¶ 54-44).

Synopsys and the Customer Defendants also object to the expert reports of and declaration of Dr. Soderman on the basis of Federal Rules of Evidence 701, 702, 703, 704, and 802. For example, Dr. Soderman never discussed in his expert reports, or in his declaration, the actual technology libraries used by the Customer Defendants. Thus, there is no basis for his testimony. The same applies to his failure to discuss the actual operation of the Synopsys source code.

Synopsys and the Customer Defendants also object to the declaration of Dr. Soderman to the extent that it contains claim construction opinions. Ricoh is judicially estopped from relying on extrinsic evidence, including expert opinions, regarding claim construction. Moreover, in several cases, Dr. Soderman's opinions, like Dr. Papaefthymiou's, simply attempt to improperly reconstrue claim terms that this Court has already construed.

Synopsys and the Customer Defendants object to the opinions set forth by Dr. Papaefthymiou on the basis of Federal Rules of Evidence 701, 702, 703, 704, 802. Dr. Papaefthymiou had no foundation for either his expert report, or the declaration he submitted to support Ricoh's oppositions to summary judgment motions. Dr. Papaefthymiou testified on August 11, 2006 that he has never used Design Compiler; has no idea what inputs Design Compiler requests; had not seen a single Customer

**HOWREY LLP**

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT

-3-

DM_#8390726.V1

1  Defendant design 11 days prior to his deposition; had never seen the HDL Operators Search Report
2  that formed the basis for his opinion that evidenced all the actions and conditions; had never "read"
3  any of the Customer Defendant transcripts that Ricoh had insisted on; admits that he has no opinion if
4  the Court intended to exclude all RTL; and concedes that his methodology does not even work if
5  applied to the relevant inquiry. (Brothers Decl., Ex. 40 (Papaefthymiou) at 18:23-19:5, 66:17-22, 75:6-
6  24; 99:22-100:15, 124:18-125:3, 171:14-172:3, 175:8-22; 180:23-181:15). Dr. Papaefthymious'
7  testimony, expert report, and declaration are not helpful to a clear understanding of the facts in issue
8  where Dr. Papaefthymiou concedes that his conclusions are not the product of reliable principles and
9  methods. Moreover, Dr. Papaefthymiou's opinions are also based on hearsay from another of Ricoh's
10 experts. (Objection No. 37 below). Dr. Papaefthymiou's opinions are entirely unreliable as a result,
11 and Synopsys and the Customer Defendants object to all alleged evidence emanating from Dr.
12 Papaefthymiou.

13      Synopsys and the Customer Defendants object to the opinion of Mr. Lipscomb on the basis of
14 Federal Rules of Evidence 601, 602, 701, 702, 703, 704, 802. Mr. Lipscomb's opinion is not based
15 upon personal knowledge, as evidenced by the deposition testimony Ricoh cited on this topic.
16 (Objections 54 & 55 below). Mr. Lipscomb's opinion is therefore not helpful to a clear understanding
17 of the facts in issue where his conclusions are not the product of reliable principles and methods.
18 Instead, his conclusions are based on hearsay, and facts for which he has no personal knowledge. Mr.
19 Lipscomb's opinion is accordingly unreliable, and Synopsys and the Customer Defendants object to
20 this alleged evidence.

21      Synopsys and the Customer Defendants reserve the right to move to preclude Ricoh's experts
22 from testifying at trial based on opinions contained in their declarations and/or expert reports which
23 were submitted with Ricoh's oppositions and incorporated by reference into Ricoh's expert
24 declarations.

**HOWREY LLP**

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT

-4-

DM_#8390726.V1

## **OBJECTIONS TO EXHIIBTS TO THE BROTHERS' DECLARATION**

In addition to the general objections and objections to expert opinions set forth above, Synopsys and the Customer Defendants specifically object to the documentary and testimonial evidence as set forth below.

