1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO LLP
   1825 Eye Street, NW
3  Washington, DC 20006-5403
   Telephone: (202) 420-2200
4  Facsimile: (202) 420-22019

5  Edward A. Meilman (*Pro Hac Vice*)
   DICKSTEIN SHAPIRO LLP
6  1177 Avenue of the Americas
   New York, NY 10036-2714
7  Telephone: (212) 227-6500
   Facsimile: (212) 227-6501
8
   Jeffrey B. Demain, State Bar No. 126715
9  Jonathan Weissglass, State Bar No. 185008
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
10 177 Post Street, Suite 300
   San Francisco, CA 94108
11 Telephone: (415) 421-7151
   Facsimile: (415) 362-8064
12 Attorneys for
   RICOH COMPANY, LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. CV-03-2289-MJJ (EMC)** <br> **CASE NO. CV-03-4669-MJJ (EMC)** <br><br> **DECLARATION OF KENNETH BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO SYNOPSYS, INC.'S AND DEFENDANTS' DECLARATION OF DENISE M. DE MORY PURSUANT TO CIVIL LOCAL RULE 56-2(b)** |
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants | |

DECLARATION OF KENNETH BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY
OBJECTIONS TO DECLARATIONS AND ATTACHED EVIDENCE FILED IN SUPPORT OF RICOH'S OPPOSITIONS TO MOTIONS FOR
SUMMARY JUDGMENT
CASE NOS. CV-03-2289-MJJ (EMC) and CV-03-4669-MJJ (EMC)

DSMDB-2155438v01

Kenneth Brothers declares that:

1. I am a partner at the law firm of Dickstein Shapiro LLP, counsel of record for Ricoh in the above captioned actions, and have been admitted to practice before this Court for this case. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, could and would testify competently to such facts under oath.

2. I make this Declaration in response to a Declaration of Denise M. De Mory signed September 25, 2006 and filed with this Court under seal (D.I. 678). That Declaration purports to be submitted under Civil Local Rule 56-2 which permits a Summary Judgment motion to be filed if the non-moving party refuses to join in a statement of uncontested facts if accompanied by a separate declaration of counsel explaining why a joint statement was not filed. In this case, however, a joint statement of uncontested facts was filed, and therefore the Declaration was not submitted under Civil Local Rule 56-2 (or any other rule for that matter). There is, therefore, no basis for the De Mory Declaration D.I. 678 under the Local Rules.

3. The De Mory Declaration is an inappropriate attempt to get before the Court contested facts with a misrepresentation that those "facts" can not be "contested." Ms. De Mory's declaration is wrong. For example, she goes so far as to misrepresent a fact statement that she claims to have proposed and that I rejected, when in fact it was exactly the opposite – I proposed it to her, and she rejected it! Now she is claiming that *Ricoh* should have accepted the statement that Ricoh had proposed. Specifically, I proposed the language to which she refers as fact no. 29 (Exhibit B); Ms. De Mory sent me a proposed revision adopting my suggestion verbatim but including my original objection notation. In my 1:26 am email to Ms. De Mory on September 13, I deleted all of the objection notations (Exhibit E), indicating that we had reached an agreement on the proposed language. A true and correct version of my September 13, 2006 email of 1:26 am is attached hereto as **Exhibit E**.

4. The De Mory Declaration is incomplete and misleading with respect to the events leading to the filing of the uncontested fact statement. On Monday, September 11, 2006, at 1:08 pm Pacific time (4:08 pm Eastern time), Ms. De Mory sent me a proposed Joint Stipulation. A true and correct version of the proposed Joint Stipulation is attached hereto as **Exhibit A**. The filing deadline for that fact

1  statement was midnight (PT) on Tuesday, September 12.  Ms. De Mory's proposed fact
2  statement contained 85 paragraphs, but no supporting citations or other explanation of the source of the "facts."
3  Due to the untimely delivery of the proposed statement of facts, Ricoh's counsel was given only 29
4  hours (and nine business hours) to review the statement, identify, locate and check the sources, analyze
5  the accuracy, respond to the proposed statement, negotiate regarding the differences, and agree on the
6  final content of the Joint Stipulation.

7       5. After I received Ms. De Mory's initial proposal after 4 pm ET, I and eight other Ricoh
8  attorneys worked through the night to review the proposal and to prepare detailed comments.  Those
9  detailed comments were conveyed to Ms. De Mory the next morning before noon Pacific time.  A true
10 and correct version of this response is attached hereto as **Exhibit B**.  Over the following 12 hours, the
11 parties engaged in extensive meet and confer sessions lasting several hours to try to reach an agreement;
12 many of the parties' disagreements were resolved as a result.  At 11:10 pm ET on September 12, Ms. De
13 Mory sent me a new proposal which contained extensive edits and new language.  A true and correct
14 version of Ms. De Mory's email of 11:10 pm is attached hereto as **Exhibit C.**

