1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO LLP
   1825 Eye Street, NW
3  Washington, DC 20006-5403
   Telephone: (202) 420-2200
4  Facsimile: (202) 420-2201

5
   Edward A. Meilman (*Pro Hac Vice*)
6  DICKSTEIN SHAPIRO LLP
   1177 Avenue of the Americas
7  New York, NY 10036-2714
   Telephone: (212) 227-6500
8  Facsimile: (212) 227-6501

9
   Jeffrey B. Demain, State Bar No. 126715
10 Jonathan Weissglass, State Bar No. 185008
   ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
11 177 Post Street, Suite 300
   San Francisco, CA 94108
12 Telephone: (415) 421-7151
   Facsimile: (415) 362-8064
13
   Attorneys for
14 RICOH COMPANY, LTD.

15
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., | ) |
| Plaintiff, | ) CASE NO. C-03-4669-MJJ (EMC) |
|  | ) C-03-2289-MJJ (EMC) |
| vs. | ) |
| AEROFLEX INCORPORATED, et al., | ) **RICOH'S MOTION FOR LEAVE TO FILE A** |
|  | ) **SURREPLY IN OPPOSITION TO** |
| Defendants | ) **DEFENDANTS' MOTION FOR RULE 11** |
|  | ) **SANCTIONS** |
| SYNOPSYS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| RICOH COMPANY, LTD., | ) |
| Defendant. | ) |

RICOH'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)

2155419.01

Ricoh hereby requests leave to file a Surreply in response to Defendants' reply in support of their Motion for Rule 11 Sanctions. Defendants begin and end their reply brief with a lie. Defendants open with the false accusation that Ricoh directed its expert to compromise his professional integrity (Def. Reply at 2) and close by falsely claiming that it never learned of Ricoh's position on the proper application of the Court's claim construction until May, 2006 (Def. Reply at 13, 14). These arguments, briefly summarized below, and several other arguments, are raised for the first time in Defendants' reply. For these reasons, Ricoh requests leave to file its proposed Surreply, attached hereto at Brothers Dec. Ex. 1.

**Defendants knew of Ricoh's position for more than a year ago.** Defendants falsely state that "Defendants' first real insight into Ricoh's theory came from Ricoh's Settlement Conference Statement served in May of 2006." (Def. Reply at 13). This argument, raised for the first time in Defendants' reply, is completely contradicted by the record, which unequivocally shows that Defendants' had notice of Ricoh's position on RTL since, at the latest, May 2, 2005, *more than seventeen months ago*. In a letter dated April 24, 2005, Synopsys, in a letter by its in-house counsel, acknowledged that register transfer level descriptions as defined by Darringer was a factual issue. (Oliver April 24, 2005, Ltr., Brothers Dec. Ex. 2 at 1-2.) In a letter dated May 2, 2005, Ricoh clearly placed Defendants and Synopsys on notice of its theory that Defendants infringe by using RTL other than as taught by Darringer, and that the question of what Darringer teaches and whether Design Compiler accepts inputs other than as taught by Darringer will be an issue resolved at trial. (Takiguchi May 2, 2005, Ltr., Brothers Dec. Ex. 3 at 2.)

In two other joint letters filed more than one year ago, Ricoh repeated its position. (See August 30, 2005, Joint Ltr. to Chen (D.I. 326), Brothers Dec. Ex. 4 at 25-26, September 16, 2006, Joint Ltr. to Chen (D.I. 334), Brothers Dec. Ex. 5 at 1.) Ignoring this record, and without any supporting evidence, Defendants baldly state in their reply brief (at page 13) that their "first real insight into Ricoh's theory came from Ricoh's Settlement Conference Statement served in May of 2006." Defendants provide no evidence for their statement, however, because they cannot; Defendants have been caught in a lie.

**Defendants' accusation that Ricoh had no expert opinion prior to the retention of Dr. Papaefthymiou is baseless.** Defendants appear to base their entire Motion for Rule 11 Sanctions on

RICOH'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
CASE NO. CV-03-4669-MJJ (EMC) and CV-03-2289-MJJ (EMC)

2155419.01

nothing more than a hunch, asserting that Ricoh did not form its position on RTL from Dr. Papaefthymiou and, therefore, Ricoh could not have had any basis for its position on RTL.  Defendants spend more than three pages personally attacking Dr. Papaefthymiou's qualifications, his credibility, and even his professional integrity, all without a shred of evidence.  (See Def. Reply at 7-10).  Defendants explicitly accuse Ricoh and its counsel, without evidence, of taking "deliberate steps" to find an (allegedly) unqualified expert to seek "an (unreasonable) opinion from an expert in order to find some (unreasonable) basis on which to continue the litigation."  (Def. Reply at 8).

　　　　This wild conjecture is premised on the false assumption that Ricoh's other expert on infringement, Dr. Soderman, disagreed with Ricoh's position.  Defendants ignore the fact that Dr. Soderman *agrees* with Dr. Papaefthymiou's opinion, and that Ricoh has also employed a number of non-testifying experts in this case.  Ricoh's reliance on its experts was and continues to be entirely reasonable.  *See Integral Systems, Inc.,* 1991 U.S. Dist. LEXIS 20878, *55 (N.D. Cal. 1991) ([I]t is an extraordinary case where the [expert] report is so lacking in validity or reliability that it is an abuse of professional responsibility to submit it at all."); *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993) ([R]eliance on [an expert's] conclusions by the attorney is reasonable, even in light of contradictory expert conclusions.")  Dr. Papaefthymiou's opinion, that Defendants use inputs that are not RTL as taught by Darringer, is objectively reasonable.  It is therefore objectively reasonable for Ricoh's counsel to rely on that opinion.

Defendants' Rule 11 motion should be denied for the reasons set forth in Ricoh's proposed surreply and in its Opposition. For the reasons discussed above, Ricoh requests entry of its proposed surreply.

Dated: October 10, 2006

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Attorneys for
RICOH COMPANY, LTD.

RICOH COMPANY, LTD.

By: /s/ Kenneth W. Brothers
Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-1526
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036-2714
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>            Plaintiff,<br>    vs.<br><br>AEROFLEX INCORPORATED, et al.,<br><br>            Defendants. | **CASE NO. C-03-4669-MJJ (EMC)**<br>**CASE NO. C-03-2289 MJJ (EMC)**<br><br>**[PROPOSED] ORDER ON RICOH'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS** |
| SYNOPSYS, INC.,<br><br>            Plaintiff,<br>    vs.<br><br>RICOH COMPANY, LTD.,<br><br>            Defendant. | |

After having given due consideration to Ricoh's Motion for Leave to File a Surreply, Defendants' Opposition, and any reply, it is HEREBY ORDERED that

Ricoh's Motion is GRANTED.

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2006