| | |
|---|---|
| 1 | Teresa M. Corbin (SBN 132360) |
| | Denise M. De Mory (SBN 168076) |
| 2 | Jaclyn C. Fink (SBN 217913) |
| | HOWREY LLP |
| 3 | 525 Market Street, Suite 3600 |
| | San Francisco, California 94105 |
| 4 | Telephone: (415) 848-4900 |
| | Facsimile: (415) 848-4999 |
| 5 | |
| | Attorneys for Plaintiff SYNOPSYS, INC. |
| 6 | and for Defendants AEROFLEX INCORPORATED, |
| | AMI SEMICONDUCTOR, INC., MATROX |
| 7 | ELECTRONIC SYSTEMS, LTD., MATROX |
| | GRAPHICS, INC., MATROX INTERNATIONAL |
| 8 | CORP., MATROX TECH, INC., and |
| | AEROFLEX COLORADO SPRINGS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | | Case No. C03-4669 MJJ (EMC) |
| | Plaintiff, | Case No. C03-2289 MJJ (EMC) |
| vs. | | OPPOSITION TO RICOH'S MOTION FOR LEAVE TO FILE SURREPLY RE MOTION FOR RULE 11 SANCTIONS AGAINST RICOH FOR ASSERTING FRIVOLOUS CLAIMS |
| AEROFLEX INCORPORATED, AMI SEMICONDUCTOR, INC., MATROX ELECTRONIC SYSTEMS LTD., MATROX GRAPHICS INC., MATROX INTERNATIONAL CORP., MATROX TECH, INC., AND AEROFLEX COLORADO SPRINGS, INC. | | Date: October 17, 2006<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Martin J. Jenkins |
| | Defendants. | |
| SYNOPSYS, INC., | | |
| | Plaintiff, | |
| vs. | | |
| RICOH COMPANY, LTD., | | |
| | Defendant. | |

---

**HOWREY LLP**

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
OPP TO RICOH'S MTN FOR LEAVE TO FILE SURREPLY RE
MTN FOR RULE 11 SANCTIONS
DM_US\8399150.v1

Ricoh's motion for leave to file a surreply should be denied.

First, Ricoh's request for leave is based upon the erroneous premise that Defendants raised new arguments in their reply brief. Yet, it is apparent that the two "new" arguments Ricoh alleges Defendants make are not new and were fair responses to arguments advanced in Ricoh's Opposition. *See* Rule 11 Opp. at 6 ("Defendants have known of Ricoh's position . . . *at least since Ricoh submitted its Final Infringement Contentions in March 2006*."); *id.* at 22-23 (Section B entitled "Ricoh's Reliance Upon the Opinion of its Experts is Objectively Reasonable"). Ricoh's motion for leave to file a surreply should be denied, as Defendants' reply brief did precisely what a reply brief should – respond to the arguments made in Ricoh's Opposition. Moreover, Ricoh's motion should be denied because Ricoh could have made each of the arguments it raises now in its Opposition.

Second, Defendants' alleged knowledge of Ricoh's position does not justify leave for the following reasons:

a) Claim construction, including, in particular, the issue of what subject matter was disclaimed by the patentee, is a question of law on which this Court has already ruled; no statement by any lawyer could change this basic premise of patent jurisprudence (which Ricoh does not challenge). Reply at pp. 2:8-4:2.

b) Erik Oliver's letter does not admit that "register transfer level descriptions as defined by Darringer was a factual issue." Mtn. for Leave at 1:14-15. Defendants encourage the Court to review the evidentiary record for itself; it simply does not support Ricoh's assertions. Moreover, it was improper for Ricoh to submit and rely on "FRE 408"communications exchanged exclusively between the parties for any purpose.

c) Rather than supporting Ricoh, the evidence submitted with Ricoh's surreply conclusively demonstrates that no "real insight" into Ricoh's position was provided until May of 2006. Every new document identified by Ricoh simply states that the RTL issue will be resolved at trial or is a question of fact. This does not constitute "real insight." In contrast, Ricoh's expert report (and Settlement Conference Statement) provide "real insight" as well as the evidentiary basis for Rule 11 sanctions: Ricoh's objectively unreasonable decision to ignore or contradict the Court's Claim Construction Order.

d) Even if Defendants understood earlier that Ricoh's ultimate plan was to have an expert opine on a purely legal issue in direct contradiction of the Court's Claim Construction Order, which they did not, that does not excuse Ricoh's violation of Rule 11.

