**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

October 16, 2006

The Honorable Edward M. Chen
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94012

      Re:    *Synopsys v. Ricoh Company, Ltd.,*
               **Case No. C03-2289 MJJ (EMC)**
               *Ricoh Company, Ltd. v. Aeroflex, Inc., et al.,*
               **Case No. C03-4669 MJJ (EMC)**

Dear Judge Chen:

      We represent Ricoh in the above-captioned matter. We submit this request for reconsideration or, in the alternative, modification of the Court's Order of October 4, 2006, regarding the continued deposition of Dr. Kobayashi. As required by the Order, the parties engaged in telephonic meet and confers on Friday, October 6, and continued their meet and confer by email (see Exhibit 1). Due to the Defendants' rejection of a telephonic or video deposition, and their refusal to further explore deposition alternatives in Japan or other locations such as Guam or Hong Kong, a mutually agreeable date for the depostion could not be arranged. Dr. Kobayashi had indicated that he could be available for a deposition on October 21 and 22 in the U.S. Territory of Guam, but Defendants refused to consider this and instead insisted that Dr. Kobayashi cancel all of his other business commitments and come to the United States. Dr. Kobayashi has indicitied that his is willing to come to the U.S. for a deposition on November 13 and 14. In light of the fact that Judge Jenkins likely will reschedule the trial at the status conference tomorrow, due to an ongoing criminal trial, we therefore respectfully request reconsideration and modification of the Court's Order.

      The Court's Order was incorrectly based a conclusion of effective control over Dr. Kobayashi, principally on the grounds that he continues to do business with Ricoh. This is incorrect. He is not still doing business with Ricoh. See Exhibit 2, Declaration of Dr. Kobayashi ¶ 3.

      The Court also noted a patent assignment in which Dr. Kobayashi agreed to cooperate and the fact that he had been persuaded in the past to testify and produce documents. In its efforts to persuade him in this instance, Ricoh has pointed out these facts. Ricoh has persuaded Dr. Kobayashi to further testify, as directed by the Court, but the problem remains when and where. He has indicated that interrupting prior made business arrangements to testify in the U.S. before October 23 will severely adversely effect his ability to continue his work in Japan and to continue to provide for his family. Kobayashi Dec. ¶ 4-6.

**DICKSTEIN**SHAPIRO LLP

Hon. Edward M. Chen
October 16, 2006
Page 2

The Court directed that the parties should meet and confer regarding a deposition in Japan, but did not order a specific location for the deposition. The law in Japan requires any deposition in that country must take place at a U.S. Embassy or Consulate. During the meet and confer on October 6, Defendants' counsel said that they had not recently checked on the availability of the U.S. Consulates in Japan, where most of the prior depositions in the case have taken place. Counsel for the parties are aware that rooms frequently become available at the last minute due to cancellations in other matters. Despite the Court's explicit instructions to "determine whether informal deposition arrangements in Japan are possible," Defendants' counsel has taken the position that a deposition in Japan simply will not occur "on such short notice" and refuses to consider it. (Ex. 1).

During the meet and confer, Ricoh's counsel set forth Dr. Kobayashi's other commitments about which it had any knowledge in detail, and explained that he simply could not fly to the U.S. prior to October 23 for deposition. Ricoh sought to explore several alternatives with defendants, including conducting the deposition in Guam, the closest U.S. territory to Japan (where depositions under U.S. law are allowed), or Hong Kong, on October 21 and 22. Defendants' counsel refused to consider any of these options, writing:

> You proposed several alternatives that were not contemplated by Judge Chen's order, that include either less than two days worth of deposition, or alternatively, depositions in locations where we are not familiar with the rules -- including whether or not such depositions can occur, and obtaining visas and translators, court reports, and videographers who can travel on short notice, not to mention siginificant travel time on our part, are not acceptable to us.

(Ex. 1.) Ricoh's counsel was trying to explore all available alternatives, including meeting the obligations set forth in Rule 45 to minimize the burden on third parties. Defendants, however, refused to do likewise.

As set forth in Dr. Kobayashi's declaration, paragraph 4-6, he has business meetings in either Japan or China on October 16, 17, 19, 20 as well as the week of October 23. These meetings were arranged before the continued deposition was requested and not attending them would jeopardize Dr. Kobayashi's livelihood.

Dr. Kobayashi has advised us that he is willing to travel the U.S. and sit for a deposition in San Francisco on Monday, November 13 and Tuesday, November 14. Ricoh requests that the Order be modified to reflect this schedule. Ricoh is of course willing to work with Defendants so that any deposition designations will be considered timely submitted within ten days of the completion of the deposition.

