

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Denise M. De Mory**
Partner
T 415.848.4983
F 415.848.4999
demoryd@howrey.com
File 06816.0060.000000

October 20, 2006

Hon. Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102

    Re:    ***Synopsys v. Ricoh Company, Ltd.*,**
           **Case No. C03-2289 MJJ (EMC)**
           ***Ricoh Company, Ltd. v. Aeroflex, Inc., et al.*,**
           **Case No. C03-4669 MJJ (EMC)**

Dear Judge Jenkins:

       Synopsys and the Customer Defendants respectfully submit this response to Ricoh's letter dated October 23, 2006.

       The Court's instructions at the status conference were clear. The Court instructed Synopsys and the Customer Defendants to choose two motions at the conference, or to submit a letter by October 20, 2006 identifying the two motions to be argued on December 12, and to send a copy to Mr. Brothers so that he knew what to prepare for the hearing. Synopsys and the Customer Defendants complied with these instructions.

       In addition, the Court indicated that it would defer the Rule 11 Motion until after the Rule 56 Motions were heard, and also might take up some of the issues addressed in the other summary judgment motions *in limine*. Thus, there was no request to withdraw motions, and they are all appropriately still pending.[1]

       Finally, Synopsys and the Customer Defendants did not file over 200 pages of briefing, but in fact filed only a total of 115 pages. Of that 115 pages, Synopsys and the Customer Defendants now request that they now be permitted to submit a subset of the issues presented in motions 1-4 and 6. To eliminate any ambiguity, Synopsys and the Customer Defendants' proposal is described precisely below.

---

[1] The only exceptions are that judgment should be entered against Ricoh on willfulness and against Aeroflex on its affirmative defense of authorization and consent.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON
LOS ANGELES  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC
DM_US\8403038.v1

**HOWREY**

Hon. Martin J. Jenkins<br>
October 20, 2006<br>
Page 2

The first motion would be directed exclusively to noninfringement. It would be comprised solely of issues where Ricoh has taken a position that either ignores or contradicts the claim construction or plain language of the claims, including Motion 1 (RTL/Element D) plus three issues from Motion 6 (other elements).[2] With regard to these elements, the dispute is purely a question of law – if Synopsys and the Customer Defendants are right, the issues must be resolved in their favor. This motion comprised of unedited briefing, as set forth in footnote 2, is 24 pages long.

The second motion would primarily be directed to invalidity, but would request, in the alternative, judgment of noninfringement. The first two issues addressed in the second motion, Motion 4 (Kowalski) or in the alternative, Issue II B 3 from Motion 2,[3] relate to another situation in which Ricoh has ignored the claim construction and moreover has taken inconsistent positions. This motion would request additionally that the patent be invalidated under 102(f) because of the failure to identify a named inventor (from Motion 3). This motion, edited to eliminate three pages of duplicative law and facts (such as a second recitation of claim 13 and of the summary judgment standard), is 24 pages long.

Respectfully submitted,

/s/

Denise M. De Mory<br>
Counsel for Plaintiff Synopsys Inc.<br>
and the Customer Defendants

DMD:sg<br>
Enclosure

---

[2] Issues III B (Design Compiler is not used by Defendants to design an ASIC), II C 1 (Design Compiler does not store a set of definitions), and III F (Element E is not practiced ), comprised of 5 pages of Motion 6 (page 6, line 25 – page 10, line 19 and page 14, line 6 – page 15, line 6).

[3] Motion 4, as filed, was 12 pages, plus about five pages from Motion 2 (Page 2, lines 7-11; page 4, lines 9 – 21; page 5, lines 18-19; page 9, lines 7-16; page 10, line 12 – page 13, line 17, and page 15, lines 22-28).