Gary M. Hoffman (*Pro Hac Vice*)
Kenneth W. Brothers(*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Phone (202) 420-2200
Fax (202) 420-2201

Edward A. Meilman (*Pro Hac Vice*)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Phone (212) 277-6500
Fax (212) 277-6501

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, California 94108
Phone (415) 421-7151
Fax (415) 362-8064

Attorneys for Plaintiff And Declaratory
Judgment Defendant Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INC., et al., <br><br> Defendants. <br><hr> SYNOPSYS, INC., <br><br> Plaintiff, <br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. CV 03-4669-MJJ (EMC)** <br><br> **CASE NO. CV-03-2289- MJJ (EMC)** <br><br> **RICOH'S BRIEF IN OPPOSITION TO DEFENDANTS' AND SYNOPSYS' RENEWED MOTION TO STAY** |

The Aeroflex defendants and Synopsys (collectively "Defendants") have seized on a routine process in a patent reexamination – the issuance of an initial office action rejecting the claims of a patent – to justify a fourth motion to stay this case.[1] On April 3, 2006, this Court emphatically rejected Defendants' third motion for a stay, finding a review of all three factors required this case to proceed to trial. (D.I. 419.) Those factors remain applicable to Defendants' renewed motion: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. (D.I. 419, quoting *Cygnus Telecommunications Technology, LLC Patent Litigation*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005), quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).[2]

The Court's rejection of Defendants' third request for a stay explicitly decided this inquiry in favor of Ricoh. Even now, Defendants ignore the first and third factors and the Court's prior decision finding that these favored Ricoh, and in their renewed motion for a stay only submit an argument on the "simplification" factor. In denying the prior motion, the Court recognized that the PTO reexamination would proceed in parallel with the pretrial and trial of this case. Thus, the Court determined that it was proceeding with trial despite the ongoing reexamination. During the briefing of the third motion to stay, Ricoh explained that the PTO had granted the petitions without giving Ricoh an opportunity to respond to the allegations, and that Ricoh would not have such an opportunity until the PTO issued its first office action. Because the first office action finally has issued, Ricoh now has the opportunity to explain why the prior art relied upon does not

---

[1] Although Defendants' prior stay motions have failed, they have succeeded in obtaining five different delays in the trial date, which was originally set for late 2004 in the original Delaware Scheduling Order.

[2] This year courts in this district have decided several motions to stay pending reexamination. In *Telemac Corp. v. Teledigital, Inc.*, the only case with similar facts to the present case, a stay was denied because the trial date had been set and because "a lengthy delay would put [plaintiff] Telemac at a clear tactical disadvantage." 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006). In *Boston Scientific Corp. v. Micrus Corp.*, 2006 U.S. Dist. LEXIS 16147, *6 (N.D.Cal. 2006), a stay was denied even before substantial discovery had begun because "a substantial amount of work can be accomplished prior to the final resolution of the PTO reexam."); *cf. Photoflex Prod. Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, *4 (N.D.Cal. 2006) (granting stay only because the litigation was at an early stage and "substantial expense and time" had not been invested.); *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006, U.S. Dist. LEXIS 15754 (N.D.Cal. 2006) (granting stay only because the litigation was in an early stage). In Friday's teleconference, Defendants cited two cases from outside this district in which a stay was granted. Both are factually distinct. In *Broadcast Innovation v. Charter Communications*, a Colorado case, a stay was granted only because (unlike here) discovery was not yet complete and because (unlike Ricoh) "Plaintiffs' legal remedy remains unaffected, and they will have another decade to exploit the '094 patent." 2006 U.S. Dist. LEXIS 46623, *19, *32 (D.Colo. 2006). Similarly, in *Everything for Love.com, Inc. v. Tender Loving Things. Inc.*, there was no trial date (unlike here), and the parties had engaged in lengthy settlement negotiations (here, Defendants have refused to negotiate). 2006 U.S. Dist. LEXIS 56033, *5 (D.Az. 2006).

