** E-filed February 10, 2010 **

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. | **CASE NO. C03-02289-JW (HRL)** <br><br> **STIPULATED PROTECTIVE ORDER** <br> **AS AMENDED BY THE COURT** |

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains "Confidential Information."

3. (a) "Confidential Information" includes, but is not limited to, (i) proprietary technical

information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary business and financial information and any other non-public information, the disclosure of which is likely to have the effect of causing significant competitive harm to the disclosing party or party from which the information was obtained. Nothing in this paragraph shall be construed to limit the description of "Confidential Information" set forth in paragraph 2.

(b) Nothing shall be regarded as "Confidential Information" if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure, as evidenced by a written document; or

(iv) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

4. "Qualified Persons," as used herein means:

(a) To the Court and its officers and staff, including court reporters;

(b) Outside attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Outside experts, consultants, advisors or investigators (collectively referred to hereafter as "experts") who have signed an undertaking pursuant to paragraph 5 but only after compliance with the provisions of paragraph 5 below;

(d) To non-party support services including, but not limited to, court reporters, outside copy services, document imaging and database services, design services who have signed confidentiality agreements, jury consultants who have signed confidentiality agreements, mock jurors who have signed confidentiality agreements, and language translators who have signed confidentiality agreements

(including support staff) as may be reasonably necessary in connection with the preparation or conduct of this action;

    (e) Anyone to whom the parties consent in writing; and

    (f) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and opportunity to be heard to all parties.

    5. Prior to the disclosure of any "Confidential Information" to any expert under Paragraph 4(c), counsel for the Party seeking to make the disclosure shall: (i) deliver a copy of this Protective Order as entered to such person, explain its terms to such person, and secure the signature of such person on a written undertaking in the form attached hereto as Exhibit A, and (ii) transmit by facsimile and mail to counsel for the other Parties a copy of the signed Exhibit A, accompanied by a curriculum vitae, at least ten (10) calendar days before any "Confidential Information" designated under this Protective Order is to be disclosed to the signator. The curriculum vitae should identify the general area(s) of expertise of the expert, provide a brief job history, specify all employment, expert or consulting engagements by the expert within the past five (5) years, and state all present or prior relationships between the expert and any entity directly or indirectly involved in this litigation or providing an indemnity to any such entity, its subsidiaries or its affiliates. Any Party may object to the proposed disclosure to an expert within the ten (10) calendar day period following the transmittal of Exhibit A and the curriculum vitae, by stating specifically in writing the reasons why the Party believes such expert should not receive designated "Confidential Information." If during that ten (10) calendar day period a Party makes such a written objection, there shall be no disclosure of "Confidential Information" to the expert absent mutual agreement of the Parties, waiver of the objection as stated below, or further order of the Court. After a Party objects to the proposed disclosure to an expert, the objecting Party shall move, by noticed motion or by ex parte application, for an order that disclosure not be made to such expert within five (5) business days following the date that the objection is made, or the Party's objection shall be deemed waived and disclosure may be made to the expert. The burden shall

be on the objecting Party to establish why the disclosure should not be made. Each Party shall maintain a file of all such signed copies of Exhibit A. However, it shall not be necessary for administrative, secretarial or clerical personnel working for such Qualified Person to sign a written undertaking.

6. (a) Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) with the designation "Confidential."

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

(c) If the document is not in paper form, the producing person or entity shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

7. Discovery responses or other litigation materials may be designated by any party or parties as "Confidential" by marking each page of the response with the designation "Confidential."

8. The designation of information disclosed during a deposition as "Confidential" shall be made either by a statement on the record at the deposition or within twenty (20) calendar days after receipt by counsel of a copy of the deposition transcript. Such designation will be applied to only those portions of the deposition transcript that include a specific question and response or series of questions and responses containing "Confidential Information." The deposition transcript shall be printed in consecutive pages (whether or not some pages are designated as "Confidential") with a marking on the cover of the deposition transcript indicating the "Confidential" designation contained therein. Unless previously designated otherwise, all deposition transcripts shall be treated as "Confidential" in their entirety prior to the end of the twenty (20) calendar day period following receipt by counsel of a copy of the deposition transcript.

9. "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except that nothing herein is intended to prevent individuals who are in-house counsel or a member of the professional legal department of the Parties

from having access to pleadings, briefs and exhibits or declarations filed with the Court and expert reports, including exhibits that are designated as "Confidential."

10. (a) Documents to be inspected shall be treated as "Confidential" although such documents need not be marked as "Confidential" prior to inspection. At the time of copying for the receiving parties, any documents containing "Confidential Information" shall be stamped prominently "Confidential" by the producing party.

(b) Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure or if the Court, after notice to all effected parties, orders such disclosures. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross- examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information," irrespective of which party produced such information. Nothing herein shall prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is a current or former officer, director or employee of the party so designating the information as "Confidential" or of the party that produced the information or of a related entity.

