United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Ricoh Company Ltd. Patent Litigation | NO. C 03-02289 JW<br>**ORDER DENYING DEFENDANT RICOH COMPANY LTD.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Presently before the Court is Defendant Ricoh Company Ltd.'s ("Ricoh") Motion for Leave to File Motion for Reconsideration of April 15, 2010 Order.[1] The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b).

**A.    Background**[2]

Ricoh is the owner of U.S. Patent No. 4,922,432 ("the '432 Patent"). On January 21, 2003, Ricoh sued six of Plaintiff Synopsys, Inc.'s ("Synopsys") customers ("Customer Defendants"),[3] all of who designed and manufactured computer chips using Synopsys' software, in the District of Delaware, alleging infringement of process claims in the '432 Patent. On June 5, 2003, after assuming the defense of its customers pursuant to indemnification agreements, Synopsys filed this declaratory judgment action, asserting non-infringement and invalidity of the '432 Patent and U.S.

---

[1] (hereafter, "Motion," Docket Item No. 699.)

[2] A complete background of the technology is provided in the Court's April 7, 2005 Claim Construction Order. (Docket Item No. 229.) For the purpose of this Order, the Court only recites relevant portions of the background.

[3] Customer Defendants are Aeroflex Incorporated, Aeroflex Colorado Springs, Inc., AMI Semiconductor, Inc., Matrox Electronic Systems, Ltd., Matrox Graphics, Inc., Matrox International, Inc., and Matrox Tech, Inc.

Patent No. 5,197,016, also owned by Ricoh. The original Delaware action was then transferred to this District and later consolidated with Synopsys' declaratory judgment action. (See Docket Item No. 548.)

On April 15, 2010, the Court granted Synopsys and Customer Defendants' Motion for Summary Judgment of Noninfringement of the '432 Patent. (hereafter, "April 15, 2010 Order," Docket Item No. 698.) In its Order, the Court construed the "storing" step of Claim 13 of the '432 Patent, which it had not previously construed.[4] The Court construed the "storing" step to mean:

> **storing a set of rules into an expert system knowledge base for selecting hardware cells to perform the actions and conditions, which is a different process than storing the knowledge base itself.**

## B. Standards

Civil Local Rule 7-9(a) provides as follows:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> In doing so, the moving party must specifically show the following:
>
> (1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

## C. Discussion

---

[4] The "storing" step states "storing in an expert system knowledge base a set of rules for selecting hardware cells to perform the actions and conditions." (See April 15, 2010 Order at 2, 8.)

2

Ricoh moves for leave to file a motion for reconsideration of the Court's April 15, 2010 Order on the grounds that (1) the Court erred in granting summary judgment because prior to its construction of the "storing" step in the April 15, 2010 Order, Ricoh was unable to compare that claim element to the Customer Defendants' infringing practices, and (2) the Court failed to consider material facts presented by Ricoh prior to the Order showing that Customer Defendants practiced the "storing" step. (Motion at 1.) Synopsys and Customer Defendants (collectively, "Synopsys") oppose the Motion on the grounds that it is frivolous and fails to meet the requirements for leave.[5] Synopsys also requests that the Court award it attorney fees and costs incurred in responding to Ricoh's Motion. (Id. at 6.)

The Court rejects Ricoh's contention that granting summary judgment was improper in light of the Court's new construction of the "storing" step. The Court noted in its April 15, 2010 Order that the construction of the "storing" step was a matter in dispute between the parties and was properly before the Court on summary judgment. (See April 15, 2010 Order at 5 n.9.) The Court found that "under the undisputed evidence, no reasonable jury could find that Customer Defendants perform the 'storing' step of Claim 13." (Id. at 9.) Ricoh contends that the Court's construction created an issue of material fact that precluded summary judgment. (Opposition at 2.) However, the cases cited by Ricoh are distinguishable. For example, Ricoh relies on Electro Scientific Indus., Inc. v. Dynamic Details, Inc., which stated that "a change in the claim construction at the appellate level generally necessitates a remand to the district court to resolve any new factual issues raised by the new claim construction." 307 F.3d 1343, 1350 (Fed. Cir. 2002). Ricoh also relies on Fin Control Sys. Pty, Ltd. v. OAM, Inc., which stated that "the district court's *sua sponte* grant of summary judgment of invalidity and unenforceability was procedurally improper because it did not provide the parties with adequate notice or an opportunity[] to present evidence and argument in opposition to the motion." 265 F.3d 1311, 1321 (Fed. Cir. 2001). In contrast to those cases, the Court's April

---

[5] (See Synopsys and Customer Defendants' Opposition to Ricoh's Motion for Leave to File a Motion for Reconsideration of April 15, 2010 Order at 1, hereafter, "Opposition," Docket Item No. 702.)

