RON E. SHULMAN, State Bar No. 178263
rshulman@wsgr.com
TERRY KEARNEY, State Bar No. 160054
tkearney@wsgr.com
RICHARD G. FRENKEL, State Bar No. 204133
rfrenkel@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff SYNOPSYS, INC.
and for Defendants AEROFLEX INCORPORATED,
AMI SEMICONDUCTOR, INC., MATROX
ELECTRONIC SYSTEMS, LTD., MATROX
GRAPHICS, INC., MATROX INTERNATIONAL
CORP., MATROX TECH, INC., and
AEROFLEX COLORADO SPRINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE RICOH COMPANY LTD. PATENT LITIGATION | CASE NO.: C 03-02289 JW<br><br>**SYNOPSYS'S AND CUSTOMER DEFENDANTS' OPPOSITION TO RICOH'S ADMINISTRATIVE MOTION TO STRIKE DEFENDANTS' RESPONSE TO RICOH'S BILL OF COSTS OBJECTIONS**<br><br>Judge: Hon. James Ware<br>Courtroom: 8, 4th Floor |

1 Synopsys, Inc. and its customers, Aeroflex, AMI and Matrox (collectively, "Defendants")
2 respectfully oppose Ricoh Company, Ltd.'s ("Ricoh") motion to strike Defendants' Response to
3 Ricoh's Opposition to the Bill of Costs ("Response") and the DeMory Declaration in support
4 thereof.  Ricoh's motion is contrary to the local rules and this Court's practice and is an
5 inefficient use of the Court's and the parties' resources.

6 Prior to the filing of Ricoh's motion to strike, Defendants already informed Ricoh that
7 instead of troubling the Court with motion practice, it should file a reply to Defendants'
8 Response, and Defendants would not oppose the filing of a reply.  *See* Declaration of Richard
9 Frenkel in Support of Synopsys's and Customer Defendants' Opposition to Ricoh's
10 Administrative Motion to Strike ("Frenkel Decl.") ¶ 6 & Ex. B.  Defendants explained that the
11 Response was proper under L.R. 54-4, which authorizes the Clerk to consider additional
12 submissions and furthers the goal of presenting information to the Clerk up front, so that the
13 Clerk may tax costs in an accurate manner.  Defendants also explained that a similar process was
14 followed in *In re Acacia Media Technologies*, No. 5:05-cv-1114, in which the Clerk taxed costs
15 after the filing of numerous responses to objections to bill of costs (Dkt Nos. 393, 396-403).  *See*
16 Frenkel Decl. ¶ 4 & Ex. B.

17 The precise procedure proposed by Defendants was followed in *Am. Color Graphics, Inc.*
18 *v. Travelers Property Cas. Ins. Co.*, No. 04-3518, 2007 WL 832935, at *2 (N.D. Cal. Mar. 19,
19 2007), in which the plaintiff filed a bill of costs, the defendant filed objections, the plaintiff filed
20 an amended bill of costs, and the defendant filed further objections.  Subsequently, the defendant
21 opposed the plaintiff's amended bill of costs as untimely, arguing that a bill of costs must come
22 within 14 days of judgment.  *Id.*  The Court rejected this argument as it "would seem to conflict
23 with Local Rule 54-4(a)."  *Id.*  In fact, the Court found that amendments to a bill of costs "are
24 ***common*** in federal court" and thus proceeded to consider the amended bill of costs.  *Id.*
25 (emphasis added).

26 Ricoh—like the defendant in *Am. Color Graphics*—claims Defendants should have
27 anticipated all of Ricoh's objections and submitted all of their evidence for the bill of costs
28 within 14 days of judgment.  Ricoh's suggestion is impractical.  Defendants could not have

known what objections Ricoh may have to its bill of costs.  Defendants only became informed of Ricoh's objections when Ricoh met and conferred with Defendants—which was done only a few days before Ricoh's objections were due and well after Defendants filed their bill of costs.  Had Defendants anticipated every possible objection, Defendants' opening bill of costs would have been over-inclusive, including additional declarations and exhibits in anticipation of potential objections that Ricoh might not even make.  Ricoh cites no authority in support of its position.  The one case it cites, *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005), says nothing about the ***procedure*** for submitting the bill of costs.  Accordingly, Defendants' submissions were proper and were designed to help the Clerk understand the basis for Defendants' bill of costs.[1]

There is no reason why Ricoh could not have agreed to Defendants' suggestion that Ricoh submit a reply to Defendants' Response, rather than moving to strike it.  As stated above, Defendants do not oppose allowing Ricoh to file a reply.  Alternatively, if the Court is inclined to grant the motion to strike, Defendants hereby respectfully seek leave to file the Response, for the reasons stated above.

Respectfully submitted,

Dated: July 20, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ Richard G. Frenkel
         Richard G. Frenkel

Attorneys for Plaintiff SYNOPSYS, INC. and for the Customer Defendants

---

[1] Mr. Kenneth Brothers, counsel for Ricoh, stated that Ricoh called the Court Clerk and Judge Ware's Clerk to discuss whether Defendants' Response was properly filed.  *See* Frenkel Decl. ¶ 3 & Ex. A.  Defendants believe that it was improper for Ricoh to make this call without inviting Synopsys to participate to explain its reasoning.  *See* Frenkel Decl. ¶ 4.  After learning of Ricoh's *ex parte* communication with the clerks, Defendants requested that Ricoh and Defendants make a joint telephone call to the Clerk, so that Defendants could explain why their submission was proper under L.R. 54-4 and avoid unnecessary motion practice before the Court.  But Mr. Brothers refused.  *See* Frenkel Decl. ¶ 5.  He later attempted to recharacterize his refusal but still provided no reason why the parties could not have tried to work this out informally with the Clerk, rather than involve the Court with the present wholly unnecessary motion for administrative relief.  *See* Frenkel Decl. ¶ 7 & Ex. C.