DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

KENNETH W. BROTHERS (*Pro Hac Vice*)
brothersk@dicksteinshapiro.com
GARY M. HOFFMAN (*Pro Hac Vice*)
hoffmang@dicksteinshapiro.com
DICKSTEIN SHAPIRO, LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

Attorneys for Plaintiff and Declaratory Judgment Defendant
RICOH COMPANY, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE RICOH COMPANY, LTD. PATENT LITIGATION | Case No. 03-CV-02289 JW (HRL)<br><br>**RICOH'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STAY TAXATION OF COSTS PENDING APPEAL**<br><br>Date: October 4, 2010<br>Time: 9:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge: Hon. James Ware |

## I. NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Ricoh Company, Ltd. ("Ricoh") will and hereby does move the Court for an order staying the taxation of costs, objecting to the taxation of costs, and requesting judicial review of the costs allowed by the Clerk on August 17, 2010 (D.I. 734) without supersedeas bond pending appeal. Declaratory judgment plaintiff Synopsys, Inc. (collectively "Defendants") oppose this motion. Ricoh's motion to stay is based on the accompanying Memorandum, a Declaration of Kenneth W. Brothers, and all pleadings and papers that are of record and are on file in this case. Ricoh's objections to the taxation of costs and request for judicial review of the costs allowed by the Clerk are based on Ricoh's Motion for Review of Clerk's Taxation of Costs filed concurrently herewith, a Declaration of Kenneth W. Brothers, and accompanying documents. A proposed order is included with this motion. For the reasons stated below, this motion to stay should be granted.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION AND STATEMENT OF FACTS

On April 15, 2010, this Court granted Synopsys' Motion for Summary Judgment. D.I. 698. On June 10, 2010, Defendants filed their Bill of Costs seeking nearly $1.4 million in costs. D.I. 710. Ricoh filed a notice of appeal on June 23, 2010. D.I. 714. The appeal is currently pending before the United States Court of Appeals for the Federal Circuit ("Federal Circuit") with the opening brief due on August 31, 2010. Ricoh filed its Opposition to the Bill of Costs on July 1, 2010. D.I. 717. On July 9, 2010, Defendants filed a revised Bill of Costs seeking about $1.2 million in costs. D.I. 723. Pursuant to the Court's Order of July 26, 2010 (D.I. 731), Ricoh filed its Opposition to the revised Bill of Costs on August 6, 2010. D.I. 732. The Clerk taxed costs in the amount of $855,107.69 on August 17, 2010.

Ricoh respectfully requests that this Court exercise its discretion to stay the taxation of costs pending Ricoh's appeal before the Federal Circuit without supersedeas bond pending appeal. Alternatively, Ricoh moves for review of the Clerk's Order for Costs based on Ricoh's Motion for Review of Clerk's Taxation of Costs filed concurrently herewith.

The Court should exercise its discretion to stay the taxation of costs for three reasons. First, Ricoh has made a strong showing that it is likely to succeed on the merits and a stay of taxation at this time acknowledges that the grounds justifying the bill of costs may be reversed on appeal.  Second, public interest favors staying taxation of costs given the pending appeal, and serve the interests of judicial economy.  Third, the significant amount of costs allowed by the Clerk represents a serious burden to Ricoh and any allegation of prejudice or hardship resulting from the delay by the Defendants does not outweigh Ricoh's burden and the benefits of a stay.

**B.     LEGAL STANDARDS**

In determining whether to issue a stay pending appeal, courts consider the following factors "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

It is common for a losing party to request a district court to stay taxation of costs pending appeal, and it is clearly established that "[t]he taxing of costs, except as otherwise provided by statute, rests largely in the sound discretion of the trial court." *Green Const. Co. & Kansas Power & Light Co.*, 153 F.R.D. 670, 674-75 (D. Kan. 1994); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (finding the Court has broad discretion to stay proceedings as an incident to its power to control its own docket); *Glaxo Group Limited v. Apotex, Inc.*, 272 F.Supp.2d 772, 778 (N.D. Ill. 2003) (exercising discretion to stay fee petition until conclusion of appeal).