### A. DOCUMENTARY EVIDENCE

| Objection No. | Exhibit No. | Description | Objections |
|---|---|---|---|
| 1 | Exhibit 1 | Ricoh's Motion to Show Cause, dated February 21, 2006. | FRE 401, 402, & 403. Not relevant. Any probative value is substantially outweighed by potential prejudice. |
| 2 | Exhibit 7 | Ricoh's Expert Report of Marios Papaefthymiou on Infringement by Aeroflex, dated June 23, 2006. | FRE 701, 702, 703. Dr. Papaefthymiou's expert report is not helpful to a clear understanding of the facts in issue where his conclusions are not the product of reliable principles and methods. His bases of opinion are unreliable where he has never used Design Compiler and he did not review the Customer Defendants' design files. |
| 3 | Exhibit 8 | Ricoh's Expert Report of Marios Papaefthymiou on Infringement by AMI, dated June 23, 2006. | FRE 701, 702, 703. Dr. Papaefthymiou's expert report is not helpful to a clear understanding of the facts in issue where his conclusions are not the product of reliable principles and methods. His bases of opinion are unreliable where he has never used Design Compiler and he did not review the Customer Defendants' design files. |
| 4 | Exhibit 9 | Ricoh's Expert Report of Marios Papaefthymiou on Infringement by Matrox, dated June 23, 2006. | FRE 701, 702, 703. Dr. Papaefthymiou's expert report is not helpful to a clear understanding of the facts in issue where his conclusions are not the product of reliable principles and methods. His bases of opinion are unreliable where he has never used Design Compiler and he did not review the Customer Defendants' design files. |
| 5 | Exhibit 12 | Edward Dwyer Deposition Transcript dated July [sic April] 27, 2006. | FRE 401 & 402. Not relevant to propositions for which it is cited. |

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY JUDGEMENT

-5-

HOWREY LLP

DM_#8390726.V1

| | | | | |
|---|---|---|---|---|
| | 6 | Exhibit 13 | Second Supplemental Product Declaration of Eric Boisvert of Matrox Electronic Systems, dated May 10, 2006. | This is a compound exhibit consisting of at least six separate and distinct documents, not including attachments. The exhibit includes declarations from many persons other than Eric Boisvert. |
| | 9 | Exhibit 29 | Ricoh's Final Infringement Contentions. | FRE 802.  Objectionable to the extent that Ricoh is relying on it as "evidence."  Ricoh repeatedly cites to the FICs and says that the documents cited within the FICs support their arguments, but they did not submit copies of most of the underlying documents.  Synopsys and the Customer Defendants reserve the right to make further objections to the contents at trial. |
| | 10 | Exhibit 30 | DesignWare Technical Bulletin – Oct 97 (RCL 003371-3378). | FRE 901; FRE 1004.  The best evidence of how the Design Compiler program functions is the source code to which Ricoh has had access for more than a year, not an unauthenticated document with no corroborating testimony as to what it contains. |
| | 11 | Exhibit 37 | [E]-mail from P. Kasenenko, secretary to Denise De Mory, counsel for Defendants to me and to D. De Mory, dated August 21, 2006. | FRE 901. FRE 401 & 402.  Not relevant. |
| | 12 | Exhibit 40 | Deposition Transcript of M. Papaefthymiou Deposition Transcript, dated August 11, 2006. | FRE 701, 702, 703.  Dr. Papaefthymiou's testimony is not helpful to a clear understanding of the facts in issue where his conclusions are not the product of reliable principles and methods.  His bases of opinion are unreliable where he has never used Design Compiler and he did not review the Customer Defendants' design files. |
| | 13 | Exhibit 41 | U.S. Patent No. 5,696,771. | FRE 401 & 402.  This patent is not relevant to the proposition for which it is cited. |
| | 14 | Exhibit 42 | U.S. Patent No. 6,601,024. | FRE 401 & 402.  This patent is not relevant to the proposition for which it is cited. |
| | 15 | Exhibit 52 | Darringer Ph.D. Thesis. | FRE 901.  FRE 401 & 402.  Not relevant to the proposition for which it is cited. |
| | 16 | Exhibit 69 | "Database and Cell Selection Algorithms for VLSI Cell libraries" - Foo/Takefuji (FOO 408- | FRE 401, 402, & 403.  This document post dates Dr. Foo's involvement with Dr. Kobayashi, is not relevant, and its probative value is substantially |