15      6. I immediately reviewed this new proposal, and noted that it contained numerous new
16 proposals, numerous new citations of references which were alleged to support what was set forth, but
17 failed to include many of the agreements which I had understood had been reached during the prior
18 hours of negotiations.  For the next two plus hours – from 11:10 pm to 1:26 am – I worked with six
19 other Ricoh attorneys to review and respond to this new proposal, exchanging more than 100 emails
20 (including more than a dozen with Ms. De Mory).  At 11:54 pm ET I sent Ms. De Mory an email in
21 which I pointed out this state of affairs, that it was unreasonable to expect the newly proposed "facts" to
22 be reviewed and verified at such a late hour, and that we intended to end the Joint Statement effort in
23 about a half-hour.  A true and correct version of my 11:54 pm email is attached hereto as **Exhibit D**.
24 Nevertheless, for another 2 hours I and six other Ricoh attorneys reviewed and, to the extent possible,
25 agreed with the proposals made by Ms. De Mory.  Finally, at 1:26 am ET on September 13, after more
26 than 30 continuous hours of effort, I sent Ms. De Mory an e-mail with a detailed response to all of her
27 proposals.  (**Exhibit E**).  In that email, I also pointed out that Ricoh's counsel had not been able to look

at many of the new references which had been just cited nor had sufficient time to verify that prior comments had been incorporated into the draft.  I also told Ms. De Mory in my 1:26 am e-mail that, as the joint statement had to be filed in 90 minutes, and given the late hour, it was too late to do any more revision work.

7. The so-called "facts" in Ms. De Mory's Declaration fall into the following categories: (a) language which Ricoh actually proposed but which Defendants now claim they proposed and Ricoh rejected, (b) "facts" which were not accurate and where Defendants rejected Ricoh's efforts to make them accurate, (c) disputed statements where Ricoh had explained to Defendants why they were disputed, (d) an eleventh hour attempt to foist a rose colored re-interpretation of the facts on Ricoh without a meet and confer, (e) statements which are incomprehensible and (f) various combinations of the foregoing.

8. Attached hereto as **Exhibit F** is a summary of the De Mory Declaration proposed facts, the supposed source material from which the fact was derived and Ricoh's response to that proposed fact. The numbered paragraphs are in the same order as in Ms. De Mory's Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 10, 2006 at Washington, D.C.

/s/ Kenneth W. Brothers
Kenneth W. Brothers

DECLARATION OF KENNETH BROTHERS IN SUPPORT OF RICOH'S RESPONSE TO SYNOPSYS, INC.'S AND DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS AND ATTACHED EVIDENCE FILED IN SUPPORT OF RICOH'S OPPOSITIONS TO MOTIONS FOR SUMMARY JUDGMENT
CASE NOS. CV-03-2289-MJJ (EMC) and CV-03-4669-MJJ (EMC)  Page 4

DSMDB-2155438v01

**EXHIBIT D**

## Brothers, Kenneth

| | |
|---|---|
| **From:** | Brothers, Kenneth |
| **Sent:** | Tuesday, September 12, 2006 11:54 PM |
| **To:** | 'DeMory, Denise' |
| **Cc:** | Barbisch, Rebecca; Allen, DeAnna; olivere@dicksteinsharpiro.com; Meilman, Edward; Weinstein, Michael |
| **Subject:** | RE: Proposal Regarding Objected To Evidence |

Denise:

This is fine, except don't refer to "customer defendants".

Your last draft received at after 11 pm ET has included a lot of new facts. We simply can't review and verify them all before the deadline. I'll do what I can, but it is unreasonable for you to expect that we can reasonably meet and confer at this late hour. I intend to sign off at about 12:30 am; statements that we have not accepted by that time will simple be disputed for the reasons previously stated.

Regards, Ken

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Tuesday, September 12, 2006 11:49 PM
**To:** Brothers, Kenneth
**Cc:** Barbisch, Rebecca; Allen, DeAnna; olivere@dicksteinsharpiro.com; Meilman, Edward; Weinstein, Michael
**Subject:** Proposal Regarding Objected To Evidence

Ken:

I wanted to get the document off to you, so I am sure you noted that I did not segregate out the "objected to" but undisputed motion.

I propose the following.

Heading: Statement of Undisptued Facts Re Motion _____

List all facts to which we have agreed that do not fall into the objected to category.

Heading: Statement of Undisputed Facts Re Motion _____ To Which There Are Evidentiary Objections

    With regard to the following facts, either Ricoh, on the one hand, or Synopsys and the Customer Defendants, on the other hand, object that the facts, although undisptued, are either legally irrelevant or otherwise not admissible. Specific objections to these facts and the evidence suporting for these facts have either already been included in the parties respective filings, and/or will be included in evidentiary objections filed in advance of the hearing.

Fact. [Objecting Party: Identify].

Please let me know if this is acceptable.

Regards,

10/10/2006

Denise

-------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be co
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for

10/10/2006