HOWREY LLP

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)
OPP TO RICOH'S MTN FOR LEAVE TO FILE SURREPLY RE
MTN FOR RULE 11 SANCTIONS
DM_US\8399150.v1

-1-

1    Third, Defendants' motion is not premised on any hunch or conjecture about Ricoh's experts.[1]
2 Defendants' Rule 11 motion is based on the fact that Ricoh and its counsel behaved objectively
3 unreasonably by not dismissing this case, or seeking review, reconsideration or clarification, as soon as
4 they discovered that they could not advance an infringement argument consistent with the Court's clear
5 Claim Construction Order, which dictates a finding of noninfringement in this case.

6    Finally, Ricoh and its counsel cannot hide behind experts to avoid Rule 11 sanctions. Ricoh
7 and its counsel hired the expert, directed his efforts, and instructed its expert to opine on something
8 Ricoh and counsel knew to be a purely legal issue. Moreover, it is irrelevant that Dr. Soderman has
9 decided to agree with Dr. Papaefthymiou on the purely legal issue of what is taught in Darringer.[2]
10 What is relevant – and determinative,[3] however, is that Dr. Soderman agrees with Defendants that
11 Defendants' inputs fall within the scope of the disclaimed "RTL as taught in Darringer" as the claim
12 has been construed by the Court.[4] Reply at pp. 6:6-7:5.[5]

13    It is not only reasonable, but expected, that when the Court issues its Claim Construction Order
14 it will be reviewed carefully by the parties and followed. It is not sanctionable for a party to seek
15 clarification or reconsideration of the Court's ruling or even to stipulate to noninfringement based on
16 the ruling and seek appeal. However, it is objectively unreasonable and sanctionable to hire an expert
17 and have that expert offer an opinion that contradicts the Court's Claim Construction Order and to

---

[1] The Court should note the irony inherent in the contrast between Ricoh's arguments. Ricoh argues Defendants have been "caught in a lie" because they should have had "real insight" into Ricoh's theory as of Mr. Takaguchi's letter of May 2, 2005. If Defendants should have had "real insight" (which they did not), then clearly Ricoh and its counsel had such insight – and they had it and decided to proceed long before Dr. Papaefthymiou was hired.

[2] In its expert reports Ricoh clearly relied only on Dr. Papaefthymiou with regard to this claim element. In any event, the analysis would not change regardless of how many paid experts were willing to opine in contradiction to the Court's Claim Construction Order.

[3] The case would need to be dismissed regardless of Dr. Soderman's testimony on this issue. Ricoh's sole expert report on this issue, from Dr. Papaefthymiou, does not include any evidence supporting infringement under the Court's definition.

[4] Defendants have not advanced any new definition of Darringer or made any new noninfringement arguments as the Court is undoubtedly aware, but simply describe the same definition in different words for readability.

[5] Ricoh suggests in its footnote 5 that the inadvertently omitted "CITE" in Defendants' reply represents unsupported facts. This is wrong. The inadvertent missing cite from footnote 8 of the Reply is Brothers Decl. [Docket 622], Ex. 32 (Soderman Tr. at 55:20-21; 78:20-80:13).

HOWREY LLP

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)           -2-
OPP TO RICOH'S MTN FOR LEAVE TO FILE SURREPLY RE
MTN FOR RULE 11 SANCTIONS
DM_US\8399150.v1

1  continue to advocate infringement based on the expert's opinion.  For these reasons, Ricoh's request

2  for leave to file a surreply should be denied, and Rule 11 sanctions should be granted.

3  Dated: October 12, 2006                     Respectfully submitted,

4                                               HOWREY LLP

6                                               By:    */s/Denise M. De Mory*
                                                       Denise M. De Mory
7                                                Attorney for Plaintiff SYNOPSYS, INC.,
                                                 and Defendants AEROFLEX
8                                                INCORPORATED, AMI
                                                 SEMICONDUCTOR, INC., MATROX
9                                                ELECTRONIC SYSTEMS, LTD.,
                                                 MATROX GRAPHICS INC., MATROX
10                                               INTERNATIONAL CORP., MATROX
                                                 TECH, INC., and AEROFLEX
11                                               COLORADO SPRINGS, INC.

**HOWREY LLP**

Case Nos. C03-4669 MJJ (EMC) and C03-2289 MJJ (EMC)     -3-
OPP TO RICOH'S MTN FOR LEAVE TO FILE SURREPLY RE
MTN FOR RULE 11 SANCTIONS
DM_US\8399150.v1