There is no prejudice to Defendants in having the deposition on November 13 and 14, especially since the trial date likely will be continued. After this Court issued its order on Ocrober 4, Judge Jenkins sua sponte cancelled a hearing on motions set for October 17, and instead scheduled a status conference at 2 p.m. October 17. Counsel for the parties have discussed the fact that Judge Jenkins is currently trying a 12 week criminal case that will overlap

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

Hon. Edward M. Chen
October 16, 2006
Page 3

with the scheduled November 27 trial date. Counsel for the parties expect the Court to set a new schedule at the status conference. In view of these facts, Ricoh respectfully requests that the October 4 Order be reconsidered or modified as set forth in the proposed order attached as Exhibit 3.

                          Respectfully submitted,

                          By: /s/ Kenneth W. Brothers
                               Kenneth W. Brothers
                               Counsel for RICOH COMPANY, LTD

DSMDB-2158295v01

**EXHIBIT 1**

### Brothers, Kenneth

**From:** Brothers, Kenneth
**Sent:** Monday, October 09, 2006 6:00 PM
**To:** Smith, Brian
**Cc:** Andelman, Ethan; Fink, Jacky; 'DeMory, Denise'
**Subject:** RE: Meet and Confer Regarding Kobayashi Deposition

Brian:

Thank you for returning my call to Denise. During our call, I advised you that Dr. Kobayashi had indicated that he was willing to come to the U.S. on November 13 and 14. You rejected that proposal, and said that we were at an impasse. I regret that we have not been able to resolve this without having to involve the Court yet again.

Given that we are at an impasse, I am not going to respond to Denise's intemperate email other than to note my disagreement. We will submit our motion for clarification or reconsideration by letter brief in the next couple of days.

Regards,

Ken Brothers
Dickstein Shapiro LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Monday, October 09, 2006 3:42 PM
**To:** Brothers, Kenneth
**Cc:** Andelman, Ethan; Fink, Jacky; Smith, Brian
**Subject:** RE: Meet and Confer Regarding Kobayashi Deposition

Ken:

The problem is that you have continued to play games, and it has signifcantly adversely impacted our clients. Leaving aside the issue of when all this information showed up including Dr. Kobayashi's notebooks which you have obviously had for a long time, which is a major issue, and the unnecessary costs that we have already incurred in forcing you to turn over this information, which is another major issue, plus the issue of the tapes, which remains another outstanding issue, you could have obtained this scheduling information from Dr. Kobayashi long ago -- and certainly before you forced us to spend the money to obtain a Court order. Instead, you refused to do so, instead claiming that you could only communicate with him through an intermediary. Now, you are his champion, and expect that we will can move things around at will during an intense period of trial preparation to accomodate his needs and incur significant last minute travel and legal expenses. This whole situation is unacceptable and is of your making. We were not ordered to re-check availability, which you could have done if it was really important to you. In addition, as you well know you've already indicated that Dr. Kobayashi does not have two days available in Japan. Even if he did have the time avaialble and there has been a cancellation since we checked when we submitted the lettter, you also know we could not all get Visas and arrange to have translators and videographers available in Japan on such short notice.

Please indicate immediately whether or not you intend to comply with Judge Chen's order. We have complied.

Regards,

10/9/2006

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
**Sent:** Monday, October 09, 2006 11:12 AM
**To:** DeMory, Denise
**Cc:** Andelman, Ethan; Fink, Jacky; Smith, Brian
**Subject:** RE: Meet and Confer Regarding Kobayashi Deposition

Denise:

Your summary of our meet and confer is incomplete. You told me that you had not recently checked with any of the other consulate offices in Japan to see if there had been any cancellations. We are both aware than last minute cancellations are relatively frequent; nevertheless, your refusal to look into this suggests that you are not interested in having Dr. Kobayashi's deposition proceed in Japan.

I advised you that, contrary to your representation to the Court, Dr. Kobayashi is not doing business with Ricoh.

Your summary also ignores the detailed information that I provided to you with respect to Dr. Kobayashi's schedule. I advised you that in connection with Dr. Kobayashi's new business, he has several long-scheduled meetings with corporations in Japan during the week of October 16, and he is unable to cancel those meetings. I also advised you that Dr. Kobayashi has a week of meetings in China beginning on October 23, which likewise cannot be cancelled.

I proposed that the parties explore the possibility of conducting a deposition of Dr. Kobayashi in Guam, the nearest U.S. Territory to Japan, or perhaps in Hong Kong, over the weekend of October 21 and 22; U.S. depositions can be held in both of these locations. You have refused to consider that alternative.

I also advised you that Dr. Kobayashi would have more time available in November, and was willing to consider coming to the U.S. for a deposition at that time. You likewise have refused to consider that alternative.