affect the validity of the claims of the patent. This office action was fully expected – the PTO almost *always* rejects patent claims in a first office action on reexamination. But because only 12% of patents are totally invalidated upon reexamination, it is clear that an initial office action of invalidity is rarely followed by a final office action invalidating all of the claims.[3]

During the reexamination, Ricoh will not make any substantive amendments to any of the claims at issue in the litigation (claims 13-17). In fact, Ricoh intends to submit this Court's claim construction, agree to be bound by it, and explain why, under that claim construction, the cited prior art does not anticipate or render obvious the claims at issue. Ricoh also intends to explain the errors in the petitions, and how the examiner carried them over into the first office action, and show how the claims, as properly construed by the Court, are patentable. Ricoh also may invite its experts to participate in the PTO interviews, and will provide detailed explanations to support its positions, all consistent with the positions Ricoh has taken in the litigation. Ricoh is confident that, after it has been given an opportunity to present this information, the PTO will reissue the patent claims without amendment. As Ricoh explained in greater detail in its prior opposition, however, this reexamination process will likely stretch well into 2008 and beyond.[4] Defendants' strategy is to delay any trial until after the patent lapses, so that the threat of an injunction is eliminated.[5]

Defendants imply that there can only be one more office action, and that then the proceedings at the PTO will be complete. This is incorrect. The PTO can issue as many office actions as it believes are

---

[3] See Hoffman Dec. Ex. 1, US PTO Reexamination Filing Data, June 30, 2005, at ¶ 8. In all reexamination cases since 1981, only about 10% of patents have had all claims invalidated. *Id.* ¶ 9.

[4] Based upon our firm's personal experience in several reexamination proceedings, as well as PTO statistics, the PTO still moves slowly in reexamination proceedings In one recent reexamination proceeding, after granting the request, over one year later the PTO finally acted on the merits of the patent, allowing all of the original claims. (Hoffman Dec. ¶ 2.) In two other reexamination proceedings, after an initial official action rejecting all of the claims, the PTO informally indicated during an interview that all of the original claims appeared to be allowable. In spite of such indication, it still took over well over one more year, after we filed our response, before the PTO took any action; that action indicated the allowance of all of the original independent claims plus two additional claims. (Hoffman Dec. ¶ 3.) In another reexamination, after over one year from when the request was filed, the PTO issued an initial official action, we had an interview and the examiner and his supervisor indicated a likelihood that claims would be allowed; a response was then submitted in June 2006 and we are still waiting for the PTO to act. We have been told that our response is "in the stack of cases to be worked on." We understand that once the examiner works on the case, the file then goes to the stack of a supervisory examiner to be reviewed. (Hoffman Dec. ¶ 4.)

[5] Defendants wrongfully claim that even if trial was to proceed in March, an injunction would not issue because Ricoh is not a competitor with Synopsys in the EDA market, but Ricoh is not accusing Synopsys of infringement. Ricoh makes and sells ASICs and is a competitor with the Aeroflex defendants, and under *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006) would be entitled to an injunction against those actual infringers.

appropriate before the matter is resolved. Each office action takes between 8-12 months to process. Even in the unlikely event that, after the back and forth with Ricoh and its experts, the PTO does not reissue claims 13-17 of the '432 patent and instead rejects the claims in a final office action, Ricoh still has the right to respond. 37 CFR 1.113 ("Reply to a final rejection or action must include cancellation of, or appeal from the rejection of, each rejected claim"); 1.116 (rules governing reply to a final rejection or action); MPEP 2201.[6] The response may lead to a finding that all of the claims are patentable, or a reopening of the patent prosecution. *Id.* Ricoh also has the right to appeal an adverse decision by the Examiner to the Board of Patent Appeals,[7] which may reverse the Examiner, and from there to the Court of Appeals for the Federal Circuit, which may reverse the Board.[8] Ricoh is fully committed to defending and enforcing the patent, and will vigorously do so. Thus, staying the case while it is pending before the PTO is actually an indefinite stay that could last far longer than the four months it would take to proceed to trial and obtain a jury verdict.