11. If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as "Confidential" under this Order. To the extent such information may have been disclosed to persons other than Qualified Persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to and by such persons.

12. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

Nor will the failure to object be construed as an admission that any particular "Confidential Information" contains or reflects currently valuable trade secrets or confidential commercial information. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the parties are unsuccessful in informally resolving any disputes regarding the designation of any document or information as "Confidential," the Court shall resolve all such disputes. It shall be the burden of the party making any designation to establish that the information so designated is "Confidential" within the meaning of this Protective Order. The "Confidential Information" that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute.

13. The parties may, by written stipulation filed and approved by the Court, amend this Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

14. In the event a party wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this litigation, such "Confidential Information" used therein shall be filed under seal with the Court. In addition to placing documents in a sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the Court, the envelope should be labeled to identify the title of the case, the case number, and the title of the document.

15. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as "Confidential" by a party to this action.

16. If a Party intends to offer into evidence or otherwise disclose in open court any "Confidential Information" designated by another person or entity, counsel for such Party shall notify the designating person or entity that the Party intends to disclose "Confidential Information" in open court prior to the disclosure, so that the designating person or entity may confer with the Court concerning appropriate procedures for protecting its "Confidential Information."

17. In the event any person or party that has possession, custody, or control of any information designated as "Confidential" pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify by mail within five (5) business days of the Party's receipt of the request, the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the "Confidential" treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the "Confidential" treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain "Confidential" treatment of the "Confidential Information" before producing it in the other proceeding or action.

18. If the discovery process calls for the production of information that a Party or Non-Party does not wish to produce because the Party or Non-Party believes its disclosure would breach an agreement with another person or entity to maintain such information in confidence, the disclosing Party or Non-Party promptly shall give written notice to the other person or entity that its information is subject to discovery in this litigation, and shall provide such person or entity with a copy of this Protective Order. When such written notice is given to the person or entity, the disclosing Party or Non-Party will advise the potential receiving Party that such notice has been given. The person or entity

whose information may be subject to discovery shall have ten (10) business days from receipt of the written notice in which to seek relief from the Court, if the person or entity so desires.  If the ten (10) business days elapse without the person or entity seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

19. In the event that additional persons or entities become Parties, none of such Parties' counsel, experts or consultants retained to assist said counsel, shall have access to "Confidential Information" produced by or obtained from any other producing person or entity until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought.  Thus, any non- party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

21. (a) Nothing herein requires disclosure of information, documents or things which the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-product exception.  Nothing herein shall preclude any party from moving this Court for an order directing the disclosure of such information, documents or things.

(b) In the event that any privileged attorney-client or work product documents or things are inadvertently produced for inspection and/or provided, the disclosing party shall identify such documents or things within five (5) days of when it discovers that the privileged materials were inadvertently produced for inspection and/or provided, and either (1) copies shall not be provided, or (2) if copies have already been provided, all copies in the receiving party's possession shall be promptly returned (and not relied upon) by the receiving party. Nothing in this paragraph shall prevent the receiving party from contending that the identified materials are not privileged, that the material was not inadvertently produced, or that privilege was waived for reasons other than mere inadvertent production of the material.

22. Within ninety (90) days after conclusion of this litigation and any and all appeals thereof, any document and all reproductions of "Confidential" documents produced by a party that are in the possession of any Qualified Person shall be returned to the producing party or, with the consent of the producing party, destroyed. If destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within fourteen (14) calendar days of such destruction. Outside counsel for each party may maintain in its files one copy of all material produced as well as all materials filed with or otherwise presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to "Confidential" materials). If counsel retains such materials, the materials which contain Confidential Information shall be accessible only by Qualified Persons defined in paragraph 4(b) above. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation including any subsequent appeals or later proceedings, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders. The Court shall retain jurisdiction to enforce the performance of said obligations.

23. (a) At the election of the Producing Party, a Receiving Party's access to a Producing Party's discoverable source code may be limited to inspection of the code at a secured facility provided by the Producing Party. Such inspection may be conducted only by persons identified in advance by the Receiving Party on a list of "Qualified Inspecting Personnel" which may include:

(1) the Receiving Party's Outside Counsel of record in this action; and

(2) up to three Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order (Exhibit A) and who have been approved pursuant to the "Procedures for Approving Disclosure of 'CONFIDENTIAL' information

9

of Items to 'Experts'" as set forth in paragraph 5.

(b)  The following provisions relate to Synopsys' provision of access to the Source Code for versions of its commercial products:

(1)  Synopsys will make available a closed room at its facility in Bethesda, Maryland for use by Ricoh's Qualified Inspecting Personnel. The room will be set aside for the exclusive use of Ricoh's Qualified Inspecting Personnel and will not be used by Synopsys or any other party when Ricoh's Qualified Inspecting Personnel are not present. The room will be available for a minimum of twelve weeks. After twelve weeks, and after consultation with Ricoh, Synopsys may close the facility pursuant to the procedures described in paragraph 4 below. If the facility is closed, Synopsys agrees to make the source code available for inspection under similar procedures at another date prior to the close of expert discovery.