15, 2010 was certainly not "a change in the claim construction at the appellate level" and the parties had notice that construction of the "storing" step was at issue—it was raised in the motion for summary judgment, addressed in Ricoh's opposition to that motion, and addressed at the hearing on the motion. (See April 15, 2010 Order at 5 n.9; Opposition at 2-3.)

Moreover, Ricoh's new declaration from its expert, created after the Court's April 15, 2010 Order, does not present any new material facts that warrant leave for reconsideration. Although Ricoh contends that its expert has "reexamined the infringement issue" in light of the construction of the "storing" step, the Court finds the expert's new position to be nearly identical to his opinion before the Court on summary judgment. (See Motion at 2-3.) As before, Ricoh's expert opines that "the Customer Defendants' acts of installing and running the Design Compiler software meet the 'storing' limitation as claimed."[6] This is precisely the position that the Court rejected when it construed the "storing" step as ". . . a different process than storing the knowledge base itself." Thus, the Court finds that Ricoh has not presented any new material facts warranting leave to file a motion for reconsideration.

The Court also rejects Ricoh's contention that the Court failed to consider material facts before it on summary judgment. Ricoh contends that it presented evidence, through its expert, that Customer Defendants practiced the "storing" step. However, the Court considered and rejected this position in its April 15, 2010 Order. (See April 15, 2010 Order at 8-9.) As such, Ricoh improperly repeats arguments that it made to the Court in opposing the motion for summary judgment. See Civ. L.R. 7-9(c). Thus, the Court finds that Ricoh has not shown that leave is warranted.

Accordingly, the Court DENIES Ricoh's Motion for leave to file a Motion for Reconsideration.

---

[6] (Motion at 3; Declaration of Donald Soderman in Support of Ricoh's Motion for Leave to File a Motion for Reconsideration and in Support of Ricoh's Motion for Reconsideration of April 15, 2010 Order ¶ 12, hereafter, "Soderman Decl.," Docket Item No. 700.) Dr. Soderman also opines that "[t]he Court's construction . . . is inconsistent with the description of the claimed invention as a whole. It further goes against the overall teachings of the '432 patent . . . ." (Id. ¶ 14.) The Court finds that this does not raise any new material fact warranting leave.

4

The parties are currently scheduled to appear for a Case Management Conference on May 17, 2010. Pursuant to the Court's Order, the parties have duly submitted a Joint Case Management Statement. In their Joint Statement, the parties stipulate that: "[i]f the court does not grant Ricoh's motion for leave and its motion for reconsideration, then the parties agree that the Court should enter final judgment on Ricoh's patent infringement claim." (See Docket Item No. 701 at 2.) Synopsys and Customer Defendants also represent that they will stipulate to dismiss their counterclaims without prejudice. (Id.)

In light of this Order and the parties' stipulation, the Court VACATES the scheduled May 17, 2010 Case Management Conference.[7] On or before **May 21, 2010**, the parties shall file a joint Proposed Judgment, which shall include Synopsys and the Customer Defendants dismissal of their counterclaims.

Dated: May 12, 2010

JAMES WARE
United States District Judge

---

[7] Accordingly, Ricoh's Motion to Appear by Telephone is DENIED as moot. (Docket Item No. 706.)

5

**United States District Court**
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian A. E. Smith smithbrian@howrey.com
Daniel J. Bergeson dbergeson@be-law.com
DeAnna Dahlyce Allen allend@dsmo.com
Denise M. De Mory demoryd@howrey.com
Donald P. Gagliardi dgagliardi@be-law.com
Edward A. Meilman MeilmanE@dicksteinshapiro.com
Eric Oliver OLIVERE@DSMO.COM
Erik Keith Moller invalidaddress@myrealbox.com
Ethan B. Andelman ethan.andelman@nxp.com
Gary M. Hoffman HoffmanG@dicksteinshapiro.com
Henry C. Su suh@howrey.com
Hway-Ling Hsu hhsu@be-law.com
Jaclyn C. Fink finkj@howrey.com
Julie M. Holloway jholloway@wsgr.com
Kenneth W. Brothers BrothersK@dicksteinshapiro.com
Matthew Greinert greinertm@howrey.com
Matthew E. Hocker hockerm@howrey.com
Michael A. Berta mberta@wsgr.com
Richard Gregory Frenkel rfrenkel@wsgr.com
Ron Eleazer Shulman rshulman@wsgr.com
Teresa M. Corbin corbint@howrey.com
Terrence J.P. Kearney tkearney@wsgr.com

**Dated: May 12, 2010**            **Richard W. Wieking, Clerk**

                                   **By:    /s/ JW Chambers
                                           Elizabeth Garcia
                                           Courtroom Deputy**