**C.     ARGUMENT**

The Court should exercise its discretion to stay the taxation of costs because the four factors articulated in *Hilton* weigh heavily in favor of granting the motion to stay.  First, Ricoh has a strong likelihood that it will prevail on appeal  The Federal Circuit reviews the Court's claim interpretation and grant of summary judgment *de novo*, and Ricoh has multiple strong arguments that the Court erroneously construed "storing" to mean "creating," and did not properly consider Ricoh's evidence of infringement.  Second, public interest favors staying

taxation of costs because a stay is efficient and serves the interests of judicial economy. Third, the amount of costs allowed by the Clerk is significant and burdensome; any allegation of prejudice or hardship resulting from the delay by the Defendants does not outweigh Ricoh's burden and the benefits of a stay.

### 1. Ricoh will likely succeed on the merits

Defendants' entitlement to costs depends on whether the Court of Appeals for the Federal Circuit affirms the decision on the merits. The Federal Circuit reviews a district court's claim interpretation *de novo*, without deference. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (*en banc*). Ricoh will request the Federal Circuit to reverse the Court's construction of the third "storing" limitation to mean "creating" because it is not supported by the intrinsic evidence. Even if the Federal Circuit affirms the Court's claim interpretation, the Federal Circuit likely will reverse the grant of summary judgment because Ricoh will show that there is a genuine issue as to material fact. *See* Fed. R. Civ. P. 56(c). "Any doubt as to the existence of any issue of material fact requires denial of the motion." *Omega Engineering, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1320 (Fed. Cir. 2003).

### 2. Public interest favors staying taxation of costs

A stay is in the public interest because it would conserve judicial resources and avoid the possibility that Defendants are overcompensated for this case in the event that Ricoh is successful on appeal. If Ricoh prevails on appeal, any award of costs from this Court would become moot. If the Federal Circuit reverses or remands even a portion of the decision, the taxation is mooted. Finally, even if Defendants were to prevail on appeal, the Court may consider taxation of costs resulting from the appeal. Therefore, regardless of the outcome on appeal, this Court could just as easily resolve the bill of costs at that time. Instead of duplicating effort on this front, judicial and party resources would be conserved by deferring Defendants' bill of costs until after the appeal on the merits is determined. *See generally Karuk Tribe of California v. United States Forest Service*, No. Civ. 04-4275(SBA), 2006 WL 228943, *3 (N.D. Cal. Jan. 30, 2006) (granting motion to stay because it would promote judicial economy and avoid the risk of overcompensation).

### 3. Any allegation of prejudice or hardship by the Defendants does not outweigh the hardship Ricoh will suffer and the benefits of a stay

Defendants cannot proffer any actual evidence of prejudice or hardship by delaying taxation of costs by less than a year. Ricoh's opening brief for the appeal is due August 31, 2010, and Defendants' appeal brief will likely be due on October 12, 2010. Oral arguments will likely occur sometime in January 2011 and a decision by the Federal Circuit will issue shortly thereafter. When weighed against the benefits of a stay discussed above, and the likelihood of a reversal mooting the significant award of $855,107.69 by the Clerk, any allegation of hardship or prejudice resulting from the short delay by Defendants fails to provide a sufficient basis for denying Ricoh's motion to stay. *See 1st Westco Corp. v. School District of Philadelphia*, 1993 WL 117539, *1 (E.D. Pa. 1993) (staying fee petition pending conclusion of appeal and noting that "[t]o indulge in the prolix task of parsing the plaintiffs' fee petition with the requisite sharp pencil, only to find that that jurisprudential adventure in adjudication turned out to be but an academic exercise, would be the epitome of judicial diseconomy. I do not find that the plaintiffs in this case will suffer undue hardship from having to wait a few months to receive their award of attorneys' fees, should their ultimate entitlement thereto be determined.").

In addition, if the Court does not substantially reduce or eliminate the taxation of costs, Ricoh likely would appeal that to the Federal Circuit. It would be a waste of resources to force the parties to brief and argue that issue when the underlying basis for the award is pending.

### D. CONCLUSION

The Court should exercise its discretionary power to stay the taxation of costs until such time as the appeal has been resolved. In the event that such stay is not granted, Ricoh respectfully requests that the Court review the Clerk's Order for Costs based on Ricoh's Motion for Review of Clerk's Taxation of Costs filed concurrently herewith.

| | | |
|---|---|---|
| 1 | DATED: August 24, 2010 | Respectfully submitted, |
| 2 | | DICKSTEIN SHAPIRO LLP |
| 3 | | BERGESON, LLP |

By: /s/ Kenneth W. Brothers
    Gary M. Hoffman
    Kenneth W. Brothers
    Attorneys for Plaintiff and Declaratory Judgment Defendant
    RICOH COMPANY, LTD.