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT

-6-

HOWREY LLP

DM_#8390726.V1

|  | | | |
|---|---|---|---|
|  |  | 420). | outweighed by the danger of unfair prejudice. |
| 17 | Exhibit 70 | Under the hood of compile. | FRE 901; FRE 1004. The best evidence of how the Design Compiler program functions is the source code to which Ricoh has had access for more than a year, not an unauthenticated document with no corroborating testimony as to what it contains. |
| 18 | Exhibit 71 | KBSC check registers. | FRE 901: Handwritten material with no identification of author(s). FRE 401 & 402. Not relevant, particularly to proposition for which it is cited. |
| 19 | Exhibit 72 | Employment/Consulting Agreement (KBSC 2626-2629). | FRE 901: This exhibit includes two distinct documents as one exhibit. Neither document is signed, and one document is not dated. FRE 401 & 402. Not relevant. |
| 20 | Exhibit 73 | "Welcome to R&D at Synopsys, dated 4/18/91, (SP 68723-8730). | FRE 901; FRE 1004. The best evidence of how the Design Compiler program functions is the source code to which Ricoh has had access for more than a year, not an unathenticated document with no corroborating testimony.. FRE 401 & 402. Not relevant to the proposition for which it is cited. |
| 21 | Exhibit 74 | Documents Bates numbered RCL 001372-1955; 2055-2119. | FRE 901. These documents are written predominantly in Japanese and no translation is provided. RCL1372-1389 and RCL1475-1489 were not authenticated by Mr. Oka during his deposition. FRE 401 & 402. Not relevant. |
| 22 | Exhibit 75 | Foo e-mail (FOO 215). | FRE 401 & 402. Not relevant. |
| 23 | Exhibit 76 | Ricoh's Supplemental Responses to Matrox International Corp.'s Interrogatories 3-11, 27 and 33, dated 7/25/06. | FRE 802. Ricoh's unverified interrogatory responses are hearsay, and no exception applies. |
| 24 | Exhibit 77 | AMIS RTL Handoff Flow (DEF 0018686-689). | FRE 401, 402 & 403. Not relevant. |
| 25 | Exhibit 78 | ESNUG 267, which is a document taken from a Synopsys' Users Group web site, and bates numbered RCL 011420-423. | FRE 802: Hearsay. There is no indication that Synopsys is associated with this document. The website address is http://www.deepchip.com. Indeed, the forum's host states "This here ain't no ones opinion 'cept my own." FRE 401 & 402. Not relevant. Concerns Synopsys' Behavior Compiler product. |
| 26 | Exhibit 81 | [E]-mail from E. Andelman | FRE 901. FRE 401, 402 & 403. Not |

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT

-7-

HOWREY LLP

DM_#8390726.V1

| | | | | |
|---|---|---|---|---|
| | | | to K. Brothers, dated August 29, 2006. | relevant. FRE 408. |
| 27 | | Exhibit 92 | DesignWare Building Block IP User Guide (SP 71009-1100). | FRE 901; FRE 1004. The best evidence of how the Design Compiler program functions is the source code to which Ricoh has had access for more than a year, not an unauthenticated document with no corroborating testimony as to what is contains. FRE 401 & 402. Not relevant to the proposition for which it is cited. |
| 28 | | Exhibit 93 | sot_tricks.txt | FRE 802. Hearsay. Ricoh relies on the descriptions of SOT tricks in the document, but it's unclear who wrote the document or when.<br>FRE 901; FRE 1004. The best evidence of how the SOT tricks function is the source code, more than a year, not an unauthenticated document with no corroborating testimony as to what it contains. |
| 29 | | Exhibit 94 | Transcript of September 12, 2005 Meet and Confer (Tape 2). | FRE 401 & 402. Not relevant. Also incomplete because only tape 2 is included as an exhibit. |
| 30 | | Exhibit 95 | Library of Congress Webpage (http://www.loc.gov/about/). | FRE 901. FRE 401 & 402. Not relevant. |
| 31 | | Exhibit 96 | [E]-mail from K. Brothers to T. Corbin, dated September 14, 2005, memorializing a stipulation between the parties. | FRE 408. This email constitutes an inadmissible offer to compromise. FRE 401 & 402. Not relevant. |
| 32 | | Exhibit 97 | U.S. Patent No. 5,778,169. | FRE 401 & 402. This patent is not relevant to the proposition for which it is cited. |
| 33 | | Exhibit 3 to Soderman Declaration. | Cell Library Data Book. | FRE 802. Hearsay. FRE 901. While MGI produced this document, there is no indication that MGI was the author. A non-party Virtual Silicon Technology, Inc. owns the copyright. It is not clear what technology libraries it pertains to. |