The theme of your email is that Ricoh is refusing to comply with Judge Chen's order. This is not correct. Ricoh has not refused to produce Dr. Kobayashi as a witness. We are simply advising you of Dr. Kobayashi's schedule. We do not understand your refusal to accommodate Dr. Kobayashi's schedule. We ask that you reconsider the alternatives as set forth above so we can avoid burdening the Court with further motions practice on this matter.

Regards,

Ken Brothers
Dickstein Shapiro LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Friday, October 06, 2006 7:51 PM
**To:** Brothers, Kenneth
**Cc:** Andelman, Ethan; Fink, Jacky; Smith, Brian

10/9/2006

**Subject:** RE: Meet and Confer Regarding Kobayashi Deposition

Ken --

This confirms our meet and confer today. Judge Chen ordered us to meet and confer about whether or not a deposition could take place in Japan. We both agree that it cannot happen, and in any event, you have now informed us that Dr. Kobayashi is not available for two days in Japan. The only other option addressed in Judge Chen's order was that he appear in the United States before October 23; you indicated that you would not be able to comply with that aspect of Judge Chen's order.

You proposed several alternatives that were not contemplated by Judge Chen's order, that include either less than two days worth of deposition, or alternatively, depositions in locations where we are not familiar with the rules -- including whether or not such depositions can occur, and obtaining visas and translators, court reports, and videographers who can travel on short notice, not to mention siginificant travel time on our part, are not acceptable to us. Alternatively, you have agreed to produce Dr. Kobyashi in November (you could not commit to dates). This is too late. Thus, in view of the lack of feasibility of the Japan as a location for the deposition, we must continue to insist that the deposition take place in the United States before October 23, 2006 in compliance with Judge Chen's order.

Regards,

Denise

---

**From:** Brothers, Kenneth [mailto:BrothersK@dicksteinshapiro.com]
**Sent:** Friday, October 06, 2006 5:23 AM
**To:** DeMory, Denise
**Cc:** Andelman, Ethan; Fink, Jacky; Smith, Brian
**Subject:** RE: Meet and Confer Regarding Kobayashi Deposition

Denise:

I am available from 11 am to noon ET, and again from between 2 and 4 pm. Please advise when you will call. It would be beneficial if you could advise us before or during the call whether you have checked with the embassy and all of the consulates to see if they have any cancellations or slots available.

Regards, Ken


Ken Brothers
Dickstein Shapiro LLP

---

**From:** DeMory, Denise [mailto:demoryd@Howrey.com]
**Sent:** Thursday, October 05, 2006 8:16 PM
**To:** Brothers, Kenneth
**Cc:** Andelman, Ethan; Fink, Jacky; Smith, Brian
**Subject:** Meet and Confer Regarding Kobayashi Deposition

Ken:

Please advise when you are available to talk tomorrow regarding whether or not the Kobayashi deposition can take place in Japan in accordance with Judge Chen's order. I am available at any time tomorrow after 8:00 a.m.

10/9/2006

PST.

Regards,

Denise

-------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may be cc
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the con
If you receive this email in error, please notify us by reply email immediately so that we can arrange for


-----------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
===========================================================================================


-----------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com
===========================================================================================

10/9/2006

EXHIBIT 2

1  Gary M. Hoffman (*Pro Hac Vice*)
   Kenneth W. Brothers (*Pro Hac Vice*)
2  DICKSTEIN SHAPIRO LLP
   1825 Eye Street, NW
3  Washington, DC 20006-5403
   Telephone: (202) 420-2200
4  Facsimile: (202) 420-2201 ←

5  Edward A. Meilman (*Pro Hac Vice*)
   DICKSTEIN SHAPIRO LLP
6  1177 Avenue of the Americas
   New York, NY 10036-2714
7  Telephone: (212) 227-6500
8  Facsimile: (212) 227-6501 ✗

9  Jeffrey B. Demain, State Bar No. 126715
   Jonathan Weissglass, State Bar No. 185008
10 ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
   177 Post Street, Suite 300
11 San Francisco, California 94108
   Phone (415) 421-7151
12 Fax (415) 362-8064

13 Attorneys for Ricoh Company, Ltd.

14              UNITED STATES DISTRICT COURT
15              NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION
16
   RICOH COMPANY, LTD.,              )
17                                    )
             Plaintiff,               )  CASE NO. C-03-2289-MJJ (EMC)
18                                    )
       vs.                            )  CASE NO. C-03-4669-MJJ (EMC)
19                                    )
   AEROFLEX INCORPORATED, et al.,     )  DECLARATION OF HIDEAKI KOBAYASHI
20                                    )
             Defendants               )
21 _____  )
   SYNOPSYS, INC.,                    )
22                                    )
             Plaintiff,               )
23                                    )
       vs.                            )
24                                    )
   RICOH COMPANY, LTD.,               )
25                                    )
             Defendant.               )
26                                    )
                                      )
27 _____  )
28

Hideaki Kobayashi declares under penalty of perjury that,

1. I am a citizen and resident of Japan. I am one of the inventors of the patent-in-suit and have been previously deposed twice in this case.