As the Court observed during the telephone conference on December 8, the issue is a balancing of the impact of a non-binding initial office action against the three *Xerox* factors, the first and third of which were found to have favored Ricoh. Defendants have presented no new arguments to challenge the Court's findings on the first and third factors. The second factor – simplification – was found to be neutral, and is the only factor now argued by Defendants. As shown below, the PTO's initial office action has no material impact on the Court's original analysis of the three factors.

**Prejudice to Ricoh.** In April 2006, the Court found that Ricoh would be unduly prejudiced by a stay. Defendants have submitted no new information on the issue of prejudice to Ricoh to change the Court's finding. This prejudice has only increased. Ricoh's objective since it initiated this action nearly four years ago has been to sue selected ASIC manufacturers, obtain a verdict, then license the '432 patent to the

---

[6] MPEP 2201 provides Examiners with a helpful flow diagram to introduce reexamination proceedings; the two page flow diagram is attached as Hoffman Dec. Ex. 2.
[7] See 35 U.S.C. § 306; MPEP 2273 ("A patent owner who is dissatisfied with the primary examiner's decision to reject claims in an ex parte reexamination proceeding may appeal to the Board of Patent Appeals and Interferences for review of the examiner's rejection."). There is a significant backlog of appeals at the BPAI and pendency of appeals is often about two years. We are involved in various cases that have been pending before the BPAI for more than two years. (Hoffman Dec. ¶ 5.)
[8] Under MPEP 2279, "[a] patent owner who is not satisfied with the decision of the Board of Patent Appeals and Interferences may seek judicial review." The Board's decision would be appealed to the Court of Appeals for the Federal Circuit. 35 U.S.C. § 141 ("A patent owner . . . dissatisfied with the final decision in an appeal to the Board of Patent Appeals and Interferences under section 134 may appeal the decision only to the United States Court of Appeals for the Federal Circuit").

rest of the industry. The longer that this case is delayed, the less likely it is that Ricoh will be able to protect and enforce its acknowledged patent rights, especially because the patent will expire in 2008. In this instance, justice delayed truly is justice denied.

**Simplification.** The Court found that this factor was neutral, because "reexamination proceedings are unpredictable, and PTO is equally capable of confirming or invalidating Plaintiff's claims." (D.I. 419, at 5.) In fact, the statistics show that it is between two and three times more likely that the patent will be fully confirmed rather than fully invalidated. Hoffman Dec. Ex. 1, ¶ 8. The first office action in no way changes these statistics. Proceeding with trial, and not staying the case, will enhance simplification. Indeed, the PTO is likely to grant deference to the factual findings of this Court because the reexamination of the '432 patent and the Defendant's corresponding invalidity contentions are predicated on the same prior art. MPEP 2286 ("[D]eference will ordinarily be accorded to the factual findings of the court where the evidence before the Office and the court is the same.")

In addition, the PTO has recently articulated a policy that means, as applied to this case, that if the jury finds that the cited prior art does not invalidate the patent, the PTO could find under the doctrine of collateral estoppel that there no longer exists a substantial question of patentability and terminate the reexamination. MPEP 2259 was revised in August of this year to state:

> In situations, where the issue decided in Court did not invalidate claims, but applies in one or more respects to the claims being reexamined, the doctrine of collateral estoppel may be applied in reexamination to resolve the issue.