(2)  Synopsys will equip the closed room with a private phone if a phone jack is already available in the room, a stand-alone, non-networked, computer and high-speed printer. The computer will be loaded with copies of the source code to be produced and utilities required to review the code.  The source code shall include the code which is used by Synopsys and no notes, comments, or any segments shall be removed before being made available.  The computer will be equipped with the text editors available in a standard Unix distribution, suitable for use in editing the source code.  Synopsys will assist Ricoh in loading software that Ricoh may require for analysis of the source code. The computer shall also be loaded with a complete distribution of the Synopsys software that is fully operable and executable.

(3)  Ricoh may print copies of a reasonable subset of the source code for the Synopsys products at issue. Any printing done at the secure facility will be done exclusively on paper supplied by Synopsys. Synopsys may elect to place preprinted confidential designations on the margins of the paper. Ricoh's Qualified Inspecting Personnel are not to bring blank paper into the closed room except for the purpose of making handwritten notes. Synopsys will initially supply Ricoh with 5,000 pages of paper for use with the printer. This figure is based on the estimate that 5,000 pages should be sufficient to print approximately 5% of the source code for Design Compiler. If at any time, Ricoh believes that additional printing and paper is required, Ricoh may submit additional requests for paper to Synopsys with a general statement of the basis of the request.  Synopsys will respond within one week to any such request. If the parties

are unable to come to agreement after conferral, the matter may be presented to the Court. In evaluating requests for paper, the relevant standard to be applied is that Ricoh should be allowed to print hardcopies of a reasonable subset of the Synopsys source code and that what is reasonable shall be evaluated in light of relevance of the code to Ricoh's allegations and Synopsys' interest in preventing release in hardcopy of more than a fraction of its source code.

    (4)    Ricoh will be permitted to send individuals from the list of Qualified Inspecting Personnel to participate in and/or witness the closing of the secured facility. Before closing of the facility, Ricoh's representatives may provide a list of procedures that they wish to perform to ensure that any electronic record of their use of the machine has been erased.

    (c)    The Receiving Party will provide the Producing Party with a copy of its list of "Qualified Inspecting Personnel" no later than 5 business days before any person on the list attempts to access the secured facility. The Receiving Party may revise the list to add or remove individuals, provided that no more than a total of three Experts are ever provided with access to the source code during the entire course of the litigation absent an agreement by the parties or a Court Order to expand this number.

    (d)    Any notes taken or any other information created by Outside Counsel or the experts of the Receiving Party at or based on any inspection of the source code shall be treated as "CONFIDENTIAL" under this Protective Order.

24. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential Information" produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential Information" produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

25. The Court shall retain jurisdiction to enforce the terms of this order for six (6) months after the final termination of this action.

Dated: March 23, 2004                    HOWREY SIMON ARNOLD & WHITE, LLP

                                              /s/ Christopher L. Kelley
                                              Teresa M. Corbin, Esq.

| | |
|---|---|
| | Christopher Kelley, Esq.<br>Erik K. Moller, Esq.<br>Attorneys for Plaintiff SYNOPSYS, INC.<br>301 Ravenswood Avenue<br>Menlo Park, CA 94025<br>Telephone: (650) 463-8100<br>Facsimile: (650) 463-8400 |
| Dated: March 23, 2004 | DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP<br><br>/s/ Kenneth W. Brothers<br>Kenneth W. Brothers, Esq. (*pro hac vice*)<br>Attorneys for Defendant RICOH COMPANY, LTD.<br>2101 L Street NW<br>Washington, DC 20037<br>Telephone: (202) 785-9700<br>Facsimile: (202) 887-0689 |

**ORDER**

**SO ORDERED** this 24th day of March, 2004.

/s/
Magistrate Judge Edward M. Chen

**SO ORDERED** this 10 th day of February, 2010.

Hon. Judge ~~James Ware~~ Howard R. Lloyd
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SYNOPSYS, INC., <br><br>    Plaintiff, <br><br>vs. <br><br>RICOH COMPANY, LTD., <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) **CASE NO. C03-2289-JW (HRL)** |

## UNDERTAKING

My name is _____. I hereby acknowledge that I have been provided with a copy of, have read, and am fully familiar with, the terms of the Stipulated Protective Order entered in this action on_____, **2010**. I agree to be bound by, and to comply fully with, the terms of the Stipulated Protective Order. I agree not to disclose or disseminate any "Confidential Information," as defined by the Stipulated Protective Order, except as permitted therein.

I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California, **San Jose** Division in connection with the enforcement of the Stipulated Protective Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____, **2010**.

_____