**B.    TESTIMONIAL EVIDENCE**

| Objection No. | Deponent | Motion No. | Page No. of Motion | Transcript Citation | Objection |
|---|---|---|---|---|---|
| 34 | Papaefthymiou Ex. 40 | 1 | 10, 12, 14, 19 | 89 | FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 35 | Papaefthymiou Ex. 40 | 1 | 14 | 88 | FRE 601 & 602. Lack of personal |

**HOWREY LLP**

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY JUDGEMENT

-8-

DM_#8390726.V1

| # | Deponent / Exhibit | | | Pages | Objection |
|---|---|---|---|---|---|
| | | | | | knowledge, lack of foundation. |
| 36 | Papaefthymiou Ex. 40 | 1 | 15 | 25-26 | FRE 901; FRE 1004. Oral evidence of a writing. |
| 37 | Papaefthymiou Ex. 40 | 1 | 19 | 111 | FRE 802. Hearsay. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 38 | Hanford Ex. 43 | 1 | 18 | 52-53 | FRE 401 & 402. Not relevant. Cumulative. FRE 601 & 602. Ms. Hanford is in marketing and lacks insufficeint personal knowledge and foundation for providing a definition of RTL. |
| 39 | Gregory Ex. 44 | 1 | 18 | 164 | FRE 401 & 402. Not relevant. Cumulative. |
| 40 | K. Pieper Ex. 45 | 1 | 18 | 41 | FRE 401 & 402. Not relevant. Cumulative. |
| 41 | Tran Ex. 46 | 1 | 18 | 20-21 | FRE 401 & 402. Not relevant. Cumulative. |
| 42 | Adams Ex. 18-19 | 1 | 18 | 18-19 | FRE 401 & 402. Not relevant. Cumulative. |
| 43 | Zepter Ex. 48 | 1 | 18 | 17 | FRE 401 & 402. Not relevant. Cumulative. |
| 44 | Milliken Ex. 49 | 1 | 18 | 224 | FRE 401 & 402. Not relevant. Cumulative. |
| 45 | Chiappini Ex. 50 | 1 | 18 | 81 | FRE 401 & 402. Not relevant. Cumulative. |
| 46 | Kalyanpur Ex. 51 | 1 | 18 | 12 | FRE 401 & 402. Not relevant. Cumulative. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 47 | Packer Ex. 79 | 1 | 18 | 23-26, 39-40, 55-59, 103-104 | FRE 401 & 402. Not relevant. Cumulative. |
| 48 | Takada Ex. 57 | 3 | 2 | 22-23 | FRE 802. Hearsay. Mr. Takada states that he had never heard directly the information conveyed |
| 49 | Takada Ex. 58 | 3 | 3 | 222 | FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 50 | Ozeki Ex. 24 | 3 | 5 | 143-44, 148-149 | FRE 802. Hearsay. FRE 601 & 602. |

HOWREY LLP

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY JUDGEMENT

-9-

DM_#8390726.V1

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Lack of personal knowledge, lack of foundation. |
| 51 | Oka Ex. 64 | 3 | 2 | 434-35 | FRE 802. Hearsay. FRE 401 & 402. Not relevant. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 52 | Kobayashi Ex. 23 | 3 | 2 | 367-68 | FRE 802. Hearsay. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 53 | Warren Ex. 60 | 6 | 5 | 22-25 | FRE 401 & 402. Not relevant for the proposition it is intended to support. |
| 54 | Lipscomb Ex. 10 | 7 | 7, 15, 17 | 33-35 | FRE 802. Hearsay. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 55 | Lipscomb Ex. 10 | 7 | 15 | 42-43 | FRE 802. Hearsay. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 56 | Lipscomb Ex. 10 | 7 | 17 | 25-26 | FRE 802. Hearsay. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |
| 57 | Ishijima Ex. 16 | 8 | 3, 4 | 92 | FRE 401 & 402. Not relevant. |
| 58 | Ishijima Ex. 17 | 8 | 3 | 116-117 | FRE 401 & 402. Not relevant. FRE 601 & 602. Lack of personal knowledge, lack of foundation. |

Dated: September 25, 2006            Respectfully submitted,

HOWREY LLP

By:  */s/* _____
     Denise M. De Mory

**HOWREY LLP**

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO RICOH'S EXHIBITS FILED IN SUPPORT OF
RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY
JUDGEMENT

-10-

DM_#8390726.V1