2. Through Brian Bershader, I was made aware that an additional deposition of me was desired. It was pointed out to me that I had made an obligation to cooperate with Ricoh and I was being requested to appear for an additional deposition. While I believe that I fully satisfied my obligations already, I advised Ricoh through Mr. Bershader that I was voluntarily willing to be deposed once again but it was not possible for me to arrange to do so in the United States before November 13, 2006.

3. I have received a copy of the Court's Order of October 4, 2006 and reviewed it. I see that the Court believes that I am under the effective control of Ricoh because I have a "business relationship" with that company. The "business relationship" related to activities effecting China and ended in June, 2006; neither I nor the company that I am involved with is currently doing any business with Ricoh. I also note that the Court mentioned an Assignment in which I agreed to cooperate with Ricoh and that I provided documents to Ricoh. I have respected that arrangement in the past. However, I cannot allow my voluntary assistance to prevent my ability to work and make a living.

4. Although I was a legal resident of the U.S. in the 1980's and much of the 1990's, I returned to Japan to live and work many years ago. My ability to provide for myself and my family is presently based mainly on the success of an internship/workforce development program through a Japanese company known as Knowledge Edge. The program involves arranging for promising Chinese engineering students to intern during their senior year through Knowledge Edge's Chinese subsidiary company in order to, upon graduation, work on our Japanese clients' off-shore operations in China or at operations in Japan. While the company has legally existed for some time, the internship/workforce development program is still in its infancy (started about 2 years ago) and the company cannot afford to make any mistakes or miss opportunities at this critical stage of the program. There is no one else at the

CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)
DECLARATION OF HIDEAKI KOBAYASHI   Page 2

company who can effectively substitute for me in meetings with potential business partners.

5. I note the Court indicated I should appear for a continued deposition by October 23. I cannot because of the following schedule, all of which was arranged prior to the time I was advised that a continued deposition was being requested. I have a meeting scheduled in Dalian, China with a general manager of a Chinese company on Monday, October 16. I return to Tokyo on Tuesday, October 17 for staff meetings on Wednesday. Wednesday evening I am scheduled to fly to Beijing to make an important meeting with a general manager of another Chinese company on Thursday, October 19 in Beijing. After this meeting, I am scheduled to fly to Chengdu to meet with the R & D director of Knowledge Edge's prime customer on Friday, October 20. I am also scheduled to spend Saturday with this individual and his colleagues, if not Sunday too. On Monday, October 23 I am scheduled to continue to meet with them in preparation for October 24's introductory meetings with several key contacts of mine at the local government's Hi-Tech Park facility in Chengdu. Similarly, during October 25 and 26, I'm scheduled to receive the same general manager mentioned in regard to October 16 for preparation and meetings with my contacts in Chengdu Hi-Tech Park. On Friday I am scheduled to fly back to Tokyo by way of Shanghai, an entire day's travel time. It took quite a great deal of time to arrange these meetings and if cancelled, they will be extremely difficult to reschedule in a timely manner, thus hurting my company's prospects considerably. I do not know when, if ever in some cases, I would be able to reschedule them.

6. While I am willing to be deposed, I cannot do so in a way which interferes with my livelihood and the ability to provide for my family. I have previously advised counsel for Ricoh (and now reconfirm) that if arrangements could be made in Japan or a location very close to Japan, I could make myself available for deposition on October 21, 2006 and much of the day on October 22, 2006 (until I need to leave for China). However, if the location of the deposition is any significant distance from Tokyo, I simply cannot be available.

CASE NOS. C-03-2289-MJJ (EMC) & CV-03-4669-MJJ (EMC)
DECLARATION OF HIDEAKI KOBAYASHI   Page 3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed in Shanghai, China this 11th of October 2006.

Hideaki Kobayashi

EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br> vs. <br><br> AEROFLEX INCORPORATED, et al., <br><br> Defendants. | **CASE NO. C-03-4669-MJJ (EMC)** <br> **CASE NO. C-03-2289 MJJ (EMC)** <br><br> **[PROPOSED] ORDER ON RICOH'S REQUEST FOR RECONSIDERATION** |
| SYNOPSYS, INC., <br><br> Plaintiff, <br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | |

After having given due consideration to Ricoh's request for reconsideration, and Defendants' response, it is HEREBY ORDERED that

Ricoh's request is GRANTED. The continued deposition of Dr. Kobayashi is hereby set for November 13 and 14, 2006, in San Fransisco, California, at a site to be agreed upon by the parties.

SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____, 2006