Defendants have argued that this provision is inconsistent with *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988), but this is *not* accurate. In *Ethicon,* the Federal Circuit ruled that a PTO policy of automatically staying reexamination pending litigation was improper, but that is not the issue here. Nothing in *Ethicon* precludes the PTO from independently applying the doctrine of collateral estoppel. Although the PTO may not be obligated to mechanically apply every judicial finding of validity, it does not follow that the PTO is required to actively disregard a court's underlying factual findings on the same prior art. Indeed, the PTO's own guidelines recommend that "sufficient reasons" should be presented for "claims held valid by the court [to] be rejected in reexamination." MPEP 2286. Ricoh is unaware of any evidence that would constitute a

"sufficient reason" for disregarding the factual findings of this Court, especially because there is no prior art before the PTO that is not also at issue before this Court.[9] Given that the factual findings of this Court with respect to validity of the '432 patent are likely to be afforded deference by the PTO, a stay is inappropriate.

Aware of this fact, Defendants have carefully structured the reexamination and their positions in this case to try to avoid collateral estoppel, even employing a straw man to file the reexamination petitions. Significantly, Defendants have refused to commit to be bound in this litigation by a finding by the PTO that rejects their art. Defendants similarly argue that because the PTO is not bound by this Court's findings, the PTO should ignore them wholesale, despite the PTO's stated policy of deference to those findings. Ricoh predicts that even if Defendants were found to be estopped in this litigation or before the PTO, they likely would seek to reopen discovery and invent fallback arguments. In any event, reexamination will not resolve any issues of infringement or damages, as the Defendants admitted during the December 8, 2006 telephone conference. Reexamination addresses only a small subset of issues in this litigation, while the scheduled trial will address all of the issues in less than four months. This factor tips in Ricoh's favor.

**Whether discovery is complete and whether a trial date has been set.** This factor favored Ricoh before when the Court denied the prior motion for a stay and still strongly favors Ricoh. The claims have been construed. Discovery is closed. The March 12, 2007 trial date is firm. In April of this year, this Court found that this factor "strongly counsels against granting a stay." This is even more true today. Trial has already been postponed five times. Enough is enough.

Proceeding with the trial as scheduled is the fastest, most complete and most efficient avenue to resolve the parties' dispute. A trial – even with an appeal to the Federal Circuit – would be completed faster than the PTO would complete any reexamination, and is the *only* way to ensure that this matter is resolved prior to the expiration of the patent. Retaining the March trial date is the *only* way to ensure the "just, speedy and inexpensive determination" of Ricoh's infringement claims.

---

[9] During the telephone conference on December 8, counsel for Defendants inaccurately stated that the Examiner relied on prior art that was not in the Petitions. In fact, Kowalski '84 and '85 and Mitchell '84 and '85 (see the chart on Page 2 of Defendants' renewed motion for a stay) were all specifically cited in their Petitions. Indeed, Defendants cited a large list of other art in their invalidity contentions, and the Examiner indicated that he looked at these documents.

Dated: December 11, 2006

Jeffrey B. Demain, State Bar No. 126715
Jonathan Weissglass, State Bar No. 185008
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, California 94108
Phone: (415) 421-7151
Fax: (415) 362-8064

Respectfully submitted,

Ricoh Company, Ltd.

By: /s/ Gary M. Hoffman

Gary M. Hoffman
Kenneth W. Brothers
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Edward A. Meilman
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Ricoh Company, Ltd.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICOH COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> AEROFLEX INC., et al., <br><br> Defendants. <br><br>———————————————— <br><br> SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. CV 03-4669-MJJ (EMC)** <br><br> **CASE NO. CV-03-2289- MJJ (EMC)** <br><br> **[PROPOSED] ORDER DENYING RENEWED MOTION TO STAY** |

Upon consideration of the Aeroflex Defendants and Synopsys's Renewed Motion to Stay, and supporting evidence, Ricoh's Opposition, and supporting evidence, and any reply and additional argument, the Court being fully advised of the premises, the Renewed Motion to Stay is HEREBY DENIED.

IT IS SO ORDERED.

Dated: _____                      _____
                                                                                THE HONORABLE JUDGE MARTIN J. JENKINS
                                                                                UNITED STATES DISTRICT COURT JUDGE

DICKSTEIN
SHAPIRO
MORIN &
OSHINSKY
LLP

2184038.01